Case 22-50073    Doc 2565-1    Filed 02/05/24    Entered 02/05/24 16:17:18    Page 1 of 11

Callahan v. City of New Haven Board of Education, Not Reported in Fed. Supp. (2019)

2019 WL 1649940
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

Tachica CALLAHAN, Plaintiff,
v.
CITY OF NEW HAVEN BOARD
OF EDUCATION, Defendant.

No. 3:17cv-00617 (JAM)
|
Signed 04/16/2019

**Attorneys and Law Firms**

Tachica Callahan, New Haven, CT, pro se.

Robert J. Vontell, III, W. Martyn Philpot, Jr., Law Offices of W. Martyn Philpot, Jr., LLC, New Haven, CT, for Defendant.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**

Jeffrey Alker Meyer, United States District Judge

*1 On February 14, 2019, defendant filed a motion for summary judgment. Defendant's motion did not comply with the Court's local rules for the filing of a motion for summary judgment in two ways that warrant its denial without prejudice.

First, although defendant submitted a Local Rule 56(a)(1) statement of material facts (Doc. #42), the statement does not contain any citations to source materials for each alleged statement of fact. *See* D. Conn. L. Civ. R. 56(a)(3) (requiring that each statement of fact in a Local Rule 56(a)(1) statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial").

Second, defendant did not file the required notice to a self-represented litigant informing plaintiff of the specific manner and format in which she must file any opposition to the motion for summary judgment. *See* D. Conn. L. Civ. R. 56(b) (describing notice requirements); *see also* *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (reversing grant of summary judgment for failure to furnish proper notice).[1]

Plaintiff has opposed defendant's motion for summary judgment but, not having received a proper Local Rule 56(b) notice from defendant, her opposition papers do not comply with the Court's local rules. First, she has failed to file a proper Local Rule 56(a)(2) statement that states her agreement or disagreement with each of defendant's alleged facts in the Rule 56(a)(1) statement. *See* D. Conn. L. Civ. R. 56(a)(2)(i). Nor has she included a separate section of "Additional Material Facts" that sets forth any additional material facts, along with supporting citations to the record. *See* D. Conn. L. Civ. R. 56(a)(2)(ii). Plaintiff has filed her own statement of facts (Doc. #46-1) but her statement lacks fact-by-fact citation to affidavits or other admissible evidence of record as required under D. Conn. L. Civ. R. 56(a)(3).

The end result is that the Court is unable to discern from the parties' filings precisely what evidence supports each of their local rule statements of material fact and to what degree the parties actually disagree about material facts. The Court does not have a reliable factual basis to decide the motion for summary judgment.

*2 Accordingly, because the parties have filed summary judgment papers that fail in major respects to comply with the requirements of the Court's local rules and because this failure is attributable to defendant's failure to follow the requirements of Local Rule 56, the Court DENIES defendant's motion for summary judgment (Doc. #39) without prejudice to defendant's re-filing of a properly supported motion for summary judgment by **May 6, 2019** that fully complies with the requirements of Local Rule 56. The Court CANCELS the previously-scheduled hearing on defendant's motion.

It is so ordered.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1649940

---

Footnotes

1     After defendant filed its summary judgment motion and the Court noticed that defendant had failed to file a notice to the self-represented plaintiff, the Court *sua sponte* entered an order instructing defendant to file a notice pursuant to D.

Case 22-50073    Doc 2565-1    Filed 02/05/24    Entered 02/05/24 16:17:18    Page 2 of 11

Callahan v. City of New Haven Board of Education, Not Reported in Fed. Supp. (2019)

Conn. L. Civ. R. 12 (Doc. #43) and defendant did so (Doc. #44). This was mistaken because defendant was required by the Local Rules to file a different form of notice as required under Local Rule 56(b) rather than the notice required for a motion to dismiss under Fed. R. Civ. P. 12. It is regrettable that the Court mistakenly instructed defendant to file the wrong type of notice, but of course it was defendant's responsibility in the first place to have filed the proper notice that was required under Local Rule 56(b) without the Court's prompting.

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Case 22-50073    Doc 2565-1    Filed 02/05/24    Entered 02/05/24 16:17:18    Page 3 of 11

In re Walnut Hill, Inc., Not Reported in B.R. Rptr. (2018)

2018 WL 2672242
Only the Westlaw citation is currently available.
United States Bankruptcy Court, D. Connecticut,
Hartford Division.

IN RE: WALNUT HILL, INC., Debtor.

CASE No. 16–20960 (JJT)
|
Signed 06/01/2018

**Attorneys and Law Firms**

Joel M. Grafstein, Grafstein & Arcaro, Farmington, CT, for Debtor.

**MEMORANDUM OF DECISION ON THE TRUSTEE'S MOTION FOR EXTENSION OF DEADLINE TO FILE AVOIDANCE ACTIONS GOVERNED BY 11 U.S.C. § 546(a)**

James J. Tancredi, United States Bankruptcy Judge

**\*1** Pending before the Court is the Motion for Extension of Deadline to File Avoidance Actions Governed by 11 U.S.C. § 546(a) ("Motion") (ECF No. 195) filed by the Chapter 7 Trustee ("Trustee") and the corresponding Objections filed by APEX Healthcare Partners, LLC (ECF No. 210), Annemarie Griggs (ECF No. 211), and Grand Street Nursing, LLC (ECF No. 212). For the reasons set forth below, the Court denies the Motion.

I. DISCUSSION

The Court must decide whether Rule 9006(b) of the Federal Rules of Bankruptcy Procedure applies to 11 U.S.C. § 546(a), providing the bankruptcy court with the authority to enlarge the Section 546(a) deadline for commencing avoidance actions. If Rule 9006(b) does not apply, then the Court must determine whether the doctrine of equitable tolling can be properly invoked before an adversary proceeding has been commenced. The Trustee has proffered facts to show cause for an extension under Rule 9006(b). In this instance, however, the Court can rule on the Motion as a matter of law before the questions of fact are resolved.

a. Application of Rule 9006(b) to 11 U.S.C. § 546(a)

Section 546(a) of the U.S. Bankruptcy Code provides a two-year limitation to exercise avoidance powers. The Trustee has asked the Court to extend the statutory limitation by applying Rule 9006(b) of the Bankruptcy Rules to Section 546(a). Rule 9006(b) allows for enlargement of extension of certain deadlines when cause is shown.

By its plain language, Rule 9006(b) only applies to deadlines set "by these rules or by a notice given thereunder[,] [sic] or by order of court". Nowhere in the Rule does it mention statutory deadlines.

This Court (Krechevsky, J.) has addressed this issue in the past and held that Rule 9006(b) does not "permit[ ] a court to extend a time limitation set by Congress in a statute". *In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D. Conn. 1999). Instead, it "permit[s] modification only of time limitations imposed by other rules or by the court." *Id.* In *In re Colad Group, Inc.*, 324 B.R. 208, 225 (Bankr. W.D.N.Y. 2005), the court held that "Bankruptcy Rule 9006 allows an enlargement or reduction of many of the time limits in the Bankruptcy Rules. However, [S]ection 546(a) [sic] is a statute, not a rule." Consequently, the court held that it did not have the authority to act under Rule 9006 relative to statutory deadlines.[1]

While Judge Krechevsky, in dicta, in the *Matter of Sutera*, 157 B.R. 519, 523 (Bankr. D. Conn. 1993) also stated "that Congress intended that the Federal Rules of Bankruptcy Procedure be applicable in full, and without exception, to all provisions of the Bankruptcy Code", that decision only addressed the application of Rule 9006(a) to 11 U.S.C. § 546(a), *not* the reach of Rule 9006(b). Rule 9006(a) plainly provides that it applies to "*any statute* that does not specify a method of computing time." (Emphasis added.) However, Rule 9006(b) is noticeably missing the same, or similar, language involving its application to a statute. This distinction is highlighted by the fact that Judge Krechevsky six years later held that Rule 9006(b) could not modify substantive deadlines established by Congress. *In re Damach, Inc.*, 235 B.R. at 731.

**\*2** Lastly, Congress has dictated that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Where the Rules and Code are inconsistent, the statutory Code controls. H.R. Rep. No. 95–595, pt. 1, at 449 (1977).

In re Walnut Hill, Inc., Not Reported in B.R. Rptr. (2018)

Case 22-50073    Doc 2565-1    Filed 02/05/24    Entered 02/05/24 16:17:18    Page 4 of 11

Rule 9006(b) cannot apply to Section 546(a) without violating the separation of powers preserved in the Constitution. Where the legislature has spoken authoritatively, it is not within the province of the judiciary to modify its determination. As Rule 9006(b) does not apply to Section 546(a), it is unnecessary for this Court to determine whether cause was shown for an extension of the statutory deadline.

*b. Equitable Tolling*

The Trustee has also asked the Court to equitably toll the statute of limitations in Section 546(a) in conjunction with the request for a deadline extension under Rule 9006(b). These issues are separate and distinct.

Procedurally, the doctrine of equitable tolling is recognized as a response to a statute of limitations defense asserted in a pending litigation. *Long v. Abbott Mortg. Corp.*, 459 F. Supp. 108, 113 (D. Conn. 1978). The Trustee points to a case from the Eleventh Circuit Court of Appeals where the court held that Rule 9006(b) applies to all Federal Rules of Bankruptcy Procedure and seemingly relied upon Rule 9006(b) to justify its decision in enlarging the Section 546(a) deadline for starting avoidance actions. *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689 (11th Cir. 2005). The Court rejects that conclusion. Upon closer examination, the holding of the Circuit Court relied upon the doctrine of equitable tolling, which had been interposed after a statute of limitations defense was asserted in a pending adversary proceeding.

Section 546(a) is a statute of limitations, and like any statute of limitations, is subject to equitable tolling. *Id.* at 699. Where there was "fraud or extraordinary circumstances beyond the trustee's control, equitable tolling prevents the expiration of § 546(a)'s limitations period". *Id.*

All parties to this case acknowledge that an adversary proceeding has not been filed at this time. Pursuant to Section 546(a), the Trustee's statute of limitations for filing an adversary proceeding will expire on June 14, 2018, which has not yet come to pass. It is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted.

II. CONCLUSION

The plain language of Rule 9006(b) prohibits this Court from enlarging the Section 546(a) statute of limitations. Additionally, reaching the issue of equitable tolling is premature and procedurally inappropriate at this time.

Accordingly, the Motion is denied, and the Objections are sustained consistent with this decision.

IT IS SO ORDERED in Hartford, Connecticut on this 1st day of June 2018.

**All Citations**

Not Reported in B.R. Rptr., 2018 WL 2672242

---

Footnotes

1   This Court rejects the notion that Rule 9006(b) would support an extension of time for the expiration of the statute of limitations premised upon the fact that the statute of limitations in Section 546(a) terminates two years after an order for relief.

---

Case 22-50073    Doc 2565-1    Filed 02/05/24    Entered 02/05/24 16:17:18    Page 5 of 11

In re Randolph Hospital, Inc., Not Reported in B.R. Rptr. (2022)

2022 WL 19298765
Only the Westlaw citation is currently available.
United States Bankruptcy Court, M.D. North Carolina,
Greensboro Division.

IN RE: RANDOLPH HOSPITAL,
INC. d/b/a Randolph Health,[1] Debtors.

Case No. 20-10247
|
Signed April 25, 2022

**Attorneys and Law Firms**

Rayford K. Adams, III, Kayla Ives Russell, Spilman Thomas & Battle, PLLC, Winston-Salem, NC, Boris I. Mankovetskiy, Andrew Howard Sherman, Sills Cummis & Gross P.C., Newark, NJ, for Creditor Committee Official Committee of Unsecured Creditors.

Jody Bedenbaugh, Columbia, SC, Terri L. Gardner, Nelson Mullins Riley & Scarborough, LLP, Raleigh, NC, Jason L. Hendren, Rebecca F. Redwine, Benjamin E.F.B. Waller, Hendren Redwine & Malone, PLLC, Raleigh, NC, Graham S. Mitchell, Nelson Mullins Riley & Scarborough LLP, Columbia, SC, Dylan Gillespie Trache, Nelson Mullins Riley & Scarborough, LLP, Washington, DC, for Debtor Randolph Hospital, Inc.

**ORDER**

**Denying Motion for Entry of Order Tolling the Statute of Limitations**

LENA MANSORI JAMES, UNITED STATES BANKRUPTCY JUDGE

*1  THIS MATTER came before the Court on the motion of Louis E. Robichaux, IV, as Liquidation Trustee of the Randolph Health Liquidation Trust (the "Liquidation Trustee"), for entry of an order extending by 120 days the statutory deadline to file chapter 5 causes of action against certain of the Debtors' healthcare providers (Docket No. 1166, the "Motion"). The Liquidation Trustee believes the Debtors may have overpaid certain non-debtor healthcare providers on account of claims and benefits under employee health care plans. With the impending expiration of the maximum two-year period available for pursuing potential causes of action under 11 U.S.C. §§ 108[2] and 546,[3] the Liquidation Trustee requests the Court equitably toll the pertinent limitations periods and extend the filing deadlines, which he asserts would not only provide additional time for the Liquidation Trust to commence avoidance actions but also allow an extended due diligence period for any potential purchaser of the alleged overpayment claims. The United States Bankruptcy Administrator filed an objection to the Motion (Docket No. 1195), alleging that the requested extension is not supported by the Federal Rules of Bankruptcy Procedure and that any equitable tolling of the pertinent statutes of limitations would be premature at this juncture as no adversary proceedings have been filed. The Court held a hearing on April 19, 2022, at which Rebecca Redwine and Jody Bedenbaugh appeared on behalf of the Liquidation Trustee and Robert P. Price, Jr., appeared in his capacity as Assistant United States Bankruptcy Administrator.

Upon review of the arguments and law presented, the Court finds that Federal Rule of Bankruptcy Procedure 9006(b) may not be used to extend statutory deadlines such as those established under 11 U.S.C. §§ 108 and 546. *See In re Cramer*, 636 B.R. 830, 831–32 (Bankr. C.D. Cal. 2022); *In re Walnut Hill, Inc.*, No. 16-20960, 2018 WL 2672242, at *1–2 (Bankr. D. Conn. June 1, 2018); *see also In re Tubular Techs., LLC*, 348 B.R. 699, 711 (Bankr. D.S.C. 2006); *In re Ducks in a Row, Inc.*, No. 03-40170, 2004 WL 4399096, at *2 (Bankr. E.D. Va. Apr. 16, 2004). While the limitations periods of § 546 and § 108, like any statute of limitations, are subject to equitable tolling, the preemptive finding the Liquidation Trustee seeks is premature given there are no identified defendants and no pending adversary proceedings related to the overpayment claims. Given this procedural posture, the Court agrees with those decisions finding that a trustee "cannot win the argument of whether or not equitable tolling applies in advance and without notice and opportunity for the defendant to resist application of the doctrine." *In re Cramer*, 636 B.R. at 833; *see also In re Walnut Hill*, 2018 WL 2672242, at *2; *In re No. 1 Contracting Corp.*, No. 5-10-bk-01755, 2012 WL 4114818, at *1 (Bankr. M.D. Pa. Sept. 19, 2012). While the Court will deny the instant Motion, it makes no finding on the applicability of equitable tolling, and the Liquidation Trustee is free to reassert the doctrine in a more appropriate procedural setting, i.e., after the Liquidation Trustee, or a subsequent purchaser, initiates actions against identifiable and properly noticed defendants.

Case 22-50073    Doc 2565-1    Filed 02/05/24    Entered 02/05/24 16:17:18    Page 6 of 11

In re Randolph Hospital, Inc., Not Reported in B.R. Rptr. (2022)

**\*2** Accordingly, IT IS HEREBY ORDERED that the Motion is DENIED without prejudice to the Liquidation Trustee raising equitable tolling if a future defendant asserts a statute of limitations defense to an untimely filed complaint.

**SO ORDERED.**

**All Citations**

Not Reported in B.R. Rptr., 2022 WL 19298765

---

Footnotes

1    The Debtors are Randolph Hospital, Inc., d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

2    **§ 108 Extension of time**

   (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

   (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

   (2) two years after the order for relief.

   11 U.S.C. § 108(a).

3    **§ 546 Limitations on avoiding powers**

   (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

   (1) the later of—

   (A) 2 years after the entry of the order for relief; or

   (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

   (2) the time the case is closed or dismissed.

   11 U.S.C. 546(a).

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

2009 WL 1858868
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

Michael MASLAR, Plaintiff,
v.
UNITED STATES, Respondent.

Civil Action No. 3:06 CV 2056(CFD).
|
June 25, 2009.

West KeySummary

1	**Habeas Corpus**  Bar of limitations in general

**Habeas Corpus**  Petitioner's mental state, ignorance, or lack of skill

A habeas petitioner that challenged his sentence of incarceration after pleading guilty to bank robbery was barred from the relief he sought as the one-year statute of limitations had lapsed. The petitioner's habeas corpus petitioner was filed nearly two years after he pled guilty to bank robbery and was sentenced. In addition, the petitioner had failed to present any evidence regarding his alleged mental incapacity that would merit equitable tolling and the evidence produced by the government indicated that the petitioner was capable of rational thought during the time period that he wished to toll. 28 U.S.C.A. § 2255.

**Attorneys and Law Firms**

Michael Maslar, White Deer, PA, pro se.

Jonathan Freimann, Peter S. Jongbloed, U.S. Attorney's Office, New Haven, CT, for Respondent.

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

CHRISTOPHER F. DRONEY, District Judge.

**\*1** Michael Maslar, the petitioner, is serving a 165–month sentence of incarceration after pleading guilty to Bank Robbery in violation of 18 U.S.C. § 2113(a). He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the grounds that his defense counsel failed to provide adequate representation because he did not raise a diminished mental capacity defense. Maslar argues that the one-year statute of limitations for his petition should be tolled because his state of mind did not permit rational thinking and decision-making. For the reasons that follow, Maslar's petition is dismissed.

**I. Background**

**A. Procedural History**

On July 23, 2002, a federal grand jury returned an indictment charging the petitioner with one count of Bank Robbery and one count of attempted Bank Robbery, in violation of 18 U.S.C. § 2113(a). On October 7, 2002, the petitioner pled guilty to Bank Robbery. The trial court sentenced the petitioner to 165 months' imprisonment on March 14, 2003, after a hearing at which the Court considered and rejected the defense arguments for a downward departure based on, among other things, Maslar's mental and emotional conditions. Maslar did not appeal either the Court's decision on the requested downward departure or the sentence.

On December 27, 2006, the petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After requesting and receiving one extension of time to respond to the petition for relief, the government filed its response to the petition on April 30, 2008.

**II. Discussion**

**A. Statute of Limitations**

Effective April 24, 1996, § 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year limitations period on the filing of a federal petition for writ of habeas corpus or seeking collateral review of his conviction and sentence. 28 U.S.C. § 2255. The limitations period runs from the latest of

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires. *Moshier v. United States,* 402 F.3d 116, 118 (2d Cir.2005). Because no appeal was taken in this case, the petitioner's conviction became final on April 8, 2003, ten business days after the judgment of conviction was entered on March 25, 2003. See Fed.R.App.P. 4(b)(1(A)(I)). Therefore, the petitioner had one year from that date to file his petition under § 2255, or until April 8, 2004. The petitioner filed his petition on December 12, 2006, over two years after the end of the limitations period. Accordingly, the petition is untimely unless the deadline is equitably tolled.

### B. Tolling

*2 In certain circumstances, a court may excuse a defendant's delay in filing a motion pursuant to § 2255 under the doctrine of equitable tolling. *United States v. White,* No. 05 Civ. 6476(DC), 02 Cr. 939(DC), 2005 WL 2878158 (S.D.N.Y. Sept. 20, 2005) (citing *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000)). Equitable tolling is appropriate only in "rare and exceptional circumstance[s]," *id.,* and should be used "only sparingly." *Id.* (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). The party seeking to rely on the doctrine bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). These requirements are to be strictly construed. *White,* 2005 WL 2878158 at *2 (citing *Barbosa v. United States,* No. 01 Civ. 7522(JFK), 2002 WL 869553 at *2 (S.D.N.Y. May 3, 2002)).

To establish extraordinary circumstances, the petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments. *White,* 2005 WL 2878158 at *2 (citing *Mendez v. Artuz,* No. 99 Civ. 2472(DLC), 2000 WL 991336 at *2 (S.D.N.Y. July 18, 2000)). The petitioner also must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. *Rios v. Mazzuca,* 78 Fed.Appx. 742, 2003 WL 22426961 (2d Cir.2003) (quoting *Hizbullahankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir.2001)).

In general, equitable tolling is appropriate "where a plaintiff's medical condition or mental impairment prevented him from proceeding in a timely fashion." *Id.* at 744 (quoting *Zerilli–Edelglass v. N.Y. City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003)) (internal brackets omitted). Whether a person is sufficiently mentally disabled to justify tolling of a limitations period is highly case-specific. *Id.* "At a minimum, however, a petitioner must provide a particularized description of how his condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights." *Id.* (quoting *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000)) (internal brackets and quotation marks omitted).

The petitioner has failed to present any evidence regarding his alleged mental incapacity for the period he wishes to toll, nor has he provided a "particularized description of how his condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights." Moreover, the evidence produced by the government contradicts the petitioner's unsupported claims. *See* Declaration of James Davison, Ph.D. (stating that during the time period encompassing that which the petitioner seeks to toll, the petitioner was capable of rational thought, could appreciate his situation and could both understand his legal situation and seek appropriate legal recourse).

### C. Ineffective Assistance of Counsel

*3 Even were the Court to reach the merits of Maslar's petition, there is no evidence that counsel for the petitioner was ineffective. Under the Supreme Court's decision in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prove ineffective assistance of counsel the petitioner bears the burden of establishing that his "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. To make

this showing, petitioner must prove two things: first, that counsel's "representation fell below an objective standard of reasonableness" as judged by "prevailing professional norms," *id.* at 688; second, that the defense was prejudiced by the errors—in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Maslar claims that his trial counsel was ineffective in that he did not raise a diminished mental capacity defense. This claim is without merit. First, Maslar pled guilty only after being canvassed at length by the Court as to his mental capacity, and after counsel for the defendant ensured that the Court was made aware of Maslar's mental condition and medications he was taking. The Court asked Maslar if the medications he was taking impaired his ability to understand the proceedings or to think clearly, and Maslar indicated that his mind was clear and that the medications "[didn't] impair anything" and only "help[ed him] think more like a normal person." *See* Transcript of Change of Plea Hearing, Oct. 7, 2002. Second, counsel for the petitioner submitted a Memorandum in Aid of Sentencing in which he argued for a downward departure based on Maslar's mental problems. Counsel also argued for a downward departure based on the petitioner's mental and emotional conditions at the petitioner's sentencing hearing. *See* Transcript of Sentencing Hearing, March 14, 2003. This representation in no way "fell below an objective standard of reasonableness" under *Strickland,* and the petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

### III. Conclusion

For the foregoing reasons, Maslar's petition for a writ of habeas corpus [Dkt. # 1] is DENIED.

Judgment shall enter for the respondent. The Clerk is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 1858868

---

End of Document  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 4114818
Only the Westlaw citation is currently available.
United States Bankruptcy Court,
M.D. Pennsylvania.

In re NO. 1 CONTRACTING
CORPORATION, Debtor.

No. 5–10–bk–01755–JJT.
|
Sept. 19, 2012.

**Attorneys and Law Firms**

Ronald V. Santora, Bresset and Santora, Forty Fort, PA, for Debtor.

David J. Harris, Wilkes–Barre, PA, Michael G. Oleyar, Hazle Township, PA, Myles P. McAliney, McAliney & McAliney, Pittston, PA, for Trustee.

Gregory Benjamin Schiller, U.S. Department of Justice, Office of the U.S. Trustee, Harrisburg, PA, for Asst. U.S. Trustee.

**OPINION** [1]

JOHN J. THOMAS, Bankruptcy Judge.

\*1 Michael G. Oleyar, Esquire, the Chapter 7 Panel Trustee appointed in the above-captioned Chapter 7 case has filed a Motion for Enlargement of Time in Which to Commence Avoidance Proceedings and Other Actions (Doc. # 160). Several creditors to the above estate filed an Objection to this Motion (Doc. # 164). The Motion alleges that the Debtor's principal has failed to cooperate with the Trustee by not providing information and documentation requested by the Trustee through his repeated demands. Trustee further alleges Debtor's principal has failed to respond to questions at "numerous continued creditor meetings held under Section 341" and has invoked his right not to respond to the Trustee's questions by asserting protection under the 5th and 14th Amendments of the United States Constitution. As a result of this alleged failure to cooperate with the Trustee, the Trustee asserts that he cannot determine whether there are avoidance and/or other related actions including preferential and fraudulent transfer actions that can be asserted on behalf of the Debtor's estate. The Trustee cites Rule 9006(b) of the Federal Rules of Bankruptcy Procedure and the case of *In re International Administrative Services, Inc.,* 408 F.3d 689 (11th Cir.2005) as support for this Court's authorization to enlarge the time in which to file avoidance actions and extend the statute of limitations as provided by 11 U.S.C. § 546.

At the time of the hearing on the underlying Motion, the Court expressed concern several times that, while a trial court could rule that a statute was tolled over a period of time in regard to a particular defendant, could it extend the statute with regard to unnamed and unidentified defendants when there was no case or controversy before the Court?

The Doctrine of Equitable Tolling applies to every federal statute of limitations. *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). Unquestionably, I have authority to equitably toll the statute of limitations as provided under 11 U.S.C. § 546(a). *Pugh v. Brook (In re Pugh),* 158 F.3d 530 (11th Cir.1998); *In re M & L Business Mach. Co, Inc.,* 75 F.3d 586 (10th Cir.1996); *In re United Ins. Management. Inc.,* 14 F.3d 1380 (9th Cir.1994); *In re International Administrative Services, Inc.,* 408 F.3d 689 (11th Cir.2005). The only support cited by the Trustee as to whether I can equitably toll a statute when there is no case or controversy pending was the *In re International Administrative Services, Inc.* case. *Id.* That case is distinguishable, however, from the facts presented by the instant Motion in that there was a pending action before the Bankruptcy Court at the time the Trustee filed his request to extend the time within which to file claims against potential future defendants. Though the Trustee filed adversary complaints against several defendants in the *In re International Administrative Services, Inc* . case *after* the Bankruptcy Court extended the time in which to file those complaints, the appeals court writes that the Trustee's ability to investigate transfers were hampered by delayed document production and withheld discovery responses. Unlike that case, there is no action in any form pending before this Court. It is unknown whether future defendants will even assert the statute of limitations defense. It is for this reason that the Court will deny the Trustee's request to extend the time in which to file complaints and equitably toll the statute of limitations in 11 U.S.C. § 546(a), without prejudice to raise equitable tolling should the Trustee file adversary complaints.

\*2 An Order will follow.

**All Citations**

Not Reported in B.R., 2012 WL 4114818

Footnotes

1  Drafted with the assistance of Richard P. Rogers, Law Clerk.

End of Document  © 2024 Thomson Reuters. No claim to original U.S. Government Works.