**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-50073 (JAM) |

**OBJECTIONS OF THIRD PARTIES CHRIS LEE AND
QIDONG XIA TO TRUSTEE'S MOTION FOR ENTRY OF
ORDER EXTENDING DEADLINE FOR TRUSTEE TO
FILE AVOIDANCE ACTIONS UNDER BANKRUPTCY
CODE SECTIONS 108, 546(a), AND 549**

Third-Party Objectors Chris Lee and Qidong Xia, by and through their undersigned counsel, hereby object to the Trustee's Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549 (the "Tolling Motion") (ECF No. 2509). In support of their Objections, Lee and Xia respectfully state as follows:

**INTRODUCTION**

1.	Lee and Xia are individuals that the Trustee has included among the 331 individuals and entities he identified as "Currently Known Alternative Service Defendants" in an exhibit he attached to the Notice for the Tolling Motion. Notably, although he has referred to them as "Defendants," the Trustee has not filed a complaint against Lee or Xia. Nor has he identified the possible claims he believes he holds against Lee or Xia.

2.	By the Tolling Motion, the Trustee seeks to toll the statutes of limitations set forth under sections 108, 546(a), and 549 of the Bankruptcy Code on any possible claims he could bring against any possible defendants—including, presumably Lee and Xia—for some unspecified amount of time pursuant to both the doctrine of equitable tolling and Bankruptcy Rule 9006(b).

The Trustee argues that he is entitled to do so based not on the actions of Lee, Xia, or any other possible defendant or because he has been prevented from pursuing any specific claims against Lee, Xia, or any other possible defendant. Indeed, he has not, at this time, even identified any possible claim he might hold against Lee or Xia. Instead, the Trustee seeks to toll the statutes of limitations on all possible claims he could bring against Lee, Xia, and anyone else based on the alleged general effects that the Debtor's alleged actions and the concurrently pending criminal case against the Debtor have had on the Trustee's discovery in this case.

3. The Trustee's argument should be rejected for two reasons. First, as laid out in more detail in the Objection of Mei Guo to the Tolling Motion (ECF No. 2551), which Lee and Xia hereby join, the Court lacks the power to grant the relief requested in the Tolling Motion because the doctrine of equitable tolling cannot be applied to prospective, unfiled claims and Bankruptcy Rule 9006(b) does not authorize extensions to statutory deadlines. Second, even were such relief possible, it would still be unwarranted in the present circumstances because the Trustee's failure to identify the claims he believes he holds against Lee and Xia, let alone explain how the Debtor's alleged actions have purportedly prevented him from filing those claims, means that he has failed to meet his burden of demonstrating that such claims should be equitably tolled: that "extraordinary circumstances" have prevented him from filing the claims against Lee, Xia, and any other third parties which he seeks to toll.

## FACTUAL BACKGROUND

4. Lee and Xia are both included in the list of 331 "Currently Known Alternative Service Defendants" whom the Trustee purportedly served January 22, 2024 via alternative service with the Tolling Motion. (ECF No. 2540 at ECF p. 2; *id* at ECF p. 97 (listing Lee as a "Currently Known Alternative Service Defendant"), *id* at ECF P. 102 (listing Xia as same).)

5. The Trustee first sought discovery from Lee on November 6, 2023, when he applied to the Court for permission to conduct Lee's examination pursuant to Federal Rule of Bankruptcy Procedure 2004(a) as part of the Ninth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery With Respect to Additional Entities and Individuals Affiliated with Debtor and Entities Doing Business With Debtor (the "Ninth Supplemental Omnibus Motion"). (ECF No. 2308 at 8.) Lee is currently in the process of responding to the subpoena issued pursuant to the Ninth Supplemental Omnibus Motion. The Trustee has not, at any point during these proceedings, sought to conduct Xia's examination or to otherwise take discovery from Xia.

6. Although the Trustee has referred to Lee and Xia as "Currently Known Alternative Service Defendants," the Tolling Motion does not identify any specific claims that the Trustee believes he may have against Lee or Xia. (*See* ECF No. 2509.) Indeed, neither Lee nor Xia is mentioned—either directly or by implication—in the Tolling Motion. (*See id.*) Instead, the Trustee requests the following relief, which apparently concerns any possible claims the debtor's estate may have against any possible third party: "entry of the Proposed Order extending the statute of limitations in sections 108, 546, and 549 of the Bankruptcy Code, which will allow the Trustee to continue his investigation and bring additional actions under chapter 5 of the Bankruptcy Code." (Tolling Mot., ¶ 27.) Moreover, although the topic of waiver is not mentioned in the Tolling Motion itself, the Proposed Order included with the Tolling Motion includes an expansive request regarding waiver, requesting that the Court order that "any party that has received notice, whether actual or constructive, of the [Tolling] Motion and did not object to the Motion has waived its right to assert a limitations period defense if ultimately named in an action that is timely brought under the terms of this Order." (ECF Doc. 2509, Ex. 1, at 2.)

4847-4887-1852, v. 100000.000/795493.1

**ARGUMENT**

7. The Tolling Motion should be denied for two separate reasons. First, the Court does not have the authority to grant the relief requested in the Tolling motion under either of the bases identified by the Trustee: the doctrine of equitable tolling or Bankruptcy Rule 9006(b). Second, even if the Court did have such authority, it should still deny the Motion as to Lee and Xia because the Trustee has failed to meet his high burden of demonstrating that "exceptional" circumstances exist which would justify tolling such claims. In particular, the Trustee has failed to explain why, as he must, the circumstances that have prevented him from filing the specific claims against Lee or Xia (or any third party) which he seeks to toll.

**I. The Court Lacks Authority to Grant the Relief Requested in the Tolling Motion Because Equitable Tolling Cannot Be Applied Prospectively and Bankruptcy Rule 9006(b) Does Not Authorize Extensions to Statutory Deadlines.**

8. Initially, the Court should deny the Tolling Motion because both of the legal bases on which the Trustee premises the Tolling Motion are incorrect as a matter of law. The doctrine of equitable tolling cannot, as the Trustee seeks, operate prospectively. And Bankruptcy Rule 9006(b), as a rule, cannot and does not permit a court to extend statutory deadlines such as those set forth in Sections 108, 546(a), and 549 of the Bankruptcy Code. These positions are set out in detail in Mei Guo's concurrently filed Objections to the Tolling Motion, which Lee and Xia join and incorporate by reference. (*See* ECF No. 2551, ¶¶ 6-22.)

9. Given that they are joining Mei Guo's Objections on these issues, Lee and Xia will not rehash at length the entirety of the arguments set forth therein. Instead, Lee and Xia simply urge the Court to adopt the straightforward and well-reasoned analysis of Judge James T. Tancredi in rejecting identical arguments in the case of *In re Walnut Hill, Inc.*, No. 16-20960 (JJT), 2018 WL 2672242 (Bankr. D. Conn. June 1, 2018).

10. Specifically, with respect to the prospective application of equitable tolling, Judge Tancredi noted that "[p]rocedurally, the doctrine of equitable tolling is recognized as a response to a statute of limitations defense asserted in a pending litigation." *Id.* at *2 (citing *Long v. Abbott Mortg. Corp.*, 459 F. Supp. 108, 113 (D. Conn. 1978).) Therefore, "[i]t is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted." *Id.* at *2.

11. With respect to the applicability of Bankruptcy Rule 9006(b), Judge Tancredi found that 9006(b) was inapplicable to the deadlines set forth in section 545(a) because "[b]y its plain language, Rule 9006(b) only applies to deadlines set 'by these rules or by a notice given thereunder[,] [sic] or by order of court'. Nowhere in the Rule does it mention statutory deadlines." *Id.* at *1. Additionally, Judge Tancredi found that, any interpretation of Rule 9006(b) that held otherwise would unconstitutionally "violat[e] the separation of powers preserved in the Constitution" because "Congress has dictated that the Bankruptcy Rules 'shall not abridge, enlarge, or modify any substantive right.'" *Id.* (quoting 28 U.S.C. § 2075).

12. The Court should apply this same reasoning to deny the present motion. To do otherwise would, as Mei Guo explains in her Objection, "deprive[] future defendants [such as Lee and Xia] of constitutional due process of law because they received no notice of the relief in advance and no opportunity to contest whether or not equitable tolling is warranted." (ECF No. 2551, ¶ 10 (quoting *In re Cramer*, 636 B.R. 830, 831-33 (Bankr. C.D. Colo. 2022)).)

> **II.     Even Were It to Be Applicable to Prospective Claims, The Application of the Doctrine of Equitable Tolling Would Still Be Unwarranted Because the Trustee Has Failed to Meet His Burden of Demonstrating that "Exceptional" Circumstances Have Prevented Him from Filing Claims Against Lee or Xia.**

13. Additionally, even were the doctrine of equitable tolling applicable to prospective claims, application of the doctrine would still be unwarranted to any claims against Lee or Xia (or any other possible third-party defendants) because the Trustee has failed to meet a core aspect of his burden of demonstrating that such claims should be equitably tolled: that "exceptional" circumstances exist which have prevented him from filing claims against Lee or Xia.

14. "Equitable tolling applies only in the 'rare and exceptional circumstance[ ].'" *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (quoting *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir.), cert. denied, 528 U.S. 1007 (1999)). "A party seeking to benefit from the doctrine bears the burden of proving that tolling is appropriate." *United States v. All Funds Distributed To, or o/b/o Weiss*, 345 F.3d 49, 54–55 (2d Cir. 2003) (citing *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)).

15. The Trustee sets forth the equitable tolling standard he must meet as follows: "To obtain the benefit of the doctrine, the Trustee bears the burden of establishing that []he (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." (Tolling Mot., ¶ 47 (quoting *In re Anderson*, 623 B.R. 199, 217 (Bankr. D. Conn. 2020)).) With respect to the second prong in the equitable tolling standard, the existence of "extraordinary" circumstances, however, the Trustee's statement of the doctrine is incomplete. Specifically, the party seeking to equitably toll the statute of limitations must not show only that "extraordinary" circumstances exist, but also that those circumstances have prevented him or her from filing the specific claim he or she wishes to toll. See *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) ("To merit application of

6

equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

16. Consistent with this principle, in each of the cases cited by the Trustee involving what the Trustee alleges are analogous circumstances to the present case, courts found that the plaintiff seeking to toll the statute of limitations had shown not only that, as the Trustee characterizes it, they were "unable to make progress on discovery, especially in light of the debtor's obstruction," (Tolling Mot., ¶ 50) but also that the thwarted discovery was material to the specific claim the plaintiff was seeking to toll. For instance:

- In *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 702 (11th Cir. 2005), the court found that equitable tolling was justified because the debtor and defendant had failed to timely produce documents which "evidenced a money trail" from the debtor to the defendant and that, "without that information, it would have been careless, and perhaps malpractice, for the Trustee to file this adversary proceeding prior to the delivery of these documents."

- In *In re Bender*, No. ADV. 02-00773-RTB, 2010 WL 6467681, at *9 (B.A.P. 9th Cir. Nov. 15, 2010), *aff'd,* 480 F. App'x 445 (9th Cir. 2012), the court found that equitable tolling was justified where the trustee was unable to identify the debtor's interest in the specific parcel of real property at issue in the adversary proceeding at the time of the expiration of the statute of limitations, "at least in substantial part, due to the failure of [the debtor] to provide documentation regarding the extent or lack of his ownership" of the property.

- In *In re Livemercial Aviation Holding*, LLC, 508 B.R. 58, 70-71 (Bankr. N.D. Ind. 2014) the court denied a motion to dismiss brought on statute of limitations grounds based on its

7

finding that the trustee was unable to obtain specifically identified and requested "information and documentation necessary to the Trustee to obtain to investigate the transaction which [was] the subject of th[e] case."

- In *In re Ochs*, 608 B.R. 252, 259, 261 (Bankr. D. Colo. 2019), the court, also on a motion to dismiss, found that equitable tolling was permitted based, in part, on the trustee's allegation that "Debtor delayed and attempted to thwart their efforts to discover information relevant to the Transfers and his use of the Charitable Trusts" that were at issue in the adversary proceedings.

17. Such decisions are not surprising because, as noted in *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 701–02 (11th Cir. 2005), the central case on which the Trustee relies, "the applicability of equitable tolling is a fact-based decision" and "the bankruptcy court determines whether equitable tolling governs on a case-by-case basis."

18. In the Tolling Motion, the Trustee identifies two reasons why he believes that extraordinary circumstances exist justifying the application of equitable tolling in the present case. First, "the Debtor and his unidentified associates [allegedly] have, and continue to, actively interfered with the Trustee's discovery efforts." (Tolling Mot., ¶ 52.) Second, the Debtor is a defendant in a "wide-ranging criminal case" that has "complicated" the Trustee's investigation. (Tolling Mot., ¶ 54.) The Trustee makes no attempt, however, to explain why these allegations, even if true (which Lee and Xia do not concede) have prevented him from filing any claims against Lee and Xia—or anyone else for that matter. Nor could the Trustee do so, as he has failed—either in the Tolling Motion or anywhere else—to actually identify what claims he believes he holds against Lee or Xia.

19. Because the Trustee has, therefore, failed to even attempt to meet his high burden of demonstrating that the circumstances in the present case have prevented him from filing claims against Lee and Xia specifically, his request that the Court apply the doctrine of equitable tolling to any possible claims he might have against Lee and Xia must fail. As a result, even if the doctrine of equitable tolling is applicable to prospective claims, the Tolling Motion should still be denied.

## CONCLUSION

For the reasons set forth above, Third-Party Objectors Chris Lee and Qidong Xia respectfully request this Court deny the Tolling Motion and grant such other and further relief as the Court deems just and equitable.

Dated: February 5, 2024

*/s/ Jon Newton*
Jon Newton
Federal Bar No. ct03376
Reid and Reige, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
(860) 278-1150
Fax (860) 240-1002
jnewton@rrlawpc.com

And

Eric T. Schmitt (*pro hac vice* motion pending)
eschmitt@quinlanfirm.com
docketing@quinlanfirm.com
**THE QUINLAN LAW FIRM, LLC**
233 S. Wacker Dr., Ste. 6142
Chicago, IL 60606
(312) 883-5500

*Attorneys for Chris Lee and Qidong Xia*

4847-4887-1852, v. 100000.000/795493.1