From: **Bryan Ha** <bhanyc@gmail.com>
Date: Fri, Jan 12, 2024 at 8:36 PM
Subject: Re: Re: Re: In re Kwok, U.S. Bankr. Ct., D. Conn., Case No. 22-50073 (JAM) - Subpoenas of Rule of Law Entities
To: Sutton, Ezra <ezrasutton@paulhastings.com>
Cc: Barron, Douglass E. <douglassbarron@paulhastings.com>, Farmer, Will C. <willfarmer@paulhastings.com>, Kosciewicz, Jonathon P. <jonathonkosciewicz@paulhastings.com>, Luft, Avi E. <aviluft@paulhastings.com>, Richard Signorelli <richardsignorelli@gmail.com>

Ezra,

As you know, Rule of Law Foundation III, Inc. ("ROLF") and Rule of Law Society IV, Inc. ("ROLS") responded and objected to the Rule 2004 subpoenas and produced responsive documents over objections in October 2022.  After the Trustee raised certain issues with the initial document productions, the parties in good faith engaged in several meet-and-confers whereby we all agreed to appropriately narrow the scope of some of the overly expansive document requests in the subpoenas and ROLF and ROLS agreed to supplement their document productions accordingly.  Among other things, with regard to the Trustee's blanket requests for all bank records/statements, the parties agreed to "cut to the chase" and limit the requests to those records that are arguably relevant to the Trustee's investigation, and exclude those records that are plainly irrelevant (e.g., records of of the innumerable donations over the years from outside donors who have no connection to this case whatsoever).  Specifically, the parties agreed that ROLF and ROLS would only have to produce: (1) records of incoming donations to either ROLF or ROLS from the Debtor, his family, or any Associated Entities or Associated Individuals (as those terms are defined in the subpoenas); and (2) records of outgoing transfers from ROLF or ROLS related to the Debtor, his family, or any Associated Entities or Associated Individuals (as those terms are defined in the subpoenas).  For ease of reference attached hereto is an e-mail from Jonathon Kosciewicz sent on December 2, 2022, summarizing the parties' agreement as to the limited scope of the additional documents ROLF and ROLF were required to produce in response to the subpoenas.

ROLF and ROLS made supplement document productions in accordance with the parties' agreement in April and May 2023.   With those supplemental productions ROLS and ROLF believe they have fully complied with the subpoenas.  Indeed, the Trustee did not raise any issue with the supplemental productions.and has not claimed that the productions are deficient in respect to what had been agreed to.  Your e-mail on December 20, 2023, essentially demanding the production of additional documents beyond the scope of what the parties had previously agreed to in good faith, was the first communication we received from the Trustee concerning ROLF's and ROLS's responses to the subpoenas since we made the last supplemental production more than seven (7) months ago.

That said, as I stated when we spoke yesterday, ROLS and ROLF will assess what additional responsive documents they may have and further supplement their document productions to the extent appropriate. All of ROLF's and ROLS's rights and remedies are hereby expressly reserved.

Sincerely,

Bryan