**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x

In re HO WAN KWOK, *et al.*,

                             Debtor.

---------------------------------------------------------x

Chapter 11
Case No. 22-50073 (JAM)

(Jointly Administered)

**OBJECTION TO THE CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS
UNDER BANKRUPTCY CODE SECTIONS 108, 546(A), AND 549 AND JOINDER TO
OBJECTIONS FILED BY MEI GUO (ECF 2551), UBS AG (ECF 2554), DEFENG CAO
(ECF 2553), TAURUS FUND, LLC, TAURUS MANAGEMENT, LLC AND SCOTT
<u>BARNETT (ECF 2557), AND G CLUB OPERATIONS LLC (ECF 2563)</u>**

       Greenwich Land, LLC ("Greenwich Land") and Hing Chi Ngok ("Ms. Guo" and together

with Greenwich Land, the "Greenwich Land Parties") respectfully file this objection and joinder

(the "Objection") to the Chapter 11 Trustee's Motion for Entry of Order Extending Deadline for

Trustee to File Avoidance Actions under Bankruptcy Code Sections 108, 546(a), and 549 (the

"Tolling Motion"), and in support thereof respectfully state as follows:

<u>**PRELIMINARY STATEMENT**</u>

       1.     The Trustee asks the Court to judicially extend the statutes of limitations set by

Congress.  No authority exists for the Court to do so.

       2.     The Trustee also asks this Court to reject Judge Tancredi's well-reasoned decision

in *In re: Walnut Hill, Inc.*, 2018 WL 2672242 (Bankr. D.Conn. June 1, 2018) in favor of

inapplicable non-circuit cases, and grant the premature and extraordinary relief to equitably toll

and extend Trustee's time to commence avoidance actions against unnamed individuals and

entities.

1

3.      Although the Greenwich Land Parties do not believe the Trustee has any basis to bring any avoidance claims against them, to the extent the Trustee intends to do so in the future, the Tolling Motion should be denied for the reasons set forth by Judge Tancredi in *Walnut Hill*, and the objections filed by Mei Guo (ECF 2551), Defeng Cao (ECF 2553), UBS AG (ECF 2554), Taurus Fund LLC, Taurus Management, LLC, and Scott Barnett (ECF 2557), and G Club Operations, LLC (ECF 2563) which objections the Greenwich Land Parties join in and adopt.

4.      Contrary to the Trustee's assertion, Judge Tancredi neither "asked the wrong question," nor did he get "the wrong answer."  NYSCEF 2509, ¶38.  In *Walnut Hill*, the Court (Judge Tancredi) considered whether Rule 9006(b) is a vehicle to preemptively and prospectively extend the Trustee's statute of limitations to commence an avoidance action under the Bankruptcy Code.  *See Walnut Hill*, 2018 WL 2672242 *2 ("The plain language of Rule 9006(b) prohibits this Court from enlarging the Section 546(a) statute of limitations."); *see also In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D.Conn. 1999) (Krechevsky, J.) (Rule 9006(b) does not "permit[] a court to extend a time limitation set by Congress in a statute").  No court in this District has granted the expansive relief the Trustee seeks in the Tolling Motion, and the Trustee cites none.  The Court should adopt the reasoning and decisions issued by Judge Tancredi and Judge Krechevsky and deny the Tolling Motion in its entirety.

5.      The bar against prospectively applying the doctrine of equitable tolling is well-established in this District.  *Walnut Hill*, 2018 WL 2672242 *2 ("It is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted").  If the Trustee has any intention to bring an avoidance action against the Greenwich Land Parties, the Greenwich Land Parties are entitled

to know the basis for the Trustee's claims, the causes of actions that may be asserted against them, and have a full and fair opportunity, based on the facts, to assert their defenses, including a statute of limitations defense. The Trustee's request to issue a broad extension as to all prospective actions as to all prospective defendants is "premature and procedurally flawed." *Walnut Hill*, 2018 WL 2672242 *2.

6.      The Trustee's reliance on the Eleventh Circuit's decision in *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689 (11th Cir. 2005) is misplaced and further establishes why the Trustee's preemptive and premature Tolling Motion should be denied. ECF 2509, ¶37. The trustee in *Walnut Hill*, made the exact same argument made here—that *In re Int'l Admin Servs.,* stands for the broad proposition that "Rule 9006(b) applies to all Federal Rules of Bankruptcy Procedure," and can be used to "justify…enlarging the Section 546(a) deadline for starting avoidance actions." *Walnut Hill*, 2018 WL 2672242 *2; ECF 2509, ¶37. Judge Tancredi "reject[ed] that conclusion," and found that "[u]pon closer examination, the holding of the Circuit Court relied upon the doctrine of equitable tolling, which had been interposed after a statute of limitations defense was asserted in a pending adversary proceeding." *Id.* Consistent with Judge Tancredi's decision, the absence of any pending adversary avoidance proceeding where a statute of limitations defense could be raised defeats any attempt to draw a parallel between this case and the Eleventh Circuit's decision in *In re Int'l Admin Servs.*

7.      The prospective relief the Trustee asks this Court to grant includes a global omnibus order "that any party that has received notice, whether actual or constructive, of the Motion and did not object to the Motion has waived its right to assert a limitations period defense if ultimately named in an action that is timely brought under the terms of this Order." ECF 2509, Exhibit 1. In other words, the Trustee asks this Court to place the burden on countless unnamed

individuals and entities located anywhere in the world to engage counsel and participate in this proceeding based on the mere possibility that the Trustee may, one day, decide to bring an avoidance action against them. It is entirely premature for the Court to grant the Trustee global prospective relief based on potential defenses that may be raised in a hypothetical avoidance proceeding that the Trustee may one day pursue.

8.      As to the Greenwich Land Parties, the burden is on the Trustee to act within the statute of limitations, and within the confines of a pending avoidance proceeding, after a statute of limitations defense is raised, to establish why their claim is saved by equitable tolling. The Trustee correctly acknowledges that "[e]quitable tolling must be decided on a case-by-case basis and is not limited to a particular set of facts." ECF 2509, ¶45. Despite this, the Trustee contends that it is appropriate for the Court to issue an omnibus one-size-fits-all order without making any showing that equitable tolling should be applied to any particular case. The Trustee cites alleged delay caused by the Debtor, but makes no showing as to how or why this purported delay has impeded the Trustee's ability to bring an avoidance claim against the Greenwich Land Parties (assuming the Trustee has any such basis).

9.      As the Court held in *In re Walnut Hill*, "Rule 9006(b) only applies to deadlines set by these or by a notice given thereunder or by order of court." *In re Wlnut Hill*, 2018 WL 2672242, *2. Bankruptcy Rule 9006(b) does not authorize extensions of statutory deadlines, like the applicable statutes of limitation.

10.      These principles, as outlined by other decisions in this District, apply to 11 U.S.C. § 549. Thus, Bankruptcy Rule 9006(b) cannot be a basis for modifying the applicable statute of limitations.

11.     The Trustee's equitable tolling arguments are premature and could only be argued on a case-by-case basis in actually filed adversary proceedings, especially given the fact-specific nature of the inquiry.  The Trustee's attempt for a blanket and sweeping order is improper.

12.     The Greenwich Land Parties object to the Trustee's Proposed Order, which aside from the fact that the Trustee is not entitled to any portion being granted, he seeks draconian relief.

13.     The Greenwich Land Parties object to the Trustee's creation of a fire drill just days prior to the expiration of the statute of limitations and imposing such an accelerated briefing schedule.  Therefore, the Greenwich Land Parties to add and modify their arguments, and to join in the arguments of other objectors.  In addition, the Greenwich Land Parties reserve their right to request an evidentiary hearing.

14.     The Bankruptcy Court does not have Constitutional authority to rule on this matter, as it involves private rights of action which under *Stern v. Marshall*, 546 U.S. 462 (2011) could only be decided by the District Court.

15.     The Greenwich Land Parties object to any ruling by the Bankruptcy Court that should be made by the District Court and/or a jury, including, but not limited to, any rulings any party, jury, or court will rely upon to reach any decision that only an Article III Court or a jury can determine under the U.S. Constitution, *Stern v. Marshall* and its progeny, and other applicable law.

Dated: February 5, 2024                                **MEISTER SEELIG & FEIN PLLC**

                                                       By: */s/ Christopher J. Major*
                                                            Christopher J. Major, Esq.
                                                            Austin D. Kim, Esq.
                                                            125 Park Avenue, 7th Floor
                                                            New York, NY 10017
                                                            Tel: (212) 655-3500
                                                            Email: cjm@msf-law.com
                                                                   adk@msf-law.com
                                                            *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of February, 2024, I caused the foregoing to be filed and served on all appearing parties in the Adversary Proceeding via the Court's Electronic Case Filing System.

By:  */s/ Christopher J. Major*
 Christopher J. Major, Esq.