**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------x
:
In re:                                                          :     Chapter 11
                                                                :
HO WAN KWOK, *et al.*,                                          :     Case No. 22-50073 (JAM)
                                                                :
            Debtors.                                            :
                                                                :
------------------------------------------------------------------x

**OBJECTION OF GS SECURITY SOLUTIONS, INC., TO TRUSTEE'S**
**MOTION TO TOLL OR ENLARGE PERIOD TO FILE AVOIDANCE ACTIONS**
**UNDER BANKRUPTCY CODE SECTIONS 108, 546(a) AND 549**

GS Security Solutions, Inc. ("GS Security"), through its undersigned counsel, hereby objects to the Motion for Entry of Order Tolling or Enlarging Period for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549 (the "Motion") [ECF 2509], filed by Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"). GS Security hereby objects to the Motion, as follows:

**PRELIMINARY STATEMENT**

1.      The limitation period for avoidance actions in this matter runs on February 15, 2024. On January 18, 2024, the Trustee filed this Motion seeking to toll or enlarge the limitation period. The Trustee advances the same baseless argument for both that has already been unequivocally rejected by this Court: "the Debtor, his family members and his associates have sought to obstruct the Trustee's [investigative] efforts at every turn" and therefore (i) the statute of limitations should be equitably tolled or, alternatively, (ii) good cause exists to permit an extension of the statute of limitations pursuant to Fed. R. Bank. P. 9006(b).

2.      As Judge Tancredi explained when rejecting the identical request in *In re Walnut*

*Hill, Inc.*, No. 16-20960 (JJT), 2018 WL 2672242, at *2 (Bankr. D. Conn. June 1, 2018), (i) equitable tolling may only be interposed in response to a statute of limitations defense asserted in a pending adversary proceeding and therefore "reaching the issue of equitable tolling is premature and procedurally inappropriate at this time" and (ii) "[t]he plain language of Rule 9006(b) prohibits this Court from enlarging the Section 546(a) statute of limitations."

3. Furthermore, even if the Trustee's equitable tolling argument were ripe at this time, and even if the Court were not prohibited from enlarging the limitation period under Section 546(a) by Rule 9006(b), any such tolling or enlargement of the statute of limitations would be inappropriate with respect to GS Security. The Trustee's Motion is predicated exclusively on the alleged lack of cooperation and obstruction by "the Debtor, his family members and his associates." The Trustee's Motion does not even name GS Security, much less identify any alleged misconduct by GS Security. Indeed, even as to the Debtor, the Trustee's Motion is utterly devoid of any allegation that the alleged lack of cooperation and obstruction by "the Debtor, his family members and his associates" has impeded in any way the Trustee's ability to obtain complete pre-suit discovery from GS Security of its financial transactions purportedly involving the Debtor or his associates.

4. GS Security has, in fact, fully cooperated with the Trustee's discovery efforts and the Trustee has had all documents responsive to the Subpoena in his possession, including, among many others, GS Security's bank account statements, since at least November 17, 2023, when GS Security timely produced them. The Trustee has not identified any document or information he has not obtained from GS Security or otherwise addressed GS Security and its full and voluntary cooperation in non-party discovery. The Trustee instead attempts to obtain a procedurally improper and inequitable indefinite exemption from the statute of limitations by lumping GS

2

Security in with both the Debtor and an array of third-parties unrelated to GS Security, an independent entity owned and operated by Scott Barnett.

5. The Motion should be denied.

## BACKGROUND

6. On February 15, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 of the United Stated Bankruptcy Code in this Court (the "Petition Date") and on July 8, 2022, the Court entered an order appointing the Trustee in this case. [ECF 523].

7. More than a year later, on August 11, 2023, the Trustee applied for an order permitting pre-litigation discovery pursuant to Bankruptcy Rule 2004 of certain individuals and entities identified by the Trustee, including GS Security, as possibly having knowledge of the Debtor's assets and financial activities (the "Rule 2004 Motion"). [ECF 2079]. The Bankruptcy Court granted the Rule 2004 Motion on September 19, 2023. [ECF 2210].

8. On or about September 21, 2023, the Trustee issued a Subpoena for Rule 2004 Examination to GS Security (the "Subpoena"), which sought the production of a broad scope of documents and the examination of a GS Security representative on November 3, 2023. Thereafter, the Trustee agreed to a brief two-week extension of GS Security's time to produce documents in response to the Subpoena through and including November 17, 2023, and further agreed to advise counsel for GS Security after completing his review whether an examination would be necessary.

9. GS Security did not object to the Subpoena and did not file a motion for protective order or motion to quash with respect to the Rule 2004 examination or the Subpoena. On November 17, 2023, approximately three months before the Section 546(a) statute of limitation runs, GS Security voluntarily produced all documents responsive to the Subpoena in its possession, custody or control.

10. The Trustee has not identified any deficiencies in GS Security's production or sought to conduct a Rule 2004 Examination of GS Security.

## ARGUMENT

### A. Equitable Tolling Is Improper and Inapplicable to GS Security

11. The Trustee first argues – in the face of this Court's recent precedent – that this Court should issue a blanket order equitably tolling the statute of limitation for commencing avoidance actions under Section 546(a) against any and all future defendants, both prior to the expiration of the Section 546(a) limitation period and before any adversary proceedings have been filed against any of those potential defendants, including GS Security. Motion ¶¶ 29-30. As noted above, this Court in *In re Walnut Hill, Inc.*, 2018 WL 2672242, at *2, squarely rejected any such prospective application of equitable tolling as "premature and procedurally inappropriate."

12. In denying the chapter 7 Trustee's motion to both equitably toll the Section 546(a) limitations period and enlarge the statutory deadline under Rule 9006(b) – precisely the same grounds upon which the Trustee seeks an extension in the instant Motion – Judge Tancredi observed, "[p]rocedurally, the doctrine of equitable tolling is recognized as a response to a statute of limitations defense asserted in a pending litigation." *Id.* (citing *Long v. Abbott Mortg. Corp.*, 459 F. Supp. 108, 113 (D. Conn. 1978) ("[t]he equitable tolling doctrine does not come into play, of course, until the defendant has claimed that the plaintiff's cause is time-barred."); *see also In re Anderson*, 623 B.R. 199, 217 (Bankr.D.Conn. 2020) ("As a procedural matter, equitable tolling is interposed in response to a statute of limitations defense.") (citing *In re Walnut Hill, Inc., supra*).

13. As Judge Tancredi and numerous other courts have noted, fairness and due process require that the issue of equitable tolling be addressed only after it is interposed in a pending adversary proceeding in response to a statute of limitations defense:

4

> All parties to this case acknowledge that an adversary proceeding has not been filed at this time. Pursuant to Section 546(a), the Trustee's statute of limitations for filing an adversary proceeding will expire on June 14, 2018, which has not yet come to pass. It is **wholly premature and procedurally flawed** to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances **to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted**.

*In re Walnut Hill, Inc., supra* (emphasis added); *see In re No. 1 Contracting Corp.*, 2012 WL 4114818, at *1 (Bankr. M.D. Pa. 2012 Sept., 19, 2012) (denying chapter 7 trustee's request to equitably toll the Section 546(a) statute of limitations prior to commencement of avoidance actions as premature where there was no case or controversy before the court and therefore it was unknown whether future defendants would even assert the statute of limitations defense); *In re Cramer*, 636 B.R. 830 (Bankr. C.D. Cal. 2022) (denying Chapter 7 bankruptcy trustee's motion for an extension of the two-year statutory deadline to commence avoidance actions despite argument that debtor had been insufficiently responsive with the investigation and that discharge had already been revoked due to debtor's concealment of assets, as such an extension would deprive future defendants of constitutional due process of law because they would receive no notice of the relief in advance and no opportunity to contest whether equitable tolling was warranted on the particular facts of their case); *In re Randolph Hospital*, No. 20-10247 (LMJ), 2022 WL 19298765, at *1 (Bankr. M.D. N.C. Apr. 25, 2022) (denying Trustee's motion to equitably toll the statutory limitations period as premature since no adversary proceedings had been filed and noting that Trustee would be free to reassert equitable tolling in response to statute of limitations defense in a pending litigation).

14. Here, the statutory deadline of February 15, 2024 has not yet passed, the Trustee has not yet filed an adversary proceeding against GS Security or any of the other potential defendants

5

identified in the Motion and, therefore, in accordance with this Court's holding in *In re Walnut Hill, Inc.* and the other foregoing authorities, the request for indefinite equitable tolling as to any and all potential defendants is prospective, unripe and procedurally improper.

15. The Trustee attempts to distinguish *In re Walnut Hill, Inc.* and the decisions from other jurisdictions rejecting the prospective application of equitable tolling by falsely asserting that he has provided sufficient notice of the tolling motion to the potential defendants in this case, who have an opportunity to object. Motion ¶¶ 32-34.

16. The Trustee is misstating both the holdings in those cases and the sufficiency of his own "notice" even if notice were the issue. Neither the Trustee's Motion nor the Form of Notice [ECF 2515] accompanying the Motion, which this Court directed the Trustee to serve on potential defendants, including GS Security, contained any indicia of the causes of action the Trustee may assert in the future against GS Security or any other defendant or the facts and circumstances underlying those unidentified causes of action. While GS Security can argue in this objection that equitable tolling is not appropriate based on the limited knowledge gained from the documents sought by the Trustee in the Subpoena, it is in no position to assert an affirmative defense because the Trustee has asserted no claims against it. Its position is indistinguishable from the position of prospective defendants in *Walnut Hill* and other cases reaching the same conclusion.

17. Even if this Court were to prematurely entertain the assertion of equitable tolling the Trustee has failed to allege any basis for equitable tolling against GS Security. The Second Circuit has held that "[e]quitable tolling is generally considered appropriate (1) where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period; (2) where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; or (3) where a plaintiff's medical condition or mental impairment prevented her

from proceeding in a timely fashion." *Zerilli-Edelglass* v. *New York City Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations and citations omitted). When determining whether equitable tolling is applicable, a court must consider whether the person seeking application of the equitable tolling doctrine (1) has "acted with reasonable diligence during the time period she seeks to have tolled," and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. *Id.* at 80-81 (citing *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir.2002).

18. The doctrine of equitable tolling allows a court to extend a statute of limitations "on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.), *cert. denied*, 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000). "Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." *Iavorski v. I.N.S.*, 232 F.3d 124, 129 (2d. Cir. 2000) (internal quotation marks and alterations omitted).

19. The Supreme Court has made clear, however, that the conditions for applying the doctrine are strict. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *accord Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (noting that the extraordinary circumstance must have "prevented timely filing").

20. The Second Circuit has repeatedly cautioned that "equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks and alterations omitted); *accord Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (quoting

7

*A.Q.C. ex rel. Castillo*, 656 F.3d at 144); *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)). Thus, "[w]hen a movant does not provide any grounds showing equitable tolling may be appropriate, it will not be applied." *Mark v. Gawker Media LLC*, 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2004) (citing *Ouedraogo v. A–1 Int'l Courier Serv., Inc.*, 2013 WL 3466810, at *4 (S.D.N.Y. July 8, 2013)).

21. The Trustee has failed to allege any facts supporting equitable tolling on claims against GS Security. On the contrary, as noted above, GS Security has fully cooperated with the Trustee's discovery efforts and has never engaged in any of the misconduct the Trustee argues has impeded his investigation. Indeed, the Trustee's Motion is premised entirely on the lack of cooperation and obstruction by "the Debtor, his family members and his associates." The Trustee's Motion does not even name GS Security much less identify any alleged misconduct by GS Security.

22. The Trustee cites *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 791 (Bankr. M.D. Fla. 2013), for the proposition that the two-year statute of limitations to file avoidance actions may still be equitably tolled as against a potential target defendant even where that defendant did not participate in or was not responsible for impeding or delaying the Trustee's investigation. Motion ¶ 51. In that case, however, the evidence established that the Trustee's ability to pursue avoidance claims against potential target defendants was hampered by the debtor's wrongful conduct. As other courts have held, while it may not be necessary to conclude that a defendant perpetrated the fraud or wrongful conduct blocking the Trustee's investigation, "there must be a nexus between the defendant and the wrongful conduct" in order for equitable tolling to apply. blocking the Trustee's discovery. *In re Maxon Eng'g Servs., Inc.*, 397 B.R. 228, 230–31 (Bankr. D.P.R. 2008), *aff'd,* No. CIV. 08-2274CCC, 2009 WL 1597635 (D.P.R. June 5, 2009) ("The

Court concludes that it would be inequitable to allow the trustee to use the doctrine of equitable tolling to bring these actions against general trade creditors for prepetition preferences, since these defendants played no role in the alleged wrongful conduct perpetrated by the debtor's representative post-petition."). Here, the Trustee has offered no allegation that the lack of cooperation and obstruction by "the Debtor, his family members and his associates" has impeded in any way the Trustee's ability to obtain complete pre-suit discovery from GS Security of its financial transactions purportedly involving the Debtor or his associates, which the Trustee has had in his possession for nearly three months.

23.    Again, GS Security itself fully cooperated with the Trustee's pre-suit discovery efforts and the Trustee was in possession of all responsive documents in GS Security's control that might pertain to any financial transactions between GS Security and the Debtor or his affiliates upon which the Trustee may seek to initiate avoidance claims. The Trustee has neither sought additional documents nor a Rule 2004 examination of GS Security, and there is no basis to conclude, in advance of any claims against GS Security, that the filing of those claims has been in any way impeded by GS Security or the Debtor.

### B. Bankruptcy Rule 9006(b) Does Not Permit Enlargement of Statutory Deadlines

24.    In *In re Walnut Hill, Inc.*, *supra,* Judge Tancredi held:

> By its plain language, Rule 9006(b) only applies to deadlines set 'by these rules or by a notice given thereunder[,][sic] or by order of court.' **Nowhere** in the Rule does it mention statutory deadlines.
>
> This Court (Krechevsky, J.) has addressed this issue in the past and held that Rule 9006(b) does not 'permit[] a court to extend a time limitation set by Congress in a statute. *In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D. Conn. 1999). Instead, it 'permit[s] modification only of time limitations imposed by other rules or by the court.' *Id*."

*In re Walnut Hill, Inc.*, 2018 WL 2672242, at *1. (emphasis added); *see In re Cramer*, 636 B.R. at 831 ("The Federal Rules of Bankruptcy Procedure contain no rule to extend statutory deadlines such as the ones in sections 546 & 549. No procedure supports the relief in the current motion.").

25. It bears repeating that, even if this Court were to allow the Trustee to extend the Section 546(a) deadline under Rule 9006(b), there are absolutely no facts that have been alleged establishing good "cause" to support such an extension in this case. On the contrary, and as noted above, GS Security has fully cooperated with the Trustee in his pre-litigation discovery efforts and has not "actively interfered with the Trustee's discovery efforts" as the Trustee alleges with repect to the Debtor.

  C. **The Trustee Has Not Acted Diligently in Pursuing His Rights Against GS Security**

26. While GS Security is not in any position to assess whether the Trustee has diligently pursued his investigation of the Debtor's financial affairs, it is not disputed that GS Security fully complied with the Trustee's pre-litigation discovery efforts by turning over to the Trustee all documents responsive to the Subpoena in its possession, custody or, which the Trustee has had in his possession for nearly three months. The Trustee thus has had plenty of time to assert his claims against GS Security. Accordingly, the Motion should be denied.

27. Lastly, the Trustee asserts that, absent an extension, he "will be forced to litigate the limitations period on a one-off basis in a free-standing adversary proceeding with any potential defendant who raises the issue," which the Trustee contends, without explanation, "is not just difficult; it is likely impossible." Motion ¶ 51. The Trustee provides no justification for why responding to a statute of limitations defense asserted in a pending adversary proceeding will be any more costly or prejudicial than it is in every other case in this District and the other Districts in which prospective tolling against the entire universe of potential defendants is not permitted.

28. The Trustee will suffer no prejudice if his rights to interpose equitable tolling to enlarge the statute of limitations are preserved until after a statute of limitations defense is asserted in a pending adversary proceeding. *See In re Cramer*, 636 B.R. at 833-834 ("If a bankruptcy trustee has a sufficient basis for application of the doctrine of equitable tolling, then the trustee will prevail later in the adversary proceeding after filing the untimely complaint. If, on the other hand, a trustee does not have a sufficient basis for application of the doctrine of equitable tolling, the courts should not permit the trustee to avoid the consequences of such a deficiency by obtaining an order applying equitable tolling in advance without notice to the affected party.").

## CONCLUSION

WHEREFORE, GS Security requests this Court deny the Motion, and grant such other and further relief as the Court deems just and equitable.

Submitted:    New York, New York
              February 5, 2024

                  LAX & NEVILLE, LLP
                  */s/ Barry R. Lax*
                  Barry R. Lax, Esq. (phv09611)
                  Robert J. Grand, Esq. (ct24113)
                  350 5th Avenue, Suite 4640
                  New York, NY 10018
                  Tel:  (212) 696-1999

                  HOUSER LLP
                  */s/ Jordan W. Schur*
                  Jordan W. Schur, Esq.
                  8 Wright Street, Ste 107
                  Westport, Connecticut 06880
                  jschur@houser-law.com
                  Tel: 212-490-3333
                  Fax: 212-490-3332

                  *Attorneys for GS Security Solutions, Inc.*