| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br>Defeng Cao |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Paul Hastings LLP (c/o Avram E. Luft), 200 Park Avenue New York, New York 10166, aviluft@paulhastings.com | ATTORNEYS (If Known)<br>Olshan Frome Wolosky LLP (c/o Katherine E. Mateo) 1325 Avenue of the Americas, New York, NY 10019 kmateo@olshanlaw.com |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Judgment that Debtor Is Equitable Owner of the Motorcycles and Ordering Turnover of Motorcycles to Trustee pursuant to Sections 541, 542 and 544; Avoidance of Transfers of Motorcycles as Unauthorized Post-petition Transfers Pursuant to Bankruptcy Code Sections 549 and 550; Avoidance of Transfers of Land Rover Defender and Dodge Ram as Actually Fraudulent Pursuant to Bankruptcy Code Section 548(a)(1)(A). Avoidance of Transfers of Land Rover Defender and Dodge Ram as Actually Fraudulent Pursuant to Bankruptcy Code Section 544(b) and Section 25:2-25 of the New Jersey Revised Statutes; Recovery of Avoided Transfers Pursuant to Bankruptcy Code Section 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

Declaratory relief pursuant to 541, 542, and 544 of the Bankruptcy Code

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50573 (JAM) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Manning, J. |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Avram E. Luft | | |
| DATE<br>February 6, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Avram E. Luft | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---

| | | |
|---|---|---|
| --------------------------------------------------------x | : | |
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| --------------------------------------------------------x | : | |
| | : | |
| LUC A. DESPINS, Chapter 11 Trustee, | : | Adv. Proceeding [•] |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEFENG CAO, | : | |
| | : | |
| Defendant. | : | |
| --------------------------------------------------------x | : | |

**COMPLAINT OF CHAPTER 11 TRUSTEE FOR ESTATE OF HO WAN KWOK,
PURSUANT TO BANKRUPTCY CODE SECTIONS 541, 542, 544, 548, 549,
AND 550, (I) SEEKING DECLARATORY JUDGMENT THAT DEBTOR IS
EQUITABLE OWNER OF CERTAIN MOTORCYCLES AND THAT SUCH
PROPERTY IS PROPERTY OF ESTATE THAT MUST BE TURNED OVER
TO CHAPTER 11 TRUSTEE, (II) TO AVOID TRANSFER OF MOTOR VEHICLES
AND (III) RECOVERY OF TRANSFERRED MOTOR VEHICLES**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

adversary complaint (the "Complaint") against defendant Defeng Cao ("Cao" or the "Defendant") and states as follows:

## NATURE OF ACTION

1.      The Trustee brings this Complaint to recover six separate vehicles that, while nominally held by Cao, were fraudulently transferred to Cao, or alternatively, are equitably owned by the Debtor.  The vehicles include four motorcycles (three Harley Davidsons and one BMW and, together, the "Motorcycles"), a Land Rover Defender (the "Defender"), and a Dodge Ram Pickup Truck (the "Ram" and, together with the Motorcycles and the Defender, the "Vehicles").

2.      Cao is the long-term boyfriend of the Debtor's daughter, Mei Guo.  He has lived with the Debtor and his family, and refers to the Debtor and his wife as Mom and Dad.  Cao describes himself as an employee of the Debtor, and allegedly continues to receive a no-show salary from one of the Debtor's China-based companies even though he has been in the United States since 2017.  Effectively Cao is family, and like the rest of the Debtor's family, the Debtor has placed assets in Cao's name to shield them from the Debtor's creditors.

3.      The Motorcycles are currently parked at the Mahwah Mansion, and prior to that were at the Debtor's Taconic Road home, where they were ridden by the Debtor, not Cao.

4.      Cao's only professed basis to claim ownership of the Motorcycles is that he holds (or held) legal title to all four Motorcycles because the Debtor had them registered in Cao's name.  Cao did not select them, purchase them, or use them, and his name is on the title only because the Debtor's agents told him to sign the title documents.

2

5.      The Debtor was, and remains, the equitable owner of the Motorcycles at all relevant times and, as such, they are property of the Debtor's chapter 11 estate.  Accordingly, the Trustee seeks a ruling pursuant to sections 541, 542, and 544 of the Bankruptcy Code (i) declaring that the Debtor is the equitable owner of the Motorcycles and that the Motorcycles are property of the Debtor's chapter 11 estate to be administered by the Trustee, and (ii) ordering Cao to endorse title of the Motorcycles to the Trustee.

6.      Alternatively, the Trustee asserts that the Motorcycles were property of the estate and were fraudulently transferred to Cao after the petition date without the authorization of the Bankruptcy Code or this Court.  The Trustee, therefore, seeks a ruling avoiding these transfers under section 549 of the Bankruptcy Code and requiring Cao to transfer to the Trustee the greater of either the Motorcycles, or their value at the time they were transferred to Cao.

7.      The Trustee separately asserts that, prior to the petition date, the Defender and the Ram were intentionally and fraudulently transferred to Cao by the Debtor, as part of the Debtor's pattern and overall scheme of hiding assets from his creditors.  The Trustee seeks a ruling (i) avoiding these transfers under both section 548 and 544 of the Bankruptcy Code and (ii) requiring Cao to transfer to the Trustee the greater of either the Defender and the Ram, or their value at the time they were transferred to Cao.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).  This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. §157(a).  Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3

## PARTIES

9.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the

Court's order entered on July 8, 2022 [Main Case Docket No. 523].

10.     Defeng Cao is an individual with a principal place of residence at 88 Regent

Street, Jersey City, New Jersey.  He also maintains a residence at 492 Broome Street, New York,

New York.

11.     On October 20, 2023, the Trustee took the Bankruptcy Rule 2004 deposition of

Cao.[2]

## FACTS

**I.      Debtor's Prolific Use of Shell Companies and Nominal Owners**

12.     The Debtor uses a seemingly inexhaustible stream of shell companies,

purportedly owned by family members or business subordinates, and nominal owners to shield

his assets and activities from creditors.  The Debtor's "shell game" has allowed him to continue

to deny ownership of his assets and refuse to pay his debts.  Indeed, the Court is already familiar

with numerous of these entities and individuals, including:

- HK International Funds Investments (USA) Limited, LLC ("HK USA").
  Purportedly owned by the Debtor's daughter, Mei Guo, the Debtor used HK USA
  to hold title to the Lady May yacht, which this Court and Justice Ostrager ruled

---

[2]     *See Order Granting Chapter 11 Trustee's Fifth Supplemental Omnibus Motion for 2004 Examinations* [Main Case Docket No. 1891].

was beneficially owned by the Debtor.[3]  The Court also found HK USA to be the Debtor's alter ego.[4]

- Greenwich Land, LLC ("Greenwich Land").  Purportedly owned by the Debtor's wife, the Debtor used Greenwich Land to hold title to his personal residence, a mansion in Greenwich, Connecticut (the "Taconic Road Mansion").[5]

- Taurus Fund, LLC.  Purportedly managed by the Debtor's bodyguard and driver, Scott Barnett, the Debtor used this entity to hold title to another mansion used as his personal residence, a 50,000 square foot property in Mahwah, New Jersey (the "Mahwah Mansion").[6]

- HCHK Technologies, Inc., HCHK Property Management, Inc., and Lexington Property, Inc. (collectively, the "HCHK Entities").  Each of the HCHK entities is purportedly owned (a) 99.9999% by a British Virgin Islands company purportedly owned by the Debtor's personal assistant, Yvette Wang and (b) 0.0001% by a long-time employee of the Debtor, Anthony DiBattista.  The HCHK Entities were used by the Debtor to, among other things, run his media operations and hold title to significant assets, including over $38 million in cash.[7]

- Golden Spring (New York) Ltd. ("Golden Spring") and China Golden Spring Group (Hong Kong) Limited ("China Golden Spring").  Purportedly owned by the

---

[3]  *Supplemental Memorandum of Decision in Support of Oral Ruling Granting Motion for Partial Summary Judgment*, at 31 (Adv. Proc. No. 22005003, Mar. 30, 2023) [Docket No. 177] ("the issue of Individual Debtor's beneficial ownership and control of the Lady is decisive as to the First Counterclaim and the identical issue was necessarily decided by Justice Ostrager in the Final Contempt Decision, which found by clear and convincing evidence that the Individual Debtor beneficially owned and controlled the Lady May").

[4]  *Memorandum of Decision and Order Granting Motion for Partial Summary Judgment on Second Counterclaim*, at 35 (Adv. Proc. No. 22-05003, May 18, 2023) [Docket No. 221] ("HK USA is the alter ego of the Individual Debtor.").

[5]  The Trustee has sought an alter ego judgment against this entity in adversary proceeding 23-05005, in connection with which the Court entered a prejudgment remedy and temporary restraining order against Greenwich Land LLC and the Debtor's wife.  *See Order Granting in Part Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction* (Adv. Proc. No. 23-05005, Mar. 28, 2023) [Docket No. 14]; *Order Granting Chapter 11 Trustee's Amended Application for Ex Parte Prejudgment Remedy* (Adv. Proc. No. 23-05005, Mar. 28, 2023) [Docket No. 15].

[6]  *See Complaint of Chapter 11 Trustee for Estate of Ho Wan Kwok Seeking, Pursuant to Bankruptcy Code Sections 541, 542, and 544, (I) Declaratory Judgment That Debtor is Equitable Owner of Mahwah Mansion and that Such Property is Property of Estate and (II) Related Relief* (Adv. Proc. No. 23-05017, July 11, 2023) [Docket No. 1].

[7]  The Trustee has sought an alter ego judgment against these entities in adversary proceeding 23-05013, in connection with which the Court entered a temporary restraining order on June 12, 2023.  *See Order Granting in Part Emergency* Ex Parte *Motion for Temporary Restraining Order and Preliminary Injunction* (Adv. Proc. No. 23-05013, June 12, 2023) [Docket No. 18].

5

Debtor's son, the Debtor uses Golden Spring as a "family office" to fund his lifestyle. Golden Spring exists to hold assets for the Debtor and pay his expenses. It has received funding from at least five separate entities controlled by the Debtor, and no funding from any other source.[8] The Court has entered a default judgment finding, among other things, that Golden Spring is an alter-ego of the Debtor.[9]

- <u>Lamp Capital LLC</u>.  Another entity purportedly owned by the Debtor's son, this entity has paid the Debtor's living expenses and legal fees.[10] The Court has entered a default judgment finding, among other things, that Lamp Capital LLC is an alter-ego of the Debtor.[11]

- <u>Han Chunguang</u>.  The Debtor's bodyguard, driver, and cook, the Debtor has used Mr. Han to hold multiple entities, including Anton Development Limited, Rosy Acme Limited, and Eastern Profit Corporation.

13.    The entities discussed above comprise the proverbial "tip of the iceberg."

According to the United States Government, the Debtor and his co-defendants William Je and Yvette Wang "utilized more than approximately 500 accounts held in the names of ***at least 80 different entities*** or individuals to launder more than $1 billion in fraud proceeds."[12]

---

[8]    *See Complaint of Chapter 11 Trustee for Estate Of Ho Wan Kwok Pursuant to Sections 541, 542, and 544 of Bankruptcy Code Seeking (I) Declaratory Judgment That Golden Spring (New York) Ltd. is Alter Ego of Debtor, and (II) Related Relief* (Adv. Proc. No. 23-05018, July 25, 2023) [Docket No. 1].

[9]    *See Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Entry of Default Judgment Against Golden Spring (New York) Ltd and China Golden Spring Group (Hong Kong) Limited* (Adv. Proc. No. 23-05018, Dec. 4, 2023) [Docket No. 35].

[10]    *See Complaint of Chapter 11 Trustee for Estate of Ho Wan Kwok Pursuant to Sections 541, 542, and 544 of Bankruptcy Code Seeking (I) Declaratory Judgment that Each of Lamp Capital LLC, Hudson Diamond NY LLC, and Leading Shine NY Ltd. is Alter Ego of Debtor, and (II) Related Relief* (Adv. Proc. No. 23-05023, Oct. 26, 2023) [Docket No. 1] (the "<u>Lamp Capital Complaint</u>").

[11]    *See Default Judgment in Favor Of Chapter 11 Trustee for Estate of Ho Wan Kwok on First and Second Claims of his Complaint Against Lamp Capital LLC and Infinity Treasury Management Inc.* (Adv. Proc. No. 23-05023, Feb. 1, 2024) [Docket No. 66].

[12]    *See Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release* (the "<u>USAO Memorandum</u>"), at 29, attached as Exhibit B to the *Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief* (June 23, 2023) [Main Case Docket No. 1934].

14.     In sum, while this Complaint focuses on the Vehicles, the Trustee believes that context regarding the Debtor's wide-ranging strategy of using nominal owners to shield assets from creditors will assist the Court in understanding the Trustee's position.  The Trustee also expressly reserves all rights to pursue actions asserting claims against other entities or individuals.

## II.    Cao's Close Relationship With Debtor's Family

15.     Cao is deeply intertwined with the Debtor's affairs, both personally and through his purported employment.

16.     Cao has personal ties to the Debtor.  He is in a long-term romantic relationship with Mei Guo, and refers to an apartment in her name as his residence.  He considers himself part of the Debtor's family, ███████████████████████████████████  Cao vacations with the family (including as a passenger on the Debtor's private jet), and claims that the Defender and the Ram are in his possession because of his close personal relationship to the Debtor's family.

17.     According to an affidavit Cao submitted in September 2017 in the New York Supreme Court, Cao is employed by the Debtor.  In fact, Cao testified that he came to the United States to work for Mr. Kwok.

18.     Cao also asserts that he oversaw construction and renovation at the Mahwah Mansion and that, even though he does not do any work for them since arriving in the United States in 2017, he continues to draw a salary from Beijing Zenith Holdings Co. and/or Beijing Pangu Investment Co., both of which are affiliated with the Debtor.

7

19.    ███████████████████████████████████[13]   Greenwich Land,

purportedly nominally owned by the Debtor's wife, holds title to the Taconic Road Mansion (as

defined herein) and is the subject of an alter ego complaint brought by the Trustee.

## III.    The Vehicles

20.    The four Motorcycles are:

- A 2021 Harley Davidson with a NJ license plate 5JKE7 and VIN number 1HD1TBH1XMB957197;

- A 2021 Harley Davidson with a NJ license plate 5JKE8 and VIN number 1HD1TEH1XMB956441;

- A 2021 Harley Davidson with a NJ license plate 5JKE9 and VIN number 1HD1FBC10MB661233; and

- A 2022 BMW with a NJ license plate 5JKF1 and VIN number WB10L4303N6F02046.

21.    As of October 31, 2023, each of the Motorcycles was registered to Cao.[14]

22.    As of the date hereof, each of the Motorcycles was located at the Mahwah

Mansion.

23.    The other Vehicles are:

- A 2020 Land Rover Defender with a NJ license plate D44RYR and VIN number SALE97EU5L2024926; and

---

[13]    *See* Ex. 1 ███████████████████████████████████████████████.

[14]    *See* Ex. 2, New Jersey Motor Vehicle Commission Registration Documents for 2021 Harley Davidson with a NJ license plate 5JKE7 and the VIN number 1HD1TBH1XMB957197 registered to Defeng Cao; Ex. 3, New Jersey Motor Vehicle Commission Registration Documents for 2021 Harley Davidson with a NJ license plate 5JKE8 and the VIN number 1HD1TEH1XMB956441 registered to Defeng Cao; Ex. 4, New Jersey Motor Vehicle Commission Registration Documents for 2021 Harley Davidson with a NJ license plate 5JKE9 and the VIN number 1HD1FBC10MB661233 registered to Defeng Cao; Ex. 5, New Jersey Motor Vehicle Commission Registration Documents for 2022 BMW with a NJ license plate 5JKF1 and the VIN number WB10L4303N6F02046 registered to Defeng Cao.  The Motorcycles were registered on October 6, 2022, which registration expired on October 31, 2023.  The Trustee is not aware whether the registration was renewed.

8

- A 2021 Dodge Ram 3500 Pickup Truck with a NJ license plate D43RYR and VIN number 3C63RRPL4MG617594.[15]

24. The Defender and the Ram were each registered in Cao's name on March 10, 2023, which registration will expire on March 31, 2024.[16]

## IV. Cao is Only the Nominal Owner of the Motorcycles

25. All four of the Motorcycles are titled and registered in New Jersey in Cao's name. Yet, Cao's claim to ownership is only nominal.

26. ███████████████████████████████████████████████.[17] But Cao testified that he did not purchase the Motorcycles and asserts that he does not know who did.

27. Cao testified that he obtained title to the Motorcycles after an agent of the Debtor named "Max" called Cao to inform him that there were some motorcycles that need to be "█" Cao's name and that a person named "Anthony" was going to bring Cao some documents to sign. Cao did not ask Max why this needed to be done.

28. Cao had met Max multiple times, each time at the Debtor's office.

29. After Cao's phone call with the Debtor's agent, Cao met the Debtor's other agent, Anthony, in front of Baruch College and Cao signed the papers to have title placed in his name.

---

[15] The Trustee understands that the Dodge Ram was traded in for a different pickup truck (a Ford Raptor).

[16] *See* Ex. 6, New Jersey Motor Vehicle Commission Registration Documents for 2020 Land Rover Defender with a NJ license plate D44RYR and the VIN number SALE9 7EU5L 20249 26 registered to Defeng Cao; Ex. 7, New Jersey Motor Vehicle Commission Registration Documents for 2021 Dodge Ram 3500 Pickup Truck with a NJ license plate D43RYR and the VIN number 3C63RRPL4MG617594 registered to Defeng Cao.

[17] *See* Ex. 8, ███████ Ex. 9, ████████; Ex. 10, ████████; Ex. 11████

9

Upon information and belief, this took place on or around October 6, 2022, the date which title to each of the four Motorcycles was issued to Cao.

30.     Cao has never ridden any of the Motorcycles, nor does he recall if he ever insured them.

31.     Cao admits that, other than signing the title papers, he has no basis to claim ownership.

## V.     Debtor Is True Owner of Motorcycles

32.     The Debtor has full beneficial ownership and control over the Motorcycles.

33.     Upon information and belief, "Max"—who arranged for Cao to sign the title papers—is Max Krasner.

34.     Max Krasner is deeply intertwined in the Debtor's affairs and served the Debtor in numerous roles.  He is or has been an employee of Golden Spring, and employee, officer and/or authorized signatory of Greenwich Land, Hudson Diamond Holdings LLC, Hudson Diamond NY LLC, Infinity Treasury Management Inc. (parent company of Lamp Capital LLC), Rule of Law Foundation, and the HCHK Entities.[18]

35.     The actual use and control of the Motorcycles is consistent with the Debtor being the true equitable owner.

---

[18]   Ex. 12, Greenwich Land, LLC, Consent of Sole Member Without a Meeting, dated January 19, 2021; Ex. 13, Hudson Diamond Holding LLC, Consent of Sole Member Without a Meeting, dated July 17, 2019 (reflecting Mr. Krasner as the vice president); Ex. 14, Hudson Diamond NY LLC, Consent of Sole Member Without a Meeting, dated July 17, 2019; Ex. 15, GTV Media Group Cert. of Incorporation, dated April 17, 2020; Ex. 16, Limited Liability Company Agreement of Lamp Capital, LLC, dated September 8, 2020; Ex. 17, CHAR 500 Form of Rule of Law Foundation (Form 990, Page 7, listing Max Krasner as "President, Treasurer, Director"); Ex. 18, Email by and among Max Krasner, Anthony DiBattista and attorneys from Marcum on the HCHK 2022 Bank Statements in January 2023.

36.     When the Motorcycles were first purchased, they were kept at the Taconic Road

Mansion.  At some point, they were transferred to their current location, the Mahwah Mansion.

37.     The Debtor has resided at both of these addresses, and the Trustee has

commenced adversary proceedings asserting the Debtor is the true owner of both.[19]

38.     Cao has never ridden any of the Motorcycles.  Nor has he ever seen the Debtor's

wife or daughter ride a motorcycle.

39.     The Debtor, however, does ride motorcycles and has been filmed riding one of the

three Harley Davidsons at the Taconic Road Mansion, including in the "H-Coin to the Moon"

music video promoting the Debtor-related Himalaya Coin cryptocurrency.[20]

## VI.     Fraudulent Transfer of Land Rover Defender and Dodge Ram

40.     Cao asserts that he owns the Land Rover Defender and the Dodge Ram.

41.     Cao asserts that the Defender was purchased in early 2021.

42.     Upon information and belief, the Ram (which, like the Defender, is also a model

year 2021) was also purchased in early 2021.

43.     Cao admits that he did not purchase the Defender or the Ram, and claims he has

never seen any paperwork indicating who did pay for these vehicles.

---

[19] Even if the Debtor is not the true owner of the Mahwah Mansion, its nominal owner, Taurus Fund LLC, has *disclaimed* ownership of the Motorcycles.  See *Report re: Property at Mahwah House* (Adv. Proc. No. 23-05017, Oct. 31, 2023) [Docket No. 78].

[20] *See* "Miles Guo - Hcoin to the Moon (Official Video)," YouTube, Dec. 10, 2021, https://www.youtube.com/watch?v=foVjKjgyN4Q (Debtor riding motorcycle at 2:35); *see also* Ex. 19 ██████████

44.     Cao asserts that the Defender and the Ram were both gifted to him by the Debtor's son, Mileson Guo.  Upon information and belief, however, the actual source of any funds used to purchase the Defender and Ram to transfer to Cao, was the Debtor.

45.     Cao, who (as noted above) considers himself part of the Debtor's family and is connected to the Debtor's various enterprises, is not aware that Mileson has ever done any work.

46.     The Debtor has repeatedly used Mileson as a false front to hide his own assets and purchases, including by installing him as the nominal owner of Lamp Capital, Bravo Luck, and Golden Spring.

47.     Upon information, the Debtor's son has no independent source of income or assets, apart from assets controlled by the Debtor.

48.     Upon information and belief, any funds used to purchase the Defender and the Ram were controlled and transferred at the ultimate direction of the Debtor.

49.     The purchase and transfer of the Land Defender and the Dodge Ram was a transfer to Cao of the Debtor's assets for no consideration, all as part of the Debtor's overall scheme to hide his assets and defraud his creditors.

**First Claim**

**Declaratory Judgment that Debtor Is Equitable Owner of the Motorcycles
and Ordering Turnover of Motorcycles to Trustee**

50.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49.

12

51.     New Jersey law applies to the equitable ownership claim, because the Motorcycles are titled, registered, and located in New Jersey.[21]

52.     A debtor has an equitable interest in property upon one or more of the following grounds: (1) the debtor's funds were used to acquire the property; (2) the debtor represented that he had an interest in the property or used the property to obtain credit; or (3) they involved property that was once owned by the debtor and then transferred to a third party (usually in the face of creditor pressure).[22]  A debtor is the equitable owner of property if there is a pattern and practice of fraudulent behaviors, including funding the purchase of properties and placing title to the properties in the name of third parties while maintaining *de facto* control and ownership.[23]

53.     The Debtor, directly or through his agents, arranged for Cao, another of the Debtor's employees who also has a close personal and familial relationship, to take title to four Motorcycles that Cao admits he did not buy, has never ridden, and has not insured.

54.     The Motorcycles have always been kept at one of the Debtor's family residences. The Debtor, unlike Cao, has ridden at least one of the Motorcycles, and has been pictured and videoed riding one of the Motorcycles that is the subject of this Complaint.

55.     The Debtor at all times has been the Motorcycles' true beneficial owner.

---

[21]   *See Kartzman v. Beiman (In re Beiman)*, No. 15-10488 (JKS), 2018 WL 6978705, *3 (Bankr. D.N.J. Mar.19, 2018) (providing that in bankruptcy cases, state law generally determines what interest, if any, a debtor has in property) (citing *O'Dowd v. Trueger (In re O'Dowd)*, 233 F.3d 197, 202 (3d Cir. 2000); *see also Butner v. United States*, 440 U.S. 48, 55 (1979) (noting that property interests are created and defined by state law).

[22]   *In re Beiman*, 2018 WL 6978705, at *4.

[23]   *In re NJ Affordable Homes Corp.*, No. 05-60442 (DHS), 2006 WL 2128624, *8 (Bankr. D.N.J. June 29, 2006) (holding that the mere fact that title to a property is in the name of a third party does not mean that the debtor does not have an equitable interest in the property, however speculative that interest may be, to make it property of the bankruptcy estate).

56.     Because the Motorcycles are equitably owned by the Debtor, they are property of the Debtor's chapter 11 estate.  Based on these facts and circumstances, the Trustee seeks a ruling pursuant to sections 541, 542, and 544 of the Bankruptcy Code (i) declaring that the Motorcycles constitute property of the Debtor's chapter 11 estate to be administered by the Trustee and (ii) ordering Cao to surrender the Motorcycles to the Trustee.

### Second Claim

**Avoidance of Transfers of Motorcycles As Unauthorized Post-petition Transfers Pursuant to Bankruptcy Code Section 549 (Asserted in the Alternative to First Claim)**

57.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49.

58.     Section 549 of the of the Bankruptcy Code provides that the trustee may avoid any transfer of an interest of the debtor in property that occurs after the commencement of the case and is not authorized by the Bankruptcy Code or by the Bankruptcy Court.

59.     Upon information and belief, the Motorcycles were property of the estate because the Debtor was the equitable owner of the Motorcycles and/or because the Motorcycles were purchased by the Debtor (or one of his agents or alter egos).

60.     Upon information and belief, the Motorcycles were transferred to Cao on October 6, 2022, which is after the Debtor's petition date of February 15, 2022.

61.     The transfers were not authorized by the Bankruptcy Code or by this Court.

62.     Therefore, the Trustee is entitled to a ruling, pursuant to sections 549 and 550 of the Bankruptcy Code, (i) avoiding the transfers of the Motorcycles and (ii) ordering Cao to surrender the Motorcycles or the value thereof to the Trustee, which order will constitute a personal money judgment against Cao.

14

**Third Claim**

**(Avoidance of Transfers of Land Rover Defender and Dodge Ram As Actually
Fraudulent Pursuant to Bankruptcy Code Section 548(a)(1)(A))**

63.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49.

64.    Section 548(a)(1) of the Bankruptcy Code provides that the trustee may avoid any
transfer of an interest of the debtor in property made (i) within two years prior to the filing of the
petition and (ii) with actual intent to hinder, delay, or defraud the debtor's creditors.

65.    Upon information and belief, the Defender was transferred to Cao at the
beginning of 2021, which is within two years of the Debtor's petition date of February 15, 2022.

66.    Upon information and belief, the Ram, which is a model year 2021, was also
transferred to Cao within two years of the Debtor's petition date.

67.    These transfers were made with actual intent to hinder, delay, or defraud creditors
because (i) they are part of, and consistent with, the Debtor's pattern of hiding his assets among
various shell companies and/or family members and associates and demonstrate numerous other
indicia of fraud, including, but not limited to, (ii) they were transfers to insiders, (iii) that were
concealed, (iv) and were for no consideration.

68.    Therefore, the Trustee is entitled to avoid these transfers pursuant to section
548(a)(1)(A) of the Bankruptcy Code.

**Fourth Claim**

**(Avoidance of Transfers of Land Rover Defender and Dodge Ram As Actually Fraudulent
Pursuant to Bankruptcy Code Section 544(b) and Section 25:2-25 of the New Jersey
Revised Statutes)**

69.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49.

70.     Section 544(b) of the Bankruptcy Code provides the Debtors' estates, and now Trustee as the representative thereof, with the ability to avoid transfers or obligations that would be avoidable under applicable non-bankruptcy law.

71.     Pursuant to section 25:2-25 of the New Jersey Revised Statutes, a transfer is fraudulent as to, and can be avoided by, a present or future creditor of the transferor if the transfer was made with actual intent to hinder, delay, or defraud any creditor of the debtor. Section 25:2-26 provides a non-exhaustive list of factors which may considering in determining actual intent, and section 25:2-31 requires that a cause of action under section 25:2-25(a)(1) be brought within four years of the transfer or, if later, not later than one year after the transfer was discovered by the claimant.

72.     The transfers of the Defender and the Ram were made less than four years ago.

73.     These transfers were made with actual intent to hinder, delay, or defraud creditors within the meaning of section 25:2-26 of the New Jersey Revised Statutes because (i) they are part of, and consistent with, the Debtor's pattern of hiding his assets among various shell companies and/or family members and associates and demonstrate numerous other indicia of fraud, including, but not limited to, (ii) they were transfers to insiders, (iii) that were concealed, (iv) and were for no consideration.

74.     Therefore, the Trustee is entitled to avoid these transfers pursuant to section 544(b) of the Bankruptcy Code and section 25:2-25 of the New Jersey Revised Statutes.

## **Fifth Claim**

### **(Recovery of Avoided Transfers Pursuant to Bankruptcy Code Section 550)**

75.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49.

16

76.     Section 550 of the Bankruptcy Code provides that, if a transfer is avoided under section 544, 548, or 549 of the Bankruptcy Code, the trustee may recover for the estate the transferred property or the value of such property from (i) the initial transferee of such transfer or the entity for whose benefit such transfer was made or (ii) the immediate or mediate transferee of such initial transferees.

77.     Cao is the initial transferee of the Motorcycles.

78.     Cao is the initial transferee of the Defender and the Ram.

79.     The Trustee, therefore, is entitled to the return of the greater of either the Vehicles or their value at the time they were transferred Cao.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.     On the First Claim, an order, pursuant to sections 541, 542, and 544 of the Bankruptcy Code: (1) declaring that (a) the Debtor is the equitable owner of the Motorcycles and (b) that the Motorcycles are property of the Debtor's chapter 11 estate, to be administered by the Trustee; and (2) ordering Defeng Cao to turn over the Motorcycles to the Trustee.

2.     On the Second Claim, an order, pursuant to section 549 of the Bankruptcy Code, avoiding the transfers of the Motorcycles as an unauthorized post-petition transfer;

3.     On the Third Claim, an order, pursuant to section 548(a)(1)(A) of the Bankruptcy Code, avoiding the transfers of the Land Rover Defender and the Dodge Ram as actually fraudulent.

17

4.      On the Fourth Claim, an order, pursuant to section 544(b) of the Bankruptcy Code in conjunction with section 25:2-25 of the New Jersey Revised Statutes, avoiding the transfers of the Land Rover Defender and the Dodge Ram as actually fraudulent.

5.      On the Fifth Claim, an order, pursuant to section 550 of the Bankruptcy Code, requiring Defeng Cao to transfer to the Trustee the Vehicles, or their value at the time they were transferred to Cao, whichever is greater, which order will constitute a personal money judgment against Cao.

6.      Reasonable attorneys' fees, costs, and expenses incurred in this action.

7.      Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

*[Remainder of page intentionally left blank.]*

18

Dated:  February 6, 2024
      New York, New York

LUC A. DESPINS
CHAPTER 11 TRUSTEE


By: */s/ Avram E. Luft*

    Avram E. Luft (admitted *pro hac vice*)
    Shlomo Maza (*pro hac vice* motion forthcoming)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6000
    aviluft@paulhastings.com
    shlomomaza@paulhastings.com
    douglassbarron@paulhastings.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C. 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

19