**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*, | : | Case No. 22-50073 (JAM) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Re: Docket No. 2509 |

**OBJECTION OF SOTHEBY'S INTERNATIONAL REALTY, INC. TO CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS UNDER BANKRUPTCY CODE SECTIONS 108, 546(a), AND 549**

Sotheby's International Realty, Inc., ("SIR") by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions under Bankruptcy Code Sections 108, 546(a), and 549* [Docket No. 2509] (the "Motion"), filed by Luc A. Despins, chapter 11 trustee (the "Trustee") appointed for the chapter 11 debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases. In support of this Objection, SIR respectfully states as follows:

**BACKGROUND**

1. On January 18, 2024, the Trustee filed the Motion seeking leave to file avoidance actions against certain entities listed on exhibits to the Motion as well as entities who "have received any transfers from any of the parties listed" on a schedule to the notice of the Motion.

2. On Friday, February 2, 2024, an affiliate of SIR, but not SIR, received service of the Motion, which has an objection deadline of Monday, February 5, 2024. Given the insufficient notice the Trustee provided to SIR, SIR respectfully requests that this Court hear this Objection despite its filing shortly after the Motion's objection deadline.

3. SIR is not specifically listed on the Motion and can only assume that the Trustee served SIR with notice of the Motion solely because SIR is one of more than 250 recipients of

Bankruptcy Rule 2004 subpoenas. To be clear, SIR is not aware of any basis upon which the Trustee could bring an avoidance action against SIR. SIR files this Objection out of an abundance of caution and specifically reserves all rights to oppose the relief requested by the Trustee if the Trustee asserts any claims against SIR.

## OBJECTION

4. There is no legal basis to grant the Motion. Moreover, SIR has not received sufficient information to even determine if the Motion applies to SIR.

## BASIS FOR OBJECTION

5. The Trustee asks the Court to judicially extend the statutes of limitations set by Congress. No authority exists to do so. The Trustee further asks this Court to reject Judge Tancredi's well-reasoned decision in *In re: Walnut Hill, Inc.,* 2018 WL 2672242 (Bankr. D. Conn. Jun. 1, 2018) in favor of non-binding law. This Court should not grant the Motion. The Motion is an improper, premature request for extraordinary relief against unnamed individuals and entities.

6. As the Trustee acknowledges in his Motion, which relies primarily on authorities from outside the District of Connecticut, at least one bankruptcy court in the District of Connecticut has held that a motion to equitably toll the limitations period for avoidance actions is premature and improper when filed prospectively. Motion at ¶ 31 *citing In re Walnut Hill, Inc.,* 2018 WL 2672242, at *2 (Bankr. D. Conn. Jun. 1, 2018). In *Walnut Hill,* the Court held it was "wholly premature and procedurally flawed" to seek to toll the limitations period before a statute of limitations defense has been asserted, and "outside the context" of allegations "against specific defendants." *Id.* The Trustee relies upon largely unpublished decisions from outside of the Second

Circuit as the basis for the requested relief. Motion at ¶ 30. The purported authorities are readily distinguishable.[1]

7. In *Walnut Hill,* the Court considered and rejected the assertion that Bankruptcy Rule 9006(b) is a vehicle to preemptively and prospectively extend the Trustee's statute of limitations to commence an avoidance action under the Bankruptcy Code. *See Walnut Hill,* 2018 WL 2672242 at *2 ("The plain language of Rule 9006(b) prohibits the Court from enlarging the Section 546(a) statute of limitations"); *see also In re Damach, Inc.,* 235 B.R. 727, 731 (Bankr. D. Conn. 1999) (Krechevsky, J.) (Rule 9006(b) does not "permit a court to extend a time limitation set by Congress in a statute"). No Court in this District has granted the expansive relief the Trustee seeks in the Motion, and the Trustee cites none. The Court should adopt the reasoning and decisions issued by Judge Tancredi and Judge Krechevsky and deny the Motion.

8. In further support of this Objection, SIR incorporates herein by reference as if fully set forth herein the arguments made by Greenwich Land, LLC and Hing Chi Ngok in their objection to the Motion regarding the impropriety of: (a) prospective relief, (b) equitable tolling, (c) the Trustee's proposed form of order, (d) the needless, accelerated schedule of the Motion, and (d) this Court's determination of the Motion under *Stern v. Marshall,* 546 U.S. 462 (2011). *See* Docket No. 2569 at ¶¶ 6-15.

9. SIR's compliance with the Rule 2004 subpoena shows that SIR in no way contributed to, much less created, any circumstances that might justify equitable tolling. The

---

[1] *See In re Farwest Pump Co.,* 2020 WL 257784, at *3 (Bankr. D. Ariz. Jan. 15, 2020) (tolling granted where it was proposed in chapter 11 plan and no parties objected); *In re Martin Levy of Berlin D.M.D., P.C.,* 416 B.R. 1, 8 (Bankr. D. Mass. 2009) (tolling granted where motion was unopposed); *In re Rockport Dev., Inc.*, No. 20-11339-SC (Bankr. C.D. Cal. Apr. 12, 2022) [Docket No. 822] (tolling granted where motion was unopposed); *In re Dwek*, No. 07- 11757 (KCF) (Bankr. D.N.J. Feb. 2, 2009) [Docket No. 3790] (tolling granted where federal investigations delayed trustee's investigation); *In re Visiting Nurse Ass'n of Inland Counties*, No. 18-16908-MH (Bankr C.D. Cal. July 30, 2020) [Docket No. 683] (tolling granted in six-line order with no rationale stated); *In re Builders Holding Co*., No. 16-06643-EAG7 (Bankr. D.P.R. April 25, 2019) [Docket No. 501] (tolling granted for 90 days where "super priority order" impeded trustee's administration of the estate).

Trustee's allegations of obstruction by the Debtors, have no relevance to the Motions requested relief against SIR. *See Maxon Eng'g Servs. v. Alex Hornedo Robles & Assoc. (In re Maxon Eng'g Servs.),* 397 B.R. 228, 229 (Bankr. D.P.R. 2008) (for equitable tolling to apply, the defendant against whom tolling is sought "must have at least been a party to the wrongful conduct.")

10. Although the Trustee claims that the service of the *Chapter 11 Trustee's Emergency Motion for Entry of an Order, Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rules 2002 and 9014, (I) Approving Form and Manner of Notice of Trustee's Forthcoming Tolling Motion and (II) Scheduling Hearing* [Docket No. 2494] renders potential due process concerns "not applicable," Motion ¶ 7, the Trustee has to date not made any showing whatsoever of what claims he might seek to pursue against SIR. SIR is therefore by definition not a "properly noticed defendant" with respect to any unasserted claims that the Trustee may seek to bring in an avoidance action. *See, e.g., In re Randolph Hosp., Inc.,* 2022 WL 19298765, at *1 (Bankr. M.D.N.C. Apr. 25, 2022). Moreover, the authority offered by the Trustee in support of his assertion that notice has been sufficient is misplaced, since the facts in that case bear no resemblance to the present case. *See In re Martin Levy of Berlin* D.M.D., P.C., 416 B.R. 1, 8 (Bankr. D. Mass. 2009) ("Defendants cannot avoid trustees who seek information, ignore a trustee request to extend the statute of limitations, wait for the limitations period to pass and then, months later after a complaint is filed, claim that the trustee is out of luck"). SIR has produced documents and has not ignored or avoided the Trustee.

11. Even if the Motion were procedurally sound (a proposition SIR rejects), the Trustee cannot demonstrate that "extraordinary circumstances" prevent him from bringing any action specifically as against SIR by February 15, 2024. Motion at ¶ 2. The Trustee has had in his possession for months SIR's response to the Trustee's subpoena. The Trustee cannot credibly

4

argue that he presently lacks sufficient knowledge of any possible claims he may believe he has against SIR.  The Trustee also cannot credibly allege any reason why alleged claims could not be brought prior to the statute of limitations.

WHEREFORE, SIR respectfully requests that this Court deny the Motion as applied to SIR and grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: February 7, 2024 | **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP** |

By: /s/ *Stephen P. Brown* (ct 19876)
    Stephen P. Brown, Esq.
    **Counsel for Defendant**
    **SOTHEBY'S INTERNATIONAL REALTY, INC.**
    **1010 Washington Boulevard**
    **Stamford, CT 06901**
    **(203) 388-9100**
    **Our File No. TBD**

]

-and-

A.M. SACCULLO LEGAL, LLC
Anthony M. Saccullo (DE No. 4141)
Mary Augustine (DE No. 4477)
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: ams@saccullolegal.com
      meg@saccullolegal.com

*Counsel to the Sotheby's International Realty, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, a copy of the foregoing Notice of Appearance was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *Stephen P. Brown*
Stephen P. Brown