UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
　　　　Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**OMNIBUS REPLY OF CHAPTER 11 TRUSTEE (I) IN SUPPORT OF MOTION FOR ENTRY OF ORDER EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS UNDER BANKRUPTCY CODE SECTIONS 108, 546(a), AND 549, AND (II) IN RESPONSE TO OBJECTIONS THERETO**

---

[1]　The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, hereby files this reply (the "Reply") (i) in support of the Trustee's *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549* [Docket No. 2509] (the "Motion") and (ii) in response to the objections and responses filed thereto. In support of this Reply, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Trustee served the Motion on approximately 1,000 entities and individuals, and while the Trustee received numerous informal comments and queries, only twelve objections and one reservation of rights were filed. One objection, filed by UBS AG, has since been settled. Of the eleven remaining objections, **ten** were filed by the Debtor's family members or close associates, or entities affiliated with (if not controlled by) the Debtor. These remaining objections all sing the same chorus, professing outrage and indignation on behalf of the recipients of the Motion that did not object, which the objectors have no standing to do. They also, incredibly, assert the moral high ground by casting themselves as protecting the sanctity of the Bankruptcy Code. This, of course, ignores that all of the remaining objectors, with one exception, are the very individuals and entities that either themselves obstructed and delayed the Trustee's investigation or benefited from the delay and obstruction of others.

2. Tellingly, none of the objectors, with the exception of Mei Guo—who, ironically, has interfered with the Trustee's investigation as anyone—takes material issue with the central factual premise underlying the Motion that the Trustee has conducted his investigation diligently. As set forth in detail in the Motion, and as reflected by the docket in this case, the record is clear that the Trustee has acted diligently at all times, with his inability to complete his investigation

1

by the February 15 deadline due solely to issues beyond his control—namely, the shear breadth and complexity of the Debtor's worldwide shell game, and the near constant obstruction he has faced from the Debtor and others, including certain of the objectors, who have refused to comply with subpoenas and court orders and have otherwise sought to delay and complicate the Trustee's work in every way possible.

3. Unable to rebut the extensive factual record supporting the Motion, the objectors press the legal argument, citing to the *Walnut Hill* ruling from this district, that this Court is purportedly powerless to equitably toll the statute of limitations prior to the filing of an adversary complaint. But that is not correct. The only inquiry is whether the Trustee, despite due diligence, was prevented from completing his investigation and discovery process by extraordinary circumstances beyond his control. There is no requirement that the Court perform this analysis on a claim-by-claim, defendant-by-defendant basis only after the filing of a complaint, and *Walnut Hill* is incorrect to the extent it concluded otherwise.

4. The Trustee filed the Motion because he had no choice: despite the diligent efforts of the Trustee and his professionals, and the significant and important progress and success he has already made, the enormity of the Trustee's task and the constant obstruction he faced has rendered it impossible for him to complete his investigation and bring all available claims prior to February 15. As multiple bankruptcy courts in multiple jurisdictions have recognized, it simply cannot be the case that the Trustee is left with no recourse.

**RELEVANT ADDITIONAL BACKGROUND**

5. The Trustee filed the Notice Motion on January 9, 2024, and the Motion on January 18, 2024. On January 19, 2024, the Court entered an order granting the Notice Motion [Docket No. 2515] (the "<u>Notice Order</u>"). Among other things, the Notice Order established

2

February 5, 2024 as the deadline to object to the Motion, and on January 31, 2024 the Trustee filed a notice [Docket No. 2540] describing the ways, in accordance with the Notice Order, in which notice of the Motion was provided (the "Notice of Service").

6. Since filing the Motion, the Trustee has continued to investigate additional facts and information that could, with further investigation and analysis, lead to actionable claims. AS one example, the Trustee has been diligently cataloging the contents of a storage facility that was discovered in connection with the adversary proceeding brought against Taurus Fund (one of the Objectors). While that process is not yet complete, the Trustee's examination has revealed boxes of documents that should have been turned over to the Trustee, but were not. This is just one example of the numerous ongoing activities that could lead to additional claims.

7. In addition, to the extent the Trustee's investigation has already uncovered sufficient information to support actionable claims, the Trustee is busy preparing complaints to file by the February 15 deadline, including against many of the Objectors.[2] These complaints (which are numerous) will seek, among other things, the avoidance and recovery of fraudulent transfers, additional alter ego findings, and damages for violation of U.S. racketeering laws.

8. The Trustee has received objections and responses (collectively, the "Objections," filed by the "Objectors") to the motion by Mei Guo [Docket No. 2551], Defeng Cao [Docket No. 2553], UBS AG [Docket No. 2554], DBS Bank [Docket No. 2556], the Taurus Entities and Scott Barnett [Docket No. 2557], G Club Operations [Docket No. 2563], Rule of Law Entities [Docket No. 2565], Chris Lee and Qidong Xia [Docket No. 2566], Greenwich Land [Docket No. 2569], GS Security Solutions [Docket No. 2571], Yinying Wang [Docket No. 2582], Sotheby's International Realty, Inc. [Docket No. 2584], and Yongbing Zhang [Docket No. 2591].

---

[2] For example, on February 6, 2024, the Trustee commenced an adversary proceeding against Defeng Cao.

3

# REPLY

## I. Most Objectors Are Complicit in Debtor's Scheme and Obstruction Efforts And Have No Standing to Assert Rights of Other Parties

9. As noted above, with one exception, all of the remaining Objectors have been complicit in the efforts to obstruct and delay the Trustee's investigation, or they have directly benefited from those efforts. Accordingly, when considering the Trustee's request for equitable tolling, the equities weigh strongly against these parties.

10. One of the lead Objectors is the Debtor's daughter, Mei Guo, who is a central figure in the Debtor's shell game and has sought to impede the Trustee's work at every turn. As the Court is aware, Mei Guo caused the shell company she nominally owned to file an adversary proceeding asserting ownership of the Lady May yacht, even though Judge Ostrager of the New York Supreme Court had already found that Mei Guo's testimony "that she owns and controls the Lady May cannot be credited in any respect."[3] She also concealed from the Trustee the existence of another yacht, the Lady May II. The Trustee eventually prevailed in the litigation and recovered both yachts, but not without significant cost, expense, and delay.

11. Mei Guo further obstructed discovery efforts by failing to comply with validly issued subpoenas, which ultimately led to her being found in contempt of court and to the imposition of sanctions against her and her counsel. Mei Guo also gave false testimony concerning the proceeds of the sale of a Bombardier private jet controlled by the Debtor, testifying that she had sold the Bombardier to a buyer whose name she did not recall and that, while she was the "owner" of the proceeds, she did not recall where the proceeds were located

---

[3] February 9, 2022 Decision & Order, at 6-7, *PAX v. Kwok*, Index No. 652077/2017 (N.Y. Sup. Ct.), NYSCEF Doc. No. 1181.

and could not access them.[4] This was shown to be false when the Trustee received documents showing Mei Guo had extensive correspondence with an entity named JNFX Ltd., which was holding the proceeds, and that she was able to control the disposition of the funds.[5] More recently, this Court found that "Ms. Guo has made contradictory statements under oath."[6]

12.     The other Objectors have likewise obstructed the Trustee's investigation. For example, Defeng Cao is Mei Guo's longtime boyfriend who, as detailed in the complaint filed against him, helped the Debtor conceal assets in Cao's name. The Taurus Fund Entities and Scott Barnett (who also nominally owns GS Security Solutions) helped hide the Mahwah Mansion, as did Greenwich Land the Debtor's home in Connecticut. G-Club and the Rule of Law Entities are also controlled by the Debtor, with G-Club having refused to comply with its discovery obligations, and the Rule of Law Entities having assisted in the protest and harassment campaign enjoined by the Court. Finally, Yinying Wang, Chris Lee, and Qidong Xia are members of the purported HCHK Creditors Committee led by Objector Yongbing Zhang, who has been sanctioned multiple times for his frivolous litigation against the Trustee and others.

13.     Cognizant of their own unclean hands, certain of the Objectors seek to advance the interests of "potentially hundreds of other defendants" who could be affected by the Motion.[7] Each Objector, however, has standing only to advance ***its own*** interests. *See Renco Grp., Inc. v. Wilmington Trust (In re Magnesium Corp. of Am.)*, 583 B.R. 637, 647 (Bankr. S.D.N.Y. 2018) (prudential standing "bars litigants from asserting the rights or legal interests of others in order to

---

[4]  *Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment* ¶ 16 (Adv. Proc. No. 23-05008, Docket No. 91).
[5]  *Id.* ¶ 17.
[6]  *Order Holding Hudson Diamond Holding LLC in Contempt*, at 9  (Docket No. 2545) .
[7]  Mei Guo Obj. ¶ 10; Cao Obj. ¶ 25; Taurus Obj. ¶ 16; Greenwich Obj. ¶ 7.

5

obtain relief from injury to themselves … [party] generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

14. Ironically, in attempting to distinguish cases cited by the Trustee in which courts have extended the statutory limitations period in sections 108, 546, and 549 of the Bankruptcy Code based on equitable tolling, the Objectors argue that the Court should ignore some of those decisions because the tolling was unopposed.  But this simply proves the Trustee's point:  if a party has not objected to the Motion, it is unopposed as to that party and should be granted as to that party, even if it is ultimately denied as to the Objectors (which it should not be).

## II. Court Should Not Follow *Walnut Hill*; Equitable Tolling Does Not Require a Pending Adversary Proceeding

15. Citing *In re Walnut Hill, Inc.*, No. 16–20960 (JJT), 2018 WL 2672242, at *2 (Bankr. D. Conn. June 1, 2018), Mei Guo argues that equitable tolling "only applies *after* the underlying action has been commenced and a statute of limitations defense has been asserted."[8] The other Objections make similar claims, all relying on *Walnut Hill*.[9]

16. The Motion acknowledged *Walnut Hill*'s ruling, and argued that *Walnut Hill* came to the wrong conclusion—and the Trustee stands by that position.  *Walnut Hill* is a short opinion, with a limited analysis of equitable tolling.  In *Walnut Hill*, the court noted that no adversary proceeding was pending and held that equitable tolling was premature because it should not be addressed "outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants." *In re Walnut Hill, Inc.*, 2018 WL 2672242, at *2.  The court attempted to reconcile this holding with the Eleventh Circuit's ruling in *IBT International, Inc. v. Northern (In re International*

---

[8] Mei Guo Obj. ¶ 8 (emphasis in original).
[9] *See, e.g.*, GS Security Obj. ¶ 2; Greenwich Obj. ¶¶ 4-5; Rule of Law Obj. ¶ 13.

*Administrative Services, Inc.)*, 408 F.3d 689, 695 (11th Cir. 2005) ("*IAS*"), claiming that "upon closer examination" of the ruling, *IAS* "relied upon the doctrine of equitable tolling, which had been interposed after a statute of limitations defense was asserted in a pending adversary proceeding." *In re Walnut Hill, Inc.*, 2018 WL 2672242, at *2.

17. But *Walnut Hill* misunderstood the *IAS* ruling. In *IAS*, the official committee moved for an extension of the time to file avoidance actions ***before*** the expiration of the statutory period. The bankruptcy court entered a "bridge order," extending the limitations period through the time of a hearing by a Special Master appointed to oversee discovery. At the conclusion of that hearing, the Special Master determined that the debtor had deliberately hidden certain transfer documents; based on these findings of fact, the trustee (as successor to the official committee) made an oral motion to further extend the time to file avoidance actions. That oral motion was granted, and the period was further extended to February 10, 1999. On that date, the trustee filed an adversary complaint against a number of defendants, and six months later, on August 17, 1999, the trustee named two more defendants, IBT and SCSD. IBT and SCSD raised a limitations defense, which the Eleventh Circuit ultimately rejected.

18. This procedural history forces a reexamination of *Walnut Hill*. As noted, *Walnut Hill* characterizes *IAS* as a case in which equitable tolling was raised by specific defendants named in a pending adversary proceeding. But the court ignored that these defendants did not raise the limitations defense until after the bankruptcy court had already twice extended the limitations period. This means that—contrary to *Walnut Hill*'s ruling and its characterization of the *IAS* ruling—the *IAS* court affirmed the extension of the limitations period ***before*** the limitations period had run and ***before*** the specific defendants were served a complaint. Stated

7

simply, *Walnut Hill* was correct that equitable tolling requires an evidentiary showing, but was wrong that this showing can be made only after the filing of an adversary proceeding.

**III.   Equitable Tolling Does Not Require Misconduct By Any Specific Objector**

19.   Multiple Objectors claim that the Motion cannot be granted as against them because (they assert) they have not, themselves, delayed the discovery process or otherwise interfered with the Trustee's investigation.[10]  As noted above, this argument is implausible (to say the least) with respect to ten of the Objectors, all of whom are complicit in the Debtor's fraudulent scheme, including its continuation post-petition, and/or have actively participated in efforts to hinder, delay, or harass the Trustee.

20.   This line of argument is also incorrect as a matter of law, because "equitable tolling is not limited to situations involving … the adversary's misconduct." *Fam. Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Fam. Golf Centers, Inc.)*, 288 B.R. 701, 705-06 (Bankr. S.D.N.Y. 2003) (subsequent history omitted).  In fact, the Second Circuit "has rejected the position that equitable tolling is permissible only in misconduct cases." *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991), *on reh'g*, 947 F.2d 45, 758 (2d Cir. 1991).  The Second Circuit later explained that because misconduct and concealment is (of course) a basis for equitable tolling, "equitable tolling is often confused with fraudulent concealment." *Donely ex rel. Valdez v. United States*, 518 F.3d 173, 182-83 (2d Cir. 2008).  The Second Circuit, therefore, "clarif[ied] that fraudulent concealment is not essential to equitable tolling," because equitable tolling "***does not assume a wrongful – or any – effort by the defendant to prevent the plaintiff from suing***." *Id.* (internal quotations and references omitted) (emphasis added).[11]

---

[10]   *See, e.g.*, Rule of Law Obj. ¶ 17; Lee and Xia Obj. ¶ 18; Taurus Obj. ¶ 36.

[11]   The Second Circuit's rulings provide another reason this Court should not follow *Walnut Hill*.  By requiring the commencement of an adversary proceeding and an evidentiary showing as "against specific defendants" in that

8

21.     Properly understood, equitable tolling requires only (i) extraordinary circumstances and (ii) due diligence. The Trustee easily satisfies both of these requirements based on, among other things, the factual and legal findings the Court has already made in published opinions and other rulings.

## IV.     Court Has Sufficient Evidence Right Now to Make Required Findings

22.     Implicit in the Objectors' argument that the Trustee cannot obtain equitable tolling until an adversary proceeding is filed is their contention that, if the Trustee has information prior to the expiration of the limitations period related to a claim he ends up filing later, equitable tolling is *per se* unavailable. But courts have rejected such a "bright-line" rule. As one court explained, "bright-line rules like this are too narrow in the equitable tolling context. For example, a plaintiff could be diligent in attempting to discover information, but actually discovers (or should have discovered) the information the day before the statute of limitations period expires." *Schmidt v. Twosons Corp. (In re Black Elk Energy Offshore Operations, LLC)*, No. 15-34287, 2022 WL 1589190, at *13, n.15 (Bankr. S.D. Tex. May 19, 2022) (equitable tolling can exist even where "plaintiff learned of its claims during the limitations period").

23.     Accordingly, regardless of whether the Trustee has information in his possession presently that could support claims he eventually files against the Objectors (beyond the claims against them that the Trustee intends to file before the deadline), the Trustee's failure to locate, analyze, and act on such information prior to February 15 does not mean equitable tolling is not warranted. To the contrary, equitable tolling *is* warranted because there is no question that the Trustee has acted diligently at all times notwithstanding the extraordinary obstruction he has faced, which has affected the Trustee's investigation as to *all* potential defendants. Any inability

---

proceeding, *Walnut Hill* adopts a blanket rule that, as a practical matter, is contrary to the Second Circuit's directive that equitable tolling does not require misconduct by each (or any) specific defendant.

9

of the Trustee to review and analyze every document or piece of information in his possession for potential claims prior to the February 15 deadline does not show a lack of diligence.

### V. Other Objections Are Without Merit

24. Again relying on *Walnut Hill*, virtually all of the Objections argue that Rule 9006(b) cannot be used to extend the limitations period found in a statute. But the Objections do not address the Motion's argument that Rule 9006 obviously can modify a statute, because even *Walnut Hill* agrees that Rule 9006**(a)** does so. Indeed, at least one district court in this Circuit has applied Rule 9006(b) to a statute. *In re Great Atl. & Pac. Tea Co., Inc.*, No. 11-CV-1338 CS, 2011 WL 5546954, at *7 (S.D.N.Y. Nov. 14, 2011) (Rule 9006(b) allowed enlargement of time period in section 366 of the Bankruptcy Code).

25. Finally, Greenwich Land invokes *Stern v. Marshall*, and claims that the Motion "involves private rights of action" that could only be decided by the District Court.[12] However, it cites no authority for this proposition, and bankruptcy courts rule on equitable tolling motions as a matter of course. This argument lacks merit.[13]

### VI. Changes to Proposed Order

26. The Trustee has received numerous informal queries and comments in response to the Motion. One such informal comment observed that the Proposed Order submitted with the Motion could inadvertently be construed as extending the statute of limitations even for state law claims that expired prior to the petition date. That is not the intent of the Motion, and the Trustee proposes clarifying changes to the Proposed Order, as reflected in the attached blackline.

---

[12] Greenwich Obj. ¶ 14.
[13] Trustee has received numerous informal queries and comments in response to the Motion. One such informal comment, which resolved a potential objection, is reflected in the blackline proposed order submitted herewith.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter the Proposed Order granting the relief requested herein and grant any other relief as the Court considers proper.

Dated:     February 9, 2024           LUC A. DESPINS,
          New Haven, Connecticut     CHAPTER 11 TRUSTEE

By: */s/ Douglass Barron*
    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    and

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    and

    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

**Exhibit A**
**Revised Proposed Order**

(Changes in **bold** and underlined)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[14] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION FOR ENTRY OF ORDER
EXTENDING DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS
UNDER BANKRUPTCY CODE SECTIONS 108, 546(a), AND 549**

UPON CONSIDERATION OF the Chapter 11 Trustee's *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549* (the "Motion"), and good cause having been shown, and the Court having considered any and all objections and other responses to the Motion, and the Court finding that (i) there is good cause for the relief requested, (ii) there are extraordinary circumstances justifying the relief requested, (iii) the Trustee has acted diligently, and (iv) the Motion has been served in accordance with the Court's prior Order granting the Notice Motion, and such notice is proper and sufficient under the circumstances and no other notice is required, and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

---

[14] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

ORDERED, that the time limitations set forth in 11 U.S.C. 108, 546, and 549 for the Trustee to commence avoidance actions and other actions on behalf of the estate, as well as for amending any pending complaints, are extended through and including August 15, 2024 **(such extension, the "Ordered Extension")**, which date may be further extended; and it is further

ORDERED, that any party that has received notice, whether actual or constructive, of the Motion and did not object to the Motion has waived its right to assert a limitations period defense **solely in respect of the Ordered Extension** if ultimately named in an action that is timely brought under the terms of this Order; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

_____
Julie A. Manning,
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---

In re:

HO WAN KWOK, *et al.*,[1]

    Debtors.

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

---

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2024, the foregoing Reply was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:    February 9, 2024
              New Haven, Connecticut

By: */s/ Douglass Barron*
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).