**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :   Case No. 22-50073 (JAM)
                                                       :
                    Debtors.                           :   (Jointly Administered)
                                                       :
-------------------------------------------------------x


**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY**
**OF ORDER COMPELLING BANCO POPULAR DE PUERTO RICO**
**TO COMPLY WITH RULE 2004 SUBPOENA**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

Ho Wan Kwok's (the "Debtor") chapter 11 case (the "Chapter 11 Case"), hereby files this motion

(the "Motion to Compel") for entry of an order, substantially in the form appended hereto (the

"Proposed Order"), pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure (the

"Federal Rules"), and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") compelling Banco Popular de Puerto Rico ("Banco Popular") to comply with

this Court's *Order Granting Eighth Supplemental Omnibus Motion of Chapter 11 Trustee for*

*Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with*

*Respect to Additional Relevant Banks* dated November 29, 2023 (ECF No. 2393, the "Rule 2004"

Order") and with the Trustee's November 30, 2023 Subpoena and Request for Production of

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

Documents issued to Banco Popular pursuant to such order, attached hereto as **Exhibit A** (the "Banco Popular Subpoena"). In support of the Motion to Compel, the Trustee respectfully states as follows:

## FACTUAL BACKGROUND

1.    On November 2, 2023, the Trustee filed his Eighth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Relevant Banks (the "Eighth Omnibus 2004 Motion") seeking discovery with respect to various banks at which the Debtor and persons and entities related to the Debtor are believed to have deposited funds or conducted financial transactions.

2.    In particular, the Debtor, and individuals and entities controlled by or allied with him, held substantial assets at Banco Popular. This is shown by, among other things, documents and information obtained by the Trustee reflecting accounts at Banco Popular in the name of G Club Operations LLC ("G Club"). G Club is a shell company which the Trustee believes the Debtor beneficially owned or controlled, and which the Trustee's investigation suggests received, held, and transferred cash and other personal property on the Debtor's behalf.

3.    On or about December 4, 2023, the Trustee served the Banco Popular Subpoena on Banco Popular. Proof of Service is attached hereto as **Exhibit B**.

4.    On December 5, 2023, the Trustee's counsel spoke with and corresponded with a representative of Banco Popular and advised (a) that the Trustee would not require a Banco Popular representative to appear of the date for compliance listed in the Banco Popular Subpoena; and (b) that the Trustee had reason to believe that at least one of the 2004 Targets, G Club Operations LLC, maintained an account with Banco Popular. Counsel provided the last four digits of the G

Club account number and also provided a chart of companies, including most of the 2004 Targets, addresses, representatives, and additional information to aid Banco Popular in its search for responsive documents.  A copy of their email exchange is attached hereto as **Exhibit C**.  A copy of the chart of companies is attached hereto as **Exhibit D**.

5.      On December 14, 2023, Banco Popular transmitted to Trustee's counsel a letter stating objections to the document requests included in the Banco Popular Subpoena.  A copy of the letter is attached hereto as **Exhibit E**.  The objections included (a) that Banco Popular would not produce documents containing private or confidential information without either customer authorization or a court order; (b) that Banco Popular would not produce documents containing proprietary or commercially-sensitive information, trade secrets, or other information protected from disclosure by law; and (c) that, with respect to one of the eight requests, Banco Popular did not have sufficient information to conduct its search for responsive documents.

6.      Significantly, the letter states that Banco Popular would not produce any documents without a court order compelling production.  While the Trustee has provided Banco Popular with information to assist its search for responsive documents, Banco Popular indicated on a telephone conference regarding the Banco Popular Subpoena that Banco Popular would not produce any documents unless and until the Court enters an order directing that it do so.

7.      Banco Popular has not produced any documents responsive to the Banco Popular Subpoena.

8.      On information and belief, Banco Popular has not conducted a search for responsive documents, despite the Trustee's efforts to provide it with information in aid of its search.

## JURISDICTION AND VENUE

9.    The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2) (A), (E), and (O).

## RELIEF REQUESTED

10.    The Trustee seeks entry of the Proposed Order compelling Banco Popular to comply with the Banco Popular Subpoena within ten days.

## BASIS FOR RELIEF

### Banco Popular Must Comply Fully with the Subpoena

11.    Banco Popular must comply with the Banco Popular Subpoena and provide documents and information that are of key importance to the Trustee's investigation of the Debtor's financial condition and affairs.  The Trustee is tasked with investigating the Debtor's assets and affairs for the benefit of the Debtor's creditors.   "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Grp. Ltd.*, Case No. 16-13625-JLG, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted).

12.    This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed.  *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); *see also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred.") (internal quotation and citation omitted)); *id.* (noting that "[u]nlike traditional

discovery, which narrowly focuses on the issues germane to the dispute, the scope of Rule 2004 is broad and unfettered, and has been likened to a fishing expedition and an inquisition") (internal citations and punctuation omitted); Fed. R. Bankr. P. 2004(b) (authorizing scope of 2004 examinations "relat[ing] . . . to . . . property . . . and financial condition of the debtor, or to ***any matter*** which may affect the administration of the debtor's estate") (emphasis added).

13.    As set forth above, the Trustee reasonably believes that Banco Popular has documents and information responsive to the Subpoena, including documents associated with accounts held by G Club.  Following discussions between the Trustee and Banco Popular, the Trustee understands that Banco Popular will cooperate to produce documents, but only if it receives an order by the Court compelling compliance.

## <u>NO PRIOR REQUEST</u>

14.    The Trustee has not previously sought the relief requested herein from this or any other court.

## <u>CERTIFICATION OF COUNSEL</u>

15.    As set forth above, and in the Declaration of Patrick R. Linsey filed herewith, counsel for the Trustee conferred with counsel for Banco Popular in good faith in an effort to resolve this dispute without success.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in this Motion to Compel and such other relief as is just and proper.

Dated:      February 12, 2024                LUC A. DESPINS,
            New Haven, Connecticut          CHAPTER 11 TRUSTEE

                                            By: /s/ Patrick R. Linsey_____
                                                Patrick R. Linsey (ct29437)
                                                NEUBERT, PEPE & MONTEITH, P.C.
                                                195 Church Street, 13th Floor
                                                New Haven, Connecticut 06510
                                                (203) 781-2847
                                                plinsey@npmlaw.com

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                      :
In re:                                :   Chapter 11
                                      :
HO WAN KWOK, et al.,²                 :   Case No. 22-50073 (JAM)
                                      :
              Debtors.                :   (Jointly Administered)
                                      :
-------------------------------------------------------x
```

**DECLARATION OF PATRICK R. LINSEY IN SUPPORT OF**
**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER COMPELLING**
**BANCO POPULAR DE PUERTO RICO TO COMPLY WITH RULE 2004 SUBPOENA**

I, Patrick R. Linsey, declare:

1.        I am an attorney admitted to practice law in the State of Connecticut and an partner

at the law firm of Neubert, Pepe & Monteith, P.C., and counsel for Luc A. Despins as Chapter 11

Trustee (the "Trustee").  I respectfully submit this declaration in support of the *Motion of Chapter*

*11 Trustee for Entry of Order Compelling Banco Popular de Puerto Rico to Comply with Rule*

*2004 Subpoenas* (the "Motion").

2.        I, and my associate Kari Mitchell, have conferred with a representative for Banco

Popular de Puerto Rico ("Banco Popular") responsible for subpoena compliance by telephone and

email.  *See* Motion at **Exhibits C, D & E**.

---

²        The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

3.      Banco Popular has taken the position that it will not produce documents responsive to the Subpoena without a Court order.  Despite our efforts to confer, including a telephone conference on December 5, 2023, we have been unable to resolve the dispute over compliance without court intervention.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information, and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated:      February 12, 2024

New Haven, Connecticut              Respectfully submitted,

By: */s/ Patrick R. Linsey*_____
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
HO WAN KWOK, et al.,¹                     :   Case No. 22-50073 (JAM)
                                          :
              Debtors.                    :   (Jointly Administered)
                                          :
-------------------------------------------------------x
```

**[PROPOSED] ORDER COMPELLING BANCO POPULAR DE PUERTO RICO TO
COMPLY WITH RULE 2004 SUBPOENA AND AWARDING SANCTIONS**

Upon consideration of the Motion seeking an order compelling Banco Popular de Puerto Rico ("Banco Popular") to comply with the Court's *Order Granting Eighth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Relevant Banks* dated November 29, 2023 (ECF No. 2393, the "Rule 2004 Order") and with the subpoena (the "Banco Popular Subpoena") the Trustee issued to Banco Popular pursuant to the Rule 2004 Order, after notice and a hearing, *see* 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Motion is granted as set forth below.

**ORDERED**: Banco Popular shall search for and produce all documents responsive to the Banco Popular Subpoena within ten (10) days of the entry of this Order.

Dated: _____, 2024

_____
Julie A. Manning,
United States Bankruptcy Judge

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).