**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                     :

In re:                                      :    Chapter 11

HO WAN KWOK, *et al.*,[1]          :    Case No. 22-50073 (JAM)

       Debtors.                     :    (Jointly Administered)

---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION (I) AUTHORIZING SEALED FILING OF
PROPOSED STIPULATED TOLLING ORDERS AND (II) APPROVING AND
ENTERING PROPOSED STIPULATED TOLLING ORDERS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, hereby moves (the "Motion"), pursuant to District of Connecticut Local Rule of Civil Procedure (the "Local Civil Rules") 5(e), District of Connecticut Local Rule of Bankruptcy Procedure (the "Local Bankruptcy Rules") 9077-1, Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 9018, and sections 105(a) and 107(b) of the Title 11 of the U.S. Code (the "Bankruptcy Code"), for entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing the sealed filing of certain proposed stipulated orders tolling statutes of limitations and reserving rights (as more particularly set forth therein) relating to potential claims by the Trustee against certain entities and individuals (the "Proposed Stipulated Tolling Orders"); and (b) approving and entering the Proposed Stipulated Tolling Orders. The

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Proposed Stipulated Tolling Orders have been filed separately under seal as **Exhibits B-1 through B-20** to this Motion.[2] In support of this Motion, the Trustee respectfully states the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTS

3. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

5. On June 15, 2022, the Court entered a memorandum of decision and order [Main Case ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

6. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case ECF No. 523].

7. Since his appointment, the Trustee has undertaken an extensive investigation into the Debtor's business and financial affairs to, among other things, identify potential claims the

---

[2] The Trustee remains in discussion with several potential Counter-Parties and may file additional Proposed Stipulated Tolling Orders following the filing of this Motion. The Trustee requests that such additional Proposed Stipulated Tolling Orders be considered pursuant to this Motion as well.

Debtor's chapter 11 estate may have against certain individuals and entities that may have received transfers of interests of the Debtor in property and/or of property of the Debtor's chapter 11 estate, including transfers by the Debtor through his alter ego companies.

8.  After good-faith discussions and subject to the approval of the Bankruptcy Court, the Trustee has entered into the Proposed Stipulated Tolling Orders with certain entities and individuals (collectively, the "Counter-Parties") to (as more specifically set forth therein) toll any applicable statutes of limitations during the periods described therein and to otherwise reserve the parties' respective rights while they engage in further good-faith discussions.

9.  The Trustee and the Counter-Parties desire to maintain the Proposed Stipulated Tolling Orders as confidential while the parties discuss their respective positions and potential resolutions of any claims. Maintaining such confidentiality will facilitate these discussions and thereby provide value to the Debtor's chapter 11 estate.

10. At a recent hearing, the Trustee indicated his intention to file the Proposed Stipulated Tolling Orders under seal for the reasons set forth in this Motion and the Court indicated that it would be willing to consider them on that basis.

## RELIEF REQUESTED AND BASIS THEREFORE

11. By this Motion, the Trustee requests entry of the Proposed Order: (i) authorizing the Trustee to redact, as necessary, and file under seal the Proposed Stipulated Tolling Orders; and (ii) authorizing and entering the Proposed Stipulated Tolling Orders.

12. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders to protect entities with respect to certain confidential or commercial information. 11 U.S.C. § 107(b). Further, Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the

Bankruptcy Code. Upon the determination that the information sought to be protected falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

13.  Because the confidentiality of the Proposed Stipulated Tolling Orders may impact the Trustee's negotiations with the Counter-Parties and, potentially, the value of any resolutions reached in such negotiations, they constitute commercially sensitive information to the Trustee and to the Counter-Parties.

14.  Approval of the Proposed Stipulated Tolling Orders will allow the parties with valuable additional time to continue discussions without placing additional burden on the Bankruptcy Court and the Debtor's chapter 11 estate.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Court should grant this Motion and enter such other relief as is just and proper.

Dated:    February 12, 2024          LUC A. DESPINS,
          New Haven, Connecticut     CHAPTER 11 TRUSTEE

                                     By: */s/ Patrick R. Linsey*
                                         Douglas S. Skalka (ct00616)
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 781-2847
                                         dskalka@npmlaw.com
                                         plinsey@npmlaw.com

                                         *Counsel for the Chapter 11 Trustee*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, *et al.*,[1]                     :    Case No. 22-50073 (JAM)
                                              :
        Debtors.                              :    (Jointly Administered)
                                              :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S MOTION (I) AUTHORIZING SEALED FILING OF**
**PROPOSED STIPULATED TOLLING ORDERS AND (II) APPROVING AND**
**ENTERING PROPOSED STIPULATED TOLLING ORDERS**

UPON CONSIDERATION OF the motion (the "Motion") of Chapter 11 Trustee Luc A. Despins (the "Trustee") requesting approval of the sealed filing of the Proposed Stipulated Tolling Orders and authorizing and approving and entering the Proposed Stipulated Tolling Orders, and good cause having been shown, and the Court having found that the sealed filing of the Proposed Stipulated Tolling Orders[2] is warranted under the circumstances because they constitute commercially sensitive information the disclosure of which could adversely impact the value of claims held by the Debtor's chapter 11 estate, and the relief provided in this Order being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

**ORDERED**, that the Motion is granted as set forth herein; and it is further

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined in this Order adopt the definitions as set forth in the Motion.

**ORDERED**, that the Proposed Stipulated Tolling Orders are hereby approved; and it is further

**ORDERED**, that the Court shall separately enter the Proposed Stipulated Tolling Orders on the docket under seal in the Chapter 11 Case; and it is further

**ORDERED**, that within seven (7) days of the Court's entry of the Proposed Stipulated Tolling Orders, the Trustee shall serve a copy of each Order as entered on the respective Counter-Party; and it is further

**ORDERED,** that the Trustee is authorized to file the Proposed Stipulated Tolling Orders under seal which shall remain under seal and shall not remain publicly available, unless and until permitted by further order of this Court; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case; the United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B); and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.