B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

**PARTY** (Check One Box Only)
☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor    ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor    ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**ADVERSARY PROCEEDING COVER SHEET**

**<u>DEFENDANTS CONTINUATION PAGE</u>**

1. Himalaya Australia Athena Farm Inc.
2. Himalaya Australia PTY Ltd.
3. Himalaya Boston Mayflower LLC.
4. Himalaya New World Inc.
5. Himalaya New York Rock.
6. Himalaya Shanghai Farm LLC.
7. Himalaya UK Club.
8. Himalaya Worldwide LS.
9. HML Vancouver Sailing Farm Ltd.
10. Golden Gate Himalaya Farm LLC.
11. MOS Himalaya Foundation Inc.
12. UK Himalaya Ltd.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------

|  |  |  |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | : |  |
|  | : |  |
| Plaintiff, | : | Adv. Proceeding No. [_____] |
| v. | : |  |
|  | : |  |
| HIMALAYA AUSTRALIA ATHENA FARM INC., *et al.*, | : | February 15, 2024 |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

-------------------------------------------------------

**COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND POSTPETITION TRANSFERS AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 548, 549, AND 550 AND NEW YORK DEBTOR & CREDITOR LAW SECTIONS 273, 274, AND 276**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this adversary complaint (the "Complaint") against defendants, Himalaya Australia Athena Farm Inc.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

("Himalaya Athena"), Himalaya Australia PTY Ltd. ("Himalaya Australia"), Himalaya Boston Mayflower LLC ("Himalaya Boston"), Himalaya New World Inc. ("Himalaya New World"), Himalaya New York Rock ("Himalaya NY"), Himalaya Shanghai Farm LLC ("Himalaya Shanghai"), Himalaya UK Club ("Himalaya UK"), Himalaya Worldwide LS ("Himalaya WW"), HML Vancouver Sailing Farm Ltd ("Vancouver"), Golden Gate Himalaya Farm LLC ("Golden Gate"), MOS Himalaya Foundation Inc. ("MOS"), and UK Himalaya Ltd. ("Himalaya Ltd.") (collectively, the "Defendants"), stating as follows:

## NATURE OF ACTION

1.      The Trustee commences this adversary proceeding to avoid and recover: (a) transfers of the Debtor's property prior to the commencement of this Chapter 11 Case; and (b) transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor, through his alter-ego shell companies, transferred funds in the following amounts prior to the Petition Date (as defined herein) to the Defendants, as initial transferees, as set forth below (and as more fully set forth on the Schedules attached hereto and made a part hereof):

      a.   $105,000.00 to Himalaya Athena;

      b.   $155,000.00 to Himalaya Australia;

      c.   $179,900.00 to Himalaya Boston ;

      d.   $436,547.11 to Himalaya New World;

      e.   $105,000.00 to Himalaya WW;

      f.   $205,000.00 to Vancouver;

      g.  $305,209.27 to Golden Gate; and

      h.  $582,400.65 to Himalaya Ltd.

3.    These transfers were actually fraudulent, because the Debtor effectuated them as part of his "shell game," and they were made with the intent to hinder, delay, and/or defraud the Debtor's creditors.  Alternatively, these transfers were constructively fraudulent, because they were made when the Debtor was insolvent, and the Debtor did not receive reasonably equivalent value in consideration thereof.

4.    Following the Petition Date, the Debtor, through his alter-ego shell companies, transferred funds to the Defendants as initial transferee, as follows:

      a.  $105,000.00 to Himalaya Athena;

      b.  $350,000.00 to Himalaya New World;

      c.  $270,000.00 to Himalaya NY;

      d.  $156,000.00 to Himalaya Shanghai;

      e.  $300,000.00 to Himalaya UK;

      f.  $105,000.00 to Himalaya WW;

      g.  $50,000.00 to Vancouver;

      h.  $530,000.00 to Golden Gate;

      i.  $694,228.13 to MOS; and

      j.  $160,000.00 to Himalaya Ltd.

5.      Because these postpetition transfers of estate property were not authorized by the

Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections

549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this adversary proceeding pursuant

to 28 U.S.C. § 1334(b).

7.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. §

157(a).

8.      The statutory predicates for the relief sought herein include sections 544, 548, 549,

and 550 of the Bankruptcy Code and New York Debtor & Creditor Law sections 273, 274, and

276 [2] or any other applicable state law equivalents.

## THE PARTIES

9.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the

Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket

No. 523].

10.     Himalaya Athena is an Australian company with an address located at 48 Piccadilly

Cres. Keysborough, VIC 3173 Australia.

11.     Himalaya Australia is an Australian limited company with an address located at

Unit 5, 27-29 Illawarra Street, Allawah, NSW 2218 Australia.

---

[2]    All statutory references to New York Debtor and Creditor Law will hereinafter be referred to as "N.Y. Debt. & Cred. Law". The New York Uniform Voidable Transactions Act ("NYUVT") replaced the New York Uniform Fraudulent Conveyance Act ("NYUFC") and became effective on April 4, 2020 and applies to transfers made or obligations incurred on or after April 4, 2020.  With respect to transfers prior to April 4, 2020, the Trustee seeks relief in this action under the NYUFC and N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278.

12.     Himalaya Boston is a Florida limited liability company with an address located at 3513 NE 171 Street, North Miami Beach, Florida 33160.

13.     Himalaya New World is a Virginia Stock Corporation with an address located at 12587 Fair Lakes Circle, Suite 135, Fairfax, Virgina 22033.

14.     Himalaya NY is a New York Stock Corporation with an address located at 301 West 110 Street, Apt. 8E, New York, New York 10025.

15.     Himalaya Shanghai is a Delaware limited liability company with an address located at 12 Lara Lane, Wilmington, Delaware 19808.

16.     Himalaya UK is a Private Limited Company with an address located at 120 Baker Street, 3rd Floor, London W1U 6TU, United Kingdom.

17.     Himalaya WW is a Spanish limited liability company with an address located at Av De San Pablo 28, Nave 28, Coslada, Madrid, Spain.

18.     Vancouver is a British Columbia corporation with an address located at 201-13065 84th Avenue, Surrey, British Columbia V3W 1B3, Canada.

19.     Golden Gate is a California limited liability company with an address located at 8371 Central Avenue, Suite B, Newark, California 94560.

20.     MOS is a New York Not for Profit Corporation.

21.     Himalaya Ltd. is a United Kingdom Private Limited Company with an address located at Spaces – The Charter Building, Charter Place, Uxbridge UB81JG, United Kingdom.


### FACTS

**A.     Chapter 11 Case**

22.     The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the Chapter 11 Case.

23.     On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

24.     The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[3]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter-ego shell companies.

25.     On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.      Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

26.     The Debtor used numerous alter-ego shell companies to hinder, delay, and/or defraud his creditors.[4]  For years, the Debtor has orchestrated a "shell game," employing a

---

[3]     Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

[4]     There is a pending motion for summary judgment to determine that Greenwich Land LLC ("Greenwich Land") is the alter ego of the Debtor in the adversary proceeding *Despins v. Greenwich Land, LLC* (Adv. Proc. No. 23-5005 (the "Greenwich Land A.P."), Docket No. 78).  The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Greenwich Land A.P. (Adv. Proc. No. 23-5005, Docket No. 1).

The Court has entered judgment to the effect that Golden Spring (New York) Ltd ("Golden Spring") was the Debtor's alter ego.  *See Despins v. Golden Spring (New York) Limited* (Adv. Proc. No. 23-5018 (the "Golden

convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor. This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets—while concealing his property from creditors.

27.   Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several such adversary proceedings, the Bankruptcy Court has already granted such relief.[5]

---

Spring A.P."), Docket No. 35). The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Golden Spring A.P. (Adv. Proc. No. 23-5018, Docket No. 1).

Default has entered against HCHK Property Management Inc ("HCHK Property"); HCHK Technologies Inc ("HCHK Technologies"); and Lexington Property and Staffing Inc. ("Lexington") in the adversary proceeding *Despins v. HCHK Technologies, Inc., et. al.* (Adv. Proc. No. 23-5013 (the "HCHK Entities A.P."), Docket No. 139], which adversary proceeding seeks, among other things, a declaratory judgment that HCHK Technologies, HCHK Property and Lexington were the alter egos of the Debtor. The Trustee incorporates by reference herein, the Trustee's Complaint filed in the HCHK Entities A.P. (Adv. Proc. No. 23-5013, Docket No. 1).

The Trustee has commenced an adversary proceeding against Lamp Capital LLC ("Lamp Capital"), Hudson Diamond NY LLC ("Hudson Diamond"), Leading Shine NY Ltd ("Leading Shine"), which adversary proceeding seeks, among other things, a declaratory judgment that Hudson Diamond and Leading Shine were the alter egos of the Debtor. *See Despins v. Lamp Capital LLC, et al.* (Adv. Proc. No. 23-5023 (the "Lamp Capital A.P.")). The Court has entered judgment to the effect that Lamp Capital was the Debtor's alter ego [Adv. Proc. No. 23-5023, Docket No. 66] and default has entered against Leading Shine [Adv. Proc. No. 23-5023, Docket No. 13]. The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Lamp Capital A.P. (Adv. Proc. No. 23-5023, Docket No. 1).

The Trustee has or will imminently commence an adversary proceeding against, G Club International Limited, G Club Operations LLC, G Fashion, G Fashion International Limited, G Fashion Media Group Inc, Rule of Law Foundation III Inc., Rule of Law Society IV Inc., GFNY Inc., and Anton Development Limited, which adversary proceeding seeks, among other things, a declaratory judgment that these entities were the alter egos of the Debtor and/or that they and any property they nominally held was equitably owned by the Debtor. The Trustee incorporates by reference herein, the Trustee's Complaint filed in such adversary proceeding.

[5]   These include the following adversary proceedings: (i) Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC, et al. [Adv. Proc. No. 22-05003]; (ii) Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC, et al. [Adv. Proc. No. 23-05005]; (iii) Luc A. Despins, Chapter 11 Trustee v. Mei Guo [Adv. Proc. No. 23-05008]; (iv) Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc., et al. [Adv. Proc. No. 23-05013]; (v) Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC, et al., Adv. Proc.

28.    The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

**C.    Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors**

29.    In addition to the matters addressed in the Trustee's adversary proceedings, the Bankruptcy Court has found that the Debtor was the beneficial owner of Ace Decade Limited (and through it, Dawn State Limited) and that the Debtor controlled and employed Ace Decade Limited's nominee shareholder, Yvette Wang.[6]

30.    The Bankruptcy Court has also found that the "G Entities" (Gettr, G Fashion, G Music, GClubs, GNews and GEdu), the New Federal State of China and the Rule of Law Foundation, as well as other purportedly independent entities and organizations, were controlled by the Debtor[7], led by the Debtor[8] and/or served "the purposes of… and as business vehicles of" the Debtor.[9]

31.    Prior to the Petition Date, Judge Liman of the United States District Court for the Southern District of New York found that Eastern Profit Corporation Limited, an entity originally

---

No. 23-05017]; (vi)  Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited [Adv. Proc. 23-05018]; and (vii) Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC, et al. [Adv. Proc. 23-05023].

[6]    Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, ¶¶ 1, 4 (Jan. 24, 2023), Docket No. 1372 ("Corp. Governance Contempt Order").

[7]    *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, ¶ 3 (Adv. Proc. No. 22-05032, January 13, 2023) ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[8]    *Id*. at ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF and Himalaya.").

[9]    *Id*. ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

owned by one of the Debtor's chefs before its transfer to Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[10]

32.    The Debtor has gone to great lengths to hinder and delay the collection efforts of one of his largest creditors, *i.e.*, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX").  In 2017, PAX sued the Debtor in the Supreme Court of the State of New York (the "New York Court"), Index No. 652077/2017 (the "PAX Case"), seeking judgment for monies owed.  On February 3, 2021, PAX obtained a judgment from the New York Court against the Debtor in the sum of $116,402,019.57 (the "PAX Judgment").  PAX sought to enforce the PAX Judgment by levying the Debtor's assets—including the Lady May, which the Debtor falsely claimed was owned by his daughter, and the Debtor's luxury apartment in Manhattan, which the Debtor falsely claimed was held in trust for the Debtor's son.  The Debtor's defiance of New York Court orders in post-judgment proceedings eventually resulted in the Debtor incurring contempt penalties of $134 million.

33.    The Debtor also used his alter egos as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims.  The transfers that the Debtor effectuated through these alter egos perpetuated the Debtor's fraudulent scheme.

---

[10]    *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL) 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

34.     The Debtor has testified before the Bankruptcy Court that he has insufficient assets to pay his liabilities and that his luxurious lifestyle is funded by his family through businesses nominally held by family members.[11]  The Debtor scheduled only $3,850 in assets.[12]

35.     In March 2023, the Debtor was arrested and remains confined pending his trial on federal criminal charges of, among other things, wire fraud, securities fraud, and money laundering.

36.     In its criminal indictment of the Debtor, the United States Government asserts that the Debtor and his co-defendants "utilized more than approximately 500 accounts held in the names of *at least 80 different entities or individuals* to launder more than $1 billion in fraud proceeds."[13]

37.     The property of the Debtor's alter egos was at all times prior to the Petition Date property of the Debtor.

38.     At all times relevant herein, the Debtor conducted business in New York, New York, including direction of the prepetition transfers at issue in this Complaint.

**D.     Debtor's Shell Game and Fraud Continues Postpetition**

39.     As of the Petition Date, all of the Debtor's property held through his alter egos became property of the chapter 11 estate.  *See* 11 U.S.C. § 541(a)(1).

---

[11]   Hearing on Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (Main Case, April 27, 2022).

[12]   *See* n.3

[13]   *See* Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release at 29, attached as Exhibit B in the Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief (June 23, 2023, Main Case Docket No. 1934).

40.     Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter-ego shell companies.

41.     None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

**E.     Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

42.     The Transfers (as defined herein) at issue in this Complaint were made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as they were all made through the Debtor's alter-ego shell companies operated as a part of the Debtor's shell game.

43.     The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors.  The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

44.     The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes.  As a result of this conduct, the Debtor faces multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York.  *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 215] (Jan. 3, 2024 S.D.N.Y.).

45.     The Debtor knew and intended that by concealing and dissipating his assets in this manner there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds.  These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

**F.     Transfers to the Defendants**

46.     Prior to the Petition Date, the Debtor, using his alter-ego shell companies, *see* n.4 *supra* and appended schedules, or otherwise, transferred the Debtor's property to the Defendants (collectively, the "Prepetition Transfers") as follows:

a.     The Prepetition Transfers identified on **Schedule 1A** attached hereto and incorporated herein (the "Himalaya Athena Prepetition Transfers") were made by the Debtor through his alter egos to Himalaya Athena.

b.     The Prepetition Transfers identified on **Schedule 2** attached hereto and incorporated herein (the "Himalaya Australia Prepetition Transfers") were made by the Debtor through his alter egos to Himalaya Australia.

c.     The Prepetition Transfers identified on **Schedule 3** attached hereto and incorporated herein (the "Himalaya Boston Prepetition Transfers") were made by the Debtor through his alter egos to Himalaya Boston.

d.     The Prepetition Transfers identified on **Schedule 5A** attached hereto and incorporated herein (the "Himalaya New World Prepetition Transfers") were made by the Debtor through his alter egos to Himalaya New World.

e.     The Prepetition Transfers identified on **Schedule 10A** attached hereto and incorporated herein (the "Himalaya WW Prepetition Transfers") were made by the Debtor through his alter egos to Himalaya WW.

f.     The Prepetition Transfers identified on **Schedule 11A** attached hereto and incorporated herein (the "Vancouver Prepetition Transfers") were made by the Debtor through his alter egos to Vancouver.

g.      The Prepetition Transfers identified on **Schedule 12A** attached hereto and incorporated herein (the "Golden Gate Prepetition Transfers") were made by the Debtor through his alter egos to Golden Gate.

h.      The Prepetition Transfers identified on **Schedule 14A** attached hereto and incorporated herein (the "Himalaya Ltd.  Prepetition Transfers") were made by the Debtor through his alter egos to Himalaya Ltd.

47.      Subsequent to the Petition Date, the Debtor, through his alter-ego shell companies, *see* n.4 *supra* and appended schedules, or otherwise, transferred property of the estate to the Defendants (collectively, the "Postpetition Transfers") as follows:

a.      The Postpetition Transfers identified on **Schedule 1B** attached hereto and incorporated herein (the "Himalaya Athena Postpetition Transfers") were made by the Debtor through his alter egos to Himalaya Athena.

b.      The Postpetition Transfers identified on **Schedule 5B** attached hereto and incorporated herein (the "Himalaya New World Postpetition Transfers") were made by the Debtor through his alter egos to Himalaya New World.

c.      The Postpetition Transfers identified on **Schedule 6** attached hereto and incorporated herein (the "Himalaya NY Postpetition Transfers") were made by the Debtor through his alter egos to Himalaya NY.

d.      The Postpetition Transfers identified on **Schedule 7** attached hereto and incorporated herein (the "Himalaya Shanghai Postpetition Transfers") were made by the Debtor through his alter egos to Himalaya Shanghai.

e.      The Postpetition Transfers identified on **Schedule 8** attached hereto and incorporated herein (the "Himalaya UK Postpetition Transfers") were made by the Debtor through his alter egos to Himalaya UK.

f.      The Postpetition Transfers identified on **Schedule 10B** attached hereto and incorporated herein (the "Himalaya WW Postpetition Transfers") were made by the Debtor through his alter egos to Himalaya WW.

g.      The Postpetition Transfers identified on **Schedule 11B** attached hereto and incorporated herein (the "Vancouver Postpetition Transfers") were made by the Debtor through his alter egos to Vancouver.

h.      The Postpetition Transfers identified on **Schedule 12B** attached hereto and incorporated herein (the "Golden Gate Postpetition Transfers") were made by the Debtor through his alter egos to Golden Gate.

i.      The Postpetition Transfers identified on **Schedule 13** attached hereto and incorporated herein (the "MOS Postpetition Transfers") were made by the Debtor through his alter egos to MOS.

j.      The Postpetition Transfers identified on **Schedule 14B** attached hereto and incorporated herein (the "Himalaya Ltd.  Postpetition Transfers") were made by the Debtor through his alter egos to Himalaya Ltd.

48.      At the time of the Prepetition Transfers and the Postpetition Transfers (collectively, the "Transfers"), the Debtor had outstanding obligations to creditors of the Debtor's estate.

49.      The Defendants were the initial transferees of the Transfers they received (as set forth herein).

## FIRST CLAIM

**(As to Himalaya Athena)**

**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

50.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

51.     The Himalaya Athena Prepetition Transfers were made by the Debtor through his alter egos with the actual intent to hinder, delay and/or defraud his creditors.

52.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Athena Prepetition Transfers is shown by, among other things:

a.     The Himalaya Athena Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The Himalaya Athena Prepetition Transfers were concealed from the Debtor's creditors;

c.     The Himalaya Athena Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.     The Himalaya Athena Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.     The Himalaya Athena Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Athena Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Athena Prepetition Transfers, the Debtor was insolvent or undercapitalized.

53.     The Himalaya Athena Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SECOND CLAIM

### (As to Himalaya Athena)

### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

54.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

55.     The Himalaya Athena Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

56.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Athena Prepetition Transfers is shown by, among other things:

a.      The Himalaya Athena Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya Athena Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya Athena Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya Athena Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya Athena Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Athena Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Athena Prepetition Transfers, the Debtor was insolvent or undercapitalized.

57.      The Himalaya Athena Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRD CLAIM

### (As to Himalaya Athena)

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

58.      The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

59.      The Debtor received less than a reasonably equivalent value in exchange for the Himalaya Athena Prepetition Transfers.

60.      At the time of the Himalaya Athena Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Himalaya Athena Prepetition Transfers.

61.     At the time of the Himalaya Athena Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

62.     At the time of the Himalaya Athena Prepetition Transfers, the Debtor intended to incur or believed he would incur debts that would be beyond his ability to pay as such debts matured.

63.     The Himalaya Athena Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FOURTH CLAIM

### (As to Himalaya Athena)

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

64.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

65.     The Debtor did not receive reasonably equivalent value in exchange for the Himalaya Athena Prepetition Transfers.

66.     At the time of the Himalaya Athena Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Himalaya Athena Prepetition Transfers.

67.     At the time of the Himalaya Athena Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

68.     At the time of the Himalaya Athena Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

69.     The Himalaya Athena Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

### FIFTH CLAIM

**(As to Himalaya Athena)**

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

70.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

71.     The Himalaya Athena Postpetition Transfers were made to Himalaya Athena by the Debtor through his alter-ego shell companies.

72.     The Himalaya Athena Postpetition Transfers occurred after the Petition Date.

73.     The Himalaya Athena Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

74.     The Himalaya Athena Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

75.     The Himalaya Athena Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

76.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya Athena Postpetition Transfers, or the value thereof, from Himalaya Athena plus interest thereon to the date of payment and the costs of this action.

## SIXTH CLAIM

**(As to Himalaya Australia)**

**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to
Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

77.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

78.    The Himalaya Australia Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

79.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Australia Prepetition Transfers is shown by, among other things:

a.    The Himalaya Australia Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Himalaya Australia Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Himalaya Australia Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The Himalaya Australia Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The Himalaya Australia Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Australia Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Australia Prepetition Transfers, the Debtor was insolvent or undercapitalized.

80.      The Himalaya Australia Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTH CLAIM

### (As to Himalaya Australia)

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

81.      The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

82.      The Himalaya Australia Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

83.      The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Australia Prepetition Transfers is shown by, among other things:

a.      The Himalaya Australia Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya Australia Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya Australia Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya Australia Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya Australia Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Australia Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Australia Prepetition Transfers, the Debtor was insolvent or undercapitalized.

84.      The Himalaya Australia Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTH CLAIM

### (As to Himalaya Australia)

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

85.      The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

86.      The Debtor received less than a reasonably equivalent value in exchange for the Himalaya Australia Prepetition Transfers.

87.      At the time of the Himalaya Australia Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Himalaya Australia Prepetition Transfers.

88.     At the time of the Himalaya Australia Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

89.     At the time of the Himalaya Australia Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

90.     The Himalaya Australia Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINTH CLAIM

### (As to Himalaya Australia)

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

91.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

92.     The Debtor did not receive reasonably equivalent value in exchange for the Himalaya Australia Prepetition Transfers.

93.     At the time of the Himalaya Australia Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Himalaya Australia Prepetition Transfers.

94.     At the time of the Himalaya Australia Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

95.     At the time of the Himalaya Australia Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

96.     The Himalaya Australia Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TENTH CLAIM FOR RELIEF

### (As to Himalaya Boston)

### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))

97.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

98.     The Himalaya Boston Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

99.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Boston Prepetition Transfers is shown by, among other things:

a.      The Himalaya Boston Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya Boston Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya Boston Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya Boston Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya Boston Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Boston Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Boston Prepetition Transfers, the Debtor was insolvent or undercapitalized.

100.    The Himalaya Boston Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## ELEVENTH CLAIM

### (As to Himalaya Boston)

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

101.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

102.    The Himalaya Boston Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

103.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Boston Prepetition Transfers is shown by, among other things:

a.      The Himalaya Boston Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya Boston Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya Boston Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya Boston Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya Boston Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Boston Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Boston Prepetition Transfers, the Debtor was insolvent or undercapitalized.

104.    The Himalaya Boston Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWELFTH CLAIM

### (As to Himalaya Boston)

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

105.     The Trustee repeats and realleges the allegations contained in paragraphs 1- 49 as if fully set forth herein.

106.     The Debtor received less than a reasonably equivalent value in exchange for the Himalaya Boston Prepetition Transfers.

107.     At the time of the Himalaya Boston Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Himalaya Boston Prepetition Transfers.

108.     At the time of the Himalaya Boston Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

109.     At the time of the Himalaya Boston Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

110.     The Himalaya Boston Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTEENTH CLAIM

### (As to Himalaya Boston)

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

111.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

112.     The Debtor did not receive reasonably equivalent value in exchange for the Himalaya Boston Prepetition Transfers.

113.   At the time of the Himalaya Boston Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Himalaya Boston Prepetition Transfers.

114.   At the time of the Himalaya Boston Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

115.   At the time of the Himalaya Boston Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

116.   The Himalaya Boston Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FOURTEENTH CLAIM

### (As to Himalaya New World)

### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))

117.   The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

118.   The Himalaya New World Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

119.   The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya New World Prepetition Transfers is shown by, among other things:

  a.   The Himalaya New World  Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya New World Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya New World Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya New World Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya New World Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya New World Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya New World Prepetition Transfers, the Debtor was insolvent or undercapitalized.

120.    The Himalaya New World Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FIFHTEENTH CLAIM**

### **(As to Himalaya New World)**

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

121.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

122.     The Himalaya New World Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

123.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya New World Prepetition Transfers is shown by, among other things:

a.       The Himalaya New World Prepetition Transfers were effectuated using an alter-ego shell company;

b.       The Himalaya New World Prepetition Transfers were concealed from the Debtor's creditors;

c.       The Himalaya New World Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.       The Himalaya New World Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.       The Himalaya New World Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.       At the time of the Himalaya New World Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.       At the time of the Himalaya New World Prepetition Transfers, the Debtor was insolvent or undercapitalized.

124.    The Himalaya New World Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SIXTEENTH CLAIM

### (As to Himalaya New World)

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

125.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

126.    The Debtor received less than a reasonably equivalent value in exchange for the Himalaya New World Prepetition Transfers.

127.    At the time of the Himalaya New World Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Property Prepetition Transfers.

128.    At the time of the Himalaya New World Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

129.    At the time of the Himalaya New World Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

130.    The Himalaya New World Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

**SEVENTEENTH CLAIM**

**(As to Himalaya New World)**

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

131.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

132.    The Debtor did not receive reasonably equivalent value in exchange for the Himalaya New World Prepetition Transfers.

133.    At the time of the Himalaya New World Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Himalaya New World Prepetition Transfers.

134.    At the time of the Himalaya New World Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

135.    At the time of the Himalaya New World Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

136.    The Himalaya New World Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

**EIGHTEENTH CLAIM**

**(As to Himalaya New World)**

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

137.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

138.    The Himalaya New World Postpetition Transfers were made to Himalaya New World by the Debtor through his alter-ego shell companies.

139.    The Himalaya New World Postpetition Transfers occurred after the Petition Date.

140.    The Himalaya New World Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

141.    The Himalaya New World Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

142.    The Himalaya New World Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

143.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya New World Postpetition Transfers, or the value thereof, from Himalaya New World plus interest thereon to the date of payment and the costs of this action.

## NINETEENTH CLAIM

### (As to Himalaya NY)

### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

144.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

145.    The Himalaya NY Postpetition Transfers were made to Lexington by the Debtor through his alter-ego shell companies.

146.    The Himalaya NY Postpetition Transfers occurred after the Petition Date.

147.     The Himalaya NY Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

148.     The Himalaya NY Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

149.     The Himalaya NY Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

150.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya NY Postpetition Transfers, or the value thereof, from Himalaya NY plus interest thereon to the date of payment and the costs of this action.

## **TWENTIETH CLAIM**

### **(As to Himalaya Shanghai)**

### **(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

151.     The Trustee repeats and realleges the allegations contained in paragraphs 1- 49 as if fully set forth herein.

152.     The Himalaya Shanghai Postpetition Transfers were made to Himalaya Shanghai by the Debtor through his alter-ego shell companies.

153.     The Himalaya Shanghai Postpetition Transfers occurred after the Petition Date.

154.     The Himalaya Shanghai Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

155.     The Himalaya Shanghai Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

156.     The Himalaya Shanghai Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

157.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya Shanghai Postpetition Transfers, or the value thereof, from Himalaya Shanghai plus interest thereon to the date of payment and the costs of this action.

## TWENTY-FIRST CLAIM

### (As to Himalaya UK)

### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

158.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

159.    The Himalaya UK Postpetition Transfers were made to Himalaya UK by the Debtor through his alter-ego shell companies.

160.    The Himalaya UK Postpetition Transfers occurred after the Petition Date.

161.    The Himalaya UK Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

162.    The Himalaya UK Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

163.    The Himalaya UK Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

164.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya UK Postpetition Transfers, or the value thereof, from Himalaya UK plus interest thereon to the date of payment and the costs of this action.

**TWENTY-SECOND CLAIM**

**(As to Himalaya WW)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

165.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

166.    The Himalaya WW Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

167.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya WW Prepetition Transfers is shown by, among other things:

a.      The Himalaya WW Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya WW Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya WW Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya WW Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya WW Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya WW Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya WW Prepetition Transfers, the Debtor was insolvent or undercapitalized.

168.    The Himalaya WW Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-THIRD CLAIM

### (As to Himalaya WW)

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

169.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

170.    The Himalaya WW Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

171.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya WW Prepetition Transfers is shown by, among other things:

a.      The Himalaya WW Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya WW Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya WW Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya WW Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya WW Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya WW Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya WW Prepetition Transfers, the Debtor was insolvent or undercapitalized.

172.    The Himalaya WW Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-FOURTH CLAIM

### (As to Himalaya WW)

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

173.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

174.    The Debtor received less than a reasonably equivalent value in exchange for the Himalaya WW Prepetition Transfers.

175.    At the time of the Himalaya WW Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Himalaya WW Prepetition Transfers.

176.    At the time of the Himalaya WW Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

177.    At the time of the Himalaya WW Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

178.    The Himalaya WW Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-FIFTH CLAIM

### (As to Himalaya WW)

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

179.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

180.    The Debtor did not receive reasonably equivalent value in exchange for the Himalaya WW Prepetition Transfers.

181.    At the time of the Himalaya WW Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Himalaya WW Prepetition Transfers.

182.    At the time of the Himalaya WW Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

183.    At the time of the Himalaya WW Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

184.    The Himalaya WW Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-SIXTH CLAIM

### (As to Himalaya WW)

### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

185.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

186.    The Himalaya WW Postpetition Transfers were made to Himalaya WW by the Debtor through his alter-ego shell companies.

187.    The Himalaya WW Transfers occurred after the Petition Date.

188.    The Himalaya WW Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

189.    The Himalaya WW Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

190.    The Himalaya WW Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

191.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya WW Postpetition Transfers, or the value thereof, from Himalaya WW plus interest thereon to the date of payment and the costs of this action.

### TWENTY-SEVENTH CLAIM

**(As to Vancouver)**

**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

192.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

193.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Vancouver Prepetition Transfers is shown by, among other things:

      a.    The Vancouver Prepetition Transfers were effectuated using an alter-ego shell company;

      b.    The Vancouver Prepetition Transfers were concealed from the Debtor's creditors;

      c.    The Vancouver Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

      d.    The Vancouver Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

      e.    The Vancouver Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

      f.    At the time of the Vancouver Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the Vancouver Prepetition Transfers, the Debtor was insolvent or undercapitalized.

The Vancouver Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **TWENTY-EIGHTH CLAIM**

### **(As to Vancouver)**

### **(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

1.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

2.    The Vancouver Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

3.    The Vancouver Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

4.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Vancouver Prepetition Transfers is shown by, among other things:

a.    The Vancouver Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Vancouver Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Vancouver Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Vancouver Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Vancouver Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Vancouver Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Vancouver Prepetition Transfers, the Debtor was insolvent or undercapitalized.

The Vancouver Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## <u>TWENTY-NINTH CLAIM</u>

### (As to Vancouver)

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

5.      The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

6.      The Debtor received less than a reasonably equivalent value in exchange for the Vancouver Prepetition Transfers.

7.      At the time of the Vancouver Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Vancouver Prepetition Transfers.

8.      At the time of the Vancouver Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

9.      At the time of the Vancouver Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

10.     The Vancouver Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTIETH CLAIM

### (As to Vancouver)

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

11.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

12.     The Debtor did not receive reasonably equivalent value in exchange for the Vancouver Prepetition Transfers.

13.     At the time of the Vancouver Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Vancouver Prepetition Transfers.

14.     At the time of the Vancouver Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

15.     At the time of the Vancouver Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

16.     The Vancouver Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-FIRST CLAIM

### (As to Vancouver)

### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

17.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

18.     The Vancouver Postpetition Transfers were made to Vancouver by the Debtor through his alter-ego shell companies.

19.     The Vancouver Postpetition Transfers occurred after the Petition Date.

20.     The Vancouver Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

21.     The Rule of Vancouver Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

22.     The Vancouver Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

23.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Vancouver Postpetition Transfers, or the value thereof, from Vancouver plus interest thereon to the date of payment and the costs of this action.

## THIRTY-SECOND CLAIM

### (As to Golden Gate)

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to Bankruptcy Code sections 548(a) (1)(A) and 550(a))**

24.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

25.     The Debtor's intent to hinder, delay and/or defraud his creditors in effectuating the Golden Gate Prepetition Transfers is shown by among other things:

    a.  The Golden Gate Prepetition Transfers were effectuated using an alter ego shell company;

    b.  The Golden Gate Prepetition Transfers were concealed from the Debtors' creditors;

    c.  The Golden Gate Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d.  The Golden Gate Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

    e.  The Golden Gate Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

    f.  At the time of the Golden Gate Prepetition Transfers , the Debtor was being sued, including by PAX in the PAX Case; and

    g.  At the time of the Golden Gate Prepetition Transfers, the Debtor was insolvent or undercapitalized.

26.     The Golden Gate Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a) (1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550 (a) of the Bankruptcy Code.

### THIRTY-THIRD CLAIM

**(As to Golden Gate)**

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

27.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

28.     The Golden Gate Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

29.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Club Operations Prepetition Transfers is shown by, among other things:

    a.     The Golden Gate Prepetition Transfers were effectuated using an alter-ego shell company;

    b.     The Golden Gate Prepetition Transfers were concealed from the Debtor's creditors;

    c.     The Golden Gate Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d.     The Golden Gate Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Golden Gate Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Golden Gate Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Golden Gate Prepetition Transfers, the Debtor was insolvent or undercapitalized.

30.      The Golden Gate Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-FOURTH CLAIM

### (As to Golden Gate)

### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

31.      The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

32.      The Debtor received less than a reasonably equivalent value in exchange for the Golden Gate Prepetition Transfers.

33.      At the time of the Golden Gate Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Golden Gate Prepetition Transfers.

34.      At the time of the Golden Gate Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

35.     At the time of the Golden Gate Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

36.     The Golden Gate Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

### THIRTY-FIFTH CLAIM

**(As to Golden Gate)**

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

37.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

38.     The Debtor did not receive reasonably equivalent value in exchange for the Golden Gate Prepetition Transfers.

39.     At the time of the Golden Gate Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Golden Gate Prepetition Transfers.

40.     At the time of the Golden Gate Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

41.     At the time of the Golden Gate Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

42.      The Golden Gate Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-SIXTH CLAIM

### (As to Golden Gate)

### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

43.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

44.     The Golden Gate Postpetition Transfers were made to Golden Gate by the Debtor through his alter-ego shell companies.

45.     The Golden Gate Postpetition Transfers occurred after the Petition Date.

46.     The Golden Gate Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

47.     The Golden Gate Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

48.     The Golden Gate Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

49.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Golden Gate Postpetition Transfers, or the value thereof, from Golden Gate plus interest thereon to the date of payment and the costs of this action.

## THIRTY-SEVENTH CLAIM

### (As to MOS)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

50.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

51.     The MOS Postpetition Transfers were made to MOS by the Debtor through his alter-ego shell companies.

52.     The MOS Postpetition Transfers occurred after the Petition Date.

53.     The MOS Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

54.     The MOS Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

55.     The MOS Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

56.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the MOS Postpetition Transfers, or the value thereof, from MOS plus interest thereon to the date of payment and the costs of this action.

## THIRTY-EIGHTH CLAIM

**(As to Himalaya Ltd.)**

**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

57.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

58.     The Himalaya Ltd. Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

59.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Ltd. Prepetition Transfers is shown by, among other things:

        a.     The Himalaya Ltd. Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya Ltd. Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya Ltd. Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya Ltd.  Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya Ltd. Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was insolvent or undercapitalized.

60.    The Himalaya Ltd. Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-NINTH CLAIM

### (As to Himalaya Ltd.)
### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

61.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

62. The Himalaya Ltd. Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

63. The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Ltd. Prepetition Transfers is shown by, among other things:

    a.    The Himalaya Ltd. Prepetition Transfers were effectuated using an alter-ego shell company;

    b.    The Himalaya Ltd. Prepetition Transfers were concealed from the Debtor's creditors;

    c.    The Himalaya Ltd. Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d.    The Himalaya Ltd. Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

    e.    The Himalaya Ltd. Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

    f.    At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

    g.    At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was insolvent or undercapitalized.

64.    The Himalaya Ltd. Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

### FORTIETH CLAIM

**(As to Himalaya Ltd.)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

65.    The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

66.    The Debtor received less than a reasonably equivalent value in exchange for the Himalaya Ltd.  Prepetition Transfers.

67.    At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Himalaya Ltd. Prepetition Transfers.

68.    At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

69.    At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

70.    The Himalaya Ltd. Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

### FORTY-FIRST CLAIM

**(As to Himalaya Ltd.)**

**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. &**
**Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

71.     The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

72.     The Debtor did not receive reasonably equivalent value in exchange for the Himalaya Ltd.  Prepetition Transfers.

73.     At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Himalaya Ltd.  Prepetition Transfers.

74.     At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

75.     At the time of the Himalaya Ltd. Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

76.      The Himalaya Ltd.  Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FORTY-SECOND CLAIM**

### **(As to Himalaya Ltd.)**

### **(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

77.      The Trustee repeats and realleges the allegations contained in paragraphs 1-49 as if fully set forth herein.

78.     The Himalaya Ltd. Postpetition Transfers were made to Himalaya Ltd. by the Debtor through his alter-ego shell companies.

79.     The Himalaya Ltd. Postpetition Transfers occurred after the Petition Date.

80.     The Himalaya Ltd. Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

81.     The Himalaya Ltd. Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

82.     The Himalaya Ltd. Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

83.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya Ltd. Postpetition Transfers, or the value thereof, from Himalaya Ltd. plus interest thereon to the date of payment and the costs of this action.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.     On the First Claim, (a) an order declaring that the Himalaya Athena Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Himalaya Athena Prepetition Transfers be set aside; and (c) recovery of the Himalaya Athena  Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Athena  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.     On the Second Claim, (a) an order declaring that the Himalaya Athena Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Athena Prepetition Transfers be set aside; and (c) recovery of the Himalaya Athena Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Athena for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

3.     On the Third Claim, (a) an order declaring that the Himalaya Athena Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Himalaya Athena Prepetition Transfers be set aside; and (c) recovery of the Himalaya Athena Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Athena for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

4.    On the Fourth Claim, (a) an order declaring that the Himalaya Athena Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Athena Prepetition Transfers be set aside; and (c) recovery of the Himalaya Athena Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Athena for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

5.    On the Fifth Claim, (a) an order declaring that the Himalaya Athena Postpetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya Athena Postpetition Transfers be set aside; and (c) recovery of the Himalaya Athena Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya Athena  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

6.    On the Sixth Claim, (a) an order declaring that the Himalaya Australia Prepetition Transfers in an amount not less than $155,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Himalaya Australia Prepetition Transfers be set aside; and (c) recovery of the Himalaya Australia Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Australia for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

7.    On the Seventh Claim, (a) an order declaring that the Himalaya Australia Prepetition Transfers in an amount not less than $155,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and

with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Australia Prepetition Transfers be set aside; and (c) recovery of the Himalaya Australia Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Australia for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

8.      On the Eighth Claim, (a) an order declaring that the Himalaya Australia Prepetition Transfers in an amount not less than $155,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Himalaya Australia Prepetition Transfers be set aside; and (c) recovery of the Himalaya Australia Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Australia for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

9.      On the Ninth Claim, (a) an order declaring that the Himalaya Australia Prepetition Transfers in an amount not less than $155,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Australia Prepetition Transfers be set aside; and (c) recovery of the Himalaya Australia Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Australia for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

10.     On the Tenth Claim, (a) an order declaring that the Himalaya Boston Prepetition Transfers in an amount not less than $179,900.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Himalaya Boston Prepetition Transfers be set aside; and (c) recovery of the Himalaya Boston Prepetition Transfers, or the value thereof at the

Trustee's option, from Himalaya  Boston for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

11.     On the Eleventh Claim, (a) an order declaring that the Himalaya Boston Prepetition Transfers in an amount not less than $179,900.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Boston Prepetition Transfers be set aside; and (c) recovery of the Himalaya Boston Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Boston for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

12.     On the Twelfth Claim, (a) an order declaring that the Himalaya Boston Prepetition Transfers in an amount not less than $179,900.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Himalaya Boston Prepetition Transfers be set aside; and (c) recovery of the Himalaya Boston Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Boston for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

13.     On the Thirteenth Claim, (a) an order declaring that the Himalaya Boston Prepetition Transfers in an amount not less than $179,900.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Boston Prepetition Transfers be set aside; and (c) recovery of the Himalaya Boston Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Boston for the

benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

14.     On the Fourteenth Claim, (a) an order declaring that the Himalaya New World Prepetition Transfers in an amount not less than $436,547.11 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Himalaya New World Prepetition Transfers be set aside; and (c) recovery of the Himalaya New World  Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya New World for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

15.     On the Fifteenth Claim, (a) an order declaring that the Himalaya New World Prepetition Transfers in an amount not less than $436,547.11 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya New World Prepetition Transfers be set aside; and (c) recovery of the Himalaya New World Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya New World for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

16.     On the Sixteenth Claim, (a) an order declaring that the Himalaya New World Prepetition Transfers in an amount not less than $436,547.11 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Himalaya New World Prepetition Transfers be set aside; and (c) recovery of the Himalaya New World Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya New World  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

17.     On the Seventeenth Claim, (a) an order declaring that the Himalaya New World Prepetition Transfers in an amount not less than $436,547.11 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya New World Prepetition Transfers be set aside; and (c) recovery of the Himalaya New World Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya New World  for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

18.     On the Eighteenth Claim, (a) an order declaring that the Himalaya New World Postpetition Transfers in an amount not less than $350,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya New World Postpetition Transfers be set aside; and (c) recovery of the Himalaya New World  Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya New World  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

19.     On the Nineteenth Claim, (a) an order declaring that the Himalaya NY Postpetition Transfers in an amount not less than $270,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya NY transfers be set aside; and (c) recovery of the Himalaya NY Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya NY for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

20.     On the Twentieth Claim, (a) an order declaring that the Himalaya Shanghai Postpetition Transfers in an amount not less than $156,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya NY transfers be set aside;

and (c) recovery of the Himalaya Shanghai Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya Shanghai for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

21.     On the Twenty-First Claim (a) an order declaring that the Himalaya UK Postpetition Transfers in an amount not less than $300,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya UK transfers be set aside; and (c) recovery of the Himalaya UK Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya UK for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

22.     On the Twenty-Second Claim, (a) an order declaring that the Himalaya WW Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Himalaya WW Prepetition Transfers be set aside; and (c) recovery of the Himalaya WW Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya WW for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

23.     On the Twenty-Third Claim, (a) an order declaring that the Himalaya WW Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Prepetition Transfers be set aside; and (c) recovery of the Himalaya WW Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya WW for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

24.     On the Twenty-Fourth Claim, (a) an order declaring that the Himalaya WW Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Himalaya WW Prepetition Transfers be set aside; and (c) recovery of the Himalaya WW Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya WW for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

25.     On the Twenty-Fifth Claim, (a) an order declaring that the Himalaya WW Prepetition Transfers in an amount not less than $105,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya WW Prepetition Transfers be set aside; and (c) recovery of the Himalaya WW Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya WW for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

26.     On the Twenty-Sixth Claim, (a) an order declaring that the Himalaya WW Postpetition Transfers in an amount not less than $105,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya WW Postpetition Transfers be set aside; and (c) recovery of the Himalaya WW Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya WW  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code

27.     On the Twenty-Seventh Claim, (a) an order declaring that the Vancouver Prepetition Transfers in an amount not less than $205,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Vancouver Prepetition

Transfers be set aside; and (c) recovery of the Vancouver Prepetition Transfers, or the value thereof at the Trustee's option, from Vancouver for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

28.    On the Twenty-Eighth Claim, (a) an order declaring that the Vancouver Prepetition Transfers in an amount not less than $205,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Prepetition Transfers be set aside; and (c) recovery of the Vancouver Prepetition Transfers, or the value thereof at the Trustee's option, from Vancouver for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

29.    On the Twenty-Ninth Claim, (a) an order declaring that the Vancouver Prepetition Transfers in an amount not less than $205,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Vancouver Prepetition Transfers be set aside; and (c) recovery of the Vancouver Prepetition Transfers, or the value thereof at the Trustee's option, from Vancouver for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

30.    On the Thirtieth Claim, (a) an order declaring that the Vancouver Prepetition Transfers in an amount not less than $205,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Vancouver Prepetition Transfers be set aside; and (c) recovery of the Vancouver Prepetition Transfers, or the

value thereof at the Trustee's option, from Vancouver for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

31.    On the Thirty-First Claim, (a) an order declaring that the Vancouver  Postpetition Transfers in an amount not less than $50,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Vancouver Postpetition Transfers be set aside; and (c) recovery of the Vancouver  Postpetition Transfers, or the value thereof at the Trustee's option, from Vancouver  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

32.    On the Thirty-Second Claim, (a) an order declaring that the Golden Gate Prepetition Transfers in an amount not less than $305,209.27 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Golden Gate Prepetition Transfers be set aside; and (c) recovery of the Golden Gate Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Gate for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

33.    On the Thirty-Third Claim, (a) an order declaring that the Golden Gate Prepetition Transfers in an amount not less than $305,209.27 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Golden Gate Prepetition Transfers be set aside; and (c) recovery of the Golden Gate Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Gate for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

34.     On the Thirty-Fourth Claim, (a) an order declaring that the Golden Gate Prepetition Transfers in an amount not less than $305,209.27 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Golden Gate Prepetition Transfers be set aside; and (c) recovery of the Golden Gate Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Gate for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

35.     On the Thirty-Fifth Claim, an order declaring that (a) the Golden Gate Prepetition Transfers in an amount not less than $305,209.27 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Golden Gate Prepetition Transfers be set aside; and (c) recovery of the Golden Gate Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Gate for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

36.     On the Thirty-Sixth Claim, (a) an order declaring that the Golden Gate  Postpetition Transfers in an amount not less than $530,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Golden Gate Postpetition Transfers be set aside; and (c) recovery of the Golden Gate  Postpetition Transfers, or the value thereof at the Trustee's option, from Golden Gate for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

37.     On the Thirty-Seventh Claim, (a) an order declaring that the MOS Postpetition Transfers in an amount not less than $694,228.13 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the MOS Postpetition Transfers be set aside; and

(c) recovery of the MOS Postpetition Transfers, or the value thereof at the Trustee's option, from

MOS  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

38.    On the Thirty-Eighth Claim, (a) an order declaring that the Himalaya Ltd.

Prepetition Transfers in an amount not less than $582,400.65 are avoided pursuant to section

548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Himalaya Ltd. Prepetition

Transfers be set aside; and (c) recovery of the Himalaya Ltd. Prepetition Transfers, or the value

thereof at the Trustee's option, from Himalaya Ltd. for the benefit of the Debtor's estate pursuant

to section 550(a)(1) of the Bankruptcy Code;

39.    On the Thirty-Ninth Claim, (a) an order declaring that the Himalaya Ltd.

Prepetition Transfers in an amount not less than $582,400.65 are avoided pursuant to section

544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and

with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275,

276 and 278; (b) an order directing that the Himalaya Ltd. Prepetition Transfers be set aside; and

(c) recovery of the Himalaya Ltd. Prepetition Transfers, or the value thereof at the Trustee's option,

from Himalaya Ltd.  for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law

section 276 and section 550(a)(1) of the Bankruptcy Code;

40.    On the Fortieth Claim, (a) an order declaring that the Himalaya Ltd. Prepetition

Transfers in an amount not less than $582,400.65 are avoided pursuant to section 548(a)(1)(B) of

the Bankruptcy Code; (b) an order directing that the Himalaya Ltd. Prepetition Transfers be set

aside; and (c) recovery of the Himalaya Ltd. Prepetition Transfers, or the value thereof at the

Trustee's option, from Himalaya Ltd. for the benefit of the Debtor's estate pursuant to section

550(a)(1) of the Bankruptcy Code;

41.     On the Forty-First Claim, (a) an order declaring that the Himalaya Ltd. Prepetition Transfers in an amount not less than $582,400.65 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Ltd. Prepetition Transfers be set aside; and (c) recovery of the Himalaya Ltd. Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Ltd. for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

42.     On the Forty-Second Claim, (a) an order declaring that the Himalaya Ltd. Postpetition Transfers in an amount not less than $160,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya Ltd. Postpetition Transfers be set aside; and (c) recovery of the Himalaya Ltd. Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya Ltd. for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code

43.     Awarding the Trustee pre-judgment interest at the maximum legal rate from the Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

44.     Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated:  February 15, 2024          LUC A. DESPINS
         New Haven, CT              CHAPTER 11 TRUSTEE


                                    By: /s/ Patrick Linsey
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com
                                        *Counsel for the Chapter 11 Trustee*

## **<u>SCHEDULE 1A</u>**

<u>Himalaya Athena Prepetition Transfers</u>

**FILED UNDER SEAL**

## **SCHEDULE 1B**

Himalaya Athena Postpetition Transfers

**FILED UNDER SEAL**

## SCHEDULE 2

Himalaya Australia Prepetition Transfers

**FILED UNDER SEAL**

## **SCHEDULE 3**

Himalaya Boston Prepetition Transfers

**FILED UNDER SEAL**

## SCHEDULE 4

**(Intentionally Omitted)**

## **SCHEDULE 5A**

Himalaya New World Prepetition Transfers

**FILED UNDER SEAL**

## **SCHEDULE 5B**

Himalaya New World Postpetition Transfers

**FILED UNDER SEAL**

## **SCHEDULE 6**

Himalaya NY Postpetition Transfers

**FILED UNDER SEAL**

## **SCHEDULE 7**

Himalaya Shanghai Postpetition Transfers

**FILED UNDER SEAL**

## **SCHEDULE 8**

Himalaya UK Postpetition Transfers

**FILED UNDER SEAL**

## **SCHEDULE 9**

**(Intentionally Omitted)**

## SCHEDULE 10A

Himalaya WW Prepetition Transfers

**FILED UNDER SEAL**

## **SCHEDULE 10B**

Himalaya WW Postpetition Transfers

**FILED UNDER SEAL**

## <u>SCHEDULE 11A</u>

<u>Vancouver Prepetition Transfers</u>

**FILED UNDER SEAL**

## <u>SCHEDULE 11B</u>

<u>Vancouver Postpetition Transfers</u>

**FILED UNDER SEAL**

## **SCHEDULE 12A**

Golden Gate Prepetition Transfers

**FILED UNDER SEAL**

## <u>SCHEDULE 12B</u>

**FILED UNDER SEAL**

## **SCHEDULE 13**

MOS Postpetition Transfers

**FILED UNDER SEAL**

## <u>SCHEDULE 14A</u>

<u>Himalaya Ltd.  Prepetition Transfers</u>

**FILED UNDER SEAL**

## **SCHEDULE 14B**

<u>Himalaya Ltd.  Postpetition Transfers</u>

**FILED UNDER SEAL**