B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br>Weihua Li, Junjie Jiang, Rongrong Li, Zhang Lin, Mi Kyung Yang, Xue Wang, Yaping Zhang, Zhixuan Li, Fanggui Zhu, Yuechen Lan, Tian Shu Huang, Shiying Li, Cameron and Roger Smee, and Jianxiao Chen |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Avram E. Luft and Douglass Barron<br>Paul Hastings LLP, 200 Park Avenue, New York, NY 10166<br>(212) 318-6000 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Omnibus Complaint of Chapter 11 Trustee seeking avoidance and recovery of fraudulent transfers and related relief pursuant to Bankruptcy Code Sections 544, 548, 549, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Avram E. Luft | | |
| DATE<br>February 15, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Avram E. Luft | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

-------------------------------------------------------------    :

In re:    Chapter 11

HO WAN KWOK, *et al.*,[1]    Case No. 22-50073 (JAM)

                Debtors.    (Jointly Administered)

-------------------------------------------------------------    :

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

                                    Adv. Proceeding No. [_____]

              Plaintiff,

v.

                                    February 15, 2024

WEIHUA LI, JUNJIE JIANG, RONGRONG LI,
ZHANG LIN, MI KYUNG YANG, XUE WANG,
YAPING ZHANG, ZHIXUAN LI, FANGGUI ZHU,
YUECHEN LAN, TIAN SHU HUANG,
SHIYING LI, CAMERON AND ROGER SMEE,    :
AND JIANXIAO CHEN

                Defendants.

-------------------------------------------------------------

**OMNIBUS COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 548, 549, AND 550 AND NEW YORK <u>DEBTOR & CREDITOR LAW SECTIONS 273, 274, AND 276</u>**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this adversary complaint (the "Complaint") against Weihua Li, Junjie Jiang, Rongrong Li, Zhang Lin, Mi Kyung Yang, Xue Wang, Yaping Zhang, Zhixuan Li, Fanggui Zhu, Yuechen Lan, Tian Shu Huang, Shiying Li, Cameron and Roger Smee, Jianxiao Chen, and Lee Chu (each a "Defendant" and collectively, the "Defendants"), stating as follows:

## NATURE OF ACTION

1.      The Trustee commences this adversary proceeding to avoid and recover: (a) transfers of the Debtor's property prior to the commencement of this Chapter 11 Case; and (b) transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor, through his alter ego shell company, Himalaya International Clearing Ltd. ("Himalaya"), transferred funds prior to the Petition Date (as defined herein) in the following aggregate amounts to the Defendants as initial transferees:

- $2,000,000 to Defendant Weihua Li;

- $502,497.04 to Defendant Junjie Jiang;

- $315,000 to Defendant Rongrong Li;

- $207,394.26 to Defendant Zhang Lin;

- $160,000 to Defendant Tian Shu Huang; and

- $62,900 to Defendant Jianxiao Chen.

2

3.     These transfers were actually fraudulent, because the Debtor effectuated them as part of his "shell game," and they were made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

4.     Following the Petition Date, the Debtor, through his alter ego shell company, Himalaya, transferred additional funds in the following aggregate amounts to the Defendants as initial transferees:

- $199,800 to Defendant Mi Kyung Yang;

- $199,800 to Defendant Xue Wang;

- $199,400 to Defendant Yaping Zhang;

- $198,987.15 to Defendant Zhixuan Li;

- $178,880 to Defendant Fanggui Zhu;

- $169,400 to Defendant Yuechen Lan;

- $149,800 to Defendant Shiying Li;

- $119,900 to Defendants Cameron and Roger Smee; and

- $55,292.35 to Defendant Jianxiao Chen.

5.     Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

7.     This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

8.      The statutory predicates for the relief sought herein include sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and New York Debtor & Creditor Law sections 273, 274, and 276,[2] or any other applicable state law equivalents.

## THE PARTIES

9.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

10.     Defendant Weihua Li is an individual with a residence at 2377 Clubhouse Dr., Rocklin CA, 957.65.

11.     Defendant Junjie Jiang is an individual with a residence at 10 Gatliff Road, Apt. 40, Cubitt Building, London, England, SW1W8QL, United Kingdom.

12.     Defendant Rongrong Li is an individual with a residence at 10 Gatliff Road, Apt. 40, Cubitt Building, London, England, SW1W8QL, United Kingdom.

13.     Defendant Zhang Lin is an individual with a residence at 1 Sophia Road 18-04, Peace Mansion, 228149, Singapore.

14.     Defendant Mi Kyung Yang is an individual with a residence at Flat A 56/FI Crystal Cover Tower 16, 1 Kin Tung Road, Caribbean Coast, Tung Chung, Lantau Island, Hong Kong.

15.     Defendant Xue Wang is an individual with a residence at 75 Holden Street, Ashfield, NSW, 2131, Australia.

---

[2]     All statutory references to New York Debtor and Creditor Law will hereinafter be referred to as "N.Y. Debt. & Cred. Law". The New York Uniform Voidable Transactions Act ("NYUVT") replaced the New York Uniform Fraudulent Conveyance Act ("NYUFC") and became effective on April 4, 2020 and applies to transfers made or obligations incurred on or after April 4, 2020.

4

16.     Defendant Yaping Zhang is an individual with a residence at Chang Wa Xiao Qu 24 Hao Lou 3 Dan Yuan 1201 Shi Haidian, Beijing, China.

17.     Defendant Zhixuan Li is an individual with a residence at 3A Montagu Row, Marylebone London, W1U 6DZ, United Kingdom.

18.     Defendant Fanggui Zhu is an individual with a residence at 2717 Cedar St. Unite B, Everett WA, 98201-3792.

19.     Defendant Yuechen Lan is an individual with a residence at 3/17 Dowding Cres New Town, Hobart, TAS, 7008, Australia.

20.     Defendant Tian Shu Huang is an individual with a residence at 4-5-15-801 Hyakunincho, Shinjuku-Ku, Tokyo, Japan.

21.     Defendant Shiying Li is an individual with a residence at 1128 Curtner Ave., San Jose, CA, 95125.

22.     Defendants Cameron and Roger Smee are individuals with a residence at Chisbridge Farm, Marlow, Buckinghamshire, SL7 2HS, United Kingdom.

23.     Defendant Jianxiao Chen is an individual with a residence at San Marco 1685, Venezia, Veneto, 30124, Italy.

## <u>FACTS</u>

### A.  <u>Chapter 11 Case</u>

24.     The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "<u>Petition Date</u>") in the United States Bankruptcy Court for the District of Connecticut (the "<u>Bankruptcy Court</u>"), thus commencing the Chapter 11 Case.

25.     On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

26.     The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[3]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter ego shell companies, including Himalaya.

27.     On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.     Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

28.     Himalaya is among the numerous alter ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors.[4]  For years, the Debtor has orchestrated a "shell game," employing a convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor.  This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets—while concealing his property from creditors.

---

[3]      Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

[4]      The Trustee has or will imminently commence an adversary proceeding against Himalaya International Clearing Ltd, which adversary proceeding seeks, among other things, a declaratory judgment that Himalaya International Clearing Ltd is the alter ego of the Debtor.  The Trustee incorporates by reference herein, the Trustee's Complaint filed in such adversary proceeding.

29.     Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter egos and/or that such companies and their assets were equitably owned by the Debtor and in several adversary proceedings, the Bankruptcy Court has already granted such relief.[5]

30.     The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

## C.     Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors

31.     In addition to the matters addressed in the Trustee's adversary proceedings, the Bankruptcy Court has found that the Debtor was the beneficial owner of Ace Decade Limited (and through it, Dawn State Limited) and that the Debtor controlled and employed Ace Decade Limited's nominee shareholder, Yvette Wang.[6]

32.     The Bankruptcy Court has also found that the "G Entities" (Gettr, G Fashion, G Music, GClubs, GNews and GEdu), the New Federal State of China and the Rule of Law Foundation, as well as other purportedly independent entities and organizations, were controlled

---

[5]   These include the following adversary proceedings: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC, et al.* [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC, et al.* [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc., et al.* [Adv. Proc. No. 23-05013]; (v) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC, et al.* [Adv. Proc. No. 23-05017]; (vi)  *Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited* [Adv. Proc. 23-05018]; and (vii) *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC, et al.* [Adv. Proc. 23-05023].

[6]   Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, ¶¶ 1, 4 (Jan. 24, 2023, Docket No. 1372 ("Corp. Governance Contempt Order")).

by the Debtor[7], led by the Debtor[8] and/or served "the purposes of… and as business vehicles of" the Debtor.[9]

33.     Prior to the Petition Date, Judge Liman of the United States District Court for the Southern District of New York found that Eastern Profit Corporation Limited, an entity originally owned by one of the Debtor's chefs before its transfer to Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[10]

34.     The Debtor has gone to great lengths to hinder and delay the collection efforts of one of his largest creditors, *i.e.*, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX").  In 2017, PAX sued the Debtor in the Supreme Court of the State of New York (the "New York Court"), Index No. 652077/2017 (the "PAX Case"), seeking judgment for monies owed.  On February 3, 2021, PAX obtained a judgment from the New York Court against the Debtor in the sum of $116,402,019.57 (the "PAX Judgment").  PAX sought to enforce the PAX Judgment by levying the Debtor's assets—including the Lady May, which the Debtor falsely claimed was owned by his daughter, and the Debtor's luxury apartment in Manhattan, which the Debtor falsely claimed was held in trust for the Debtor's son.  The Debtor's defiance of New York Court orders in post-judgment proceedings eventually resulted in the Debtor incurring contempt penalties of $134 million.

---

[7]   *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, ¶ 3 (Adv. Proc. No. 22-05032, January 13, 2023 ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[8]   *Id.* at ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF and Himalaya.").

[9]   *Id.* ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[10]   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL) 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

35.     The Debtor also used his alter egos, including Himalaya, as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims.  The transfers that the Debtor effectuated through these alter egos perpetuated the Debtor's fraudulent scheme.

36.     The Debtor has testified before the Bankruptcy Court that he has insufficient assets to pay his liabilities and that his luxurious lifestyle is funded by his family through businesses nominally held by family members.[11]  The Debtor scheduled only $3,850 in assets.[12]

37.     In March 2023, the Debtor was arrested and remains confined pending his trial on federal criminal charges of, among other things, wire fraud, securities fraud, and money laundering.

38.     In its criminal indictment of the Debtor, the United States Government asserts that the Debtor and his co-defendants "utilized more than approximately 500 accounts held in the names of *at least 80 different entities or individuals* to launder more than $1 billion in fraud proceeds."[13]

39.     The property of the Debtor's alter egos, including Himalaya, was at all times prior to the Petition Date property of the Debtor.

---

[11]   Hearing on Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (Main Case, April 27, 2022)

[12]   *See* n.3

[13]   *See* Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release at 29, attached as Exhibit B in the Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief (June 23, 2023, Main Case Docket No. 1934).

40.     At all times relevant herein, the Debtor conducted business in New York, New York, including direction of the prepetition transfers at issue in this Complaint.

**D.      Debtor's Shell Game and Fraud Continues Postpetition**

41.     As of the Petition Date, all of the Debtor's property held through his alter egos, including Himalaya, became property of the chapter 11 estate.  *See* 11 U.S.C. § 541(a)(1).

42.     Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter ego shell companies, including, without limitation, Himalaya.

43.     None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

**E.      Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

44.     The Transfers (as defined herein) at issue in this Complaint were made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as they were all made through the Debtor's alter ego shell companies operated as a part of the Debtor's shell game.

45.     The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors.  The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

46.     The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes.  As a result of this conduct, the Debtor faces multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York.  *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 215] (Jan. 3, 2024 S.D.N.Y.).

47.     The Debtor knew and intended that by concealing and dissipating his assets in this manner there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds.  These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

**F.     <u>Transfers to Defendants</u>**

48.     Prior to the Petition Date, the Debtor, using his alter ego shell company Himalaya, or otherwise, transferred the Debtor's property to Defendant Weihua Li (the "<u>W. Li Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE A</u>** attached hereto and made a part hereof.

49.     Prior to the Petition Date, the Debtor, using his alter ego shell company Himalaya, or otherwise, transferred the Debtor's property to Defendant Junjie Jiang (the "<u>Jiang Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE B</u>** attached hereto and made a part hereof.

50.     Prior to the Petition Date, the Debtor, using his alter ego shell company Himalaya, or otherwise, transferred the Debtor's property to Defendant Rongrong Li (the "<u>R. Li Transfer</u>"), including, without limitation, as follows:

See **<u>SCHEDULE C</u>** attached hereto and made a part hereof.

51.     Prior to the Petition Date, the Debtor, using his alter ego shell company Himalaya, or otherwise, transferred the Debtor's property to Defendant Zhang Lin (the "<u>Lin Transfer</u>"), including, without limitation, as follows:

See **<u>SCHEDULE D</u>** attached hereto and made a part hereof.

52.     Prior to the Petition Date, the Debtor, using his alter ego shell company Himalaya, or otherwise, transferred the Debtor's property to Defendant Tian Shu Huang (the "<u>Huang Transfer</u>"), including, without limitation, as follows:

See **<u>SCHEDULE E</u>** attached hereto and made a part hereof.

53.     Prior to the Petition Date, the Debtor, using his alter ego shell company Himalaya, or otherwise, transferred the Debtor's property to Defendant Chen (the "<u>Chen Prepetition Transfer</u>," and collectively with the W. Li Transfers, Jiang Transfers, R. Li Transfer, Lin Transfer, and Huang Transfer, the "<u>Prepetition Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE F</u>** attached hereto and made a part hereof.

54.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Mi Kyung Yang (the "<u>Yang Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE G</u>** attached hereto and made a part hereof.

55.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Xue Wang (the "<u>Wang Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE H</u>** attached hereto and made a part hereof.

56.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Yaping Zhang (the "<u>Zhang Transfers</u>"), including, without limitation, as follows:

See **SCHEDULE I** attached hereto and made a part hereof.

57.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Zhixuan Li (the "Z. Li Transfers"), including, without limitation, as follows:

See **SCHEDULE J** attached hereto and made a part hereof.

58.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Fanggui Zhu (the "Zhu Transfers"), including, without limitation, as follows:

See **SCHEDULE K** attached hereto and made a part hereof.

59.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Yuechen Lan (the "Lan Transfers"), including, without limitation, as follows:

See **SCHEDULE L** attached hereto and made a part hereof.

60.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Shiuing Li (the "S. Li Transfers"), including, without limitation, as follows:

See **SCHEDULE M** attached hereto and made a part hereof.

61.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendants Cameron and Roger Smee (the "Smee Transfers"), including, without limitation, as follows:

See **SCHEDULE N** attached hereto and made a part hereof.

62.     Subsequent to the Petition Date, the Debtor, through his shell company, Himalaya, or otherwise, transferred property of the estate to Defendant Jianxiao Chen (the "Chen Postpetition

Transfers," and collectively with the  Yang Transfers, Wang Transfers, Zhang Transfers, Z. Li Transfers, Zhu Transfers, Lan Transfers, S. Li Transfers, and the Smee Transfers, the "Postpetition Transfers"), including, without limitation, as follows:

See **SCHEDULE O** attached hereto and made a part hereof.

63.     At the time of the Prepetition Transfers and the Postpetition Transfers (collectively, the "Transfers"), the Debtor had outstanding obligations to creditors of the Debtor's estate.

64.     The Defendants were the initial transferee of the Transfers.

**FIRST CLAIM**
**(Against Defendant Weihua Li)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

65.     The Trustee repeats and realleges the allegations contained in paragraphs 1-64 as if fully set forth herein.

66.     The W. Li Transfers were made by the Debtor through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

67.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the W. Li Transfers are shown by, among other things:

a.     The W. Li Transfers were effectuated using an alter ego shell company;

b.     The W. Li Transfers were concealed from the Debtor's creditors;

c.     The W. Li Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.     The W. Li Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

14

e.     The W. Li Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.     At the time of the W. Li Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.     At the time of the W. Li Transfers, the Debtor was insolvent or undercapitalized.

68.     The W. Li Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SECOND CLAIM
### (Against Defendant Weihua Li)
### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

69.     The Trustee repeats and realleges the allegations contained in paragraphs 1-68 as if fully set forth herein.

70.     The W. Li Transfers were made by the Debtor, through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

71.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the W. Li Transfers is shown by, among other things:

a.     The W. Li Transfers were effectuated using an alter ego shell company;

b.     The W. Li Transfers were concealed from the Debtor's creditors;

c.     The W. Li Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The W. Li Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The W. Li Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the W. Li Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the W. Li Transfers, the Debtor was insolvent or undercapitalized.

72.    The W. Li Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

**THIRD CLAIM**
**(Against Defendant Junjie Jiang)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

73.    The Trustee repeats and realleges the allegations contained in paragraphs 1-72 as if fully set forth herein.

74.    The Jiang Transfers were made by the Debtor through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

75.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Jiang Transfers is shown by, among other things:

a.      The Jiang Transfers were effectuated using an alter ego shell company;

b.      The Jiang Transfers were concealed from the Debtor's creditors;

16

c.      The Jiang Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Jiang Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Jiang Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Jiang Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Jiang Transfers, the Debtor was insolvent or undercapitalized.

76.      The Jiang Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

**FOURTH CLAIM**
**(Against Defendant Junjie Jiang)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

77.      The Trustee repeats and realleges the allegations contained in paragraphs 1-76 as if fully set forth herein.

78.      The Jiang Transfers were made by the Debtor, through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

79.      The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Jiang Transfers is shown by, among other things:

17

a.    The Jiang Transfers were effectuated using an alter ego shell company;

b.    The Jiang Transfers were concealed from the Debtor's creditors;

c.    The Jiang Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The Jiang Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The Jiang Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the Jiang Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the Jiang Transfers, the Debtor was insolvent or undercapitalized.

80.    The Jiang Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FIFTH CLAIM
### (Against Defendant Rongrong Li)
### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))

81.    The Trustee repeats and realleges the allegations contained in paragraphs 1-80 as if fully set forth herein.

82.      The R. Li Transfer was made by the Debtor through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

83.      The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the R. Li Transfer is shown by, among other things:

  a.      The R. Li Transfer was effectuated using an alter ego shell company;

  b.      The R. Li Transfer was concealed from the Debtor's creditors;

  c.      The R. Li Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

  d.      The R. Li Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

  e.      The R. Li Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

  f.      At the time of the R. Li Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

  g.      At the time of the R. Li Transfer, the Debtor was insolvent or undercapitalized.

84.      The R. Li Transfer is avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

**<u>SIXTH CLAIM</u>**
**(Against Defendant Rongrong Li)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

85.     The Trustee repeats and realleges the allegations contained in paragraphs 1-84 as if fully set forth herein.

86.     The R. Li Transfers were made by the Debtor, through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

87.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the R. Li Transfers is shown by, among other things:

    a.     The R. Li Transfers were effectuated using an alter ego shell company;

    b.     The R. Li Transfers were concealed from the Debtor's creditors;

    c.     The R. Li Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d.     The R. Li Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

    e.     The R. Li Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

    f.     At the time of the R. Li Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

    g.     At the time of the R. Li Transfers, the Debtor was insolvent or undercapitalized.

88.     The R. Li Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

**SEVENTH CLAIM**
**(Against Defendant Zhang Lin)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

89.     The Trustee repeats and realleges the allegations contained in paragraphs 1-88 as if fully set forth herein.

90.     The Lin Transfer was made by the Debtor through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

91.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Lin Transfer is shown by, among other things:

    a.      The Lin Transfer was effectuated using an alter ego shell company;

    b.      The Lin Transfer was concealed from the Debtor's creditors;

    c.      The Lin Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d.      The Lin Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

    e.      The Lin Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

    f.      At the time of the Lin Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

21

g.     At the time of the Lin Transfer, the Debtor was insolvent or undercapitalized.

92.     The Lin Transfer is avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

### EIGHTH CLAIM
**(Against Defendant Zhang Lin)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

93.     The Trustee repeats and realleges the allegations contained in paragraphs 1-92 as if fully set forth herein.

94.     The Lin Transfer was made by the Debtor, through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

95.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Lin Transfer is shown by, among other things:

a.     The Lin Transfer was effectuated using an alter ego shell company;

b.     The Lin Transfer was concealed from the Debtor's creditors;

c.     The Lin Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.     The Lin Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.     The Lin Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.     At the time of the Lin Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

g.     At the time of the Lin Transfer, the Debtor was insolvent or undercapitalized.

96.     The Lin Transfer is avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

**<u>NINTH CLAIM</u>**
**(Against Defendant Tian Shu Huang)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

97.     The Trustee repeats and realleges the allegations contained in paragraphs 1-96 as if fully set forth herein.

98.     The Huang Transfer was made by the Debtor through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

99.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Huang Transfer is shown by, among other things:

a.     The Huang Transfer was effectuated using an alter ego shell company;

b.     The Huang Transfer was concealed from the Debtor's creditors;

c.     The Huang Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.     The Huang Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.  The Huang Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.  At the time of the Huang Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

g.  At the time of the Huang Transfer, the Debtor was insolvent or undercapitalized.

100.  The Huang Transfer is avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TENTH CLAIM
**(Against Defendant Tian Shu Huang)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

101.  The Trustee repeats and realleges the allegations contained in paragraphs 1-100 as if fully set forth herein.

102.  The Huang Transfer was made by the Debtor, through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

103.  The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Huang Transfer is shown by, among other things:

a.  The Huang Transfer was effectuated using an alter ego shell company;

b.  The Huang Transfer was concealed from the Debtor's creditors;

c.  The Huang Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

      d.      The Huang Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

      e.      The Huang Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

      f.      At the time of the Huang Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

      g.      At the time of the Huang Transfer, the Debtor was insolvent or undercapitalized.

104.      The Huang Transfer is avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

**ELEVENTH CLAIM**
**(Against Defendant Mi Kyung Yang)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

105.      The Trustee repeats and realleges the allegations contained in paragraphs 1-104 as if fully set forth herein.

106.      The Yang Transfers were made to Defendant Mi Kyung Yang by the Debtor, including through his alter ego shell company, Himalaya.

107.      The Yang Transfers occurred after the Petition Date.

108.      The Yang Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

109.    The Yang Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

110.    The Yang Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

111.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Yang Transfers, or the value thereof, from Defendant Mi Kyung Yang plus interest thereon to the date of payment and the costs of this action.

**TWELFTH CLAIM**
**(Against Defendant Xue Wang)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

112.    The Trustee repeats and realleges the allegations contained in paragraphs 1-111 as if fully set forth herein.

113.    The Wang Transfers were made to Defendant Xue Wang by the Debtor, including through his alter ego shell company, Himalaya.

114.    The Wang Transfers occurred after the Petition Date.

115.    The Wang Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

116.    The Wang Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

117.    The Wang Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

118.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Wang Transfers, or the value thereof, from Defendant Xue Wang plus interest thereon to the date of payment and the costs of this action.

## THIRTEENTH CLAIM
### (Against Defendant Yaping Zhang)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

119.    The Trustee repeats and realleges the allegations contained in paragraphs 1-118 as if fully set forth herein.

120.    The Zhang Transfers were made to Defendant Yaping Zhang by the Debtor, including through his alter ego shell company, Himalaya.

121.    The Zhang Transfers occurred after the Petition Date.

122.    The Zhang Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

123.    The Zhang Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

124.    The Zhang Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

125.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Zhang Transfers, or the value thereof, from Defendant Yaping Zhang plus interest thereon to the date of payment and the costs of this action.

## FOURTEENTH CLAIM
### (Against Defendant Zhixuan Li)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

126.    The Trustee repeats and realleges the allegations contained in paragraphs 1-125 as if fully set forth herein.

127.    The Z. Li Transfers were made to Defendant Zhixuan Li by the Debtor, including through his alter ego shell company, Himalaya.

128.     The Z. Li Transfers occurred after the Petition Date.

129.     The Z. Li Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

130.     The Z. Li Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

131.     The Z. Li Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

132.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Z. Li Transfers, or the value thereof, from Defendant Zhixuan Li plus interest thereon to the date of payment and the costs of this action.

## FIFTEENTH CLAIM
### (Against Defendant Fanggui Zhu)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

133.     The Trustee repeats and realleges the allegations contained in paragraphs 1-132 as if fully set forth herein.

134.     The Zhu Transfers were made to Defendant Fanggui Zhu by the Debtor, including through his alter ego shell company, Himalaya.

135.     The Zhu Transfers occurred after the Petition Date.

136.     The Zhu Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

137.     The Zhu Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

138.     The Zhu Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

139.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Zhu Transfers, or the value thereof, from Defendant Fanggui Zhu plus interest thereon to the date of payment and the costs of this action.

## SIXTEENTH CLAIM
### (Against Defendant Yuechen Lan)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

140.    The Trustee repeats and realleges the allegations contained in paragraphs 1-139 as if fully set forth herein.

141.    The Lan Transfers were made to Defendant Yuechen Lan by the Debtor, including through his alter ego shell company, Himalaya.

142.    The Lan Transfers occurred after the Petition Date.

143.    The Lan Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

144.    The Lan Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

145.    The Lan Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

146.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Lan Transfers, or the value thereof, from Defendant Yuechen Lan plus interest thereon to the date of payment and the costs of this action.

## SEVENTEENTH CLAIM
### (Against Defendant Shiuing Li)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

147.    The Trustee repeats and realleges the allegations contained in paragraphs 1-146 as if fully set forth herein.

148.    The S. Li Transfers were made to Defendant Shiuing Li by the Debtor, including through his alter ego shell company, Himalaya.

149.    The S. Li Transfers occurred after the Petition Date.

150.    The S. Li Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

151.    The S. Li Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

152.    The S. Li Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

153.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the S. Li Transfers, or the value thereof, from Defendant Shiuing Li plus interest thereon to the date of payment and the costs of this action.

**EIGHTEENTH CLAIM**
**(Against Defendants Cameron and Roger Smee)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

154.    The Trustee repeats and realleges the allegations contained in paragraphs 1-153 as if fully set forth herein.

155.    The Smee Transfers were made to Defendants Cameron and Roger Smee by the Debtor, including through his alter ego shell company, Himalaya.

156.    The Smee Transfers occurred after the Petition Date.

157.    The Smee Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

158.    Smee Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

30

159.    The Smee Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

160.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Smee Transfers, or the value thereof, from Defendants Cameron and Roger Smee plus interest thereon to the date of payment and the costs of this action.

### NINETEENTH CLAIM
**(Against Defendant Jianxiao Chen)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

161.    The Trustee repeats and realleges the allegations contained in paragraphs 1-160 as if fully set forth herein.

162.    The Chen Prepetition Transfer was made by the Debtor through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

163.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Chen Prepetition Transfer is shown by, among other things:

a.    The Chen Prepetition Transfer was effectuated using an alter ego shell company;

b.    The Chen Prepetition Transfer was concealed from the Debtor's creditors;

c.    The Chen Prepetition Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The Chen Prepetition Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

31

     e.      The Chen Prepetition Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

     f.      At the time of the Chen Prepetition Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

     g.      At the time of the Chen Prepetition Transfer, the Debtor was insolvent or undercapitalized.

164.    The Chen Prepetition Transfer is avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

<h3 style="text-align:center"><u>TWENTIETH CLAIM</u></h3>
<b>(Against Defendant Jianxiao Chen)</b><br>
<b>(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))</b>

165.    The Trustee repeats and realleges the allegations contained in paragraphs 1-164 as if fully set forth herein.

166.    The Chen Prepetition Transfer was made by the Debtor, through his alter ego, Himalaya, with the actual intent to hinder, delay and/or defraud his creditors.

167.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Chen Prepetition Transfer is shown by, among other things:

     a.      The Chen Prepetition Transfer was effectuated using an alter ego shell company;

     b.      The Chen Prepetition Transfer was concealed from the Debtor's creditors;

c.      The Chen Prepetition Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Chen Prepetition Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Chen Prepetition Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Chen Prepetition Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Chen Prepetition Transfer, the Debtor was insolvent or undercapitalized.

168.    The Chen Prepetition Transfer is avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

**TWENTY-FIRST CLAIM**
**(Against Defendant Jianxiao Chen)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to**
**Bankruptcy Code sections 549 and 550(a))**

169.    The Trustee repeats and realleges the allegations contained in paragraphs 1-168 as if fully set forth herein.

170.    The Chen Postpetition Transfers were made to Defendant Jianxiao Chen by the Debtor, including through his alter ego shell company, Himalaya.

171.    The Chen Postpetition Transfers occurred after the Petition Date.

33

172.    The Chen Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

173.    The Chen Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

174.    The Chen Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

175.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Chen Postpetition Transfers, or the value thereof, from Defendant Jianxiao Chen plus interest thereon to the date of payment and the costs of this action.

*[Remainder of Page Intentionally Left Blank]*

34

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.    On the First Claim, (a) an order declaring that the W. Li Transfers in an amount not less than $2,000,000 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the W. Li Transfers be set aside; and (c) recovery of the W. Li Transfers, or the value thereof at the Trustee's option, from Defendant Weihua Li for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.    On the Second Claim, (a) an order declaring that the W. Li Transfers in an amount not less than $2,000,000 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276; (b) an order directing that the W. Li Transfers be set aside; and (c) recovery of the W. Li Transfers, or the value thereof at the Trustee's option, from Defendant Weihua Li for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

3.    On the Third Claim, (a) an order declaring that the Jiang Transfers in an amount not less than $502,497.04 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Jiang Transfers be set aside; and (c) recovery of the Jiang Transfers, or the value thereof at the Trustee's option, from Defendant Junjie Jiang for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

4.    On the Fourth Claim, (a) an order declaring that the Jiang Transfers in an amount not less than $502,497.04 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276; (b) an order directing that the Jiang Transfers be set aside; and (c) recovery of the Jiang Transfers, or the value thereof at the Trustee's option,

from Defendant Junjie Jiang for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

5.    On the Fifth Claim, (a) an order declaring that the R. Li Transfer in an amount not less than $315,000 is avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the R. Li Transfer be set aside; and (c) recovery of the R. Li Transfer, or the value thereof at the Trustee's option, from Defendant Rongrong Li for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

6.    On the Sixth Claim, (a) an order declaring that the R. Li Transfer in an amount not less than $315,000 is avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276; (b) an order directing that the R. Li Transfer be set aside; and (c) recovery of the R. Li Transfer, or the value thereof at the Trustee's option, from Defendant Rongrong Li for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

7.    On the Seventh Claim, (a) an order declaring that the Lin Transfer in an amount not less than $207,394.26 is avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Lin Transfer be set aside; and (c) recovery of the Lin Transfer, or the value thereof at the Trustee's option, from Defendant Zhang Lin for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

8.    On the Eighth Claim, (a) an order declaring that the Lin Transfer in an amount not less than $207,394.26 is avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276; (b) an order directing that the Lin Transfer be set aside; and (c) recovery of the Lin Transfer, or the value thereof at the Trustee's option, from

36

Defendant Zhang Lin for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

9. On the Ninth Claim, (a) an order declaring that the Huang Transfer in an amount not less than $160,000 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Huang Transfer be set aside; and (c) recovery of the Huang Transfer, or the value thereof at the Trustee's option, from Defendant Tian Shu Huang for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

10. On the Tenth Claim, (a) an order declaring that the Huang Transfer in an amount not less than $160,000 is avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276; (b) an order directing that the Huang Transfer be set aside; and (c) recovery of the Huang Transfer, or the value thereof at the Trustee's option, from Defendant Tian Shu Huang for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

11. On the Eleventh Claim, (a) an order declaring that the Yang Transfers in an amount not less than $199,800 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Yang Transfers  be set aside; and (c) recovery of the Yang Transfers, or the value thereof at the Trustee's option, from Defendant Mi Kyung Yang for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

12. On the Twelfth Claim, (a) an order declaring that the Wang Transfers in an amount not less than $199,800 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Wang Transfers be set aside; and (c) recovery of the Wang Transfers, or the value thereof at the Trustee's option, from Defendant Xue Wang for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

13.     On the Thirteenth Claim, (a) an order declaring that the Zhang Transfers in an amount not less than $199,400.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Zhang Transfers be set aside; and (c) recovery of the Zhang Transfers, or the value thereof at the Trustee's option, from Defendant Yaping Zhang for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

14.     On the Fourteenth Claim, (a) an order declaring that the Z. Li Transfers in an amount not less than $198,987.15 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Z. Li Transfers be set aside; and (c) recovery of the Z. Li Transfers, or the value thereof at the Trustee's option, from Defendant Zhixuan Li for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

15.     On the Fifteenth Claim, (a) an order declaring that the Zhu Transfers in an amount not less than $178,880 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Zhu Transfers be set aside; and (c) recovery of the Zhu Transfers, or the value thereof at the Trustee's option, from Defendant Fanggui Zhu for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

16.     On the Sixteenth Claim, (a) an order declaring that the Lan Transfers in an amount not less than $169,400 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Lan Transfers be set aside; and (c) recovery of the Lan Transfers, or the value thereof at the Trustee's option, from Defendant Yuechen Lan for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

17.     On the Seventeenth Claim, (a) an order declaring that the S. Li Transfers in an amount not less than $149,800 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the S. Li Transfers be set aside; and (c) recovery of the S. Li Transfers,

or the value thereof at the Trustee's option, from Defendant Shiuing Li for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

18.     On the Eighteenth Claim, (a) an order declaring that the Smee Transfers in an amount not less than $119,900 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Smee Transfers be set aside; and (c) recovery of the Smee Transfers, or the value thereof at the Trustee's option, from Defendants Cameron and Roger Smee for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

19.     On the Nineteenth Claim, (a) an order declaring that the Chen Prepetition Transfer in an amount not less than $62,900 is avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Chen Prepetition Transfer be set aside; and (c) recovery of the Chen Prepetition Transfer, or the value thereof at the Trustee's option, from Defendant Jianxiao Chen for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

20.     On the Twentieth Claim, (a) an order declaring that the Chen Prepetition Transfer in an amount not less than $62,900 is avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276; (b) an order directing that the Chen Prepetition Transfer be set aside; and (c) recovery of the Chen Prepetition Transfer, or the value thereof at the Trustee's option, from Defendant Jianxiao Chen for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

21.     On the Twenty-first Claim, (a) an order declaring that the Chen Postpetition Transfers in an amount not less than $55,292.35 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Chen Postpetition Transfers be set aside; and (c) recovery of the Chen Postpetition Transfers, or the value thereof at the Trustee's option, from

Defendant Jianxiao Chen for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

22.     Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

23.     Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

Dated:  February 15, 2024          LUC A. DESPINS
       New Haven, CT          CHAPTER 11 TRUSTEE


By: */s/ Avram E. Luft*_____
    Avram E. Luft (admitted pro hac vice)
    Douglass Barron (admitted pro hac vice)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6000
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

*and*

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

41

## **SCHEDULE A**

Filed Under Seal

## **SCHEDULE B**

Filed Under Seal

## **SCHEDULE C**

Filed Under Seal

## **SCHEDULE D**

Filed Under Seal

## **SCHEDULE E**

Filed Under Seal

## **SCHEDULE F**

Filed Under Seal

## **SCHEDULE G**

Filed Under Seal

## **SCHEDULE H**

Filed Under Seal

## **SCHEDULE I**

Filed Under Seal

## **SCHEDULE J**

Filed Under Seal

## **<u>SCHEDULE K</u>**

Filed Under Seal

## **SCHEDULE L**

Filed Under Seal

## **SCHEDULE M**

Filed Under Seal

## **SCHEDULE N**

Filed Under Seal

## **SCHEDULE O**

Filed Under Seal