B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## ADVERSARY PROCEEDING COVER SHEET
## DEFENDANTS CONTINUATION PAGE

1. Lamp Capital LLC

2. Golden Spring (New York) Limited

3. Greenwich Land LLC

4. HCHK Technologies Inc.

5. HCHK Property Management Inc.

6. Lexington Property and Staffing Inc.

7. Hudson Diamond NY LLC

8. Leading Shine NY Ltd.

9. G Club International Limited

10. G Club Operations LLC

11. G Fashion

12. G Fashion Media Group Inc.

13. Rule of Law Foundation III Inc.

14. Rule of Law Society IV Inc.

15. GFNY Inc.

16. Antion Development Limited

17. Himalaya International Clearing Ltd.

18. China Golden Spring Group (Honk Kong) Ltd.

19. GF Italy LLC

20. ACA Capital Limited

21. Hamilton Investment Management Ltd.

22. Hamilton Opportunity Fund SPC

23. Hamilton Capital Holding Ltd.

24. Himalaya Currency Clearing Pty Ltd.

25. Himalaya International Financial Group Ltd.

26. Himalaya International Reserves Ltd.

27. Saraca Media Group Inc.

28. G Fashion International Limited

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------- :
  : 
In re:   :   Chapter 11
  : 
HO WAN KWOK, *et al.*,[1]   :   Case No. 22-50073 (JAM)
  : 
              Debtors.   :   (Jointly Administered)
  : 
---------------------------------------------------- :
  : 
LUC A. DESPINS, CHAPTER 11   : 
TRUSTEE,   : 
  :   Adv. Proceeding No. [_____]
              Plaintiff,   : 
v.   : 
  : 
  :   February 15, 2024
LAMP CAPITAL LLC, *et al.*   : 
  : 
              Defendants.   : 
  : 
---------------------------------------------------- :

**COMPLAINT OF CHAPTER 11 TRUSTEE**
**SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS,**
**AND POSTPETITION TRANSFERS AMONG ALTER EGO ENTITIES AND RELATED**
**RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 548, 549, AND 550**
**AND NEW YORK DEBTOR & CREDITOR LAW SECTIONS 273, 274, AND 276**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

adversary complaint (the "Complaint") against defendants, Lamp Capital LLC ("Lamp Capital"),

---

[1]      The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Golden Spring (New York) Limited ("Golden Spring"), Greenwich Land LLC ("Greenwich Land"), HCHK Technologies Inc. ("HCHK Technologies"), HCHK Property Management Inc. ("HCHK Property"), Lexington Property and Staffing Inc.("Lexington"), Hudson Diamond NY LLC ("Hudson Diamond"), Leading Shine NY Ltd. ("Leading Shine"), G Club International Limited ("G Club International"), G Club Operations LLC ("G Club Operations"), G Fashion ("G Fashion"), G Fashion Media Group Inc. ("G Media"), Rule of Law Foundation III Inc. ("Rule of Law"), Rule of Law Society IV Inc. ("Rule of Law Society"), GFNY Inc. ("GFNY"), Anton Development Limited ("Anton Development"), Himalaya International Clearing Ltd. ("Himalaya Intl."), China Golden Spring Group (Hong Kong) Ltd ("China Golden"), GF Italy LLC ("GF Italy"), ACA Capital Limited ("ACA"), Hamilton Investment Management Ltd ("Hamilton"), Hamilton Opportunity Fund SPC ("Hamilton Opportunity"), Hamilton Capital Holding Ltd ("Hamilton Capital"), Himalaya Currency Clearing Pty Ltd ("Himalaya Currency"), Himalaya International Financial Group Ltd ("Himalaya Financial"), Himalaya International Reserves Ltd ("Himalaya Reserves"), Saraca Media Group Inc. ("Saraca"), and G Fashion International Limited ("GFI") (collectively, the "Defendants"), stating as follows:

## NATURE OF ACTION

1.      The Trustee commences this adversary proceeding to avoid and recover: (a) transfers of the Debtor's property prior to the commencement of this Chapter 11 Case; and (b) transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").  **The Trustee will not prosecute the claims in this Complaint upon the Court's determinations as to the Defendants' alter ego status (*i.e.*, that the Defendants are**

**the Debtor's alter egos and/or that the Defendants' property is beneficially owned by the Debtor) becoming final and/or no longer subject to challenge.[2]**

2.      The Debtor, through his alter-ego shell companies, transferred funds in the following amounts prior to the Petition Date (as defined herein) to the Defendants, as initial transferees, as set forth below (and as more fully set forth on the Schedules attached hereto and made a part hereof:

    a.  $49,376,818.35 to Lamp Capital;

    b.  $42,390,761.75 to Golden Spring;

    c.  $12,554,528.53 to Greenwich Land;

    d.  $1,784,915.29 to HCHK Technologies;

    e.  $30,930,373.91 to Lexington;

    f.  $18,704,990.00 to Hudson Diamond;

    g.  $9,075,849.25 to Leading Shine;

    h.  $72,654,694.57 to G Club International;

    i.  $110,000.00 to G Club Operations;

    j.  $3,420,750.00 to G Fashion;

    k.  $6,255,000.42 to G Media;

    l.  $1,100,000.00 to Rule of Law;

    m.  $200,000.00 to Rule of Law Society;

    n.  $9,600,000.00 to GFNY;

---

[2]    The Trustee has asserted, in *Despins v. ACA Capital Group Ltd., et al.*, Adv. Proc. No. 24-05249 (the "Omnibus Alter Ego A.P."), claims to determine that additional entities (which are not Defendants in this Complaint) were likewise alter egos of the Debtor and/or that the property of such additional entities was beneficially owned by the Debtor. The Trustee reserves the right to assert avoidance claims against these additional alter-ego entities based upon further progress in the Trustee's investigation.

  o.  $5,800,000.00 to Anton Development;

  p.  $109,166,373.33 to Himalaya Intl.;

  q.  $256,000.00 to China Golden;

  r.  $26,625,000.00 to ACA;

  s.  $3,209,061.04 to Hamilton;

  t.  $151,496,699.43 to Hamilton Opportunity;

  u.  $13,429,900.98 to Hamilton Capital; and

  v.  $7,524,940.00 to Saraca.

3.  These transfers were actually fraudulent, because the Debtor effectuated them as part of his "shell game," and they were made with the intent to hinder, delay, and/or defraud the Debtor's creditors. Alternatively, these transfers were constructively fraudulent, because they were made when the Debtor was insolvent, and the Debtor did not receive reasonably equivalent value in consideration thereof.

4.  Following the Petition Date, the Debtor, through his alter-ego shell companies, transferred funds to the Defendants as initial transferee, as follows:

  a.  $3,499,935.00 to Lamp Capital;

  b.  $2,054,984.06 to Golden Spring;

  c.  $550,000.00 to Greenwich Land;

  d.  $4,268,011.37 to HCHK Technologies;

  e.  $1,128,921.69 to HCHK Property;

  f.  $4,178,030.29 to Lexington;

  g.  $72,042,835.16 to G Club International;

  h.  $5,050,000.00 to G Club Operations;

    i.   $852,500.00 to Rule of Law;

    j.   $1,122,550.00 to Rule of Law Society;

    k.   $8,966,163.07 to GFNY;

    l.   $34,715,573.08 to Himalaya Intl.

    m.   $3,710,933.00 to GF Italy;

    n.   $31,232,657.00 to ACA;

    o.   $37,333,500.00 to Hamilton;

    p.   $192,899,889.20 to Hamilton Opportunity;

    q.   $44,164,391.38 to Hamilton Capital;

    r.   $180,000.00 to Himalaya Currency;

    s.   $51,712,920.60 to Himalaya Financial;

    t.   $267,000,000.00 to Himalaya Reserves; and

    u.   $3,350,025.77 to GFI.

5.     Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

7.     This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

8.      The statutory predicates for the relief sought herein include sections 544, 548, 549,
and 550 of the Bankruptcy Code and New York Debtor & Creditor Law sections 273, 274, and
276 [3] or any other applicable state law equivalents.

## THE PARTIES

9.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the
Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket
No. 523].

10.     Lamp Capital is a Delaware limited liability company.

11.     Golden Spring is a Delaware limited liability company.

12.     Greenwich Land is a Delaware limited liability company.

13.     HCHK Technologies is a Delaware corporation.

14.     HCHK Property is a Delaware corporation.

15.     Lexington is a Delaware corporation.

16.     Hudson Diamond is a New York entity.

17.     Leading Shine is a Delaware entity.

18.     G Club International is an entity organized in the British Virgin Islands ("BVI").

19.     G Club Operations is an entity organized in Puerto Rico.

20.     G Fashion is an entity organized in the BVI.

21.     G Media is a Delaware entity.

---

[3]    All statutory references to New York Debtor and Creditor Law will hereinafter be referred to as "N.Y. Debt. &
Cred. Law". The New York Uniform Voidable Transactions Act ("NYUVT") replaced the New York Uniform
Fraudulent Conveyance Act ("NYUFC") and became effective on April 4, 2020 and applies to transfers made or
obligations incurred on or after April 4, 2020.  With respect to transfers prior to April 4, 2020, the Trustee seeks
relief in this action under the NYUFC and N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278.

22.    Rule of Law is a Delaware entity.

23.    Rule of Law Society is a Delaware entity.

24.    GFNY is a Delaware entity.

25.    Anton Development is a Hong Kong entity.

26.    Himalaya Intl. is a British Virgin Islands entity.

27.    China Golden is a Hong Kong entity.

28.    GF Italy is a Delaware limited liability company.

29.    ACA is a Hong Kong entity.

30.    Hamilton is a British Virgin Island entity.

31.    Hamilton Opportunity is a Cayman Islands entity.

32.    Hamilton Capital is a United Kingdom entity.

33.    Hamilton Currency is an Australian entity.

34.    Himalaya Financial is an entity organized in the BVI.

35.    Himalaya Reserves is an entity organized in the BVI.

36.    Saraca is a Delaware entity.

37.    GFI is an entity organized in the BVI.

## **FACTS**

### A.    **Chapter 11 Case**

38.    The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the Chapter 11 Case.

39.    On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

40.     The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[4]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter-ego shell companies.

41.     On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

B.     **Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

42.     The Debtor used numerous alter-ego shell companies to hinder, delay, and/or defraud his creditors.[5]  For years, the Debtor has orchestrated a "shell game," employing a

---

[4]     Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

[5]     There is a pending motion for summary judgment to determine that Greenwich Land is the alter ego of the Debtor in the adversary proceeding *Despins v. Greenwich Land, LLC* (Adv. Proc. No. 23-5005 (the "Greenwich Land A.P."), Docket No. 78).  The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Greenwich Land A.P. (Adv. Proc. No. 23-5005, Docket No. 1).

The Court has entered judgment to the effect that Golden Spring was the Debtor's alter ego.  *See Despins v. Golden Spring (New York) Limited* (Adv. Proc. No. 23-5018 (the "Golden Spring A.P."), Docket No. 35).  The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Golden Spring A.P. (Adv. Proc. No. 23-5018, Docket No. 1).

Default has entered against HCHK Technologies, HCHK Property and Lexington in the adversary proceeding *Despins v. HCHK Technologies, Inc., et. al.* (Adv. Proc. No. 23-5013 (the "HCHK Entities A.P."), Docket No. 139), which adversary proceeding seeks, among other things, a declaratory judgment that HCHK Technologies, HCHK Property and Lexington were the alter egos of the Debtor.  The Trustee incorporates by reference herein, the Trustee's Complaint filed in the HCHK Entities A.P. (Adv. Proc. No. 23-5013, Docket No. 1).

The Trustee has commenced an adversary proceeding against Hudson Diamond, which adversary proceeding seeks, among other things, a declaratory judgment that Hudson Diamond was the alter ego of the Debtor.  *See Despins v. Lamp Capital LLC, et al.* (Adv. Proc. No. 23-5023 (the "Lamp Capital A.P.")).  The Trustee

convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor. This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets—while concealing his property from creditors.

43.     Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several such adversary proceedings the Bankruptcy Court has already granted such relief.[6]

44.     The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from

_____

incorporates by reference herein, the Trustee's Complaint filed in the Lamp Capital A.P. (Adv. Proc. No. 23-5023, Docket No. 1).

The Court has entered judgment to the effect that Lamp Capital was the Debtor's alter ego. *See Despins v. Lamp Capital LLC, et al.* (Adv. Proc. No. 23-5023 (the "Lamp Capital A.P."), Docket No. 66). The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Lamp Capital A.P. (Adv. Proc. No. 23-5023, Docket No. 1).

Default has entered against Leading Shine in the adversary proceeding *Despins v. Lamp Capital LLC, et al.* (Adv. Proc. No. 23-5023 (the "Lamp Capital A.P."), Docket No. 13), which adversary proceeding seeks, among other things, a declaratory judgment that Leading Shine was the alter ego of the Debtor. The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Lamp Capital A.P. (Adv. Proc. No. 23-5023, Docket No. 1).

The Trustee has commenced the Omnibus Alter Ego A.P. against, among others, the remaining Defendants in this Complaint, which adversary proceeding seeks, among other things, a declaratory judgment that G Club Operations, G Club International, G Media, G Fashion, Anton Development, Rule of Law and Rule of Law Society were the alter egos of the Debtor. The Trustee incorporates by reference herein, the Trustee's Complaint filed in such adversary proceeding.

[6]     These include the following adversary proceedings: (i) Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC, et al. [Adv. Proc. No. 22-05003];  (ii) Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC, et al. [Adv. Proc. No. 23-05005]; (iii) Luc A. Despins, Chapter 11 Trustee v. Mei Guo [Adv. Proc. No. 23-05008]; (iv) Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc., et al. [Adv. Proc. No. 23-05013]; (v) Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC, et al. [Adv. Proc. No. 23-05017]; (vi)  Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited [Adv. Proc. 23-05018]; and (vii) Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC, et al. [Adv. Proc. 23-05023].

other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

## C.    Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors

45.    In addition to the matters addressed in the Trustee's adversary proceedings, the Bankruptcy Court has found that the Debtor was the beneficial owner of Ace Decade Limited (and through it, Dawn State Limited) and that the Debtor controlled and employed Ace Decade Limited's nominee shareholder, Yvette Wang.[7]

46.    The Bankruptcy Court has also found that the "G Entities" (Gettr, G Fashion, G Music, GClubs, GNews and GEdu), the New Federal State of China and the Rule of Law Foundation, as well as other purportedly independent entities and organizations, were controlled by the Debtor[8], led by the Debtor[9] and/or served "the purposes of… and as business vehicles of" the Debtor.[10]

47.    Prior to the Petition Date, Judge Liman of the United States District Court for the Southern District of New York found that Eastern Profit Corporation Limited, an entity originally owned by one of the Debtor's chefs before its transfer to Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[11]

---

[7]    Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, ¶¶ 1, 4 (Jan. 24, 2023, Docket No. 1372 ("Corp. Governance Contempt Order").

[8]    Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction, ¶ 3 (Adv. Proc. No. 22-05032, January 13, 2023 ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[9]    Id. at ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF and Himalaya.").

[10]    Id. ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

[11]    Eastern Profit Corp. Ltd. v. Strategic Vision US LLC, No. 18-CV-2185 (LJL) 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

48.    The Debtor has gone to great lengths to hinder and delay the collection efforts of one of his largest creditors, *i.e.*, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX").  In 2017, PAX sued the Debtor in the Supreme Court of the State of New York (the "New York Court"), Index No. 652077/2017 (the "PAX Case"), seeking judgment for monies owed.  On February 3, 2021, PAX obtained a judgment from the New York Court against the Debtor in the sum of $116,402,019.57 (the "PAX Judgment").  PAX sought to enforce the PAX Judgment by levying the Debtor's assets—including the Lady May, which the Debtor falsely claimed was owned by his daughter, and the Debtor's luxury apartment in Manhattan, which the Debtor falsely claimed was held in trust for the Debtor's son.  The Debtor's defiance of New York Court orders in post-judgment proceedings eventually resulted in the Debtor incurring contempt penalties of $134 million.

49.    The Debtor also used his alter egos as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims.  The transfers that the Debtor effectuated through these alter egos perpetuated the Debtor's fraudulent scheme.

50.    The Debtor has testified before the Bankruptcy Court that he has insufficient assets to pay his liabilities and that his luxurious lifestyle is funded by his family through businesses nominally held by family members.[12]  The Debtor scheduled only $3,850 in assets.[13]

---

[12]    Hearing on Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (Main Case, April 27, 2022)

[13]    *See* n.4

51.     In March 2023, the Debtor was arrested and remains confined pending his trial on federal criminal charges of, among other things, wire fraud, securities fraud, and money laundering.

52.     In its criminal indictment of the Debtor, the United States Government asserts that the Debtor and his co-defendants "utilized more than approximately 500 accounts held in the names of *at least 80 different entities or individuals* to launder more than $1 billion in fraud proceeds."[14]

53.     The property of the Debtor's alter egos was at all times prior to the Petition Date property of the Debtor.

54.     At all times relevant herein, the Debtor conducted business in New York, New York, including direction of the prepetition transfers at issue in this Complaint.

**D.     Debtor's Shell Game and Fraud Continues Postpetition**

55.     As of the Petition Date, all of the Debtor's property held through his alter egos became property of the chapter 11 estate.  *See* 11 U.S.C. § 541(a)(1).

56.     Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter-ego shell companies.

57.     None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

---

[14]   *See* Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release at 29, attached as Exhibit B in the Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief (June 23, 2023, Main Case Docket No. 1934).

**E.    Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

58.    The Transfers (as defined herein) at issue in this Complaint were made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as they were all made through the Debtor's alter-ego shell companies operated as a part of the Debtor's shell game.

59.    The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors.  The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

60.    The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes.  As a result of this conduct, the Debtor faces multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York.  *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 215] (Jan. 3, 2024 S.D.N.Y.).

61.    The Debtor knew and intended that by concealing and dissipating his assets in this manner there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds.  These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

**F.    Transfers to the Defendant**

62.    Prior to the Petition Date, the Debtor, using his alter-ego shell companies, or otherwise, transferred the Debtor's property to the Defendants (collectively, the "Prepetition Transfers"), as follows:

a. The Prepetition Transfers identified on **Schedule A1** attached hereto and incorporated herein (the "Lamp Capital Prepetition Transfers") were made by the Debtor through his alter egos to Lamp Capital.

b. The Prepetition Transfers identified on **Schedule A2** attached hereto and incorporated herein (the "Golden Spring Prepetition Transfers") were made by the Debtor through his alter egos to Golden Spring.

c. The Prepetition Transfers identified on **Schedule A3** attached hereto and incorporated herein (the "Greenwich Land Prepetition Transfers") were made by the Debtor through his alter egos to Greenwich Land.

d. The Prepetition Transfers identified on **Schedule A4** attached hereto and incorporated herein (the "HCHK Technologies Prepetition Transfers") were made by the Debtor through his alter egos to HCHK Technologies.

e. **Schedule A5** intentionally omitted.

f. The Prepetition Transfers identified on **Schedule A6** attached hereto and incorporated herein (the "Lexington Prepetition Transfers") were made by the Debtor through his alter egos to Lexington.

g. The Prepetition Transfers identified on **Schedule A7** attached hereto and incorporated herein (the "Hudson Diamond Prepetition Transfers") were made by the Debtor through his alter egos to Hudson Diamond.

h. The Prepetition Transfers identified on **Schedule A8** attached hereto and incorporated herein (the "Leading Shine Prepetition Transfers") were made by the Debtor through his alter egos to Leading Shine.

i.      The Prepetition Transfers identified on **Schedule A9** attached hereto and incorporated herein (the "G Club International Prepetition Transfers") were made by the Debtor through his alter egos to G Club International.

j.      The Prepetition Transfers identified on **Schedule A10** attached hereto and incorporated herein (the "G Club Operations Prepetition Transfers") were made by the Debtor through his alter egos to G Club Operations.

k.      The Prepetition Transfers identified on **Schedule A11** attached hereto and incorporated herein (the "G Fashion Prepetition Transfers") were made by the Debtor through his alter egos to G Fashion.

l.      The Prepetition Transfers identified on **Schedule A12** attached hereto and incorporated herein (the "G Media Prepetition Transfers") were made by the Debtor through his alter egos to G Media.

m.      The Prepetition Transfers identified on **Schedule A13** attached hereto and incorporated herein (the "Rule of Law Prepetition Transfers") were made by the Debtor through his alter egos to Rule of Law.

n.      The Prepetition Transfers identified on **Schedule A14** attached hereto and incorporated herein (the "Rule of Law Society Prepetition Transfers") were made by the Debtor through his alter egos to Rule of Law Society.

o.      The Prepetition Transfers identified on **Schedule A15** attached hereto and incorporated herein (the "GFNY Prepetition Transfers") were made by the Debtor through his alter egos to GFNY.

15

p.      The Prepetition Transfers identified on **Schedule A16** attached hereto and incorporated herein (the "Anton Development Prepetition Transfers") were made by the Debtor through his alter egos to Anton Development.

q.      The Prepetition Transfers identified on **Schedule A17** attached hereto and incorporated herein (the "Himalaya Intl. Prepetition Transfers") were made by the Debtor through his alter egos to Himalaya Intl.

r.      The Prepetition Transfers identified on **Schedule A18** attached hereto and incorporated herein (the "China Golden Prepetition Transfers") were made by the Debtor through his alter egos to China Golden.

s.      The Prepetition Transfers identified on **Schedule A19** attached hereto and incorporated herein (the "ACA Prepetition Transfers") were made by the Debtor through his alter egos to ACA.

t.      The Prepetition Transfers identified on **Schedule A20** attached hereto and incorporated herein (the "Hamilton Prepetition Transfers") were made by the Debtor through his alter egos to Hamilton.

u.      The Prepetition Transfers identified on **Schedule A21** attached hereto and incorporated herein (the "Hamilton Opportunity Prepetition Transfers") were made by the Debtor through his alter egos to Hamilton Opportunity.

v.      The Prepetition Transfers identified on **Schedule A22** attached hereto and incorporated herein (the "Hamilton Capital Prepetition Transfers") were made by the Debtor through his alter egos to Hamilton.

w.      The Prepetition Transfers identified on **Schedule A23** attached hereto and incorporated herein (the "Saraca Prepetition Transfers") were made by the Debtor through his alter egos to Hamilton.

63.      Subsequent to the Petition Date, the Debtor, using his alter-ego shell companies, or otherwise, transferred property of the estate to the Defendants (collectively, the "Postpetition Transfers"), as follows:

a.      The Postpetition Transfers identified on **Schedule B1** attached hereto and incorporated herein (the "Lamp Capital Postpetition Transfers") were made by the Debtor through his alter egos to Lamp Capital.

b.      The Postpetition Transfers identified on **Schedule B2** attached hereto and incorporated herein (the "Golden Spring Postpetition Transfers") were made by the Debtor through his alter egos to Golden Spring.

c.      The Postpetition Transfers identified on **Schedule B3** attached hereto and incorporated herein (the "Greenwich Land Postpetition Transfers") were made by the Debtor through his alter egos to Greenwich Land.

d.      The Postpetition Transfers identified on **Schedule B4** attached hereto and incorporated herein (the "HCHK Technologies Postpetition Transfers") were made by the Debtor through his alter egos to HCHK Technologies.

e.      The Postpetition Transfers identified on **Schedule B5** attached hereto and incorporated herein (the "HCHK Property Postpetition Transfers") were made by the Debtor through his alter egos to HCHK Property.

17

f. The Postpetition Transfers identified on **Schedule B6** attached hereto and incorporated herein (the "Lexington Postpetition Transfers") were made by the Debtor through his alter egos to Lexington.

g. The Postpetition Transfers identified on **Schedule B7** attached hereto and incorporated herein (the "G Club International Postpetition Transfers") were made by the Debtor through his alter egos to G Club International.

h. The Postpetition Transfers identified on **Schedule B8** attached hereto and incorporated herein (the "G Club Operations Postpetition Transfers") were made by the Debtor through his alter egos to G Club Operations.

i. The Postpetition Transfers identified on **Schedule B9** attached hereto and incorporated herein (the "Rule of Law Postpetition Transfers") were made by the Debtor through his alter egos to Rule of Law.

j. The Postpetition Transfers identified on **Schedule B10** attached hereto and incorporated herein (the "Rule of Law Society Postpetition Transfers") were made by the Debtor through his alter egos to Rule of Law Society.

k. The Postpetition Transfers identified on **Schedule B11** attached hereto and incorporated herein (the "GFNY Postpetition Transfers") were made by the Debtor through his alter egos to GFNY.

l. The Postpetition Transfers identified on **Schedule B12** attached hereto and incorporated herein (the "Himalaya Intl. Postpetition Transfers") were made to Himalaya Intl. by the Debtor through his alter-ego shell companies.

m.      The Postpetition Transfers identified on **Schedule B13** attached hereto and incorporated herein (the "GF Italy Postpetition Transfers") were made to GF Italy by the Debtor through his alter-ego shell companies.

n.      The Postpetition Transfers identified on **Schedule B14** attached hereto and incorporated herein (the "ACA Postpetition Transfers") were made to ACA by the Debtor through his alter-ego shell companies.

o.      The Postpetition Transfers identified on **Schedule B15** attached hereto and incorporated herein (the "Hamilton Postpetition Transfers") were made to Hamilton by the Debtor through his alter-ego shell companies.

p.      The Postpetition Transfers identified on **Schedule B16** attached hereto and incorporated herein (the "Hamilton Opportunity Postpetition Transfers") were made to Hamilton Opportunity by the Debtor through his alter-ego shell companies.

q.      The Postpetition Transfers identified on **Schedule B17** attached hereto and incorporated herein (the "Hamilton Capital Postpetition Transfers") were made to Hamilton Capital by the Debtor through his alter-ego shell companies.

r.      The Postpetition Transfers identified on **Schedule B18** attached hereto and incorporated herein (the "Himalaya Currency Postpetition Transfers") were made to Himalaya Currency by the Debtor through his alter-ego shell companies.

s.      The Postpetition Transfers identified on **Schedule B19** attached hereto and incorporated herein (the "Himalaya Financial Postpetition Transfers") were made to Himalaya Financial by the Debtor through his alter-ego shell companies.

t.      The Postpetition Transfers identified on **Schedule B20** attached hereto and incorporated herein (the "Himalaya Reserves Postpetition Transfers") were made to Himalaya Reserves by the Debtor through his alter-ego shell companies.

u.      The Postpetition Transfers identified on **Schedule B21** attached hereto and incorporated herein (the "GFI Postpetition Transfers") were made to GFI by the Debtor through his alter-ego shell companies.

64.     At the time of the Prepetition Transfers and the Postpetition Transfers (collectively, the "Transfers"), the Debtor had outstanding obligations to creditors of the Debtor's estate.

65.     The Defendants were the initial transferees of the Transfers.

## FIRST CLAIM

**(Transfers to Lamp Capital)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

66.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

67.     The Lamp Capital Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

68.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Lamp Capital Prepetition Transfers is shown by, among other things:

a.      The Lamp Capital Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Lamp Capital Prepetition Transfers were concealed from the Debtor's creditors;

20

c.      The Lamp Capital Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Lamp Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Lamp Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Lamp Capital Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Lamp Capital Prepetition Transfers, the Debtor was insolvent or undercapitalized.

69.     The Lamp Capital Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SECOND CLAIM

**(Transfers to Lamp Capital)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

70.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

71.     The Lamp Capital Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

21

72.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Lamp Capital Prepetition Transfers is shown by, among other things:

a.      The Lamp Capital Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Lamp Capital Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Lamp Capital Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Lamp Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Lamp Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Lamp Capital Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Lamp Capital Prepetition Transfers, the Debtor was insolvent or undercapitalized.

73.     The Lamp Capital Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRD CLAIM

**(Transfers to Lamp Capital)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to
Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

74.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

75.     The Debtor received less than a reasonably equivalent value in exchange for the Lamp Capital Prepetition Transfers.

76.     At the time of the Lamp Capital Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Lamp Capital Prepetition Transfers.

77.     At the time of the Lamp Capital Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

78.     At the time of the Lamp Capital Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

79.     The Lamp Capital Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FOURTH CLAIM

**(Transfers to Lamp Capital)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. &
Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

80.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

81.    The Debtor did not receive reasonably equivalent value in exchange for the Lamp Capital Prepetition Transfers.

82.    At the time of the Lamp Capital Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Lamp Capital Prepetition Transfers.

83.    At the time of the Lamp Capital Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

84.    At the time of the Lamp Capital Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

85.    The Lamp Capital Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FIFTH CLAIM

**(Transfers to Lamp Capital)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

86.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

87.    The Lamp Capital Postpetition Transfers were made to Lamp Capital by the Debtor through his alter-ego shell companies.

88.    The Lamp Capital Postpetition Transfers occurred after the Petition Date.

89.    The Lamp Capital Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

90.     The Lamp Capital Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

91.     The Lamp Capital Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

92.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Lamp Capital Postpetition Transfers, or the value thereof, from Lamp Capital plus interest thereon to the date of payment and the costs of this action.

## SIXTH CLAIM

### (Transfers to Golden Spring)
### Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to
### Bankruptcy Code sections 548(a)(1)(A) and 550(a))

93.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

94.     The Golden Spring Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

95.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Golden Spring Prepetition Transfers is shown by, among other things:

    a.     The Golden Spring Prepetition Transfers were effectuated using an alter-ego shell company;

    b.     The Golden Spring Prepetition Transfers were concealed from the Debtor's creditors;

    c.     The Golden Spring Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

25

       d.      The Golden Spring Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

       e.      The Golden Spring Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

       f.      At the time of the Golden Spring Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

       g.      At the time of the Golden Spring Prepetition Transfers, the Debtor was insolvent or undercapitalized.

96.      The Golden Spring Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTH CLAIM

**(Transfers to Golden Spring)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

97.      The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

98.      The Golden Spring Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

99.      The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Golden Spring Prepetition Transfers is shown by, among other things:

a.      The Golden Spring Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Golden Spring Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Golden Spring Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Golden Spring Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Golden Spring Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Golden Spring Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Golden Spring Prepetition Transfers, the Debtor was insolvent or undercapitalized.

100.    The Golden Spring Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTH CLAIM

**(Transfers to Golden Spring)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

101.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

102.    The Debtor received less than a reasonably equivalent value in exchange for the Golden Spring Prepetition Transfers.

103.    At the time of the Golden Spring Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Golden Spring Prepetition Transfers.

104.    At the time of the Golden Spring Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

105.    At the time of the Golden Spring Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

106.    The Golden Spring Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINTH CLAIM

**(Transfers to Golden Spring)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

107.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

108.    The Debtor did not receive reasonably equivalent value in exchange for the Golden Spring Prepetition Transfers.

109.    At the time of the Golden Spring Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Golden Spring Prepetition Transfers.

110.    At the time of the Golden Spring Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

111.    At the time of the Golden Spring Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

112.    The Golden Spring Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TENTH CLAIM

**(Transfers to Golden Spring)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to**
**Bankruptcy Code sections 549 and 550(a))**

113.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

114.    The Golden Spring Postpetition Transfers_were made to Golden Spring by the Debtor through his alter-ego shell companies.

115.    The Golden Spring Postpetition Transfers occurred after the Petition Date.

116.    The Golden Spring Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

29

117.     The Golden Spring Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

118.     The Golden Spring Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

119.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Golden Spring Postpetition Transfers, or the value thereof, from Golden Spring plus interest thereon to the date of payment and the costs of this action.

## ELEVENTH CLAIM

**(Transfers to Greenwich Land)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

120.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

121.     The Greenwich Land Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

122.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Greenwich Land Prepetition Transfers is shown by, among other things:

a.     The Greenwich Land Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The Greenwich Land Prepetition Transfers were concealed from the Debtor's creditors;

c.     The Greenwich Land Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

30

d.      The Greenwich Land Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Greenwich Land Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Greenwich Land Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Greenwich Land Prepetition Transfers, the Debtor was insolvent or undercapitalized.

123.    The Greenwich Land Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWELFTH CLAIM

**(Transfers to Greenwich Land)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

124.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

125.    The Greenwich Land Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

126.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Greenwich Land Prepetition Transfers is shown by, among other things:

      a.      The Greenwich Land Prepetition Transfers were effectuated using an alter-ego shell company;

      b.      The Greenwich Land Prepetition Transfers were concealed from the Debtor's creditors;

      c.      The Greenwich Land Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

      d.      The Greenwich Land Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

      e.      The Greenwich Land Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

      f.      At the time of the Greenwich Land Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

      g.      At the time of the Greenwich Land Prepetition Transfers, the Debtor was insolvent or undercapitalized.

127.    The Greenwich Land Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTEENTH CLAIM

### (Transfers to Greenwich Land)
### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

128.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

129.    The Debtor received less than a reasonably equivalent value in exchange for the Greenwich Land Prepetition Transfers.

130.    At the time of the Greenwich Land Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Greenwich Land Prepetition Transfers.

131.    At the time of the Greenwich Land Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

132.    At the time of the Greenwich Land Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

133.    The Greenwich Land Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FOURTEENTH CLAIM

### (Transfers to Greenwich Land)
### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))

134.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

33

135.     The Debtor did not receive reasonably equivalent value in exchange for the Greenwich Land Prepetition Transfers.

136.     At the time of the Greenwich Land Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Greenwich Land Prepetition Transfers.

137.     At the time of the Greenwich Land Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

138.     At the time of the Greenwich Land Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

139.     The Greenwich Land Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FIFTEENTH CLAIM**

**(Transfers to Greenwich Land)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

140.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

141.     The postpetition transfers identified on were made to Greenwich Land by the Debtor through his alter-ego shell companies.

142.     The Greenwich Land Postpetition Transfers occurred after the Petition Date.

143.     The Greenwich Land Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

144.     The Greenwich Land Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

145.     The Greenwich Land Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Greenwich Land Postpetition Transfers, or the value thereof, from Greenwich Land plus interest thereon to the date of payment and the costs of this action.

## SIXTEENTH CLAIM

**(Transfers to HCHK Technologies)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

146.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

147.     The HCHK Technologies Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

148.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the HCHK Technologies Prepetition Transfers is shown by, among other things:

a.     The HCHK Technologies Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The HCHK Technologies Prepetition Transfers were concealed from the Debtor's creditors;

c.     The HCHK Technologies Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

35

d.      The HCHK Technologies Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The HCHK Technologies Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the HCHK Technologies Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the HCHK Technologies Prepetition Transfers, the Debtor was insolvent or undercapitalized.

149.    The HCHK Technologies Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTEENTH CLAIM

### (Transfers to HCHK Technologies)
### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

150.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

151.    The HCHK Technologies Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

152.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the HCHK Technologies Prepetition Transfers is shown by, among other things:

36

a.      The HCHK Technologies Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The HCHK Technologies Prepetition Transfers were concealed from the Debtor's creditors;

c.      The HCHK Technologies Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The HCHK Technologies Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The HCHK Technologies Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the HCHK Technologies Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the HCHK Technologies Prepetition Transfers, the Debtor was insolvent or undercapitalized.

153.    The HCHK Technologies Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTEENTH CLAIM

**(Transfers to HCHK Technologies)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

154.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if
fully set forth herein.

155.    The Debtor received less than a reasonably equivalent value in exchange for the
HCHK Technologies Prepetition Transfers.

156.    At the time of the HCHK Technologies Prepetition Transfers, the Debtor was
insolvent or became insolvent as a result of the HCHK Technologies Prepetition Transfers.

157.    At the time of the HCHK Technologies Prepetition Transfers, the Debtor was
engaged in a business or transaction, or was about to engage in a business or transaction, for which
any property remaining with the Debtor was an unreasonably small amount of capital.

158.    At the time of the HCHK Technologies Prepetition Transfers, the Debtor intended
to incur or believed he would incur, debts that would be beyond his ability to pay as such debts
matured.

159.    The HCHK Technologies Prepetition Transfers constitute fraudulent transfers and
are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are
recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETEENTH CLAIM

**(Transfers to HCHK Technologies)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. &**
**Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

160.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if
fully set forth herein.

161.    The Debtor did not receive reasonably equivalent value in exchange for the HCHK Technologies Prepetition Transfers.

162.    At the time of the HCHK Technologies Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the HCHK Technologies Prepetition Transfers.

163.    At the time of the HCHK Technologies Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

164.    At the time of the HCHK Technologies Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

165.    The HCHK Technologies Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **TWENTIETH CLAIM**

**(Transfers to HCHK Technologies)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to**
**Bankruptcy Code sections 549 and 550(a))**

166.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

167.    The HCHK Technologies Postpetition Transfers were made to HCHK Technologies by the Debtor through his alter-ego shell companies.

168.    The HCHK Technologies Postpetition Transfers occurred after the Petition Date.

169.    The HCHK Technologies Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

170.    The HCHK Technologies Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

171.    The HCHK Technologies Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

172.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the HCHK Technologies Postpetition Transfers, or the value thereof, from HCHK Technologies plus interest thereon to the date of payment and the costs of this action.

## TWENTY-FIRST CLAIM

### (Transfers to HCHK Property)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

173.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

174.    The HCHK Property Postpetition Transfers were made to HCHK Property by the Debtor through his alter-ego shell companies.

175.    The HCHK Property Postpetition Transfers occurred after the Petition Date.

176.    The HCHK Property Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

177.    The HCHK Property Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

178.    The HCHK Property Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

179.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the HCHK Property Postpetition Transfers, or the value thereof, from HCHK Property plus interest thereon to the date of payment and the costs of this action.

## TWENTY-SECOND CLAIM

**(Transfers to Lexington)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

180.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

181.     The Lexington Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

182.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Lexington Prepetition Transfers is shown by, among other things:

    a.     The Lexington Prepetition Transfers were effectuated using an alter-ego shell company;

    b.     The Lexington Prepetition Transfers were concealed from the Debtor's creditors;

    c.     The Lexington Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d.     The Lexington Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

41

e.      The Lexington Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Lexington Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Lexington Prepetition Transfers, the Debtor was insolvent or undercapitalized.

183.    The Lexington Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-THIRD CLAIM

**(Transfers to Lexington)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

184.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

185.    The Lexington Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

186.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Lexington Prepetition Transfers is shown by, among other things:

a.      The Lexington Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Lexington Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Lexington Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Lexington Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Lexington Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Lexington Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Lexington Prepetition Transfers, the Debtor was insolvent or undercapitalized.

187.    The Lexington Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-FOURTH CLAIM

**(Transfers to Lexington)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

188.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

189.    The Debtor received less than a reasonably equivalent value in exchange for the Lexington Prepetition Transfers.

43

190.     At the time of the Lexington Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Lexington Prepetition Transfers.

191.     At the time of the Lexington Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

192.     At the time of the Lexington Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

193.     The Lexington Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-FIFTH CLAIM

**(Transfers to Lexington)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

194.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

195.     The Debtor did not receive reasonably equivalent value in exchange for the Lexington Prepetition Transfers.

196.     At the time of the Lexington Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Lexington Prepetition Transfers.

197.     At the time of the Lexington Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

198.    At the time of the Lexington Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

199.    The Lexington Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-SIXTH CLAIM

**(Transfers to Lexington)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

200.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

201.    The Lexington Postpetition Transfers were made to Lexington by the Debtor through his alter-ego shell companies.

202.    The Lexington Postpetition Transfers occurred after the Petition Date.

203.    The Lexington Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

204.    The Lexington Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

205.    The Lexington Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

206.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Lexington Postpetition Transfers, or the value thereof, from Lexington plus interest thereon to the date of payment and the costs of this action.

## TWENTY-SEVENTH CLAIM

### (Transfers to Hudson Diamond)
### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))

207.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

208.     The Hudson Diamond Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

209.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hudson Diamond Prepetition Transfers is shown by, among other things:

      a.     The Hudson Diamond Prepetition Transfers were effectuated using an alter-ego shell company;

      b.     The Hudson Diamond Prepetition Transfers were concealed from the Debtor's creditors;

      c.     The Hudson Diamond Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

      d.     The Hudson Diamond Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

      e.     The Hudson Diamond Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Hudson Diamond Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Hudson Diamond Prepetition Transfers, the Debtor was insolvent or undercapitalized.

210.    The Hudson Diamond Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-EIGHTH CLAIM

### (Transfers to Hudson Diamond)
### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

211.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

212.    The Hudson Diamond  Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

213.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hudson Diamond  Prepetition Transfers is shown by, among other things:

a.      The Hudson Diamond   Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Hudson Diamond Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Hudson Diamond  Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The Hudson Diamond Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The Hudson Diamond Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the Hudson Diamond Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the Hudson Diamond Prepetition Transfers, the Debtor was insolvent or undercapitalized.

214.    The Hudson Diamond Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## TWENTY-NINTH CLAIM

**(Transfers to Hudson Diamond)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

215.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

216.    The Debtor received less than a reasonably equivalent value in exchange for the Hudson Diamond Prepetition Transfers.

217.    At the time of the Hudson Diamond Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Hudson Diamond Prepetition Transfers.

218.    At the time of the Hudson Diamond Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

219.    At the time of the Hudson Diamond  Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

220.    The Hudson Diamond  Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTIETH CLAIM

### (Transfers to Hudson Diamond)
### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))

221.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

222.    The Debtor did not receive reasonably equivalent value in exchange for the Hudson Diamond Prepetition Transfers.

223.    At the time of the Hudson Diamond Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Hudson Diamond Prepetition Transfers.

224.    At the time of the Hudson Diamond Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

225.     At the time of the Hudson Diamond Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

226.     The Hudson Diamond Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-FIRST CLAIM

**(Transfers to Leading Shine)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

227.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

228.     The Leading Shine Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

229.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Leading Shine Prepetition Transfers is shown by, among other things:

a.     The Leading Shine Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The Leading Shine Prepetition Transfers were concealed from the Debtor's creditors;

c.     The Leading Shine Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

50

d.      The Leading Shine Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Leading Shine Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Leading Shine Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Leading Shine Prepetition Transfers, the Debtor was insolvent or undercapitalized.

230.    The Leading Shine Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-SECOND CLAIM

**(Transfers to Leading Shine)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

231.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

232.    The Leading Shine Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

233.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Leading Shine Prepetition Transfers is shown by, among other things:

51

a.      The Leading Shine Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Leading Shine Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Leading Shine Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Leading Shine Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Leading Shine Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Leading Shine Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Leading Shine Prepetition Transfers, the Debtor was insolvent or undercapitalized.

234.    The Leading Shine Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-THIRD CLAIM

**(Transfers to Leading Shine)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

235.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

236.     The Debtor received less than a reasonably equivalent value in exchange for the Hudson Diamond Prepetition Transfers.

237.     At the time of the Leading Shine Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Leading Shine Prepetition Transfers.

238.     At the time of the Leading Shine Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

239.     At the time of the Leading Shine Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

240.     The Leading Shine Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-FOURTH CLAIM

**(Transfers to Leading Shine)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

241.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

242.     The Debtor did not receive reasonably equivalent value in exchange for the Leading Shine Prepetition Transfers.

243.     At the time of the Leading Shine Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Leading Shine Prepetition Transfers.

244.     At the time of the Leading Shine Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

245.     At the time of the Leading Shine Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

246.     The Leading Shine Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-FIFTH CLAIM

**(Transfers to G Club International)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

247.  The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

248.     The G Club International Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

249.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Club International Prepetition Transfers is shown by, among other things:

a.      The G Club International Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The G Club International Prepetition Transfers were concealed from the Debtor's creditors;

c.      The G Club International Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The G Club International Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The G Club International Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the G Club International Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the G Club International Prepetition Transfers, the Debtor was insolvent or undercapitalized.

250.    The G Club International Prepetition Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-SIXTH CLAIM

**(Transfers to G Club International)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

251.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

252.     The G Club International Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

253.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Club International Prepetition Transfers is shown by, among other things:

        a.      The G Club International Prepetition Transfers were effectuated using an alter-ego shell company;

        b.      The G Club International Prepetition Transfers were concealed from the Debtor's creditors;

        c.      The G Club International Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

        d.      The G Club International Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

        e.      The G Club International Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

    f.      At the time of the G Club International Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

    g.      At the time of the G Club International Prepetition Transfers, the Debtor was insolvent or undercapitalized.

254.    The G Club International Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **THIRTY-SEVENTH CLAIM**

**(Transfers to G Club International)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

255.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

256.    The Debtor received less than a reasonably equivalent value in exchange for the G Club International Prepetition Transfers.

257.    At the time of the G Club International Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the G Club International Prepetition Transfers.

258.    At the time of the G Club International Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

259.    At the time of the G Club International Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

260.    The G Club International Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-EIGHTH CLAIM

**(Transfers to G Club International)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

261.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

262.    The Debtor did not receive reasonably equivalent value in exchange for the G Club International Prepetition Transfers.

263.    At the time of the G Club International Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the G Club International Prepetition Transfers.

264.    At the time of the G Club International Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

265.    At the time of the G Club International Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

266.    The G Club International Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## THIRTY-NINTH CLAIM

**(Transfers to G Club International)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

267.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

268.    The G Club International Postpetition Transfers were made to G Club International by the Debtor through his alter-ego shell companies.

269.    The G Club International Postpetition Transfers occurred after the Petition Date.

270.    The G Club International Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

271.    The G Club International Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

272.    The G Club International  Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

273.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the G Club International Postpetition Transfers, or the value thereof, from G Club International plus interest thereon to the date of payment and the costs of this action.

## FORTIETH CLAIM

**(Transfers to G Club Operations)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

274.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

275.    The G Club Operations Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

276.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Club Operations Prepetition Transfers is shown by, among other things:

a.    The G Club Operations Transfers were effectuated using an alter-ego shell company;

b.    The G Club Operations Transfers were concealed from the Debtor's creditors;

c.    The G Club Operations Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The G Club Operations Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The G Club Operations Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the G Club Operations Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the G Club Operations Prepetition Transfers, the Debtor was insolvent or undercapitalized.

277.    The G Club Operations Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FORTY-FIRST CLAIM

**(Transfers to G Club Operations)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

278.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

279.    The G Club Operations Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

280.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Club Operations Prepetition Transfers is shown by, among other things:

    a.    The G Club Operations Prepetition Transfers were effectuated using an alter-ego shell company;

    b.    The G Club Operations Prepetition Transfers were concealed from the Debtor's creditors;

    c.    The G Club Operations Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d.    The G Club Operations Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.       The G Club Operations Prepetition Transfers furthered the Debtor's

fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his

property to the reach of his creditors;

f.       At the time of the G Club Operations Prepetition Transfers, the Debtor was

being sued, including by PAX in the PAX Case; and

g.       At the time of the G Club Operations Prepetition Transfers, the Debtor was

insolvent or undercapitalized.

281.    The G Club Operations Prepetition Transfers are avoidable by the Trustee pursuant

to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy

Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FORTY-SECOND CLAIM**

**(Transfers to G Club Operations)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

282.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if

fully set forth herein.

283.    The Debtor received less than a reasonably equivalent value in exchange for the G

Club Operations Prepetition Transfers.

284.    At the time of the G Club Operations Prepetition Transfers, the Debtor was

insolvent or became insolvent as a result of the G Club Operations Prepetition Transfers.

285.    At the time of the G Club Operations Prepetition Transfers, the Debtor was engaged

in a business or transaction, or was about to engage in a business or transaction, for which any

property remaining with the Debtor was an unreasonably small amount of capital.

286.     At the time of the G Club Operations Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

287.     The G Club Operations Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FORTY-THIRD CLAIM

**(Transfers to G Club Operations)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

288.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

289.     The Debtor did not receive reasonably equivalent value in exchange for the G Club Operations Prepetition Transfers.

290.     At the time of the G Club Operations Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the G Club Operations Prepetition Transfers.

291.     At the time of the G Club Operations Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

292.     At the time of the G Club Operations Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

293.    The G Club Operations Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FORTY-FOURTH CLAIM

**(Transfers to G Club Operations)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

294.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

295.    The G Club Operations Postpetition Transfers were made to G Club Operations by the Debtor through his alter-ego shell companies.

296.    The G Club Operations Postpetition Transfers occurred after the Petition Date.

297.    The G Club Operations Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

298.    The G Club Operations Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

299.    The G Club Operations Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

300.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the G Club Operations Postpetition Transfers, or the value thereof, from G Club Operations plus interest thereon to the date of payment and the costs of this action.

## FORTY-FIFTH CLAIM

**(Transfers to G Fashion)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

301.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

302.    The G Fashion Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

303.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Fashion Prepetition Transfers is shown by, among other things:

a.    The G Fashion Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The G Fashion Prepetition Transfers were concealed from the Debtor's creditors;

c.    The G Fashion Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The G Fashion Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The G Fashion Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the G Fashion Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the G Fashion Prepetition Transfers, the Debtor was insolvent or undercapitalized.

304.    The G Fashion Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FORTY-SIXTH CLAIM

### (Transfers to G Fashion)
### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

305.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

306.    The G Fashion Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

307.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Fashion Prepetition Transfers is shown by, among other things:

a.    The G Fashion Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The G Fashion Prepetition Transfers were concealed from the Debtor's creditors;

c.    The G Fashion Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

66

d.     The G Fashion Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.     The G Fashion Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.     At the time of the G Fashion Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.     At the time of the G Fashion Prepetition Transfers, the Debtor was insolvent or undercapitalized.

308.     The G Fashion Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

### FORTY-SEVENTH CLAIM

**(Transfers to G Fashion)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

309.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

310.     The Debtor received less than a reasonably equivalent value in exchange for the G Fashion Prepetition Transfers.

311.     At the time of the G Fashion Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the G Fashion Prepetition Transfers.

312.     At the time of the G Fashion Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

313.     At the time of the G Fashion Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

314.     The G Fashion Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FORTY-EIGHTH CLAIM

### (Transfers to G Fashion)
### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))

315.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

316.     The Debtor did not receive reasonably equivalent value in exchange for the G Fashion Prepetition Transfers.

317.     At the time of the G Fashion Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the G Fashion Prepetition Transfers.

318.     At the time of the G Fashion Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

319.     At the time of the G Fashion Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

68

320.    The G Fashion Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FORTY-NINTH CLAIM

**(Transfers to G Media)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

321.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

322.    The G Media Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

323.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Media Prepetition Transfers is shown by, among other things:

a.    The G Media Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The G Media Prepetition Transfers were concealed from the Debtor's creditors;

c.    The G Media Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The G Media Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

69

e.     The G Media Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.     At the time of the G Media Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.     At the time of the G Media Prepetition Transfers, the Debtor was insolvent or undercapitalized.

324.    The G Media Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FIFTIETH CLAIM**

### **(Transfers to G Media)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

325.    The Trustee repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

326.    The G Media Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

327.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the G Media Prepetition Transfers is shown by, among other things:

a.     The G Media Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The G Media Prepetition Transfers were concealed from the Debtor's creditors;

c.      The G Media Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The G Media Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The G Media Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the G Media Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the G Media Prepetition Transfers, the Debtor was insolvent or undercapitalized.

328.    The G Media Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FIFTY-FIRST CLAIM**

**(Transfers to G Media)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

329.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

330.    The Debtor received less than a reasonably equivalent value in exchange for the G Media Prepetition Transfers.

331.     At the time of the G Media Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the G Media Prepetition Transfers.

332.     At the time of the G Media Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

333.     At the time of the G Media Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

334.     The G Media Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FIFTY-SECOND CLAIM**

**(Transfers to G Media)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

335.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

336.     The Debtor did not receive reasonably equivalent value in exchange for the G Media Prepetition Transfers.

337.     At the time of the G Media Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the G Media Prepetition Transfers.

338.     At the time of the G Media Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

339.    At the time of the G Media Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

340.    The G Media Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FIFTY-THIRD CLAIM

**(Transfers to Rule of Law)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

341.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

342.    The Rule of Law Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

343.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Rule of Law Prepetition Transfers is shown by, among other things:

a.    The Rule of Law Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Rule of Law Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Rule of Law Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

73

d.      The Rule of Law Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Rule of Law Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Rule of Law Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Rule of Law Prepetition Transfers, the Debtor was insolvent or undercapitalized.

344.    The Rule of Law Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FIFTY-FOURTH CLAIM

### (Transfers to Rule of Law)
### (Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))

345.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

346.    The Rule of Law Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

347.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Rule of Law Prepetition Transfers is shown by, among other things:

a.　　The Rule of Law Prepetition Transfers were effectuated using an alter-ego shell company;

b.　　The Rule of Law Prepetition Transfers were concealed from the Debtor's creditors;

c.　　The Rule of Law Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.　　The Rule of Law Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.　　The Rule of Law Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.　　At the time of the Rule of Law Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.　　At the time of the Rule of Law Prepetition Transfers, the Debtor was insolvent or undercapitalized.

348.　　The Rule of Law Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FIFTY-FIFTH CLAIM

### (Transfers to Rule of Law)
### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))

349.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

350.     The Debtor received less than a reasonably equivalent value in exchange for the Rule of Law Prepetition Transfers.

351.     At the time of the Rule of Law Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Rule of Law Prepetition Transfers.

352.     At the time of the Rule of Law Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

353.     At the time of the Rule of Law Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

354.     The Rule of Law Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FIFTY-SIXTH CLAIM

### (Transfers to Rule of Law)
### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))

355.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

356.     The Debtor did not receive reasonably equivalent value in exchange for the Rule of Law Prepetition Transfers.

357.     At the time of the Rule of Law Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

358.     At the time of the Rule of Law Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

359.     At the time of the Rule of Law Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

360.     The Rule of Law Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## FIFTY-SEVENTH CLAIM

### (Transfers to Rule of Law)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

361.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

362.     The Rule of Law Postpetition Transfers were made to Rule of Law by the Debtor through his alter-ego shell companies.

363.     The Rule of Law Postpetition Transfers occurred after the Petition Date.

364.     The Rule of Law Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

365.    The Rule of Law Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

366.    The Rule of Law Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

367.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Rule of Law Postpetition Transfers, or the value thereof, from Rule of Law plus interest thereon to the date of payment and the costs of this action.

### FIFTY-EIGHTH CLAIM

**(Transfers to Rule of Law Society)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

368.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

369.    The Rule of Law Society Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

370.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Rule of Law Society Prepetition Transfers is shown by, among other things:

a.    The Rule of Law Society Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Rule of Law Society Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Rule of Law Society Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

78

d.      The Rule of Law Society Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Rule of Law Society Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Rule of Law Society Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Rule of Law Society Prepetition Transfers, the Debtor was insolvent or undercapitalized.

371.     The Rule of Law Society Transfers are avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **FIFTY-NINTH CLAIM**

**(Transfers to Rule of Law Society)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

372.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

373.     The Rule of Law Society Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

374.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Rule of Law Society Prepetition Transfers is shown by, among other things:

a.      The Rule of Law Society Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Rule of Law Society Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Rule of Law Society Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Rule of Law Society Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Rule of Law Society Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Rule of Law Society Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Rule of Law Society Prepetition Transfers, the Debtor was insolvent or undercapitalized.

375.    The Rule of Law Society Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SIXTIETH CLAIM

**(Transfers to Rule of Law Society)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

376.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

377.    The Debtor received less than a reasonably equivalent value in exchange for the Rule of Law Society Prepetition Transfers.

378.    At the time of the Rule of Law Society Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Rule of Law Society Prepetition Transfers.

379.    At the time of the Rule of Law Society Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

380.    At the time of the Rule of Law Society Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

381.    The Rule of Law Society Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SIXTY-FIRST CLAIM

**(Transfers to Rule of Law Society)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. &**
**Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

382.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

383.    The Debtor did not receive reasonably equivalent value in exchange for the Rule of Law Society Prepetition Transfers.

384.    At the time of the Rule of Law Society Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Society Prepetition Transfers.

385.    At the time of the Rule of Law Society Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

386.    At the time of the Rule of Law Society Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

387.    The Rule of Law Society Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SIXTY-SECOND CLAIM

**(Transfers to Rule of Law Society)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

388.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

389.    The Rule of Law Society Postpetition Transfers were made to Rule of Law Society by the Debtor through his alter-ego shell companies.

390.    The Rule of Law Society Postpetition Transfers occurred after the Petition Date.

391.    The Rule of Law Society Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

392.    The Rule of Law Society Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

393.    The Rule of Law Society Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

394.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Rule of Law Society Postpetition Transfers, or the value thereof, from Rule of Law Society plus interest thereon to the date of payment and the costs of this action.

## SIXTY-THIRD CLAIM

**(Transfers to GFNY)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

395.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

396.    The GFNY Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

397.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the GFNY Prepetition Transfers is shown by, among other things:

    a.    The GFNY Prepetition Transfers were effectuated using an alter-ego shell company;

    b.    The GFNY Prepetition Transfers were concealed from the Debtor's creditors;

c.      The GFNY Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The GFNY Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The GFNY Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the GFNY Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the GFNY Prepetition Transfers, the Debtor was insolvent or undercapitalized.

398.    The GFNY Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## <u>SIXTY-FOURTH CLAIM</u>

**(Transfers to GFNY)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

399.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

400.    The GFNY Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

401.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the GFNY Prepetition Transfers is shown by, among other things:

a.    The GFNY Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The GFNY Prepetition Transfers were concealed from the Debtor's creditors;

c.    The GFNY Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The GFNY Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The GFNY Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the GFNY Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the GFNY Prepetition Transfers, the Debtor was insolvent or undercapitalized.

402.    The GFNY Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SIXTY-FIFTH CLAIM

**(Transfers to GFNY)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

403.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

404.    The Debtor received less than a reasonably equivalent value in exchange for the GFNY Prepetition Transfers.

405.    At the time of the GFNY Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the GFNY Prepetition Transfers.

406.    At the time of the GFNY Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

407.    At the time of the GFNY Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

408.    The GFNY Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SIXTY-SIXTH CLAIM

**(Transfers to GFNY)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

409.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

410.     The Debtor did not receive reasonably equivalent value in exchange for the GFNY Prepetition Transfers.

411.     At the time of the GFNY Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

412.     At the time of the GFNY Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

413.     At the time of the GFNY Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

414.     The GFNY Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SIXTY-SEVENTH CLAIM

**(Transfers to GFNY)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

415.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

416.     The GFNY Postpetition Transfers were made to GFNY by the Debtor through his alter-ego shell companies.

417.     The GFNY Postpetition Transfers occurred after the Petition Date.

418.     The GFNY Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

419.    The GFNY Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

420.    The GFNY Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

421.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the GFNY Postpetition Transfers, or the value thereof, from GFNY plus interest thereon to the date of payment and the costs of this action.

### SIXTY-EIGHTH CLAIM

**(Transfers to Anton Development)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

422.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

423.    The Anton Development Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

424.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Anton Development Prepetition Transfers is shown by, among other things:

a.    The Anton Development Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Anton Development Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Anton Development Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

88

d.      The Anton Development Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Anton Development Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Anton Development Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Anton Development Prepetition Transfers, the Debtor was insolvent or undercapitalized.

425.    The Anton Development Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## <u>SIXTY-NINTH CLAIM</u>

**(Transfers to Anton Development)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

426.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

427.    The Anton Development Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

428.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Anton Development Prepetition Transfers is shown by, among other things:

a.    The Anton Development Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Anton Development Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Anton Development Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The Anton Development Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The Anton Development Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the Anton Development Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the Anton Development Prepetition Transfers, the Debtor was insolvent or undercapitalized.

429.    The Anton Development Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTIETH CLAIM

**(Transfers to Anton Development)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

430.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

431.    The Debtor received less than a reasonably equivalent value in exchange for the Anton Development Prepetition Transfers.

432.    At the time of the Anton Development Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Anton Development Prepetition Transfers.

433.    At the time of the Anton Development Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

434.    At the time of the Anton Development Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

435.    The Anton Development Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTY-FIRST CLAIM

**(Transfers to Anton Development)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. &**
**Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

436.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

437.    The Debtor did not receive reasonably equivalent value in exchange for the Anton Development Prepetition Transfers.

438.    At the time of the Anton Development Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Anton Development Prepetition Transfers.

439.    At the time of the Anton Development Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

440.    At the time of the Anton Development Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

441.    The Anton Development Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTY-SECOND CLAIM

**(Transfers to Himalaya Intl.)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

442.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

443.    The Himalaya Intl. Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

444.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Intl. Prepetition Transfers is shown by, among other things:

a.      The Himalaya Intl. Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Himalaya Intl. Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Himalaya Intl. Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Himalaya Intl. Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Himalaya Intl. Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was insolvent or undercapitalized.

445.    The Himalaya Intl. Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

93

## SEVENTH-THIRD CLAIM

**(Transfers to Himalaya Intl.)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

446.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

447.     The Himalaya Intl. Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

448.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Himalaya Intl. Prepetition Transfers is shown by, among other things:

a.     The Himalaya Intl. Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The Himalaya Intl. Prepetition Transfers were concealed from the Debtor's creditors;

c.     The Himalaya Intl. Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.     The Himalaya Intl. Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.     The Himalaya Intl. Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

94

f.        At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.        At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was insolvent or undercapitalized.

449.    The Himalaya Intl. Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTY-FOURTH CLAIM

**(Transfers to Himalaya Intl.)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

450.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

451.    The Debtor received less than a reasonably equivalent value in exchange for the Himalaya Intl. Prepetition Transfers.

452.    At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Himalaya Intl. Prepetition Transfers.

453.    At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

454.    At the time of the Himalaya Intl. Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

455.    The Himalaya Intl. Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

**SEVENTY-FIFTH CLAIM**

**(Transfers to Himalaya Intl.)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

456.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

457.    The Debtor did not receive reasonably equivalent value in exchange for the Himalaya Intl. Prepetition Transfers.

458.    At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

459.    At the time of the Himalaya Intl. Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

460.    At the time of the Himalaya Intl. Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

461.    The Himalaya Intl. Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTY-SIXTH CLAIM

**(Transfers to Himalaya Intl.)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to**
**Bankruptcy Code sections 549 and 550(a))**

462.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

463.     The Himalaya Intl. Postpetition Transfers were made to Himalaya Intl. by the Debtor through his alter-ego shell companies.

464.     The Himalaya Intl. Postpetition Transfers occurred after the Petition Date.

465.     The Himalaya Intl. Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

466.     The Himalaya Intl. Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

467.     The Himalaya Intl. Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

468.     Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya Intl. Postpetition Transfers, or the value thereof, from Himalaya Intl. plus interest thereon to the date of payment and the costs of this action.

## SEVENTY-SEVENTH CLAIM

**(Transfers to China Golden)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

469.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

470.    The China Golden Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

471.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the China Golden Prepetition Transfers is shown by, among other things:

a.    The China Golden Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The China Golden Prepetition Transfers were concealed from the Debtor's creditors;

c.    The China Golden Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The China Golden Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The China Golden Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the China Golden Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the China Golden Prepetition Transfers, the Debtor was insolvent or undercapitalized.

472.    The China Golden Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

**<u>SEVENTY-EIGHTH CLAIM</u>**

**(Transfers to China Golden)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

473.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

474.    The China Golden Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

475.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the China Golden Prepetition Transfers is shown by, among other things:

a.    The China Golden Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The China Golden Prepetition Transfers were concealed from the Debtor's creditors;

c.    The China Golden Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The China Golden Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

99

e.       The China Golden Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.       At the time of the China Golden Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.       At the time of the China Golden Prepetition Transfers, the Debtor was insolvent or undercapitalized.

476.    The China Golden Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## SEVENTY-NINTH CLAIM

**(Transfers to China Golden)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

477.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

478.    The Debtor received less than a reasonably equivalent value in exchange for the China Golden Prepetition Transfers.

479.    At the time of the China Golden Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Himalaya Intl. Prepetition Transfers.

480.    At the time of the China Golden Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

481.    At the time of the China Golden Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

482.    The China Golden Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

### EIGHTIETH CLAIM

**(Transfers to China Golden.)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

483.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

484.    The Debtor did not receive reasonably equivalent value in exchange for the China Golden Prepetition Transfers.

485.    At the time of the China Golden Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

486.    At the time of the China Golden Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

487.    At the time of the China Golden Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

488.    The China Golden Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTY-FIRST CLAIM

### (Transfers to GF Italy)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

489.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

490.    The GF Italy Postpetition Transfers were made to Himalaya Intl. by the Debtor through his alter-ego shell companies.

491.    The GF Italy Postpetition Transfers occurred after the Petition Date.

492.    The GF Italy Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

493.    The GF Italy Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

494.    The GF Italy Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

495.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the GF Italy Postpetition Transfers, or the value thereof, from GF Italy plus interest thereon to the date of payment and the costs of this action.

## EIGHTY-SECOND CLAIM

### (Transfers to ACA)
### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))

496.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

497.     The ACA Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

498.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the ACA Prepetition Transfers is shown by, among other things:

     a.     The ACA Prepetition Transfers were effectuated using an alter-ego shell company;

     b.     The ACA Prepetition Transfers were concealed from the Debtor's creditors;

     c.     The ACA Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

     d.     The ACA Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

     e.     The ACA Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

     f.     At the time of the ACA Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

     g.     At the time of the ACA Prepetition Transfers, the Debtor was insolvent or undercapitalized.

499.     The ACA Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## **EIGHTY-THIRD CLAIM**

**(Transfers to ACA)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

500.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

501.     The ACA Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

502.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the ACA Prepetition Transfers is shown by, among other things:

a.     The ACA Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The ACA Prepetition Transfers were concealed from the Debtor's creditors;

c.     The ACA Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.     The ACA Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.     The ACA Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.     At the time of the ACA Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

104

g.      At the time of the ACA Prepetition Transfers, the Debtor was insolvent or undercapitalized.

503.    The ACA Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTY-FOURTH CLAIM

**(Transfers to ACA)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

504.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

505.    The Debtor received less than a reasonably equivalent value in exchange for the ACA Prepetition Transfers.

506.    At the time of the ACA Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the ACA Prepetition Transfers.

507.    At the time of the ACA Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

508.    At the time of the ACA Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

509.    The ACA Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTY-FIFTH CLAIM

**(Transfers to ACA)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

510.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

511.    The Debtor did not receive reasonably equivalent value in exchange for the ACA Prepetition Transfers.

512.    At the time of the ACA Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

513.    At the time of the ACA Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

514.    At the time of the ACA Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

515.    The ACA Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTY-SIXTH CLAIM

**(Transfers to ACA)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

516.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

517.   The ACA Postpetition Transfers were made to ACA by the Debtor through his alter-ego shell companies.

518.   The ACA Postpetition Transfers occurred after the Petition Date.

519.   The ACA Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

520.   The ACA Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

521.   The ACA Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the ACA Postpetition Transfers, or the value thereof, from ACA plus interest thereon to the date of payment and the costs of this action.

## EIGHTY-SEVENTH CLAIM

**(Transfers to Hamilton)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

522.   The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

523.   The Hamilton Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

524.   The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hamilton Prepetition Transfers is shown by, among other things:

a.   The Hamilton Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Hamilton Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Hamilton Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Hamilton Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Hamilton Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Hamilton Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Hamilton Prepetition Transfers, the Debtor was insolvent or undercapitalized.

525.    The Hamilton Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTY-EIGHTH CLAIM

**(Transfers to Hamilton)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

526.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

527.    The Hamilton Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

528.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hamilton Prepetition Transfers is shown by, among other things:

a.    The Hamilton Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Hamilton Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Hamilton Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The Hamilton Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The Hamilton Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the Hamilton Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the Hamilton Prepetition Transfers, the Debtor was insolvent or undercapitalized.

529.     The Hamilton Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## EIGHTY-NINTH CLAIM

**(Transfers to Hamilton)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

530.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

531.     The Debtor received less than a reasonably equivalent value in exchange for the Hamilton Prepetition Transfers.

532.     At the time of the Hamilton Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Hamilton Prepetition Transfers.

533.     At the time of the Hamilton Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

534.     At the time of the Hamilton Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

535.     The Hamilton Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETIETH CLAIM

**(Transfers to Hamilton)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

536.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

537.    The Debtor did not receive reasonably equivalent value in exchange for the Hamilton Prepetition Transfers.

538.    At the time of the Hamilton Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

539.    At the time of the Hamilton Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

540.    At the time of the Hamilton Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

541.     The Hamilton Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETY-FIRST CLAIM

**(Transfers to Hamilton)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

542.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

543.     The Hamilton Postpetition Transfers were made to Hamilton by the Debtor through his alter-ego shell companies.

544.     The Hamilton Postpetition Transfers occurred after the Petition Date.

545.     The Hamilton Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

546.     The Hamilton Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

547.     The Hamilton Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Hamilton Postpetition Transfers, or the value thereof, from Hamilton plus interest thereon to the date of payment and the costs of this action.

## NINETY-SECOND CLAIM

**(Transfers to Hamilton Opportunity)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

548.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

549.     The Himalaya Intl. Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

550.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hamilton Opportunity Prepetition Transfers is shown by, among other things:

a.     The Hamilton Opportunity Prepetition Transfers were effectuated using an alter-ego shell company;

112

b.      The Hamilton Opportunity Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Hamilton Opportunity Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Hamilton Opportunity Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Hamilton Opportunity Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was insolvent or undercapitalized.

551.    The Hamilton Opportunity Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

**NINETY-THIRD CLAIM**

**(Transfers to Hamilton Opportunity)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred.**
**Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

552.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

113

553.     The Hamilton Opportunity Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

554.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hamilton Opportunity Prepetition Transfers is shown by, among other things:

      a.     The Hamilton Opportunity Prepetition Transfers were effectuated using an alter-ego shell company;

      b.     The Hamilton Opportunity Prepetition Transfers were concealed from the Debtor's creditors;

      c.     The Hamilton Opportunity Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

      d.     The Hamilton Opportunity Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

      e.     The Hamilton Opportunity Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

      f.     At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

      g.     At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was insolvent or undercapitalized.

555.    The Hamilton Opportunity Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETY-FOURTH CLAIM

**(Transfers to Hamilton Opportunity)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

556.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

557.    The Debtor received less than a reasonably equivalent value in exchange for the Hamilton Opportunity Prepetition Transfers.

558.    At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Hamilton Opportunity Prepetition Transfers.

559.    At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

560.    At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

561.    The Hamilton Opportunity Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETY-FIFTH CLAIM

**(Transfers to Hamilton Opportunity)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

562.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

563.    The Debtor did not receive reasonably equivalent value in exchange for the Hamilton Opportunity Prepetition Transfers.

564.    At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

565.    At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

566.    At the time of the Hamilton Opportunity Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

567.    The Hamilton Opportunity Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETY-SIXTH CLAIM

**(Transfers to Hamilton Opportunity)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

568.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

116

569.    The Hamilton Opportunity Postpetition Transfers were made to Hamilton Opportunity by the Debtor through his alter-ego shell companies.

570.    The Hamilton Opportunity Postpetition Transfers occurred after the Petition Date.

571.    The Hamilton Opportunity Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

572.    The Hamilton Opportunity Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

573.    The Hamilton Opportunity Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Hamilton Opportunity Postpetition Transfers, or the value thereof, from Hamilton Opportunity plus interest thereon to the date of payment and the costs of this action.

## NINETY-SEVENTH CLAIM

**(Transfers to Hamilton Capital)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

574.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

575.    The Hamilton Capital Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

576.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hamilton Capital Prepetition Transfers is shown by, among other things:

      a.    The Hamilton Capital Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Hamilton Capital Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Hamilton Capital Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Hamilton Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Hamilton Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Hamilton Capital Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Hamilton Capital Prepetition Transfers, the Debtor was insolvent or undercapitalized.

577.    The Hamilton Capital Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETY-EIGHTH CLAIM

**(Transfers to Hamilton Capital)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

578.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

579.    The Hamilton Capital Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

580.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Hamilton Capital Prepetition Transfers is shown by, among other things:

a.    The Hamilton Capital Prepetition Transfers were effectuated using an alter-ego shell company;

b.    The Hamilton Capital Prepetition Transfers were concealed from the Debtor's creditors;

c.    The Hamilton Capital Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.    The Hamilton Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.    The Hamilton Capital Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor was insolvent or undercapitalized.

581.    The Hamilton Capital Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## NINETY-NINTH CLAIM

**(Transfers to Hamilton Capital)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

582.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

583.    The Debtor received less than a reasonably equivalent value in exchange for the Hamilton Capital Prepetition Transfers.

584.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Hamilton Capital Prepetition Transfers.

585.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

586.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

587.    The Hamilton Capital Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## ONE HUNDRETH CLAIM

### (Transfers to Hamilton Capital)
### (Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))

588.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

589.    The Debtor did not receive reasonably equivalent value in exchange for the Hamilton Capital Prepetition Transfers.

590.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

591.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

592.    At the time of the Hamilton Capital Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

593.    The Hamilton Capital Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## ONE HUNDRED-FIRST CLAIM

### (Transfers to Hamilton Capital)
### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

594.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

595.    The Hamilton Capital Postpetition Transfers were made to Hamilton Capital by the Debtor through his alter-ego shell companies.

596.    The Hamilton Capital Postpetition Transfers occurred after the Petition Date.

597.    The Hamilton Capital Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

598.    The Hamilton Capital Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

599.    The Hamilton Capital Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

600.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Hamilton Capital Postpetition Transfers, or the value thereof, from Hamilton Capital plus interest thereon to the date of payment and the costs of this action.

<u>**ONE HUNDRED-SECOND CLAIM**</u>

**(Transfers to Himalaya Currency)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

601.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

602.    The Himalaya Currency Postpetition Transfers were made to Himalaya Currency by the Debtor through his alter-ego shell companies.

603.    The Himalaya Currency Postpetition Transfers occurred after the Petition Date.

604.    The Himalaya Currency Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

605.    The Himalaya Currency Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

606.    The Himalaya Currency Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

607.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya Currency Postpetition Transfers, or the value thereof, from Himalaya Currency plus interest thereon to the date of payment and the costs of this action.

## ONE HUNDRED THIRD CLAIM

**(Transfers to Himalaya Financial)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

608.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

609.    The Himalaya Financial Postpetition Transfers were made to Himalaya Financial by the Debtor through his alter-ego shell companies.

610.    The Himalaya Financial Postpetition Transfers occurred after the Petition Date.

611.    The Himalaya Financial Postpetition Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

612.    The Himalaya Financial Postpetition Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

613.    The Himalaya Financial Postpetition Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Himalaya

Financial Postpetition Transfers, or the value thereof, from Himalaya Financial plus interest

thereon to the date of payment and the costs of this action.

### ONE HUNDRED-FOURTH CLAIM

**(Transfers to Himalaya Reserves)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to**
**Bankruptcy Code sections 549 and 550(a))**

614.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as

if fully set forth herein.

615.    The Himalaya Reserves Postpetition Transfers were made to Himalaya Currency

by the Debtor through his alter-ego shell companies.

616.    The Himalaya Reserves Postpetition Transfers occurred after the Petition Date.

617.    The Himalaya Reserves Postpetition Transfers were not authorized by the

Bankruptcy Court or by the Bankruptcy Code.

618.    The Himalaya Reserves Postpetition Transfers constituted the unauthorized transfer

of property of the Debtor's chapter 11 estate.

619.    The Himalaya Reserves Postpetition Transfers are avoidable pursuant to section

549(a) of the Bankruptcy Code.

620.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover

the Himalaya Reserves Postpetition Transfers, or the value thereof, from Himalaya Reserves plus

interest thereon to the date of payment and the costs of this action.

## ONE HUNDRED-FIFTH CLAIM

**(Transfers to Saraca)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to**
**Bankruptcy Code sections 548(a)(1)(A) and 550(a))**

621.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

622.     The Saraca Prepetition Transfers were made by the Debtor through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

623.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Saraca Prepetition Transfers is shown by, among other things:

a.     The Saraca Prepetition Transfers were effectuated using an alter-ego shell company;

b.     The Saraca Prepetition Transfers were concealed from the Debtor's creditors;

c.     The Saraca Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.     The Saraca Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.     The Saraca Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Saraca Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Saraca Prepetition Transfers, the Debtor was insolvent or undercapitalized.

624.    The Saraca Transfers are avoidable by the Trustee pursuant to section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## <u>ONE HUNDRED-SIXTH CLAIM</u>

**(Transfers to Saraca)**
**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

625.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

626.    The Saraca Prepetition Transfers were made by the Debtor, through his alter egos, with the actual intent to hinder, delay and/or defraud his creditors.

627.    The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Saraca Prepetition Transfers is shown by, among other things:

a.      The Saraca Prepetition Transfers were effectuated using an alter-ego shell company;

b.      The Saraca Prepetition Transfers were concealed from the Debtor's creditors;

c.      The Saraca Prepetition Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

d.      The Saraca Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

e.      The Saraca Prepetition Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

f.      At the time of the Saraca Prepetition Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

g.      At the time of the Saraca Prepetition Transfers, the Debtor was insolvent or undercapitalized.

628.    The Saraca Prepetition Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

## ONE HUNDRED-SEVENTH CLAIM

**(Transfers to Saraca)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(B) and 550(a))**

629.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

630.    The Debtor received less than a reasonably equivalent value in exchange for the Saraca Prepetition Transfers.

631.    At the time of the Saraca Prepetition Transfers, the Debtor was insolvent or became insolvent as a result of the Saraca Prepetition Transfers.

632.     At the time of the Saraca Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

633.     At the time of the Saraca Prepetition Transfers, the Debtor intended to incur or believed he would incur, debts that would be beyond his ability to pay as such debts matured.

634.     The Saraca Prepetition Transfers constitute fraudulent transfers and are avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## ONE HUNDRED-EIGHTH CLAIM

**(Transfers to Saraca)**
**(Claim to Avoid and Recover Constructive Fraudulent Transfers Pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276 and Bankruptcy Code sections 544(b) and 550(a))**

635.     The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as if fully set forth herein.

636.     The Debtor did not receive reasonably equivalent value in exchange for the Saraca Prepetition Transfers.

637.     At the time of the Saraca Prepetition Transfers, the Debtor was insolvent or the Debtor became insolvent as a result of the Rule of Law Prepetition Transfers.

638.     At the time of the Saraca Prepetition Transfers, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction which any property remaining with the Debtor was an unreasonably small amount of capital.

639.     At the time of the Saraca Prepetition Transfers, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts that would be beyond his ability to pay as such debt matured.

128

640.    The Saraca Prepetition Transfers are avoidable by the Trustee pursuant to N.Y.

Debt. & Cred. Law sections 273(a)(2), 274 and 276 and section 544(b) of the Bankruptcy Code

and are recoverable pursuant to section 550(a) of the Bankruptcy Code.

## ONE HUNDRED-NINTH CLAIM

**(Transfers to GFI)**
**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to**
**Bankruptcy Code sections 549 and 550(a))**

641.    The Trustee repeats and realleges the allegations contained in paragraphs 1-65 as

if fully set forth herein.

642.    The GFI Postpetition Transfers were made to Hamilton Capital by the Debtor

through his alter-ego shell companies.

643.    The GFI Postpetition Transfers occurred after the Petition Date.

644.    The GFI Postpetition Transfers were not authorized by the Bankruptcy Court or by

the Bankruptcy Code.

645.    The GFI Postpetition Transfers constituted the unauthorized transfer of property of

the Debtor's chapter 11 estate.

646.    The GFI Postpetition Transfers are avoidable pursuant to section 549(a) of the

Bankruptcy Code.

647.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover

the GFI Postpetition Transfers, or the value thereof, from GFI plus interest thereon to the date of

payment and the costs of this action.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.      On the First Claim, (a) an order declaring that the Lamp Capital Prepetition Transfers in an amount not less than $49,376,818.35 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Lamp Capital Prepetition Transfers be set aside; and (c) recovery of the Lamp Capital  Prepetition Transfers, or the value thereof at the Trustee's option, from Lamp Capital  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.      On the Second Claim, (a) an order declaring that the Lamp Capital Prepetition Transfers in an amount not less than $49,376,818.35 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Prepetition Transfers be set aside; and (c) recovery of the Lamp Capital Prepetition Transfers, or the value thereof at the Trustee's option, from Lamp Capital for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

3.      On the Third Claim, (a) an order declaring that the Lamp Capital Prepetition Transfers in an amount not less than $49,376,818.35 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Lamp Capital Prepetition Transfers be set aside; and (c) recovery of the Lamp Capital Prepetition Transfers, or the value thereof at the Trustee's option, from Lamp Capital  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

4.      On the Fourth Claim, (a) an order declaring that (a) the Lamp Capital Prepetition Transfers in an amount not less than $49,376,818.35 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Lamp Capital Prepetition Transfers be set aside; and (c) recovery of the Lamp Capital Prepetition Transfers, or the value thereof at the Trustee's option, from Lamp Capital for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

5.      On the Fifth Claim, an order (a) declaring that the Lamp Capital Postpetition Transfers in an amount not less than $3,499,935.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Lamp Capital Postpetition Transfers be set aside; and (c) recovery of the Lamp Capital  Postpetition Transfers, or the value thereof at the Trustee's option, from Lamp Capital  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

6.      On the Sixth Claim, (a) an order declaring that the Golden Spring Prepetition Transfers in an amount not less than $42,390,761.75 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Golden Spring Prepetition Transfers be set aside; and (c) recovery of the Golden Spring Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Spring for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

7.      On the Seventh Claim,(a) an order declaring that the Golden Spring Prepetition Transfers in an amount not less than $42,390,761.75 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278;

131

(b) an order directing that the Golden Spring Prepetition Transfers be set aside; and (c) recovery of the Golden Spring Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Spring for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

8. On the Eighth Claim, (a) an order declaring that the Golden Spring Prepetition Transfers in an amount not less than $42,390,761.75 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Golden Spring Prepetition Transfers be set aside; and (c) recovery of the Golden Spring Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Spring for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

9. On the Ninth Claim, (a) an order declaring that (a) the Golden Spring Prepetition Transfers in an amount not less than $42,390,761.75 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Golden Spring Prepetition Transfers be set aside; and (c) recovery of the Golden Spring Prepetition Transfers, or the value thereof at the Trustee's option, from Golden Spring for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

10. On the Tenth Claim, an order (a) declaring that the Golden Spring Postpetition Transfers in an amount not less than $2,054,984.06 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Golden Spring Postpetition Transfers be set aside; and (c) recovery of the Golden Spring Postpetition Transfers, or the value thereof at the Trustee's option, from Golden Spring for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

11.     On the Eleventh Claim, (a) an order declaring that the Greenwich Land Prepetition Transfers in an amount not less than $12,554,528.53 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Greenwich Land Prepetition Transfers be set aside; and (c) recovery of the Greenwich Land Prepetition Transfers, or the value thereof at the Trustee's option, from Greenwich Land for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

12.     On the Twelfth Claim, an order declaring that the Greenwich Land Prepetition Transfers in an amount not less than $12,554,528.53 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Greenwich Land Prepetition Transfers be set aside; and (c) recovery of the Greenwich Land Prepetition Transfers, or the value thereof at the Trustee's option, from Greenwich Land for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

13.     On the Thirteenth Claim, (a) an order declaring that the Greenwich Land Prepetition Transfers in an amount not less than $12,554,528.53 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Greenwich Land Prepetition Transfers be set aside; and (c) recovery of the Greenwich Land Prepetition Transfers, or the value thereof at the Trustee's option, from Greenwich Land for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

14.     On the Fourteenth Claim, (a) an order declaring that the Greenwich Land Prepetition Transfers in an amount not less than $12,554,528.53 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4,

2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Greenwich Land Prepetition Transfers be set aside; and (c) recovery of the Greenwich Land Prepetition Transfers, or the value thereof at the Trustee's option, from Greenwich Land for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

15.    On the Fifteenth Claim, an order (a) declaring that the Greenwich Land Postpetition Transfers in an amount not less than $550,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Greenwich Land Postpetition Transfers be set aside; and (c) recovery of the Greenwich Land  Postpetition Transfers, or the value thereof at the Trustee's option, from Greenwich Land for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

16.    On the Sixteenth Claim, (a) an order declaring that the HCHK Technologies Prepetition Transfers in an amount not less than $1,784,915.29 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the HCHK Technologies Prepetition Transfers be set aside; and (c) recovery of the HCHK Technologies  Prepetition Transfers, or the value thereof at the Trustee's option, from HCHK Technologies for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

17.    On the Seventeenth Claim, (a) an order declaring that the HCHK Technologies Prepetition Transfers in an amount not less than $1,784,915.29 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the HCHK Technologies Prepetition Transfers be set aside; and (c) recovery of the HCHK Technologies Prepetition Transfers, or the value thereof at the

Trustee's option, from HCHK Technologies for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

18.    On the Eighteenth Claim, (a) an order declaring that the HCHK Technologies Prepetition Transfers in an amount not less than $1,784,915.29 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the HCHK Technologies Prepetition Transfers be set aside; and (c) recovery of the HCHK Technologies Prepetition Transfers, or the value thereof at the Trustee's option, from HCHK Technologies for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

19.    On the Nineteenth Claim, (a) an order declaring that the HCHK Technologies Prepetition Transfers in an amount not less than $1,784,915.29 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the HCHK Technologies Prepetition Transfers be set aside; and (c) recovery of the HCHK Technologies Prepetition Transfers, or the value thereof at the Trustee's option, from HCHK Technologies for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

20.    On the Twentieth Claim, an order (a) declaring that the HCHK Technologies Postpetition Transfers in an amount not less than $4,268,011.37 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the HCHK Technologies Postpetition Transfers be set aside; and (c) recovery of the HCHK Technologies Postpetition Transfers, or the value thereof at the Trustee's option, from HCHK Technologies  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

21.    On the Twenty-First Claim, an order (a) declaring that the HCHK Property

Postpetition Transfers in an amount not less than $1,128,921.69 are avoided pursuant to section

549 of the Bankruptcy Code; and (b) an order directing that the HCHK Property Postpetition

Transfers be set aside; and (c) recovery of the HCHK Property  Postpetition Transfers, or the value

thereof at the Trustee's option, from HCHK Property  for the benefit of the Debtor's estate pursuant

to section 550(a)(1) of the Bankruptcy Code;

22.    On the Twenty-Second Claim, (a) an order declaring that the Lexington Prepetition

Transfers in an amount not less than $30,930,373.91 are avoided pursuant to section 548(a)(1)(A)

of the Bankruptcy Code; (b) an order directing that the Lexington Prepetition Transfers be set

aside; and (c) recovery of the Lexington Prepetition Transfers, or the value thereof at the Trustee's

option, from Lexington for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the

Bankruptcy Code;

23.    On the Twenty-Third Claim, (a) an order declaring that the Lexington Prepetition

Transfers in an amount not less than $30,930,373.91 are avoided pursuant to section 544(b) of the

Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect

to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278;

(b) an order directing that the Lexington Prepetition Transfers be set aside; and (c) recovery of the

Lexington Prepetition Transfers, or the value thereof at the Trustee's option, from Lexington for

the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section

550(a)(1) of the Bankruptcy Code;

24.    On the Twenty-Fourth Claim, (a) an order declaring that the Lexington Prepetition

Transfers in an amount not less than $30,930,373.91 are avoided pursuant to section 548(a)(1)(B)

of the Bankruptcy Code; (b) an order directing that the Lexington Prepetition Transfers be set

aside; and (c) recovery of the Lexington Prepetition Transfers, or the value thereof at the Trustee's option, Lexington for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

25.    On the Twenty-Fifth Claim, an order declaring that (a) the Lexington Prepetition Transfers in an amount not less than $30,930,373.91 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Lexington Prepetition Transfers be set aside; and (c) recovery of the Lexington Prepetition Transfers, or the value thereof at the Trustee's option, from Lexington for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

26.    On the Twenty-Sixth Claim, an order (a) declaring that the Lexington  Postpetition Transfers in an amount not less than $4,178,030.29 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Lexington Postpetition Transfers be set aside; and (c) recovery of the Lexington  Postpetition Transfers, or the value thereof at the Trustee's option, from Lexington  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

27.    On the Twenty-Seventh Claim, (a) an order declaring that the Hudson Diamond Prepetition Transfers in an amount not less than $18,704,990.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Hudson Diamond Prepetition Transfers be set aside; and (c) recovery of the Hudson Diamond Prepetition Transfers, or the value thereof at the Trustee's option, from Hudson Diamond for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

137

28.     On the Twenty-Eighth Claim, an order declaring that the Hudson Diamond Prepetition Transfers in an amount not less than $18,704,990.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hudson Diamond Prepetition Transfers be set aside; and (c) recovery of the Hudson Diamond Prepetition Transfers, or the value thereof at the Trustee's option, from Hudson Diamond for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

29.     On the Twenty-Ninth Claim, (a) an order declaring that the Hudson Diamond Prepetition Transfers in an amount not less than $18,704,990.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Hudson Diamond Prepetition Transfers be set aside; and (c) recovery of the Hudson Diamond Prepetition Transfers, or the value thereof at the Trustee's option, from Hudson Diamond for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

30.     On the Thirtieth Claim, an order declaring that (a) the Hudson Diamond Prepetition Transfers in an amount not less than $18,704,990.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hudson Diamond Prepetition Transfers be set aside; and (c) recovery of the Hudson Diamond Prepetition Transfers, or the value thereof at the Trustee's option, from Hudson Diamond for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

31.     On the Thirty-First Claim, an order declaring that the Leading Shine Prepetition Transfers in an amount not less than $9,075,849.25 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Leading Shine Prepetition Transfers be set aside; and (c) recovery of the Leading Shine Prepetition Transfers, or the value thereof at the Trustee's option, from Leading Shine for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

32.     On the Thirty-Second Claim, (a) an order declaring that the Leading Shine Prepetition Transfers in an amount not less than $9,075,849.25 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Leading Shine Prepetition Transfers be set aside; and (c) recovery of the Leading Shine Prepetition Transfers, or the value thereof at the Trustee's option, from Leading Shine for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

33.     On the Thirty-Third Claim, (a) an order declaring that the Leading Shine Prepetition Transfers in an amount not less than $9,075,849.25 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Leading Shine Prepetition Transfers be set aside; and (c) recovery of the Leading Shine Prepetition Transfers, or the value thereof at the Trustee's option, from Leading Shine for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

34.     On the Thirty-Fourth Claim, an order declaring that (a) the Leading Shine Prepetition Transfers in an amount not less than $9,075,849.25 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020,

139

N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Leading Shine Prepetition Transfers be set aside; and (c) recovery of the Leading Shine Prepetition Transfers, or the value thereof at the Trustee's option, from Leading Shine for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

35.     On the Thirty-Fifth Claim, (a) an order declaring that the G Club International Prepetition Transfers in an amount not less than $72,654,694.57 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the G Club International Prepetition Transfers be set aside; and (c) recovery of the G Club International  Prepetition Transfers, or the value thereof at the Trustee's option, from G Club International  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

36.     On the Thirty-Sixth Claim, an order declaring that the G Club International Prepetition Transfers in an amount not less than $72,654,694.57 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Club International Prepetition Transfers be set aside; and (c) recovery of the G Club International Prepetition Transfers, or the value thereof at the Trustee's option, from G Club International for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

37.     On the Thirty-Seventh Claim, (a) an order declaring that the G Club International Prepetition Transfers in an amount not less than $72,654,694.57 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the G Club International Prepetition Transfers be set aside; and (c) recovery of the G Club International  Prepetition

Transfers, or the value thereof at the Trustee's option, from G Club International  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

38.     On the Thirty-Eighth Claim, an order declaring that (a) the G Club International Prepetition Transfers in an amount not less than $72,654,694.57 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Club International    Prepetition Transfers be set aside; and (c) recovery of the G Club International Prepetition Transfers, or the value thereof at the Trustee's option, from G Club International for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

39.     On the Thirty-Ninth Claim, an order (a) declaring that the G Club International Postpetition Transfers in an amount not less than $72,042,835.16 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the G Club International Postpetition Transfers be set aside; and (c) recovery of the G Club International Postpetition Transfers, or the value thereof at the Trustee's option, from G Club International for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

40.     On the Fortieth Claim, an order declaring that the G Club Operations Prepetition Transfers in an amount not less than $110,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the G Club Operations Prepetition Transfers be set aside; and (c) recovery of the G Club Operations  Prepetition Transfers, or the value thereof at the Trustee's option, from G Club Operations for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

41.     On the Forty-First Claim, an order declaring that the G Club Operations Prepetition Transfers in an amount not less than $110,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Club Operations Prepetition Transfers be set aside; and (c) recovery of the G Club Operations Prepetition Transfers, or the value thereof at the Trustee's option, from G Club Operations for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

42.     On the Forty-Second Claim, (a) an order declaring that the G Club Operations Prepetition Transfers in an amount not less than $110,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the G Club Operations Prepetition Transfers be set aside; and (c) recovery of the G Club Operations Prepetition Transfers, or the value thereof at the Trustee's option, from G Club Operations for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

43.     On the Forty-Third, an order declaring that (a) the G Club Operations Prepetition Transfers in an amount not less than $110,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Club Operations Prepetition Transfers be set aside; and (c) recovery of the G Club Operations Prepetition Transfers, or the value thereof at the Trustee's option, from G Club Operations for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

142

44.     On the Forty-Fourth Claim, an order (a) declaring that the G Club Operations Postpetition Transfers in an amount not less than $5,050,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the G Club Operations Postpetition Transfers be set aside; and (c) recovery of the G Club Operations Postpetition Transfers, or the value thereof at the Trustee's option, from G Club Operations for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

45.     On the Forty-Fifth Claim, an order declaring that the G Fashion Prepetition Transfers in an amount not less than $3,420,750.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the G Fashion Prepetition Transfers be set aside; and (c) recovery of the G Fashion Prepetition Transfers, or the value thereof at the Trustee's option, from G Fashion for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

46.     On the Forty-Sixth Claim, an order declaring that the G Fashion Prepetition Transfers in an amount not less than $3,420,750.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Fashion Prepetition Transfers be set aside; and (c) recovery of the G Fashion Prepetition Transfers, or the value thereof at the Trustee's option, from G Fashion for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

47.     On the Forty-Seventh Claim, (a) an order declaring that the G Fashion Prepetition Transfers in an amount not less than $3,420,750.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the G Fashion Prepetition Transfers be set

aside; and (c) recovery of the G Fashion Prepetition Transfers, or the value thereof at the Trustee's option, from G Fashion for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

48.    On the Forty-Eighth Claim, an order declaring that (a) the G Fashion Prepetition Transfers in an amount not less than $3,420,750.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Fashion Prepetition Transfers be set aside; and (c) recovery of the G Fashion Prepetition Transfers, or the value thereof at the Trustee's option, from G Fashion for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

49.    On the Forty-Ninth Claim, an order declaring that the G Media Prepetition Transfers in an amount not less than $6,255,000.42 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the G Media Prepetition Transfers be set aside; and (c) recovery of the G Media  Prepetition Transfers, or the value thereof at the Trustee's option, from G Media  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

50.    On the Fiftieth Claim, an order declaring that the G Media Prepetition Transfers in an amount not less than $6,255,000.42 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Media Prepetition Transfers be set aside; and (c) recovery of the G Media Prepetition Transfers, or the value thereof at the Trustee's option, from G Media for the benefit of

the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

51.    On the Fifty-First Claim, (a) an order declaring that the G Media Prepetition Transfers in an amount not less than $6,255,000.42 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the G Media Prepetition Transfers be set aside; and (c) recovery of the G Media Prepetition Transfers, or the value thereof at the Trustee's option, from G Media for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

52.    On the Fifty-Second Claim, an order declaring that (a) the G Media Prepetition Transfers in an amount not less than $6,255,000.42 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the G Media Prepetition Transfers be set aside; and (c) recovery of the G Media Prepetition Transfers, or the value thereof at the Trustee's option, from G Media for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

53.    On the Fifty-Third Claim, an order declaring that the Rule of Law Prepetition Transfers in an amount not less than $1,100,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Rule of Law Prepetition Transfers be set aside; and (c) recovery of the Hudson Diamond Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

54.    On the Fifty-Fourth, an order declaring that the Rule of Law Prepetition Transfers in an amount not less than $1,100,000.00 are avoided pursuant to section 544(b) of the Bankruptcy

145

Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Rule of Law Prepetition Transfers be set aside; and (c) recovery of the Rule of Law Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

55.    On the Fifty-Fifth Claim, (a) an order declaring that the Rule of Law Prepetition Transfers in an amount not less than $1,100,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Rule of Law Prepetition Transfers be set aside; and (c) recovery of the Rule of Law Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

56.    On the Fifty-Sixth Claim, an order declaring that (a) the Rule of Law Prepetition Transfers in an amount not less than $1,100,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Rule of Law Prepetition Transfers be set aside; and (c) recovery of the Rule of Law Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

57.    On the Fifty-Seventh Claim, an order (a) declaring that the Rule of Law Postpetition Transfers in an amount not less than $852,500.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Rule of Law Postpetition Transfers be set aside; and (c) recovery of the Rule of Law Postpetition Transfers, or the value thereof at the

Trustee's option, from Rule of Law for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

58.     On the Fifty-Eighth Claim, an order declaring that the Rule of Law Society Prepetition Transfers in an amount not less than $200,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Rule of Law Society Prepetition Transfers be set aside; and (c) recovery of the Rule of Law Society Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law Society  for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

59.     On the Fifty-Ninth Claim, an order declaring that the Rule of Law Society Prepetition Transfers in an amount not less than $200,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Rule of Law Society Prepetition Transfers be set aside; and (c) recovery of the Rule of Law Society Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law Society for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

60.     On the Sixtieth Claim, (a) an order declaring that the Rule of Law Society Prepetition Transfers in an amount not less than $200,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Rule of Law Society Prepetition Transfers be set aside; and (c) recovery of the Rule of Law Society Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law Society for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

61.     On the Sixty-First Claim, an order declaring that (a) the Rule of Law Society Prepetition Transfers in an amount not less than $200,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Rule of Law Society Prepetition Transfers be set aside; and (c) recovery of the Rule of Law Society Prepetition Transfers, or the value thereof at the Trustee's option, from Rule of Law Society for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

62.     On the Sixty-Second Claim, an order (a) declaring that the Rule of Law Society Postpetition Transfers in an amount not less than $1,122,550.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Rule of Law Society Postpetition Transfers be set aside; and (c) recovery of the Rule of Law Society Postpetition Transfers, or the value thereof at the Trustee's option, from Rule of Law Society for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

63.     On the Sixty-Third Claim, an order declaring that the GFNY Prepetition Transfers in an amount not less than $9,600,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the GFNY Prepetition Transfers be set aside; and (c) recovery of the GFNY Prepetition Transfers, or the value thereof at the Trustee's option, from GFNY for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

64.     On the Sixty-Fourth Claim, an order declaring that the GFNY Prepetition Transfers in an amount not less than $9,600,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order

148

directing that the GFNY Prepetition Transfers be set aside; and (c) recovery of the GFNY Prepetition Transfers, or the value thereof at the Trustee's option, from GFNY for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

65.     On the Sixty-Fifth Claim, (a) an order declaring that the GFNY Prepetition Transfers in an amount not less than $9,600,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the GFNY Prepetition Transfers be set aside; and (c) recovery of the GFNY Prepetition Transfers, or the value thereof at the Trustee's option, from GFNY for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

66.     On the Sixty-Sixth, an order declaring that (a) the GFNY Prepetition Transfers in an amount not less than $9,600,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the GFNY Prepetition Transfers be set aside; and (c) recovery of the GFNY Prepetition Transfers, or the value thereof at the Trustee's option, from GFNY for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

67.     On the Sixty-Seventh Claim, an order (a) declaring that the GFNY  Postpetition Transfers in an amount not less than $8,966,163.07 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the GFNY Postpetition Transfers be set aside; and (c) recovery of the GFNY Postpetition Transfers, or the value thereof at the Trustee's option, from GFNY for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

149

68.     On the Sixty-Eighth Claim, an order declaring that the Anton Development Prepetition Transfers in an amount not less than $5,800,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Anton Development Prepetition Transfers be set aside; and (c) recovery of the Anton Development Prepetition Transfers, or the value thereof at the Trustee's option, from Anton Development for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

69.     On the Sixty-Ninth Claim, an order declaring that the Anton Development Prepetition Transfers in an amount not less than $5,800,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Anton Development Prepetition Transfers be set aside; and (c) recovery of the Anton Development Prepetition Transfers, or the value thereof at the Trustee's option, from Anton Development for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

70.     On the Seventieth Claim, (a) an order declaring that the Anton Development Prepetition Transfers in an amount not less than $5,800,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Anton Development Prepetition Transfers be set aside; and (c) recovery of the Anton Development Prepetition Transfers, or the value thereof at the Trustee's option, from Anton Development for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

71.     On the Seventy-First Claim, an order declaring that (a) the Anton Development Prepetition Transfers in an amount not less than $5,800,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020,

N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Anton Development Prepetition Transfers be set aside; and (c) recovery of the Anton Development Prepetition Transfers, or the value thereof at the Trustee's option, from Anton Development for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

72.     On the Seventy-Second Claim, an order declaring that the Himalaya Intl. Prepetition Transfers in an amount not less than $109,166,373.33 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Himalaya Intl. Prepetition Transfers be set aside; and (c) recovery of the Himalaya Intl. Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Intl. for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

73.     On the Seventy-Third Claim, an order declaring that the Himalaya Intl. Prepetition Transfers in an amount not less than $109,166,373.33 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Intl. Prepetition Transfers be set aside; and (c) recovery of the Himalaya Intl. Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Intl. for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

74.     On the Seventy-Fourth Claim, (a) an order declaring that the Himalaya Intl. Prepetition Transfers in an amount not less than $109,166,373.33 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Himalaya Intl. Prepetition Transfers be set aside; and (c) recovery of the Himalaya Intl. Prepetition Transfers, or the value

thereof at the Trustee's option, from Himalaya Intl. for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

75.     On the Seventy-Fifth Claim, an order declaring that (a) the Himalaya Intl. Prepetition Transfers in an amount not less than $109,166,373.33 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Himalaya Intl. Prepetition Transfers be set aside; and (c) recovery of the Himalaya Intl. Prepetition Transfers, or the value thereof at the Trustee's option, from Himalaya Intl. for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

76.     On the Seventy-Sixth  Claim, an order (a) declaring that the Himalaya Intl. Postpetition Transfers in an amount not less than $34,715,573.08 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya Intl. Postpetition Transfers be set aside; and (c) recovery of the Himalaya Intl. Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya Intl. for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

77.     On the Seventy-Seventh Claim, an order declaring that the China Golden Prepetition Transfers in an amount not less than $256,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the China Golden Prepetition Transfers be set aside; and (c) recovery of the China Golden Prepetition Transfers, or the value thereof at the Trustee's option, from China Golden for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

78.     On the Seventy-Eighth Claim, an order declaring that the China Golden Prepetition Transfers in an amount not less than $256,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the China Golden Prepetition Transfers be set aside; and (c) recovery of the China Golden Prepetition Transfers, or the value thereof at the Trustee's option, from China Golden for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

79.     On the Seventy-Ninth Claim, (a) an order declaring that the China Golden Prepetition Transfers in an amount not less than $256,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the China Golden Prepetition Transfers be set aside; and (c) recovery of the China Golden Prepetition Transfers, or the value thereof at the Trustee's option, from China Golden for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

80.     On the Eightieth Claim, an order declaring that (a) the China Golden Prepetition Transfers in an amount not less than $256,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the China Golden Prepetition Transfers be set aside; and (c) recovery of the China Golden Prepetition Transfers, or the value thereof at the Trustee's option, from China Golden for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

81.     On the Eighty-First  Claim, an order (a) declaring that the GF Italy Postpetition Transfers in an amount not less than $3,710,933.00 are avoided pursuant to section 549 of the

Bankruptcy Code; and (b) an order directing that the GF Italy Postpetition Transfers be set aside; and (c) recovery of the GF Italy Postpetition Transfers, or the value thereof at the Trustee's option, from GF Italy for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

82.     On the Eighty-Second Claim, an order declaring that the ACA Prepetition Transfers in an amount not less than $26,625,000.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the ACA Prepetition Transfers be set aside; and (c) recovery of the ACA Prepetition Transfers, or the value thereof at the Trustee's option, from ACA for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

83.     On the Eighty-Third Claim, an order declaring that the ACA Prepetition Transfers in an amount not less than $26,625,000.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the ACA Prepetition Transfers be set aside; and (c) recovery of the ACA Prepetition Transfers, or the value thereof at the Trustee's option, from ACA for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

84.     On the Eighty-Fourth Claim, (a) an order declaring that the ACA Prepetition Transfers in an amount not less than $26,625,000.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the ACA Prepetition Transfers be set aside; and (c) recovery of the ACA Prepetition Transfers, or the value thereof at the Trustee's option, from ACA for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

85.     On the Eighty-Fifth, an order declaring that (a) the ACA Prepetition Transfers in an amount not less than $26,625,000.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the ACA Prepetition Transfers be set aside; and (c) recovery of the ACA Prepetition Transfers, or the value thereof at the Trustee's option, from ACA for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

86.     On the Eighty-Sixth  Claim, an order (a) declaring that the ACA Postpetition Transfers in an amount not less than $31,232,657.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the ACA Postpetition Transfers be set aside; and (c) recovery of the ACA Postpetition Transfers, or the value thereof at the Trustee's option, from ACA for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

87.     On the Eighty-Seventh Claim, an order declaring that the Hamilton Prepetition Transfers in an amount not less than $3,209,061.04 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Hamilton Prepetition Transfers be set aside; and (c) recovery of the Hamilton Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

88.     On the Eighty-Eighth Claim, an order declaring that the Hamilton Prepetition Transfers in an amount not less than $3,209,061.04 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hamilton Prepetition Transfers be set aside; and (c) recovery of the

155

Hamilton Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

89.     On the Eighty-Ninth Claim, (a) an order declaring that the Hamilton Prepetition Transfers in an amount not less than $3,209,061.04 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Hamilton Prepetition Transfers be set aside; and (c) recovery of the Hamilton Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

90.     On the Ninetieth Claim, an order declaring that (a) the Hamilton Prepetition Transfers in an amount not less than $3,209,061.04 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hamilton Prepetition Transfers be set aside; and (c) recovery of the Hamilton Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

91.     On the Ninety-First Claim, an order (a) declaring that the Hamilton Postpetition Transfers in an amount not less than $37,333,500.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Hamilton Postpetition Transfers be set aside; and (c) recovery of the Hamilton Postpetition Transfers, or the value thereof at the Trustee's option, from Hamilton for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code

92.     On the Ninety-Second Claim, an order declaring that the Hamilton Opportunity Prepetition Transfers in an amount not less than $151,496,699.43 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Hamilton Opportunity Prepetition Transfers be set aside; and (c) recovery of the Hamilton Opportunity Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton Opportunity for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

93.     On the Ninety-Third Claim, an order declaring that the Hamilton Opportunity Prepetition Transfers in an amount not less than $151,496,699.43 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hamilton Opportunity Prepetition Transfers be set aside; and (c) recovery of the Hamilton Opportunity Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton Opportunity for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

94.     On the Ninety-Fourth Claim, (a) an order declaring that the Hamilton Opportunity Prepetition Transfers in an amount not less than $151,496,699.43 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Hamilton Opportunity Prepetition Transfers be set aside; and (c) recovery of the Hamilton Opportunity Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton Opportunity for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

95.     On the Ninety-Fifth Claim, an order declaring that (a) the Hamilton Opportunity Prepetition Transfers in an amount not less than $151,496,699.43 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4,

2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hamilton Opportunity Prepetition Transfers be set aside; and (c) recovery of the Hamilton Opportunity Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton Opportunity for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

96.     On the Ninety-Sixth  Claim, an order (a) declaring that the Hamilton Opportunity Postpetition Transfers in an amount not less than $192,899,889.20 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Hamilton Opportunity Postpetition Transfers be set aside; and (c) recovery of the Hamilton Opportunity Postpetition Transfers, or the value thereof at the Trustee's option, from Hamilton Opportunity for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

97.     On the Ninety-Seventh Claim, an order declaring that the Hamilton Capital Prepetition Transfers in an amount not less than $13,429,900.98 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Hamilton Capital Prepetition Transfers be set aside; and (c) recovery of the Hamilton Capital Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton Capital for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

98.     On the Ninety-Eighth Claim, an order declaring that the Hamilton Capital Prepetition Transfers in an amount not less than $13,429,900.98 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hamilton Capital Prepetition Transfers be set aside; and (c) recovery of the Hamilton Capital Prepetition Transfers, or the value thereof at the Trustee's

option, from Hamilton Capital for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

99.     On the Ninety-Ninth Claim, (a) an order declaring that the Hamilton Capital Prepetition Transfers in an amount not less than $13,429,900.98 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Hamilton Capital Prepetition Transfers be set aside; and (c) recovery of the Hamilton Capital Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton Capital for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

100.     On the One Hundreth Claim, an order declaring that (a) the Hamilton Capital Prepetition Transfers in an amount not less than $13,429,900.98 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Hamilton Capital Prepetition Transfers be set aside; and (c) recovery of the Hamilton Capital Prepetition Transfers, or the value thereof at the Trustee's option, from Hamilton Capital for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

101.     On the One Hundred-First  Claim, an order (a) declaring that the Hamilton Capital Postpetition Transfers in an amount not less than $44,164,391.38 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Hamilton Capital Postpetition Transfers be set aside; and (c) recovery of the Hamilton Capital Postpetition Transfers, or the value thereof at the Trustee's option, from Hamilton Capital for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

102.    On the One Hundred-Second Claim, an order (a) declaring that the Himalaya Currency Postpetition Transfers in an amount not less than $180,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya Currency Postpetition Transfers be set aside; and (c) recovery of the Himalaya Currency Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya Currency for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

103.    On the One Hundreth-Third  Claim, an order (a) declaring that the Himalaya Financial Postpetition Transfers in an amount not less than $51,712,920.60 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya Financial Postpetition Transfers be set aside; and (c) recovery of the Himalaya Financial Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya Financial for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

104.    On the One Hundred-Fourth  Claim, an order (a) declaring that the Himalaya Reserves Postpetition Transfers in an amount not less than $267,000,000.00 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Himalaya Reserves Postpetition Transfers be set aside; and (c) recovery of the Himalaya Reserves Postpetition Transfers, or the value thereof at the Trustee's option, from Himalaya Reserves for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

105.    On the One Hundred-Fifth Claim, an order declaring that the Saraca Prepetition Transfers in an amount not less than $7,524,940.00 are avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Saraca Prepetition Transfers be set aside; and (c) recovery of the Saraca Prepetition Transfers, or the value thereof at the Trustee's option,

from Saraca for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

106.    On the One Hundred-Sixth Claim, an order declaring that the Saraca Prepetition Transfers in an amount not less than $7,524,940.00 are avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt & Cred. Law sections 273(a)(1), 274, and 276, and with respect to transfers prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Saraca Prepetition Transfers be set aside; and (c) recovery of the Saraca Prepetition Transfers, or the value thereof at the Trustee's option, from Saraca for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

107.    On the One Hundred-Seventh Claim, (a) an order declaring that the Saraca Prepetition Transfers in an amount not less than $7,524,940.00 are avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code; (b) an order directing that the Saraca Prepetition Transfers be set aside; and (c) recovery of the Saraca Prepetition Transfers, or the value thereof at the Trustee's option, from Saraca for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

108.    On the One Hundred-Eighth Claim, an order declaring that (a) the Saraca Prepetition Transfers in an amount not less than $7,524,940.00 are avoided pursuant to N.Y. Debt. & Cred. Law sections 273(a)(2), 274 and 276, and with respect to claims prior to April 4, 2020, N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Saraca Prepetition Transfers be set aside; and (c) recovery of the Saraca Prepetition Transfers, or the value thereof at the Trustee's option, from Saraca for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

109.     On the One Hundred-Ninth Claim, an order (a) declaring that the GFI Postpetition Transfers in an amount not less than $3,350,025.77 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the GFI Postpetition Transfers be set aside; and (c) recovery of the GFI Postpetition Transfers, or the value thereof at the Trustee's option, from GFI for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

110.     Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

111.     Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated:  February 15, 2024          LUC A. DESPINS
        New Haven, CT          CHAPTER 11 TRUSTEE


By: /s/ *Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com
    *Counsel for the Chapter 11 Trustee*

## SCHEDULES FILED UNDER SEAL