**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                              :

In re:                      :    Chapter 11
                              :

HO WAN KWOK, *et al*.,    :    Case No. 22-50073 (JAM)
                              :

        Debtors.[1]        :    Jointly Administered
                              :

------------------------------------------------------x

**APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT
TO BANKRUPTCY CODE  SECTIONS 327, 328, AND 330, BANKRUPTCY RULES
2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1,
AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF
PRAGER DREIFUSS AG AS SWISS LAW COUNSEL**

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee")

appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure

(the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of

Connecticut (the "Court"), files this application (the "Application") requesting entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") approving the

Chapter 11 Trustee's employment of Prager Dreifuss AG ("Prager Dreifuss") as Swiss law

counsel, effective as of January 16, 2024, on the terms set forth in the engagement letter attached

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

hereto as **Exhibit B** (the "Engagement Letter").  In support of this Application, the Chapter 11 Trustee submits the *Declaration of Daniel Hayek in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Prager Dreifuss AG as Swiss Law Counsel* (the "Hayek Declaration"), attached as **Exhibit C**, which is incorporated herein by reference.  In further support of this Application, the Chapter 11 Trustee respectfully states as follows:

## RELIEF REQUESTED

1.      In the course of his investigation into the Debtor's financial firms, the Trustee recently discovered assets located, and transfers that took place, in Switzerland.  The Trustee thus requires a Swiss law firm to further investigate these matters, particularly as the Trustee may need to file pleadings in Swiss court to seek discovery in connection with these matters.  As part of these efforts, the Chapter 11 Trustee will also seek to have this chapter 11 case recognized in Switzerland.  The Chapter 11 Trustee selected Prager Dreifuss as his counsel based on Prager Dreifuss' familiarity with financial investigations, insolvency, and tracing of funds.

2.      By this Application, the Chapter 11 Trustee seeks entry of the Proposed Order, authorizing and approving the retention and employment of Prager Dreifuss as the Chapter 11 Trustee's Swiss law counsel, effective as of January 16, 2024, on the terms set forth in the Engagement Letter, to assist the Trustee in his efforts to recover assets of the Debtor's estate potentially located in Switzerland.

## JURISDICTION, VENUE, AND STATUTORY BASES

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

6.    On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.    On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

8.    On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Chapter 11 Trustee [Docket No. 514].

9.    On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Chapter 11 Trustee in the Chapter 11 Case [Docket No. 523].

## PRAGER DREIFUSS' QUALIFICATIONS

10.    Prager Dreifuss is a law firm located at 6 Mühlebachstrasse, Zurich 8008, Switzerland.  Prager Dreifuss maintains offices in Zurich (Switzerland), Bern (Switzerland), and Brussels (Belgium).  Prager Dreifuss is a renowned Swiss law firm which practices in a range of

business law areas.  The firm currently employs 45 lawyers, who are assisted by paralegals and support staff.

11.     For example, Daniel Hayek and his team at Prager Dreifuss have represented the trustee and the security agent of the bondholders regarding their claims against one of Europe's largest independent oil refiners, the Swiss-based Petroplus group; they secured the enforcement of a large claim based on derivatives in litigation against the bankrupt estate of the Swiss Lehman entity; and advised the trustee of the Kodak pension plan on the acquisition of assets and restructuring.

12.     Prager Dreifuss has expertise in practice areas including white collar crimes and investigations, as well as finance and insolvency.  Prager Dreifuss' broad business law practices spans a range of legal services in Switzerland.

## ANTICIPATED SERVICES

13.     The Chapter 11 Trustee anticipates that Prager Dreifuss will assist him in the investigation of assets and transfers connected to the Debtor that took place in Switzerland.[2]  As part of these efforts, Prager Dreifuss will also assist the Chapter 11 Trustee in seeking to have this chapter 11 case recognized in Switzerland.  Due to the specialized nature of Prager Dreifuss role as Swiss law counsel, there will be no duplication of services arising from Prager Dreifuss' retention.

## COMPENSATION OF PRAGER DREIFUSS

14.     Prager Dreifuss intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11

---

[2]     In the interest of maintain confidentiality regarding the ongoing investigation, the Trustee will not disclose the exact funds and assets believed to be located in Switzerland.

Case pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (as such order may be amended, the "Interim Compensation Order").

15.     Prager Dreifuss will charge the Debtor for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in connection with the Trustee's investigations.

16.     At present, the 2024 hourly rates of Prager Dreifuss are between CHF 275 and CHF 450 for associates (which, at current exchange rates, converts into approximately $315 to $516) and between CHF 500 to CHF 900 for partners (which, at current exchange rates, converts into approximately $574 and $1,033).  Prager Dreifuss will also charge a flat fee for disbursements made on behalf of the Debtor, which flat fee amounts will be equal to 3% of the total fees charged.[3]

17.     Prager Dreifuss has requested, and the Chapter 11 Trustee hereby seeks authorization, that Prager Dreifuss be allowed to invoice its fees and expenses in Swiss Francs (CHF) and to have such fees and expenses paid in Swiss Francs (CHF), subject to the terms of the Interim Compensation Order.

18.     The Debtor submits that Prager Dreifuss' hourly rates are reasonable, comparable to Prager Dreifuss' hourly rates for other engagements, and within the range of rates charged by comparably skilled professionals who offer the same services.

---

[3]     Prager Dreifuss does not maintain internal processes that would allow it track its administrative expenses, such as photocopying, printing, etc.

19.     While all matters related to the payment and allowance of Prager Dreifuss' fees and expenses will be determined by the Bankruptcy Court, as detailed in the Engagement Letter, disputes and claims arising from or in connection with the Engagement Letter, including the validity, invalidity, breach or termination thereof, will be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution. Prager Dreifuss has advised the Trustee that it cannot remove the arbitration provision, because it is required to maintain liability insurance coverage.

## PRAGER DREIFUSS IS DISINTERESTED

20.     To the best of the Chapter 11 Trustee's knowledge in reliance upon the Hayek Declaration, and except as disclosed therein, Prager Dreifuss does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

21.     More specifically, upon the basis of the Hayek Declaration, and except as disclosed therein, the Chapter 11 Trustee believes that: (a) Prager Dreifuss has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or his respective attorneys or accountants; and (b) Prager Dreifuss and its employees (i) are not a creditors, equity security holders, or insiders of the Debtor or his affiliates, (ii) have not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) has not had any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.  Therefore, the Chapter 11 Trustee

believes that Prager Dreifuss is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

22.     Based on the Hayek Declaration, the Chapter 11 Trustee believes that Prager Dreifuss does not represent any adverse interest to unsecured creditors in connection with the Chapter 11 Case.

## BASIS FOR RELIEF REQUESTED

23.     The Chapter 11 Trustee requests to retain and employ Prager Dreifuss as his Swiss counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

24.     Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

25.     Bankruptcy Rule 2014(a) provides that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

26.     The Chapter 11 Trustee requires the services of counsel in Switzerland to exercise his responsibilities.  Prager Dreifuss will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

27.     Accordingly, the employment of Prager Dreifuss as the Chapter 11 Trustee's Swiss counsel, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

28.     The Chapter 11 Trustee submits that Prager Dreifuss' rates are reasonable, comparable to rates for other engagements, and within the range of rates charged by comparably skilled professionals who offer the same services.

29.     Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise."  Accordingly, the Chapter 11 Trustee requests authority to retain and employ Prager Dreifuss effective January 16, 2024, which was the date that Prager Dreifuss began providing services to the Chapter 11 Trustee.

## NOTICE

30.     Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

## NO PRIOR REQUEST

31.     No previous application for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Luc A. Despins, the Chapter 11 Trustee, requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the Chapter 11 Trustee's employment of Prager Dreifuss as Swiss law counsel, and order such other and further relief as the Court deems just and proper.

Dated:    February 16, 2024

Chapter 11 Trustee in Chapter 11 Case of Ho Wan Kwok

*/s/ Luc A. Despins*
Luc A. Despins

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK, *et al.*,[1]                 :    Case No. 22-50073 (JAM)
                                          :
                            Debtors.      :    (Jointly Administered)
                                          :
---------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2024, the foregoing Application was

electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned

chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to

anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties

may access this filing through the Court's CM/ECF system.

Dated:       February 16, 2024

                              By: */s/ G. Alexander Bongartz*
                                  G. Alexander Bongartz (admitted *pro hac vice*)
                                  PAUL HASTINGS LLP
                                  200 Park Avenue
                                  New York, New York 10166
                                  (212) 318-6000
                                  alexbongartz@paulhastings.com

                                  *Counsel for the Chapter 11 Trustee*

---

[1]       The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
HO WAN KWOK, et al.,                        :    Case No. 22-50073 (JAM)
                                            :
            Debtors.[1]                     :    Jointly Administered
                                            :
------------------------------------------------------x
```

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE**
**FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328,**
**AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY**
**RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND**
**EMPLOYMENT OF PRAGER DREIFUSS AG AS SWISS LAW COUNSEL**

Upon the application (the "Application")[2] of Chapter 11 Trustee Luc A. Despins (the

"Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), (a) for

authority to retain and employ Prager Dreifuss AG ("Prager Dreifuss") as counsel in Switzerland

to the Chapter 11 Trustee, effective as of January 16, 2024, pursuant to sections 327, 328, and

330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the

District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the

Application and the Engagement Letter; and upon consideration of the Application and the

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
(solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Hayek
Declaration.

Hayek Declaration; and this Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference from the United States District Court for the District of Connecticut; and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in

the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and

factual bases set forth in the Application and the Hayek Declaration, and the record of any

hearing on the Application before this Court establish just cause for the relief granted herein, (iii)

Prager Dreifuss is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code

and as required by section 327(a) of the Bankruptcy Code, and (iv) Prager Dreifuss and its

employees do not hold or represent an interest adverse to the Debtor's estate; and due and

sufficient notice of the Application having been given under the particular circumstances; and it

appearing that no other or further notice need be given; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

    1.       The Application is granted as set forth herein.

    2.       The Chapter 11 Trustee is authorized to retain and employ Prager Dreifuss as his

Swiss law counsel effective as of January 16, 2024 on the terms set forth in the Application, the

Engagement Letter, and the Hayek Declaration.

    3.       Prager Dreifuss is authorized to act as the Chapter 11 Trustee's lawyers and to

perform those services described in the Application.

4.      The Estate shall be responsible for Prager Dreifuss' compensation and reimbursement of expenses with respect to the engagement.

5.      The allowance of any compensation to be paid to Prager Dreifuss shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the Interim Compensation Order.

6.      Allowance of any compensation for Prager Dreifuss shall be limited to the extent of services actually performed (plus a flat fee for disbursements in an amount equal to 3% of total fees charged) as Swiss law counsel for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

7.      Prager Dreifuss is authorized to invoice its fees and expenses in Swiss Francs (CHF) and to have such fees and expenses paid in Swiss Francs (CHF), subject to the terms of the Interim Compensation Order.

8.      Prager Dreifuss shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

9.      The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10.     The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11.     To the extent the Application, the Engagement Letter, and the Hayek Declaration are inconsistent with this Order, the terms of this Order shall govern.

3

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit B

**Engagement Letter**



**PRAGER DREIFUSS**

ATTORNEYS AT LAW

Dr. Andreas Moll M.C.J.

Dr. Christoph K. Graber
Daniel Hayek LL.M.
Dr. Hans-Ulrich Brunner LL.M.

Verena Morscher-Guggenbühl LL.M.

Prof. Dr. Philipp E. Zurkinden LL.M.
Prof. Dr. Urs Bertschinger
Dr. Urs Feller

Dr. Gion Christian Casanova LL.M.
Dr. Reto M. Jenny LL.M.
Dr. Gion Jegher LL.M.
Frédéric Gante
Mark Meili LL.M.
Dr. Andrea Stäubli
Dr. Andrea Schütz LL.M.
Guy Deillon, LL.M.
Corinne Nobs LL.M.
Marcel Frey LL.M.
Bernhard C. Lauterburg LL.M.
Dr. Christian Schönfeld LL.M.
Markus Seglias

Michaela Kappeler LL.M.
Raphael Keller LL.M.
Dr. Rahel A. Nedi LL.M.
Laura Richenberger
Dr. Mike Abegg LL.M.
Dr. Raphael Märki
Anik S. Zehnder
Mohamed Hasnaoui
Edith Schmidt LL.M.

Dr. Tis Prager
Dr. Urs Brunner
Gaudenz F. Domenig LL.M.

Ralph Butz LL.M.
Dr. Marino Baldi

**By E-Mail**
Paul Hastings LLP
Attn: Luc Despins
200 Park Avenue
New York, NY 10166
USA

Zurich, 16 January 2024
VS PD 16.01.24

## Mandate Agreement regarding Ho Wan Kwok

Dear Luc

As Prager Dreifuss AG **("Prager Dreifuss")** we would like to express our gratitude for the trust you have put in us. Please find below the terms of our mandate agreement with you. It is our business mission to provide our clients with value-adding services. To ensure that this can be achieved in an efficient and effective manner, we have set out the terms of our business relationship in this mandate agreement. These terms shall henceforth form the basis of our cooperation.

### 1.    Matters of fact / Point of departure and assumptions

It is our understanding that Prager Dreifuss shall advise and represent Luc Despins **(the "Trustee")**, solely in his capacity as the chapter 11 trustee of the estate of Ho Wan Kwok, a/k/a Miles Guo **(the "Estate")**.  The chapter 11 case of Ho Wan Kwok is pending in the United States Bankruptcy Court for the District of Connecticut **(the "Bankruptcy Court")**.

### 2.    Scope of work

The scope of work performed by Prager Dreifuss shall encompass the recovery of assets in Switzerland of the Estate, in particular from Ho Wan Kwok and his son, Qiang Guo, and any related companies. This may include, if expressly approved in writing by the Trustee, the filing of criminal complaints, the initiation of ancillary insolvency proceedings and the engagement of forensic firms. Swiss Banks which were potentially involved in

**Prager Dreifuss AG** · Zurich, Berne, Brussels · www.prager-dreifuss.com

Mühlebachstrasse 6, CH-8008 Zurich          Schweizerhof-Passage 7, CH-3001 Berne          Avenue Louise 235, B-1050 Brussels
T +41 44 254 55 55, F +41 44 254 55 99          T +41 31 327 54 54, F +41 31 327 54 99          T +32 2 537 09 49, F +32 2 537 21 16



PRAGER
DREIFUSS

ATTORNEYS AT LAW

asset transfers of Ho Wan Kwok and Qiang Guo include Banque Gonet and MBAER Bank.

## 3.      Attorneys working on the matter

The matter described above shall primarily be attended to by Daniel Hayek (Partner, attorney at law), Gion Jegher (Partner, attorney at law), Mark Meili (Partner, attorney at law) and Edith Schmidt (associate, attorney at law).

Prager Dreifuss shall be entitled, if the need therefore arises or the case in question requires so, to call upon further partners, counsels or attorneys.

## 4.      Fees

### 4.1      Hourly rates

As a rule, the fees of Prager Dreifuss are charged based on the time spend on the mandate. The hourly rate of partners in our law firm ranges between CHF 500 and CHF 900. The work performed by associates is charged at between CHF 275 and CHF 450 per hour. In general, we do not charge any supplements (i.e. for Sunday or night work, particularly complex legal issues, foreign language work, etc.) and we propose not to do so in this matter. We will, however, charge a flat fee for disbursements, which amounts to 3% of the total fees. Since the Client is domiciled outside of Switzerland, the fees of Prager Dreifuss are not subject to Swiss VAT.

A detailed schedule of fees reflecting the work performed shall be provided to you every 30 days.

In the case at hand the following hourly rates shall be applicable: Daniel Hayek: CHF 750, Gion Jegher: CHF 650, Mark Meili: CHF 550 and Edith Schmidt: CHF 400 (which are the rates that such attorneys regularly charge to firm clients).

The invoice shall be based on the time spent on the matter pursuant to this mandate agreement, including legal research, documentation, analysis, meetings and travel time (to the extent such travel time is approved by the Trustee prior to travel).



PRAGER
DREIFUSS

ATTORNEYS AT LAW

### 4.2    Invoicing

Invoices are issued on a monthly basis, at the latest, however, after the conclusion of the services rendered. Invoices shall be paid in accordance with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the compensation procedures established and required by the Bankruptcy Court. In case of arrears in payments, Prager Dreifuss reserves its right to terminate this mandate agreement with an adequate period of notice. Work done in connection with the enforcement of the payment shall be invoiced at the normal hourly rates.

### 5.    Instruction and communication

Currently, we shall accept instructions solely from Luc Despins of Paul Hastings LLP. Please let us know in writing, should the right of instruction be extended to other persons.

Communication and correspondence with you, counterparties or third parties may take electronic form (e.g. internet, e-mail etc.).

E-mail communication and communication by other electronic means bear a higher risk with regard to data protection and potential unauthorized access. In this regard Prager Dreifuss shall not be liable for any damages resulting from the non-receipt, late receipt or falsification of information or the breach of confidentiality of such information.

Despite performing regular virus checks on our computer and data systems we advise you to also perform such checks on your behalf. Prager Dreifuss shall not be liable for any damages caused to your systems or data owing to virus activity.

### 6.    Conflicts of interest

We confirm that we have performed an internal conflict of interest check and that currently, to the best of our knowledge, no such conflict of interest exists which might influence our work for you in this matter.

We are bound by the applicable rules governing conflicts of interest. It might therefore become necessary for us to suspend our work for you owing to a conflict of interest arising in the future.



PRAGER
DREIFUSS

ATTORNEYS AT LAW

Even in the absence of a conflict of interest, it is conceivable that we could act for other clients or that we could be in possession of information by other clients, which are engaged in a similar line of business as yourself and which might be viewed by you as your competitors. We are not obliged to disclose to you such information where this could constitute a breach of trust vis-à-vis another client or a third party.

**7.      Termination**

You are entitled to terminate this mandate agreement at any time. Prager Dreifuss shall be entitled to terminate this mandate agreement if (a) a conflict of interests arises, (b) a due payment to Prager Dreifuss is not effected, (c) Prager Dreifuss does not receive complete or adequate instructions or where such instruction are contradictory, or (d) if further work by Prager Dreifuss should become impossible in view of the applicable rules of the profession. In case of termination, all due fees and disbursements until the termination, including those fees and disbursements arising for reason of the termination of the mandate agreement or because of the handing over of the matter to a different advisor of your choice, shall be borne by you.

**8.      Storage of files**

Swiss law requires us to store all correspondence and other documentation pertaining to the mandate for a period of ten years since the termination of the mandate agreement. After this period, Prager Dreifuss shall be entitled to destroy the documents of the client file without further notice.

**9.      Liability and limitation of liability**

Save for gross negligence and willful intent, Prager Dreifuss does not accept any liability for damages. Any claims shall be addressed solely at Prager Dreifuss and cannot be made against employees, councils, associates or partners of Prager Dreifuss.

The services rendered by Prager Dreifuss are exclusively for your own purpose and may not be used for other purposes without our prior written approval nor given to third parties (save to your professional advisors, who may not rely on our services).



PRAGER DREIFUSS

ATTORNEYS AT LAW

Prager Dreifuss does not assume responsibility for advisory services which you have received from third parties, irrespective of the type, scope or appropriateness of such advice or performance of the advisor. It shall remain the responsibility of the client to ensure that these advisory services are rendered and that they are appropriate for your requirements.

## 10.    Professional Confidentiality

We are bound by professional confidentially obligations pursuant to art. 13 of the Federal Act on the Freedom of Movement for Lawyers and art. 321 of the Swiss Penal Code (breach of professional confidentiality). Hence we are not allowed to disclose confidential information that has been confided to us in our professional capacity, unless this duty is waived by the Client, the relevant supervisory body or if it forms a part of the mandate to communicate certain information to third-parties. Further, the communication with officers of Client who deal with the project do not fall under these professional confidentiality obligations.

## 11.    Applicable law and place of jurisdiction

This mandate agreement shall be governed in its entirety by Swiss law (to the exclusion of the rules on the conflict of laws). Disputes, differences of opinion and claims arising from or in connection with this mandate agreement, including the validity, invalidity, breach or termination thereof shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution; provided, however, that all matters related to the payment and allowance of our fees and expenses shall be determined by the Bankruptcy Court. The version of the arbitration rules in force on the date of the filing of the notice of arbitration shall be applicable. The number of arbitrators shall be one. The arbitral proceedings shall be conducted in English and the seat of the arbitration shall be in Zurich.

The provisions above shall formally constitute our business terms. Please contact us should you wish to discuss these. To confirm your agreement with these business terms, please sign the enclosed copy of this mandate agreement and return it to us by fax (+41 44 254 55 99) or by PDF e-mail attachment (to: daniel.hayek@prager-dreifuss.com).



It is a privilege for us to act as attorneys for you on this project. Rest assured that our law firm and every attorney engaged in this matter will play his part with the utmost commitment, enthusiasm and show of team spirit.

Yours sincerely

**Prager Dreifuss AG**

Daniel Hayek                     Gion Jegher



I hereby agree to the business terms set out above.

Place and date:

_____1/19/2024_____

_____

Luc Despins, as Chapter 11 Trustee

**Exhibit C**

**Hayek Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
------------------------------------------------------x
                                         :
In re:                                   :    Chapter 11
                                         :
HO WAN KWOK, et al.,                     :    Case No. 22-50073 (JAM)
                                         :
              Debtors.¹                  :    Jointly Administered
                                         :
------------------------------------------------------x
```

**DECLARATION OF DANIEL HAYEK IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PRAGER DREIFUSS AG AS SWISS LAW COUNSEL**

I, Daniel Hayek, being duly sworn, do depose and say:

1.       I am a lawyer admitted to practice in Switzerland since 1993, and the chairman of the board of the law firm Prager Dreifuss AG ("Prager Dreifuss"), which maintains its principal office at 6 Mühlebachstrasse, Zurich 8008, Switzerland, and I make this declaration (the "Declaration") in support of the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Prager Dreifuss AG as Swiss Law Counsel*, with respect to the Trustee's

---

¹       The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

investigation of the Debtor's estate and assets in Switzerland and related matters (the

"Engagement").

      2.      In relation to the Engagement, (a) Prager Dreifuss' professional client is the estate

(the "Estate") of Ho Wan Kwok (the "Debtor") in his above-captioned chapter 11 case (the

"Chapter 11 Case") and (b) Prager Dreifuss will seek to recover its fees from the Estate and will

file fee statements and fee applications in the Chapter 11 Case in accordance with the Interim

Compensation Order.

      3.      I received a legal degree from the University of Zurich, and am a graduate of the

New York University where I received an LLM.  My experience encompasses acquisitions of

Swiss companies by large strategic buyers as well as on debt restructuring and bankruptcy law,

including the representation of chapter 11 trustees.  I also specializes in corporate finance,

acquisitions, banking and finance as well as corporate law issues, and advise clients on all types

of domestic and cross-border transactions.

      4.      Prager Dreifuss will file applications for compensation of professional services

rendered and for reimbursement of expenses incurred in connection with the Engagement

pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local

Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter

11 Case, including the Interim Compensation Order.

      5.      Prager Dreifuss will charge its normal billing rates in connection with the

Engagement.  At present, the 2024 hourly rates of Prager Dreifuss are between CHF 275 and

CHF 450 for associates (which, at current exchange rates, converts into approximately $315 to

$516) and between CHF 500 to CHF 900 for partners (which, at current exchange rates, converts

into approximately $574 and $1,033).  Prager Dreifuss will also charge a flat fee for

disbursements made on behalf of the Debtor, which flat fee amounts will be equal to 3% of the

total fees charged.  For work conducted by me on this Engagement, Prager Dreifuss will charge

an hourly rate of CHF 750 (which, at current exchange rates, converts into approximately $863).

As is the practice for most Swiss law firms, Prager Dreifuss does not have internal processes in

place for tracking administrative expenses made on behalf of the Debtor, such as photocopying,

postage, and package deliveries.  Therefore, Prager Dreifuss will instead charge a flat fee for

disbursements, which flat fee will be equal to 3% of the total fees charged in connection with its

legal services.

6.      To the best of my knowledge and belief after due inquiry, Prager Dreifuss is a

"disinterested person" within the meaning of section 101(14) of title 11 of the United States

Code (the "Bankruptcy Code") in that Prager Dreifuss and each of Prager Dreifuss' lawyers:

    a.      are not creditors, equity security holders, or insiders of the Debtor;

    b.      are not, and were not within two years before the date of filing of the

            Debtor's petition, directors, officers, or employees of the Debtor; and

    c.      do not have an interest materially adverse to the interest of the Debtor's

            estate or of any class of creditors or equity security holders, by reason of

            any direct or indirect relationship to, connection with, or interest in, the

            Debtor, or for any other reason.

7.      I attach to this Declaration, as Schedule 1, a consolidated list of parties in interest

in connection with the Chapter 11 Case (the "Interested Parties") that has been produced by Paul

Hastings and provided to Prager Dreifuss before my signing this Declaration that I am informed

includes:

3

a.  parties listed as creditors, executory contract counterparties, and co-debtors on the Debtor's Schedules D, F, G, and H [Docket No. 78];

b.  parties listed on the Debtor's Statement of Financial Affairs ("SOFA") [Docket No. 77], including (i) as recipients of payments within 90 days prior to the filing of the Chapter 11 Case (SOFA Part 3, Question 6); (ii) parties involved in litigation in which the Debtor is a party (SOFA Part 4, Question 9); and businesses owned by the Debtor (SOFA Part 11, Question 27).

c.  parties and counsel filing notice of appearances in the Chapter 11 Case;

d.  the Court and personnel of the office of the United States Trustee; and

e.  other parties in interest that I have become aware of as a result of the Chapter 11 Trustee's ongoing investigation of the Debtor's assets.

Prager Dreifuss has conducted reasonable checks of the Interested Parties against our records and data, and has determined that to the best of our knowledge and belief, neither Prager Dreifuss nor any of the firm's lawyers, has any relationship or connection with the Interested Parties, or, to the best of my knowledge, with any other creditor of the Debtor.

8.      While Prager Dreifuss has made a diligent effort to ascertain the identity of any connections or potential conflicts with the Interested Parties, to the extent that any additional information comes to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

9.      Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) Prager Dreifuss and each its lawyers have no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of

4

the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or his respective attorneys or accountants; and (b) (i) Prager Dreifuss and each its lawyers are not creditors, equity security holders, or insiders of the Debtor or his affiliates, (ii) Prager Dreifuss and each its lawyers have not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) Prager Dreifuss and each its lawyers do not have any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.  Therefore, I understand from my discussions with Paul Hastings that this means Prager Dreifuss is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

10.     I further understand from such discussions that Appendix B of the U.S. Trustee Guidelines (the "Larger Case Guidelines") does not apply in this Chapter 11 Case, because the Debtor's petition does not list $50 million or more in assets and $50 million or more in liabilities. In particular, I am informed that the Debtor estimated the value of his assets between $50,001 and $100,000.

11.     In the interest of providing maximum disclosure, and notwithstanding my position concerning the inapplicability of the Larger Case Guidelines, I provide the following response on behalf of Prager Dreifuss to the request for information set forth in Paragraph D.1. of the Larger Case Guidelines:

> Question:   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> Answer:   No.

Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Answer: No.

Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Answer: Not applicable. Prager Dreifuss has not previously represented the Chapter 11 Trustee.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Answer: Not applicable.

12.     I have neither shared nor agreed to share with any other person compensation received in connection with the Engagement, except as is permitted by section 504(b)(1) of the Bankruptcy Code.

13.     I consent that the following language may be included in any order by the Court approving the Chapter 11 Trustee's application in connection with my instruction in connection with the Engagement.

Allowance of any compensation for Prager Dreifuss shall be limited to the extent of services actually performed (plus a flat fee for disbursements in an amount equal to 3% of total fees charged) as Swiss law counsel for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

14.     As is standard for engagement of Swiss law firms, any disputes and claims arising from or in connection with the engagement letter between the Trustee and Prager Dreifuss in connection with Prager Dreifuss' retention, including the validity, invalidity, breach or

6

termination thereof, will be resolved by arbitration in accordance with the Swiss Rules of

International Arbitration of the Swiss Chambers' Arbitration Institution; provided, however, that

all matters related to the payment and allowance of Prager Dreifuss' fees and expenses shall  be

determined by the Bankruptcy Court.  This arbitration clause is a requirement for Prager

Dreifuss' to be able to maintain liability insurance coverage.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements

are true and correct.

Dated: February 16, 2024, at Zürich, Switzerland

Daniel Hayek

## Schedule 1

### SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK

**20 LARGEST UNSECURED CREDITORS**
PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

**DEBTOR, FAMILY MEMBERS, AND
CERTAIN RELATED ENTITIES**
HO WAN KWOK (A.K.A MILES GWOK, MILES
GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO (A.K.A. MILESON GUO)
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS
(USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

**BANKRUPTCY JUDGE AND U.S. TRUSTEE
PERSONNEL**
HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

**OTHER INTERESTED PARTIES**
1332156 B.C. LTD
17 MILES, LLC
7 NOD HILL LLC,
7 STAR EAST NY LLC
AAGV LIMITED
AARON A. MITCHELL
ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
ADAM CHEN NI
AFFILIATED ADJUSTMENT GROUP, LTD.
AI GROUP HOLDINGS INC.,
AIG PROPERTY CASUALTY COMPANY
AKERMAN LLP
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AMAZON WEB SERVICES LLC
AMAZON.COM INC.
AN HONG
ANA C. IZQUIEDO-HENN
ANDREW SULNER/FORENSIC DOCUMENT
EXAMINATIONS, LLC
ANN MARIE LEE
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
APPLE INC.
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
AXOS BANK
AXOS FINANCIAL, INC.
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BANK OF AMERICA
BANK OF CHINA – NEW YORK BRANCH
AND/OR BANK OF CHINA LIMITED
BANK OF MONTREAL
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA,
LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP,
LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG
SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.

2

BEIJING ZHONG XIAN WEI YE STAINLESS DECORATION CENTER
BENTO TECHNOLOGIES, INC.
BERKELEY ROWE
BERNARDO ENRIQUEZ
BINGNAN CUI
BINGSHANG JIAO
BLUE CAPITAL
BNY MELLON, N.A.
BOHONNON LAW FIRM
BOIES SCHILLER
BONNIE C. MANGAN
BOOMING SAIL NEW YORK LLC
BOXUN INC.
BRANCH
BRAVO LUCK LIMITED
BRENT PETRO INC.
BRIAN HOFMEISTER
BROWN HARRIS STEVENS
BROWN RUDNICK, LLP
BSA STRATEGIC FUND I
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAIYAN LING
CANADIAN IMPERIAL BANK OF COMMERCE
CAPITAL ONE BANK
CAPITAL ONE, NA
CHAO KANG SUN
CHAO-CHIH CHIU
CHARLES SCHWAB
CHARMOY & CHARMOY LLC
CHASE BANK
CHEN XIN XIN
CHENGLONG WANG
CHENXI WANG
CHI WAI KWOK
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA GOLDEN SPRING GROUP (HONG KONG) LIMITED
CHONG SHEN RAPHANELLA
CHRIS LEE
CHRISTINE CHEN
CHRISTODOULOS G. VASSILIADES & CO. LLC
CHUAN LING YANG
CHUANG XIN LTD.
CHUI KUK WU
CHUNFENG XIA
CHUNHUI SONG
CI CHEN
CIBC INC. (D/B/A CIBC)
CINDY ZHANG
CITIBANK
CITIZENS FINANCIAL GROUP, INC.
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP

CLAYMAN ROSENBERG KIRSHNER & LINDER LLP
COHN BIRNBAUM & SHEA P.C.
COLDWELL BANKER
COMERICA INCORPORATED (D/B/A COMERICA BANK)
COMPASS, INC.
COUNSEL PRESS INC.
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CRYSTAL BREEZE INVESTMENTS LIMITED
CUI ZHU LI
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DAVID FALLON
DAWN STATE LIMITED
DBS BANK LTD.
DEFENG CAO
DELTEC BANK & TRUST LIMITED
DENG LI
DIME COMMUNITY BANK
DING G. WANG A/K/A DINGGANG WANG
DING QIANG SHEN
DONGNA FANG
DU JIAN YI
DWF LLP
EAST WEST BANCORP, INC.
EAST WEST BANK
EASTERN PROFIT CORPORATION LIMITED
EDMISTON AND COMPANY LIMITED
EDUARDO EURNEKIAN
EHSAN MASUD
ELITE WELL GLOBAL LIMITED
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMILE P DE NEREE
EMPIRE GROWTH HOLDINGS
ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC
EPIQ CORPORATE RESTRUCTURING, LLC
ERIC GOLDSMITH MD, LLC
ERNST & YOUNG LLP
FAN BINGBING
FAN JING
FEIFEI MA
FENG PENG RELLOS
FENG ZHU
FENGGUO LI
FIONA YU
FIRST ABU DHABI BANK
FIRST REPUBLIC BANK
FIRSTBANK PUERTO RICO
FORBES HARE
FREEDOM MEDIA VENTURES LTD
FUNGWAN TRADING INC.
FUNING ZHANG

G CLUB OPERATIONS LLC
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G FASHION LLC
G FASHION US OPERATIONS INC.
G LIVE, LLC
G NEWS LLC,
G TRANSLATORS PTY LTD
GANFER SHORE LEEDS & ZAUDERER
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
G-EDU INC.
GEORGE L. SU
GETTR USA
GFASHION MEDIA GROUP INC.
GFNY, INC
GINNEL ASSOCIATES, INC. (D/B/A GINNEL
REAL ESTATE)
GLENN MELLOR
GLOBALIST INTERNATIONAL LIMITED
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.,
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GORDON & REES SCULLY MANSUKHANI LLP
GPOSTS LLC
GREEN & SKLARZ LLC
GREENBERG TRAURIG, LLP
GREENWICH LAND LLC
GS SECURITY SOLUTIONS, INC.
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.,
GUI LIN GAO
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUOFENG WAN
GUY PETRILLO
GWGOPNZ LIMITED
HAI YAO
HAIHONG WANG
HAILING SHENG
HAMILTON CAPITAL HOLDINGS INC
HAMILTON M&A FUND SP
HAMILTON OPPORTUNITY FUND SPC
HAN CHUNGUANG
HANQIANG LIN
HAO HAIDONG
HAO LI
HAO ZHANG
HAOYU WANG
HARCUS PARKER LTD.
HARNEY WESTWOOD AND RIEGELS LP

HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG
LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERBERT SMITH FREEHILLS NEW YORK LLP
HERO GRAND LIMITED
HHS CAPITAL INC.
HIBERNIA NATIONAL BANK
HIDETOSHI FUJIWARA
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LTD.
HIMALAYA INTERNATIONAL FINANCIAL
GROUP LTD
HIMALAYA INTERNATIONAL PAYMENTS
LTD.
HIMALAYA INTERNATIONAL RESERVES LTD.
HIMALAYA INVESTMENT LLC
HIMALAYA NEW WORLD INC.
HIMALAYA SUPERVISORY ORGANIZATION
HIMALAYA VENTURES LLC
HING CH NGOK
HIU LAAM HAAM
HIU SING CHAN
HODGSON RUSS
HOLY CITY HONG KONG VENTURES, LTD.
HONG KONG INTERNATIONAL FUNDS
INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG QIU
HONG ZENG
HONGWEI FU
HONGXIA XU
HONGXIN ASH
HSBC
HSBC BANK USA,
HUA AN XIE
HUANG YAO
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
HUI JIN
HUI JIN
HUK TRADING INC.
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
INVESTORS BANK

4

ISRAEL DISCOUNT BANK OF NEW YORK
IVEY, BARNUM & O'MARA LLC
JACK S. LIPSON
JAMES PIZZARUSO
JANOVER LLC
JAPAN HIMALAYA LEAGUE, INC.
JASON MILLER
JENNER & BLOCK LLP
JENNIFER FANGFANG DING
JENNIFER MERCURIO
JENNY LI
JESSE BROWN
JESSICA MASTROGIOVANNI
JIA LI WANG
JIA YANG
JIA YANG LI
JIAHUI LIU
JIAMEI LU
JIAMING LIU
JIAN FAN
JIAN HUA ZHANG
JIAN ZHONG HU
JIANG SU PROVINCE JIAN GONG GROUP LTD
BEIJING BRANCH
JIANG YUNFU BE
JIANHU YI
JIANHUA ZHENG
JIANMIN HE
JIANSHENGXIE AND JIEFU ZHENG
JINFENG WU
JING GENG
JING WU
JINLAN YAN
JIRONG ZHANG
JOHN S LAU
JONATHAN YOUNG
JOSHUA I. SHERMAN
JOYORD SPORTSWEAR LIMITED
JPMORGAN CHASE BANK, N.A.
JUMBO CENTURY LIMITED
JUN CHEN
JUN LIU
JUN QIAO
JUN YUN ZHANG
JUNE SHI
KAEN LIU
KAIXIN HONG
KAN CHAN
KARIN MAISTRELLO,
KATHLEEN SLOANE
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KIM THONG LEE
KUI CHENG
KYLE BASS
LALIVE SA

LAN GU
LAN LIN
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAW OFFICE OF RICHARD E. SIGNORELLI
LAWALL & MITCHELL, LLC
LAZARE POTTER GIACOVAS & MOYLE
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE CHU
LEE VARTAN
LEONARD SCUDDER
LEXINGTON PROPERTY AND STAFFING INC.
LI LIU
LI LONG
LI TANG
LI ZHANG
LIANG LIU
LIANYING SU
LIBERTY JET MANAGEMENT
LIEHONG ZHUANG
LIHONG "SARA" WEI LAFRENZ
LIHONG WEI LAFRENZ (AKA SARA WEI)
LIMARIE REYES
LIN DANG
LIN XIN
LINDA HE CHEUNG
LINWAN "IRENE" FENG
LIU DONGFANG
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
M&T BANK
MA XINGCHAO
MACARON LIMITED
MACDONALD
MANUFACTURERS AND TRADERS TRUST
COMPANY (D/B/A M & T BANK)
MAR-A-LAGO
MARCUM LLP
MARTHA JEFFERY
MARY DOWDLE (A/K/A MUFFIN DOWDLE)
MARY JIANG
MAUNAKAI CAPITAL
MAX FEI
MAX KRASNER
MAYWIND TRADING LLC
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
MEDICAL SUPPLY SYSTEM INTERNATIONAL
LLC
MEDICI BANK INTERNATIONAL LLC
MEI KUEN KWOK
MEIEN KIKUCHI
MEISTER SEELIG & FEIN PLLC
MELISSA FRANCIS
MELISSA MENDEZ

MENGYAO HE
MERCANTILE BANK INTERNATIONAL CORP.
MERCANTILE GLOBAL HOLDINGS, INC.
METROPOLITAN COMMERCIAL BANK
AND/OR METROPOLITAN BANK HOLDING
CORP.
MIHO NISHIMURA
MILES GUO
MILES GWOK
MIMAII NZ LIMITED
MIN YANG
MING WU
MINGHUA ZHANG
MINGRUI ZHAO
MOA-FU
MORGAN STANLEY
MORITT HOCK & HAMROFF
MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO PC
MURTHA CULLINA LLP
NADEEM AKBAR
NATIONAL AUSTRALIA BANK LIMITED
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW TREASURE LLC
NEW YORK MOS HIMALAYA LLC
NEXT TYCOON INVESTMENTS LIMITED
NICHOLAS F. SAVIO
NING LI
NING ZHAO
NOBLE FAME GLOBAL LIMITED
NODAL PARTNERS, LLC
NOVELTY HILL LTD.
NRT NEW ENGLAND LLC (D/B/A COLDWELL
BANKER RESIDENTIAL BROKERAGE)
NUOXI LIU
NYC DEPT OF FINANCE
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OASIS TECH LTD
OGIER
OLINA CLEMENS
OPEN BANK
O'SULLIVAN MCCORMACK JENSEN & BLISS
PC
PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.
PACIFIC ALLIANCE ASIA OPPORTUNITY
FUND L.P.
PALLAS PARTNER LLP
PAUL WEISS
PEILUN HU
PENGCHENG ZHANG
PETRILLO KLEIN & BOXER LLP
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED

PILLSBURY WINTHROP SHAW PITTMAN LLP
PIXSHOW FILM INC.
PRIME TRUST LLC
PULLMAN & COMLEY, LLC
QIANG CHENG
QIANG FU
QIN YU
QING "SERENA" CAI
QINGTIAN YUAN
QIONG BIN FU
QIONGGUI YAN
QIQHUA FAN
QIU YU
QIURIA LI
QU GUOJIAO
QUIJU JIA
RAICH ENDE MALTER CO. LLP (AKA RAICH
ENDE MALTER & COMPANY)
RANDAZZA LEGAL GROUP, PLLC
RBB BANCORP AND/OR ROYAL BUSINESS
BANK
REDFIN CORPORATION
RENFENG SHI
ROBINSON & COLE LLP
RONG HU
RONG JIANG
RONG ZHANG
RONGLIANG STARKS
ROSCALITAR2
ROSS HEINEMEYER
ROY D. SIMON
RUIZHENG AN
RULE OF LAW FOUNDATION III
RULE OF LAW SOCIETY IV INC
RUQUIN WANG
RYAN CHENGRAN ZHANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SANTANDER BANK, N. A.
SARA WEI (A/K/A LIHONG WEI LAFRENZ)
SARACA MEDIA GROUP, INC.,
SAVIO LAW LLC
SAXE DOERNBERGER & VITA, P.C.
SCHULMAN BHATTACHARYA, LLC
SCOTT BARNETT
SEACOAST NATIONAL BANK
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SHANE D SHOOK
SHAO HONG CHIU
SHAOBING LI
SHAPIRO ARATO BACH LLP
SHENGJIE FU
SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN
ZHUANG GONG CHENG LTD BEJING FIRST

6

SHIBIN ZHANG
SHIN HSIN YU
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHIPMAN AND GOODWIN
SHIPMAN, SHAIKEN & SCHWEFEL, LLC
SHIQI WANG
SHIYUAN ZHANG
SHIZHONG ZHANG
SHUANG WANG
SHUNJUN LI
SIGNATURE BANK
SILVERGATE BANK
SIRIUS NETWORKING INC.
SONGYI CHEN
SOTHEBY'S INTERNATIONAL REALTY
SOTHEBY'S INTERNATIONAL REALTY
AFFILIATES LLC
SPIRIT CHARTER INVESTMENT LIMITED
SPOTIFY TECHNOLOGY S.A.
SPOTIFY USA, INC.
STANDARD CHARTERED BANK
STARLING BANK LTD
STEPHEN WONG
STEVE BANNON,
STEVENSON WONG
STOKES LAWRENCE, PS
STOKESBURY & FINGOLD, LLC
STRATEGIC VISION LLC
TAIXIN FU
TAKAHASHI HIROYUKI
TALHA ZOBAIR
TAO AN
TAO ZHANG
TAURUS FUND LLC
TAURUS MANAGEMENT LLC
TD BANK, N.A.
TELI CHEN
THE BANK OF PRINCETON
THE CASPER FIRM
THE FIRST BANK OF GREENWICH
THE FRANCIS FIRM PLLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE SHERRY-NETHERLAND HOTEL
THE SHERRY-NETHERLAND, INC.
THOMAS RAGLAND
THREE TREASURE LLC
TIAN LIANG
TINGYI WEI
TM PRIMROSE LIMITED
TONG LE INTERNATIIONAL TRADING CO.,
LTD.
TROUTMAN PEPPER HAMILTON SANDERS
LLP
TROY LAW PLLC

U.S. BANK NATIONAL ASSOCIATION
U.S. LEGAL SUPPORT, INC.
UBS AG
UBS AG (LONDON BRANCH)
UK HIMALAYA LTD.
UNA MANYEE WILKINSON
UNITED STATES OF AMERICA
UNITEDLEX
UPDIKE, KELLY & SPELLACY P.C.
US HIMALAYA CAPITAL INC.
US HIMALAYA LTD.
V.X. CERDA & ASSOCIATES P.A.
VERDOLINO & LOWEY
VERITEXT
VICTOR CERDA
VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA&HF LLC
WANCI JIAO
WARD & BERRY, PLLC
WARREN LAW GROUP
WEBSTER FINANCIAL CORPORATION
WEI HONG XIE
WEI SHE
WEI ZHANG
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIWEI QIAN
WEIXIANG GE
WEIYI WANG
WELL ORIGIN LTD.
WEN LIN
WENCONG WANG
WENFENG HU
WENG
WENHUA GONG
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WILSON ELSER MOSKOWITZ EDELMAN &
DICKER LLP
WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LL
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS
LIMITED
WU ZHENG
XIA CHUNFENG
XIANHONG ZHANG
XIAO HUANG
XIAO RUI WANG
XIAO YAN ZHU
XIAODAN WANG

XIAOLAN ZHAO
XIAOLI MA
XIAOLI XU
XIAOMEI ZHAO
XIAOMING LIU
XIAOXIAO LIN
XIAOYAN BA
XILI ZHAI
XIN LI
XINGYU YAN
XINHUI LIAO
XINRONG LI
XIQUI ("BOB") FU
XIULING TANG
XUEHAI LIU
XUN DENG
YA LI
YACHTZOO SARL
YAFAN CHANG
YAN CHUN LIU
YAN GAO
YAN HUANG
YAN LIU
YANCHENG CHEN
YANG HAI
YANG JUN ZHENG
YANG LAN
YANG YANG
YANKWITT LLP
YANMING WANG
YANPING WANG
YANYUN REN
YAZ QINGUA
YELIANG XIA
YI LI
YI LIN
YI WEN
YI ZHAO
YI ZHOU
YIMING ZHANG
YING LIU
YONG CHUN LI
YONG ZHANG
YONGBING ZHANG
YONGPING YAN
YOSSI ALMANI
YOUTUBE, LLC
YU XIA LI
YUAN ZHOU
YUANLIN LIU
YUE HUA ZHU SHI
YUE ZHOU
YUHONG PEI
YUJIA WANG
YUK MOEY MARY YAP
YUKY YUN LIU

YULIN YAO
YUMEI HU
YUNFA WANG
YUNTENG LU
YUNXIA WU
YUXIANG CHEN & JIA YOU JT TEN
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZHANG WEI
ZHENG RUI HE
ZHENG WU (A/K/A BRUNO WA)
ZHENGHUA SHEN
ZHENGJUN DONG
ZHENPENG LI
ZHIXUAM LI
ZHIZHE "FRANK" DONG
ZHONGYI MA
ZHOU BAOJIN
ZHOU HAI YANG
ZHUOER "JOE" WANG
ZI YE
ZIBA LIMITED
ZIHAN LIU
ZIKUN WANG

8