UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------x
                              :

In re:                             :    Chapter 11
                              :

HO WAN KWOK, *et al.*,[1]        :    Case No. 22-50073 (JAM)
                              :

             Debtors.    :    (Jointly Administered)
                              :

---------------------------------------------------------------x
                              :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                  :
                              :    Adv. Proceeding No. 23-05018

            Plaintiff,    :

v.                           :
                              :

GOLDEN SPRING (NEW YORK) LTD :
and CHINA GOLDEN SPRING GROUP :
(HONG KONG) LIMITED,       :
                              :

            Defendants.   :
---------------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING JUDGMENT
AND REQUIRING TURNOVER OF STORAGE UNIT CONTENTS
TO CHAPTER 11 ESTATE**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel,

hereby files this motion (the "Motion") requesting entry of an order, substantially in the form

attached as **Exhibit A** hereto (the "Proposed Order"), enforcing the Golden Spring Judgment (as

---
[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

defined below) and compelling HGA Property Operation LLC ("HGA") and Taurus Fund LLC

("Taurus Fund"), Taurus Management LLC ("Taurus Management" and, together with Taurus

Fund, the "Taurus Entities"), and Scott Barnett ("Mr. Barnett" and, together with the Taurus

Entities, collectively, the "Taurus Parties") to turn over to the Trustee any and all contents of the

Storage Units (as defined below).  In support of this Motion, the Trustee (i) relies on the

declaration of Luyi Song, attached as **Exhibit B** hereto (the "Song Declaration"), and (ii)

respectfully states as follows:

## PRELIMINARY STATEMENT

1.      On December 4, 2023, the Court entered judgment (the "Golden Spring

Judgment")[2] for the Trustee establishing that Golden Spring (New York) Ltd. ("Golden Spring")

was the Debtor's alter ego at all times and all property of Golden Spring are property of the

Debtor's estate, and directing that all property of Golden Spring be turned over to the estate.  To

help effectuate the Golden Spring Judgment, this Motion seeks turnover of certain property

belonging to Golden Spring that the Trustee recently discovered in certain Storage Units (as

defined below) located at Westy Self Storage, 200 Route 17 North, Upper Saddle River, New

Jersey 07458 ("Westy Storage"), a storage facility in Upper Saddle River, New Jersey, only a

short drive away from the Debtor's mansion in Mahwah, New Jersey (the "Mahwah Mansion"),

which is the subject of the Trustee's separate litigation against the Taurus Parties (Adv. Proc. No.

23-5017, the "Mahwah Adversary Proceeding").  To the extent any of the property in the Storage

Units is not property of Golden Spring, it belongs to the Debtor directly and, thus, is separately

subject to turnover to the estate pursuant to section 542 of the Bankruptcy Code.

---

[2]      *See Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Entry of Default Judgment Against Golden Spring (New York) Ltd and China Golden Spring Group (Hong Kong) Limited* [Adv. Proc. 23-05018 (the "Golden Spring Adversary Proceeding"), Doc No. 35].

2.      As the Court is aware, the Trustee previously served a subpoena on the owner of the Storage Units, and obtained an order in aid of such subpoena in the Mahwah Adversary Proceeding, on the basis that the Storage Units may contain relevant evidence and/or potential property of the estate.  After multiple days of inspecting the Storage Units (with notice to both HGA, the purported current tenant, and the Taurus Parties, one of which is the purported former tenant), the Trustee can confirm his suspicions were correct:  the contents of the Storage Units—which consist of, among other things, furniture, artwork, and boxes of documents—are, in fact, property of the estate, as they belong either to Golden Spring or to the Debtor directly.

3.      This conclusion is based on, among other things, the fact that (i) most of items in the Storage Units bear shipping labels with Golden Spring's name, (ii) some of the items contain labels indicating they belong to the "Boss" (*i.e.*, the Debtor), (iii) some of the boxes contain documents addressed to or clearly belonging to the Debtor (*e.g.*, his business cards), and (iv) other items contain labels indicating they came from either the Debtor's Lady May yacht (which is property of the estate) or his Sherry Netherland apartment (also property of the estate).

4.      That the items in the Storage Units belong to Golden Spring and/or to the Debtor directly (and, thus, in either case, to the estate) is not surprising.  As alleged in the Golden Spring Adversary Proceeding, Golden Spring served as the Debtor's family office, which he used to fund his personal living expenses and which was operated on a day-to-day basis by the Debtor's employees and known associates.  That Golden Spring sent furniture, artwork, and other materials to the Storage Units for safe-keeping for the Debtor is fully consistent with its purpose and past practices.  Nor is it surprising that the Debtor would have kept his personal items and documents near the Mahwah Mansion (as defined below) during its ongoing renovations.

5.      Because the contents of the Storage Units are property of Golden Spring or otherwise belong to the Debtor, they must be immediately turned over to the Trustee pursuant to the Golden Spring Judgment and/or section 542 of the Bankruptcy Code.

## BACKGROUND

6.      On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case, ECF No. 465] directing the United States Trustee to appoint a chapter 11 trustee.  On July 8, 2022, the Bankruptcy Court entered an order [Main Case, ECF No. 523] appointing the Trustee.

7.      Since his appointment, the Trustee has been working diligently to identify and recover for the benefit of the estate the assets the Debtor has concealed through various shell entities, family members, and associates.  To that end, in accordance with the Bankruptcy Court's directive, the Trustee has launched a complex and thorough investigation and litigation process, focusing on the Debtor's "shell game"—*i.e.*, his use of alter ego companies to hide his assets from creditors.

### I.    Golden Spring Adversary Proceeding and Judgment

8.      On July 25, 2023, the Trustee commenced the Golden Spring Adversary Proceeding by filing an adversary complaint seeking, among other things, declaratory judgment that Golden Spring is the Debtor's alter ego.[3]

9.      On December 4, 2023, pursuant to the Golden Spring Judgment, the Court ruled, among other things, that:

> a. At all times Golden Spring was an alter ego of the Debtor.
>
> b. Any and all of the assets (including, without limitation, all property, rights, interests, and privileges) held by Golden Spring

---

[3]     *See* Docket No. 1 in Adv. Proc. 23-05018.

any time prior to February 15, 2022 … constituted property of the Debtor.

c. Any and all assets (including, without limitation, all property, rights, interests, and privileges) held by Golden Spring at any time from February 15, 2022 to the present constituted and constitute, as applicable, property of the Debtor's chapter 11 estate.

d. Any and all of the assets of Golden Spring shall be turned over and/or surrendered to the Trustee.[4]

10.     The Golden Spring Judgment also provided that this "Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order."[5]

## II.    Mahwah Adversary Proceeding

11.     On July 11, 2023, the Trustee commenced the Mahwah Adversary Proceeding to recover the Debtor's 50,000 square foot mansion and surrounding estate located at 675 Ramapo Valley Road, Mahwah, New Jersey (the "Mahwah Mansion"), personal property and fixtures attendant thereto, and any and all assets of Taurus Fund, the purported title holder of the Mahwah Mansion.[6]

12.     On August 24, 2023, the Court entered its *Memorandum of Decision and Order Granting in Part Motion for Preliminary Injunction* in the Mahwah Adversary Proceeding (the "Mahwah PI Order").  Among other things, the Mahwah PI Order provides that the Taurus Parties "shall not transfer, encumber, move, dispose of, or in any way impair (i) any membership interest or other ownership interest of any kind in Taurus Fund, (ii) any asset of property of Taurus Fund, including the Mahwah Mansion; and/or (iii) any personalty and/or fixtures in, on,

---

[4]    *See* Golden Spring Judgment, ¶¶ 3-4.

[5]    *Id.* ¶ 8.

[6]    *See* Docket No. 1 in Adv. Proc. No. 23-5017.

or at the Mahwah Mansion." The Mahwah PI Order further provides that it "is binding on (i) the [Taurus Parties]; (ii) the [Taurus Parties'] officers, agents, servants, employees, and attorneys; and (iii) other persons who are in active participation with the [Taurus Parties] and/or the [Taurus Parties'] officers, agents, servants, employees, and attorneys, including, without limitation, the Individual Debtor, Pamela Tsai, a/k/a Nicole, Qidong Xia, a/k/a Changdao Brother and David Xia" [Adv. Proc. 23-05017, Doc. No. 47], at 22-23.

13. On October 23, 2023, the Trustee filed an *Emergency Motion for Status Conference to Discuss Preservation of Property of Estate* in the Mahwah Adversary Proceeding (the "Status Conference Motion") [Adv. Proc. 23-05017, Doc. No. 70].[7] As detailed in the Status Conference Motion and the associated exhibits, the Trustee's investigation had revealed that, among other things, numerous pieces of furniture, artwork, and antiques were removed from the Debtor's residence at the Sherry Netherland and moved to the Mahwah Mansion.

14. On December 18, 2023, the Trustee filed an emergency motion in the Mahwah Adversary Proceeding to seek preservation of evidence located at the Storage Units [Adv. Proc. 23-05017, Doc No. 83] (the "Emergency Motion") until such time as he could inspect the Storage Units pursuant to subpoenas he served the next day.[8] In the Emergency Motion, the Trustee asked the Court for an order (i) restricting access to the Storage Units to only allow entrance of law enforcement personnel, the Trustee and his representatives and/or professionals, and persons expressly authorized by the Trustee, and (ii) prohibiting the Taurus Parties, Westy

---

[7] The Trustee's Status Conference Motion was also filed in the main case [Main Case Dkt. No. 2277] and concurrently in the adversary proceeding against Greenwich Land, LLC and Hing Chi Ngok [Adv. Proc. No. 23-05005, Dkt. No. 89].

[8] Capitalized terms used but not defined herein shall have the meaning set forth in the Emergency Motion. The factual and other allegations set forth in the Emergency Motion are incorporated as if set forth herein.

Storage, and HGA and its affiliate (together, the "HGA Entities") from modifying, removing, transferring, disposing of, destroying, or in any way impairing the contents of the Storage Units.

15.    As explained in the Emergency Motion, the Trustee had recently learned that Scott Barnett, the Debtor's driver and bodyguard and the purported manager of Taurus Fund, had entered into an occupancy agreement for the Storage Units at Westy Storage, a storage facility approximately a 10-minute drive from the Mahwah Mansion.  The Trustee also learned that, shortly after the Debtor's arrest on March 15, 2023, Mr. Barnett transferred his rights under the occupancy agreement to HGA.  Upon information and belief, between January 2022 and July 2022, Golden Spring paid the monthly rent for the Storage Units.[9]

16.    As further explained in the Emergency Motion, HGA is a newly created entity that did not file its certificate of formation in New Jersey until April 19, 2023.  Upon information and belief, the purported owner of HGA, Ms. Qin Li, is a prominent supporter of the Debtor and works for the Debtor at GNews, the Debtor's media platform.  Ms. Li has also participated in the protest activities against the Trustee and Paul Hastings LLP both in front of the Trustee's residence and at Grand Central Terminal in New York.[10]

17.    Additionally, upon information and belief, on October 17, 2023, despite the Mahwah PI Order, HGA and Taurus Fund entered into a property management agreement under which HGA would manage, maintain, and operate the Mahwah Mansion and would be compensated $3,000 per month in addition to the reimbursement it would receive from Taurus

---

[9]    The Trustee understands that no rent has been paid for the use of the Storage Units since early December 2023, prompting Westy Storage to take the position that the contents of the Storage Units have been forfeited by HGA and, absent the automatic stay, could be auctioned off by Westy Storage under applicable law.  In light of this development, it is arguably not even necessary for the Trustee to obtain an order compelling HGA to turn over the contents to the estate.  The Trustee nevertheless seeks such relief out of an abundance of caution.

[10]   *See* e.g., Himalaya Global Alliance, @GlobalAlliance, GETTR (December 10, 2022), https://gettr.com/post/p21avwp8a44 (last visited February 21, 2024), showing Qin Li, Qidong Xia (a/k/a Chang Dao Brother), and others protesting in front of the Trustee's residence on November 26, 2022.

Fund for expenses incurred in managing the Mahwah Mansion. Ms. Li signed the agreement on behalf of HGA, and Mr. Yong Qi signed on behalf of Taurus Fund as its authorized representative. Taurus Fund never disclosed this arrangement to the Court or to the Trustee.

18.     On December 21, 2023, the Court entered the *Consented to in Part Order Granting Emergency Motion of Chapter 11 Trustee to Order Preservation of Evidence* [Adv. Proc. 23-05017, Doc No. 93] (the "Consent Order").[11] Pursuant to the Consent Order, among other things, the Taurus Parties, Westy Storage, the HGA Entities, and all persons employed by, associated with, or acting on behalf of the foregoing, are prohibited from modifying, removing, emptying, disposing of, transferring, destroying, or in any way impairing the contents of the Storage Units; and Westy Storage is requested to restrict access to the Storage Units and to only allow entrance of the Trustee and his representatives and/or professionals, law enforcement personnel, and persons expressly authorized by the Trustee.

19.     Since then, and pursuant to the Consent Order and the Rule 45 subpoenas, the Trustee has, with notice to the HGA Entities and the Taurus Parties, been carefully and diligently reviewing the contents of the Storage Units.

20.     On December 22, 2023, the Trustee's team conducted an initial inspection of the Storage Units. Mr. Yong Qi was present as the representative of Taurus Fund at this inspection, during which Mr. Qi told counsel for the Trustee that they did not know about the Storage Units prior to the Trustee's filing of the Emergency Motion.

21.     After the initial inspection, the Trustee's team made four visits to the Storage Units, spending approximately 25 hours inventorying and inspecting their contents. As discussed in the Song Declaration, the Trustee has discovered that the contents bear indications

---

[11]     *See* Docket No. 93 in Adv. Proc. No. 23-5017.

they belong to Golden Spring and/or to the Debtor directly.  Among other things, (i) at least 350 boxes bear labels showing that the boxes belong to, originated from, and/or are otherwise associated with, Golden Spring; and (ii) at least 30 boxes bear handwritten notes on the box that associate the items with "Boss," such as "Boss Bedroom Bed," and "Boss Office Yellow Bookcase"; and (iii) other miscellaneous boxes contain copies of the Debtor's business cards, letters addressed to the Debtor, bank statements of the Debtor, books and records of Golden Spring, and/or electronic devices bearing stickers saying "Lady May" or "Lady May II."

## JURISDICTION AND VENUE

22.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut.

23.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

24.     The Trustee requests entry of the Proposed Order enforcing the Golden Spring Judgment and compelling HGA and the Taurus Parties to turn over to the Trustee any and all contents of the Storage Units.

## BASIS FOR RELIEF

25.     This Court "plainly [has] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (internal references omitted); *see also In re Continental Airlines, Inc.*, 236 B.R. 318, 325 (Bankr. D. Del. 1999), *aff'd*, 279 F.3d 226 (3d Cir. 2002) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders.").  The Court also has authority to enforce the Golden Spring Judgment under

section 105(a) of the Bankruptcy Code.  *See In re Ames Dep't Stores, Inc.*, 317 B.R. 260, 273–74

(Bankr. S.D.N.Y. 2004) ("it is manifestly proper, in this Court's view, to invoke section 105(a)

'to enforce or implement' the Court's earlier orders").  "Exercise of the Court's section 105(a)

authority in this manner, and for this purpose, vindicates the interest of the Court, as much as,

(and perhaps more than) it vindicates the interest of an individual litigant."  *Id*.

26.     In addition, section 542 of the Bankruptcy Code complements section 541, and

directs that "an entity … in possession, custody, or control" of property of the estate "shall

deliver to the trustee, and account for, such property or the value of such property."  As a court in

this district has explained, "[b]y its express terms, section] 542(a) is self-executing, and does not

require that the trustee take any action or commence a proceeding or obtain a court order to

compel the turnover."  *In re Peterson*, 585 B.R. 1, 10 (Bankr. D. Conn. 2018).  "Where the

turnover of property does not occur voluntarily, the trustee has the authority to compel an entity

to turn over the property and to seek injunctive relief to protect the asset sought."  *In re Vasquez*,

581 B.R. 59, 65 (Bankr. D. Vt. 2018) (internal quotation marks omitted).[12]

27.     "The Trustee must allege three elements to state a claim for turnover under

section 542(a)."  *In re Brizinova*, 554 B.R. 64, 75 (Bankr. E.D.N.Y. 2016).  Those are:  "(1) the

property is in the possession, custody or control of another entity; (2) the property can be used in

accordance with the provisions of section 363; and (3) the property has more than

inconsequential value to the debtor's estate."  *Id.* at 75-76.

---

[12]   *See also Order Directing National Property Solutions, Inc. to (A) Provide Accounting of and Turn Over to Debtor all Proceeds of the Auction Sale of the Debtor's Assets, and (B) File Applications for Compensation*, *In re Buyk Corp.*, No. 22-10328-mew (Bankr. S.D.N.Y. Aug. 29, 2022) [Docket No. 394]; *Order (I) Directing Michael Amodeo & Co., Inc. and BESTBUYAUCTIONEERS.COM to (A) Turn Over to Debtor All Sale Proceeds from the Auction Sales of Debtor's Proceeds and (B) File Their Applications for Compensation; and (II) Granting Related Relief*, *In re Buyk Corp.*, No. 22-10328-mew (Bankr. S.D.N.Y. Aug. 29, 2022) [Docket No. 395]; *Order Compelling the Turnover of Estate Property and Enforcing the Automatic Stay*, *In re Christmas Tree Shops, LLC*, No. 23-10576 (TMH) (Bankr. D. Del. Aug. 31, 2023) [Docket No. 606].

28.     Here, the contents of the Storage Units must be turned over to the Trustee

pursuant to the Golden Spring Judgment and/or section 542 of the Bankruptcy Code because,

based on the Trustee's investigation, they belong either to Golden Spring or to the Debtor

directly.  The overwhelming majority of the boxes and items in the Storage Units bear "Golden

Spring" labels, and packing lists prepared by the moving company located in the Storage Units

show that many boxes and items came from Golden Spring and/or 162 E 64th Street, which was

Golden Spring's address.  Other contents of the Storage Units bear handwritten notes associating

the items with "Boss" (*i.e.*, the Debtor), such as "Boss Bedroom Bed," and "Boss Office Yellow

Bookcase."  In addition, boxes of documents in the Storage Units contain copies of the Debtor's

business cards, letters addressed to the Debtor, bank statements of the Debtor, and/or books and

records of Golden Spring.  Finally, the Trustee also found (i) a wooden crate bearing an

indication that it was removed from the Debtor's former Sherry Netherland Apartment (which is

now property of the estate) in April 2022,[13] and (ii) a zip bag in a box containing an iPod bearing

a "LADY MAY 2" sticker at the back, an external hard drive bearing a "LADY MAY" sticker,

and a Volvo Penta key with a "LADY MAY 2" sticker.[14]

29.     The common characteristic of all the items in the Storage Units is that they are

clearly associated with the Debtor or his various instrumentalities, including most prominently

---

[13]    As the Court may recall and as detailed in the Trustee's Status Conference Motion, furniture, artwork, antiques, and other items have been removed from the Sherry Netherland Apartment and moved to the Mahwah Mansion. The fact that the Storage Units, a mere 10-minute drive from the Mahwah Mansion, contain items removed from the Sherry Netherland after the Petition Date is consistent with the Trustee's investigations outlined in the Status Conference Motion.

[14]    The Court has ruled that the Debtor controls the Lady May and the Lady May II, both of which are property of the Debtor's estate. *See Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Partial Summary Judgment* [Adv. Proc. 22-05003, Doc No. 172] (finding that the Lady May is the property of the Debtor's chapter 11 estate), and *Amendment to Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Partial Summary Judgment* [Adv. Proc. 22-05003, Doc No. 183] (finding that the Lady May II is the property of the Debtor's chapter 11 estate).

Golden Spring. That property of Golden Spring, an alter ego of the Debtor, and/or other property of the Debtor would have been kept in the Storage Units is not surprising given that the Storage Units are located only a short drive from the Mahwah Mansion, which the Trustee alleges belongs to the Debtor and which even the Taurus Parties would admit was frequently visited and used by the Debtor. The Storage Units are also clearly connected to the Debtor because they were leased initially by Scott Barnett, who served as the Debtor's chauffer and bodyguard and, upon information and belief, Golden Spring paid for their rental fees.

30.     It is important that the contents of the Storage Units be turned over to the estate without delay because they are either potentially valuable assets that can be sold by the Trustee or consist of books, records, and other evidence that may be important to the Trustee's investigation. For example, one of the boxes bearing a Golden Spring label is identified as containing an antique chandelier, worth, according to sticker from Christie's auction house, about £8,000 – 12,000.[15] Other boxes labeled Golden Spring contain a statue, glassware, and paintings, respectively.[16] Finally, as noted above, some of the boxes contain documents and/or electronic devices that may contain information highly relevant to the Trustee's work.

**NOTICE**

31.     Notice of this motion has been provided to: (a) the Office of the United States Trustee for the District of Connecticut; (b) counsel to the Committee; (c) counsel to HGA; (d) counsel to Arredondo & Co., LLC (doing business as Westy Self Storage); and (e) counsel to the Taurus Parties.[17]

---

[15]   *See* Song Decl. Exs. 2, 3.

[16]   *See* Song Decl. Exs. 4, 5, 6 and 7.

[17]   To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court

enter the Proposed Order granting the relief requested herein and grant any other relief as the

Court considers proper.

Dated:    February 23, 2024              LUC A. DESPINS,
          New York, New York             CHAPTER 11 TRUSTEE

                                         By: */s/ Nicholas A. Bassett*
                                            Nicholas A. Bassett (admitted *pro hac vice*)
                                            PAUL HASTINGS LLP
                                            2050 M Street NW
                                            Washington, D.C., 20036
                                            (202) 551-1902
                                            nicholasbassett@paulhastings.com

                                                *and*

                                            Avram E. Luft (admitted *pro hac vice*)
                                            Douglass Barron (admitted *pro hac vice*)
                                            PAUL HASTINGS LLP
                                            200 Park Avenue
                                            New York, New York 10166
                                            (212) 318-6079
                                            aviluft@paulhastings.com
                                            douglassbarron@paulhastings.com

                                                *and*

                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            plinsey@npmlaw.com

                                            *Counsel for the Chapter 11 Trustee*

13

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------x
:
In re:                                          :       Chapter 11
:
HO WAN KWOK, *et al.*,[18]                       :       Case No. 22-50073 (JAM)
:
                              Debtors.           :       (Jointly Administered)
:
-------------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                       :
TRUSTEE,                                         :
                                                 :       Adv. Proceeding No. 23-05018
                              Plaintiff,         :
v.                                               :
                                                 :
                                                 :
GOLDEN SPRING (NEW YORK) LTD                     :
and CHINA GOLDEN SPRING GROUP                    :
(HONG KONG) LIMITED,                             :
                                                 :
                              Defendants.        :
-------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2024, the foregoing Motion was

electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned

adversary proceeding by operation of the Court's electronic filing ("CM/ECF") system Parties

may access this filing through the Court's CM/ECF system.

---

[18]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:    February 23, 2024          By: */s/ Nicholas A. Bassett*
          Washington, D.C.              Nicholas A. Bassett (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        2050 M Street NW
                                        Washington, D.C., 20036
                                        (202) 551-1902
                                        nicholasbassett@paulhastings.com

                                        *Counsel for Chapter 11 Trustee*

15

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                          :    Chapter 11
                                                :
HO WAN KWOK, *et al.*,[1]                       :    Case No. 22-50073 (JAM)
                                                :
                            Debtors.            :    (Jointly Administered)
                                                :
---------------------------------------------------------------x
                                                :
LUC A. DESPINS, CHAPTER 11                      :
TRUSTEE,                                        :
                                                :    Adv. Proceeding No. 23-05018
                            Plaintiff,          :
v.                                              :
                                                :
                                                :
GOLDEN SPRING (NEW YORK) LTD                    :
and CHINA GOLDEN SPRING GROUP                   :
(HONG KONG) LIMITED,                            :
                                                :
                            Defendants.         :
---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE FOR**
**ORDER ENFORCING JUDGMENT AND REQUIRING TURNOVER OF**
**STORAGE UNIT CONTENTS TO CHAPTER 11 ESTATE**

UPON CONSIDERATION OF the *Motion of Chapter 11 Trustee for Order Enforcing*

*Judgment and Requiring Turnover of Storage Unit Contents to Chapter 11 Estate* (the

"Motion"), and good cause having been shown, and the Court having considered any and all

objections and other responses to the Motion, and the Court finding that the relief requested in

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Motion is in the best interests of the Debtor's estate and its creditors, and the relief provided

herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that HGA and the Taurus Parties shall turn over to the Debtor, within 3 days

of the entry of this Order, the Storage Units and all of their contents; and it is further

ORDERED, that Westy Storage is directed to permanently restrict access to the Storage

Units to law enforcement personnel, the Trustee and his representatives and/or professionals, and

persons expressly authorized by the Trustee; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective

and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the

relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from

or related to the interpretation or implementation of this Order.

Dated: _____, 2024

_____
Julie A. Manning,
United States Bankruptcy Judge

# **Exhibit B**

**Declaration of Luyi Song**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                                     :      Chapter 11
                                                           :
HO WAN KWOK, *et al.*,[1]                                   :      Case No. 22-50073 (JAM)
                                                           :
                              Debtors.                     :      (Jointly Administered)
                                                           :
---------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                                  :
TRUSTEE,                                                    :
                                                           :      Adv. Proceeding No. 23-05018
                              Plaintiff,                   :
v.                                                         :
                                                           :
                                                           :
GOLDEN SPRING (NEW YORK) LTD                                :
and CHINA GOLDEN SPRING GROUP                              :
(HONG KONG) LIMITED,                                       :
                                                           :
                              Defendants.                  :
---------------------------------------------------------------x

**DECLARATION OF LUYI SONG IN SUPPORT OF MOTION OF CHAPTER 11
TRUSTEE FOR ORDER ENFORCING JUDGMENT AND REQUIRING
<u>TURNOVER OF STORAGE UNIT CONTENTS TO CHAPTER 11 ESTATE</u>**

I, Luyi Song, declare:

1.      I am an attorney admitted to practice law in the State of New York and am an

Associate at the law firm of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 and

counsel for Luc A. Despins as Chapter 11 Trustee (the "<u>Trustee</u>").  I respectfully submit this

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

declaration in support of the *Motion of Chapter 11 Trustee for Order Enforcing Judgment and Requiring Turnover of Storage Unit Contents to Chapter 11 Estate* (the "<u>Motion</u>").[2]

2.　　On December 22, 2023, pursuant to the Court's Consent Order and the Trustee's Rule 45 subpoena, I, together with a professional from Kroll, LLC ("<u>Kroll</u>") and Mr. Yong Qi, the representative of Taurus Fund, conducted an initial inspection of the Storage Units.  At this initial inspection, Mr. Yong Qi told me that prior to the Trustee's filing of the Emergency Motion, they did not know about the Storage Units.

3.　　Between December 28, 2023 and January 26, 2024, I, together with professionals from Kroll, made four subsequent visits to the Storage Units and spent more than 25 hours inspecting and inventorying their contents.  At the fourth visit on January 26, 2024, two professional movers at Montvale Moving Services LLC were engaged to assist with lifting the heavier boxes and pieces of furniture.

4.　　During the four visits, the Kroll professionals and I inspected and inventoried approximately 640 boxes and/or items located in the Storage Units.  All inspections were conducted inside the Westy Storage facility.  No contents of the Storage Units were removed from Westy Storage, destroyed, or otherwise impaired.

5.　　The contents of the Storage Units primarily consist of (i) pieces of furniture stored in a box or wrapped with cloth or plastic, (ii) artworks such as paintings stored in boxes, (iii) antiques such as chandeliers, glassware, and statue stored in boxes or wooden crates, (iv) rugs, (v) boxes containing folders, binders, documents, and electronic devices, and (vi) other boxes containing miscellaneous items such as office supplies, cleaning supplies, and etc.

---

[2]　　Capitalized terms used but not otherwise defined have the meanings set forth in the Motion.

6.      An overwhelming majority of the boxes bear logos and indications of one of the two moving companies: Flat Rate Movers ("Flat Rate") or Roadway Movers ("Roadway").  On these boxes, there is usually a sticker indicating the shipment job number and an entity name associated with the shipment.  For the small minority of boxes that do not contain a label, or on which we could not locate a label due to the weight and size of the item, almost all are packed in a Flat Rate or Roadway box, or otherwise wrapped in the same way as the items wrapped and moved by Flat Rate or Roadway.

7.      We did not open each and every of the approximately 640 boxes to review the contents to the extent we deemed it unnecessary to do so.  For example, many boxes containing furniture have a printed picture appearing to correspond to the item in the box.  Some boxes have handwritten annotations on the boxes indicating their contents.  Attached to some boxes are moving planners or order confirmations indicating the ordering customer, date, origin, and destination of the move.   Attached hereto as exhibits to this declaration are true pictures of the contents of the Storage Units taken during our inspection.

8.      Among the approximately 640 boxes we inspected and inventoried, approximately 475 of them either (i) bear a Golden Spring label or (ii) otherwise bear handwritten annotations or contents relating directly to the Debtor.

9.      Specifically, more than 350 boxes bear a label that identifies a shipment number and Golden Spring, or contain a move planner that names Golden Spring as the customer. According to one Flat Rate move planner that is attached to a wooden crate, Golden Spring is the customer and the move was scheduled for May 4, 5, and 6, 2022.[3]  The origin address is 162 E

---

[3]      Ex. 1.

64th Street, New York (*i.e.*, Golden Spring's address); there is a stop at 3 Columbus Circle, Floor 20, New York on May 4 and 5, 2022; and the destination is Westy Storage.[4]

10.    Another crate bearing a Golden Spring label contains an antique chandelier.[5]  This crate also bears a label by the auction house Christie's, which is dated November 3, 2015 and identifies the item to be an antique ceiling light worth £8,000 – 12,000.[6]  A picture of the ceiling light is also attached to the crate.[7]

11.    Others boxes bearing a Golden Spring label contains, for example, a statue,[8] numerous antique glassware,[9] and paintings,[10] among others.

12.    Approximately 30 boxes bear handwritten notes associating the item with "Boss" (*i.e.*, the Debtor), such as "Boss Bedroom Bed,"[11] "Boss Office Mini Fridge,"[12] "Boss Office Yellow Bookcase,"[13] and "Boss Office Flag."[14]  For the items marked as "Boss Bedroom Bed" and "Boss Office Yellow Bookcase," almost all of them bear a label says "Taurus Fund LLC" and "job number #336." Another approximately 75 boxes bear the same "Taurus Fund LLC, job number #336" labels as those with the handwritten annotations "Boss Bedroom Bed."  Another box bearing the Taurus Fund label contains, among other things, a bag with a shipping label to Karin, Golden Springs 162 East 64th Street.[15]

---

[4]    Ex. 1.
[5]    Ex. 2.
[6]    *Id.*
[7]    Ex. 3.
[8]    Ex. 4, box (on the left) containing the statue.  Ex. 5, picture of the statue.
[9]    Ex. 4, box (on the right) containing the glassware. Ex. 6, examples of a few glassware in the box.
[10]   Ex. 7.
[11]   Ex. 8.
[12]   Ex. 9.
[13]   Ex. 10.
[14]   Ex. 11.
[15]   Ex. 12.

13.    Approximately 4 boxes bear indications that they were shipped from or previously located at the Sherry Netherland Apartment, one of the Debtor's prior residences. Two of them bear a DHL label dated January 30, 2019 and identify the origin of the boxes to be "ACA Capital Group Ltd, Fiona Yu" with a Hong Kong address and the destination to be "The Sherry Netherland, #1801, 781 5th Ave" with "Ms. Yvette Wong" being the contact person.[16] These two DHL boxes each bears a "Taurus Fund LLC, job number #336" label.[17]  There are two other wooden crates with a Flat Rate move planner attached to them, which names "Taurus LLC" as the customer, identifies the move date to be April 25, 2022 and origin address at the Sherry Netherland Apartment.[18]  The destination for the crates is Westy Storage.[19]

14.    A box bearing the "Taurus Fund LLC, job number #336" label contains among other things, numerous laptops, external hard drives, and iPhones.[20]  Among them, there is an iPod with a "LADY MAY 2" sticker at the back, an external hard drive with a "LADY MAY" sticker, and a Volvo Penta key with a "LADY MAY 2" sticker.[21]

15.    Approximately 20 boxes contain documents, binders, folders, and/or electronic devices.  For example, a box bearing a Golden Spring label and a Taurus Fund label contains, among other things, a box of the Debtor's business cards.[22]  Another box bearing a "Taurus Fund LLC, job number #336" label contains, among other things, letters addressed to the Debtor, the Debtor's bank statements, books and records of Golden Spring.[23]  Another box bearing both a Golden Spring label and a Taurus Fund label contains, among other things, various packing lists

---

[16]    Ex. 13, first DHL box. Ex. 14, second DHL box.
[17]    *Id*.
[18]    Ex. 15, first wooden crate. Ex. 16, second wooden crate.
[19]    *Id*.
[20]    Ex. 17.
[21]    Ex. 18.
[22]    Ex. 19.
[23]    Ex. 20.

and furniture lists titled, for example, "HK to NYC Furnitures Packing List," "3rd Shipment to NYC – Furnitures Packing List, Updated: March 12, 2019."[24]

16.      There is also a set of Roadway packing lists in one of the Storage Units.  The customer name is "Golden Springs 675-373," the origin address is 162 E 64th Street, New York (*i.e.*, Golden Spring's address), and destination address is Westy Storage.[25]


Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonably inquiry, I declare under penalty of perjury that the foregoing is true and correct.


Dated: February 23, 2024
         New York, New York


By: */s/ Luyi Song*
     Luyi Song
     luyisong@paulhastings.com
     Paul Hastings LLP
     200 Park Avenue
     New York, New York 10166
     (212) 318-6937

---

[24]   Ex. 21
[25]   Ex. 22.