# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | (Jointly Administered) |
|  |  |
| Debtors. | Re: <u>ECF No. 2509</u> |

## **APPEARANCES**

Avram E. Luft
Douglass Barron
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

    and

Nicholas A. Bassett (argued)
Paul Hastings LLP
2050 M Street NW
Washington, D.C. 20036

Patrick R. Linsey
Neubert, Pepe & Montieth
195 Church Street, 13th Floor
New Haven, CT 06510

*Counsel for Movant Mr. Luc A. Despins, Chapter 11 Trustee for the Estate of Mr. Ho Wan Kwok*

Lee Vartan
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ 07052

    and

Sam Della Fera, J<u>r. </u>(argued)
Melissa F. Wernick
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068

Stephen M. Kindseth
Aaron Romney
James M. Moriarty
Zeisler & Zeisler, P.C.
10 Middle Street
Bridgeport, CT 06604

*Counsel for Respondent Ms. Mei Guo*

Adam H. Friedman
Katherine E. Mateo (argued)
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, NY 10019

*Counsel for Respondent Mr. Defeng Cao*

Lisa J. Fried
Herbert Smith Freehills New York LLP
450 Lexington Avenue
New York, NY 10017

*Counsel for Respondent UBS AG*

Genevieve G. Weiner                William S. Fish, Jr.
Sidley Austin LLP                  Hinckley, Allen & Snyder LLP
555 West Fifth Street              20 Church Street, 18th Floor
Los Angeles, CA 90013              Hartford, CT 06103

*Counsel for Respondent DBS Bank Ltd.*

Michael T. Conway (argued)
Lazare Potter Giacovas & Moyle LLP
747 Third Avenue, 16th Floor
New York, NY 10017

*Counsel for Respondents Taurus Fund, LLC, Taurus Management, LLC, and Mr. Scott Barnett*

Carolina A. Fornos                 Jeffrey M. Sklarz (argued)
Pillsbury Winthrop Shaw Pittman LLP  Kelliane Baranowsky
31 West 52nd Street                Green & Sklarz LLC
New York, NY 10019                 One Audubon Street, 3rd Floor
                                   New Haven, CT 06511

*Counsel for Respondent G Club Operations LLC*

Douglas M. Evans (argued)
Shapiro, Dorry, & Masterson LLC
71 Raymond Road
West Hartford, CT 06107

*Counsel for Respondents Rule of Law Foundation III, Inc. and Rule of Law Society IV, Inc.*

Eric T. Schmitt (argued)  
The Quinlan Law Firm, LLC  
233 South Wacker Drive, Suite 6142  
Chaicago, IL 60606  

Jon Newton  
Reid and Reige, P.C.  
One Financial Plaza, 21st Floor  
Hartford, CT 06103  

*Counsel for Respondents Mr. Chris Lee and Mr. Qidong Xia*

Christopher J. Major (argued)  
Austin D. Kim  
Meister Seelig & Fein PLLC  
125 Park Avenue, 7th Floor  
New York, NY 10017  

*Counsel for Respondents Greenwich Land, LLC and Ms. Hing Chi Ngok*

Barry R. Lax  
Robert J. Grand (argued)  
Lax & Neville, LLP  
350 Fifth Avenue, Suite 4640  
New York, NY 10018  

Jordan W. Schur  
Houser LLP  
8 Wright Street, Suite 107  
Westport, CT 06880  

*Counsel for Respondent GS Security Solutions, Inc.*

David H. Wander (argued)  
Michael J. Grudberg  
Tarter Krinsky & Drogin LLP  
1350 Broadway  
New York, NY 10018  

*Counsel for Respondent Ms. Yinying Wang*

Anthony M. Saccullo  
Mary Augustine  
A.M. Saccullo Legal, LLC  
27 Crimson King Drive  
Bear, DE 19701  

Stephen P. Brown (argued)  
Wilson Elser Moskowitz Edelman & Dicker  
LLP  
1010 Washington Boulevard  
Stamford, CT 06901  

*Counsel for Respondent Sotheby's International Realty, Inc.*

James Nealon (argued)  
Nealon Law LLC  
1266 East Main Street, Suite 700R  
Stamford, CT 06902  

*Counsel for Respondent Mr. Yongbing Zhang, Esquire*

### MEMORANDUM OF DECISION AND ORDER
### GRANTING IN PART MOTION TO EXTEND DEADLINES

Julie A. Manning, United States Bankruptcy Judge

## I.  INTRODUCTION

Before the Court is the Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions (the "Motion to Extend Deadlines") filed by Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok (the "Individual Debtor").  (ECF No. 2509.)  For the reasons stated below, the Motion to Extend Deadlines is **GRANTED IN PART**.

## II.  BACKGROUND

On February 15, 2022, the Individual Debtor filed a voluntary Chapter 11 petition (the "Petition") in this Court.  (ECF No. 1.)  The Individual Debtor's case is jointly administered with two affiliated corporate Chapter 11 cases.  (ECF Nos. 970, 1141.)  For the reasons set forth therein, on June 15, 2022, the Court entered a memorandum of decision and order appointing a Chapter 11 trustee.  (ECF No. 465.)  *In re Kwok*, 640 B.R. 514 (Bankr. D. Conn. 2022).  On July 8, 2022, Mr. Despins was appointed as the Trustee.  (ECF No. 523.)

On January 9, 2024, the Trustee filed a motion (the "Notice Motion") to schedule a hearing on and establish notice and service procedures for a forthcoming motion to extend or toll the statute of limitations set by sections 108(a), 546(a), and 549(d) of title 11 (the "Bankruptcy Code").  (ECF No. 2494.)  On January 15, 2024, in light of no objections to the Notice Motion having been timely filed, the Court took it on the papers.  (ECF No. 2505.)  On January 19, 2024, the Court granted the Notice Motion and entered an order scheduling a hearing on the Motion to Extend Deadlines, which had at that point been filed, and establishing notice and service procedures (the "Notice and Service Procedures Order").  (ECF No. 2515.)

On January 18, 2024, the Trustee filed the Motion to Extend Deadlines.  (ECF No. 2509.)

On January 31, 2024, the Trustee filed a notice of service and publication notice of the Motion to

Extend Deadlines pursuant to the Notice and Service Procedures Order, indicating service was

made by mail on January 22, 2024 and publication notice was made thereafter.  (ECF No. 2540.)

On February 5, 2024, objections to the Motion to Extend Deadlines were filed by Ms.

Mei Guo ("Ms. Guo"); Mr. Defeng Cao ("Mr. Cao"); UBS AG ("UBS"); Taurus Fund LLC,

Taurus Management LLC, and Mr. Scott Barnett (collectively, the "Taurus Parties") jointly; G

Club Operations LLC ("G Club"); Rule of Law Foundation III, Inc. and Rule of Law Society IV,

Inc. (collectively, the "ROL Parties") jointly; Mr. Chris Lee ("Mr. Lee") and Mr. Qidong Xia

("Mr. Xia") jointly; Greenwich Land, LLC and Ms. Hing Chi Ngok (collectively, the

"Greenwich Parties") jointly; and GS Security Solutions, Inc. ("GS Security").  (ECF Nos. 2551,

2553, 2554, 2557, 2563, 2565, 2566, 2569, 2571.)  That same date, February 5, 2024, DBS Bank

filed a reservation of rights to object to any extension or tolling of the statute of limitations

beyond what the Motion to Extend Deadlines seeks.  (ECF No. 2556.)  On February 7, 2024,

objections were untimely filed by Ms. Yinying Wang ("Ms. Wang") and Sotheby's International

Realty, Inc. ("Sotheby's").  (ECF Nos. 2582, 2584.)  On February 8, 2024, Mr. Yongbing Zhang

("Mr. Zhang") untimely filed an objection to the Motion to Extend Deadlines.  (ECF No. 2591.)

On February 9, 2024, the Trustee filed an omnibus reply to the objections.  (ECF No.

2620.)  On February 12, 2024, the Trustee filed a list of witnesses and exhibits, which identified

the Trustee as a witness and contained a list of pleadings and orders publicly filed in these jointly

administered Chapter 11 cases and related adversary proceedings as exhibits.  (ECF No. 2763.)

On February 13, 2024, a hearing was held on the Motion to Extend Deadlines.  Prior to

the hearing, UBS filed a notice of withdrawal of its objection to the Motion to Extend Deadlines,

which withdrawal UBS repeated on the record.  (ECF No. 2810.)  During the hearing, Sotheby's

also withdrew its objection to the Motion to Extend Deadlines on the record.  DBS reiterated that

it was not objecting to the Motion to Extend Deadlines but only reserving its rights regarding any

future motion to extend or toll the statute of limitations.  Ms. Guo, Mr. Cao, the Taurus Parties,

G Club, the ROL Parties, Mr. Lee, Mr. Xia, the Greenwich Parties, GS Security, Ms. Wang, and

Mr. Zhang (collectively, the "Objecting Parties") pressed their objections to the Motion to

Extend Deadlines.[1]

The Trustee testified and was cross-examined by the Objecting Parties.  The Trustee

requested the Court take judicial notice of the record of these jointly administered Chapter 11

cases and related adversary proceedings.  The Trustee and the Objecting Parties each presented

their arguments.  At the conclusion of the hearing, the Motion to Extend Deadlines was taken

under advisement.

This matter is ripe for decision.

## III.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this

matter pursuant to 28 U.S.C. § 1334(b).  This Court has authority to hear and determine this

matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the United States District

Court for the District of Connecticut dated September 21, 1984.  The instant matter is a

statutorily core proceeding.  28 U.S.C. § 157(b)(2)(A).

Nevertheless, the Objecting Parties make two arguments against jurisdiction.  First, the

Objecting Parties argue that under *Stern v. Marshall*, 564 U.S. 462, 487–99 (2011), the Court

---

[1]  The Objecting Parties, for the most part, join in each other's arguments.  Hence, the Court will
refer to them in the collective throughout the discussion below.

lacks jurisdiction to determine this matter because avoidance actions are matters of private – not public – right and must, therefore, be determined by an Article III court unless the parties consent to another court's exercise of jurisdiction, *see Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 686 (2015) (holding that parties may consent to entry of a final order by bankruptcy courts notwithstanding the holding in *Stern*).  Second, the Objecting Parties argue that there is no case or controversy because no party has asserted a statute of limitations defense in an avoidance action.

The Court concludes that its determination of the Motion to Extend Deadlines is not contrary to *Stern*.  Determination of the Motion to Extend Deadlines does not require that this Court finally determine the merits of any avoidance action.  Rather, it requires the Court to determine as a matter of equity whether the statute of limitations contained in sections 108(a), 546(a), and 549(d) of the Bankruptcy Code may be extended.  These time limitations are contained in the Bankruptcy Code.  Furthermore, they are solely applicable in bankruptcy cases and embody bankruptcy policy considerations; namely, how to balance the need of a bankruptcy trustee to determine and prosecute the estate's causes of actions and the mandate to ensure the just, speedy, and inexpensive determination of every case and proceeding.  *Compare* 11 U.S.C. §§ 108(a), 546(a), 549(a) *with* Fed. R. Bankr. P. 1001.  Therefore, this Court may determine the issues raised by the Motion to Extend Deadlines.  *See Young v. United States*, 535 U.S. 43, 49– 50 (2002) (unanimous) (holding equitable tolling is particularly available where Congress enacts provisions intended to be applied by bankruptcy courts, which are courts of equity).

The Court also concludes that there is presently a case or controversy.  There are jointly administered Chapter 11 cases pending.  Hence, the time limits contained in sections 108(a), 546(a), and 549(d) of the Bankruptcy Code are in effect.  The Trustee argues that (i) there are

potential estate causes of action he is currently pursuing but cannot file before the two-year

period expires while also meeting the standard of Fed. R. Civ. P. 11 and (ii) there are

undoubtedly estate causes of action completely unknown to him, given his experience and

knowledge of these cases to date. The Trustee seeks to extend these time limits to allow him to

bring more actions without being time-barred.

      Therefore, the Court determines it has jurisdiction over this matter. Moreover, venue in

this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.  DISCUSSION

      The Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052

are set forth below.

### A.  Bankruptcy Rule 9006(b)

      Rule 9006(b) provides that, generally, "when an act is required to be done at or within a

specified period by these rules or by a notice given thereunder or by order of court, the court for

cause shown may at any time in its discretion . . . order the period enlarged if the request therefor

is made before the expiration of the period originally prescribed or as extended by a previous

order." Fed. R. Bankr. P. 9006(b).

      The parties dispute whether Rule 9006(b) may be utilized to extend the deadlines set

forth in sections 108(a), 546(a), and 549(d). The Trustee, relying on *IBT International, Inc. v.*

*Northern (In re International Administrative Services, Inc.)*, 408 F.3d 689 (11th Cir. 2005), and

its progeny, argues that it is within the Court's discretion to extend the deadlines. The Objecting

Parties – particularly G Club – rely on 28 U.S.C. § 2075, *Joint Council Dining Car Employees*

*Local 370 v. Delaware, Lackawanna & Western Railroad Company*, 157 F.2d 417 (2d Cir.

1946), *In re Walnut Hill*, No. 16-50960 (JJT), 2018 WL 2672242 (Bankr. D. Conn. June 1, 2018)

(Tancredi, J.), and *In re Damach Inc.*, 235 B.R. 727 (Bankr. D. Conn. 1999) (Krechevsky, J.), to argue that Rule 9006(b) may not extend the deadlines set forth in sections 108(a), 546(a), and 549(d).

The first question is whether 108(a), 546(a), and 549(d) contain statutes of limitation – subject to tolling, extension, equitable estoppel, and other principles of equity – or statutes of repose, which are not susceptible to equity.  *Compare Young*, 535 U.S. at 49–50 (stating that provisions in the Bankruptcy Code are particularly susceptible to equity because they are drafted with the background understanding that bankruptcy courts are courts of equity) *with Arellano v. McDonough*, 598 U.S. 1, 12–13 (2023) (distinguishing the congressional intent behind 38 U.S.C. § 5110 from that behind 11 U.S.C. § 507 and, hence, arriving at different result than *Young*.) Here, as in *Young* and unlike in *Arellano*, sections 108(a), 546(a), and 549(d) have either no tolling provisions or tolling provisions that supplement rather than supplant traditional principles of equity.  11 U.S.C. §§ 108(a) (no tolling provision), 546(a) (potentially tolled by the first appointment of a trustee within the two-year period), 549(d) (no tolling provision); *compare Young*, 535 U.S. at 52–53 *with Arellano*, 598 U.S. at 12–14; *see IBT Int'l*, 408 F.3d at 699 (11th Cir. 2005); *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.)*, 14 F.3d 1380, 1385 (9th Cir. 1994); *see also* 2 COLLIER ON BANKRUPTCY ¶ 108.2[1] (16th ed. 2023) (stating 11 U.S.C. § 108(a) does not apply to statutes of repose, only statutes of limitations) (collecting cases); 5 COLLIER ON BANKRUPTCY ¶ 546.02[4] (stating 11 U.S.C. § 546 is not jurisdictional) (collecting cases); *but see Martin v. First Nat'l Bank of Louisville (In re Butcher)*, 829 F.2d 596 (6th Cir. 1987).  The Court agrees with the majority position that sections 108(a), 546(a), and 549(d) are subject to extension under principles of equity and disagrees with *Butcher*, upon which the

Objecting Parties rely.  *Compare* H.R. Rep. No. 103-835, at 49–50 (1994) *with Butcher*, <u>829</u>
<u>F.2d at 599</u>–600.

The next question is whether Rule 9006(b) provides a mechanism for such equitable
extension.  While the Court recognizes and respects the prior decisions in this District by the
Honorable James J. Tancredi in *Walnut Hill* and the Honorable Robert L. Krechevsky in
*Damach*, and the reliance by the Objecting Parties upon those decisions, there is no binding
precedent on this issue from the United States Supreme Court, the United States Court of
Appeals for the Second Circuit, or the United States District Court for the District of
Connecticut.  The only United States Court of Appeals to opine on the issue is the United States
Court of Appeals for the Eleventh Circuit.  In *IBT International*, the Eleventh Circuit held that a
bankruptcy court has the discretion under Rule 9006(b) to enlarge the period of time to bring
avoidance actions set forth in section 546(a), notwithstanding the omission of "statute" from the
text of Rule 9006(b), because Rule 9006(b) governs the filing of adversary proceedings pursuant
to Rules 7001 and 7003.  <u>408 F.3d at 699</u>.

The Objecting Parties argue that the Eleventh Circuit's analysis is flawed because it
ignores the Rules Enabling Act and would be in defiance of the separation of powers.  The Court
disagrees.  The basis of their argument is the language: "Such rules shall not abridge, enlarge, or
modify any substantive right."  <u>28 U.S.C. § 2075</u>.  Limitation periods are not, generally,
substantive.  *Young*, 535 at 49.  As discussed above, this Court – and the majority of courts to
consider the issue – concludes that sections 108(a), 546(a), and 549(d) present statutes of
limitation, subject to principles of equity – which the Eleventh Circuit *does* address regarding
section 546(a).  *IBT Int'l*, <u>408 F.3d at 699</u>.  That is, they are not substantive.  *See Young*, 535 at
49.  For these reasons, the Court respectfully disagrees with the portion of *Walnut Hill*

addressing Rule 9006(b) and concludes that the Rules Enabling Act does not preclude Rule
9006(b) from providing a mechanism for extending the statutes of limitation set forth in sections
108(a), 546(a), and 549(d).  *Damach*, upon which *Walnut Hill* relies, was decided pre-*Young* and
dealt with a motion to accept or reject a lease under section 365(d)(4) where a lessor's
*substantive* contractual rights were involved – not, as here, on a motion to extend deadlines, or in
*Young*, which dealt with equitable tolling, a non-substantive statute of limitations.  235 B.R. at
729–30, 731–32.

      Citing the Second Circuit's decision in *Dining Car*, the Objecting Parties also argue by
analogy that because Rule 6 cannot be used to modify statutes of limitation in non-bankruptcy
civil litigation, Rule 9006(b) cannot be used here.  The analogy, however, fails because of key
differences between bankruptcy proceedings and other civil actions.  *Dining Car* considered, and
rejected, the argument that Rule 6(a)'s proscribed methodology for computation of time applied
to limitation periods existing independent of the filed civil action.  157 F.2d at 420.  The
limitation periods set forth by sections 108(a), 546(a), and 549(d) are all dependent on a
bankruptcy case existing.  Unless an order for relief enters in a bankruptcy case, which orders
have been entered in each of these jointly administered Chapter 11 cases, these sections have no
effect.  11 U.S.C. §§ 108(a), 546(a), 549(d).  Similarly, adversary proceedings depend upon a
related bankruptcy case existing.  *Dining Car* recognized Rule 6(a)'s applicability to statutes that
govern procedure of a civil action after it has been filed.  The Trustee here asks the Court to
extend statutes of limitations that only come into effect after a bankruptcy case has been filed.
11 U.S.C. §§ 108(a), 546(a), 549(d).  *Butcher*, relied upon by the Objecting Parties, disregards
the obvious difference between adversary proceedings commenced in a bankruptcy case and
traditional civil actions.  829 F.2d at 599–600.

The Court concludes for these reasons that Rule 9006(b) could provide a mechanism to extend the statutes of limitation set forth by sections 108(a), 546(a), and 549(d).  The next question is whether it does.  In light of (i) the general exhortation of Rule 1001 that "[t]hese rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding"; (ii) the Eleventh's Circuit's ruling in *IBT International* and its rationale based on the applicability of Rule 9006(b) in adversary proceedings and its determination that section 546(a) is a statute of limitations "subject to waiver, tolling, and equitable estoppel", *see* Fed. R. Bankr. P. 7001, 7003; *IBT Int'l*, 408 F.3d at 699; (iii) the lack of any controlling precedent in this Circuit; and (iv) the reasons discussed above as to why the Court is not persuaded by the Objecting Parties' arguments based on the Rules Enabling Act and *Dining Car*, the Court concludes that it may extend the statutes of limitation set forth by sections 108(a), 546(a), and 549(d) pursuant to Rule 9006(b) despite Rule 9006(b) not including "statute" in its language.  *IBT Int'l*, 408 F.3d at 698–99; *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 787–791 (Bankr. M.D. Fla. 2013); *Marsh v. Levy (In re Martin Levy of Berlin D.M.D., P.C.)*, 416 B.R. 1, 8 (Bankr. D. Mass. 2009); *Frentz v. Stites & Harbinson (In re ThermoView Indus., Inc.)*, 381 B.R. 225, 227 (Bankr. W.D. Ky. 2008); *but see In re Cramer*, 636 B.R. 830, 833 (Bankr. C.D. Cal. 2022); *In re Randolph Hosp., Inc.*, No. 20-10247 (LMJ), 2022 WL 19298765, at *1 (Bankr. M.D.N.C. April 25, 2022); *Walnut Hill*, 2018 WL 2672242, at *2.

The remaining issue, therefore, is whether there is "cause," on the facts and circumstances before the Court to extend the statutes of limitation in sections 108(a), 546(a), and 549(d).  Fed. R. Bankr. P. 9006(b).  The Court determines that on the very specific and

extraordinary facts and circumstances of these jointly administered Chapter 11 cases, cause exists to extend the statutes of limitation in sections 108(a), 546(a), and 549(d).

Regardless of the Objecting Parties' arguments that they have individually caused no harm to the Trustee's investigation, as courts have observed, albeit in the context of equitable tolling, the equities to consider in determining whether to extend or toll a statute of limitations in a bankruptcy proceeding often involve whether the debtor failed to cooperate with the bankruptcy trustee or indeed sought to impede the trustee's investigation and liquidation of assets for the benefit of creditors.  *Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1143 (9th Cir. 2016) (citing *Olsen v. Zerbetz (In re Olsen)*, 36 F.3d 71, 72–73 (9th Cir. 1994) and holding that concealment by the debtor rather than the defendant could support equitable tolling).  As the United States Bankruptcy Court for the District of Minnesota stated:

> A bankruptcy case presents a rather different slant on equitable tolling.  In the typical situation, it is the debtor's conduct rather than the defendant's conduct which invokes equitable tolling.  In some senses, this is unfair to the defendant.  On the other hand, unlike the usual civil case where a plaintiff at least has the advantage of being a party to the underlying transaction, a bankruptcy trustee must rely almost entirely on a third party (the debtor) to provide the information necessary to uncover avoidable transfers.

*Moratzka v. Pomaville (In re Pomaville)*, 190 B.R. 632, 637 (Bankr. D. Minn. 1995) (denying summary judgment because there remained a genuine issue of material fact as to whether the statute of limitations could be equitably tolled).

As observed in *Pomaville*, fairness to defendants is the animating concern among courts that decline to extend statutes of limitation under Rule 9006(b).  In *Cramer*, the United States Bankruptcy Court for the Central District of California was primarily concerned with the lack of notice to the potential defendants.  636 B.R. at 832.  *Randolph Hospital* shared this concern. 2022 WL 19298765, at *1.  Here, however, there has been extensive notice of the Motion to Extend Deadlines via traditional service where possible, alternative service where possible, and

publication notice, in English and Mandarin Chinese, in substantially the form approved by the

Court pursuant to the Notice and Service Procedures Order.  *See Cramer*, <u>636 B.R. at 832</u> nn. 1,

2 (distinguishing cases where defendants had notice of the motion seeking an extension of time).

Nevertheless, in light of this concern, the Court will not determine the issue of waiver of a statute

of limitations defense at this time, but rather will reserve that issue for determination when and if

it is raised in an adversary proceeding.  As such, the Court finds it difficult for any party to argue

that their substantive rights have been impacted by this decision.

Regarding the counterbalance noted in *Pomaville*, in these jointly administered Chapter

11 cases, the Trustee received no books and records from the Individual Debtor and no

cooperation from the Individual Debtor.  The Individual Debtor filed incomplete or inaccurate

schedules and statement of affairs and did not comply with his duties under the Bankruptcy

Code.  <u>11 U.S.C. § 521</u>.  The Individual Debtor affirmatively disclaimed and qualified the sworn

information in his schedules and statements of affairs by filing "Global Notes", which are not

official forms and not in compliance with the Individual Debtor's duties under section 521.

(ECF Nos. 77–78.)  Arguably, the failure of the Individual Debtor to comply with his duties

could result in a finding that the statutes of limitation contained in sections 108(a), 546(a), and

549(d) have not even begun to run.

Instead of receiving compliance and cooperation from the Individual Debtor, the Trustee

has faced ceaseless recalcitrance, obstruction, and flagrant disregard of court orders by the

Individual Debtor, his family members, his associates and employees, and entities the Trustee

alleges he controls since the Trustee's appointment.  (*See, e.g.*, ECF Nos. 913, 1046, 1303, 1345,

1362, 1397, 1453, 1521, 1537, 1546, 1709, 1805, 1892, 1896, 2009, 2035, 2036, 2080, 2093,

2342, 2396; *Pac. All. Asia Opportunity Fund L.P. v. Kwok (In re Kwok)*, No. 22-50073 (JAM),

Adv. P. No. 22-05032 (JAM) (Bankr. D. Conn. Jan. 13, 2023), ECF No. 133; *Despins ex rel.*

*Kwok v. Mei Guo* (*In re Kwok*), No. 22-50073 (JAM), Adv. P. No. 23-05008 (JAM) (Bankr. D.

Conn. Oct. 18, 2023), ECF No. 32; *Guo*, No. 22-50073 (JAM), Adv. P. No. 23-05008 (JAM)

(Bankr. D. Conn. Nov. 7, 2023), ECF No. 46.)  Ultimately, the Court has entered at least eight

orders holding the Individual Debtor, his daughter, Ms. Guo, and entities allegedly controlled by

the Individual Debtor in contempt for failure to turn over assets and discovery abuse.  (ECF Nos.

1372, 1537, 1709, 1892, 1896, 2009, 2035, 2093.)  To date, each contemnor remains in contempt

of court.  The severity of nonperformance of statutory duties, *see* 11 U.S.C. §§ 521(a)(3), (4),

and noncompliance with this Court's orders in these jointly administered Chapter 11 cases, is

extraordinary.

Faced with these circumstances, the Trustee has had to seek extensive and ongoing third

party discovery in addition to his efforts to obtain discovery from the Individual Debtor, his

family, his associates, and entities he allegedly controls.  (ECF Nos. 636–38, 839, 1116, 1259,

1592, 1789, 2079, 2249, 2304, 2308, 2434, 2508, 2514.)  The Court has granted all fifteen of the

Trustee's motions for Rule 2004 examinations, authorizing the examination of hundreds of

entities.  (ECF Nos. 756–58, 866, 1184, 1339, 1646, 1891, 2210, 2281, 2393, 2394, 2474, 2534,

2537.)  The Court credits the Trustee's testimony that attempting to piece together the Individual

Debtor's financial affairs from cold bank records and other documents evidencing a massive web

of entities, bank accounts, and money transfers across multiple countries, continents, and

jurisdictions is a time-consuming and difficult endeavor over an ever-increasing data set of

unknown ultimate dimensions.  This testimony is particularly credible because the Trustee is

operating without the Individual Debtor's statutorily required cooperation.  Moreover, the

Trustee's investigation has been and continues to be impeded by the active obstruction of the

Individual Debtor, his family members, associates, employees, followers, and associated entities. The "puzzle" the Trustee is faced with in these jointly administered Chapter 11 cases is particularly severe and the facts of these cases are similar to the facts of *IBT International*, which also involved allegations of a complex asset diversion plan, where there was a "jigsaw puzzle of transfers." 408 F.3d at 702.

The Objecting Parties argue that, nevertheless, the Trustee has been less than diligent in his attempts to understand the bankruptcy estate's potential causes of action. Counsel for the Individual Debtor, who also signed the objection submitted by the Individual Debtor's daughter, Ms. Guo, has previously testified that, contrary to Ms. Guo's present argument, the Trustee was too forceful in his statutory investigative duties, *see* 11 U.S.C. § 1106:

> Q. You testified, Mr. Kindseth, that prior to the meeting, you had urged the Trustee strenuously to quote, unquote, stand down. Is that right?
> A. Probably 50 times. Yes.
> Q. And --
> A. Gradually, too. Just to be clear. It wasn't just, do nothing. It's, can you please just stand down some to give us some space to let the settlement come together. Yes.
> Q. What you meant by that was stand down on the investigation, correct?
> A. Stand down on the perpetual bombs, you know, attacks, 50 2004 exams, expedited hearings, just this perpetual attack, 12, 14 lawyers at Paul Hastings going all, you know, full board [sic]. I said, can you just reign [sic] it in a little bit to give us some time to breathe and work out a settlement.

(Dec. 12, 2022 Hr'g Tr. at *894:2–18, *Pac. All. Asia Opportunity Fund*, No. 22-50073 (JAM), Adv. P. No. 22-05032 (JAM) (Bankr. D. Conn. Dec. 15, 2022), ECF No. 111.)

Indeed, the Individual Debtor's position in fall of 2022 was that the Trustee was proceeding too rapidly with his investigation. Prior to Attorney Kindseth's testimony, his colleague, also appearing on behalf of the Individual Debtor, repeatedly objected to the Trustee's urgent pursuit of his investigation. The exchange below during a hearing held on October 13, 2022, on the Trustee's Motion for Entry of Order Authorizing Compliance with Rule 2004

Subpoenas and Enforcing Consent Order Regarding Control of Attorney-Client Privilege and

Work Product Protection is illustrative:

> Mr. Henzy: Next week I'm going to be fully engulfed in potentially reviewing documents which actually I wanted to ask Your Honor a question about. But I'm not sure, Your Honor, what the hurry is. But I'm not sure what the hurry –
>
> Mr. Despins: Your Honor, the hurry is that we're supposed to have control of these entities. We're being deprived of control -- of access to privilege in relation -- for to those entities because that's the same counsel representing Mr. Kwok and those two entities. And so to say there's no rush, I don't know what to say about that. It's been ten -- we're not rushing, meaning we've asked for this for a while now. And if we are correct that he owns it, the rush is that he's just disregarding this case completely. So I don't know what to say about the issue of no rush.

(Oct. 13, 2022 Hr'g Tr. at 106:8–23, ECF No. 1020; *see also* Sept. 27, 2022 Status Conference

Tr. at 23:1–20, ECF No. 936.)

In a case with more than 2900 docket entries and more than 250 associated adversary

proceedings, where the Trustee has, by counsel to the Individual Debtor's own admission and in

this Court's own observation, aggressively pursued discovery relating to the Individual Debtor's

financial affairs and recovery of assets, the Court concludes that the Trustee has shown more

than reasonable diligence in his efforts. That not every lead has borne fruit, that not every stone

has been unturned, that not every action has been successful, does not diminish the fact that the

Trustee has been more than reasonably diligent.

The facts and circumstances of the present case are wholly unlike the facts Judge

Tancredi faced in *Walnut Hill*. In *Walnut Hill,* the Chapter 7 trustee had the entire two-year time

period set forth in sections 108(a) and 546(a) to fulfill his investigative duties and bring causes of

action. Here, the Trustee was appointed five months into the case – which means he had

nineteen months to perform his investigation in the Individual Debtor's Chapter 11 case. (ECF

No. 514.) Furthermore, in *Walnut Hill*, the Chapter 7 trustee filed her first motion for Rule 2004

examination eleven months after the petition was filed.  (*In re Walnut Hill*, No. 16-20960 (JJT) (Bankr. D. Conn. May 31, 2017), ECF No. 78.)  In this case, the Trustee filed his first motion to conduct a Rule 2004 motion less than a month after the approval of his appointment and continues to vigorously seek discovery as part of his ongoing investigation.  (ECF No. 636.)

Nevertheless, the Objecting Parties also argue against the Trustee's diligence on the basis of the Trustee's testimony that hiring a forensic accountant had to wait until the estate had funding.  In particular, the Objecting Parties focus on the Trustee's testimony that even if a forensic accountant was willing to work on a contingency basis, they would have demanded to be treated *pari passu* with the Trustee and his lawyers.  However, the Objecting Parties ignore that the necessity of forensic accountant has been caused by the Individual Debtor's failure to cooperate with the Trustee and the discovery abuses in these jointly administered Chapter 11 cases.  They also ignore that administrative insolvency – which is when *pari passu* treatment of administrative claims would pose a concern to the Trustee's counsel – would be to the detriment of the Individual Debtor's unsecured creditors, to whom the Trustee is a fiduciary.  The Court is not persuaded by the Objecting Parties' focus on this testimony to support their claims that the Trustee's investigation has lacked diligence.

For these reasons, the Court concludes that there is cause to extend the statute of limitations set forth by sections 108(a), 546(a), and 549(d) pursuant to Rule 9006(b).  Therefore, the Motion to Extend Deadlines is granted to the extent set forth below.

### B. Equitable Tolling

Statutes of limitations in the Bankruptcy Code are drafted with implied awareness of general principles of equity, including equitable tolling – particularly because bankruptcy courts are courts of equity.  *Young*, 535 U.S. at 49–50.  "Generally, a litigant seeking equitable tolling

bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 96 (1990)); *see Castillo ex rel. A.Q.C. v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (quoting *Pace*).   Equitable tolling is not to be confused with fraudulent concealment by the defendant: the United States Court of Appeals for the Second Circuit has "held explicitly that the application of the doctrine of equitable tolling is not limited to [cases with fraudulent concealment]." *Donely ex rel. Valdez v. United States*, 518 F.3d 173, 183 (2d Cir. 2008) (collecting cases).   Indeed, equitable tolling does not require any wrongdoing by a defendant. *Donely*, 518 F.3d at 182–83; *Canales v. Sullivan*, 936 F.2d 755, 758, *on reh'g* 947 F.2d 45, 758 (2d Cir. 1991); *Fundamental Long Term Care*, 501 B.R. at 791; *Fam. Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Fam. Golf Ctrs., Inc.)*, 288 B.R. 701, 705–06 (Bankr. S.D.N.Y. 2003).   Moreover, insofar as misconduct is alleged, in bankruptcy proceedings it is often the debtor's rather than the defendant's conduct that is relevant. *Gladstone*, 811 F.3d at 1143; *Pomaville*, 190 B.R. at 637.

The Objecting Parties dispute whether the Trustee may properly seek equitable tolling now or must instead assert equitable tolling when and if a defendant in an adversary proceeding asserts a defense that the Trustee's complaint is time-barred.   The Objecting Parties – particularly the Taurus Parties and the Greenwich Parties – argue that equitable tolling is not yet ripe and that the proper consideration is instead, as discussed above, whether the statute of limitations can be extended.   The Trustee argues that equitable tolling can be considered prospectively.

The Court agrees with the Objecting Parties.   As Judge Tancredi observed in *Walnut Hill*, in *IBT International*, the Eleventh Circuit only considered equitable tolling in the context of a

motion to dismiss raising a statute of limitations defense to a complaint in an adversary

proceeding.  408 F.3d at 700–03.  While it is not entirely clear from the decision itself, a review

of the pleadings before the Eleventh Circuit supports the conclusion that the Eleventh Circuit

found that the bankruptcy court's orders extending the statute of limitation were within its

discretion pursuant to Rule 9006(b) and that, in any event, equitable tolling would apply to

defeat the statute of limitation defense.  *Id.* at 695–703; *see Fundamental Long Term Care*, 501

B.R. at 789 ("It seems to the Court that the appropriate standard would be the "for cause"

analysis under Rule 9006.  The Trustee here seeks an enlargement of time before the period has

expired (equitable tolling presumably comes into play after the limitations period has expired).

And that was the analysis the Eleventh Circuit initially applied in *In re International*

*Administrative Services*, before turning to the equitable tolling analysis in an abundance of

caution.").

Therefore, the Court denies the Motion to Extend Deadlines insofar as it seeks an order

equitably tolling the statutes of limitations set forth by sections 108(a), 546(a), and 549(d),

without prejudice to the Trustee raising equitable tolling or other equitable arguments in

response to a defense that an adversary proceeding commenced by the Trustee is time-barred.

**V.  CONCLUSION AND ORDER**

Therefore, having reviewed and considered the arguments of the Trustee and the

Objecting Parties during the hearing and raised in their briefs, the caselaw cited during the

hearing and in the briefs, and the equities, the Court grants in part the Trustee's Motion to

Extend Deadlines based upon good cause having been shown.  Accordingly, it is hereby

**ORDERED:**  Pursuant Fed. R. Bankr. P. 9006(b), the Motion to Extend Deadlines is

**GRANTED IN PART** as set forth herein; and it is further

**ORDERED:** The time limitations set forth in 11 U.S.C. 108, 546, and 549 for the Trustee to commence avoidance actions are extended through and including August 15, 2024 (such extension, the "Ordered Extension"), which date may be further extended upon notice and a hearing; and it is further

**ORDERED:** Notwithstanding anything in this Order to the contrary, pursuant to the agreement of the parties, this Order and the Ordered Extension herein shall not apply to (i) UBS AG; and (ii) Sotheby's International Realty, Inc., Sotheby's International Realty Affiliates LLC, Sotheby's International Realty Referral Company LLC, Sotheby's International Realty Referral Company Inc., Martha Turner Sotheby's International Realty Referral Company LLC, Martha Turner Properties, LP, MTPGP, LLC, Anywhere Advisors LLC, Anywhere Real Estate Services Group LLC, Anywhere Real Estate Group LLC, Anywhere Intermediate Holdings LLC, and Anywhere Real Estate Inc.; and it is further

**ORDERED:** The Motion to Extend Deadlines is **DENIED IN PART** with respect to the request for prospective equitable tolling, without prejudice to the Trustee raising equitable tolling or other equitable arguments in response to a defense that an adversary proceeding commenced by the Trustee is time-barred; and it is further

**ORDERED:** The terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED:** The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated at Bridgeport, Connecticut this 15th day of February, 2024.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut