**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                                    :    Chapter 11
                                                          :
HO WAN KWOK, *et al.*,[1]                                  :    Case No. 22-50073 (JAM)
                                                          :
            Debtors.                                      :    (Jointly Administered)
                                                          :
-------------------------------------------------------x

**THIRTEENTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL ENTITIES AND INDIVIDUALS AFFILIATED WITH DEBTOR, AND ENTITIES DOING BUSINESS WITH DEBTOR**

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Case") of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004(a) (the "Bankruptcy Rules") and Local Bankruptcy Rule 2004-1 (the "Local Rules"), hereby applies (the "Application" or "Motion") to conduct the examination of the business associates, professionals, and corporate entities (the "Related Persons"), and certain entities doing business with Debtor and/or affiliated entities (the "Vendors" and, together with the Related Persons, the "Examinees") which the Trustee believes the Debtor and Related Persons used to conduct business relevant to the estate of the Debtor, as such Examinees are identified in **Exhibit B**, attached hereto, in the Case. **Please take notice that the deadline to object to this Application is March 15, 2024,**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**and in the absence of a timely filed objection, the proposed order filed herewith as <u>Exhibit A</u> (the "<u>Proposed Order</u>") may enter without further notice and hearing**.  In support of his Application, the Trustee respectfully states as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      The Trustee, in furtherance of his duties and responsibilities under the order authorizing the appointment of a chapter 11 trustee dated July 6, 2022, (*See* ECF. No. 465, at 14, hereinafter referred to as the "<u>Trustee Order</u>"), continues his investigation into the Debtor's financial and business affairs to determine whether additional estate assets exist and to recover upon those assets for the benefit of the Debtor's estate.

2.      The Trustee's investigation has identified more entities with possible knowledge of the Debtor's assets and financial activities, and the Trustee seeks to further his investigation through additional Bankruptcy Rule 2004 discovery of these Examinees.

3.      The Trustee believes that the Examinees have access to and understandings of information relating to the Debtor's assets, financial affairs, and potential financial interests in various corporate entities related to the Debtor, his family, or his associates.  Indeed, the Trustee expects that, to the extent the Debtor has engaged in efforts to hide his wealth through a network of shell companies and otherwise, the Debtor would likely have needed extensive assistance and aid and participation by the Related Persons.

4.      The Trustee has submitted several Bankruptcy Rule 2004 motions granted by the Court, including one directed at legal and financial firms believed to have advised the Debtor and related entities and individuals (ECF No. 637, the "<u>Advisors 2004 Motion</u>"), one directed at entities and individuals believed to be affiliated with, controlled by, or otherwise connected to the Debtor (the "<u>Affiliates 2004 Motion</u>"), the Trustee's First Supplemental Omnibus Motion dated

September 7, 2022 (the "<u>First Omnibus Motion</u>"), the Trustee's Second Supplemental Omnibus Motion dated November 18, 2022 (the "<u>Second Omnibus Motion</u>"), the Trustee's Third Supplemental Omnibus Motion dated December 21, 2022 (the "<u>Third Omnibus Motion</u>,"), the Trustee's Fourth Supplemental Omnibus Motion dated March 24, 2023 (the "<u>Fourth Omnibus Motion</u>"), the Trustee's Fifth Supplemental Omnibus Motion dated May 15, 2023 (the "<u>Fifth Omnibus Motion</u>"), the Trustee's Sixth Supplemental Omnibus Motion dated August 11, 2023 (the "<u>Sixth Omnibus Motion</u>,"), the Trustee's Seventh Supplemental Omnibus Motion dated October 10, 2023 (the "<u>Seventh Omnibus Motion</u>"), the Trustee's Eighth Supplemental Omnibus Motion dated November 2, 2023 (the "<u>Eighth Omnibus Motion</u>"), the Trustee's Ninth Supplemental Omnibus Motion dated November 6, 2023 (the "<u>Ninth Omnibus Motion</u>"), the Trustee's Tenth Supplemental Omnibus Motion dated December 14, 2023 (the "<u>Tenth Omnibus Motion</u>"), the Trustee's Eleventh Supplemental Omnibus Motion dated January 16, 2024 (the "<u>Eleventh Omnibus Motion</u>"), and the Trustee's Twelfth Supplemental Omnibus Motion dated January 19, 2024 (the "<u>Twelfth Omnibus Motion</u>" and, together with the Advisors 2004 Motion, the Affiliates 2004 Motion, the First Omnibus Motion, the Second Omnibus Motion, the Third Omnibus Motion, the Fourth Omnibus Motion, the Fifth Omnibus Motion, the Sixth Omnibus Motion, the Seventh Omnibus Motion, the Eighth Omnibus Motion, the Ninth Omnibus Motion, the Tenth Omnibus Motion, and the Eleventh Omnibus Motion, collectively, the "<u>2004 Motions</u>"), which the Court granted by order dated January 30, 2024. The discovery requested herein will supplement and augment inquiries the Trustee has already begun, as well as open additional avenues of investigation and potential discovery of assets.[2]

---

[2]    By this Motion, the Trustee seeks the authority to conduct his examination of the Examinees by serving subpoenas which call for both document production and deposition testimony. For the avoidance of doubt, to the extent the Court grants the Trustee's *Motion to Stay Adversary Proceedings and Obtain Other Relief Pending Disposition of Criminal Proceeding* [ECF No. 2975] (the "<u>Stay Motion</u>"), the Trustee will not schedule

5.     In the interest of brevity, the Trustee incorporates the 2004 Motions herein by reference and makes them a part hereof. All capitalized terms not defined herein shall have the meanings ascribed to them in the 2004 Motions.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction to entertain this application under 28 U.S.C. §§ 157 and 1334.  Venue to hear this Application is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

7.     This Application is a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2) (A), (E), and (F).

## THE EXAMINEES

8.     The Examinees are additional entities that may be working for, with, or controlled by the Debtor, or that may otherwise have material information concerning the Debtor's assets and financial condition. The Examinees further include affiliated entities that assisted the Debtor in carrying out the various business activities that are subject to the Trustee's investigation as well as parties that may have contracted with or otherwise done business with, or on behalf of, the Debtor.

9.     More specifically, the Examinees are as follows:

(a)     **Manuel M. Anzaldua**, who the Trustee understands served, among other roles, as general counsel to HCHK Technologies Inc.  As such, Mr. Anzaldua may have information, documents and records relating to the Debtor, his affiliated entities, his business and his financial affairs and transactions which will aid the Trustee in his investigations;

(b)     **Roadway Moving and Storage, Inc.** and/or **Roadway Moving Inc** is a moving and storage company which the Trustee understands that the Debtor used to move

---

any depositions of the Examinees until the conclusion of the stay period or with the prior permission of this Court, as set out in the proposed order granting the Stay Motion.

assets and equipment between various homes and offices of the Debtor. Therefore, Roadway Moving Inc. may have information, documents and records relating to the Debtor, the estate's assets, and the Debtor's business and financial affairs and transactions which will aid the Trustee in his investigations; and

(c)      The Trustee continues to investigate the Debtor's assets, including Cirrus aircraft which the Trustee understands was purchased in the name of family members of the Debtor. The Trustee believes that the Debtor purchased certain aircraft, including without limitation Cirrus aircraft, by use of shell entities and trusts which were created by the Debtor to hold nominal ownership of the Cirrus aircraft, and in conjunction with third parties who may have been involved in the purchase, including: (i) **Aviation Trust Company LLC**, (ii) **Aviation E LLP**, and (iii) **Amazing Sky Aviation Limited** (collectively, the "Aircraft Entities"), certain of which entities' shares were allocated to (iv) **Farhad Zabeti**. As such, the Aircraft Entities and Mr. Zabeti likely have information, documents and records relating to the Debtor, his assets, and his business and financial affairs and transactions which will aid the Trustee in his investigations.

## RELIEF REQUESTED

10.     The Trustee seeks entry of an order, in substantially the form of the Proposed Order, pursuant to Bankruptcy Rule 2004(a) and Local Rule 2004-1, authorizing the Trustee to conduct the examination of the Examinees included on Exhibit B.

## BASIS FOR RELIEF REQUESTED

11.     Pursuant to Rule 2004(a), on application of a party in interest, the Court may order the examination of any person or entity. The scope of an examination authorized under Rule 2004 is exceedingly broad and may relate to the "acts, conduct, or property or to the liabilities and

financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

12.     "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Group Ltd.*, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted). This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996). *See also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." (internal quotation and citation omitted)).

13.     In the declaration he submitted on March 20, 2022 in support of the filing of this case, the Debtor represented that among the purposes for filing his chapter 11 case were "to … (b) afford stakeholders an efficient opportunity to investigate [his] assets, liabilities, and financial affairs, given what [he] perceive[d] to be misunderstandings in that regard; [and] (c) establish what assets are estate property and, in turn, available for distribution to holders of allowed claims . . . ." (Debtor's Declaration, ¶3). The investigation the Trustee seeks to perform is directly relevant to these stated purposes in that it will help the Trustee identify the Debtor's assets and liabilities in order to make distributions to creditors.

14.     The areas for inquiry herein are part of the Trustee's ongoing investigative efforts. As the investigation evolves, new avenues of inquiry become apparent and the need for additional discovery of persons, entities and areas of inquiry arises. Based on all the facts and evidence

discussed above and as contained in the 2004 Motions, the Trustee seeks the investigative tools afforded by Rule 2004 to further establish the true ownership of assets and to explore other potential assets about which the Trustee does not yet have knowledge.

15.     The Trustee requests that, in furtherance of his examinations, the Court direct the Examinees to provide documentation to the Trustee's counsel, as requested in the forms annexed hereto[3] and made a part hereof (the "Proposed Subpoenas"), within fourteen (14) days of the service of a subpoena, substantially similar in form and substance to the Proposed Subpoenas, or such other time as agreed upon by the Trustee.  These requests seek documents consisting of, among other things, the Examinees' communications with the Debtor regarding his financial condition, asset transfers, and corporate governance issues.  The requests also seek the Examinees' internal files and correspondence on these same topics.

16.     The type of discovery that the Trustee will obtain from Examinees is well within the scope of Bankruptcy Rule 2004.  Bankruptcy courts routinely provide for Rule 2004 discovery against professional firms when the discovery may identify and aid the recovery of assets for the benefit of the estate and creditors.  *See, e.g., In re Bame,* 251 B.R. 367 (Bankr. D. Minn. 2000); *In re Horvath,* No. 13-34137, 2015 WL 2195060 (Bankr. N.D. Ohio May 7, 2015) (approving discovery related to claims on schedule of assets permissible from individual debtor where obtaining such discovery might increase the value of the debtor's estate).

17.     The Trustee submits that the facts set forth above constitute sufficient cause for the Court to order the production of documents pursuant to Rule 2004 from the Examinees.  Although

---

[3]     Included in Exhibit B is an index of Proposed Subpoenas that would be served on the Examinees if this Motion is granted.  The Trustee also attaches hereto as **Exhibits C-1 to C-6** the individualized Proposed Subpoenas, including the topics for discovery directed to each Examinee, which are substantially similar in form and substance.

the Debtor is a necessary source of information and documents to help the Trustee uncover estate assets, seeking discovery from other parties, including the Examinees, is likely to significantly reduce the costs the estate would otherwise incur in identifying and recovering estate property. Indeed, documents in the possession of the Examinees could be among the most valuable to the Trustee's investigation.[4]

18.     Authorization of this Application is critical for the Trustee to fulfill the duties contemplated in the Trustee Order effectively, including specifically his mandate to "locate the Debtor's assets for the benefit of creditors and the estate" and "investigate the Debtor's assets, liabilities, and financial affairs." (*See* Trustee Order at 15-16, 18).

19.     No party in interest, including the Debtor, shall suffer undue prejudice upon the granting of the relief sought in this Application.

## NO PRIOR REQUEST

20.     No prior application for the relief requested herein has been made.  The Trustee filed the prior 2004 Motions, including the Twelfth Omnibus Motion, which the Court granted; however, those prior motions did not request to take discovery from the Examinees at issue here.

## OBJECTION DEADLINE

21.     The deadline to object to this Application is **March 15, 2024**, and in the absence of a timely filed objection, the Proposed Order may enter without further notice and hearing.

*[The rest of this page is intentionally blank.]*

---

[4]     The Trustee also requests authority to serve the Proposed Subpoenas on affiliates or subsidiaries of the Examinees if in the course of the Trustee's investigation it is determined that such affiliates and subsidiaries of the Examinees are the parties in control of documents relating to the Examinees that are relevant to the Trustee's investigation.

WHEREFORE, the Trustee respectfully requests that the Court grant this Application and enter the Proposed Order, pursuant to Fed. R. Bankr. P. 2004(a), directing the examination of the Examinees, and directing the production of certain documents as set forth in the Requests for Production of Documents attached to the Proposed Subpoenas, and for such other and further relief as the Court may deem just and proper.

Dated:    March 8, 2024               LUC A. DESPINS,
          New Haven, Connecticut      CHAPTER 11 TRUSTEE

                                       By: */s/ Patrick R. Linsey*
                                         Douglas S. Skalka (ct00616)
                                       Patrick R. Linsey (ct29437)
                                       NEUBERT, PEPE & MONTEITH, P.C.
                                       195 Church Street, 13th Floor
                                       New Haven, Connecticut 06510
                                       (203) 781-2847
                                       dskalka@npmlaw.com
                                       plinsey@npmlaw.com

                                       *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                 :

In re:                           :     Chapter 11
                                 :

HO WAN KWOK, *et al.*,[1]     :     Case No. 22-50073 (JAM)
                                 :

         Debtors.          :     (Jointly Administered)
                                 :
-------------------------------------------------------x

## <u>NOTICE OF OBJECTION DEADLINE</u>

Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's Estate (the "<u>Applicant</u>"),

has filed an Application for Rule 2004 Examination of certain corporate entities, advisors, and

vendors identified in **<u>Exhibit B</u>** (the "<u>Rule 2004 Examination</u>") with the U.S. Bankruptcy Court

for the District of Connecticut.  Notice is hereby given that any objection or response to the Rule

2004 Examination must be filed with the Court no later than March 15, 2024, in accordance with

Fed. R. Bankr. P. 2002(a) and 9014 and Local Bankr. R. 2004-1(c).  In the absence of a timely

filed objection, the proposed order regarding the Rule 2004 Examination may enter without

further notice and hearing, *see* 11 U.S.C. section 102(1).

*[REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]*

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:    March 8, 2024           LUC A. DESPINS,
           New Haven, Connecticut     CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :    Case No. 22-50073 (JAM)
                                                       :
                  Debtors.                             :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING**
**THIRTEENTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE**
**FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE**
**2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL ENTITIES**
**AND INDIVIDUALS AFFILIATED WITH DEBTOR AND**
**ENTITIES DOING BUSINESS WITH DEBTOR**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Examinees listed on Exhibit B thereto (the "Application", ECF No. ____), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing, see 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-6 and to serve the Subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Examinees listed on Exhibit B to the Application.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Examinees are hereby directed to produce all documents within 14 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Examinee does not produce any documents requested in the Subpoena on the basis of some privilege, the Examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 14 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Neubert, Pepe & Monteith, P.C. and Paul Hastings LLP, as counsel for the Trustee, are hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Examinee listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Monteith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

Dated: _____, 2024

_____

Julie A. Manning,
United States Bankruptcy Judge

**<u>Exhibit B</u>**

| Discovery Party | Address | Subpoena Index |
|---|---|---|
| **Amazing Sky Aviation Limited** | 1053 Great West Road<br>Brentford<br>United Kingdom, TW8 9BW | Exhibit C-1 |
| **Aviation E LLP** | 1 & 2 Mercia Village Torwood Close<br>Coventry, West Midlands<br>United Kingdom, CV4 8HX | Exhibit C-2 |
| **Aviation Trust Company LLC** | 6500 Air Cargo Road<br>P.O. Box 950876<br>Oklahoma City, OK 73195<br><br>c/o Donald B Nevard<br>4800 N Lincoln Blvd<br>Oklahoma City, Oklahoma 73105 | Exhibit C-3 |
| **Farhad Zabeti** | 1053 Great West Road<br>Brentford<br>United Kingdom, TW8 9BW<br><br>104 Wembley Park Drive<br>Wembley, HA9 8HF , United Kingdom | Exhibit C-4 |
| **Manuel Martinez Anzaldua** | 1999 Bryan Street<br>Suite 900<br>Dallas, Texas 75201<br><br>2222 Westerland Drive<br>Apt 213<br>Houston, Texas 77063-2215 | Exhibit C-5 |
| **Roadway Moving and Storage, Inc.** and/or **Roadway Moving Inc.** | 1135 Bronx River Ave.<br>Bronx, NY 10472<br><br>c/o Raz Sapir<br>107 Trumbull Street<br>Building 5-13<br>Elizabeth, NJ 07206 | Exhibit C-6 |

| Discovery Party | Address | Subpoena Index |
|---|---|---|
| | c/o Raz Sapir<br>1835 NE Miami Gardens Dr. 545<br>N Miami Beach, FL 33179 | |

# Exhibit C-1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re   HO WAN KWOK, *et al.*,[1]

Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Amazing Sky Aviation Limited**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| n/a | n/a |

The examination will be recorded by this method:   n/a

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **March     , 2024**

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:

**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

---

## **Request for Production of Documents**

## I. **INSTRUCTIONS**

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.    Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.    All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.    Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction: (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to **Amazing Sky Aviation Limited**, together with any of its employees, agents, counsel, advisors, or anyone acting on its behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

8.      "Aircraft" means any vehicle for traveling through the air, including, without limitation, airplanes and helicopters, that are or were at any time owned, used, controlled, purchased, sold, leased, rented, licensed, serviced, maintained, repaired, overhauled, stored, operated, marketed, or inspected by, to, or for the benefit of the Debtor, the Debtor's Family, or any Associated Entity, including, without limitation: (i) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: T7-GQM, T7-17777, M-GYQM, SN9189, or 9189; (ii) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: N124DG, N3131X, or N3Q; and (iii) any Cirrus SR20 aircraft, Cirrus SR22T aircraft, and/or any Cirrus SF50 aircraft.

9.    "Aircraft Staff" means any employee, independent contractor, pilot, co-pilot, mechanic, flight attendant, or individual associated with the maintenance, operation, service, upkeep, or storage of an Aircraft.

10.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Chris Lee (a/k/a Nan Li, Mei Guo Xiao Li), Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a Hank Chunguang, 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Junfeng Xiao, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nicholas Savio, Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ravider "Rav" Shokar, Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz, William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a

9

Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

11.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, ACASS Canada Ltd, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club HoldCo I LLC, G Club International Ltd., G-Club Investments Limited, G Club International Limited (BVI),  G Club One, G Club Two, G Club Three, G Club US Operations Inc., G Club US Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, G Fashion LLC, G Fashion International Limited, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New

York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Hamilton Investment Management, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya New York Rock Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Lawall & Mitchell LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Rising Sun Capital Ltd.,Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Savio Law LLC, Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, Toppan Merrill LLC, UA Himalaya Inc., Voice of Guo Media, Inc., V.X. Cerda & Associates PA, Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

12.    "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

13.    "Any" and "all" and "each" mean "each and every."

14.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

15.    "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in

12

tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

17.    "Each" and "every" mean "each and every."

18.    "Including" or any variant thereof means "including without limitation."

19.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

20.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

21.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

22.    "Third Party" means a Person or Entity other than Yourself.

23.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    **DOCUMENTS TO BE PRODUCED**

1.      All Documents related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

2.      All Documents related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual related to any Aircraft, including without limitation (i) ownership or control of any Aircraft; (ii) use of any Aircraft, including without limitation training or instructional use; (iii) lease or rental of any Aircraft; (iv) the purchase, sale, or marketing of any Aircraft; (v) any money or value paid or given related to any Aircraft and the source thereof; (vi) any money or value generated or obtained related to any Aircraft and the disposition thereof; or (vii) operation, maintenance, service, or overhaul, related to any Aircraft.

3.      All Documents related to any account associated with the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

4.      All Documents related to any invoices or payments of expenses related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Documents related to any flight logs, flight plans, or any other recording of any flight information related to travels undertaken, or planned by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

6.      All Documents related to any activates by Aircraft Staff related the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

14

7.      All Documents related to any payments, expenses, transfers or monies related to Aircraft Staff and the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

8.      All Documents related to who may have been onboard any Aircraft in use by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including any flight manifests.

9.      All Documents related to any cargo, storage, items for delivery, assets or property on an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

10.     All Documents related to the location of an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

# Exhibit C-2

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

### UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re    HO WAN KWOK, *et al.*,[1]

Debtor

Case No.    22-50073 (JAM)

Chapter    11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **Aviation E LLP**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| n/a | n/a |

The examination will be recorded by this method:    n/a

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **March    , 2024**

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.    The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.    Image Load File

        a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession,
(viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances
upon which You will rely to support such claim of privilege; and (b) produce a privilege log
containing all of the information requested in Part (a) of this Instruction for each Document
withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any
part of a Document Request as to which a claim of privilege or work product is not made,
responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a
claim of privilege, only that portion of the Document subject to the claim of privilege shall be
deleted or redacted from the Document following the instructions above, and the rest shall be
produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement
or correct any responses later learned to be incomplete or incorrect immediately upon learning that
a prior response was incomplete or incorrect; and (b) produce any additional Documents that are
called for under the

11.     If a Document is in a language other than English, You should provide that
Document.  If a Document is in a language other than English, and an English translation exists,
You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or
nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to **Aviation E LLP**, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

8.      "Aircraft" means any vehicle for traveling through the air, including, without limitation, airplanes and helicopters, that are or were at any time owned, used, controlled, purchased, sold, leased, rented, licensed, serviced, maintained, repaired, overhauled, stored, operated, marketed, or inspected by, to, or for the benefit of the Debtor, the Debtor's Family, or any Associated Entity, including, without limitation: (i) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: T7-GQM, T7-17777, M-GYQM, SN9189, or 9189; (ii) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: N124DG, N3131X, or N3Q; and (iii) any Cirrus SR20 aircraft, Cirrus SR22T aircraft, and/or any Cirrus SF50 aircraft.

8

9.    "Aircraft Staff" means any employee, independent contractor, pilot, co-pilot, mechanic, flight attendant, or individual associated with the maintenance, operation, service, upkeep, or storage of an Aircraft.

10.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Chris Lee (a/k/a Nan Li, Mei Guo Xiao Li), Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a Hank Chunguang, 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Junfeng Xiao, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nicholas Savio, Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ravider "Rav" Shokar, Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz, William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a

Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

11.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, ACASS Canada Ltd, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club HoldCo I LLC, G Club International Ltd., G-Club Investments Limited, G Club International Limited (BVI),  G Club One, G Club Two, G Club Three, G Club US Operations Inc., G Club US Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, G Fashion LLC, G Fashion International Limited, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New

York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Hamilton Investment Management, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya New York Rock Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Lawall & Mitchell LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Rising Sun Capital Ltd.,Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Savio Law LLC, Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, Toppan Merrill LLC, UA Himalaya Inc., Voice of Guo Media, Inc., V.X. Cerda & Associates PA, Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

12.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

13.     "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

14.     "<u>Communication(s)</u>" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

15.     "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in

12

tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

17.    "Each" and "every" mean "each and every."

18.    "Including" or any variant thereof means "including without limitation."

19.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

20.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

21.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

22.    "Third Party" means a Person or Entity other than Yourself.

13

23.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    **DOCUMENTS TO BE PRODUCED**

1.     All Documents related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

2.     All Documents related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual related to any Aircraft, including without limitation (i) ownership or control of any Aircraft; (ii) use of any Aircraft, including without limitation training or instructional use; (iii) lease or rental of any Aircraft; (iv) the purchase, sale, or marketing of any Aircraft; (v) any money or value paid or given related to any Aircraft and the source thereof; (vi) any money or value generated or obtained related to any Aircraft and the disposition thereof; or (vii) operation, maintenance, service, or overhaul, related to any Aircraft.

3.     All Documents related to any account associated with the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

4.     All Documents related to any invoices or payments of expenses related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.     All Documents related to any flight logs, flight plans, or any other recording of any flight information related to travels undertaken, or planned by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

6.     All Documents related to any activates by Aircraft Staff related the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

14

7.      All Documents related to any payments, expenses, transfers or monies related to Aircraft Staff and the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

8.      All Documents related to who may have been onboard any Aircraft in use by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including any flight manifests.

9.      All Documents related to any cargo, storage, items for delivery, assets or property on an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

10.     All Documents related to the location of an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

# Exhibit C-3

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re    HO WAN KWOK, *et al.*,[1]     Case No.   22-50073 (JAM)

       Debtor          Chapter   11

                                         (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    **Aviation Trust Company LLC**

*(Name of person to whom the subpoena is directed)*

☐   *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| n/a | n/a |

The examination will be recorded by this method:   n/a

☒   *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **March   , 2024**

                           CLERK OF COURT

                                  OR

      *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
   **Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
   **plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____

on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____              _____
                                                                    *Server's signature*

                                                                    _____
                                                                    *Printed name and title*

                                                                    _____
                                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

**Request for Production of Documents**

## I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

   a.    Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

   b.    Image Load File

      a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

2

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| | | |
|---|---|---|
| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.     Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.     All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.     Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors. Each Document shall be produced in its entirety.

6.       If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.       If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.       If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

6

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to **Aviation Trust Company LLC**, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, partners, officers, directors, agents, attorneys, representatives, employees, and/or anyone acting on its behalf.

2.      "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.      "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

8.      "Aircraft" means any vehicle for traveling through the air, including, without limitation, airplanes and helicopters, that are or were at any time owned, used, controlled, purchased, sold, leased, rented, licensed, serviced, maintained, repaired, overhauled, stored, operated, marketed, or inspected by, to, or for the benefit of the Debtor, the Debtor's Family, or any Associated Entity, including, without limitation: (i) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: T7-GQM, T7-17777, M-GYQM,

SN9189, or 9189; (ii) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: N124DG, N3131X, or N3Q; and (iii) any Cirrus SR20 aircraft, Cirrus SR22T aircraft, and/or any Cirrus SF50 aircraft.

9.      "Aircraft Staff" means any employee, independent contractor, pilot, co-pilot, mechanic, flight attendant, or individual associated with the maintenance, operation, service, upkeep, or storage of an Aircraft.

10.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Chris Lee (a/k/a Nan Li, Mei Guo Xiao Li), Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a Hank Chunguang, 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Junfeng Xiao, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nicholas Savio, Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ravider "Rav" Shokar, Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz, William Je (a/k/a Je Kin Ming, Yu Jianming,

余建明), Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

11.   "<u>Associated Entities</u>" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, ACASS Canada Ltd, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club HoldCo I LLC, G Club International Ltd., G-Club Investments Limited, G Club International Limited (BVI),  G Club One, G Club Two, G Club Three, G Club US Operations Inc., G Club US Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation,

Genever Holdings LLC, G Fashion LLC, G Fashion International Limited, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Hamilton Investment Management, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya New York Rock Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Lawall & Mitchell LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Rising Sun Capital Ltd.,Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Savio Law LLC, Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, Toppan Merrill LLC, UA Himalaya Inc., Voice of Guo Media, Inc., V.X. Cerda & Associates PA, Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

12.     "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

13.     "Any" and "all" and "each" mean "each and every."

14.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

15.     "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer

12

disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

17.    "Each" and "every" mean "each and every."

18.    "Including" or any variant thereof means "including without limitation."

19.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

20.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

21.    "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains,

embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

22.    "Third Party" means a Person or Entity other than Yourself.

23.    "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    DOCUMENTS TO BE PRODUCED

1.    All Documents related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

2.    All Documents related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual related to any Aircraft, including without limitation (i) ownership or control of any Aircraft; (ii) use of any Aircraft, including without limitation training or instructional use; (iii) lease or rental of any Aircraft; (iv) the purchase, sale, or marketing of any Aircraft; (v) any money or value paid or given related to any Aircraft and the source thereof; (vi) any money or value generated or obtained related to any Aircraft and the disposition thereof; or (vii) operation, maintenance, service, or overhaul, related to any Aircraft.

3.    All Documents related to any account associated with the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

4.    All Documents related to any invoices or payments of expenses related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Documents related to any flight logs, flight plans, or any other recording of any flight information related to travels undertaken, or planned by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

6.      All Documents related to any activates by Aircraft Staff related the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

7.      All Documents related to any payments, expenses, transfers or monies related to Aircraft Staff and the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

8.      All Documents related to who may have been onboard any Aircraft in use by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including any flight manifests.

9.      All Documents related to any cargo, storage, items for delivery, assets or property on an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

10.      All Documents related to the location of an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

# Exhibit C-4

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

## UNITED STATES BANKRUPTCY COURT
### District of Connecticut

In re   HO WAN KWOK, *et al.*,[1]       Case No.   22-50073 (JAM)

             Debtor       Chapter   11

                                                    (Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Farhad Zabeti**

*(Name of person to whom the subpoena is directed)*

☐  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| n/a | n/a |

The examination will be recorded by this method:   n/a

☒  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **March   , 2024**

                                CLERK OF COURT

                                     OR

    *Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
  **Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
  **plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.  Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

    a.   Images.  Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

    b.   Image Load File

        a.   Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$ cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0 698aff95c 2fcab58712467eab4004583e b8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.     RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.     DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to **Farhad Zabeti**, together with all of his agents, attorneys, representatives, employees, and/or anyone acting on his behalf.

2.     "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.      "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

8.      "Aircraft" means any vehicle for traveling through the air, including, without limitation, airplanes and helicopters, that are or were at any time owned, used, controlled, purchased, sold, leased, rented, licensed, serviced, maintained, repaired, overhauled, stored, operated, marketed, or inspected by, to, or for the benefit of the Debtor, the Debtor's Family, or any Associated Entity, including, without limitation: (i) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: T7-GQM, T7-17777, M-GYQM, SN9189, or 9189; (ii) any aircraft that are or were ever identified by or associated with the following alphanumeric sequences: N124DG, N3131X, or N3Q; and (iii) any Cirrus SR20 aircraft, Cirrus SR22T aircraft, and/or any Cirrus SF50 aircraft.

8

9.    "Aircraft Staff" means any employee, independent contractor, pilot, co-pilot, mechanic, flight attendant, or individual associated with the maintenance, operation, service, upkeep, or storage of an Aircraft.

10.    "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Chris Lee (a/k/a Nan Li, Mei Guo Xiao Li), Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a Hank Chunguang, 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Junfeng Xiao, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nicholas Savio, Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ravider "Rav" Shokar, Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz, William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a

Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

11.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, ACASS Canada Ltd, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club HoldCo I LLC, G Club International Ltd., G-Club Investments Limited, G Club International Limited (BVI),  G Club One, G Club Two, G Club Three, G Club US Operations Inc., G Club US Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, G Fashion LLC, G Fashion International Limited, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New

10

York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Hamilton Investment Management, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya New York Rock Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Lawall & Mitchell LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Rising Sun Capital Ltd.,Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Savio Law LLC, Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, Toppan Merrill LLC, UA Himalaya Inc., Voice of Guo Media, Inc., V.X. Cerda & Associates PA, Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

12.      "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

13.    "Any" and "all" and "each" mean "each and every."

14.    "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

15.    "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in

12

tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.      "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

17.      "Each" and "every" mean "each and every."

18.      "Including" or any variant thereof means "including without limitation."

19.      "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

20.      "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

21.      "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

22.      "Third Party" means a Person or Entity other than Yourself.

13

23.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

## IV.    **DOCUMENTS TO BE PRODUCED**

1.      All Documents related to any income or Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

2.      All Documents related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual related to any Aircraft, including without limitation (i) ownership or control of any Aircraft; (ii) use of any Aircraft, including without limitation training or instructional use; (iii) lease or rental of any Aircraft; (iv) the purchase, sale, or marketing of any Aircraft; (v) any money or value paid or given related to any Aircraft and the source thereof; (vi) any money or value generated or obtained related to any Aircraft and the disposition thereof; or (vii) operation, maintenance, service, or overhaul, related to any Aircraft.

3.      All Documents related to any invoices or payments of expenses related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

4.      All Documents related to any flight logs, flight plans, or any other recording of any flight information related to travels undertaken, or planned by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

5.      All Documents related to who may have been onboard any Aircraft in use by the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including any flight manifests.

6.      All Documents related to any cargo, storage, items for delivery, assets or property on an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

7.      All Documents related to the location of an Aircraft related to the Debtor, the Debtor's estate, the Debtor's Family, an Associated Entity, or an Associated Individual.

8.      All Documents related to any fees, payments, or monies received by You from or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

9.      All Documents related to Amazing Sky Aviation Limited, Aviation E LLP, and Aviation Trust Company LLC.

10.      All Communications with the Debtor, the Debtor's Family (including without limitation the Debtor's Son), any Associated Individual or any Associated Entity.

11.      All Documents related to any sale, acquisition, disposition, purchase, investment, contribution, gift, extension of credit, loan, or Transfer involving the Debtor, the Debtor's Family, any Associated Individual, or any Associated Entity.

# Exhibit C-5

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT
**District of Connecticut**

In re   HO WAN KWOK, *et al.*,[1]

Debtor

Case No.   22-50073 (JAM)

Chapter   11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   **Manuel Martinez Anzaldua**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| n/a | n/a |

The examination will be recorded by this method:   n/a

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   **March**   , 2024

CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:

**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510**
**plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.   The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

<u>**Requests for Production of Documents**</u>

## I.  <u>INSTRUCTIONS</u>

1.    Unless otherwise indicated, the requests for documents set forth below, (the

"<u>Requests</u>," and each, a "<u>Request</u>"), must be responded to separately and specifically.  Each

Request shall be answered fully unless it is in good faith objected to, in which event the reason for

Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion

of a Request, or a word, phrase or clause contained within it, You are required to state Your

objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the

following instructions:

   a.  <u>Images.</u>  Black and white images must be 300 DPI Group IV single-page TIFF files.
   Color images must be produced in JPEG format.  File names cannot contain
   embedded spaces or special characters (including the comma). Folder names cannot
   contain embedded spaces or special characters (including the comma). All TIFF
   image files must have a unique file name, i.e. Bates number. Images must be
   endorsed with sequential Bates numbers in the lower right corner of each image.
   The number of TIFF files per folder should not exceed 1000 files. Excel
   spreadsheets should have a placeholder image named by the Bates number of the
   file.

   b.  <u>Image Load File</u>

      a.  Concordance® Data File. The data file (.DAT) contains all of the fielded
      information that will be loaded into the Concordance® database. The first
      line of the .DAT file must be a header row identifying the field names. The
      .DAT file must use the following Concordance® default delimiters: Comma
      ASCII character (020) Quote þ ASCII character (254). Date fields should
      be provided in the format: mm/dd/yyyy.  Date and time fields must be two
      separate fields. If documents includes imaged emails and attachments, the
      attachment fields must be included to preserve the parent/child relationship
      between an email and its attachments.  An OCRPATH field must be
      included to provide the file path and name of the extracted text file on the
      produced storage media.  The text file must be named after the
      FIRSTBATES.  Do not include the text in the .DAT file. For Documents
      with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

b. Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c. <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d. <u>Native Production for Certain File Types</u>. File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format. These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files. Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file. Name the produced native file with the Bates number corresponding to the slip sheet for the file. Group native files within incrementally named "NATIVE" directories, separate from images directories.

e. <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f. <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)
Date fields should be provided in the format: mm/dd/yyyy. Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

3

| TIME_CREATED | 10:25 AM | Email: (empty) Native: Time the document was created **This data must be a separate field and cannot be combined with the DATE_CREATED field |
|---|---|---|
| DATE_MOD | 10/12/2010 | Email: (empty) Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty) Native: Time the document was last modified **This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty) Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty) Native: Time the document was last accessed **This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty) Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name. Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents:  (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

4

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e).

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.     The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.     If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.     All references to Entities includes all affiliates thereof.

13.     All references to individual names include all alternative names, aliased, or nicknames.

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.    The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.    The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.    "You" or "Your" or "Yourself" means and refers to **Manuel Martinez Anzaldua**, together with all of his agents, attorneys, representatives, employees, and/or anyone acting on his behalf.

2.    "Debtor" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.    "Debtor's Son" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

7

4.      "Debtor's Daughter" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.      "Debtor's Purported Wife" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.       "Debtor's Family" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.      "Associated Individuals" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Chris Lee (a/k/a Nan Li, Mei Guo Xiao Li), Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a Hank Chunguang, 韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Junfeng Xiao, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nicholas Savio, Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray"

8

Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz, William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.     "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, ACASS Canada Ltd, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited, Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club HoldCo I LLC, G Club International Ltd., G-Club Investments Limited, G Club International Limited (BVI),  G Club One, G Club Two, G Club Three, G Club US Operations Inc., G Club US Operations LLC, G News LLC, GMusic Inc., G-

Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, G Fashion LLC, G Fashion International Limited, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Hamilton Investment Management, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya New York Rock Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Lawall & Mitchell LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Savio Law LLC, Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, Toppan Merrill LLC, UA Himalaya Inc., Voice of Guo Media, Inc., V.X. Cerda & Associates PA, Well

Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.      "<u>Including</u>" or any variant thereof means "including without limitation."

10.      "<u>And</u>" and "<u>or</u>" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "<u>Any</u>" and "<u>all</u>" and "each" mean "each and every."

12.      "<u>Each</u>" and "<u>every</u>" mean "each and every."

13.      "<u>Third Party</u>" means a Person or Entity other than Yourself.

14.      "<u>Transfer</u>" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "<u>Document</u>" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, electronic communication, text message, social media post, tweet, meta-data, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data compilations of any kind, telexes, facsimiles, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-

11

cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16. "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17. "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to legal counsel, financial advisors, or any other representative.

18. "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19. "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20. "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or

12

otherwise).  Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item that can be used to produce positive economic value, including but not limited to any resource with economic value that is owned, controlled or is for the benefit of an entity, that is expected to provide a future benefit, including but not limited to, all real and personal property, intangible property, investments, rights to invest or to future revenue, cash, bank accounts, commodities, securities, claims, total or partial control of an entity, and  prospective economic opportunities

22.     "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

### IV.     DOCUMENTS TO BE PRODUCED

1.     All Documents regarding any income or Asset of the Debtor, the Debtor's Family, the Debtor's estate, an Associated Individuals, or an Associated Entity.

2.     All Documents related to the Debtor's financial condition and obligations to his creditors, including without limitation all Documents related to any effort to avoid paying such obligations and All Documents related to this or any other actual or potential bankruptcy or similar insolvency proceeding.

3.     All Documents regarding any balance sheet, bank statement, account statement, financial statement, statement of account, wire transfer instructions and/or confirmation, proof of

funds, certificate of deposit, certificate of holdings, investment portfolio summary, or similar document relating to the Debtor, the Debtor's Estate, the Debtor's Family, an Associated Entity, or an Associated Individual, including without limitation all Documents sufficient to show all Transfers to any of the foregoing.

4.    All Documents regarding any investment, business dealing or transactions made by, with, or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.    All Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, and Documents related to Communications with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity, including related to the operation, management, or decision-making of any Entity, including without limitation the Associated Entities.

6.    All Documents regarding any Transfer, investment, purchase, or other transaction or business dealing made to, by, or with the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

7.    All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; the residential property located in Wilton, Connecticut at 354 Nod Hill Rd; and the apartments or condominiums located in 5 Princes Gate London, United Kingdom SW7 1QJ.

8.    All Documents related to any aircraft owned, controlled, or used by the Debtor, including without limitation (i) the aircraft bearing tail number T7-GQM and any other aircraft

14

registered in San Marino, including without limitation copies of all registration documents and flight manifests showing flights taken by such aircraft and the individuals onboard such flights, and (ii) any Cirrus aircraft.

9.      All Documents regarding any gifts, benefits or loans, to, from or on behalf of the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities, including without limitation Documents sufficient to show the amounts of such gifts, benefits, or loans; the purposes for which such gifts, benefits, or loans were used; when the gifts, benefits, or loans were provided; and the terms of any loans, all representations and warranties made in connection with any loans, the interest rate on any loans, and all evidence of payments of any loans.

10.     All Documents concerning any trust or similar instrument set up by, on behalf of, or for the benefit of the Debtor, the Debtor's Estate, the Debtor's Family, or an Associated Entity, including without limitation Documents sufficient to show when the trust(s) was created, by whom it was created, for whose benefit it was created, and the corpus of the trust.

11.     All Documents related to any obligation, claim, liability, or debt associated with any legal dispute involving the Debtor, including but not limited to those relating to any litigation before any local, state, federal, or international body, whether an administrative body, court, panel, or alternative dispute resolution entity.

12.     All Documents and communications with the Debtor, the Debtor's Family, or an Associated Individual.

13.     All Documents and communications between any of your counsel or other advisors and the Debtor, the Debtor's Family, or an Associated Individual.

14.　　All Documents related to any Associated Entity that You hold or have held an interest in.

# Exhibit C-6

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

UNITED STATES BANKRUPTCY COURT

**District of Connecticut**

In re  HO WAN KWOK, *et al.*,[1]
          Debtor

Case No.  22-50073 (JAM)

Chapter  11

(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Roadway Moving and Storage, Inc.** and/or **Roadway Moving Inc.**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| n/a | n/a |

The examination will be recorded by this method:  n/a

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See Requests for Production of Documents, attached hereto.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  **March**  , 2024

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510 plinsey@npmlaw.com; (203) 781-2847**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

  (i) is a party or a party's officer; or

  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## Request for Production of Documents

### I.    INSTRUCTIONS

1.    Unless otherwise indicated, the requests for documents set forth below, (the "Requests," and each, a "Request"), must be responded to separately and specifically.   Each Request shall be answered fully unless it is in good faith objected to, in which event the reason for Your objection shall be stated in detail, as set forth below.  If an objection pertains only to a portion of a Request, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Requests.

2.    Electronically stored information must be produced in accordance with the following instructions:

a.    Images. Black and white images must be 300 DPI Group IV single-page TIFF files. Color images must be produced in JPEG format.  File names cannot contain embedded spaces or special characters (including the comma). Folder names cannot contain embedded spaces or special characters (including the comma). All TIFF image files must have a unique file name, i.e. Bates number. Images must be endorsed with sequential Bates numbers in the lower right corner of each image. The number of TIFF files per folder should not exceed 1000 files. Excel spreadsheets should have a placeholder image named by the Bates number of the file.

b.    Image Load File

a.    Concordance® Data File. The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database. The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance® default delimiters: Comma ASCII character (020) Quote þ ASCII character (254). Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. If documents includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file. For Documents with native files, a LINK field must be included to provide the file path and

1

name of the native file. The native file must be named after the FIRSTBATES.

    b.  Concordance Image® OR Opticon Cross-Reference File. The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following               format: ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,Box Break,PageCoun.

c.  <u>Document Text.</u> Text must be produced as separate text files, not as fields within the .DAT file.  The full path to the text file (OCRPATH) should be included in the .DAT file. It is recommended document level ANSI text files, named per the FIRSTBATES/Image Key.  Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). Text files must be provided on a document level.

d.  <u>Native Production for Certain File Types</u>.  File types that reasonably require viewing in their native format for a full understanding of their content and meaning must be produced in native format.  These include, but are not limited to, spreadsheets, spreadsheet-like files (Microsoft Excel, comma separated values, tab separated values, etc.), Microsoft PowerPoint or other special presentation files, database files, and audio/visual files.  Provide an image of a Bates numbered slip sheet indicating the presence of a native file, and include the path to the native as a field in the .dat file.  Name the produced native file with the Bates number corresponding to the slip sheet for the file.  Group native files within incrementally named "NATIVE" directories, separate from images directories.

e.  <u>De-duplication</u>. Produce a single copy of each electronic document for which exact duplicates exist. For email messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For email attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

f.  <u>Metadata.</u> Produce extracted metadata for each document in the form of a Concordance compliant load file (.dat). The first line of the .DAT file must be a header row identifying the field names. The .DAT file must use the following Concordance default delimiters: Comma , ASCII character (020) Quote þ ASCII character (254)

Date fields should be provided in the format: mm/dd/yyyy.  Date and time fields must be two separate fields. Required metadata listed below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email **The LASTBATES field should be populated for single page |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender Native: Author(s) of document **semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s) **semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s) **semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent Native: (empty) |
| TIME_SENT/ TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion. |
| LINK | D:\001\ EDC0000001.msg | Hyperlink to the email or native file document **The linked file must be named per the FIRSTBATES number |
| FILE_EXTEN | MSG | The file type extension representing the Email or |
| AUTHOR | John Smith | Email: (empty) Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty) Native: Date the document was created |

| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

3.      Each Request operates and should be construed independently and, unless otherwise indicated, no Request limits the scope of any other Request.

4.      All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in these Requests.

5.      Each Request contained herein extends to all Documents: (a) in Your possession, custody, or control; or (b) in the possession, custody, or control of anyone acting on Your behalf,

including Your counsel or other representatives and advisors.  Each Document shall be produced in its entirety.

6.      If You are requested to produce a Document that is no longer in Your possession, custody, or control, then Your response must (a) describe in detail the nature of the document and its contents; (b) identify the person(s) who prepared or authored the Document (and, if applicable, the Person(s) to whom the Document was sent); (c) identify the date on which the document was prepared or created; (d) state whether such Document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) was otherwise disposed of; (e) state the reason for, and the facts and circumstances surrounding, such disposition; (f) identify the Persons who authorized such disposition; (g) identify the date or approximate date of such disposition; (h) state when the Document was most recently in Your possession, custody or control; and (i) identify the Person, if any, presently in possession, custody, or control of such Document.

7.      If You are requested to produce a Document that has been destroyed, then Your response must state, in addition to the information required by the preceding Instruction:  (a) the reason for the Document's destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

8.      If You claim that a requested Document is privileged or attorney work-product, then Your response must: (a) state (i) a description of the Document adequate to support Your contention that the Document is privileged, (ii) the title of the Document, (iii) the date of the Document, (iv) the author of the Document, (v) the addressee of the Document, (vi) the identity of each Person who received or saw the original or any draft, copy, or reproduction of the Document, (vii) whether the Document itself, or any information contained or referred to in the Document is in the possession, custody, or control of any other Persons, and if so, the identity of

such Persons, as well as a statement addressing how the information came into their possession, (viii) the claim of privilege under which the Document is withheld, and (ix) all of the circumstances upon which You will rely to support such claim of privilege; and (b) produce a privilege log containing all of the information requested in Part (a) of this Instruction for each Document withheld on the basis of a claim of privilege in accordance with D. Conn. L. Civ. R. 26(e). For any part of a Document Request as to which a claim of privilege or work product is not made, responsive documents should be provided in full.

9.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions above, and the rest shall be produced.

10.      The Requests are continuing in nature. You are hereby instructed to (a) supplement or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect; and (b) produce any additional Documents that are called for under the

11.      If a Document is in a language other than English, You should provide that Document.  If a Document is in a language other than English, and an English translation exists, You should provide both Documents.

12.      All references to Entities includes all affiliates thereof.

13.      All references to individual names include all alternative names, aliased, or nicknames.

6

14.     Unless otherwise expressly indicated, the period of time covered by the Document Requests is the period from February 5, 2012 to the date responses to the Document Requests are due.

## II.    RULES OF CONSTRUCTION

15.     The use of (a) any singular noun shall be construed to include the plural, and vice versa, and (b) a verb in any tense shall be construed as the use of the verb in all other tenses.

16.     The terms (a) "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of any request all responses that might otherwise be construed to be outside of its scope, and (b) "each" and "any" shall be deemed to include and encompass the words "every" and "all."

## III.    DEFINITIONS

The definitions supplied by D. Conn. L. Civ. R. 26(c) and the rules of construction supplied by D. Conn. L. Civ. R. 26(d), as incorporated by D. Conn. Bankr. L.R. 2004-1(a), shall apply to the Document Requests. In addition, the following terms used in these Document Requests shall have the following meanings:

1.     "You" or "Your" or "Yourself" means and refers to **Roadway Moving and Storage, Inc.** and/or **Roadway Moving Inc.**, together with all of its affiliates, divisions, agencies, instrumentalities, departments, offices, officers, directors, agents, managers, attorneys, representatives, employees, professionals, and/or anyone acting for or on its behalf.

2.        "<u>Debtor</u>" means Ho Wan Kwok (a/k/a Miles Kwok, Miles Guo, Guo Wengui, Guo Haoyun, 郭文贵, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

3.        "<u>Debtor's Son</u>" means Qiang Guo (a/k/a Mileson Kwok, 郭强, or any other alias), together with his employees, agents, counsel, advisors, or anyone acting on his behalf.

4.        "<u>Debtor's Daughter</u>" means Mei Guo (a/k/a Mei Gui, 郭美, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

5.        "<u>Debtor's Purported Wife</u>" means Hing Chi Ngok (a/k/a Hing Chi Ng, Yue Qingzhi, 岳庆芝, or any other alias), together with her employees, agents, counsel, advisors, or anyone acting on her behalf.

6.        "<u>Debtor's Family</u>" means, collectively, the Debtor, the Debtor's Son, the Debtor's Daughter, and the Debtor's Purported Wife, and any other familial relation to the Debtor.

7.        "<u>Associated Individuals</u>" means individually and collectively, all individuals that (1) hold, control, have custody over, or discretion over assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family; or (2) have been employees, directors, or otherwise are affiliated with one or more Associated Entities, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Individuals shall include, but are not limited to: Anthony DiBattista, Alex Hadjicharalambous, Bernardo Enriquez, Bingshang Jiao, Beile Li, Brian W. Hofmeister, Charles Gruder, Chris Lee (a/k/a Nan Li, Mei Guo Xiao Li), Daniel Podhaskie, David Fallon, Defeng Cao (a/k/a Wayne Cao, Max Cao), Ding Lin, Dinggang Wang (a/k/a 王定刚), Eduardo Eurnekian, Ehsan Masud, Fiona Yu, Gladys Chow, Hao (Gavin) Li (a/k/a Huo Lai), Hao Haidong (a/k/a 郝海东), Han Chunguang (a/k/a Hank Chunguang,

8

韩春光), Haoran He, Ivan Lin, Haitham Khaled, Jason Miller, Jennifer Mercurio, Jesse Brown, Jessica Mastrogiovanni, Jie Zhang, Jintao Li, Junfeng Xiao, Karin Maistrello, Kyle Bass, Lihong Wei Lafrenz (a/k/a Sara Wei, 魏丽红), Linwan "Irene" Feng, Max Krasner, Melissa Francis, Michael Baranowitz, Min Yang, Melissa Mendez, Nadeem Akbar, Nicholas Savio, Qidong Xia, Qu Guojiao (a/k/a Qu Guo Jiao, 屈国姣), Ridwan Mamode Saib, Ross Heinemeyer, Rui "Ray" Hao, Scott Barnett, Shih Hsin Yu, Steve Bannon, Talha Zobair, Victor Cerda, Wen Xiao, Wencong Wang, William Gertz, William Je (a/k/a Je Kin Ming, Yu Jianming, 余建明), Xuebing Wang, Ya Li (a/k/a 李娅), Yinying (Aila) Wang (a/k/a Xiao Fei Xiang), Yongping Yan (Shan Mu), Yong Yu, Yue Zhou, Yumei Hao (a/k/a Ru Shui), Yvette Wang (a/k/a Yanping Wang, Yan Ping Wang, 王雁平), Zhang Wei (a/k/a 张魏), Zhouer Wang (a/k/a Joe Wang), Zhixuan Li, and Ziyang Liu.

8.    "Associated Entities" means, individually and collectively, all organizations or Entities of any type that (1) have been owned, controlled, or invested in by the Debtor or the Debtor's Family; or (2) have an interest, whether directly or indirectly, in any assets owned, controlled, or enjoyed by the Debtor or the Debtor's Family, together with the respective employees, agents, counsel, advisors, or anyone acting on behalf of any of the foregoing. Such Associated Entities shall include, but are not limited to: 1332156 B.C. Ltd., 7 Nod Hill LLC, AAGV Limited, ACA Investment Management Limited, ACA Capital Group Limited, ACASS Canada Ltd, Ace Decade Holdings Limited, AI Group Holdings Inc., Alfa Global Ventures Limited, Alfonso Global Limited, Allied Capital Global Limited, Alpine Fiduciaries SA, Beijing Pangu Investment Co., Beijing Pangu Investment Co. Ltd., Beijing Pangu Investment Inc., Beijing Zenith Holdings Company Limited, Blue Capital Limited, Booming Sail New York LLC, Bravo Luck Limited, Brent Petro, BSA Strategic Fund I, China Golden Spring (Hong Kong) Limited,

Chuang Xin Limited, Crane Advisory Group LLC, Creative Apex Investments Limited, Crystal Breeze Investments Limited, Dawn State Limited, Eastern Profit Corporation Limited, Empire Growth Holdings, Elite Well Global Limited, Freedom Media Ventures Ltd., Fung Wan Trading Inc., G Club, G Club Operations LLC, G Club HoldCo I LLC, G Club International Ltd., G-Club Investments Limited, G Club International Limited (BVI),  G Club One, G Club Two, G Club Three, G Club US Operations Inc., G Club US Operations LLC, G News LLC, GMusic Inc., G-Services LLC, G-Translators PTY LTD, GETTR USA, Inc., Genever Holdings Corporation, Genever Holdings LLC, G Fashion LLC, G Fashion International Limited, GFashion Media Group Inc., GFNY, Inc., Globalist International Limited, GNews Media Group Inc., Golden Spring (New York) Ltd., Guo Media, GTV Media Group, Inc., GWGOPNZ Limited, GWGNZ Limited, Gypsy Mei Food Services, LLC, HCHK Property Management Inc., HCHK Technologies Inc., Hamilton Digital Assets FD SP, Hamilton Capital Holdings Inc., Hamilton Opportunity Fund SPC, Hamilton Investment Management, Head Win Group Limited, Himalaya Embassy, Himalaya Exchange, Himalaya Federal Reserve, Himalaya International Financial Group Ltd., Himalaya Investment LLC, Himalaya (USA) Investment Management LLC, Himalaya New World Inc., Himalaya New York Rock Inc., Himalaya Supervisory Organization, Himalaya Ventures, Holy City Hong Kong Ventures, Ltd., Hudson Diamond Holding LLC, Hudson Diamond Holding Inc., Hudson Diamond NY LLC, HK International Funds Investments (USA) Limited LLC, Hong Kong International Funds Investments Limited, Huk Trading Inc, Infinite Increase Limited, Infinitum Developments Limited, Japan Himalaya League, Inc., Kalixun Trading Limited, Lamp Capital LLC, Lawall & Mitchell LLC, Leading Shine Limited, Leading Shine NY Limited, Lexington Property and Staffing Inc., Long Gate Limited, MOS Himalaya Foundation Inc., Maywind Trading LLC, New Federal State of China (a/k/a NFSC), New York MOS Himalaya LLC, Noble Fame Global

Limited, Pixshow Film Inc., Roscalitar 2, Rosy Acme Ventures Limited, Rule of Law Foundation III, Inc., Rule of Law Society, Rule of Law Society IV, Inc., Santel LLC, Saraca Media Group, Inc., Savio Law LLC, Shiny Ace Ltd., Shiny Times Holdings Ltd., Stevenson, Wong & Co., Taurus Fund LLC, Taurus Fund SP, Taurus Management LLC, The Lost Draft LLC, Toppan Merrill LLC, UA Himalaya Inc., Voice of Guo Media, Inc., V.X. Cerda & Associates PA, Well Origin Ltd., Wise Creation, Whitecroft Shore Limited, World Century Limited, Worldwide Opportunity Holdings Limited, and ZIBA Limited.

9.       "Including" or any variant thereof means "including without limitation."

10.      "And" and "or" mean "and/or," and shall be construed both conjunctively as well as disjunctively in order to maximize their scope.

11.      "Any" and "all" and "each" mean "each and every."

12.      "Each" and "every" mean "each and every."

13.      "Third Party" means a Person or Entity other than Yourself.

14.      "Transfer" shall have the meaning given to it by section 101(54) of the Bankruptcy Code.

15.      "Document" means any information or thing within the scope of Fed. R. Civ. P. 34, and includes, without limitation, each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your Possession, Custody or Control, including all printed and electronic copies of electronic mail, computer files maintained in electronic form, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, surveys, computer printouts, data

11

compilations of any kind, telexes, facsimiles, emails, text messages, instant messages, voice messages, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks, brochures, pamphlets, punch-cards, time-slips, Tweets, social media posts, or any written or recorded materials of any other kind, and all meta-data thereof, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

16.    "Person(s)" means an individual, corporation, proprietorship, partnership, association, or any other Entity. "Person" also includes any agent, representatives, or expert, including but not limiting to, attorneys or financial advisors.

17.    "Entity" means any natural Person, corporation, partnership, subsidiary, sole proprietorship, firm, board, joint venture, association, agency, authority, commission or other business entity or juristic Person, as well as any affiliate, agent, parent including but not limited to counsel, financial advisors, or any other representative.

18.    "Regarding" means concerning, describing, comprising, referring to, related to, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing constituting, and being.

19.     "Relating to," "relate(s) to" or "related to," when referring to any given subject matter, means, without limitation, any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

20.     "Communication(s)" means, in the broadest possible sense, and without limitation, any transmittal of information or knowledge (in the form of facts, ideas, inquiries, or otherwise). Communication(s) further refers to all conversations, agreements, inquiries, or replies, whether in person, by telephone, in writing, or by means of electronic transmittal devices, and includes, but is not limited to, all correspondence, emails, recordings, transmittal slips, memoranda, telephone communications, voice messages, telegrams, telefaxes, telecopies, telexes, instant messages, chats, text messages, postings to a message board or group chat, social media posts, tweets, videos uploaded to any video platform, telephonic notes, or notes transmitted internally or with third parties.

21.     "Asset(s)" means any item of economic value that is subject to Possession, Custody, or Control. Asset includes all real and personal property, including but limited to, real estate, land, houses, apartments, condominiums, automobiles, yachts, boats, planes, jets, helicopters, cash, bank accounts, cryptocurrencies, securities, accounts receivables, inventory, and other tangible and intangible property.

## IV.    DOCUMENTS TO BE PRODUCED

1.     All Documents related to any Asset of the Debtor, the Debtor's estate, the Debtor's Family, an Associated Individual, or Associated Entity.

2.      All Documents related to any engagement letter or contact with with the Debtor, any member of the Debtor's Family, any Associated Individual, and/or any Associated Entity, including copy(ies) of such engagement letter(s) or contracts.

3.      All Documents related to any fees, payments, or monies received by You from or on behalf of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

4.      Documents sufficient to show the amount, date, and source of any payments made to You by or for the benefit of the Debtor, the Debtor's Family, an Associated Individual, or an Associated Entity.

5.      All Communications with any Associated Individual or any Associated Entity.

6.      All Documents regarding any property ever occupied or used by the Debtor, including without limitation the residential property located in Greenwich, Connecticut at 373 Taconic Rd.; the residential property located in Greenwich, Connecticut at 33 Ferncliff Rd.; and the residential property located in Wilton, Connecticut at 354 Nod Hill Rd.

7.      All Communications between You and, either, the Debtor, the Debtor's Family, or any Associated Individual, agent, employee, or other individual acting on behalf of the Debtor, related to any services You provided to the Debtor, the Debtor's Estate, the Debtor's Family, or the Associated Entities.

8.      All Documents and Communications related to the moving of the Debtor's, the Debtor's estate's, the Debtor's Family's, an Associated Individual's, or Associated Entity's furniture, personal property, artwork, antiques, or any other items, to or from the any locations, including without limitation any decisions or directions ever made or given with respect to any

services provided by You, who made the decision or direction, under what authority, and any

approvals of such decisions or directions