## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: <br><br> HO WAN KWOK, et al., <br><br> Debtor. | Chapter 11 <br><br> Case No. 22-50073 (JAM) <br><br> (Jointly Administered) |
| LUC A. DESPINS, Chapter 11 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> DEFENG CAO, <br><br> Defendant. | Adv. Proceeding 24-05001 |

### DEFENDANT DEFENG CAO'S ANSWER TO THE COMPLAINT

Defendant Defeng Cao ("Defendant"), by and through his undersigned attorneys, as and for its answer to the complaint filed in the within Adversary Proceeding, hereby alleges as follows:

### NATURE OF ACTION

1. Paragraph 1 of the Complaint purports to state legal conclusions to which no response is required.

2. Defendant denies the allegations in Paragraph 2 of the Complaint, except admits that he is the boyfriend of the Debtor's daughter, Mei Guo, and has, at certain times since 2017, lived with the Debtor's family.

3. Defendant denies the allegations in Paragraph 3 of the Complaint, except admits that the Motorcycles are currently parked at the Mahwah Mansion, and prior to that have been parked at the home on Taconic Road.

12380520-3

4. Defendant denies the allegations in Paragraph 4, although admits he did not select or purchase the Motorcycles.

5. Paragraph 5 of the Complaint purports to state legal conclusions to which no response is required.

6. Paragraph 6 of the Complaint purports to state legal conclusions to which no response is required.

7. Paragraph 7 of the Complaint purports to state legal conclusions to which no response is required.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint purports to state legal conclusions to which no response is required.

## PARTIES

9. Defendant admits the allegations of Paragraph 9 of the Complaint.

10. Defendant admits the allegations of Paragraph 10 of the Complaint, except responds that Defendant has moved his principal place of residence to a unit in Union City, New Jersey.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

## FACTS

**I.    Debtor's Prolific Use of Shell Companies and Nominal Owners**

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint purports to state legal conclusions to which no response is required.

## II. Cao's Close Relationship With Debtor's Family

15. Defendant admits the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint, except admits that he is in a romantic relationship with Mei Guo and he has previously vacationed with her and her family.

17. Defendant denies the allegations of Paragraph 17 of the Complaint, except admits that in September 2017 he submitted an affidavit noting that he was employed by the Debtor at that time.

18. Defendant denies the allegations of Paragraph 18 of the Complaint, except admits that he previously oversaw certain construction and renovation projects at the Mahwah Mansion, and that he draws a salary from a Chinese-based entity, as reflected in his paystub previously produced to the Trustee.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, except admits that on July 12, 2022 he received a check from Greenwich Land LLC.

## III. The Vehicles

20. Defendant admits the allegations of Paragraph 20 of the Complaint.

21. Defendant admits the allegations of Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations of Paragraph 23 of the Complaint.

24. Defendant admits the allegations of Paragraph 24 of the Complaint.

**IV.    Cao is Only the Nominal Owner of the Motorcycles**

25.    Paragraph 25 of the Complaint purports to state legal conclusions to which no response is required, except admits that the four Motorcycles are titled and registered in New Jersey in Defendant's name.

26.    Defendant denies the allegations to the extent that it is inconsistent with the portion of the deposition transcript cited, except admits that title to each of the four Motorcycle was issued to him on October 6, 2022 and refers to the transcript for the content cited.

27.    Defendant denies the allegations to the extent that it is inconsistent with the portion of the deposition transcript cited and refers to the transcript for the content cited.

28.    Defendant denies the allegations to the extent that it is inconsistent with the portion of the deposition transcript cited and refers to the transcript for the content cited.

29.    Defendant denies the allegations to the extent that it is inconsistent with the portion of the deposition transcript cited and refers to the transcript for the content cited.

30.    Defendant denies the allegations of Paragraph 30 of the Complaint.

31.    Defendant denies the allegations of Paragraph 31 of the Complaint.

**V.    Debtor Is True Owner of Motorcycles**

32.    Defendant denies the allegations of Paragraph 32 of the Complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations of Paragraph 35 of the Complaint.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

12380520-3

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

**VI.     Fraudulent Transfer of Land Rover Defender and Dodge Ram**

40. Defendant admits the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations to the extent that it is inconsistent with the portion of the deposition transcript cited and refers to the transcript for the content cited.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint, except admits that the Defender and the Ram were gifted to him by the Debtor's son, Mileson Guo.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

12380520-3

### First Claim

**(Declaratory Judgment that Debtor Is Equitable Owner of the Motorcycles
and Ordering Turnover of Motorcycles to Trustee)**

50. Defendant restates and incorporates by reference all of his responses to the cross-referenced allegations as applicable.

51. Paragraph 51 of the Complaint purports to state legal conclusions to which no response is required.

52. Paragraph 52 of the Complaint purports to state legal conclusions to which no response is required.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint purports to state legal conclusions to which no response is required.

### Second Claim

**Avoidance of Transfers of Motorcycles As Unauthorized Post-petition
Transfers Pursuant to Bankruptcy Code Section 549
(Asserted in the Alternative to First Claim)**

57. Defendant restates and incorporates by reference all of his responses to the cross-referenced allegations as applicable.

58. Paragraph 58 of the Complaint purports to state legal conclusions to which no response is required.

59. Paragraph 59 of the Complaint purports to state legal conclusions to which no response is required.

60. Defendant admits the allegations of Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint purports to state legal conclusions to which no response is required.

62. Paragraph 62 of the Complaint purports to state legal conclusions to which no response is required.

### Third Claim

**(Avoidance of Transfers of Land Rover Defender and Dodge Ram As Actually Fraudulent Pursuant to Bankruptcy Code Section 548(a)(1)(A))**

63. Defendant restates and incorporates by reference all of his responses to the cross-referenced allegations as applicable.

64. Paragraph 64 of the Complaint purports to state legal conclusions to which no response is required.

65. Paragraph 65 of the Complaint purports to state legal conclusions to which no response is required.

66. Paragraph 66 of the Complaint purports to state legal conclusions to which no response is required.

67. Paragraph 67 of the Complaint purports to state legal conclusions to which no response is required.

68. Paragraph 68 of the Complaint purports to state legal conclusions to which no response is required.

### Fourth Claim

**(Avoidance of Transfers of Land Rover Defender and Dodge Ram As Actually Fraudulent Pursuant to Bankruptcy Code Section 544(b) and Section 25:2-25 of the New Jersey Revised Statutes)**

69. Defendant restates and incorporates by reference all of his responses to the cross-referenced allegations as applicable.

12380520-3

70. Paragraph 70 of the Complaint purports to state legal conclusions to which no response is required.

71. Paragraph 71 of the Complaint purports to state legal conclusions to which no response is required.

72. Defendant admits the allegations of Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint purports to state legal conclusions to which no response is required.

74. Paragraph 74 of the Complaint purports to state legal conclusions to which no response is required.

**Fifth Claim**

**(Recovery of Avoided Transfers Pursuant to Bankruptcy Code Section 550)**

75. Defendant restates and incorporates by reference all of his responses to the cross-referenced allegations as applicable.

76. Paragraph 76 of the Complaint purports to state legal conclusions to which no response is required.

77. Paragraph 77 of the Complaint purports to state legal conclusions to which no response is required.

78. Paragraph 78 of the Complaint purports to state legal conclusions to which no response is required.

79. Paragraph 79 of the Complaint purports to state legal conclusions to which no response is required.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof or persuasion that rests with Plaintiff, Defendant hereby asserts the following defenses.  Defendant reserves the right to assert additional defenses as its investigation into the facts and circumstances herein alleged continues during the course of this litigation, including discovery, trial, or otherwise.

**FIRST DEFENSE**

The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or administrative filing periods and/or by failure to satisfy the statutory and administrative prerequisites to the bringing of Plaintiff's claims.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

12380520-3

Dated: New York, New York
March 8, 2024

                    PARRETT, PORTO, PARESE &
                    COLWELL, PC

By: */s/ Michael A. Carbone*
     Michael A. Carbone
     2319 Whitney Avenue, Ste 1-D
     Hamden, CT 06518
     (203) 281-2700
     Fax 203.281.0700

OLSHAN FROME WOLOSKY LLP

By: */s/ Adam H. Friedman*
     Adam H. Friedman
     Katherine E. Mateo
     1325 Avenue of the Americas
     New York, New York 10019
     (212) 451-2300

*Attorneys for Defendant Defeng Cao*