UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK<br>a/k/a WENGUI GUO<br>a/k/a MILES GUO,[1] | Case No. 22-50073 (JAM)<br><br>Jointly Administered |
| Debtor. | Re: ECF 2931 |

### UNITED STATES TRUSTEE'S LIMITED OBJECTION TO CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PRAGER DREIFUSS AG AS SWISS COUNSEL

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), hereby objects on a limited basis to the application of Chapter 11 Trustee Luc A. Despins ("Trustee") to employ Prager Dreifuss AG ("Prager Dreifuss") as Swiss counsel to represent the Trustee and the three chapter 11 debtors ("Estates") effective as of January 16, 2024 (ECF 2931) ("Application"). The United States Trustee opposes two terms of the proposed retention of Prager Dreifuss: (1) the limitation on liability and (2) the expense reimbursement process.[2]

*(a) Limitation on liability*

On February 16, 2024, the Trustee filed the Application seeking to employ Prager Dreifuss as Swiss counsel with services to be billed on an hourly basis and subject to the terms of the engagement agreement attached as Exhibit B to the Application ("Engagement Agreement"). *See* ECF 2931. The Application seeks to limit the liability of Prager Dreifuss as set forth in

---

[1] The jointly administered debtors are Ho Wan Kwok (22-50073), Genever Holdings, LLC (22-50592), and Genever Holdings Corporation (22-50542).

[2] The United States Trustee has also requested that the Trustee revise the proposed order to address two other items: (a) add language that the amount of fees shall be paid in CHF, with such amount converted from USD into CHF at the exchange rate prevailing on the date of payment, and (b) clarifying that fees and expenses sought by Prager Dreifuss are governed solely by Section 330/331, Bankruptcy Rule 2016, D. Conn. Bankr. L. R. 2016-1, and the United States Trustee Fee Guidelines and the Bankruptcy Court has exclusive jurisdiction over fees and expenses sought by Prager Dreifuss, but any claim asserting liability of Prager Dreifuss to the estates will be arbitrated in Switzerland using Swiss law as set forth in Section 11 of engagement agreement attached as Exhibit B to the Application. Based on discussions, the United States Trustee believes the Trustee does not oppose those revisions.

Section 9 of the Engagement Agreement. *See* ECF 2931 at page 20 of 39. Section 9 of the Engagement Agreement limits the liability of Prager Dreifuss to <u>only</u> "gross negligence and wilful intent." *Id.* Prager Dreifuss will not be held accountable for any and all conduct that damages the Estates. This limitation is improper.

If authorized by the Court to serve as counsel to the Trustee and the Estates, Prager Dreifuss will become a fiduciary to the Estates. *See, e.g., In re Taxman Clothing Co.,* 49 F.3d 310, 314 (7th Cir.1995) ("A lawyer hired by a trustee in bankruptcy to do legal work for the estate, like the trustee himself, is a fiduciary of the estate"). Limiting liability in advance does not comport with being a fiduciary. The burden of proof to establish that the terms and conditions of employment are reasonable is on the applicant. *Nischwitz v. Miskovic (In re Airspect Air, Inc.),* 385 F.3d 915, 921 (6th Cir. 2004); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 262 (3d Cir. 1995); *In re Metricom, Inc.*, 275 B.R. 364, 371 (Bankr. N.D. Ca. 2002). To meet its burden, the applicant must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.,* 137 B.R. 452, 455 (Bankr. D. Colo. 1991). The burden has not been met by the Trustee.

### (b) *Expense reimbursement process*

Paragraph 16 of the Application, paragraph 6 of the proposed order to the Application, and paragraph 5 of the accompanying Declaration of Daniel Hayek all state that Prager Dreifuss will charge the Estates for disbursements based on a fixed percentage of 3% of the hourly amount billed by Prager Dreifuss. *See* ECF 2931. This is a departure from the norm of seeking reimbursement of actual documented expenses and the United States Trustee opposes this percentage methodology. Professionals who provide services to estates in bankruptcy are entitled to seek reimbursement only for "actual, necessary expenses" pursuant to, and as required by, Sections 330/331, Bankruptcy Rule 2016, D. Conn. Bankr. L. R. 2016-1, and the United States

Trustee Fee Guidelines at Section 5(b).[3] Prager Dreifuss should be held to these standards and should be required to document and itemize its expenses in order to be reimbursed for same by the Estates.

## CONCLUSION

Ultimately, the Trustee's choice of counsel, and the terms of employment for that counsel, require the Court's approval. As the Second Circuit has noted in affirming a bankruptcy court's rejection of a trustee's selected counsel based on the best interests of the estate, "[w]e must remember that Section 327 at its most basic level is a judicial check on the trustee's power, and that is precisely the role that the bankruptcy court here fulfilled." *In re Vouzianas*, 259 F.3d 103, 109 (2d Cir. 2001). For all of the foregoing reasons, the United States Trustee respectfully requests that the Court require modifications to the terms of employment of Prager Dreifuss to address the issues raised in this objection.

Dated:  March 12, 2024  
        New Haven, Connecticut

Respectfully submitted,

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Holley L. Claiborn  
      Holley L. Claiborn  
      Trial Attorney  
      Office of the United States Trustee  
      Giaimo Federal Building, Room 302  
      150 Court Street, New Haven, CT 06510  
      Holley.L.Claiborn@usdoj.gov  
      Federal Bar No.: ct17216 (Connecticut)  
      (203) 773-2210

---

[3] *See* United States Trustee Fee Guidelines at https://www.justice.gov/sites/default/files/ust-regions/legacy/2011/09/08/ust_fee_guidelines.pdf.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served on all appearing parties via the Court's CM/ECF filing system on March 12, 2024.

                                                                 By:    /s/ Holley L. Claiborn
                                                                          Holley L. Claiborn