**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                             :    Chapter 11
:
HO WAN KWOK, *et al.*,                                  :    Case No. 22-50073 (JAM)
:
           Debtors.¹                                 :    Jointly Administered
:
---------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULES 9006(b) AND 9027, FURTHER EXTENDING TRUSTEE'S DEADLINE FOR REMOVAL OF CIVIL ACTIONS**

      Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the Trustee's deadline to file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline") for an additional period of 120 days, from the current deadline of April 1, 2024 through and including July 30, 2024.

      In support of this Motion, the Trustee respectfully states the following:

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027.

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code").

5. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6. On April 19, 2022, the Debtor filed his *Motion for Order Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027 Extending the Deadline by Which the Debtor May Remove Civil Actions* [ECF No. 235] (the "Debtor's Motion"), requesting an order extending the Debtor's deadline to file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline") from May 16, 2022 through September 13, 2022. The Debtor's Motion was withdrawn on the record by the Trustee on August 4, 2022 [ECF No. 687].

7. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee

in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

8. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [ECF No. 523] (the "Appointment Order").

9. On August 5, 2022, the Court entered an order granting the Trustee's motion for order extending the deadline for filing notice of removal of civil actions, extending the deadline from August 8, 2022 to December 6, 2022 [ECF No. 700].

10. On November 23, 2022, the Court entered an order granting the Trustee's second motion for order extending the deadline for filing the notice of removal of civil actions, further extending the deadline to April 5, 2023 [ECF No. 1155].

11. On March 31, 2023, the Court entered an order granting the Trustee's third motion for order extending the deadline for filing the notice of removal of civil actions, further extending the deadline to August 3, 2023 [ECF No. 1626].

12. On July 13, 2023, the Court entered an order granting the Trustee's fourth motion for order extending the deadline for filing the notice of removal of civil actions, further extending the deadline to December 1, 2023 [ECF No. 1998].

13. On November 30, 2023, the Court entered an order granting the Trustee's fifth motion for order extending the deadline for filing the notice of removal of civil actions, further extending the deadline to the current deadline of April 1, 2024 [ECF No. 2412].

**REQUESTED RELIEF**

14. By this Motion, the Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, further extending the Trustee's Removal Deadline by 120 days, *i.e.*, from April 1, 2024, through and including July 30, 2024, without prejudice to the Trustee's ability

3

to request additional extensions of the Removal Deadline. The Trustee requests that the proposed Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

15. The removal of pending civil actions is governed by 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

16. Bankruptcy Rule 9027(a)(2) further provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bank. P. 9027(a)(2).

17. Under Bankruptcy Rule 9006(b), the Court may extend unexpired time periods, such as the Debtor's removal period:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).

18. It is well settled, in this district and others, that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See*

4

*Matter of Circle Litho, Inc.*, 12 B.R. 752, 757 (Bankr. D. Conn. 1981) (acknowledging authority to extend removal period under prior construction); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) ("Considered in *pari materia* with [Bankruptcy] Rule 9027, [Bankruptcy] Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing periods" of Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules.").

19. According to a declaration sworn by the Debtor and filed in this Chapter 11 Case on March 20, 2022 [Docket No. 107] (the "Kwok Declaration"), the Debtor was named as a defendant in 21 lawsuits as of the Petition Date. Kwok Declaration at ¶ 19. Since entry of the Appointment Order, the Trustee's investigation of any litigation undertaken by and against the Debtor has continued concurrently with the Trustee's investigation into the Debtor's labyrinth of business and personal enterprises in order to recover assets for the Debtor's estate (the "Estate"). The Trustee's investigation is proceeding as expeditiously as possible in the face of continuing dilatory tactics of the Debtor and his related entities.

20.     Prior to entry of the Appointment Order, the Debtor removed one proceeding to which he is a party—*i.e.*, litigation involving Pacific Alliance Asia Opportunity Fund L.P. ("PAX"), originally pending in the State of New York Supreme Court, County of New York (Index Number 652077/2017) and presently pending before this Court (Adv. Proc. No. 22-05034).

21.     As the Trustee's investigation progresses and this Chapter 11 Case develops, it may become prudent to remove other civil actions. To allow the Trustee additional time to conduct a thorough and thoughtful investigation and weigh any costs and benefits to the Estate, the Court should extend the Trustee's Removal Deadline from April 1, 2024 through and including July 30, 2024. The extension sought will afford the Trustee a reasonable period to investigate litigation as to which the Debtor is a party and determine whether removing such litigation will benefit the Estate. Further, the rights of the Debtor's adversaries in any litigation will not be prejudiced by such an extension, because any party to an action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

22.     The Trustee further requests that the order approving this Motion be without prejudice to (a) any position the Trustee may take on whether section 362 of the Bankruptcy Code stays any given civil action or other litigation pending against the Debtor, and (b) the right of the Trustee to seek further extensions of the Removal Deadline.

23.     The Trustee submits that the relief requested by this Motion is appropriate and in the best interest of the Estate. Indeed, courts in this Circuit and others have routinely granted similar requests by debtors for extensions of the removal period. *See, e.g., In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. May 15, 2019); *In re Aegean Marine Petroleum Network, Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2019); *In re Samuels*

*Jewelers, Inc.*, Case No. 18¬11818 (KJC) (Bankr. D. Del. Nov. 26, 2018); *In re J&M Sales Inc.*, Case No. 18-11801 (LSS) (Bankr. D. Del. Nov. 13, 2018).

24. This is the Trustee's sixth request for the relief sought by this Motion.

WHEREFORE, for the foregoing reasons, the Court should enter the proposed order filed herewith extending the Trustee's Removal Order through and including July 30, 2024, and grant such other and further relief as the Court deems just and proper.

[THE REMAINDER OF THIS PAGE IS INTENTINOALLY BLANK.]

| | |
|---|---|
| Dated: March 20, 2024<br>New Haven, Connecticut | LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE |

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett *(admitted pro hac vice)*
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *and*

    Avram E. Luft *(admitted pro hac vice)*
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
HO WAN KWOK, *et al.*,                              :    Case No. 22-50073 (JAM)
:
Debtors.[1]                                         :    Jointly Administered
:
------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 20, 2024, the foregoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's case management/electronic filing (CM/ECF) system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:    March 20, 2024
         New Haven, Connecticut

                                        By: */s/ Patrick R. Linsey*
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            plinsey@npmlaw.com

                                                *and*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Nicholas A. Bassett *(*admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Avram E. Luft *(*admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                      :    Chapter 11
                                            :
HO WAN KWOK, *et al.*,                      :    Case No. 22-50073 (JAM)
                                            :
         Debtors.¹                          :    Jointly Administered
                                            :
---------------------------------------------------------x

### ORDER, PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULES 9006(b) AND 9027, EXTENDING TRUSTEE'S DEADLINE FOR REMOVAL OF CIVIL ACTIONS

Upon the motion (the "Motion")² of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, extending the Removal Deadline for a period of 120 days, from the current deadline of April 1, 2024 through and including July 30, 2024; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All objections to entry of this Order, to the extent not withdrawn or otherwise resolved, are overruled.

3. The Removal Deadline is extended by 120 days, through and including July 30, 2024.

4. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. This Order is without prejudice to (a) any position the Trustee may take on whether section 362 of the Bankruptcy Code stays any litigation pending against the Debtor, and (b) the Trustee's right to seek further extensions of the Removal Deadline.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.