**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
      Debtor. : (Jointly Administered)
------------------------------------------------------------------x
:
LUC A. DESPINS, Chapter 11 Trustee, : Adv. Proceeding 24-05273
:
      Plaintiff, :
:
v. :
:
HING CHI NGOK, MEI GUO, QIANG GUO, :
WILLIAM JE, YVETTE WANG, XUEBING WANG, :
MAX KRASNER, CHUNGUANG HAN, :
YONGBING ZHANG, AARON MITCHELL, GTV :
MEDIA GROUP, INC., SARACA MEDIA GROUP, :
INC., HUDSON DIAMOND NY LLC, G-CLUB US :
OPERATIONS LLC, BRAVO LUCK LIMITED, :
GREENWICH LAND LLC, CRANE ADVISORY :
GROUP L.L.C., G-CLUB OPERATIONS LLC, GS :
SECURITY SOLUTIONS INC., GYPSY MEI FOOD :
SERVICES LLC, HCHK TECHNOLOGIES INC., :
LEXINGTON PROPERTY AND STAFFING, :
HAMILTON OPPORTUNITY FUND SPC, TAURUS :
FUND LLC, TAURUS MANAGEMENT LLC, :
LEADING SHINE NY LTD., ACA CAPITAL :
GROUP LIMITED, RULE OF LAW FOUNDATION :
III, INC., RULE OF LAW SOCIETY IV, INC., :
HAMILTON PE FUND SP, HAMILTON DIGITAL :

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

| | |
|---|---|
| ASSETS FUND SP, HIMALAYA CURRENCY CLEARING PTY. LTD, HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED, HOLY CITY HONG KONG VENTURES, LTD., VICTOR CERDA, ANA C. IZQUIERDO-HENN, HAITHAM KHALED, JESSICA MASTROGIOVANNI, ALEX HADJICHARALAMBOUS, BEILE LI, ANTHONY DIBATTISTA, GLADYS CHOW, SCOTT BARNETT, HAORAN HE, HSIN SHIH YU, LIMARIE REYES MOLINARIS, NICHOLAS SAVIO, QIDONG XIA, YAN CHUN LIU, GETTR USA, INC., G CLUB INTERNATIONAL LIMITED, GNEWS MEDIA GROUP INC. HIMALAYA INTERNATIONAL CLEARING LTD., HUDSON DIAMOND HOLDINGS LLC, LAWALL & MITCHELL, LLC, O.S.C. ORBIT SERVICE COMPANY LLC, and SAVIO LAW LLC | : : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

-------------------------------------------------------------------x

| | | |
|---|---|---|
| LUC A. DESPINS, Chapter 11 Trustee, | : : : | |
| Plaintiff, | : : : | Adv. Proceeding 24-05249 |
| v. | : : : | |
| ACA CAPITAL GROUP LTD., ALFA GLOBAL VENTURES LIMITED, ALFONSO GLOBAL VENTURES LIMITED, ANTON DEVELOPMENT LIMITED, BRAVO LUCK LIMITED, CELESTIAL TIDE LIMITED, CHINA GOLDEN SPRING GROUP (HONG KONG) LTD., EASTERN PROFIT CORPORATION LIMITED, FREEDOM MEDIA VENTURES LIMITED, G CLUB INTERNATIONAL LIMITED, G CLUB OPERATIONS LLC, G FASHION (CA), G FASHION HOLD CO A LIMITED, G FASHION HOLD CO B LIMITED, G FASHION INTERNATIONAL LIMITED, GFASHION MEDIA GROUP INC., G MUSIC LLC, GF IP, LLC, GF ITALY, LLC, GFNY, INC., HAMILTON CAPITAL HOLDING LIMITED, HAMILTON INVESTMENT MANAGEMENT | : : : : : : : : : : : : : : : : : : | |

| | |
|---|---|
| LIMITED, HAMILTON OPPORTUNITY FUND SPC, HAORAN HE, HIMALAYA CURRENCY CLEARING PTY LTD., HIMALAYA INTERNATIONAL CLEARING LIMITED, HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED, HIMALAYA INTERNATIONAL PAYMENTS LIMITED, HIMALAYA INTERNATIONAL RESERVES LIMITED, JOVIAL CENTURY INTERNATIONAL LIMITED, K LEGACY LTD., KARIN MAISTRELLO, LEADING SHINE LIMITED, MAJOR LEAD INTERNATIONAL LIMITED, MEI GUO, NEXT TYCOON INVESTMENTS LIMITED, QIANG GUO, RULE OF LAW FOUNDATION III, INC., RULE OF LAW SOCIETY IV, INC., SARACA MEDIA GROUP, INC., SEVEN MISSION GROUP LLC, WILLIAM JE, WISE CREATION INTERNATIONAL LIMITED, | : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

------------------------------------------------------------------x

### NOTICE OF FILING OF REVISED PROPOSED ORDER STAYING ADVERSARY PROCEEDINGS AND GRANTING OTHER RELIEF PENDING DISPOSITION OF CRIMINAL PROCEEDING

**PLEASE TAKE NOTICE** that, on March 4, 2024, Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), filed the *Trustee's Motion to Stay Adversary Proceeding and Obtain Other Relief Pending Disposition of Criminal Proceeding* [Main Case Docket No. 2975] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised proposed order granting the Trustee's Motion.

---

[2] The Motion has also been concurrently filed in the Civil RICO Action [Adv. Proc. 23-05273, Doc No. 09] and the Omnibus Alter Ego Action [Adv. Proc. 23-05249, Doc No. 07]. Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a redline version of the revised proposed order marked to show changes that have been made to the version attached to the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Trustee has conferred with Mei Guo's counsel regarding the revised proposed order, and Mei Guo does not object to the revised proposed order.

Dated: March 22, 2024  
       New York, New York

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Nicholas A. Bassett*  
    Nicholas A. Bassett (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

        and

    Avram E. Luft (admitted *pro hac vice*)  
    Douglass Barron (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6079  
    aviluft@paulhastings.com  
    douglassbarron@paulhastings.com

        and

    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**Revised Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

---------------------------------------------------------------------x
:
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK, *et al.*,[3]                           :    Case No. 22-50073 (JAM)
                                                    :
       Debtor.                                      :    (Jointly Administered)
---------------------------------------------------------------------x
:
LUC A. DESPINS, Chapter 11 Trustee,                 :    Adv. Proceeding  24-05273
                                                    :
       Plaintiff,                                   :
                                                    :
v.                                                  :
                                                    :
HING CHI NGOK, MEI GUO, QIANG GUO,                  :
WILLIAM JE, YVETTE WANG, XUEBING WANG,              :
MAX KRASNER, CHUNGUANG HAN,                         :
YONGBING ZHANG, AARON MITCHELL, GTV                 :
MEDIA GROUP, INC., SARACA MEDIA GROUP,              :
INC., HUDSON DIAMOND NY LLC, G-CLUB US              :
OPERATIONS LLC, BRAVO LUCK LIMITED,                 :
GREENWICH LAND LLC, CRANE ADVISORY                  :
GROUP L.L.C., G-CLUB OPERATIONS LLC, GS             :
SECURITY SOLUTIONS INC., GYPSY MEI FOOD             :
SERVICES LLC, HCHK TECHNOLOGIES INC.,               :
LEXINGTON PROPERTY AND STAFFING,                    :
HAMILTON OPPORTUNITY FUND SPC, TAURUS               :
FUND LLC, TAURUS MANAGEMENT LLC,                    :
LEADING SHINE NY LTD., ACA CAPITAL                  :
GROUP LIMITED, RULE OF LAW FOUNDATION               :
III, INC., RULE OF LAW SOCIETY IV, INC.,            :
HAMILTON PE FUND SP, HAMILTON DIGITAL               :

---

[3] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

| | |
|---|---|
| ASSETS FUND SP, HIMALAYA CURRENCY CLEARING PTY. LTD, HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED, HOLY CITY HONG KONG VENTURES, LTD., VICTOR CERDA, ANA C. IZQUIERDO-HENN, HAITHAM KHALED, JESSICA MASTROGIOVANNI, ALEX HADJICHARALAMBOUS, BEILE LI, ANTHONY DIBATTISTA, GLADYS CHOW, SCOTT BARNETT, HAORAN HE, HSIN SHIH YU, LIMARIE REYES MOLINARIS, NICHOLAS SAVIO, QIDONG XIA, YAN CHUN LIU, GETTR USA, INC., G CLUB INTERNATIONAL LIMITED, GNEWS MEDIA GROUP INC. HIMALAYA INTERNATIONAL CLEARING LTD., HUDSON DIAMOND HOLDINGS LLC, LAWALL & MITCHELL, LLC, O.S.C. ORBIT SERVICE COMPANY LLC, and SAVIO LAW LLC | : : : : : : : : : : : : : : : : : : : |
| Defendants. | : |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| LUC A. DESPINS, Chapter 11 Trustee, | : : | |
| Plaintiff, | : : | Adv. Proceeding  24-05249 |
| v. | : : : | |
| ACA CAPITAL GROUP LTD., ALFA GLOBAL VENTURES LIMITED, ALFONSO GLOBAL VENTURES LIMITED, ANTON DEVELOPMENT LIMITED, BRAVO LUCK LIMITED, CELESTIAL TIDE LIMITED, CHINA GOLDEN SPRING GROUP (HONG KONG) LTD., EASTERN PROFIT CORPORATION LIMITED, FREEDOM MEDIA VENTURES LIMITED, G CLUB INTERNATIONAL LIMITED, G CLUB OPERATIONS LLC, G FASHION (CA), G FASHION HOLD CO A LIMITED, G FASHION HOLD CO B LIMITED, G FASHION INTERNATIONAL LIMITED, GFASHION MEDIA GROUP INC., G MUSIC LLC, GF IP, LLC, GF ITALY, LLC, GFNY, INC., HAMILTON CAPITAL HOLDING LIMITED, HAMILTON INVESTMENT MANAGEMENT | : : : : : : : : : : : : : : : : : : : : | |

```
LIMITED, HAMILTON OPPORTUNITY FUND      :
SPC, HAORAN HE, HIMALAYA CURRENCY       :
CLEARING PTY LTD., HIMALAYA             :
INTERNATIONAL CLEARING LIMITED,         :
HIMALAYA INTERNATIONAL FINANCIAL        :
GROUP LIMITED, HIMALAYA INTERNATIONAL   :
PAYMENTS LIMITED, HIMALAYA              :
INTERNATIONAL RESERVES LIMITED, JOVIAL  :
CENTURY INTERNATIONAL LIMITED,          :
K LEGACY LTD., KARIN MAISTRELLO,        :
LEADING SHINE LIMITED, MAJOR LEAD       :
INTERNATIONAL LIMITED, MEI GUO, NEXT    :
TYCOON INVESTMENTS LIMITED, QIANG       :
GUO, RULE OF LAW FOUNDATION III, INC.,  :
RULE OF LAW SOCIETY IV, INC., SARACA    :
MEDIA GROUP, INC., SEVEN MISSION GROUP  :
LLC, WILLIAM JE, WISE CREATION          :
INTERNATIONAL LIMITED,                  :
                                        :
            Defendants.                 :
-----------------------------------------x
```

### [PROPOSED] ORDER STAYING ADVERSARY PROCEEDINGS AND GRANTING OTHER RELIEF PENDING DISPOSITION OF CRIMINAL PROCEEDING

Upon the motion (the "Motion")[4] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 7016 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), to stay Adversary Proceeding Nos. 24-5249 (the "Omnibus Alter Ego Adversary Proceeding") and 24-5273 (the "Civil RICO Adversary Proceeding", and, together with Omnibus Alter Ego Adversary Proceeding, the "Subject Adversary Proceedings") and address other matters pending the conclusion of Debtor's criminal trial; and this Court having jurisdiction

---

[4] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Subject to paragraph 5 below, the Subject Adversary Proceedings are hereby stayed pending the conclusion of the criminal trial (the "Criminal Trial") in the case captioned *United States of America v. Ho Wan Kwok, et al.*, Case No. 23-CR-118 (AT) (the "Criminal Case"), pending in the United States District Court for the Southern District of New York (the "Criminal Court"), which trial is presently set to begin on May 20, 2024.

3. Following the conclusion of the Criminal Trial, the Trustee shall file a notice of resumption of the Subject Adversary Proceedings in both this Court and in the Criminal Court, upon which filings the stay shall terminate (the period from the entry of this Order until such termination, the "Stay Period").

4. Subject to paragraph 5 below, all activity in the Subject Adversary Proceedings shall be stayed and suspended for the duration of the Stay Period, including without limitation the

deadline for parties to answer or otherwise respond to the applicable complaints. No answers or other responses, including without limitation under Federal Rule of Bankruptcy Procedure 7012, may be filed or served during the Stay Period. Upon the conclusion of the Stay Period, subject to further order of the Court, all defendants who have been served with the applicable summons and complaint shall have 30 days from the date of termination of the Stay Period to answer or otherwise respond to such complaint.

5.  Notwithstanding anything else herein to the contrary: (a) the Trustee's claims against defendant K Legacy, Ltd. and Qiang Guo in his capacity as nominal owner of K Legacy, Ltd. in the Omnibus Alter Ego Adversary Proceeding shall not be stayed or otherwise affected by this Order; and (b) the Trustee shall be permitted during the Stay Period to (i) undertake efforts to effect service of the summonses and complaints on the defendants to the Subject Adversary Proceedings, and (ii) upon motion to this Court, with notice of such motion filed in the Criminal Court, seek injunctive or other relief in the Subject Adversary Proceedings to prevent irreparable harm to the estate, such as relief necessary to prevent the dissipation of potential estate assets.

6.  Absent further order of the Court, no depositions shall occur in the main bankruptcy case, including without limitation pursuant to Federal Rule of Bankruptcy Procedure 2004 subpoenas, or in any adversary proceeding, including without limitation the Subject Adversary Proceedings, during the Stay Period. To the extent the Trustee deems it necessary to pursue a deposition during the Stay Period to protect estate assets or ensure the orderly administration of the chapter 11 estate, the Trustee may file a motion with this Court, upon notice to the parties to the Criminal Case, requesting permission to take such deposition.

7.  Notwithstanding the foregoing, as noted on the record at the status conference on March 19, 2024, this Court lacks authority to stay the proceeding before the United States District

Court, District of Connecticut, Case No. 3:24-mc-00032-KAD, to consider Defendant Mei Guo's Motion for Withdrawal of the Reference (the "District Court Proceeding") filed on March 14, 2024, and, thus, the stay imposed by this Order and its related provisions shall not be applicable to the District Court Proceeding.  However, this Order is without prejudice to the parties' rights in the District Court Proceeding, including without limitation the Trustee's right to seek to stay the District Court Proceeding and Defendant Mei Guo's right to oppose any such request.

8. This Order may be modified, including by the modification or termination of the stay imposed hereby, upon motion by any party and after due notice and a hearing.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. This Order shall be effective immediately upon entry

# **EXHIBIT B**

**Redline Version**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | (Jointly Administered) |
| | : | |
| LUC A. DESPINS, Chapter 11 Trustee, | : | Adv. Proceeding 24-05273 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HING CHI NGOK, MEI GUO, QIANG GUO, WILLIAM JE, YVETTE WANG, XUEBING WANG, MAX KRASNER, CHUNGUANG HAN, YONGBING ZHANG, AARON MITCHELL, GTV MEDIA GROUP, INC., SARACA MEDIA GROUP, INC., HUDSON DIAMOND NY LLC, G-CLUB US OPERATIONS LLC, BRAVO LUCK LIMITED, GREENWICH LAND LLC, CRANE ADVISORY GROUP L.L.C., G-CLUB OPERATIONS LLC, GS SECURITY SOLUTIONS INC., GYPSY MEI FOOD SERVICES LLC, HCHK TECHNOLOGIES INC., LEXINGTON PROPERTY AND STAFFING, | : | |

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

| | |
|---|---|
| HAMILTON OPPORTUNITY FUND SPC, TAURUS FUND LLC, TAURUS MANAGEMENT LLC, LEADING SHINE NY LTD., ACA CAPITAL GROUP LIMITED, RULE OF LAW FOUNDATION III, INC., RULE OF LAW SOCIETY IV, INC., HAMILTON PE FUND SP, HAMILTON DIGITAL ASSETS FUND SP, HIMALAYA CURRENCY CLEARING PTY. LTD, HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED, HOLY CITY HONG KONG VENTURES, LTD., VICTOR CERDA, ANA C. IZQUIERDO-HENN, HAITHAM KHALED, JESSICA MASTROGIOVANNI, ALEX HADJICHARALAMBOUS, BEILE LI, ANTHONY DIBATTISTA, GLADYS CHOW, SCOTT BARNETT, HAORAN HE, HSIN SHIH YU, LIMARIE REYES MOLINARIS, NICHOLAS SAVIO, QIDONG XIA, YAN CHUN LIU, GETTR USA, INC., G CLUB INTERNATIONAL LIMITED, GNEWS MEDIA GROUP INC. HIMALAYA INTERNATIONAL CLEARING LTD., HUDSON DIAMOND HOLDINGS LLC, LAWALL & MITCHELL, LLC, O.S.C. ORBIT SERVICE COMPANY LLC, and SAVIO LAW LLC : : : : : : : : : : : : : : : : : : : x : : : : | |
| Defendants. | |
| ---------------------------------------------------------------- | |
| LUC A. DESPINS, Chapter 11 Trustee, : : Plaintiff, : : v. : : ACA CAPITAL GROUP LTD., ALFA GLOBAL VENTURES LIMITED, ALFONSO GLOBAL VENTURES LIMITED, ANTON DEVELOPMENT LIMITED, BRAVO LUCK LIMITED, CELESTIAL TIDE LIMITED, CHINA GOLDEN SPRING GROUP (HONG KONG) LTD., EASTERN PROFIT CORPORATION LIMITED, FREEDOM MEDIA VENTURES LIMITED, G CLUB INTERNATIONAL LIMITED, G CLUB OPERATIONS LLC, G FASHION (CA), G FASHION HOLD CO A LIMITED, G FASHION HOLD CO B LIMITED, G : : : : : : : : : : : | Adv. Proceeding  24-05249 |

| | |
|---|---|
| FASHION INTERNATIONAL LIMITED, GFASHION MEDIA GROUP INC., G MUSIC LLC, GF IP, LLC, GF ITALY, LLC, GFNY, INC., HAMILTON CAPITAL HOLDING LIMITED, HAMILTON INVESTMENT MANAGEMENT LIMITED, HAMILTON OPPORTUNITY FUND SPC, HAORAN HE, HIMALAYA CURRENCY CLEARING PTY LTD., HIMALAYA INTERNATIONAL CLEARING LIMITED, HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED, HIMALAYA INTERNATIONAL PAYMENTS LIMITED, HIMALAYA INTERNATIONAL RESERVES LIMITED, JOVIAL CENTURY INTERNATIONAL LIMITED, K LEGACY LTD., KARIN MAISTRELLO, LEADING SHINE LIMITED, MAJOR LEAD INTERNATIONAL LIMITED, MEI GUO, NEXT TYCOON INVESTMENTS LIMITED, QIANG GUO, RULE OF LAW FOUNDATION III, INC., RULE OF LAW SOCIETY IV, INC., SARACA MEDIA GROUP, INC., SEVEN MISSION GROUP LLC, WILLIAM JE, WISE CREATION INTERNATIONAL LIMITED, | : : : : : : : : : : : : : : : : : : : : : : : |
| Defendants. | : : |
| ------------------------------------------------------------------ | x |

### [PROPOSED] ORDER STAYING ADVERSARY PROCEEDINGS AND GRANTING OTHER RELIEF PENDING DISPOSITION OF CRIMINAL PROCEEDING

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 7016 the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), to stay Adversary Proceeding Nos. 24-5249 (the "Omnibus Alter Ego Adversary Proceeding") and 24-5273 (the "Civil RICO Adversary

---

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

Proceeding", and, together with Omnibus Alter Ego Adversary Proceeding, the "Subject Adversary Proceedings") and address other matters pending the conclusion of Debtor's criminal trial; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Subject to paragraph 5 below, the Subject Adversary Proceedings are hereby stayed pending the conclusion of the criminal trial (the "Criminal Trial") in the case captioned *United States of America v. Ho Wan Kwok, et al.*, Case No. 23-CR-118 (AT) (the "Criminal Case"), pending in the United States District Court for the Southern District of New York (the "Criminal Court"), which trial is presently set to begin on May 20, 2024.

3. Following the conclusion of the Criminal Trial, the Trustee shall file a notice of resumption of the Subject Adversary Proceedings in both this Court and in the Criminal Court, upon which filings the stay shall terminate (the period from the entry of this Order until such termination, the "Stay Period").

4. Subject to paragraph 5 below, all activity in the Subject Adversary Proceedings shall be stayed and suspended for the duration of the Stay Period, including without limitation the deadline for parties to answer or otherwise respond to the applicable complaints. No answers or other responses, including without limitation under Federal Rule of Bankruptcy Procedure 7012, may be filed or served during the Stay Period. Upon the conclusion of the Stay Period, subject to further order of the Court, all defendants who have been served with the applicable summons and complaint shall have 30 days from the date of termination of the Stay Period to answer or otherwise respond to such complaint.

5. Notwithstanding anything else herein to the contrary: (a) the Trustee's claims against defendant K Legacy, Ltd. and Qiang Guo in his capacity as nominal owner of K Legacy, Ltd. in the Omnibus Alter Ego Adversary Proceeding shall not be stayed or otherwise affected by this Order; and (b) the Trustee shall be permitted during the Stay Period to (i) undertake efforts to effect service of the summonses and complaints on the defendants to the Subject Adversary Proceedings, and (ii) upon motion to this Court, with notice of such motion filed in the Criminal Court, seek injunctive or other relief in the Subject Adversary Proceedings to prevent irreparable harm to the estate, such as relief necessary to prevent the dissipation of potential estate assets.

6. Absent further order of the Court, no depositions shall occur in the main bankruptcy case, including without limitation pursuant to Federal Rule of Bankruptcy Procedure 2004 subpoenas, or in any adversary proceeding, including without limitation the Subject Adversary Proceedings, during the Stay Period. To the extent the Trustee deems it necessary to pursue a deposition during the Stay Period to protect estate assets or ensure the orderly administration of the chapter 11 estate, the Trustee may file a motion with this Court, upon notice to the parties to the Criminal Case, requesting permission to take such deposition.

7. Notwithstanding the foregoing, as noted on the record at the status conference on March 19, 2024, this Court lacks authority to stay the proceeding before the United States District Court, District of Connecticut, Case No. 3:24-mc-00032-KAD, to consider Defendant Mei Guo's Motion for Withdrawal of the Reference (the "District Court Proceeding") filed on March 14, 2024, and, thus, the stay imposed by this Order and its related provisions shall not be applicable to the District Court Proceeding.  However, this Order is without prejudice to the parties' rights in the District Court Proceeding, including without limitation the Trustee's right to seek to stay the District Court Proceeding and Defendant Mei Guo's right to oppose any such request.

8. This Order may be modified, including by the modification or termination of the stay imposed hereby, upon motion by any party and after due notice and a hearing.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. This Order shall be effective immediately upon entry.

*[Different first page setting changed from on in original to off in modified.]*.

*[Link-to-previous setting changed from on in original to off in modified.]*.

*[Different first page setting changed from on in original to off in modified.]*.

8