UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al*.,[1] : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x
: 
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 23-05018
Plaintiff, :
v. :
:
:
GOLDEN SPRING (NEW YORK) LTD :
and CHINA GOLDEN SPRING GROUP :
(HONG KONG) LIMITED, :
:
Defendants. :
---------------------------------------------------------------x

**NOTICE OF FILING OF REVISED PROPOSED ORDER GRANTING MOTION OF
CHAPTER 11 TRUSTEE FOR ORDER ENFORCING JUDGMENT AND REQUIRING
TURNOVER OF STORAGE UNIT CONTENTS TO CHAPTER 11 ESTATE**

**PLEASE TAKE NOTICE** that, on February 23, 2024, Luc A. Despins, in his capacity

as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor" or "Kwok"), filed the *Motion of Chapter 11 Trustee for Order*

*Enforcing Judgment and Requiring Turnover of Storage Unit Contents to Chapter 11 Estate*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[Main Case Docket No. 2955] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that, on February 28, 2024, the Court entered a *Notice of Hearing* regarding the Motion [Main Case Docket No. 2968] (the "Notice").[3] The Notice set forth, among other things, a deadline of March 19, 2024, before 4:00 PM, to object to the Motion.

**PLEASE TAKE FURTHER NOTICE** that, at 8:14 PM on March 19, 2024, Taurus Fund (and no other parties) filed an objection [Adv. Proc. 23-05018, Docket No. 43] (the "Taurus Objection").

**PLEASE TAKE FURTHER NOTICE** that the Trustee has conferred with Taurus Fund regarding its objection, and the parties agreed that the property located in the Westy Self Storage Units at issue in the Motion currently remain in the same individual units where they were located on December 22, 2023, and to resolve the Taurus Objection through this revised proposed order, attached hereto as **Exhibit A**, to which Taurus Fund consents.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a redline version of the revised proposed order marked to show changes that have been made to the version attached to the Motion.

[*Reminder of page intentionally left blank*]

---

[2] The Motion has also been concurrently filed in the Golden Spring Adversary Proceeding [Adv. Proc. 23-05018, Doc. No. 40]. Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

[3] The Notice was also entered in the Golden Spring Adversary Proceeding [Adv. Proc. 23-05018, Doc. No. 41].

Dated: March 25, 2024  
New York, New York

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Nicholas A. Bassett*
    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *and*

    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
                Debtors. : (Jointly Administered)
:
------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 23-05018
                Plaintiff, :
v. :
:
:
GOLDEN SPRING (NEW YORK) LTD :
and CHINA GOLDEN SPRING GROUP :
(HONG KONG) LIMITED, :
:
                Defendants. :
------------------------------------------------------------x

**REVISED [PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE
FOR ORDER ENFORCING JUDGMENT AND REQUIRING TURNOVER OF
<u>STORAGE UNIT CONTENTS TO CHAPTER 11 ESTATE</u>**

UPON CONSIDERATION OF the *Motion of Chapter 11 Trustee for Order Enforcing Judgment and Requiring Turnover of Storage Unit Contents to Chapter 11 Estate* (the "<u>Motion</u>"),[2] and good cause having been shown, and the Court having considered any and all objections and other responses to the Motion, and the Court finding that the relief requested in

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

the Motion is in the best interests of the Debtor's estate and its creditors, and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that immediately upon entry of this Order all of the contents currently located in Storage Units #1A32 and #CF09 (the "Estate Contents"), which the parties understand to be the same contents located in such units as of December 22, 2023, shall be turned over to the Trustee; and it is further

ORDERED, that the Estate Contents are property of the Debtor's chapter 11 estate; and it is further

ORDERED, that the Trustee shall cause the contents currently located in Storage Units #CA14 and #CB14 (the "Remaining Contents"), which the parties understand to be the same contents located in such units as of December 22, 2023, to be moved to and stored at the Mahwah Mansion pending resolution of the Mahwah Adversary Proceeding or further order of the Court; and it is further

ORDERED, that the Remaining Contents shall at all times be subject to the *Memorandum of Decision and Order Granting In Part Motion for Preliminary Injunction* [Adv. Proc. No. 23-5017, Docket No. 47]; and it is further

ORDERED, that nothing herein shall effect the rights of the Trustee to obtain turnover of the Remaining Contents either by (i) prevailing on his claims in Adv. Proc. No. 23-5017 (the "Mahwah Adversary Proceeding") or (ii) showing that the Remaining Contents are property of the Estate irrespective of the outcome of the Mahwah Adversary Proceeding, and all such rights of the Trustee, and all corresponding rights of the defendants in the Mahwah Adversary Proceeding, are expressly preserved; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

                                                                                        _____
                                                                                        Julie A. Manning,
                                                                                        United States Bankruptcy Judge

**Exhibit B**

**Redline Version**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

------------------------------------------------------------- x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
              Debtors. : (Jointly Administered)
:
------------------------------------------------------------- x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 23-05018
              Plaintiff, :
v. :
:
:
GOLDEN SPRING (NEW YORK) LTD :
and CHINA GOLDEN SPRING GROUP :
(HONG KONG) LIMITED, :
:
              Defendants. :
------------------------------------------------------------- x

**<u>REVISED</u> [PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE FOR ORDER ENFORCING JUDGMENT AND REQUIRING TURNOVER OF STORAGE UNIT CONTENTS TO CHAPTER 11 ESTATE**

UPON CONSIDERATION OF the *Motion of Chapter 11 Trustee for Order Enforcing Judgment and Requiring Turnover of Storage Unit Contents to Chapter 11 Estate* (the "<u>Motion</u>"),[2] and good cause having been shown, and the Court having considered any and all objections and other responses to the Motion, and the Court finding that the relief requested in

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

the Motion is in the best interests of the Debtor's estate and its creditors, and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that ~~HGA and the Taurus Parties shall turn over to the Debtor, within 3 days of the~~immediately upon entry of this Order~~, the~~ all of the contents currently located in Storage Units ~~and all of their~~#1A32 and #CF09 (the "Estate Contents"), which the parties understand to be the same contents located in such units as of December 22, 2023, shall be turned over to the Trustee; and it is further

~~ORDERED, that Westy Storage is directed to permanently restrict access to the Storage Units to law enforcement personnel, the Trustee and his representatives and/or professionals, and persons expressly authorized by the Trustee; and it is further~~

ORDERED, that the Estate Contents are property of the Debtor's chapter 11 estate; and it is further

ORDERED, that the Trustee shall cause the contents currently located in Storage Units #CA14 and #CB14 (the "Remaining Contents"), which the parties understand to be the same contents located in such units as of December 22, 2023, to be moved to and stored at the Mahwah Mansion pending resolution of the Mahwah Adversary Proceeding or further order of the Court; and it is further

ORDERED, that the Remaining Contents shall at all times be subject to the *Memorandum of Decision and Order Granting In Part Motion for Preliminary Injunction* [Adv. Proc. No. 23-5017, Docket No. 47]; and it is further

ORDERED, that nothing herein shall effect the rights of the Trustee to obtain turnover of the Remaining Contents either by (i) prevailing on his claims in Adv. Proc. No. 23-5017 (the

"Mahwah Adversary Proceeding") or (ii) showing that the Remaining Contents are property of the Estate irrespective of the outcome of the Mahwah Adversary Proceeding, and all such rights of the Trustee, and all corresponding rights of the defendants in the Mahwah Adversary Proceeding, are expressly preserved; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

_____
Julie A. Manning,
United States Bankruptcy Judge