B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Luc A. Despins, Chapter 11 Trustee | **DEFENDANTS**<br>ZYB & Associates, LLC, d/b/a Law Offices of Yongbing Zhang and Yongbing Zhang |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Douglas S. Skalka, Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13 Floor, New Haven, CT 06510<br>203-781-2847 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550. ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☒ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | | NAME OF JUDGE<br>Julie A. Manning |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Patrick R. Linsey | | | |
| DATE<br>March 26, 2024 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Patrick R. Linsey | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>                        Plaintiff,<br><br>v.<br><br>ZYB & ASSOCIATES, LLC, d/b/a LAW OFFICES OF YONGBING ZHANG and YONGBING ZHANG<br><br>                        Defendants. | Adv. Proceeding No. [_____]<br><br>March 26, 2024 |

**COMPLAINT OF CHAPTER 11 TRUSTEE**
**SEEKING AVOIDANCE AND RECOVERY OF POSTPETITION TRANSFERS AND**
**RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 549 AND 550**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this adversary complaint (the "Complaint") against defendants ZYB & Associates, LLC, d/b/a Law

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Offices of Yongbing Zhang ("Law Offices of Yongbing Zhang") and Yongbing Zhang ("Mr. Zhang" and, together with Law Offices of Yongbing Zhang, collectively, the "Defendants"), stating as follows:

## NATURE OF ACTION

1.    The Trustee commences this adversary proceeding to avoid and recover transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2.    Following the Petition Date (as defined herein), the Debtor, through his alter-ego shell company, G Club International Limited ("G Club"), gifted $210,000.00 to Mr. Zhang as initial transferee or, in the alternative, as immediate transferee. In addition, the Debtor, through his alter-ego shell company, Rule of Law Foundation III Inc. ("Rule of Law"), transferred funds in the aggregate amount of $47,314.69 to the Law Offices of Yongbing Zhang as initial transferee.

3.    Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

5.    This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.    The statutory predicates for the relief sought herein include sections 549 and 550 of the Bankruptcy Code.

## THE PARTIES

7.  The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

8.  The Law Offices of Yongbing Zhang is an Illinois limited liability company with an address at 223 West Jackson Blvd, Suite 1012, Chicago, Illinois 60606.

9.  Mr. Zhang is an individual residing at 83 Fabish Court, Buffalo Grove, Illinois, 60089.

10. Mr. Zhang is the member and manager of the Law Offices of Yongbing Zhang.

11. Mr. Zhang has been employed by the Debtor as his personal counsel. Among other things, Mr. Zhang took a leading role in the protests against the Trustee that resulted in the Court issuing a preliminary injunction against the Debtor, including by personally protesting in front of the Trustee's home.

12. Mr. Zhang also was involved in filing complaints against the Trustee, Pacific Alliance Asia Opportunities Fund, L.P. ("PAX"), and PAX's counsel in the District Court for the Southern District of New York that accused the Trustee, PAX, and PAX's counsel of being agents of the Chinese Communist Party, in connection with which Mr. Zhang was sanctioned under Rule 11 multiple times.

13. Mr. Zhang has also played a prominent role in *Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc., et al.* [Adv. Proc. No. 23-05013], in which context the Court found, among other things, that Mr. Zhang was the "leader of the purported HCHK Creditors'

Committee"[2] that orchestrated the conduct of the proposed intervenors and that Mr. Zhang "is involved in filing frivolous lawsuits to harass the Trustee's involvement in this case for the perceived benefit of the Individual Debtor."[3]

## FACTS

**A.    Chapter 11 Case**

14.    The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

15.    On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case. No examiner has been appointed.

16.    The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[4] While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and transferred through his many alter ego shell companies, including G Club and Rule of Law.

17.    On June 15, 2022, the Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

---

[2] *Memorandum of Decision and Order Denying Motion to Intervene and Motion to Clarify Temporary Restraining Order*, ¶ 34 (Adv. Proc. No. 23-05013, Doc. No. 239, January 5, 2024).
[3] *Id.*, at 31.
[4] Schedule of Assets and Liabilities, at 1 (Main Case, Docket No. 78).

**B.       Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

18.   G Club and Rule of Law are among the numerous alter-ego shell companies used by the Debtor to defraud his creditors.[5]  For years, the Debtor has orchestrated a "shell game," employing a convoluted web of shell companies, nominally owned by family members and subordinates, but in reality, controlled by the Debtor.  This shell game enabled the Debtor to use, spend, and transfer millions of dollars of cash and other assets—while concealing his property from creditors.

19.   Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several the Bankruptcy Court has already granted such relief.[6]

20.   The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

21.   The Debtor also used his alter egos, including G Club and Rule of Law, as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while

---

[5]   The Trustee has commenced an adversary proceeding against, among others, G Club and Rule of Law, which adversary proceeding seeks, among other things, a declaratory judgment that Rule of Law was the alter ego of the Debtor. *See Luc A Despins, Chapter 11 Trustee v. ACA Capital Group Ltd.,* et al. [Adv. Proc. No. 24-05249]. The Trustee incorporates by reference herein, his Complaint filed in this adversary proceeding.

[6]   These include the following adversary proceedings: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC, et al.* [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC, et al.* [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc., et al.* [Adv. Proc. No. 23-05013]; (v) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC, et al.* [Adv. Proc. No. 23-05017]; (vi) *Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited* [Adv. Proc. 23-05018]; and (vii) *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC, et al.* [Adv. Proc. 23-05023].

concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims. The transfers that the Debtor effectuated through these alter egos perpetuated the Debtor's fraudulent scheme. The property of these alter egos, including G Club and Rule of Law, was at all times prior to the Petition Date property of the Debtor.

**C.    Debtor's Shell Game and Fraud Continues Postpetition**

22.    As of the Petition Date, all of the Debtor's property held through his alter egos, including G Club and Rule of Law, became property of the Debtor's chapter 11 estate. *See* 11 U.S.C. § 541(a)(1).

23.    Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter-ego shell companies, including, without limitation, G Club and Rule of Law.

24.    These postpetition transfers were not authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

**D.    Transfers to Defendants**

25.    After the Petition Date, $210,000.00 of property of the Debtor's chapter 11 estate was transferred to Mr. Zhang as a purported "prize" in a G Club "sweepstakes" (the "Sweepstakes Transfer").

26.    More specifically, on or about June 7, 2022, the Debtor, acting through his alter ego shell company, G Club, or otherwise, caused $507,008.00 (the "Sweepstakes Funds") to be transferred to the National Sweepstakes Company ("NSC") for the purpose of, among other things, funding Mr. Zhang's purported "prize." Thereafter, on or about October 31, 2022, NSC conveyed $210,000.00 of the Sweepstakes Funds to Mr. Zhang.

27. Mr. Zhang was the initial transferee of the Sweepstakes Transfer or, in the alternative, Mr. Zhang was the immediate transferee of the initial transferee, NSC.

28. In addition, subsequent to the Petition Date, the Debtor, through his alter ego shell company, Rule of Law, or otherwise, transferred funds in an amount not less than $47,314.69 to the Law Offices of Yongbing Zhang (the "ROLF Transfers" and, together with the Sweepstakes Transfer, collectively, the "Transfers"), including, without limitation, as follows:

*See* **SCHEDULE A** attached hereto and made a part hereof.

29. The ROLF Transfers represented property of the Debtor's chapter 11 estate.

30. The Law Offices of Yongbing Zhang was the initial transferee of the ROLF Transfers.

31. At the time of the Transfers, the Debtor had outstanding obligations to creditors of the Debtor's chapter 11 estate.

**FIRST CLAIM**

**(As Against Yongbing Zhang)**

**(Claim to Avoid and Recover Unauthorized Postpetition Transfer pursuant to Bankruptcy Code sections 549 and 550(a))**

32. The Trustee repeats and realleges the allegations contained in paragraphs 1-31 as if fully set forth herein.

33. The Sweepstakes Transfer was made to Mr. Zhang by the Debtor via his alter ego shell company, G Club.

34. The Sweepstakes Transfer occurred after the Petition Date.

35. The Sweepstakes Transfer was not authorized by the Bankruptcy Court or by the Bankruptcy Code.

36. The Sweepstakes Transfer constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

37. The Sweepstakes Transfer is avoidable pursuant to section 549(a) of the Bankruptcy Code.

38. Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Sweepstakes Transfer, or the value thereof, from Mr. Zhang plus interest thereon to the date of payment and the costs of this action.

## SECOND CLAIM

### (As Against the Law Offices of Yongbing Zhang)

### (Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))

39. The Trustee repeats and realleges the allegations contained in paragraphs 1-31 as if fully set forth herein.

40. The ROLF Transfers were made to the Law Offices of Yongbing Zhang by the Debtor via his alter ego shell company, Rule of Law.

41. The ROLF Transfers occurred after the Petition Date.

42. The ROLF Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

43. The ROLF Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

44. The ROLF Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

45. Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the ROLF Transfers, or the value thereof, from the Law Offices of Yongbing Zhang plus interest thereon to the date of payment and the costs of this action.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1. On the First Claim, (a) an order declaring that Sweepstakes Transfer in an amount not less than $210,000.00 is avoided pursuant to section 549 of the Bankruptcy Code; (b) an order directing that the Sweepstakes Transfer be set aside; and (c) recovery of the Sweepstakes Transfer, or the value thereof at the Trustee's option, from Mr. Zhang for the benefit of the Debtor's chapter 11 estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2. On the Second Claim, (a) an order declaring that ROLF Transfers in an amount not less than $47,314.69 are avoided pursuant to section 549 of the Bankruptcy Code; (b) an order directing that the ROLF Transfers be set aside; and (c) recovery of the ROLF Transfers, or the value thereof at the Trustee's option, from Mr. Zhang for the benefit of the Debtor's chapter 11 estate pursuant to section 550(a)(1) of the Bankruptcy Code;

3. Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

4. Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

Dated: March 26, 2024         LUC A. DESPINS
       New Haven, CT         CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
     Douglas S. Skalka (ct00616)
     Patrick R. Linsey (ct29437)
     NEUBERT, PEPE & MONTEITH, P.C.
     195 Church Street, 13th Floor
     New Haven, Connecticut 06510
     (203) 781-2847
     dskalka@npmlaw.com
     plinsey@npmlaw.com
     *Counsel for the Chapter 11 Trustee*

## **SCHEDULE A**

**FILED UNDER SEAL**