UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF ART WOLFE, INC. TO CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363, FEDERAL RULES OF BANKRUPTCY PROCEDURE 7016, 7026, AND 9006, AND DISTRICT OF CONNECTICUT LOCAL BANKRUPTCY RULE 7016-1, TO MODIFY PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS TO INCLUDE PROCEDURES FOR MEDIATION OF AVOIDANCE ACTIONS**

Art Wolfe, Inc. ("Art Wolfe") respectfully submits this limited objection (the "Objection") to the *Chapter 11 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105(a) and 363, Federal Rules of Bankruptcy Procedure 7016, 7026, And 9006, and District of Connecticut Local Bankruptcy Rule 7016-1, to Modify Procedures Applicable to Avoidance Claim Adversary Proceedings to Include Procedures for Mediation of Avoidance Actions* [Docket No. 3003] (the "Motion"), filed by Luc A. Despins, chapter 11 trustee (the "Trustee") appointed for the chapter 11 debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases. In support of this Objection, Art Wolfe respectfully states as follows:

**I.    BACKGROUND**

1.    On January 29, 2024, the Trustee filed the *Motion for Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 2532] (the "Avoidance Procedures Motion"), requesting that the Court approve Avoidance Action Procedures (as defined in the Avoidance Procedures Motion) to govern numerous Avoidance Actions (as defined in the Avoidance Procedures Motion) contemplated by the Trustee.

SG-21152135.1

2. On February 7, 2024, the Court entered its *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 2578] (the "Avoidance Procedures Order") granting the Avoidance Procedures Motion.

3. On February 10, 2024, the Trustee filed the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Adv. Pro. No. 24-05033 ("Adv. Pro.") Docket No. 1] (the "Complaint"), naming Art Wolfe as the Defendant.

4. On March 15, 2024, the Trustee filed the Motion, requesting that the Court revisit the Avoidance Action Procedures to provide for mandatory mediation. (*See* Docket No. 3003, ¶¶ 10–12.)

5. On March 22, 2024, the Trustee filed the *[Revised Proposed] Amended Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3035] in which the Trustee sought to provide that the Mediation Proceedings (as defined in the Motion) would commence upon a defendant appearing in an avoidance action on or before such defendant's deadline to respond to the Trustee's avoidance complaint, rather than requiring the defendant to file a substantive response to an avoidance complaint prior to mediation, among other requested changes.

6. On March 22, 2024, the Court entered the *Scheduling Order Regarding Chapter 11 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105(a) and 363, Federal Rules of Bankruptcy Procedure 7016, 7026, and 9006, and District of Connecticut Local Bankruptcy Rule 7016-1, to Modify Procedures Applicable to Avoidance Claim Adversary Proceedings to Include Procedures for Mediation of Avoidance Actions* [Docket No. 3037] (the "Scheduling Order"), setting April 12,

2024, as the deadline to file any response to the Motion and scheduling a hearing on the Motion for April 23, 2024.

## II.     LIMITED OBJECTION

7.     Art Wolfe like numerous other similarly situated defendants has found itself subjected to litigation in this bankruptcy case as a result of receiving a transfer in the ordinary course of business from legal entities that the Trustee now says are "alter egos" of the Debtor. Putting aside the merits of these claims, Art Wolfe has concerns with a few discrete aspects of the mediation procedures sought in the Motion because they unduly impose additional costs on the defendants in the Avoidance Actions.

8.     In the Motion, the Trustee seeks to compel Art Wolfe to mediate the claims the Trustee brought in the Complaint pursuant to the mediation procedures (the "Mediation Procedures") detailed in the Motion. Art Wolfe does not object to the Motion in its entirety or even engaging in some form of mediation. However, Art Wolfe does object to the following: (i) paragraph 12(u), which seeks to compel the parties to split equally the Mediation Fee, as defined in the Motion, (ii) paragraph 12(s), which leaves whether a representative of Art Wolfe (the "Representative") need be present in person, rather than virtually, for a mediation to the discretion of the mediator, and (iii) paragraph 12(v), which provides that if a party to the mediation is not attempting to schedule or resolve the mediation in good faith, an opposing party may file a motion for sanctions. Each concern is addressed in turn.

9.     First, the Motion requires that the Trustee and the defendants split equally the Mediation Fees, and the Motion does not provide a sense of the hourly rate or cap for such fees. While the Motion offers that defendants can by motion make a showing of hardship to perhaps obtain a Court order (or order from Judge Tancredi) that could alter this arrangement, such a

motion would require the defendant to further expend resources to obtain relief, in part or in full, from the obligation to pay for a mediation that the Trustee is compelling.

10. Simply put, the estate should pay for the costs of any mediation. The Trustee—not Art Wolfe—initiated this adversary proceeding. Further, the Trustee is the party that wishes to stay the adversary proceeding and compel Art Wolfe to mediate the issues underlying the Complaint. The Trustee should therefore be required to cover the entirety of the Mediation Fee. Suing a party, compelling that party to mandatory mediation, and then forcing that party to foot half the bill associated with that mediation is unfair and contrary to common practice. *See, e.g.*, *In re Verasun Energy Corporation, et al.*, Case No. 08-12606 (BLS) (D. Del. Dec 21, 2010) (requiring the party that compelled mediation to cover the entire cost of the mediation); *In re Taylor, Bean & Whitaker Mortgage Corp., et al.*, Case No. 3:09-bk-07047-JAF (Bankr. M.D. Fla. Aug 25, 2011) (same); *In re Red Rose, Inc.*, Case No. BK-S-20-12814-MKN (D. Nev. Aug 12, 2021) (same); *In re TOUSA, Inc., et al.*, Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. July 14, 2009) (same).

11. Second, in a similar vein, leaving it to the discretion of the mediator whether the Representative must attend a mediation in person that s/he is being compelled to participate in—rather than virtually—is unjust. In a time where individuals, law firms, and courts have adapted to conducting business virtually, there is no compelling reason why such efficiencies and cost saving measures should not be utilized here too where there would be no impact to the outcome. Art Wolfe's Representative lives and works in Seattle, Washington. If forced to attend in person, Art Wolfe's Representative will incur significant travel, lodging, and loss of time costs. Requiring defendants, like Art Wolfe, to incur these wholly unnecessary travel related costs to attend a mediation that the Trustee is compelling is again unfair and unjust. Such burdensome costs could

be avoided—across hundreds of adversary proceedings—if the decision of whether the Representative attends the mediation in person or virtually is not left to the sole discretion of the mediator.

12. Lastly, Art Wolfe understands that sanctions may be an appropriate remedy for a party working to stall and stymie a mediation. However, it should be clarified that a party's decision to offer or not offer any particular amount of money, or the inability to reach a settlement through mediation due to zealous advocacy or because a defendant and the Trustee simply cannot reach a resolution due to differing views of the law and facts should not be permitted as a basis for sanctions. In short, the requirement that parties mediate in good faith does not mean that a resolution must be reached through such means.

### III. CONCLUSION

WHEREFORE, Art Wolfe respectfully requests that the Court take notice of this Objection, modify the Motion's Mediation Procedures as detailed herein, and grant such other relief as the Court deems just, proper, and equitable.

Dated: April 11, 2024

DEFENDANT
ART WOLFE, INC.

By:  /s/ *Jessica M. Signor*

SHIPMAN & GOODWIN LLP

Eric S. Goldstein (CT27195)
One Constitution Plaza
Hartford, CT  06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
egoldstein@goodwin.com

Jessica M. Signor (CT30066)
300 Atlantic Street, 3rd Floor
Stamford, CT 06901
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
jsignor@goodwin.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on April 11, 2024, a copy of the foregoing Limited Objection was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ *Jessica M. Signor*
                                                Jessica M. Signor, Esq.