UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re | (Chapter 11) |
| HO WAN KWOK, et al | CASE NO. 22-50073 (JAM) |
| Debtor. |  |
| LUC A. DESPINS, Chapter 11 Trustee |  |
| Plaintiff, | ADV. PRO. NO. 24-05120 |
| v. |  |
| 3 COLUMBUS CIRCLE, LLC |  |
| Defendant. |  |
|  | APRIL 12, 2024 |

## LIMITED OBJECTION TO TRUSTEE'S PROPOSED AMENDED ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS

Defendant, 3 Columbus Circle, LLC ("3 Columbus Circle" or the "Defendant"), by their undersigned attorneys, hereby submits this Limited Objection to the Proposed Amended Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings (AP No. 6; the "Proposed Revised Order") filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee"), for Ho Wan Kwok (the "Debtor"). In support of its objection, Defendant states as follows.

Background

1.      On February 11, 2024, the Trustee commenced an adversary proceeding against Defendant to avoid what were alleged to be certain unauthorized post-petition transfers of estate property by an alleged alter ego of the debtor (HCHK Property Management, Inc.) to Defendant for the lease of commercial office space at 3 Columbus Circle, which was leased pursuant to a written lease agreement. (AP No. 1).[1] See also Order Approving 9019 Settlement, Adversary Case No. 23-5013, AP No. 70 (Approving Order permitting stating that Assignee would be permitted to secure the Columbus Circle offices, notify the landlord of the intention to vacate (when appropriate), and arrange for the storage and/or disposition of the Columbus Circle assets).

2.      On March 18, 2024, the Trustee filed a Motion for Order seeking to Modifying Avoidance Action Procedures to include Procedures for Mediation of Avoidance Actions (AP No. 5) to include additional procedures to address inevitable case management issues that were likely to arise as result of the Trustee commencing approximately 270 adversary proceedings on the eve to the February 2024 avoidance action deadline.

3.      On March 22, 2024, the Trustee filed a Notice of Revised Proposed Order wherein, among other things, the Trustee listed various adversary proceedings that would be subject to a stay of proceedings.

4.      Therein, the Trustee sought: "(a) a stay of Avoidance Actions solely implicating transfers by the Debtor via alter egos ("Omnibus Alter Egos") that are at

---

[1] Among other entities bearing the HCHK designation, HCHK Property Management, Inc. is the subject of Adversary Proceeding No. 23-05013 (the "HCHK Adversary Proceeding").

issue in the Trustee's omnibus declaratory judgment action filed February 15, 2024, i.e.,

*Luc A. Despins, Chapter 11 Trustee v. ACA Capital Group Ltd, et al.* (Adv. Proc. No. 24-05249) (the "Omnibus Alter Ego Adversary Proceeding"); and (b) a partial stay of

Avoidance Actions that implicate both transfers by the Debtor via Omnibus Alter Egos

and via alter egos addressed in earlier adversary proceedings (i.e., Golden Spring (New

York) Ltd., Greenwich Land LLC, HCHK Property Management, Inc., HCHK

Technologies, Inc., Lexington Property and Staffing Inc. . . .)". (Emphasis added.) AP

No. 6, pp. 3-4.[2]

5.      Incorporated into the Proposed Revised Order are various schedules that identify which adversary proceedings the Trustee seeks to stay.

6.      The present adversary proceeding is among those that the Trustee does not seek to stay despite the underlying theory of liability being based on conduct of an alleged alter ego, HCHK Property Management, Inc., as referenced in the underlying motion.[3]

Defendant's Limited Objection

7.      As stated in the motion for stay, the Trustee wishes "to prevent any possibility of interference with the Debtor's pending Criminal Case, in which trial will soon be commencing." Adversary Case No. 24-05249, No. 7, p.10. The Trustee further

---

[2] In a corresponding footnote, the Trustee states: "The partial stay applies solely to legal or factual issues concerning whether the Omnibus Alter Egos were alter egos of the Debtor and/or whether the property of such entities was property of the Debtor and/or of the Debtor's chapter 11 estate."

[3] An order of default entered against HCHK Property Management, Inc. for failing to respond to the adversary complaint. *See* HCHK Adversary Proceeding, AP No. 139, 263. The bankruptcy court's denial of HCHK's request to set aside the judgment is presently subject to appeal. *See* HCHK Adversary Proceeding, AP No. 270, 275.

acknowledges that, "[g]iven the issues and the number of defendants involved, the simultaneous pursuit of these adversary proceedings would be administratively taxing on the parties and on the Court." *Id.*

8.      As the present adversary proceeding implicates purported transfers by the Debtor via an alleged alter ego entity that is presently the subject of earlier adversary proceedings, and that concerns itself with purported transfers by the Debtor via an alleged alter ego, that is relevant to the Debtor's criminal case and its prosecution, *see* Superseded Indictment, *U.S. v. Kwok, et al.*, 23-cr-118, No. 215 (January 3, 2024), the rationale articulated by the Trustee for staying the alter ego adversary proceedings is equally applicable to this case.

9.      For avoidance action defendants, such as 3 Columbus Circle, whose sole fault in this case happened to be the unfortunate luck of having engaged in an arm's length transactions with an alleged alter ego of the Debtor, Defendants request that the Trustee not place the cart before the horse, thereby forcing the Defendant to incur the legal expenses in its defense when many of the issues necessary to prove the Trustee's theory are either stayed, subject to a criminal proceeding, or on appeal.

10.     While the Defendant understands the demands on the Trustee and circumstances surrounding this case, given the rationale above as well as the presence of a defense with a strong likelihood of a successful in this matter, a stay of the present action is appropriate as it would allow the Trustee additional time to consider the defenses that may be raised by Defendant, thereby saving the estate the costs associated with pursuing an action in which the outcome is uncertain.

11.     Additionally, Defendant joins in the objections raised by other parties pertaining to the proposed mediation process in that it fails to provide clarity on the hourly rate attributed to the panel mediators or whether those rates would be subject to any reasonable cap. *See* Main Case, ECF No. 3083. While the Defendant is not opposed in theory to mediation, these are cost that should be born by the estate not by the avoidance action defendants.

12.     Accordingly, the Defendant objects to the Revised Proposed Order in so far as it fails to include the Defendant among those actions that it seeks to stay.

DEFENDANT,
3 COLUMBUS CIRCLE LLC

By:____*Matthew Pesce*_____

Robert Kaelin (ct11631)
Matthew Pesce (ct31208)
Murtha Cullina LLP
280 Trumbull Street
Hartford, CT 06103
(860) 240-6036
rkaelin@murthalaw.com
mpesce@murthalaw.com
*Counsel for 3 Columbus Circle LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2024 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Matthew Pesce*