UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>Jointly Administered |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>MARCUM LLP,<br><br>Defendant. | Adv. Proceeding No. 24-05229 (JAM) |

**LIMITED OBJECTION TO PROPOSED AMENDED ORDER APPROVING
PROCEDURES APPLICABLE TO
AVOIDANCE CLAIM ADVERSARY PROCEEDINGS**

Marcum LLP ("Marcum") hereby objects to the motion of the Trustee to modify the Court's previously entered *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (ECF No. 3003) (the "Avoidance Procedures Order") to provide for the inclusion of certain Mediation Procedures, among other things (the "Motion").[2]

---

[1] The Debtors in these Chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The Trustee filed the Motion on the docket of both the Debtors' Chapter 11 Case and the related Avoidance Actions. See *Motion for Order Modifying Avoidance Action Procedures to Include Procedures for Mediation of Avoidance Actions*, filed by the Trustee on March 15, 2024, at ECF Doc. No 3003, in the Debtors' Chapter 11 Case (Case No.

**OBJECTION**

Marcum does not object to mediation in this case. Nor does Marcum object—in general—to the mediation procedures outlined in the proposed Revised Order[3] (the "Mediation Procedures"). However, certain of the Trustee's proposed Mediation Procedures do not provide sufficient protections for the Avoidance Defendants, including Marcum. As shown below, Marcum respectfully asserts that the proposed Mediation Procedures should be modified further to protect the rights of the Avoidance Defendants and hereby respectfully requests the entry of a modified version of the Trustee's Revised Order in the form attached to this Objection as **Exhibit A**.[4]

**The Mediation Procedures Do Not Allow for**
**Notice or Objections on Important Issues**

1. The Trustee's version of the proposed Mediation Procedures fails to provide Avoidance Defendants with the opportunity to object to substantive determinations that the Trustee or the Bankruptcy Judge supervising the Mediation Procedures, Hon. James J. Tancredi, will make. Below are some examples:

- Section 2(l) of the Revised Order, if entered, would authorize Judge Tancredi to order the consolidation of "related" Mediation Proceedings without providing any notice or time for the Avoidance Defendants affected by such a consolidation to object to consolidating the mediation of their own claims with the mediation of other, purportedly "related" Avoidance Defendants' claims.

- Section 2(r) of the Revised Order allows the Trustee to conduct *ex parte* communications with Judge Tancredi concerning the implementation of

---

22-50073), and on March 18, 2024, at ECF Doc. No. 6, in the separate Marcum Avoidance Action (Case No. 24-05229).

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[4] **Exhibit A** to the instant Limited Objection contains a blackline showing Marcum's proposed changes from the Mediation Procedures that were included in the version of the Revised Order filed by the Trustee in the Avoidance Action against Marcum on March 22, 2024 (Case No. 24-05229, at ECF No. 12).

2

        substantive provisions of the Mediation Procedures, including the categorization of Avoidance Actions and/or any recommendations issued by Judge Tancredi to the Court.

- <u>Section 2(y)</u> of the Revised Order also allows the Trustee to devise categories of Avoidance Action claims and Judge Tancredi to issue recommendations that the Court may order without needing notice or an opportunity to be heard.

    2.    Failure to provide notice and an opportunity to file objections to substantive decisions affecting the rights of an Avoidance Defendant, absent affirmative action by such a defendant, deprives the Avoidance Defendants of due process. Avoidance Defendants should not be required to take affirmative action to avoid procedures which could have significant business implications. For example, Avoidance Defendants may wish to avoid sharing confidential information with competitors and believe the risk of disclosure to be too high in a consolidated session. At a minimum, the Court should approve procedures that allow it to consider on a case-by-case basis whether to hold joint mediation sessions on the one hand, or one-off sessions on the other, based on these concerns. Failing to provide reasonable notice and an opportunity to be heard on matters such as consolidating the mediation of Avoidance Actions risks serious prejudice to the rights of Avoidance Defendants, including Marcum.

    3.    Avoidance Defendants should be afforded the right to object to and be heard on all substantive determinations made by the Trustee, Judge Tancredi, or any other member of the Mediation Panel without requiring a separate motion in each instance. Requiring the Avoidance Defendants to move the Court to be heard on these issues individually will clog the docket and cause far more delay than requiring notice and objections. One defined objection deadline and one hearing to allow the Court to rule on substantive determinations by the Trustee or mediator will be more streamlined than having individual motions filed and scheduled.

4.  Mediation is a process that occurs outside the protections of the Bankruptcy Rules, the Local Rules, and the Federal Rules of Evidence. Requiring Avoidance Defendants to move the Court to address decisions that may have a substantive effect on their business also impermissibly shifts the burden of ensuring fair and unbiased implementation of the Mediation Procedures. The Trustee and the mediators must ensure a fair process if they wish to require an alternative dispute resolution mechanism; that cannot and must not be the burden or the responsibility of the Avoidance Defendants.

**The Mediation Procedures Limit
The Right of Defendants to Object to Mediators**

5.  The current version of the Mediation Procedures arbitrarily limits the rights of Avoidance Defendants to object to the assignment of a particular mediator. As proposed by the *Trustee*, Section 2(n) of the Revised Order allows objections to an assigned mediator solely on a potential conflict of interest. But there may be other compelling reasons to believe a meditator is objectionable. For example, a mediator may have published articles that indicate a resistance to an Avoidance Defendant's position. Or a mediator may have developed a reputation for siding with one particular position in past fraudulent transfer mediations. There is no legitimate reason to limit the rights of an Avoidance Defendant to object to the assignment of a specific mediator, and doing so only hinders the chance of a successful mediation. Section 2(n) of the Revised Order should be modified accordingly.

**The Mediation Procedures Place an
Unnecessary Burden on Defendants**

6.  There is similarly no reason to require the attendance of clients at mediation sessions. Section 2(s) of the Revised Order provides that mediation sessions "shall be attended by a representative of the Defendant [with] full settlement authority." This in-person attendance requirement only reduces the flexibility of those sessions. Depending on the amount at issue, it

4

may not make economic sense for a representative of the Avoidance Defendant to appear at a mediation session personally. It is not uncommon to have counsel attend mediation sessions and allow client representatives to appear remotely or be available to provide settlement authority without attending the session in person. Section 2(s) should, therefore, be revised accordingly to relieve Avoidance Defendants of the burden of personal attendance at mediation sessions in instances where the mediator is satisfied that in-person attendance is unnecessary and other alternatives are practicable.

## **CONCLUSION**

Practically, having procedures that ensure fairness to all parties will only enhance the potential for successful mediation. Mediation procedures that limit parties' rights without substantial purpose do the opposite. Accordingly, Marcum respectfully requests that the Court deny the Motion absent a modification of the Mediation Procedures as set forth on **Exhibit A** to this Objection.

Dated: April 12, 2024
      Stamford, CT

FINN DIXON & HERLING LLP

By: /s/ Henry P. Baer, Jr.
    Henry P. Baer, Jr.
    FINN DIXON & HERLING LLP
    Six Landmark Square
    Stamford, CT 06901-2704
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: hbaer@fdh.com

and

MINTZ & GOLD LLP

Andrew R. Gottesman (*pro hac vice*)
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
E:mail: gottesman@mintzandgold.com

*Attorneys for Marcum LLP*

**CERTIFICATION**

I hereby certify that on April 12, 2024 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Henry P. Baer, Jr.
Henry P. Baer, Jr.
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: hbaer@fdh.com