**UNITED STATES BANKRUPTCY COURT DISTRICT OF CONNECTICUT BRIDGEPORT DIVISION**

| In re:<br><br>HO WAN KWOK, et al.[1]<br><br>Debtor.<br>------------------------------------------------- | Chapter 11<br><br>Case No.: 22-50073 (JAM) |
|---|---|

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Font: 12 pt

Formatted: Body Text, Border: Bottom: (No border), Tab stops: Not at 2.13"

**[REVISED PROPOSED] AMENDED ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 7016-1 of the District of Connecticut Local Rules of Bankruptcy Procedure (the "Local Bankruptcy Rules"), to modify the Court's Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings [ECF No. 2578] (the "Avoidance Procedures Order") and thereby modifying the Avoidance Action Procedures to provide for the inclusion of certain procedures governing mediation of Avoidance

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to them in the Motion.

Actions; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court, including a hearing held April 23, 2024; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Court hereby orders that the following amended Avoidance Action Procedures shall govern the Avoidance Actions:

a. The Avoidance Action Procedures shall apply to any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous claims under applicable state law (the "Avoidance Actions").

b. Upon filing a complaint commencing any Avoidance Action (an "Avoidance Complaint"), the Trustee shall file a Notice of Applicability of Avoidance Action Procedures in a form substantially similar to that attached hereto as **Exhibit 1** (the "Avoidance Action Procedures Notice"). The Trustee shall serve a copy of the Avoidance Action Procedures Notice on each defendant in an Avoidance Action (an "Avoidance Defendant") together with the Summons and Avoidance Complaint pursuant to Bankruptcy Rule 7004.

c. Motions affecting multiple Avoidance Actions shall be filed in each applicable Avoidance Action and shall use a caption substantially in the form attached hereto as **Exhibit 2**.

d. To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "Protective Order") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), provided, however, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint"). Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004. Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.

e. An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days. Any such stipulation shall be made in writing and filed on the docket in the ~~applicable adversary~~Avoidance Action ~~proceeding~~. Notwithstanding anything herein to the contrary:

i. the Avoidance Actions set forth on **Exhibit 3-A** attached hereto (the "Stayed Avoidance Actions") shall be stayed pending further order of the Court. At such time that the stay of the Stayed Avoidance Actions is lifted, the Court shall determine whether the Stayed Avoidance Actions shall be subject to the Mediation Procedures and set deadlines for Avoidance Defendants in such actions to respond to the Avoidance Complaints.

ii. the Avoidance Actions set forth on **Exhibit 3-B** attached hereto (the "Partially Stayed Avoidance Actions") shall be stayed pending further order of the Court solely as to any legal or factual issues concerning whether ACA Capital Group Ltd, Anton Development Limited, G Club International Limited, G Club Operations LLC, G Fashion, G Fashion Media Group Inc., GFNY Inc., Hamilton Capital Holding Ltd, Himalaya International Clearing Ltd, Leading Shine NY Ltd, Rule of Law Foundation III Inc., Rule of Law Society IV Inc., and Saraca Media Group Inc. were alter-egos of the Debtor and/or whether the property of such entities was property of the Debtor and/or of the Debtor's chapter 11 estate (collectively, the "Stayed Issues"). For the avoidance of doubt, Partially Stayed Avoidance Actions shall proceed to mediation to the extent provided by the Mediation Procedures (as defined herein) as to all issues that are not Stayed Issues, *provided, however*, Stayed Issues may also be mediated on a voluntary basis.

iii. Upon the filing of any new Avoidance Action, the Trustee may designate such action a Stayed Avoidance Action or a Partially Stayed Avoidance Action by filing a notice of such designation (a "Stay Designation Notice") in the relevant Avoidance Action. Any Avoidance Defendant wishing to challenge a Stay Designation Notice shall file a response to such notice in the relevant Avoidance Action within seven (7) days of appearing in same, to which the Trustee may reply within fourteen (14) days of the filing of such response. Any disputes over a Stay Designation Notice shall be determined by the Court.

f. In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12(b), the Trustee shall have sixty (60) days to respond to such motion.

g. Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference. To the extent that a party to an Avoidance Action believes that a pretrial conference is necessary to

address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

h. Unless stayed as set forth herein, ~~A~~as soon as practicable following the Response Date, the parties shall confer pursuant to Civil Rule 26(f) (the "Initial Case Conference") and, thereafter, the parties shall either file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval. If the Court does not approve the joint proposed scheduling order, the Court shall schedule a pretrial conference to determine a scheduling order. If the parties do not agree on a joint proposed scheduling order, the parties shall request a pretrial conference to determine a scheduling order.

i. Any party to an Avoidance Action may request that the Avoidance Action Procedures be modified as applied in such Avoidance Action for good cause shown. Such modification shall be requested by motion filed in the applicable Avoidance Action.

j. Notwithstanding anything herein to the contrary, the Avoidance Action Procedures shall be subject to the following procedures governing mediation proceedings (the "Mediation Procedures"): Upon the appearance of any Avoidance Defendant in an Avoidance Action prior to the expiration of such Avoidance Defendant's deadline to respond to the Trustee's Avoidance Complaint, the Trustee's claims against such Avoidance Defendant in such Avoidance Action shall automatically (and without further order) be referred (the "Mediation Referral") to non-binding mediation proceedings (as set forth herein, the "Mediation Proceedings"), *provided, however*, no Mediation Referral shall be deemed to have occurred prior to May 15, 2024. Upon a Mediation Referral, the Avoidance Action shall be stayed, as to such Avoidance Defendant only (including, without limitation, as to such Avoidance Defendant's obligation to respond to the Avoidance Complaint), pending the conclusion of Mediation Proceedings. If the Avoidance Defendant appears in the Avoidance Action after the Avoidance Defendant's time to respond to the Avoidance Complaint has expired, no Mediation Referral shall occur except upon a written stipulation by the Trustee and such Avoidance Defendant filed in the Avoidance Action or by order of the Court. ~~For the avoidance of doubt, the staying of any Avoidance Action as to a particular Avoidance Defendant shall not stay the Avoidance Action as to any other Avoidance Defendant, nor shall the~~

~~staying of a particular Avoidance Action as against an Avoidance Defendant stay any other claims by the Trustee against such Avoidance Defendant outside of such Avoidance Action (whether in other Avoidance Actions or otherwise).~~ Notwithstanding anything herein to the contrary, no claims by the Trustee against the Avoidance Defendants set forth on the attached **Exhibit 4** shall be subject to a Mediation Referral except upon a stipulation between the Trustee and such Avoidance Defendant or by Order of the Court.

k. United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi") shall oversee all Mediation Proceedings, *provided, however*, mediations shall be conducted by Judge Tancredi or by a mediator from an approved panel of mediators of Avoidance Actions (the "Mediation Panel") if the Trustee determines, in consultation with Judge Tancredi, that it would be beneficial to create such a panel. The members of any Mediation Panel shall be selected by the Trustee in consultation with Judge Tancredi, subject to the Court's approval of the appointment of each such mediator and rates of compensation applicable to same. Such approval shall be requested by the Trustee in the Main Case only, and the appointment of a mediator to the Mediation Panel shall become effective upon approval by the Court.

l. Within fourteen (14) days of any Mediation Referral, the Trustee and the relevant Avoidance Defendant shall jointly contact Judge Tancredi by letter, or contact individually if the parties are unable to agree on the substance of a letter, submitted via Judge Tancredi's courtroom deputy briefly (and in a non-argumentative manner) describing the claims at issue and advising regarding their availability to participate in mediation in the following sixty (60) days as well as to whether the mediation session(s) should take place in person or via videoconference. Following receipt of such letter, Judge Tancredi shall assign the Avoidance Action to be mediated by himself or by a member of the Mediation Panel (the "Assigned Mediator") and shall direct that the mediation be conducted in person or via videoconference. Judge Tancredi may order that related Mediation Proceedings (including, where appropriate, where claims are asserted against multiple defendants in a single Avoidance Action) be consolidated. Each Avoidance Defendant shall have seven (7) days from the receipt of any such order to file a motion with the Court objecting to the consolidation of its Avoidance Action with any other Avoidance Action or to the conduct of such mediation in conjunction with other parties, in person or by zoom as applicable.

m. Alternatively, any Avoidance Defendant that believes that the claims against it should not be subject to mediation may, within fourteen (14) days of the Mediation Referral, file a motion with the Court setting forth good cause to exempt the claims against it from the

Mediation Procedures, with notice to the Trustee and Judge Tancredi. No Mediation Proceedings as to such an Avoidance Defendant shall occur pending the Court's determination of such a motion. If the Court grants the motion, the Mediation Proceedings shall be deemed immediately terminated and the Avoidance Defendant shall respond to the Trustee's Avoidance Complaint within thirty (30) days of such termination. If the Court denies the motion, the Trustee and the Avoidance Defendant shall contact Judge Tancredi by letter within fourteen (14) days of such denial pursuant to the procedure set forth in the foregoing paragraph l to obtain an Assigned Mediator.

n. Upon notification of their assignment, the Assigned Mediator shall have an opportunity to determine whether they have any conflicts with the Avoidance Defendant and, in the event of a conflict, may abstain from acting in the particular mediation. If the Assigned Mediator abstains, Judge Tancredi shall assign an alternative mediator from the Mediation Panel or shall assign himself to the mediation. If a party to Mediation Proceedings ~~believes that a conflict of interest precludes~~ objects to the service of the Assigned Mediator, such party may seek the assignment of a different Assigned Mediator by letter submitted to Judge Tancredi via his courtroom deputy (with copies to the opposing party and the Assigned Mediator) or by motion filed with the Court within fourteen (14) days~~,~~ ~~*provided, however,* such relief may only be sought within seven (7) days~~ of a party's discovery of the basis for seeking such relief.

o. Upon the assignment of the Assigned Mediator, the Trustee and the Avoidance Defendant shall confer with the Assigned Mediator regarding a date for the initial mediation session. The Assigned Mediator shall schedule the mediation to occur within sixty (60) days of assignment*, provided, however*, upon the consent of the parties and the Assigned Mediator, the mediation session may be scheduled on a later date that is within the deadline to complete Mediation Proceedings set forth in ¶ (t) herein. If the mediation is to occur in person, the Assigned Mediator shall also select the location of the mediation, *provided, however*, that, unless otherwise agreed by the parties and the Assigned Mediator, any in-person mediation shall occur only within the District of Connecticut or the New York City metropolitan area at (i) the offices of Trustee's counsel, (ii) a facility of the United States Bankruptcy Court for the District of Connecticut, or (iii) the offices of the Assigned Mediator. The Assigned Mediator shall provide at least twenty-one (21) days' written notice of the first date, time, and place of the mediation (the "Mediation Notice"), which Mediation Notice the Assigned Mediator shall cause to be filed in the relevant Avoidance Action.

p. Upon consent of the parties at least seven (7) days prior to any scheduled mediation session, the Assigned Mediator may (at their discretion) reschedule such mediation session. If the Trustee or the relevant Avoidance Defendant seeks to reschedule a mediation session absent the counter-party's or the Assigned Mediator's consent or within seven (7) days ~~of~~ prior to the mediation session, such request shall be made by letter to Judge Tancredi via his courtroom deputy and the counter-party and/or Assigned Mediator shall submit any response to Judge Tancredi likewise by letter to his courtroom deputy. Judge Tancredi will then determine whether the mediation session shall be rescheduled and, if the mediation session was scheduled to occur in less than seven (7) days from the date of the request, whether the Assigned Mediator is entitled to compensation and which party(ies) shall be responsible for same. All proceedings in the relevant Avoidance Action will be stayed while such a request is pending.

q. All proceedings and writings incident to Mediation Proceedings shall be considered privileged and confidential and subject to all protections of Federal Rule of Evidence 408 and shall not be reported or admitted as evidence for any reason except to prove that a party failed to comply with the Mediation Procedures or failed to participate in the Mediation in good faith. No Assigned Mediator nor Judge Tancredi shall be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Assigned Mediator (including their agents, partners, or employees of their respective law firms or organizations) or Judge Tancredi, *provided, however*, subject to Court order, an Assigned Mediator may be called as a witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with the Mediation Procedures or failed to participate in the Mediation in good faith. Any documents provided to the Assigned Mediator by the parties shall be destroyed within thirty (30) days after the filing of the Mediator's Report unless the Assigned Mediator is otherwise ordered by the Court.

r. The Assigned Mediator shall preside over any mediation sessions with full authority to determine the nature and order of the parties' presentations, and the rules of evidence shall not apply. The Assigned Mediator may implement additional procedures which are reasonable and practical under the circumstances. The Trustee and any Avoidance Defendant that is party to Mediation Proceedings may communicate *ex-parte* with their Assigned Mediator(s) to the extent that their Assigned Mediator(s) deem appropriate. The Trustee and his counsel may communicate ~~*ex-parte*~~ with Judge Tancredi concerning the implementation of these

Mediation Procedures, the selection of mediators to the Mediation Panel, the categorization of Avoidance Actions, and/or any recommendations issued by Judge Tancredi to the Court upon notice to all affected Avoidance Defendants. Nothing herein shall limit the parties' right to object to the procedures set by an Assigned Mediator, including, without limitation, the categorization of Avoidance Actions.

s. The parties to any Mediation Proceedings shall participate in such proceedings as scheduled and presided over by the Assigned Mediator in good faith and with a view toward reaching a consensual resolution. Mediation sessions shall be attended (either in person or, where permitted, by videoconference) by a representative of the Defendant ~~will~~ with full settlement authority or ~~(and~~ if a Defendant is represented by counsel, their counsel with full settlement authority and access to the Avoidance Defendant~~)~~ as well as by the Trustee and/or counsel for the Trustee (who must have settlement authority from the Trustee). Assigned Mediators may, in their discretion, request the parties to prepare mediation statements in advance of mediation; unless otherwise instructed by the Assigned Mediator, such mediation statements shall not be shared with the other party to the mediation absent consent of the Trustee and the Avoidance Defendant. The Assigned Mediator may issue further instructions regarding the mediation statements to the parties.

t. The Assigned Mediator, in the Mediation Notice or in a separate notice that need not be filed, may require the parties to provide to the Assigned Mediator any relevant papers and exhibits, statements of position, and/or settlement proposals. In the Assigned Mediator's discretion, upon notice (which need not be filed), the Assigned Mediator may adjourn a mediation or move a mediation to a different location within those locations authorized by the Mediation Procedures. The Assigned Mediator may also continue a mediation that has been commenced for additional sessions upon the request of the parties to the mediation or if the Assigned Mediator determines that a continuation is in the best interest of the parties, *provided, however*, no Mediation Proceedings shall continue for a period beyond one-hundred-eighty (180) days following the Mediation Referral unless the period to mediate is extended by order of Judge Tancredi, which order shall be filed on the docket in the relevant Avoidance Action. In the event that additional mediation sessions are held beyond the initial mediation session, the Assigned Mediator may, in their discretion, permit that such sessions be held by videoconference.

u. Unless otherwise agreed or ordered by Judge Tancredi

or the Court, the fees and costs of the Assigned Mediator, if any (the "Mediation Fee"), shall be paid equally by the parties to any Mediation Proceedings with the Mediation Fee for the initial mediation session due at least seven (7) days prior to the date such session is scheduled. Upon a showing that the payment of such amounts constitutes a hardship (submitted in writing with notice to all counter-parties to any Mediation Proceedings), Judge Tancredi or the Court may modify the parties' responsibilities for the Mediation Fee, *provided, however*, such relief shall be sought at least fourteen (14) days before any such Mediation Fee is due to be paid. The Mediation Fee shall be determined using the rates approved by the Court in connection with the appointment of the members of the Mediation Panel.

v. Within seven (7) days after the conclusion of the mediation, the Assigned Mediator shall file a report (the "Mediator's Report") in the relevant Avoidance Action indicating whether the parties to the Mediation Proceedings complied with the Mediation Procedures and whether the Mediation Proceedings resulted in a settlement. The Mediator's Report shall not address the substance of mediation discussions. In addition, in the case of material noncompliance with the Mediation Procedures, an Assigned Mediator may file an interim report (an "Interim Report") in the relevant Avoidance Action advising the Court of such noncompliance. Where a Mediator's Report or an Interim Report indicates noncompliance with the Mediation Procedures, the Court may (without the filing of a motion by any party) schedule a hearing to consider the appropriateness of sanctions against the noncompliant party. Such sanctions may include, without limitation, assessing costs of the Mediation Proceedings and/or the opposing party's attorneys' fees against the noncompliant party. Additionally, in cases of willful, persistent, or egregious noncompliance, the Court may enter a default judgment or dismissal against the party that failed to comply with the Mediation Procedures. Additionally, if any party to Mediation Proceedings is not attempting to schedule or resolve the mediation in good faith, an opposing party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of mediation.

w. If the Mediator's Report indicates that the Mediation Proceedings resulted in a settlement and the settlement requires approval of the Court, the Trustee shall file a motion requesting such approval within thirty (30) days of the issuance of the Mediator's Report. The Trustee may submit a motion seeking such approval under seal (with access limited to the Trustee, the relevant Avoidance Defendant, the Official Committee of Unsecured Creditors, and the

United States Trustee) to the extent the Trustee believes that public disclosure of the settlement terms would harm the estate and/or would implicate commercially sensitive or otherwise confidential information public disclosure of which would prejudice parties to the settlement. Where a motion is filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

x. If a Mediator's Report does not indicate a full settlement of the claims between the Trustee and the Avoidance Defendant, the deadline to respond to the Trustee's Avoidance Complaint shall be thirty (30) days from the filing of the Mediator's Report.

y. Members of the Mediation Panel (if any) shall regularly consult with Judge Tancredi concerning the status of Mediation Proceedings to which they are assigned. In addition, to facilitate the mediation process and to minimize any burden on Judge Tancredi, the Trustee shall endeavor~~, in consultation with Judge Tancredi,~~ to devise categories of Avoidance Action claims (whether by amounts of transfers, timing of transfers, alter egos at issue, or otherwise). Such categorization shall not have any binding effect on any Avoidance Defendants as relates to the merits of claims or defenses in an Avoidance Action. Judge Tancredi may submit reports to the Court regarding the progress of Mediation Proceedings and any recommendations of Judge Tancredi to promote the efficient administration of the Avoidance Actions. Such reports shall be issued in writing and filed on the docket in the Main Case. Without limitation, these recommendations may include that certain Avoidance Actions and/or certain categories of Avoidance Actions be stayed for a fixed period prior to commencing one-on-one Mediation Proceedings; for the avoidance of doubt, no such recommendation will be implemented by the Court without notice and an opportunity to be heard for the affected Avoidance Defendants. During the period of such a stay or otherwise, in order to facilitate the exchange of information and to encourage productive negotiations between the Trustee and Avoidance Defendants, Judge Tancredi may schedule informational sessions and/or mediation sessions that include multiple Avoidance Defendants and/or certain categories of Avoidance Defendants. To the extent that Judge Tancredi recommends staying any Avoidance Actions and/or categories of Avoidance Actions, the Trustee (within seven (7) days of the issuance of such recommendations) shall cause notice of same to be filed in such actions. Upon notice to all Avoidance Defendants and a hearing but without need for the filing of a motion, the Court may enter further orders addressing any recommendations issued by Judge Tancredi, including, without limitation, the stay of any Avoidance Actions or

categories of Avoidance Actions prior to one-on-one mediation. Avoidance Defendants may file objections to Judge Tancredi's recommendations, including, without limitation, the categorization of Avoidance Actions, within seven (7) days of receiving notice of such recommendations.

z. Notwithstanding anything in the Avoidance Action Procedures to the contrary, these Mediation Procedures may be modified by the Court upon the request of the Trustee or any other party in interest, or as otherwise ordered by the Court (including, without limitation, upon recommendations issued by Judge Tancredi), upon notice issued in the Main Case only, *provided, however*, the revised Mediation Procedures, upon approval, shall be filed in all Avoidance Actions.

3. Within seven (7) days of the entry of this Order, the Trustee shall file the Avoidance Action Procedures Notice (in the revised form attached hereto as Exhibit 1) in all Avoidance Actions pending as of the entry of this Order.

4. The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. To the extent that information in an Avoidance Complaint (or its exhibits) may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, et al., this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to any Avoidance Defendant and its counsel, pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b). This Order also amends the Protective Order and the P.O. Addendum to permit the Trustee, to the extent provided in the Avoidance Action Procedures, to disclose to any Avoidance Defendant information in an Avoidance Complaint (filed against such defendant) that is designated as highly confidential under the

Protective Order or the P.O. Addendum.

6. Pursuant to District of Connecticut Local Rule of Civil Procedure 5(e), District of Connecticut Local Rule of Bankruptcy Procedure 9077-1, Bankruptcy Rule 9018, and section 107(b) of the Bankruptcy Code, this constitutes an Order of the Court authorizing the sealed filing of Avoidance Complaints and of motions seeking approval of settlements to the extent permitted by the Mediation Procedures.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of Order.

8. Order shall be effective immediately upon entry.