**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION OF BLUEBERRY BUILDERS, LLC TO CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363, FEDERAL RULES OF BANKRUPTCY PROCEDURE 7016, 7026, AND 9006, AND DISTRICT OF CONNECTICUT LOCAL BANKRUPTCY RULE 7016-1, TO MODIFY PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS TO INCLUDE PROCEDURES FOR MEDIATION OF AVOIDANCE ACTIONS**

Blueberry Builders, LLC ("BBB"), as the defendant in the adversary proceeding captioned *Luc A. Despins v. Blueberry Builders, LLC (In re Ho Wan Kwok), LLC*, Adv. Pro. No. 24-05007 (the "Adversary Proceeding"), by and through its undersigned counsel, hereby objects (this "Limited Objection") to (i) the *Chapter 11 Trustee's Motion, Pursuant to 11 U.S.C. §§ 105(a) and 363, Federal Rules of Bankruptcy Procedure 7016, 7026, and 9006, and District of Connecticut Local Bankruptcy Rule 7016-1, to Modify Procedures Applicable to Avoidance Claim Adversary Proceedings to Include Procedures for Mediation of Avoidance Actions* [Docket No. 3003] (the "Motion") and (ii) the revised proposed order granting the Motion [Docket No. 3035, Ex. A] (the "Proposed Order").[2]  In support of this Limited Objection to the Chapter 11 Trustee's (the "Trustee") Motion, BBB respectfully states as follows:

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Proposed Order, as applicable.

## PRELIMINARY STATEMENT[3]

1.      BBB does not object to the approval of avoidance action and mediation procedures generally.  As the Trustee noted, such procedures are routinely approved in similar cases to promote efficient administration and expeditious resolution of litigation where, as here, a trustee is prosecuting hundreds of avoidance actions.

2.      However, those procedures must not put the thumb on the scale in favor of any litigant or stack the litigation deck against any party.  Rather, the purpose of these procedures should be to preserve the rights of all parties while permitting the efficient and cost-effective resolution of disputes.   The proposed Amended Procedures contain several provisions that give the Trustee an unfair advantage by foisting burdensome, inappropriate, and expensive procedures on defendants.

3.      As set forth in further detail below, the Amended Procedures should be modified to ensure that defendants are not prejudiced.  As currently drafted, the Amended Procedures would put many defendants at a significant disadvantage by allowing the Trustee to proceed full bore with discovery against many defendants, such as BBB, while at the same time requiring these defendants to simultaneously engage in costly mediations.  This is particularly unfair because the Trustee has had years to develop his strategy and achieve the benefit of economies of scale given the number of adversary proceedings he is prosecuting.

4.      Even worse, the Amended Procedures allow the Trustee to sidestep the basic pleading standards under the Federal Rules by filing basic schedules of transfers under seal and then refusing to provide defendants or their counsel unredacted versions of the schedules unless

---

[3]    Capitalized terms used in this Preliminary Statement shall have the meanings ascribed to them in the body of the Objection.

they consent to an extensive, pre-negotiated protective order *for discovery* that goes far beyond the scope of the contents of the complaint. Schedules of transfers contains the most simple and basic level of facts needed to assert the fundamental elements of *the Trustee's prima facie case* and cannot possibly contain confidential information. Without these schedules, an avoidance complaint does not state a claim for relief under Federal Rules 8 and 9. Defendants should not be required to waste time and resources jumping through procedural hoops where the Trustee fails to reveal and allege some of the most basic facts necessary to state a simple claim for relief.

5.      The Amended Procedures must be modified to rectify these issues. While it is important to promote an expeditious resolution process, that process must also be fair and reasonable to defendants—and in particular, defendants such as BBB that were bona fide vendors who provided valuable goods and services to entities that were allegedly affiliated with the Debtor, who had no knowledge whatsoever of the fraud alleged in the complaint, and are being sued for relatively modest amounts in the context of the very large dollars involved in the Debtor's bankruptcy case.

## BACKGROUND

6.      BBB is an entity that is in the business of providing construction services and building services. Without knowledge of the fraudulent scheme that the Trustee has alleged in its Complaint (as defined below) BBB was retained by one or more entities that the Trustee has alleged was an alter ego to the Debtor to perform construction and related services in connection with the renovation of certain office space at 3 Columbus Circle in New York City. Over the course of slightly less than two years, BBB competently and fully performed these requested services (including, in certain instances, retaining and paying certain subcontractors and suppliers) in good faith.

**A.      The Adversary Proceeding**

7.      On February 9, 2024, Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Ho Wan Kwok (the "Debtor"), commenced the Adversary Proceeding by filing his Adversary Complaint and certain exhibits (the "Schedules") thereto [Adv. Proc. Docket No. 1], attached hereto as **Exhibit A** (collectively, the "Complaint").  The Schedules were filed under seal.

8.      The Complaint seeks avoidance and recovery of prepetition and postpetition transfers in the aggregate amount of $498,972.50.  Compl. ¶¶ 1–5.

9.      Paragraph 35 of the Complaint provides:

> Prior to the Petition Date, the Debtor, using his alter ego shell company Lexington, HCHK Technologies, and GFNY, or otherwise, transferred the Debtor's property to the Defendant (collectively, the "Prepetition Transfers"), including, without limitation, as follows:
>
> See **SCHEDULE A** attached hereto and made a part hereof.

10.      Paragraph 36 of the Complaint provides:

> Subsequent to the Petition Date, the Debtor, through his shell companies, Lexington and HCHK Property, or otherwise, transferred property of the estate to the Defendant (collectively, the "Postpetition Transfers"), including, without limitation, as follows:
>
> See **SCHEDULE B** attached hereto and made a part hereof.

11.      On February 14, 2024, the Trustee filed the *Notice of Applicability of Avoidance Action Procedures* [Adv. Proc. Docket No. 4] (the "Procedures Notice"), which provides that the avoidance action procedures (the "Original Procedures") set forth in the *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 2578] (the "Procedures Order") is made applicable to and governs the Adversary Proceeding.

12.    On March 15, 2024, the Trustee filed the Motion to amend the Original Procedures to incorporate mediation procedures.  On March 22, 2024, the Trustee filed a revised Proposed Order further modifying the Original Procedures (the procedures set forth in the revised Proposed Order, the "Amended Procedures").

13.    On March 22, 2024, counsel to BBB emailed counsel to the Trustee requesting unredacted copies of the Schedules.

14.    On March 26, 2024, counsel to the Trustee advised that the Complaint was filed partially under seal because certain information contained in the Schedules is subject to confidentiality designations by one or more third parties pursuant to the *Protective Order* dated October 6, 2022 [Docket No. 923] (the "Protective Order").  Counsel to the Trustee further advised that pursuant to the Procedures Order, both BBB and Pashman Stein Walder Hayden, P.C. ("Pashman") must execute consents to the Protective Order before the Trustee can provide the unsealed version of the Complaint.

15.    As of the date hereof, neither BBB nor Pashman has executed a consent to the Protective Order and therefore have not received an unsealed version of the Complaint.

16.    Pursuant to a stipulation entered into between the Trustee and BBB, BBB's deadline to respond to the Complaint (the "Response Date") is currently May 15, 2024.  *See* Adv. Pro. Docket No. 9.

## LIMITED OBJECTION

17.    To be clear:  BBB does not object to the approval of avoidance action procedures or mediation generally.  However, the Amended Procedures contain several inappropriate and unfair provisions that desperately need to be revised so that the procedures are

fair, reasonable and to all parties and do not require defendants to sign away their rights merely to

have the opportunity to learn of the alleged transfers that are the basis of the Trustee's complaints.

**I.      Defendants Should Not Be Forced to Consent to a Protective Order to Receive an Unsealed Copy of the Complaint, Including Schedules.**

18.      Paragraph 2(d) of the Amended Procedures provides as follows (emphasis added):[4]

> To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the Protective Order [Main Case ECF No. 923] (the "Protective Order") and the Stipulated Addendum to Protective Order [Main Case ECF No. 2460] (the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), provided, however, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint"). Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004. ***Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective Order and, if applicable, Exhibit A to the P.O. Addendum, the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant.***

19.      Here, BBB cannot even obtain the unsealed Complaint without signing (and

requiring Pashman to sign) the Protective Order.[5]  The Trustee has provided *no authority* for the

proposition that a party must enter into a protective order (let alone a protective order governing

subsequent discovery) in order to have the privilege of reviewing a complaint so that it may file

---

4      BBB is aware that this provision of the Avoidance Action Procedures was already approved pursuant to the Procedures Order.  However, the Trustee did not commence the Adversary Proceeding until *after* the Procedures Order was entered and therefore BBB did not receive notice or have an opportunity to object.  As such, BBB asserts that it is not bound by the Procedures Order.

5      The Protective Order is problematic for several reasons, including, but not limited to, the following:

- Paragraph 5(c) allows *any* party to designate material Confidential or Highly Confidential regardless of whether that party is the producing/disclosing party; however, the disclosing party will almost certainly be in the best position to assess whether information is Confidential/Highly Confidential.

- Paragraph 21 provides:  "Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials."  This statement is not accurate because the Protective Order severely impairs BBB's rights.  If BBB cannot obtain materials referenced in and central to the Complaint, the Protective Order affects BBB's ability to respond to the Complaint.

an answer or other response.  To add insult to injury, the sealed information is, according to the

Complaint filed against BBB, just two lists of transfers—information that could not possibly be

confidential.

20.     Even if the sealed information were confidential (which it is not), there is

no authority or valid reason that BBB or Pashman should be required to enter into an overly broad,

19-page confidentiality order regarding *discovery materials* in order to receive a list of transfers

attached to a complaint.   Nor should a defendant be required to negotiate the terms of a discovery

confidentiality agreement (which goes far beyond whatever confidential information may be in a

complaint) as a condition of merely receiving an unsealed complaint.

21.     Accordingly, the procedures should be modified to provide that, at

minimum, to the extent redacted information in the Complaint is a simple schedule of transfers,

the Trustee must provide defendants and their counsel with unsealed copies of the transfer

schedules without requiring them to sign on to the Protective Order (or any other confidentiality

agreement).

**II.      Provision of Unredacted Schedules of Transfers to Defendants Is Required to Satisfy Applicable Rules of Procedure.**

22.     Without a schedule of transfers, an avoidance complaint cannot satisfy the

requirements in Rule 8 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>") (made

applicable to the Adversary Proceeding pursuant to Rules 7008 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>")) that the complaint must state a claim upon which relief may

be granted.

23.     Federal Rule 8 requires that a complaint must contain "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although Rule 8(a)(2) does not require a pleading to state the elements of a *prima facie* case, it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Motors Liquidation Co.*, 576 B.R. 325, 392 (Bankr. S.D.N.Y. 2017) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 348 (2005)) (citation and internal quotation marks omitted). "Although a court must accept the truth of factual allegations, it need not credit 'a legal conclusion couched as a factual allegation.'" *New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Grp, Plc*, 709 F.3d 109, 120 (2d Cir. 2013) (quoting *Twombly*, 550 U.S. at 555). "Thus, a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

24.     Because the Trustee alleges actual fraud in the Complaint, Federal Rule 9(b) also requires him to "state with particularity the circumstances constituting fraud."  "The rule is designed to provide a defendant with fair notice of a plaintiff's claim, enable preparation of a defense, protect a defendant from harm to his reputation, and reduce the number of strike suits." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993) (citing *DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir.1987).  "To state a plausible claim for an intentional fraudulent transfer under section 548(a)(1)(A), a plaintiff must allege (1) an interest in the debtor's property was transferred; (2) the transfer was made within two years before the petition was filed; and (3) the transfer was made with actual intent to hinder, delay, or defraud creditors. ***Furthermore, the fraud alleged must relate to a specific transfer or payment and not to the overall course of business***." *NCA Investors Liquidating Trust v. A. Pappajohn Construction Co.*

*(In re Seaboard Hotel Member Assocs., LLC)*, Adv. Pro. No. 19-5015 (JAM), 2021 WL 4243444, at *8 (Bankr. D. Conn. Sept. 16, 2021) (emphasis added) (dismissing fraudulent transfer complaint) (citing *In re Sharp Int. Corp.*, 403 F.3d 43, 56 (2d Cir. 2005)) (internal citations omitted). The elements of an actual fraud claim cannot possibly be satisfied without a schedule of transfers.

**III.      Discovery Should Be Stayed Until Conclusion of Mediation for Certain Defendants.**

25.      The Amended Procedures would provide for (a) a stay of Avoidance Actions solely implicating transfers by the Debtor via alter egos ("Omnibus Alter Egos") that are at issue in the Trustee's omnibus declaratory judgment action filed February 15, 2024, *i.e.*, *Luc A. Despins, Chapter 11 Trustee v. ACA Capital Group Ltd.* (Adv. Proc. No. 24-05249) (the "Omnibus Alter Ego Adversary Proceeding"); and (b) a partial stay of Avoidance Actions that implicate both transfers by the Debtor via Omnibus Alter Egos and via alter egos addressed in earlier adversary proceedings. *See Notice of Filing [Revised Proposed] Amended Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3035] at 2. BBB's Adversary Proceeding is listed as an Avoidance Action that would be subject only to a partial stay. *Id.* at Ex. 3-B.

26.      The Amended Procedures should provide for a full stay of discovery on *all* issues while the parties are in mediation so that parties with modest amounts in controversy are not overwhelmed by discovery burdens while they attempt to resolve their adversary proceedings. In addition, due to a desire to reach a resolution (and the mediator's inherent powers), they will have every incentive to provide information sufficient to foster productive settlement discussions with the Trustee. Similarly, initial pretrial conferences should not be scheduled prior to the termination of mediation unless each party consents. The Amended Procedures frustrate the

purpose of mediation by requiring defendants to engage in full-blown litigation discovery on everything except alter ego issues during a process that is intended to promote expeditious and efficient resolutions without burdening the parties with litigation costs.

27.     As described above, BBB had an arms' length third-party agreement to provide construction services to one or more entities purportedly controlled by the Debtor.  BBB provided those services and was completely unaware of the fraud alleged in the Complaint. Discovery should be stayed entirely for BBB and similarly situated parties that have relatively small amounts at stake; these parties should be permitted to mediate without running up unnecessary litigation expenses.  Given the amounts at issue and those defendants' lack of involvement in the Debtor's fraudulent scheme, staying discovery as to all issues will not unfairly prejudice the Trustee because those cases do not involve issues that will affect the proceedings as a whole.  Moreover, if the parties cannot settle, all of the Trustee's rights will be preserved to take all the discovery permitted by the Bankruptcy Rules.

28.     Furthermore, BBB is aware that other defendants have objected to the Amended Procedures and BBB reserves its rights to join in those arguments at the hearing on the Amended Procedures. Without limitation, BBB agrees that the cost of the mediator should be paid exclusively by the Trustee as the party that brought these adversary proceedings.

## **RESERVATION OF RIGHTS**

29.     BBB expressly reserves all of its rights in all respects, including, without limitation, its rights to supplement this Limited Objection, to object to any amended mediation and/or avoidance action procedures proposed by the Trustee or any other party in these chapter 11 cases, and to move for additional and further relief.

## **CONCLUSION**

WHEREFORE, BBB requests (i) that the Proposed Order be revised as set forth herein and (ii) such further and additional relief as the Court deems proper and just.

Defendant Blueberry Builders, LLC

Dated: April 12, 2024         By:   /s/ David B. Zabel
                          David B. Zabel, Esq.
                          Federal Bar No. ct01382
                          Marino, Zabel & Schellenberg, PLLC
                          657 Orange Center Road
                          Orange, CT 06477
                          Tele: (203) 864-4511
                          Fax: (203) 456-8249
                          E-mail: dzabel@mzslaw.com

                          *Local Counsel to Blueberry Builders, LLC*

                                - and –

                          **PASHMAN STEIN WALDER HAYDEN, P.C.**
                          Henry J. Jaffe
                          Gregg H. Hilzer
                          Amy M. Oden
                          1007 North Orange Street
                          4th Floor, Suite 183
                          Wilmington, DE 19801
                          (201) 488-8200

                          *Counsel to Blueberry Builders, LLC*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on April 12, 2024, a copy of the foregoing Notice of Appearance was filed electronically.  Notice of filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF system.

      /s/ David B. Zabel      
David B. Zabel
