# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No: 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## DEFENDANT LEICESTER HILL INFROMATICES LLC'S RESPONSE TO CHAPTER 11 TRUSTEE'S MOTION TO MODIFY PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS TO INCLUDE PROCEDURES FOR MEDIATION OF AVOIDANCE ACTIONS

Leicester Hill Infromatices LLC, the defendant in *Luc A. Despins, Chapter 11 Trustee v. Leicester Hill Infromatices LLC.*, Adversary Proceeding No. 24-05074 (the "Movant"), respectfully submits this response (the "Response") to the *Motion, Pursuant to 11 U.S.C. §§ 105(a) And Federal Rules Of Bankruptcy Procedure 7016, 7026 And 9006, And District of Connecticut Local Bankruptcy Rule 7016-1, To Modify Procedures Applicable To Avoidance Claim Adversary Proceedings To Include Procedures For Mediation Of Avoidance Actions* [ECF No. 3003] filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee") in the above-captioned bankruptcy matter.

### PRELIMINARY STATEMENT

Movant does not object to conducting mediation in these cases. However, the Motion includes mediation provisions that would prevent the defendants from conducting discovery prior to the mediation. Movant considers that such provisions should be revised prior to entry of any Order approving the Motion.

1

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

1. On February 15, 2022 (the "Petition Date"), Ho Wan Kwok (the "Debtor") filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

3. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

4. On January 29, 2024, the Trustee filed his *Motion Pursuant to 11 U.S.C. § 105(a), Federal Rules of Bankruptcy Procedure 7016, 7026, and 9006, and District of Connecticut Local Bankruptcy Rule 7016-1, to Approve Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 2532] (the "Avoidance Procedures Motion"). The Trustee requested that the Court approve Avoidance Action Procedures to govern numerous Avoidance Actions contemplated by the Trustee.

5. On February 7, 2024, the Court entered its *Order Approving Procedures Applicable To Avoidance Claim Adversary Proceedings* [ECF No. 2578] (the "Avoidance Procedures Order") granting the Trustee's Avoidance Procedures Motion.

6. The Trustee commenced adversary proceedings to avoid and recover certain prepetition and postpetition transfers (the "Avoidance Actions"). On February 10, 2024, the

Trustee filed the Complaint against the Movant, seeking to avoid transfers as alleged fraudulent conveyances.

7. On March 15, 2024, the Trustee filed the Motion.

8. On March 22, 2024, the Trustee filed the *Notice of Filing [Revised Proposed] Amended Order Approving Procedures Applicable To Avoidance Claim Adversary Proceedings* [ECF No. 3035] (the "Proposed Amended Order").

9. On March 22, 2024, the Trustee filed a Scheduling Order Regarding Trustee's Motion to Modify Procedures Applicable to Avoidance Claim Adversary Proceedings to Include Procedures For Mediation of Avoidance Actions [ECF No. 3037] (the "Scheduling Order").

10. Pursuant to the Scheduling Order, any responses to the Motion and/or any Supplemental Filings (i.e., any revised proposed order with respect to the Motion) shall be made in writing and filed on or before April 12, 2024. Therefore, this Response is timely.

## MOVANT'S ARGUMENTS

### The Parties Should be Allowed to Conduct Discovery Prior to Mediation

11. Pursuant to ¶2 (h) of the Motion and Proposed Amended Order, soon after the deadline to respond to the Complaints, the parties shall confer pursuant to Civil Rule 26(f) and, thereafter, the parties shall file a joint proposed scheduling order governing discovery, summary judgment, and other pretrial proceedings, subject to Court approval.

12. However, pursuant to ¶2 (j) of the Motion and Proposed Amended Order, upon the filing of a response to the Complaint, the Avoidance Action shall be automatically referred to mediation, and the Avoidance Action shall be "stayed."

13. The Motion and Proposed Amended Order are unclear as to whether this stay of the Adversary Proceeding will also stay the discovery deadlines agreed upon by the parties in their

3

joint scheduling order. However, the Defendants assume that the discovery deadlines will be subject to stay and, therefore, the parties will not be able to conduct discovery while the mediation process is pending.

14.     The discovery process serves the important purposes of expediting the litigation, identifying and narrowing issues, uncovering facts, preserving evidence for trial, and expediting trial preparation by committing parties or witnesses to particular versions of facts.

15.     Moreover, the discovery process also encourages settlements by educating the parties as to the strengths and weaknesses of their respective cases, exposing doubtful claims or defenses, and providing information for an informed case evaluation.

16.     In the Adversary Proceedings, the Trustee asserts four causes of actions against the Movant, involving: 1) Avoidance and Recovery of Actual Fraudulent Transfers Pursuant to Bankruptcy Code sections 548(a)(1)(A) and 550(a); 2) Avoidance and Recovery of Actual Fraudulent Transfers pursuant to New York state law; 3) Avoidance and Recovery of Constructive Fraudulent Transfer Pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550(a); and 4) Avoidance and Recovery of Constructive Fraudulent Transfers Pursuant to New York state law.

17.     We consider that the facts recited in the Complaint in support of the Trustee's causes of action do not provide the Movant with the necessary particularity concerning the specific nature of the fraud claims alleged against the Movant. "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). *Novak v. Rogers (In re Rogers)*, Nos. 18-20833 (JJT), 19-02018 (JJT), 2021 Bankr. LEXIS 5, at *12 (Bankr. D. Conn. Jan. 5, 2021). In addition, a necessary element for the constructive fraudulent conveyance claims is that the transfer involves a "…debtor's interest in property…" *Katz v. Anderson (In re Anderson)*,

623 B.R. 199, 215 (Bankr. D. Conn. 2020). However, based on the allegations in the Complaint, it is not clear that the alleged transfers to the Movant involved Debtor's interest in property.

18. In other words, the Movant does not know why it is being sued by the Trustee. Based on the allegations in the complaint, the Movant can only make an educated guess as to the reasons why the Trustee brought actions against them.

19. Notwithstanding this situation, it appears defendants would be forced to spend time, costs and attorney's fees in participating in a mediation process, without sufficient discovery or without reliable means to fully obtain evidence and understand the facts of the case to defend against such claims.

20. Movant has a well-founded fear that the Avoidance Action and its potential resolution would not be advanced by having discovery restricted prior to conducting mediation.

21. Movant considers that conducting mediation without any discovery would be a futile exercise. Movant would need to conduct some form of discovery to address the Trust's claims against Movant.

22. Therefore, Movant would be severely disadvantaged in the mediation process if it were forced to participate without conducting any form of discovery under such circumstances.

23. Other bankruptcy courts have approved procedures orders implementing mediation procedures in which the defendants can opt out of the mediation, or allowed the parties to conduct informal discovery pending the mediation. See *In re Southern Foods Group, LLC, et al.*, case No. 19-36313-DRJ (Bankr. S.D. Tex. April 20, 2009), ECF No. 3646, p. 2 (Defendants had the option not to opt into the mediation program); *In re Sears Holdings Corporation, et al.*, Case No. 18-

23538-RDD (Bankr. S.D.N.Y. Dec. 26, 2019), ECF No. 6282, Exh. 2, p. 15 ("Procedures order included language incorporated by the Debtor in Possession stating that the parties could exchange documents and information informally in an attempt to resolve the avoidance actions prior to the mediation); In re Port Neches Fuels, LLC, Case No. 22-10500-CTG (Bankr. D. Del. Nov. 21, 2023), ECF No. 211, p. 3 (same).

24. Accordingly, the Movant respectfully requests that the Motion and Proposed Amended Order be revised to allow all defendants to opt out of the mediation process until after discovery is completed, or to allow the parties to conduct either formal or informal discovery prior to the mediation.

WHEREFORE, the Movant respectfully requests that the Court (i) revise the Proposed Amended Order according to this Response, and grant such other and further relief as the Court deems just and proper.

Dated: April 12, 2024.

Respectfully submitted,

**LAW OFFICES OF RONALD I. CHORCHES, LLC.**
By: */s/ Ronald I. Chorches*
Ronald I. Chorches, Esq.
Fed Bar #ct08720
Law Offices of Ronald I. Chorches, LLC
82 Wolcott Hill Rd
Wethersfield, CT 06109
Tel: (860) 563-3955/Fax: (860) 513-1577
Email: ronchorcheslaw@sbcglobal.net
*Counsel for the Movant Leicester Hill Infromatices LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE:<br><br>HO WAN KWOK, *et al.*,<br><br>                 Debtors. | Chapter 11<br><br>Case No: 22-50073 (JAM)<br><br>(Jointly Administered) |

**CERTIFICATE OF SERVICE**

On April 12, 2024, the foregoing was filed in the above-captioned chapter 11 case using the Court's case management/electronic case files system ("CM/ECF"). Notice of this filing was sent via email automatically by operation of CM/ECF on the date hereof to all copies appearing in the above-captioned chapter 11 case eligible to receive electronic notice.

Dated:    April 12, 2024
              Wethersfield, Connecticut

                                        **LAW OFFICES OF RONALD I.**
                                        **CHORCHES, LLC.**
                                        By: */s/ Ronald I. Chorches*
                                        Ronald I. Chorches, Esq.
                                        Fed Bar #ct08720
                                        Law Offices of Ronald I. Chorches, LLC
                                        82 Wolcott Hill Rd
                                        Wethersfield, CT 06109
                                        Tel: (860) 563-3955/Fax: (860) 513-1577
                                        Email: ronchorcheslaw@sbcglobal.net
                                        *Counsel for Movant Leicester Hill*
                                        *Infromatices LLC*