# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>Jointly Administered |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>POST OAK MOTORS, LLC,<br><br>Defendant. | Adv. Proceeding No. 24-05017 (JAM) |

### LIMITED OBJECTION TO PROPOSED AMENDED ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS

Post Oak Motors, LLC ("Post Oak") hereby objects to the motion (the "Motion") of Luc Despins, as Chapter 11 Trustee in the above captioned matter (the "Trustee"), to modify the Court's previously entered *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (ECF No. 2578) (the "Avoidance Procedures Order") to provide for the inclusion of certain Mediation Procedures. In support of this Limited Objection, Post Oak asserts as follows.

---

[1] The Debtors in these Chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**OBJECTION**

To avoid unnecessary duplication in these cases, Post Oak hereby joins in and adopts the Limited Objection of Anthem Healthchoice Assurance, Inc. and Anthem Health Plans, Inc. to the Motion (ECF. No 3084) (the "Anthem Objection") and the Limited Objection of Marcum LLP to the Motion (ECF. No 3088) (the "Marcum Objection," and together with the Anthem Objection, the "Adopted Objections"). In addition, Post Oak objects to the Motion to the extent that the proposed mediation procedures favor the Trustee to the prejudice of Avoidance Defendants.

As set forth in the Adopted Objections, Post Oak neither objects to the concept of mediation itself nor to the majority of the proposed procedures. Post Oak does object, however, to those provisions that favor the Trustee. For example:

- There should not be different rules for the Trustee than there are for the Avoidance Defendants.
    - The Trustee should not be entitled to select the "Mediation Panel", presumably with *ex parte* communications with Judge Tancredi (see Para 2.k), from which a mediator is appointed without any input from the relevant Avoidance Defendant.
    - The conduct of the mediation itself should not be in the office of the Trustee, and should not be limited to occurring in Connecticut or New York (see Para 2.o), especially if Avoidance Defendants are not permitted to appear at the mediation via video-conference, if the mediation schedule will be set by the mediator on only 21 days notice, and if the Avoidance Defendants – who may be obligated to appear in person thousands of miles from their home or business location – can only reschedule the mediation with the Trustee's consent or upon motion to the court (which motion may or may not be heard within the shortened time frame) (See para 2.0).
    - The procedures should not require the appearance of a 'representative' of the Avoidance Defendant but only require the appearance of counsel for the Trustee (see para 2.s).
    - The Trustee cannot be permitted *ex parte* communications with Judge Tancredi or any other mediator.

- The procedures should not allow the "consolidation" of actions without the consent of the relevant Avoidance Defendants (see para 2.l).

2

- It should not require a motion and a showing of "good cause" to decline participation in mediation (see para 2.m).

- The Trustee should not be permitted to unilaterally 'categorize' defendants. Although reasonable on its face, the implication of that categorization is not clear. To the extent categorization is approved, it should be on notice to Avoidance Defendants with an opportunity to be heard, and the practical and legal implications of that categorization needs to be established and approved by this Court.

Each of these provisions can be easily corrected to avoid bias in favor of the Trustee and prejudice to the Avoidance Defendants. The procedures should be amended to provide as follows:

- Any communication with Judge Tancredi or a mediator must be on notice to all relevant Avoidance Defendants.

- If Judge Tancredi believes it necessary, the Trustee, in consultation with Judge Tancredi (on notice to all Avoidance Defendants), shall establish a 'mediation panel,' from which each Avoidance Defendant is entitled to select a mediator.

- The mediation schedule and location should be agreed to by all parties, and each party should be entitled to appear via video conference.

- It should be acceptable for a representative of each party (in person or via videoconference) to attend, which such representative can be counsel, so long as such representative has full settlement authority.

- Each Avoidance Defendant should have the right to opt out of mediation pursuant to the filing of a notice, and should have the right to opt out of any 'consolidation' or 'categorization' through written notice to the Trustee and mediator.

## **CONCLUSION**

Post Oak agrees that reasonable and proper mediation procedures can be in the best interest of the estate and the proceedings. Those procedures, however, must treat the parties equally.

Dated: April 12, 2024
      Stamford, CT

FINN DIXON & HERLING LLP

By: /s/ Henry P. Baer, Jr.
    Henry P. Baer, Jr.
    FINN DIXON & HERLING LLP
    Six Landmark Square
    Stamford, CT 06901-2704
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: hbaer@fdh.com

    And

    Michael S. Neiburg (*pro hac forthcoming*)
    Christopher M. Lambe (*pro hac forthcoming*)
    Young Conaway Stargatt & Taylor, LLP
    Rodney Square
    1000 North King Street
    Wilmington, DE 19801
    Tel: (302) 576-3590
    Email: mneiburg@ycst.com

*Attorneys for Post Oak Motors, LLC*

**CERTIFICATION**

I hereby certify that on April 12, 2024 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Henry P. Baer, Jr.
Henry P. Baer, Jr.
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT 06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: hbaer@fdh.com