UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK, *et al.*,[1]                           :    Case No. 22-50073 (JAM)
                                                    :
            Debtors.                                :    (Jointly Administered)
                                                    :
---------------------------------------------------------x

**GENEVER HOLDINGS LLC'S MOTION TO LIMIT SERVICE, SHORTEN NOTICE, AND SCHEDULE EXPEDITED HEARING REGARDING GENEVER HOLDINGS LLC'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b) AND 554 AND BANKRUPTCY RULE 6007(a), FOR ENTRY OF ORDER (I) AUTHORIZING GENEVER HOLDINGS LLC TO OBTAIN SERVICES NECESSARY TO CLEAN REMAINING AREA OF SHERRY NETHERLAND APARTMENT AND (II) GRANTING OTHER RELATED RELIEF**

Genever Holdings LLC (the "Debtor" or "Genever US"), by and through its undersigned counsel, pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files this motion (the "Motion") requesting entry of an order, substantially in the form attached as **Exhibit 1** hereto, to (a) limit service of *Genever Holdings LLC's Motion, Pursuant to Bankruptcy Code Sections 363(b) and 554 and Bankruptcy Rule 6007(a), for Entry of Order (I) Authorizing Genever Holdings LLC to Obtain Services Necessary to Clean Remaining Area of Sherry Netherland Apartment and (II) Granting Other Related Relief* (the "Cleaning Motion"),[2] (b) shorten notice regarding the Cleaning Motion, and (c)

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Cleaning Motion.

schedule an expedited hearing to consider and determine the Cleaning Motion. In support of this Motion, Genever US respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 6007(a) and 9006(c)(1).

## BACKGROUND

4. On April 24, 2024, Genever US filed its Cleaning Motion, which seeks authorization for Genever US to obtain the services necessary to conduct the Cleaning Project iof the Sherry Netherland Apartment so as to remediate soot and other combustion by-products resulting from the March 15 Fire. The background to the Cleaning Motion is set forth therein, and incorporated by reference into this Motion.

## RELIEF REQUESTED

5. Genever US respectfully requests that the Court enter an order (a) limiting service of the Cleaning Motion to: (i) the Office of the United States Trustee for the District of Connecticut; (ii) counsel for the Individual Debtor; (iii) the Committee; (iv) all parties who have requested notice in the chapter 11 cases pursuant to Bankruptcy Rule 2002; (v) all parties who receive notice in these chapter 11 cases by electronic filing utilizing the Court's electronic filing ("CM/ECF") system to all appearing parties who utilize the CM/ECF system; and (vi) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties"), (b) directing any

2

objections to the Cleaning Motion be raised on or before **May 2, 2024**, and (c) scheduling a hearing with respect to the Cleaning Motion for **May 6, 2024**, subject to the Court's availability.

## BASIS FOR RELIEF REQUESTED

### I.    Limiting Service of Cleaning Motion

6.    Bankruptcy Rule 6007(a) provide that "[u]nless otherwise directed by the court," Genever US is required to "give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and [committees]," and "[a] party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court."

7.    Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

8.    There have been approximately 1,400 claims filed in these chapter 11 cases and the overwhelming majority were filed by individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). Genever US submits that it would be unduly burdensome for the estates to serve the Alteration Agreement Motion on 1,400 parties. Doing so would consume resources that these estates do not have, nor would it serve the interests of the creditors of these estates. Indeed, it is very unlikely that individual creditors would have any interest in reviewing the Cleaning Motion.

9.    Genever US submits that, given the substantial cost of serving approximately 1,400 parties, it is appropriate and is in the best interests of its estate, its creditors, and other parties-in-interest, to limit service of the Cleaning Motion upon the Notice Parties only.

10. Genever US also notes that the Court previously granted similar relief with respect to the service of the Remediation Motion. *See* Docket No. 2212.

**II.     Shortening Notice and Scheduling Expedited Hearing on Cleaning Motion**

11. In addition, pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated. Cause exists to consider and determine the Cleaning upon an expedited basis.

12. As discussed in the Cleaning Motion, Genever US has recently learned from the Hillmann Report that the deposition of soot and other CBP contaminants in the Remaining Area requires cleaning and remediation. The Sherry Netherland also made clear that it insists on Genever US immediately addressing the CBP contamination (as opposed to deferring the issue until after an eventual sale of the apartment) given the Sherry Netherland's concerns that CBPs could potentially cross-contaminate other apartments or common areas in the buildings—via interstitial spaces, chases, plenums, air bands, and elevators.

13. In light of these developments, Genever US has little choice but to proceed now and expeditiously with the Cleaning Project to address Sherry Netherland's concerns. Ultimately, the successful completion of the Cleaning Project will further Genever US's goal of bringing the Sherry Netherland's Apartment to a marketable condition and realizing a value-maximizing transaction for the benefit of the estate.

14. Moreover, it makes the most efficient use of Genever US's estate resources to proceed expeditiously with the Cleaning Project, such that the Cleaning Project can proceed and be completed concurrently with the Remediation Project. As the Court is well aware, the Remediation Project is underway and Genever US anticipates that the Remediation Project will be completed in the next (3) months. As detailed in the Cleaning Motion, many contractors hired

4

by Genever US for the Remediation Project are contractors that Genever US seeks authorization to hire in connection with the Cleaning Project as well. Prompt commencement of the Cleaning Project will streamline the overall process by enabling the simultaneous progression of both the Cleaning Project and ongoing Remediation Project, with the goal of completing both projects by the end of the summer of 2024.

15. Finally, Genever US notes that it only seeking to shorten the usual 14-day objection period by six (6) days to eight (8) days from the date of filing of the Cleaning Motion.

## NO PREVIOUS REQUEST

16. No previous request for the relief sought herein has been made by Genever US to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Trustee requests that the Court issue an order, substantially in the form attached hereto as **Exhibit 1**, and ordering such other and further relief as is just and proper.

Dated:   April 24, 2024
         New York, New York

By: */s/ Luc A. Despins*
Luc A. Despins (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
lucdespins@paulhastings.com
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

   *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

   *and*

Patrick R. Linsey (ct29437)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for Genever Holdings LLC*

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                                                  :   Chapter 11
                                                                          :
HO WAN KWOK *et al.*,                                     :   Case No. 22-50073 (JAM)
                                                                          :
        Debtors.[1]                                           :   Jointly Administered
                                                                          :
---------------------------------------------------------x

**[PROPOSED] ORDER LIMITING SERVICE, SHORTENING NOTICE, AND SCHEDULING EXPEDITED HEARING REGARDING GENEVER HOLDINGS LLC'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b) AND 554 AND BANKRUPTCY RULE 6007(a), FOR ENTRY OF ORDER (I) AUTHORIZING GENEVER HOLDINGS LLC TO OBTAIN SERVICES NECESSARY TO CLEAN REMAINING AREA OF SHERRY NETHERLAND APARTMENT AND (II) GRANTING OTHER RELATED RELIEF**

The Court having considered the motion (the "Motion") seeking to (a) limit service of *Genever Holdings LLC's Motion, Pursuant to Bankruptcy Code Sections 363(b) and 554 and Bankruptcy Rule 6007(a), for Entry of Order (I) Authorizing Genever Holdings LLC to Obtain Services Necessary to Clean Remaining Area of Sherry Netherland Apartment and (II) Granting Other Related Relief* (the "Cleaning Motion"),[2] (b) shorten notice regarding the Cleaning Motion, and (c) schedule an expedited hearing to consider and determine the Cleaning Motion; and good cause appearing, it is hereby ORDERED THAT:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Cleaning Motion.

1. The Motion is granted as set forth herein.

2. Genever US may serve the Cleaning Motion only on:

    i. the Office of the United States Trustee for the District of Connecticut;

    ii. counsel for the Individual Debtor;

    iii. the Committee;

    iv. all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002;

    v. all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system; and

    vi. any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

3. A hearing on the Cleaning Motion shall be held on **May 6, 2024 at [__]:00 [__].m.** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604.

4. The deadline to object to the Cleaning Motion shall be **May 2, 2024 at 5:00 [__].m.**

5. Genever US is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                   :    Chapter 11
:
HO WAN KWOK *et al.*,                    :    Case No. 22-50073 (JAM)
:
Debtors.⁵                                :    Jointly Administered
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 24, 2024, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

| | | |
|---|---|---|
| Dated: | April 24, 2024<br>New York, New York | By: */s/ G. Alexander Bongartz*<br>G. Alexander Bongartz (admitted *pro hac vice*)<br>Douglass Barron (admitted *pro hac vice*)<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6000<br>alexbongartz@paulhastings.com<br>douglassbarron@paulhastings.com<br><br>*Counsel for Genever Holdings LLC* |

---

⁵ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).