**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK *et al.*, | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |
-------------------------------------------------------x

**NOTICE OF CHAPTER 11 TRUSTEE UPDATING PARTIES IN INTEREST WITH RESPECT TO DEBTOR'S CRIMINAL PROCEEDINGS PENDING IN UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK**

Luc A. Despins, as chapter 11 trustee (the "Trustee") for Ho Wan Kwok (the "Debtor"), wishes to provide the Court and parties in interest with an update regarding the criminal case [Case No. 1:23-cr-00118-AT] (the "Criminal Case") pending in the United States District Court for the Southern District of New York (the "SDNY Court") against the Debtor and Yanping "Yvette" Wang ("Defendant Wang").

In particular, on May 3, 2024, Defendant Wang agreed to plead guilty with respect to one count of conspiracy to commit wire fraud and one count of conspiracy to commit money laundering. A copy of the letter agreement documenting Defendant Wang's plea is attached hereto as **Exhibit A**.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:    May 6, 2024
          New York, New York

By: */s/ G. Alexander Bongartz*
G. Alexander Bongartz (admitted *pro hac vice*)
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
alexbongartz@paulhastings.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, et al.,¹                   :    Case No. 22-50073 (JAM)
                                        :
            Debtors.                    :    (Jointly Administered)
                                        :
-------------------------------------------------------x
```

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 6, 2024, the foregoing Notice was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Dated:    May 6, 2024
          New York, New York

                          By: */s/ G. Alexander Bongartz*
                          G. Alexander Bongartz (admitted pro hac vice)
                          PAUL HASTINGS LLP
                          200 Park Avenue
                          New York, New York 10166
                          (212) 318-6079
                          alexbongartz@paulhastings.com

                          *Counsel for the Chapter 11 Trustee*

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## Exhibit 1



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 2, 2024

**By Email**
Brendan Quigley
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
Email: brendan.quigley@bakerbotts.com

  **Re:**   *United States v. Yvette Wang*, S4 23 Cr. 118 (AT)

Dear Mr. Quigley:

  On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Yvette Wang, a/k/a "Yanping," a/k/a "Y" ("the defendant") to the above-referenced two-count Superseding Information (the "Information").

  Count One charges the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371. Count One carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

  Count Two charges the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 371. Count Two carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

  The total maximum term of imprisonment on Counts One and Two is ten years.

  In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (1) conspiring to participate in a fraud scheme with Miles Guo and Kin Ming Je, among others, to raise money through entities or organizations including GTV Media Group, Inc., the Himalaya Farm Alliance, G|CLUBS, and the Himalaya Exchange between in or about 2018 and in or about May 2023 (the "Fraud Scheme"); and (2) conspiring to launder the criminal proceeds derived from the Fraud Scheme between in or

2023.11.18

about 2018 and on or about March 15, 2023, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Counts One and Two of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28 United States Code, Section 2461(c): a sum of money equal to approximately $1.4 billion in United States currency, representing proceeds traceable to the commission of said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court. In addition to the foregoing, the Court must order restitution as specified below.

**A. Offense Level**

The November 1, 2023 edition of the Guidelines manual applies in this case.

Count One (Wire Fraud Conspiracy)

1.   Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level for Count One is six.

2.   Pursuant to U.S.S.G. § 2B1.1(b)(1)(P), because the loss amount is greater than $550,000,000, 30 levels are added.

3.   Pursuant to U.S.S.G. § 2B1.1(b)(2)(A(i)), because the offense involved 10 or more victims, two levels are added.

4.   Pursuant to U.S.S.G. § 2B1.1(b)(9)(A)-(C), because the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency; (B) made a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding; or (C) committed a violation of any prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the Guidelines, two levels are added.

5.   Pursuant to U.S.S.G. § 2B1.1(b)(10)(A) and (C), because the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials, and the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, two levels are added.

In accordance with the above, the applicable Guidelines offense level for Count One is 42.

Count Two (Money Laundering Conspiracy)

6.   Pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level for Count Two is the offense level for the underlying offense from which the laundered funds were derived, because the defendant committed the underlying offense, namely the offense described in Count One, and the offense level for that offense can be determined.  Accordingly, the base offense level is 42, the same offense level for Count One.

In accordance with the above, the applicable Guidelines offense level for Count Two is 42.

Grouping

7.   Pursuant to U.S.S.G. § 3D1.2(b) and (c), Counts One and Two are grouped together (the "Group") because they involve the same victims and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan, and one of the counts (Count One) embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the Guidelines applicable to another of the counts (Count Two).

8.   Pursuant to U.S.S.G. § 3D1.3(a), the offense level for the Group is the offense level for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group.  Accordingly, because highest offense level of the counts in the Group is 42 for both Count One and Count Two, the total offense level for the Group is 42.

Chapter 3 Enhancements

9.   Pursuant to U.S.S.G. § 3B1.1(b)(2)(C), because the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive, three levels are added.

10. Pursuant to U.S.S.G. § 3C1.1, because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, two levels are added.

11. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. In accordance with the above, the applicable Guidelines offense level is 44. Pursuant to U.S.S.G. § 5A, note 2, an offense level of greater than 43 is to be treated as an offense level of 43. The offense level is therefore 43.

In accordance with the above, the applicable Guidelines offense level is 43.

### B. Criminal History Category

Based upon the information now available to this Office, the defendant has zero convictions and zero criminal history points, resulting in a criminal history category of I.

### C. Sentencing Range

Based upon the calculations set forth above, the defendant's sentencing range is life imprisonment. Pursuant to U.S.S.G. § 5G1.1(a), because the statutory maximum term of imprisonment on Counts One and Two is 120 months, which is less than the applicable Guidelines range, the statutorily authorized maximum sentence of 120 months shall be the Guidelines sentence (the "Stipulated Guidelines Sentence"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At offense level 43, the applicable fine range is $50,000 to $500,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Sentence set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Sentence based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Sentence (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an

enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be different than the Stipulated Guidelines Sentence set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence at or below the Stipulated Guidelines Sentence of 120 months' imprisonment and (ii) that the Government will not appeal any sentence at the Stipulated Guidelines Sentence. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $500,000, and the Government agrees not to appeal any fine that is greater than or equal to $50,000. The defendant also agrees not to appeal or bring a collateral challenge of any forfeiture amount that is less than or equal to $1.4 billion, and the Government agrees not to appeal any forfeiture amount that is greater than or equal to $1.4 billion. The defendant also agrees not to appeal or bring a collateral challenge of any restitution amount that is less than or equal to $1.4 billion, and the Government agrees not to appeal any restitution amount that is greater than or equal to $1.4 billion. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to

assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of

limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By:    _____
Juliana N. Murray / Ryan B. Finkel /
Micah F. Fergenson / Justin R. Horton
Assistant United States Attorney
(212) 637-2314 / -6612 / 2190 / -2276

APPROVED:

_____
KATHERINE C. REILLY
Chief, Complex Frauds & Cybercrime Unit

AGREED AND CONSENTED TO:

_____          5/3/2024
YVETTE WANG                                                DATE

APPROVED:

_____          5/3/24
BRENDAN QUIGLEY                                         DATE
Attorney for Yvette Wang

2023.11.18