```
                             UNITED STATES BANKRUPTCY COURT
                                DISTRICT OF CONNECTICUT
                                   BRIDGEPORT DIVISION


IN RE:                              .    Chapter 11
                                    .    Case No. 22-50073 (JAM)
HO WAN KWOK, et al.,                .
                                    .
                                    .    Courtroom 123
                                    .    Brien McMahon Federal Building
                                    .    915 Lafayette Boulevard
                                    .    Bridgeport, Connecticut 06604
            Debtors.                .
                                    .    Monday, May 6, 2024
. . . . . . . . . . . . . . . .          12:00 p.m.

                              TRANSCRIPT OF HEARING
                   BEFORE THE HONORABLE JULIE A. MANNING
                        UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

For the Chapter 11
Trustee:                    Luc A. Despins, Esquire
                            Alex Bongartz, Esquire
                            PAUL HASTINGS, LLP
                            200 Park Avenue
                            New York, New York 10166

                            Patrick R. Linsey, Esquire
                            NEUBERT PEPE & MONTEITH, P.C.
                            195 Church Street
                            13th Floor
                            New Haven, Connecticut 06510


Audio Operator:             Electronically recorded

Transcription Company:      Reliable
                            The Nemours Building
                            1007 N. Orange Street, Suite 110
                            Wilmington, Delaware 19801
                            Telephone: (302)654-8080
                            Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
 1  APPEARANCES:

 2  For the U.S. Trustee:      Holley L. Claiborn, Esquire
                               UNITED STATES DEPARTMENT OF JUSTICE
 3                             OFFICE OF THE UNITED STATES TRUSTEE
                               The Giaimo Federal Building
 4                             150 Court Street, Room 302
                               New Haven, Connecticut 06510
 5
    For The Sherry-
 6  Netherland, Inc.:          Taruna Garg, Esquire
                               MURTHA CULLINA LLP
 7                             107 Elm Street
                               Four Stamford Plaza, Suite 1101
 8                             Stamford, Connecticut 06902

 9                             Sherry Millman, Esquire
                               HOGAN LOVELLS US LLP
10                             390 Madison Avenue
                               New York, New York 10017
11
    For Pacific Alliance
12  Asia Opportunity Fund:     Stuart M. Sarnoff, Esquire
                               O'MELVENY & MYERS, LLP
13                             Times Square Tower
                               7 Times Square
14                             New York, New York 10036

15                             Annecca H. Smith, Esquire
                               ROBINSON & COLE, LLP
16                             280 Trumbull Street
                               Hartford, Connecticut 06103

17

18

19

20

21

22

23

24

25
```

<mark>3</mark>

|   |                                                    |      |
|---|----------------------------------------------------|------|
| 1 | <u>INDEX</u>                                       |      |
| 2 | <u>MOTIONS</u>:                                    | <u>PAGE</u> |
| 3 | Matter #3003: #3128; Motion for Order / Genever Holdings LLCs Motion, Pursuant to Bankruptcy Code Sections 363(b) and 554 and Bankruptcy Rule 6007(a), for Entry of Order (I) Authorizing Genever Holdings LLC to Obtain Services Necessary to Clean Remaining Area of Sherry Netherland Apartment and (II) Granting Other Related Relief Filed by Luc A. Despins on behalf of Luc A. Despins, Genever Holdings LLC, Chapter 11 Trustee, Debtor | 6 |
|   | Court's Ruling:                                    | 11   |

```
 1            (Proceedings commenced at 12:04 p.m.)
 2            THE CLERK:  Case No. 22-50073, Ho Wan Kwok.
 3            THE COURT:  Good afternoon.  We have one matter on
 4  the calendar, 12 p.m.  So, I ask the parties to please note
 5  their appearance for the record starting with Trustee
 6  Despins, please.
 7            MR. DESPINS:  Good afternoon, Your Honor.  Luc
 8  Despins, Chapter 11 Trustee.
 9            MR. BONGARTZ:  Good afternoon, Your Honor.  This
10  is Alex Bongartz of Paul Hastings for the Chapter 11 Trustee
11  and for Genever Holdings LLC.
12            THE COURT:  Good afternoon.
13            MR. LINSEY:  Good afternoon, Your Honor.  Patrick
14  Linsey, Connecticut counsel for the Trustee and Genever
15  Holdings LLC, debtor.
16            THE COURT:  Good afternoon.
17            MR. SARNOFF:  Good afternoon, Your Honor.  Stuart
18  Sarnoff, O'Melveny & Meyers, on behalf of the creditor.
19            THE COURT:  Good afternoon.
20            MS. SMITH:  Good afternoon, Your Honor.  Annecca
21  Smith, Robinson & Cole, Connecticut counsel for creditor
22  Pacific Alliance.
23            THE COURT:  Good afternoon.
24            MS. MILLMAN:  Good afternoon, Your Honor.  Sherry
25  Millman from Hogan Lovells on behalf of Sherry-Netherland.
```

1              THE COURT:  Good afternoon.
2              MS. GARG:  Good afternoon, Your Honor, Taruna Garg
3   of Murtha Cullina, Connecticut counsel for Sherry-Netherland.
4              THE COURT:  Good afternoon.
5              MS. CLAIRBORN:  Good afternoon, Your Honor.  Holly
6   Claiborn for the U.S. Trustee.
7              THE COURT:  Good afternoon.
8              All right. Then on the calendar today is the
9   Trustee's motion for an order authorizing Genever Holdings to
10  obtain services necessary to clean remaining areas of the
11  Sherry-Netherland apartment and other related relief and I
12  saw on Friday that no objections to the motion have been
13  filed.  Obviously, there was a request made for this hearing
14  to be held remotely which was granted.
15             So, how would you like to proceed, Trustee
16  Despins?
17             MR. DESPINS:  Mr. Bongartz will handle this, Your
18  Honor, but before we jump into this, I wanted to advise the
19  Court of the fact that on Friday morning of last week Yvette
20  Wang plead guilty to two counts in the criminal case; one
21  count of conspiracy to commit wire fraud and one count of
22  conspiracy to commit money laundering. Those two counts, you
23  know, could have a maximum sentencing provision of ten years
24  in total.  My understanding, based on the written fee
25  agreement we've obtained, is that she has agreed to not

1  oppose a sentence that would be 10 years or less.  And, of
2  course, this plea agreement means that she is not going to be
3  involved in the trial going forward because there are no
4  charges other then those charges that remain with respect to
5  her.
6          So, we want to make sure the Court knows that
7  that's relevant to each decade because remember that there
8  was a request to adjourn -- to extent the answer deadline
9  because of the criminal trial that she was participating in
10 or about to participate in.  Of course, that is no longer the
11 case, but I wanted Your Honor to be aware of that plea
12 agreement.
13         THE COURT:  Thank you.
14         MR. DESPINS:  I will turn it to Mr. Bongartz to
15 cover the motion that is before the Court.
16         MR. BONGARTZ:  Good afternoon, Your Honor.  Alex
17 Bongartz again on behalf of the Trustee and in particular
18 also Genever Holdings LLC, who is the movant on the agenda
19 today.
20         So, the motion before the Court and the only
21 matter on today's agenda is the motion to approve the
22 cleaning of the remaining area in the Sherry-Netherland
23 apartment. Its at Docket No. 3128.  Specifically, the
24 cleaning services would be spearheaded by Dry Fast DKI, they
25 are the principal contractor on this project.  Their proposal

1   was attached to the motion.  Services include, primarily
2   deconstructing the ceiling, cleaning the plenum, cleaning the
3   walls, etc.
4           As indicated in the motion there is, obviously, a
5   lot of ancillary work that needs to be done in connection
6   with that including construction supervision which would be
7   handled by the current general contractor for the remediation
8   project, but also other companies and vendors would be
9   required including to conduct asbestos abatement.  All of
10  this is further detailed in the motion and I would be happy
11  to dive into any questions the Court has on these matters,
12  but I wanted to make one or two initial observations and then
13  we can certainly dive into details or address questions.
14          The first one is that the total cost, as indicated
15  and detailed in the motion is approximately $650,000.  That
16  cost will be funded under the existing inter-debtor DIP
17  facility which, as Your Honor may recall, has a $2 million
18  borrowing capacity and we're not near that capacity even if
19  you include the 650 under this project.
20          The other important point here, still on the DIP,
21  is that the DIP obligations, as Your Honor will recall, are
22  superpriority administrative expense claims made against
23  Genever.  So, there is certainty of repayment under that DIP
24  obligation.
25          The next point I wanted to mention is that, as

1  Your Honor noted, there were no objections filed to the
2  motion and so I am not going to -- I wasn't planning on
3  walking through each and every item of service to be
4  provided, but again happy to address any questions.
5      The third point I wanted to raise is a little bit
6  of background as to how we got here because as Your Honor
7  will recall, we had previously filed a motion over the summer
8  seeking authorization to conduct remediation in what you
9  referred to as the source area which is a source area where
10 the fire that happened on March 15th originated and occurred;
11 however, recently, as a result of testing that was done in
12 the source area for soot, char and other combustion biproduct
13 we also are -- testing was also conducted in the remaining
14 area.
15     The remaining area we had not focused on in
16 particular because initially, shortly after the fire, the
17 insurance company had arranged for and agreed to pay for an
18 initial cleaning of the apartment and we had been operating
19 under the assumption that in light of the cleaning no further
20 remediation was necessary at that time.  And to the extent
21 some remediation was still needed, our expectation was that
22 an eventual buyer would take on that project in connection
23 with a larger renovation which we also anticipate will happen
24 if and when we identify an eventual buyer.
25     In light of these initial circumstances, we did

1   not press for further cleaning and also in order to save the
2   estate, the general estate, money and resources, but as I
3   mentioned in light of the testing that was conducted in
4   February of this year we learned that there are soot and
5   other CPB's in that remaining area and we engaged in
6   discussions with The Sherry-Netherland as to what their
7   position on this as a result of this testing.
8          They have informed us that request does not insist
9   on the project -- the cleanup being conducted now because of
10  the potential, as The Sherry-Netherland, believes that the
11  CPB could affect other apartments and common areas in the
12  building.  Obviously, we share that concern somewhat but,
13  obviously, we need to cooperate with The Sherry-Netherland
14  here in light of that.  We have determined to proceed now.
15         I should also note, of course, that completing the
16  cleaning project will also benefit the sale process because
17  it will allow us to market the apartment as having been
18  cleaned as well which, obviously, saves any future buyer
19  resources.
20         Final point on the sale process, because we
21  mentioned it briefly in our motion, the outside date to
22  conduct a sale process was extended with the consent of the
23  parties to now October 31st. So, there is an additional six
24  months beyond the prior April 30th deadline to which the
25  parties have agreed.

1       Those are all the comments I prepared for now, but
2  happy to address any questions Your Honor may have.  Thank
3  you.
4       THE COURT:  Thank you. I do not have any questions
5  at this time. I did review the motion when it was filed for a
6  few reasons including the fact that there was a request for
7  an expedited hearing on the motion.  So, I did review it. I
8  note Trustee Despins has spoken about the relief sought in
9  the motion even before today's hearing.  So, I do not have
10 any questions.  So, thank you.
11      Is there anyone else that would like to be heard
12 in connection with the motion?
13      MS. MILLMAN:  Yes, Your Honor. Its Sherry Millman,
14 again, with Hogan Lovells on behalf of The Sherry-Netherland.
15      We fully support the motion. I wanted to clarify
16 one aspect when we talk about The Sherry-Netherland
17 requesting or insisting. Its really requesting assurance with
18 proprietary relief to which the shareholder is obligated.
19 The proprietary lease specifically requires that the
20 apartment be kept clean, preserved and present a number of
21 things, but orders or unnecessary harm to other occupants to
22 the building.  And because there is this risk, particularly
23 as we get to the former months, and because there is no buyer
24 on the horizon to undertake this work, you know, we have
25 requested that it be done in accordance with the proprietary

1  lease.
2       The other aside comment I just wanted to make, and
3  I know this is not before Your Honor today, is that we saw in
4  the papers the preservation of rights to go against the
5  insurance company and anecdotally this very work is being
6  done in apartments adjacent, above, below the 18th floor as a
7  result of the fire unfortunately.  Its just a result of it.
8  And that work is being covered by those insurance companies,
9  you know, of those shareholders.
10      So, it certainly, as a creditor of the Genever
11 estates, our hope and expectation is that should this Court
12 find (indiscernible) the insurance company is liable that it
13 will be taking on these costs.  Thank you, Your Honor.
14      THE COURT:  Thank you.  Does anyone else wish to
15 be heard?
16     (No verbal response)
17      THE COURT:  Okay. Attorney Bongartz, I've looked
18 at the proposed order that you have submitted -- that was
19 submitted, excuse me, with the motion and it looks fine.
20 There are some -- we would have to add the hearing date in
21 the order on page 2 of the order.  We can do that though,
22 Attorney Bongartz.  You don't need to do that, okay.
23      I am just looking.  Its fine, that is the only
24 thing that needs to change form the -- I mean, sometimes in
25 these orders I have deleted certain language.  I do think

1  that there are legal and factual basis, as set forth in the
2  motion, to establish cause for the relief that you are
3  seeking and that is being granted.
4              I do find that the relief that you are seeking is
5  in the best interest of the Genever US estates and creditors
6  especially because, obviously, without the work being
7  performed the apartment, not only as Attorney Millman has
8  stated, there is a proprietary lease in the -- there are
9  provisions with regard to that lease regarding the condition
10 of the apartment and it needs to be maintained as best as
11 possible in that condition under the circumstances, but,
12 obviously, the parties have talked about that, and obviously,
13 because the Trustee is interested in trying to liquidate the
14 apartment for the benefit of creditors then I have no further
15 changes to the proposed order other then entering the date of
16 today's hearing.
17             Is there anything else, Attorney Bongartz, that
18 you need to tell me with regard to the proposed order or any
19 other relief that was sought in the motion?
20             MR. BONGARTZ:  No, Your Honor.
21             THE COURT:  Okay.  Thank you.  Then for the
22 reasons stated on the record and upon review of the motion
23 authorizing Genever Holdings to obtain services necessary to
24 clean remaining areas of The Sherry-Netherland apartment and
25 granting other related relief, again, noting for the record

1  no objections were filed to the motion, there is no party
2  participating in this hearing today that is objecting to the
3  motion. The Sherry-Netherland apartment is represented by
4  counsel who has stated the position of The Sherry-Netherland
5  on the record which supports the motion, but also refers to
6  specific provisions of the proprietary lease which are,
7  obviously, the leases in effect and it was important to point
8  those out, I agree.
9           For all those reasons, the Court finds that under
10 Section 363(b) and 554 of the Bankruptcy Code that the motion
11 is granted and the proposed order will enter.
12           MR. BONGARTZ:  Thank you, Your Honor.
13           THE COURT:  Is there any other business we need to
14 attend to today?
15           Trustee Despins, I heard what you said and I
16 understand what occurred. I don't have the specifics
17 necessarily you have, but I don't think I need them.  Of
18 course, that is up to you to determine whatever you think
19 needs to be filed, if anything, in these jointly administered
20 cases.  I understand that you are -- that that will impact
21 certain matters in this Court, I suppose, including possibly
22 issues related to pending adversary proceedings and motions.
23 Any you will -- you and your counsel will, I'm sure,
24 highlight those for the Court.
25           MR. DESPINS:  Correct, Your Honor.

1  THE COURT: Anything further that we need to
2  discuss today?
3  MR. DESPINS: Not from our point of view, Your
4  Honor.
5  THE COURT: Anyone else wish to be heard this
6  afternoon?
7  (No verbal response)
8  THE COURT: Thank you all. The motion is granted.
9  The proposed order will enter. I think we have hearings next
10 week as well in the case, I think on the 14th.
11 MR. BONGARTZ: Yes, Your Honor.
12 THE COURT: So, we will deal with those matters
13 during the hearings next week.
14 Thank you, all. That was the only matter on
15 today's calendar. So, Court is adjourned.
16 (Proceedings concluded at 12:21 p.m.)
17
18
19
20
21
22
23
24
25

```
 1                         CERTIFICATION
 2           I certify that the foregoing is a correct
 3   transcript from the electronic sound recording of the
 4   proceedings in the above-entitled matter to the best of my
 5   knowledge and ability.
 6
 7   /s/ William J. Garling                    May 9, 2024
 8   William J. Garling, CET-543
 9   Certified Court Transcriptionist
10   For Reliable
```