**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
:
In re:                                          :   Chapter 11
:
HO WAN KWOK, *et al.,*                           :   Case No. 22-50073 (JAM)
:
Debtors.[1]                      :   Jointly Administered
:
---------------------------------------------------x

**COVERSHEET FOR FIRST INTERIM FEE**
**APPLICATION OF UK BARRISTERS**

Interim Application of:         Paul Wright and Peter Shaw KC
Time Period:                    January 1, 2023 through February 29, 2024
Bankruptcy Petition Filed:      February 15, 2022
Date of Entry of Retention Order:   December 14, 2022 [ECF No. 1240] (effective as of
                                November 1, 2022).

| **Amount Requested**[2] | | **Reductions** | |
|---|---|---|---|
| Fees: | £6,905.00 | Voluntary Fee Reductions: | none |
| Expenses: | £0.00 | Voluntary Expenses Reductions: | none |
| **Total:** | **£6,905.00** | | |

| **Fees Previously Requested**[3] | | **Retainer Request** |
|---|---|---|
| Requested Fees: | $0.00 | None |
| Awarded Fees: | $0.00 | |
| Paid Fees: | $0.00 | |

| **Expenses Previously Requested** | | **Expense Detail** | |
|---|---|---|---|
| Requested Expenses: | $0.00 | Retainer Received: | Not applicable |
| Awarded Expenses: | $0.00 | Copies per page cost & total: | Not applicable |
| Paid Fees: | $0.00 | | |

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Mr. Wright requests allowance of fees is in the amount of £4,805.00, which is approximately $6,041.00 based on the conversion rate as of May 14, 2024. In addition, Mr. Wright's colleague at 9 Stone Buildings, Mr. Shaw KC, requests allowance of fees in the amount of £2,100.00, which is approximately $2,640.00 based on the conversion rates as of May 14, 2024.

[3]   As detailed below, Mr. Wright previously submitted two invoices to Paul Hastings LLP, which were included as expenses on Paul Hastings' first and second interim fee applications, both of which have been approved by this Court.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                 :

In re:                       :     Chapter 11
                                 :

HO WAN KWOK, *et al.,*     :     Case No. 22-50073 (JAM)
                                 :

       Debtors.[1]       :     Jointly Administered
                                 :

------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF UK BARRISTERS FOR COMPENSATION**
**FOR PERIOD FROM JANUARY 1, 2023 THROUGH FEBRUARY 29, 2024**

Pursuant to sections 105(a), 328, 330, and 331 of title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim Compensation Order"), Paul Wright and Peter Shaw KC (together, the "Applicants"), as United Kingdom barristers to Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby file this *First Interim Application of UK Barristers, for Compensation and Reimbursement of Expenses for the Period from January 1, 2023 through February 29, 2024* (the "Application"). By this Application, the

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Applicants request interim allowance of professional fees incurred during the period from January 1, 2023 through and including February 29, 2024 (the "Application Period") in these chapter 11 cases.  In support of this Application, the Applicants respectfully state as follows:

### JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.      The Applicants believe that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2]  The Applicants respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.      Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application; and

- **Exhibit B** contains the detail of the fees and expenses incurred during the Application Period.

---

[2]     Mr. Wright reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

**BACKGROUND**

5.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary

petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District

of Connecticut (Bridgeport Division) (the "Court").

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of

Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.  No examiner

has been appointed in the Individual Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF

No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee

in the Individual Debtor's chapter 11 case.

8.      Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins

as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A.

Despins as the Trustee in the Individual Debtor's chapter 11 case.

9.      By order entered December 14, 2022, the Court authorized Mr. Wright's retention

as barrister in the United Kingdom for the Trustee [ECF No. 1240] (the "Retention Order")

effective as of November 1, 2022 in the Debtor's chapter 11 case.  The Retention Order

authorizes Mr. Wright to be compensated on an hourly basis and reimbursed for actual and

necessary out-of-pocket expenses pursuant to sections 328 and 330 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.  Mr. Wright is a

barrister at 9 Stone Buildings, at which Mr. Shaw KC is also a barrister.

10.      Prior to this Application, Mr. Wright submitted two invoices to Paul Hastings

LLP, dated February 7, 2023 and April 25, 2023, respectively.  Paul Hastings paid $10,478.43

and $1,091.59 to Mr. Wright on account of these two invoices and requested reimbursement of

these payments in its first and second interim fee applications [Docket Nos. 1831 and 2051], which the Court approved. *See* Docket Nos. 1964 and 2190.

11.     In addition, as part of the fee application of the Trustee's UK solicitor, Pallas Partners LLP ("Pallas"), dated December 27, 2023 [Docket No. 2475], Pallas sought reimbursement of a third invoice submitted by Mr. Wright to Pallas Partners LLP. At the request of the U.S. Trustee, Pallas removed that invoice from their fee application. The Applicants are now filing this standalone Application requesting approval of fees incurred since January 1, 2023. For the avoidance of doubt, the Applicants will file fee applications going forward.

12.     On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

### <u>ALLOWANCE REQUEST</u>

13.     The Applicants are applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

14.     For the Application Period, the Applicants seek allowance of £6,905.00 as compensation for services rendered. The Applicants devoted 22.75 hours to this case during the Application Period.

15.     Throughout the Application Period, the Applicants maintained records to indicate the time spent on a particular issue, and the nature of the work performed. These records, which describe in detail the services rendered by the Applicants, were created at the approximate time the services were performed.

16.    Annexed hereto and made a part hereof as **Exhibit B** is a detailed billing report, upon which this application is based that contains the professional's time for the Debtor's bankruptcy case, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates, the time spent in rendering such service, and the value of such services.

## Summary of Services Rendered

17.    Upon being formally instructed, the Applicants were asked to provide representation of the Trustee in United Kingdom court hearings in connection with the English litigation proceedings (the "UBS Action") brought by the Debtor, Ace Decade Holdings Limited ("Second Claimant") and Dawn State Limited ("Third Claimant") (both BVI companies) against UBS AG (the "Defendant") (Case CL-2020-000345), which litigation concerns property of the Debtor's estate.

18.    In consultation with Pallas Partners LLP, the solicitors retained by the Trustee[3] to represent the Trustee's interests in several matters pending in the United Kingdom, the Applicants have advised the Trustee on the UBS Action, including with respect to cost management.  The UBS Action is for a substantial sum – approximately £500 million.  The Debtor and the Second and Third Claimants claim that they are beneficially entitled to any recoveries in the UBS Action.  The Trustee has contended that he is entitled to control the Second and Third Claimants and that any recoveries would be for the benefit of the Bankruptcy estate.  He applied to the High Court of Justice in England for an order staying the UBS Action, pending determination of claims issued by him in the BVI as to control of those Claimants.  The hearing of the Trustee's application for a stay was listed to be heard in March 2024 for a one-day

---

[3]    The application to retain Pallas Partners LLP was authorized by order dated March 24, 2023 [Docket No. 1596].

hearing.  The Second Claimant and Third Claimant indicated that they intended to instruct a King's Counsel (*i.e.*, a barrister of senior standing) to represent them at that hearing.  In response, the Trustee and his English solicitors considered that, given the importance and value of the claim, he ought to instruct a counsel of similar seniority.  For that reason, Mr. Shaw KC was retained to lead Mr. Wright as junior counsel.

19.    The work undertaken by the Applicants to date has been significant, involving strategic input and advice, including as it relates to the Trustee's motion to stay the UBS Action. This work remains ongoing.

**Prior Application**

20.    No prior application for the relief requested has been made.

**Legal Authority for Compensation**

21.    All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

22.    Applicants respectfully submit that their services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy matters.  The legal services for which such compensation is requested were performed for and on behalf of the Trustee.  Such services have been necessary to protect and enforce the rights and interests of the Trustee in connection with these chapter 11 cases.  The reasonable value of services rendered by the Applicants in these cases is based upon the Applicants' usual hourly rates for matters of this nature.

23.    Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicants submit that the amount sought for the Application Period represents reasonable compensation for

professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

24.　　Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[4]

25.　　In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

26.　　In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express,*

---

[4]　　Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

*Inc.*,[5] while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[6]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

---

[5]   The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[6]   The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress.  *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

27.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by the Applicants is fair and reasonable.

### Statutory Compliance

28.     No agreement or understanding exists between the Applicants and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  The Applicants will not, in any form or guise, share or agree to share compensation for services with any person, nor will the Applicants share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

### RESERVATION OF RIGHTS

29.     To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or the Applicants have for any reason not sought compensation or reimbursement with respect to such services, the Applicants reserve the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, the Applicants do not waive, and expressly reserve, their right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

### NO PRIOR REQUEST

30.     No previous request for the relief sought herein has been made to this Court or any other court.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**WHEREFORE**, the Applicants respectfully request entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of £6,905.00, (ii) authorizing and directing prompt payment of the unpaid fees and expenses in the total amount of £6,905.00 from the Debtor's estate, (iii) allowing such compensation and payment for professional services rendered without prejudice to the Applicants' right to seek further compensation and/or payment from the Debtor's estate for the full value of services performed and expenses incurred, and (iv) granting the Applicants such other and further relief as is just.

Dated: May 14, 2024
      London, United Kingdom

By:_____
      Paul Wright
      9 Stone Buildings Barristers' Chambers
      Lincoln's Inn
      London, WC2A 3 NN United Kingdom
      Telephone: +44 20 7404 5055
      Email: clerk@9stonebuildings.com

      *United Kingdom Barrister to Luc A.*
      *Despins, Chapter 11 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| HO WAN KWOK, et al., | )    Case No. 22-50073 (JAM) |
| | ) |
| | )    (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 14, 2024, the *First Interim Application of UK Barristers for Compensation and Reimbursement of Expenses for the Period from January 1, 2023 through February 29, 2024* (the "Application")[2] was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned Chapter 11 Cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtors' chapter 11 cases. Parties may access this filing through the Court's CM/ECF system.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]   To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: May 14, 2024

By: /s/ G. Alexander Bongartz
    G. Alexander Bongartz (*pro hac vice*)
    Douglass Barron (*pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

# **EXHIBIT A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
                                                            :
In re:                                                      :  Chapter 11
                                                            :
HO WAN KWOK, *et al*.,                                      :  Case No. 22-50073 (JAM)
                                                            :
        Debtors.[1]                                         :  Jointly Administered
                                                            :
------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST INTERIM FEE APPLICATION OF UK**
**BARRISTERS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**PERIOD FROM JANUARY 24, 2023 THROUGH JANUARY 9, 2024**

Paul Wright and Peter Shaw KC (together, the "Applicants") as barristers in the United

Kingdom to the Trustee[2] for interim allowance of compensation and reimbursement of expenses

from January 1, 2023 through February 29, 2024; and sufficient notice having been given; and a

hearing having been held on _____, 2024 and due consideration having been given to any

responses thereto; and sufficient cause having been shown therefor, it is hereby:

1.      ORDERED that the Application is granted and compensation in the amount of

£6,905.00 is awarded to the Applicants, subject to final adjustment and disgorgement in the

event all administrative expenses are not paid in full; it is further

2.      ORDERED that nothing herein modified the Retention Order; it is further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

1

3.    ORDERED that the estate is authorized and directed to pay the Applicants' fees in the amount of £6,905.00, within fourteen days of the date of this Order; it is further

4.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.    ORDERED that the Debtors' estates and the Applicants are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.    ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.    ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**EXHIBIT B**

**Fee Detail**



## Professional Fees of Mr Paul Wright

Luke Despins (Paul Hastings) C/O Pallas LLP
1 King William Street
London
EC4N 7AF

Please make cheques payable to barrister.
**Send BACS Payments to:**
**Bank:**            HSBC
**Account Name:** Paul Wright
**Sort Code:**     40-11-00
**Account no:**     11567160
Please send remittance to clerks@9stonebuildings.com and
include our reference.

VAT Registration No: 304922032
Bar Council No:

| | | | |
|---|---|---|---|
| **Sol's Ref:** | **Natasha Harrison** | **Our Ref:** | **85824** |

| ACE DECADE HOLDINGS -V- UBS AG |
|---|

| | | | |
|---|---|---|---|
| Court: | **Commercial Court** | | |
| Court Ref No: | CL-2020-000345 | Date: | 24/04/2024 |
| Case Type: | **Civil** | Funding Type: | **Private Contractual Terms** |

| Date | Description | Amount | Vat |
|---|---|---|---|
| 23/01/2023 | * £250 + vat p/h | | |
| 24/01/2023 | Reading first instance decisions<br>- 1 Hour 8 Minutes | £280.00 | £0.00 |
| 25/01/2023 | Drafting advice as to costs implications<br>- 1 hour 20 minutes | £320.00 | £0.00 |
| 25/01/2023 | Reading appeal, skeleton arguments and opinion<br>- 1 hour 22 minutes | £340.00 | £0.00 |
| 26/01/2023 | Conference with solicitors and client<br>- 40 minutes | £170.00 | £0.00 |
| 26/01/2023 | Drafting advice as to costs implications<br>- 55 minutes | £240.00 | £0.00 |
| 26/01/2023 | Reading appeal, skeleton arguments and opinion<br>- 40 minutes | £160.00 | £0.00 |
| 27/01/2023 | Commenting on draft letters and notes<br>- 54 minutes | £240.00 | £0.00 |
| 31/01/2023 | Conference to consider whether ▮▮▮▮▮▮<br>▮▮▮▮▮▮ 1 hour 2 minutes<br>6 minutes | £260.00 | £0.00 |
| 09/02/2023 | Preparation for conference about ▮▮▮▮▮▮<br>- 25 minutes | £100.00 | £0.00 |
| 06/03/2023 | Conference about ▮▮▮▮▮▮<br>- 22 minutes | £100.00 | £0.00 |
| 06/03/2023 | Preparation for conference about ▮▮▮▮▮▮<br>- 30 minutes | £120.00 | £0.00 |

PLEASE QUOTE OUR REFERENCE NO. ON ALL CORRESPONDENCE ** VALID ONLY WHEN RECEIPTED - THIS IS NOT A TAX INVOICE **

Previously rendered on 14/03/2023, 28/03/2023, 18/04/2023, 04/05/2023, 09/05/2023, 01/06/2023, 22/06/2023, 21/09/2023, 28/09/2023, 26/10/2023, 07/11/2023, 09/01/2024,
25/01/2024, 30/01/2024, 15/02/2024, 12/03/2024, 11/04/2024, 23/04/2024, 24/04/2024

Printed on 24/04/2024 by: Jake Price   Page 1 of 2

9 Stone Buildings  Lincoln's Inn  London  WC2A 3NN
DX : 314 Chancery Lane      Tel: +44 (0)20 7404 5055
Email: clerks@9stonebuildings.com   www.9stonebuildings.com
Regulated by the Bar Standards Board.



# 9 STONE BUILDINGS
*Barristers' Chambers*

### Professional Fees of Mr Paul Wright

| Solicitors Ref: Natasha Harrison | 24/04/2024 | Our Ref: 85824 |
|---|---|---|

| ACE DECADE HOLDINGS -V- UBS AG | | |
|---|---|---|

| Date | Description | Amount | Vat |
|---|---|---|---|
| 07/03/2023 | Follow up )<br>- 6 minutes | £25.00 | £0.00 |
| 09/03/2023 | Follow up )<br>- 30 minutes | £125.00 | £0.00 |
| 23/03/2023 | Considering note on ▮▮▮▮▮▮▮<br>- 53 minutes | £220.00 | £0.00 |
| 04/04/2023 | Advising in Conference Re costs<br>- 15 minutes | £60.00 | £0.00 |
| 18/04/2023 | Considering email advice<br>- 21 minutes | £80.00 | £0.00 |
| 04/05/2023 | Reviewing letter to Harcus Parker<br>- 18 minutes | £75.00 | £0.00 |
| 05/09/2023 | Preparation for conference<br>Advising in conference<br>- 1 hour 45 mins | £450.00 | £0.00 |
| 20/09/2023 | Telephone conference with Alessia Re discussing ▮▮▮▮▮<br>- 18 minutes | £75.00 | £0.00 |
| 20/10/2023 | Reviewing ▮▮▮▮▮<br>- 1 hour 25 minutes | £350.00 | £0.00 |
| 03/11/2023 | Reviewing correspondence and advising in conference with client<br>- 1 hour 24 minutes | £350.00 | £0.00 |
| 03/01/2024 | Advising in telephone conference with Alessia de Quincey re filing evidence in reply )<br>- 30 minutes | £125.00 | £0.00 |
| 04/01/2024 | Advising in telephone conference with Alessia de Quincey re ▮▮▮▮▮<br>▮▮▮▮▮ - 12 minutes | £40.00 | £0.00 |
| 30/01/2024 | Reviewing witness statement<br>- 2 hours | £500.00 | £0.00 |

*\* indicates a previously unbilled item*

| VAT SUMMARY<br>0% (FEE) Amount: £4,805.00, VAT: £0.00 | Total Fees | £4,805.00 | |
|---|---|---|---|
| | Total VAT | £0.00 | |
| | Total Due | £4,805.00 | |

PLEASE QUOTE OUR REFERENCE NO. ON ALL CORRESPONDENCE ** VALID ONLY WHEN RECEIPTED - THIS IS NOT A TAX INVOICE **

Previously rendered on 14/03/2023, 28/03/2023, 18/04/2023, 04/05/2023, 09/05/2023, 18/05/2023, 01/06/2023, 22/06/2023, 21/09/2023, 28/09/2023, 26/10/2023, 07/11/2023, 09/01/2024, 25/01/2024, 30/01/2024, 15/02/2024, 12/03/2024, 11/04/2024, 23/04/2024, 24/04/2024

Printed on 24/04/2024 by: Jake Price   Page 2 of 2



9 Stone Buildings  Lincoln's Inn  London  WC2A 3NN
DX : 314 Chancery Lane  Tel: +44 (0)20 7404 5055  Fax: +44 (0)20 7405 1551
Email: clerks@9stonebuildings.com  www.9stonebuildings.com
Regulated by the Bar Standards Board.





# 9 STONE BUILDINGS
## *Barristers' Chambers*

# **Professional Fees of Mr Peter Shaw KC**

Luke Despins (Paul Hastings) C/O Pallas LLP
1 King William Street
London
EC4N 7AF

**Please make cheques payable to barrister.**
**Send BACS Payments to:**
**Bank:** HSBC
**Account Name:** Peter Shaw, Business Current Account
**Sort Code:** 40-04-09
**Account no:** 81339052
**Please send remittance to clerks@9stonebuildings.com and include our reference.**

VAT Registration No: 668348686
Bar Council No: 34594

**Sol's Ref:** **Natasha Harrison**                **Our Ref:** 85824

| ACE DECADE HOLDINGS -V- UBS AG |
|---|

**Court:** Commercial Court
**Court Ref No:** CL-2020-000345                **Date:** 24/04/2024
**Case Type:** Civil                **Funding Type:** Private Contractual Terms

| Date | Description | Amount | Vat |
|---|---|---|---|
| 16/01/2024 | £600 + vat p/h | | |
| 18/01/2024 | Considering witness statement<br>Telephone attendance on Junior counsel<br>- 3 hours | £1,800.00 | £0.00 |
| 07/02/2024 | Considering correspondence<br>- 30 minutes | £300.00 | £0.00 |

| VAT SUMMARY<br>0% (FEE) Amount: £2,100.00, VAT: £0.00 | Total Fees | **£2,100.00** | |
|---|---|---|---|
| | Total VAT | **£0.00** | |
| | Total Due | **£2,100.00** | |

PLEASE QUOTE OUR REFERENCE NO. ON ALL CORRESPONDENCE ** VALID ONLY WHEN RECEIPTED - THIS IS NOT A TAX INVOICE **
Previously rendered on 23/04/2024, 23/04/2024, 24/04/2024

Printed on 24/04/2024 by: Jake Price  Page 1 of 1

9 Stone Buildings  Lincoln's Inn  London  WC2A 3NN
DX : 314 Chancery Lane      Tel: +44 (0)20 7404 5055
Email: clerks@9stonebuildings.com    www.9stonebuildings.com
Regulated by the Bar Standards Board.