**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                                   :

In re:                                          :         Chapter 11
                                                                   :

HO WAN KWOK, *et al.*,[1]         :         Case No. 22-50073 (JAM)
                                                                   :

             Debtor.                :         (Jointly Administered)
---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF**
**ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF**
**BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES,**
**DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

Luc A. Despins (hereinafter, the "Trustee"), in his capacity as Chapter 11 Trustee of Ho Wan Kwok (the "Debtor"), hereby moves (the "Motion"), pursuant to sections 105(a), 541, 542, and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form of the proposed order filed herewith as **Exhibit A** (the "Proposed Order"), approving the liquidation of the VCTR Shares (as defined herein) and distribution of the net proceeds to the Trustee for the benefit of the Debtor's chapter 11 estate (the "Estate"). This Motion is filed upon the consent of Reverence Capital Partners Opportunities Fund I (Cayman) L.P. (the "Reverence Fund"), subject to the terms and conditions provided herein and in the Proposed Order. In support of the Motion, the Trustee respectfully states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**PRELIMINARY STATEMENT**

1. Through his investigation of the Debtor's financial affairs, and with the assistance of the Reverence Fund, the Trustee has learned that the Estate owns an interest in the Reverence Fund, a private equity fund that pools investments from high-net-worth investors and invests them in a portfolio of assets, including securities.

2. The Debtor, through associated entities and individuals, initially invested approximately $5 million in the Reverence Fund, and in exchange, obtained a limited partnership interest in the fund. This interest was initially held via Sail Victory Ltd ("Sail Victory") and later transferred to Lamp Capital LLC ("Lamp Capital"). This Court has entered judgment to the effect that Lamp Capital and all its assets are property of the Estate. This property includes Lamp Capital's limited partnership interest in the Reverence Fund.

3. On account of the Estate's interest in the Reverence Fund, the Estate is entitled to receive distributions of cash and securities. These include the right to receive a distribution of certain publicly traded shares—*i.e.*, the VCTR Shares—which are worth approximately $2.9 million, as well as unpaid cash distributions of at least $715,000.00.

4. The Trustee has determined, in his business judgment, that the VCTR Shares should be liquidated to preserve their value for the benefit of the Estate, because there is a public market for these shares and the value of the shares fluctuates on a daily basis. The Reverence Fund has consented to direct Merrill Lynch, Pierce, Fenner & Smith Incorporated (or its relevant affiliate) ("Merrill Lynch") to liquidate the VCTR Shares and transfer the proceeds to the Trustee pursuant to the terms and conditions set forth herein and in the Proposed Order.

5. The Court should grant this Motion by entry of the Proposed Order so that the Estate may realize the value of the VCTR Shares and to protect such value from market risk.

6. The Estate's interest in the Reverence Fund itself also has value, however, there is not a liquid market for this interest and a liquidation would incur material costs and might result in a discounted sale price. Thus, the Court should approve the Trustee's determination that the Estate will continue to hold the interest in the Reverence Fund and receive any other distributions on account of such interest.

## VENUE, JURISDICTION, AND STATUTORY BASES

7. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.

8. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

9. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory bases for the relief sought in this Motion are sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code.

## BACKGROUND

### Chapter 11 Case and Appointment of Trustee

11. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 15, 2022 (the "Petition Date") in this Court, thus commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

12. On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case. No examiner has been appointed.

13. On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to this order, the United States Trustee selected Luc A.

3

Despins as the Trustee. On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**Lamp Capital**

14. Among the shell companies used by the Debtor to hinder, delay, and defraud his creditors was Lamp Capital.

15. On October 26, 2024, the Trustee commenced an adversary proceeding styled *Despins, Chapter 11 Trustee v. Lamp Capital LLC, et al.* [Adv. Proc. No. 23-05023] (the "Lamp Action") to, among other things, establish that Lamp Capital was the Debtor's alter ego and that any property of Lamp Capital was (prior to the Petition Date) property of the Debtor or (subsequent to the Petition Date) property of the Estate.

16. On February 1, 2024, the Court entered judgment in the Lamp Action in favor of the Trustee [Lamp Action Docket No. 66] (the "Lamp Judgment"), which judgment provides, among other things, (i) that the ownership interests in Lamp Capital are property of the Estate, (ii) that property of Lamp is property of the Estate, and (iii) that all such property shall be turned over and/or surrendered to the Trustee.[2]

**Reverence Fund and VCTR Shares**

17. The Reverence Fund is a limited partnership organized in Delaware and is a private equity investment vehicle, managed by the registered investment advisor Reverence Capital Partners, L.P. ("RCP"). The Reverence Fund constitutes the pooled capital of certain institutional and high-net-worth investors, whose capital is invested in assets including securities.

---

[2] The Lamp Judgment is the subject of an appeal pending in the United States District Court of the District of Connecticut (the "District Court") [case no. 3:24-cv-00217-KAD]. The Lamp Judgment is not subject to any stay nor has any stay been sought in this Court or in the District Cout.

4

18. The Debtor initially explored investing in the Reverence Fund (or other funds managed by RCP) via his shell company Ace Decade Holdings Ltd, which the Court previously determined was exclusively beneficially owned and controlled by the Debtor. (*Order Regarding Partial Resolution of Trustee's Contempt Motion* [ECF No. 1110].) Ultimately, the Debtor invested approximately $5 million in the Reverence Fund through associated individuals and entities. In exchange for committing this investment, in or around October 2016, the Debtor obtained a limited partnership interest in the fund (the "L.P. Interest"), initially held via Sail Victory.

19. On April 6, 2021, pursuant to a Transfer Agreement between Sail Victory, Lamp Capital, and RCP Opp Fund I GP, L.P. (the general partner of the Reverence Fund), the L.P. Interest was transferred to Lamp Capital.

20. On February 12, 2024, the Trustee commenced an action against the Reverence Fund to avoid and recover certain prepetition transfers by the Debtor via his alter ego, Leading Shine NY, Ltd. [Adv. Proc. No. 24-05183] (the "Reverence Action"). Thereafter, as the Reverence Fund and the Trustee were in initial discussions about potential resolution of the Reverence Action, the Reverence Fund advised the Trustee that the Debtor's prepetition transfers constituted capital investments in the Reverence Fund and that the L.P. Interest was held by Lamp Capital.

21. Pursuant to the Lamp Judgment, the L.P. Interest is thus property of the Estate.

22. The Estate is entitled to obtain distributions on account of the L.P. Interest, including 55,383 shares (the "VCTR Shares") of Victory Capital Holdings Inc. and at least $715,000.00 in cash. The VCTR Shares are securities that are publicly traded on the NASDAQ exchange under the ticker symbol "VCTR."

23. The share price of VCTR as of the close of the market on May 20, 2024, is $52.25, such that the market value of the VCTR Shares as of such time is $2,893,761.75.

24. The Reverence Fund presently holds the VCTR Shares in an account with Merrill Lynch.

25. The Trustee has determined that the VCTR Shares should be liquidated for cash to ensure that the Estate's assets are preserved and not subjected to market risk.

26. Following extensive, arm's-length and good-faith discussions with the Trustee, the Reverence Fund has agreed, subject to the terms and conditions provided herein and the Proposed Order, to direct Merrill Lynch to liquidate the VCTR Shares and distribute the Net Proceeds to the Trustee pursuant to the Proposed Order.

27. The Reverence Fund and the Trustee will continue to discuss consensual resolution of the Reverence Action.

## REQUESTED RELIEF

28. The Trustee requests that the Court enter the Proposed Order, pursuant to which the Reverence Fund shall direct Merrill Lynch, through a letter of authorization, to liquidate the VCTR Shares on the stock market at the market price at the time of liquidation. The Proposed Order provides for the Reverence Fund to receive a release of any claims arising from or related to its actions taken pursuant to the Proposed Order.

29. The Proposed Order provides that Merrill Lynch may deduct its commissions, fees, and/or expenses (collectively, the "<u>Expenses</u>")[3] up to a cap of three thousand dollars ($3,000.00) from the gross proceeds of the liquidation (the "<u>Gross Proceeds</u>"). Merrill Lynch shall then pay

---

[3] The Trustee understands that Merrill Lynch's commissions and fees will be assessed as follows: a five dollar ($5.00) Securities and Exchange Commission fee and a commission of up to five cents ($.05) per share liquidated and up to thirty dollars ($30.00) for each wire transaction initiated to transfer any portion of the proceeds.

6

the net proceeds (the "Net Proceeds") to the Trustee for the benefit of the Estate. The Proposed Order is immediately enforceable pursuant to Bankruptcy Rule 6004(h).

30. The Trustee requests that the Court further approve the Trustee's retention of the L.P. Interest and order that the Trustee shall be entitled to receive, for the benefit of the Estate, any income, dividends, distributions, returns of capital, or other benefits on account of the L.P. Interest (the "Distributions"), whether presently owed or as may become payable in the future.

## BASIS FOR REQUESTED RELIEF

31. The Trustee requests that the Court authorize and approve the Motion pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Under section 363(b) of the Bankruptcy Code, courts require only that the trustee "show a sound business purpose justifies such actions." *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

32. In addition, a chapter 11 trustee has a "statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)).

33. The Lamp Judgment provides, among other things, that any and all assets of Lamp Capital, upon the Petition Date, constitute property of the Estate and shall be turned over and/or surrendered to the Trustee.

34. The L.P. Interest, the right to receive distribution of the VCTR Shares, and any other Distributions are thus property of the Estate, and, pursuant to the Lamp Judgment, must be turned over and/or surrendered to the Trustee. *See also* 11 U.S.C. § 542(s) ("… an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title … shall deliver to the trustee, and account for, such property or the value of such property …").

35. The Trustee has determined, in his business judgment, that value for creditors is best protected and maximized by liquidating the VCTR Shares. Because the VCTR Shares are publicly traded, their liquidation will be straightforward and relatively inexpensive. Moreover, while the value of the VCTR Shares has increased in recent months, any publicly traded security carries market risk. Liquidating the VCTR Shares will ensure that their value is protected and preserved for the benefit of the Estate.

36. The Reverence Fund has consented to direct Merrill Lynch to liquidate the VCTR Shares and distribute the Net Proceeds to the Trustee pursuant to, and in accordance with the terms of, the Proposed Order. The Trustee believes that such a liquidation and distribution will be more efficient than requiring the Trustee to open his own securities account simply for the purpose of liquidating the shares.

37. Beyond the VCTR Shares and any other Distributions payable now, the L.P. Interest itself has value in light of future Distributions that could be payable to the holder. The Trustee has considered liquidating the L.P. Interest immediately and has determined, in his

business judgment, that, at present, the best course of action is to continue holding the L.P. Interest and receiving any Distributions for the benefit of the Estate.

38. Unlike the VCTR Shares, there is no public or reasonably liquid market for the L.P. Interest. Moreover, the costs to market and sell interests like the L.P. Interest prior to maturity are material, while a sale may yield only a discounted value. The Trustee also understands that the Reverence Fund is likely to exit its remaining investments and terminate in the next two to three years.

39. Thus, the Court should order that the Trustee may retain the L.P. Interest for the benefit of the Estate and shall be entitled to receive all Distributions on account of such interest whether presently payable or as may become payable. If the Trustee determines future circumstances warrant liquidating the L.P. Interest, he will seek authority to do so from the Court.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Court should grant this Motion by entry of the Proposed Order and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 21, 2024<br>New Haven, Connecticut | LUC A. DESPINS, CHAPTER 11 TRUSTEE<br><br>By: */s/ Patrick R. Linsey*<br>   Patrick R. Linsey (ct29437)<br>   NEUBERT, PEPE & MONTEITH, P.C.<br>   195 Church Street, 13th Floor<br>   New Haven, Connecticut 06510<br>   (203) 781-2847<br>   plinsey@npmlaw.com<br><br>   *and*<br><br>   Nicholas A. Bassett (admitted *pro hac vice*)<br>   PAUL HASTINGS LLP<br>   2050 M Street NW<br>   Washington, D.C., 20036<br>   (202) 551-1902<br>   nicholasbassett@paulhastings.com<br><br>   *and*<br><br>   G. Alexander Bongartz (admitted *pro hac vice*)<br>   Douglass Barron (admitted *pro hac vice*)<br>   PAUL HASTINGS LLP<br>   200 Park Avenue<br>   New York, New York 10166<br>   (212) 318-6690<br>   alexbongartz@paulhastings.com<br>   douglassbarron@paulhastings.com<br><br>   *Counsel for the Chapter 11 Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
: 
In re:                                              :         Chapter 11
:
HO WAN KWOK, *et al.*,[1]                           :         Case No. 22-50073 (JAM)
:
Debtor.                                             :         (Jointly Administered)
---------------------------------------------------------x

## [PROPOSED] ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF

Upon the motion (the "Motion") of Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and for related relief, due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion, it is hereby

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that within two business days of the entry of this Order, the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

**ORDERED**, that within five business days of the entry of this Order, Merrill Lynch shall liquidate the VCTR Shares on the stock market at their market price at the time of liquidation; and it is further

**ORDERED**, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED**, that within seven business days of the entry of this Order, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED**, that the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits,

controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.