**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
: 
In re: : Chapter 11
 :
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
 :
Debtors. : (Jointly Administered)
 :
---------------------------------------------------x

**MOTION TO LIMIT NOTICE AND SCHEDULE EXPEDITED
HEARING REGARDING CHAPTER 11 TRUSTEE'S MOTION
FOR ENTRY OF ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND
542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES,
DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

Luc A. Despins (the "Trustee"), in his capacity as Chapter 11 Trustee of Ho Wan Kwok (the "Debtor"), hereby moves (the "Motion to Expedite"), pursuant to Rules 2002 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached as **Exhibit 1** hereto, limiting notice and scheduling an expedited hearing with respect to the Trustee's *Motion for Entry of Order Pursuant to Sections 105(a), 363(b), 541, and 542 of Bankruptcy Code Approving Liquidation of VCTR Shares, Distribution of Proceeds, and Related Relief* (the "VCTR Motion").[2] In support of this Motion to Expedite, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the VCTR Motion.

## JURISDICTION, VENUE, AND STATUTORY BASES

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are Bankruptcy Rules 2002 (a)(2) and (i) and 9006(c)(1).

## BACKGROUND AND TRUSTEE'S VCTR MOTION

4. Through his investigation of the Debtor's financial affairs, and with the assistance of the Reverence Fund, the Trustee has learned that the Estate owns an interest in the Reverence Fund, a private equity fund that pools investments from institutional and high-net-worth investors and invests them in a portfolio of assets, including securities.

5. The Debtor, through associated entities and individuals, initially invested approximately $5 million in the Reverence Fund, and, in exchange, obtained a limited partnership interest in the fund (*i.e.*, the L.P. Interest). This interest was initially held via Sail Victory Ltd and later transferred to Lamp Capital. This Court has entered the Lamp Judgment to the effect that Lamp Capital and all its assets are property of the Estate. This property includes the L.P. Interest.

6. On account of the Estate's L.P. Interest in the Reverence Fund, the Estate is entitled to receive distributions of cash and securities. These include the right to receive a distribution of certain publicly traded shares—*i.e.*, the VCTR Shares—which are worth approximately $2.9 million, as well as unpaid cash distributions of at least $715,000.00.

7. The Trustee has determined, in his business judgment, that the VCTR Shares should be liquidated to preserve their value for the benefit of the Estate, because there is a public market for these shares and the value of the shares fluctuates on a daily basis. The Reverence Fund has

consented to direct Merrill Lynch to liquidate the VCTR Shares, deduct its fees (which are capped at $3,000.00), and transfer the net proceeds to the Trustee, pursuant to the terms of the Proposed Order granting the VCTR Motion.  **The Trustee wishes to move forward with the liquidation of the VCTR Shares as soon as possible, because the value of the VCTR Shares is subject to market volatility and the Trustee submits that approximately $2.9 million of value should not remain concentrated in one publicly traded stock any longer than necessary.**

8. The Estate's L.P. Interest in the Reverence Fund itself also has value, however, there is not a liquid market for this interest and a liquidation would incur material costs and might result in a discounted sale price.  The Trustee has thus determined, in his business judgment, that the Estate should continue to hold the L.P. Interest and receive any other distributions on account of such interest, and the VCTR Motion likewise authorizes the foregoing.

## RELIEF REQUESTED

9. The Trustee respectfully requests that the Court enter an order (a) limiting service of the VCTR Motion to: (i) the Office of the United States Trustee for the District of Connecticut; (ii) the Official Committee of Unsecured Creditors (the "Committee"); (iii) counsel for the Reverence Fund; (iv) counsel for Merrill Lynch; (v) counsel that appeared for Lamp Capital in *Despins, Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. No. 23-05023] (the "Lamp Capital A.P.")[3]; (vi) all parties who have requested notice in the Debtor's chapter 11 case pursuant to Bankruptcy Rule 2002; (vii) all parties who receive notice in the Debtor's chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system; and (viii) any party who requested notice in the Debtor's chapter 11 case, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties"); (b) directing any objections to the

---

[3] The Trustee reserves all rights concerning the standing of any parties to purport to act on behalf of Lamp Capital following entry of the Lamp Judgment.

VCTR Motion be filed on or before **May 24, 2024**; and (c) scheduling a hearing with respect to the VCTR Motion for **May 28, 2024 at 12 noon**.

**BASIS FOR RELIEF REQUESTED**

**I.   Limiting Service of VCTR Motion**

10.   Bankruptcy Rule 2002 generally requires that a minimum of twenty-one (21) days' notice be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code, with respect to motions addressing a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." *See* Bankruptcy Rule 2002 (a) and (i).

11.   Notwithstanding the foregoing, Bankruptcy Rule 2002(i) provides that the Court "may order that notices required by subdivision (a)(2) … of this rule be transmitted to the United States trustee and be mailed only to the committees elected under §705 or appointed under §1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them." Additionally, Local Bankruptcy Rule 6004-2(g) requires sale motions "be served by the Movant on all parties indicating interest in the purchase of the property."[4]

12.   There have been approximately 1,400 claims filed in the Debtor's chapter 11 case and the overwhelming majority were filed by individuals located in foreign jurisdictions and many

---

[4]   The Trustee notes this provision of Local Bankruptcy Rule 6004-2(g) for informational purposes. The relief requested by the VCTR Motion provides for the Reverence Fund, instead of distributing the VCTR Shares to the Trustee, to direct Merrill Lynch to liquidate the VCTR Shares and distribute the proceeds to the Trustee. At minimum, the Trustee understands this election to receive a distribution of cash rather than the VCTR Shares to constitute a use of property outside of the ordinary course.

4

of whom have elected confidential treatment of their claims (in accordance with the bar date order). The cost to serve the VCTR Motion on all creditors would be substantial.

13.     The Trustee submits that it would be unduly burdensome for the Estate to serve the VCTR Motion on more than 1,400 parties, particularly given the nature of the relief requested by the VCTR Motion, which provides for the conversion of an asset with a value that is volatile to a stable asset (*i.e.*, cash) by sale via a public market. The Trustee submits that under these circumstances it is appropriate and is in the best interests of the Estate, its creditors, and other parties-in-interest, to limit service of the VCTR Motion to the Notice Parties only.

## II.     Shortening Notice and Scheduling Expedited Hearing on VCTR Motion

14.     In addition, pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated. Cause exists to consider and determine the VCTR Motion upon an expedited basis.

15.     The VCTR Shares are shares of a stock that is publicly traded on the NASDAQ exchange. As with any publicly traded shares, they are subject to considerable volatility on a daily basis. While the share price of VCTR has increased over the last six months, there is no guarantee that the stock will continue to appreciate.

16.     For example, from February 12 to February 13, 2024, VCTR lost approximately 5.7 percent of its value, and from May 9 to May 10, 2024, VCTR lost approximately 6.5 percent of its value. Declines on this scale would constitute roughly $165,000 to $188,000 of value when applied to the VCTR Shares, based on the shares' present market value of $2,893,761.75.

17.     The Trustee submits that $2.9 million is too much value to concentrate in a single publicly traded stock and that the VCTR Shares should thus be liquidated as soon as possible to preserve their value. *See In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing

5

11 U.S.C. § 1106(a)) (a chapter 11 trustee has a "statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors.").

18. Parties in interest will not be prejudiced by expedited consideration of the VCTR Motion. The requested relief is straightforward, is sought upon the consent of the Reverence Fund, and provides for the Reverence Fund to direct the liquidation of shares distributable to the Trustee through the only feasible procedure for selling publicly traded shares (*i.e.*, by selling them at their share price on the public market).

19. Other matters are scheduled to be heard in the above-captioned chapter 11 case on May 28, 2024, at 12 noon, such that scheduling the hearing on the VCTR Motion for the same time will promote efficiency and reduce administrative expense.

## NO PREVIOUS REQUEST

20. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an order, substantially in the form attached hereto as **Exhibit 1**, and ordering such other and further relief as is just and proper.

Dated: May 21, 2024  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
Patrick R. Linsey (ct29437)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
(203) 781-2847  
plinsey@npmlaw.com

*and*

Nicholas A. Bassett (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

*and*

G. Alexander Bongartz (admitted *pro hac vice*)  
Douglass Barron (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6690  
alexbongartz@paulhastings.com  
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                  :

In re:                              :      Chapter 11
                                  :

HO WAN KWOK *et al.*,         :      Case No. 22-50073 (JAM)
                                  :

           Debtors.¹               :      Jointly Administered
                                  :
------------------------------------------------------x

**[PROPOSED] ORDER LIMITING NOTICE AND SCHEDULING EXPEDITED
HEARING REGARDING CHAPTER 11 TRUSTEE'S MOTION
FOR ENTRY OF ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND
542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES,
DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

The Court having considered the motion (the "Motion") seeking to (a) limit notice of the *Motion for Entry of Order Pursuant to Sections 105(a), 363(b), 541, and 542 of Bankruptcy Code Approving Liquidation of VCTR Shares, Distribution of Proceeds, and Related Relief* (the "VCTR Motion"),[2] (b) shorten notice regarding the VCTR Motion, and (c) schedule an expedited hearing to consider and determine the VCTR Motion; and good cause appearing, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the VCTR Motion.

2. The Trustee may serve the VCTR Motion only on: (i) the Office of the United States Trustee for the District of Connecticut; (ii) the Official Committee of Unsecured Creditors (the "Committee"); (iii) counsel for the Reverence Fund; (iv) counsel for Merrill Lynch; (v) counsel that appeared for Lamp Capital in *Despins, Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. No. 23-05023]; (vi) all parties who have requested notice in the Debtor's chapter 11 case pursuant to Bankruptcy Rule 2002; (vii) all parties who receive notice in the Debtor's chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system; and (viii) any party who requested notice in the Debtor's chapter 11 case, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

3. On or before May __, 2024, the Trustee shall cause the VCTR Motion and this Order to be served on the Notice Parties via electronic mail or via delivery by reputable courier service (with overnight delivery to parties located within the United States) and the Trustee shall file a certificate of service in advance of the hearing on the VCTR Motion.

4. A hearing on the VCTR Motion shall be held on **May 28, 2024 at 12 noon** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT  06604.

5. The deadline to object to the VCTR Motion shall be **May 24, 2024.**

6. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
: 
Debtors.[7] : Jointly Administered
: 
------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2024, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by U.S. mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: May 21, 2024
      New Haven, Connecticut

                      By: */s/ Patrick R. Linsey*
                           Patrick R. Linsey (ct29437)
                           NEUBERT, PEPE & MONTEITH, P.C.
                           195 Church Street, 13th Floor
                           New Haven, Connecticut 06510
                           (203) 781-2847
                           plinsey@npmlaw.com

---

[7] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).