**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                      :

In re:                                        :                    Chapter 11

HO WAN KWOK, *et al.*,[1]          :                    Case No. 22-50073 (JAM)

        Debtor.                          :                    (Jointly Administered)
---------------------------------------------------------x

**NOTICE OF REVISED [PROPOSED] ORDER**
**GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF**
**ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF**
**BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES,**
**DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

PLEASE TAKE NOTICE, Luc A. Despins (hereinafter, the "Trustee"), in his capacity as Chapter 11 Trustee of Ho Wan Kwok (the "Debtor"), hereby files a revised proposed order (the "Revised Order") granting the Trustee's *Motion for Entry of Order Pursuant to Sections 105(a), 363(b), 541, and 542 of Bankruptcy Code Approving Liquidation of VCTR Shares, Distribution of Proceeds, and Related Relief* [ECF No. 3203] (the "Motion"). A true and accurate copy of the Revised Order is attached hereto as **Exhibit A**. The Revised Order addresses comments to the original proposed order filed with the Motion (the "Original Order") from the United States Trustee and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

PLEASE TAKE FURTHER NOTICE, a redline version of the Amended Order reflecting changes from the Original Order is attached hereto as **Exhibit B**.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated: May 23, 2024  LUC A. DESPINS, CHAPTER 11 TRUSTEE
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
   Patrick R. Linsey (ct29437)
   NEUBERT, PEPE & MONTEITH, P.C.
   195 Church Street, 13th Floor
   New Haven, Connecticut 06510
   (203) 781-2847
   plinsey@npmlaw.com

   *and*

   Nicholas A. Bassett (admitted *pro hac vice*)
   PAUL HASTINGS LLP
   2050 M Street NW
   Washington, D.C., 20036
   (202) 551-1902
   nicholasbassett@paulhastings.com

   *and*

   G. Alexander Bongartz (admitted *pro hac vice*)
   Douglass Barron (admitted *pro hac vice*)
   PAUL HASTINGS LLP
   200 Park Avenue
   New York, New York 10166
   (212) 318-6690
   alexbongartz@paulhastings.com
   douglassbarron@paulhastings.com

   *Counsel for the Chapter 11 Trustee*

2

## **EXHIBIT A**

**(Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                    :         Chapter 11
:
HO WAN KWOK, *et al.*,[1]                 :         Case No. 22-50073 (JAM)
:
Debtor.                         :         (Jointly Administered)
---------------------------------------------------------x

**REVISED [PROPOSED] ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

Upon the motion (the "Motion") of Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and for related relief, due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion, it is hereby

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that within two business days of the entry of this Order, the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

**ORDERED**, that within five business days of the entry of this Order, Merrill Lynch shall liquidate the VCTR Shares on the stock market at their market price at the time of liquidation; and it is further

**ORDERED**, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED**, that within seven business days of the entry of this Order, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED**, that the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits,

controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that within five (5) business days of receipt of the Net Proceeds, the Trustee shall file a report in the Chapter 11 Case disclosing (i) the date on which the VCTR Shares were sold, (ii) the sale price of the VCTR Shares, (iii) the amount of the Gross Proceeds, (iv) the amount of the Expenses deducted, and (v) the amount of the Net Proceeds received by the Trustee; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

4

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that Merrill Lynch shall not have liability for actions taken in compliance with this Order; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT B

**(Redline Version of Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                   :

In re:                                      :         Chapter 11
                                                 :

HO WAN KWOK, *et al.*,[1]        :         Case No. 22-50073 (JAM)
                                               :

           Debtor.                    :         (Jointly Administered)
---------------------------------------------------------x

**<u>REVISED</u> [PROPOSED] ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

      Upon the motion (the "<u>Motion</u>") of Luc A. Despins, as chapter 11 trustee (the "<u>Trustee</u>") for the estate of Ho Wan Kwok (the "<u>Debtor</u>"), for entry of an order (this "<u>Order</u>") pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and for related relief, due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion, it is hereby

      **ORDERED,** that the Motion is granted as set forth herein; and it is further

      **ORDERED,** that within two business days of the entry of this Order, the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

**ORDERED**, that within five business days of the entry of this Order, Merrill Lynch shall liquidate the VCTR Shares on the stock market at their market price at the time of liquidation; and it is further

**ORDERED**, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED**, that within seven business days of the entry of this Order, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED**, that the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits,

controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that within five (5) business days of receipt of the Net Proceeds, the Trustee shall file a report in the Chapter 11 Case disclosing (i) the date on which the VCTR Shares were sold, (ii) the sale price of the VCTR Shares, (iii) the amount of the Gross Proceeds, (iv) the amount of the Expenses deducted, and (v) the amount of the Net Proceeds received by the Trustee; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

4

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that Merrill Lynch shall not have liability for actions taken in compliance with this Order; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.