**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                           :

In re:                         :          Chapter 11
                           :

HO WAN KWOK, *et al.*,[1]      :          Case No. 22-50073 (JAM)
                           :

          Debtor.        :          (Jointly Administered)
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE TO
(I) MODIFY OCTOBER 6, 2022 PROTECTIVE ORDER ENTERED PURSUANT TO
SECTIONS 105 AND 107 OF BANKRUPTCY CODE AND FEDERAL RULE OF CIVIL
PROCEDURE 26(C) AND THE STIPULATED ADDENDUM TO THE PROTECTIVE
ORDER; AND (II) REDESIGNATE BANK STATEMENTS PREVIOUSLY
DESIGNATED "HIGHLY CONFIDENTIAL" AS "CONFIDENTIAL"**

Luc A. Despins, in his capacity as chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and through his

undersigned counsel, hereby files this motion (the "Motion") for entry of the proposed order filed

herewith as **Exhibit A** (the "Proposed Order"), (I) modifying the Protective Order entered on

October 6, 2022 [ECF No. 923] pursuant to sections 105 and 107 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 26(c) of the Federal Rules of Civil Procedure (the

"Protective Order") and the Stipulated Addendum to the Protective Order [ECF No. 2460] (the

"P.O. Addendum"); and (II) redesignating Bank Statements (as defined herein) designated "Highly

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

Confidential" under the Protective Order and/or the P.O. Addendum as "Confidential."  In support

of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Court entered the Protective Order a few months after the Trustee's

appointment, while his investigation was in its infancy, for the purpose of facilitating the Trustee's

receipt and use of confidential information from third parties and to protect the Trustee's own

confidential information.  The Trustee's investigation has since increased dramatically in its scope

and breadth, and the Trustee has commenced numerous litigations that rely in large part on

information the Trustee has obtained in discovery, including Designated Material[2] under the

Protective Order.  Due to these developments, certain provisions of the Protective Order have

proven practically unworkable and/or unduly expensive for the estate, and the Trustee seeks

limited modifications to the Protective Order to address these issues.

2.      Specifically, the Trustee respectfully requests limited modifications to the

Protective Order (i) to remove the requirement in paragraphs 9(b), 10(a)(iii), 10(b), and 18 of the

Protective Order of Producing Party consent prior to sharing Designated Material with parties

signing Exhibit A to the Protective Order and (ii) to prevent Bank Statements (as defined herein)

from being designated as "Highly Confidential" under the Protective Order and to require

previously-produced Bank Statements designated "Highly Confidential" to be redesignated to

"Confidential" (or, in the option of the Producing Party, to not contain a confidentiality

designation).

3.      Good cause exists for the first proposed modification because it has proven

impractical for the Trustee to obtain the consent of every Producing Party before sharing

---

[2]      Unless otherwise indicated, terms not otherwise defined take the meaning assigned to them in the Protective Order.

information designated "Confidential" or "Highly Confidential" with another party to the Protective Order.  The Trustee has now obtained Rule 2004 discovery from over 120 Producing Parties, and he has commenced over 290 adversary proceedings, not to mention filed dozens of additional contested matters, many of which cite to or rely on documents or information designated "Confidential" or "Highly Confidential" under the Protective Order.  It is simply not reasonably possible for the Trustee to seek the consent of every Producing Party prior to sharing such Designated Material with other parties to the Protective Order, such as defendants in newly-filed adversary proceedings.  To be clear, the Trustee is ***not*** seeking a waiver of confidentiality or permission to disclose confidential information publicly, as all parties who receive the information must have signed onto the Protective Order and agreed to abide by its confidentiality requirements. The Trustee is merely seeking to remove the consent requirement, which does not exist in most protective orders in chapter 11 cases anyway.

4.      Similarly, good cause exists for the second proposed modification.  Numerous banks have produced account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, "Bank Statements") while wholesale designating them "Highly Confidential" under the Protective Order.  Designating these Bank Statements as "Highly Confidential" under the Protective Order allows them to be disclosed only to a limited number of parties including counsel and certain professionals to parties signing Exhibit A to the Protective Order (but not the parties themselves).  Such restrictions have made it difficult and time-consuming for the Trustee to adjudicate actions based on transfers contained in Bank Statements designated as "Highly Confidential," such as the more than 270 avoidance actions the Trustee brought earlier this year. The defendants to those actions (and not merely their counsel) need to see the specific transfers at

issue contained in the Bank Statements, and the Producing Parties should not be prejudiced because the Bank Statements will still remain "Confidential," meaning they cannot be shared publicly or with non-signatories to the Protective Order. Accordingly, the Protective Order should be modified to prevent producing parties from designating Bank Statements "Highly Confidential" going forward, and all previously-produced Bank Statements containing such designation should be redesignated "Confidential" (or, in the option of the Producing Party, should be revised to contain no confidentiality designation).

## JURISDICTION AND VENUE

5.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

7.      On October 6, 2022, upon motion by the Trustee, the Court entered the Protective Order, which addresses, among other things, the treatment of "Confidential" and "Highly Confidential" documents produced to the Trustee in connection with Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") examinations and other discovery proceedings related to the Chapter 11 Case.

8.      Specifically, the Protective Order provides that

A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as

4

confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

Protective Order, ¶ 5(a).  Similarly, the Protective Order provides that

A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of personal safety, identity theft, or competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as addresses or other sensitive personal identifiable information, trade secrets, sensitive financial or business information, or material prepared by a Party's industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff).

Protective Order, ¶ 5(b).

9.       Paragraphs 9 and 10 of the Protective Order govern the disclosure of Discovery Material that has been designated as either "Confidential" or "Highly Confidential" under the Protective Order.  Specially, Paragraph 9 of the Protective Order provides that

Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a) the Trustee;

(b) *any Party who has signed Exhibit A [of the Protective Order]*[3] *and delivered a copy thereof to the Trustee subject to the Producing Party's consent, not to be unreasonably withheld.*  For the avoidance of doubt, Producing Party for purposes of providing or withholding consent to receive or review Designated Material pursuant to paragraphs 9, 10, and 18 shall include an individual or entity to the extent of (i) documents produced by the individual's or entities' current or former professional firms and (ii) documents produced by financial institutions relating to accounts of the individual or entity; and

(c) any other persons specified in Paragraph 10 below.

Protective Order, ¶ 9 (emphasis added).

---

[3]      Exhibit A of the Protective Order is titled, "Declaration of Acknowledgment and Agreement to be Bound by Protective Order."

10.     Paragraph 10 of the Protective Order provides, in relevant part, that

Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a) counsel, and staff working under the express direction of such counsel, for:

(i) the Trustee;

(ii) The Creditor's Committee;

(iii) **any Party who has signed Exhibit A [of the Protective Order] and delivered a copy to the Trustee, subject to the Producing Party's consent, not to be unreasonably withheld**; and

(b) professionals retained under Sections 328 and 1103 of the Bankruptcy Code, and industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) **that are retained by the signatories to this Order or by a Party who, subject to the Producing Party's consent, not to be unreasonably withheld, has signed Exhibit A [of the Protective Order] in connection with the Disputes or this Chapter 11 Case**;

. . .

Protective Order, ¶ 10 (emphasis added).

11.     Paragraph 9(b) of the Protective Order, then, permits Confidential Material to be disclosed to any Party who has signed Exhibit A to the Protective Order, subject to the Producing Party's consent, not to be unreasonably withheld. Similarly, paragraphs 10(a)(iii) and 10(b) of the Protective Order permit Highly Confidential Material to be disclosed to (i) counsel and staff working under the express direction of such counsel for any party who has signed Exhibit A of the Protective Order, subject to the Producing Party's consent (not to be unreasonably withheld) and (ii) certain professionals retained pursuant to the Bankruptcy Code and industry advisers, financial advisors, accounting advisors, experts, and consultants that are retained by a Party who has signed Exhibit A of the Protective Order, subject to the Producing Party's consent (not to be unreasonably

6

withheld).  Notably, documents marked as "Highly Confidential" under the Protective Order can only be shared with counsel or certain professionals retained by parties signing Exhibit A to the Protective Order and not the parties themselves.

12.     Paragraph 18 of the Protective Order governs the presence of persons during deposition testimony when Designated Material is elicited during a deposition.  Although persons not entitled to receive Designated Material may, upon request, be excluded from the portion of a deposition eliciting Designated Material, those persons may receive written or other recordings of the deposition containing Designated Material if "such persons . . . become a Party to th[e Protective] Order, with the receipt of such Designated Material subject to the Producing Party's consent not to be unreasonably withheld."  Protective Order, ¶ 18.

13.     The Protective Order also contemplates future amendment, providing that "[u]pon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time[.]"  Protective Order, ¶ 31.

14.     On December 20, 2023, the Court entered the P.O. Addendum governing the production and use of Discovery Material or Confidential Records (as defined in the P.O. Addendum) produced by the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. (the "FDIC-Receiver") in the Chapter 11 Case, including adversary proceedings. The P.O. Addendum contains additional provisions that work in conjunction with the Protective Order to govern the confidentiality of materials produced by the FDIC-Receiver.

15.     Since the entering of the Protective Order, the Trustee has served over 250 subpoenas for discovery pursuant to Rule 2004 and has received more than 700,000 documents (exceeding millions of pages) pursuant to those subpoenas.  Those subpoenas include over 50 subpoenas to banks and related financial institutions.  Many parties producing documents Pursuant

to the Protective Order have wholesale designated documents as either "Confidential" or "Highly Confidential" under the Protective Order.  Many producing parties have wholesale designated bank records as "Highly Confidential" under the Protective Order.

16.     The Trustee has also commenced over 290 adversary proceedings since the entering of the Protective Order, including (i) *Despins v. Ngok, et al*., Adv. Proc. No. 24-5273 (the "<u>Civil RICO Action</u>"), which was brought against 57 defendants asserting causes of action for substantive RICO violations (against certain defendants) and conspiracy to violate RICO (against all defendants); (ii) *Despins v. ACA Capital Group Ltd. et al.*, Adv. Proc. No. 24-5249 (the "<u>Omnibus Alter Ego Action</u>"), which was brought against 33 entities alleging that those entities are the alter ego of the Debtor or owned by him; and (iii) 278 avoidance action adversary proceedings (the "<u>Avoidance Actions</u>").   The underlying facts forming the allegations of those adversary proceedings are oftentimes derived from documents designated as "Confidential" or "Highly Confidential" under the Protective Order.  For example, the underlying facts forming the allegations of many of the Avoidance Actions have been derived from Bank Statements designated as "Highly Confidential" under the Protective Order and produced to the Trustee by banks pursuant to Rule 2004.

17.     Over 60 parties have signed Exhibit A to the Protective Order.  Exhibit A to the Protective Order requires the signing party to agree to be bound by the Protective Order and requires the signing party to agree to, among other things, "not use Designated Material for any purpose other than the Chapter 11 Case" and "not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case."

18.     At least twelve Producing Parties have designated Bank Statements "Highly Confidential" under the Protective Order (and, as for the FDIC-Receiver, the Protective Order and

the P.O. Addendum).[4]   The Trustee notified these Producing Parties of his intention to redesignate

records they produced in advance of filing this Motion and offered to meet and confer regarding

the matter.   Subsequently, Trustee's counsel conferred with counsel for five of these Producing

Parties (Capital One, DBS, the FDIC-Receiver, UBS, and G Club) by telephone and four of the

producing parties (TD Bank, MBI, Baker Hostetler, and NAV Consulting) by email.[5]

## **RELIEF REQUESTED**

19.    The Trustee respectfully requests entry of an order substantially in the form

attached as **Exhibit A** to this Motion, effectuating the following two modifications to the

Protective Order: (1) removing the requirement in paragraphs 9(b), 10(a)(iii), 10(b), and 18 of

Producing Party consent prior to sharing Designated Material with parties signing Exhibit A to the

Protective Order and (2) preventing Bank Statements from being designated as "Highly

Confidential" under the Protective Order by adding the following language at the end of paragraph

5(b) of the Protective Order:

> "Notwithstanding anything herein to the contrary, account statements, ACH and
> wire transfer records, check copies, and similar records created by financial
> institutions to memorialize account balances and transactions (collectively, "Bank
> Statements") do not pose a risk of personal safety, identity theft, or competitive
> injury sufficient to warrant the heightened restrictions applicable to Discovery
> Material designated "Highly Confidential." Absent further order of the Court, Bank
> Statements shall not be designated as "Highly Confidential" under this Order."

20.    The Trustee further requests that the Court modify the P.O. Addendum by ordering

the following:

---

[4]    These are: Bento Technologies, Inc. ("Bento Technologies"), Capital One, N.A. ("Capital One"), Currency
Cloud, Inc. ("Currency Cloud"), DBS Bank Ltd. ("DBS"), the FDIC-Receiver, Mercantile Bank International
Corp. ("MBI"), TD Bank, N.A. ("TD Bank"), UBS AG ("UBS"), G Club Operations LLC ("G Club"), Raich
Ende Malter Co. LLP ("Raich Ende"), Baker Hostetler LLP ("Baker Hostetler"), and NAV Consulting Inc.
("NAV Consulting").

[5]    The Trustee has consented to carve out one record produced by Capital One from the redesignation, *i.e.*, that
document bearing bates number CapOne-Kwok-29 and designated "Highly Confidential" (the "Capital One
Carve-Out Document"), because Capital One has produced an identical document designated as "Confidential"
with partially redacted account numbers.

> To the extent that Paragraphs 3 and 9 of the P.O. Addendum provided that absent further Order of the Court, only those persons and entities specified in Paragraph 10 of the Protective Order could have access to Discovery Material or Confidential Records produced by the FDIC-Receiver, this Order amends the P.O. Addendum to permit the disclosure of Bank Statements produced by the FDIC-Receiver to persons and entities specified in Paragraph 9 of the Protective Order under the amended terms and conditions adopted herein.

This modification will conform the P.O. Addendum to the modifications of the Protective Order by providing that persons and entities entitled to access Discovery Material designated "Confidential" may access Bank Statements produced by the FDIC-Receiver.  Counsel for the FDIC-Receiver has advised counsel for the Trustee that the FDIC-Receiver approves of the foregoing modification, which is set forth in the Proposed Order granting this Motion.

21.     The Trustee further requests that any Bank Statements produced to date and designated "Highly Confidential" be redesignated as "Confidential."  Specifically, the Trustee requests that the Court provide any Producing Party that has produced Bank Statements designated "Highly Confidential" with twenty-one (21) days to redesignate such Bank Statements "Confidential."  If a Producing Party fails to redesignate its Bank Statements, the Court should order that the Receiving Party may determine which documents produced by the Producing Party were Bank Statements and consider such documents designated "Confidential" instead of "Highly Confidential."

## BASIS FOR RELIEF

22.     The Protective Order explicitly provides that "[u]pon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time[.]"  Good cause is present here (i) to remove the requirement in paragraphs 9(b), 10(a)(iii), 10(b), and 18 of the Protective Order of Producing Party consent prior to sharing Designated Material with

parties signing Exhibit A to the Protective Order and (ii) to prevent Bank Statements from being designated as "Highly Confidential" under the Protective Order.[6]

23.    **First**, good cause exists to remove the requirement of Producing Party Consent in paragraphs 9(b), 10(a)(iii), 10(b), and 18 of the Protective Order.  The sheer number of (i) parties producing documents designated under the Protective Order, (ii) parties signing Exhibit A to the Protective Order, and (iii) adversary proceedings brought by the Trustee have made it unwieldy, time-consuming, and costly for the Trustee to seek Producing Party consent prior to sharing Designated Material with those parties executing Exhibit A to the Protective Order.  For example, pursuant to paragraphs 9(b), 10(a)(iii), and 10(b) of the Protective Order, the Trustee cannot send unredacted versions of the complaints to the various defendants (or their counsel) in the Civil RICO Action and Alter Ego Action without having them sign Exhibit A to the Protective Order *and then separately* seeking the consent of the numerous Producing Parties from whose designated documents the Trustee used to support the allegations in those complaints.  Foregoing Producing Party consent in paragraphs 9(b), 10(a)(iii), 10(b), and 18 of the Protective Order will save estate resources by cutting down on expenses incurred by the Trustee in securing Producing Party consent.

24.    Producing parties are not prejudiced by this first proposed modification because the Trustee is *not* seeking a waiver of confidentiality or permission to disclose Designated Material publicly.  All parties who receive Designated Material will still sign Exhibit A of the Protective

---

[6]    The Trustee is aware that there is a presumption against modification of protective orders in the Second Circuit where there has been reasonable reliance by parties on the protective order, which cannot be overcome "absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *S.E.C. v. TheStreet.Com,* 273 F.3d 222, 229 (2d Cir.2001) (quotations and citations omitted).  The Trustee contends, however, that the express language of the Protective Order, contemplating modification upon good cause shown, overcomes that presumption.  In any event, the very same reasons constituting good cause, explained below, also demonstrate extraordinary circumstances and compelling need.

Order, agreeing to abide by its confidentiality requirements.  Such protections adequately protect Producing Parties without the need for additional consent.

25.    **Second**, good cause exists to prevent Bank Statements from being designated as "Highly Confidential" under the Protective Order because numerous banks have improperly wholesale designated Bank Statements produced to the Trustee as "Highly Confidential" under the Protective Order, which permits the Trustee to disclose them to only a limited number of parties including counsel and certain professionals to parties signing Exhibit A to the Protective Order (but not the parties themselves).  Those restrictions have made it difficult and time-consuming for the Trustee to adjudicate actions based on transfers contained in Bank Statements designated as "Highly Confidential," such as the Avoidance Actions.  The defendants to the actions (and not merely their counsel) need to see the specific transfers at issue contained in the designated Bank Statements in order to participate in the action, including but not limited to, settlement negotiations with the Trustee.

26.    Producing parties are not prejudiced from this second proposed modification because Bank Statements can still be designated as "Confidential" under the Protective Order, meaning that they can only be shared with parties signing Exhibit A to the Protective Order. Moreover, there is nothing inherently sensitive about bank account statements that would harm a producing party upon their disclosure to another party who is bound to keep them confidential.  In fact, many of the Bank Statements produced to the Trustee are for inactive accounts.

27.    The Court should also redesignate Bank Statements previously-designated "Highly Confidential" as "Confidential."  The Protective Order provides that a Receiving Party may object to the designation of Designated Material, and that, upon such objection, the Court may order the removal of designations to such material.  (Protective Order at ¶ 25.)  Needless "Highly

Confidential" designations applied to numerous Bank Statements are imposing substantial burdens and costs on the Trustee (and so on the chapter 11 estate) as well as on other parties to litigation in this Chapter 11 Case.  The removal of these unnecessarily restrictive designations is particularly important as the Trustee prepares for mediation proceedings with dozens of avoidance action defendants and to undertake discovery with many others.[7]

[*Remainder of page intentionally left blank*]

---

[7]    Under the Proposed Order, Producing Parties will be given twenty-one days to redesignate any Bank Statements designated "Highly Confidential" as "Confidential."  If a Producing Party fails to redesignate its Bank Statements, the Receiving Party may redesignate the Bank Statements.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court modify the

Protective Order and the P.O. Addendum and redesignate previously produced Bank Statements

all as set forth in the Proposed Order, and for any other relief that the Court deems just and

proper.

Dated:    May 24, 2024                 LUC A. DESPINS,
              Washington, DC             CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

       *and*

Nicholas A. Bassett (*pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

       *and*

Douglass Barron (*pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com
alexbongartz@paulhastings.com

*Counsel for the Chapter 11 Trustee*

14

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
HO WAN KWOK, et al.,¹                     :        Case No. 22-50073 (JAM)
                                          :
           Debtor.                        :        (Jointly Administered)
-------------------------------------------------------x
```

## <u>NOTICE OF CONTESTED MATTER RESPONSE DATE</u>

Luc A. Despins, as Chapter 11 Trustee (the "<u>Movant</u>") has filed a *Motion to (I) Modify October 6, 2022 Protective Order Entered Pursuant to Sections 105 and 107 of Bankruptcy Code and Federal Rule of Civil Procedure 26(c) and the Stipulated Addendum to the Protective Order; and (II) Redesignate Bank Statements Previously Designated "Highly Confidential" as "Confidential"* (the "<u>Contested Matter</u>") with the U.S. Bankruptcy Court for the District of Connecticut.  Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than June 7, 2024, in accordance with Federal Rules of Bankruptcy Procedure 2002(a) and 9014.[2]  In the absence of a timely filed response, the proposed order in the Contested Matter ***may*** enter without further notice and hearing, *see*, 11 U.S.C. section 102(1).

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

Dated: May 24, 2024
      New Haven, Connecticut

                             LUC A. DESPINS, CHAPTER 11 TRUSTEE

                       By: _____*/s/ Patrick R. Linsey*_____
                           Douglas S. Skalka (ct00616)
                           Patrick R. Linsey (ct29437)
                           Neubert, Pepe & Monteith, P.C.
                           195 Church Street, 13th Floor
                           New Haven, Connecticut 06510
                           (203) 821-2000
                           dskalka@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                    :

In re:                  :          Chapter 11
                    :

HO WAN KWOK, *et al.*,[1]    :        Case No. 22-50073 (JAM)
                    :

          Debtor.       :        (Jointly Administered)
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The foregoing, and all exhibits and attachments thereto (the "Served Documents"), was filed on the date hereof using the Court's electronic case files/case management system ("CM/ECF"). All parties appearing in the above-captioned chapter 11 case eligible to receive electronic notice received notice automatically via email by operation of CM/ECF upon filing, and any parties not eligible to receive electronic notice were sent copies of the Served Documents via Federal Express on the date hereof. In addition, any Producing Parties that designated discovery materials "Confidential" or "Highly Confidential" (as such terms are defined in the Protective Order) were sent copies of the Served Documents via email or via U.S. Mail on the date hereof as set forth on the attached **Exhibit 1**.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:  May 24, 2024                           LUC A. DESPINS, CHAPTER 11 TRUSTEE
        New Haven, Connecticut


                                    By: _____/s/ Patrick R. Linsey_____
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        Neubert, Pepe & Monteith, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 821-2000
                                        dskalka@npmlaw.com

**EXHIBIT 1**

| Producing Party | Service Address |
| --- | --- |
| Banco Popular de Puerto Rico | Lourdes Carballo Crespo<br>lourdes.carballo@popular.com |
| Bank of America, N.A. | Kenneth Rudd, Esq.<br>krudd@zeklaw.com<br>Anthony Loney Esq.<br>Aloney@zeklaw.com |
| Barclays Bank | Cynthia M. Walshe<br>Cynthia.walshe@barclays.com |
| Bento Technologies, Inc. | Michael Krauss<br>kraussm@gtlaw.com |
| Capital One, N.A. | Kang He<br>khe@mcguirewoods.com |
| Visa f/k/a/ Currency Cloud, Inc. | Jo-Ann Willkom<br>jwillkom@visa.com |
| DBS Bank Ltd. | Genevieve Weiner<br>gweiner@sidley.com<br>John Kuster<br>jkuster@sidley.com<br>William Fish, Jr.<br>wfish@hinkleyallen.com |
| FDIC as Receiver for Signature Bridge Bank, N.A. | Rosemary Barry<br>rbarry@fdic.gov |
| First Republic | Regina Rimando<br>rrimando@firstrepublic.com |
| HSBC Bank USA | Daniel Crockett<br>Daniel.x.crockett@hsbc.com |
| Israel Discount Bank of New York | David Polizzi<br>dpolizzi@idbny.com |
| Mercantile Bank International Corp. | Michael Williams<br>mwilliams@crowell.com<br>Frederick Hyman<br>fhyman@crowell.com |
| NexBank | Isaac Leventon<br>ileventon@skyviewgroup.com |
| Nium Inc | Lauren Goodman<br>lgoodman@mcgrathnorth.com |
| Seacoast National Bank | John Anthony<br>janthony@anthonyandpartners.com |
| Standard Chartered | Janita Obie<br>Janita.obie@sc.com<br>Vanessa Gonzalez-Ahmed<br>Vanessa.gonzalez-ahmed@sc.com |

| | |
|---|---|
| TD Bank, N.A. | Elizabeth Lacombe<br>emlacombe@duanemorris.com |
| UBS AG | Lisa Fried<br>Lisa.fried@hsf.com |
| US Bank, N.A. | Michael Krauss<br>kraussm@gtlaw.com |
| Wells Fargo Bank, N.A. | Pierre-Yves Kolakowski<br>pkolakowski@zeklaw.com |
| ACASS Canada Ltd. | Rahman Connelly<br>Rahman.connelli@pillsburylaw.com |
| Alex Hadjicharalambous | Jenna Dabbs<br>jdabbs@kaplanhecker.com |
| Apple Inc. | Hannah Cannom<br>hcannom@wscllp.com |
| Baker Hostetler LLP | Andrew Layden<br>alayden@bakerlaw.com |
| Boies Schiller Flexner LLP | Amy Neuhardt<br>aneuhardt@bsfllp.com |
| Brown Rudnick LLP | William R. Baldiga<br>wbaldiga@brownrudnick.com |
| Cahill Gordon & Reindel LLP | Brockton Bosson<br>bbosson@cahill.com<br>Joshua Roy<br>JRoy@cahill.com |
| Chris Lee (a/k/a/ Nan Li, Chris Li, Mei Guo Xiao Li) | Eric T. Schmitt<br>eschmitt@quinlanfirm.com |
| Cirrus Design Corporation (d/b/a Cirrus Aircraft) | Jaclyn C. Marasco<br>jaclyn.marasco@faegredrinker.com |
| Clark Hill PLC | Vincent E. Lazar<br>vlazar@jenner.com<br>John Storino<br>jstorino@jenner.com |
| Defeng Cao | Katherine E. Mateo<br>KMateo@olshanlaw.com |
| Ding "Ivan" Lin | Eric T. Schmitt<br>eschmitt@quinlanfirm.com |
| Elliot Kwok Levine & Jaroslaw LLP | Matt Levine<br>mlevine@ekljlaw.com |
| Ernst & Young LLP (a/k/a E&Y) | Alan Tabak<br>Alan.j.tabak@ey.com |
| G Club Operations LLC | Carolina A. Fornos<br>carolina.fornos@pillsburylaw.com |
| Gettr USA Inc | Richard J. Corbi<br>rcorbi@corbilaw.com |
| GFNY, Inc. | Howard J. Steinberg |

| | steinbergh@gtlaw.com<br>Nathan A. Haynes<br>haynesn@gtlaw.com |
|---|---|
| GMusic | Howard J. Steinberg<br>steinbergh@gtlaw.com<br>Nathan A. Haynes<br>haynesn@gtlaw.com |
| Greenwich Land LLC | Christopher J. Major, Esq.<br>cjm@msf-law.com |
| GS Security Solutions Inc. | Robert Grand<br>rgrand@laxneville.com |
| Gypsy Mei Food Services LLC | Lee Vartan<br>lvartan@csglaw.com<br>Jim Moriarty<br>jmoriarty@zeislaw.com;<br>Aaron A. Romney<br>aromney@zeislaw.com;<br>Steve Kindseth<br>skindseth@zeislaw.com |
| HCHK Property Management, Inc. | HCHK Property Management, Inc.<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 |
| Hing Chi Ngok a/k/a Yue Qingzhi a/k/a Hing Chi Ng | Christopher J. Major, Esq.<br>cjm@msf-law.com |
| HK International Funds Investments (USA) Limited, LLC | Lee Vartan<br>lvartan@csglaw.com<br>Jim Moriarty<br>jmoriarty@zeislaw.com;<br>Aaron A. Romney<br>aromney@zeislaw.com;<br>Steve Kindseth<br>skindseth@zeislaw.com; |
| Ho Wan Kwok | Jim Moriarty<br>jmoriarty@zeislaw.com;<br>Aaron A. Romney<br>aromney@zeislaw.com;<br>Steve Kindseth<br>skindseth@zeislaw.com |
| Janover LLC | Rory G. Greebel<br>rory.greebel@wilsonelser.com |
| Joshua I. Sherman | Joshua Sherman<br>joshua@joshuaisherman.com |

| | |
|---|---|
| Kamel Debeche | James Edward Nealon, Esq.<br>james.nealon@nealon-law.com |
| Kathleen Sloane | Kathleen Sloane<br>ksloane@bhsusa.com |
| Lawall & Mitchell, LLC | Jeffrey M. Sklarz<br>jsklarz@gs-lawfirm.com |
| Limarie Reyes | Paul M. Krieger<br>Paul.Krieger@KKLllp.com |
| Mei Guo | Lee Vartan<br>lvartan@csglaw.com<br>Jim Moriarty<br>jmoriarty@zeislaw.com;<br>Aaron A. Romney<br>aromney@zeislaw.com;<br>Steve Kindseth<br>skindseth@zeislaw.com |
| Melissa Francis | Jonathan Bach<br>jbach@shapiroarato.com |
| Min Yang | 10740 Queens Blvd.<br>Apt 11G<br>Forest Hills, NY 11375-4211 |
| O'Neal Webster | Adam Swick<br>adam.swick@akerman.com |
| Phillips Nizer LLP | Jared R. Clark<br>jclark@phillipsnizer.com |
| Raich Ende Malter Co. LLP | Jacquelyn J. Moran<br>jmoran@moritthock.com |
| Rule of Law Foundation III | Jon P. Newton<br>jnewton@reidandriege.com |
| Rule of Law Society IV INC. | Jon P. Newton<br>jnewton@reidandriege.com |
| V.X. Cerda & Associates P.A. and Victor Cerda | Brendan F. Quigley<br>brendan.quigley@bakerbotts.com |
| Williams & Connolly LLP | Jerry Shulman, Esq.<br>sdavidoff@wc.com |
| Yossi Almani | Patricia Pileggi<br>patricia.pileggi@afslaw.com |
| GWGOPNZ Ltd. | Joseph Pastore<br>jpastore@pastore.net |
| Shin Hsin Yu | 2nd Floor<br>No. 226 Wende Rd.<br>Neihu District, Taipei City, Taiwan 114 |
| BHS Manhattan | Babette Krolik<br>bkrolik@terraholdings.com |

4

**<u>Exhibit A</u>**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :    Case No. 22-50073 (JAM)
                                                       :
            Debtors.                                   :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE TO**
**(I) MODIFY OCTOBER 6, 2022 PROTECTIVE ORDER ENTERED PURSUANT TO**
**SECTIONS 105 AND 107 OF BANKRUPTCY CODE AND FEDERAL RULE OF CIVIL**
**PROCEDURE 26(C) AND THE STIPULATED ADDENDUM TO THE PROTECTIVE**
**ORDER; AND (II) REDESIGNATE BANK STATEMENTS PREVIOUSLY**
**DESIGNATED  "HIGHLY CONFIDENTIAL" AS "CONFIDENTIAL"**

UPON CONSIDERATION OF the *Motion of Chapter 11 Trustee to (I) Modify October*

*6, 2022 Protective Order [ECF No. 923] Entered Pursuant to Sections 105 and 107 of Title 11 of*

*the United States Code and Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulated*

*Addendum to the Protective Order; and (II) Redesignate Bank Statements Previously Designated*

*"Highly Confidential"* (the "Motion"),[2] and good cause having been shown, and the Court

having considered any and all objections and other responses to the Motion, and the Court

finding that the relief requested in the Motion is in the best interests of the Debtor's estate and its

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
       LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
       (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

creditors, and the relief provided herein being narrowly tailored to serve the foregoing purposes,

it is by the Court, hereby

      ORDERED, that the Motion is granted as set forth herein; and it is further

      ORDERED, that the Protective Order previously entered by this Court on October 6,

2022 [ECF No. 923] is modified as follows:

- The following language is added to the end of paragraph 5(b) of the Protective Order: "Notwithstanding anything herein to the contrary, account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, 'Bank Statements') do not pose a risk of personal safety, identity theft, or competitive injury sufficient to warrant the heightened restrictions applicable to Discovery Material designated 'Highly Confidential.' Absent further order of the Court, Bank Statements shall not be designated as 'Highly Confidential' under this Order."

- The following language is deleted from paragraph 9(b) of the Protective Order: "subject to the Producing Party's consent, not to be unreasonably withheld.  For the avoidance of doubt, Producing Party for purposes of providing or withholding consent to receive or review Designated Material pursuant to paragraphs 9, 10, and 18 shall include an individual or entity to the extent of (i) documents produced by the individual's or entities' current or former professional firms and (ii) documents produced by financial institutions relating to accounts of the individual or entity";

- The following language is deleted from paragraph 10(a)(iii) of the Protective Order ", subject to the Producing Party's consent, not to be unreasonably withheld";

- The following language is deleted from paragraph 10(b) of the Protective Order ", subject to the Producing Party's consent, not to be unreasonably withheld," ; and

- The following language is deleted from paragraph 18 of the Protective Order ", with the receipt of such Designated Material subject to the Producing Party's consent, not to be unreasonably withheld."

The Protective Order, as modified by this Order, is attached hereto as **Exhibit 1** to this Order.  A

redlined document highlighting the modifications to the Protective Order originally entered on

October 6 is attached hereto as **Exhibit 2**; and it is further

2

ORDERED, that to the extent that Paragraphs 3 and 9 of the P.O. Addendum provided that absent further Order of the Court, only those persons and entities specified in Paragraph 10 of the Protective Order could have access to Discovery Material or Confidential Records produced by the FDIC-Receiver, this Order amends the P.O. Addendum to permit the disclosure of Bank Statements produced by the FDIC-Receiver to persons and entities specified in Paragraph 9 of the Protective Order under the amended terms and conditions adopted herein; and it is further

ORDERED, that all Bank Statements produced prior to the entry of this Order and designated "Highly Confidential" under the Protective Order and/or the P.O. Addendum, shall be redesignated as "Confidential," *provided, however,* such redesignation shall not apply to the Capital One Carve-Out Document; and it is further

ORDERED, that within twenty-one (21) days of the entry of this Order, any Producing Party that has produced Bank Statements designated "Highly Confidential" shall redesignate such Bank Statements "Confidential" (by specific reference to the Bates numbers of redesignated documents) and, in the absence of such redesignation, the Receiving Party, in its sole and absolute discretion, may determine which documents produced by the Producing Party were Bank Statements and may consider such documents designated "Confidential" instead of "Highly Confidential," and it is further

ORDERED, that to the extent that a Producing Party redesignates documents pursuant to this Order and a Receiving Party disagrees with the extent of the redesignation, the Receiving Party may seek relief from the Court; and it is further

ORDERED, that for the avoidance of doubt, except for Bank Statements redesignated pursuant to this Order, the modifications approved by this Order do not waive any previous

confidentiality designation made pursuant to the original Protective Order entered on October 6, 2022 and/or the P.O. Addendum, or give permission to disclose Designated Materially publicly; and it is further

ORDERED, to the extent that information subject to this Order that was previously designated  (or will be designated) as Confidential or Highly Confidential under the Protective Order and/or the P.O. Addendum may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, *et al*., this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to those persons specified in paragraph 9 of the Protective Order, pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b); and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

_____
Julie A. Manning,
United States Bankruptcy Judge

**<u>Exhibit 1 to [Proposed] Order</u>**

Modified Protective Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

.........................................................x
                                          :
In re:                                    :   Chapter 11
                                          :
HO WAN KWOK,                              :   Case No. 22-50073 (JAM)
                                          :
             Debtor.[1]                   :   Re: ECF No. 874
                                          :
.........................................................x

## <u>**MODIFIED PROTECTIVE ORDER**</u>

This Protective Order ("<u>Order</u>") is entered into by and among: (a) Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "<u>Trustee</u>"), and (b) any other persons  or entities who become bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto. Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "<u>Party</u>," and collectively as the "<u>Parties</u>."[2] This Order is being entered pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>").

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] The designation of a "Party" is for purposes of reference in this Order only.

**Recitals**

WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before this Court, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case;

WHEREAS, the Court authorized the appointment of the Trustee by granting the United States Trustee's application for an order approving the appointment of Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(d);

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, subpoenas, and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Case;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material and to protect Discovery Material that a Party seeks to maintain as Confidential Material or Highly Confidential Material (as those terms are defined below), it is

2

hereby agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below):

## Scope of Order

1.          This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes before this Court, by a Party (each a "Producing Party"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a contested matter or adversary proceeding, in connection with an exchange of exhibits in advance of a hearing, and/or in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions); interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.          This Order does not affect, amend or modify any existing confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.          For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Subject to a Producing Party's rights under Paragraphs 9, 10 and 18 of hereof, upon the consent of the Trustee, any non-Party that executes Exhibit A and delivers a copy to the Trustee shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto. For the further avoidance of any doubt, reference to becoming a "Party" upon execution of Exhibit A is for the purposes of this Order only and not intended to reflect any agreement as to such party's status as a litigant.

### Designating Discovery Material

5.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

     (a)      Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non- Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)    Highly Confidential Material: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of personal safety, identity theft, or competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as addresses or other sensitive personal identifiable information, trade secrets, sensitive financial or business information, or material prepared by a Party's industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff).  Notwithstanding anything herein to the contrary, account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, 'Bank Statements') do not pose a risk of personal safety, identity theft, or competitive injury sufficient to warrant the heightened restrictions applicable to Discovery Material designated 'Highly Confidential.' Absent further order of the Court, Bank Statements shall not be designated as 'Highly Confidential' under this Order.

(c)    Designation By Another Party: Any Party may designate any Discovery Material as Confidential or Highly Confidential in accordance with paragraphs 5(a) and 5(b), whether or not that Party is the one which originally disclosed or exchanged the Discovery Material, and in such event, the designating Party shall be a Producing Party with respect to that

Discovery Material.

(d)    Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 7, 8 and 34 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("Undesignated Material"), unless that Party has actual knowledge that the subject of the Discovery Material has been previously designated as Confidential or Highly Confidential pursuant to this Order or any other protective order.

6.    Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that it is "Confidential" or "Highly Confidential," such as by including such designation in the filename and/or the produced Relativity (or other document review platform) load file, if applicable. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.

7.    Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated

Material"). At such time, arrangements will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

### Use and Disclosure of Confidential or Highly Confidential Material

8. General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties solely in this Court for the purposes of a Dispute or the Chapter 11 Case, and not for any other purpose or in any other forum, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function.

9. Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)    the Trustee;

(b)    any Party who has signed Exhibit A and delivered a copy thereof to the Trustee; and

(c)    any other persons specified in Paragraph 10 below.

10.    Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)    counsel, and staff working under the express direction of such counsel, for:

i.    the Trustee;

ii.    the Creditor's Committee;

iii.    any Party who has signed Exhibit A and delivered a copy to the Trustee; and

(b)    professionals retained under Sections 328 and 1103 of the Bankruptcy Code, and industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order or by a Party who has signed Exhibit A in connection with the Disputes or this Chapter 11 Case;

(c)    any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)    any adverse witness during the course of a deposition where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive or personal harm, provided that the relevant section of the

8

deposition transcript is itself designated as Highly Confidential, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Highly Confidential, and subject to paragraph 12;

(e)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or this Chapter 11 Case;

(f)     court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or this Chapter 11 Case;

(g)     the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;

(h)     any mediators and their staffs retained in connection with a Dispute or these this Chapter 11 Case; and

(i)     any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11.     Designated Material To Be Disclosed Only In Accordance With Paragraphs 9 and 10: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 10 of this Order. Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12.     Prerequisite to Disclosure of Designated Material: Before any person or their representative identified in Paragraph 10(b), 10(d), 10(h) or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the

files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. A copy of such executed Exhibit A for representatives identified in Paragraphs 10(a)(ii), 10(d), 10(h) and 10(i), but not for representatives identified in Paragraph 10(b), shall be provided to the Producing Party. Such executed Exhibit A for representatives identified in Paragraph 10(b) shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders. For the avoidance of doubt, an Exhibit A may be executed on behalf of an organization for any representative identified in Paragraph 10(b) rather than requiring each relevant individual at that organization to execute Exhibit A.

13.     Sealing of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Court, except that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9077-1. If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing. The filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Protective Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

14.     Use of Discovery Material in Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. Whenever practicable, as part

of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, or if not practicable prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the Producing Party shall bear the burden of requesting appropriate relief from the Court. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation and in accordance with the terms of this Order.

### **Depositions and Rule 2004 Examinations**

15.    Deposition and Rule 2004 Examination Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that only the relevant portion(s) of testimony is so designated; or (b) providing written notice within ten (10) days of the Party's receipt of the final transcript from the court reporter that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within ten (10) days of receipt of the final transcript, in which case the foregoing ten (10) day period will be reduced to five (5) business days. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a five business day period is not practical, the entirety of the transcript shall be designated as Designated Material for purposes of use at the hearing or with the pleading and the ten (10) day period described above shall then apply for further designation. Until expiration of the aforesaid designation period, as applicable, following receipt of the final transcript by the

Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential unless otherwise specified by counsel to any Party on the record at the deposition.

16.    Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.    Witness Review of Deposition Testimony: Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.    Presence of Persons During Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated. After such exclusion from the portion of any deposition containing Designated Material, if such persons wish to receive written or other recordings of the deposition testimony containing Designated Material, such persons must become a Party to this Order.

19.    Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. The questioning Party at any deposition shall, prior to the commencement of the deposition, request that the court reporter agree to maintain the confidentiality of all Designated Material introduced at the deposition. Each questioning attorney at a deposition shall distribute copies of Designated Material used as exhibits only to those Parties permitted to receive

said Designated Material in accordance with the terms of this Order.

### General Provisions

20.    Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

21.    This Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.    For the purposes of this Order, "writing" shall include electronic mail.

23.    Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.    Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover or destroy the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover or destroy the disclosed Designated Material and ensure against further dissemination or use

thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.     Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.

26.     Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at an evidentiary hearing or at trial.

27.     Production Of Privileged Discovery Material: Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Producing Party inadvertently produces materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege, or other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, when the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and

14

request, at the Producing Party's election, either the return or the destruction of the produced material. Within three (3) business days after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.

28. Challenging Privilege Determinations: The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto. If the Receiving Party wishes to challenge one or more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations. If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court. Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure. Notwithstanding anything set forth in this Order, no provision herein, including this paragraph 28, shall supplant or supersede any provision set forth

in that certain *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information,* [Docket No. 856].

29.     Use Of Non-Discovery Material: To the extent that any Party has documents or information that would otherwise constitute Discovery Material that (i) are received or become available to a Party through lawful means and on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or this Chapter 11 Case.

30.     Continuing Applicability Of Confidentiality Agreement And Protective Order: The provisions of this Order shall survive the final termination of the Disputes and the Debtor's emergence from bankruptcy for any retained Discovery Material. The final termination of the Disputes and the Debtor's emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.     Amendment Of Confidentiality Agreement And Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or a Producing Party and the Trustee may jointly agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order with respect to Discovery Material produced by that Producing Party.

32.     Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall, as soon as reasonably practicable, notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed; and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33.     Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 29, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

34.     Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.     Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein

36.     Prior Agreements: The provisions and requirements of this Order shall provide the exclusive means for the exchange and use of Designated Material produced in connection with any Disputes.

37.     Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

38.     Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a presumptive statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case, and consistent therewith the United States Trustee reserves all rights to seek access to any documents submitted or filed under seal. The United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).


**IT IS SO ORDERED** at Bridgeport, Connecticut this _____ day of _____, 2024.


_____
Julie A. Manning,
United States Bankruptcy Judge

## Exhibit A

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
................................................................x
                                      :
In re:                                :    Chapter 11
                                      :
HO WAN KWOK,                          :    Case No. 22-50073 (JAM)
                                      :
            Debtor.¹                  :
                                      :
                                      :
................................................................x
```

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,_____declare under penalty of perjury (this "<u>Declaration</u>") that:

1. My address is

2. My present employer is _____.

3. My present occupation or job description is_____.

4. I hereby certify and agree that I have read and understand the terms of the Protective Order (the "<u>Order</u>") entered on_____, 2022 in *In re: Ho Wan Kwok*, Case No. 22-50073 (JAM), in the United States Bankruptcy Court for the District of Connecticut. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Designated Material for any purpose other than the Chapter 11 Case, and will not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order

---

¹ Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

5.  I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.  I acknowledge and agree that I am aware that by receiving Designated Material:

    a.  I may be receiving material nonpublic information about companies that issue securities; and

    b.  There exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.  I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

Signature: _____

**Exhibit 2 to [Proposed] Order**

Redline

*[Different first page setting changed from off in original to on in modified.].*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                              :

In re:                          :      Chapter 11
                              :

HO WAN KWOK,           :      Case No. 22-50073 (JAM)
                              :

         Debtor.[1]      :      Re: ECF No. 874
                              :

                              :
---------------------------------------------------------x

## **MODIFIED PROTECTIVE ORDER**

This Protective Order ("Order") is entered into by and among: (a) Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"), and (b) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto. Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "Party," and collectively as the "Parties."[2] This Order is being entered pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] The designation of a "Party" is for purposes of reference in this Order only.

## Recitals

WHEREAS, the Debtor filed a voluntary petition under ~~chapter~~Chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before this Court, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case;

WHEREAS, the Court authorized the appointment of the Trustee by granting the United States Trustee's application for an order approving the appointment of Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(d);

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, subpoenas, and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Case;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material and to protect Discovery Material that a Party seeks to maintain as Confidential Material or Highly Confidential Material (as those terms are defined below), it is

*[Link-to-previous setting changed from off in original to on in modified.].*

hereby agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below):

### Scope of Order

1.       This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes before this Court, by a Party (each a "Producing Party"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a contested matter or adversary proceeding, in connection with an exchange of exhibits in advance of a hearing, and/or in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions); interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.       This Order does not affect, amend or modify any existing confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.       For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Subject to a Producing Party's rights under Paragraphs 9, 10 and 18 of hereof, upon the consent of the Trustee, any non-Party that executes Exhibit A and delivers a copy to the Trustee shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto. For the further avoidance of any doubt, reference to becoming a "Party" upon execution of Exhibit A is for the purposes of this Order only and not intended to reflect any agreement as to such party's status as a litigant.

### Designating Discovery Material

5.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

(a)      Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non- Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)  Highly Confidential Material: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of personal safety, identity theft, or competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as addresses or other sensitive personal identifiable information, trade secrets, sensitive financial or business information, or material prepared by a Party's industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff). Notwithstanding anything herein to the contrary, account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, 'Bank Statements') do not pose a risk of personal safety, identity theft, or competitive injury sufficient to warrant the heightened restrictions applicable to Discovery Material designated 'Highly Confidential.' Absent further order of the Court, Bank Statements shall not be designated as 'Highly Confidential' under this Order.

(c)  Designation By Another Party: Any Party may designate any Discovery Material as Confidential or Highly Confidential in accordance with paragraphs 5(a) and 5(b), whether or not that Party is the one which originally disclosed or exchanged the Discovery Material, and in such event,

the designating Party shall be a Producing Party with respect to that Discovery Material.

(d)        Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 7, 8 and 34 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("Undesignated Material"), unless that Party has actual knowledge that the subject of the Discovery Material has been previously designated as Confidential or Highly Confidential pursuant to this Order or any other protective order.

6.    Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that it is "Confidential" or "Highly Confidential," such as by including such designation in the filename and/or the produced Relativity (or other document review platform) load file, if applicable. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.

*[Link-to-previous setting changed from off in original to on in modified.].*

7.      Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated Material"). At such time, arrangements will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

### **Use and Disclosure of Confidential or Highly Confidential Material**

8.      General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties

*[Link-to-previous setting changed from off in original to on in modified.].*

solely in this Court for the purposes of a Dispute or the Chapter 11 Case, and not for any other purpose or in any other forum, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function.

  9. Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

   (a) the Trustee;

   (b) any Party who has signed Exhibit A and delivered a copy thereof to the Trustee ~~subject to the Producing Party's consent, not to be unreasonably withheld.  For the avoidance of doubt, Producing Party for purposes of providing or withholding consent to receive or review Designated Material pursuant to paragraphs 9, 10, and 18 shall include an individual or entity to the extent of (i) documents produced by the individual's or entities' current or former professional firms and (ii) documents produced by financial institutions relating to accounts of the individual or entity ; and~~<u>; and</u>

   (c) any other persons specified in Paragraph 10 below.

  10. Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

   (a) counsel, and staff working under the express direction of such counsel, for:

    i. the Trustee;

    ii. the Creditor's Committee;

iii.       any Party who has signed Exhibit A and delivered a copy to the Trustee, ~~subject to the Producing Party's consent, not to be unreasonably withheld~~; and

(b)       professionals retained under Sections 328 and 1103 of the Bankruptcy Code, and industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order or by a Party who ~~subject to the Producing Party's consent, not to be unreasonably withheld,~~ has signed Exhibit A in connection with the Disputes or this Chapter 11 Case;

(c)       any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)       any adverse witness during the course of a deposition where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive or personal harm, provided that the relevant section of the deposition transcript is itself designated as Highly Confidential, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Highly Confidential, and subject to paragraph 12;

(e)       outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or this Chapter 11 Case;

(f)    court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or this Chapter 11 Case;

(g)    the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;

(h)    any mediators and their staffs retained in connection with a Dispute or these this Chapter 11 Case; and

(i)    any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11.    Designated Material To Be Disclosed Only In Accordance With Paragraphs 9 and 10: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 10 of this Order. Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12.    Prerequisite to Disclosure of Designated Material: Before any person or their representative identified in Paragraph 10(b), 10(d), 10(h) or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto. Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. A copy of such executed Exhibit A for representatives identified in Paragraphs 10(a)(ii), 10(d), 10(h) and 10(i), but not for representatives identified in Paragraph 10(b), shall be provided to the Producing Party. Such executed Exhibit A for representatives identified in Paragraph 10(b) shall not be subject to disclosure under the Federal

Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders. For the avoidance of doubt, an Exhibit A may be executed on behalf of an organization for any representative identified in Paragraph 10(b) rather than requiring each relevant individual at that organization to execute Exhibit A.

13.     Sealing of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Court, except that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9077-1. If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing. The filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Protective Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

14.     Use of Discovery Material in Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. Whenever practicable, as part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, or if not practicable prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the

*[Link-to-previous setting changed from off in original to on in modified.].*

Producing Party to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the Producing Party shall bear the burden of requesting appropriate relief from the Court. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation and in accordance with the terms of this Order.

**Depositions and Rule 2004 Examinations**

15.    Deposition and Rule 2004 Examination Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that only the relevant portion(s) of testimony is so designated; or (b) providing written notice within ten (10) days of the Party's receipt of the final transcript from the court reporter that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within ten (10) days of receipt of the final transcript, in which case the foregoing ten (10) day period will be reduced to five (5) business days. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a five business day period is not practical, the entirety of the transcript shall be designated as Designated Material for purposes of use at the hearing or with the pleading and the ten (10) day period described above shall then apply for further designation. Until expiration of the aforesaid designation period, as applicable, following receipt of the final transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential unless otherwise specified by counsel to any Party on the record at the deposition.

*[Link-to-previous setting changed from off in original to on in modified.].*

16.    Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.    Witness Review of Deposition Testimony: Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.    Presence of Persons During Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated. After such exclusion from the portion of any deposition containing Designated Material, if such persons wish to receive written or other recordings of the deposition testimony containing Designated Material, such persons must become a Party to this Order, with the receipt of such Designated Material subject to the Producing Party's consent, not to be unreasonably withheld.

19.    Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. The questioning Party at any deposition shall, prior to the commencement of the deposition, request that the court reporter agree to maintain the confidentiality of all Designated Material introduced at the deposition. Each questioning attorney at a deposition shall

*[Link-to-previous setting changed from off in original to on in modified.].*

13

distribute copies of Designated Material used as exhibits only to those Parties permitted to receive said Designated Material in accordance with the terms of this Order.

### **General Provisions**

20.     Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

21.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.     For the purposes of this Order, "writing" shall include electronic mail.

23.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.     Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover or destroy the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the

disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover or destroy the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.    Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.

26.    Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at an evidentiary hearing or at trial.

27.    Production Of Privileged Discovery Material: Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Producing Party inadvertently produces materials that the Producing Party later claims in good faith should not have been produced because of a privilege,

including but not limited to the attorney-client privilege, or other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, when the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material. Within three (3) business days after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.

28.    Challenging Privilege Determinations: The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto. If the Receiving Party wishes to challenge one or more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations. If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the

Court. Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure. Notwithstanding anything set forth in this Order, no provision herein, including this paragraph 28, shall supplant or supersede any provision set forth in that certain *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information,* [Docket No. 856].

29.    Use Of Non-Discovery Material: To the extent that any Party has documents or information that would otherwise constitute Discovery Material that (i) are received or become available to a Party through lawful means and on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or this Chapter 11 Case.

30.    Continuing Applicability Of Confidentiality Agreement And Protective Order: The provisions of this Order shall survive the final termination of the Disputes and the Debtor's emergence from bankruptcy for any retained Discovery Material. The final termination of the Disputes and the Debtor's emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.    Amendment Of Confidentiality Agreement And Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this

Order at any time or a Producing Party and the Trustee may jointly agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order with respect to Discovery Material produced by that Producing Party.

32.     Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall, as soon as reasonably practicable, notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed; and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33.     Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 29, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

34.     Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.     Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying

*[Link-to-previous setting changed from off in original to on in modified.].*

on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

36.    Prior Agreements: The provisions and requirements of this Order shall provide the exclusive means for the exchange and use of Designated Material produced in connection with any Disputes.

37.    Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

38.    Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a presumptive statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case, and consistent therewith the United States Trustee reserves all rights to seek access to any documents submitted or filed under seal. The United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).


**IT IS SO ORDERED** at Bridgeport, Connecticut this ~~6th~~_____ day of ~~October,~~ ~~2022~~_____, 2024.


_____
Julie A. Manning,
United States Bankruptcy Judge

## **Exhibit A**

**Declaration**

*[Different first page setting changed from on in original to off in modified.].*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------x
                                                 :
In re:                                           :        Chapter 11
                                                 :
HO WAN KWOK,                                      :        Case No. 22-50073 (JAM)
                                                 :
              Debtor.¹                            :
                                                 :
                                                 :
-------------------------------------------------x
```

## <u>DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY</u> <u>PROTECTIVE ORDER</u>

I, _____ declare under penalty of perjury (this "<u>Declaration</u>") that:

1. My address is _____

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby certify and agree that I have read and understand the terms of the Protective Order (the "<u>Order</u>") entered on _____, 2022 in *In re: Ho Wan Kwok*, Case No. ~~22-50073~~22-50073 (JAM), in the United States Bankruptcy Court for the District of Connecticut. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Designated Material for any purpose other than the Chapter 11 Case, and will not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case, and

---

¹ Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

*[Different first page setting changed from on in original to off in modified.].*
*[Link-to-previous setting changed from off in original to on in modified.].*

*[Different first page setting changed from on in original to off in modified.].*

will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6. I acknowledge and agree that I am aware that by receiving Designated Material:

   a. I may be receiving material nonpublic information about companies that issue securities; and

   b. There exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

Signature: _____

*[Different first page setting changed from on in original to off in modified.].*
*[Link-to-previous setting changed from off in original to on in modified.].*

22