```
 1                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF CONNECTICUT
 2                         BRIDGEPORT DIVISION

 3
    IN RE:                         .  Chapter 11
 4                                 .  Case No. 22-50073 (JAM)
    HO WAN KWOK, et al.,           .
 5                                 .  (Jointly Administered)
                                   .
 6                                 .  Courtroom 123
                                   .  Brien McMahon Federal Building
 7          Debtors.               .  915 Lafayette Boulevard
                                   .  Bridgeport, Connecticut 06604
 8                                 .
                                   .  Tuesday, May 28, 2024
 9   . . . . . . . . . . . . . . . .  12:00 p.m.

10                          TRANSCRIPT OF HEARING
                  BEFORE THE HONORABLE JULIE A. MANNING
11                   UNITED STATES BANKRUPTCY JUDGE

12   APPEARANCES:

13   For the Chapter 11
     Trustee:                      Patrick R. Linsey, Esquire
14                                 NEUBERT PEPE & MONTEITH, P.C.
                                   195 Church Street
15                                 13th Floor
                                   New Haven, Connecticut 06510
16
                                   -and-
17
                                   Nicholas A. Bassett, Esquire
18                                 PAUL HASTINGS, LLP
                                   2050 M Street NW
19                                 Washington, DC 20036

20   Audio Operator:               Electronically recorded

21   Transcription Company:        Reliable
                                   The Nemours Building
22                                 1007 N. Orange Street, Suite 110
                                   Wilmington, Delaware 19801
23                                 Telephone: (302)654-8080
                                   Email: gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

```
 1  APPEARANCES (CONTINUED):

 2  For the Chapter 11
    Trustee:                  Luc A. Despins, Esquire
 3                            PAUL HASTINGS, LLP
                              200 Park Avenue
 4                            New York, New York 10166

 5  For the U.S. Trustee:     Holley L. Claiborn, Esquire
                              OFFICE OF THE UNITED STATES TRUSTEE
 6                            The Giaimo Federal Building
                              150 Court Street, Room 302
 7                            New Haven, Connecticut 06510

 8  For Pacific Alliance
    Asia Opportunity Fund:    Annecca H. Smith, Esquire
 9                            ROBINSON & COLE, LLP
                              270 Trumbull Street
10                            Hartford, Connecticut 06103

11                            -and-

12                            Stuart M. Sarnoff, Esquire
                              O'MELVENY & MYERS, LLP
13                            1301 Avenue of the Americas
                              Suite 1730
14                            New York, New York 10019

15

16

17

18

19

20

21

22

23

24

25
```

1                              INDEX

2  MOTIONS:                                                       PAGE

3  Matter
   No. 3177   Motion for Order Regarding Transfer of                8
4             Ownership of Ducati Motorcycle (Upon Consent)
              Filed by Patrick R. Linsey on behalf of Luc A.
5             Despins, Chapter 11 Trustee

6             Court's Ruling:                                      12

7  Matter
   No. 3178   Application of Chapter 11 Trustee for Entry of        5
8             Order, Pursuant to Bankruptcy Code Sections
              327, 328, and 330, Bankruptcy Rules 2014 and
9             2016, and Local Bankruptcy Rules 2014-1 and
              2016-1, Expanding Retention and Employment of
10            Harney Westwood and Riegels LP to Also Serve
              as Cayman Islands Counsel to Chapter 11
11            Trustee Filed by Luc A. Despins on behalf of
              Luc A. Despins, Chapter 11 Trustee
12
              Court's Ruling:                                       7
13
   Transcriptionist's Certificate                                  14
14

15

16

17

18

19

20

21

22

23

24

25

1          (Proceedings commenced at 12:00 p.m.)
2                THE CLERK:  Case Number 22-50073, Ho Wan Kwok.
3                THE COURT:  Okay.  Good afternoon.  It is 12:00
4  p.m. and we have one matter on the calendar at 12:00 p.m. and
5  I would ask for appearances.
6                Attorney Claiborn is in the courtroom, so I'll
7  take the trustee and parties that are appearing remotely
8  first and then -- Attorney Claiborn was here for other
9  hearings, so she just stayed to attend this hearing in
10 person.
11               So, Trustee Despins, if you would start with your
12 appearance, please?
13               MR. DESPINS:  Yes, Your Honor.
14               Good afternoon, Your Honor.  Luc Despins,
15 Chapter 11 Trustee.
16               THE COURT:  Good afternoon.
17               MR. BASSETT:  Good afternoon, Your Honor.
18               Nick Bassett from Paul Hastings, counsel to the
19 Chapter 11 Trustee.
20               THE COURT:  Good afternoon.
21               MR. LINSEY:  Good afternoon, Your Honor.
22               Patrick Linsey, Connecticut counsel for the
23 trustee.
24               THE COURT:  Good afternoon.
25               MS. SMITH:  Good afternoon, Your Honor.

1               Annecca Smith, Connecticut counsel for the largest
2  creditor, PAX.
3               THE COURT:  Good afternoon.
4               MS. CLAIBORN:  And good afternoon.
5               Holley Claiborn for the U.S. Trustee.
6               THE COURT:  Good afternoon.
7               So in looking at the calendar for today in the
8  case, I did note that there were no objections filed to the
9  matters on the calendar and, obviously, in an attempt to keep
10 costs down when appropriate, I thought it made sense to hold
11 this hearing remotely, so we are doing that today.
12              Do any of you believe anyone else will be joining
13 this hearing?
14              MR. DESPINS:  Not to our knowledge, Your Honor.
15              THE COURT:  Okay.  All right.
16              Then the matters on the calendar, I don't know how
17 you would like to proceed with which matter first, but
18 Trustee Despins or Attorney Bassett, whomever, go right
19 ahead.
20              MR. DESPINS:  We can start with the expansion of
21 the retention of Harney.  So, with your permission, Your
22 Honor, I would start with that.  That motion is at Docket
23 3178.
24              And it's really a simple motion.  Harney is
25 already our British Virgin Islands counsel.  There's a need

1   to -- for advice regarding Cayman Islands, in fact, some of
2   the Hamilton, Himalaya entities are incorporated in the
3   Caymans and therefore, we need to be able to tap into the
4   same firm, but a different office, and we would view this,
5   the retention of Harney's in the case with limited to British
6   Virgin Islands, so, therefore, we filed this motion to expand
7   it.  So it's not more complicated than that.  It's just
8   expanding the retention so that we can use their Cayman
9   Islands lawyers as needed, Your Honor.
10            THE COURT:  Understood.
11            I have reviewed the application and I understand
12  why you are seeking to expand the retention and employment of
13  counsel.
14            Attorney, do you wish to be heard on the
15  application?
16            MS. CLAIBORN:  Your Honor, just to note that I
17  filed a statement of no objection, which is at ECF 3195.
18            THE COURT:  Thank you.
19            Does anyone else wish to be heard on the
20  application to expand the scope of the services for the
21  counsel in the British Virgin Islands?
22       (No verbal response)
23            THE COURT:  All right.  Attorney -- I'm sorry --
24  Trustee Despins, I'm looking at the proposed order and, you
25  know, I think it's fine.  There's no need to make any changes

1  to it.  Sometimes I do make changes to the orders, but in
2  this situation, I don't think it's necessary.
3              Attorney Claiborn, you didn't have any changes to
4  the order, did you?
5              MS. CLAIBORN:  No, Your Honor.
6              THE COURT:  Okay.  I'm just looking at it again.
7         (Pause.)
8              THE COURT:  So, as I noted, I did review the
9  application.  I understand the reason why the trustee is
10 seeking an order granting the application to expand the
11 services.  No one has filed any written objections to the
12 application.  The United States Trustee has filed a statement
13 of no objection and there is no one participating in this
14 hearing today that is objecting to the application.  For all
15 those reasons, the application is granted and the proposed
16 order can enter.
17             MR. DESPINS:  Thank you, Your Honor.
18             And for the record, I would note that Mr. Sarnoff
19 from O'Melveny just joined us.
20             MR. SARNOFF:  I'm sorry, Your Honor.  My camera
21 was giving me difficulty.  Forgive me.
22             THE COURT:  That's fine.  Good afternoon, Attorney
23 Sarnoff.
24             MR. DESPINS:  And, Your Honor, the next matter
25 will be handled by Mr. Bassett.

1         THE COURT:  Thank you.
2         MR. BASSETT:  Again, good afternoon, Your Honor.
3 Nick Bassett from Paul Hastings, on behalf of the Chapter 11
4 Trustee.
5         Your Honor, the next and last item on the agenda
6 for today is the motion the trustee filed at ECF 3177 in the
7 main case on consent, seeking the entry of an order,
8 declaring that a Ducati motorcycle, located at Mahwah mansion
9 is property of the estate and directing that action be taken
10 to have title to that motorcycle transferred to the trustee
11 on behalf of the estate.
12        Your Honor, just by way of brief background, as
13 all set forth in the motion, the current registered title
14 owner of the motorcycle is Mr. Scott Barnett, whom the Court
15 knows as the debtor's bodyguard, who has been the discussion
16 of other issues in this Chapter 11 case.  The trustee came to
17 learn that a Ducati that had been seen, that the trustee and
18 others had seen at the Mahwah mansion, that, in fact, based
19 on current New York State records is titled in the name of
20 Mr. Barnett.
21        We approached Mr. Barnett's counsel.  The response
22 that we received was Mr. Barnett had no idea that the
23 motorcycle was, in fact, titled in his name.  He said that
24 somebody must have put it into his name, because he did not
25 even -- he was not even aware of it being titled in his name.

1  He has no objection to the motorcycle being transferred to
2  the Chapter 11 estate and he agreed to take whatever steps
3  reasonably necessary to have title transferred to the
4  trustee.
5             So we, again, conferred with Mr. Barnett's
6  counsel, then filed this motion upon his consent.  We served
7  both, the motion and the notice of the hearing on all parties
8  to the Chapter 11 case via ECF.  There have been no other
9  objections to the motion -- no objections at all to the
10 motion.  And, Your Honor, on that basis, we would ask the
11 motion be granted.  Obviously, I'm happy to answer any
12 questions the Court may have.
13            MR. DESPINS:  Just one thing I want to add is that
14 you will recall that at one point in the Mahwah adversary
15 proceeding, you requested that we prepare a list of all the
16 items on the property and give that to Taurus and for Taurus
17 to respond to whether they believed they owned it or not.
18 And as far as the motorcycles are concerned, they declined
19 ownership.  They say that they don't own it so, therefore,
20 that's another relevant piece (indiscernible) which is that
21 where the motorcycle is located, the owner -- the alleged
22 owner takes the position that they don't own the motorcycle,
23 so that's (indiscernible).
24            THE COURT:  And they did that -- that hasn't been
25 filed on the docket.  I'm not saying it should have been, I'm

1  just asking:  That has not been filed on the docket, has it?
2             MR. DESPINS:  Yes, it was in the Mahwah adversary
3  proceeding --
4             THE COURT:  Okay.
5             MR. DESPINS:  -- there was a chart with -- I don't
6  know if it was a check mark beside each item, but it was
7  clearly laid out and the motorcycle was listed there as they
8  said they didn't own it.
9             MR. BASSETT:  And that's -- Your Honor, that's
10 actually mentioned in our brief --
11            THE COURT:  That's my -- I'm sorry, go ahead,
12 Attorney Bassett.
13            MR. BASSETT:  Sorry, Your Honor.
14            I was just going to note that that report that the
15 trustee is referring to is mentioned in our motion.  It was
16 filed in the, as the trustee had said, in the Mahwah
17 adversary proceeding on October 31st, 2023, and it's at
18 Docket 78 in that adversary proceeding.
19            THE COURT:  All right.  Thank you.
20            That's where I got confused myself, not that you
21 confused me, but I was thinking about it being docketed in
22 the main case, but that doesn't make sense; it would have
23 been docketed in the adversary, which is where you did docket
24 it, so I understand that counsel for Taurus Fund has agreed
25 in writing that Taurus Fund has no ownership interest in the

1  motorcycle, that is the subject of this motion, this consent-
2  to motion.
3            So, what does Mr. Barnett have to do, just sign
4  over title?
5            MR. BASSETT:  That is a fair question, Your Honor.
6            The order, the proposed order states that
7  Mr. Barnett will execute any documentation and take any other
8  action, as reasonably necessary, to have title transferred to
9  the estate.  We're looking into the precise mechanics of
10 that, but, obviously, it will involve a transfer of title
11 document that likely has to be filed with the Department of
12 Motor Vehicles, but we will work through those mechanics to
13 make sure that happens.
14           THE COURT:  Understood.  I was just curious if,
15 you know, there's any -- there will be.  You'll have to
16 figure out the state law that governs that issue and act
17 accordingly.  But your proposed order does provide, or does
18 anticipate that something is going to happen.  That Mr.
19 Barnett is going to cooperate and execute any documentation
20 or take any other action that's necessary to have the title
21 transferred to the estate.  So I was just curious, but that's
22 fine.  You'll take care of it.
23           THE COURT:  Does anyone else wish to be heard
24 regarding the motion on consent for the transfer of ownership
25 of the motorcycle to the estate?

```
 1        (No verbal response)
 2              THE COURT:  Okay.  I would note for the record
 3   that the motion was filed and served.  No one has filed any
 4   written objection to the motion.  All the parties that
 5   electronically receive pleadings, not only received the
 6   motion, but the notice of the hearing.  There's no one
 7   participating in this hearing that is objecting to it, to the
 8   relief sought in the motion, so for all those reasons, the
 9   motion for the consent order regarding the transfer of the
10   ownership of the Ducati motorcycle to the estate, ECF 3177 is
11   granted and the proposed order will enter.
12              MR. DESPINS:  Thank you, Your Honor.
13              THE COURT:  Is there any other business we need to
14   address in the case today?  I know there are some hearings
15   coming up in the next few weeks.  Is there anything else?
16              MR. DESPINS:  Not at this time.
17              THE COURT:  Okay.
18              MR. DESPINS:  Not at this time, Your Honor, thank
19   you.
20              THE COURT:  All right.  Well, then, thank you all
21   and we will see you in a few weeks.
22              COUNSEL:  Thank you, Your Honor.  The.
23              THE COURT:  All right.  Thank you, all.
24              That concludes today's hearings, so court is
25   adjourned.
```

1        THE CLERK:  All rise.  Court is adjourned.
2   (Proceedings concluded at 12:13 p.m.)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

|   |   |
|---|---|
| 1 | <div style="text-align:center">CERTIFICATION</div> |
| 2 | I certify that the foregoing is a correct |
| 3 | transcript from the electronic sound recording of the |
| 4 | proceedings in the above-entitled matter to the best of my |
| 5 | knowledge and ability. |
| 6 | |
| 7 | /s/ William J. Garling                    May 30, 2024 |
| 8 | William J. Garling, CET-543 |
| 9 | Certified Court Transcriptionist |
| 10 | For Reliable |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |