*Part 1(e):  Cash Receipts and Disbursements:

Management fees paid to Sherry Netherland from security deposit maintained by Sherry Netherland, in the amount of $13,236.46, in April 2024.

In accordance with the Court's order dated September 12, 2023, authorizing Genever Holdings LLC, as Debtor-in-Possession, to obtain post-petition financing, a payment of $25,156.75 was made to AIG, for insurance coverage from the estate of Ho Wan Kwok, case number 22-50073, in April 2024.

**Part 5(a):  Professional Fees and Expenses:

In accordance with the Court's order dated September 12, 2023, authorizing Genever Holdings LLC, as Debtor-in-Possession to obtain post-petition financing, a payment was made to Neubert, Pepe & Monteith, PC, in the amount of $536.80 from the estate of Ho Wan Kwok, case number 22-50073, in April 2024.

In accordance with the Court's order dated September 12, 2023, authorizing Genever Holdings LLC, as Debtor-in-Possession, to obtain post-petition financing, a payment in the amount of $19,434.26 was made to O'Sullivan McCormack Jensen & Bliss PC, special counsel for Genever Holdings LLC, for approved fees from the estate of Ho Wan Kwok, case number 22-50073, in April 2024.

In accordance with the Court's order dated September 12, 2023, authorizing Genever Holdings LLC, as Debtor-in-Possession, to obtain post-petition financing, a payment of $5,286.60 was made to Acheson Doyle Partners Architects, PC, for approved fees from the estate of Ho Wan Kwok, case number 22-50073, in April 2024.

In accordance with the Court's order dated September 12, 2023, authorizing Genever Holdings LLC, as Debtor-in-Possession, to obtain post-petition financing, a payment of $16,625.21 was made to Hillmann Consulting, for approved fees from the estate of Ho Wan Kwok, case number 22-50073, in April 2024.



Date  4/30/24        Page      1
Primary Account      ████████9910

GENEVER HOLDINGS LLC
CASE# 22-50592
200 PARK AVENUE
NEW YORK NY 10166

Account Title:          GENEVER HOLDINGS LLC
                        CASE# 22-50592

| | | | |
|---|---|---|---|
| Commercial Checking | | Number of Enclosures | 2 |
| Account Number | ████████9910 | Statement Dates   4/01/24 thru  4/30/24 | |
| Previous Balance | 39,744.56 | Days in the statement period | 30 |
| Deposits/Credits | .00 | Avg Daily Ledger | 39,715.39 |
| 2 Checks/Debits | 50.00 | Avg Daily Collected | 39,715.39 |
| Maintenance Fee | .00 | | |
| Interest Paid | .00 | | |
| Ending Balance | 39,694.56 | | |

## CHECKS IN SERIAL NUMBER ORDER

| Date | Check No | Amount | Date | Check No | Amount |
|---|---|---|---|---|---|
| 4/12 | 1101 | 25.00 | 4/15 | 1102 | 25.00 |

\* Indicates Skip In Check Number Sequence

## DAILY BALANCE INFORMATION

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 4/01 | 39,744.56 | 4/12 | 39,719.56 | 4/15 | 39,694.56 |

*** END OF STATEMENT ***

THE RED THERMO SECURED "EP" LOGO IN THE LOWER CORNER OF THIS CHECK MUST FADE TEMPORARILY WHEN WARMED BY TOUCH OR FRICTION. SEE BACK FOR ADDITIONAL FEATURES.

Genever Holdings LLC
Case No: 22-50492
200 Park Avenue
New York NY 10166

1101
90-8726/1222

DATE April 3, 2024

PAY TO THE ORDER OF New York State Corporation Tax          $ 25,—

Twenty five  0/100                                          DOLLARS

axos BANK

MEMO extension fee

Check  1101   Date: 04/12   Amount: $25.00

---

THE RED THERMO SECURED "EP" LOGO IN THE LOWER CORNER OF THIS CHECK MUST FADE TEMPORARILY WHEN WARMED BY TOUCH OR FRICTION. SEE BACK FOR ADDITIONAL FEATURES.

Genever Holdings LLC
Case No: 22-50492
200 Park Avenue
New York NY 10166

1102
90-8726/1222

DATE April 3, 2024

PAY TO THE ORDER OF NYC  Department of Finance          $ 25,—

Twenty five  0/100                                          DOLLARS

axos BANK

MEMO extension fee

Check  1102   Date: 04/15   Amount: $25.00

## IMPORTANT DISCLOSURE TO OUR CONSUMER CUSTOMERS

### In Case of Errors or Questions About Your Electronic Transfers

In Case of Errors or Questions About Your Electronic Transfers, Telephone us at 1-888-502-2967 or Write us at the address on the front of this statement as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number (if any).
- Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

We will tell you all the results of our investigation within 10 business days and will correct any error promptly. If we need more time, we may take up to 45 days to investigate your complaint. In that case, we will provisionally credit your account for the amount you think is in error, so that you may have use of the money during the time it takes us to complete our investigation. For transfers initiated outside the United States or transfers resulting from a point of sale (POS) debit card transactions, the time period for provisional credit is 10 business days and the time to resolve the investigation is 90 days.

## IMPORTANT DISCLOSURES TO OUR BUSINESS CUSTOMERS

Errors related to any transaction on a business account will be governed by any agreement between us and/or all applicable rules and regulations governing such transactions, including the rules of the Automated Clearing House Association (NACHA Rules) as may be amended from time to time. If you think this statement is wrong, please telephone us at the number listed on the front of this statement immediately.

## For our 24-hour Automated Banking System, please call the number located on the front of the Statement.
## CONSUMER BILLING RIGHTS SUMMARY REGARDING YOUR RESERVE LINE

### What to do if you think you find a mistake on your statement:

Contact us at the address shown on the front of this statement as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you within 60 days after the error appeared on your statement.
- Tell us your name and account number.
- Tell us the dollar amount of the suspected error.
- Describe the error you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.

You must notify us of any potential errors in writing or electronically. You may call us, but if you do, we are not required to investigate any potential errors and you may have to pay the amount in question.
While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The amount in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

## REPORTS TO AND FROM CREDIT BUREAUS FOR RESERVE LINES
We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

## CONSUMER REPORT DISPUTES
We may report information about negative account activity on consumer and small business deposit accounts and consumer reserve lines to Consumer Reporting Agencies (CRA). As a result, this may prevent you from obtaining services at other financial institutions. If you believe we have inaccurately reported information to a CRA, you may submit a dispute by calling 1-800-428-9623 or by writing to Chex Systems, Attention Consumer Relations, 7805 Hudson Road, Suite 100, Woodbury, MN 55125. In order to assist you with your dispute, you must provide your name, address and phone number; the account number; the specific information you are disputing; the explanation of why it is incorrect; and any supporting documentation (i.e. affidavit of identity theft). If applicable.

©2018 Axos Bank. All Rights Reserved.
DEP 950 (10/18)



**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| ⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯x | | |
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| GENEVER HOLDINGS LLC, | : | Case No. 22-50592 (JAM) |
| | : | |
| Debtor. | : | Jointly administered under |
| | : | Lead Case 22-50073 (JAM) |
| ⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯x | | |

**ATTACHMENT TO MONTHLY OPERATING REPORT**
**FOR THE PERIOD ENDING APRIL 30, 2024**

This attachment is incorporated into and made a part of the Monthly Operating Report ("MOR") of Genever Holdings LLC (the "Debtor").

**General Disclaimers**

1. The MOR is presented on a form promulgated in 2021 by the Executive Office of the United States Trustee. This form in many instances requires inserting a number for a line item even if the line item does not apply. The form also does not allow for the insertion of explanations next to answers. Accordingly, as presented, certain responses may be inapplicable or incomplete. This attachment is being filed as an integral part of the MOR.

2. The Debtor has been under the control of Luc A. Despins, in his capacity as chapter 11 trustee (the "Trustee") in the case of Ho Wan Kwok, as holder of a proxy from Genever Holdings Corporation, since September 2022. Information herein reflects the information available to the Trustee as of the date of the filing of this MOR, but is subject to revision based on the Trustee's ongoing investigation and review of claims. For example, the amount of prepetition debt reported in Part 2 of the MOR, derived from the Debtor's schedules of assets and liabilities filed on November 3, 2020 (the "Schedules"), may be adjusted based on the disallowance of certain claims or the allowance of claims filed in connection with the reopened claims filing process with respect to which the claims bar date was set for February 17, 2023. Moreover, the value of the apartment at the Sherry Netherland Hotel, which the Debtor believes is its primary asset, may in reality be significantly lower than the amount reported in Part 2 of the MOR. In particular, the value of the apartment may be a fraction of the amount reported in Part 2 of the MOR given the fire that occurred in the apartment on March 15, 2023. The Trustee makes no representation as to the current market value of the Debtor's assets

3. The Trustee reserves the rights to amend, modify or supplement this MOR or update it in future MORs.

1