**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------x
:
In re:                                             :    Chapter 11
                                                   :
HO WAN KWOK, *et al.*,                             :    Case No. 22-50073 (JAM)
                                                   :
            Debtors.                               :    (Jointly Administered)
                                                   :
-------------------------------------------------------------x

## LAMP CAPITAL'S LIMITED OBJECTION TO THE CHAPTER 11 TRUSTEE'S MOTION TO LIQUIDATE SHARES OF VCTR AND RELATED RELIEF

Lamp Capital LLC ("Lamp Capital"), by and through its undersigned counsel, hereby objects to the Motion of Luc A. Despins, Chapter 11 Trustee (the "Trustee"), pursuant to sections 105(a), 541, 542 and 363 of the United States Code and Bankruptcy Rule 6004, seeking entry of an Order, in the form of the proposed order filed therewith as Exhibit A (the "Proposed Order"), approving the liquidation of the VCTR Shares (as defined therein) and distribution of the net proceeds to the Trustee for the benefit of the Debtor's estate (the "Estate"). *See* ECF 3203 (the "Motion to Liquidate").

## LAMP CAPITAL'S OBJECTION

1.    By his Motion to Liquidate, the Trustee requests that this Court enter the Proposed Order, which, *inter alia*, authorizes Reverence Capital Partners Opportunities Fund I (Cayman) L.P. (the "Reverence Fund"), a private equity investment fund, to direct its broker-dealer to liquidate 55,383 shares of Victory Capital Holdings Inc. (the "VCTR Shares") and deliver the cash proceeds of the liquidation -- estimated by the Trustee to be approximately $2.9 million -- to the Trustee for the benefit of the Estate.  ECF 3203.

2.    The Trustee asserts that he is entitled to this distribution based solely and exclusively on his claim that Lamp Capital holds a limited partner interest in the Reverence Fund (the "L.P. Interest") and that, pursuant to the February 1, 2024 default judgment entered by this Court declaring Lamp Capital to be the alter ego of the Debtor (the "Lamp Judgment"), the L.P. Interest is property

of the Estate. Indeed, by his Motion to Liquidate, the Trustee seeks an Order that, pursuant to the Lamp Judgment, the L.P. Interest is the property of the Estate. *See* ECF 3203, Exhibit A (Proposed Order) p. 2.

3. Lamp Capital disputes the Trustee's claim that it is the alter ego of the Debtor and further that the Trustee was entitled to judgment as a matter of law on that issue by default. On February 15, 2024, Lamp Capital duly filed a Notice of Appeal to the District Court of the Lamp Judgment and of this Court's underlying Memorandum Decision and Order upon which the Lamp Judgment is based (*see Despins v. Lamp Capital, et al.,* Adv. Pro. No. 23-05023, ECF 68 (Notice of Appeal)), which is now fully briefed and remains pending before the District Court (the "Lamp Appeal").

4. Lamp Capital contacted the Trustee and proposed certain modifications to the Proposed Order identical to the form attached hereto as **Exhibit A** (the "Lamp Proposed Order") that would protect Lamp Capital's L.P. Interest in the event its appeal is successful. More specifically, as set forth in the Lamp Proposed Order, Lamp Capital suggested that the Proposed Order be modified to reflect that if the District Court grants its appeal and enters an Order vacating the Lamp Judgment, ownership of the L.P. Interest should revert back to Lamp Capital, and that Lamp Capital be repaid for any distributions received by the Estate from the proceeds of the liquidation of the VCTR Shares on account of the L.P. Interest (*see* highlighted proposed modifications in the Lamp Proposed Order attached hereto as Exhibit A). Absent such modifications, the Trustee will be permitted to keep the money collected from the liquidation of the VCTR Shares based on a default judgment that will have been vacated.

5. The Trustee rejected Lamp Capital's proposed modifications.

6. Given the limited nature of Lamp Capital's objection, the harm to Lamp Capital that will result in the event its appeal is successful and the Trustee is thereafter permitted to retain nearly $3 million of Lamp Capital's property based on a vacated default judgment, and in view of the Trustee's prior agreement to -- and this Court's acceptance of -- similar protective language in

resolving an objection to the sale of The Lady May (*see In re Kwok*, No. 22-50073, ECF 1953, par. 9), Lamp Capital respectfully requests that the Proposed Order be modified in accordance with the Lamp Proposed Order attached hereto as Exhibit A.

| | | |
|---|---|---|
| Submitted: | New York, New York<br>June 6, 2024 | LAX & NEVILLE, LLP<br>/s/ *Barry R. Lax*<br>Barry R. Lax, Esq. (phv09611)<br>Robert J. Grand, Esq. (ct24113)<br>350 5th Avenue, Suite 4640<br>New York, NY 10018<br>Tel: (212) 696-1999<br>Fax: (212) 490-3332<br><br>*Attorneys for Lamp Capital LLC* |

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------x
:
In re:                                                 :       Chapter 11
                                                           :
HO WAN KWOK, *et al.*,[1]                  :       Case No. 22-50073 (JAM)
                                                           :
             Debtor.                                :       (Jointly Administered)
---------------------------------x

**[PROPOSED] ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

Upon the motion (the "Motion") of Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and for related relief, due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion, it is hereby

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that within two business days of the entry of this Order, the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

**ORDERED**, that within five business days of the entry of this Order, Merrill Lynch shall liquidate the VCTR Shares on the stock market at their market price at the time of liquidation; and it is further

**ORDERED**, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED**, that within seven business days of the entry of this Order, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED**, that, ==except as expressly set forth herein==, the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest, ==subject to Lamp Capital's rights as set forth below==; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee, ==**provided that Trustee's receipt of the L.P. Interest and any Distributions on account of the L.P. Interest shall be subject to adjustment and/or disgorgement in the event that an order enters vacating the Lamp Judgment, in which case (i) ownership of the L.P. Interest shall revert to Lamp Capital, and (ii) Lamp Capital shall be entitled to receive repayment from the Estate of any Distributions received on account of the L.P. Interest, including from the proceeds of the**==

==**liquidation of the VCTR shares; and, only to the extent the Estate lacks the ability to independently satisfy Lamp Capital's liens, claims, interests and/or encumbrances related to or arising from its right to repayment of any Distributions on account of the L.P. Interest, if any, from the proceeds of the liquidation of the VCTR shares, Distributions on account of the L.P. Interest, or other assets of the Estate, then the recipients of such funds from the Estate, if any, including the Trustee's professionals, shall be subject to adjustment and/or disgorgement to the extent necessary to repay Lamp Capital**==; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

2

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2024, a copy of foregoing *Lamp Capital's Limited Objection To The Chapter 11 Trustee's Motion To Liquidate Shares of VCTR And Related Relief* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:  */s/ Robert J. Grand*
Robert J. Grand (ct24113)