## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

-----------------------------------------------------x
:
In re:                                      :          Chapter 11
:
HO WAN KWOK, *et al.*[1]                    :          Case No. 22-50073 (JAM)
:
Debtor.                      :          (Jointly Administered)
-----------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF THE BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF

Upon the motion (the "Motion") of Luc A. Despins, as chapter 11 trustee (the "Trustee")

for the estate of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") pursuant to

sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the

VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and

for related relief, due and sufficient notice having been given, and good cause appearing for the

relief sought by the Motion, it is hereby

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that within two business days of receiving a written notice to sell the

VCTR Shares from the Trustee (which notice may direct disposition by market order or limit

order), the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares in

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

accordance with Trustee's express instructions and Merrill Lynch's ordinary course of business for such transactions (including, where required, the Reverence Fund's verbal confirmation of such order) and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

**ORDERED**, that within five business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall liquidate the VCTR Shares on the stock market as directed by the Reverence Fund; and it is further

**ORDERED**, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED**, that within seven business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED**, that the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that any and all rights and remedies at law or in equity that the Trustee and Lamp Capital LLC, respectively, may have in connection with the adversary proceeding denominated *Luc A. Despins, Trustee v. Lamp Capital LLC, et al.*, U.S. Bankruptcy Court for the District of Connecticut, Adv. Pro. 23-05023, and any post-judgment or appellate proceedings relating thereto, are expressly reserved, and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall

provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>CERTIFICATION</u>

I hereby certify that the foregoing proposed order was filed electronically on June 11, 2024. Notice of this filing will be sent by e-mail to all parties registered for electronic service in this proceeding through the courts CM/ ECF system.

<div align="right">

*/s/ James C. Graham*
James C. Graham (CT 06064)
Neubert Pepe & Monteith PC
195 church St., 13th floor
New Haven CT 06510
203-821-2000
Jgraham@npmlaw.com

</div>

**BLACKLINED VERSION**

REFLECTING CHANGES FROM ORIGINAL PROPOSED ORDER SUBMITTED
WITH ECF 3203

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                    :
In re:                              :        Chapter 11
                                    :
HO WAN KWOK, *et al.*[1]            :        Case No. 22-50073 (JAM)
                                    :
            Debtor.                 :        (Jointly Administered)
------------------------------------------------------x

[REVISED PROPOSED]
ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF THE
BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES,
DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF

Upon the motion (the "Motion") of Luc A. Despins, as chapter 11 trustee (the "Trustee")

for the estate of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") pursuant to

sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the

VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and

for related relief, due and sufficient notice having been given, and good cause appearing for the

relief sought by the Motion, it is hereby

    **ORDERED,** that the Motion is granted as set forth herein; and it is further

    **ORDERED,** that within two business days of receiving a written notice to sell the

VCTR Shares from the Trustee (which notice may direct disposition by market order or limit

order), the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares in

> Formatted: Font: 12 pt

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

accordance with Trustee's express instructions and Merrill Lynch's ordinary course of business for such transactions (including, where required, the Reverence Fund's verbal confirmation of such order) and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

ORDERED, that within five business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall liquidate the VCTR Shares on the stock market as directed by the Reverence Fund; and it is further

<!-- Formatted: Font: 12 pt -->

~~ORDERED, that within two business days of the entry of this Order, the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further~~

~~ORDERED, that within five business days of the entry of this Order, Merrill Lynch shall liquidate the VCTR Shares on the stock market at their market price at the time of liquidation; and it is further~~

ORDERED, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

ORDERED, that within seven business days ~~of the entry of this Order~~ receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

ORDERED, that the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that any and all rights and remedies at law or in equity that the Trustee and Lamp Capital LLC, respectively, may have in connection with the adversary proceeding

Formatted: Space After: 0 pt, Tab stops: 0.56", Left + Not at 0.3"

3

denominated *Luc A. Despins, Trustee v. Lamp Capital LLC, et al.*, U.S. Bankruptcy Court for the District of Connecticut, Adv. Pro. 23-05023, and any post-judgment or appellate proceedings relating thereto, are expressly reserved, and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4

## <u>CERTIFICATION</u>

I hereby certify that the foregoing proposed order was filed electronically on June 11, 2024. Notice of this filing will be sent by e-mail to all parties registered for electronic service in this proceeding through the courts CM/ ECF system.

— /s/ James C. Graham
James C. Graham (CT 06064)
Neubert Pepe & Monteith PC
195 church St., 13th floor
New Haven CT 06510
203-821-2000
Jgraham@npmlaw.com

> **Formatted:** Indent: Left: 3"

> **Formatted:** Indent: Left: 3.44"

5