UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK, *et al.*[1]                                 :    Case No. 22-50073 (JAM)
                                                         :
          Debtor.                                        :    (Jointly Administered)
---------------------------------------------------------x

**[REVISED PROPOSED]**
**ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

Upon the motion (the "Motion") of Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and for related relief, due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion, it is hereby

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that within two business days of receiving a written notice to sell the VCTR Shares from the Trustee, the Reverence Fund shall direct Merrill Lynch to liquidate the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

VCTR Shares and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

**ORDERED**, that within five business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall liquidate the VCTR Shares on the stock market at their market price at the time of liquidation; and it is further

**ORDERED**, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED**, that within seven business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED**, that, except as expressly set forth herein, the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest, subject to Lamp Capital's rights as set forth below; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee, provided that Trustee's receipt of the L.P. Interest and any Distributions on account of the L.P. Interest shall be subject to adjustment

and/or disgorgement in the event that a final and no longer appealable order enters determining that the L.P. Interest, the right to receive distribution of the VCTR Shares, and/or any other Distributions on account of the L.P. Interest are property of Lamp Capital and/or that the membership interest in Lamp Capital does not belong to the Trustee or the Estate, in which case Lamp Capital, shall be entitled to receive payment from the Estate to the extent of such finally determined interest; and, only to the extent the Estate lacks the ability to independently satisfy Lamp Capital's liens, claims, interests and/or encumbrances related to or arising from its right to repayment of any distributions on account of the L.P. Interest, if any, from the proceeds of the liquidation of the VCTR shares, distributions on account of the L.P. Interest, or other assets of the Estate, then the recipients of such funds from the Estate, if any, including the Trustee's professionals, shall be subject to adjustment and/or disgorgement to the extent necessary to repay Lamp Capital; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that any and all rights and remedies at law or in equity that the Trustee and Lamp Capital LLC, respectively, may have in connection with the adversary proceeding denominated *Luc A. Despins, Trustee v. Lamp Capital LLC, et al.*, U.S. Bankruptcy Court for the District of Connecticut, Adv. Pro. 23-05023, and any post-judgment or appellate proceedings relating thereto, are expressly reserved, and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re: : Chapter 11
:
HO WAN KWOK, *et al.*[1] : Case No. 22-50073 (JAM)
:
Debtor. : (Jointly Administered)
------------------------------------------------------x

**[REVISED PROPOSED]**
**ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

Upon the motion (the "Motion") of Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2] approving the liquidation of the VCTR Shares and the distribution of their proceeds to the Trustee for the benefit of the Estate, and for related relief, due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion, it is hereby

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

**ORDERED,** that the Motion is granted as set forth herein; and it is further

**ORDERED,** that within two business days of receiving a written notice to sell the VCTR Shares from the Trustee, the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

**ORDERED**, that within five business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall liquidate the VCTR Shares on the stock market at their market price at the time of liquidation; and it is further

**ORDERED**, that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED**, that within seven business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED**, that, except as expressly set forth herein, the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest, subject to Lamp Capital's rights as set forth below; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or

otherwise distributed at the direction of the Trustee, provided that Trustee's receipt of the L.P. Interest and any Distributions on account of the L.P. Interest shall be subject to adjustment and/or disgorgement in the event that a final and no longer appealable order enters determining that the L.P. Interest, the right to receive distribution of the VCTR Shares, and/or any other Distributions on account of the L.P. Interest are property of Lamp Capital and/or that the membership interest in Lamp Capital does not belong to the Trustee or the Estate, in which case Lamp Capital, shall be entitled to receive payment from the Estate to the extent of such finally determined interest; and, only to the extent the Estate lacks the ability to independently satisfy Lamp Capital's liens, claims, interests and/or encumbrances related to or arising from its right to repayment of any distributions on account of the L.P. Interest, if any, from the proceeds of the liquidation of the VCTR shares, distributions on account of the L.P. Interest, or other assets of the Estate, then the recipients of such funds from the Estate, if any, including the Trustee's professionals, shall be subject to adjustment and/or disgorgement to the extent necessary to repay Lamp Capital; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the

Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that any and all rights and remedies at law or in equity that the Trustee and Lamp Capital LLC, respectively, may have in connection with the adversary proceeding denominated *Luc A. Despins, Trustee v. Lamp Capital LLC, et al.*, U.S. Bankruptcy Court for the District of Connecticut, Adv. Pro. 23-05023, and any post-judgment or appellate proceedings relating thereto, are expressly reserved, and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.