**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF No. 3203 |

**ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF THE BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**

On May 21, 2024, Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok, filed the Motion for Order Approving Liquidation of VCTR Shares (the "Motion"). (ECF No. 3203.) On June 6, 2024, Lamp Capital LLC ("Lamp Capital") filed an objection to the Motion. (ECF No. 3234.) On June 10, 2024, a hearing was held on the Motion. During the hearing, the Trustee and Lamp Capital appeared and made their respective arguments. Lamp Capital asserted its objection was a limited objection and that it requested certain language be incorporated in the order granting the Motion. The Trustee objected to Lamp Capital's proposed language. At the conclusion of the hearing, the Court denied Lamp Capital's request for the inclusion of its proposed language and directed the parties to submit a proposed order that instead included a reservation of rights. The Trustee and Lamp Capital submitted competing proposed orders. (ECF Nos. 3240, 3241.)

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Lamp Capital's proposed order contains the language the Court rejected during the hearing. (ECF No. 3241.)

Upon review of the Motion and after a hearing held on June 10, 2024, pursuant to sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code[2], it is hereby

**ORDERED:**  The Motion is granted as set forth herein; and it is further

**ORDERED:**  Within two business days of receiving a written notice to sell the VCTR Shares from the Trustee (which notice may direct disposition by market order or limit order), the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares in accordance with the Trustee's express instructions and Merrill Lynch's ordinary course of business for such transactions (including, where required, the Reverence Fund's verbal confirmation of such order) and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

**ORDERED:**  Within five business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall liquidate the VCTR Shares on the stock market as directed by the Reverence Fund; and it is further

**ORDERED:**  Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED:**  Within seven business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

---

[2] All Capitalized terms not expressly defined herein shall adopt the definitions set forth in the Motion.

**ORDERED:** The L.P. Interest is property of the Estate and, given the nature of the L.P. Interest and the circumstances under which it is held, as described in the Motion, including ¶¶ 6 and 37–39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and it is further

**ORDERED:** The Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest for the benefit of the Estate pending further order of the Court; and it is further

**ORDERED:** Any Distributions on account of the L.P. Interest, whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED:** Effective as of the date of entry of this Order, the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally, and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED:** The Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that, by

receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED:** Any and all rights and remedies at law or in equity that the Trustee and Lamp Capital, respectively, may have in connection with the adversary proceeding denominated *Luc A. Despins, Trustee v. Lamp Capital LLC, et al.*, U.S. Bankruptcy Court for the District of Connecticut, Adv. Pro. 23-05023, and any post-judgment or appellate proceedings related thereto, are expressly reserved, and it is further

**ORDERED:** The Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED:** Within five business days of the entry of this Order, the Trustee shall provided Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED:** Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED:** This Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

**ORDERED:** The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 12th day of June, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut