**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                         :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                      :    Case No. 22-50073 (JAM)
:
Debtors.                                       :    (Jointly Administered)
:
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE TO (I) MODIFY OCTOBER 6, 2022 PROTECTIVE ORDER ENTERED PURSUANT TO SECTIONS 105 AND 107 OF BANKRUPTCY CODE AND FEDERAL RULE OF CIVIL PROCEDURE 26(C) AND THE STIPULATED ADDENDUM TO THE PROTECTIVE ORDER; AND (II) REDESIGNATE BANK STATEMENTS PREVIOUSLY DESIGNATED "HIGHLY CONFIDENTIAL" AS "CONFIDENTIAL"**

UPON CONSIDERATION OF the *Motion of Chapter 11 Trustee to (I) Modify October 6, 2022 Protective Order [ECF No. 923] Entered Pursuant to Sections 105 and 107 of Title 11 of the United States Code and Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulated Addendum to the Protective Order; and (II) Redesignate Bank Statements Previously Designated "Highly Confidential"* (the "Motion"),[2] and good cause having been shown, and the Court having considered any and all objections and other responses to the Motion, and the Court finding that the relief requested in the Motion is in the best interests of the Debtor's estate and its

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

creditors, and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Protective Order previously entered by this Court on October 6, 2022 [ECF No. 923] is modified as follows:

- The following language is added to the end of paragraph 5(b) of the Protective Order: "Notwithstanding anything herein to the contrary, account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, 'Bank Statements') do not pose a risk of personal safety, identity theft, or competitive injury sufficient to warrant the heightened restrictions applicable to Discovery Material designated 'Highly Confidential.' Absent further order of the Court, Bank Statements shall not be designated as 'Highly Confidential' under this Order."

- The following language is deleted from paragraph 9(b) of the Protective Order: "subject to the Producing Party's consent, not to be unreasonably withheld.  For the avoidance of doubt, Producing Party for purposes of providing or withholding consent to receive or review Designated Material pursuant to paragraphs 9, 10, and 18 shall include an individual or entity to the extent of (i) documents produced by the individual's or entities' current or former professional firms and (ii) documents produced by financial institutions relating to accounts of the individual or entity";

- The following language is deleted from paragraph 10(a)(iii) of the Protective Order ", subject to the Producing Party's consent, not to be unreasonably withheld";

- The following language is deleted from paragraph 10(b) of the Protective Order ", subject to the Producing Party's consent, not to be unreasonably withheld," ; and

- The following language is deleted from paragraph 18 of the Protective Order ", with the receipt of such Designated Material subject to the Producing Party's consent, not to be unreasonably withheld."

The Protective Order, as modified by this Order, is attached hereto as **Exhibit 1** to this Order.  A redlined document highlighting the modifications to the Protective Order originally entered on October 6 is attached hereto as **Exhibit 2**; and it is further

ORDERED, that to the extent that Paragraphs 3 and 9 of the P.O. Addendum provided that absent further Order of the Court, only those persons and entities specified in Paragraph 10 of the Protective Order could have access to Discovery Material or Confidential Records produced by the FDIC-Receiver, this Order amends the P.O. Addendum to permit the disclosure of Bank Statements produced by the FDIC-Receiver to persons and entities specified in Paragraph 9 of the Protective Order under the amended terms and conditions adopted herein; and it is further

ORDERED, that all Bank Statements produced prior to the entry of this Order and designated "Highly Confidential" under the Protective Order and/or the P.O. Addendum, shall be redesignated as "Confidential," *provided, however,* such redesignation shall not apply to the Capital One Carve-Out Document; and it is further

ORDERED, that within twenty-one (21) days of the entry of this Order, any Producing Party that has produced Bank Statements designated "Highly Confidential" shall redesignate such Bank Statements "Confidential" (by specific reference to the Bates numbers of redesignated documents) and, in the absence of such redesignation, the Receiving Party, in its sole and absolute discretion, may determine which documents produced by the Producing Party were Bank Statements and may consider such documents designated "Confidential" instead of "Highly Confidential," and it is further

ORDERED, that to the extent that a Producing Party redesignates documents pursuant to this Order and a Receiving Party disagrees with the extent of the redesignation, the Receiving Party may seek relief from the Court; and it is further

ORDERED, that for the avoidance of doubt, except for Bank Statements redesignated pursuant to this Order, the modifications approved by this Order do not waive any previous

confidentiality designation made pursuant to the original Protective Order entered on October 6, 2022 and/or the P.O. Addendum, or give permission to disclose Designated Material publicly; and it is further

ORDERED, that, notwithstanding anything to the contrary herein, solely with respect to Designated Material (the "UBS Material") produced by UBS AG ("UBS") which a Receiving Party intends to share with other persons pursuant to paragraphs 9(b), 10(a), 10(b), or 18 of the Protective Order (as amended): (a) prior to sharing the UBS Material, the Receiving Party shall provide UBS with five (5) business days advance notice (via email to counsel for UBS) (the "UBS Notice Period") identifying (i) the UBS Material to be shared and (ii) the recipient(s); (b) if UBS does not consent to the sharing of the UBS Material as proposed by the Receiving Party, UBS may file a motion in the Chapter 11 Case during the UBS Notice Period requesting that the proposed disclosure be modified or not permitted, any response to such motion shall be filed within five (5) business days of the filing of the motion, and the motion shall be considered by the Court on an expedited basis (subject to the Court's schedule); and (c) in the absence of a motion by UBS opposing the proposed disclosure, the Receiving Party may share the UBS Material in a manner consistent with its notice to UBS upon the earlier of (i) UBS consenting to the proposed disclosure or (ii) the expiration of the UBS Notice Period; and it is further

ORDERED, to the extent that information subject to this Order that was previously designated  (or will be designated) as Confidential or Highly Confidential under the Protective Order and/or the P.O. Addendum may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, *et al.*, this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to those persons specified in paragraph 9 of the Protective Order, pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b); and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

                                                   _____
                                                   Julie A. Manning,
                                                   United States Bankruptcy Judge