**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                            :

In re:                    :              Chapter 11

                            :

HO WAN KWOK, *et al.*[1]    :            Case No. 22-50073 (JAM)

                            :

          Debtor.        :              (Jointly Administered)

-------------------------------------------------------x

**MOTION TO RECONSIDER AND AMEND PRIOR ORDER OF THIS COURT (ECF NO. 3244) APPROVING LIQUIDATION OF VCTR SHARES, DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF TO INCLUDE TWO ORDINAL PARAGRAPHS MISTAKENLY OMITTED FROM THE PROPOSED ORDER SUBMITTED FOR COURT CONSIDERATION ON JUNE 11, 2024 AND ENDORSED BY THE COURT ON JUNE 12, 2024**

Luc A. Despins (hereinafter, the Trustee), in his capacity as Chapter 11 Trustee of Ho Wan Kwok (the "Debtor"), hereby moves to amend (the "Motion to Amend") this Court's January 12, 2024 *Order Pursuant to Sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code Approving Liquidation of VCTR Shares, Distribution Proceeds, and Related Relief* (ECF No. 3244) to include two ordinal paragraphs that were inadvertently and mistakenly omitted from the form of order submitted by Trustee to the Court and subsequently entered in this case. In support of this motion, Trustee states the following grounds.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**Background and Relevant Facts**

1. On May 21, 2024, the Trustee filed a *'Motion for Order Approving Liquidation of VCTR Shares, Distribution of Proceeds, and Related Relief'* (the "Original Motion") relating to this Chapter 11 Estate's interest, including cash and securities held in a Merrill Lynch account, in the private equity fund known as Reverence Capital Partners Opportunities Fund I (Cayman) L.P. (the "Reverence Fund"). See ECF No. 3203. Attached to Trustee's Original Motion was a proposed order (the "Initial Proposed Order"): (i) authorizing liquidation of the VCTR securities held by the Reverence Fund and distribution of the proceeds, as well other distributions due or to become due on account of this Estate's interest in the Reverence Fund, to the Trustee; (ii) addressing the process and procedures for implementing and reporting on the disposition; (iii) providing certain safeguards to parties engaged in the liquidation and distributions; and (iv) providing for this Court's continuing jurisdiction over matters arising from or related to the implementation, interpretation and enforcement of the order.

2. On May 23, 2024, this Court entered an order, ECF No. 3211, scheduling a hearing on the Original Motion for June 10, 2024, and directing that service be made by May 28, 2024 with objections, if any, to be filed by June 6, 2024.

3. On May 23, 2024, after receiving comments from the Office of the United States Trustee and Merrill Lynch, the Trustee filed a *"Notice of Revised Proposed Order"*, with said order (the "Revised Proposed Order") attached. ECF No. 3212. The Revised Proposed Order added the following two (2) ordinal paragraphs at the request of the Office of the United States Trustee and Merrill Lynch, respectively, to the Trustee's Initial Proposed Order:

> *ORDERED, that within five (5) business days of receipt of the Net Proceeds, the Trustee shall file a report in the Chapter 11 case disclosing ( i ) the date on which the VCTR shares were sold, (ii) the sale price of the VCTR shares, (iii) the*

2

> *amount of the Gross Proceeds, (iv) the amount of the Expenses deducted, and the amount of the Net Proceeds received by the Trustee; and it is further*
>
> ...
>
> *ORDERED, that Merrill Lynch shall not have liability for actions taken in compliance with this order; And it is further*

In all other respects, the Revised Proposed Order was identical in substance to the Initial Proposed Order as submitted with the Original Motion.

4.      On May 28, 2024, Trustee filed a Certificate of Service confirming timely service of the Original Motion (ECF 3203), the Order on Motion to Expedite Hearing (ECF 3211) and the Notice of Revised Proposed Order (ECF 3212) upon all parties entitled to receive service. See ECF No. 3217.

5.      On June 6, 2024, Lamp Capital, LLC ("Lamp Capital") filed a limited objection to Trustee's Original Motion. ECF No. 3234. Lamp's objection was addressed solely to its assertion that the order granting the relief contemplated by the Original Motion should specify in detail the scope of Lamp Capital's rights should it be successful in its pending appeal of the judgment entered by this Court in <u>Despins, Trustee v. Lamp Capital LLC, et al</u>, Adversary Proceeding 23-05023 (finding Lamp to be the alter-ego of the debtor in this Chapter 11 debtor case and any property held by Lamp to be property of this Chapter 11 Estate.) (the "Lamp Adversary").

6.      On June 10, 2024, this Court conducted a hearing on the Trustee's Original Motion and Lamp's limited objection. Present were counsel representing the Office of the United States Trustee, the Official Committee of Unsecured Creditors, the creditor Pacific Alliance Asia Opportunity Fund, Lamp Capital, the Reverence Fund, and Merrill Lynch, as well as the Trustee and his counsel.

7.      At the hearing, the Trustee recounted the Estate's recent discovery of the assets that were the subject of the Original Motion and the arrangements negotiated with the Reverence Fund and Merrill Lynch for liquidation of those assets. Trustee further observed that certain minor revisions to the proposed order to allow Trustee for the exercise of reasonable  discretion regarding the timing of stock disposition would be both prudent and advantageous to the Estate. With respect to Lamp Capital's limited objection, Trustee stated that he had no objection to including in the order a provision that reserved in general whatever rights and remedies were available to Lamp Capital in the event it prevailed in its pending appeal of the judgment rendered against it in the Lamp Adversary, but opposed Lamp Capital's apparent desire [2] to characterize, and essentially fix in advance, the specific legal effect of  any favorable appellate ruling, irrespective of whether such ruling was limited in scope, conditional, or non-final.

8.      Lamp Capital conceded that it had not obtained a stay of the judgment against it in the Lamp Adversary and asserted that it was not seeking to impede liquidation of the securities in question or the turnover to and use by the Estate of the subject assets. Nonetheless, it contended that any reservation of rights relating to its appeal of the decision in the Lamp Adversary must articulate those rights in specific terms as defined by it.

9.      After hearing argument, the Court determined that the Original Motion should be granted, subject to entry of an appropriate order. The Court directed Trustee

---

[2] Attached as Exhibit A to Lamp Capital's limited objection was a blackline of the Original Proposed Order reflecting Lamp's proposed revisions to that form of order.

and Lamp Capital to submit for the Court's consideration, by 5:00 p.m. the next day, June 11, 2024, either a joint proposed order or, if they were unable to agree, competing orders.

10.     Trustee and Lamp Capital were unable to agree on the form of order, and competing orders (ECF Nos. 3240 and 3241, respectively) were submitted by the parties. The Trustee's form of order reflected the changes generally described by the Trustee at the hearing (*i.e.,* respecting the "sale trigger" language and a general reservation of such rights as the parties may have with respect to the Lamp Adversary). Lamp Capital proposed more specific reservation of rights language.

11.     On June 12, 2024, the Court entered its order (ECF No. 3244) granting the Original Motion in the form of order submitted by the Trustee.

12.     Subsequently, it was brought to Trustee's attention by the Office of the United States Trustee that the Order endorsed by the Court did not reflect the ordinal paragraph requested by the U.S. Trustee's office (*i.e.,* respecting reporting the results of the stock sale) that had been incorporated into the Revised Proposed Order submitted by Trustee on May 23, 2024 (ECF No. 3212).

13.     Upon investigation, counsel for the Trustee realized that, in preparing a new proposed order to address the matters discussed at the June 10 hearing (*i.e.,* the revised "sale trigger" and the reservation of rights) for submission to the Court on June 11, he had inadvertently marked up a Microsoft Word document reflecting the earlier, Initial Proposed Order instead of the subsequent Revised Proposed Order. In consequence, the two paragraphs[3] that had been added at the request of the Office of the United States Trustee and Merrill Lynch were unintentionally omitted from the form of

---

[3] The full text of the omitted paragraphs is set forth in Paragraph 3 hereinabove.

order submitted to the Court for its consideration. Counsel promptly telephoned counsel for each of the Office of the United States Trustee and Merrill Lynch to apologize for the error and to indicate that he would seek appropriate relief.

**Discussion and Relief Requested**

14.     Trustee submits that relief in the form of entry of an amended order that includes the two omitted paragraphs is warranted here.

15.     As a threshold matter, it should be appreciated that the omitted paragraphs provide for additional transparency in reporting the results of the contemplated liquidation and reasonable protections for parties required to implement the proposed transactions. They are, therefore, reasonable and appropriate in substance.

16.     Moreover, the provisions are demonstrably uncontroversial. All parties entitled to service of Trustee's underlying May 21, 2024 Original Motion were in fact served with a copy of the Original Motion, the Notice of Hearing, and the Revised Proposed Order containing the two omitted paragraphs. See ECF No. 3217 (Certificate of Service). The only objection to the Original Motion was that of Lamp Capital, whose limited objection did not in any way implicate the matters referenced in the omitted paragraphs. Accordingly, all interested parties were on notice of the specific provisions that had been added to the operative proposed order at the request of the Office of the United States Trustee and Merrill Lynch. No objection was raised to those provisions.

17.     Ample legal authority exists for the Court to grant the requested relief. First, the Court's June 12 Order specified, at page 4, that the "… Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order," an express acknowledgment of the

Court's inherent power to reconsider, modify or vacate the order. See, *e.g.*, *In re Renaissance Stone Works, L.L.C.*, 373 B.R. 817, 822 (E.D. Mich. 2007) (under 11 U.S.C. § 105(a), bankruptcy courts may, *sua sponte*, exercise their inherent power to reconsider, modify or vacate prior orders).

18.     Apart from that, Federal Rule of Civil Procedure 60(b)(1), made applicable in bankruptcy cases pursuant to Bankruptcy Rule 9024, provides that a court may on "just terms" relieve a party or its legal representative from a final judgment, order or proceeding for reason of mistake, inadvertence, surprise or excusable neglect. Fed. R. Civ. P. 60(b)(1). Here, the omission of two salutary, uncontroversial, and unobjected-to paragraphs contained in the duly noticed Revised Proposed Order was an unintentional oversight- essentially a scrivener's error -- the correction of which mistake is both beneficial to administration of the Estate and wholly without prejudice to any party in interest.

19.     And, as one court aptly observed:

> ...the "ability of a court to review and modify its own orders is well recognized. Federal Rule of Civil Procedure 60(b)(6), made applicable to this case by Federal Rule of Bankruptcy Procedure 9024, allows the court to grant relief from an order, in addition to the grounds set out in Rule 60(b)(1)-(5), for 'any other reason that justifies relief.'" And ... it "is axiomatic that a court can reconsider its own orders in appropriate circumstances." *Id.*; *see, e.g.*, Fed. R. Civ. P. 60. Moreover, bankruptcy courts, "as courts of equity, have the power to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders." *Meyer v. Lenox (In re Lenox)*, 902 F.2d 737, 739-40 (9th Cir. 1990), *quoted in In re Phillips*, 553 B.R. 536, 544 (Bankr. E.D. N.C. 2016)...

*New Bern Riverfront Dev., LLC v. Weaver Cooke Constr., LLC (In re New Bern Riverfront Dev., LLC)*, 2019 Bankr. LEXIS 167, at *25-*26, 2019 WL 325803 (E.D.

N.C. 2019)(allowing reconsideration and amendment of prior order). These principles too augur in favor of granting the relief requested here.

20.     Accordingly, Trustee respectfully requests that the Court enter an order amending the order docketed under ECF No. 3244 in this bankruptcy case to include the two ordinal paragraphs set forth in the Revised Proposed Order filed on May 23, 2024 (ECF No. 3212) that were mistakenly omitted from the proposed order submitted by Trustee for the Court consideration on June 11, 2024 and endorsed by the Court on June 12, 2024. A proposed form of amended order is attached hereto as Exhibit A, with a blacklined version comparing the new proposed order to the existing order attached as Exhibit B.

**Conclusion**

For all the forgoing reasons, Trustee prays that his motion to amend the June 12, 2024 Order docketed in this case as ECF No. 3244 be granted.

Dated:      June 18, 2024                    LUC DESPINS, as appointed Chapter 11 Trustee
            New Haven, Connecticut           for HO WON KWOK

                                             By: /s/ James C. Graham
                                                 James C. Graham (ct06064)
                                                 NEUBERT, PEPE & MONTEITH, P.C.
                                                 195 Church Street, 13th Floor
                                                 New Haven, Connecticut 06510
                                                 (203) 781-2889
                                                 jgraham@npmlaw.com

# EXHIBIT A

**(Proposed Amended Order – Clean Version)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------x
                                                 :
In re:                                           :        Chapter 11
                                                 :
HO WAN KWOK, et al.¹                             :        Case No. 22-50073 (JAM)
                                                 :
            Debtor.                              :        (Jointly Administered)
                                                 :
-------------------------------------------------x
```

**[PROPOSED]**
**AMENDED ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF THE**
**BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES,**
**DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF**
**(AMENDING ECF NO. 3244)**

Upon the *Motion* of Luc A. Despins, as chapter 11 trustee (the "Trustee") for the estate of

Ho Wan Kwok (the "Debtor"), *to Amend Prior Order of This Court (ECF No. 3244) Approving*

*Liquidation of VCTR Shares, Distribution of Proceeds, and Related Relief to Include Two*

*Ordinal Paragraphs Mistakenly Omitted from the Proposed Order Submitted For Court*

*Consideration on June 11, 2024 and Endorsed By The Court On June 12, 2024* (the "Motion to

Amend") to reconsider and amend the June 12, 2024 order of this Court (ECF No. 3244) granting

Trustee's *Motion* (ECF No. 3203, dated May 21, 2024) *Pursuant to Sections 105(a), 363(b), 541,*

*and 542 of the Bankruptcy Code*[2] *Approving the Liquidation of the VCTR Shares and the*

*Distribution of their Proceeds to the Trustee for the Benefit of the Estate, and for Related Relief* (the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Original Motion and the Motion to Amend.

"<u>Original Motion</u>"), due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion to Amend, it is hereby

**ORDERED,** that the Motion to Amend is granted as set forth herein; and it is further

**ORDERED,** that within two business days of receiving a written notice to sell the VCTR Shares from the Trustee (which notice may direct disposition by market order or limit order), the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares in accordance with Trustee's express instructions and Merrill Lynch's ordinary course of business for such transactions (including, where required, the Reverence Fund's verbal confirmation of such order) and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

**ORDERED,** that within five business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall liquidate the VCTR Shares on the stock market as directed by the Reverence Fund; and it is further

**ORDERED,** that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED,** that within seven business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED,** that the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit of the Estate pending further order of the Court; and is further

2

**ORDERED**, that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest; and is further

**ORDERED**, that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED**, that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED**, that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED**, that any and all rights and remedies at law or in equity that the Trustee and Lamp Capital LLC, respectively, may have in connection with the adversary proceeding

3

denominated *Luc A. Despins, Trustee v. Lamp Capital LLC, et al.*, U.S. Bankruptcy Court for the District of Connecticut, Adv. Pro. 23-05023, and any post-judgment or appellate proceedings relating thereto, are expressly reserved, and it is further

**ORDERED**, that within five (5) business days of receipt of the Net Proceeds, the Trustee shall file a report in the Chapter 11 Case disclosing (i) the date on which the VCTR Shares were sold, (ii) the sale price of the VCTR Shares, (iii) the amount of the Gross Proceeds, (iv) the amount of the Expenses deducted, and (v) the amount of the Net Proceeds received by the Trustee; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED**, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

**ORDERED**, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

**ORDERED**, that Merrill Lynch shall not have liability for actions taken in compliance with this order; and it is further

**ORDERED**, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

4

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

.

# EXHIBIT B

## (Proposed Amended Order – Blacklined Version)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
HO WAN KWOK, *et al.*[1]                  :        Case No. 22-50073 (JAM)
                                          :
            Debtor.                       :        (Jointly Administered)
---------------------------------------------------x

[PROPOSED ~~AMENDED~~]
~~AMENDED~~ ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 542 OF THE
BANKRUPTCY CODE APPROVING LIQUIDATION OF VCTR SHARES,
DISTRIBUTION OF PROCEEDS, AND RELATED RELIEF
(AMENDING ECF NO. 3244)

> **Formatted:** No underline

> **Formatted:** Font: Italic

> **Formatted:** No underline

> **Formatted:** No underline

Upon the ~~motion~~ *Motion* (the "Motion") of Luc A. Despins, as chapter 11 trustee (the

"Trustee") for the estate of Ho Wan Kwok (the "Debtor"), *to Amend Prior Order of This Court*

*(ECF No. 3244) Approving Liquidation of VCTR Shares, Distribution of Proceeds, and Related*

*Relief to Include Two Ordinal Paragraphs Mistakenly Omitted from the Proposed Order*

*Submitted For Court Consideration on June 11, 2024 and Endorsed By The Court On June 12,*

*2024* (the "Motion to Amend") to reconsider and amend ~~the prior~~the June 12, 2024 order of this

Court (ECF No. 3244) granting Trustee's *Motion* (ECF No. ~~3244~~3203, ~~dated June 12, 2024~~dated

*May 21, 2024*) *Pursuant to* ~~sections~~ *Sections 105(a), 363(b), 541, and 542 of the Bankruptcy Code*[2]

~~approving~~ *Approving the* ~~liquidation~~ *Liquidation of the VCTR Shares and the distribution*

> **Formatted:** Underline

> **Formatted:** Font: Italic

> **Formatted:** Font: Italic

> **Formatted:** Font: Italic

> **Formatted:** Font: Italic

> **Formatted:** Font: Italic

> **Formatted:** Font: Italic

> **Formatted:** Font: Italic

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not expressly defined herein shall adopt the definitions set forth in the Original Motion and the Motion to Amend.

*Distribution of their ~~proceeds~~ Proceeds* to the Trustee for the ~~benefit~~ *Benefit* of the Estate, and for ~~related~~ *Related* ~~relief~~*Relief* ~~,~~ (the "Original Motion"), due and sufficient notice having been given, and good cause appearing for the relief sought by the Motion to Amend, it is hereby

**ORDERED,** that the Motion to Amend is granted as set forth herein; and it is further

**ORDERED,** that within two business days of receiving a written notice to sell the VCTR Shares from the Trustee (which notice may direct disposition by market order or limit order), the Reverence Fund shall direct Merrill Lynch to liquidate the VCTR Shares in accordance with Trustee's express instructions and Merrill Lynch's ordinary course of business for such transactions (including, where required, the Reverence Fund's verbal confirmation of such order) and distribute the proceeds to the Trustee pursuant to the terms of this Order; and it is further

**ORDERED,** that within five business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall liquidate the VCTR Shares on the stock market as directed by the Reverence Fund; and it is further

**ORDERED,** that Merrill Lynch may deduct its Expenses from Gross Proceeds of the liquidation, which Expenses shall be capped at three thousand dollars ($3,000.00) and shall not include Merrill Lynch's attorney's fees; and it is further

**ORDERED,** that within seven business days of receiving direction to sell the VCTR Shares from the Reverence Fund, Merrill Lynch shall distribute the Net Proceeds to the Trustee; and it is further

**ORDERED,** that the L.P. Interest is property of the Estate and, given the nature of the L.P Interest and the circumstances under which it is held, as described in the Motion including ¶¶ 6 and 37-39 thereof, the Trustee is hereby authorized to hold the L.P. Interest for the benefit

2

| Formatted: Font: Italic |
| Formatted: Font: Italic |
| Formatted: Font: Italic |
| Formatted: Font: Italic |
| Formatted: Font: Italic |
| Formatted: Underline |

of the Estate pending further order of the Court; and is further

**ORDERED,** that the Reverence Fund and the Trustee will negotiate and discuss in good faith the steps required, if any, to memorialize the Trustee's ownership of the L.P. Interest; and is further

**ORDERED,** that any Distributions on account of the L.P. Interest whether presently payable or at such time as they may become payable in the future shall be made to the Trustee or otherwise distributed at the direction of the Trustee; and it is further

**ORDERED,** that effective as of the date of entry of this Order, that the Reverence Fund and each of its respective affiliates and subsidiaries shall be absolutely, unconditionally and irrevocably released and forever discharged and acquitted from any and all obligations, claims, counterclaims, defenses, offsets, demands, debts, accounts, contracts, liabilities, responsibilities, disputes, remedies, indebtedness, obligations, rights, assertions, allegations, actions, suits, controversies, proceedings, losses, damages, injuries, attorney's fees, costs, expenses, judgments of every type, and causes of action arising from, or related to, the distribution and liquidation of the VCTR shares pursuant to the terms of this Order; any steps taken to memorialize the Trustee's ownership of the L.P. Interest as agreed with the Trustee or as approved by the Court; and/or from any future Distributions made pursuant to the terms of this Order to or at the direction of the Trustee on account of the L.P. Interests; and it is further

**ORDERED,** that the Trustee and the Reverence Fund reserve their respective rights in connection with the Reverence Action, including arguments by Reverence Fund that by receiving the L.P. Interest and Distributions associated with the L.P. Interest, the Trustee may not also recover the value of the initial transfers that created the L.P. Interest; and it is further

**ORDERED,** that any and all rights and remedies at law or in equity that the Trustee and

3

Lamp Capital LLC, respectively, may have in connection with the adversary proceeding denominated *Luc A. Despins, Trustee v. Lamp Capital LLC, et al.*, U.S. Bankruptcy Court for the District of Connecticut, Adv. Pro. 23-05023, and any post-judgment or appellate proceedings relating thereto, are expressly reserved, and it is further

ORDERED, that within five (5) business days of receipt of the Net Proceeds, the Trustee shall file a report in the Chapter 11 Case disclosing (i) the date on which the VCTR Shares were sold, (ii) the sale price of the VCTR Shares, (iii) the amount of the Gross Proceeds, (iv) the amount of the Expenses deducted, and (v) the amount of the Net Proceeds received by the Trustee; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

ORDERED, that within five business days of the entry of this Order, the Trustee shall provide Merrill Lynch with a completed W-9 form, a copy of a government-issued identification card, wire instructions, and any other documentation that Merrill Lynch reasonably requests in order to cause payment of the Net Proceeds to the Trustee; and it is further

ORDERED, that Merrill Lynch is not and shall not be deemed to be responsible for any taxes or tax consequences associated with or caused by the liquidation and/or sale and/or transfer and/or distribution of the VCTR Shares or the Net Proceeds, as applicable; and it is further

ORDERED, that Merrill Lynch shall not have liability for actions taken in compliance with this order; and it is further

ORDERED, that this Order shall be immediately enforceable upon entry pursuant to Bankruptcy Rule 6004(h); and it is further

4

**ORDERED,** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Formatted: Indent: Left: 0", Space After: Auto, Line spacing: Double

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Amend, together with exhibits A and B, was filed via CM/ECF and sent to all parties appearing in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") automatically upon filing via email by operation of CM/ECF.

In addition, a true and correct copy of the foregoing was sent via email and mailed via U.S. first class mail to each of the following notice parties on  June 18, 2024 :

Casey McGushin
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
casey.mcgushin@kirkland.com
*Counsel for Reverence Capital Partners Opportunities Fund I (Cayman) L.P.*

Shawn R. Fox
McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
sfox@mcguirewoods.com
*Counsel for Merrill Lynch, Pierce, Fenner & Smith Incorporated*

Lax & Neville LLP
Attn: Barry Lax, Robert J. Grand, Robert Miller and Jordan W. Schur
Empire State Building
350 Fifth Avenue Suite 4640
New York, NY 10118
blax@laxneville.com, rgrand@laxneville.com, rmiller@laxneville.com, schur@houser-law.com
*Counsel that appeared for Lamp Capital LLC in Despins ex rel. Kwok v. Lamp Capital LLC (In re Kwok), Case No. 22-50073 (JAM), Adv. P. No. 23-05023 (JAM)*

In addition, a true and correct copy of the foregoing was mailed on June 18, 2024 by U.S. first class mail to  each of the following manual service parties at the address noted below:

Affiliated Adjustment Group, Ltd.
3000 Marcus Avenue, Suite 3W3
Lake Success, NY 11042

Bravo Luck Limited
P.O. Box 957
Offshore Incorporations Centre
Road Town

Tortola, British Virgin Islands

Chao-Chih Chiu, Keyi Zilkie, Yunxia Wu, and Huizhen Wang
c/o TroyGould PC
1801 Century Park East, 16th Floor
Attn: Christopher A. Lilly
Los Angeles, CA 90067-2367

Gregory A. Coleman
Coleman Worldwide Advisors, LLC
P O Box 2839
New York, NY 10008-2839

Corporate Creations Network, Inc.
801 US Highway 1
North Palm Beach, FL 33408

Dundon Advisers LLC
10 Bank Street, Suite 1100
White Plains, NY 10606

Edmiston and Company Limited
2 Marina Plaza
Newport, RI 02840

Eisner Advisory Group LLC
111 Wood Avenue South
Iselin, NJ 08830-2700

Ivey, Barnum & O'Mara LLC
170 Mason Street
Greenwich CT 06830

Xiaoxiao Lin
24 Sonrisa
Irvine, CA 92620

Xiaoming Liu
5-16-50 Nemotomachi
Tajimi City
Gifu Prefecture, 5070065

Yuanlin Liu
192 Pendleton Dr.
Amherst, VA 24521

Stretto
410 Exchange, Suite 100
Irvine, CA 92602

Ning Zhao
3611 Summer Ranch Dr.
Katy, TX 77694

_/s/ James C. Graham_

James C. Graham