**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                      :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]                   :   Case No. 22-50073 (JAM)
:
Debtors.                          :   (Jointly Administered)
:
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE TO LIMIT SERVICE OF JOINT MOTION OF CHAPTER 11 TRUSTEE AND DEBTORS GENEVER US AND GENEVER BVI FOR ENTRY OF FINAL ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 364, AUTHORIZING AMENDMENT TO INTERDEBTOR POSTPETITION FINANCING AGREEMENT**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") of Ho Wan Kwok (the "Individual Debtor"), debtor in these above-captioned jointly administered cases (the "Chapter 11 Cases"), hereby files this motion (this "Motion") requesting entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Proposed Order") to limit service of the *Joint Motion of Chapter 11 Trustee and Debtors Genever US and Genever BVI for Entry of Final Order, Pursuant to Bankruptcy Code Sections 363 and 364, Authorizing Amendment to Interdebtor Postpetition Financing Agreement* (the "DIP Amendment Motion")[2] to the Notice Parties (as defined below). In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the DIP Amendment Motion.

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in the District of Connecticut is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 2002(a) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I. Individual Debtor's Chapter 11 Case

4. On February 15, 2022, the Individual Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee [Docket No. 514].

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

## II. Genever US's Chapter 11 Case

8. On October 12, 2020, Genever US filed its chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). No trustee or official committee of unsecured creditors has been appointed in Genever US's chapter 11 case.

9. By order dated November 3, 2022, the New York Bankruptcy Court transferred venue of Genever US's chapter 11 case to this Court.

## III. Genever BVI's Chapter 11 Case

10. On October 11, 2022, Genever BVI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. No trustee or official committee of unsecured creditors has been appointed in Genever BVI's chapter 11 case.

11. On November 21, 2022, the Court entered an order granting joint administration of the Individual Debtor's chapter 11 case, Genever BVI's chapter 11 case, and Genever US's chapter 11 case [Docket No. 1141].

## IV. DIP Amendment Motion

12. Concurrently herewith, Genever US, Genever BVI and the Trustee filed the DIP Amendment Motion, seeking entry of the DIP Amendment Order authorizing the Genever Debtors and the estate of the Individual Debtor, through its representative (*i.e.*, the Trustee), to increase the maximum borrowing available under the DIP Facility from $2 million to $3 million.

## RELIEF REQUESTED

13. By this Motion, the Trustee[3] seeks to limit service of the DIP Amendment Motion to (i) the Office of the United States Trustee for the District of Connecticut; (ii) counsel for the

---

[3] Even though the DIP Amendment Motion was brought jointly by the Trustee with Genever US and Genever BVI, the Trustee is the only movant in this Motion. Bankruptcy Rule 4001(c)(1)(C) provides that a motion for

3

Individual Debtor; (iii) the Committee; (iv) AIG, (v) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002; (vi) all parties who receive notice in these chapter 11 cases by electronic filing utilizing the Court's electronic filing ("CM/ECF") system to all appearing parties who utilize the CM/ECF system; and (vii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

14. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

15. Because it would be a use of property of the estate, the Trustee's request to enter into the DIP Amendment is governed by section 363 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 2002(a)(2), notice of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business must be given by mail and must be served on (among others) "all creditors."

16. As of today, more than 1,400 claims have been filed in the Chapter 11 Cases—the overwhelming majority of which were filed by individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). The Trustee submits that it would be unduly burdensome for the estates to serve the DIP Amendment Motion on 1,400 parties. Doing so would consume unnecessary resources, nor would it serve the interests of the creditors of these estates. In fact, it is very unlikely that individual creditors would have any interest in reviewing the DIP Amendment Motion—

---

postpetition financing must be served on an official committee or, if no committee has been appointed, "on the creditors included on the list filed under Rule 1007(d) (the so-called "Top 20 List"). Because the DIP Borrowers will serve the DIP Motion on their 20 largest creditors, the relief requested herein is not applicable to them.

especially given that (a) several creditors are already active (and have filed notices of appearances) in these Chapter 11 Cases; (b) an official committee of unsecured creditors has been appointed in the Individual Debtor's chapter 11 case; and (c) the transaction contemplated under the DIP Motion is strictly between the debtors in the Chapter 11 Cases and no third parties are concerned.

17. Furthermore, this relief is consistent with Bankruptcy Rule 2002 itself, which expressly contemplates that the bankruptcy court may, if it deems appropriate, limit the service that would otherwise be required. Bankruptcy Rule 2002(i) provides that "the court may order that notices required by subdivision (a)(2)" need only be provided "to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

18. Finally, the Court previously granted the same relief with respect to service of the DIP Motion as the Trustee now requests with respect to the DIP Amendment Motion. *See* Docket No. 2121.

19. For the foregoing reasons, the Trustee submits that the relief sought in this Motion is appropriate and is in the best interests of the Individual Debtor's estate, its creditors, and other parties-in-interest, and requests that the Court authorize service of the DIP Amendment Motion upon the Notice Parties only.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, Trustee requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: June 18, 2024
      New York, New York

By: */s/ Luc A. Despins*
    Luc A. Despins (admitted *pro hac vice*)
    G. Alexander Bongartz (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    lucdespins@paulhastings.com
    alexbongartz@paulhastings.com
    douglassbarron@paulhastings.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :   Case No. 22-50073 (JAM)
                                                         :
         Debtors.                                        :   (Jointly Administered)
                                                         :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 18, 2024, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:   June 18, 2024                By: */s/ G. Alexander Bongartz*
         New York, New York               G. Alexander Bongartz (admitted *pro hac vice*)
                                          PAUL HASTINGS LLP
                                          200 Park Avenue
                                          New York, New York 10166
                                          (212) 318-6079
                                          alexbongartz@paulhastings.com

                                          *Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------x

**ORDER LIMITING SERVICE OF NOTICE OF JOINT MOTION OF
CHAPTER 11 TRUSTEE AND DEBTORS GENEVER US AND GENEVER BVI
FOR ENTRY OF FINAL ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 363 AND 364, AUTHORIZING AMENDMENT TO INTERDEBTOR
POSTPETITION FINANCING AGREEMENT**

The Court having considered the motion (the "Motion")[2] seeking to limit service of DIP Amendment Motion to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in interest; and the relief requested is consistent with Rule 2002; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein have the meanings set forth in the Motion.

that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Trustee may serve the DIP Amendment Motion only on:

    i. the Office of the United States Trustee for the District of Connecticut;

    ii. counsel for the Individual Debtor;

    iii. the Committee;

    iv. AIG;

    v. all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002;

    vi. all parties who receive notice in these chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system;

    vii. any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

3. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.