**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.,* | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |

------------------------------------------------------x

**COVERSHEET FOR FIRST INTERIM FEE APPLICATION OF**
**PRAGER DREIFUSS AG**

| | |
|---|---|
| Interim Application of: | Prager Dreifuss AG |
| Time Period: | January 17, 2024 through April 30, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | March 21, 2023 [Docket No. 3034] (effective as of January 17, 2024). |

**Amount Requested**
Fees:                CHF 67,183.75
Expenses:        CHF 1,343.65
**Total:**            **CHF 68,527.40**

**Reductions**
Voluntary Fee Reductions:          $1,749.30
Voluntary Expenses Reductions:   none

**Fees Previously Requested:**
Requested Fees:    CHF 0.00
Awarded Fees:       CHF 0.00
Paid Fees:            CHF 0.00[2]

**Retainer Request:**
None

**Expenses Previously Requested:**
Requested Expenses:   CHF 0.00
Awarded Expenses:      CHF 0.00
Paid Expenses:           CHF 0.00

**Expense Detail:**
Retainer Received:                   Not applicable
Copies per page cost & total:   Not applicable

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   As detailed below, CHF 53,747.00 in fees and CHF 1,343.65 in expenses were previously paid in accordance with the Interim Compensation Order (as defined below) and Prager's monthly fee statements.

## MONTHLY FEE REQUESTS TO DATE

| Monthly Period Covered | | Total Fees (100%) | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| 1/17/24 - 3/31/24 | Amount Sought | CHF 48,103.75 | CHF 38,483.00 | CHF 962.05 | | | |
| | Agreed-upon Reductions | (CHF 1,715.00) | (CHF 1,372.00) | (CHF 34.30) | | | |
| | **Net Amount Requested** | **CHF 46,388.75** | **CHF 37,111.00** | **CHF 927.75** | **CHF 37,111.00** | **CHF 927.75** | **CHF 9,277.75** |
| | | | | | | | |
| 4/1/24 - 4/30/24 | Amount Requested | CHF 20,795.00 | CHF 16,636.00 | CHF 415.90 | | | |
| | Agreed-upon Reductions | No reductions | No reductions | No reductions | | | |
| | **Net Amount Requested** | **CHF 20,795.00** | **CHF 16,636.00** | **CHF 415.90** | **CHF 16,636.00** | **CHF 415.90** | **CHF 4,159.00** |
| | | | | | | | |
| **TOTAL** | **Amount Requested** | **CHF 68,898.75** | **CHF 55,451.72** | **CHF 1,377.95** | | | |
| | **Agreed-upon Reductions** | (CHF 1,715.00) | (CHF 1,372.00) | (CHF 34.30) | | | |
| | **Net Amount Requested** | **CHF 67,183.75** | **CHF 54,079.72** | **CHF 1,343.68** | **CHF 54,079.72** | **CHF 1,343.65** | **CHF 13,436.75** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                       :

In re:                           :     Chapter 11
                                         :

HO WAN KWOK, *et al.,*        :     Case No. 22-50073 (JAM)
                                         :

          Debtors.[1]         :     Jointly Administered
                                       :
-------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF PRAGER DREIFUSS AG, AS SWISS LAW
COUNSEL, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
PERIOD FROM JANUARY 17, 2024 THROUGH APRIL 30, 2024**

Pursuant to sections 105(a), 328, 330, and 331 of title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim Compensation Order"), Prager Dreifuss AG ("Prager" or the "Applicant"), as Swiss law counsel for Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby files this *First Interim Application of Prager Dreifuss AG, as Swiss Law Counsel, for Compensation and Reimbursement of Expenses for the Period from January 17, 2024 through April 30, 2024* (the "Application"). By this

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Application, Prager requests interim allowance of professional fees incurred during the period from January 17, 2024 through and including April 30, 2023 (the "Application Period"). In support of this Application, Prager respectfully states as follows:

## JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.      Prager believes that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2] Prager respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.      Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application.

- **Exhibit B** is a timekeeper summary that includes the name, hourly billing rate, aggregate hours, and amount of fees earned for each Prager individual who provided services during the Application Period; and

- **Exhibit C** contains the detail of the fees and expenses incurred during the Application Period.

---

[2]    Prager reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

## BACKGROUND

### I.    Chapter 11 Cases

5.    On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6.    On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.  No examiner has been appointed in the Individual Debtor's chapter 11 case.

7.    On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

8.    Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case.

9.    By order entered March 21, 2024, the Court authorized Prager's retention as Swiss law counsel to the Trustee [Docket No. 3034] (the "Retention Order") effective as of January 17, 2024 in the Debtor's chapter 11 case.  The Retention Order authorizes Prager to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 328 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.  In accordance with the Retention Order, (a) Prager Dreifuss is authorized to charge a flat fee for disbursements in an amount equal to 2% of the total fees charged and (b) Prager Dreifuss is authorized to invoice its fees and expenses in

Swiss Francs (CHF) and to have such fees and expenses paid in Swiss Francs (CHF), subject to the terms of the Interim Compensation Order

## II.    **Monthly Fee Statements**

10.    On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

11.    In accordance with the Interim Compensation Procedures Order, on April 25, 2024, Prager filed and served its first monthly fee statement [Docket No. 3139] (the "Initial Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from January 17, 2024 through March 31, 2024, in the amounts of CHF $38,483.00 (80% of CHF 48,103.75) and CHF 962.08, respectively.  No objections were filed in response to the Initial Fee Statement.  However, after discussions with the United States Trustee, Prager agreed to reduce its fees by CHF 1,715.00, which (after taking into account that Prager sought payment of only 80% of its fees) translates into a fee reduction of CHF 1,372.00 (or CHF 37,111.00 in fees to be paid) and an expense reduction of CHF 34.30 (or CHF 927.75 in expenses to be paid).[3]  Accordingly, the estate has paid Prager CHF 38,038.75 for fees and expenses with respect to the Initial Fee Statement.

12.    On May 20, 2024, Prager filed and served a monthly fee statement [Docket No. 3202] (the "April Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from April 1, 2024 through April 30, 2024, in the amounts of CHF 16,636.00[4] (80% of CHF 20,795.00) and

---

[3]    Because Prager's expenses are calculated as 2% of fees charged, a reduction in fees also reduces expenses in the same proportion.

[4]    Due to a scrivener's error, the cover sheet to the April Fee Statement erroneously stated that the fees to be paid would be CHF 16,968.72.  To be clear, in the April Fee Statement, Prager was only seeking 80% of its fees, *i.e.*,

CHF 415.90, respectively.  No objections were filed in response to the April Fee Statement.

Accordingly, the estate has paid Prager CHF 17,051.90 for fees and expenses with respect to the

April Fee Statement.

## ALLOWANCE REQUEST

13.     The Applicant is applying for compensation pursuant to Sections 330 and 331 of

the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

14.     For the Application Period, the Applicant seeks allowance of CHF 67,183.75 as

compensation for services rendered and allowance and reimbursement of CHF 1,343.65 in

expenses incurred in connection with such services.[5]  The Applicant devoted 122.3 hours to this

case during the Application Period, equating to an overall blended rate of CHF 439.47.

15.     As noted, Prager has already received payment of CHF 53,747.00 of the fees

incurred during the Application Period and CHF 1,343.65 of the expenses incurred during the

Application Period, such that Prager is only seeking payment the remaining 20% of its fees

incurred during the Application Period, namely CHF 13,436.75.

16.     Throughout the Application Period, the Applicant maintained records to indicate

the name of each professional working on this matter, the time spent on a particular issue, and

the nature of the work performed.  These records, which describe in detail the services rendered

by the Applicant, were created at the approximate time the services were performed.

17.     Annexed hereto and made a part hereof as **Exhibit C** is a detailed billing report,

upon which this application is based that contains each individual professional's time for the

Debtor's bankruptcy case, itemizing the dates upon which services were rendered, including a

---

80% of CHF 20,795.00 or CHF 16,636.00, and, upon the expiration of the deadline to object to the April Fee Statement, the Trustee paid Prager the correct amount of fees, *i.e.*, CHF 16,636.00.

[5]     For the avoidance of doubt, these fees and expenses sought reflected the reductions agreed upon with the United States Trustee.

summary of the services on each of such dates by each person rendering the service, the time spent in rendering such service, and the CHF value of such services.  The time detail attached hereto as **Exhibit C** include certain redactions to protect against the disclosure of privileged or confidential information.

### Summary of Services Rendered

18.    The Trustee retained Prager, effective as of January 17, 2024, principally to assist the Trustee in investigating and recovering property of the estate located in Switzerland.  As a critical first step in that investigation, the Debtor's chapter 11 case must first be recognized in Switzerland.  To that end, during the Fee Period, Prager Dreifuss began preparing the Trustee's application to have this case recognized in Switzerland—which application as filed on May 21, 2024, *i.e.*, after the conclusion of the Fee Period.

19.    In connection with preparing the application, Prager conducted related legal research as well as reviewed and edited (a) the Trustee declaration in support of that declaration (which declaration provided the factual background to the requested relief) and (b) an opinion prepared by the Trustee's BVI counsel (*i.e.*, Harney, Westwood and Riegels LP) in support of certain BVI law matters in support of the recognition application.  In addition, during the Fee Period, Prager began analyzing potential estate assets located in Switzerland and certain transfers made by Kwok-affiliated entities to Switzerland.

20.    Separately, Prager Dreifuss also assisted the Trustee with respect to the dismissal of a Swiss proceeding that the Debtor, Ace Decade Holdings Limited, and Dawn State Limited had commenced in 2020 against UBS AG in a Swiss court—a proceeding that was basically a mirror image to the one they had commenced against UBS AG in the United Kingdom.  Given that the UK appellate court rejected UBS's jurisdictional challenge to the UK courts, the Swiss

proceedings was rendered moot and could be dismissed.  By order April 16, 2024, the Swiss court dismissed the proceedings.

21.     The work undertaken by Prager to date has been significant, involving legal research and motion practice, factual analysis, correspondence, and strategic input.  This work remains ongoing, with additional work expected in due course.

## No Prior Application

22.     No prior application for the relief requested has been made.  However, as noted, certain fees and expenses incurred during the Application Period were previously paid in accordance with the Interim Compensation Procedures Order.

## Legal Authority for Compensation

23.     All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

24.     Applicant respectfully submits that its services have benefited the Debtor's estate with the expertise and skill required to, among other things, conduct an investigation into estate assets located in Switzerland and seek the recovery of such assets.  The services for which such compensation is requested were performed for and on behalf of the Trustee.  Such services have been necessary to protect and enforce the rights and interests of the Debtor's estate in connection with these chapter 11 cases.  The reasonable value of services rendered by Prager in these cases is based upon Prager's usual hourly rates for matters of this nature.

25.     Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicant submits that the amount sought for the Application Period represents reasonable compensation for

professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

26.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[6]

27.    In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

28.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express,*

---

[6]    Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

*Inc.*,[7] while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[8]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

---

[7]    The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[8]    The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress.  *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

29.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by Prager is fair and reasonable.

### **Statutory Compliance**

38.    No agreement or understanding exists between Prager and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  Prager will not, in any form or guise, share or agree to share compensation for services with any person, nor will Prager share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

### **RESERVATION OF RIGHTS**

39.    To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or Prager has for any reason not sought compensation or reimbursement with respect to such services, Prager reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, Prager does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

### **NO PRIOR REQUEST**

40.    No previous request for the relief sought herein has been made to this Court or any other court.

[*THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.*]

**WHEREFORE**, Prager respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of CHF 67,183.75 and reimbursement of CHF 1,343.65 in expenses, (ii) authorizing and directing prompt payment of fees and expenses from the estate, to the extent not already paid, (iii) allowing such compensation and payment for professional services rendered without prejudice to Prager's right to seek further compensation and/or payment from the estates for the full value of services performed and expenses incurred, and (iv) granting Prager such other and further relief as is just.

Dated: June 24, 2024

By: */s/ Daniel Hayek*
   Daniel Hayek
   PRAGER DREIFUSS AG
   Mühlebachstrasse 6
   CH-8008 Zürich

   *Swiss Law Counsel to Trustee*

11

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| HO WAN KWOK, et al., | )    Case No. 22-50073 (JAM) |
| | ) |
| | )    (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2024, the *First Interim Application of Prager Dreifuss AG, as Swiss Law Counsel, for Compensation and Reimbursement of Expenses for the Period from January 17, 2024 through April 30, 2024* (the "Application")[2] was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtor's chapter 11 case. Parties may access this filing through the Court's CM/ECF system.

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]  To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: June 24, 2024
New York, New York

By: */s/ G. Alexander Bongartz*

G. Alexander Bongartz (*pro hac vice*)
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for Genever Holdings LLC*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
                                                        :
In re:                                                  :  Chapter 11
                                                        :
HO WAN KWOK, *et al.*,                                  :  Case No. 22-50073 (JAM)
                                                        :
            Debtors.[1]                                 :  Jointly Administered
                                                        :
------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST INTERIM FEE APPLICATION OF**
**PRAGER DREIFUSS AG, AS SWISS LAW COUNSEL, FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR PERIOD FROM JANUARY 17, 2024**
**THROUGH APRIL 30, 2024**

Upon consideration of the Application (the "Application") of Prager Dreifuss AG

("Prager"), as Swiss law counsel for Luc A. Despins, in his capacity as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),[2] for interim

allowance of compensation and reimbursement of expenses from January 17, 2024 through April

30, 2024; and sufficient notice having been given; and a hearing having been held on _____,

2024 and due consideration having been given to any responses thereto; and sufficient cause

having been shown therefor, it is hereby:

1.      ORDERED that the Application is granted and compensation in the amount of

CHF 67,183.75 and reimbursement of expenses in the amount of CHF 1,343.65 are awarded to

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

Prager, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full; it is further

2.      ORDERED that nothing herein modified the Retention Order; it is further

3.      ORDERED that the estates are authorized and directed to pay Prager's fees in the amount of CHF 13,436.75, *i.e.*, 20% of the fees allowed in paragraph 1 above, within fourteen days of the date of this Order; it is further

4.      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.      ORDERED that the Trustee and Prager are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.      ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.      ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

**<u>EXHIBIT B</u>**

**Timekeeper Summary**

| Name | Hours | Rate CHF | Amount CHF |
|---|---|---|---|
| Hayek, Daniel | 24.20 | 750.00 | 18,150.00 |
| Jegher, Gion | 6.40 | 650.00 | 4,160.00 |
| Meili, Mark | 72.85 | 550.00 | 40,067.50 |
| Olgiati, Elena | 1.00 | 125.00 | 125.00 |
| Schilter, Björn | 7.95 | 125.00 | 993.75 |
| Zehnder, Anik | 2.50 | 375.00 | 3,687.50 |
| **TOTAL** | **122.30** | | **67,183.75** |

## **EXHIBIT C**

**Fee Detail**



**PRAGER DREIFUSS**

ATTORNEYS AT LAW

Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

April 23, 2024

## Invoice no. 201334-24-08

Fees for services rendered between January 1, 2024 and January 31, 2024 in the matter of
Ho Wan Kwok, as per the attached details.

| | | |
|---|---|---|
| Legal Fees | CHF | 9'456.25 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 189.10 |
| | CHF | 9'645.35 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **9'645.35** |

Terms of payment          30 days net                VAT No.    CHE-115.724.136 MWST

Please arrange for payment **under reference of the above invoice number** to our following
account:

Zürcher Kantonalbank, 8001 Zürich

| | |
|---|---|
| IBAN | CH67 0070 0114 8037 7648 0 |
| BIC/SWIFT | ZKBKCHZZ80A |

---

**Prager Dreifuss AG** • Zürich, Bern, Brüssel • www.prager-dreifuss.com

Bellerivestrasse 201, CH-8008 Zürich
T +41 44 254 55 55, F +41 44 254 55 99

Schweizerhof-Passage 7, CH-3001 Bern
T +41 31 327 54 54, F +41 31 327 54 99

Avenue Louise 235, B-1050 Bruxelles
T +32 2 537 09 49, F +32 2 537 21 16

**Details of invoice no. 201334-24-08**

Invoice period:  January 1, 2024 – January 31, 2024

**Legal Fees**

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 17.01.2024 | Call with Mr Bongartz re engagement | MMA | 0.00% | 0.60 |
| 19.01.2024 | E-Mails re. Engagement Letter, E-Mail to Alex | HA | 0.00% | 0.10 |
| 22.01.2024 | Team Conf. re: legal path and instructions | HA | 0.00% | 0.50 |
| 22.01.2024 | Team conf re new assignment | MMA | 0.00% | 0.50 |
| 22.01.2024 | review of documents and law re assignment | MMA | 0.00% | 1.40 |
| 22.01.2024 | draft email to Trustee re queries | MMA | 0.00% | 0.50 |
| 22.01.2024 | Team Call re new assignment | ANZ | 0.00% | 0.50 |
| 22.01.2024 | Preparation email re additional questions regarding the documents already provided | ANZ | 0.00% | 0.20 |
| 22.01.2024 | rev. email re engagement letter and care package re ██████████ | ANZ | 0.00% | 0.30 |
| 22.01.2024 | Study excel list re transactions | ANZ | 0.00% | 0.50 |
| 22.01.2024 | Study ███████████████ | ANZ | 0.00% | 0.20 |
| 22.01.2024 | Study ██████████ | ANZ | 0.00% | 0.50 |
| 22.01.2024 | Team conf re new assignment | GJ | 0.00% | 0.50 |
| 22.01.2024 | review and amend email to Trustee re queries | GJ | 0.00% | 0.30 |
| 25.01.2024 | rev. e-mail from Alex re appointment order | HA | 0.00% | 0.10 |
| 25.01.2024 | first review document received re Ace complaint | HA | 0.00% | 1.30 |
| 26.01.2024 | Review of e-mail regarding answers to various questions and delivery of various documents | ANZ | 0.00% | 0.20 |
| 26.01.2024 | Review Document Voluntary Petition for Individuals Filing for Bankruptcy | ANZ | 0.00% | 0.45 |
| 26.01.2024 | Review Document Order Granting Appointment of Chapter 11 Trustee | ANZ | 0.00% | 0.20 |
| 26.01.2024 | Review Document Complaint against various defendants | ANZ | 0.00% | 0.85 |
| 26.01.2024 | rev. documents and legal research re ██████████ | MMA | 0.00% | 1.80 |
| 26.01.2024 | Review Document Protective Order | ANZ | 0.00% | 0.20 |
| 26.01.2024 | Review Document ████████████ | ANZ | 0.00% | 0.80 |
| 29.01.2024 | E-mails to Luc re next steps | HA | 0.00% | 0.10 |
| 29.01.2024 | Conf. MMA re next steps re appointment | HA | 0.00% | 0.20 |
| 29.01.2024 | rev. documents and legal research re ██████████ | MMA | 0.00% | 1.20 |
| 29.01.2024 | conf HA re Protective Order Addendum | MMA | 0.00% | 0.20 |
| 29.01.2024 | email Alex Bongarzt re Protective Order Addendum | MMA | 0.00% | 0.10 |
| 30.01.2024 | instruction email BSH re legal research Supreme Court decisions re recognition chapter 11 in Switzerland | MMA | 0.00% | 0.20 |

1

| Date | Text | | VAT | Amount |
|------|------|---|------|--------|
| 30.01.2024 | call Luc/Alex re strategy and next steps | MMA | 0.00% | 0.50 |
| 30.01.2024 | Conf. Call Luc, Alex and MMA re strategy and next steps | HA | 0.00% | 0.50 |
| 30.01.2024 | prep. call Luc/Alex re strategy and next steps | MMA | 0.00% | 0.10 |
| 31.01.2024 | Search for ███████████████ | BSH | 0.00% | 2.75 |
| 31.01.2024 | Review Document Lamp Capital Complaint | ANZ | 0.00% | 2.00 |
| **Total excl. VAT** | | | | **20.35** |

## Expenses

| Date | Text | VAT | Amount CHF |
|------|------|-----|------------|
| 23.04.2024 | Disbursements | 0.00% | 189.10 |
| **Total excl. VAT** | | | **189.10** |

| Provider | Hours | Rate CHF | Amount CHF |
|----------|-------|----------|------------|
| Hayek, Daniel | 2.80 | 750.00 | 2'100.00 |
| Jegher, Gion | 0.80 | 650.00 | 520.00 |
| Meili, Mark | 7.10 | 550.00 | 3'905.00 |
| Schilter, Björn | 2.75 | 125.00 | 343.75 |
| Zehnder, Anik | 6.90 | 375.00 | 2'587.50 |
| | 20.35 | 464.70 | 9'456.25 |



Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

April 23, 2024

## Invoice no. 201334-24-09

Fees for services rendered between February 1, 2024 and February 29, 2024 in the matter of Ho Wan Kwok, as per the attached details.

| | | |
|---|---|---|
| Legal Fees | CHF | 21'740.00 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 434.80 |
| | CHF | 22'174.80 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **22'174.80** |

| | | | |
|---|---|---|---|
| Terms of payment | 30 days net | VAT No. | CHE-115.724.136 MWST |

Please arrange for payment **under reference of the above invoice number** to our following account:

Zürcher Kantonalbank, 8001 Zürich

| | |
|---|---|
| IBAN | CH67 0070 0114 8037 7648 0 |
| BIC/SWIFT | ZKBKCHZZ80A |

**Prager Dreifuss AG** • Zürich, Bern, Brüssel • www.prager-dreifuss.com

| Bellerivestrasse 201, CH-8008 Zürich | Schweizerhof-Passage 7, CH-3001 Bern | Avenue Louise 235, B-1050 Bruxelles |
|---|---|---|
| T +41 44 254 55 55, F +41 44 254 55 99 | T +41 31 327 54 54, F +41 31 327 54 99 | T +32 2 537 09 49, F +32 2 537 21 16 |

**Details of invoice no. 201334-24-09**

Invoice period:  February 1, 2024 – February 29, 2024

**Legal Fees**

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 01.02.2024 | Research concerning recognition | BSH | 0.00% | 3.30 |
| 01.02.2024 | rev. case law re recognition Chapter 11 Switzerland | MMA | 0.00% | 0.50 |
| 01.02.2024 | Call Luc re chapter 11 | HA | 0.00% | 0.30 |
| 01.02.2024 | Conf. Mark and Björn;  rev. case law and model application | HA | 0.00% | 0.60 |
| 01.02.2024 | conf HA and BSH re recognition Chapter 11 Switzerland | MMA | 0.00% | 0.20 |
| 02.02.2024 | Search for relevant Federal court rulings and recognition of American bankruptcy decrees | BSH | 0.00% | 1.90 |
| 02.02.2024 | rev. case law and amend template application re recognition foreign bankruptcy decree | MMA | 0.00% | 1.10 |
| 02.02.2024 | rev. E-Mails Luc and Alex re: ███████████ | HA | 0.00% | 0.50 |
| 02.02.2024 | conf HA/BSH case law and template application re recognition foreign bankruptcy decree | MMA | 0.00% | 0.20 |
| 02.02.2024 | draft email to Luc re case law and template application re recognition foreign bankruptcy decree | MMA | 0.00% | 0.20 |
| 02.02.2024 | Conf. MMA/BSH re case law | HA | 0.00% | 0.20 |
| 05.02.2024 | review ████████████████████████████ | GJ | 0.00% | 0.70 |
| 05.02.2024 | Conf. on Swiss Proceedings w. GJ and MMA | HA | 0.00% | 0.30 |
| 05.02.2024 | Call Luc re: Zivilgericht Basel | HA | 0.00% | 0.40 |
| 05.02.2024 | rev. documents on Swiss conciliation proceedings | MMA | 0.00% | 0.60 |
| 05.02.2024 | conf HA/GJ re documents on Swiss conciliation proceedings | MMA | 0.00% | 0.30 |
| 05.02.2024 | Call Luc re Swiss conciliation proceedings | MMA | 0.00% | 0.30 |
| 05.02.2024 | conf MAA/GJ re documents on Swiss conciliation proceedings | GJ | 0.00% | 0.30 |
| 05.02.2024 | review further documents  and emails in this context, in particular ██████████████████ | GJ | 0.00% | 0.70 |
| 05.02.2024 | review ██████████████████ | GJ | 0.00% | 0.60 |
| 08.02.2024 | Call conciliation authority re concilation proceedings and files | MMA | 0.00% | 0.30 |
| 08.02.2024 | draft letter to conciliation authority re PoA and document request | MMA | 0.00% | 0.30 |
| 09.02.2024 | rev. draft retention application | MMA | 0.00% | 0.60 |
| 09.02.2024 | call Alex re retention application | MMA | 0.00% | 0.20 |

1

| Date | Description | Initials | % | Hours |
|------|-------------|----------|------|-------|
| 09.02.2024 | call Alex re conciliation proceedings | MMA | 0.00% | 0.10 |
| 09.02.2024 | conf ELO re recognition of bankruptcy in Switzerland | MMA | 0.00% | 0.30 |
| 09.02.2024 | Sign Lt to Zivilgericht | HA | 0.00% | 0.20 |
| 09.02.2024 | Call Alex re: application to bankruptcy court | HA | 0.00% | 0.40 |
| 12.02.2024 | Call re Recognition application | ANZ | 0.00% | 0.50 |
| 12.02.2024 | Call Luc and Alex re recognition application | HA | 0.00% | 0.50 |
| 12.02.2024 | prep. call and rev. submission re chapter 11 | HA | 0.00% | 0.50 |
| 12.02.2024 | conf HA re recognition application | MMA | 0.00% | 0.20 |
| 12.02.2024 | call Luc re recognition application | MMA | 0.00% | 0.50 |
| 12.02.2024 | review and comment on recognition application | MMA | 0.00% | 0.40 |
| 12.02.2024 | conf ELO re instruction recognition application | MMA | 0.00% | 0.30 |
| 13.02.2024 | studies on recognition of chapter 11 bankruptcy proceedings | ELO | 0.00% | 1.00 |
| 13.02.2024 | work on instructions for US legal opinion for recognition application Switzerland | MMA | 0.00% | 2.20 |
| 15.02.2024 | rev. docs received from Alex re complaint, E-Mail re: answer | HA | 0.00% | 0.70 |
| 15.02.2024 | rol and email re service of process Lausanne | MMA | 0.00% | 2.00 |
| 15.02.2024 | Finalize retention application | MMA | 0.00% | 0.30 |
| 15.02.2024 | rev. document and emails re hearing conciliation proceeding Basel | MMA | 0.00% | 0.25 |
| 16.02.2024 | rev. full file in Zivilgericht Basel | HA | 0.00% | 2.10 |
| 16.02.2024 | rol and email re service of process Lausanne | MMA | 0.00% | 0.30 |
| 19.02.2024 | conf HA regarding conciliation hearing in Basel | GJ | 0.00% | 0.30 |
| 21.02.2024 | emails Lalive re call conciliation proceeding Basel | MMA | 0.00% | 0.20 |
| 22.02.2024 | Call Lalive re: Basel Proceeings | HA | 0.00% | 0.60 |
| 22.02.2024 | Call Alex re: engagement etc., report about Lalive call | HA | 0.00% | 0.70 |
| 22.02.2024 | Call Lalive re: Basel concilation Proceedings | MMA | 0.00% | 0.60 |
| 22.02.2024 | Call Alex re: engagement etc., report about Lalive call | MMA | 0.00% | 0.70 |
| 26.02.2024 | Comments E-Mail to US Trustee Office, check insurance | HA | 0.00% | 1.00 |
| 28.02.2024 | review the whole court file received from the Conciliation Authority of the City of Basel (Switzerland) in re Ho Wan Kwok and Ace Decade vs. UBS AG review of law regarding ███████████████████████████████████ | GJ | 0.00% | 1.50 |
| 28.02.2024 | review of law regarding ████████████████████████████████ | GJ | 0.00% | 1.50 |
| 29.02.2024 | emails Lalive re concilation proceedings Basel | MMA | 0.00% | 0.40 |
| 29.02.2024 | Meeting Luc Despins re recognition application Switzerland and Swiss proceedings | MMA | 0.00% | 1.70 |
| 29.02.2024 | rev. e-mail Lalive re: Swiss Proceedings | HA | 0.00% | 0.50 |
| 29.02.2024 | Meeting Luc Despins and Alex Bongartz in NYC re: recognition and Swiss Proceedings etc. | HA | 0.00% | 1.70 |

| Date | Text | | VAT | |
|------|------|---|-----|---|
| 29.02.2024 | Conf. GJ re: proceedings in Basel Zivilgericht and termination | HA | 0.00% | 0.50 |
| **Total excl. VAT** | | | | **39.25** |

## Expenses

| Date | Text | VAT | Amount CHF |
|------|------|-----|-----------|
| 23.04.2024 | Disbursements | 0.00% | 434.80 |
| **Total excl. VAT** | | | **434.80** |

| Provider | Hours | Rate CHF | Amount CHF |
|----------|-------|----------|-----------|
| Hayek, Daniel | 11.70 | 750.00 | 8'775.00 |
| Jegher, Gion | 5.60 | 650.00 | 3'640.00 |
| Meili, Mark | 15.25 | 550.00 | 8'387.50 |
| Olgiati, Elena | 1.00 | 125.00 | 125.00 |
| Schilter, Björn | 5.20 | 125.00 | 650.00 |
| Zehnder, Anik | 0.50 | 325.00 | 162.50 |
| | 39.25 | 553.90 | 21'740.00 |



Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

April 23, 2024

## Invoice no. 201334-24-10

Fees for services rendered between March 1, 2024 and March 31, 2024 in the matter of Ho
Wan Kwok, as per the attached details.

| | | |
|---|---|---:|
| Legal Fees | CHF | 15'192.50 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 303.85 |
| | CHF | 15'496.35 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **15'496.35** |

Terms of payment        30 days net            VAT No.    CHE-115.724.136 MWST

Please arrange for payment **under reference of the above invoice number** to our following
account:

Zürcher Kantonalbank, 8001 Zürich

| | |
|---|---|
| IBAN | CH67 0070 0114 8037 7648 0 |
| BIC/SWIFT | ZKBKCHZZ80A |

**Prager Dreifuss AG** • Zürich, Bern, Brüssel • www.prager-dreifuss.com

Bellerivestrasse 201, CH-8008 Zürich          Schweizerhof-Passage 7, CH-3001 Bern          Avenue Louise 235, B-1050 Bruxelles
T +41 44 254 55 55, F +41 44 254 55 99          T +41 31 327 54 54, F +41 31 327 54 99          T +32 2 537 09 49, F +32 2 537 21 16

**Details of invoice no. 201334-24-10**

Invoice period:  March 1, 2024 – March 31, 2024

**Legal Fees**

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 04.03.2024 | rev. and comment on legal opinion Trustee for recognition application Switzerland | MMA | 0.00% | 4.20 |
| 05.03.2024 | call Alex re engagement | MMA | 0.00% | 0.30 |
| 05.03.2024 | rev. Conf. Mark to prep call | HA | 0.00% | 0.50 |
| 05.03.2024 | Call Alex, re: response of Trustee for Bankurptcy Court on fee arrangement | HA | 0.00% | 0.40 |
| 06.03.2024 | Finalize comments on draft legal opinion for recognition application and email Alex | MMA | 0.00% | 0.50 |
| 08.03.2024 | internal emails and emails Alex re retention application and liability cap | MMA | 0.00% | 0.60 |
| 13.03.2024 | prep. call re: recognition etc. | HA | 0.00% | 0.50 |
| 13.03.2024 | Call Luc re liability cap | HA | 0.00% | 0.40 |
| 15.03.2024 | rev. comments trustee on legal opinion for recognition application Switzerland, emails re same | MMA | 0.00% | 1.40 |
| 15.03.2024 | rev. information on Swiss assets | MMA | 0.00% | 0.30 |
| 18.03.2024 | rev. order of district court, scheduled hearing etc. | HA | 0.00% | 1.00 |
| 18.03.2024 | Conf. MMA re conciliation hearing | HA | 0.00% | 0.20 |
| 18.03.2024 | rev. order Court in Basel re conciliation hearing, conf HA | MMA | 0.00% | 0.60 |
| 19.03.2024 | rev. orders etc., call ███████████████ | HA | 0.00% | 1.10 |
| 19.03.2024 | E-Mail to Luc Despins and Alex re: order of Zivilgericht | HA | 0.00% | 1.00 |
| 19.03.2024 | call and email Alex re recognition application | MMA | 0.00% | 0.50 |
| 19.03.2024 | rev. and amend legal opinion for recognition application | MMA | 0.00% | 1.00 |
| 19.03.2024 | Call Alex re: Legal Opinion etc. | HA | 0.00% | 0.50 |
| 20.03.2024 | rev. update re Swiss assets | MMA | 0.00% | 0.20 |
| 21.03.2024 | work on recognition application | MMA | 0.00% | 2.80 |
| 22.03.2024 | Call Luc re swiss connections | HA | 0.00% | 0.30 |
| 22.03.2024 | Conf. MMA re swiss connections | HA | 0.00% | 0.20 |
| 22.03.2024 | emails, rev. of documents and rol re ████████ ████ | MMA | 0.00% | 1.80 |
| 25.03.2024 | Legal Research on ████████████ | ANZ | 0.00% | 2.50 |
| 25.03.2024 | rol re ██████ , conf HA/ANZ re same | MMA | 0.00% | 1.50 |
| 27.03.2024 | rol re ██████████████ , conf HA re same | MMA | 0.00% | 0.70 |
| 28.03.2024 | prep. call and debrief Luc and Alex re ██████████ | MMA | 0.00% | 1.20 |

| Total excl. VAT | | | | 26.20 |

## Expenses

| Date | Text | VAT | Amount CHF |
|------|------|-----|-----------|
| 23.04.2024 | Disbursements | 0.00% | 303.85 |
| **Total excl. VAT** | | | **303.85** |

| Provider | Hours | Rate CHF | Amount CHF |
|----------|-------|----------|-----------|
| Hayek, Daniel | 6.10 | 750.00 | 4'575.00 |
| Meili, Mark | 17.60 | 550.00 | 9'680.00 |
| Zehnder, Anik | 2.50 | 375.00 | 937.50 |
| | 26.20 | 579.85 | 15'192.50 |

2



Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

May 17, 2024

## Invoice no. 201334-24-11

Fees for services rendered between April 1, 2024 and April 30, 2024 in the matter of Ho Wan Kwok, as per the attached details.

| | | |
|---|---|---|
| Legal Fees | CHF | 20'795.00 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 415.90 |
| | CHF | 21'210.90 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **21'210.90** |

| Terms of payment | 30 days net | VAT No. | CHE-115.724.136 MWST |
|---|---|---|---|

Please arrange for payment **under reference of the above invoice number** to our following account:

Zürcher Kantonalbank, 8001 Zürich

| IBAN | CH67 0070 0114 8037 7648 0 |
|---|---|
| BIC/SWIFT | ZKBKCHZZ80A |

**Prager Dreifuss AG** • Zürich, Bern, Brüssel • www.prager-dreifuss.com

Bellerivestrasse 201, CH-8008 Zürich          Schweizerhof-Passage 7, CH-3001 Bern          Avenue Louise 235, B-1050 Bruxelles
T +41 44 254 55 55, F +41 44 254 55 99          T +41 31 327 54 54, F +41 31 327 54 99          T +32 2 537 09 49, F +32 2 537 21 16

**Details of invoice no. 201334-24-11**

Invoice period:  April 1, 2024 – April 30, 2024

## Legal Fees

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 03.04.2024 | rev. files and work on recognition application Switzerland | MMA | 0.00% | 2.40 |
| 04.04.2024 | E-Mail Alex re Swiss assets and recognition procedure | MMA | 0.00% | 0.50 |
| 05.04.2024 | Rev. of documents re alter ego and fraudulent transfer claims | MMA | 0.00% | 0.70 |
| 05.04.2024 | E-Mail Paul Hastings re assets Switzerland | MMA | 0.00% | 0.30 |
| 11.04.2024 | rev. asset information Switzerland and email Doug | MMA | 0.00% | 0.50 |
| 12.04.2024 | Work on recognition application | MMA | 0.00% | 1.60 |
| 15.04.2024 | Work on recognition application | MMA | 0.00% | 1.70 |
| 15.04.2024 | rev. submission to Zurich Court as work in progress | HA | 0.00% | 1.00 |
| 16.04.2024 | rev. docs. | HA | 0.00% | 1.30 |
| 16.04.2024 | prep. and call Luc re status recognition application and issues | MMA | 0.00% | 0.50 |
| 16.04.2024 | work on recognition application | MMA | 0.00% | 1.20 |
| 16.04.2024 | Call Luc and Alex re: BVI legal opinion etc. | HA | 0.00% | 0.50 |
| 16.04.2024 | conf. MMA re doc review | HA | 0.00% | 0.30 |
| 17.04.2024 | Work on recognition application | MMA | 0.00% | 2.80 |
| 18.04.2024 | email Alex re service of process in Switzerland | MMA | 0.00% | 0.50 |
| 18.04.2024 | Work on recognition application | MMA | 0.00% | 2.20 |
| 18.04.2024 | rev. order district court Basel and emails Luc/Alex | MMA | 0.00% | 0.50 |
| 18.04.2024 | rev. submission for fees etc. | HA | 0.00% | 0.50 |
| 19.04.2024 | email Luc re service of process | MMA | 0.00% | 0.20 |
| 19.04.2024 | email Luc re conciliation proceedings Basel and costs | MMA | 0.00% | 0.30 |
| 19.04.2024 | work on recognition application | MMA | 0.00% | 2.40 |
| 19.04.2024 | emails Alex re service of process and supporting documentation | MMA | 0.00% | 0.20 |
| 21.04.2024 | work on recognition application | MMA | 0.00% | 1.50 |
| 22.04.2024 | Work on recognition application | MMA | 0.00% | 3.50 |
| 23.04.2024 | Call court in Lausanne re service of process, email Luc | MMA | 0.00% | 0.30 |
| 23.04.2024 | work on recognition application | MMA | 0.00% | 4.80 |
| 25.04.2024 | work on recognition application | MMA | 0.00% | 1.80 |
| 25.04.2024 | rev. notarized chapter 11 application, email Doug re same | MMA | 0.00% | 0.30 |
| 30.04.2024 | rev. additional documentation and comments by Paul Hastings/Alex Bongartz on recognition application | MMA | 0.00% | 2.20 |

| **Total excl. VAT** | | | | **36.50** |

1

## Expenses

| Date | Text | VAT | Amount CHF |
|---|---|---|---|
| 17.05.2024 | Disbursements | 0.00% | 415.90 |
| **Total excl. VAT** | | | **415.90** |

| Provider | Hours | Rate CHF | Amount CHF |
|---|---|---|---|
| Hayek, Daniel | 3.60 | 750.00 | 2'700.00 |
| Meili, Mark | 32.90 | 550.00 | 18'095.00 |
| | 36.50 | 569.75 | 20'795.00 |