**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| Debtors. | : | (Jointly Administered) |

**MOTION OF CHAPTER 11 TRUSTEE TO LIMIT SERVICE OF MOTION TO EXTEND AUGUST 15, 2024 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") of Ho Wan Kwok (the "Debtor"), debtor in these above-captioned jointly administered cases (the "Chapter 11 Cases"), hereby files this motion (this "Motion") requesting entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Proposed Order") to limit service of the *Motion of Chapter 11 Trustee to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions* (the "First Supplemental Extension Motion") to the Notice Parties (as defined below). In support of this Motion, the Trustee respectfully represents as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

of Reference from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in the District of Connecticut is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 2002(m), 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On February 15, 2022, the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's chapter 11 case.

6. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Debtor's chapter 11 case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee [Docket No. 514].

7. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as Trustee [Docket No. 523].

8. The Trustee has launched a complex and thorough investigation and litigation process to recover assets for the estate. Pursuant to that process, the Trustee commenced, prior to the February 15, 2024 deadline under section 546(a) of the Bankruptcy Code, over 270 adversary proceedings (the "Pending Adversary Proceedings").

9. Additionally, on January 9, 2024, the Trustee filed a motion [Docket No. 2494] (the "Notice Motion") to schedule a hearing on, and establish notice and service procedures in connection with, his forthcoming motion to extend or toll certain statutes of limitations (the "Extension Motion"); the Trustee filed the Extension Motion on January 18, 2024.[2]

10. On January 19, 2024, the Court entered the "Notice and Service Procedures Order," granting the Notice Motion and setting a February 13, 2024 hearing date on the Extension Motion [Docket No. 2515].

11. On January 31, 2024, the Trustee filed a notice of service and publication notice, describing how and to whom service of the Extension Motion was made [Docket No. 2540]. As described therein, the Trustee (through his counsel) (i) served approximately 900 individuals and entities and (ii) published notice of the Extension Motion in five separate publications. Notwithstanding this extensive service, only 12 objections or reservations of rights were filed to the Extension Motion (together, the "Responses").[3]

12. On February 15, 2024, the Court issued an opinion and order granting the Extension Motion [Docket No. 2921] under Bankruptcy Rule 9006(b) [Docket No. 2921] (the "Extension Order"). The Court extended the Trustee's time to commence avoidance actions through August 15, 2024 (the "Ordered Extension"), which date is subject to further extension.

[2] *See* Docket No. 2509, *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(a), and 549*.

[3] Responses were filed by: (i) Ms.Mei Guo; (ii) Mr. Defeng Cao; (iii) UBS AG; (iv) Taurus Fund LLC, Taurus Management LLC, and Mr. Scott Barnett (collectively, the "Taurus Parties"); (v); G Club Operations LLC; (vi) Rule of Law Foundation III, Inc. and Rule of Law Society IV, Inc. (collectively, the "ROL Parties"); (vii) Mr. Chris Lee and Mr. Qidong Xia jointly; Greenwich Land, LLC and Ms. Hing Chi Ngok (collectively, the "Greenwich Parties") jointly; (viii) GS Security Solutions, Inc.; (ix) DBS Bank; (x) Ms. Yinying Wang; (xi) Sotherby's International Realty, Inc.; and (xii) Mr. Yongbing Zhang. *See* ECF Nos. 2551, 2553, 2554, 2557, 2563, 2565, 2566, 2569, 2571, ECF No. 2556, 2582, 2584, and 2591.

**RELIEF REQUESTED**

13. As contemplated by the Extension Order, the Trustee intends to file the First Supplemental Extension Motion, seeking an extension of the Ordered Extension. By this Motion, the Trustee seeks to limit service of the First Supplemental Extension Motion (i) the Office of the United States Trustee for the District of Connecticut; (ii) counsel for the Debtor; (iii) the Committee; (iv) all parties that filed a Response to the original Extension Motion, (v) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002; (vi) all parties who receive notice in these chapter 11 cases by electronic filing utilizing the Court's electronic filing ("CM/ECF") system to all appearing parties who utilize the CM/ECF system; and (vii) any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

**BASIS FOR RELIEF REQUESTED**

14. Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

15. Authority for the requested relief is also found in Bankruptcy Rules 2002(m) and 9007, both of which allow the Court to limit notice. *See* Bankr. Rule 2002(m) ("The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.") *and* Bankr. Rule 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."); *see also In re AMF Bowling Worldwide,*

*Inc.*, No. 12-36495-KRH, 2013 WL 5575470, at *4 (Bankr. E.D. Va. Oct. 9, 2013) ("In addition, Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure permit the Court to regulate the manner in which notices will be properly served."); *In re Stay in my Home, P.A.*, 2018 WL 4927911, No. 18-8436-RCT (Bankr. M.D. Fl. Oct. 5, 2018) (granting motion to limit notice "[p]ursuant to Rules 2002(m), and 9007").

16. As noted above, the Trustee served the original Extension Motion on over 900 individuals and entities, and also provided extensive publication notice. This extensive service imposed a significant expense on the estate, especially because so many of the notice recipients were located outside of the United States. Yet only 12 Responses were filed – and all but 3 of those were filed by parties closely affiliated with the Debtor.

17. The Trustee, therefore, submits that it would be unduly burdensome for the estate to serve the First Supplemental Extension Motion in the same manner as the original Extension Motion. Doing so would consume unnecessary resources, nor would it serve the interests of the creditors of these estates. Moreover, given the extremely broad service of the original Extension Motion, any party that has an interest in the Chapter 11 Cases is already aware of the Extension Order and is likely monitoring the free and publicly available docket maintained by the Claims Agent. Finally, any party ultimately named as a defendant in any litigation commenced by the Trustee would, of course, receive notice of that lawsuit.

18. Indeed, this relief is consistent with the text of Bankruptcy Rule 9006 itself. Rule 9006(b) – which governs the First Supplemental Extension Motion – provides that "the court for cause shown may at any time in its discretion (1) ***with or without motion or notice*** order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Bankr. Rule 9006(b)(1) (emphasis added).

Because the Court can grant the First Supplemental Extension Motion without any notice at all, it certainly has the authority to grant the instant Motion and limit notice. And, under the circumstances, the Court should exercise that authority.

19. For the foregoing reasons, the Trustee submits that the relief sought in this Motion is appropriate and is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest, and requests that the Court authorize service of the First Supplemental Extension Motion upon the Notice Parties only.[4]

[*Remainder of page intentionally left blank.*]

[4] If the Court would prefer, the Trustee is also prepared to serve (via ECF) the First Supplemental Extension Notice on all defendants that have appeared in the Pending Adversary Proceedings, as the increased cost of doing so is not significant.

WHEREFORE, for the foregoing reasons, Trustee requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: July 8, 2024
New Haven, Connecticut

LUC A. DESPINS,
CHAPTER 11 TRUSTEE

By: */s/ Douglass Barron*

Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
douglassbarron@paulhastings.com

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| Debtors. | : | (Jointly Administered) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2024, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: July 8, 2024
New York, New York

By: */s/ Douglass Barron*
Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| Debtors. | : | (Jointly Administered) |

**[PROPOSED] ORDER LIMITING SERVICE OF MOTION TO EXTEND AUGUST 15, 2024 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS**

The Court having considered the motion (the "Motion")[2] seeking to limit service of the First Supplemental Extension Motion to the Notice Parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in interest; and the relief requested is consistent with Bankruptcy Rules 2002, 9006(b), and 9007; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be

1 The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2 Capitalized terms used but not defined herein have the meanings set forth in the Motion.

given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Trustee may serve the First Supplemental Extension Motion only on:

   i. the Office of the United States Trustee for the District of Connecticut;

   ii. counsel for the Debtor;

   iii. the Committee;

   iv. all parties that filed a Response to the original Extension Motion;

   v. [all defendants that have appeared in the Pending Adversary Proceedings;]

   vi. all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002;

   vii. all parties who receive notice in these chapter 11 cases by electronic filing utilizing the Court's electronic filing ("CM/ECF") system to all appearing parties who utilize the CM/ECF system; and

   viii. any party who requested notice in these chapter 11 cases, but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.

3. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.