**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
            Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE TO FILE
COMPLETE, UNREDACTED VERSION OF MOTION OF
<u>CHAPTER 11 TRUSTEE FOR ORDER TO PRESERVE EVIDENCE UNDER SEAL</u>**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the chapter 11 case (the "<u>Chapter 11 Case</u>" or "<u>Main Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), by and through his undersigned counsel respectfully submits this motion ("<u>Motion to Seal</u>") pursuant to District of Connecticut Local Rule of Civil Procedure (the "<u>Local Civil Rules</u>") 5(e), District of Connecticut Local Rule of Bankruptcy Procedure (the "<u>Local Bankruptcy Rules</u>") 9077-1, and Rule 9018 of the Federal Rule of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), permitting the sealed filing of the complete, unredacted version of *Motion of Chapter 11 Trustee for Order to Preserve Evidence* (the "<u>Main Motion</u>") under seal.[2] In support of this Motion to Seal, the Trustee states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The Main Motion is filed contemporaneously herewith.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTS

2. The Trustee has recently learned that non-parties are in possession of evidence relevant to this proceeding (the "Evidence"). The Trustee will file the Main Motion to preserve the Evidence until such time that the Court determines the Trustee's rights to the same.

3. The Trustee seeks authorization to seal the Main Motion because filing an unredacted and unsealed copy of the same on the open docket would defeat its purpose. The Main Motion contains information sufficient to enable any person associated with the Debtor who is monitoring this proceeding to interfere with preservation of the Evidence before the Court can adjudicate the Main Motion, and thus before the Evidence is preserved. The possibility that such will occur is hardly remote given the history of discovery violations by persons associated with the Debtor in these chapter 11 cases.

4. As the Court is well aware, these chapter 11 cases have been replete with disturbing instances in which the Debtor and those associated with him have sought to conceal property of the estate or otherwise impede the Trustee's investigation.[3] Accordingly, even if the Main Motion is granted, there exists a significant danger that persons associated with the Debtor will interfere

---

[3] *See e.g., Mem. of Law in Support of Mot. of Ch. 11 Trustee for Estate of Ho Wan Kwok for Summary Judgment with Respect to Alter Ego and Equitable Ownership Claim* [Adv. Proc. No. 23-05005, Dkt. No. 98] (detailing, for example, the systematical dissipation of proceeds from the sale of the Ferncliff Property to fund luxury purchases by the Debtor's family members and associates, pay the Debtor's expenses, and funnel funds to other Debtor-controlled entities)

2

with the preservation of the Evidence before it is preserved. The Trustee therefore seeks authorization to file an unredacted copy of the Main Motion under seal.

5.  To ensure that any sealing order is narrowly tailored to prevent interference with the preservation of the Evidence before it is preserved, the Trustee submits that he will file an unredacted copy of the Main Motion (and any responses filed with respect to same (a "Response")) on the open docket twenty-one (21) days after the date that Court issues any order fully adjudicating the Main Motion. In addition, the Trustee will serve an unredacted copy of the Main Motion upon the counsel for the United States Trustee and counsel for the Official Committee of Unsecured Creditors (the "Committee") within twenty-four (24) hours of the Court issuing an order authorizing the Trustee to file the Main Motion under seal.

## RELIEF REQUESTED

6.  By this Motion to Seal, the Trustee requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to file under seal an unredacted version of the Main Motion.[4]

7.  Specifically, the Trustee requests that he be authorized to submit, under seal, the Main Motion.

8.  The Trustee further requests that the Court direct that any Responses to the Main Motion likewise be filed under seal.

---

[4] This Court has previously granted such relief where, as here, the Trustee sought to prevent interference with the preservation of evidence residing with a non-party until such time that he could secure preservation of the same. *See Motion to File Complete, Unredacted Versions of Emergency Motion of Chapter 11 Trustee to Order Preservation of Evidence and Related Materials under Seal* [Adv. Proc. No. 23-05017, Dkt. No. 86]; *Order Granting Motion of Chapter 11 Trustee to File Complete, Unredacted Versions of Emergency Motion of Chapter 11 Trustee to Order Preservation of Evidence and Related Materials under Seal* [Adv. Proc. No. 23-05017, Dkt. No. 90].

**BASIS FOR RELIEF**

9. In this District, Rule 5(e)(3) of the Local Rules of Civil Procedure dictates that the Court may grant a request to seal documents only after making "particularized findings that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." D. CONN. L. R. CIV. P. 5(e)(3). Clear and compelling reasons exist in the present case, and sealing is narrowly tailored to serve those reasons, as follows.

10. *First*, the presumption of public access is lower for the Main Motion than it is for dispositive motions. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (holding "presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment"). This is so because the Main Motion is substantially more akin to a discovery or discovery-related motion than it is to a dispositive motion. "Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

11. *Second*, the purpose of the Main Motion will be defeated if an unredacted and unsealed copy is filed on the open docket. There exists a real and imminent danger that persons associated with the Debtor who are monitoring this proceeding will interfere with the preservation of the Evidence before it is preserved. Such danger is hardly speculative. To state that this case has been fraught with discovery-related abuses by the Debtor and his associates is an understatement. As this Court recently recounted:

> Instead of receiving compliance and cooperation from the Individual Debtor, the Trustee has faced ceaseless recalcitrance, obstruction, and flagrant disregard of court orders by the Individual Debtor, his family members, his associates and employees, and entities the Trustee alleges he controls since the Trustee's

> appointment . . . . Ultimately, the Court has entered at least eight orders holding the Individual Debtor, his daughter, Ms. Guo, and entities allegedly controlled by the Individual Debtor in contempt for failure to turn over assets and discovery abuse . . . . To date, each contemnor remains in contempt of court. The severity of nonperformance of statutory duties . . . . and noncompliance with this Court's orders in these jointly administered Chapter 11 cases, is extraordinary.

(Citations omitted.) *In re Kwok*, No. 22-50073 (JAM), 2024 WL 666646, at *6 (Bankr. D. Conn. Feb. 15, 2024); *see In re Kwok*, No. 22-50073 (JAM), 2023 WL 186964, at *19 (Bankr. D. Conn. Jan. 13, 2023) (observing, over one year earlier than the above-quoted entry, that the Trustee's investigation "has been met with opposition at every step in the process"). Sealing the Main Motion until the Evidence is preserved will ameliorate such danger.

12. *Third*, interference with the preservation of the Evidence that the Trustee seeks to preserve will impair and prejudice the Trustee's investigation of the Debtor's assets for the benefit of the creditors and the estate.

13. *Finally*, the proposed order sealing the Main Motion is of limited temporal duration, provides that unredacted copies of the Main Motion will be provided to counsel for the United States Trustee and the Committee, and is narrowly tailored to ensure that it does not extend beyond the time necessary to preserve the Evidence. *See, e.g.*, *Commodity Futures Trading Commission v. Bolze*, No. 3:09-CV-88, 2009 WL 605248, at *1 (E.D. Tenn. Mar. 3, 2009) (sealing entire docket and file in "the interests of (1) preventing concealment and dissipation of assets; (2) preventing destruction of documents in this matter" until "the earlier of (1) 72 hours after entry of this order or (2) Plaintiff provides the Court with Notice that Defendant . . . has been served with the Complaint").

14. At bottom, the Trustee submits that filing the Main Motion under temporary seal will ensure that the purpose of the Main Motion—to preserve the Evidence—is not defeated.

15. For all of the foregoing reasons, the Trustee requests that he be authorized to file the Main Motion under seal. For the same reasons, the Trustee further requests that the Court order that any Response(s) to the Main Motion be filed under seal.

**WHEREFORE**, the Court should grant this Motion and enter such other relief as is just and proper.

Dated: July 11, 2024  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/* Dennis M. Carnelli  
    Dennis M. Carnelli (ct30050)  
    Patrick R. Linsey (ct29437)  
    Douglas S. Skalka (ct00616)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 821-2000  
    dcarnelli@npmlaw.com  
    plinsey@npmlaw.com  
    dskalka@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                            :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]                         :   Case No. 22-50073 (JAM)
:
            Debtors.                              :   (Jointly Administered)
:
---------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 11, 2024, the foregoing Motion and Proposed Order were filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's system. The foregoing was further served as indicated in the Certificate of Service filed with respect to the Main Motion.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2

Dated: July 11, 2024　　　　　　　　LUC A. DESPINS, CHAPTER 11 TRUSTEE
New Haven, Connecticut

By: */s/* Dennis M. Carnelli
　　Dennis M. Carnelli (ct30050)
　　Patrick R. Linsey (ct29437)
　　Douglas S. Skalka (ct00616)
　　NEUBERT, PEPE & MONTEITH, P.C.
　　195 Church Street, 13th Floor
　　New Haven, Connecticut 06510
　　(203) 821-2000
　　dcarnelli@npmlaw.com
　　plinsey@npmlaw.com
　　dskalka@npmlaw.com

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                          :     Chapter 11
                                                :
HO WAN KWOK, *et al.*,[1]                       :     Case No. 22-50073 (JAM)
                                                :
               Debtors.                         :     (Jointly Administered)
                                                :
---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S**
**MOTION TO SEAL MOTION FOR ORDER TO PRESERVE EVIDENCE**

UPON CONSIDERATION OF the motion (the "Motion to Seal") of Chapter 11 Trustee Luc A. Despins (the "Trustee") requesting approval of the sealed filing of the Motion of Chapter 11 Trustee for Order to Preserve Evidence (the "Main Motion") under seal, and good cause having been shown, and the Court having found that the sealed filing of the Main Motion provided in this Order being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

**ORDERED**, that the Motion to Seal is granted as set forth herein; and it is further

**ORDERED**, that the Trustee is authorized to file an unredacted version of Main Motion and any exhibits thereto under seal which shall remain under seal and shall not remain publicly available except as provided in this Order; and it is further

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**ORDERED**, that any response(s) to the Main Motion (a "Response") shall be filed under seal and shall remain under seal and shall not remain publicly available except as provided in this Order; and it is further

**ORDERED**, that within twenty-one (21) days after the date that the Court issues any order fully adjudicating the Main Motion, the Trustee shall file an unredacted copy of the Main Motion and any Response(s) on the open docket in the above-captioned proceeding; and it is further

**ORDERED**, that the Trustee shall serve an unredacted version of the Main Motion upon counsel for the United States Trustee and counsel for the Official Committee of Unsecured Creditors within twenty-four (24) hours after issuance of this Order; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case; the United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B); and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.