**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------- x
                                      :
In re:                                : Chapter 11
                                      :
HO WAN KWOK, *et al.*,                : Case No. 22-50073 (JAM)
                                      :
          Debtors.[1]                 : Jointly Administered
                                      :
------------------------------------- x RE: ECF No. 3287


**ORDER GRANTING**
**FIFTH INTERIM APPLICATION OF NEUBERT, PEPE & MONTEITH, P.C., AS LOCAL AND CONFLICTS COUNSEL TO THE CHAPTER 11 TRUSTEE AND AS COUNSEL TO DEBTORS GENEVER HOLDINGS CORPORATION AND GENEVER HOLDINGS LLC FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JANUARY 1, 2024 THROUGH APRIL 30, 2024**

Upon consideration of the Application [ECF No. 3287] (the "Application") of Neubert, Pepe & Monteith, P.C. ("NPM") as counsel to the Trustee[2] and the Genever Debtors for fifth interim allowance of compensation and reimbursement of expenses from January 1, 2024 through April 30, 2024; and sufficient notice having been given; and a hearing having been held on July 23, 2024; and NPM having agreed, after discussions with the United States Trustee, to reduce its fees by $6,183.00 and to apply a 10% holdback to its fees during the Compensation Period, and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

1.     ORDERED that, pursuant to 11 U.S.C. §§ 330 and 331, the Application is granted as set forth herein and compensation in the amount of $1,351,385.50 and reimbursement of expenses in the amount of $17,663.61 is awarded to NPM, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full or as provided in the order approving the sale of the Lady May [ECF No. 1953]; and it is further

2.     ORDERED that NPM's right to seek allowance in future fee applications of $5,341.50 in fees associated with services related to *Despins, Chapter 11 Trustee v. Hing Chi Ngok,* et al. (Adv. Proc. No. 24-05273) shall be reserved; and it is further

3.     ORDERED that the Debtors' estates are authorized to pay NPM (a) 90% of the fees (*i.e.*, $1,216,246.95) and (b) 100% of the expense reimbursements (*i.e.*, $17,663.61) allowed in paragraph 1 above in the aggregate amount of $1,233,910.50, and the remaining 10% of the fees allowed in paragraph 1 above in the amount of $135,138.55 shall be held back by the Debtors' estates pending further order of this Court; and it is further

4.     ORDERED that the Debtors' estates are authorized to pay NPM 50 percent of the Prior Holdbacks (*i.e.*, $137,625.75), and the remaining 50 percent of the Prior Holdbacks (*i.e.*, $137,625.75) shall remain held back by the Debtors' estates pending further order of the Court; and it is further

5.     ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

6.     ORDERED that the Trustee and NPM are authorized and empowered to take all necessary actions to implement the relief granted in this Order; and it is further

7.     ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry; and it is further

8. ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated at Bridgeport, Connecticut this 26th day of July, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut