**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Luc A. Despins, Chapter 11 Trustee | **DEFENDANTS**<br>ACASS U.S.A. Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Douglas S. Skalka, Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13 Floor, New Haven, CT 06510<br>203-781-2847 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfer and Related Relief Pursuant to Bankruptcy Code Sections 549, and 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | | BANKRUPTCY CASE NO.<br>22-50073 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Julie A. Manning |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Patrick R. Linsey | | | |
| DATE<br>July 29, 2024 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Patrick R. Linsey | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| | Adv. Proceeding No. 24-___ |
| Plaintiff, | |
| v. | |
| ACASS U.S.A.INC., | |
| Defendant. | |

---

**COMPLAINT OF CHAPTER 11 TRUSTEE
SEEKING AVOIDANCE AND RECOVERY OF
POSTPETITION TRANSFER AND RELATED RELIEF PURSUANT TO
BANKRUPTCY CODE SECTIONS 549, AND 550**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).


adversary complaint (the "Complaint") against defendant ACASS U.S.A. Inc. (the "Defendant"), stating as follows:

## NATURE OF ACTION

1. The Trustee commences this adversary proceeding to avoid and recover transfers of property of the Debtor's chapter 11 estate (the "Estate") after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2. Specifically, on or about October 19, 2022, the Debtor transferred to the Defendant a certain Bombardier Inc. model BD-700-1A0 Global Express XRS airframe bearing manufacturer's serial number 9189 with two installed Rolls-Royce BR710A2-20 engines bearing manufacturer's serial numbers 12489/BR710 and 12490/BR710 and one installed Allied Signal (now Honeywell) RE_220GX auxiliary power unit bearing manufacturer's serial number P-316/WE3800714-1 and all appurtenances, appliances, parts, avionics, instruments, components, accessions, furnishings, items of equipment and accessories installed thereon or appurtenant thereto (collectively, the "Bombardier").

3. Although the Bombardier was nominally owned by one of the Debtor's shell companies, the Court has already ruled that the Bombardier was property of the Debtor's Estate on the date of the transfer; thus, the transfer of the Bombardier to the Defendant was a transfer of Estate property. Because the transfer was not authorized by the Court or under the Bankruptcy Code, it is subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

5.  This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.  The statutory predicates for the relief sought herein include sections 549 and 550 of the Bankruptcy Code.

## THE PARTIES

7.  The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

8.  The Defendant is a Delaware corporation with a principal address at 601 Bayshore Boulevard, Suite 700, Tampa, Florida 33606.

## FACTS

**A.  Chapter 11 Case**

9.  The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the Chapter 11 Case.

10.  On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case. No examiner has been appointed.

11.  The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[2] While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter ego shell companies.

---

[2] Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

12. On June 15, 2022, the Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.     Debtor's Shell Game and Fraud Continues Postpetition**

13. As of the Petition Date, all of the Debtor's property, became property of the Estate. *See* 11 U.S.C. § 541(a)(1).

14. Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers of property that was property of the Estate.

15. None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

**C.     Debtor's Beneficial Ownership of Bombardier**

16. At all times from in or around November 2018 until the Bombardier was transferred to the Defendant, the Bombardier was nominally owned by Whitecroft Shore Limited ("Whitecroft"), which in turn was nominally owned by the Debtor's daughter, Mei Guo.

17. On May 16, 2023, the Trustee sued Mei Guo to establish that the Debtor beneficially owned the Bombardier (*see* Adv. Proc. No. 23-05008, the "Mei Guo Adversary Proceeding").

18. On April 3, 2024, this Court granted the Trustee's motion for summary judgment in the Mei Guo Adversary Proceeding, determining, among other things, that the "Bombardier was

property of the Estate as of the filing of the … Debtor's [chapter 11] petition …" [Adv. Proc. 23-05008 Docket No. 126 at p. 29.]

19. In so ruling, the Bankruptcy Court relied upon undisputed material facts including, among other things, that:

    a. The Debtor initially purchased the Bombardier;

    b. The Bombardier was subsequently transferred to shell companies nominally owned by the Debtor's personal chef and daughter for no consideration;

    c. The Debtor continued to use and control the Bombardier after these transfers, including while it was nominally owned by Whitecroft; and

    d. The Debtor funded the operation and maintenance of the Bombardier through one of his alter egos, Golden Spring (New York) Ltd.

[Adv. Proc. 23-05008 Docket No. 126 at pp. 27-28.]

### D. ACASS USA AND ACASS CANADA

20. The Defendant is an affiliate of ACASS Canada Ltd. ("ACASS Canada").

21. From in or around July 2015 until the Defendant obtained the Bombardier, ACASS Canada maintained and operated the Bombardier for the Debtor.

22. ACASS Canada was aware of the Debtor's use and control of the Bombardier.

23. In 2022, ACASS Canada negotiated to obtain the transfer of the Bombardier through its affiliate, the Defendant.

24. Andre Khury ("Mr. Khury") is the President of the Defendant and the CEO of ACASS Canada. On or about August 2, 2022, ▮▮▮▮▮▮ signed an Aircraft Purchase Agreement with respect to the Bombardier (the "APA") on behalf of the Defendant.

5

25.    ██████████████████████████████████████████

26.    On or about September 8, 2022, ACASS Canada received a copy of the *First Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Legal and Financial Advisors to the Debtor, Entities and Individuals Affiliated with Debtor, and Relevant Banks* [Main Case Docket No. 839] (the "Rule 2004 Motion").  The Court granted the Rule 2004 Motion on September 21, 2022 [Main Case Docket No. 886].  Included as an attachment to the Rule 2004 Motion was a form of subpoena inquiring as to the Bombardier and Whitecroft (the "ACASS Subpoena").

27.    On or about September 13, 2022, counsel for the Trustee was contacted by counsel for ACASS Canada and, thereafter, counsel for the Trustee and ACASS Canada communicated concerning the ACASS Subpoena in September 2022.

28.    As of September 2022, ACASS Canada was aware from these communications and its review of the ACASS Subpoena that: (a) the Debtor was the debtor in this Chapter 11 Case; (b) the Trustee was appointed Chapter 11 Trustee for the Debtor; and (c) the Trustee was investigating the Debtor's interest in the Bombardier.

**E.    Transfer to Defendant**

29.    On or about October 19, 2022, the Bombardier was transferred to the Defendant (the "Transfer").

30.    The Defendant was the initial transferee of the Transfer.

31.    At the time of the Transfer, the Defendant knew through ACASS Canada that: (a) the Debtor was the debtor in this Chapter 11 Case; (b) the Trustee was appointed Chapter 11

Trustee for the Debtor; and (c) the Trustee was investigating the Debtor's interest in the Bombardier.

32. The value of the Bombardier at the time of the Transfer was no less than $13,500,000, which was the purchase price set forth in the APA.

33. To date, the Trustee has recovered $10,218,943.38 of sale proceeds with respect to the Bombardier (the "Recovered Proceeds"), however, the remainder of the sale proceeds have been dissipated.

34. At the time of the Transfer, the Debtor had outstanding obligations to creditors of the Debtor's Estate.

35. The Defendant was the initial transferee of the Transfer.

*[Remainder of Page Intentionally Blank]*

## **CLAIM FOR RELIEF**

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

36. The Trustee repeats and realleges the allegations contained in paragraphs 1-35 as if fully set forth herein.

37. The Transfer was made to the Defendant of property that was property of the Estate.

38. The Transfer occurred after the Petition Date.

39. The Transfer was not authorized by the Bankruptcy Court or by the Bankruptcy Code.

40. The Transfer constituted the unauthorized transfer of property of the Estate.

41. The Transfer is avoidable pursuant to section 549(a) of the Bankruptcy Code.

42. Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the value of the Transfer, less the Recovered Proceeds, from the Defendant, plus interest thereon to the date of payment and the costs of this action.

*[Remainder of Page Intentionally Blank]*

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1. (a) an order declaring that the Transfer is avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Transfer be set aside; and (c) recovery of the value of the Transfer less the Recovered Proceeds from the Defendant for the benefit of the Debtor's Estate pursuant to section 550(a) of the Bankruptcy Code;

2. Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

3. Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

*[Remainder of Page Intentionally Blank]*

Dated:  July 29, 2024  LUC A. DESPINS
       New Haven, CT  CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com
    *Counsel for the Chapter 11 Trustee*