**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
In re HO WAN KWOK, *et al.*,

                            Debtor.

---------------------------------------------------------x

Chapter 11
Case No. 22-50073 (JAM)

(Jointly Administered)

**OBJECTION TO THE CHAPTER 11 TRUSTEE'S FIRST SUPPLEMENTAL
MOTION OF CHAPTER 11 TRUSTEE TO EXTEND AUGUST 15, 2024
DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS (ECF 3329)**

      Hing Chi Ngok ("Ms. Guo"), by her undersigned counsel, respectfully files this objection (the "Objection") to the Chapter 11 Trustee's First Supplemental Motion to Extend August 15, 2024 Deadline for the Trustee to File Avoidance Actions (ECF 3329) ("Second Motion to Extend"), and in support thereof respectfully states as follows:

**PRELIMINARY STATEMENT**

      1.     While couched as a motion to extend a deadline and this time without mentioning equitable tolling which the Bankruptcy Court previously denied, the Trustee still asks the Court to judicially extend statutes of limitations set by Congress. No authority exists for the Court to do so. Casting his request as an extension of a deadline set by the Bankruptcy does not change the fact that the Trustee seeks to alter the statute of limitations, including because the August 15, 2024 deadline set by the Bankruptcy Court was effectively itself an extension of the statute of limitations.

      2.     The Trustee also asks this Court to reject Judge Tancredi's well-reasoned decision in *In re: Walnut Hill, Inc.*, 2018 WL 2672242 (Bankr. D.Conn. June 1, 2018), in favor of inapplicable non-circuit cases, and grant the premature and extraordinary relief to equitably toll

1

and extend Trustee's time to commence avoidance actions against unnamed individuals and entities.

3. Although Mrs. Guo does not believe the Trustee has any basis to bring any avoidance claims against her, to the extent the Trustee intends to do so in the future, the Tolling Motion should be denied for the reasons set forth by Judge Tancredi in *Walnut Hill*.

4. In *Walnut Hill*, the Court (Judge Tancredi) considered whether Rule 9006(b) is a vehicle to preemptively and prospectively extend the Trustee's statute of limitations to commence an avoidance action under the Bankruptcy Code. *See Walnut Hill*, 2018 WL 2672242 *2 ("The plain language of Rule 9006(b) prohibits this Court from enlarging the Section 546(a) statute of limitations."); *see also In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D.Conn. 1999) (Krechevsky, J.) (Rule 9006(b) does not "permit[] a court to extend a time limitation set by Congress in a statute"). The Court should adopt the reasoning and decisions issued by Judge Tancredi and Judge Krechevsky and deny the Tolling Motion in its entirety.

5. The bar against prospectively applying the doctrine of equitable tolling is well-established in this District. *Walnut Hill*, 2018 WL 2672242 *2 ("It is wholly premature and procedurally flawed to address equitable tolling outside the context of an evidentiary hearing on the facts and circumstances to be proven in the adversary proceeding against specific defendants, once a statute of limitations defense has been asserted"). The Trustee's request to issue a broad extension as to all prospective actions as to all prospective defendants is "premature and procedurally flawed." *Walnut Hill*, 2018 WL 2672242 *2.

6. The prospective relief the Trustee asks this Court to grant includes a global omnibus order "that any party that has received notice, whether actual or constructive, of the Motion and did not object to the Motion has waived its right to assert a limitations period defense if ultimately

named in an action that is timely brought under the terms of this Order." ECF 3329, Exhibit 1. In other words, the Trustee asks this Court to place the burden on countless unnamed individuals and entities located anywhere in the world to engage counsel and participate in this proceeding based on the mere possibility that the Trustee may, one day, decide to bring an avoidance action against them. It is entirely premature for the Court to grant the Trustee global prospective relief based on potential defenses that may be raised in a hypothetical avoidance proceeding that the Trustee may one day pursue.

7. As to Mrs. Guo, the burden is on the Trustee to act within the statute of limitations, and within the confines of a pending avoidance proceeding, after a statute of limitations defense is raised, to establish why their claim is saved by equitable tolling. As the Court held in *In re Walnut Hill*, "Rule 9006(b) only applies to deadlines set by these or by a notice given thereunder or by order of court." *In re Walnut Hill*, 2018 WL 2672242, *2. Bankruptcy Rule 9006(b) does not authorize extensions of statutory deadlines, like the applicable statutes of limitation.

8. These principles, as outlined by other decisions in this District, apply to 11 U.S.C. § 549. Thus, Bankruptcy Rule 9006(b) cannot be a basis for modifying the applicable statute of limitations.

9. The Trustee's arguments are premature and could only be argued on a case-by-case basis in actually filed adversary proceedings, especially given the fact-specific nature of the inquiry. The Trustee's attempt for a blanket and sweeping order is therefore improper.

10. At a minimum, and consistent with the Bankruptcy Court's prior ruling on the Trustee's first Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions (ECF No. 2509), the Bankruptcy Court should deny the Trustee's proposed requested relief "that any party that has received notice, whether actual or constructive, of the Motion and

did not object to the Motion has waived its right to assert a limitations period defense if ultimately named in an action that is timely brought under the terms of this Order." ECF No. 3329 at 20; *see In re Kwok*, 2024 WL 666646, *9 (Feb. 15, 2024) (not including the Trustee's proposed waiver language and stating that "[t]he Motion to Extend Deadlines is **DENIED IN PART** with respect to the request for prospective equitable tolling, without prejudice to the Trustee raising equitable tolling or other equitable arguments in response to a defense that an adversary proceeding commenced by the Trustee is time-barred"). As the Bankruptcy Court previously found, even under an expansive reading of Rule 9006(b), the Trustee is not entitled to prospective relief. *Id*. Mrs. Guo objects to the Trustee's Proposed Order, which aside from the fact that the Trustee is not entitled to any portion being granted, he seeks draconian relief.

11. The Bankruptcy Court does not have Constitutional authority to rule on this matter, as it involves private rights of action, which under *Stern v. Marshall*, 546 U.S. 462 (2011), can only be decided by the District Court.

12. Mrs. Guo respectfully objects to any ruling by the Bankruptcy Court that should be made by the District Court and/or a jury, including, but not limited to, any rulings any party, jury, or court will rely upon to reach any decision that only an Article III Court or a jury can determine under the U.S. Constitution, *Stern v. Marshall* and its progeny, and other applicable law.

Dated: August 6, 2024                                           **MEISTER SEELIG & FEIN PLLC**

                                                         By: */s/ Christopher J. Major*
                                                              Christopher J. Major, Esq.
                                                              Austin D. Kim, Esq.
                                                              125 Park Avenue, 7th Floor
                                                              New York, NY 10017
                                                              Tel: (212) 655-3500
                                                              Email: cjm@msf-law.com
                                                                            adk@msf-law.com
                                                              *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 6th day of August, 2024, I caused the foregoing to be filed and served on all appearing parties in the above-captioned case via the Court's Electronic Case Filing System.

By: */s/ Christopher J. Major*
Christopher J. Major, Esq.
