# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>August 6, 2024 |

### G CLUB OPERATIONS, LLC'S OBJECTION AND MEMORANDUM OF LAW IN OPPOSITION TO FIRST SUPPLEMENTAL MOTION OF CHAPTER 11 TRUSTEE TO EXTEND AUGUST 15, 2024 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS

G Club Operations, LLC ("G Club") respectfully objects to, and files this memorandum of law in opposition to, the *First Supplemental Motion of Chapter 11 Trustee to Extend August 15, 2024 Deadline For Trustee To File Avoidance Actions* (ECF No. 3329,[2] the "Second Extension Motion"), filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee"), seeking a further six month extension of time following the Court's granting of the Trustee's *Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections, 108, 546(a), and 549* (Main Case ECF No. 2509, the "First Extension Motion"). Over the objections of several parties, including G Club (ECF No. 2563, the "First Extension Objection"), the Court granted this extension. ECF No. 2921 (the "Ruling"). G Club then appealed the Ruling, and the appeal is pending before the District Court. *See In re: Ho Wan Kwok*, Civil Action No. 3:23-cv-01514-KAD (the "Pending Appeal").

For the following reasons, the Court should deny the Second Extension Motion.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All ECF references are to entries in the Bankruptcy Case, Case No. 22-50073, unless otherwise stated.

{00374753.1 }

## I.  INTRODUCTION

On February 15, 2024, the Court granted the Trustee's request to extend the statute of limitations to August 15, 2024, based on its view that Fed. R. Bankr. P. 9006(b) provided authority to do so: "[t]he Court concludes for these reasons that Rule 9006(b) could provide a mechanism to extend the statutes of limitation set forth by sections 108(a), 546(a), and 549(d)." Ruling at 12. The Court further concluded that, at that time, the Trustee has shown sufficient cause for the six-month extension the Trustee chose to seek, relying largely on *IBT Int'l, Inc. v. N. (In re Int'l Admin. Servs.)*, 408 F.3d 689 (11th Cir. 2005). Ruling at 8, 17-18.

The Court should deny the Trustee's new motion for a six-month extension (amounting to a total 150 percent increase in Congress's two-year statute of limitations) for three reasons. First, the Supreme Court's recent ruling in *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071, 2083, 219 L. Ed. 2d 721, 740 (2024), has made clear that unless the Bankruptcy Code provides a *statutory basis* for extraordinary relief, courts cannot craft what amounts to a "work around" based on policy reasons and generalized provisions: "[b]oth sides of this policy debate may have their points. But, in the end, we are the wrong audience for them. As the people's elected representatives, Members of Congress enjoy the power, consistent with the Constitution, to make policy judgments about the proper scope of a bankruptcy discharge." Similarly, courts, without specific and clear authority, cannot change statues of limitations on, effectively, equitable grounds. Moreover, unlike the debtor in *Purdue*, the Trustee cannot identify any Bankruptcy Code provision that affords any possible relief, and must rely on a Bankruptcy Rule instead. A rule cannot override a statute. In short, *Purdue* demonstrates that the Court is (and was, in February 2024) without authority to grant the Trustee's requested extensions of the statute of limitations.

Second, even if the Court had authority to extend the statute of limitations, the Trustee has not offered any compelling new reasons as to why a further extension is required, instead relying largely on the same facts upon which the Court already granted an extension, as well as descriptions of the Trustee's extensive work *in already-filed cases*, which have no bearing on the application, and the claim there is a large volume of information which increases "almost daily" and that the Trustee learned additional information during Mr. Kwok's criminal trial.  Second Extension Motion at 18, ¶ 24.  Third, as previously argued, a case-by-case evaluation of the applicability of equitable tolling is the proper vehicle for the Trustee to preserve claims that could not, for valid reasons, be brought within the applicable statute of limitations, not a blanket prospective extension of the statute of limitations based on largely recycled and inapposite facts.  Ruling at 20.

## II. ARGUMENT

### A. The Trustee Cannot Change Congressionally Created Statues of Limitations

The Trustee asks this Court to judicially extend the Bankruptcy Code § 546(a) to permit for a prospective extension of statutes of limitations.  As previously argued in the First Extension Objection at 4-6, Bankruptcy Code § 546 does not contain any text that allows for this relief.  In its Ruling the Court disagreed with G Club.  In *Purdue*, the Supreme Court held that the catchall provision of Bankruptcy Code § 1123 does not permit non-consensual releases of non-debtors: "nothing in those paragraphs authorizes a plan to extinguish claims against third parties, like the Sacklers, without the consent of the affected claimants, like the opioid victims." *Purdue*, 219 L. Ed. 2d at 733.  The Supreme Court further explained that a general statutory provision cannot provide *more rights* than a specific statute: "[t]he catchall's text underscores the point.  Congress could have said in paragraph (6) that 'everything not expressly prohibited is permitted.'  But it did

{00374753.1}    3

not. Instead, Congress set out a detailed list of powers, followed by a catchall that it qualified with the term 'appropriate.'" *Id.* at 734.

Applying *Purdue* here, nothing in Bankruptcy Code authorizes a bankruptcy court to extend a statute of limitations under Chapter 5 of Title 11. The Constitution reserves to Congress the ability to legislate bankruptcy laws, which power Congress has exercised in setting the statute of limitations. *See* U.S. Const., Art. I, § 8, cl. 4 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives… The Congress shall have Power… To establish… uniform Laws on the subject of Bankruptcies throughout the United States."). Thus, unless the Trustee can identify a specific provision of the Bankruptcy Code that allows the Court to judicially extend the statute of limitations in Bankruptcy Code § 546(a), the relief sought cannot be granted.

However, the Trustee cites no Bankruptcy Code provision (because there is none), and cites a Bankruptcy Rule, which does not have the effect of a statute. Rather, the Rules Enabling Act specifically cabins their reach: "Such rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. "The statute requires that procedural rules be consistent with bankruptcy law as contained in titles 11 and 28 of the United States Code. In the event of inconsistency between the statute and the rules, the statute controls." 9 <u>Collier on Bankruptcy</u> ¶ 1001.01 (16th Ed. 2024).[3] When a statute is clear – in this case the Bankruptcy Code contains no authority for bankruptcy courts to extend statutes of limitations – "forsaking the plain meaning of a provision of the Bankruptcy Code solely because that meaning conflicts with a bankruptcy rule

---

[3] The Trustee's motion affects substantive rights. *See* ECF No. 26 at 7 (notice filed on docket of this proceeding stating "Your rights may be affected."); *see Gabelli v. SEC*, 568 U.S. 442, 448 (2013) (emphasizing "the basic policies of all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities" and noting that "[w]e have deemed them vital to the welfare of society" (internal quotation marks omitted)).

{00374753.1}                                                4

would run afoul of 28 U.S.C. § 2075." *Term Loan Holder Comm. v. Ozer Grp., L.L.C. (In re The Caldor Corp.)*, 303 F.3d 161, 170 (2d Cir. 2002) (concerning the right to intervene and interpreting Bankruptcy Code § 1109(b) and Fed. R. Civ. P. 24 and holding a court rule cannot override a clear statute); s*ee also Law v. Siegal*, 571 U.S. 415, 424-25 (2014) (no general equitable bankruptcy power to deny statutorily created bankruptcy exemptions based on alleged bad faith conduct).

Without the ability to reference a statute authorizing him to obtain an extension of a statute of limitations, the Trustee's motion must be denied. Like the plan proponent in *Purdue*, the Trustee seeks to use a generalized "catchall" rule. Here, Fed. R. Bankr. P. 9006(b) is a general rule providing for enlargement of time, for cause, for anything not specifically prohibited by Fed. R. Bankr. P. 9006(c) or (d). The only statute subsection (b) references is 11 U.S.C. § 1116(3) (related to small business cases). If Congress wanted courts to be able to extend statutes of limitations, Congress would have granted that power. Nothing in the Bankruptcy Code, or anywhere else in the United States Code, affords courts the power to extend the statute of limitations set forth in Bankruptcy Code § 546(a). Applying *Purdue*, the "catchall" of Fed. R. Bankr. P. 9006(b) does not afford authority for a bankruptcy court to override Bankruptcy Code § 546, which contains a specific statute of limitation. Stated differently, the Trustee asks the Court to do precisely what the Supreme Court said was impossible.

Second, a Bankruptcy Rule cannot provide authority for a court to change a statute. 28 U.S.C. § 2075, which authorized the Supreme Court to promulgate the Bankruptcy Rules, specifically states: "[s]uch rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075 is clear:

> Because Bankruptcy Rule 9006(a) does not extend or limit the jurisdiction of the bankruptcy courts, *see* 28 U.S.C. § 2075, it does not alter our conclusion that a complaint must be filed within two years from the date of the trustee's appointment. The two-year

> limitations period begins to run on the date of the trustee's appointment and expires twenty-four months later, irrespective of whether the last day falls on a Saturday, Sunday, or holiday. Like the Federal Rules of Civil Procedure, the Bankruptcy Rules govern procedural matters after a proceeding has been timely commenced. Jurisdiction must arise from section 546(a) without reference to Bankruptcy Rule 9006(a).

*In re Butcher*, 829 F.2d 596, 600-01 (6th Cir. 1987). Thus, to invoke Fed. R. Bankr. P. 9006, the Trustee would first have to commence an action.[4] *In re Cramer*, 636 B.R. 830, 833 (Bankr. C.D. Cal. 2022) (rejecting the *IBT* ruling and holding: "this approach deprives future defendants of constitutional due process of law because they receive no notice of the relief in advance and no opportunity to contest whether or not equitable tolling is warranted."); *In re Randolph Hosp., Inc.*, 2022 Bankr. LEXIS 3712, at *4 (Bankr. M.D.N.C. Apr. 25, 2022) (no prospective tolling of § 546 statute of limitations).

The term "substantive rights," does not mean a distinction between a "procedural" and "substantive" matter as in a choice-of-law analysis. In *Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.*, 391 F.3d 401, 409 (2d Cir. 2004), as amended (Jan. 7, 2005), the Second Circuit addressed this issue holding: "[b]ecause in different contexts, a statute of limitations may fairly be described as either procedural or substantive, we decline plaintiffs' invitation to designate all statutes of limitations 'procedural' and thereby hold that any revised statute of limitations shall have retroactive effect unless Congress has clearly indicated otherwise." Therefore, the Second Circuit refused to revive a lawsuit under the Sarbanes-Oxley Act: "in the

---

[4] The *Butcher* Court applied the statute of limitations in Bankruptcy Code § 546(a) as it was drafted in 1982. In 1994, Bankruptcy Code § 546(a) was amended to provide that its statute of limitation requires that an action be commenced by the later of (a) two-years of the entry of an order for relief (in this case, the day the voluntary petition was filed by the Debtor) or (b) one-year from the appointment of a trustee, if appointed within with two-years of case commencement. There is no dispute that the two-year period described in Bankruptcy Code § 546(a) expired on February 15, 2024. Regardless, the analysis undertaken by the Sixth Circuit is correct: Bankruptcy Rule 9006(a) cannot be used to extend the statute of limitations in Bankruptcy Code § 546(a).

absence of clear congressional intent favoring such a result, we decline to apply Section 804 of Sarbanes-Oxley retroactively to revive plaintiffs' stale securities fraud claims."

In its prior Ruling, the Court rejected arguments that the Rules Enabling Act, 28 U.S.C. § 2075, and Fed. R. Civ. P. 6 preclude the Trustee's relief holding that until a Title 11 case is filed, no rights under the Bankruptcy Code exist: "[u]nless an order for relief enters in a bankruptcy case, which orders have been entered in each of these jointly administered Chapter 11 cases, these sections have no effect. 11 U.S.C. §§ 108(a), 546(a), 549(d). Similarly, adversary proceedings depend upon a related bankruptcy case existing." Ruling at 11. However, the Court's Ruling pre-dated *Purdue*. Given the clear holding in *Purdue*, it cannot be that bankruptcy courts can override statutorily prescribed time frames, when the Bankruptcy Code does not affirmatively authorize such action. As nothing in the Bankruptcy Code confers such power on the courts, the Trustee's request must fail.

Moreover, many other courts have held as G Club argues. *In re Fox*, 370 B.R. 639, 645 (Bankr. D.N.J. 2007) ("Rules do not create substantive law. The fact that Interim Rule 1007(b)(4) indicates that it applies to debtors 'in' a chapter 7 case does not enhance the position of the UST. This Court will not apply the words of a rule to contradict and supercede the unambiguous words of a statute. To do such would violate principles of federalism…."); *In re Moore*, 359 B.R. 665, 675 (Bankr. E.D. Tenn. 2006) ("Application of Rule 9006(a) to § 109(h)(1), thereby eliminating the day the credit counseling briefing is obtained as a day on which one can file for bankruptcy relief, would impermissibly abridge an individual's substantive right to file bankruptcy, in derogation of 28 U.S.C. § 2075."); *Duran v. Amercredit Fin. (In re Duran)*, 2005 U.S. Dist. LEXIS 44925, at *7 (D. Colo. Nov. 1, 2005) ("Bankruptcy Rule 4001(a)(3) properly cannot be read to stay the termination of an automatic stay beyond the thirty day stay duration mandated by

§ 362(e)."), *aff'd Duran v. Americredit Fin. Servs. (In re Duran)*, 483 F.3d 653, 654 (10th Cir. 2007); *In re Barnes*, 308 B.R. 77, (Bankr. D. Colo. 2004) ("As noted above, this Court believes the language in 11 U.S.C. § 1121(e) is plain and clear in its prohibition of extending the 160-day plan filing deadline when a debtor makes the small business election. The Court therefore cannot use its broad 11 U.S.C. § 105 powers to contravene that deadline." The court also declined to use Fed. R. Bankr. P. 9006(b) to extend the deadline holding: "Bankruptcy Rules cannot override substantive provisions provided in the Bankruptcy Code and "any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *E.g., In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir. 1994).").

Previously, the Court also disagreed with Judge Tancredi's decision in *Walnut Hill*, which held: "Rule 9006(b) only applies to deadlines set by these rules or by a notice given thereunder[,][sic] or by order of court. Nowhere in the Rule does it mention statutory deadlines." 2018 Bankr. LEXIS 1589, at *2. Judge Tancredi reviewed precedent on this topic and drew from, among others, Judge Krechevsky's holding in *In re Damach, Inc.,* 235 B.R. 727, 731 (Bankr. D. Conn. 1999), which similarly ruled that Fed. R. Bankr. P. 9006 does not serve as authority to extend statutes of limitations prospectively. Following 28 U.S.C. § 2075, Judge Tancredi explained that "Congress has dictated that the Bankruptcy Rules shall not abridge, enlarge, or modify any substantive right. Where the Rules and Code are inconsistent, the statutory Code controls." *Walnut Hill,* Bankr. 2018 Bankr. LEXIS 1589, at *2 (cleaned up). *See* Ruling at 13-14 (distinguishing *Walnut Hill*, *Cramer*, *Randolph Hospit.* and other cases supporting the objectors' positions).

It is respectfully submitted that given the Supreme Court's ruling in *Purdue*, the Trustee's prior reliance on *IBT* and *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 788 (Bankr.

M.D. Fla. 2013), can longer continue. In *IBT*, the Eleventh Circuit *did not* analyze the Fed. R. Bankr. P. 9006 issue: "[w]hile we think a bankruptcy court has the discretion to extend the filing period for an adversary proceeding, that resolution is only the tip of the iceberg." *Id.* at 699. This statement does not cite any supporting statute or case. In fact, Fed. R. Bankr. P. 9006 is referenced only *four times* in the decision, 28 U.S.C. § 2075 is *not* cited, and there is no discussion concerning the interplay between the Bankruptcy Rules and the Bankruptcy Code. In *Fundamental Long Term Care* the parties appear to have assumed Fed. R. Bankr. P. 9006 could provide authority to extend a statute of limitation to bring an avoidance action, obviating any need for the court to opine on the issue. 501 B.R. at 788.

Again, *Purdue* is clear: unless the Bankruptcy Code allows a remedy and provides specific limits on rights, bankruptcy courts cannot use the absence of a specific prohibitions as a "gap filler" to enter extra-statutory relief. Bankruptcy Code § 546 contains a specific two-year statute of limitation; nothing affords bankruptcy courts the ability prospectively extend it. *Purdue* prohibits the use of a "catchall" provision, such as Fed. R. Civ. P. 9006(b), as authority to grant an extension of time. Consequently, the Court should deny the Second Extension Motion.

### C. Reservation of Rights to Cross Examine and Challenge the Trustee's Evidence

As set forth above, the law does not permit a prospective general extension, regardless of the facts. But even if it did, under the standard applied by this Court in the Ruling, the Second Extension Motion fails to present facts that meet that standard's requirement of specific and extraordinary facts. Thus, in the event the Court rejects the above legal arguments, G Club reserves the right to cross-examine witnesses and otherwise challenge any evidence offered by the Trustee concerning a showing of "good cause" for the requested extension. Ruling at 20.

Within his Second Extension Motion, the Trustee has not offered facts that meet the

standards for a new extension under the Ruling. Most specifically, the Trustee has not identified anything new since February 2024 that has undermined his ability to complete his investigation, other than receiving more information and Mr. Kwok's criminal trial. Second Extension Motion at 12-18, ¶¶ 13-18. Based on the proffer by the Trustee, "more of the same" does not meet the high bar required for a further extension: "The Court determines that on the very specific and extraordinary facts and circumstances of these jointly administered Chapter 11 cases, cause exists to extend the statutes of limitation." Ruling at 12-13. It cannot be that the same alleged facts are repeatedly "extraordinary," which means: "going beyond what is usual, regular, or customary." Merriam-Webster Dictionary, available at: https://www.merriamwebster.com/dictionary/extraordinary (visited Aug. 6, 2024).

In addition, most of the facts set forth in the motion relate to matters that pre-dated the Ruling (and, thus, were cured by the Ruling's grant of the Trustee's requested relief), pending cases (which have no bearing on any need for a prospective extension of the statute of limitations, since those cases have already been filed), or self-inflicted delays. Thus, for example, the Trustee heavily relies on the stay *the Trustee sought* of matters that might affect the criminal case. The stay was not imposed on the Trustee over his objection, and he repeatedly has stated that it was not necessary. Moreover, the pendency of the criminal case, and the likelihood that the Trustee's wide-ranging Rule 2004 and discovery efforts might involve the same witnesses in the criminal case are facts that were well-known to the Trustee when he requested until August 15, 2024, to file actions. Those same facts, or the Trustee's decision to stay his own efforts (some before and others a mere five weeks after obtaining his requested extension of the statute of limitations) do not present the extraordinary facts that this Court stated justified extending the time to August 15, 2024. The request for an extension beyond August 15, 2024, should be denied.

**D.    The Trustee's Reservation of Rights as to Equitable Tolling**

The Trustee does not seek to prospectively extend the time to file avoidance actions pursuant to a claim of equitable tolling. Second Extension Motion at 22, ¶ 35; Ruling at 21 (denying prospective extension of statute of limitations based on equitable tolling). G Club reserves all rights accordingly.

**E.    G Club Reserves All Rights as to its Appeal**

Presently, G Club's opening brief in the Appeal is due August 28, 2024. G Club reserves all rights to prosecute said Appeal. Nothing herein constitutes a waiver of any of G Club's rights in the Appeal. G Club further incorporates by reference all arguments made in its First Extension Objection into this Objection.[5]

**IV.    CONCLUSION**

For the foregoing reasons, the Court should deny the Second Extension Motion.

G CLUB OPERATION, LLC

By: */s/ Jeffrey M. Sklarz*
   Jeffrey M. Sklarz (ct20938)
   Kellianne Baranowsky (ct26684)
   GREEN & SKLARZ LLC
   One Audubon St, 3rd Floor
   New Haven, CT 06511
   (203) 285-8545
   jsklarz@gs-lawfirm.com
   kbaranowsky@gs-lawfirm.com

---

[5] G Club has not restated arguments concerning the Court's authority to enter a final ruling in this case under *Stern*. First Extension Motion at 3-4. That issue is not impacted by *Purdue* and the issue is preserved for appeal.

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF. Parties may access this filing through the Court's CM/ECF system.

Date:  August 6, 2024                                              /s/ Jeffrey M. Sklarz