## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>   HO WAN KWOK, *et al.*,<br><br>                              Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

### NOTICE OF FILING OF META PLATFORMS, INC.'S OBJECTION TO EXTENSION OF DEADLINE TO FILE AVOIDANCE ACTIONS

Meta Platforms, Inc. ("Meta") files this notice of filing of its objection to the *Motion of Chapter 11 Trustee to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions* in Adv. Proc. No. 24-05117. A true and correct copy of Meta's objection is attached.

| | |
|---|---|
| Dated:  August 6, 2024<br>         New York, New York | */s/ George Angelich*<br>George Angelich (ct27542)<br>Eric Roman (admitted *pro hac vice*)<br>Patrick Feeney (admitted *pro hac vice*)<br>ArentFox Schiff LLP<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019<br>T: 212.457.5423<br>E: george.angelich@afslaw.com<br>   eric.roman@afslaw.com<br>   patrick.feeney@afslaw.com<br><br>- and -<br><br>Jin Yan (admitted *pro hac vice*)<br>ArentFox Schiff LLP<br>1717 K St. NW<br>Washington, DC 20006<br>T: 202.778.6442<br>E: jin.yan@afslaw.com<br><br>*Counsel for Meta Platforms, Inc.* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>    HO WAN KWOK, *et al.*,<br><br>                     Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>                     Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>                     Defendant. | Adv. Proc. No. 24-05117 |

**META PLATFORMS, INC.'S OBJECTION TO**
**EXTENSION OF DEADLINE TO FILE AVOIDANCE ACTIONS**

Meta Platforms, Inc. ("Meta") objects to the motion of Luc A. Despins, as Chapter 11 trustee (the "Trustee") to further extend the August 15, 2024 deadline to file avoidance actions and states as follows:

    1.    Meta is already a defendant in the above-captioned adversary proceeding, in which the Trustee seeks to avoid and recover purported fraudulent transfers made by a non-debtor to Meta. ECF No. 1. Meta has moved to dismiss the Trustee's complaint. *Id.*, ECF No. 18.

    2.    To the extent the Trustee may seek to bring additional actions or claims against Meta that would be time-barred but for for an extension of the August 15, 2024 deadline, Meta

objects to the extension of that deadline.[1]  Meta's objection is also prompted by the Trustee's proposed order, which asks the Court to order "that any party that has received notice, whether actual or constructive, of the Motion and did not object to the Motion has waived its right to assert a limitations period defense if ultimately named in an action that is timely brought under the terms of this Order[.]"  ECF No. 25, Ex. 1.

3. The Court cannot extend the applicable statutes of limitations under Fed. R. Bankr. P. 9006(b) because by its terms, that rule apply applies to deadlines set by "these rules or by a notice given thereunder or by order of court."[2]  *In re Walnut Hill*, No. 16-20960 (JJT), 2018 WL 2672242, at *1 (Bankr. D. Conn. June 1, 2018); *In re Tubular Techs., LLC*, 438 B.R. 699, 710-11 (Bankr. D.S.C. 2006); *In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D. Conn. 1999); *see also* Fed. R. Bankr. P. 1001 (defining "rules" as the Federal Rules of Bankruptcy Procedure); *U.S. ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 97 (2d Cir. 2008) ("When interpreting a rule of procedure, we review the text for its 'plain meaning.'") (citation omitted).  Indeed, Rule 9006(b) is patterned after on Fed. R. Civ. P. 6(b), *see* Advisory Committee Notes, and "[e]very court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute." *Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365, 369 (D.C. Cir. 2011) (citing cases).

4. But even assuming Rule 9006(b) authorizes what the Trustee requests, as the Court also recognized, fairness to defendants is an animating concern.  Memorandum Order at 13.  Here,

---

[1] Meta also reserves the right to challenge any claims brought by the Trustee that would be untimely but for the extension of the original February 15, 2024 deadline.

[2] Meta recognizes that the Court held otherwise in its prior Memorandum Order granting the Trustee an extension.  Case No. 22-50073, ECF No. 2921.  However, Meta was never served with the Trustee's prior extension motion and had no opportunity to raise this argument, which it now does for purposes of preserving its rights.

2

Meta has already incurred costs to defend against the Trustee's existing claims. The Trustee's complaint against Meta was filed before the original February 15, 2024 deadline to commence avoidance actions expired, and since getting an extension, the Trustee has not moved to amend to add new claims against Meta. Meta should not have to incur additional cost in any further litigation brought by the Trustee. Meta has not caused any delay in the Trustee's being able to timely file additional avoidance actions, and Meta should not be prejudiced by others' delays. The Trustee has already received a six-month extension. He should not get another six months, particularly where his motion is vague as to actions he plans to take to ensure that he will not need yet another extension if this one is granted.

5. The Trustee has already tried to stack the deck against Meta and other adversary defendants through stretch legal theories and unorthodox procedural maneuvers, including the following:

- The Trustee is bringing claims belonging to non-debtors without having substantively consolidated them with the Debtor. He is prosecuting those claims as a result of alter ego rulings in other cases, which rulings do not substitute for substantive consolidation and which are not binding on any adversary defendant that not a party to those cases. In some cases, portions of the Trustee's claims are unripe and stayed pending ruling on whether certain non-debtor transferors are alter egos.

- The Trustee has withheld information concerning the very transfers he challenges and conditioned an adversary defendant's receipt of that basic information on that defendant's agreeing to be bound by a protective order entered in the Debtor's main bankruptcy case. It appears that the reason such information is subject to the protective order is because that information was obtained from third party financial institutions, and that information (along with the claims derived from that information) belongs to non-debtors. The Trustee has made no motion to unseal or otherwise redact only truly confidential information such as bank account details, not basic information concerning the amounts and dates of transfers.

- The Trustee has implemented a mandatory mediation program that shuttles adversary defendants into mediation while staying challenges to the sufficiency of the Trustee's allegations, thus compelling defendants to mediate, and potentially to settle, facially invalid claims. While mediation

3

is ordinarily voluntary, the Trustee has forced defendants to affirmatively opt out of it.

6.  The Trustee ought not be allowed to further stack the deck by getting more time to tack on additional claims against Meta. Thus, to the extent the Court is inclined to extend the Trustee's August 15, 2024 deadline to file avoidance actions, any additional actions or claims against Meta should be carved out from that extension.

7.  Meta reserves all rights, defenses, and remedies.

WHEREFORE, Meta respectfully requests that the Court deny the Trustee's motion to extend the August 15, 2024 deadline to file avoidance actions, at least as it applies to any actions or claims against Meta, and grant Meta such other and further relief as the Court deems appropriate.

Dated: August 6, 2024
New York, New York

*/s/ George Angelich*
George Angelich (ct27542)
Eric Roman (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
T: 212.457.5423
E: george.angelich@afslaw.com
   eric.roman@afslaw.com
   patrick.feeney@afslaw.com

- and -

Jin Yan (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K St. NW
Washington, DC 20006
T: 202.778.6442
E: jin.yan@afslaw.com

*Counsel for Meta Platforms, Inc.*

4

## **CERTIFICATE OF SERVICE**

I certify that on August 6, 2024, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

Dated: New York, New York
       August 6, 2024

*/s/ George Angelich*
George Angelich