**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x

                     :

In re:                    :     Chapter 11

                    :

HO WAN KWOK, *et al.*,[1]    :     Case No. 22-50073 (JAM)

                    :

         Debtors.      :     (Jointly Administered)

                    :

-------------------------------------------------------x

**AMENDED EMERGENCY MOTION OF
CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTION 363(b),
FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO FUND EXPENSES OF
MAHWAH MANSION AND FOR RELATED RELIEF**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to section

363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's *Memorandum

of Decision and Order Granting in Part Motion for Preliminary Injunction* [Adv. ECF No. 47][2]

(as modified, the "PI Order") entered in *Despins v. Taurus Fund LLC*, et al. [Adv. Proc. No. 23-

05017] (the "Adversary Proceeding"), hereby respectfully submits this amended motion (the

"Amended Motion") on an emergency basis for entry of an order, substantially in the form of the

Proposed Order attached hereto as **Exhibit 1** (the "Proposed Order"), authorizing the Trustee to

pay the reasonable and necessary expenses of the Mahwah Mansion in order to preserve the value

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    "Adv. ECF No." refers to documents filed in the Adversary Proceeding.

of this asset for the benefit of the Debtor's chapter 11 estate (the "Estate").[3]  In support of the

Motion, the Trustee respectfully states the following:

## BACKGROUND

### A. Adversary Proceeding

1.      The Mahwah Mansion is one of the largest mansions in the United States, a 21-bedroom, 50,000 square foot, castle-styled private residence with 12.5-acre grounds located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430.  The Debtor purchased the Mahwah Mansion through Taurus Fund LLC ("Taurus Fund") in December 2021 for $26.5 million for his personal and family use—employing Taurus Fund and associates to conceal his ownership of the property.

2.      On July 11, 2024, the Trustee commenced the Adversary Proceeding by filing his *Complaint* [Adv. ECF No. 1] (the "Complaint") against Taurus Fund, and Scott Barnett and Taurus Management LLC as trustees of Taurus Fund (together with Taurus Fund, collectively, the "Defendants"), seeking (a) a declaratory judgment that: (i) the Debtor is the equitable owner of the Mahwah Mansion; (ii) the Debtor is the equitable owner of Taurus Fund; and (iii) Taurus Fund is the alter ego of the Debtor; and (b) on these respective bases, an order under 11 U.S.C. §§ 541, 542, and 544 requiring turnover to the Estate and delivery to the Trustee of: (i) the Mahwah Mansion and all fixtures and personal property inside the Mahwah Mansion; (ii) any membership interest or other ownership interest in Taurus Fund; and (iii) all Taurus Fund's assets.

3.      Together with the Complaint, the Trustee filed his Ex Parte *Motion for Temporary Restraining Order and Preliminary Injunction* [Adv. ECF No. 4] (the "PI Motion").

4.      On August 1, 2023, the Court entered its *Order Granting in Part* Ex Parte *Motion for Temporary Restraining Order* [Adv. ECF No. 17] (the "TRO") and, pursuant thereto, on

---

[3]      Capitalized terms not expressly defined herein adopt the definitions set forth in the PI Order.

August 14, 2023 held a hearing on the PI Motion, including evidence and argument from the Trustee and the corporate Defendants.

5.      On August 24, 2023, the Court entered its PI Order.  The PI Order determined, among other things, that it is more likely than not that: (a) the Debtor is the beneficial owner of and controls the Mahwah Mansion (PI Order at p. 16); and (b) Taurus Fund is the Debtor's alter ego and/or is beneficially owned and controlled by the Debtor (*id.* at p. 20).  The PI Order further determined "the Mahwah Mansion is being made available to myriad individuals who are members of entities other than Taurus Fund" (*id.* at p. 10), and that:

> absent a preliminary injunction, Taurus Funds' assets are likely to be damaged and/or dissipated by the Defendants and/or the NFSC, the Whistleblower Movement, and/or the Himalaya "farms" and/or other parties affiliated with the Individual Debtor's interests. Damage to the Mahwah Mansion is particularly concerning given that, as established by Exhibit 10, it is on the National Register of Historic Places and must be maintained and repaired according to applicable standards.

(*Id.* at p. 11.)

6.      In order to preserve the value of the Mahwah Mansion, the PI Order provided, among other things, that access to the Mahwah Mansion shall be restricted and that the Defendants "shall employ [Security Services] for the Mahwah Mansion," which Security Services must:

> (i) log all persons entering and exiting grounds, interior, and all property of the Mahwah Mansion; (ii) supervise visitors to the grounds, interior, and all property of the Mahwah Mansion; (iii) secure and safeguard any and all assets or property of Taurus Fund, including the Mahwah Mansion, and/or any and all any and all personalty and/or fixtures in, on, or at the Mahwah Mansion; and (iv) notify the Defendants and the Trustee of any damage or dissipation of any assets or property of Taurus Fund, including the Mahwah Mansion, and/or any personalty and/or fixtures in, on, or at the Mahwah Mansion

(*Id.* at p. 24.)

7.      The PI Order required that on or before 4 p.m. on August 28, 2023, the Defendants file proof of insurance for (i) all assets and property of Taurus Fund, including the Mahwah

Mansion; and (ii) all personalty and/or fixtured in, on, or at the Mahwah Mansion" ("Proof of Insurance") (*id.* at p. 47).

8.      The Defendants failed to file Proof of Insurance by the deadline set by the Court, nor have the Defendants filed any Proof of Insurance since that time.  The Trustee understands that the Mahwah Mansion and its contents remain uninsured, which makes the Security Services particularly critical to preserve the value of this property.

9.      On August 31, 2023, in light of the Defendants' failure to insure the property, the Court entered its *Order Granting Emergency Motion to Modify Preliminary Injunction* [Adv. ECF No. 58] (the "PI Mod. Order"), restricting access to the Mahwah Mansion solely to:

> (a) the Security Services; (b) the Trustee and his representatives and/or professionals; (c) the United States Department of Justice and its employees and representatives; (d) the FBI and its employees and representatives; (e) other federal, New Jersey state, or Mahwah municipal law enforcement agencies and their employees and representatives; (f) any other persons expressly authorized by the Trustee in writing (which can include email); and (g) any other person expressly authorized by the United States District Court for the Southern District for New York or this Court

(PI Mod. Order at pp. 2-3.)

10.     The PI Order (as modified by the PI Mod. Order) remains in full force and effect.

**B.  Settlement Agreement with Government and Debtor's Criminal Trial**

11.     The United States of America (the "Government") in its criminal case against the Debtor [Case No. 1:23-cr-00118-AT] (the "Criminal Case") in the U.S. District Court for the Southern District of New York has asserted forfeiture claims, including with respect to the Mahwah Mansion.  To avoid risk to the Estate based on the outcome of forfeiture proceedings as to the resources expended prosecuting the Adversary Proceeding and preserving the value of the Mahwah Mansion, the Trustee entered into the *Stipulation Between Chapter 11 Trustee and United States of America* (the "Settlement Agreement") with the Government, which the Court has

authorized and approved in the Chapter 11 Case pursuant to Bankruptcy Rule 9019. *See Order Approving, Pursuant to Bankruptcy Rule 9019, Motion of Chapter 11 Trustee Regarding Settlement with United States of America* [ECF No. 2849] (the "Settlement Order").[4]

12.     The Settlement Agreement provides, among other things, for any "expenses to ensure safekeeping and custody of the [Mahwah Mansion] (including security service at or around the premises)" incurred by the Estate to be paid from the proceeds of the eventual sale of the Mahwah Mansion.  (Settlement Agreement at ¶¶ 2, 3.)

13.     On July 16, 2024, following the trial (the "Criminal Trial") in the Debtor's Criminal Case, the Debtor was convicted of nine felony counts, *i.e.*, racketeering conspiracy, conspiracy to commit wire fraud and bank fraud, money laundering conspiracy, conspiracy to commit securities fraud, wire fraud in connection with the Farm Loan Program, securities fraud in connection with the Farm Loan program, wire fraud in connection with G|CLUBS, securities fraud in connection with G|CLUBS, and wire fraud in connection with the Himalaya Exchange.

14.     During the Criminal Trial, the Government offered extensive evidence that the Debtor funded the purchase and renovation of the Mahwah Mansion for himself and his family. In addition, Defendant Scott Barnett testified, among other things, that he had accepted the role of managing member of Taurus Fund without knowing what Taurus Fund was or what his position entailed, thinking "they just meant [for Mr. Barnett] to manage the property and install the security services."  (*See* Criminal Trial Transcript, July 8, 2024, at 5514:5-16, a true and accurate copy of which is attached hereto as **Exhibit 2**.)  Mr. Barnett further testified that he became managing member of the Taurus Fund after Aaron Mitchell (the Debtor's personal attorney) asked him to sign some paperwork.  Mr. Barnett did not understand what he was signing, and when he later

---

[4]     The Settlement Agreement is appended to the Settlement Order.

realized "[t]hey put me down as the owner of it [it] took me a little bit by surprise …"  (*See* Ex. 2 at 5515:5-12, 5516:4-15.)[5]

C.  **Defendants Violate PI Order By Refusing to Fund Security Services**

15.      On the evening of Sunday, July 28, 2024, a representative of Taurus Fund contacted the manager of the Security Services via email erroneously stating that, because of the verdict following the Debtor's Criminal Trial, the "Mahwah Mansion belong[s] to the Gover[n]ment" and further stating that "[s]ince July 29, 2024, the security service costs can [n]o longer be paid."[6]  This violated the PI Order, which requires the Defendants to employ the Security Services.

16.      As discussed at a status conference held in the Adversary Proceeding on July 30, 2024, the Trustee has assured payment of the Security Services and other necessary expenses of the Mahwah Mansion to preserve the value of this asset while the Trustee addresses the Defendants' violation of the PI Order with the Court.  Following this status conference, at which the Defendants' counsel offered no explanation for the email by Taurus Fund's representative and could not assure that the Defendants would fund the Security Services or other expenses (including real estate taxes) of the Mahwah Mansion going forward, the Court ordered:

> [A]t or before 5:00 p.m. on August 1, 2024, the Defendant shall file on the docket of this adversary proceeding a Statement regarding whether the Defendant will continue to comply with existing orders entered in this adversary proceeding including, but not limited to, paying all expenses of the Defendant due and owing to Hawk Eye Security and all real estate taxes due and owing, including those due and owing on August 1, 2024. The Statement shall include the name, home and business addresses, and position of the individual who holds the authority to decide whether the Defendant will continue to comply with existing orders entered in this adversary proceeding and pay all expenses of the Defendant.

---

[5]      In the PI Order, the Court found that Taurus Fund's Articles of Organization had listed its managers and/or managing members as Taurus Management and Mr. Barnett and that Mr. Barnett had signed the articles as "Manager" or "Member." (PI Order at p. 19.)  The Court further found that Mr. Barnett "is or was the … Debtor's chauffeur and bodyguard."  (*Id.* at p. 20.)  Mr. Barnett failed to appear at the PI Hearing personally or through counsel.  (*Id.* at p. 4.)

[6]      A true and accurate copy of this email is attached hereto as **Exhibit 3**.

Docket Entry Order [Adv. ECF No. 108] (July 30, 2024) (the "Disclosure Order").

17.    On August 1, the Defendants' counsel filed the *Fourth Amended Response re: Preliminary Injunction* [Adv. ECF No. 109] (the "Response"), which states that the Defendant (*i.e.*, Taurus Fund) will not pay for the Security Services or real estate taxes for the Mahwah Mansion, because Taurus Fund purportedly does not have funds to make such payments. (Response at p. 3.)

18.    At this time, the cost of the Security Services is approximately $14,200 per week and the cost of the real estate taxes for the Mahwah Mansion is approximately $70,000 per quarter. It is expected that utilities will cost at a minimum several thousand dollars per month.

## INITIAL MOTION

19.    On August 5, 2024, the Trustee filed his *(I) Reply to Defendants' Fourth Amended Response re: Preliminary Injunction and (II) Emergency Motion Pursuant to Sections 363(b) and 105(a) of Bankruptcy Code to Approve Estate Funding to Maintain Mahwah Mansion* [Adv. ECF No. 113] (the "Initial Motion").  The Initial Motion discussed why the Response does not comply with the Disclosure Order and the excuses in the Response are not credible, and the Initial Motion further requested the Court to approve the Trustee's funding of the expenses of the Mahwah Mansion while the Trustee addresses the Defendants' conduct with the Court.  This Amended Motion supplements and amends the Initial Motion.

## RELIEF REQUESTED

20.    The Trustee respectfully requests that the Court enter an order authorizing the Trustee to fund the reasonable and necessary expenses of the Mahwah Mansion, including, without limitation, payment of the Security Services, the utilities, and any real estate taxes owing with

respect to the property (the "Mahwah Expenses"), up to the maximum amount of three hundred thousand dollars until further order of the Court ($300,000.00) (the "Expenses Cap").

21.     The Trustee further requests that the Court order that, to the extent that the outcome of the Adversary Proceeding does not result in the entry of a judgment confirming that the Mahwah Mansion is property of the Estate (because it is beneficially owned by the Debtor and/or because Taurus Fund is the Debtor's alter ego), the Trustee (for the benefit of the Estate) shall then have a claim against Taurus Fund in the amount of the Mahwah Expenses advanced by the Estate secured by the value of the Mahwah Mansion.

## BASIS FOR RELIEF

22.     The Trustee requests that the Court authorize and approve the Motion pursuant to section 363(b) of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  Under section 363(b) of the Bankruptcy Code, courts require only that the trustee "show a sound business purpose justifies such actions." *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

23.     In addition, a chapter 11 trustee has a "statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung*

*Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)). Following a hearing and the presentation of evidence, the Court concluded in the PI Order, among other things, that: (a) "it is more likely than not that the … Debtor is the beneficial owner of and controls the Mahwah Mansion" (PI Order at p. 16); and (b) "Taurus Fund is more likely than not the … Debtor's *alter ego* and/or beneficially owned and controlled by the" Debtor (*id.* at p. 20). This reflects that the Mahwah Mansion is property of the Estate and the Trustee is obligated to preserve its value for the benefit of creditors. To that end, the Trustee has determined, in his business judgment, to fund the Mahwah Expenses while he prosecutes the Adversary Proceeding to judgment.

24.    The Mahwah Mansion—which the Debtor purchased for $26.5 million—is one of the Estate's most valuable assets. It is essential that the Security Services remain engaged to protect the Mahwah Mansion from hazards, particularly in light of the facts that: (a) the value of the Mahwah Mansion is not insured against loss, (b) the location of the Mahwah Mansion is well known to the Debtor's followers (who frequented the property prior to entry of the PI Order), (c) the Mahwah Mansion contains valuable fixtures and personal property, and (d) the Debtor has apparently given up hope of ever recovering the Mahwah Mansion following his criminal conviction (as evidenced by, *e.g.*, the termination of funding for the Security Services).

25.    The Trustee intends to prosecute the Adversary Proceeding expeditiously, including by moving for summary judgment on an expedited basis—based on, among other things, evidence in the criminal trial that overwhelmingly establishes that the Debtor purchased, owns, and controls the Mahwah Mansion. Accordingly, the Trustee expects that any Mahwah Expenses for which the Estate advances funds will be more than satisfied by the proceeds of the eventual sale of the Mahwah Mansion. The Trustee's Settlement Agreement with the Government also

protects the Estate's interest in repayment of such investment irrespective of the outcome of forfeiture proceedings with respect to the Mahwah Mansion.

26.     The Court should also order that, if the outcome of the Adversary Proceeding does not result in entry of a judgment confirming that the Mahwah Mansion is property of the Estate, the Trustee (for the benefit of the Estate) shall then have a claim against Taurus Fund in the amount of the Mahwah Expenses advanced by the Estate secured by the value of the Mahwah Mansion. Under such circumstances, the Trustee submits that the Estate's payment of the Mahwah Expenses would constitute a benefit unjustly obtained by Taurus Fund by its failure to comply with the PI Order, and the Trustee should be entitled to recoup the value of the benefit. *See, e.g., Jonas v. Bros. Pool Enter., Inc.*, 638 F. Supp. 3d 193, 202 (D. Conn. 2022) ("The right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff.").

27.     For all these reasons, the Trustee submits that the relief sought in this Motion is in the best interest of the Debtor's estate and should be granted.

## NO PRIOR REQUEST

28.     The Trustee has not previously sought the relief requested herein from this or any other court.

## REQUEST TO LIMIT NOTICE AND EXPEDITE CONSIDERATION

29.     Pursuant to Bankruptcy Rule 2002(a)(2), the Trustee requests that the Court limit notice of this Amended Motion to (a) the Defendants in the Adversary Proceeding, (b) the Debtor, (c) the Official Committee of Unsecured Creditors, (d) the United States Trustee, and (e) all parties appearing in the Chapter 11 Case eligible to receive electronic notice (collectively, the "Notice

Parties").[7]  The Trustee submits that limiting notice to these Notice Parties is appropriate in light of the nature of the relief sought by this Motion, the large number of creditors in this Chapter 11 Case (some of whom live overseas) and the time and expense that would be incurred in attempting to effect service on same, and the emergent circumstances of the requested relief.

30.    Pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c), the Trustee respectfully requests that the Court schedule a hearing to consider this Amended Motion for August 13, 2024, at 1 p.m., and direct the Trustee to serve a copy of this Motion and the Court's notice of hearing on the Notice Parties within twenty-four hours of the issuance of the notice of hearing.

## CONCLUSION

31.    For all these reasons, the Trustee submits that funding the Mahwah Expenses is a reasonable exercise of the Trustee's business judgment, and, accordingly, the relief requested in this Motion should be granted.

*[Remainder of page intentionally left blank.]*

---

[7]    Bankruptcy Rule 2002(a)(2) provides for twenty-one day notice to the debtor, the trustee, all creditors and indenture trustees by mail of a "proposed use … of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice."

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: August 7, 2024                LUC A. DESPINS, CHAPTER 11 TRUSTEE
     New Haven, Connecticut

                                         By: */s/ Patrick R. Linsey*
                                              Patrick R. Linsey (ct29437)
                                              NEUBERT, PEPE & MONTEITH, P.C.
                                              195 Church Street, 13th Floor
                                              New Haven, Connecticut 06510
                                              (203) 781-2847
                                              plinsey@npmlaw.com

                                                *and*

                                              Nicholas A. Bassett (admitted *pro hac vice*)
                                              PAUL HASTINGS LLP
                                              2050 M Street NW
                                              Washington, D.C., 20036
                                              (202) 551-1902
                                              nicholasbassett@paulhastings.com

                                                *and*

                                              Douglass Barron (admitted *pro hac vice*)
                                              PAUL HASTINGS LLP
                                              200 Park Avenue
                                              New York, New York 10166
                                              (212) 318-6690
                                              douglassbarron@paulhastings.com

                                              **Counsel for the Chapter 11 Trustee**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
-------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, et al.,¹                   :    Case No. 22-50073 (JAM)
                                        :
                Debtors.                :    (Jointly Administered)
                                        :
-------------------------------------------------------x
```

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date hereof, the foregoing, and all declarations, exhibits and attachments thereto, was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Dated:      August 7, 2024                By: */s/ Patrick R. Linsey*
            New Haven, Connecticut            Patrick R. Linsey (ct29437)
                                              NEUBERT, PEPE & MONTEITH, P.C.
                                              195 Church Street, 13th Floor
                                              New Haven, Connecticut 06510
                                              (203) 781-2847
                                              plinsey@npmlaw.com

                                              *Counsel for the Chapter 11 Trustee*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## EXHIBIT 1

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
--------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
HO WAN KWOK, et al.,[1]                 :    Case No. 22-50073 (JAM)
                                        :
              Debtors.                  :    (Jointly Administered)
                                        :
--------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING AMENDED EMERGENCY MOTION OF
CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTION 363(b),
FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO FUND MAINTENANCE OF
MAHWAH MANSION AND FOR RELATED RELIEF**

Upon the motion (the "Motion"),[2] filed Luc A. Despins, in his capacity as the chapter 11

trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),

requesting entry of an order, pursuant to section 363(b) of the Bankruptcy Code, authorizing the

Trustee to ; and the Court having found that (a) the Court has jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c)

venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the

Motion having been given; and no other or further notice being required and the Court having

found and determined that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and it appearing that the relief requested by the Motion, as modified

by the terms of this Order is in the best interest of the Debtors' estates and creditors; and upon all

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms not expressly defined herein adopt the definitions set forth in the Motion.

of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Trustee may use property of the Estate to fund the Mahwah Expenses up to the amount of the Expenses Cap.

3.      The Expenses Cap shall be subject to increase upon a motion filed by the Trustee with notice to the Notice Parties, which shall be heard upon seven days' notice subject to the schedule of the Court.

4.      If the Adversary Proceeding does not result in the entry of a judgment confirming that the Mahwah Mansion is property of the Estate (because it is beneficially owned by the Debtor and/or because Taurus Fund is the Debtor's alter ego), the Trustee (for the benefit of the Estate) shall then have a claim against Taurus Fund in the amount of the Mahwah Expenses advanced by the Estate secured by the value of the Mahwah Mansion (the "Secured Claim").  The trustee is authorized and empowered to take all actions necessary to perfect the Secured Claim, including, without limitation, by recording this Order and/or other documents on the land records for the Mahwah Mansion.

5.      For the avoidance of doubt, nothing in this Order shall relieve the Defendants of their obligations under the PI Order or the Disclosure Order, which remain in full force and effect.

6.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

2

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT 2**

**(Transcript of Mr. Barnett's Testimony from Criminal Trial)**

285

O78VGUO1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

             v.                      23 Cr. 118 (AT)

MILES GUO,

             Defendant.        Trial
------------------------------x

                                  New York, N.Y.
                                  July 8, 2024
                                  9:00 a.m.

Before:

                  HON. ANALISA TORRES,

                                  District Judge
                                  -and a Jury-

                      APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MICAH F. FERGENSON
     RYAN B. FINKEL
     JUSTIN HORTON
     JULIANA N. MURRAY
     Assistant United States Attorneys

SABRINA P. SHROFF
     Attorney for Defendant

PRYOR CASHMAN LLP
     Attorneys for Defendant
BY:  SIDHARDHA KAMARAJU
     MATTHEW BARKAN
     JOHN KILGARD

ALSTON & BIRD LLP
     Attorneys for Defendant
BY:  E. SCOTT SCHIRICK

O78VGUO1

1   Also Present:

2   Isabel Loftus, Paralegal Specialist, USAO
    Robert Stout, Special Agent, FBI
3   Jorge Salazar, Defense Paralegal
    Tuo Huang, Interpreter (Mandarin)
4   Shi Feng, Interpreter (Mandarin)
    Yu Mark Tang, Interpreter (Mandarin)
5   Barbara Robertson, Interpreter (Mandarin)
    Tuo Hung, Interpreter (Mandarin)
6   Peter Ginsberg, Attorney for Witness Jianhu Yi

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   A.  That's correct.

2           MS. SHROFF:  Is he showing something?

3           MR. FERGENSON:  It's being fulled up.

4   Q.  And while we're waiting, I'll just ask a few questions.

5           You were one of the managing members of Taurus Fund,

6   LLC?

7   A.  So, on paper they had me down as a manager.  That wasn't my

8   idea of what my job role was.  So when they ask me to be a

9   manager, I just thought they just meant to manage the property

10  and install the security services.  It wasn't to manage Taurus

11  Fund because I would have no experience, nor would I undertake

12  something like that.

13  Q.  Did you know what Taurus Fund was?

14  A.  No, I just assume it was a company.

15  Q.  But you were given paperwork by Aaron Mitchell to sign?

16  A.  Yes.

17  Q.  And Aaron Mitchell was another lawyer for the Guo family,

18  right?

19  A.  Yes, he was.

20  Q.  He was close with the Guo family, right?

21  A.  Yes.

22  Q.  Fair to say he was a trusted person in the inner circle?

23          MS. SHROFF:  Objection.

24          THE COURT:  You may answer.

25  A.  I don't have an answer for you on that.

515

1      THE COURT:  I need for you to speak into the

2   microphone so everyone can hear you.

3   A.  He was friendly with them.  I don't know how close he was.

4   I wasn't that close with Aaron, so I don't know.

5   Q.  And you signed the paperwork that Aaron Mitchell gave you,

6   right?

7   A.  I did.

8   Q.  And you thought the paperwork made you some kind of

9   property manager, right?

10  A.  So when I signed it, I didn't really understand.  I just

11  thought it meant to manage the property, and I didn't really

12  understand the whole ins and outs of it until later on.

13  Q.  And, Mr. Barnett, we got the document up now.  Do you see

14  towards the middle of the page it says on the right, it says

15  entity name?

16  A.  Yes, I do.

17  Q.  And it says Taurus Fund LLC to the right of that?

18  A.  Yep.

19  Q.  If we could go to page three, please.  Why don't we zoom on

20  the boxes four, five and six.  You see on number six it says

21  name and address of each manager or managing members?

22  A.  Yes.

23  Q.  And number two is Scott Barnett, that's you, right?

24  A.  That's correct.

25  Q.  Do you live in Las Vegas, Nevada?

 1   A.  No, I do not.

 2   Q.  Is that your correct address?

 3   A.  No, it is not.

 4   Q.  Now, you didn't think you were actually the owner of the

 5   Taurus Fund LLC, correct?

 6   A.  No, I did not.

 7   Q.  You learned what the paperwork you signed actually meant

 8   after filing bankruptcy, right?

 9   A.  After I showed it to my attorney, he explained it to me.

10   Q.  And that was when you got sued in the bankruptcy, right?

11   A.  That's correct.  They put me down as the owner of it which

12   took me a little bit by surprise, correct.

13   Q.  Because that's not true, sir, you're not the actual owner

14   of the Mahwah mansion, right?

15   A.  No, I'm not.

16          MR. FERGENSON:  And we can take that down, Ms. Loftus.

17   Q.  That wasn't your house, right?

18   A.  No.

19   Q.  But you did take Miles Guo there, correct?

20   A.  Yes, I did take him there.

21   Q.  And he was there two to three times a week?

22          MS. SHROFF:  Objection, misstates testimony.

23          THE COURT:  Overruled. You may answer.

24   A.  I took him there.  I don't think it was two or three times

25   a week, maybe in the beginning when it first started.  Other

**<u>EXHIBIT 3</u>**

**(Email of Taurus Fund's Representative to Security Services)**

**Patrick Linsey**

| | |
|---|---|
| **From:** | Song, Luyi <luyisong@paulhastings.com> |
| **Sent:** | Monday, August 5, 2024 11:58 AM |
| **To:** | Patrick Linsey |
| **Subject:** | FW:  Re: Urgent : Mahwah Mansion issues |

⊘ External ema

⊘ Discusses sensitive informa

⊘ Contains topics of a financial n

> **Caution:** External Email. Verify you know the sender before clicking a Link.

Begin forwarded message:

**From:** Franco DiPaolo <hawkeyeservices1540@gmail.com>
**Date:** July 29, 2024 at 2:46:36 AM GMT+2
**To:** "Despins, Luc A." <lucdespins@paulhastings.com>
**Subject: [EXT] Re: Urgent : Mahwah Mansion issues**

Hello Luc,

Can you take a phone call?

Thank you ,
Franco DiPaolo
Hawk Eye Security
201.259.6340

On Sun, Jul 28, 2024 at 8:26 PM Johnson Qi <johnsonfalcon7@gmail.com> wrote:

Dear Franco,

Hope you are well.

The case about this Mansion has already been a verdict.

On July 16, 2024. The criminal trial conclude. The Mahwah Mansion belong to the Goverment.
See transcript announcement in Documnet 395 of case 1:23-cr-00118-AT on US Court of Southern
District of New York.

From that date, this property has been handed over to the US Department of Justice Attorney's office,
Southern District of New York.

The previous Owner of this Mansion No need to pay anything more.

Lawyer is communicating with the Court and the Trustee for further follows-ups.

So that reason,
Since July 29 ,2024. the security service costs can No longer be paid.

The last invoive 07282024 was made by ACH wire tranfer and will arrive on Tuesday.
Please check.

Thanks for your understanding!

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name
and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy
and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.