**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                  :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------x

**OMNIBUS REPLY OF CHAPTER 11 TRUSTEE (I) IN SUPPORT OF FIRST SUPPLEMENTAL MOTION OF CHAPTER 11 TRUSTEE TO EXTEND AUGUST 15, 2024 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS AND (II) IN RESPONSE TO OBJECTIONS THERETO**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, hereby files this reply (the "Reply") (i) in support of the *First Supplemental Motion of Chapter 11 Trustee to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions* [Docket No. 3329] (the "Supplemental Motion")[2] and (ii) in response to the objections filed thereto.  In support of this Reply, the Trustee respectfully states as follows:

### RELEVANT PROCEDURAL BACKGROUND

1.      On July 17, 2024, the Court granted the Trustee's unopposed motion[3] and entered the *Order Limiting Service of Motion to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions* [Docket No. 3323] (the "Notice Order").  The Notice Order directed the Trustee to serve the Supplemental Motion on (among others) all parties that filed a response to the Trustee's original motion to extend and all defendants that have appeared in the over-270 adversary proceedings commenced by the Trustee.

2.      The Trustee has received a total of ten objections to the Supplemental Motion (collectively, the "Objections," filed by the "Objectors").  The Objections were filed by: (i) Hing Chi Ngok [Docket No. 3373]; (ii) G Club Operations, LLC ("G-Club") [Docket No. 3374]; (iii) Meta Platforms, Inc. ("Meta") [Docket No. 3375] (iv) Apple Inc. ("Apple") [Docket No. 3376][4]; (v) FFP (BVI) Limited ("FFP") [Docket No. 22 in Adv. Proc. No. 24-5056]; (vi) Himalaya New World Inc. and (vii) Himalaya New York Rock Inc. (together with Himalaya New World Inc., "Himalaya") [Docket Nos. 15 and 16 in Adv. Proc. No. 24-5269]; (viii) Ogier [Docket No. 18 in

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Supplemental Motion.

[3]    *See* Docket No. 3301.

[4]    Neubert, Pepe & Monteith, P.C. serves as the Trustee's exclusive counsel for all arguments made in this Reply in connection with Meta and Apple, including (without limitation) those in footnote 5 and in section II.b hereof.

Adv. Proc. No. 24-5012]; (ix) Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") [Docket No. 24 in Adv. Proc. No. 24-5014]; and (x) Weddle Law PLLC ("Weddle Law") [Docket No. 29 in Adv. Proc. No. 24-5188].

## REPLY

### I. Court Has Already Declined to Follow *Walnut Hill* and Should Ignore Arguments to the Contrary

3.       Each of the Objections argues, in one form or another, that the Court lacks authority to grant the requested relief.  But the Court has already held that, as a matter of law, Bankruptcy 9006(b) ***does*** authorize a bankruptcy court to extend the statutes of limitation found in sections 108(a), 546(a), and 549(d) of the Bankruptcy Code.  Nor did the Court make this ruling in a vacuum.  To the contrary, this issue was extensively briefed and argued, and the Court carefully and thoroughly addressed the cases that have held to the contrary, and explained why it disagreed.  In fact, ***every one*** of the Objections cites to *In re Walnut Hill*, 2018 WL 2672242 (Bankr. D.Conn. June 1, 2018) ("*Walnut Hill*"), a case the Court already addressed and declined to follow.[5]

4.       Five of the Objectors (all of whom are represented by the same counsel) argue that the Court should reconsider its prior ruling in light of the Supreme Court's recent ruling in *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024), because (they argue) *Purdue* prohibits bankruptcy courts from providing relief that is not specifically permitted by the

---

[5]     Three Objectors go so far as to say that the Trustee "asks this Court to reject" *Walnut Hill*, *see* Hing Chi Ngok's Objection to the Supplemental Motion [Docket No. 3373] (the "Ngok Objection"), ¶ 2, Himalaya Objections to the Supplemental Motion [Docket Nos. 15 and 16 in Adv. Proc. No. 24-5269] (the "Himalaya Objections"), ¶ 4, happily ignoring that the Court has already spoken on this issue.  Two other Objectors (Apple and Meta) more honestly concede that the Court has already rejected these arguments, but claim they did not previously have an opportunity to raise their arguments and do so now to reserve their rights.  Regardless, the arguments they raise are not new and were already considered, and rejected, in the Extension Order.  For example, Meta and Apple cite to *Walnut Hill*, *In re Damach, Inc.*, 235 B.R. 727 (Bankr. D. Conn 1999) and Federal Rule of Civil Procedure 6(b), all of which were addressed in the Extension Order.

Bankruptcy Code.[6]  This argument misapprehends the Court's Extension Order.

5.      In the Extension Order, the Court held that the limitations periods at issue were just that—statutes of limitations, as opposed to statutes of repose.  This was a critical aspect of the Extension Order because statutes of limitations are "subject to tolling, extension, equitable estoppel, and other principles of equity."[7]  In so ruling, the Court expressly disagreed with *In re Butcher*, 829 F.2d 596 (6th Cir. 1987),[8] to which the Objectors continue to cite.[9]  The Court then held that Rule 9006 provides a mechanism for such an equitable extension and, in doing so, declined to adopt *Walnut Hill*.[10]  The Court did not use Rule 9006(b) as a "catchall" provision, as these Objectors describe.[11]  *Purdue* is, therefore, entirely inapposite.

## II.    Court Should Exercise Equitable Authority and Grant Requested Extension

6.      Following the same approach the Court laid out in the Extension Order, after confirming (again) that the Court has the authority to grant the requested relief, the next inquiry is whether there is cause to exercise that authority.  In the Supplemental Motion, the Trustee explained that cause exists (i) because the Trustee had acted diligently, and any delays were due to factors outside his control, and (ii) due to the Debtor's continued lack of cooperation and, indeed, active obstruction.

---

6    *See* G-Club's Objection to the Supplemental Motion [Docket No. 3374] (the "G-Club Objection"), at 2-5; FFP's Objection to the Supplemental Motion [Docket No. 22 in Adv. Proc. No. 24-5056] (the "FFP Objection"), at 2; Ogier's Objection to the Supplemental Motion [Docket No. 18 in Adv. Proc. No. 24-5012] (the "Ogier Objection"), at 2; (ix) Pillsbury's Objection to the Supplemental Motion [Docket No. 24 in Adv. Proc. No. 24-5014] (the "Pillsbury Objection"), at 2; and (x) Weddle Law's Objection to the Supplemental Motion [Docket No. 29 in Adv. Proc. No. 24-5188] (the "Weddle Law Objection"), at 2.

7    Extension Order at 9.

8    Extension Order at 9-10.

9    *See* G-Club Objection at 6; FFP Objection at 6; Ogier Objection at 6; Pillsbury Objection at 6; Weddle Law Objection at 6.

10   Extension Order at 10-12.

11   *See* G-Club Objection at 3-5; FFP Objection at 5; Ogier Objection at 5; Pillsbury Objection at 5; Weddle Law Objection at 5.

7.     None of the Objectors challenges the Trustee's diligence or disputes that the Trustee's investigation and discovery has been delayed.  Nor, most importantly, do any Objectors claim that the Trustee already is, or already should be, in position to bring all of his claims.  *See In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 791 (Bankr. M.D. Fla. 2013) ("The only reason not to enlarge the § 546(a) deadline in this case is if, as the targets claim, the Trustee is already in a position to bring all of her avoidance actions.").

8.     Instead, the Objectors present two principal arguments against the Court's invocation of its equitable authority.  First, G-Club, FFP, Ogier, Weddle, and Pillsbury all argue that the Trustee has not shown facts sufficient to support his requested relief.  Second, Meta and Apple argue that the requested relief would be unfair to them because they, themselves, have not caused any delay.

a.     Trustee Has Shown Cause to Further Extend Limitations Period

9.     According to G-Club,[12] "the Trustee has not identified anything new since February 2024 that has undermined his ability to complete his investigation, other than receiving more information and Mr. Kwok's criminal trial."[13]  This is akin to arguing the "sun never rises, except on Sunday through Saturday."

10.     The Trustee has explained, at length and in detail, why his investigation remains ongoing.  G-Club does not contest the legal authorities marshaled in the Supplemental Motion in support of the principle that a pending criminal matter can create extraordinary circumstances that call for an extension of the limitations period.  Nor does it contest that the complexity of a case and the volume of information can also provide cause.  G-Club does not even seem to dispute that, as a factual matter, the Trustee has been delayed.

---

[12]     And Ogier, FFP, Pillsbury, and Weddle Law.
[13]     G-Club Objection at 10.

11.     Instead, G-Club argues that (i) the Trustee is making the same argument as in support of the original Extension Motion, and should not be allowed to rely on "more of the same," and (ii) the delay is self-inflicted.

12.     G-Club offers no support for the first argument, and nor could it.  Stated simply, G-Club's argument seems to be that the Trustee already had to deal with the Debtor's lack of cooperation and active obstruction, already had to deal with a tremendously complex financial reconstruction project, and already had to deal with a tremendous volume of information—so those realities cannot be the basis for an additional extension because they are "more of the same," and, therefore, not extraordinary.  This makes no sense.  The fact that Trustee is dealing with the same type of extraordinary circumstances (and the same parties with the same tactics) as he was six months ago does not make them not extraordinary.  Just the opposite, it demonstrates just how extreme the circumstances really are, and just how onerous and difficult the Trustee's task is.  Regardless, G-Club ignores that the Supplemental Motion explains, in detail, additional developments after the Extension Order, and their impact on the Trustee's investigation—including significant new information and the Debtor and his associates' continuing efforts to oppose and obstruct the Trustee's investigation.[14]

13.     G-Club's second argument fares no better.  It is true that the Trustee sought a limited stay of the bankruptcy case pending the criminal trial.  But that actually expedited progress in this case as, absent the limited stay the Trustee requested, the Trustee would have been forced to litigate the Debtor's request for a stay of the entire bankruptcy case.  Further, G-Club does not even dispute that the pendency of the criminal case would impair the Trustee's ability to conduct his discovery and investigation efforts.[15]

---

[14]    *See* Supp. Mot. ¶¶ 13-17.
[15]    G-Club reserves its right to cross-examine the Trustee.  The Trustee does not oppose this request.

b. <u>Cause to Extend Limitations Period Does Not Require Misconduct By Every Potentially Impacted Party</u>

14.      Apple and Meta point to their own innocence, and argue that the requested relief would be unfair to them.  As the Court noted in the Extension Order:

> A bankruptcy case presents a rather different slant on equitable tolling.  In the typical situation, it is the debtor's conduct rather than the defendant's conduct which invokes equitable tolling.  ***In some senses, this is unfair to the defendant***.  On the other hand, unlike the usual civil case where a plaintiff at least has the advantage of being a party to the underlying transaction, a bankruptcy trustee must rely almost entirely on a third party (the debtor) to provide the information necessary to uncover avoidable transfers.[16]

15.      Accordingly, the Court explained, courts consider whether the debtor failed to cooperate, or actively sought to impede, the trustee's investigation, "[r]egardless of the Objecting Parties' arguments that they have individually caused no harm to the Trustee's investigation."[17] The fact that "some targets may not be responsible for impeding or delaying the Trustee's investigation is not a basis, by itself, for refusing to enlarge the two-year limitations period for bringing avoidance actions."  *In re Fundamental Long Term Care, Inc.*, 501 B.R. at 791; *see also Heyman v. Dec (In re Dec)*, 272 B.R. 218, 225 (Bankr. N.D. Ill. 2001) ("The statute of limitations under Code § 546(a) may also be tolled where the fraud goes undiscovered even though the defendant does nothing to conceal it.").

16.      Apple and Meta argue that they have are not complicit in the ceaseless efforts of the Debtor and his associates to delay the Trustee's efforts, and the Trustee has not asserted otherwise.  But, stated simply, what is fair to the trustee outweighs what may not be fair to a potential defendant.  To argue otherwise "does not hold up," as a party that is potentially liable to the estate "would essentially receive a windfall if it is another target that actively or negligently

---

[16]   Extension Order at 13 (emphasis added) (quoting *In re Pomaville*, 190 B.R. 632, 637 (Bankr. D. Minn. 1995)).
[17]   Extension Order at 13.

conceals the Trustee's potential claim." *Fundamental Long Term Care, Inc.*, 501 B.R. at 791.

"If the Trustee has been impeded from discovering potential avoidance actions, then the deadline

ought to be enlarged as to all claims—not on a party-by-party basis." *Id*.[18]

## III.    Other Objections Are Without Merit

17.    Himalaya and Ngok both invoke *Stern v. Marshall* and claim that the

Supplemental Motion involves "private rights of action" that could must be decided by the

District Court.[19]  The Court rejected this argument in the Extension Order, and should reject it

now.[20]

18.    Himalaya and Ngok also both argue that the Supplemental Motion should be

denied because equitable tolling cannot be sought prospectively.[21]  But the Trustee is not seeking

relief under the doctrine of equitable tolling.  Instead—and consistent with the Extension

Order—the Trustee has merely reserved all rights to invoke "equitable tolling or other equitable

arguments in response to a defense that an adversary proceeding commenced by the Trustee is

time-barred."[22]

## IV.    Revised Proposed Order

19.    As with the original Extension Motion, the Trustee has revised the Proposed

Order submitted with the Motion, and a revised form of proposed order (and redline to the

---

[18]    Meta and Apple, who are defendants in pending adversary proceedings brought prior to the first Extension Order, also argue, as part of their "fairness" arguments, that they should not have to face the potential of defending against claims the Trustee may bring in an amended complaint, because the Trustee has already "tried to stack the deck" through "stretch legal theories and unorthodox procedural maneuvers."  *See* Meta's Objection to the Supp. Motion [Docket No. 3375] (the "Meta Objection"), ¶ 5; Apple's Objection to the Supp. Motion [Docket No. 3376] (the "Apple Objection"), ¶ 5.  The Court should see this for what it is: an attempt to argue the merits of the pending litigation that has no bearing on the instant Supplemental Motion.

[19]    *See* Himalaya Objections, ¶ 3; Ngok Objection, ¶ 11.

[20]    Extension Order at 7.

[21]    *See* Himalaya Objections, ¶¶ 16-17; Ngok, ¶ 5 (claiming the "bar against prospectively applying the doctrine of equitable tolling is well established in this District").

[22]    Supp. Mot. ¶ 35 (quoting Extension Order).

original order) is attached as **<u>Exhibits A-1 and A-2</u>** hereto.[23]

[*Remainder of page intentionally left blank.*]

---

[23]    These changes also resolve Ngok's objection to the Proposed Order.  *See* Ngok Objection, ¶ 10.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court enter the revised Proposed Order granting the relief requested herein and grant any other relief as the Court considers proper.

Dated:    August 9, 2024            LUC A. DESPINS,
          New Haven, Connecticut     CHAPTER 11 TRUSTEE

                            By: */s/ Patrick R. Linsey*
                              Patrick R. Linsey (ct29437)
                              NEUBERT, PEPE & MONTEITH, P.C.
                              195 Church Street, 13th Floor
                              New Haven, Connecticut 06510
                              (203) 781-2847
                              plinsey@npmlaw.com

                                   *and*

                              Douglass Barron (admitted *pro hac vice*)
                              PAUL HASTINGS LLP
                              200 Park Avenue
                              New York, New York 10166
                              (212) 318-6079
                              aviluft@paulhastings.com
                              douglassbarron@paulhastings.com

                                   *and*

                              Nicholas A. Bassett (admitted *pro hac vice*)
                              PAUL HASTINGS LLP
                              2050 M Street NW
                              Washington, D.C., 20036
                              (202) 551-1902
                              nicholasbassett@paulhastings.com

                              *Counsel for the Chapter 11 Trustee*

**<u>Exhibit A-1</u>**
**Revised Proposed Order (Clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :     Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :     Case No. 22-50073 (JAM)
                                                       :
                  Debtors.                             :     (Jointly Administered)
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST SUPPLEMENTAL MOTION OF CHAPTER 11 TRUSTEE TO EXTEND AUGUST 15, 2024 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS**

UPON CONSIDERATION OF the First Supplemental Motion of Chapter 11 Trustee to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions (the "Motion"), and good cause having been shown, and the Court having considered any and all objections and other responses to the Motion, and the Court finding that (i) there is good cause for the relief requested, (ii) the Trustee has acted diligently, and (iii) the Motion has been served in accordance with the Court's prior Order granting the Notice Motion, and such notice is proper and sufficient under the circumstances and no other notice is required, and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the time limitations set forth in 11 U.S.C. 108, 546, and 549 for the Trustee to commence avoidance actions and other actions on behalf of the estate, as well as for

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

amending any pending complaints, are extended through and including February 15, 2025 (such extension, the "Ordered Extension"), which date may be further extended upon notice and a hearing; and it is further

ORDERED, that, notwithstanding anything in this Order to the contrary, this Order and the Ordered Extension herein shall not apply to avoidance actions, and other actions on behalf of the estate, brought against: (i) UBS AG; and (ii) Sotheby's International Realty, Inc., Sotheby's International Realty Affiliates LLC, Sotheby's International Realty Referral Company LLC, Sotheby's International Realty Referral Company Inc., Martha Turner Sotheby's International Realty Referral Company LLC, Martha Turner Properties, LP, MTPGP, LLC, Anywhere Advisors LLC, Anywhere Real Estate Services Group LLC, Anywhere Real Estate Group LLC, Anywhere Intermediate Holdings LLC, and Anywhere Real Estate Inc; and it is further

ORDERED, that this Order is without prejudice to the Trustee raising equitable tolling or other equitable arguments in response to a defense that an adversary proceeding commenced by the Trustee is time-barred, which arguments and rights are fully preserved; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.


Dated: _____, 2024

_____
Julie A. Manning,
United States Bankruptcy Judge

**<u>Exhibit A-2</u>**
**Revised Proposed Order (Redline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK, et al.,¹                     :    Case No. 22-50073 (JAM)
                                          :
          Debtors.                        :    (Jointly Administered)
                                          :
-------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING FIRST SUPPLEMENTAL MOTION OF CHAPTER 11 TRUSTEE TO EXTEND AUGUST 15, 2024 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS**

UPON CONSIDERATION OF the First Supplemental Motion of Chapter 11 Trustee to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions (the "Motion"), and good cause having been shown, and the Court having considered any and all objections and other responses to the Motion, and the Court finding that (i) there is good cause for the relief requested, (ii) the Trustee has acted diligently, and (iii) the Motion has been served in accordance with the Court's prior Order granting the Notice Motion, and such notice is proper and sufficient under the circumstances and no other notice is required, and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the time limitations set forth in 11 U.S.C. 108, 546, and 549 for the

Trustee to commence avoidance actions and other actions on behalf of the estate, as well as for

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

amending any pending complaints, are extended through and including February 15, 2025 (such extension, the "Ordered Extension"), which date may be further extended upon notice and a hearing; and it is further

ORDERED, that, notwithstanding anything in this Order to the contrary, this Order and the Ordered Extension herein shall not apply to avoidance actions, and other actions on behalf of the estate, brought against: (i) UBS AG; and (ii) Sotheby's International Realty, Inc., Sotheby's International Realty Affiliates LLC, Sotheby's International Realty Referral Company LLC, Sotheby's International Realty Referral Company Inc., Martha Turner Sotheby's International Realty Referral Company LLC, Martha Turner Properties, LP, MTPGP, LLC, Anywhere Advisors LLC, Anywhere Real Estate Services Group LLC, Anywhere Real Estate Group LLC, Anywhere Intermediate Holdings LLC, and Anywhere Real Estate Inc; and it is further

ORDERED, that ~~any party that has received notice, whether actual or constructive, of the Motion and did not object to the Motion has waived its right to assert a limitations period defense if ultimately named in an action that is timely brought under the terms of this Order~~this Order is without prejudice to the Trustee raising equitable tolling or other equitable arguments in response to a defense that an adversary proceeding commenced by the Trustee is time-barred, which arguments and rights are fully preserved; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

 

 

_____

Julie A. Manning,
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                           :    Chapter 11
:
HO WAN KWOK, *et al*.,[1]                         :    Case No. 22-50073 (JAM)
:
Debtors.                         :    (Jointly Administered)
:
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2024, the foregoing Reply was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Dated:      August 9, 2024
            New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).