**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
: 
Debtors.[1] : Jointly Administered
: 
---------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION TO AMEND
ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING
THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND AMENDING ORDER
APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY
PROCEEDINGS TO FACILITATE CONSENSUAL PRE-LITIGATION MEDIATION**

Luc A. Despins, as chapter 11 trustee (the "Trustee") for Ho Wan Kwok (the "Debtor"), hereby respectfully moves (the "Motion") for entry of an order, in the form of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), amending the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order") by modifying and supplementing the Mediation Procedures to provide for the consensual mediation of claims ("Estate Claims") that are property of the Debtor's chapter 11 estate (the "Estate") prior to litigation.[2] In support of this Motion, the Trustee states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not defined in this Motion adopt the terms defined in the Procedures Order.

**BACKGROUND**

1. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

3. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

4. Since his appointment, the Trustee has investigated the Debtor's financial affairs, including, among other things, claims relating to prepetition transfers of interests of the Debtor in property and postpetition transfers of property of the Debtor's chapter 11 estate that were not authorized by the Court or under the Bankruptcy Code (collectively, "Avoidance Claims") as well as other Estate Claims.

5. On January 29, 2024, the Court entered its *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 2578] (the "Avoidance Procedures Order"), establishing certain procedures governing litigation of the Avoidance Actions.

6. Between February 9 and 15, 2024, the Trustee commenced approximately 270 Avoidance Actions, *i.e.,* adversary proceedings to avoid and recover certain prepetition and postpetition transfers. The Trustee has filed additional Avoidance Actions since February 15, 2024, and expects that he will continue to do so.

7. On May 2, 2024, the Court entered its Procedures Order, amending and supplementing the Avoidance Procedures Order, including, among other things, by adopting the Mediation Procedures. Approximately fifty Avoidance Defendants are presently engaged in Mediation Proceedings with the Trustee supervised by Judge Tancredi.

8. In addition to filing Avoidance Actions, the Trustee has also stipulated with numerous parties to toll the Trustee's statute of limitations to sue them. The Trustee is presently negotiating or otherwise communicating with these and other parties the Trustee believes may be subject to Estate Claims, as well as with counsel for Avoidance Defendants that have not yet appeared in the Avoidance Actions commenced by the Trustee (collectively, "Counterparties").

9. Whenever possible, the Trustee is endeavoring to resolve Estate Claims prior to litigation to reduce expense to the Estate and unnecessary burden on judicial resources.

10. The Trustee has consulted with Judge Tancredi and understands that Judge Tancredi is willing to mediate Estate Claims prior to litigation upon the consent of the parties.

**PROPOSED AMENDMENT TO MEDIATION PROCEDURES**

11. To promote efficient administration of the Estate, the Trustee proposes that the Court amend the Procedures Order to provide that the Trustee and Counterparties may consensually participate in Mediation Proceedings as to Estate Claims without requiring the Trustee to first commence an adversary proceeding ("Consensual Pre-Litigation Mediation").

12. The Trustee proposes that the Mediation Proceedings as applied to Consensual Pre-Litigation Mediation be modified as follows:

   i. Consensual Pre-Litigation Mediation shall require the consent of the Trustee and any applicable Counterparties (collectively, the "Consent Mediation Parties") and shall be available, subject to such consent and the consent of Judge Tancredi, as to any Estate Claims irrespective of whether the Trustee has commenced litigation against the Counterparties.

      ii.      Mediation Referral shall occur upon the Consent Mediation Parties submitting a joint letter or email to Judge Tancredi consenting to engage in Consensual Pre-Litigation Mediation and to be bound by the Mediation Procedures (as modified). Judge Tancredi may for any reason in his sole discretion accept or reject any referral of a Consensual Pre-Litigation Mediation.

      iii.      Judge Tancredi may require the Consent Mediation Parties to provide him with any relevant papers and exhibits, statements of position, and/or settlement proposals. The Consent Mediation Parties shall cooperate to determine the timing and location of any mediation sessions subject to the approval of Judge Tancredi.

      iv.      A Consensual Pre-Litigation Mediation shall terminate upon the earliest of (a) Judge Tancredi's rejection of the Mediation Referral; (b) written notice of any Consent Mediation Party to Judge Tancredi and the other Consent Mediation Parties of withdrawal from Mediation Proceedings, *provided*, *however*, where the Mediation Proceedings involve the Trustee and other Counterparties that have not withdrawn, such proceedings may continue if Judge Tancredi, the Trustee, and the remaining Counterparties consent to continue them; (c) Judge Tancredi's termination of the Mediation Proceedings by written notice to the Consent Mediation Parties; or (d) a written settlement of the applicable Estate Claims (a "Pre-Litigation Settlement") signed by the Consent Mediation Parties and documented by Judge Tancredi in a report of same (a "Pre-Litigation Settlement Report"), which shall be in lieu of a Mediator's Report and which shall be submitted to the Court as an attachment to the Trustee's motion requesting approval of the settlement.

      v.      Within thirty (30) days of the issuance of a Pre-Litigation Settlement Report, the Trustee shall file a motion requesting the Court's approval of the Pre-Litigation Settlement and attaching the Pre-Litigation Settlement Report. Such motion and Pre-Litigation Settlement Report may be filed under seal, upon notice to counsel for the Official Committee of Unsecured Creditors and the United States Trustee, if the Trustee believes that public disclosure of the settlement terms would harm the Estate and/or would implicate commercially sensitive or otherwise confidential information disclosure of which would prejudice the Consent Mediation Parties. As to any motion filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

      vi.      The following provisions of the Mediation Procedures shall not apply to Consensual Pre-Litigation Mediation: Procedures Order ¶ 2 subparagraphs (j), (l), (m), (n), (o), (p), (t), (u), (w), (x), and (y). The remaining Mediation Procedures shall apply to Consensual Pre-Litigation Mediation except as modified by the foregoing paragraphs (i) through (v).

## **BASIS FOR REQUESTED RELIEF**

13.      Mediation Proceedings before Judge Tancredi have already proven valuable in assisting the Trustee in reaching settlements and in clarifying and narrowing areas of dispute with multiple Avoidance Defendants. The Trustee wishes to further utilize this resource under

appropriate circumstances as to Estate Claims that are not yet in suit or as to which a defendant has not yet appeared.

14. The Consensual Pre-Litigation Procedures would apply only where all parties have consented, and Judge Tancredi has accepted the mediation—and the mediation would be terminable at any time by Judge Tancredi or by any party to the mediation. Thus, these procedures would be limited to participants actively interested in pursuing mediation and will avoid overburden or undue imposition on Judge Tancredi.

15. Creating a forum for Mediation Proceedings under these specific circumstances will benefit the Estate and conserve judicial resources by promoting consensual resolution of Estate Claims and avoiding unnecessary litigation and attendant expense.

## NO PRIOR REQUEST

16. No other or prior motion for the relief sought herein has been made to this Court or any other Court.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**WHEREFORE**, the Court should grant this Motion by entry of the Proposed Order and grant such other and further relief as is just and proper.

Dated:   August 12, 2024
         New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

   *and*

Nicholas A. Bassett *(admitted pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

   *and*

Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6690
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
                                                            :
In re:                                                      : Chapter 11
                                                            :
HO WAN KWOK, *et al.*,                                      : Case No. 22-50073 (JAM)
                                                            :
        Debtors.[1]                                    : Jointly Administered
                                                            :
------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S MOTION TO AMEND**
**ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING**
**THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND AMENDING ORDER**
**APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY**
**PROCEEDINGS TO FACILITATE CONSENSUAL PRE-LITIGATION MEDIATION**

Upon the motion (the "Motion") of Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") for Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") amending the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order") by modifying and supplementing the Mediation Procedures to provide for the consensual mediation ("Consensual Pre-Litigation Mediation") of claims ("Estate Claims") that are property of the Debtor's chapter 11 estate (the "Estate") prior to litigation; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

circumstances; and it appearing that no other or further notice need be given; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Procedures Order, and specifically the Mediation Procedures set forth therein, is hereby modified solely as applied to Consensual Pre-Litigation Mediation:

    i. Consensual Pre-Litigation Mediation shall require the consent of the Trustee and any applicable Counterparties (collectively, the "Consent Mediation Parties") and shall be available, subject to such consent and the consent of Judge Tancredi, as to any Estate Claims irrespective of whether the Trustee has commenced litigation against the Counterparties.[2]

    ii. Mediation Referral shall occur upon the Consent Mediation Parties submitting a joint letter or email to Judge Tancredi consenting to engage in Consensual Pre-Litigation Mediation and to be bound by the Mediation Procedures (as modified by this Order). Judge Tancredi may for any reason in his sole discretion accept or reject any referral of a Consensual Pre-Litigation Mediation.

    iii. Judge Tancredi may require the Consent Mediation Parties to provide him with any relevant papers and exhibits, statements of position, and/or settlement proposals. The Consent Mediation Parties shall cooperate to determine the timing and location of any mediation sessions subject to the approval of Judge Tancredi.

    iv. A Consensual Pre-Litigation Mediation shall terminate upon the earliest of (a) Judge Tancredi's rejection of the Mediation Referral; (b) written notice of any Consent Mediation Party to Judge Tancredi and the other Consent Mediation Parties of withdrawal from Mediation Proceedings, *provided*, *however*, where the Mediation Proceedings involve the Trustee and other Counterparties that have not withdrawn, such proceedings may continue if Judge Tancredi, the Trustee, and the remaining Counterparties consent to continue them; (c) Judge Tancredi's termination of the Mediation Proceedings by written notice to the Consent Mediation Parties; or (d) a written settlement of the applicable Estate Claims (a "Pre-Litigation Settlement") signed by the Consent Mediation Parties and documented by Judge Tancredi in a report of same (a "Pre-Litigation Settlement Report"), which shall be in lieu of a Mediator's Report and which shall be submitted to the Court as an attachment to the Trustee's motion requesting approval of the settlement.

    v. Within thirty (30) days of the issuance of a Pre-Litigation Settlement Report, the Trustee shall file a motion requesting the Court's approval of the Pre-Litigation Settlement and attaching the Pre-Litigation Settlement Report. Such motion and Pre-Litigation Settlement Report may be filed under seal, upon notice to counsel for the Official Committee of Unsecured Creditors and the United States Trustee, if the Trustee believes that public disclosure of the settlement terms would harm the Estate and/or would implicate commercially sensitive or otherwise confidential information disclosure of which would

---

[2] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Motion.

prejudice the Consent Mediation Parties. As to any motion filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

        vi.     The following provisions of the Mediation Procedures shall not apply to Consensual Pre-Litigation Mediation: Procedures Order ¶ 2 subparagraphs (j), (l), (m), (n), (o), (p), (t), (u), (w), (x), and (y). The remaining Mediation Procedures shall apply to Consensual Pre-Litigation Mediation except as modified by the foregoing paragraphs (i) through (v).

3.     Except as expressly modified by this Order, the Procedures Order shall remain in full force and effect.

4.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

5.     This Order shall be effective immediately upon entry.