UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
: Re: ECF No. 3381
---------------------------------------------------------x

**ORDER GRANTING AMENDED EMERGENCY MOTION OF
CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTION 363(b),
FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO FUND MAINTENANCE OF
MAHWAH MANSION AND FOR RELATED RELIEF**

Upon the motion [ECF No. 3381] (the "Motion"), filed by Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), requesting entry of an order (this "Order"), pursuant to section 363(b) of Title 11 of the United States Code, authorizing the Trustee to use property of the Debtor's chapter 11 estate (the "Estate") to fund the reasonable and necessary expenses of the real property commonly known as 675 Ramapo Valley Road, Mahwah, New Jersey 07430 (inclusive of all improvements and personal property thereon, the "Mahwah Mansion"), including, without limitation, payment of the security services (the "Security Services"), the utilities, and any real estate taxes owing with respect to the property (collectively, the "Mahwah Expenses"), up to the maximum amount of three hundred thousand dollars ($300,000.00) (the "Expenses Cap") subject

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

to further adjustment; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion, as modified by the terms of this Order is in the best interest of the Estate and creditors; and upon all of the proceedings had before the Court, including a hearing held August 13, 2024; and Taurus Fund LLC ("Taurus Fund") having filed a response [ECF No. 3392] to the Motion stating, among other things, that Taurus Fund does not object to the relief provided in this Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee may use property of the Estate to fund the Mahwah Expenses up to the amount of the Expenses Cap.

3. The Expenses Cap shall be subject to increase upon a motion filed by the Trustee with notice to (a) the defendants in the adversary proceeding styled as *Despins v. Taurus Fund LLC*, et al. [Adv. Proc. 23-05017-JAM] (the "Adversary Proceeding"), (b) the Debtor, (c) the Official Committee of Unsecured Creditors, (d) the United States Trustee, and (e) all parties appearing in the Chapter 11 Case eligible to receive electronic notice, which motion shall be heard upon seven days' notice subject to the schedule of the Court.

4. If the Adversary Proceeding does not result in the entry of a judgment confirming that the Mahwah Mansion is property of the Estate (because it is beneficially owned by the Debtor

and/or because Taurus Fund is the Debtor's alter ego), the Trustee (for the benefit of the Estate) shall then have a claim against Taurus Fund in the amount of the Mahwah Expenses advanced by the Estate secured by the value of the Mahwah Mansion (the "Secured Claim"). The Trustee is authorized and empowered to take all actions necessary to perfect the Secured Claim, including, without limitation, by recording this Order and/or other documents on the land records for the Mahwah Mansion.

5. For the avoidance of doubt, nothing in this Order shall relieve the defendants in the Adversary Proceeding of their obligations under the *Memorandum of Decision and Order Granting in Part Motion for Preliminary Injunction* [Adv. ECF No. 47] or the Court's order requiring, among other things, disclosure of certain information [Adv. ECF No. 108] in the Adversary Proceeding, which remain in full force and effect.

6. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 15th day of August, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut