B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br><br>THE GOLDEN SEALINE LIMITED |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Douglas S. Skalka, Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13th Floor, New Haven, CT 06510<br>(203) 781-2847 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) |
|---|
| Complaint of Chapter 11 Trustee seeking avoidance and recovery of fraudulent transfers and related relief pursuant to bankruptcy code sections 544 and 550 and New York Debtor & Creditor Law Section 276 and 278 |

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

| Other Relief Sought |
|---|
|  |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 (JAM) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Patrick R. Linsey | | |
| DATE<br>August 15, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Patrick R. Linsey | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------

In re:

HO WAN KWOK, *et al.*,[1]

                              Debtors.

---------------------------------------------------------

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

                              Plaintiff,

v.

THE GOLDEN SEALINE LIMITED,

                              Defendant.

---------------------------------------------------------

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)



Adv. Proceeding No. [_____]



August 15, 2024

**COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY
OF FRAUDULENT TRANSFERS AND RELATED RELIEF PURSUANT TO
BANKRUPTCY CODE SECTIONS 544 AND 550 AND NEW YORK DEBTOR &
CREDITOR LAW SECTIONS 276 AND 278**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

adversary complaint (the "<u>Complaint</u>") against defendant The Golden Sealine Limited (the "<u>Defendant</u>"), stating as follows:

## <u>NATURE OF ACTION</u>

1.      The Trustee commences this adversary proceeding to avoid and recover the transfer of the Debtor's property prior to the commencement of this Chapter 11 Case.

2.      The Debtor, through his alter-ego shell company ACA Capital Group Ltd. ("<u>ACA Capital</u>"), transferred funds in the amount of $255,000.00 prior to the Petition Date (as defined herein) to the Defendant as the initial transferee.

3.      This transfer was actually fraudulent, because the Debtor effectuated it as part of his "shell game," and it was made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

## <u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

5.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.      The statutory predicates for the relief sought herein include sections 544 and 550 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and New York Debtor & Creditor Law sections 276 and 278[2] or any other applicable state law equivalents.

---

[2]      All statutory references to New York Debtor and Creditor Law, to the extent addressing transfers that occurred prior to April 4, 2020 refer to the New York Uniform Fraudulent Conveyance Act ("<u>NYUFC</u>").

**THE PARTIES**

7.     The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

8.     The Defendant is a British Virgin Islands entity with an address located at Trident Trust Company (Nevis) Limited, Ste. 556, Hunkins Waterfront Plaza, Main Street, Charlestown, Nevis, W.I.

**FACTS**

A.     **Chapter 11 Case**

9.     The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

10.     On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

11.     The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[3]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter-ego shell companies, including ACA Capital.

---

[3]     Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

3

12.     On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.**     **Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

13.     ACA Capital is among the numerous alter-ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors.[4]  For years, the Debtor has orchestrated a "shell game," employing a convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor.  This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets.

14.     Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several such adversary proceedings, the Bankruptcy Court has already granted such relief.[5]

---

[4]     On February 15, 2024, the Trustee commenced an adversary proceeding against, among others, ACA Capital (*see Despins v. ACA Capital Group Ltd.,* et al. [Adv. Proc. No. 24-05249] (the "Omnibus A.P.")), which adversary proceeding seeks, among other things, a declaratory judgment that this entity was the alter ego of the Debtor.  The Trustee incorporates by reference herein the Trustee's Complaint filed in the Omnibus A.P. (Adv. Proc. No. 24-0249, Docket No. 1).

[5]     These include the following adversary proceedings: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC,* et al. [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC,* et al. [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc.,* et al. [Adv. Proc. No. 23-05013]; (v) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC,* et al. [Adv. Proc. No. 23-05017]; (vi)  *Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited* [Adv. Proc. 23-05018];

4

15.     The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

**C.     Debtor's Conduct to Hinder, Delay, and/or Defraud Creditors**

16.     In addition to the matters addressed in the Trustee's adversary proceedings, the Bankruptcy Court has found that the Debtor was the beneficial owner of Ace Decade Limited (and through it, Dawn State Limited) and that the Debtor controlled and employed Ace Decade Limited's nominee shareholder, Yvette Wang.[6]

17.     The Bankruptcy Court has also found that the "G Entities" (Gettr, G Fashion, G Music, GClubs, GNews and GEdu), the New Federal State of China and the Rule of Law Foundation, as well as other purportedly independent entities and organizations, were controlled by the Debtor,[7] led by the Debtor[8] and/or served "the purposes of… and as business vehicles of" the Debtor.[9]

18.     Prior to the Petition Date, Judge Liman of the United States District Court for the Southern District of New York found that Eastern Profit Corporation Limited, an entity originally

---

(vii) *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. 23-05023]; and (viii) *Luc A. Despins, Chapter 11 Trustee v. ACA Capital Group Ltd.*, et al. [Adv. Proc. 24-05249].

[6]     Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order, ¶¶ 1, 4 (Jan. 24, 2023, Docket No. 1372 ("Corp. Governance Contempt Order").

[7]     *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction*, ¶ 3 (Adv. Proc. No. 22-05032, January 13, 2023 ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[8]     *Id*. at ¶ 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF and Himalaya.").

[9]     *Id*. ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

owned by one of the Debtor's chefs before its transfer to Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[10]

19.     The Debtor has gone to great lengths to hinder and delay the collection efforts of one of his largest creditors, *i.e.*, Pacific Alliance Asia Opportunity Fund, L.P. ("PAX").  In 2017, PAX sued the Debtor in the Supreme Court of the State of New York (the "New York Court"), Index No. 652077/2017 (the "PAX Case"), seeking judgment for monies owed.  On February 3, 2021, PAX obtained a judgment from the New York Court against the Debtor in the sum of $116,402,019.57 (the "PAX Judgment").  PAX sought to enforce the PAX Judgment by levying the Debtor's assets—including the Lady May, which the Debtor falsely claimed was owned by his daughter, and the Debtor's luxury apartment in Manhattan, which the Debtor falsely claimed was held in trust for the Debtor's son. The Debtor's defiance of New York Court orders in post-judgment proceedings eventually resulted in the Debtor incurring contempt penalties of $134 million.

20.     The Debtor also used his alter egos, including ACA Capital, as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims. The transfers that the Debtor effectuated through these alter egos perpetuated the Debtor's fraudulent scheme.

---

[10]   *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL) 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

21.     The Debtor has testified before the Bankruptcy Court that he has insufficient assets to pay his liabilities and that his luxurious lifestyle is funded by his family through businesses nominally held by family members.[11]  The Debtor scheduled only $3,850 in assets.[12]

22.     In March 2023, the Debtor was arrested by federal authorities and held without bail. On July 16, 2024, following a trial in the United States District Court for the Southern District of New York, the Debtor was convicted of nine felony counts, *i.e.*, racketeering conspiracy, conspiracy to commit wire fraud and bank fraud, money laundering conspiracy, conspiracy to commit securities fraud, wire fraud in connection with the Farm Loan Program, securities fraud in connection with the Farm Loan Program, wire fraud in connection with G|CLUBS, securities fraud in connection with G|CLUBS, and wire fraud in connection with the Himalaya Exchange.

23.     In its criminal indictment of the Debtor, the United States Government asserted that the Debtor and his co-defendants "utilized more than approximately 500 accounts held in the names of *at least 80 different entities or individuals* to launder more than $1 billion in fraud proceeds."[13]

24.     The property of the Debtor's alter egos, including ACA Capital, was at all times prior to the Petition Date property of the Debtor.

25.     At all times relevant herein, the Debtor conducted business in New York, New York, including direction of the Transfer (as defined herein).

---

[11]    Hearing on Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (Main Case, April 27, 2022)

[12]    *See* n.3.

[13]    *See* Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release at 29, attached as Exhibit B in the Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief (June 23, 2023, Main Case Docket No. 1934).

D.    **Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

26.    The Transfer at issue in this Complaint was made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as it was made through the Debtor's alter-ego shell company operated as a part of the Debtor's shell game.

27.    The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors. The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

28.    The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes. As a result of this conduct, the Debtor has been convicted of multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York. *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 395] (July 18, 2024 S.D.N.Y.).

29.    The Debtor knew and intended that, by concealing and dissipating his assets in this manner, there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds. These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

E.    **Tolling of Avoidance Claims**

30.    On February 15, 2024, the Court entered its *Memorandum of Decision and Order Granting in Part Motion to Extend Deadlines* [Main Case Docket No. 2921] (the "Tolling Order"), in which the Court, pursuant to Bankruptcy Rule 9006(b), extended the time limitations set forth

in Sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through and including August 15, 2024.

31.     In the Tolling Order, the Court found that since the Petition Date, the Debtor has, among other things, filed incomplete or inaccurate schedules and statements of financial affairs, failed to provide books and records to the Trustee, and otherwise failed to cooperate with the Trustee, all in flagrant disregard for his obligations as a debtor under the Bankruptcy Code. (Tolling Order at p. 14.).

32.     The Debtor's family members and other individuals and entities associated with him have likewise obstructed the Trustee's investigation, as evidenced by the Court's entry of "at least eight orders holding the … Debtor, his daughter, [Mei] Guo, and entities allegedly controlled by the … Debtor in contempt for failure to turn over assets and discovery abuse." (*Id.* at p. 15.). The Court found the "noncompliance with this Court's orders in these jointly administered chapter 11 cases, is extraordinary" (*id.*), and that, in the face of such obstruction, the Trustee's investigation has been "more than reasonably diligent." (*id.* at p. 17.)  Since February 2024, the Trustee has filed more than 280 adversary proceedings. (*See* Main Docket, generally).

33.     On August 14, 2024, the Court entered its *Order Granting Second Motion for Extension of Deadline for Trustee to File Avoidance Actions* [Main Case Docket No. 3417] (the "Second Tolling Order"), further extending the time limitations set forth in Sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through February 15, 2025, and noting the continued obstacles to the Trustee's investigation and the Trustee's diligence in conducting same (Second Tolling Order at pp. 2-3).

9

34.     The Trustee has acted diligently in investigating and pursuing the claims asserted in this Complaint.

35.     In light of, among other things, the extraordinary obstruction that the Trustee has faced in conducting his diligent investigation, the balance of the equities strongly favors equitable tolling of any statutes of limitations applicable to the claims asserted herein.

**F.      Transfers to the Defendant**

36.     Prior to the Petition Date, the Debtor, using his alter ego shell company ACA Capital, or otherwise, transferred the Debtor's property to the Defendant (the "Transfer"), including, without limitation, as follows:

See **SCHEDULE A** attached hereto and made a part hereof.

37.     At the time of the Transfer, the Debtor had outstanding obligations to creditors of the Debtor's estate.

38.     The Defendant was the initial transferee of the Transfer.

## FIRST CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 276 and 278, and Bankruptcy Code sections 544(b) and 550(a))**

39.     The Trustee repeats and realleges the allegations contained in paragraphs 1-38 as if fully set forth herein.

40.     The Transfer was made by the Debtor, through his alter ego company, ACA Capital, with the actual intent to hinder, delay and/or defraud his creditors.

41.     The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Transfer is shown by, among other things:

a.      The Transfer was effectuated using an alter-ego shell company;

b.      The Transfer was concealed from the Debtor's creditors;

10

     c.     The Transfer was effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

     d.     The Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors and/or by causing valuable assets to be placed in the hands of the Debtor's family members;

     e.     The Transfer furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

     f.     At the time of the Transfer, the Debtor was being sued, including by PAX in the PAX Case; and

     g.     At the time of the Transfer, the Debtor was insolvent or undercapitalized.

42.     The Transfer is avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 276 and 278, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

11

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.      On the First Claim, (a) an order declaring that the Transfer in an amount not less than $255,000.00 is avoided pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 276 and 278; (b) an order directing that the Transfer be set aside; and (c) recovery of the Transfer, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to N.Y. Debt & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

2.      Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

3.      Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

Dated:  August 15, 2024                  LUC A. DESPINS
        New Haven, CT                    CHAPTER 11 TRUSTEE


                                         By: */s/ Patrick R. Linsey*
                                             Douglas S. Skalka (ct00616)
                                             Patrick R. Linsey (ct29437)
                                             NEUBERT, PEPE & MONTEITH, P.C.
                                             195 Church Street, 13th Floor
                                             New Haven, Connecticut 06510
                                             (203) 781-2847
                                             dskalka@npmlaw.com
                                             plinsey@npmlaw.com
                                             *Counsel for the Chapter 11 Trustee*

13

## **SCHEDULE A**

FILED UNDER SEAL