UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK *et al.*,                               :    Case No. 22-50073 (JAM)
                                                    :
        Debtors.[1]                                 :    Jointly Administered
                                                    :
---------------------------------------------------------x

**MOTION, PURSUANT TO BANKRUPTCY RULES 9006(c)(1), FOR ENTRY OF
AN ORDER EXPEDITING HEARING ON MOTION OF TRUSTEE, PURSUANT TO
BANKRUPTCY CODE SECTIONS 327(a), 328, AND 363(b), BANKRUPTCY RULES
2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER
(I) AUTHORIZING EMPLOYMENT AND RETENTION OF REAL PROPERTY
BROKER, EFFECTIVE AS OF AUGUST 23, 2024, FOR SALE OF GREENWICH
PROPERTY, (II) AUTHORIZING TRUSTEE TO FUND EXPENSES RELATED TO
GREENWICH PROPERTY AND (III) FOR RELATED RELIEF**

Luc A. Despins, as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion to Expedite") this Court for entry of an order scheduling an expedited hearing to consider and determine the *Motion of Trustee, Pursuant to Bankruptcy Code Sections 327(a), 328, and 363(b), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order (I) Authorizing Employment and Retention of Real Property Broker, Effective as of August 23, 2024, for Sale of Greenwich Property, (II) Authorizing Trustee to Fund Expenses Related to Greenwich Property*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*and (III) for Related Relief* (the "Motion") and granting related relief.[2] In support of this Motion to Expedite, the Trustee respectfully states as follows:

### JURISDICTION, VENUE, AND STATUTORY BASES

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion to Expedite are Bankruptcy Rule 9006(c)(1) and 2002(i).

### BACKGROUND

4. The Greenwich Property is property of the Debtor's estate that the Trustee intends to sell through a sale process that is most beneficial for the creditors of the estate.

5. The Motion seeks to retain Compass, Inc. ("Compass" or the "Broker") as broker in connection with the sale of the Greenwich Property pursuant to section 327(a) and 328 of the Bankruptcy Code.

6. The Motion also seeks authorization to pay the reasonable and necessary expenses related to the Greenwich Property in order to maximize the value of this asset for the benefit of the Estate.

7. The Trustee incorporates herein by reference the background section from the Motion.

---

[2] Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Motion.

2

**RELIEF REQUESTED**

8. The Trustee respectfully requests that the Court schedule a hearing on the Motion on or before **September 3, 2025**, subject to the Court's availability. In addition, the Trustee requests that the Court order that any objections to the Motion be filed on or before **August 30, 2024 at 4:00 p.m. (ET)**.

**BASIS FOR RELIEF REQUESTED**

9. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated. Cause exists to consider and determine the Motion on an expedited basis.

10. The Trustee has determined that a sale of the Greenwich Property, which is an asset of the estate, would maximize value for the Debtor's creditors. The Trustee must retain a real property broker to assist in the sale of the Greenwich Property. As detailed in the Motion, retaining the Broker to sell the Greenwich Property will ensure an efficient and expeditious sale process. Additionally, the Trustee must fund maintenance and other expenses related to the Greenwich Property, and ready it for sale, and requires Court authorization to do so.

11. It is critical that the Motion be granted by this Court so that (i) the Trustee can continue to expend funds immediately for the maintenance, cleaning and staging of the Greenwich Property, and (ii) the Broker can begin the process of marketing the Greenwich Property as soon as possible. The amounts to be expended are material. For example, approximately $25,000 in real estate taxes were already delinquent and had to be paid to minimize additional charges, and $75,000 needed to be paid for an annual insurance premium, the Greenwich Property not being insured by the previous occupants. Moreover, the Broker is making a material commitment of time and effort to bring about a sale of the Greenwich

Property as quickly and at as high a price as possible, which efforts can only be maintained if the Broker is promptly retained pursuant to Court order in connection with the sale of the Greenwich Property.

12. For these reasons, it is crucial for the Trustee be permitted to expend funds to maintain the Greenwich Property, and to retain the Broker, as promptly as possible.

## NO PREVIOUS REQUEST

13. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

## CONCLUSION

14. It is imperative that all steps be taken to sell Greenwich Property for the benefit of this estate, and, accordingly, the Trustee requests that the Motion be heard on an expedited basis.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: August 23, 2024          LUC A. DESPINS, CHAPTER 11 TRUSTEE
New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

       *and*

    G. Alexander Bongartz (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    lucdespins@paulhastings.com
    alexbongartz@paulhastings.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                : Chapter 11
:
HO WAN KWOK *et al.*,                 : Case No. 22-50073 (JAM)
:
        Debtors.³      : Jointly Administered
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2024, the foregoing Motion, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: August 23, 2024         LUC A. DESPINS, CHAPTER 11 TRUSTEE
       New Haven, Connecticut

                                                         By: */s/ Patrick R. Linsey*
                                                            Douglas S. Skalka (ct00616)
                                                            Patrick R. Linsey (ct29437)
                                                            NEUBERT, PEPE & MONTEITH, P.C.
                                                            195 Church Street, 13th Floor
                                                            New Haven, Connecticut 06510
                                                            (203) 781-2847
                                                            dskalka@npmlaw.com
                                                            plinsey@npmlaw.com

---

3    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**Exhibit 1**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
------------------------------------------------------x

**ORDER SCHEDULING EXPEDITED HEARING ON MOTION OF TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a), 328, AND 363(b), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF COMPASS, INC., EFFECTIVE AS OF AUGUST 23, 2024, AS BROKER FOR SALE OF GREENWICH PROPERTY, (II) AUTHORIZING TRUSTEE TO FUND EXPENSES RELATED TO GREENWICH PROPERTY AND (III) FOR RELATED RELIEF**

The Court having considered the motion (the "Motion to Expedite")[2] seeking an expedited hearing on the *Motion of Trustee, Pursuant to Bankruptcy Code Sections 327(a), 328, and 363(b), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Entry of Order (I) Authorizing Employment and Retention of Real Property Broker, Effective as of August 23, 2024, for Sale of Greenwich Property, (II) Authorizing Trustee to Fund Expenses Related to Greenwich Property and (III) for Related Relief* [Docket No. ___] (the "Motion"); and good cause appearing for the relief sought in the Motion to Expedite, it is hereby

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined in this Order have the meanings set forth in the Motion to Expedite.

ORDERED, that a hearing on the Motion shall be held on [_____] [___], 2024 at [__]:00 a./p.m. (ET) at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT 06604 (the "Hearing"); and it is further

ORDERED, that the deadline to object to the Motion shall be August [__], 2024 at 4:00 p.m. (ET); and it is further

ORDERED, that a copy of this Order, along with the Motion and any attachments thereto, shall be served upon all parties to the above-captioned case, and the Trustee shall file a certificate of service in advance of the hearing.