**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF No. 3329 |

**ORDER GRANTING SECOND MOTION FOR EXTENSION
OF DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS**

On February 15, 2024, the Court entered the Memorandum of Decision and Order Granting in Part Motion to Extend Deadlines (the "First Extension Order").[2] (ECF No. 2921.) After notice and an evidentiary hearing held on February 13, 2024 (the "First Extension Hearing"), the First Extension Order granted, for the reasons stated therein, the Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions (the "First Extension Motion") (ECF No. 2509), filed by Mr. Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok. The First Extension Order extended the statutes of limitations set forth in 11 U.S.C. §§ 108, 546, and 549 from February 15, 2024 – the two-year anniversary of the voluntary filing by Mr. Kwok of his Chapter 11 petition – to August 15, 2024.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The First Extension Order is incorporated herein by reference.

On July 19, 2024, the Trustee filed the First Supplemental Motion to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions (the "Second Extension Motion"). (ECF No. 3329.) On July 22, 2024, the Clerk of Court issued a Notice of Hearing, scheduling the Second Extension Motion for hearing on August 13, 2024, setting an objection deadline of August 6, 2024, and a reply deadline of August 9, 2024. (ECF No. 3332.) On July 25, 2024, the Trustee timely filed a certificate of service demonstrating service in accordance with a previously entered order limiting notice of the Second Extension Motion (the "Order Limiting Notice"). (ECF No. 3323).

On August 6, 2024, timely objections to the Second Extension Motion (the "Objections") were filed by Ms. Hing Chi Ngok, G Club Operations, LLC, Meta Platforms, Inc., Apple Inc., FFP (BVI) Ltd., Ogier, Pillsbury Winthrop Shaw Pittman, LLP, and Weddle Law PC (the "Objectors"). (ECF Nos. 3373, 3374, 3375, 3376, 3379.) On August 9, 2024, the Trustee timely filed a reply (the "Reply"). (ECF No. 3391.) On August 12, 2024, the Trustee filed a list of witnesses and exhibits. (ECF No. 3395.)

On August 13, 2024, an evidentiary hearing was held (the "Second Extension Hearing"). The Trustee testified and was subject to cross-examination during the Second Extension Hearing, and the parties advanced their arguments. At the conclusion of the Second Extension Hearing, the Court took the Second Extension Motion under advisement.

Having considered: (i) the Second Extension Motion, the Objections, and the Reply; (ii) the testimony of the Trustee and the arguments of the parties during the Second Extension Hearing; (iii) the pleadings filed in relation to the First Extension Motion and the testimony of the Trustee and arguments of the parties during the First Extension Hearing; and (iv) matters of which the Court may take judicial notice, the Court finds, for the reasons stated in the First

Extension Order, in the Second Extension Motion, during the Second Extension Hearing, and herein, that the Trustee has established cause exists under Fed. R. Bankr. P. 9006(b) to grant the Second Extension Motion, which cause includes without limitation: (1) the pendency of the criminal action styled *United States v. Kwok*, 23 cr 118 (AT) (S.D.N.Y. July 18, 2024) from March 2023 through the date of the entry of this Order and its impact on these cases and the multitude of related adversary proceedings; (2) Mr. Kwok's ongoing contempt of court and failure to perform his statutory duties under 11 U.S.C. § 521; (3) other parties' ongoing contempt of court; (4) the complexity and extent of Mr. Kwok's financial affairs; and (5) the Trustee's diligence in his investigation.  The Court is unpersuaded by the arguments of the Objectors to the contrary, including without limitation the arguments that: (a) despite the completely different procedural and factual context in *Harrington v. Purdue Pharma L.P.*, 603 U.S. ___, 144 S. Ct. 2071 (2024), to which context the Supreme Court of the United States explicitly restricted its holding, the decision in that case mandates the denial of the Second Extension Motion; and (b) the facts and circumstances of these jointly administered Chapter 11 cases are, at this time, no longer extraordinary.  While the Trustee will ultimately conclude his investigation, that time has not yet come.  Accordingly, pursuant to Fed. R. Bankr. P. 9006, it is hereby

    **ORDERED:** The Second Extension Motion (ECF No. 3329) is granted as set forth herein; and it is further

    **ORDERED:** The time limitations set forth in 11 U.S.C. §§ 108, 546, and 549 for the Trustee to commence avoidance actions and other actions on behalf of the estate, as well as for amending any pending complaints, are extended through and including February 15, 2025, which date may be further extended upon notice and a hearing; and it is further

**ORDERED:** The terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED:** The Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

**ORDERED:** The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated at Bridgeport, Connecticut this 14th day of August, 2024.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut