```
 1                  UNITED STATES BANKRUPTCY COURT
                     DISTRICT OF CONNECTICUT
 2                      BRIDGEPORT DIVISION

 3   IN RE:                    .  Chapter 11
                               .  Case No. 22-50073 (JAM)
 4   HO WAN KWOK, et al.,      .
                               .  (Jointly Administered)
 5         Debtors.            .
                               .
 6   . . . . . . . . . . . . . .
                               .
 7   LUC A. DESPINS, CHAPTER 11 .  Adversary Proceeding
     TRUSTEE,                  .  No. 24-05249 (JAM)
 8                             .
           Plaintiff,          .
 9                             .
        v.                     .
10                             .  Courtroom 123
     ACA CAPITAL GROUP, LTD.,  .  Brien McMahon Federal Building
11   et al.,                   .  915 Lafayette Boulevard
                               .  Bridgeport, Connecticut 06604
12         Defendants.         .
                               .  Tuesday, August 27, 2024
13   . . . . . . . . . . . . . .  1:03 p.m.

14

15                    TRANSCRIPT OF HEARING
                BEFORE THE HONORABLE JULIE A. MANNING
16                 UNITED STATES BANKRUPTCY JUDGE

17

18

19   (APPEARANCES CONTINUED)

20   Audio Operator:          Electronically recorded

21   Transcription Company:   Reliable
                              The Nemours Building
22                            1007 N. Orange Street, Suite 110
                              Wilmington, Delaware 19801
23                            Telephone: (302)654-8080
                              Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

1   APPEARANCES:

2   For the Chapter 11
    Trustee:                    Patrick Linsey, Esquire
3                               NEUBERT PEPE & MONTEITH, P.C.
                                195 Church Street
4                               13th Floor
                                New Haven, Connecticut 06510
5
                                -and-
6
                                Luc A. Despins, Esquire
7                               Shlomo Maza, Esquire
                                PAUL HASTINGS, LLP
8                               200 Park Avenue
                                New York, New York 10166
9
                                Nicholas A. Bassett, Esquire
10                              2050 M Street, NW
                                Washington, DC 20036
11

12  For the U.S. Trustee:       Holley L. Claiborn, Esquire
                                OFFICE OF THE UNITED STATES TRUSTEE
13                              The Giaimo Federal Building
                                150 Court Street, Room 302
14                              New Haven, Connecticut 06510

15  For Pacific Alliance
    Asia Opportunity Fund:      Annecca H. Smith, Esquire
16                              ROBINSON & COLE, LLP
                                280 Trumbull Street
17                              Hartford, Connecticut 06103

18                              -and-

19                              Stuart M. Sarnoff, Esquire
                                O'MELVENY & MYERS, LLP
20                              Times Square Tower
                                7 Times Square
21                              New York, New York 10036

22  For the Official
    Committee of
23  Unsecured Creditors:        Kristin B. Mayhew, Esquire
                                PULLMAN & COMLEY, LLC
24                              850 Main Street
                                8th Floor
25                              Bridgeport, Connecticut 06601

1   <u>APPEARANCES (CONTINUED)</u>:

2   For G Club Operations,
  Weddle Law PLLC, FFP BVI
3   Limited, Ogier, and
  Pillsbury Winthrop Shaw
4   Pittman, LLP:              Kellianne Baranowsky, Esquire
                        GREEN & SKLARZ, LLC
5                         One Audubon Street
                        3rd Floor
6                         New Haven, Connecticut 06511

7   For Urban Legend:        Eilis Meagher, Esquire
                        FINN DIXON & HERLING, LLP
8                         6 Landmark Square
                        Stamford, Connecticut 06901

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>INDEX</u>

<u>MOTIONS</u>:                                                     <u>PAGE</u>

In re:  Ho Wan Kwok, *et al.*
Main Case no. 22-050073 (JAM)

Matter
No. 3396   Motion to Amend Order Directing Parties to            7
           Mediation, Appointing The Honorable James J.
           Tancredi as Mediator, and Amending Order
           Approving Procedures Applicable to Avoidance
           Claim Adversary Proceedings to Facilitate
           Consensual Pre-Litigation Mediation Filed by
           Patrick R. Linsey on behalf of Luc A. Despins,
           Chapter 11 Trustee

           Court's Ruling:                                     14


Luc A. Despins, Chapter 11 Trustee v ACA
Capital Group, Ltd., *et al.*
Adversary Case No. 24-05249 (JAM)

Matter
No. 3:     Motion for Default Judgment by the Court            16
           pursuant to Fed. R. Civ. P. 55
           (b)(2) and Fed. R. Bankr. P. 7055 against K
           Legacy Ltd. and Qiang Guo . Filed
           by Patrick R. Linsey on behalf of Despins, Luc
           A., Chapter 11 Trustee, Plaintiff

           Court's Ruling:                                     20



Transcriptionist's Certificate                                 24

1           (Proceedings commenced at 1:03 p.m.)

2               THE CLERK:  Case Number 22-50073, Ho Wan Kwok, and

3   Adversary 24-05249, Despins v ACA Capital Group, *et al.*

4               THE COURT:  Good afternoon.  If we could have

5   appearances for the record, please.

6               We'll start with is Attorney Claiborn, who's in

7   the courtroom.

8               Can anybody see Attorney Claiborn?

9               MS. CLAIBORN:  I'm a small person.

10      (Laughter)

11              MS. CLAIBORN:  Holley Claiborn for the U.S.

12  Trustee.

13              THE COURT:  Good afternoon.

14              All right.  Then we can start with the remote

15  participants with the can Chapter 11 Trustee, please.

16              MR. DESPINS:  Good afternoon, Your Honor.  Luc

17  Despins, Chapter 11 Trustee.

18              THE COURT:  Good afternoon.

19              MR. BASSETT:  Good afternoon, Your Honor.  Nick

20  Bassett from Paul Hastings, on behalf of the Chapter 11

21  Trustee.

22              THE COURT:  Good afternoon.

23              MR. LINSEY:  Good afternoon, Your Honor, Patrick

24  Linsey of Neubert Pepe & Monteith, Connecticut counsel for

25  the trustee.

1                THE COURT:  Good afternoon.

2                MR. SARNOFF:  Good afternoon, Your Honor.  Stuart

3        Sarnoff, O'Melveny & Myers, for creditor PAX.

4                THE COURT:  Good afternoon.

5                MS. SMITH:  Good afternoon, Your Honor.  Annecca

6        Smith, Robinson & Cole, Connecticut counsel for the creditor

7        PAX.

8                THE COURT:  Good afternoon.

9                MS. MAYHEW:  Good afternoon, Your Honor.  Kristin

10       Mayhew, Pullman & Comley, on behalf of the Creditors

11       Committee.

12               THE COURT:  Good afternoon.

13               MS. MEAGHER:  Good afternoon, Eilis Meagher of

14       Finn Dixon & Herling, on behalf of Urban Legend.

15               THE COURT:  Good afternoon.  Attorney Meagher, do

16       you have an appearance in the main case or just in an

17       adversary?  I'm just curious.  I don't have all the names of

18       people in front of me at the moment.

19               MS. MEAGHER:  Just in an adversary.

20               THE COURT:  Okay.  Thank you.

21               MS. BARANOWSKY:  Good afternoon, Your Honor.

22       Kellianne Baranowsky.  I represent several parties in the

23       main case.  In the adversary proceeding, I'm appearing

24       strictly in an observational capacity.

25               THE COURT:  Okay.  Good afternoon.

1          All right.  Trustee Despins, there are two matters

2   on the calendar.  The matter in the main case is the motion

3   to amend the order approving procedures with regard to the

4   mediation of matters.  And then there's the matter in the

5   adversary proceeding, so how do you wish to proceed.

6          MR. DESPINS:  The matter in the main case, Your

7   Honor, then Mr. Linsey will address that.

8          Basically, I think that maybe he'll state this,

9   but Judge Tancredi has the modification, but nevertheless,

10  Your Honor needs to consider it and approve it if you think

11  it's appropriate, but Mr. Linsey, go ahead.

12         MR. LINSEY:  Yes, Your Honor.

13         This motion amends the existing mediation

14  procedures to create a procedure for voluntary mediation of

15  claims prior to litigation.  The trustee is presently

16  negotiating with quite a few parties that have not yet been

17  sued.  As the Court is aware, numerous potential Defendants

18  have executed tolling stipulations.  There are some potential

19  Defendants that are amenable to mediating on a fully

20  voluntary basis.  As the trustee said, the trustee has

21  consulted with Judge Tancredi and understands that Judge

22  Tancredi is amenable to doing that in appropriate

23  circumstances.

24         The effect of this order would be to create a

25  supplemental program that would apply only to consensual pre-

1   litigation mediation; it would not change the procedures for

2   parties who are presently in the mediation program under the

3   existing order.  It would apply to potential Defendants that

4   the trustee has not yet sued or to Defendants who have been

5   sued, but not yet appeared, such that litigation has not yet

6   occurred; again, only to the extent that the counterparties

7   wish to take advantage of it.

8          Any party participating in the program would be

9   required to agree in writing to be bound by the consensual

10  mediation procedures, among other things.  This includes the

11  provisions in the existing order regarding confidentiality of

12  mediation proceedings and confirming Judge Tancredi's

13  judicial immunity for service as mediator.  The consensual

14  mediation program would also be voluntary on a case-by-case

15  basis, as applied to Judge Tancredi.  It would be within his

16  discretion to accept or reject any proposed consensual pre-

17  litigation mediation.  This was done intentionally to permit

18  Judge Tancredi to determine whether he believes matters are

19  appropriate for motion and to avoid overburdening Judge

20  Tancredi.

21         Under the consensual procedures, any mediating

22  party or Judge Tancredi can terminate the consensual pre-

23  litigation mediation at any time for any reason.  So what we

24  have is a voluntary avenue for parties that are interested in

25  participating, as long as they are interested in

1  participating, which ensures that the program will be

2  productive.

3          No objections have been filed with respect to the

4  motion.  That speaks, in part, presumably to the fact that

5  these procedures are voluntary and they're flexible.

6          The trustee is optimistic that a consensual, pre-

7  litigation mediation program will result in settlements that

8  will avoid potential litigation that would otherwise require

9  the estate, counterparties, and the Court to invest resources

10  in dealing with that litigation.

11          And with that, I'm happy to answer any questions

12  that the Court may have.

13          THE COURT:  I do not have any questions, thank

14  you.

15          Attorney Claiborn?

16          MS. CLAIBORN:  Thank you, Your Honor.

17          I just wanted to make one comment.  There is a

18  paragraph that speaks to the possibility that motions to

19  settle with parties who are participating in this process

20  would be filed under seal and I just wanted to stand to rise

21  to say to the parties and the Court that the U.S. Trustee has

22  no objection to this process, but reserves all rights to

23  object to any pleading that may be filed under seal for not

24  meeting the standards that are required.

25          THE COURT:  Okay.  Thank you.

1          There is nothing in the proposed order that I

2   recall about filing under seal, but you're talking about a

3   paragraph in the motion?

4          MS. CLAIBORN:  There's a paragraph in the order.

5   It's paragraph 2, little four, no, sorry, little five, the

6   bottom of page 2.

7          THE COURT:  Oh, I see.  Okay.  I didn't see that.

8   Let me look at that, then.

9      (Pause)

10          THE COURT:  Well, it says it may be filed under

11  seal.

12          MS. CLAIBORN:  Correct.

13          THE COURT:  It doesn't say it will be filed under

14  seal.

15          MS. CLAIBORN:  Right.  I just didn't want there to

16  be any discussion later about not having objected to this

17  process.  We don't object to the actual process, but we

18  don't -- by not doing so, admit that --

19          THE COURT:  You're not waiving any rights to claim

20  that it shouldn't be filed under seal.

21          MS. CLAIBORN:  Correct, Your Honor.  Thank you.

22          THE COURT:  That's fine, thank you.

23          MR. LINSEY:  And I would just note, Your Honor,

24  there is a similar provision in the existing mediation

25  procedures for the claims mediation now.

1           THE COURT:  But those that have pending causes of

2   action; there's a difference, right?

3           MR. LINSEY:  Correct, Your Honor.

4           THE COURT:  The matters that are under -- that are

5   subject to --

6           MR. LINSEY:  Correct.

7           THE COURT:  -- mediation, and which matters there

8   may be pleadings filed under seal relate to actually pending

9   adversary proceedings.  This procedure relates to matters

10  that will have not been commenced by the trustee, correct?

11          MR. LINSEY:  In large part.

12          It would also apply where a Defendant has been

13  sued, but not yet appeared, that's because we've been

14  contacted by (indiscernible) counsel that wish to try to

15  negotiate a resolution without having to appear on the

16  litigation perspective and defense.  And the trustee is

17  amenable to doing that, provided that they consent in writing

18  to respect the mediation procedures.

19          THE COURT:  So you're saying only in the prior

20  order that it won't be referred to mediation unless someone

21  files an appearance on behalf of a Defendant?

22          MR. LINSEY:  That's correct, Your Honor.

23          THE COURT:  Okay.

24          MR. LINSEY:  Under the prior order --

25          THE COURT:  Does anyone else wish to be heard?

1      MR. LINSEY:  -- with the (indiscernible).

2      I apologize for --

3      THE COURT:  No, go ahead, Attorney Linsey.

4      MR. LINSEY:  No, it's fine.  I have nothing else

5  to add, Your Honor.

6      THE COURT:  Does anyone else wish to be heard on

7  the trustee's motion to amend the order directing parties to

8  mediation and amending and approving procedures applicable to

9  avoidance claim adversary proceedings to facility consensual

10  pre-litigation mediation -- see, when you say, "pre-

11  litigation mediation," it's not only pre-litigation

12  mediation, though; you've just clarified that, that there are

13  matters are pending.  It's just that that could apply to

14  this -- that this process could apply to, but that Defendant

15  hasn't filed a notice of appearance on -- no one has filed a

16  notice of appearance on behalf of a Defendant.

17      MR. LINSEY:  That's a good point, Your Honor, and

18  I struggled with the semantics of that, so if I didn't phrase

19  it articulately, I apologize.  I just meant that no -- we

20  just meant that nobody has shown up and begun defending.

21      THE COURT:  Does anyone else wish to be heard?

22      (No verbal response)

23      THE COURT:  So I guess what I need to do is, I'm

24  looking at the proposed order and it says by modifying -- on

25  the first page of the order:

1        "By modifying and supplementing the mediation

2   procedures to provide for the consensual mediation," and then

3   you defined it as "consensual pre-litigation mediation" of

4   claims, estate claims, okay.  But I guess the only issue is,

5   it's not necessarily pre-litigation; that's the only

6   difference.  There are some cases that are pending.  When I

7   say, "cases," I should say, "adversary proceedings," correct?

8        MR. LINSEY:  That's correct.

9        We can submit -- we can tweak that language and

10  submit a revised order if the Court would like.

11       THE COURT:  I think you might need do that.  I

12  don't want to hear someone say, well, wait a minute, I didn't

13  understand that.  I'd just rather it be a little more

14  pointed, which is that it applies to any pending adversary

15  proceeding in which a Defendant -- a notice of appearance has

16  not been filed on behalf of a Defendant or any claims that

17  have not been commenced as an adversary proceeding.  However

18  you want to amend it.  But I think you would need to do that

19  in order for it to be clear.

20       MR. LINSEY:  We'll make that clarification, Your

21  Honor.

22       THE COURT:  All right.  Hearing nothing from

23  anyone else, is that correct, no one else wishes to be heard

24  on the motion?

25       (No verbal response)

1          THE COURT:  All right.  I've reviewed the motion.

2    I understand that Judge Tancredi has consulted through the

3    mediation process with the trustee about the relief sought in

4    this motion to amend so that Judge Tancredi would agree to be

5    a mediator and facilitate a possible -- the mediation and

6    possible resolution of number one, either pending adversary

7    proceedings in which a Defendant has not filed a -- no one

8    has filed a notice of appearance on behalf of a Defendant, or

9    estate claims that have not been brought through an adversary

10   proceeding.

11          No one has filed any written objections to the

12   motion.  There is no one participating in this hearing today

13   that's objecting to the motion.  This motion and this order

14   apply to all of the mediation issues and will be filed, as

15   the motion was filed in the main case.

16          You're not going to file them in any adversary

17   proceedings, nor should you; it's a main case request for

18   relief.  So the order will enter in the main case.

19          You're going to submit a revised proposed order,

20   Attorney Linsey?

21          MR. LINSEY:  Yes, by tomorrow, if that's

22   acceptable to the Court?

23          THE COURT:  That's fine.  You can have until the

24   end of the week if you'd like.  Whatever you would prefer.

25          MR. LINSEY:  We'll get it in by tomorrow.

1           THE COURT:  Okay.  Just give me one moment,

2    please.

3          (Pause)

4           THE COURT:  So, with regard to the motion to amend

5    mediation procedures, to facilitate consensual mediations,

6    either for pending actions, in which a notice of appearance

7    has not been filed on behalf of a Defendant, or action of

8    estate actions of estate claims which have not been brought,

9    upon review of the motion, for the reasons stated on the

10   record and because no one has filed any objection to the

11   motion, the motion is granted and the trustee's counsel will

12   submit a revised proposed order on or before August 28th.

13   Thank you.

14          MR. LINSEY:  Thank you, Your Honor.

15          THE COURT:  Trustee Despins, how about we now turn

16   to the motion for default judgment in the adversary

17   proceeding, correct?

18          MR. DESPINS:  That's correct, Your Honor, and Mr.

19   Bassett will handle that matter.  Thank you.

20          THE COURT:  Okay.  Thank you.

21          Okay.  Attorney Bassett, you may proceed --

22          MR. BASSETT:  Yes.

23          THE COURT:  -- in connection with the motion for

24   default judgment in Adversary 24-05249.

25          MR. BASSETT:  Thank you, Your Honor.

1       So the motion today is to hold two of the

2  Defendants in that adversary proceeding, K Legacy Ltd. and

3  Qiang Guo, the debtor's son, to have the Court enter default

4  judgment against those two Defendants.

5       By way of brief background, Your Honor, K Legacy

6  is another shell company of the debtor and it's similar in

7  many ways to HK USA, which, as the Court knows, the debtor

8  used to hold title to his yacht and HK USA was, itself,

9  nominally, opened by the debtor's daughter.

10      In this case, K Legacy is a BVI-based shell

11  company that is nominally owned by the debtor's son and the K

12  Legacy, in turn, holds title to a luxury apartment belonging

13  to the debtor, located in London that was purchased in 2016

14  for approximately 33 million pounds.

15      The complaint seeks a judgment like many

16  complaints before it, both, declaring that K Legacy and its

17  assets are, and always have been, property of the Chapter 11

18  estate, that includes the London apartment, and then, also an

19  order that such property be surrendered to the trustee.

20      As Your Honor is aware from past default judgments

21  that we have filed in this case, in order to obtain a default

22  judgment, the trustee has to both, demonstrate that the

23  Defendants were served validly with a summons and complaint,

24  but they, thereafter, failed to timely answer, and then the

25  trustee also has to show that the complaint, on its face,

1  with the allegations deemed admitted, plausibly alleges facts

2  sufficient to support a determination that the trustee

3  entitled to the relief seeks, namely, an order that the

4  estate owns K Legacy and its assets.

5           Your Honor, all of these elements are satisfied in

6  this case.  First, as we set forth in our papers, the trustee

7  served both Defendants.  Qiang Guo, the debtor's son is

8  located in the United Kingdom.  He was validly served with a

9  summons and a complaint via mail on March 21st, 2024.  The

10 summons, with which he was served gave him 60 days to answer,

11 until May 26th.  He filed to answer.

12          On June 10th, the Court entered a default against

13 Qiang Guo.  This service is compliant, Your Honor, with both,

14 the Federal Rules and the Hague Convention.  The applicable

15 Federal Rule would be -- sorry -- Rule 4(f)(1), which permits

16 service, according to Hague Convention, and then pursuant to

17 Article 10(a) of the Hague Convention, a Plaintiff may serve

18 documents, via mail, to the extent that the signatory country

19 to the Convention does not object.  Here, the United Kingdom

20 has not objected to service by mail under 10(a), therefore,

21 service by mail is appropriate.  And we cite cases which have

22 held accordingly in our papers.

23          K Legacy, as I mentioned, is an entity based in

24 the BVI.  It was validly served with the summons and

25 compliant through its registered agent in the BVI on

1  February 29th, 2024.  It, too, had 60 days to answer until

2  April 29th and it failed to do so.  And on May 17th, the

3  Court entered a default against K Legacy.

4        Service in the manner I just described, colony

5  replied with the applicable rules and the Hague Convention;

6  again, the rule referenced would be Rule 4(f)(1) and then

7  Article 10(c) of the Hague Convention, which allows service

8  through judicial officers and officials of the state of

9  destination, and, in particular, the United Kingdom, which

10  controls the BVIs.  Signing on to the Convention has stated

11  that one can serve a BVI company through a solicitor and/or

12  an agent, therefore, the service that was conducted on K

13  Legacy's registered nation in the BVI, complies with the

14  applicable rules and the Hague Convention.

15        Service having been complete and the Defendants

16  having failed to answer, the only question remaining is

17  whether the complaint states a valid claim for the relief

18  that it seeks.  Here, the allegations in the complaint

19  establish, in our view, overwhelmingly that the debtor is the

20  true beneficial owner of K Legacy and its assets.  We go

21  through this in our papers, but to quickly summarize, K

22  Legacy Ltd., to the trustee's knowledge, and as alleged in

23  the complaint, has no business purpose, other than to serve

24  as a shell company, holding title to the London apartment.

25  We allege that the debtor funded the purchase of the London

1  apartment.  We also allege in detail that the debtor
2  exercised control and dominion over the London apartment.  It
3  was the debtor's home in London.  The debtor occupied the
4  master bedroom of that apartment.  The debtor publicly
5  referred to the apartment as his home.  He, in a television
6  interview, boasted that he owned the most luxurious apartment
7  in London.  The debtor kept all the relevant documents
8  related to the London apartment, including the purchase
9  contract in his possession.  He decided when and how to pay
10 for the bills to the apartment.  He came and went from the
11 London apartment whenever he wished, without anyone's
12 permission, and the security staff at the apartment took
13 direction from the debtor, not from his son or anybody else.
14 When the debtor was asked about the London apartment in his
15 deposition, he invoked the Fifth Amendment.
16         So, Your Honor, based on the fact that both of the
17 Defendants were validly served, that they failed to answer
18 and that the complaint sufficiently contains allegations to
19 support the relief requested, we would respectfully request
20 that the Court enter the default judgment that we've
21 requested in the form of the proposed order attached to the
22 motion.
23         I'm happy to answer any questions.
24         THE COURT:  Thank you.  I do not have any
25 questions.

1        Does anyone else wish to be heard in connection

2   with the motion for default judgment in this adversary

3   proceeding?

4        (No verbal response)

5        THE COURT:  Okay.  I hear no response from anyone,

6   with regard to the motion for default judgment.

7        I am going to take it under advisement, but I

8   think I will rule in short order.  I would like to look back

9   at some of the allegations in the complaint and the proposed

10  order, which I did look at, but I want to make sure that I've

11  got everything in my head in front of me properly and that I

12  understand the default judgment is to liability only, with

13  regard to certain counts in the complaint, and then also,

14  that the ownership interests in K Legacy and that were held

15  by the debtor's son and the assets of K Legacy, including

16  that apartment -- but I don't know if there are other

17  assets -- were property of the debtor and the debtor's

18  Chapter 11 estate, and that I just need to look at all of

19  those again.

20       So I will take the matter under advisement, but I

21  do believe that there will be an order entered within the

22  next, you know, 7 to 10 days, at the longest.

23       MR. BASSETT:  Thank you, Your Honor.

24       THE COURT:  Does anyone have any questions?

25       MR. DESPINS:  No, Your Honor.  I don't have a

1  question.

2          I would just want to thank the Court for that

3  because we know that the owner of the building in which the

4  apartment was located has commenced litigation against K

5  Legacy for failure to pay maintenance, et cetera, for many

6  months.  They've obtained a default judgment, so there's a --

7  I wouldn't say there's a race to the courthouse, but we

8  appreciate the fact that Your Honor is going to look at this

9  on the schedule that we proposed.  We really appreciate that.

10          THE COURT:  Yeah, I mean, it could be before the

11  end of the week, but I just don't want to promise anything

12  that I might not be able to, a deadline that I might not be

13  able to meet, okay?

14          MR. BASSETT:  Thank you.

15          MR. DESPINS:  Thank you, Your Honor.

16          THE COURT:  All right.  Is there anything else

17  that we should address this afternoon?  I know we have a

18  hearing next week, as well, on, I believe retention of a real

19  estate broker.  I think that's the only thing that's coming

20  up next week.

21          MR. DESPINS:  Retention of a broker and also, plus

22  any payments that we've made and will continue to make, with

23  respect to the maintenance of the Taconic property.

24          THE COURT:  Is that on the calendar or --

25          MR. DESPINS:  It's part -- it's in the same

1   motion.

2         THE COURT:  It's part of the motion?

3         MR. DESPINS:  Yes, it is.

4         THE COURT:  Oh, okay.  Okay.  Right.  Right.

5   Sorry.  Sometimes --

6         MR. DESPINS:  And, Your Honor, I want to say this,

7   because I've been very critical of the Kwok family over time

8   and I hope I will not regret this later, but we took

9   possession of the house and I can imagine this being the

10  equivalent of a foreclosure, and I was expecting the worse,

11  and quite to the contrary, to date, it appears the house was

12  left in immaculate condition, again, time will tell, so I

13  wanted to make sure the Court was aware of this, because I

14  have been very critical of them in the past, but I will say

15  on this aspect, so far, it looks like they were very

16  professional about the transfer of possessions.

17         Thank you, Your Honor.

18         THE COURT:  Well, thank you for letting the Court

19  know that.  I appreciate that.  And I will say that if there

20  are not objections filed to your motion that is scheduled for

21  a hearing next week, we will probably conduct it remotely, as

22  well, in an attempt to keep costs down in this case.

23         MR. DESPINS:  Thank you.

24         THE COURT:  I don't know if there will be an

25  objection.  I understand Attorney Major, representing those

1    entities, has been cooperative in connection with the

2    pleadings and the representations made in the court -- made

3    in court by Attorney Major, so I'm happy to hear that.  And

4    if we -- you know, we're obviously closed next Monday, as

5    hopefully all of you might have a day off, as well, for the

6    holiday, but we will most likely, Friday afternoon, or

7    Friday, indicate that if there are no objections filed, that

8    the hearing will be remote, okay?

9            MR. DESPINS:  Thank you, Your Honor.

10           THE COURT:  Is there any other business that we

11   should address this afternoon?

12           MR. DESPINS:  Not at this time, Your Honor, thank

13   you.

14           THE COURT:  Okay.  Well, thank you, all.

15           As I said, the motion with regard to the mediation

16   procedures is granted.  The motion for default judgment in

17   the adversary proceeding, I'm taking under advisement, but

18   will rule in short order.

19           So that is the last matter on today's calendar, so

20   court is adjourned.  Thank you, all.

21           COUNSEL:  Thank you, Your Honor.

22           THE CLERK:  All rise.  Court is adjourned.

23        (Proceedings concluded at 1:31 p.m.)

24

25

1

## CERTIFICATION

2          I certify that the foregoing is a correct

3  transcript from the electronic sound recording of the

4  proceedings in the above-entitled matter to the best of my

5  knowledge and ability.

6

7  /s/ William J. Garling                    August 29, 2024

8  William J. Garling, CET-543

9  Certified Court Transcriptionist

10 For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25