**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                        :    Chapter 11
:
HO WAN KWOK *et al.*,                         :    Case No. 22-50073 (JAM)
:
Debtors.[1]                            :    Jointly Administered
:
---------------------------------------------------------x

# NOTICE OF FILING:
# <u>CORRECTED REDLINE FORM OF PROPOSED ORDER GRANTING MOTION</u>

Luc A. Despins, in his capacity as Chapter 11 Trustee (the "<u>Trustee</u>") for Ho Wan Kwok, hereby files a corrected redline form of the revised proposed order, to show changes against the version of the proposed order filed at ECF No. 3450.[2]

Dated: September 2, 2024            LUC A. DESPINS, CHAPTER 11 TRUSTEE
       New Haven, Connecticut

                                    By: */s/ Kari A. Mitchell*
                                        Kari A. Mitchell (ct31578)
                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2884
                                        kmitchell@npmlaw.com
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

                                                *and*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] There have been no changes to the revised proposed order attached as Exhibit B-1 at ECF No. 3497, only to Exhibit B-2.

G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
alexbongartz@paulhastings.com

 *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**CORRECTED EXHIBIT B-2 to ECF NO. 3497**

**[CORRECTED REVISED PROPOSED] ORDER (REDLINE)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                  :

In re:                                        :        Chapter 11

HO WAN KWOK *et al.*,              :        Case No. 22-50073 (JAM)

        Debtors.1                   :        Jointly Administered

---------------------------------------------------------x

**[REVISED PROPOSED] ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a), 328, AND 363(b), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF REAL PROPERTY BROKER, EFFECTIVE AS OF AUGUST 23, 2024, FOR SALE OF GREENWICH PROPERTY, (II) AUTHORIZING TRUSTEE TO FUND EXPENSES
RELATED TO GREENWICH PROPERTY AND
(III) FOR RELATED RELIEF**

Upon the motion (the "Motion"),2 filed Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), pursuant to sections 327(a), 328(a) and 363(b) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order") authorizing the Trustee (i) to employ and retain Compass, Inc. (the "Broker") as broker to market and sell the property, in accordance with the terms and conditions set forth in the Agreement, and (ii) to fund the reasonable and necessary expenses related to the real property at 373 Taconic Road,

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Greenwich, Connecticut (inclusive of all improvements and personal property thereon, the "Greenwich Property"), including, without limitation, payment of the utilities, insurance, any real estate taxes owing with respect to the property, and any cleaning, staging or other expenses necessary to prepare the property to be sold (collectively, the "Greenwich Expenses"), up to the maximum amount of three hundred and fifty thousand dollars ($350,000) (the "Expenses Cap"), all as further detailed in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and this Court being satisfied based on the representations made in the Motion and in the Burke Declaration that, as more fully disclosed in the Burke Declaration, (a) the Broker does not hold or represent an interest adverse to the Debtors' estates and (b) the Broker is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is approved as set forth herein. All objections to the relief requested in the Motion, whether filed or not, are hereby overruled.

~~1.~~2. The Trustee is authorized to retain and employ the Broker as broker in connection with the sale of the Greenwich Property, on the terms set forth in the Agreement, subject to the terms of this Order.

~~2.~~3. ~~The Broker's fee of 4.5% of the sale price of the Greenwich Property is hereby approved. The~~The Broker shall be entitled to a fee of 4.5 percent of the sale price of the Greenwich Property (to be shared 50-50 with the broker for the purchaser), *provided, however*, notwithstanding anything in the Agreement to the contrary, if the Listing Agent brings the purchaser of the Greenwich Property or if the purchaser is not represented by a broker, the Broker's fee shall be reduced to 3 percent of the sale price of the Greenwich Property, *provided, further*, the Broker shall not be entitled to this fee unless the sale of the Greenwich Property is consummated (the "Broker's Fee"). The Broker's Fee and the payment by the Trustee of $11,000 directly to the staging company for the virtual staging of the Greenwich Property (the "Staging Fee") ~~is also~~are hereby approved.

~~3.~~4. The Trustee and the Broker shall not be required to file monthly, interim, or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, the Trustee shall seek authority to make payment to the ~~Broker of its fees~~ Broker's Fee calculated in accordance with the Agreement as modified by this Order as part of the Trustee's motion to approve any sale of the Greenwich Property, *provided, however*, the Trustee may pay the Staging Fee directly to the staging company immediately upon entry of this Order. The Broker shall be compensated for its services solely in accordance with the procedures set forth in this Order and any such other procedures as may be fixed by order of this Court.

3

4.5.	The Trustee may use property of the Estate to fund the Greenwich Expenses up to the amount of the Expenses Cap.

5.6.	The Expenses Cap shall be subject to increase upon a motion filed by the Trustee with notice to (a) Hing Chi Ngok, (b) Greenwich Land, LLC, (c) the Debtor, (d) the Official Committee of Unsecured Creditors, (e) the United States Trustee, and (f) all parties appearing in the Chapter 11 Case eligible to receive electronic notice, which motion shall be heard upon seven days' notice subject to the schedule of the Court.

7.	The Broker has agreed that, notwithstanding anything to the contrary contained in the Agreement, the Seller/Trustee reserves the right to refuse any and all offers, including offers listed at or above the listed price. As such, the certain liens rights pursuant to Conn. Gen. Stat. Ann. Section 20-325a do not apply to the Agreement.

6.8.	To the extent the Motion or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

7.9.	The Trustee and the Broker are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

8.10.	The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.	This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4

11.