UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                               :    Chapter 11
                                                     :    Case No. 22-50073 (JAM)
HO WAN KWOK *et al.*,                                :
                                                     :    Jointly Administered
                         Debtors.[1]                 :
                                                     :    Re: ECF No. 3450
------------------------------------------------------x

**ORDER GRANTING MOTION (I) FOR AUTHORITY TO EMPLOY AND RETAIN REAL PROPERTY BROKER, EFFECTIVE AS OF AUGUST 23, 2024, FOR SALE OF GREENWICH PROPERTY, (II) AUTHORITY TO FUND EXPENSES RELATED TO GREENWICH PROPERTY AND (III) FOR RELATED RELIEF**

On August 23, 2024, Mr. Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") appointed in the Chapter 11 case of Mr. Ho Wan Kwok (the "Debtor") filed a motion (the "Motion") (ECF No. 3450)[2] seeking, pursuant to sections 327(a), 328(a) and 363(b) of title 11 of the United States Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, entry of an order (the "Order") authorizing the Trustee (i) to employ and retain Compass, Inc. (the "Broker") as broker to market and sell the property, in accordance with the terms and conditions set forth in the Agreement, and (ii) to fund the reasonable and necessary expenses related to the real property at 373 Taconic Road, Greenwich, Connecticut (inclusive of all improvements and personal property thereon, the "Greenwich Property"), including, without limitation, payment of

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the utilities, insurance, any real estate taxes owing with respect to the property, and any cleaning, staging or other expenses necessary to prepare the property to be sold (collectively, the "Greenwich Expenses"), up to the maximum amount of three hundred and fifty thousand dollars ($350,000.00) (the "Expenses Cap"), all as further detailed in the Motion. Attached to the Motion, the Trustee filed, among other things, the Exclusive Right to Sell Agreement (the "Engagement Agreement") and the Declaration of Julie Grace Burke (the "Burke Declaration").

On August 27, 2024, the United States Trustee (the "U.S. Trustee") filed a limited objection to the Motion. (ECF No. 3457.) On August 29, 2024, the Trustee filed the Supplemental Declaration of David Haffenreffer (the "Haffenreffer Declaration") (ECF No. 3484). On September 2, 2024, the Trustee filed, among other things, the Supplemental Declaration of Julie Grace Burke (the "Supplemental Burke Declaration") (ECF No. 3497).

On September 3, 2024, a hearing was held on the Motion. During the hearing, the U.S. Trustee confirmed that the changes the Trustee had made to the proposed order resolved two of the four bases for the limited objection. During the hearing, the Trustee and the U.S. Trustee agreed the extant issues are (i) whether Ms. Julie Grace Burke and the Broker are "disinterested persons" under section 327(a) of the Bankruptcy Code and (ii) whether the Broker has "an interest adverse to the estate" under section 327(a) because the Engagement Agreement allows for dual agency. At the conclusion of the hearing, the Court took the Motion under advisement.

Regarding the dispute over whether Ms. Burke and the Broker are "disinterested persons", the locus of the dispute between the Trustee and the U.S. Trustee is the extent of the Broker's conflict check. The Burke Declaration and Haffenreffer Declaration aver, respectively, that Ms. Burke and the Broker performed a conflict check against a list of the Debtor's family members and adjudged *alter egos*. The Supplemental Burke Declaration avers that Ms. Burke

performed a conflict check against a list of parties in interest, the Court, and the U.S. Trustee. The Trustee argues Ms. Burke and the Broker performed a sufficient conflicts check and more rigor would be onerous and dissuade brokers from being hired by bankruptcy trustees and debtors-in-possession. The U.S. Trustee argues that the Broker itself needs to perform the conflicts check that Ms. Burke performed and that Ms. Burke should have performed her conflicts check more rigorously.

The Court agrees with the Trustee. Under Conn. Gen. Stat. § 20-312b, Ms. Burke is an independent contractor rather than an employee of the Broker. The addendum to the Engagement Agreement makes clear that Ms. Burke is the listing agent for the sale of the Property. As evidenced by the Supplemental Burke Declaration, Ms. Burke performed an extensive conflicts check. The Broker also performed a conflicts check. The Broker is being retained for the limited purpose of selling the Property.

Regarding paragraph 6(i) of the Engagement Agreement, which provides for potential dual agency upon the signed consent of both the Trustee and the potential buyer, the Trustee argues Ms. Burke will not represent any potential buyer and prohibiting potential dual agency would depress the sale price of the Property because the Broker is large and important in the relevant market. The U.S. Trustee argues that, whatever the practical implications may be, section 327(a) prohibits dual agency.

The Court agrees with the Trustee. Ms. Burke, an independent contractor as noted above, represented to the Court that she will not represent potential buyers in addition to the Trustee. Moreover, the Broker will not represent potential buyers in addition to the Trustee without the informed, signed consent of Trustee and the potential buyer as mandated by Conn. Gen. Stat. §

3

20-325g and as acknowledged in the Engagement Agreement. The Trustee may, within his business judgment, grant or withhold his consent to such dual agency as the occasion arises.

For the reasons stated above, it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing good and sufficient cause exists to grant the Motion, IT IS HEREBY ORDERED THAT:

1. The Motion is approved as set forth herein. All objections to the relief requested in the Motion, whether filed or not, are hereby overruled.

2. The Trustee is authorized to retain and employ the Broker as broker in connection with the sale of the Greenwich Property, on the terms set forth in the Agreement, subject to the terms of this Order.

3. The Broker shall be entitled to a fee of 4.5 percent of the sale price of the Greenwich Property (to be shared 50-50 with the broker for the purchaser), *provided, however*, notwithstanding anything in the Agreement to the contrary, if the Listing Agent brings the purchaser of the Greenwich Property or if the purchaser is not represented by a broker, the Broker's fee shall be reduced to 3 percent of the sale price of the Greenwich Property, *provided, further*, the Broker shall not be entitled to this fee unless the sale of the Greenwich Property is consummated (the "Broker's Fee"). The compensation structure of the Broker's Fee and the

payment by the Trustee of $11,000 directly to the staging company for the virtual staging of the Greenwich Property (the "Staging Fee") are hereby approved.

4. The Trustee and the Broker shall not be required to file monthly, interim, or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, the Trustee shall seek authority to make payment to the Broker's Fee calculated in accordance with the Agreement as modified by this Order as part of the Trustee's motion to approve any sale of the Greenwich Property, *provided, however*, the Trustee may pay the Staging Fee directly to the staging company immediately upon entry of this Order. The Broker shall be compensated for its services solely in accordance with the procedures set forth in this Order and any such other procedures as may be fixed by order of this Court.

5. The Trustee may use property of the Estate to fund the Greenwich Expenses up to the amount of the Expenses Cap.

6. The Expenses Cap shall be subject to increase upon a motion filed by the Trustee with notice to (a) Hing Chi Ngok, (b) Greenwich Land, LLC, (c) the Debtor, (d) the Official Committee of Unsecured Creditors, (e) the United States Trustee, and (f) all parties appearing in the Chapter 11 Case eligible to receive electronic notice, which motion shall be heard upon seven days' notice subject to the schedule of the Court.

7. The Broker has agreed that, notwithstanding anything to the contrary contained in the Agreement, the Seller/Trustee reserves the right to refuse any and all offers, including offers listed at or above the listed price. As such, the certain liens rights pursuant to Conn. Gen. Stat. Ann. Section 20-325a do not apply to the Agreement.

8. To the extent the Motion or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

9. The Trustee and the Broker are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 4th day of September, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut