# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, et al., | Case No. 22-50073 (JAM) |
|  | (Jointly Administered) |
| Debtors. [1] |  |

## APPLICATION OF CHAPTER 11 TRUSTEE
## FOR ENTRY OF ORDER APPROVING RETENTION OF WINNE, BANTA, BASRALIAN & KAHN, P.C., AS SPECIAL NEW JERSEY REAL ESTATE COUNSEL TO TRUSTEE EFFECTIVE AS OF AUGUST 19, 2024

Luc Despins, in his capacity as the Chapter 11 Trustee (the "Trustee" or "Movant") appointed in the Chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), files this application (the "Application") requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) appointing Winne, Banta, Basralian & Kahn, P.C. ("WBBK") as special New Jersey real estate counsel to the Trustee, effective as of August 19, 2024, pursuant to sections 327(e) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"); and (ii) granting related relief.  In support of this Application, the Trustee submits the declaration of Richard R. Kahn ("Attorney Kahn"), principal of WBBK (the "Kahn Declaration"), attached as **Exhibit B** hereto, and further respectfully states as follows.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation (collectively, the "Chapter 11 case"). The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference* from the United States District Court for the District of Connecticut.  This is a core

proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(e) and 328 of the

Bankruptcy Code.

## BACKGROUND

4.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      On March 21, 2022, the United States Trustee appointed an Official Committee of

Unsecured Creditors ("Committee") in the Chapter 11 Case.  No examiner has been appointed in

the Chapter 11 Case.

6.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF

No. 465] (the "Trustee Order") directing the United States Trustee to appoint a Chapter 11 Trustee

in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A.

Despins as the Trustee.[2]

7.      On July 8, 2022, the Court entered an order granting the appointment of Luc A.

Despins as the Trustee in the Chapter 11 Case [ECF No. 523].

---

[2]      The references to docket numbers set forth in this Application refer to the Chapter 11 Case docket unless otherwise
indicated.

3

## MAHWAH MANSION AND ADVERSARY PROCEEDING

8.      The Mahwah Mansion, as defined herein, is a 21-bedroom, 50,000-square-foot personal residence sitting on 12.5 acres overlooking the Ramapo mountains.  The Debtor purchased the Mahwah Mansion in 2021 for $26 million through Taurus Fund LLC ("Taurus Fund"), an entity then nominally owned by the Debtor's chauffeur and bodyguard, Scott Barnett.

9.      On July 11, 2023, the Trustee commenced an adversary proceeding (Adv. Proc. No. 23-05017, the "Mahwah A.P.") against Taurus Fund, and Scott Barnett and Taurus Management LLC, as trustees of Taurus Fund (collectively, the "Defendants"), seeking (a) a declaratory judgment that (i) the Debtor is the equitable owner of real property located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430 (the "Mahwah Mansion"), (ii) the Debtor is the equitable owner of Taurus Fund; and (iii) Taurus Fund is the alter ego of the Debtor; and (b) on these respective bases, an order under 11 U.S.C. §§ 541, 542 and 544 requiring turnover to the Debtor's Chapter 11 estate (the "Estate") and delivery to the Trustee of: (i) the Mahwah Mansion and all fixtures and personal property inside the Mahwah Mansion; (ii) any membership interest or other ownership interest in Taurus Fund; and (iii) all of Taurus Fund's assets.

10.     On August 24, 2023, the Court entered the *Memorandum of Decision and Order Granting in Part Motion for Preliminary Injunction* [Adv. Proc. 23-05017 ECF No. 47] (as modified, the "PI Order"), which provided, *inter alia*, that the Defendants were to employ security services (the "Security Services") for the Mahwah Mansion in order to secure and safeguard any and all assets or property of Taurus Fund, including the Mahwah Mansion; and that proof of insurance covering all assets and property of the Taurus Fund, including the Mahwah Mansion and all personalty and/or fixtures in, on or at the Mahwah Mansion was to be filed with the Court. (PI

Order at pp. 23).  Despite the requirements of the PI Order, the Defendants failed to provide proof of insurance covering the assets and property of Taurus Fund.

11.     Following the Debtor's conviction on nine felony charges in his criminal case, Taurus Fund informed the Trustee that it would no longer fund the Security Services, real estate taxes for the Mahwah Mansion, or other expenses associated with ownership and maintenance of the Mahwah Mansion (the "Carrying Costs").  The Trustee estimates that the Carrying Costs presently exceed $300,000 per quarter.

12.     On August 15, 2024, the Court entered its *Order Granting Amended Motion of Chapter 11 Trustee, Pursuant to 363(b), for entry of Order Authorizing Trustee to Fund Maintenance of Mahwah Mansion and for Related Relief* [ECF No. 3422] (the "Funding Order"). Pursuant to the terms of the Funding Order, the Trustee was authorized to use property of the Estate to fund the Carrying Costs.

13.     On September 11, 2024, the Trustee filed his Motion for Summary Judgment (the "Summary Judgment Motion") in the Mahwah A.P. [Adv. Proc. 23-05017 ECF No. 124] seeking entry of an order providing, among other things, that the Mahwah Mansion is property of the Estate.  If the Trustee obtains summary judgment, the Trustee intends to immediately market the Mahwah Mansion for sale for the benefit of the Estate.  The unique nature of this real property coupled with the uncertain real estate market and the substantial Carrying Costs, renders it prudent to prepare for the marketing and sale of the Mahwah Mansion in anticipation of a favorable ruling on the Summary Judgment Motion.

14.     To that end, the Trustee engaged in discussions with Attorney Kahn, a principal of WBBK, regarding retention of the law firm to act as New Jersey real estate counsel to the Trustee.

It is necessary that experienced New Jersey real estate counsel be involved from the outset in order to ensure the marketing and sale of the Mahwah Mansion is expeditious and effective.

**WBBK'S RETENTION**

15.     By this Application, the Movant requests entry of an order, substantially in the form attached hereto, appointing WBBK as New Jersey real estate counsel for the Trustee, effective as of August 19, 2024.

16.     It is evident that expertise in New Jersey real estate law would facilitate the negotiation and consummation of a future sale of the Mahwah Mansion. Attorney Kahn and WBBK have extensive expertise in New Jersey real estate law.

17.     The Mahwah Mansion is a unique property. The $26 million purchase price in 2021 was reportedly the highest sale price for residential real property in New Jersey that year.[3] The 2021 purchase by Taurus Fund was apparently preceded by a lengthy marketing period and marked price changes. Since 2021, the Debtor, through Taurus Fund, has funded millions of dollars into improvements at the Mahwah Mansion.

18.     The Mahwah Mansion is one of the most valuable assets of the Estate and therefore it is important to preserve and protect the asset for the benefit of the estate. However, the Carrying Costs are a large burden upon the Estate and are anticipated to remain a burden unless and until the property is sold.[4] It is also possible that the residential real estate market will be affected in

---

[3]     Mary Chao (January 31, 2022), *USA Today*, "This mansion is the most expensive house sold in NJ last year. Here's what $26M bought."

[4]     The Funding Order provides that, in the event there is no finding that the Mahwah Mansion is property of the Estate, the Trustee, for the benefit of the estate shall have a claim against Taurus Fund for the aggregate amount of the Carrying Costs, secured by a lien covering the Mahwah Mansion. (Funding Order, at p. 2-4 pp. 4). Further, in the event the Mahwah Mansion is the subject of any forfeiture proceedings related to the Criminal Case, the Trustee and the United States of America have stipulated that any expenses incurred by the estate to ensure the safekeeping and custody of the Mahwah Mansion shall be paid from the proceeds of a sale of the Mahwah Mansion. (*Order Approving, Pursuant to Bankruptcy Rule 9019, Motion of Chapter 11 Trustee Regarding*

the coming months by changes in interest rates and other market factors. As a result, it is imperative that the WBBK be ready to immediately commence work reviewing any listing agreements, negotiating and preparing a purchase and sale agreement, and ensuring any negotiated transaction is consummated upon its terms and in accordance with any orders of this Court.

## WBBK'S QUALIFICATIONS

19.     WBBK is one of the oldest firms in New Jersey and one of the largest full-service firms in Bergen County. The firm represents a wide array of clients, from small local businesses to Fortune 500 companies in real estate, land use, planning and zoning and many other practice areas. Attorney Kahn has practiced real estate law in New Jersey for over forty years. (Kahn Declaration at ¶ 4.)

20.     WBBK has substantial experience in the legal issues associated with the sale of Bergen County residential real property. (*Id*.) Its experience and expertise across different practice areas makes WBBK particularly well-suited to assist the Trustee with the marketing and sale of the Mahwah Mansion.

## SERVICES TO BE PROVIDED

21.     At the request of the Trustee, it is anticipated that WBBK will render the following services relating to the sale of the Mahwah Mansion:

    a)  Negotiation and review of any real estate broker listing agreement;

    b)  Negotiation and preparation of any purchase and sale agreements with respect to the real property;

    c)  Review and address any issues affecting the ownership, maintenance, and potential sale of the real property, including, without limitation, title issues;

    d)  Review, prepare and negotiate closing documentation; and

---

*Settlement with United States of America* [ECF No. 2849].)

7

e) Prepare for and attendance at the closing of a sale and address any post-closing issues.

## WBBK'S COMPENSATION

22.     WBBK intends to apply for compensation for professional services rendered on an hourly basis and for reimbursement of expenses incurred, subject to the Court's approval, and in compliance with sections 330 and 331 of the Bankruptcy Code and any other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates WBBK will charge are generally the same as the hourly rates that WBBK charges in other matters of a similar nature.  (*Id.* at ¶ 5.)

23.     Currently, WBBK's customary hourly rate ranges are as follows:

| **Timekeeper Category** | **Hourly Rate Range** |
| --- | --- |
| Partners | $485 – $595 |
| Associates | $260 – $375 |
| Paralegals | $200 – $225 |

(*Id.* at ¶ 6.)

24.     The Trustee submits that WBBK's hourly rates are reasonable and within the range of rates charged by comparably skilled professionals.

25.     It is WBBK's policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter.  The expenses charged to clients include, among other things, photocopying, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, and telecopier charges.  WBBK will charge the Trustee for these expenses in a manner and at rates consistent with charges generally made to its other clients.  (*Id.* at ¶ 7.)

26.     WBBK has agreed to accept as compensation for its services such sums as may be allowed by this Court, based upon the time spent and services rendered, the difficulties encountered, and other appropriate factors.  (*Id.* at ¶ 8.)

## WBBK IS DISINTERESTED AS TO ISSUES OF RETENTION

27.     Engagement of WBBK as special counsel, pursuant to section 327(e) of the Bankruptcy Code, is appropriate, because WBBK is to be engaged for "a specified special purpose," *i.e.*, to serve as New Jersey real estate counsel.  *See Daly v. Konover Constr. Corp. (In re Homesteads Cmty. at Newtown, LLC)*, 390 B.R. 32, 48 (Bankr. D. Conn. 2008) ("where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's … client with respect to the specific matter itself").

28.     WBBK has reviewed its electronic database to determine whether it has any relationships with the Debtor and parties in interest (as set forth in a list provided by Trustee's counsel) that were or plausibly may have been involved in affairs related to the Mahwah Mansion, and WBBK has not identified any connections to these parties in interest.  WBBK currently represents the municipality of Mahwah as to matters unrelated to the Mahwah Mansion.  WBBK has agreed to supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.  (*Id.* at ¶ 10.)  Based on the foregoing, WBBK does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matters on which WBBK is to be employed.

## NO PRIOR REQUEST

29.     No prior application for the relief requested herein has been made to this or any other court.

## BASIS FOR THE RELIEF

30.     This Application is made pursuant to sections 327(e) and 328 of the Bankruptcy Code, for entry of an order approving the retention of WBBK as New Jersey real estate counsel for the Debtors' estates.

9

**RETENTION EFFECTIVE AS OF AUGUST 19, 2024, IS APPROPRIATE**

31.     Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court orders otherwise."   Accordingly, the Trustee requests authority to retain and employ WBBK effective August 19, 2024, which was the date that WBBK began providing services to the Trustee.

**NOTICE**

32.     Notice of this Motion has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

33.     Accordingly, the Trustee respectfully submits that the WBBK retention and approval of the compensation sought herein is warranted.

*[Remainer of page intentionally left blank.]*

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, authorizing the employment of WBBK as special New Jersey real estate counsel, and such other and further relief as the Court deems just and proper.

Dated: September 16, 2024
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com
plinsey@npmlaw.com

*and*

G. Alexander Bongartz, Esq.
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6472

*Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                               :      Chapter 11
:
HO WAN KWOK, *et al.*,                               :      Case No. 22-50073 (JAM)
:
Debtors.[1]                               :      Jointly Administered
:
-------------------------------------------------------x

**[PROPOSED] ORDER APPROVING RETENTION OF WINNE, BANTA, BASRALIAN**
**& KAHN, P.C., AS SPECIAL NEW JERSEY REAL ESTATE COUNSEL TO TRUSTEE**
**EFFECTIVE AS OF AUGUST 19, 2024**

Upon the application (the "<u>Application</u>") of Luc Despins, in his capacity as the Chapter 11

trustee (the "<u>Trustee</u>" or "<u>Movant</u>") appointed in the Chapter 11 Case of Ho Wan Kwok (the

"<u>Debtor</u>") for entry of an order (this "<u>Order</u>") approving the retention of Winne, Banta Basralian

& Kahn ("<u>WBBK</u>") as special New Jersey real estate counsel effective as of August 19, 2024,

under sections 327(e) and 328 of the Bankruptcy Code; and it appearing that WBBK does not hold

an interest adverse to the Debtor or the Estate respecting the matters upon which it is to be engaged;

and good and sufficient notice of the Application having been given; and no other or further notice

being required; and it appearing that the employment of WBBK is in the best interest of the

Debtors' estates and creditors; and sufficient cause appearing therefor;[2]

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms not express defined herein adopt the definitions ascribed to them in the Application.

IT IS HEREBY ORDERED THAT:

1.  The Application is granted as set forth herein.

2.  The Trustee is authorized to retain and employ WBBK as his special New Jersey real estate counsel, effective as of August 19, 2024, pursuant to section 327(e) of the Bankruptcy Code, on the terms set forth in the Application and the Kahn Declaration.

3.  The Estate shall be responsible for WBBK's compensation and reimbursement of expenses in this Chapter 11 Case.

4.  The allowance of any compensation to be paid to WBBK shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

5.  The Trustee and WBBK are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

6.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT B

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                            :    Chapter 11
:
HO WAN KWOK, *et al*.,                            :    Case No. 22-50073 (JAM)
:
Debtors.[1]                          :    Jointly Administered
:
------------------------------------------------------x

**DECLARATION OF RICHARD R. KAHN IN SUPPORT OF TRUSTEE'S**
**APPLICATION FOR AUTHORIZATION TO RETAIN AND EMPLOY WINNE BANTA**
**BASRALIAN & KAHN AS SPECIAL NEW JERSEY REAL ESTATE COUNSEL TO**
**THE TRUSTEE EFFECTIVE AUGUST 19, 2024**

I, Richard R. Kahn, make this declaration (the "<u>Declaration</u>") under 28 U.S.C. § 1746:

1.      I am a principal of Winne Banta Basralian & Kahn ("<u>WBBK</u>"). The matters set

forth herein are made of my own personal knowledge and, if called and sworn as a witness, I

could and would testify competently thereto.[2]

2.      This Declaration is made in support of the Trustee's application (the "<u>Application</u>")[3]

for an order pursuant to sections 327(e) and 328 of Title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), authorizing the employment and retention of WBBK as special New Jersey real

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Certain of the disclosures herein relate to matters within the knowledge of other professionals at WBBK and are based on information provided by them.

[3]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

estate counsel to the Trustee as of August 19, 2024.  A proposed form of order granting the relief requested in the Application (the "Proposed Order") is annexed thereto as **Exhibit A**.

3.       WBBK is one of the oldest firms in New Jersey and one of the largest full-service firms in Bergen County.  The firm represents a wide array of clients, from small local businesses to Fortune 500 companies in real estate, land use, planning and zoning and many other practice areas.

4.       WBBK has substantial experience in the legal issues associated with the sale of Bergen County residential real property.  I have practiced real estate law in New Jersey for over forty years.

5.       WBBK intends to apply for compensation for professional services rendered on an hourly basis and for reimbursement of expenses incurred, subject to the Court's approval, and in compliance with sections 330 and 331 of the Bankruptcy Code and any other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates WBBK will charge are generally the same as the hourly rates that WBBK charges in other matters of a similar nature.

6.       Currently, WBBK's customary hourly rate ranges are as follows:

| Timekeeper Category | Hourly Rate Range |
| --- | --- |
| Partners | $485 – $595 |
| Associates | $260 – $375 |
| Paralegals | $200 – $225 |

7.       It is WBBK's policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's matter.  The expenses charged to clients include, among other things, photocopying, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other

computer services, and telecopier charges. WBBK will charge the Trustee for these expenses in a manner and at rates consistent with charges generally made to its other clients.

8.     WBBK has agreed to accept as compensation for its services such sums as may be allowed by this Court, based upon the time spent and services rendered, the difficulties encountered, and other appropriate factors.

9.     To the best of my knowledge, understanding, and belief, the proposed employment of WBBK is in all respects in accordance with and proper under section 327(e) of the Bankruptcy Code.

10.    WBBK has reviewed its electronic database to determine whether it has any relationships with the Debtor and parties in interest (as set forth in a list provided by Trustee's counsel) that were or plausibly may have been involved in affairs related to the Mahwah Mansion, and WBBK has not identified any connections to these parties in interest. WBBK currently represents the municipality of Mahwah as to matters unrelated to the Mahwah Mansion. WBBK has agreed to supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure. Based on the foregoing, I believe that WBBK does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matters on which WBBK is to be employed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: September 13, 2024
Hackensack, New Jersey

_____
Richard R. Kahn
Principal
Winne Banta Basralian & Kahn

3

## **SCHEDULE 1**

### **Potential Parties in Interest**

1. Ho Wan Kwok a/k/a Guo Wengui a/k/a Miles Guo a/k/a Miles Kwok (the Debtor, and the beneficial owner of the property)
2. Taurus Fund LLC, Nevada LLC (title owner of the property)
3. Taurus Management LLC, New Mexico LLC
4. Scott Barnett, last known address: 218 Elsie Avenue, Merrick, NY (formerly nominal owner of Taurus Fund LLC, Debtor's head of security, driver)
5. GS Security Solutions Inc., New York corporation
6. HGA Property Operation LLC, New Jersey LLC
7. Hamilton Opportunity Fund SPC, Cayman Island entity (Hamilton Taurus Fund SP or Taurus Fund SP are segregated portfolios within same)
8. G Club International Ltd., BVI entity
9. G Club Operations LLC, Puerto Rico LLC
10. Golden Spring (New York) Ltd., Delaware entity
11. Lamp Capital LLC, Delaware LLC
12. HCHK Technologies, Inc., Delaware corporation
13. HCHK Property Management, Inc., Delaware corporation
14. Lexington Property and Staffing, Inc., Delaware corporation
15. Amy Buck, Budd Lake, NJ
16. Buck Esq LLC (law practice based in Budd Lake, NJ)
17. Mei Guo, New York, NY and Greenwich, CT (Debtor's daughter)
18. Defeng Cao, New York, NY and Greenwich, CT (Debtor's daughter's boyfriend)
19. Hing Chi Ngok, Greenwich, CT (Debtor's wife)
20. Qiang Guo a/k/a Mileson Guo a/k/a Mileson Kwok, UK national (Debtor's son)
21. William Je, UK national (criminal co-conspirator, at large)
22. Yanping ("Yvette") Wang, New York (criminal co-conspirator, awaiting sentencing)
23. David Fallon, believed to be in UK
24. Gladys Chow, New York (project manager)
25. Lawall & Mitchell, LLC (Morristown, NJ law firm) and its principal, Aaron Mitchell
26. Savio Law LLC (Hazlet, NJ law firm, believed defunct) and its principal, Nicholas Savio
27. Yun Jin a/k/a Sean Jing, individual in New York
28. Qin Li, individual in New Jersey
29. Qi Yong, individual residing in Florida