UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HO WAN KWOK, ET. AL. | ) CASE NO. 22-50073 (JAM) |
| | ) |
| Debtors | ) (JOINTLY ADMINISTERED |
| | ) |
| | ) SEPTEMBER 17, 2024 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Yumei Hao, River Valley Operations, LLC and Golden Eagles Ventures, LLC (collectively, the "Movants") move to quash the Subpoenas for Rule 2004 Examination issued to them by Kari Mitchell, Esq., attorney for Chapter 11 Trustee for the Debtor, Luc Despins (the "Trustee") on or about August 29, 2024 (collectively, the "Subpoenas"). The Movants also move for the issuance of a protective order preventing disclosure of the documents and information requested in the Subpoenas. The Movants object to the Subpoenas because although they were issued pursuant to orders authorizing examination of the Movants under Federal Rule of Bankruptcy Procedure 2004, they exceed the scope of allowable discovery under that rule. The Movants also object to the Subpoenas because they appear to seek documents and information that seem to be part of a "fishing expedition" by the Trustee. The Movants object because the Trustee has failed to send copies of the subpoenas to the Movants. The Movants have not seen a complete copy of the document request as only a small portion was provided by Old National Bank and the Trustee never previously requested the documents from the Movants nor provided a copy of what was sought from the Bank.

1

Movants are unable to provide a more complete objection without seeing exactly what documents are being requested.  Finally, Movants request that compliance with the Subpoenas be stayed until the Movants see what is being requested , had an opportunity to discuss this with the Trustee and determine what documents should reasonably be produced.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Movants have not, up to this date, been part of this bankruptcy proceeding.

The Movants received notice from Old National Bank located in Indiana that the Bank had been served with a Subpoena requesting bank records and documents of the Movants. Attached as Exhibit A are the letters and portions of the subpoenas that were received. The Movants have not received full copies of the subpoenas. and wish to preserve the status quo until they have an opportunity to review them and determine what, if any objections  to  document requests should be made.

## II.    THE SUBPOENAS

A small portion of the Subpoenas were received by the Movants  from Old National Bank by letters dated September 6, 2024. The subpoenas were never received from the Trustee,  The definition section was not provided and it is unclear on what basis the Trustee needs these documents. It is unknown if any of the documents are related to the Debtors or to discover if there is a claim that money should be recovered from the Movants, The requests appear to go far beyond what is necessary to evaluate potential claims. It appears to be a fishing expedition.

The Movants are willing, in good faith, to resolve any disputes over the production of these bank records without court intervention.. Unfortunately, the Trustee chose to go directly to a bank without trying to first gettng the documents from the Movants.

**III.    THE TRUSTEE MAY NOT BE ENTITLED TO THE DISCOVERY SOUGHT
IN THE SUBPOENAS**

Rule 2004(b), in applicable part, limits the scope of discovery such that the "examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the <u>debtor</u>, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." (Emphasis added). It is presently unknown why the Trustee sent this subpoena, what it is investigating and what information it is looking for.

Once the complete subpoenas are received and a discussion takes place with the Trustee as to why these subpoenas are necessary, a better evaluation of the nature of the requests can be made,.

The Trustee should have provided prior notice pf the Subpoena directly to the Movants.

Under CGS 36a-43, the Trustee should have provided notice of the Subpoena to the Movants along with service upon the bank. This was not done in this case.

Under the Right to Financial Privacy Act which is followed by the State of Indiana, notice of the subpoena should have been given to the Movants/customers of the Bank. The Trustee did not do that in this case.

Finally, at a minimum, Movants request that any compliance with the Subpoenas be stayed pending the outcome of the hearing on this Motion.

**V.    CONCLUSION**

For the reasons stated herein, the Subpoenas should be quashed and a protective order entered preventing the disclosure of the information sought therein.

MOVANTS,
YUMEI HAO,RIVER VALLEY
OPERATIONS,LLC , GOLDEN
EAGLES VENTURES, LLC

By: ____s/s_____
    Ross G. Fingold
    rfingold@lawssf.com
    Fed Bar #ct05452
    Stokesbury & Fingold, LLC
    10 Waterside Drive, Suite 204
    Farmington, CT 06032
    (860) 606-1709

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on the 17th day of September 2024 in accordance with Rules 7004(a), 9014 F.R. Bankr. P., I served a copy of the foregoing by electronic mail.

\_\_\_s/s_____
ROSS G. FINGOLD

6

,

.

2