## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

-----------------------------------------------------------------x
:
In re:                                          :        Chapter 11
:
HO WAN KWOK, *et al.*,[1]                       :        Case No. 22-50073 (JAM)
:
Debtors.                      :        (Jointly Administered)
:
-----------------------------------------------------------------x

## EMERGENCY MOTION OF CHAPTER 11
## TRUSTEE FOR ORDER TO PROTECT AND
## PRESERVE EVIDENCE AND PROPERTY OF ESTATE

Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") for the estate of

Ho Wan Kwok (the "Debtor" or "Kwok"), hereby submits this *Emergency Motion for Order to*

*Protect and Preserve of Evidence and Property of the Estate* (the "Emergency Motion") pursuant

to 11 U.S.C. §§ 105 and 362(a)(3), seeking entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), directing (i) Microsoft Corporation ("Microsoft") to

preserve the domains known as "gsnyus.com" and "lampcapital.org" (collectively, the

"Microsoft Domains") and all content, communications, data, documents, and/or electronically

stored information (including all customer, subscriber, administrator, and/or global administrator

information) relating to, associated with, residing upon, and/or stored in the Microsoft Domains;

and (ii) directing Google LLC ("Google") to preserve the accounts known as

"wenguiguo@gmail.com," "xindeya2018@gmail.com," "milesnewyork777@gmail.com," and

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

"kwok.miles777@gmail.com" (collectively, the "Google Accounts") and all content,

communications, data, documents, and/or electronically stored information (including all

customer, subscriber, administrator, and/or global administrator information) relating to,

associated with, residing upon, and/or stored in the Google Accounts.  In support of this

Emergency Motion, the Trustee respectfully states the following:

## PRELIMINARY STATEMENT

1.    The Trustee recently learned that the Microsoft Domains are likely owned and/or

controlled by two entities that have been adjudged alter-egos of the Debtor:  Golden Spring

(New York) Ltd. ("Golden Spring") and Lamp Capital ("Lamp Capital").  E-mail

communications utilizing the Microsoft Domains and other evidence available to the Trustee

demonstrate that the Microsoft Domains were used by persons associated with the Debtor to

communicate about the whereabouts and disposition of assets belonging to the estate.   On the

basis of such evidence, the Trustee believes that the Microsoft Domains are property of the

estate, contain property of the estate, and/or contain additional evidence concerning the nature

and whereabouts of assets belonging to the estate.

2.    The Trustee believes the same with respect to the Google Accounts.  Specifically,

the Trustee recently learned from evidence adduced in the Debtor's criminal trial, among other

evidence available to the Trustee—including e-mail communications by and between the Debtor

and persons associated with the Debtor regarding the whereabouts and disposition of assets

belonging to the estate—that the Google Accounts likely belong to the Debtor and are thus

property of the estate.  On the basis of such evidence, the Trustee believes that the Google

Accounts are property of the estate, contain property of the estate, and/or contain additional

evidence concerning the nature and whereabouts of assets belonging to the estate.

2

3.      For those reasons, the Trustee intends to obtain or inspect both the Microsoft Domains and Google Accounts.  However, given his past experience in the chapter 11 cases, the Trustee is deeply concerned that persons associated with the Debtor will take steps to conceal, destroy, or otherwise modify content, communications, documents, data, and/or electronically stored information associated with the Microsoft Domains (or accounts thereof) and/or the Google Accounts before the Trustee can obtain and/or establish his rights to the same.  This concern stems from, among other things, the pattern of concealment, obstruction, and attempted spoliation that the Trustee has faced by persons associated with the Debtor in the chapter 11 cases.

4.      Due to these concerns, the Trustee seeks an emergency order (i) directing Microsoft to preserve the Microsoft Domains and all content, communications, data, documents, and/or electronically stored information (including all customer, subscriber, administrator, and/or account holder information) relating to, associated with, residing upon, and/or stored in the Microsoft Domains until such time that the Court determines the Trustee's rights  to the Microsoft Domains and any such evidence residing thereon, including without limitation whether the same belongs to the Debtor's estate; and (ii) directing Google to preserve the Google Accounts and all content, communications, documents, data, and/or electronically stored information (including all customer, subscriber, administrator, and/or account holder information) relating to, associated with, residing upon, and/or stored in the Google Accounts until such time that the Court determines the Trustee's rights to the Google Accounts and any such evidence residing thereon, including without limitation whether the same belongs to the Debtor's estate.

5.      Such relief is necessary to enable the Trustee a meaningful opportunity to

establish his rights with respect the Microsoft Domains and the Google Accounts, including any

property or evidence residing thereon, to prevent concealment or destruction of any such

property or evidence, and otherwise to prevent harm to the chapter 11 estate.

## BACKGROUND

6.      On December 4, 2023, the Court entered judgment for the Trustee in Adv. Pro.

No. 23-05023 [ECF No. 35] establishing, among other things, that Golden Spring was at all

times the Debtor's alter ego and that all property of Golden Spring is property of the Debtor's

estate.

7.      On February 1, 2024, the Court entered judgment for the Trustee in Adv. Pro. No.

23-05023 [ECF No. 66] establishing, among other things, that Lamp Capital was at all times the

Debtor's alter-ego and that all property of Lamp Capital is property of the Debtor's estate.

8.      The Trustee believes that the Microsoft Domains (including anything residing on

the domains) belong to Golden Spring and Lamp Capital, and as such are property of the estate.

The Microsoft Domains may contain evidence concerning the location, extent, and/or

whereabouts of assets belonging to the estate.

9.      The Trustee believes that the Google Accounts (including anything residing on

the accounts) belong to the Debtor and are thus property of the Estate.  Specifically, on June 27,

2024, evidence adduced in the Debtor's criminal trial revealed that one of the Google Accounts,

"wenguiguo@gmail.com," was extracted from the Debtor's cell phone.  *United States v. Kwok*,

No. 23-cr-118 (AT), Transcript, 06/27/2024 ("T"), at 4707–11; 4713–19.  As to the balance of

the Google Accounts, e-mail communications by and between the Debtor and persons associated

with the Debtor regarding the whereabouts and disposition of assets belonging to the estate,

among other evidence already available to the Trustee, establishes that the Google Accounts

likely belong to the Debtor and are thus property of the estate

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the Standing Order of Reference from the United States District Court for the District

of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue in

this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

11.    The Trustee seeks an emergency order to preserve and protect property of the

estate, including evidence regarding the whereabouts and disposition of the same that may reside

upon the Microsoft Domains and the Google Accounts.  Specifically, the Trustee seeks an

emergency order (i) directing Microsoft to preserve the Microsoft Domains and all content,

communications, data, documents, and/or electronically stored information (including all

customer, subscriber, administrator, and/or global administrator information) relating to,

associated with, residing upon, and/or stored in the Microsoft Domains until such time that the

Court determines the Trustee's rights to the Microsoft Domains and any such evidence residing

thereon, including without limitation whether the same belongs to the Debtor's estate; and (ii)

directing Google to preserve the Google Accounts and all content, communications, data,

documents, and/or electronically stored information (including all customer, subscriber,

administrator, and/or global administrator information) relating to, associated with, residing

upon, and/or stored in the Google Accounts until such time that the Court determines the

Trustee's right to the Google Accounts and any such evidence residing thereon, including

without limitation whether the same belongs to the Debtor's estate.

## BASIS FOR RELIEF REQUESTED

12.    Section 362 of the Bankruptcy Code protects property of the estate by prohibiting any act to obtain or exercise control over such property.  11 U.S.C. § 362(a)(3).  The Court has the power under section 105 of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code and to take "any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*  In addition, the Court is empowered to issue discovery preservation orders based on its inherent authority and on the authority conferred upon it by various provisions of the Federal Rules of Civil Procedure, such as Rules 26, 16, and 37.  *See Toussie v. Allstate Ins. Co.*, No. 15CV5235ARRCLP, 2018 WL 2766140 (E.D.N.Y. June 8, 2018), aff'd, No. 15-CV-5235 (ARR)(PK), 2018 WL 11451597, at *4 (E.D.N.Y. Aug. 15, 2018).

13.    When determining whether to issue a preservation order, courts have adopted a balancing test that considers the following factors: (i) the danger of destruction of evidence absent a court order, (ii) whether irreparable harm is likely to result to the party seeking preservation in the absence of an order, and (iii) the burden of preserving the evidence. *Toussie v. Allstate Ins. Co*., 2018 WL2766140, at *7 (noting that courts in Second Circuit have generally rejected notion that preliminary injunction standard is appropriate standard in context of orders to preserve relevant evidence and instead applied less onerous balancing test); *see also Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004) (describing two-prong test requiring party seeking preservation order to "demonstrate that it is necessary and not unduly burdensome"); *Capricorn Power Co. v Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433 (W.D.Pa. 2004) (describing similar three-prong balancing test for preservation orders); *Trepple v. Biovail*

*Corp.*, 233 F.R.D. 363 (S.D.N.Y. 2006) (describing *Capricorn* three-factor balancing test).

14.      Pursuant to this authority, for the reasons discussed below, the Trustee is entitled to the entry of the preservation order that he seeks.

## I.     Danger of Destruction Absent Court Order

15.      Reasonable grounds exist here for the Trustee to believe that the Microsoft Domains and the Google Accounts are property of the estate, contain property of the estate, and/or contain evidence concerning the location and nature of property belonging to the estate, and that all the foregoing is at risk of destruction absent the preservation order sought.

16.      As stated previously, the Trustee already possesses e-mail communications utilizing the Microsoft Domains and other evidence demonstrating that the Microsoft Domains belong to the estate, contain communications concerning the whereabouts and disposition of assets belonging to the estate, or both.  The "gsnyus.com" domain is an obvious abbreviation for Golden Spring and the "lampcapital.org" domain plainly employs the name of Lamp Capital. Both Golden Spring and Lamp Capital have been determined alter-egos of the Debtor.  Persons associated with the Debtor have unfettered access to accounts associated with the Microsoft Domains.  Upon learning of this Motion or the Trustee's efforts to inspect or obtain the Microsoft Domains, such persons may delete and destroy evidence residing thereon, that may belong to the estate and/or concerning the nature and whereabouts of assets belonging to the estate.  On information and belief, Microsoft does not preserve evidence residing on the Microsoft Domains on its own initiative or as a general business practice.  Accordingly, if an account user on one of the Microsoft Domains deletes or destroys, for example, communications residing upon the domain, such communications may be irrevocably lost in the absence of an order directing Microsoft to preserve the same.

17.    As stated previously, the Trustee believes the Google Accounts are property of the estate.  As to the "wenguiguo@gmail.com" account, a digital forensic examiner for the Federal Bureau of Investigation testified at the Debtor's criminal trial that it was among the "user accounts" extracted from a "white iPhone" seized from "inside a bag" in the "Sherry apartment"—a reference to the Debtor's apartment at the Sherry Netherland.[2] *United States v. Kwok*, No. 23-cr-118 (AT), Transcript, 06/27/2024 ("T"), at 4707–11; 4714–19.  From the content extracted from the "white iPhone," the "Device Name" for which is "Boss (2)," it is obvious that the phone belongs to the Debtor.  T, at 4715–18.  It is equally obvious that the "wenguiguo@gmail.com" account, which bears a variant of the Debtor's name "Guo Wengui," is the Debtor's account and thus belongs to the estate.  The same is true of "milesnewyork777@gmail.com" and "kwok.miles777@gmail.com" accounts, both of which bear variants of the Debtor's name and were used by the Debtor and his associates to communicate.  Persons associated with the Debtor sent e-mail communications plainly intended for the Debtor to the "xindeya2018@gmail.com" account.

18.    The Trustee cannot rule out the probability that persons associated with the Debtor have access to or can otherwise tamper with the Google Accounts.  The Trustee is concerned that such persons, upon learning of this Motion or his efforts to inspect or obtain the Google Accounts, will undertake to destroy and/or conceal the Google Accounts or evidence residing thereon.

19.    As the Court is well aware, these chapter 11 cases have been replete with

---

[2]    In the Debtor's criminal trial, the Government and the Debtor stipulated that a device identified as "1B124," specifically a "white iPhone," was discovered "inside a bag" at the "Sherry apartment" and seized by law enforcement. *United States v. Kwok*, No. 23-cr-118 (AT), Transcript, 06/27/2024 ("T"), at 4709–11; 4714–19. They further stipulated that certain content and information, including the "wenguiguo@gmail.com" account, was extracted from the "white iPhone."  T, 4714–16.

disturbing and unprecedented instances in which the Debtor and those associated with him have sought to conceal property of the estate or otherwise impede the Trustee's investigation.[3]

20.        Given the record of concealment and dissipation of potential property of the estate in this chapter 11 case, an acute risk exists that, absent a court order, individuals associated with the Debtor, Golden Spring, and/or Lamp Capital may take actions to destroy or tamper with the Microsoft Domains and/or the Google Accounts, both of which the Trustee believes are property of the estate, once alerted that the Trustee is undertaking to establish his right to inspect and/or obtain the same.

## II.    Estate Likely to Suffer Irreparable Harm Absent Preservation Order

21.        In assessing the possibility of irreparable harm to the moving party absent a preservation order, courts consider two factors: (a) whether the threat to evidence is imminent and specific, and (b) whether there is a significant degree of harm to the integrity or existence of the evidence.  *Capricorn Power Co.*, 220 F.R.D. at 435.  Furthermore, when the evidence is "one-of-a-kind" or when the evidence is "integral and essential to a party's case," preservation will be ordered even in the absence of significant concern of loss or destruction.  *Id.*

22.        There is an imminent, specific, and significant threat to the integrity of the Microsoft Domains and the Google Accounts, including any evidence that may reside thereon.

---

[3]    This Court recently summarized the conduct of the Debtor and his associates as follows:  "[i]nstead of receiving compliance and cooperation from the Individual Debtor, the Trustee has faced ceaseless recalcitrance, obstruction, and flagrant disregard of court orders by the Individual Debtor, his family members, his associates and employees, and entities the Trustee alleges he controls since the Trustee's appointment . . . .  Ultimately, the Court has entered at least eight orders holding the Individual Debtor, his daughter, Ms. Guo, and entities allegedly controlled by the Individual Debtor in contempt for failure to turn over assets and discovery abuse . . . . To date, each contemnor remains in contempt of court.  The severity of nonperformance of statutory duties . . . . and noncompliance with this Court's orders in these jointly administered Chapter 11 cases, is extraordinary."  (Citations omitted.) *In re Kwok*, No. 22-50073 (JAM), 2024 WL 666646, at *6 (Bankr. D. Conn. Feb. 15, 2024).  *See e.g.*, *Mem. of Law in Support of Mot. of Ch. 11 Trustee for Estate of Ho Wan Kwok for Summary Judgment with Respect to Alter Ego and Equitable Ownership Claim* [Adv. Proc. No. 23-05005, Dkt. No. 98] (detailing, for example, the systematical dissipation of proceeds from the sale of the Ferncliff Property to fund luxury purchases by the Debtor's family members and associates, pay the Debtor's expenses, and funnel funds to other Debtor-controlled entities).

Persons associated with the Debtor with access may destroy or conceal information, communications, or other evidence residing on the Microsoft Domains and the Google Accounts. The possibility that such will occur is hardly remote given the history of discovery violations by persons associated with the Debtor in these cases.  In addition, it is the Trustee's understanding that neither Microsoft nor Google proactively "back-up" data and communications residing on the Microsoft Domains and the Google Accounts on their own initiative and/or in the general course of business.  Absent a preservation order, the Microsoft Domains and the Google Accounts may be irrevocably destroyed or tampered with by persons associated with the Debtor.

23.    Accordingly, in the absence of a preservation order, the Trustee and the chapter 11 estate will likely suffer irreparable harm in light of the imminent and significant risk of the destruction of evidence relating to, associated with, residing upon, and/or stored in the Microsoft Domains and the Google Accounts.

## III.    There Is Minimal Burden of Preserving Evidence

24.    The third prong when assessing the application of a preservation order concerns the burden of preserving the evidence, or in other words, the ability of party and non-party to maintain the evidence and whether there will be financial hardship incurred in the preservation. *See Toussie*, 2018 WL 2766140, at *9.

25.    The relief requested under this Emergency Motion imposes minimal, if any, burden on Microsoft or Google.  To the extent that Microsoft or Google may claim that they will be burdened by the preservation obligation, such burden should be minimal given that the Trustee will be seeking to establish his right to inspect or obtain the preserved evidence as soon as possible, and thus the order will be short in duration.

26.    Because the requested preservation order has real potential benefit to the Trustee

and the chapter 11 estate and minimal, if any, burden on other parties and non-parties, the balancing test weighs heavily in support of the requested relief.  Accordingly, the Trustee respectfully requests that the Court grant the Emergency Motion.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Court should grant this Emergency Motion or, in the alternative, should grant such other and further relief as is just and proper.

Dated: July 11, 2024                                LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, Connecticut

                                       By: */s/* Dennis M. Carnelli
                                           Dennis M. Carnelli (ct30050)
                                           Patrick R. Linsey (ct29437)
                                           Douglas S. Skalka (ct00616)
                                           NEUBERT, PEPE & MONTEITH, P.C.
                                           195 Church Street, 13th Floor
                                           New Haven, Connecticut 06510
                                           (203) 821-2000
                                           dcarnelli@npmlaw.com
                                           plinsey@npmlaw.com
                                           dskalka@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                  :

In re:                           :          Chapter 11
                                  :

HO WAN KWOK, *et al.*,[1]        :          Case No. 22-50073 (JAM)
                                  :

               Debtors.         :          (Jointly Administered)
-------------------------------------------------------x

## <u>NOTICE OF CONTESTED MATTER RESPONSE DATE</u>

Luc A. Despins, as Chapter 11 Trustee (the "<u>Movant</u>") has filed an *Emergency Motion for Order to Protect & Preserve Property of the Estate* (the "<u>Contested Matter</u>") with the U.S. Bankruptcy Court for the District of Connecticut.  Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than July 25, 2024, in accordance with Federal Rules of Bankruptcy Procedure 2002(a) and 9014.[2]  In the absence of a timely filed response, the proposed order in the Contested Matter **may** enter without further notice and hearing. 11 U.S.C. § 102(1).

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

Dated: July 11, 2024
        New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Dennis M. Carnelli*
    Dennis M. Carnelli (ct30050)
    Patrick R. Linsey (ct29437)
    Douglas S. Skalka (ct00616)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dcarnelli@npmlaw.com
    plinsey@npmlaw.com
    dskalka@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------x
                                                                  :
In re:                                                            :     Chapter 11
                                                                  :
HO WAN KWOK, *et al.*,[1]                                         :     Case No. 22-50073 (JAM)
                                                                  :
                                        Debtors.                  :     (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2024, the foregoing Motion, its Proposed Order below, and the foregoing Notice of Contested Matter Response Date (collectively, the "Motion Papers") were filed electronically under seal.

In addition, the Motion Papers as well as the corresponding Motion to Seal will be served within one business day of the date of this filing in hand and via email on Microsoft Corporation and Google LLC as follows:

1. Microsoft Corporation

   In hand:
   Corporation Service Company
   Goodwin Square
   225 Asylum Street, 20th Floor
   Hartford, CT, 06103

   Via Email to its Counsel:
   dpapiez@foxrothschild.com

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2. <u>Google LLC</u>

In hand:
Corporation Service Company
Goodwin Square
225 Asylum Street, 20th Floor
Hartford, CT, 06103

Via email to its Legal Department:
google-legal-support@google.com

Dated: July 11, 2024
     New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/* Dennis M. Carnelli_____
    Dennis M. Carnelli (ct30050)
    Patrick R. Linsey (ct29437)
    Douglas S. Skalka (ct00616)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dcarnelli@npmlaw.com
    plinsey@npmlaw.com
    dskalka@npmlaw.com

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
HO WAN KWOK, *et al.*,[1]                                        :    Case No. 22-50073 (JAM)
                                                                 :
                            Debtors.                             :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING EMERGENCY**
**MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO**
**PRESERVE & PROTECT EVIDENCE AND PROPERTY OF ESTATE**

UPON CONSIDERATION OF the Emergency Motion of Chapter 11 Trustee for an

Order to Protect and Presere Evidence and Property of the Estate[2] requesting an order (i)

directing Microsoft to preserve the Microsoft Domains and any evidence thereon, specifically all

content, communications, data, documents, and/or electronically stored information (including

all customer, subscriber, administrator, and/or account holder information) until such time that

the Court determines the Trustee's rights to the Microsoft Domains and any such evidence

residing thereon, including without limitation whether the same belongs to the Debtor's estate;

and (ii) directing Google to preserve the Google Accounts and any evidence residing thereon,

specifically all content, communications, data, documents, and/or electronically stored

information (including all customer, subscriber, administrator, and/or account holder

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Emergency Motion.

1

information) until such time that the Court determines the Trustee's rights to the Google

Accounts and any such evidence residing thereon, including without limitation whether the same

belongs to the Debtor's estate, and good cause having been shown, the relief provided in that

Order being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

**ORDERED**, that the Emergency Motion is granted as set forth herein; and it is further

**ORDERED**, that, until further order of the Court, Microsoft and all persons employed

by, associated with, or acting on behalf of the foregoing, shall preserve the Microsoft Domains

and all content, communications, data, documents, and/or electronically stored information

(including all customer, subscriber, administrator, and/or account holder information) relating to,

associated with, residing upon, and/or stored in the Microsoft Domains; and it is further

**ORDERED**, that, until further order of the Court, Google and all persons employed by,

associated with, or acting on behalf of the foregoing, shall preserve the Google Accounts and all

content, communications, data, documents, and/or electronically stored information (including

all customer, subscriber, administrator, and/or account holder information) relating to, associated

with, residing upon, and/or stored in the Google Accounts; and it is further

**ORDERED**, that this Order is binding on Microsoft, Google, and all persons associated

with the foregoing, each of whom is directed to comply with the terms of this Order; and it is

further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective

and enforceable upon its entry; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary to effectuate the

relief granted herein; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising

from or related to the interpretation or implementation of this Order.

Dated: _____, 2024

_____

Julie A. Manning,
United States Bankruptcy Judge