# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>**Related Docket No: 3305, 3306, 3307** |

### RESPONSE OF MICROSOFT CORPORATION IN OPPOSITION TO EMERGENCY MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO PROTECT AND PRESERVE EVIDENCE AND PROPERTY OF ESTATE

Microsoft Corporation ("Microsoft"), by and through its undersigned counsel, hereby files this response in opposition to the *Emergency Motion of Chapter 11 Trustee for Order to Protect and Preserve Evidence and Property of Estate* (SEALED Docket No. 3305) (the "Motion"). Microsoft requests the Court deny the Trustee's Motion as to Microsoft because: (1) the Court lacks jurisdiction over Microsoft; and (2) the Stored Communications Act ("SCA") prevents Microsoft from taking actions or disclosing information regarding its customer accounts without the consent of the account holder.

### RELEVANT BACKGROUND

1. On July 25, 2023, the Trustee initiated Adversary Case No. 23-05018 seeking a declaratory judgment that non-debtor Golden Spring (New York) Ltd. ("Golden Spring") is an alter ego of the Debtor, and on December 4, 2023, the Trustee secured a default judgment against Golden Spring granting the requested relief. The Court further held that all of Golden Spring's assets were property of the Debtor's estate.

2. The Trustee initiated a similar adversary proceeding on October 26, 2023 against non-debtor Lamp Capital LLC ("Lamp Capital") (Adversary Case No. 23-05023), and on

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.

1

160877296.4

February 1, 2024, the Trustee secured a default judgment against Lamp Capital holding that it was an alter ego of the Debtor. The court further held that all of Lamp Capital's assets were property of the Debtor's estate.

3. Seven months after securing the Golden Spring default judgment and five months after securing the Lamp Capital default judgment, the Trustee filed his current Motion seeking an order directing Microsoft to preserve information associated with two domains the Trustee believes to be connected with non-debtors Golden Spring and Lamp Capital: "gsnyus.com" and "lampcapital.org."

## ARGUMENT & AUTHORITY

**A. The Trustee's motion is improper because Microsoft is not a party to this bankruptcy proceeding.**

4. Microsoft is not a party to this proceeding and has not consented to the Court's jurisdiction. Therefore, the Court does not have jurisdiction over Microsoft such that it can grant the requested relief. Although 11 U.S.C. § 362(a)(3) is implicated under the facts of this case, the Trustee's authority thereunder is properly applied to the Debtor, Golden Spring, and Lamp Capital, not Microsoft. Further, while the Court may have broad authority under 11 U.S.C. § 105, that authority does not extend to compelling non-party Microsoft to act or produce materials in the face of SCA restrictions limiting the disclosure of customer information without consent. *In re Irish Bank Resolution Corp. Ltd. (in Special Liquidation)*, 559 B.R. 627, 650–51 (Bankr. D. Del. 2016) (recognizing that the SCA does not provide a mechanism in civil litigation to compel a service provider to disclose a user's private information through a subpoena or a court order without the user's consent).

5. The Trustee further suggests that the Court can grant the requested relief "based on its inherent authority and on the authority conferred upon it by various provisions of the Federal Rules of Civil Procedure" to resolve discovery disputes. Motion at 6. However, the Rules and authority cited by the Trustee apply to **parties**, and Microsoft is not a party to this proceeding. For example, Federal Rule of Civil Procedure 16 allows a court to enter pretrial orders for the

2

"preservation of ESI." However, such orders are only effective against a party to the litigation, not a non-party service provider like Microsoft. Similarly, Rules 26 and 37 outline the parameters within which a court can enter discovery-related orders against a party, not a non-party. *Toussie v. Allstate, Inc. Co.*, the sole case cited by the Trustee for the proposition that the Court can enter the requested relief, involves a preservation dispute between parties. 15CV5235ARRCLP, 2018 WL 2766140, at *6 (E.D.N.Y. June 8, 2018), *aff'd,* 15-CV-5235 (ARR)(PK), 2018 WL 11451597 (E.D.N.Y. Aug. 15, 2018). It does not involve a non-party service provider subject to the SCA. Indeed, the *Toussie* court recognizes the limitations of preservation orders on non-parties and cites to *Weitzman v. Stein,* 897 F.2d 653, 655-57 (2d Cir. 1990), a case in which a "freeze order" was reversed because, in part, "the district court lacked jurisdiction over the non-party." *Id*.

6.  While Microsoft appreciates the Trustee's concerns and desire to preserve and access information contained in any Golden Spring or Lamp Capital accounts, the Motion reflects a procedurally incorrect attempt to secure an order against non-party Microsoft.

**B. The Stored Communications Act prohibits Microsoft from implementing the requested relief.**

7.  Even if the Bankruptcy Court had jurisdiction over Microsoft, Title II of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2510 to §2711, known as the Stored Communications Act ("SCA"), prevents Microsoft from implementing the requested relief. Specifically, the Trustee seeks an order from the Court directing Microsoft to preserve two domains and all associated "content, communications, data, documents, and/or electronically stored information." Motion at 3. The Motion further foreshadows the Trustee's intent to "establish his right to inspect or obtain the preserved evidence as soon as possible." Motion at 10. However, the SCA prevents Microsoft from taking any action at the request of a third-party, including the Trustee, or disclosing any information regarding its customer accounts. Such unauthorized actions (without the consent of the account holder) could subject Microsoft and the Trustee to serious civil and criminal penalties. 18 U.S.C. § 2707.

8.  The SCA does allow disclosure under certain enumerated exceptions. 18 U.S.C. §2702(b). But the present circumstances do not fall under any of those exceptions.

9.  Further, the SCA prohibits Microsoft from taking the action sought by the Trustee even if such a request is accompanied by a Subpoena. *See, e.g., Facebook, Inc. v. Superior Ct.*, 4 Cal. 5th 1245, 1262-66, 1270–71, 417 P.3d 725 (2018) (discussion of *O'Grady v. Superior Ct.*, 139 Cal. App. 4th 1423, 1442, 44 Cal. Rptr. 3d 72, 85 (2006), as modified, and related cases on SCA's restriction of subpoenas to internet service providers); *Suzlon Energy Ltd. V. Microsoft Corp.*, 671 F.3d 726, 728-729 (9th Cir. 2011) (petition for production of documents by Microsoft as internet service provider quashed because production of emails would violate SCA); *Theofel v. Farey–Jones*, 359 F.3d 1066, 1071–72, 1077 (9th Cir. 2004) (finding that a civil subpoena to plaintiff's internet service provider violated the SCA).

10. As a general matter, "the bankruptcy court may not order relief that results in a violation [of] the U.S. Constitution or other federal law." *In re Irish Bank Resolution Corporation Limited (in Special Liquidation)*, 559 B.R. at 652-653 (Bankr. D. Del. 2016) (*quoting In re U.S. Fidelis, Inc.*, 481 B.R. 503, 515 (Bankr. E.D. Mo. 2012)). Here, the relief sought by the Trustee would violate the SCA, and "the Bankruptcy Code does not include an exception to the SCA's prohibition [on disclosure]." *Id*.

## CONCLUSION

Although this motion is not properly before the Court and, even if it was, the SCA prevents Microsoft from implementing the requested relief, the Trustee is not without a path forward for gaining access to existing accounts. The quickest way to gain access to information contained in any Golden Spring or Lamp Capital account would be for the Trustee to identify the "global administrator" and assume access through that/those individual/s. The Trustee would then have full control over any available Microsoft accounts including passwords and the administrative features in Office 365.

For the reasons set forth above, we respectfully request that the Trustee's motion be denied as to Microsoft.

160877296.4

Dated: July 25, 2024

FOX ROTHSCHILD LLP

*/s/ Matthew J. Schenker*
Matthew J. Schenker (CT28912)
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone: (212) 905-2308
Facsimile: (212) 692-0940
Email: mschenker@foxrothschild.com

-and-

Maria A. Milano (*Pro Hac Vice Forthcoming*)
David P. Papiez (*Pro Hac Vice Forthcoming*)
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154-1192
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
Email: mamilano@foxrothschild.com
Email: dpapiez@foxrothschild.com

*Attorneys for Microsoft Corporation*

160877296.4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2024, a true and correct copy of the foregoing RESPONSE OF MICROSOFT CORPORATION IN OPPOSITION TO EMERGENCY MOTION OF CHAPTER 11 TRUSTEE FOR ORDER TO PROTECT AND PRESERVE EVIDENCE AND PROPERTY OF ESTATE was e-filed as sealed and served electronically to:

> Dennis M. Carnelli (CT30050)
> Patrick R. Linsey (CT29437)
> Douglas S. Skalka (CT00616)
> NEUBERT, PEPE & MONTEITH, P.C.
> 195 Church Street, 13th Floor
> New Haven, CT 06510
> (203) 821-2000
> dcarnelli@npmlaw.com
> plinsey@npmlaw.com
> dskalka@npmlaw.com

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

**FOX ROTHSCHILD LLP**

By: */s/ Matthew J. Schenker*
Matthew J. Schenker (CT28912)
101 Park Avenue
17th Floor
New York, NY 10178
Telephone: (212) 905-2308
Facsimile: (212) 692-0940

*Attorneys for Microsoft Corporation*

6

160877296.4