**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

---

**REPLY IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER TO PROTECT AND PRESERVE EVIDENCE AND PROPERTY OF ESTATE**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") for the estate (the "Estate") of Ho Wan Kwok (the "Debtor"), hereby submits his reply (this "Reply") in support of his motion seeking an order directing Microsoft Corporation ("Microsoft") to preserve property of the Estate, *i.e.*, the Microsoft Domains. (*Emergency Mot. Of Chapter 11 Trustee for Order to Protect and Preserve Evidence and Property of Estate* [ECF No. 3305] ("Trustee's Motion").)[2]

Microsoft opposes the Trustee's Motion, claiming that (1) this Court lacks jurisdiction over Microsoft; and (2) the Stored Communications Act, 18 U.S.C. § 2510 et seq. ("SCA"), prevents it from complying with an order to preserve the Microsoft Domains. (*Microsoft's Opp. to Trustee's Motion* [Dkt. No. 3353] ("Microsoft's Opposition").) This Court, however, plainly has jurisdiction to order Microsoft to preserve the Microsoft Domains given Microsoft's control over this Estate property. In addition, while the SCA may restrict Microsoft from *disclosing* data under certain

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not expressly defined herein adopt the definitions ascribed to them in the Trustee's Motion.

circumstances, Microsoft does not point to any provision of the SCA that prohibits it from complying with a court order to simply *preserve* data pending further proceedings—which is the only relief that the Trustee seeks at this time. Accordingly, and for the reasons set forth herein, the Court should grant the Trustee's Motion and overrule Microsoft's Opposition.

## THIS COURT HAS JURISDICTION OVER MICROSOFT

1. The Bankruptcy Court has jurisdiction over Microsoft, because Microsoft is asserting control over the Microsoft Domains, which are property of the Estate.[3] The Bankruptcy Court has "exclusive jurisdiction … of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e).

2. Microsoft admits that the Trustee's Motion implicates the automatic stay under section 362(a)(3) and notes the Court's broad authority under section 105 of the Bankruptcy Code (Microsoft's Opposition at 2) but contends the Court's authority should not extend to Microsoft. This ignores that which "has long been established, and confirmed by the United States Supreme Court … that '[b]ankruptcy jurisdiction, at its core, is *in rem*.'" *Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013) (quoting *Central Virginia Community College v. Katz*, 546 U.S. 356, 362, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006); *accord Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 448, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004) ("<u>Hood</u>")). "A bankruptcy court's *in rem* jurisdiction permits it to 'determin[e] all claims that anyone ... has to the property or thing in question.'" *In re Pari Holdings, Inc.*, 488 B.R. at 851 (quoting *Hood*, 541 U.S. at 448, in turn quoting 16 *Moore's Federal Practice* § 108.70[1] (3d ed.

---

[3] The Trustee discovered the Microsoft Domains upon review of documents and computer equipment that were produced to the Trustee in discovery and/or are property of the Estate, and the circumstances of their discovery reflect that these domains were utilized by the Debtor's agents who facilitated the Debtor's shell game, including through his Golden Spring and Lamp Capital alter egos. The names of these domains also correspond to the names of two of the Debtor's alter egos, Golden Spring and Lamp Capital.

2

2004)).

3. Thus, the Court plainly has jurisdiction over Microsoft, as it is an entity presently asserting control over property of the Estate, for the purpose of directing the preservation of the Microsoft Domains pending further proceedings in the Chapter 11 Case.[4]

## SCA DOES NOT BAR PRESERVATION OF PROPERTY OF ESTATE

4. Microsoft claims that the SCA prevents it "from implementing the requested relief" in the Trustee's Motion. (Microsoft's Opposition at 3.) Not so.

5. It is evident from Microsoft's reliance upon SCA provisions and decisional authority addressing the disclosure of data, not its preservation, that Microsoft misapprehends the Trustee's Motion, *which seeks the preservation of data, not its disclosure*. As a result of this misapprehension, Microsoft's SCA argument, which is founded upon the proposition that the SCA prohibits Microsoft from disclosing data, is essentially a *non sequitur* that cannot justify denial of the Trustee's Motion.

6. At bottom, Microsoft does not present any points or authorities supporting the proposition that the SCA prohibits it from complying with an order by this Court to preserve the Microsoft Domains. Microsoft, rather, presents three disparate contentions regarding the restrictions imposed upon it by the SCA. (*Id.*) Not one of these contentions suggests, let alone establishes, that the SCA prohibits Microsoft from *preserving* the Microsoft Domains pending further proceedings in compliance with a court order.

7. *First*, Microsoft contends that the SCA prevents it from "taking any action at the request of a third-party, including the Trustee." *Microsoft's Opposition, at 3*. The Trustee does not "request" anything from Microsoft. The Trustee has moved this Court for an order directing

---

[4] Upon preservation of the Microsoft Domains, the Trustee intends to commence an action to compel the turnover of the domains to the Trustee as Estate property under sections 541 and 542 of the Bankruptcy Code.

Microsoft to preserve the Microsoft Domains. This Court is not a "third-party" and its orders are not "requests." Any action Microsoft takes in response to an order from this Court directing preservation of the Microsoft Domains would be pursuant to court order, not "the request of a third-party."[5]

8. *Second*, Microsoft contends that the SCA prevents it from "disclosing any information regarding its customer accounts." (*Id.*) As stated previously, the Trustee seeks an order directing Microsoft to preserve, not disclose, the Microsoft Domains. Preservation is not disclosure. Microsoft knows this.[6]

9. *Third*, Microsoft contends that the SCA "prohibits" it from "taking the action sought by the Trustee even if such a request is accompanied by a subpoena." *Id., at 4*. In support of the foregoing proposition, Microsoft cites several state and federal judicial decisions. All cited decisions address the SCA in the context of a disclosure, not preservation, and thus do not support the proposition that the SCA prohibits preservation.[7] In fact, with one exception, the decisional authority cited in Microsoft's Opposition does not allude to preservation in the SCA context. The single exception is *Facebook, Inc. v. Superior Ct.*, 4 Cal. 5th 1245 (2018), where the court observes

---

[5] Microsoft cites to 18 U.S.C. § 2707 in support of the proposition that both Microsoft and the Trustee could be subject to "serious civil and criminal penalties." But § 2707, which creates a private right of action for violation of the SCA, provides that "[a] good faith reliance on . . .a court warrant or order . . . is a *complete defense* to *any civil or criminal action* brought under this chapter or any other law." (Emphasis added.) 18 U.S.C. § 2707(e)(1).

[6] Microsoft complains that the Trustee's Motion "foreshadows the Trustee's intent to 'establish the right to inspect or obtain the preserved evidence as soon as possible,'" which it suggests could run afoul of the SCA. (*Id.* at 3.) In doing so, Microsoft (a) tacitly admits that the Trustee is not seeking disclosure of anything now; and (b) misapprehends the basis upon which the Trustee will assert rights in future proceedings, which will compel turnover of the Microsoft Domains under sections 541 and 542 of the Bankruptcy Code. As such, rather than compelling disclosure of a third party's data, future proceedings will confirm that the Estate owns this digital property and the Trustee's rights to administer it. So, again, the SCA will not be implicated.

[7] *See Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 727 (9th Cir. 2011) (framing factual predicate as plaintiff having "demanded that Microsoft . . . produce documents from the Microsoft Hotmail email account" of a foreign citizen; preservation not at issue); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071–72 (9th Cir. 2004) (reciting facts that internet service provider inadvertently disclosed e-mail communications in response to civil subpoena; preservation not at issue); *In re Irish Bank Resol. Corp. Ltd. (in Special Liquidation)*, 559 B.R. 627, 632 (Bankr. D. Del. 2016) (denying turnover motion; preservation not at issue).

4

that preservation was "not discussed in the parties' briefs," "may require consideration of remand," and that the "record before us . . . contains no preservation order; no mention of such an order appears in the briefs; and the superior court docket for each case, as to which we have taken judicial notice, reflects no such order." *Facebook, Inc. v. Superior Ct.*, 4 Cal. 5th 1245, 1291 n.47 (2018).

10. Microsoft's claim that "the relief sought by the Trustee would violate the SCA" is without merit and should be rejected. (Microsoft's Opposition at 4.)

## **RELIEF IS ESSENTIAL TO PRESERVE PROPERTY OF ESTATE**

11. Finally, while Microsoft argues the Trustee should pursue the Microsoft Domains by other means, the alternative Microsoft proposes is illusory. Microsoft suggests that the Trustee should "identify the 'global administrator' and assume access through that/those individual/s." (Microsoft Opposition at 4.) However, when the Trustee asked Microsoft to identify the administrator(s) of the domains prior to filing the Trustee's Motion, Microsoft declined to do so.

12. Even if Microsoft were to identify the individual(s), and the Trustee were to commence proceedings against them, it is very likely that they would respond by simply ignoring the proceedings and deleting the emails and other data contained on the Microsoft Domains, *i.e.*, by destroying the very property the Trustee seeks to preserve by the Trustee's Motion.

13. Again, Microsoft knows this. The Trustee's counsel repeatedly explained to Microsoft in advance of filing the Trustee's Motion that the Trustee's investigation of the Debtor's financial affairs has been met with extraordinary obstruction and misconduct by the Debtor and his associates. (*See, e.g., Mem. of Decision and Order Granting in Part Mot. to Extend Deadlines* [Dkt. No. 2921] at 15 (noting eight orders holding the Debtor, his daughter, and associated entities "in contempt for failure to turn over assets and discovery abuse" and that the "noncompliance with this Court's orders .. is extraordinary").)

14.     The relief requested in the Trustee's Motion represents the only avenue to ensure that property of the Estate is preserved pending further proceedings. The relief is reasonable, narrowly tailored, and necessary, and Microsoft has shown no basis to oppose it. The Trustee's Motion should be granted.

## **RELIEF SHOULD ENTER AGAINST GOOGLE UPON DEFAULT**

15.     Consistent with the Certificate of Service appended to the Trustee's Motion, the Trustee caused Google to be served with a copy of the Trustee's Motion in hand at its registered agent for services as follows on July 12, 2024:

> Corporation Service Company
> Goodwin Square
> 225 Asylum Street, 20th Floor
> Hartford, CT, 06103

16.     Corporate records maintained by the Connecticut Secretary of the State confirm that this is the registered agent for service for Google in the State of Connecticut.[8]

17.     In addition, the Trustee's Motion was sent to Google (and specifically to its legal department) by email on July 11, 2024, at google-legal-support@google.com, an email address through which Google has previously corresponded with the Trustee's counsel concerning Bankruptcy Rule 2004 discovery in the Debtor's Chapter 11 Case.

18.     Because Google has not responded to the Trustee's Motion, the relief sought against Google as set forth in the Proposed Order, *i.e.*, preservation of the Google Accounts and any data they contain, should enter upon default.

[*Remainder of page intentionally left blank*]

---

[8]     These records are searchable here: https://service.ct.gov/business/s/onlinebusinesssearch

WHEREFORE, the Court should grant the Trustee's Motion, overrule Microsoft's Opposition, and grant such other and further relief as is just and proper.

Dated: August 16, 2024         LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, Connecticut

By: */s/ Patrick R. Linsey*
    Dennis M. Carnelli (ct30050)
    Patrick R. Linsey (ct29437)
    Douglas S. Skalka (ct00616)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    dcarnelli@npmlaw.com
    plinsey@npmlaw.com
    dskalka@npmlaw.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------------x
:
In re:                                         :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]                      :   Case No. 22-50073 (JAM)
:
            Debtors.                           :   (Jointly Administered)
:
------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 16, 2024, the foregoing Reply Memorandum was filed electronically under seal. In addition, the Reply Memorandum was served electronically upon counsel for Microsoft Corporation, as follows:

Matthew J. Schenker
Fox Rotschild
101 Park Ave., 17th Fl.
New York, NY 01078
T: (212) 905-2308
F: (212) 692-0940
mschenker@foxrothschild.com


Maria A. Milano
David P. Papiez
Fox Rotschild
1001 Fourth Ave., Ste. 4400
T: (206) 624-3600
F: (206) 389-1078
mamilano@foxrothschild.com
dpapiez@foxrothschild.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Further, the foregoing Reply Memorandum was sent to Google LLC by email on August 16, 2024, and on August 19, 2024, the Reply Memorandum will be sent via Federal Express overnight delivery to Google LLC, as follows:

Google LLC
c/o Corporation Service Company
Goodwin Square
225 Asylum Street, 20th Floor
Hartford, CT, 06103
google-legal-support@google.com

|  |  |
|---|---|
| Dated: August 16, 2024<br>New Haven, Connecticut | LUC A. DESPINS, CHAPTER 11 TRUSTEE<br><br>By: */s/* Dennis M. Carnelli<br>　　Dennis M. Carnelli (ct30050)<br>　　Patrick R. Linsey (ct29437)<br>　　Douglas S. Skalka (ct00616)<br>　　NEUBERT, PEPE & MONTEITH, P.C.<br>　　195 Church Street, 13th Floor<br>　　New Haven, Connecticut 06510<br>　　(203) 821-2000<br>　　dcarnelli@npmlaw.com<br>　　plinsey@npmlaw.com<br>　　dskalka@npmlaw.com |