**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 22-50073 (JAM) |
| HO WAN KWOK, *et al.*, | ) | (Jointly Administered) |
|  | ) |  |
| Debtors.[1] | ) | Re: ECF No. 3305 |
|  | ) |  |

**ORDER GRANTING EMERGENCY MOTION FOR ORDER**
**TO PRESERVE AND PROTECT EVIDENCE AND PROPERTY OF THE ESTATE**

On July 11, 2024, Mr. Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Mr. Ho Wan Kwok, filed the Emergency Motion for Order to Preserve and Protect Evidence and Property of the Estate (the "Motion"). (ECF No. 3305.) The Motion seeks an order to protect against the deletion of certain electronic records, an order directing Microsoft Corporation ("Microsoft") and Google LLC ("Google") to preserve, respectively, the domains known as "gsnyus.com" and "lampcapital.org" (collectively, the "Microsoft Domains") and the accounts known as "wenguiguo@gmail.com", "xindeya2018@gmail.com", "milesnewyork777@gmail.com", and "kwok.miles777@gmail.com" (collectively, the "Google Accounts"). The Motion was properly served on Microsoft and Google, as demonstrated by the certificate of service attached to the Motion. Provided the Court grants the Motion, the Trustee intends to initiate an adversary

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

proceeding to take possession of the Microsoft Domains and Google Accounts, alleging they are property of the Estate.

Alongside the Motion, the Trustee filed, citing concerns that the electronic records may be destroyed before an order enters, a motion to seal the Motion and any responses and replies thereto until at most 21 days after the entry of an order on the Motion, which motion to seal the Court granted (the "Sealing Order"). (ECF Nos. 3306, 3307.)

On July 25, 2024, Microsoft filed a timely objection to the Motion under seal. (ECF No. 3353.) Microsoft argues that the Court has no jurisdiction over it. Furthermore, Microsoft argues that while it understands the Trustee's concerns and claims regarding the Microsoft Domains, the Stored Communications Act (the "SCA"), 18 U.S.C. § 2510 *et sequitur* prohibits Microsoft from disclosing the contents of the Microsoft Domains to the Trustee. Google, for its part, filed no response to the Motion.

On August 16, 2024, the Trustee filed a reply in support of the Motion under seal. (ECF No. 3442.) In the reply, the Trustee argues the Court has *in rem* jurisdiction over the Microsoft Domains and the Court may preserve alleged property of the Estate pending litigation. The Trustee additionally argues that Microsoft's arguments about the SCA are, essentially, an attempt to pre-litigate the forthcoming adversary proceeding rather than an argument against the entry of a preservation order. Finally, the Trustee argues that the Motion should be granted as against Google on default.

Upon review of the reply, the Court determines that a hearing on the Motion is not necessary. (*See* ECF No. 3380.)

The Court agrees with the Trustee. The Court has *in rem* jurisdiction over the Microsoft Domains and Google Accounts sufficient to enter an order to preserve evidence and alleged

property of the Estate pending litigation. While the SCA may or may not prevent ultimate disclosure of the contents of the Microsoft Domains and Google Accounts, the Court is not called upon to rule on that issue by the Motion. The Motion seeks the preservation of the evidence, not the production of evidence. Microsoft makes no argument that the SCA prohibits preservation.

Accordingly, pursuant to 11 U.S.C. §§ 105(a) and 362(a)(3) and Fed. R. Civ. P. 26 and 37, made applicable to this contested matter by Fed. R. Bankr. P. 7026, 7037, and 9014(c) and Fed. R. Civ. P. 16, which the Court may apply pursuant to Fed. R. Bankr. P. 7016 and 9014(c), it is hereby

**ORDERED:** The Motion (ECF No. 3305) is granted as set forth herein; and it is further

**ORDERED:** Until further order of the Court, Microsoft and all persons employed by, associated with, or acting on behalf of the foregoing, shall preserve the Microsoft Domains and all content, communications, data, documents, and/or electronically stored information (including all customer, subscriber, administrator, and/or account holder information) relating to, associated with, residing upon, and/or stored in the Microsoft Domains; and it is further

**ORDERED:** Until further order of the Court, Google and all persons employed by, associated with, or acting on behalf of the foregoing, shall preserve the Google Accounts and all content, communications, data, documents, and/or electronically stored information (including all customer, subscriber, administrator, and/or account holder information) relating to, associated with, residing upon, and/or stored in the Google Accounts; and it is further

**ORDERED:** This Order is binding on Microsoft, Google, and all persons associated with the foregoing, each of whom is directed to comply with the terms of this Order; and it is further

**ORDERED:** This Order shall remain under seal until, pursuant to the Sealing Order, the Trustee files an unredacted copy of the Motion, Microsoft's response, and the Trustee's reply on the docket of these jointly administered Chapter 11 cases; and it is further

**ORDERED:** The terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED:** The Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

**ORDERED:** The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated at Bridgeport, Connecticut this 20th day of August, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut