**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x

|                         |   |                          |
|-------------------------|---|--------------------------|
| In re:                  | : | Chapter 11               |
|                         | : |                          |
| HO WAN KWOK, *et al*.,  | : | Case No. 22-50073 (JAM)  |
|                         | : |                          |
| Debtors.[1]             | : | (Jointly Administered)   |
|                         | : |                          |

-------------------------------------------------------x

**MOTION OF GENEVER HOLDINGS LLC FOR ENTRY OF ORDER AMENDING
ORDER AUTHORIZING GENEVER HOLDINGS LLC RETENTION OF SOTHEBY'S
INTERNATIONAL REALTY AS ITS REAL ESTATE BROKER AND SALES AGENT**

Genever Holdings LLC ("Genever (US)") files this motion (the "Motion"), pursuant to

sections 327(a), 328 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and Rule 2014-1 of the Local Bankruptcy Rules for the District of Connecticut (the "Local

Rules"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the

"Proposed Order"), amending the *Order Authorizing Debtor's Retention of Sotheby's

International Realty as its Real Estate Broker and Sales Agent* [Docket No. 168 in Case No. 22-

50592] to reflect the modified terms in the engagement agreement attached to the Proposed

Order as Exhibit 1 (the "Amended Engagement Agreement").[2]  In support of this Motion,

Genever (US) respectfully states as follows.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Amended Engagement Agreement.

## JURISDICTION, VENUE, AND STATUTORY BASES

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

*of Reference* from the United States District Court for the District of Connecticut.  This is a core

proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein sections 327, 328 and 363 of the

Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

### I.      Genever (US)'s Chapter 11 Case and the Sale Process

4.      On October 12, 2020, Genever (US) filed a voluntary petition for relief under

chapter 11 of title 11 of the United States Bankruptcy Court for the Southern District of New

York's (the "SDNY Bankruptcy Court"), thereby commencing case number 20-12411 (JLG) (the

"SDNY Bankruptcy Case").

5.      One of the Genever (US)'s principal assets is the 18th floor apartment and

auxiliary units in the Sherry Netherland Hotel located at 781 Fifth Avenue, New York, New

York 10022 (collectively, the "Sherry Netherland Apartment").

6.      On October 8, 2021, the SDNY Bankruptcy Court entered (i) an order approving

a settlement agreement (the "Settlement Agreement") between Genever (US), Pacific Alliance

Asia Opportunity Fund L.P. ("PAX") and Bravo Luck Limited ("Bravo Luck") [Docket No. 141

in Case No. 22-50592] and (ii) an order approving Genever (US)'s hiring of Melanie L.

Cyganowski [Docket No. 142 in Case No. 22-50592.  The Settlement Agreement establishes,

among other things, a framework for the sale of the Sherry Netherland Apartment under the

stewardship of former bankruptcy judge Melanie L. Cyganowski as sales officer (the "Sales

2

Officer"). The Settlement Agreement also provides that the sale process shall be limited to 180 days from the retention of the broker, subject to extension upon written agreement of Genever (US), Bravo Luck and PAX, or by further order of the court for cause shown.

7. In furtherance of the sale process, on December 15, 2021, Genever (US) filed its *Application to Employ and Retain Sotheby's International Realty as its Real Estate Broker and Sales Agent* [Docket No. 160 in Case No. 22-50592] (the "Sotheby's Application"), in which Genever (US) sought to retain Sotheby's as Genever (US)'s broker and sales agent to market and sell the Sherry Netherland Apartment in accordance with the engagement agreement [Docket No. 162-1 in Case No. 22-50592] (the "Original Engagement Agreement").

8. On January 13, 2022, the SDNY Bankruptcy Court entered an order approving the Sotheby's Application [Docket No. 168 in Case No. 22-50592] (the "Retention Order").

9. On November 3, 2022, the SDNY Bankruptcy Court entered an order [Docket No. 225 in Case No. 22-50592] transferring the venue of the SDNY Bankruptcy Case to this Court, which assigned it Case Number 22-50592.

10. On February 1, 2023, *i.e.*, following the transfer of venue to this Court, the Court entered an order [Docket No. 1425] extending through April 30, 2023: (i) the sale process, without prejudice to further extensions of the sale and marketing process upon the consent of the parties without further order of the Court, or by further order of the Court for cause shown; and (ii) the retention of Sotheby's as broker.

11. On March 21, 2023, the Court entered an order [Docket No. 1577] authorizing the Sales Officer and Sotheby's to also market the Sherry Netherland Apartment for rent.

12. On May 5, 2023, the Court entered an order [Docket No. 1767] further extending the retention of Sotheby's as broker through October 31, 2023, without prejudice to further

extensions of such retention upon the consent of the parties without further order of the Court, or

by further order of the Court for cause shown.

13. The parties have since consented to further extensions of the sale process and

Sotheby's retention through October 31, 2024.[3]

## II. Remediation Process

14. Following the March 15, 2023 fire at the Sherry Netherland Apartment, Genever

(US) has undertaken a remediation and cleaning of the Sherry Netherland Apartment, including

removal of soot and other combustion-related byproducts. That remediation has now been

completed. *See* Docket No. 3505. Accordingly, Genever (US) is now focusing again on

pursuing a value-maximizing transaction for the Sherry Netherland Apartment.

## RELIEF REQUESTED

15. Genever (US) requests authorization to enter into the Amended Engagement

Agreement, pursuant to which certain terms of Genever (US)'s agreement with Sotheby's are

modified. The Amended Engagement Agreement makes no material changes to the Engagement

Agreement, except as follows:

(i)      an increase in the commission paid to the Buyer's Broker from two (2%) percent of the final sales price of the Sherry Netherland Apartment to three (3%) percent. *See* Amended Engagement Agreement ¶ 4(b).

(ii)     The Buyer's Broker's commission may be further modified, but only with the consent of Genever (US) and the approval of the Court. *See* Amended Engagement Agreement ¶ 6.

(iii)    In case the Trustee rents, rather than sells, the Sherry Netherland Apartment, the commission due in connection with such a rental shall be fifteen (15%) percent of the aggregate rent due under the first Lease Year. *See* Amended Engagement Agreement ¶ 8.

---

[3]    Following the settlement with Bravo Luck, *see* Docket No. 2310, and Bravo Luck's relinquishment of all rights, title, and interest in the Sherry Netherland Apartment, the consent of Bravo Luck was no longer necessary for such extensions.

16.     The Amended Engagement Agreement also clarifies that while Sotheby's may represent the buyer in connection with the sale of the Sherry Netherland Apartment, Serena Boardman (*i.e.*, the agent at Sotheby's responsible for marketing the Sherry Netherland Apartment for Genever (US)) may not represent the buyer.  *See* Amended Engagement Agreement ¶ 4(c).

17.     For the avoidance of doubt, and as was the case under the Original Engagement Agreement, in the event that Serena Boardman is the only agent involved in the transaction and there is no Buyer's Broker, Sotheby's commission as the listing firm shall be three (3%) percent. *See* Amended Engagement Agreement ¶ 4(c).

## BASIS FOR RELIEF

18.     Genever (US) submits that it is in the best interest of its estate to continue the sale process of the Sherry Netherland Apartment pursuant to the terms of the Amended Engagement Agreement.  For one, it is critical that Sotheby's—which has acquired substantial institutional knowledge regarding the Sherry Netherland Apartment and the sale process—continue to market and sell the Sherry Netherland Apartment.

19.     Moreover, the modified terms of the Amended Engagement Agreement are necessary to optimize the chances of a value-maximizing transaction as well as to reflect changes in the legal landscape.  In particular, Sotheby's has advised Genever (US) that a 3% commission for the Buyer's Broker is necessary to incentivize such brokers to show the Sherry Netherland Apartment to their clients, particularly in light of the fact that sellers of comparable apartments in the neighborhood (*i.e.*, Fifth Avenue and Central Park), including at the Sherry Netherland itself, offer a Buyer's Broker fee of 3%.  Moreover, due to changes in the legal landscape since the time of the Original Engagement Agreement, Sotheby's is no longer able to compensate a

Buyer's Broker from its commission, thus requiring the changes to the commission language in paragraphs 4(a) (b) and (c).

20.     The Amended Engagement Agreement also contemplates that a commission will be due in the event the Sherry Netherland Apartment is successfully rented.  This additional provision was necessary because, unlike at the time of the Original Engagement Agreement, Genever (US) is now also authorized to market the Sherry Netherland Apartment for rent.  That said, Genever (US)'s principal objective is to find a buyer for the apartment.  Indeed, it is not likely that the Sherry Netherland Apartment will be rented in its current condition.

21.     Finally, consistent with the Court's recent order [Docket No. 3504] authorizing the retention of Compass, Inc. as broker to market and sell the Taconic Road property in Greenwich, Connecticut, the Amended Engagement Agreement clarifies that while Sotheby's may represent the buyer in connection with the sale of the Sherry Netherland Apartment, Serena Boardman may not represent the buyer.  To be clear, Genever (US) may, within its business judgment, withhold its consent to such dual agency of Sotheby's as the occasion arises.  *See* Amended Engagement Agreement ¶ 4(c).

## **NOTICE**

22.     Notice of this Motion has been given to the United States Trustee, How Wan Kwok, the official committee of unsecured creditors in the chapter 11 case of Ho Wan Kwok, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

*[Remainder of page intentionally left blank.]*

6

WHEREFORE, for the foregoing reasons, Genever (US) requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Motion, and order such other and further relief as the Court deems just and proper.

Dated: September 18, 2024
      New York, New York

GENEVER HOLDINGS LLC

By: */s/ G. Alexander Bongartz*
    Luc A. Despins (admitted *pro hac vice*)
    G. Alexander Bongartz (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    lucdespins@paulhastings.com
    alexbongartz@paulhastings.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Genever Holdings LLC*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                         :

In re:                     :    Chapter 11
                         :

HO WAN KWOK, *et al.*,[1]    :    Case No. 22-50073 (JAM)
                         :

          Debtors.     :    (Jointly Administered)
                         :

-------------------------------------------------------x

## ORDER AMENDING ORDER AUTHORIZING GENEVER HOLDINGS LLC RETENTION OF SOTHEBY'S INTERNATIONAL REALTY AS ITS REAL ESTATE BROKER AND SALES AGENT

Upon the motion (the "Motion")[2] of Genever Holdings LLC ("Genever (US)"), pursuant to sections 327(a), 328(a) and 363(b) of title 11 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (this "Order") amending the Retention Order to reflect the Amended Engagement Agreement; and the Court having reviewed the Motion and having considered the statements of counsel before the Court at a hearing (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) good and sufficient notice of the Motion having been given; and no other or further notice being required; and the

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

Court having determined that the relief sought in the Motion is in the best interest of Genever

(US), its estate, its creditors, and all parties in interest, therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is approved as set forth in this Order.

2.      Sotheby's retention is modified in accordance with the terms of the Amended

Engagement Agreement attached hereto as **<u>Exhibit 1</u>**.

3.      Sotheby's commission as the listing firm shall be equal to 2% of the final sales

price of the Sherry Netherland Apartment.

4.      The Buyer's Broker commission shall be equal to 3% of the final sales price of

the Sherry Netherland Apartment.

5.      Where Serena Boardman is the only agent involved in the transaction, Sotheby's

Commission as the listing firm shall be 3% of the final sales price of the Sherry Netherland

Apartment.  While Sotheby's may represent the buyer in connection with the sale of the Sherry

Netherland Apartment, Sotheby's agrees and acknowledges that Serena Boardman may not

represent the buyer.  Genever (US) may, within its business judgment, withhold its consent to

such dual agency of Sotheby's as the occasion arises.

6.      Sotheby's commission in connection with any rental of the Sherry Netherland

Apartment by the Trustee shall be fifteen (15%) percent of the aggregate rent due under the first

Lease Year.

7.      Except as otherwise set forth in this Order, the Retention Order remains in full

force and effect.

8.      Genever (US) and Sotheby's are authorized and empowered to take all actions

necessary to effectuate the relief granted in this Order.

2

9.      In the event of any conflict between this Order and the Amended Engagement Agreement, this Order shall control.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

**Amended Engagement Agreement**



Sotheby's International Realty, Inc.
650 Madison Avenue
New York, NY 10022
T 212.606.7660
F 212.606.7661
sir.com/nyc

September 16, 2024

Ms. Melanie L. Cygnaowski, in her capacity sa Sales Officer
Genever Holdings LLC
mcyganowski@otterbourg.com

Luc A. Despins, in his capacity as Trustee for the Estate of Ho Wan Kwok, Proxyholder for Genever Holding LLC
c/o Paul Hastings LLP
200 Park Avenue
New York, New York 10166

Re:     781 Fifth Avenue, 18th Floor

**EXCLUSIVE RIGHT TO SELL – COOPERATIVE**

Dear Ms. Cyganowski and Mr. Despins:

This agreement ("Agreement") sets forth the terms under which you, Genever Holdings LLC, engage our firm, Sotheby's International Realty, a licensed real estate broker (sometimes herein referred to as "SIR"), to act as brokerage agent in the sale of the referenced premises (the "Premises"). Genever Holdings LLC is a debtor in the chapter 11 case pending in the United States Bankruptcy Court for the District of Connecticut (the "Court"), Case No. 22-5092 (JAM). Reference is made to the agreement, dated as of December 13, 2021, between SIR and Genever Holdings LLC, as approved by the United States Bankruptcy Court for the Southern District of New York by order dated January 13, 2022 (the "Original Agreement"). The Original Agreement shall be amended and restated as follows.

1.      (a)     You authorize SIR to offer the Premises for sale at a price of $24,000,000 (or such lesser price as you may indicate to SIR, orally or in writing, from time to time) during the period commencing on the date the Agreement is fully exected ("the coomencement date") and ending 180 day after the date of the fully executed Agreement (the "Listing Term"), provided however, if you enter into a contract of sale for the Premises, all rights and obligations under this Agreement shall automatically extend through the date of the actual closing of the Premises.

(b)     You shall confirm the monthly maintenance is $87,819.61 for the 18th floor and number of shares associated with the Premises is 2950 (exclusive of the two maid's rooms, *i.e.*, Room 719 and 2219).

2.      We will arrange showings by prospective purchasers and you will facilitate these showings in an appropriate manner. We will submit to you all purchase offers and will act in accordance with your instructions with respect to each such offer. SIR will use its own advertising and public relations staff to advertise and promote the Premises through exposure in appropriate publications and/or digital venues.

3.      You have advised us that the Premises are not now the subject of a listing agreement with any other broker and you agree that you will not advertise the sale of the Premises or list the Premises with any other broker during the Listing Term. You will refer to us promptly all inquiries concerning the Premises which you may receive.

4.      You shall pay a commission as set forth below (the "Commission"). If during the Listing Term a contract is signed to sell the Premises to any person and a closing of the sale of the Premises (a "Closing") occurs at any time with such person, then the Commission will be payable to us at that Closing.

(a)     SIR's Commission as the listing firm:  2% of the final sales price of the Premises.

(b)     Buyer's Broker Commission: 3% of the final sales price of the Premises shall be paid to the brokerage firm representing the buyer ("Buyer's Broker"), which may include SIR if the buyer is represented by another agent associated with SIR.

Revised 12/1/23

This offer may only be modified in writing as agreed upon by the buyer and Buyer's Broker. Buyer's Broker is an intended third party beneficiary of this Section 4(b) of this Agreement.

(c) Where Serena Boardman is the only agent involved in the transaction, SIR's Commission as the listing firm shall be 3% of the final sales price of the Premises. For the avoidance of doubt, and notwithstanding anything the *New York State Disclosure Form for Buyer and Seller* to the contrary, while SIR may represent the buyer in connection with the sale of the Premises, SIR agrees and acknowledges that Serena Boardman may not represent the buyer. Genever Holdings LLC may, within its business judgment, withhold its consent to such dual agency of SIR as the occasion arises.

(d) The Commission shall be due and payable at the Closing, including whether the Premises are sold to (i) an independent third party; or (ii) to a current lessee of the Premises. Payment of the Commission is subject to an order of the Court approving the payment of the Commission. Subject to order of the Court, unless and until a Closing shall occur, you will not be obligated to pay us any Commission, provided, however, that if a Closing does not occur or is delayed by reason of your willful default under a fully executed contract of sale then you shall nevertheless pay to us on demand the Commission as if the Closing had occurred and provided, further, that if you retain, or become legally entitled to retain (whether or not you do in fact retain), the deposit paid by the prospective purchaser under a contract of sale, or if you receive any other payment from a prospective purchaser, then you shall pay to us an amount equal to 4% of such deposit or other payment, whichever is greater, with the understanding that the amount so paid to us shall be credited in partial satisfaction of any Commission that may thereafter become payable hereunder.

5. Within seven (7) business days after the expiration of the Listing Term, we shall deliver to you in writing a list of no more than six (6) names of persons who inspected the Premises during the Listing Term. If within ninety (90) days after the expiration of the Listing Term a contract is signed to sell the Premises to a person on said list (or related entity), we shall be entitled to the Commission provided for in paragraph 4 of this Agreement. You represent and warrant that if a new exclusive listing agreement is executed with another real estate broker (the "New Exclusive Broker"), you will notify the New Exclusive Broker of this provision and that SIR may negotiate directly with the Owner with respect to any person on the list during the ninety (90) day protected period.

6. As a member of The Real Estate Board of New York ("REBNY"), we are required to inform all other REBNY member real estate brokers of your Premises ("Co-Broking") and invite their cooperation for sale via the REBNY Listing Service ("RLS") simultaneously with any public dissemination of such exclusive listing unless you specify in writing that you do not wish that the Premises be Co-Brokered through the RLS. Public dissemination includes, but is not limited to, the display of the exclusive listing on our public website, any third-party website, or any other public disclosure of the listing information. You authorize us to invite the cooperation of other real estate brokers and inform them of your compensation instructions, some or all of whom may be acting on behalf of prospective purchasers and may seek to negotiate the amount of the Buyer's Broker commission in connection with a prospective transaction, provided that any change to the commission as specified in paragraph 4(b) above is subject to the consent of Genever Holdings LLC and approval of the Court.

7. You represent that you own the Premises and may enter into this Agreement and sell the Premises without any other person's consent, except that this Agreement and the sale of the Premises is subject to approval by the Court. You represent that all information about the Premises that you have provided to us was, and that all such information which you will provide to us will be, true, complete and accurate when provided and that you will not fail to disclose to us any fact which might be material to a prospective purchaser's decision to purchase the Premises or which might be legally required to be disclosed to a prospective purchaser.

8. In consideration of our efforts pursuant to this Agreement, you agree that during the Listing Term you will not enter into any lease, or agreement to lease, with respect to the Premises. Should you enter into a lease of the Premises during the term of this Agreement you shall be obligated to pay SIR a commission equivalent to fifteen percent (15%) of the aggregate rental due under the first "Lease Year". (The term "Lease Year", as used in the preceding sentence, shall be deemed to be the first consecutive 12 months following the date of your actual receipt of the first full rental payment under a lease for the Premises.) Should the Premises thereafter be purchased by such lessee, or any entity owned and/or controlled by such lessee, or any individual or entity that is otherwise affiliated with such lessee, including any designee of the lessee, you agree to pay SIR, at the time of closing of title, a commission of 3% of the contracted for purchase price.

9. In the event that either party shall commence any action or proceeding to enforce the terms of this Agreement, the prevailing party shall be entitled to, and the other party shall pay to the prevailing party, its actual costs of such action or proceeding, including actual attorneys' fees.

10. You shall instruct your attorney to include a provision in the contract of sale, which would require that the purchaser allow SIR the right to review and comment on a board package prior to submission to the board of directors of the cooperation or condominium as the case may be.

Revised 12/1/23

11.     This Agreement (a) shall be governed by the laws of the state in which the Premises are located applicable to contracts made and to be performed wholly in such state, (b) sets forth the entire understanding between us and supersedes all prior agreements or understandings, and (c) cannot be changed, modified or amended, nor can any of its provisions be waived, except by an agreement in writing signed by the party to be charged. If this Agreement is signed by two or more persons as owners of the Premises, the liability of each hereunder shall be joint and several.

12.     As used herein, the term "person" shall mean natural persons, partnerships, corporations, trusts and other entities.

13.     SIR acknowledges and agrees that the terms and provisions of this Agreement are subject to approval of the Court.

**This Agreement with SIR provides for an Exclusive Right to Sell listing. By New York State law, we are required to provide the following explanations:**

An "Exclusive Right to Sell" listing means that if you, the owner of the property, find a buyer for your house, or if another broker finds a buyer, you must pay the agreed commission to the present broker.

An "Exclusive Agency" listing means that if you the owner of the property find a buyer, you will not have to pay a commission to the broker. However, if another broker finds a buyer, you will owe a commission to both the selling broker and your present broker.

**Please sign on the line below to acknowledge your understanding of the foregoing.**

Melanie L. Cyganowski
Sales Officer of Genever Holdings, LLC

Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
Proxyholder for Genever Holding LLC

Notice to Consumer: Real estate broker commissions are not set by law and are fully negotiable.

This Agreement is accompanied by separate forms entitled " New York State Disclosure Form for Buyer and Seller" and "New York State Housing and Anti-Discrimination Disclosure Form." You should read and acknowledge this material as provided therein.

**YOU ACKNOWLEDGE THAT IT IS UNLAWFUL UNDER APPLICABLE LAW TO DISCRIMINATE ON THE BASIS OF VARIOUS FACTORS AND THAT WE WILL AT ALL TIMES COMPLY WITH FEDERAL, STATE AND NEW YORK CITY LAWS APPLICABLE TO THE PREMISES.**
Please sign, date and return the enclosed copy of this Agreement to indicate your acceptance of and agreement to the foregoing.

ACCEPTED AND AGREED TO

This 17ᵗʰ day of September 2024:

_____
Melanie L. Cyganowski
Sales Officer of Genever Holdings, LLC

Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
Proxyholder for Genever Holding LLC

Very truly yours,
SOTHEBY'S INTERNATIONAL REALTY

By _____ Date 9/17/24
Marissa Ghesquiere
Executive Vice President of Sales – New York City

Serena Boardman        Sep 17, 2024 | 7:29:05 PM EDT
By ___7CC8442E6C154BF...___ Date_____
Serena Boardman
Global Real Estate Advisor, Associate Broker

11.    This Agreement (a) shall be governed by the laws of the state in which the Premises are located applicable to contracts made and to be performed wholly in such state, (b) sets forth the entire understanding between us and supersedes all prior agreements or understandings, and (c) cannot be changed, modified or amended, nor can any of its provisions be waived, except by an agreement in writing signed by the party to be charged.  If this Agreement is signed by two or more persons as owners of the Premises, the liability of each hereunder shall be joint and several.

12.    As used herein, the term "person" shall mean natural persons, partnerships, corporations, trusts and other entities.

13.    SIR acknowledges and agrees that the terms and provisions of this Agreement are subject to approval of the Court.

**This Agreement with SIR provides for an Exclusive Right to Sell listing.  By New York State law, we are required to provide the following explanations.**

An "Exclusive Right to Sell" listing means that if you, the owner of the property, find a buyer for your house, or if another broker finds a buyer, you must pay the agreed commission to the present broker.

An "Exclusive Agency" listing means that if you the owner of the property find a buyer, you will not have to pay a commission to the broker.  However, if another broker finds a buyer, you will owe a commission to both the selling broker and your present broker.

**Please sign on the line below to acknowledge your understanding of the foregoing.**

_____
Melanie L. Cyganowski
Sales Officer of Genever Holdings, LLC

_____
Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
Proxyholder for Genever Holding LLC

Notice to Consumer: Real estate broker commissions are not set by law and are fully negotiable.

This Agreement is accompanied by separate forms entitled " New York State Disclosure Form for Buyer and Seller" and "New York State Housing and Anti-Discrimination Disclosure Form." You should read and acknowledge this material as provided therein.

**YOU ACKNOWLEDGE THAT IT IS UNLAWFUL UNDER APPLICABLE LAW TO DISCRIMINATE ON THE BASIS OF VARIOUS FACTORS AND THAT WE WILL AT ALL TIMES COMPLY WITH FEDERAL, STATE AND NEW YORK CITY LAWS APPLICABLE TO THE PREMISES.**
Please sign, date and return the enclosed copy of this Agreement to indicate your acceptance of and agreement to the foregoing.

Very truly yours,
**SOTHEBY'S INTERNATIONAL REALTY**

ACCEPTED AND AGREED TO

This _17th_ day of _SEPTEMBER_ 20 2_4_

_____
Melanie L. Cyganowski
Sales Officer of Genever Holdings, LLC

_____
Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
Proxyholder for Genever Holding LLC

By: _____  Date_____
Marissa Ghesquiere
Executive Vice President of Sales -- New York City

DocuSigned by:
*Serena Boardman*
By: _____  Date_____    Sep 17, 2024 | 7:29:05 PM EDT
Serena Boardman
Global Real Estate Advisor, Associate Broker

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK *et al*.,                                 :    Case No. 22-50073 (JAM)
                                                      :
                          Debtors.¹                   :    Jointly Administered
                                                      :
------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 18, 2024, the foregoing Motion, and all attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated: September 18, 2024          GENEVER HOLDINGS LLC
       New York, New York


                                       By: */s/ G. Alexander Bongartz*
                                          G. Alexander Bongartz (admitted *pro hac vice*)
                                          PAUL HASTINGS LLP
                                          200 Park Avenue
                                          New York, New York 10166
                                          (212) 318-6079
                                          lucdespins@paulhastings.com
                                          alexbongartz@paulhastings.com

                                          *Counsel for the Genever Holdings LLC*

---

¹  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).