**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>                      Plaintiff,<br><br>v.<br><br>WILDES & WEINBERG P.C.,<br><br>                      Defendant. | Adv. Proceeding No. 24-05187 |

**SEALED MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH WILDES & WEINBERG, P.C.**

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

United States Bankruptcy Court District of Connecticut (the "Local Rules"), and the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3163] (the "Procedures Order"),[2] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the terms of the settlement agreement (the "Settlement Agreement") reached between (a) the Trustee and (b) Wildes & Weinberg, P.C. ("W&W" and, together with the Trustee, the "Parties").[3] In support of this Motion, the Trustee respectfully states the following:

## PRELIMINARY STATEMENT

1. The Trustee has reached an agreement to resolve the Trustee's claims against W&W asserted in *Despins v. Wildes & Weinberg, P.C.* [Adv. Proc. No. 24-05187] (the "Adversary Proceeding"). The Parties have reached the proposed Settlement Agreement with the assistance of Judge Tancredi in Mediation Proceedings conducted pursuant to the Procedures Order. Judge Tancredi has issued his *Mediator's Report* [Adv. Proc. No. 24-05187 Docket No. 13] (the "Mediator's Report") stating his belief that the economics and terms of the Settlement Agreement are fair, reasonable, and in the best interest of the Debtor's chapter 11 estate (the "Estate").

2. Through the proposed settlement, the Estate will obtain funds for the benefit of creditors, without the cost and uncertainty of further litigation. The terms of the Settlement Agreement will create value for creditors and are clearly in the Estate's best interests, and, accordingly, the Motion should be granted.

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Procedures Order.

[3] References herein to the "Parties" and the "Trustee," include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

2

**JURISDICTION AND VENUE**

3. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

**BACKGROUND**

6. On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thus commencing the Chapter 11 Case.

7. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

8. On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

9. On February 12, 2024, the Trustee commenced the Adversary Proceeding by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* against W&W to, among other things, avoid and recover certain alleged transfers (the "Transfers") that may be avoidable

and/or recoverable pursuant to §§ 549 and 550 of the Bankruptcy Code (collectively, the "Claims") in an amount not less than $115,600.00.

10. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ W&W has denied any potential liability with respect to the Claims.

## SETTLEMENT

11. On May 2, 2024, the Court entered the Procedures Order, pursuant to which the Trustee's claims against W&W were referred to Mediation Proceedings.

12. The Parties, through counsel, have engaged in good-faith discussions with respect to the Trustee's Claims. As a result of these discussions, and after multiple rounds of proposals and counterproposals, the Parties reached the Settlement Agreement attached hereto as **Exhibit B**.

13. The salient provisions of the Settlement Agreement provide for the following:[4]

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

b. On or before the tenth (10th) business day after receipt of the Settlement Amount, the Trustee will file a notice of dismissal of the Adversary Proceeding with prejudice;



---

[4] To the extent of any inconsistencies between the summary description of the Settlement Agreement in this Motion and the terms and conditions of the Settlement Agreement, the terms of the Settlement Agreement shall control.

e.  The Settlement Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

## RELIEF REQUESTED

14. By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement in its entirety and authorizing the Parties to enter into and implement the Settlement Agreement in accordance with the terms thereof.

## BASIS FOR THE RELIEF REQUESTED

### I.  Standard for Approving the Settlement Agreement

15. To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003). The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

16. Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)). Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

5

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . . ; (3) the "paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Motorola, Inc. v. Official Comm. of Unsecured Creditors* (*In re Iridium Operating LLC*), 478 F.3d 452, 462 (2d Cir. 2007) ("*Iridium*").

## II. Settlement Agreement Should Be Approved

17. The Settlement Agreement is a positive outcome for the Estate and, by extension, the creditors of the Estate, and it is a fair and reasonable compromise under the circumstances and considering the applicable *Iridium* factors.

18. The Settlement Agreement provides for the Estate to obtain the Settlement Amount without further litigation, the cost of which may be substantial compared to the amounts at issue in the Trustee's Claims. Certain defendants to claims similar to those asserted against W&W have asserted defenses, including through motions to dismiss, which motions have not yet been decided by this Court or reviewed on appeal. While the Trustee is confident in the merits of the Claims, he recognizes that any litigation carries uncertainty. Moreover, the proposed settlement will result in the Estate obtaining funds without delay arising from litigation and potential appeals.

19. Importantly, Judge Tancredi has reviewed the terms of the Settlement Agreement pursuant to the Mediation Procedures. The Parties thank Judge Tancredi for his service. As set forth in the Mediator's Report, Judge Tancredi stated that he has examined "the claims and potential defenses and other facts and circumstances relating to [the Transfers] along with the

highly complex and contested nature of the" Chapter 11 Case, and that he believes "the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the [Estate] as measured by the standards of" *Iridium*.

20. The Trustee thus believes the proposed Settlement Agreement satisfies Bankruptcy Rule 9019 and should be approved.

## NOTICE AND SEALED FILING

21. This Motion and the attached Settlement Agreement have been filed under seal, pursuant to the Procedures Order, because the Trustee believes: (a) public disclosure of the settlement terms would harm the Estate, and (b) the settlement terms constitute commercially sensitive and otherwise confidential information. (*See* Procedures Order at ¶ 2(w).) The terms of the settlement constitute commercially sensitive information, because, among other things, their disclosure would prejudice the Trustee's ability to resolve similar claims against other defendants and potential defendants; and the terms are otherwise confidential because the Settlement Agreement negotiated by the Parties provides for their confidentiality to be maintained. This is one of many settlements that the Trustee will propose to the Court for approval. Meanwhile, the Trustee is litigating and/or negotiating to resolve avoidance claims against hundreds of other transferees. It would be extremely prejudicial to the Estate to publicly file the settlement terms and thus reveal the Trustee's strategy and settlement tolerance to other defendants and potential defendants.

22. Pursuant to the Procedures Order, upon filing, the Trustee will send a copy of this Motion as filed under seal and including the Settlement Agreement to: (a) W&W, (b) the Committee, and (c) the United States Trustee. The Trustee will also file a redacted version of this

Motion, redacting confidential and commercially sensitive information and omitting the Settlement Agreement, on the public docket (the "Redacted Filing"). (*Id.*)

23. Notice of the Redacted Filing will be sent (a) to all appearing parties who utilize the Court's case management/electronic case file system and (b) any party that requested notice in this Chapter 11 Case but is unable to accept electronic filing as indicated on the Notice of Electronic Filing. The Trustee submits that, under the circumstances, no other or further notice is required. The Trustee has contemporaneously filed his *Motion to Limit Service of Motions Pursuant to Bankruptcy Rule 9019 Regarding Settlements of Avoidance Claims* to approve service on the foregoing basis for this and other Avoidance Actions.

## NO PREVIOUS REQUEST

24. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in the Motion and such other relief as is just and proper.

Dated:  September 19, 2024          LUC A. DESPINS,
        New Haven, Connecticut       CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

         and

    Nicholas A. Bassett (*pro hac vice* pending)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

         and

    Douglass Barron (*pro hac vice* pending)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6690
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| | Adv. Proceeding No. 24-05187 |
| Plaintiff, | |
| v. | |
| WILDES & WEINBERG P.C., | |
| Defendant. | |

**[PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT <u>WITH WILDES & WEINBERG, P.C.</u>**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), for entry of an order approving a settlement agreement between the Trustee

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

and Wildes & Weinberg, P.C. ( "W&W" and, together with the Trustee, the "Parties"), as more fully described in the Motion and the settlement agreement attached to the Motion as Exhibit B (the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Parties having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The Settlement Agreement is approved pursuant to Bankruptcy Rule 9019.

4. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

5. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

## EXHIBIT B

**Settlement Agreement**

**FILED UNDER SEAL**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| | Adv. Proceeding No. 24-05187 |
| Plaintiff, | |
| v. | |
| WILDES & WEINBERG P.C., | |
| Defendant. | |

---

## **CERTIFICATE OF SERVICE**

The foregoing, inclusive of all exhibits thereto, was filed under seal (the "Sealed Filing") and was filed in redacted form and omitting the Settlement Agreement (the "Redacted Filing") using the Court's case management/electronic case files ("CM/ECF") system in the above-captioned chapter 11 case of Ho Wan Kwok (the "Chapter 11 Case") and in the above-captioned adversary proceeding (the "Adversary Proceeding").

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Notice of the Redacted Filing will be sent automatically via email by operation of the CM/ECF system to all parties appearing in the Chapter 11 Case and the Adversary Proceeding that are eligible to receive electronic notice and within one business day by U.S. Mail to any appearing parties not eligible to receive electronic notice.

Notice of the Sealed Filing will be sent by manual email within one business day to (a) Wildes & Weinberg, P.C. (at michael@wildeslaw.com), (b) the Committee (at igoldman@pullcom.com and kmayhew@pullcom.com), and (c) the United States Trustee (at holley.l.claiborn@usdoj.gov).

Dated this 19th day of September 2024 at New Haven, Connecticut

                                                */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com