UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                             :    Chapter 11
                                                   :
HO WAN KWOK *et al.*,                              :    Case No. 22-50073 (JAM)
                                                   :
       Debtors.[1]                                 :    Jointly Administered
                                                   :
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE
TO LIMIT NOTICE OF MOTIONS PURSUANT TO BANKRUPTCY RULE 9019
REGARDING MEDIATED/AVOIDANCE CLAIM SETTLEMENTS**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a) and 2002(i) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3163] (the "Procedures Order"),[2] hereby moves (the "Motion") this Court for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), limiting notice of any motions filed by the Trustee pursuant to Bankruptcy Rule 9019 ("Mediation/Avoidance 9019 Motions") requesting approval of

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined herein shall have the meanings set forth in the Procedures Order.

Mediated Settlements (as defined herein) and of any other settlements that resolve claims asserted solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous state law claims ("Avoidance Claims") and the scheduling of any hearings with respect to same to the Notice Parties (as defined below). In support of this Motion, the Trustee represents as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought by this Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and 2002(i).

## BACKGROUND

4. On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

6. On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the

Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

7. On January 29, 2024, the Court entered its *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 2578] (the "Original Procedures Order"), establishing certain procedures governing litigation of Avoidance Claims.

8. Between February 9 and 15, 2024, the Trustee commenced approximately 270 Avoidance Actions, *i.e.,* adversary proceedings in which the Trustee has asserted Avoidance Claims. The Trustee has filed additional Avoidance Actions since February 15, 2024, and expects that he will continue to do so.

9. On May 2, 2024, the Court entered its Procedures Order, amending and supplementing the Original Procedures Order, including, among other things, by adopting the Mediation Procedures. The Procedures Order includes provisions governing motions to approve settlements filed with respect to settlements reached through Mediation Proceedings (*see* Procedures Order at ¶ 2(w)). Approximately fifty Avoidance Defendants are presently engaged in Mediation Proceedings with the Trustee supervised by Judge Tancredi.

10. On August 28, 2024, the Court entered its *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [Docket No. 3465] (the "Pre-Litigation/Pre-Appearance Mediation Order"), approving modified Mediation Procedures for Consensual Pre-Litigation/Pre-Appearance Mediation (as defined in such order). These procedures govern motions to approve settlements as to Avoidance Claims settled through Pre-

3

Litigation/Pre-Appearance Mediation. The Trustee and certain counterparties to Avoidance Claims are presently submitting matters to Consensual Pre-Litigation/Pre-Appearance Mediation.

11. The Trustee is filing contemporaneously herewith his first Mediation/Avoidance 9019 Motion, *i.e.*, the Trustee's *Sealed Motion Pursuant to Bankruptcy Rule 9019 Regarding Settlement with Wildes & Weinberg, P.C.* (the "W&W 9019 Motion") [Docket No. 3559], and the Trustee expects to file additional Mediation/Avoidance 9019 Motions soon, including with respect to other settlements reached through Mediation Proceedings and Consensual Pre-Litigation/Pre-Appearance Mediation ("Mediated Settlements").

## RELIEF REQUESTED

12. By this Motion, the Trustee seeks to limit notice of any Mediation/Avoidance 9019 Motions filed in the Chapter 11 Case[3] and the scheduling of any hearings with respect to same to: (i) the United States Trustee; (ii) the Debtor; (iii) the Committee; (iv) the counterparty to any settlement addressed by the relevant Mediation/Avoidance 9019 Motion; (v) by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties that utilize the CM/ECF system; and (vi) any party who requested notice in the Chapter 11 Case but is unable to accept electronic filing as indicated on the Notice of Electronic Filing (collectively, the "Notice Parties").

13. Pursuant to Bankruptcy Rule 2002(a)(3), notice of "the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to [Bankruptcy] Rule 4001(d)" must be given by mail to the debtor, the trustee, all creditors, and indenture trustees "unless the court for cause shown directs that notice not be sent." Moreover,

---

[3] Pursuant to Local Rule of Bankruptcy Procedure 9019-1, to the extent that an Avoidance 9019 Motion would compromise claims in an adversary proceeding, the Avoidance 9019 Motion will also be filed in the relevant adversary proceeding.

4

Bankruptcy Rule 2002(i) provides (in relevant part) that "the court may order that notices required [Bankruptcy Rule 2002(a)(3)] may be … mailed only to the [official committee of unsecured creditors] or their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."  Section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.  11 U.S.C. § 105(a).

14. As of today, more than 1,400 claims have been filed in the Chapter 11 Case—the overwhelming majority of which are individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). The Trustee submits that it would be unduly burdensome for the Estate to serve notice of the Mediation/Avoidance 9019 Motions and the scheduling of hearings with respect to same on 1,400 parties.  Because settlements will be reached over time, the Trustee anticipates eventually filing numerous Mediation/Avoidance 9019 Motions, compounding the expense.  This consumption of Estate resources would not serve the interests of the creditors of the Estate.   This is particularly true given that several creditors interested in day-to-day developments in this Chapter 11 Case have filed appearances and the Committee has been appointed.[4]

15. Based on the foregoing, the Trustee requests that the Court limit notice of the 9019 Motion to the Notice Parties.

---

[4] The Procedures Order (at ¶ 2(w)) and the Pre-Litigation/Pre-Appearance Mediation Order (at ¶ 2(v)) each contemplate the sealed filing of certain Avoidance 9019 Motions with service of sealed filings limited to certain specified parties, in which event the Trustee is to file redacted versions of sealed Avoidance 9109 Motions on the public docket.  For the avoidance of doubt, when an Avoidance 9019 Motion has been filed under seal, the proposed notice procedures would apply to the redacted filing on the public docket.

16. The Trustee submits that the relief sought in this Motion is appropriate in the Chapter 11 Case and is in the best interests of the Estate, its creditors, and other parties-in-interest.

*[THE REST OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: September 19, 2024  
        New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett (*pro hac vice* pending)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

       *and*

    Douglass Barron (*pro hac vice* pending)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6690  
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK *et al.*,                     :    Case No. 22-50073 (JAM)
                                          :
          Debtors.¹                       :    Jointly Administered
                                          :
---------------------------------------------------------x

### [PROPOSED] MOTION OF CHAPTER 11 TRUSTEE TO LIMIT NOTICE OF MOTIONS PURSUANT TO BANKRUPTCY RULE 9019 REGARDING MEDIATED/AVOIDANCE CLAIM SETTLEMENTS

The Court having considered the motion (the "Motion") seeking to limit service of any motions filed by the Trustee pursuant to Bankruptcy Rule 9019 ("Mediation/Avoidance 9019 Motions") requesting approval of Mediated Settlements² and any other settlements that resolve claims asserted solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous state law claims to certain notice parties, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Estate, its creditors, and other parties in interest; and

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT

1. The Motion is granted as set forth herein.

2. Notice of any Mediation/Avoidance 9019 Motions and of any hearings scheduled with respect to same need only be served upon:

    i. the United States Trustee;

    ii. the Debtor;

    iii. the Committee;

    iv. the counterparty to any settlement addressed by the Mediation/Avoidance 9019 Motion;

    v. by electronic filing utilizing CM/ECF, to all appearing parties that utilize the CM/ECF system; and

    vi. any party who requested notice in the Chapter 11 Case but is unable to accept electronic filing as indicated on the Notice of Electronic Filing

3. For the avoidance of doubt, if a Mediation/Avoidance 9019 Motion is filed under seal, notice shall be served on the Notice Parties of the redacted version of the 9019 Motion filed on the public docket.

4. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.¹ : Jointly Administered
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The foregoing, inclusive of all exhibits thereto, was filed using the Court's case management/electronic case files ("CM/ECF") system in the above-captioned chapter 11 case of Ho Wan Kwok (the "Chapter 11 Case") and in the above-captioned adversary proceeding (the "Adversary Proceeding"). Notice of this filing will be sent automatically via email by operation of the CM/ECF system to all parties appearing in the Chapter 11 Case that are eligible to receive electronic notice and within one business day by U.S. Mail to any appearing parties not eligible to receive electronic notice.

Dated this 19th day of September 2024 at New Haven, Connecticut

                                                      */s/ Patrick R. Linsey*
                                                      Patrick R. Linsey (ct29437)
                                                      NEUBERT, PEPE & MONTEITH, P.C.
                                                      195 Church Street, 13th Floor
                                                      New Haven, Connecticut 06510
                                                      (203) 781-2847
                                                      plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).