UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------x
                             :
In re:                      :    Chapter 11
                             :
HO WAN KWOK, *et al.*,      :    Case No. 22-50073 (JAM)
                             :
        Debtors.[1]       :    Jointly Administered
                             :
-------------------------------------------------------x

### APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE  SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF CHRYSSAFINIS & POLYVIOU LLC AS CYPRIOT LAW COUNSEL

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee")

appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure

(the "Local Bankruptcy Rules") for the United States Bankruptcy Court for the District of

Connecticut (the "Court"), files this application (the "Application") requesting entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") approving the

Chapter 11 Trustee's employment of Chryssafinis & Polyviou LLC ("CP Law") as Cypriot law

counsel, effective as of August 15, 2024, on the terms set forth in the engagement letter attached

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

hereto as **Exhibit B** (the "Engagement Letter"). In support of this Application, the Chapter 11 Trustee submits the *Declaration of George Middleton in Support of Application of Chapter 11 Trustee for Entry of Order, Pursuant to Bankruptcy Code Sections 327, 328, and 330, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Chryssafinis & Polyviou LLC as Cyprus Law Counsel* (the "Middleton Declaration"), attached as **Exhibit C**, which is incorporated herein by reference. In further support of this Application, the Chapter 11 Trustee respectfully states as follows:

**RELIEF REQUESTED**

1.      In the course of his investigation into the Debtor's financial firms, the Trustee has discovered assets (including real property) located, and transfers that took place, in Cyprus.[2] The Trustee thus requires a Cypriot law firm to further investigate these matters, particularly as the Trustee may need to file pleadings in Cyprus court to seek discovery in connection with these matters. The Chapter 11 Trustee selected CP Law as his counsel based on CP Law's familiarity with financial investigations, insolvency, and fund and property tracing.

2.      By this Application, the Chapter 11 Trustee seeks entry of the Proposed Order, authorizing and approving the retention and employment of CP Law as the Chapter 11 Trustee's Cypriot law counsel, effective as of August 15, 2024, on the terms set forth in the Engagement Letter, to assist the Trustee in his efforts to recover assets of the Debtor's estate potentially located in Cyprus.

---

[2]     As further detailed below, the Trustee recently commenced an adversary proceeding against Bouillor Holdings Limited, a Cyprus entity nominally owned by Qiang Guo, the Debtor's son, to recover the Debtor' luxurious high-rise apartment in Limassol, Cyprus.

## JURISDICTION, VENUE, AND STATUTORY BASES

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, and, to the extent applicable, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

6.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

8.      On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Chapter 11 Trustee [Docket No. 514].

9.      On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Chapter 11 Trustee in the Chapter 11 Case [Docket No. 523].

10.     On August 15, 2024, the Trustee filed a complaint against, among others, Bouillor Holdings Limited, a Cypriot entity [Adv. Proc. No. 24-05311, Docket No. 1] (the "Complaint" and the adversary proceeding the "Bouillor AP").

## CP LAW'S QUALIFICATIONS

11.     CP Law is a law firm located at 37 Metochiou Street, Agios Andreas, Nicosia, Cyprus CY-1101.  CP Law is a prestigious Cypriot law firm which practices in a range of business advisory and litigation areas.  The firm currently employs approximately 30 lawyers, who are assisted by paralegals and support staff.

12.     For example, George Middleton and his team at CP Law have represented various Cypriot Banks (including the Bank of Cyprus Public Company Limited, Alpha Bank Cyprus Limited, the Cyprus Development Bank Public Company Limited, and other local lenders) in various insolvency and recovery matters before the Cyprus courts, as well as insolvency practitioners aiming to recover funds for the benefit of the creditors.

13.     CP Law has expertise in practice areas including insolvency matters, investigations tracing actions, fraud and conspiracy related matters.  CP Law's practices spans a broad range of legal services in Cyprus.

## ANTICIPATED SERVICES

14.     The Chapter 11 Trustee anticipates that CP Law will assist him in the investigation of assets, including real property, and transfers connected to the Debtor that took place in Cyprus, including those at issue in the Bouillor AP.[3]  Due to the specialized nature of CP Law role as Cypriot law counsel, there will be no duplication of services arising from CP Law's retention.

---

[3]     In the interest of maintain confidentiality regarding the ongoing investigation, the Trustee will not disclose the exact funds and assets believed to be located in Cyprus.

## COMPENSATION OF CP LAW

15.     CP Law intends to apply to the Court for compensation for professional services rendered and for reimbursement of expenses incurred in connection with this Chapter 11 Case pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case, including the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (as such order may be amended, the "Interim Compensation Order").

16.     CP Law will charge the Debtor for its legal services on an hourly basis at its regularly applicable hourly rates in connection with the services required in connection with the Trustee's investigations.

17.     At present, the 2024 hourly rates of CP Law are between €300 and €375 for associates (which, at current exchange rates, converts into approximately $335 to $419) and €450 for partners (which, at current exchange rates, converts into approximately $502).  CP Law will also will also bill for out-of-pocket expenses made on behalf of the Debtor, including photocopying, postage and package deliveries, court fees, transcripts, translator fees, witness fees, service fees, travel expenses, and computer-aided research.

18.     CP Law has requested, and the Chapter 11 Trustee hereby seeks authorization, that CP Law be allowed to invoice its fees and expenses in Euro (EUR) and to have such fees and expenses paid in Euro (EUR), subject to the terms of the Interim Compensation Order.

19.     The Debtor submits that CP Law's hourly rates are reasonable, comparable to CP Law's hourly rates for other engagements, and within the range of rates charged by comparably skilled professionals who offer the same services.

## CP LAW IS DISINTERESTED

20.     To the best of the Chapter 11 Trustee's knowledge in reliance upon the Middleton Declaration, and except as disclosed therein, CP Law does not have any relationships with the Debtor, its creditors, or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

21.     More specifically, upon the basis of the Middleton Declaration, and except as disclosed therein, the Chapter 11 Trustee believes that: (a) CP Law has no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or his respective attorneys or accountants; and (b) CP Law and its employees (i) are not a creditors, equity security holders, or insiders of the Debtor or his affiliates, (ii) have not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) has not had any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.  Therefore, the Chapter 11 Trustee believes that CP Law is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

22.     Based on the Middleton Declaration, the Chapter 11 Trustee believes that CP Law does not represent any adverse interest to unsecured creditors in connection with the Chapter 11 Case.

## BASIS FOR RELIEF REQUESTED

23.     The Chapter 11 Trustee requests to retain and employ CP Law as his Cypriot counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee, subject

to the approval of the Court, may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

24.     Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

25.     Bankruptcy Rule 2014(a) provides that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee.

26.     The Chapter 11 Trustee requires the services of counsel in Cyprus to exercise his responsibilities.  CP Law will endeavor to avoid the duplication of efforts and provide services as efficiently as possible.

27.     Accordingly, the employment of CP Law as the Chapter 11 Trustee's Cypriot counsel, upon the terms set forth herein and in the Proposed Order, is reasonable and in the best interest of the Debtor's estate.

28.     The Chapter 11 Trustee submits that CP Law's rates are reasonable, comparable to rates for other engagements, and within the range of rates charged by comparably skilled professionals who offer the same services.

29.     Local Bankruptcy Rule 2014-1 provides that if "an application to employ a professional is filed within thirty (30) days after the commencement of services provided by that professional, the application shall be deemed contemporaneously filed unless the Court

orders otherwise." Accordingly, the Chapter 11 Trustee requests authority to retain and employ CP Law effective August 15, 2024, which was the date that CP Law began providing services to the Chapter 11 Trustee.[4]

## NOTICE

30.     Notice of this Application has been given to the United States Trustee, the Debtor, the Committee, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.

## NO PRIOR REQUEST

31.     No previous application for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank.]*

---

[4]     While August 15, 2024, is 39 days prior to the date of the filing of this Application, the Trustee nevertheless requests that the retention be effective date as of August 15, 2024.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Luc A. Despins, the Chapter 11 Trustee, requests that the Court enter an Order, substantially in the form of the Proposed Order filed herewith, granting the Application, and authorizing the Chapter 11 Trustee's employment of CP Law as Cypriot law counsel, and order such other and further relief as the Court deems just and proper.

Dated:    September 23, 2024            Chapter 11 Trustee in Chapter 11 Case of Ho Wan Kwok

                                        */s/ Luc A. Despins*
                                        Luc A. Despins

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :     Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :     Case No. 22-50073 (JAM)
                                                       :
                    Debtors.                           :     (Jointly Administered)
                                                       :
-------------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 23, 2024, the foregoing Application

was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-

captioned chapter 11 case by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by

mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Parties may access this filing through the Court's CM/ECF system.

Dated:     September 23, 2024
           New York, New York

                              By: */s/ G. Alexander Bongartz*
                              G. Alexander Bongartz (admitted *pro hac vice*)
                              PAUL HASTINGS LLP
                              200 Park Avenue
                              New York, New York 10166
                              (212) 318-6079
                              alexbongartz@paulhastings.com

                              *Counsel for the Chapter 11 Trustee*

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
      Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
      mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
      LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
      (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
HO WAN KWOK, et al.,                    :   Case No. 22-50073 (JAM)
                                        :
         Debtors.¹                      :   Jointly Administered
                                        :
-------------------------------------------------------x
```

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF CHRYSSAFINIS & POLYVIOU LLC AS CYPRIOT LAW COUNSEL**

Upon the application (the "Application")² of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), (a) for authority to retain and employ Chryssafinis & Polyviou LLC ("CP Law") as counsel in Cyprus to the Chapter 11 Trustee, effective as of August 15, 2024, pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application and the Engagement Letter; and upon consideration of the Application and the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Middleton Declaration.

Middleton Declaration; and this Court having jurisdiction to consider the Application and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference from the United States District Court for the District of Connecticut; and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in

the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and

factual bases set forth in the Application and the Middleton Declaration, and the record of any

hearing on the Application before this Court establish just cause for the relief granted herein,

(iii) CP Law is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code

and as required by section 327(a) of the Bankruptcy Code, and (iv) CP Law and its employees do

not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of

the Application having been given under the particular circumstances; and it appearing that no

other or further notice need be given; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    The Application is granted as set forth herein.

2.    The Chapter 11 Trustee is authorized to retain and employ CP Law as his Cypriot

law counsel effective as of August 15, 2024 on the terms set forth in the Application, the

Engagement Letter, and the Middleton Declaration.

3.    CP Law is authorized to act as the Chapter 11 Trustee's lawyers and to perform

those services described in the Application.

4.    The Estate shall be responsible for CP Law's compensation and reimbursement of

expenses with respect to the engagement.

2

5.      The allowance of any compensation to be paid to CP Law shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the Interim Compensation Order.

6.      Allowance of any compensation for CP Law shall be limited to the extent of services actually performed as Cypriot law counsel for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

7.      CP Law is authorized to invoice its fees and expenses in Euro (EUR) and to have such fees and expenses paid in Euro (EUR), subject to the terms of the Interim Compensation Order.  The payment in Euro (EUR) shall be converted from US Dollars into Euro (EUR) at the exchange rate prevailing on the date of payment.

8.      CP Law shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

9.      The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

10.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

11.      To the extent the Application, the Engagement Letter, and the Middleton Declaration are inconsistent with this Order, the terms of this Order shall govern.

12.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3

13.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit B</u>**

**Engagement Letter**



**CHRYSSAFINIS & POLYVIOU**
——————— SINCE 1903

chryssafinis.polyviou@cplaw.com.cy
wwww@cplaw.com.cy

Chryssafinis & Polyviou LLC
Office Address:
37 Metochiou Str., Agios Andreas CY-1101,
Nicosia, Cyprus
Postal Address:
P.O. Box 21238, CY-1504 Nicosia, Cyprus

Telephone Numbers:
Main                                          : +357 22 361000
Litigation Department                : +357 22 361200
International Corporate Department : +357 22 361100

Fax Numbers:
Κεντρικό                                   : +357 22 678011
Litigation Department                : +357 22 681780
International Corporate Department : +357 22 679750

15 August 2024

**LEGALLY PRIVILEGED AND CONFIDENTIAL**

Luc. A. Despins, as Trustee for the Chapter 11 Estate of Ho Wan Kwok
c/o Paul Hastings LLP
200 Park Avenue
New York, New York 10166

Dear Sirs,

**Re: Engagement Letter (a term which includes this Engagement Letter as this may be varied from time to time in accordance with its terms)**

We hereby confirm that We are pleased to act for and on behalf of Luc A. Despins, as Trustee for the Chapter 11 Estate of Ho Wan Kwok ("**Client**"). The purpose of this Engagement Letter is to summarise and confirm the terms and conditions of Chryssafinis and Polyviou LLC's (the "**Firm'**" / "**We**", a term which includes the latter's permitted transferees) engagement by You pursuant to this Engagement Letter ("**Engagement**").

**1.  Scope of work covered by the Engagement**

To advise the Client in connection with his efforts to recover potential assets of Ho Wan Kwok, the debtor in the chapter 11 case pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), located in Cyprus.

**2.  Scope of work NOT covered by the Engagement**

- Any due diligence exercise.
- Company administration services.
- Any other work not specifically referred to in Clause 1, above.

It should be noted that We cannot and do not provide services as regards any accounting and/or auditing and/or actuarial and/or tax and/or commercial and/or



Chryssafinis & Polyviou LLC is a Limited Liability Company registered in the Republic of Cyprus with Registration number HE 239680.
Registered Office: 37 Metochiou Str., Agios Andreas CY-1101, Nicosia, Cyprus.



2

technical and/or personal data protection and/or sanctions matters, nor can We advise on the laws of any jurisdiction other than Cyprus.

### 3.   Instructions and Communications

We understand that for the purposes of the Engagement We will be taking instructions from Luc A. Despins (lucdespins@paulhastings.com), Nicholas Bassett (nicholasbassett@paulhastings.com), and G. Alexander Bongartz (alexbongartz@paulhastings.com).

All instructions and relevant documentation should be sent to us for the attention of George Middleton (gmiddleton@cplaw.com.cy) and Christos Ioannou (cioannou@cplaw.com.cy) or as otherwise advised by us in writing. In any case, You warrant that You shall not issue any directions/instructions/requests compliance with which by us would raise the real risk of exposing us to administrative and/or disciplinary and/or civil and/or criminal liability anywhere in the world.

### 4. Fees:

Unless otherwise agreed between You and us in writing, our fees will be charged on an hourly basis as applicable from time to time. At present, the hourly rates are as follows:

- Partner, €450 per hour
- Senior Associate €375 per hour
- Associate €300 per hour.

### 5.   Costs and Disbursements

You will also be responsible for reimbursing the Firm for all costs incurred by the Firm for the scope of work covered by the Engagement. If the Firm is obliged to incur additional expenses for non-chargeable administrative staff overtime on evenings or weekends to meet time deadlines fixed by You, any overtime charges will be billed separately and will be paid by You only if such billing was duly approved by You in advance.

### 5.   Statements of Account/Invoices and Payment

Invoices for the services rendered to You will be addressed to You unless We are instructed otherwise (in writing) by You. Payments must be made into the bank



3

account mentioned on each respective note of charges rendered by our Firm.  Each such invoice shall refer to this Engagement.

Notwithstanding anything herein to the contrary, compensation for services rendered and reimbursement of expenses will be paid in such amounts as may be allowed by the Bankruptcy Court on proper applications in accordance with the compensation procedures established and required by the Bankruptcy Court.

For the avoidance of doubt, neither Mr. Despins, in his personal capacity, nor Paul Hasting LLP shall be liable for compensation for services rendered or reimbursement of expenses.

## 6.  Termination

6.1.  Any of the parties hereto may terminate the engagement at any time subject to giving at least 14 days' prior written notice of such termination to the other party, without prejudice either to a party's already accrued rights and/or obligations or to any provision which is intended to survive such termination.

6.2.  Any of the parties hereto may terminate the engagement at any time with the giving of written notice of such termination to the other party (without prejudice either to a party's already accrued rights and/or obligations or to any provision which is intended to survive such termination) if, in the terminating party's reasonable opinion, the other party has breached any of its obligations under this Engagement Letter and/or the continuation of the engagement would raise the real risk of exposing the terminating party to reputational damage (including, for the avoidance of doubt, where the other party and/or any of its officers and/or any of its direct or indirect shareholders or subsidiaries is subjected to sanctions anywhere in the world) and/or to any administrative and/or disciplinary and/or civil and/or criminal liability anywhere in the world.

6.3.  In the event of the engagement being terminated, then, You shall promptly pay to our Firm any sums due under the terms of the engagement as at the date of such termination, with any such sums to be paid in accordance with the compensation procedures established and required by the Bankruptcy Court.

6.4.  Notwithstanding any other provision of this Engagement Letter, the Firm shall have the right to refuse to take any action if it considers that (1) any instructions or directions given to it are ambiguous or conflicting and/or (2) if it acts upon



4

such instructions or directions it would breach Cyprus law (or the laws of any other jurisdiction) and/or would be exposed to reputational damage.

## 7.  Disclosure

7.1.  Subject to the provisions of Clause 7.2 below, if a party to this Engagement Letter ("**Party X**") directly or indirectly acquires any information in connection with the person and/or business and/or assets and/or affairs of another party to this Engagement Letter ("**Party Y**"), Party X shall at all times ensure that its shareholders, officers, employees, agents and internal partners (as applicable) keep such information strictly confidential and neither disclose it to any person nor use same for any purpose that has not been expressly and in writing authorized by Party Y.

7.2.  A party to this Engagement Letter shall be entitled to disclose information in connection with the person and/or business and/or assets and/or affairs of another party to this Engagement Letter:

(i)    to a third party to the extent that such disclosure has been expressly and in writing authorized by the other party to this Engagement Letter;

(ii)   to a third party to the extent that the information disclosed has already entered the public domain in circumstances not engaging the disclosing party's liability;

(iii)  to a third party to the extent that such disclosure is required pursuant to applicable law:

Provided that the Firm provide at least seven (7) days' prior written notice before many any such disclosure, and

Provided further that, notwithstanding any other provision of this Engagement Letter,  in view of the fact that the relationship between You and the Firm is subject to legal professional privilege (as applied from time to time under Cyprus law), the Firm shall not, in respect of any transactions that You have engaged in and/or engage in from time to time, be making any reporting to any competent authority pursuant to Council Directive (EU) 2018/822 of May 25, 2018 (as amended  or  replaced  or  transposed  (whether  in  Cyprus  or



5

elsewhere) from time to time) ("**DAC 6**"), and You warrant to the Firm that You shall, firstly, keep full records of any transactions that You have engaged in and/or engage in from time to time in connection with the scope of work covered by the engagement, secondly, keep such transactions under constant review with the assistance of your tax advisors such that any aspect of any such transaction that might need to be reported pursuant to DAC 6 (including, for the avoidance of doubt, pursuant to s.7Δ(6) of Law 205(I)/2012 as amended or replaced from time to time) shall (to the exclusion of the Firm) be duly reported to any relevant competent authority by You and/or your tax advisors and/or your other collaborators as required by DAC 6, and, thirdly, at the Firm's request, promptly provide the Firm with confirmation of any DAC 6 reporting made by You and/or your tax advisors and/or your other collaborators (to the extent that, acting in good faith and reasonably, the Firm resolves that the subject matter of such reporting relates to the engagement);

(iv)   in the context of any judicial proceedings pursuant to Clause 8.II below, to the extent that the disclosure is made in good faith;

(v)   in the course of defending itself in the context of any administrative and/or disciplinary and/or civil and/or criminal proceedings anywhere in the world, to the extent that, acting in good faith and reasonably, the disclosing party resolves that such disclosure is necessary for properly defending itself;

(vi)   where the disclosing party is the Firm, to third party providers of accounting and/or actuarial and/or auditing and/or banking and/or business consulting and/or company administration/management and/or human resources and/or insurance and/or technology and/or legal and/or security (such as personal data protection etc.) and/or tax services to the Firm, to the extent necessary for the purposes of such providers' provision of such services to the Firm and provided that (a) the relevant provider is subject to a duty of confidentiality and (b) Client provides advance written consent to any such disclosure;

(vii)   where the disclosing party is the Firm and the information being disclosed constitutes Personal Data (as this term is defined in Clause 8, below):



6

to a third party where it is necessary to protect the vital interests of the data subject (as this term is defined in Clause 8, below) or another natural person, provided that the Firm provide at least seven (7) days' prior written notice before making any such disclosure. The concept of "vital interests" here means "vital interests" in the sense used in the GDPR (as this term is defined in Clause 8, below).

## 8. Proper law, jurisdiction and other matters

### I. Governing Law

This Engagement Letter is, and any non-contractual obligations arising out of or in connection with it are, governed by Cyprus law.

### II. Jurisdiction of Cyprus Court

(i) The courts of Cyprus have exclusive jurisdiction to settle any dispute arising out of or in connection with this Engagement Letter (including a dispute relating to the existence, validity or termination of this Engagement Letter or any non-contractual obligation arising out of or in connection with this Engagement Letter) (a "**Dispute**").

(ii) It is agreed that the courts of Cyprus are the most appropriate and convenient courts to settle Disputes and accordingly no person will argue to the contrary.

(iii) Notwithstanding anything herein to the contrary, all matters related to the payment and allowance of the Firm's fees and expenses shall be decided by the Bankruptcy Court in accordance with the compensation procedures established and required by the Bankruptcy Court.

### III. Liability Issues

To the maximum extent permitted by applicable law, any liability for negligence or otherwise, of the Firm and other persons mentioned hereinbelow arising out of or in any way related to the engagement shall be excluded or limited as follows:

7

(i)     the aggregate of any such liability to any and all persons shall be capped at four times the total fees incurred by the Firm for this Engagement, provided that there shall be no such cap with respect to any such liability based on gross negligence or wilful misconduct;

(ii)    the Firm shall not have any liability (in negligence or otherwise) to any person (other than You) in respect of the engagement unless the Firm has agreed in writing that that person can rely on the Firm's work in respect of the engagement;

(iii)   the liability of the Firm in respect of any act/omission shall cease at 5.00 p.m. on the date falling on the 36-month anniversary of that act/omission unless proceedings in respect of any such liability have been issued and served on the Firm by You on or before such time;

(iv)    having regard to the Firm's interests in limiting the liability and exposure to litigation of any of the Firm's past, present or future shareholders, subsidiaries, and their (including, for the avoidance of doubt, the Firm's) respective officers, employees, agents or internal partners, any further liability (in negligence or otherwise) to You (or others) of such persons shall be excluded absolutely but this will not limit or exclude the liability (if any) of the Firm for the acts or omissions of any such person; and

(v)     any liability for (1) loss of profit and/or (2) indirect and/or consequential loss and/or damage, shall be absolutely excluded.

**IV.   Personal Data protection issues**

(i)     Subject to the proviso of Clause 7.2(iii), above, in providing services to You, We may process personal data that We receive from You and/or through our dealings with You ("**Personal Data**").

        Section 2 of the Firm's Privacy Statement (which is available on the Firm's website at http://www.cplaw.com.cy) (as such Privacy Statement may change from time to time in accordance with its terms) ("**PS**") shall apply as regards the purposes and period for which We may process Personal Data, whether We are acting as a data controller or as a data processor of Personal Data. Notwithstanding the foregoing, the Client does not consent to the use of any Personal Data for marketing purposes.



8

(ii)   You agree that where You provide or direct the provision of Personal Data to us that: (i) You will have complied with your responsibilities under Data Protection Law in providing us with that Personal Data; and (ii) the processing by us of that Personal Data in accordance with these engagements will not result in us being in breach of Data Protection Law.

(iii)  Our responsibilities under Data Protection Law will vary depending on whether We act as a data controller or, as the case may be, a data processor of Personal Data.

(iv)  If We act as a data controller of Personal Data that We receive from You and/or through our dealings with You, We shall comply at all times with our data controller obligations as provided under Data Protection Law. The PS provides additional information about how We process Personal Data when We act as a data controller. Provided that:

   1.   You hereby consent to the transfer of Personal Data outside the European Union for the purposes of our processing of Personal Data referred to in the PS.

   2.   We shall delete or return Personal Data (and any copies of it) not later than the end of February of the 13th year[1] following the year during which You shall have fully and finally settled all of your debts in connection with this Engagement Letter, unless We are required by European Union or European Union Member State law to otherwise delete or return or retain the Personal Data.

(v)   If We act as a data processor or sub-processor of Personal Data that We receive from You and/or through our dealings with You, We shall comply with our data processor obligations as provided under Data Protection Law and with our obligations as set out at points (1) to (12) below. The subject matter of the processing carried out by us is as per Clause 8.IV(i) above. Your obligations and rights as a data controller are as specified under Data Protection Law and this Engagement Letter. To the maximum extent

---

[1] *Rationale for the said period: In Cyprus, following the filing of a tax return by a company such as the Firm, the authorities can, under certain circumstances, raise an enquiry vis-à-vis such tax return during the period extending to the end of the 12th year after the tax year which the tax return concerns. Inquiries can range from simple information requests to detailed technical challenges.*

9

permitted by applicable law, We may charge reasonable fees where We are fulfilling our commitments under points (7), (8), (9) and (11) below.

1. We shall only process Personal Data in accordance with your instructions, which include providing our services to You, or as required by law. We shall inform You if a law to which We are subject requires us to process the Personal Data other than on your instructions.

2. We shall not transfer the Personal Data to a recipient outside the European Union unless such transfer is consistent with the requirements of Data Protection Law:

   Provided that You hereby consent to the transfer of Personal Data outside the European Union for the purposes of our processing of Personal Data as per Clause 8.IV(i) above.

   Provided further that to the extent that for the purposes of our processing of Personal Data as necessary for providing You with our services We have to transfer Personal Data outside the European Union, You hereby consent to such transfer and warrant that You shall have yourself pre-emptively ensured that such transfer will be consistent with the requirements of Data Protection Law.

3. Firm staff and subcontractors with access to the Personal Data will be subject to a duty of confidentiality.

4. Technical and organisational security measures appropriate to the risks of the Firm's processing of the Personal Data in accordance with Data Protection Law will be in place.

5. You hereby consent to our engagement of any sub-processor to process any Personal Data related to this Engagement Letter, and We on our part undertake that in case of such engagement We shall comply with point (7), below.

6. In the case of general written consent, We shall provide advance written notice to You of any intended changes concerning the addition or subtraction or replacement of sub-processors.



10

7. We shall require any sub-processor that We engage to process the Personal Data, to adhere to the same obligations that We undertake in this Clause 8.IV to ensure that such processing meets the requirements of Data Protection Law.

8. We shall, insofar as possible and taking into account the nature of the processing, give You reasonable assistance by appropriate technical and organisational measures to fulfil your obligation to respond to individuals' requests to exercise their rights to notice, access, rectification, erasure, restriction of processing, objection and portability provided for under Data Protection Law.

9. We shall, taking into account the nature of the processing and the information available to us, assist You in ensuring compliance with your obligations under Data Protection Law in regard to security, data breach notification to the supervisory authority and to individuals, and carrying out data protection impact assessments and related consultations with supervisory authorities.

10. We shall delete or return Personal Data (and any copies of it) to You not later than the end of February of the 13th year[2] following the year during which You shall have fully and finally settled all of your debts in connection with this Engagement Letter, unless We are required by European Union or European Union Member State law to otherwise delete or return or retain the Personal Data.

11. We shall make available to You all information necessary to demonstrate compliance with the obligations laid down in Article 28 of the GDPR, and for that purpose alone allow for and contribute to audits, including inspections, conducted by You or another auditor mandated by You.

12. We shall immediately inform You if, in our opinion, an instruction infringes the GDPR or other data protection provisions.

---

[2] *Rationale for the said period: In Cyprus, following the filing of a tax return by a company such as the Firm, the authorities can, under certain circumstances, raise an enquiry vis-à-vis such tax return during the period extending to the end of the 12th year after the tax year which the tax return concerns. Inquiries can range from simple information requests to detailed technical challenges.*

11

(vi) Unless otherwise mandated by applicable law You shall exercise your rights under the Data Protection Law and this Clause 8.IV reasonably, using best efforts not to disrupt the ordinary course of business of the Firm, and with the utmost consideration to and respect for your own obligations pursuant to the Data Protection Law and this Engagement Letter, on the one hand, and the Firm's confidentiality and/or data protection obligations in connection with third parties, on the other.

(vii) For the purposes of this Clause 8.IV:

-"**Data Protection Law**" means the General Data Protection Regulation (Regulation (EU) 2016/679) as amended or replaced from time to time (the "**GDPR**") and Cyprus Law 125(I) of 2018 as amended or replaced from time to time, as well as any secondary legislation in force from time to time pursuant to the one or the other or both.

-"**Sub-processor**" means any party appointed to process Personal Data on behalf of the Firm for one or more of the purposes for which the Firm itself may process Personal Data.

-The terms "**data controller**", "**data processor**", "**data subject**", "**personal data**", and "**processing**" shall bear the meaning ascribed to the terms "controller", "processor", "data subject", "personal data" and "processing", respectively, by the GDPR.

## V.   Sundry

(i) Unless otherwise agreed in writing between the parties, this Engagement Letter may only be modified by a written amendment signed by each of the parties to it.

(ii) If any provision of this Engagement Letter is found by any court or administrative body of competent jurisdiction to be invalid, illegal or unenforceable, the invalidity, illegality or unenforceability of such provision shall not affect any other provision of this Engagement Letter and all provisions not affected by such invalidity, illegality or unenforceability will remain in full force and effect.

12

(iii)   Except as provided in the order by the Bankruptcy Court authorizing the Client's retention of the Firm, this Engagement Letter constitutes the entire agreement between the parties and supersedes and extinguishes all previous agreements, promises, assurances, warranties, representations and understandings between them, whether written or oral, relating to the subject matter of such agreement. To the maximum extent permitted by applicable law, each party agrees that it shall have no remedies in respect of any statement, representation, assurance or warranty (whether made innocently or negligently) that is not referred to in this Engagement Letter.

(iv)   No party to this Engagement Letter may assign/transfer any of its rights and/or obligations hereunder absent the prior written consent of the other party hereto:

Provided that, in the context of undergoing a merger, de-merger or a transfer of the entirety or a material part of its business, the Firm shall be at liberty to transfer all (but not less than all) of its rights and obligations hereunder to another enterprise duly licensed to offer legal services in Cyprus, so long as the Firm gives at least 21 days' prior written notice of such transfer to the other party hereto.

(v)   This Engagement Letter may be executed in any number of counterparts, each of which when executed shall constitute a duplicate original, but all the counterparts shall together constitute the one agreement.

If the foregoing accurately reflects our understanding of the terms of engagement kindly arrange for one copy of this Engagement Letter to be signed and returned to us (by email or otherwise) indicating your acceptance of the terms of engagement mentioned herein.

Thank You for the opportunity to be of service. We look forward to working with You.

Yours Sincerely,

George Middleton
For Chryssafinis & Polyviou LLC
**Advocates**



13

We hereby confirm that we have reviewed and considered the above (including, for the avoidance of doubt, the Firm's PS referred to in Clause 8.IV(i)) and we hereby confirm our agreement with and consent to the above (including, for the avoidance of doubt, the Firm's PS referred to in Clause 8.IV(i)).

Name/ Position:    *Luc A. Despins, as Trustee*

Signature:    *[signature]*

Place of signing:    *New York, New York*

Date:                15 August 2024
                     **For and on behalf of Client (as defined above).**

## **Exhibit C**

**Middleton Declaration**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------x
                                    :
In re:                              :    Chapter 11
                                    :
HO WAN KWOK, *et al.*,              :    Case No. 22-50073 (JAM)
                                    :
        Debtors.[1]                 :    Jointly Administered
                                    :
---------------------------------------------------x

**DECLARATION OF GEORGE MIDDLETON IN SUPPORT OF APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328, AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF CHRYSSAFINIS & POLYVIOU LLC AS CYPRIOT LAW COUNSEL**

I, George Middleton, being duly sworn, do depose and say:

1.      I am a lawyer admitted to practice in Cyprus since 2009, and a partner at the law firm Chryssafinis & Polyviou LLC ("CP Law"), which maintains its principal office at 37 Metochiou Street, Agios Andreas, Nicosia, Cyprus CY-1101, and I make this declaration (the "Declaration") in support of the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to Sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of Chryssafinis & Polyviou LLC as Cypriot Law Counsel*, with respect to the

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Trustee's investigation of the Debtor's estate and assets in Cyprus and related matters (the "Engagement").

2.       In relation to the Engagement, (a) CP Law's professional client is the estate (the "Estate") of Ho Wan Kwok (the "Debtor") in his above-captioned chapter 11 case (the "Chapter 11 Case") and (b) CP Law will seek to recover its fees from the Estate and will file fee statements and fee applications in the Chapter 11 Case in accordance with the Interim Compensation Order.

3.       I received my LLB from the University of Manchester and my LLM from King's College, London.  My experience encompasses insolvency matters, shareholders' disputes, tracing actions, fraud and conspiracy claims and trust-related litigation.

4.       CP Law will file applications for compensation of professional services rendered and for reimbursement of expenses incurred in connection with the Engagement pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and any other applicable rules and orders with respect to this Chapter 11 Case, including the Interim Compensation Order.

5.       CP Law will charge its normal billing rates in connection with the Engagement. At present, the 2024 hourly rates of CP Law are between €300 and €375 for associates (which, at current exchange rates, converts into approximately $335 to $419) and €450 for partners (which, at current exchange rates, converts into approximately $502).  For work conducted by me on this Engagement, CP Law will charge an hourly rate of €450 (which, at current exchange rates, converts into approximately $490).  CP Law will also will also bill for out-of-pocket expenses made on behalf of the Debtor, including photocopying, postage and package deliveries, court fees, transcripts, witness fees, service fees, travel expenses, and computer-aided research.

2

6.    To the best of my knowledge and belief after due inquiry, CP Law is a "disinterested person" within the meaning of section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that CP Law and each of CP Law's lawyers:

a.    are not creditors, equity security holders, or insiders of the Debtor;

b.    are not, and were not within two years before the date of filing of the Debtor's petition, directors, officers, or employees of the Debtor; and

c.    do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

7.    I attach to this Declaration, as Schedule 1, a consolidated list of parties in interest in connection with the Chapter 11 Case (the "Interested Parties") that has been produced by Paul Hastings and provided to CP Law before my signing this Declaration that I am informed includes:

a.    parties listed as creditors, executory contract counterparties, and co-debtors on the Debtor's Schedules D, F, G, and H [Docket No. 78];

b.    parties listed on the Debtor's Statement of Financial Affairs ("SOFA") [Docket No. 77], including (i) as recipients of payments within 90 days prior to the filing of the Chapter 11 Case (SOFA Part 3, Question 6); (ii) parties involved in litigation in which the Debtor is a party (SOFA Part 4, Question 9); and businesses owned by the Debtor (SOFA Part 11, Question 27).

c.    parties and counsel filing notice of appearances in the Chapter 11 Case;

3

d.  the Court and personnel of the office of the United States Trustee; and

e.  other parties in interest that I have become aware of as a result of the Chapter 11 Trustee's ongoing investigation of the Debtor's assets.

8.      CP Law has conducted reasonable checks of the Interested Parties against our records and data, and has determined that to the best of our knowledge and belief, neither CP Law nor any of the firm's lawyers, has any relationship or connection with the Interested Parties, or, to the best of my knowledge, with any other creditor of the Debtor, except that:

a.  CP Law was counsel to Ernst & Young LLP on matters unrelated to the Debtor and his chapter 11 case;

b.  CP Law is counsel to the United States of America on matters unrelated to the Debtor and his chapter 11 case;

c.  CP Law was counsel to Barclays Bank Plc on matters unrelated to the Debtor and his chapter 11 case;

d.  CP Law was counsel to Morgan Stanley Principal Investments Inc. on matters unrelated to the Debtor and his chapter 11 case.

9.      While CP Law has made a diligent effort to ascertain the identity of any connections or potential conflicts with the Interested Parties, to the extent that any additional information comes to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

10.     Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) CP Law and each its lawyers have no connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or his respective attorneys or

4

accountants; and (b) (i) CP Law and each its lawyers are not creditors, equity security holders, or

insiders of the Debtor or his affiliates, (ii) CP Law and each its lawyers have not been, within

two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates,

and (iii) CP Law and each its lawyers do not have any interest materially adverse to the interests

of the Debtor's estate or any class of creditors or equity security holders by reason of any direct

or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

Therefore, I understand from my discussions with Paul Hastings that this means CP Law is a

"disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as

modified by section 1107(b).

11.    I further understand from such discussions that Appendix B of the U.S. Trustee

Guidelines (the "Larger Case Guidelines") does not apply in this Chapter 11 Case, because the

Debtor's petition does not list $50 million or more in assets and $50 million or more in liabilities.

In particular, I am informed that the Debtor estimated the value of his assets between $50,001

and $100,000.

12.    In the interest of providing maximum disclosure, and notwithstanding my position

concerning the inapplicability of the Larger Case Guidelines, I provide the following response on

behalf of CP Law to the request for information set forth in Paragraph D.1. of the Larger Case

Guidelines:

> Question: Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> Answer: No.
>
> Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

5

Answer:  No.

Question:  If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Answer:  Not applicable.  CP Law has not previously represented the Chapter 11 Trustee.

Question:  Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Answer:  Not applicable.

13.    I have neither shared nor agreed to share with any other person compensation received in connection with the Engagement, except as is permitted by section 504(b)(1) of the Bankruptcy Code.

14.    I consent that the following language may be included in any order by the Court approving the Chapter 11 Trustee's application in connection with my instruction in connection with the Engagement.

Allowance of any compensation for CP Law shall be limited to the extent of services actually performed, and expenses actually incurred, as solicitors instructed to act on behalf of for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of an attorney.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: September 20, 2024, at Nicosia, Cyprus

George Middleton

6

**Schedule 1**

**SCHEDULE OF PARTIES IN INTEREST – IN RE KWOK**

**20 LARGEST UNSECURED CREDITORS**
PACIFIC ALLIANCE ASIA OPPORTUNITY
GOLDEN SPRING NEW YORK
RUI MA
CHENG JIAN WU JIAN SHE
NING YE
GUO BAOSHENG
YAN LAN & WU ZHENG
HONG QI QU
NAN TONG SI JIAN
JIAN GONG
YAN ZHAO
YUA HUA ZHUANG SHI
LIEHONG ZHUANG/XIAO YAN ZHU
WEICAN MENG/BOXUN INC.
SAMUEL NUNBERG
LAMP CAPITAL LLC
JUN CHEN AKA JONATHAN HO
YUE HUA ZHU SHI
XIONG XIAN WEI YE
HUIZEN WANG

**DEBTOR, FAMILY MEMBERS, AND CERTAIN RELATED ENTITIES**
HO WAN KWOK (A.K.A MILES GWOK, MILES GUO AND WENGUI GUO)
HING CH NGOK/YUE QINGZHI
QIANG GUO (A.K.A. MILESON GUO)
MEI GUO/MEI GUI
HK INTERNATIONAL FUNDS INVESTMENTS (USA) LIMITED, LLC
BRAVO LUCK LIMITED
GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC

**BANKRUPTCY JUDGE AND U.S. TRUSTEE PERSONNEL**
HONORABLE JULIE A. MANNING
WILLIAM HARRINGTON
KIM L. MCCABE
HOLLEY CLAIBORN
JOSEPH H. FLAMINI
ERIN HOGAN
STEVEN MACKEY
FRANK MARINO
JENNIFER J. MOREY
NICOLE NEELY
SHARON WARNER
JOHN GERVAIS

**OTHER INTERESTED PARTIES**
1245 FACTORY PLACE, LLC
12476517 CANADA SOCIETY
1322089 B.C. LTD.
1332156 B.C. LTD
17 MILES, LLC
2 B PACKING LLC
270 W. 39TH ST. CO., LLC
2LAWRENCE RIVER
3 COLUMBUS CIRCLE LLC
5780 SAGUARO LLC
7 NOD HILL LLC,
7 STAR EAST NY LLC
9 EAST 40TH STREET LLC
A.Z. BIGIOTTERIE S.A.S. DI ZANUTTO GABRIELE & C.
AAGV LIMITED
AARON A. MITCHELL
AARON A. ROMNEY
ABRAMS FENSTERMAN, LLP
ACA CAPITAL GROUP LIMITED
ACA CAPITAL LIMITED
ACA INVESTMENT FUND
ACA INVESTMENT MANAGEMENT LTD.
ACASS CANADA LTD.
ACE DECADE HOLDINGS LIMITED
ADAM CHEN NI
AFFILIATED ADJUSTMENT GROUP, LTD.
AGORA LAB, INC.
AI GROUP HOLDINGS INC.,
AIG PROPERTY CASUALTY COMPANY
AKERMAN LLP
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL LIMITED
ALFONSO GLOBAL VENTURES LIMITED
ALLIED CAPITAL GLOBAL LIMITED
ALPINE FIDUCIARIES SA
AMAZING SKY AVIATION LIMITED
AMAZON WEB SERVICES LLC
AMAZON WEB SERVICES, INC.
AMAZON.COM INC.
AMERICAN ARBITRATION ASSOCIATION, INC.
AMERICAN EXPRESS COMPANY
AMY BUCK
AN HONG
ANA C. IZQUIERDO-HENN
ANDREW CHILDE
ANDREW SULNER/FORENSIC DOCUMENT EXAMINATIONS, LLC

ANN MARIE LEE
ANTHEM HEALTH PLANS, INC.
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
APPLE INC.
APPSFLYER INC
APSLEY YACHTS LIMITED
ARETHUSA FORSYTH
ARI CASPER
ARNALL GOLDEN GREGORY LLP
ARNOLD & PORTER KAYE SCHOLER LLP
ARRI AMERICAS INC.
ART WOLFE, INC.
ASAP SRL
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
AVIATION E LLP
AVIATION TRUST COMPANY LLC
AXOS BANK
AXOS FINANCIAL, INC.
B&H FOTO & ELECTRONICS CORP.
BAC CAPITAL LLC
BAIQIAO TANG A/K/A TANG BAIQIAO
BAKER HOSTETLER LLP
BANCO POPULAR DE PUERTORICO
BANK OF AMERICA
BANK OF CHINA – NEW YORK BRANCH
AND/OR BANK OF CHINA LIMITED
BANK OF MONTREAL
BANK OF THE WEST
BANNON STRATEGIC ADVISORS, INC.
BARCLAY DAMON LLP
BARCLAYS BANK PLC
BEIJING BI HAI GE LIN YUAN LIN LU HUA,
LTD.
BEIJING CHENG JIAN WU JIAN SHE GROUP,
LTD.
BEIJING FU LE HONG MA JIAN ZHU ZHUANG
SHI GONG CHENG, LTD.
BEIJING PANGU INVESTMENT CO.
BEIJING ZENITH HOLDINGS CO.
BEIJING ZHONG XIAN WEI YE STAINLESS
DECORATION CENTER
BEILE LI
BELLERIVE ATTORNEYS AT LAW
BENHAR OFFICE INTERIORS LLC
BENTO TECHNOLOGIES, INC.
BERING YACHTS, LLC
BERKELEY ROWE LIMITED
BERNARDO ENRIQUEZ
BESTVIEW1 PTY LTD
BINGNAN CUI
BINGSHANG JIAO
BLACKTHORN FINANCEN INC.
BLUE CAPITAL
BLUEBERRY BUILDERS, LLC

BNY MELLON, N.A.
BOARDWALK MOTOR IMPORTS, LLC
BOHONNON LAW FIRM
BOIES SCHILLER
BONNIE C. MANGAN
BOOMING SAIL NEW YORK LLC
BOXUN INC.
BRANCH
BRAVO LUCK LIMITED
BRENT PETRO INC.
BRIAN HOFMEISTER
BROWN HARRIS STEVENS
BROWN RUDNICK, LLP
BRUNE LAW PC
BSA STRATEGIC FUND
BSA STRATEGIC FUND I
BSI GROUP LLC
BUCK, ESQ. LLC
BURNETTE SHUTT AND MCDANIEL PA
CAHILL GORDON & REINDEL LLP
CAIYAN LING
CAMERON SMEE
CANADIAN IMPERIAL BANK OF COMMERCE
CAPITAL ONE BANK
CAPITAL ONE, NA
CARIBE CONDADO, LLC
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
CAYUSE GOVERNMENT SERVICES, LLC
CEDRIC DUPONT ANTIQUES
CELESTIAL TIDE LIMITED
CESARE ATTOLINI NY LLC
CFG GLOBAL LIMITED
CHAO KANG SUN
CHAO-CHIH CHIU
CHARLES SCHWAB
CHARMOY & CHARMOY LLC
CHASE BANK
CHEN XIN XIN
CHENGLONG WANG
CHENXI WANG
CHI WAI KWOK
CHIESA SHAHINIAN & GIANTOMASI PC
CHINA CITIC BANK INT'L
CHINA GOLDEN SPRING GROUP (HONG
KONG) LIMITED
CHOICE FINANCIAL BANK
CHONG SHEN RAPHANELLA
CHRIS LEE (A/K/A NAN LI, CHRIS LI, MEI GUO
XIAO LI)
CHRISTIE'S INTERNATIONAL REAL ESTATE
NEW
CHRISTINE CHEN
CHRISTINE FROSINI
CHRISTODOULOS G. VASSILIADES & CO. LLC
CHUAN LING YANG

CHUANG XIN LTD.
CHUI KUK WU
CHUNFENG XIA
CHUNGUANG HAN
CHUNHUI SONG
CI CHEN
CIBC INC. (D/B/A CIBC)
CINDY ZHANG
CIRRUS DESIGN CORPORATION (D/B/A
CIRRUS AIRCRAFT)
CIRRUS INDUSTRIES, INC.
CITIBANK
CITIZENS FINANCIAL GROUP, INC.
CITY NATIONAL BANK
CLARK HILL PLC
CLAYMAN & ROSENBERG LLP
CLAYMAN ROSENBERG KIRSHNER & LINDER
LLP
CLOUDFLARE, INC.
COHN BIRNBAUM & SHEA P.C.
COLDWELL BANKER
COLE SCHOTZ P. C.
COMERICA INCORPORATED (D/B/A
COMERICA BANK)
COMMUNITY FEDERAL SAVINGS BANK
COMPASS, INC.
CONSERVATIVE CAMPAIGN TECHNOLOGY,
LLC
COTTON CRAFT TEXTILES INTL TRADING
COUNSEL PRESS INC.
COWDERY, MURPHY & HEALY, LLC
CRANE ADVISORY GROUP LLC
CREATIVE APEX INVESTMENTS LIMITED
CROCKER MANSION ESTATE LLC
CROWELL & MORING LLP
CRYSTAL BREEZE INVESTMENTS LIMITED
CUI ZHU LI
CUMMINGS & LOCKWOOD, LLC
CURIOSITY CORP. LLC
D&D SOLUTIONS LLC
D.P. TEXTILE & APPAREL, INC.
D4ZERO S.R.L.
DAIHO ZHOU
DANIEL PODHASKIE
DANIEL S. ALTER
DANYU LIN
DARK SHADOWS LLC
DAVID FALLON
DAWN STATE LIMITED
DBS BANK LTD.
DEFENG CAO
DELTEC BANK & TRUST LIMITED
DENG LI
DENG QIAN
DEUTSCHE BANK TRUST COMPANY
AMERICA

DEUTSCHE HANDELSBANKEN AG
DIME COMMUNITY BANK
DING "IVAN" LIN
DING G. WANG A/K/A DINGGANG WANG
DING QIANG SHEN
DIRECT PERSUASION LLC
DJD CREATIVE LLC
DLA PIPER LLP (US)
DNM BEAUTY DISTRIBUTION
DOAA DASHOUSH
DONGNA FANG
DREAM PROJECTS LLC
DU JIAN YI
DWF LLP
E.L.J.M. CONSULTING LLC
EAST WEST BANCORP, INC.
EAST WEST BANK
EASTERN PROFIT CORPORATION LIMITED
EDMISTON AND COMPANY LIMITED
EDUARDO EURNEKIAN
EFICENS SYSTEMS LLC
EHSAN MASUD
EISNER ADVISORY GROUP LLC
ELITE WELL GLOBAL LIMITED
ELIXIR TECHNICAL CONSULTING LLC
ELLIOTT KWOK LEVINE & JAROSLAW LLP
EMILE P DE NEREE
EMPIRE BLUE CROSS BLUE SHIELD
EMPIRE GROWTH HOLDINGS
ENGINEERING OPERATIONS AND
CERTIFICATION SERVICES, LLC
EPIQ CORPORATE RESTRUCTURING, LLC
ERIC GOLDSMITH MD, LLC
ERNST & YOUNG LLP
EVOLVE BANK AND TRUST
FAEGRE DRINKER BIDDLE & REATH LLP
FAM UNITED LLC
FAN BINGBING
FAN JING
FANGGUI ZHU
FANIA ROOFING COMPANY
FARHAD ZABETI
FARRANT GROUP LIMITED
FAY YE
FEDERAL CORPORATION
FEDERAL EXPRESS CORPORATION
FEIFEI MA
FENG PENG RELLOS
FENG YI
FENG ZHU
FENGGUO LI
FENGJIE MA
FFP (BVI) LIMITED
FIESTA INVESTMENT LTD. F/K/A FIESTA
PROPERTY DEVEL
FINN DIXON & HERLING LLP

3

FIONA YU
FIRST ABU DHABI BANK
FIRST COUNTY BANK
FIRST REPUBLIC BANK
FIRSTBANK PUERTO RICO
FLAGSTAR BANK, N.A.
FLAT RATE MOVERS, LTD.
FLYING COLOURS CORP
FORBES HARE
FORBES HARE LLP
FORTNUM INFORMATION SECURITY
LIMITED
FOX NEWS NETWORK, LLC
FREEDOM MEDIA VENTURES LIMITED
FUNGWAN TRADING INC.
FUNING ZHANG
FUNKY FOUNDATIONS, INC.
FV BANK INTERNATIONAL INC.
G CLUB HOLDCO I LLC
G CLUB INTERNATIONAL LIMITED
G CLUB ONE
G CLUB OPERATIONS LLC
G CLUB THREE
G CLUB TWO
G CLUB US OPERATIONS INC.
G CLUB US OPERATIONS LLC
G CLUBTHREE
G FASHION
G FASHION (CA)
G FASHION HOLD CO A LIMITED
G FASHION HOLD CO B LIMITED
G FASHION INTERNATIONAL LIMITED
G FASHION LLC
G FASHION MEDIA GROUP INC.
G FASHION US OPERATIONS INC.
G LIVE, LLC
G MUSIC LLC
G NEWS LLC,
G TRANSLATORS PTY LTD
G4S SECURITY SYSTEMS (HONG KONG) LTD.
GALAXY LTD
GANFER SHORE LEEDS & ZAUDERER, LLP
GAO BINGCHEN
GBROADCAST, LLC
G-CLUB
G-CLUB INVESTMENTS LIMITED
GCP INVESTMENT ADVISORS SL
G-EDU INC.
GEORGE L. SU
GEORGIOU PAYNE STEWIEN LLP
GETTR USA, INC.
GF IP, LLC
GF ITALY LLC
GFASHION MEDIA GROUP INC.
GFNY INC.

GINNEL ASSOCIATES, INC. (D/B/A GINNEL
REAL ESTATE)
GLADYS CHOW
GLENN MELLOR
GLOBAL GROUP LIMITED
GLOBALIST INTERNATIONAL LIMITED
GM 27 LLC
GMUSIC,
GNEWS LLC,
GNEWS MEDIA GROUP INC.
G-NEWS OPERATIONS, LLC
GOLD LEAF CONSULTING LIMITED
GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
GOLDEN GATE HIMALAYA FARM LLC
GOLDEN SPRING (NEW YORK) LIMITED
GOLDFARB & HUCK ROTH RIOJAS, PLLC
GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP
GONET & CIE SA
GONG JIANFEN
GORDON & REES SCULLY MANSUKHANI LLP
GPOSTS LLC
GPP SRL
GREAT BOWERY INC. D/B/A CAMILLA
LOWTHER MANAGEMENT
GREAT LAKES DRONE COMPANY, LLC
GREEN & SKLARZ LLC
GREENBERG TRAURIG, LLP
GREENWICH LAND LLC
GROCYBER, LLC
GS SECURITY SOLUTIONS INC.
G-SERVICE LLC
G-TRANSLATORS PTY LTD
GTV MEDIA GROUP, INC.
GUI LIN GAO
GUO LIJIE
GUO MEDIA
GUO WENOUN
GUO WENPING
GUOFENG WAN
GUY PETRILLO
GWGOPNZ LIMITED
GYPSY MEI FOOD SERVICES LLC
GYPSY MEI PRODUCTIONS LLC
H SHAW ENTERPRISES LLC
HAA GROUP PTY LTD.
HAI YAO
HAIDONG
HAIHONG WANG
HAILING SHENG
HAISONG PENG
HAITHAM KHALED
HALLEY CHEN CPA PROFESSIONAL
CORPORATION
HAMILTON CAPITAL HOLDING LIMITED
HAMILTON CAPITAL HOLDINGS INC

4

HAMILTON DIGITAL ASSETS FUND SP
HAMILTON INVESTMENT MANAGEMENT LIMITED
HAMILTON M&A FUND SP
HAMILTON OPPORTUNITY FUND SPC
HAMILTON PE FUND SP
HAN CHUNGUANG
HANCOCK WHITNEY BANK
HANQIANG LIN
HAO HAIDONG
HAO LI
HAO ZHANG
HAORAN HE
HAOYU WANG
HARCUS PARKER LIMITED
HARNEY WESTWOOD AND RIEGELS LP
HAYASHI MEIOU
HAYMAN HONG KONG OPPORTUNITIES ONSHORE FUND LP
HCHK PROPERTY MANAGEMENT INC.
HCHK TECHNOLOGIES INC.
HCHK TECHNOLOGIES, LLC
HE BEI YUE HUA ZHUANG SHI GONG CHENG LTD.
HEAD WIN GROUP LIMITED
HELEN MANIS
HENAN YUDA
HERBERT SMITH FREEHILLS NEW YORK LLP
HERO GRAND LIMITED
HGA PROPERTY MANAGEMENT
HHS CAPITAL INC.
HIBERNIA NATIONAL BANK
HIDETOSHI FUJIWARA
HILTON MANAGEMENT, LLC
HIMALAYA AUSTRALIA ATHENA FARM INC.
HIMALAYA AUSTRALIA PTY LTD.
HIMALAYA BOSTON MAYFLOWER LLC
HIMALAYA CURRENCY CLEARING PTY LTD.
HIMALAYA EMBASSY
HIMALAYA EXCHANGE
HIMALAYA FEDERAL RESERVE
HIMALAYA INTERNATIONAL CLEARING LIMITED
HIMALAYA INTERNATIONAL FINANCIAL GROUP LIMITED
HIMALAYA INTERNATIONAL PAYMENTS LIMITED
HIMALAYA INTERNATIONAL RESERVES LIMITED
HIMALAYA INVESTMENT LLC
HIMALAYA NEW WORLD INC.
HIMALAYA NEW YORK ROCK
HIMALAYA SHANGHAI FARM LLC
HIMALAYA SUPERVISORY ORGANIZATION
HIMALAYA UK CLUB
HIMALAYA VENTURES LLC

HIMALAYA WORLDWIDE LS
HINCKLEY, ALLEN
HING CHI NGOK
HIU LAAM HAAM
HIU SING CHAN
HML VANCOUVER SAILING FARM LTD.
HODGSON RUSS
HOGAN LOVELLS INTERNATIONAL LLP
HOLY CITY HONG KONG VENTURES, LTD.
HONG KONG INTERNATIONAL FUNDS INVESTMENTS LIMITED
HONG QI QU JIAN SHE GROUP, LTD.
HONG QIU
HONG ZENG
HONGWEI FU
HONGXIA XU
HONGXIN ASH
HOU YUAN CHAN
HOUSER & ALLISON, APC
HOUSTON LITSTAR LLC
HSBC BANK USA,
HSIN SHIH YU
HUA AN XIE
HUANG YAO
HUDSON DIAMOND HOLDING INC.
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND LLC
HUDSON DIAMOND NY LLC
HUGGA LLC
HUI JIN
HUK TRADING INC.
ICE24 SRO
IHOTRY LTD
IMMOBILIARA BARBARA 2000 SRL
IMPERIUS INTL. TRADE CO. LTD.
INDIUM SOFTWARE INC.
INFINITE INCREASE LIMITED
INFINITUM DEVELOPMENTS LIMITED
INFINITY TREASURY MANAGEMENT INC.
INSIGHT CAPITAL
INSIGHT PHOENIX FUND
INSIGHT TITLE SERVICES LLC
INTERNATIONAL TREASURE GROUP LLC
INTESA SANPAOLO SPA
INVESTORS BANK
ISRAEL DISCOUNT BANK OF NEW YORK
IVEY, BARNUM & O'MARA LLC
IVY CAPITAL ADVISOR LIMITED
J TAN JEWELRY DESIGN, INC.
JACK S. LIPSON
JAMES PIZZARUSO
JAMESTOWN ASSOCIATES, LLC
JANCO SRL
JANOVER LLC
JAPAN HIMALAYA LEAGUE, INC.
JASON MILLER

JDM STAFFING CORP.
JENNER & BLOCK LLP
JENNIFER FANGFANG DING
JENNIFER MERCURIO
JENNY LI
JERSEY, INC.
JESSE BROWN
JESSICA MASTROGIOVANNI
JETLAW LLC
JIA LI WANG
JIA YANG
JIA YANG LI
JIAHUI LIU
JIALIN QIN
JIAMEI LU
JIAMING LIU
JIAN FAN
JIAN HUA ZHANG
JIAN ZHONG HU
JIANG SU PROVINCE JIAN GONG GROUP LTD
BEIJING BRANCH
JIANG YUNFU BE
JIANHAI JIAO
JIANHU YI
JIANHUA ZHENG
JIANMIN HE
JIANSHENGXIE AND JIEFU ZHENG
JIANXIAO CHEN
JIAYAO G
JIE ZHANG
JINFENG WU
JING GENG
JING WU
JINLAN YAN
JIRONG ZHANG
JK CHEF COLLECTIONS LLC
JM BULLION INC.
JNFX LTD.
JOHN B. BERRYHILL
JOHN P. MORGAN
JOHN S LAU
JONATHAN YOUNG
JOSEPH CHEN
JOSHUA I. SHERMAN
JOVIAL CENTURY INTERNATIONAL LIMITED
JOYORD SPORTSWEAR LIMITED
JPMORGAN CHASE BANK, N.A.
JUMBO CENTURY LIMITED
JUN CHEN
JUN LIU
JUN QIAO
JUN YUN ZHANG
JUNE SHI
JUNJIE JIANG
K LEGACY LTD.
K&L GATES LLP

KAEN LIU
KAIXIN HONG
KALIXUN TRADING LIMITED
KAMEL DEBECHE
KAN CHAN
KARIN MAISTRELLO
KATHLEEN SLOANE
KEARNY BANK
KERCSMAR FELTUS & COLLINS PLLC
KEYI ZIKLIE
KHALED ASHAFY
KIM THONG LEE
KIN MING JE
KIN MING JE/WILLIAM JE
KIRKLAND & ELLIS LLP
KOPPLE, KLINGER & ELBAZ, LLP
KROLL, LLC
KUI CHENG
KYLE BASS
KYRGYZ-SWISS BANK CJSC
LA INTERNATIONAL FOUNDATION
LABARBIERA CUSTOM HOMES
LAI LAU
LALIVE SA
LAMP CAPITAL LLC
LAN GU
LAN LIN
LAO JIANG
LAW FIRM OF CALLARI PARTNERS, LLC
LAW OFFICE OF RICHARD E. SIGNORELLI
LAW OFFICES OF RONALD I. CHORCHES, LLC
LAWALL & MITCHELL, LLC
LAX & NEVILLE LLP
LAZARE POTTER GIACOVAS & MOYLE
LEADING SHINE LIMITED
LEADING SHINE NY LTD
LEE CHU
LEE VARTAN
LEEWAYHERTZ TECHNOLOGIES
LEGENDS OWO, LLC
LEICESTER HILL INFROMATICES LLC
LEONARD SCUDDER
LEXINGTON PROPERTY AND STAFFING INC.
LI LIU
LI LONG
LI SHO YO
LI TANG
LI ZHANG
LIANG LIU
LIANYING SU
LIAPULL S.R.L.
LIBERTY JET MANAGEMENT CORP.
LIEHONG ZHUANG
LIHONG "SARA" WEI LAFRENZ
LIHONG WEI LAFRENZ (AKA SARA WEI)
LIMARIE REYES

6

LIMARIE REYES MOLINARIS
LIN DANG
LIN XIN
LINDA HE CHEUNG
LINWAN "IRENE" FENG
LIU DONGFANG
LLC STZ FUND NO. 1
LOBEL MODERN NYC
LOGAN CHENG (F/K/A SHUIYAN CHENG)
LONG GATE LIMITED
LORO PIANA S.P.A.
LUMINESCENCE CO. LTD
LUXURY CLEANING, INC.
LYZON ENTERPRISES CORPORATION
M&T BANK
MA XINGCHAO
MACARON LIMITED
MACDONALD
MAJOR LEAD INTERNATIONAL LIMITED
MANDELLI USA, INC.
MANHATTAN MOTORCARS, INC.
MANUEL MARTINEZ ANZALDUA
MANUFACTURERS AND TRADERS TRUST
COMPANY
MAR-A-LAGO
MAR-A-LAGO CLUB LLC
MARCELLA MONICA FALCIANI
MARCUM LLP
MARINI PIETRANTONI MUNIZ LLC
MARINO, ZABEL & SCHELLENBERG, PLLC
MARK GUNDERSON
MARTHA JEFFERY
MARY DOWDLE (A/K/A MUFFIN DOWDLE)
MARY FASHION S.P.A.
MARY JIANG
MAUNAKAI CAPITAL
MAX FEI
MAX KRASNER
MAYWIND TRADING LLC
MCDONNELL & WHITAKER LLC
MCELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
MCMANIMON, SCOTLAND & BAUMANN, LLC
MEDICAL SUPPLY SYSTEM INTERNATIONAL
LLC
MEDICI BANK INTERNATIONAL LLC
MEI KUEN KWOK
MEIEN KIKUCHI
MEISTER SEELIG & FEIN PLLC
MELISSA FRANCIS
MELISSA MENDEZ
MENGYAO HE
MERCANTILE BANK INTERNATIONAL CORP.
MERCANTILE GLOBAL HOLDINGS, INC.
MERCEDES-BENZ MANHATTAN, INC.
META PLATFORMS INC.

METROPOLITAN COMMERCIAL BANK
AND/OR METROPOLITAN BANK HOLDING
CORP.
MF19 INC.
MI KYUNG YANG
MICHAEL LI & CO.
MICHAEL S. WEINSTEIN
MIHO NISHIMURA
MILES GUO
MILES GWOK
MILLER MOTORCARS INC.
MIMAII NZ LIMITED
MIN YANG
MINDY WECHSLER
MING NI
MING WU
MINGHUA ZHANG
MINGRUI ZHAO
MINTZ & GOLD LLP
MISHCON DE REYA LLP
MOA-FU
MODSQUAD INC.
MORAN YACHT MANAGEMENT, INC.
MORGAN STANLEY
MORITT HOCK & HAMROFF
MORRISON COHEN LLP
MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO P.C.
MORVILLO ABRAMOWITZ GRAND IASON &
ANELLO PC
MOS HIMALAYA FOUNDATION INC.
MOSAICON SHOES SRL
MOUNTAINS OF SPICES INC.
MURTHA CULLINA LLP
MZC FINANCIAL INC.
N.A.R. ENTERPRISES INC.
N87 INC.
NADEEM AKBAR
NAME CORP LLC
NARDELLO & CO., LLC
NATIONAL AUSTRALIA BANK LIMITED
NATIONAL SWEEPSTAKES COMPANY, LLC
NAV CONSULTING INC.
NAV FUND SERVICES (CAYMAN) LTD.
NEALON LAW LLC
NEW DYNAMIC DEVELOPMENT LIMITED
NEW FEDERAL STATE OF CHINA
NEW MULBERRY PTE LTD.
NEW TREASURE LLC
NEW YORK MOS HIMALAYA LLC
NEXBANK
NEXT TYCOON INVESTMENTS LIMITED
NICHOLAS F. SAVIO
NING LI
NING ZHAO
NIUM, INC.

NOBLE FAME GLOBAL LIMITED
NODAL PARTNERS, LLC
NOVELTY HILL LTD.
NRT NEW ENGLAND LLC (D/B/A COLDWELL BANKER RESIDENTIAL BROKERAGE)
NUOXI LIU
NYC DEPT OF FINANCE
O.S.C. ORBIT II SERVICE COMPANY LLC
O.S.C. ORBIT SERVICE COMPANY LLC
O'MELVENY & MYERS LLP
O'NEAL WEBSTER
OASIS TECH LIMITED
OCORIAN CONSULTING LTD
OGIER
OHTZAR SHLOMO SOLOMON TREASURE LLC
OLINA CLEMENS
OLSHAN FROME WOLOSKY LLP
OMICRON NUTRACEUTICAL LLC
ON THE SPOT HOME IMPROVEMENT, INC.
OPEN BANK
ORIENTAL BANK
ORO MONT ALPI SRL
OSC ORBIT SERVICE COMPANY LLC
O'SULLIVAN MCCORMACK JENSEN & BLISS PC
OXFORD VISIONARY LTD.
PACIFIC ALLIANCE ASIA OPPORTUNITY FUND L.P.
PAK SIU LEUNG
PALLAS PARTNER LLP
PARRETT PORTO PARESE & COLWELL, P.C.
PASTORE LLC
PAUL WEISS
PEILUN HU
PEIRU LUO
PELLETTIERI DI PARMA SRL
PENGCHENG ZHANG
PETRILLO KLEIN & BOXER LLP
PHAROS CAPITAL LTD.
PHILLIPS NIZER LLP
PHOENIX CREW IC LIMITED
PICK & ZABICKI LLP
PILLSBURY WINTHROP SHAW PITTMAN LLP
PIXSHOW FILM INC.
PNC BANK
POST OAK MOTOR CARS LLC
POST OAK MOTORS, LLC
PRAGER DREIFUSS AG
PREMIERE ACCOUNTING SOLUTIONS LTD
PRIME TRUST LLC
PROMEMORIA USA INC.
PROMINENT PROPERTIES SOTHEBY'S
PULLMAN & COMLEY, LLC
PUTNAM'S LANDSCAPING LLC
QI YONG
QIANG CHENG

QIANG FU
QIANG GUO
QIANG HU
QIDONG XIA
QIN YU
QING "SERENA" CAI
QINGTIAN YUAN
QIONG BIN FU
QIONGGUI YAN
QIQHUA FAN
QIU YU
QIURIA LI
QU GUOJIAO
QUICK-EQUIP LLC
QUIJU JIA
QUINONES LAW PLLC
RAICH ENDE MALTER CO. LLP (AKA RAICH ENDE MALTER & COMPANY)
RANDAZZA LEGAL GROUP, PLLC
RBB BANCORP AND/OR ROYAL BUSINESS BANK
REACH MANUFACTURING, LLC
RED TEAM PARTNERS
REDFIN CORPORATION
REDIS LAB, INC.
REID AND RIEGE PC
REINHARD PLANK S.R.L.
RENFENG SHI
RESTORATION HARDWARE, INC
REVERENCE CAPITAL PARTNERS OPPORTUNITIES FUND I
RICHARD N. FREETH
RICHMOND STRATEGIC ADVISORS, LLC
RIDWAN MAMODE SAIB
RILIEVI GROUP S.R.L.
RISING SUN CAPITAL LTD.
RIVER VALLEY OPERATIONS LLC
RM AUCTIONS DEUTSCHLAND GMBH
ROADWAY MOVING AND STORAGE, INC. AND/OR ROADWAY MOVING INC.
ROBINSON & COLE LLP
ROGER SMEE
RONG HU
RONG JIANG
RONG ZHANG
RONGLIANG STARKS
RONGRONG LI
ROSCALITAR2
ROSS HEINEMEYER
ROSY ACME VENTURES LIMITED
ROY D. SIMON
RUI HAO
RUIZHENG AN
RULE OF LAW FOUNDATION III INC.
RULE OF LAW SOCIETY IV INC
RUQUIN WANG

RV RETAILER EAST, LLC
RYAN CHENGRAN ZHANG
SAIL VICTORY LIMITED
SAMUEL DAN NUNBERG
SANTANDER BANK, N. A.
SARA WEI (A/K/A LIHONG WEI LAFRENZ)
SARACA MEDIA GROUP INC.
SAVIO LAW LLC
SAXE DOERNBERGER & VITA, P.C.
SCARABAEUS WEALTH MANAGEMENT AG
SCHULMAN BHATTACHARYA, LLC
SCOTT BARNETT
SEACOAST NATIONAL BANK
SEDGWICK REALTY CORP.
SELAS MONTBRIAL AVOCATS
SEVEN MISSION GROUP LLC
SGB PACKAGING GROUP, INC.
SHALOM B. LLC D/B/A ASHER FABRIC
CONCEPTS
SHALYEN MUSIC LLC
SHANE D SHOOK
SHAO HONG CHIU
SHAOBING LI
SHAPIRO ARATO BACH LLP
SHAPIRO, DORRY, & MASTERSON LLC
SHENGJIE FU
SHERRY-LEHMANN, INC
SHERRY-NETHERLAND, INC.
SHI JIA ZHUANG ZHEN YUAN JIAN ZHU AN
ZHUANG GONG CHENG LTD BEJING FIRST
SHIBIN ZHANG
SHIN HSIN YU
SHING SEUNG ANKERITE ENGINEERING LTD
SHINY ACE INNOVATION CO LTD
SHINY ACE LIMITED
SHINY TIMES LTD.
SHIPMAN AND GOODWIN
SHIPMAN, SHAIKEN & SCHWEFEL, LLC
SHIQI WANG
SHIYING LI
SHIYUAN ZHANG
SHIZHONG ZHANG
SHUANG WANG
SHUJUAN MILNE
SHUNJUN LI
SIDLEY AUSTIN LLP
SIGNATURE BANK, N.A.
SILVERGATE BANK
SING TING RONG
SIRIUS NETWORKING INC.
SIU MING JE
SLAUGHTER LAW GROUP, PC
SMARAGDOS MAMZERIS
SOD STONE OFFROAD DESIGN GMBH
SOLAZZO CALZATURE S.R.L.
SOLOMON TREASURE ANTIQUES

SONGYI CHEN
SOTHEBY'S INTERNATIONAL REALTY
SOTHEBY'S INTERNATIONAL REALTY
AFFILIATES LLC
SPEARS MANNING & MARTINI LLC
SPIRIT CHARTER INVESTMENT LIMITED
SPOTIFY TECHNOLOGY S.A.
SPOTIFY USA, INC.
STANDARD CHARTERED BANK
STANDARD CHARTERED BANK USA
STAPLES, DBA, STAPLES BUILDING
SOLUTIONS
STARLING BANK LTD
STEPHEN KINDSETH
STEPHEN WONG
STEPTOE LLP
STERLING NATIONAL BANK
STEVE BANNON,
STEVENSON WONG
STICHTING DUURZAME
STOKES LAWRENCE, PS
STOKESBURY, SHIPMAN & FINGOLD, LLC
STRATEGIC VISION LLC
STREUSAND, LANDON, OZBURN AND
LEMMON, LLP
STROOCK & STROOCK & LAVAN LLP
STRUCTURE DESIGN BUILD LLC
STUDIO CATALDI GROUP SRL
STYLE EYES INC. D/B/A GINGER FINDS
SUPER STAR PROJECT LIMITEDO
SUPREME EBANQ GLOBAL LTD.
SUPREME FINTECH U.S. LLC
SUPREME SG PTE LTD
SWANS TEAM DESIGN INC.
TAIXIN FU
TAKAHASHI HIROYUKI
TALHA ZOBAIR
TAO AN
TAO ZHANG
TAO ZHENG
TARGET ENTERPRISES, LLC
TARTER KRINSKY DROGIN, LLP
TAURUS FUND LLC
TAURUS MANAGEMENT LLC
TAVARES CUTTING INC.
TD AVENUE (THE DIAMOND AVENUE)
TD BANK, N.A.
TELI CHEN
TERIS-PHOENIX, LLC
THE BANCORP BANK
THE BANK OF PRINCETON
THE CASPER FIRM
THE CLEAR CREEK GROUP, LLC
THE CURRENCY CLOUD LIMITED
THE DEPUTY GROUP, LLC
THE FIRST BANK OF GREENWICH

THE FRANCIS FIRM PLLC
THE GERTZ FILE INVESTIGATIVE REPORTING PROJECT INC
THE LAW OFFICE OF MATTHEW MATHENEY LLC
THE LAW OFFICES OF RAFAEL A. VARGAS
THE LOST DRAFT LLC
THE QUINLAN LAW FIRM, LLC
THE SHERRY-NETHERLAND HOTEL
THE SHERRY-NETHERLAND, INC.
THE STRONG FIRM, P.C.
THERIAULT LAW, P.C.
THOMAS RAGLAND
THREE TREASURE LLC
TIAN LIANG
TIAN SHU HUANG
TINGYI WEI
TM PRIMROSE LIMITED
TOGUT, SEGAL AND SEGAL LLP
TOKYOSEIKI CO. LTD.
TONG LE INTERNATIIONAL TRADING CO., LTD.
TOP CALIFORNIA BEACH CORP.
TOP TARGET GENERAL TRADING LLC
TRASCO BREMEN GMBH
TRIPLE2 DIGITAL LLC
TROUTMAN PEPPER HAMILTON SANDERS LLP
TROY LAW PLLC
TROY LEGAL, PLLC
TRUSTCO BANK
TT RESOURCES 1 PTY LTD.
TUT CO. LIMITED
U.S. BANK NATIONAL ASSOCIATION
U.S. LEGAL SUPPORT, INC.
UBS AG
UBS AG (LONDON BRANCH)
UK HIMALAYA LTD.
UK IMPORT SERVICES LIMITED
UNA MANYEE WILKINSON
UNITED STATES OF AMERICA
UNITEDLEX
UPDIKE, KELLY & SPELLACY P.C.
URBAN LEGEND MEDIA, INC
US HIMALAYA CAPITAL INC.
US HIMALAYA LTD.
V.X. CERDA & ASSOCIATES P.A.
VALLEY NATIONAL BANK
VANDENLOOM INC.
VERDOLINO & LOWEY
VERITEXT
VERSACE USA, INC.
VFT SOLUTIONS INC.
VICTOR CERDA
VICTOR-OASIS CONSULTANCY LIMITED
VISION KNIGHT CAPITAL (CHINA) FUND

VOICE OF GUO MEDIA, INC.
VX CERDA & ASSOCIATES
WA & HF LLC
WALLEX DIGITAL LLC
WALLEX PAY LLC
WALLEX TECHNOLOGIES PTE LTD.
WANCI JIAO
WANG'S REALTY MANAGEMEMT SERVICE INC.
WARD & BERRY, PLLC
WARREN LAW GROUP
WARROOM BROADCASTING & MEDIA COMMUNICATIONS LLC
WAYCAP S.P.A.
WEATHERTEST COMPANY INC.
WEBSTER FINANCIAL CORPORATION
WEDDLE LAW PPLC
WEDLAKE BELL LLP
WEI HONG XIE
WEI SHE
WEI ZHANG
WEICAN ("WATSON") MENG
WEIGUO SUN
WEIHUA LI
WEIWEI QIAN
WEIXIANG GE
WEIYI WANG
WELL ORIGIN LTD.
WELLS FARGO BANK, N.A.
WEN LIN
WENCONG WANG
WENFENG HU
WENG
WENHUA GONG
WESTY'S STORAGE
WHITECROFT SHORE LIMITED
WHITMAN BREED ABBOTT & MORGAN LLC
WILDES & WEINBERG, P.C.
WILLIAM BRADLEY WENDEL
WILLIAM GERTZ
WILLIAM JE (JE KIN MING)
WILLIAMS & CONNOLLY
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
WINGS INSURANCE AGENCY, INC.
WISE CREATION INTERNATIONAL LIMITED
WISE US, INC.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
WOMBLE BOND DICKINSON (US) LLP
WORLD CENTURY LIMITED,
WORLDWIDE OPPORTUNITY HOLDINGS LIMITED
WU ZHENG
XIA CHUNFENG
XIANHONG ZHANG

XIAO HUANG
XIAO RUI WANG
XIAO YAN ZHU
XIAOBO. HE
XIAODAN WANG
XIAOLAN ZHAO
XIAOLI MA
XIAOLI XU
XIAOMEI ZHAO
XIAOMING LIU
XIAOXIAO LIN
XIAOYAN BA
XILI ZHAI
XIN LI
XINGYU YAN
XINHUI LIAO
XINRONG LI
XIQUI ("BOB") FU
XIULING TANG
XUE WANG
XUEBING WANG
XUEHAI LIU
XUN DENG
YA LI
YACHTZOO SARL
YAFAN CHANG
YAN CHUN LIU
YAN GAO
YAN HUANG
YAN LIU
YANCHENG CHEN
YANG HAI
YANG JUN ZHENG
YANG LAN
YANG YANG
YANGPING WANG
YANKWITT LLP
YANMING WANG
YANPING WANG
YANPING YVETTE WANG
YANYUN REN
YAPING ZHANG
YAZ QINGUA
YELIANG XIA
YI LI
YI LIN
YI WEN
YI ZHAO
YI ZHOU
YIELDESTA L.P.
YIMING ZHANG
YING LIU
YINYING WANG (A/K/A XIAO FEI XIANG)
YONG CHUN LI
YONG ZHANG
YONGBING ZHANG

YONGPING YAN (A/K/A SHAN MU)
YOSSI ALMANI
YOUTUBE, LLC
YU XIA LI
YUAN ZHOU
YUANLIN LIU
YUE HUA ZHU SHI
YUE ZHOU
YUECHEN LAN
YUHONG PEI
YUJIA WANG
YUK MOEY MARY YAP
YUKY YUN LIU
YULIN YAO
YUMEI HU
YUNFA WANG
YUNFU JIANG
YUNTENG LU
YUNXIA WU
YUQIANG QIN
YUXIANG CHEN & JIA YOU JT TEN
YVETTE WANG
ZEICHNER ELLMAN & KRAUSE LLP
ZEISLER & ZEISLER, P.C.
ZETA GLOBAL CORP.
ZHANG LIN
ZHANG WEI
ZHENG RUI HE
ZHENG WU (A/K/A BRUNO WA)
ZHENGHUA SHEN
ZHENGJUN DONG
ZHENPENG LI
ZHIXUAM LI
ZHIXUAN LI
ZHIZHE "FRANK" DONG
ZHONGYI MA
ZHOU BAOJIN
ZHOU HAI YANG
ZHUOER "JOE" WANG
ZI YE
ZIBA LIMITED
ZIHAN LIU
ZIKUN WANG
ZYB & ASSOCIATES, LLC

11