**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                                                        :
In re:                                                  :        Chapter 11
                                                        :
HO WAN KWOK, *et al.*,[1]                               :        Case No. 22-50073 (JAM)
                                                        :
                        Debtors.                        :        (Jointly Administered)
                                                        :
--------------------------------------------------------x

**MOTION TO LIMIT NOTICE, SCHEDULE EXPEDITED**
**HEARING AND PROVIDE PROCEDURE FOR SUBMITTING COMPETING BIDS**
**REGARDING CHAPTER 11 TRUSTEE'S MOTION**
**FOR ORDER (I)AUTHORIZING AND APPROVING SALE OF GREENWICH**
**PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND**
**ENCUMBRANCES (II) AUTHORIZING AND APPROVING PURCHASE AND SALE**
**AGREEMENT, AND (III) GRANTING RELATED RELIEF**

Luc A. Despins (the "<u>Trustee</u>"), in his capacity as Chapter 11 Trustee of Ho Wan Kwok

(the "<u>Debtor</u>"), hereby moves (the "<u>Motion to Expedite</u>"), pursuant to Rules 2002 and 9006(c)(1)

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order,

substantially in the form attached as **Exhibit 1** hereto, limiting notice and scheduling an expedited

hearing with respect to the Trustee's *Motion for Order (I) Authorizing  and Approving Sale of*

*Greenwich Property Free and Clear of Liens, Claims,  Interest, and Encumbrances, (II)*

*Authorizing and Approving Purchase and Sale Agreement and (III) Granting Related Relief (as*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

further described herein, the "*Sale Motion*").[2]  In support of this Motion to Expedite, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASES

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought by this Motion are Bankruptcy Rules 2002 (a)(2) and (i) and 9006(c)(1).

## BACKGROUND AND TRUSTEE'S SALE MOTION

4.      Immediately prior to the filing of this Motion to Expedite, the Trustee filed the Sale Motion seeking approval of the PSA and related relief. The terms of the Sale Motion are incorporated herein.

5.      Although the Trustee cannot compel the Buyer to close before 45 days from the Contract Date (November 11, 2024), the Trustee seeks to be in a position to close on the sale of the Greenwich Property as quickly as possible if the Buyer is ready to close prior to November 11, 2024.

6.      The Greenwich Property is a luxury residential property with significant upkeep and carrying costs for the Debtor's estate.  Currently, the estate incurs approximately $15,000.00 each month (comprised of real estate taxes, insurance, utilities, security costs, property and grounds maintenance) to maintain and preserve the Greenwich Property.  In addition, the Trustee received a notice from the current insurance carrier for the Greenwich Property advising the

---

[2]     Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Sale Motion.

Trustee that the insurance carrier was exercising its right to terminate the coverage as of October 13, 2024. [3] While the Trustee is currently investigating alternative insurance coverage, it is unclear whether such coverage can be obtained.

7.      Based upon the insurance coverage situation, as well as current carrying costs and potential increased costs, the Trustee believes that it is in the best interest of the Debtor's estate to close on the sale of the Greenwich Property as soon as possible.

## RELIEF REQUESTED

8.      The Trustee respectfully requests that the Court enter an order (a) limiting service of the Sale Motion to: (i) the Office of the United States Trustee for the District of Connecticut, (ii) the Buyer, (iii) counsel for the Debtor, (iv) counsel for the Official Committee of Unsecured Creditors, (v) all entities and individuals known to have expressed to Compass an interest in purchasing the Greenwich Property, and (vi) all parties who have requested notice in the Debtor's case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties") and (b) directing any objections to the Sale Motion be filed on or before October 14, 2024 at 1 pm, with a copy to be served upon the Trustee by electronic mail; (c) directing any competing bids, accompanied by a cash deposit equal to 15% of the proposed competing bid, to be sent to the Trustee by electronic mail at *Lucdespins@paulhastings.com* on or before October 14, 2024 at 10 am; and (c) scheduling a hearing with respect to the Sale Motion for October 15, 2024 at 1 pm.

## BASIS FOR RELIEF REQUESTED

### I.      Limiting Service of the Sale Motion

9.      Bankruptcy Rule 2002 generally requires that a minimum of twenty-one (21) days' notice be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any

---

[3] The Trustee is reserving all rights with respect to all claims regarding the insurance coverage matter.

committee appointed under section 1102 of the Bankruptcy Code, with respect to motions addressing a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." *See* Bankruptcy Rule 2002 (a) and (i).

10.     Notwithstanding the foregoing, Bankruptcy Rule 2002(i) provides that the Court "may order that notices required by subdivision (a)(2) … of this rule be transmitted to the United States trustee and be mailed only to the committees elected under §705 or appointed under §1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

11.     There have been approximately 1,400 claims filed in these chapter 11 cases and the overwhelming majority were filed by individuals located in foreign jurisdictions and many of whom have elected confidential treatment of their claims (in accordance with the bar date order). The cost to serve the Sale Motion on all creditors would be substantial.

12.     The Trustee submits that it would be unduly burdensome for the Debtor's estate to serve the Sale Motion on 1,400 parties, particularly given the nature of the relief requested by the Sale Motion, which will liquidate an asset for which the estate has and will continue to incur costs to preserve to cash after a vigorous public marketing. The Trustee submits that under these circumstances it is appropriate and is in the best interests of the estate, its creditors, and other parties-in-interest, to limit service of the Sale Motion upon the Notice Parties only.

## II.      **Shortening Notice and Scheduling Expedited Hearing on the Sale Motion**

13.     In addition, pursuant to Bankruptcy Rules 2002(a)(2) and 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated.  Cause exists to consider and determine the Sale Motion upon an expedited basis.

14.     The Greenwich Property was actively marketed by the Broker in a way common to residential properties of its nature in the Fairfield County area.  There was robust activity regarding the real property with extensive online interest as well as in-person viewings resulting in a negotiated offer between the Trustee and an arm's length third party buyer, after a competing bid was received.

15.     Parties in interest will not be prejudiced by expedited consideration of the Sale Motion.  The Sale Motion contemplates that the Trustee will consider any higher or better offers received for the Greenwich Property.   It is submitted that additional time entering into the fall and winter season will not enhance the marketing process while carrying costs at the Greenwich Property are likely to increase.

16.     As noted in the Sale Motion, although the Trustee does not expect to receive competing bids, the Trustee is duty-bound to consider any higher or better offers for the Greenwich Property and seeks to provide an opportunity for parties to submit a competing bid. The Trustee proposes that all such competing bids  be in the form of the PSA, marked to show any changes proposed by the competing bidder, provide for a cash purchase, include evidence of the financial source(s) for the competing bid and be submitted to the Trustee by electronic mail at Lucdespins@paulhastings.com,  accompanied by a cash deposit  in an amount equal to 15% of the proposed cash bid,  by 10 am of the day prior to the hearing with respect to the Sale Motion.

## NO PREVIOUS REQUEST

17.     No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Trustee requests that the Court issue an order, substantially in the form

attached hereto as **Exhibit 1**, and ordering such other and further relief as is just and proper.

Dated: September 30, 2024          LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, Connecticut

By: */s/*_____
    Douglas S. Skalka (ct00616)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com

     *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

     *and*

    G. Alexander Bongartz (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6690
    alexbongartz@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                       :
In re:                                                 :      Chapter 11
                                                       :
HO WAN KWOK *et al.*,                                  :      Case No. 22-50073 (JAM)
                                                       :
            Debtors.[1]                                :      Jointly Administered
                                                       :
------------------------------------------------------x

**[PROPOSED] ORDER LIMITING NOTICE, SCHEDULING EXPEDITED
HEARING AND SETTING PROCEDURE FOR SUBMITTING COMPETING BIDS
REGARDING CHAPTER 11 TRUSTEE'S MOTION
FOR ORDER (I)AUTHORIZING AND APPROVING SALE OF GREENWICH
PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES (II) AUTHORIZING AND APPROVING PURCHASE AND SALE
<u>AGREEMENT, AND (III) GRANTING RELATED RELIEF</u>**

The Court having considered the motion (the "<u>Motion</u>") seeking to (a) limit notice of the

*Motion for Order (I) Authorizing and Approving Sale of Greenwich Property Free and Clear of*

*Liens, Claims, Interest, and Encumbrances, (II) Authorizing and Approving Purchase and Sale*

*Agreement and (III) Granting Related Relief (as further described herein, the "<u>Sale Motion</u>")*;[2]

(b) shorten notice regarding the Sale Motion, and (c) schedule an expedited hearing to consider

and determine the Sale Motion; and good cause appearing, it is hereby ORDERED THAT:

       1.      The Motion is granted as set forth herein.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined in this Motion to Expedite have the meanings set forth in the Sale Motion.

2.      The Trustee may serve the Sale Motion only on: (i) the Office of the United States Trustee for the District of Connecticut, (ii) the Buyer, (iii) counsel for the Debtor, (iv) counsel for the Official Committee of Unsecured Creditors, (v) all entities and individuals known to have expressed to Compass an interest in purchasing the Greenwich Property, and (vi) all parties who have requested notice in the Debtor's case pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

3.      On or before October __, 2024, the Trustee shall cause the Sale Motion and this Order to be served on the Notice Parties and shall file a certificate of service in advance of the hearing on the Sale Motion.

4.      A hearing on the Sale Motion shall be held on **October 15, 2024 at 1 pm** at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT  06604.

5.      The deadline to object to the Sale Motion shall be **October 14, 2024 at 1 pm** (the "Objection Deadline"). Any party filing an objection shall serve a copy thereof upon the Trustee by electronic mail on or before the Objection Deadline.

6.      The deadline for submitting a competing bid for the Greenwich Property shall be **October 14**, **2024 at 10 am.**. (the "Competing Bid Deadline"). Any party submitting a competing bid shall send the competing bid to the Trustee by electronic mail at _LucDespins@paulhastings.com_ on or before the Competing Bid Deadline. Competing bids shall be in the form of the PSA, marked to show any proposed changes, provide for a cash closing,  shall include evidence of the financial sources for the competing bid and be accompanied by a deposit equal to 15% of the proposed competing bid.

7.      The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                   :
In re:                                             :    Chapter 11
                                                   :
HO WAN KWOK *et al.*,                              :    Case No. 22-50073 (JAM)
                                                   :
                      Debtors.[6]                  :    Jointly Administered
                                                   :
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October  , 2024, the foregoing Motion was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by U.S. mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

Dated: October  , 2024
         New Haven, Connecticut

                                        By: */s/*
                                             Douglas S. Skalka  (ct00616)
                                             NEUBERT, PEPE & MONTEITH, P.C.
                                             195 Church Street, 13th Floor
                                             New Haven, Connecticut 06510
                                             (203) 781-2847
                                             dskalka@npmlaw.com

---

[6]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).