**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE: <br> HO WAN KWOK, et al., <br> *Debtors*.[1] | Chapter 11 <br> Case No. 22-50073 (JAM) <br> (Jointly Administered) <br> October 3, 2024 |

**LIMITED OBJECTION OF G CLUB OPERATIONS LLC TO
(1) TRUSTEE'S MOTION TO LIMIT NOTICE OF MOTIONS REGARDING
MEDIATED/AVOIDANCE CLAIM SETTLEMENTS AND
(2) MOTION TO APPROVE SETTLEMENT AGREEMENT WITH WILDES &
WEINBERG, P.C. PURSUANT TO FED. R. BANKR. P 9019**

G Club Operations LLC ("G Club") respectfully objects, on a limited basis, to (1) the *Motion to Limit Notice of Motions Regarding Mediated/Avoidance Claim Settlements* (ECF No. 3565, the "Motion to Limit") and (2) *Motion to Compromise Controversy with Wildes & Weinberg, P.C.* (ECF No. 3559, "9019 Motion," and collectively referred to with the Motion to Limit, the "Pending Motions"),[2] filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee"). For the reasons set forth below, the Pending Motions should be denied *unless* the Trustee complies with binding Second Circuit precedent and files unredacted versions of the 9019 Motion and proposed Settlement Agreement.[3]

---

[1] The Debtors in the main Chapter 11 case are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok.

[2] All docket references are to the Main Bankruptcy Case unless otherwise stated.

[3] Capitalized terms not defined in this objection have the meanings ascribed to them in the Pending Motions.

{00381822.4 }

**INTRODUCTION**

1. The Trustee seeks Court approval of a redacted 9019 Motion omitting the essential terms of the proposed settlement, the most notable being the amount the defendant is paying to settle the case. The Trustee states he has also filed the related Settlement Agreement under seal. However, Bankruptcy Code § 107, 11 U.S.C. § 107 (the "Bankruptcy Code") limits the types of records that can be hidden from the public to "a trade secret or confidential research, development, or commercial information" or "scandalous or defamatory" materials. Bankruptcy Code § 107(b).

2. It is well settled that the amount of a settlement or "litigation strategy" must be disclosed and is *not* "confidential… commercial information" or otherwise protected by § 107(b). *In re Oldco M Corp.*, 466 B.R. 234, 238 (Bankr. S.D.N.Y. 2012) (rejecting trustee's claim to hide the amount of the settlement as: "the only reason given for sealing the settlement was that public disclosure would undercut the settling defendant's leverage in negotiating with other claimants."); *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 173 (Bankr. S.D.N.Y. 2013) ("Likewise, providing third parties with a litigation advantage in outside actions does not justify sealing a court document.")

3. Moreover, the Local Rules of the District of Connecticut, and Second Circuit precedent, require highly detailed factual findings to seal "judicial documents" from the public. *See* D. Conn. L. R. Civ. P. 5(e). The Trustee has not requested any such finding from the Court. Indeed, the Court's prior orders contemplated the Trustee filing a proper motion to seal, which was not done here. Stated differently, the Trustee just redacted settlement terms from the 9019 Motion and did not file a motion to seal or otherwise comply with Local Rules.

4. For these reasons, the Trustee cannot proceed with his Pending Motions or, alternatively, the Court should deny them.

## **FACTS AND BACKGROUND**[4]

5. On September 19, 2024, the Trustee filed the 9019 Motion but redacted certain information including the settlement amount (9019 Motion at ¶¶ 10, 13(a), 13(c), 13(d)) and filed a copy of the proposed Settlement Agreement (9019 Motion at Exhibit B) under seal. No motion to seal was filed. Rather, the Trustee stated why he believed the Settlement Agreement should be sealed within the 9019 Motion. The Trustee's only given reasons were to protect his settlement leverage in future cases as disclosure of settlement terms would be allegedly harmful to the Estate. 9019 Motion at p. 7, ¶ 21.

6. On September 19, 2024, the Trustee also filed the Motion to Limit, seeking to serve the redacted 9019 Motion.

7. The Court has set a hearing on the Motion to Limit for October 8, 2024. ECF No. 3581.

8. Previously, the Court had established a mediation program that contemplated the Trustee filing documents under seal when appropriate:

> w. If the Mediator's Report indicates that the Mediation Proceedings resulted in a settlement and the settlement requires approval of the Court, the Trustee shall file a motion requesting such approval within thirty (30) days of the issuance of the Mediator's Report. *The Trustee may submit a motion seeking such approval under seal (with access limited to the Trustee, the relevant Avoidance Defendant, the Official Committee of Unsecured Creditors, and the United States Trustee) to the extent the Trustee believes that public disclosure of the settlement terms would harm the estate and/or would implicate commercially sensitive or otherwise confidential information public disclosure of which would prejudice parties to the settlement. Where a motion is filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.*

ECF No. 3163 (the "Mediation Procedures Order") at p. 10, ¶ 2(w). (Emphasis added.)

---

[4] G Club only sets forth facts specifically relevant to the Pending Motions.

9. The Mediation Procedures Order was later amended in ECF No 3465 at p. 2, ¶ 2(v), to include as follows:

> v. Within thirty (30) days of the issuance of a Pre-Litigation Settlement Report, the Trustee shall file a motion requesting the Court's approval of the Pre-Litigation Settlement and attaching the Pre-Litigation Settlement Report. *Such motion and Pre-Litigation Settlement Report may be filed under seal, upon notice to counsel for the Official Committee of Unsecured Creditors and the United States Trustee, if the Trustee believes that public disclosure of the settlement terms would harm the Estate and/or would implicate commercially sensitive or otherwise confidential information disclosure of which would prejudice the Consent Mediation Parties.* As to any motion filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

10. A plain reading of these two provisions clearly contemplates the Trustee complying with Bankruptcy Code § 107, the Local Rules concerning sealing of documents, as well as other legal requirements as further set forth below.

## LAW AND ARGUMENT

**A.    Legal Standard under Bankruptcy Code § 107 for Not Disclosing Judicial Documents**

11. "In the bankruptcy context, courts across the country have held that settlement terms (including settlement amount) are not confidential 'commercial information' that is subject to seal under § 107(b)(1)." *In re Thomas*, 583 B.R. 385, 392 (Bankr. E.D. Ky. 2018) (collecting cases).

12. This is because: "[t]here is a strong presumption and public policy in favor of public access to court records." *In re Borders Grp., Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011). Bankruptcy Code §107(a) "codifies the public's common law right to inspect and copy judicial records and creates a presumption that all documents filed in a bankruptcy case are accessible to the public and subject to examination by the public at reasonable times without charge. 11 U.S.C.

§ 107(a); *Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) ('It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.') (citations omitted)." *Togut,* 492 B.R. at 170.

13.     Bankruptcy Code § 107 states, in relevant part:

> (a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
>
> (b) On the request of a party in interest the bankruptcy court shall… protect an entity with respect to… confidential… commercial information[] or… protect a person with respect to scandalous or defamatory matter contained in a paper….

"[I]f the information fits any of the specified categories, the court is required to protect a requesting interested party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27.

14.     Fed. R. Bankr. P. 9018 implements Bankruptcy Code § 107 and allows the Court to seal documents when appropriate. "Bankruptcy Rule 9018 does not expand a bankruptcy court's ability to limit access to papers filed beyond the powers conferred in § 107, nor does it provide a separate basis for relief." *Togut*, 492 B.R. at 171. "A court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *Geltzer v. Andersen Worldwide, S.C.*, 2007 U.S. Dist. LEXIS 6794, at *7 (S.D.N.Y. Jan. 30, 2007) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)); *Togut*, 492 B.R. at 171.

15.     "Inherent in the language of § 107(b) is the requirement that the party requesting the extraordinary relief provide the court with specific factual and legal authority demonstrating

that a particular document at issue is properly classified as 'confidential' or 'scandalous.'" *Id*. (internal citations omitted).

16. Second Circuit authority confirms this. In *Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020), the Second Circuit revisited the issue of what documents constitute "judicial documents"[5] (subject to public inspection and open courts protections) and "discovery material" (not subject to the same presumptions of public inspection). The Second Circuit held: "[i]n determining the proper weight to accord an asserted privacy interest, a court should consider both the degree to which the subject matter is traditionally considered private rather than public, as well as the nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." 952 F.3d at 61.[6]

17. As set forth in *Mirlis,* judicial documents, such as the 9019 Motion and Settlement Agreement – the documents the Court must rely on to analyze and approve a proposed compromise under Fed. R. Bankr. P. 9019(a) – cannot be sealed, without meeting a strict standard. "The general and deeply rooted rule is that the presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in determining litigants' substantive rights—conduct at the heart of Article III. As this Court has observed many times, such access is critical as it enables the public to monitor the actions of the courts and juries to ensure a measure of accountability and bolster confidence in the administration of justice." *Mirlis*, 952 F.3d at 60 (internal citations and punctuation omitted).

---

[5] Courts have used the term "judicial records" as well as "judicial documents," both of which mean the same thing in the context of papers filed with a court that require adjudication. The case law explains the difference between "judicial documents" (the term used in this brief because that is the term the District of Connecticut's Local Rules use; *See* D. Conn. L. R. Civ. P. 5(e)) and other materials.

[6] Holding that a gadfly's "motives in obtaining, and intent in releasing, the video erodes against the weight due that presumption here. So, too, do [the deponent's] countervailing privacy interests as a minor victim of sexual abuse perpetrated by a trusted religious figure in the community." *Mirlis*, 952 F.3d at 67.

18. D. Conn. L. R. Civ. P. 5(e)(3) specifically incorporates the *Mirlis* requirements and sets forth the procedure that courts and parties must follow to have judicial documents sealed:

> Every document used by parties moving for or opposing an adjudication by the Court, other than trial or hearing exhibits, shall be filed with the Court. No judicial document shall be filed under seal, except upon entry of an order of the Court either acting sua sponte or specifically granting a request to seal that document. ***Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.*** A statute mandating or permitting the non-disclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents. A judge may seal a Court order, including an order to seal documents and the related findings, when sealing a Court order meets the standard for sealing a judicial document. No document shall be sealed merely by stipulation of the parties. ***A confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule.*** Any document filed under seal in the absence of a Court order to seal it is subject to unsealing without prior notice to the parties.

(Emphasis added).[7]

### B. The Trustee Has Not Complied with Bankruptcy Code § 107, the Local Rules, or Second Circuit Precedent to Present Evidence to Meet the High Burden for Sealing or Redacting "Judicial Records" such as the Settlement Agreement or **9019 Motion**

19. Having made no attempt to comply with Bankruptcy Code § 107, D. Conn. L. R. Civ. P. 5(b)(3), or *Mirlis*, the Trustee cannot proceed with his 9019 Motion or Motion to Limit. The Trustee has not sufficiently supported why the 9019 Motion has been redacted, or the Settlement Agreement filed under seal, with appropriate evidence meeting the requisite legal standards.

20. For a trustee to obtain approval of a compromise under Fed. R. Bankr. P. 9019(a)

---

[7] G Club notes that numerous documents and orders have been sealed in this case. It is not clear whether the *Mirlis* standards were considered in those matters or not.

{00381822.4}    7

the:

> Supreme Court mandated that a bankruptcy court, in considering whether to approve a settlement or compromise, should "apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

10 Collier on Bankruptcy ¶ 9019.02 (16th Ed. 2024) (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163–64, 20 L. Ed. 2d 1, 9–10 (1968)).

21. Apply *Protective* and its progeny, the Second Circuit and courts within the Circuit have held that a court assessing the proposed settlement must determine that it is fair, equitable, and in the best interests of the estate before it may approve it. *Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). In doing so, the Court "need not conduct an independent investigation into the reasonableness of the settlement but must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Adelphia Communications Corp.*, 327 B.R. 143, 159 (Bankr. S.D. N.Y. 2005) (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). The Court need not conduct a mini-trial but rather "only need be apprised of those facts that are necessary to enable it to evaluate the settlement and make a considered and independent judgment about the settlement." *Adelphia*, 327 B.R. at 159.

22. The factors to be considered when approving a proposed bankruptcy settlement are: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience,

and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining (all said factors, the "*Iridium* Factors"). *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d (Cir. 2007) (internal citations and punctuation omitted); *In re Speer*, 2018 U.S. Dist. LEXIS 13468, at *2 (D. Conn. Jan. 29, 2018).

23. This assessment must occur in open court, like any other adjudication. D. Conn. L. R. Civ. P. 5(e). Because the Trustee seeks to obscure the record through sealing and redaction in violation of the controlling statutes, rules and precedent, his Pending Motions should be denied.

24. Here, the Trustee proffers two reasons to seal the Settlement Agreement and redact the 9019 Motion: (a) disclosure "would harm the Estate and/or [b] would implicate commercially sensitive or otherwise confidential information." Mediation Procedures Order at p. 10, ¶ 2(w). First, "harm to the Estate" in and of itself is not identified under Bankruptcy Code § 107 as a reason to seal judicial documents. As *Mirlis* and D. Conn. L. R. Civ. P. 5(e) make clear "harm" is a prerequisite to sealing under § 107(b), but not a reason itself for allowing a judicial document to be sealed. The Trustee must meet the stringent requirements necessary for the extraordinary measure of limiting the public's right to access judicial documents. *See Geltzer*, 2007 U.S. Dist. LEXIS 6794, at *7 .

25. The second reason the Trustee advances for sealing the Settlement Agreement and redacting the 9019 Motion – alleged prejudice to the Trustee's litigation strategy – has been

rejected as insufficient as a matter of law.[8] "[T]he amount of the settlement is the critical factor in the Court's ability to assess whether the settlement should be approved. It therefore follows that it is also the critical factor in the ability of the public to monitor the appropriateness of the Court's decision… The sealing request here thus goes to the very core of the constitutionally-embedded presumption of openness in judicial proceedings." *Togut*, 492 B.R. at 173 (citing *Geltzer v. Andersen Worldwide, S.C.*, 2007 U.S. Dist. LEXIS 6794, at *1 (S.D.N.Y. Jan. 30, 2007)); *In re Ditech Holding Corp.*, 2019 Bankr. LEXIS 2271, at *33 (Bankr. S.D.N.Y. July 19, 2019) ("That rationale [in *Genzler*] applies equally in this case. Based on the record of this Motion, there is no discernable public interest or interests of the Debtors in preserving BANA's leverage in negotiations with other parties with respect to different mortgage loan servicing agreements.")

26. A bankruptcy court confronted this precise issue in *In re Quigley Co.*, 437 B.R. 102, 154 (Bankr. S.D.N.Y. 2010) and denied a motion to seal a 9019 motion on account of the litigation strategy being "commercially sensitive":

> The sealing movants' concern about leverage in future settlement negotiations is similarly unworthy of protection under § 107(b)(1). Their bargaining leverage in future unrelated cases is not 'commercial information.' Furthermore, their expressed concern over their bargaining power is speculative, but even if it were not, countervailing considerations dictate the need for disclosure… Thus, they knew or should have suspected that their settlements might become an issue in the anticipated bankruptcy case. The public has the right to know how much they

---

[8] The 9019 Motion states in relevant part:
  The terms of the settlement constitute commercially sensitive information, because, among other things, their disclosure would prejudice the Trustee's ability to resolve similar claims against other defendants and potential defendants; and the terms are otherwise confidential because the Settlement Agreement negotiated by the Parties provides for their confidentiality to be maintained. This is one of many settlements that the Trustee will propose to the Court for approval. Meanwhile, the Trustee is litigating and/or negotiating to resolve avoidance claims against hundreds of other transferees. ***It would be extremely prejudicial to the Estate to publicly file the settlement terms and thus reveal the Trustee's strategy and settlement tolerance to other defendants and potential defendants.***
9019 Motion at p. 7, ¶ 21 (emphasis added).

were paid to vote in favor of the Quigley's plans.

Hence, if a bankruptcy trustee wants to settle a case, he cannot expect to keep the 9019 motion or the key settlement terms secret to help his litigation strategy.

27. As further explained by the Southern District of New Yor: "the amount of the settlement is the critical factor in the Court's ability to assess whether the settlement should be approved. It therefore follows that it is also the critical factor in the ability of the public to monitor the appropriateness of the Court's decision. The parties' stipulation of settlement is the central document "presented to the court to invoke its power[]" to approve the settlement, and the size of the settlement is the critical term in that document." (internal citation omitted) Geltzer, 2007 U.S. Dist. LEXIS 6794, at *13-14. "Indeed, other courts have held that settlement amounts do not fall into any of the § 107 protected categories and cannot be sealed." *In re Dillahunt*, 2022 Bankr. LEXIS 3591, at *13 (Bankr. S.D. Ohio Dec. 15, 2022) (collecting cases

28. In sum, even if the Trustee filed a proper sealing motion, or made any attempt to comply with the Local Rules, or *Mirlis*, it is not at all clear how he could meet the requisite standard. A settlement amount or the Trustee's litigation strategy are not subject to sealing under Bankruptcy Code § 107 as a matter of law.

29. For the Court to properly assess the proposed settlement within the confines of Bankruptcy Code §107 and D. Conn. L. R. Civ. P. 5(e) the legally operative judicial documents on which the Trustee relies, cannot be sealed or redacted. Therefore, the Court should deny the Trustee the right to proceed with his 9019 Motion under seal or in any redacted format.

## CONCLUSION

30. For the above stated reasons, the Court should deny the Pending Motions, unless the 9019 Motion is filed without redactions and with an unsealed settlement agreement and

properly presented for adjudication.

## RESERVATION OF RIGHTS

31. G Club reserves its right to further object to the 9019 Motion once it is unsealed/unredacted and G Club can evaluate the proposed settlement.

G CLUB OPERATIONS LLC

By: /s/ Jeffrey M. Sklarz
Jeffrey M. Sklarz (ct20938)
Kellianne Baranowsky (ct26684)
Michelle Amanda Antao (ct31715)
Green & Sklarz LLC
One Audubon Street, Third Floor
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com
mantao@gs-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, a copy of the foregoing was served via CM/ECF.

Parties may access this filing through the Court's CM/ECF system.

/s/ Jeffrey M. Sklarz