UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK,[1] | Case No. 22-50073 (JAM) |
| Debtor. | Re: ECF 3559 |

**UNITED STATES TRUSTEE'S OBJECTION TO SEALING BY CHAPTER 11 TRUSTEE OF MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through counsel, respectfully submits this objection to the motion of Chapter 11 Trustee Luc A. Despins ("Chapter 11 Trustee") to compromise with Wildes & Weinberg, P.C. ("W&W") settling the Estates[2] claims against W&W (ECF 3559) ("W&W Settlement Motion"). The United States Trustee objects to the sealing and redaction of the W&W Settlement Motion on the grounds the Chapter 11 Trustee has failed to satisfy the requirements of Section 107(b) and Bankruptcy Rule 9018, as well as the presumption of public access provided under Section 107(a) of the Bankruptcy Code. In support of this objection, the United States Trustee states as follows:

**I. FACTS**

1.   On September 19, 2024, the Chapter 11 Trustee filed the W&W Settlement Motion seeking approval of a compromise and settlement agreement with W&W. ECF 3559. The W&W Settlement Motion was also filed in the pending adversary proceeding known as

---

[1] The Debtors in the main Chapter 11 case are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok.

[2] *See* footnote 1.

1

...
...

*Despins v. Wildes & Weinberg, P.C.*, Adv. Proc. 24-5187 ("Adversary Proceeding") at ECF 14.

2. The Chapter 11 Trustee filed the W&W Settlement Motion in a redacted form, sealing the salient settlement terms. ECF 3559. The W&W Settlement Motion is redacted/sealed at ¶ 10, 13(a), 13(c), 13(d), as well as sealing the entirety of the settlement agreement with W&W at Exhibit B. *Id.* The filings in the Adversary Proceeding were similarly sealed/redacted.

3. The Chapter 11 Trustee provided the United States Trustee with an unredacted full copy of the W&W Settlement Motion.

4. Paragraph 21 of the W&W Settlement Motion states that sealing/redaction is appropriate because the "Trustee believes (a) public disclosure of the settlement terms would harm the Estate, and (b) the settlement terms constitute commercially sensitive and otherwise confidential information." *See* W&W Settlement Motion at ¶ 21 (ECF 3559). Paragraph 21 goes on to state that "disclosure would prejudice the Trustee's ability to resolve similar claims against other defendants and potential defendants; and the terms are otherwise confidential because the Settlement Agreement negotiated by the Parties provides for their confidentiality to be maintained." *Id.*

5. The W&W Settlement Motion also relies on the Court's order entered on May 2, 2024 at ECF 3163 ("Mediation Procedures Order") as a basis for the filing of the W&W Settlement Motion in a sealed/redacted form. *See* W&W Settlement Motion at ¶ 21 (ECF 3559). The Mediation Procedures Order at paragraph 2(w) on page 10 provides the following regarding sealing settlements:

> w. If the Mediator's Report indicates that the Mediation Proceedings resulted in a settlement and the settlement requires approval of the Court, the Trustee shall file a motion requesting such approval within thirty (30) days of the issuance of the Mediator's Report. The Trustee may submit a motion seeking such approval under seal (with access limited to the Trustee, the relevant Avoidance Defendant, the Official Committee of

> Unsecured Creditors, and the United States Trustee) to the extent the Trustee believes that public disclosure of the settlement terms would harm the estate and/or would implicate commercially sensitive or otherwise confidential information public disclosure of which would prejudice parties to the settlement. Where a motion is filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

6. While not specifically referenced in the W&W Settlement Motion, the supplemental order entered on August 28, 2024 at ECF 3465 ("Supplemental Mediation Procedures Order") is also relevant. The Supplemental Mediation Procedures Order at paragraph 2(v) on pages 2-3 provides the following regarding sealing settlements:

> v. Within thirty (30) days of the issuance of a Pre-Litigation/Pre-Appearance Settlement Report, the Trustee shall file a motion requesting the Court's approval of the Pre-Litigation/Pre-Appearance Settlement and attaching the Pre-Litigation/Pre-Appearance Settlement Report. Such motion and Pre-Litigation/Pre-Appearance Settlement Report may be filed under seal, upon notice to counsel for the Official Committee of Unsecured Creditors and the United States Trustee, if the Trustee believes that public disclosure of the settlement terms would harm the Estate and/or would implicate commercially sensitive or otherwise confidential information disclosure of which would prejudice the Consent Mediation Parties. As to any motion filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

7. As the Court is aware, the United States Trustee has previously signaled that the sealing of settlements in this case is a live issue and one that could be brought to the Court if, and when, a sealed settlement was pursued by the Chapter 11 Trustee.[3] The obligation of the Chapter 11 Trustee to meet the requirements of Section 107 and Rule 9018 remains in force and effect, and has not been met by the contents of the W&W Settlement Motion.

---

[3] The United States Trustee made this point at the hearing held on April 23, 2024 during which the Court considered the motion (ECF 3003) that lead to the entry of the Mediation Procedures Order, and then again at the hearing held on August 27, 2024 during which the Court considered the motion (ECF 3396) that lead to the entry of the Supplemental Mediation Procedures Order.

## II. ARGUMENT

### A. The Bankruptcy Code presumes a public right of access to all filed documents.

There is a longstanding presumption and strong public policy favoring public access to court records. *See, e.g.*, *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Mirlis v. Greer*, 952 F.3d 51, 60-61 (2d Cir. 2020); *In re Neal*, 461 F.3d 1048, 1053 (8th Cir.2006); *In re Borders Group, Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011). Section 107 of the Bankruptcy Code codifies this presumption of public access to all documents filed in a bankruptcy case or with a bankruptcy court. Section 107(a) of the Bankruptcy Code provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public. 11 U.S.C. § 107(a). Section 107 applies to any document filed in any bankruptcy case. *Gitto v. Worcester Tel. & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005).

The presumption of transparency in bankruptcy proceedings provided in Section 107 of the Bankruptcy Code reflects the critical need for public confidence and government accountability: "[t]his policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994). "A court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *In re Anthracite Capital, Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (quoting *Geltzer v. Anderson Worldwide, S.C.*, 2007 WL 273526, at *2-3 (S.D.N.Y. Jan. 30, 2007)). The presumption of open access, as codified in Section 107(a), "'is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the

administration of justice . . . .'"  *Geltzer v. Anderson Worldwide, S.C.*, 2007 WL 273526, at *2 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

B. **The Chapter 11 Trustee bears the burden of proving that the information to be sealed is a trade secret or other protected confidential information or is of a scandalous or defamatory nature.**

Section 107(b) of the Bankruptcy Code restricts public access to documents filed in a case or with the bankruptcy court to two narrow categories of information: (1) trade secrets and other confidential research, development, or commercial information; and (2) scandalous or defamatory matters. 11 U.S.C. § 107(b). The procedure to invoke the Court's power under Section 107 is provided in Bankruptcy Rule 9018.  In pertinent part, Bankruptcy Rule 9018 provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation . . .

Fed. R. Bankr. P. 9018.  The language of Section 107(b) intrinsically conditions the extraordinary relief being sought by the requesting party on the basis that such party provides the court with specific factual and legal authority demonstrating that the particular document at issue is properly classified as "confidential" or "scandalous."  *In re Anthracite Capital, Inc.*, 492 B.R. at 171; *In re Continental Airlines, Inc.* 150 B.R. 334, 240-341 (D. Del. 1993).

Convincing a court to seal documents is a heavy burden.  *In re Orion Pictures Corp.*, 21 F.3d at 27.  In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need.  *Id.*; *See also City of Hartford v. Chase*, 942 F.2d 130, 135-136 (2d Cir. 1991).  Indeed, a broad allegation of harm, without specific examples or articulated reasoning, is insufficient.  *Miller v. Indiana Hosp.,* 16

5

F.3d 5419, 551 (3d Cir. 1994) (*citations omitted*) (decided under the common law, not section 107). Rather, the movant must show "sufficient threat of irreparable harm" before information will be sealed, and specificity is essential. *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984) (*citing Stamicarbon, N.V. v. Am. Cyanamid Co.*, 506 F.2d 532, 539-42 (2d Cir.1974)). Harm that is only speculative cannot support a sealing order. *In re Itel Corp.*, 17 B.R. 942 (B.A.P. 9th Cir. 1982).

With respect to obtaining an order sealing documents, D. Conn. L. Civ. R. 5(e), made applicable by D. Conn. LBR 1001-1(b), provides that "[a]ny such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." D. Conn. L. Civ. R. 5(e) also notes that "[a] statute mandating or permitting the non-disclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents."

Lastly, several courts that have considered trustee requests to seal entire settlements in bankruptcy cases have rejected them. *See, e.g., In Oldco M. Corp.*, 466 B.R. 234, 236 (Bankr. S.D.N.Y. 2012); *In re Quality Sales, LLC,* Case No. 12-20008 at ECF 368 (Bankr. Conn. March 31, 2016, Nevins, J.). This is because "where a party acts in a fiduciary capacity for another, such as a trustee in a bankruptcy case, '[t]he public interest in openness of court proceedings is at its zenith.'" *In Oldco M. Corp.*, 466 B.R. at 236 (quoting *In re Food Mgmt. Grp., LLC,* 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007)).

**C.** **The Chapter 11 Trustee has not met his burden for sealing under Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.**

In its current form, the W&W Settlement Motion does not fall within the parameters of Section 107(b)(1) and Bankruptcy Rule 9018. Settlement terms are generally not protected

6

"commercial information." *See In re Thomas*, 58 B.R. 385, 392-393 (Bankr. E.D. Ky. 2018) (collecting cases). Information, merely because it relates to business affairs, does not automatically cause it to be considered "commercial." *In re Anthracite Capital, Inc. 492* B.R. at 178 (quoting *In re Northwest Airlines Corp,* 363 B.R. 704, 706 n.4 (Bankr. S.D.N.Y. 2007)). "Confidential . . . commercial information" is information that would cause "an unfair advantage to *competitors* by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.,* 21 F.3d at 27 (emphasis added) (quoting *Ad Hoc Protective Comm. for 10 ½ Debenture Holders v. Itel Corp. (In re Itel Corp.)* 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). The information must be "reasonably expected to cause the entity commercial injury," which means that "competitors will gain an unfair advantage." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citations omitted) (court found sealing of settlement information to prevent unfair advantage to other creditors of debtor not appropriate). The unfair advantage must be in favor of a market *competitor*, not simply a creditor or claimant. *Id.* at 76. Knowledge of settlement terms as leverage or damaging to future settlements with other parties are not commercial information that warrants sealing under Section 107(b). *See, e.g., In re Anthracite Capital, Inc.*, 492 B.R. at 173; *Geltzer*, 2007 WL 273526 at *4; *In re Thomas*, 58 B.R. at 392-393.

### III.    CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court order that the W&W Settlement Motion be unsealed and filed in an unredacted form on the case docket. The United States Trustee also asks that the Court clarify with the Chapter 11 Trustee that future settlements should not automatically be filed under seal, and that should the Chapter 11 Trustee

7

contend sealing of a particular settlement agreement be appropriate, that he file a motion seeking a sealing order pursuant to Section 107(b) and Rule 9018.

Dated:  October 7, 2024  
       New Haven, Connecticut

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By:    /s/ Holley L. Claiborn  
      Holley L. Claiborn  
      Trial Attorney  
      Office of the United States Trustee  
      Giaimo Federal Building, Room 302  
      150 Court Street, New Haven, CT 06510  
      Holley.L.Claiborn@usdoj.gov  
      Federal Bar No.: ct17216 (Connecticut)  
      (203) 773-2210

**CERTIFICATE OF SERVICE**

  This certifies that a copy of the foregoing objection was served via the Electronic Case Filing System maintained by this Court.

      By: <u>/s/ Holley L. Claiborn</u>
         Holley L. Claiborn