Richard N. Freeth
Freeth & Associates, LLC
260 Madison Ave., 8th Floor
New York, New York 10016
(212) 775-7082

Attorneys for Bofang Investment LLC and Feibo Jiang

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

-------------------------------------------------------------------X

In Re:

       HO WAN KWOK, et al.              Chapter 11
                                            Case No.: 22-50073(JAM)

                          Debtor.

-------------------------------------------------------------------X

**NOTICE OF BOFANG INVESTMENT LLC AND FEIBO JIANG'S OPPOSITION TO "SEVENTEENTH SUPPLEMENTAL OMNIBUS MOTION" FOR FURTHER DISCOVERY AND CROSS-MOTION TO QUASH SUBPOENA**

TO: Kari A. Mitchell
Patrick R. Linsey, Esq.
NEUBERT, PEPE & MONTEITH, P.C.
195 Church St., 13th Floor
New Haven, CT 05610
Attorneys for Trustee

United States Bankruptcy Court
District of Connecticut

      The Trustee, having already spent millions and millions of dollars litigating against Mr. Kwok and anyone who the Trustee, even in the absence of any evidence, considers associated with Mr. Kwok, has filed the "Seventeenth Supplemental Omnibus Motion" seeking additional powers to delve into the private dealings of innocent individuals, in this instance Mr. Feibo Jiang and Bofang Investment LLC (the "Movants") – who, respectfully, by and through their undersigned counsel, Richard N. Freeth, hereby files this opposition and cross-motion (the "Motion") for entry of an order, denying the motion, or in the alternative to quash the subpoena. The Movants further represent in support hereof as follows:

1

**PRELIMINARY STATEMENT**

1. The Trustee has sent an impossibly overbroad and unduly burdensome set of discovery demands totaling 122 pages, and demand them on an erroneous party -- the Individual Movant and his sigle-owner LLC, both of which reside in Pennsylvania – considerably more than 100 miles from this Honorable Court. On this basis alone any subpoena which might issue should be quashed.

2. Further, be noted that the Trustee has had numerous Opportunities to pursue this type of discovery. The current opposition and cross motion is in response to the "17th Supplemental omnibus motion."

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

4. The legal predicates for the relief requested herein are Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules").

**FACTS**

5. Mr. Jiang, the Individual Movant, does not have first-hand knowledge regarding what business(es) the Debtor was in prior to the Petition Date, or is in at present, or any materially relevant information regarding Mr. Kwok's bankruptcy estate.

6. Mr. Jiang emigrated to the U.S. from China, and obtained Permanent Legal Resident status in the U.S. in 2014. *See* Statement of Jiang, attached as Exhibit "A,"

7. He started to follow Mr. Kwok's exposé after watching his VOA interview on Youtube in 2017. *Id.*

8. Mr. Jiang donated to Rule of Law foundation after its establishment. *Id.*

9. Mr. Jiang joined the Whistleblower Movement in April 2020. *Id.*

10. At the same time, Mr. Jiang participated in the G-series investment initiated by Mr. Kwok. *Id.*

11. Since the GTV private placement, Mr. Jiang participated in several investment, loan, and membership-card purchase activities. *Id.*

12. Among those activities, only for the GTV private placement did Mr. Kwok provide Mr. Jiang account information for wire transfer. For all other financial activities, it is the Farm's volunteers that provided Mr. Jiang information to complete the transfer.

13. Ever since Mr. Jiang joined the Whistleblower Movement, the Movants have had no financial transaction with Mr. Kwok.

14. No money was passed to or from him or his families. Nor did either Movant receive funds from Mr. Kwok.

15. Therefore, Mr. Jiang asserts that he had no business with the Bankruptcy case of Mr. Kwok and that I should not be probed.

16. The Movants did nor receive or control any assets belonging to the bankruptcy estates.

17. Without any evidence to support this imposition upon the privacy of the Movants, it is unduly prejudicial and unwarranted to impose the burden of having to respond to the extremely exaggerated set of discovery demands propounded by the Trustee.

18. In *In re Petroforte Brasileiro de Petroleo Ltda.*, 542 B.R. 899 (Bankr. S.D. Fla. 2015), a bankruptcy trustee was not permitted to obtain and review documents relating to third party non-debtors that did not relate to transactions with debtor entities, except broad financial discovery was permitted as to those discovery targets in which a majority of the stock was owned by debtor entity.

**MOVANTS SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS**

19. The Court should impose sanctions against the Trustee under Federal Rule 45 because he has not taken any reasonable steps to avoid imposing undue burden or expense to the Movants. Under Federal Rule 45(d)(1), "a party or attorney responsible for issuing and serving a subpoena must take

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Further, "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). "Under Rule 45(d)(1), a court must conduct a two-part inquiry to determine: (1) whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and (2) if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." Saint-Jean v. Emigrant Mortg. Co., 2015 U.S. Dist. LEXIS 197754, at *14 (E.D.N.Y. Oct. 7, 2015) (imposing sanctions because the subpoenas "were not reasonably tailored to produce information relevant to [the]" case and they should not have been issued). "The Rule 45(d)(1) are meant to protect parties from the misuse of subpoenas. "Sanctions are properly eder imposed attorney's fees are awarded where" the party improperly issuing the subpoena "refused to and withdraw it, requiring the non-party to institute a motion to quash." Breaking Media, Inc. v. Jowers, 2021 U.S. Dist. LEXIS 67473, at *18 (S.D.N.Y. Apr. 7, 2021).

Dated: October 7, 2024                                Freeth & Associates, LLC

                                                      By: *[signature]*
                                                          Richard N. Freeth

                                                      260 Madison Ave., 8th Fl.
                                                      New York, NY 10016
                                                      (212)775-7082

                                                      Attorneys for

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
------------------------------------------------------------------X
In Re:

       HO WAN KWOK, et al.                    Chapter 11
                                                Case No.: 22-50073(JAM)

4

                    Debtor.

-------------------------------------------------------------------X

This matter having come on before the Court on the Motion to Quash Subpoena filed on behalf of Jiaming Liu. The parties appeared by and through their respective counsel of record.

The Court, having considered the submissions of the parties, including all of the records, files, and proceedings herein, finds that the Subpoena is unreasonable, oppressive, and without merit.

IT IS ORDERED that the Subpoena dated January 24, 2023, and served on Jiaming Liu, is QUASHED. THE MOTION FOR PROTECTIVE ORDER IS GRANTED.

                                                                                 _____