UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE TO INCREASE CAP ON
FUNDING OF EXPENSES OF MAHWAH MANSION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to the Court's *Order Granting Amended Emergency Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Fund Maintenance of Mahwah Mansion and for Related Relief* [ECF No. 3422] (the "Funding Order"), hereby respectfully moves (the "Motion") for entry of an order substantially in the form of the Proposed Order attached hereto as **Exhibit 1** (the "Proposed Order"), increasing the Expenses Cap as established by the Funding Order by $700,000.00 to an adjusted cap of $1 million.[2] In support of the Motion, the Trustee respectfully states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not expressly defined herein adopt the definitions set forth in the Funding Order and in the *Amended Emergency Motion of Chapter 11 Trustee, Pursuant To Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Continue to Fund Expenses of Mahwah Mansion and Related Relief* [ECF No. 3381] (the "Amended Funding Motion"), as applicable.

## BACKGROUND

1. As discussed in the Amended Funding Motion, the Mahwah Mansion is one of the largest mansions in the United States, a 21-bedroom, 50,000 square foot, castle-styled private residence with 12.5-acre grounds located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430. The reasonable and necessary costs to maintain the Mahwah Mansion and preserve its value (*i.e.*, the Mahwah Expenses) are substantial.

2. On July 11, 2024, the Trustee commenced the Adversary Proceeding by filing his Complaint against Taurus Fund and other Defendants, seeking (a) a declaratory judgment that: (i) the Debtor is the equitable owner of the Mahwah Mansion; (ii) the Debtor is the equitable owner of Taurus Fund; and (iii) Taurus Fund is the alter ego of the Debtor; and (b) on these respective bases, an order under 11 U.S.C. §§ 541, 542, and 544 requiring turnover to the Estate and delivery to the Trustee of: (i) the Mahwah Mansion and all fixtures and personal property inside the Mahwah Mansion; (ii) any membership interest or other ownership interest in Taurus Fund; and (iii) all Taurus Fund's assets.

3. Thereafter, the Trustee obtained injunctive relief against the Defendants pursuant to the TRO and the PI Order. The PI Order restricted access to the Mahwah mansion and also required that the Defendants "employ [Security Services] for the Mahwah Mansion." The PI Order was further modified by the PI Mod. Order after the Defendants failed to provide evidence that the Mahwah Mansion was insured. The PI Order (as modified) remains in full force and effect.

4. Pursuant to the Settlement Agreement between the Trustee and the Government, notwithstanding the Government's forfeiture claims with respect to the Mahwah Mansion, any "expenses to ensure safekeeping and custody of the [Mahwah Mansion] (including security service

at or around the premises)" incurred by the Estate shall be paid from the proceeds of the eventual sale of the Mahwah Mansion. (Settlement Agreement at ¶¶ 2, 3.)

5.  After the Debtor was convicted of nine felony counts following his Criminal Trial, the Defendants ceased funding the Security Services as required by the PI Order and ceased otherwise funding the Mahwah Expenses (including real estate taxes and utility bills).

## FUNDING MOTION AND EXPENSES CAP

6.  On August 5, 2024, the Trustee filed his Initial Funding Motion, requesting authority to fund the Mahwah Expenses. On August 7, 2024, the Trustee filed his Amended Funding Motion, which amended and supplemented the Initial Funding Motion and requested authority for the Trustee to fund the Mahwah Expenses.

7.  On August 15, 2024, the Court entered the Funding Order, granting the Amended Funding Motion, and authorizing funding of the Mahwah Expenses up to the Expenses Cap in the amount of $300,000.

8.  The Funding Order provides that the Expenses Cap "shall be subject to increase upon a motion filed by the Trustee with notice to" the Defendants, the Debtor, the Committee, the United States Trustee, and all parties appearing in the Chapter 11 Case eligible to receive electronic notice, which motion shall be heard upon seven days' notice subject to the schedule of the Court.

9.  Since the Court entered the Funding Order, the Trustee has filed his *Motion for Summary Judgment* [Adv. ECF No. 124] (the "MSJ") in the Adversary Proceeding, for which the Court has set a response deadline of October 16, 2024, and the *Motion of Chapter 11 Trustee For Entry of Order Authorizing Trustee to Sell Mahwah Mansion and Its Contents, Subject to Entry of Further Orders, Including as to Retention of Broker, Terms of Such Sales, and Parties' Entitlement*

3

*to Sale Proceeds* [Adv. ECF No. 134] (the "Sale Authority Motion"), requesting authority to sell the Mahwah Mansion, which is scheduled for a hearing on October 22, 2024.

**MAHWAH EXPENSES FUNDED TO DATE AND EXPECTED FURTHER EXPENSES**

10. As of October 8, 2024, the Trustee has paid, or arranged to pay, at least $235,377.51 with respect to Mahwah Expenses, as follows:

    a. Security Services: $144,819.47;

    b. Electricity: $17,432.35;

    c. Natural Gas: $644.90;

    d. Internet (used for security camera remote access): $850.26;

    e. Water and Sewer: $215.54; and

    f. Real property taxes: $72,909.89.

11. The Trustee expects to incur the following additional Mahwah Expenses in the next thirty (30) days:

    a. Real property taxes due by November 1, 2024, in the amount of $69,018.75;

    b. Further Security Services in the amount of $56,744.48;

    c. Electric, gas, and internet utilities in the amount of approximately $6,500; and

    d. Additional amounts closing the pool and spa at the Mahwah Mansion, investigating and remediating certain issues identified by the Trustee with respect to the condition of the Mahwah Mansion, and landscaping expenses.

12. Payment of these additional Mahwah Expenses will exceed the Expenses Cap. The Trustee estimates that until the Mahwah Mansion is sold, the Mahwah Expenses will exceed $280,000 per quarter. Hence this Motion.

**REQUESTED RELIEF**

13.     The Trustee respectfully requests that the Court enter an order increasing the Expenses Cap by $700,000.00 to an adjusted cap of $1 million (the "Adjusted Expenses Cap") subject to the other terms and provisions of the Funding Order.

14.     A chapter 11 trustee has a "statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)).  The Trustee believes that the Mahwah Mansion is property of the Estate and is expeditiously pursuing a judgment in the Adversary Proceeding through the MSJ, as well as seeking interim authority to sell the Mahwah Mansion pursuant to the Sale Authority Motion.

15.     Even once the Trustee obtains authority to sell the Mahwah Mansion, the Trustee must then market the property, negotiate proposed terms of sale with a buyer, obtain Court approval of the sale, and conduct a closing—all of which will take time.  The Trustee has determined, in his business judgment, that it is necessary for the Estate to continue to fund the Mahwah Expenses in order to preserve the value of the Mahwah Mansion until the Trustee completes a sale.  The Estate's interests are protected, both by the Settlement Agreement with the Government ensuring the Estate will be made whole for the Mahwah Expenses upon a sale of the Property notwithstanding forfeiture proceedings, and by the Funding Order, which provides that in the (Trustee's view unlikely) event that the Trustee does not prevail in the Adversary Proceeding, the Trustee shall then have the Secured Claim against Taurus Fund in the amount of the Mahwah Expenses advanced by the Estate secured by the value of the Mahwah Mansion.

16.     Accordingly, the Court should increase the Expenses Cap to the amount of the Adjusted Cap consistent with the Trustee's request.

## NO PRIOR REQUEST

17. The Trustee has not previously sought the relief requested herein from this or any other court.

## NOTICE AND REQUEST FOR EXPEDITED RELIEF

18. Consistent with the Funding Order, the Trustee will provide notice of this Motion to (a) the Defendants in the Adversary Proceeding, (b) the Debtor, (c) the Committee, (d) the United States Trustee, and (e) all parties appearing in the Chapter 11 Case eligible to receive electronic notice (the "Notice Parties"). (Funding Order at ¶ 3.)

19. Further consistent with the Funding Order, the Trustee requests that this Motion be heard upon seven days' notice subject to the Court's schedule. (*Id.*)

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: October 8, 2024  
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
Patrick R. Linsey (ct29437)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
(203) 781-2847  
plinsey@npmlaw.com

*and*

Nicholas A. Bassett (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
2050 M Street NW  
Washington, D.C., 20036  
(202) 551-1902  
nicholasbassett@paulhastings.com

*and*

Douglass Barron (admitted *pro hac vice*)  
PAUL HASTINGS LLP  
200 Park Avenue  
New York, New York 10166  
(212) 318-6690  
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :   Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :   Case No. 22-50073 (JAM)
                                                         :
            Debtors.                                     :   (Jointly Administered)
                                                         :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties receiving notice automatically by CM/ECF include all of the Notice Parties: (a) the Defendants in the Adversary Proceeding, (b) the Debtor, (c) the Committee, (d) the United States Trustee, and (e) all parties appearing in the Chapter 11 Case eligible to receive electronic notice. Parties may access this filing through the Court's CM/ECF system.

Dated:   October 8, 2024            By: */s/ Patrick R. Linsey*
         New Haven, Connecticut         Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# **EXHIBIT 1**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                            :    Chapter 11
                                                  :
HO WAN KWOK, *et al.*,[1]                         :    Case No. 22-50073 (JAM)
                                                  :
         Debtors.                                 :    (Jointly Administered)
                                                  :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE TO
INCREASE CAP ON FUNDING OF EXPENSES OF MAHWAH MANSION**

Upon the motion (the "Motion"),[2] filed by Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting that the Court increase the Expenses Cap under the *Order Granting Amended Emergency Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Fund Maintenance of Mahwah Mansion and for Related Relief* [ECF No. 3422] (the "Funding Order"), and the Trustee having given notice to the Notice Parties consistent with the Funding Order, and it appearing that the requested adjustment of the Expenses Cap is in the the best interests of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

    1.        The Motion is GRANTED as set forth herein.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not expressly defined herein adopt the definitions set forth in the Motion.

2. The Expenses Cap is increased by $700,000 to an adjusted cap of $1 million (the "<u>Adjusted Expenses Cap</u>").

3. The Adjusted Expenses Cap shall be subject to increase by further order of the Court pursuant to the terms and procedures in the Funding Order.

4. Except as expressly modified by this Order, the Funding Order shall remain in full force and effect.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.