UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :    Case No. 22-50073 (JAM)
                                                         :
         Debtors.                                        :    (Jointly Administered)
                                                         :
---------------------------------------------------------x    Re: ECF No. 3592

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363, BANKRUPTCY RULES 2002, 6004(c), AND 6004(f), AND LOCAL RULES 6004-1 AND 6004-2, (I) AUTHORIZING AND APPROVING SALE OF THE GREENWICH PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING AND APPROVING PURCHASE AND SALE AGREEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion [ECF No. 3592] (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), pursuant to pursuant to sections 105, 363(b), and 363(f) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004(c) 6004(f), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 6004-2 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), seeking entry of an order (i) authorizing and approving the Trustee's sale of the Greenwich Property free and clear of all liens, claims, interests and encumbrances pursuant to

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall having the meanings set forth in the Motion or the PSA, as applicable; provided, however, no capitalized terms used herein shall in any way be modified, amended, or supplemented in the PSA after this Order becomes final.

that certain purchase and sale agreement, dated September 26, 2024, by and among the buyer as set forth in the PSA (the "Original Buyer") and the Trustee (the "Original PSA"), (ii) authorizing and approving the PSA, and (iii) granting related relief, all as further detailed in the Motion; and a hearing on the Motion having been held on October 15, 2024 (the "Hearing"); and the Trustee having notified the Court that he received a competing bid by a new buyer, which the Trustee believes represents a higher and better offer to purchase the Greenwich Property, as set forth in the Residential Real Estate Sales Agreement dated October 11, 2024 (the "New PSA") between the Trustee and the alternative buyer (as described in the New PSA, the "New Buyer"); and the Trustee thus having requested that the Court approve the Motion and authorize a sale (the "Sale") to the New Buyer upon the terms set forth herein and in the New PSA; and this Court having reviewed and considered the Motion, and all objections thereto, and the arguments made by counsel and any evidence adduced at the Hearing; and it appearing the terms of the New PSA are in the best interests of the Debtor, the estate, creditors and other parties in interest; and after due deliberation thereon, and good cause appearing therefor:

**THE COURT HEREBY FINDS THAT**:[3]

**Jurisdiction and Final Order**

A.  This Court has jurisdiction to hear and determine the approval of the Sale and the New PSA under 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason to delay the implementation of this Order, and expressly directs entry of judgment as set forth herein.  The New Buyer, being a good faith purchaser under section 363(m) of the Bankruptcy Code, may close the Sale contemplated by the New PSA at any time after the entry of this Order and shall not be subject to the stay provided by Bankruptcy Rules 6004(h).

### Notice of Sale

C.     Actual written notice of the Motion, the Hearing, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein, has been afforded to all known interested persons or entities.

D.     As evidenced by the certificates of service previously filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Hearing, the entry of this Order, the Sale, and the relevant objection deadlines have been provided to all Notice Parties; (ii) such notice was, and is, good, sufficient and appropriate under the circumstances of this chapter 11 case, provided a fair and reasonable opportunity for parties-in-interest to object, and to be heard, with respect thereto, and was provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Rules, and the orders of this Court; and (iii) no other or further notice of such matters is necessary or shall be required.

### Business Judgment

E.     The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and such action

is an appropriate exercise of the Trustee's business judgment and in the best interests of the Debtor, his estate, and their creditors. Such business reasons include, but are not limited to, the facts that: (i) the Purchase Price and the other terms set forth in the New PSA constitute the highest or otherwise highest and best offer received for the Greenwich Property; (ii) the Sale on the terms set forth in the New PSA presents the best opportunity to maximize the value of the Greenwich Property; and (iii) unless the Sale is concluded expeditiously as provided for in this Order and pursuant to the New PSA, potential creditor recoveries may be diminished.

### Marketing Process

F.      As demonstrated by the Motion, the Trustee's Notice of the New Buyer and the New PSA, the any testimony and any other evidence proffered or adduced at the Hearing, and the representations of the Trustee and his counsel made on the record at the Hearing: (i) the Trustee and his broker, Compass, Inc. ("Compass"), engaged in an extensive marketing process; (ii) the sale process was non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any individual or entity to make an offer to purchase the Greenwich Property; and (iii) the process conducted by the Trustee obtained the highest and best value for the Greenwich Property for the Trustee and the Debtor's estate.

### Fair Consideration; Highest or Best Value

G.      The consideration to be provided by the New Buyer under the New PSA is fair and reasonable consideration for the Greenwich Property and constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession or the District of Columbia. Such consideration

4

constitutes the highest and best bid for the Greenwich Property. No other person or entity or group of persons or entities has offered to purchase the Greenwich Property for an amount that would give equal or greater value to the Debtor's estate than the value provided by the New Buyer pursuant to the New PSA.

### **Good Faith**

H.      The New PSA and the Sale were negotiated, proposed, and entered into, and are being undertaken by the Trustee and the New Buyer in good faith, without collusion, and from arm's-length bargaining positions. Likewise, the value that the Debtor's estate will receive on consummation of the Sale is the product of arm's-length negotiations between the Trustee, the New Buyer, and their respective representatives and advisors.

I.      The New Buyer is purchasing the Greenwich Property in good faith, and is a good faith purchaser, within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full rights, benefits, privileges, and protections of that provision and any other applicable or similar bankruptcy and non-bankruptcy law.

J.      Neither the New Buyer nor the Trustee have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to the New PSA or to the consummation of the Sale.

K.      The New Buyer proceeded in good faith in all respects in connection with the Sale and this proceeding in that, among other things: (a) the New Buyer's offer was the result of an open marketing process; (b) all payments to be made by the New Buyer, and other agreements or arrangements entered into by the New Buyer in connection with the Sale set forth in the New PSA, have been disclosed; and (c) the New Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction.

L.     The New Buyer is not an insider or an affiliate (as that term is defined in sections 101(2) and 101(31) of the Bankruptcy Code) of the Debtor.

**Section 363(f) of the Bankruptcy Code Is Satisfied**

M.     The Trustee is authorized to sell the Greenwich Property free and clear of liens, claims, interests, and encumbrances against the Debtor or his estate, because one of more of the standards set forth in section 464(f)(1)-(5) of the Bankruptcy Code has been satisfied.

N.     Those holders of liens, claims, interests, or encumbrances who did not object (or who ultimately withdrew their objections, if any) to the Sale or the Motion have either consented to or are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code.  In addition, one or more of the other subsections of section 363(f) of the Bankruptcy Code apply and, therefore, holders of liens, claims, interests, or encumbrances in the Greenwich Property are adequately protected by having their liens, claims, interests, or encumbrances in the Greenwich Property attach solely to the proceeds of the Sale in the same order of priority and with the same extent, validity, force, and effect that such holders had prior to the Sale.

O.     The New Buyer would not have entered into the Sale and will not consummate the transactions contemplated thereby, thus adversely affecting the Debtor's estate and his creditors, (i) if the sale of the Greenwich Property was not free and clear of all liens, claims, interests, and encumbrances except as set forth in the New PSA or (ii) if the New Buyer would, or in the future could, be liable for any such liens, claims, interests, and encumbrances.  The total consideration to be provided under the New PSA reflects the New Buyer's reliance on this Order to provide him with title to and possession of the Greenwich Property free and clear of all liens, claims, interests, and encumbrances pursuant to sections 105(a) and 363(f) of the Bankruptcy Code.

**Validity of Transfer of Title**

P. By Quit Claim Deed dated and recorded on August 20, 2024 at Volume 8354, Page 223 of the Greenwich Land Records and Volume 13378, Page 327 of the Stamford Land Records, Greenwich Land, LLC, acting by the Trustee, transferred all its right, title and interest in and to the Greenwich Property to the Trustee (the "Quit Claim Transfer"), which Quit Claim Transfer was a legal, valid and effective transfer of title, duly authorized by prior orders of this Court. The transfer of title in and to the Greenwich Property by the Trustee to the New Buyer will be a legal, valid, and effective transfer of title, and will vest the New Buyer with any legal, equitable and beneficial right, title, and interest in and to the Greenwich Property free and clear of all liens, claims, interests, and encumbrances, except as set forth in the New PSA. The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale. Subsequent to the Closing, the Debtor's estate will be relieved of all liability or other obligation of any kind with respect to claims arising from or related to the New Buyer's post-Closing ownership of the Greenwich Property.

### Waiver of Bankruptcy Rules 6004(h)

Q. The sale of the Greenwich Property must be approved and consummated promptly. The Trustee and the New Buyer intend to expeditiously close the Sale upon entry of this order. The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Sale as contemplated by the New PSA. Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rule 6004(h) with regard to the transactions contemplated by this Order.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:**

1. The Motion is GRANTED and approved in all respects, and any objections thereto that have not been otherwise withdrawn, waived, or settled are overruled.

2. The New PSA is hereby approved as set forth herein.

3. Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, the Sale of the Greenwich Property to the New Buyer pursuant to the New PSA free and clear of all liens, claims, encumbrances, and other interests is approved in all respects.

4. Pursuant to sections 105(a), 363(b), 363(f) and 365 of the Bankruptcy Code, the Trustee is authorized to transfer the Greenwich Property in accordance with the terms of the New PSA and this Order. The transfer of title in and to the Greenwich Property by the Trustee to the New Buyer in accordance with the New PSA shall: (a) be valid, legal, binding, and effective; (b) vest the New Buyer with all right, title and interest in and to the Greenwich Property; and (c) be free and clear of all liens, claims, interests, and encumbrances against the Greenwich Property, in accordance with section 363(f) of the Bankruptcy Code.

5. Pursuant to section 363 of the Bankruptcy Code, this Order shall and does, as of the Closing, divest the Debtor and his estate of all right, title, and interest in and to the Greenwich Property.

6. The consideration provided by the New Buyer for the Greenwich Property under the New PSA is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided or rejected, or costs or damages imposed or awarded against the New Buyer, under section 363(n) or any other provision of the Bankruptcy Code.

7. The Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale concerning the transfer of the Greenwich Property to the New Buyer at a closing in accordance with the Motion, the New PSA and this Order, including, without limitation, payment of usual and customary closing costs (b) perform, consummate, implement, and close the transaction pursuant to the New PSA together with all additional instruments and documents that may be reasonably necessary or desirable to implement this Order, and the New PSA, and (c) perform the obligations contemplated by this Order, and the New PSA, including all actions reasonably requested by the New Buyer in regard thereto.

8. Except as set forth on Schedule A to the New PSA (the "Permitted Encumbrances"), all liens, claims, interests, and/or encumbrances in, on, or against the Greenwich Property shall automatically attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the Greenwich Property, subject to any claims and defenses the Trustee or the Debtor's estate may possess with respect thereto. This Order shall be effective as a determination that, except for the Permitted Encumbrances, on and as of the Closing, all liens, claims, interests, and/or encumbrances of any kind or nature whatsoever in, on, or against the Greenwich Property have been unconditionally released, discharged, and terminated. The provisions of this Order authorizing and approving the transfer of the Greenwich Property free and clear of liens, claims, encumbrances, and other interests shall be self-executing, and neither the Trustee nor the New Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order and the New PSA.

9. Subject to the terms, conditions, and provisions of this Order, all persons and entities are hereby forever prohibited and barred from taking any action that would adversely affect

or interfere, or that would be inconsistent (a) with the ability of the Trustee to sell and transfer the Greenwich Property to the New Buyer, (b) with the ability of the New Buyer to acquire, take possession of, use and operate the Greenwich Property in accordance with the terms of the New PSA and this Order, and (c) with the ability of the Trustee and the New Buyer to perform their respective obligations thereunder; <u>provided</u>, <u>however</u>, that the foregoing restriction shall not impair the right of any party in interest with the requisite standing to appeal this Order in accordance with applicable law or opposing any appeal of this Order.

10. The Purchaser is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code. The Sale contemplated by the New PSA and this Order are undertaken by the New Buyer in good faith, as that term is used in section 363(b) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization is duly stayed pending such appeal prior to the Closing. For the avoidance of doubt, the pendency of an appeal of this Order, absent a stay of this Order pending appeal, shall not constitute a basis not to consummate the Sale.

11. The failure specifically to include any particular provisions of the New PSA in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the New PSA and each and every provision, term, and condition thereof be, and therefore is, authorized and approved in its entirety; <u>provided</u>, <u>however</u> that the New PSA may be modified, amended, or supplemented by the parties thereto, in a writing signed by all parties, without further notice to or order of this Court, provided that any such modification, amendment, or supplementation does not have a material adverse effect on the Debtor's estate, unless approved by order of this Court.

12.     The provisions of this Order, the New PSA, and any actions taken pursuant hereto or thereto, shall survive entry of any order which may be entered confirming or consummating any chapter 11 plan, or which may be entered converting this chapter 11 case from chapter 11 to chapter 7 of the Bankruptcy Code or dismissing this chapter 11 case, and the terms and provisions of the New PSA, as well as the rights and interests granted pursuant to this Order, the New PSA, shall continue in this chapter 11 case or any superseding cases and shall be specifically performable and enforceable against and binding upon the Trustee, the Debtor, his estate, all creditors, all holders of claim(s) (whether known or unknown) against the Debtor, all holders of liens, claims, interests, and/or encumbrances (whether known or unknown) against, in, or on all or any portion of the Greenwich Property, the New Buyer and its respective successors and permitted assigns, and any other trustee or other fiduciary hereafter appointed or elected as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code, including without limitation plan fiduciaries, plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in this chapter 11 case.

13.     This Order is and shall be binding upon and govern the acts of all persons and entities (including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, and secretaries of state, federal and local officials) who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Greenwich Property.  Each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge, and terminate any of the liens, claims, interests, and

encumbrances against the Greenwich Property or to otherwise consummate the Sale contemplated by this Order, and the New PSA.

14. The terms and provisions of the New PSA and this Order shall be binding in all respects upon, or shall inure to the benefit of, the Trustee, the Debtor's estate and its creditors, the New Buyer and its affiliates, successors, and assigns, and any affected third parties, including all persons asserting liens, claims, interests, or encumbrances in, on, or against the Greenwich Property, notwithstanding any subsequent appointment of any other trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Debtor, his estates, his creditors or any such trustee, examiner, or receiver.

15. Upon the Closing, the Trustee is authorized to pay from the proceeds of the Sale, the broker's commission (as defined in the Retention Order) equal to 4.5% of the Purchase Price, *i.e.*, $326,250 to be equally divided between Compass and Brown Harris Stevens.

16. The Sale of the Greenwich Property as authorized by this Order shall include, in addition to the real property, to the extent that the following are not leased and are located at the Greenwich Property, any: heating, cooling, electrical and plumbing systems and fixtures; electric light fixtures; installed wall-to-wall carpeting; security system; stove; storm windows and doors; screens and screen doors; window shades; venetian blinds; curtain rods; awnings; affixed satellite dish(es); weathervanes; mail box(es); swimming pool equipment; garage door openers with remotes; existing plants and shrubbery; outdoor furniture; gym equipment; home theater furniture and equipment; televisions and other audio/visual equipment; window treatments; drapes; and appliances as per the sale listing.

17. For the avoidance of doubt, no estate causes of action are being sold as part of the Sale.

18. Notwithstanding the provisions of Bankruptcy Rules 6004(h) or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in Bankruptcy Rules 6004(h) is hereby expressly waived and shall not apply. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the Closing or risk its appeal will be foreclosed as moot.

19. Nothing in this Order shall modify or waive any closing conditions or termination rights in the New PSA, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

20. As of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the Sale, including, without limitation, the transfer of the Greenwich Property to the New Buyer and the occurrence of the Closing.

21. Upon Closing, and in accordance with the provisions of Bankruptcy Rule 6004(f), the Trustee shall file with the Court, a Report of Sale, together with a copy of the HUD closing statement, within five (5) business days of the Closing.

22. To the extent that there is a conflict between the provisions of this Order and the New PSA, this Order shall prevail.

23. For the avoidance of doubt, (a) the Court is not approving the Original PSA; (b) the Trustee shall return the Original Buyer's deposit within two business days of the entry of this Order; and (c) because the "Closing," as that term is defined in the Original PSA with the Original

Buyer, has not occurred and will not occur, none of the sums described in paragraph 12 of the Original PSA shall be due and payable.

24. This Court shall retain jurisdiction to, among other things, (a) interpret, enforce, and implement the terms and provisions of this Order and the New PSA (including all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith) and (b) adjudicate disputes related to this Order and the New PSA (including all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith).

Dated at Bridgeport, Connecticut this 15th day of October, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut