**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                      :

In re:                        :    Chapter 11
                                    :

HO WAN KWOK, *et al.,*        :    Case No. 22-50073 (JAM)
                                    :

        Debtors.[1]           :    Jointly Administered
                                    :

-------------------------------------------------------x

**COVERSHEET FOR THIRD INTERIM FEE APPLICATION OF**
**O'SULLIVAN MCCORMACK JENSEN & BLISS PC**

| | |
|---|---|
| Interim Application of: | O'Sullivan McCormack Jensen & Bliss PC |
| Time Period: | May 1, 2024 through August 31, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | August 22, 2023 [Docket No. 2241] (effective as of July 27, 2023). |

**Amount Requested**

| | | **Reductions** | |
|---|---|---|---|
| Fees: | $6,824.90 | Voluntary Fee Reductions: | none |
| Expenses: | $980.81 | Voluntary Expenses Reductions: | none |
| **Total:** | **$7,805.71** | | |

**Fees Previously Requested:**

| | | **Retainer Request:** |
|---|---|---|
| Requested Fees: | $221,095.00 | None |
| Awarded Fees: | $221,095.00 | |
| Paid Fees: | $221,095.00[2] | |

**Expenses Previously Requested:**

| | | **Expense Detail:** | |
|---|---|---|---|
| Requested Expenses: | $6,889.88 | Retainer Received: | Not applicable |
| Awarded Expenses: | $6,889.88 | Copies per page cost & total: | Not applicable |
| Paid Expenses: | $6,889.88 | | |

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    As detailed below, with respect to the Application Period, an additional $5,458.00 in fees and $980.81 in expenses were paid in accordance with the Interim Compensation Order (as defined below) and OMJB's monthly fee statements.

## MONTHLY FEE REQUESTS FOR APPLICATION PERIOD

| Monthly Period Covered | Total Fees (100%) | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 5/1/24 - 5/31/24 | $2,452.50 | $1,962.00 | $317.08 | $1,962.00 | $317.08 | $490.50 |
| 6/1/24 - 6/30/24 | $2,154.90 | $1,723.92[3] | $2.40 | $1,722.00 | $2.40 | $432.90 |
| 7/1/24 - 7/31/24 | $1,215.00 | $972.00 | $452.33 | $972.00 | $452.33 | $243.00 |
| 8/1/24 - 8/31/24 | $1,002.50 | $802.00 | $209.00 | $802.00 | $209.00 | $200.50 |
| **TOTAL** | **$6,824.90** | **$5,459.92** | **$980.81** | **$5,458.00** | **$980.81** | **$1,366.90** |

---

[3]    Due to a scrivener's error, the June 2024 fee statement requested a payment of only $1,722.00, instead of 80% of $2,154.90 or $1,723.92.  This resulted in an underpayment of $1.92.  For purposes of this Application, that shortfall of $1.92 has been added to the holdback, which shall be paid upon approval of this Application.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.,*                                 :    Case No. 22-50073 (JAM)
                                                       :
              Debtors.[1]                              :    Jointly Administered
                                                       :
-------------------------------------------------------x

**THIRD INTERIM FEE APPLICATION OF O'SULLIVAN MCCORMACK JENSEN &
BLISS PC, AS SPECIAL INSURANCE COVERAGE COUNSEL, FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM
MAY 1, 2024 THROUGH AUGUST 31, 2024**

Pursuant to sections 105(a), 328, 330, and 331 of title 11 of the United States Code (such

title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local

Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement*

*of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim

Compensation Order"), O'Sullivan McCormack Jensen & Bliss PC ("OMJB"), as special

insurance coverage counsel for Genever Holdings LLC ("Genever (US)"), hereby files this *Third*

*Interim Application of O'Sullivan McCormack Jensen & Bliss PC, as Special Insurance*

*Coverage Counsel, for Compensation and Reimbursement of Expenses for the Period from May*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
       mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
       LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
       (solely for purposes of notices and communications).

*1, 2024 through August 31, 2024* (the "<u>Application</u>").  By this Application, OMJB requests interim allowance of professional fees incurred during the period from May 1, 2024 through and including August 31, 2024 (the "<u>Application Period</u>") Genever (US)'s chapter 11 case.  In support of this Application, OMJB respectfully states as follows:

<u>**JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE**</u>

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The legal predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.     OMJB believes that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "<u>U.S. Trustee Guidelines</u>").[2]  OMJB respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.     Attached and incorporated herein by reference are the following Exhibits:

- **<u>Exhibit A</u>** contains the Proposed Order granting this Application.

- **<u>Exhibit B</u>** is a timekeeper summary that includes the name, title, bar admission, hourly billing rate, aggregate hours, and amount of fees earned for each OMJB individual who provided services during the Application Period;

---

[2]     OMJB reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

- **Exhibit C** is a summary of expenses incurred and reimbursement sought, by expense type, during the Application Period; and

- **Exhibit D** contains the detail of the fees and expenses incurred during the Application Period.

## BACKGROUND

### I.    **Chapter 11 Cases**

5.      On October 12, 2020, Genever (US) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court"), thereby commencing case number 20-12411 (JLG). See Chapter 11 Petition [Docket No. 1 in Case No. 22-50592 (JAM)].

6.      No trustee or examiner has been appointed in Genever (US)'s case.

7.      On February 15, 2022 (the "Petition Date"), Ho Wan Kwok (the "Individual Debtor") filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

8.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.  No examiner has been appointed in the Individual Debtor's chapter 11 case.

9.      On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

10.     Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as trustee (the "Trustee") in the Individual Debtor's chapter 11 case

11.    On November 3, 2022, the SDNY Bankruptcy Court entered an order transferring the venue of Genever (US)'s chapter 11 case to this Court. *See Memorandum Decision and Order Granting the Joint Motion of (A) Genever Holdings LLC and (B) Luc A. Despins as Chapter 11 Trustee for Estate of Ho Wan Kwok to Transfer, Pursuant to 28 U.S.C. §§ 1408, and 1412 and Bankruptcy Rule 1014(a), Venue of Chapter 11 Case of Genever Holdings LLC to Bankruptcy Court for District of Connecticut* [Docket No. 225 in Case No. 22-50592 (JAM)].

12.    The chapter 11 cases of the Individual Debtor, Genever (US), and Genever Holdings Corporation ("Genever (BVI)") are being jointly administered before this Court for procedural purposes only.  *See* Docket No. 1141 in Case No. 22-50073 (JAM).

13.    By order entered August 22, 2023, the Court authorized OMJB's retention as special insurance coverage counsel to Genever (US) [Docket No. 2105] (the "Retention Order") effective as of July 27, 2023 in Genever (US)'s chapter 11 case.  The Retention Order authorizes OMJB to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 328 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.

**II.    Prior Interim Fee Applications**

14.    On February 16, 2024, OMJB filed its *First Interim Fee Application of O'Sullivan McCormack Jensen & Bliss PC, as Special Insurance Coverage Counsel for Compensation and Reimbursement of Expenses for Period From July 27, 2023 Through December 31, 2023* [Docket No. 2928] (the "First Interim Fee Application"), requesting interim allowance of professional fees incurred during the period from July 27, 2023 through and including December 31, 2023 in these chapter 11 cases.  On March 20, 2024, the Court granted the First Interim Fee Application.

4

15.     On June 24, 2024, OMJB filed its *Second Interim Fee Application of O'Sullivan McCormack Jensen & Bliss PC, as Special Insurance Coverage Counsel for Compensation and Reimbursement of Expenses for Period From January 1, 2024 Through April 30, 2024* [Docket No. 3279] (the "Second Interim Fee Application"), requesting interim allowance of professional fees incurred during the period from January 1, 2024 through and including April 30, 2024 in these chapter 11 cases.  On July 23, 2024, the Court granted the Second Interim Fee Application.

### III.    Monthly Fee Statements

16.     On August 18, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 2094 (the *"*Interim Compensation Procedures Order"), which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

17.     In accordance with the Interim Compensation Procedures Order, on June 20, 2024, OMJB filed and served its monthly fee statement [Docket No. 3262] (the "May Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from May 1, 2024 through May 31, 2024, in the amounts of $1,962.00 (80% of $2,452.50) and $317.08, respectively.  No objections were filed in response to the May Fee Statement.  Accordingly, on July 19, 2024, the estate paid OMJB $2,279.08 for fees and expenses with respect to the June Fee Statement.

18.     On July 2, 2024, OMJB filed and served its monthly fee statement [Docket No. 3345] (the "June Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from June 1, 2024 through June 30, 2024, in the amounts of $1,722.00 (80% of $2,154.90[3]) and $2.40,

---

[3]     Due to a scrivener's error, the fees requested on the June Fee Statement were $1,722.00, even though 80% of the total fees are actually $1,723.98.  This resulted in an underpayment of $1.92.

respectively.  No objections were filed in response to the June Fee Statement.  Accordingly, on

October 4, 2024, the estate paid OMJB $1,724.40 for fees and expenses with respect to the June

Fee Statement.

19.    On August 20, 2024, OMJB filed and served its monthly fee statement [Docket

No. 3445] (the "July Fee Statement") requesting payment of 80% of all fees and 100% of all

expenses actually and necessarily incurred for services rendered during the period from July 1,

2024 through July 31, 2024, in the amounts of $972.00 (80% of $1,215.00) and $452.33,

respectively.  No objections were filed in response to the July Fee Statement.  On October 4,

2024, the estate paid OMJB $1,424.33 for fees and expenses with respect to the July Fee

Statement.

20.    On September 20, 2024, OMJB filed and served its monthly fee statement

[Docket No. 3568] (the "August Fee Statement") requesting payment of 80% of all fees and

100% of all expenses actually and necessarily incurred for services rendered during the period

from August 1, 2024 through August 31, 2024, in the amounts of $802.00 (80% of $1,002.50)

and $209.00, respectively.  No objections were filed in response to the August Fee Statement.

Accordingly, on October 15, 2024, the estate paid OMJB $1,011.00 for fees and expenses with

respect to the August Fee Statement.

## **ALLOWANCE REQUEST**

21.    The Applicant is applying for compensation pursuant to Sections 330 and 331 of

the Bankruptcy Code for legal services performed for Genever (US) during the Application

Period.

22.    For the Application Period, the Applicant seeks allowance of $6,824.90 as

compensation for services rendered and allowance and reimbursement of $980.81 in expenses

incurred in connection with such services.  The Applicant devoted 22.7 hours to this case during the Application Period, equating to an overall blended rate of $300.7.

23.      As noted, OMJB has already received payment of $5,458.00 of the fees incurred during the Application Period and $980.81 of the expenses incurred during the Application Period, such that OMJB is only seeking payment the remaining 20% of its fees incurred during the Application Period, namely $1,366.90.[4]

24.      Throughout the Application Period, the Applicant maintained records to indicate the name of each professional working on this matter, the time spent on a particular issue, and the nature of the work performed.  These records, which describe in detail the services rendered by the Applicant, were created at the approximate time the services were performed.

25.      Annexed hereto and made a part hereof as **Exhibit D** is a detailed billing report, upon which this application is based that contains each individual professional's time for Genever (US)'s bankruptcy proceedings, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates by each person rendering the service, the time spent in rendering such service, and the dollar value of such services.  The time detail attached hereto as **Exhibit D** include certain redactions to protect against the disclosure of privileged or confidential information.

### Summary of Services Rendered

26.      OMJB is special insurance coverage counsel for Genever (US) in its pending litigation against American International Group, Inc. ("AIG") under Adv. Proc. No. 23-5007 (the "AIG Action").  Generally, OMJB represents Genever (US) with respect to insurance coverage

---

[4]      This amount also includes the $1.92 shortfall in the fees payable pursuant to the June Fee Statement.

advice and litigation services to recover insurance benefits claimed to be due to Genever (US) for losses it sustained as well as to any matters related to the AIG Action.

27.    As the Court will recall, during the prior fee periods, OMJB prepared for and argued the Trustee's motion for partial summary judgment in the AIG Action on January 30, 2024, through which Genever (US) seeks an order from the Court: (i) declaring that AIG must provide property insurance coverage to Genever (US) under homeowner insurance policy no. PCG 0061821440 for its losses arising from a fire that occurred on March 15, 2023 and (ii) awarding Genever (US) property coverage under its homeowner insurance policy no. PCG 0061821440 issued for the period March 6, 2023 to March 6, 2024 for its fire property losses. That motion has been fully briefed, with a hearing having been held, and is pending before the Court.

28.    During the Application Period, OMJB continued to work closely with Genever (US) regarding its prosecution of the AIG Action, reviewing documents and pursuing discovery from AIG and nonparties, including submitting FOIA requests to the New York Fire Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives.  In addition, OMJB prepared for and attended the status conference with respect to the AIG Action on July 30, 2024, as well as worked with counsel for AIG regarding a scheduling order, including as it relates to expert discovery.

29.    The work undertaken by OMJB to date has been significant and remains ongoing, with additional work expected in due course.

## Legal Authority for Compensation

30.    All of the professional services for which this award is being sought hereby were rendered solely on behalf of Genever (US) in connection with the chapter 11 cases herein.

8

31.     Applicant respectfully submits that its services have benefited Genever (US) with the expertise and skill required in insurance litigation.  The services for which such compensation is requested were performed for and on behalf of Genever (US).  Such services have been necessary to protect and enforce the rights and interests of Genever (US) in connection with these chapter 11 cases.  The reasonable value of services rendered by OMJB in these cases is based upon OMJB' usual hourly rates for matters of this nature.

32.     Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicant submits that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

33.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[5]

34.     In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable

---

[5]    Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3). The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

35.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[6] while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[7] *See In re Nine Assocs.,*

---

[6]    The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[7]    The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403

*Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

36.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by OMJB is fair and reasonable.

## **Statutory Compliance**

38.      No agreement or understanding exists between OMJB and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  OMJB will not, in any form or guise, share or agree to share compensation for services with any person, nor will OMJB share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

## **RESERVATION OF RIGHTS**

39.      To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or OMJB has for any reason not sought compensation or reimbursement with respect to such services, OMJB reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, OMJB does not waive, and expressly

---

(11th Cir. 1997).

reserves, its right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

## **NO PRIOR REQUEST**

40.    No previous request for the relief sought herein has been made to this Court or any other court.

[*THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.*]

**WHEREFORE**, OMJB respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $6,824.90 and reimbursement of $980.81 in expenses, (ii) authorizing and directing prompt payment of fees and expenses from the estate, to the extent not already paid, (iii) allowing such compensation and payment for professional services rendered without prejudice to OMJB's right to seek further compensation and/or payment from the estates for the full value of services performed and expenses incurred, and (iv) granting OMJB such other and further relief as is just.

Dated: October 15, 2024
        Glastonbury, Connecticut

By: */s/ Michael T. McCormack*
        Michael T. McCormack (ct13799)
        O'Sullivan McCormack Jensen & Bliss PC
        180 Glastonbury Boulevard, Suite 210
        Glastonbury, CT 06033
        Tel: 860-258-1993
        Fax: 860-258-1991
        mmccormack@omjblaw.com

        *Special Insurance Coverage Counsel for*
        *Debtor-In-Possession Genever Holdings*
        *LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| HO WAN KWOK, et al., | ) Case No. 22-50073 (JAM) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors.[1] | ) |
|  | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the *Third Interim Application of O'Sullivan McCormack Jensen & Bliss PC, as Special Insurance Coverage Counsel, for Compensation and Reimbursement of Expenses for the Period from May 1, 2024 through August 31, 2024* (the "Application")[2] was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3] In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in Genever (US)'s chapter 11 case. Parties may access this filing through the Court's CM/ECF system.

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]  To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: October 15, 2024
New York, New York

By: */s/ G. Alexander Bongartz*
G. Alexander Bongartz (*pro hac vice*)
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for Genever Holdings LLC*

2

<u>**EXHIBIT A**</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
                            :
In re:                       : Chapter 11
                            :
HO WAN KWOK, *et al.*,     : Case No. 22-50073 (JAM)
                            :
         Debtors.[1]       : Jointly Administered
                            :
------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD INTERIM FEE APPLICATION OF
O'SULLIVAN MCCORMACK JENSEN & BLISS PC, AS SPECIAL INSURANCE
COVERAGE COUNSEL, FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR PERIOD FROM MAY 1, 2024 THROUGH AUGUST 31, 2024**

Upon consideration of the Application (the "<u>Application</u>") of O'Sullivan McCormack

Jensen & Bliss PC ("<u>OMJB</u>"), as special insurance coverage counsel for Genever Holdings LLC

("<u>Genever (US)</u>"),[2] for interim allowance of compensation and reimbursement of expenses from

May 1, 2024 through August 31, 2024; and sufficient notice having been given; and a hearing

having been held on _____, 2024 and due consideration having been given to any responses

thereto; and sufficient cause having been shown therefor, it is hereby:

1.      ORDERED that the Application is granted, pursuant to 11 U.S.C. §§ 330 and 331,

and compensation in the amount of $6,824.90 and reimbursement of expenses in the amount of

$980.81 are awarded to OMJB, subject to final adjustment and disgorgement in the event all

administrative expenses are not paid in full; it is further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

2.      ORDERED that nothing herein modified the Retention Order; it is further

3.      ORDERED that the estates are authorized and directed to pay OMJB's fees in the amount of $1,366.90, *i.e.*, 20% of the fees allowed in paragraph 1 above (plus a $1.92 shortfall that was not paid on account of the June Fee Statement), within fourteen days of the date of this Order; it is further

4.      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.      ORDERED that Genever (US)'s estate and OMJB are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.      ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.      ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## <u>EXHIBIT B</u>

## Timekeeper Summary

| TIMEKEEPER | DATE OF FIRST BAR ADMISSION | TITLE | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|---|
| Timothy P. Jensen | 1997 | Shareholder | 2.9 | $450.00 | $1,305.00 |
| Michael T. McCormack | 1993 | Shareholder | 10.7 | $400.00 | $4,280.00 |
| Michael T. McCormack (discounted rate) | 1993 | Shareholder | 0.4 | $375.00 | $150.00 |
| Melissa Gambardella | | Paralegal | 8.7 | $125.00 | $1,087.50 |
| | | | | | |
| | | **Total** | **22.7** | | **$6,824.90** |

**Blended Hourly Rate: $300.66**

## EXHIBIT C

### Summary of Actual and Necessary Expenses

| Expense Category | Amount (US$) |
|---|---|
| PACER | $10.00 |
| Copying | $2.40 |
| Westlaw | $70.41 |
| Fees Advanced for Logikcull Invoice – e-Discovery Program | $898.00 |
|  |  |
| **TOTAL** | **$980.81** |

## **EXHIBIT D**

**Fee and Expense Detail**



180 Glastonbury Boulevard, Suite 210
Glastonbury, CT 06033
Phone: 860-258-1993
www.omjblaw.com

# INVOICE

Invoice No. 27792
Date: 06/17/2024

Genever Holdings LLC
c/o Luc Despins, Esq.
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

## 3726-001-Genever Holdings/AIG Property Casualty

### Services

| Date | Attorney | Activity | Time | Rate | Total |
|------|----------|----------|------|------|-------|
| 05/07/2024 | MBG | Follow up with counsel for PURE Specialty re access to document production in response to subpoena. | 0.10 | $125.00 | $12.50 |
| 05/08/2024 | MBG | Follow email to PURE Specialty counsel re document production sharefile access. | 0.10 | $125.00 | $12.50 |
| 05/09/2024 | MBG | Review and index PURE Specialty document production in response to subpoena. | 1.70 | $125.00 | $212.50 |
| 05/15/2024 | MTM | Review of bankruptcy orders re remediation status reports and cleaning orders | 0.50 | $400.00 | $200.00 |
| 05/16/2024 | MBG | Review OMJB invoice and begin drafting Fee Application. | 0.50 | $125.00 | $62.50 |
| 05/16/2024 | MTM | Telephone conference with L. Despins re status and strategy (.2); email correspondence to Attny Kavanaugh re motion to stay issues (1.) | 0.30 | $400.00 | $120.00 |
| 05/21/2024 | MBG | Revise and finalize OMJB Fee Application for April, 2024 and attention to redactions of invoice before efiling and attention to service on Notice Parties. | 0.60 | $125.00 | $75.00 |
| 05/22/2024 | MTM | Attention to FOIA Request to ATF | 0.20 | $400.00 | $80.00 |
| 05/22/2024 | MBG | Research FOIL requests instructions for NY Fire Department records and ATF records and set up accounts for each. | 0.60 | $125.00 | $75.00 |
| 05/23/2024 | MTM | Review and analysis of *REDACTED* *REDACTED* (.7); review *REDACTED* (.3); telephone conference with Attny Despins re status and strategy (.1) | 1.10 | $400.00 | $440.00 |
| 05/23/2024 | MTM | Email correspondence with Attny Kavanaugh re stay issues | 0.10 | $400.00 | $40.00 |

| 05/28/2024 | TPJ | Review and analysis of Pure production and responses to subpoena. Communications with client re same. | 2.30 | $450.00 | $1,035.00 |
| 05/29/2024 | MBG | Further research re FOIA request procedures for ATF and NYFD. | 0.20 | $125.00 | $25.00 |
| 05/29/2024 | MBG | Draft and submit FOIA requests to NYFD and ATF for incident reports. | 0.50 | $125.00 | $62.50 |
| | | **Services Subtotal** | | | **$2,452.50** |

### Expenses

| Type | Date | Activity | Total |
|------|------|----------|-------|
| Expense | 05/23/2024 | Fees advanced to Logikcull INV265492 4-30-2024 | $250.00 |
| Expense | 05/31/2024 | PACER: Month of May | $10.00 |
| Expense | 05/31/2024 | Westlaw: Month of May | $57.08 |
| | | **Expenses Subtotal** | **$317.08** |

| Time Keeper | Time | Rate | Total |
|-------------|------|------|-------|
| Timothy Jensen | 2.3 | $450.00 | $1,035.00 |
| Michael McCormack | 2.2 | $400.00 | $880.00 |
| Melissa Gambardella | 4.3 | $125.00 | $537.50 |
| | | **Invoice Subtotal** | **$2,769.58** |
| | | **Invoice Total** | **$2,769.58** |

## Detailed Statement of Account

### Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 27423 | 02/09/2024 | $11,978.91 | $9,740.41 | $2,238.50 |
| 27521 | 03/11/2024 | $12,033.85 | $9,693.85 | $2,340.00 |
| 27587 | 04/11/2024 | $4,567.70 | $3,709.20 | $858.50 |
| 27688 | 05/16/2024 | $2,434.40 | $89.00 | $2,345.40 |

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 27792 | 06/17/2024 | $2,769.58 | $0.00 | $2,769.58 |
| | | | **Balance Due on All Invoices** | **$10,551.98** |
| | | | **TOTAL AMOUNT DUE** | **$10,551.98** |

Please make all amounts payable to: O'Sullivan McCormack Jensen & Bliss PC

Payment is due upon receipt.

REDACTED



### O'Sullivan McCormack Jensen & Bliss PC
Attorneys at Law

180 Glastonbury Boulevard, Suite 210
Glastonbury, CT 06033
Phone: 860-258-1993
www.omjblaw.com

# INVOICE

Invoice No. 27855
Date: 07/11/2024

Genever Holdings LLC
c/o Luc Despins, Esq.
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

## 3726-001-Genever Holdings/AIG Property Casualty

### Services

| Date | Attorney | Activity | Time | Rate | Total |
|------|----------|----------|------|------|-------|
| 06/04/2024 | MTM | Email correspondence with Attny Bongartz re interim fee application | 0.10 | $400.00 | $40.00 |
| 06/12/2024 | MTM | Review and revise Genever bankruptcy motion re amendment of DIP financing agreement; review of motion for summary judgment pleadings re facts re Genver DIP amendment issues | 0.90 | $400.00 | $360.00 |
| 06/12/2024 | MBG | Check on status of FOIA requests to ATF and NYFD. | 0.10 | $125.00 | $12.50 |
| 06/13/2024 | MTM | Review email from L. Despins re REDACTED | 0.10 | $375.00 | $37.50 |
| 06/17/2024 | MBG | Begin draft of OMJB May Fee Application and attention to redaction of invoice. | 0.30 | $125.00 | $37.50 |
| 06/19/2024 | MTM | Email communications to AIG counsel re Motion to Amend Debtor in Possession finance agreement | 0.10 | $400.00 | $40.00 |
| 06/19/2024 | MTM | Attention to inquiry from REDACTED re REDACTED REDACTED; telephone conference with L. Despins re REDACTED | 0.20 | $400.00 | $80.00 |
| 06/20/2024 | MTM | Review, revise and supplement draft interim fee application; | 1.30 | $400.00 | $520.00 |
| 06/20/2024 | MTM | Revise and finalize monthly bankruptcy fee application and attention to payment receipt issues | 0.60 | $400.00 | $240.00 |
| 06/20/2024 | MTM | Conference with REDACTED re REDACTED | 0.40 | $400.00 | $160.00 |
| 06/20/2024 | MBG | Create sharefile of PURE Specialty's document production in response to subpoena and transmit same to Attorney O'Connell. | 0.30 | $125.00 | $37.50 |
| 06/20/2024 | MBG | Revise redactions to OMJB invoice and finalize OMJB May Fee Application for filing and attention to service on Notice Parties. | 0.50 | $125.00 | $62.50 |

| 06/20/2024 | MBG | Further revisions to OMJB Interim Fee Application. | 0.60 | $125.00 | $75.00 |
| 06/20/2024 | MTM | Email communications with Attny Bongartz and AIG counsel re motion to amend DIP | 0.10 | $400.00 | $40.00 |
| 06/21/2024 | MTM | Review of revised draft interim fee application; email communications with Attny Bongartz re same and re DIP motion and hearing | 0.30 | $400.00 | $120.00 |
| 06/21/2024 | MTM | Attention to redactions re revised invoice; email communications re same | 0.20 | $400.00 | $80.00 |
| 06/24/2024 | MBG | Further redactions to invoices attached to Interim Fee Application. | 0.10 | $125.00 | $12.50 |
| 06/24/2024 | MTM | Email communications with Attny Bongartz re fee application | 0.10 | $400.00 | $40.00 |
| 06/24/2024 | MTM | Attention to interim fee application issues and support | 0.20 | $400.00 | $80.00 |
| 06/27/2024 | MTM | Review notice from court re hearing re fee application | 0.10 | $400.00 | $40.00 |
| 06/28/2024 | MBG | Follow ups on FOIA Requests to ATF and NYFD. | 0.30 | $125.00 | $37.50 |
| | | **Services Subtotal** | | | **$2,152.50** |

### Expenses

| Type | Date | Activity | Total |
|------|------|----------|-------|
| Expense | 06/30/2024 | Copying: Month of June | $2.40 |
| | | **Expenses Subtotal** | **$2.40** |

| Time Keeper | Time | Rate | Total |
|-------------|------|------|-------|
| Michael McCormack | 4.6 | $400.00 | $1,840.00 |
| Michael McCormack | 0.1 | $375.00 | $37.50 |
| Melissa Gambardella | 2.2 | $125.00 | $275.00 |
| | **Invoice Subtotal** | | **$2,154.90** |
| | **Invoice Total** | | **$2,154.90** |

# Detailed Statement of Account

### Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|
| 27423 | 02/09/2024 | $11,978.91 | $9,740.41 | $2,238.50 |
| 27521 | 03/11/2024 | $12,033.85 | $9,693.85 | $2,340.00 |
| 27587 | 04/11/2024 | $4,567.70 | $3,709.20 | $858.50 |
| 27688 | 05/16/2024 | $2,434.40 | $2,016.20 | $418.20 |
| 27792 | 06/17/2024 | $2,769.58 | $0.00 | $2,769.58 |

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 27855 | 07/11/2024 | $2,154.90 | $0.00 | $2,154.90 |
| | | | **Balance Due on All Invoices** | **$10,779.68** |
| | | | **TOTAL AMOUNT DUE** | **$10,779.68** |

Please make all amounts payable to: O'Sullivan McCormack Jensen & Bliss PC    REDACTED

Payment is due upon receipt.



# O'Sullivan McCormack Jensen & Bliss PC
Attorneys at Law

180 Glastonbury Boulevard, Suite 210
Glastonbury, CT 06033
Phone: 860-258-1993
www.omjblaw.com

# INVOICE

Invoice No. 27978
Date: 08/12/2024

Genever Holdings LLC
c/o Luc Despins, Esq.
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

## 3726-001-Genever Holdings/AIG Property Casualty

### Services

| Date | Attorney | Activity | Time | Rate | Total |
|------|----------|----------|------|------|-------|
| 07/16/2024 | MBG | Draft of June Fee Application and redactions to invoice. | 0.50 | $125.00 | $62.50 |
| 07/16/2024 | MBG | Check on status of FOIA request to NYFD and email follow up on request. | 0.20 | $125.00 | $25.00 |
| 07/17/2024 | MTM | Review notice re Kwok criminal jury verdict; email correspondence to Luc Despins re ▮▮▮▮▮▮▮▮▮▮▮▮ | 0.30 | $400.00 | $120.00 |
| 07/18/2024 | MTM | Email communications with counsel re order granting motion to amend DIP agreement | 0.20 | $400.00 | $80.00 |
| 07/22/2024 | MBG | Further redactions of OMJB June 2024 invoice and finalize Fee Application re same. | 0.30 | $125.00 | $37.50 |
| 07/22/2024 | MBG | Attention to e-filing OMJB June 2024 Fee Application and service of same on notice parties. | 0.20 | $125.00 | $25.00 |
| 07/23/2024 | MBG | Status check with NYFD re FOIA request response. | 0.10 | $125.00 | $12.50 |
| 07/23/2024 | MTM | Review order from court re application for interim fee compensation | 0.10 | $400.00 | $40.00 |
| 07/24/2024 | MTM | Review order re status conference and discovery; email correspondence to Attny Despins | 0.20 | $400.00 | $80.00 |
| 07/26/2024 | MTM | Conference with L. Despins re ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ | 0.20 | $400.00 | $80.00 |
| 07/26/2024 | MBG | Follow up communications through FOIL portal to NYFD re status of request. | 0.10 | $125.00 | $12.50 |
| 07/29/2024 | MTM | Revise and supplement joint status report statement re adversary stay issues; email communications with Attny Kavanaugh and Attny Despines | 0.40 | $400.00 | $160.00 |

| | | re same | | | |
|---|---|---|---|---|---|
| 07/30/2024 | MTM | Prepare for status conference: review of pretrial order and pending motion for summary judgment (.3); attend status conference before Judge Manning (.9) | 1.20 | $400.00 | $480.00 |
| | | | **Services Subtotal** | | **$1,215.00** |

### Expenses

| Type | Date | Activity | Total |
|---|---|---|---|
| Expense | 07/31/2024 | Fees advanced to Logikcull INV266821 5-31-2024 | $230.00 |
| Expense | 07/31/2024 | Fees advanced to Logikcull INV268453 6-30-2024 | $209.00 |
| Expense | 07/31/2024 | Westlaw: Month of July | $13.33 |
| | | **Expenses Subtotal** | **$452.33** |

| Time Keeper | Time | Rate | Total |
|---|---|---|---|
| Michael McCormack | 2.6 | $400.00 | $1,040.00 |
| Melissa Gambardella | 1.4 | $125.00 | $175.00 |
| | **Invoice Subtotal** | | **$1,667.33** |
| | **Invoice Total** | | **$1,667.33** |

## Detailed Statement of Account

### Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 27792 | 06/17/2024 | $2,769.58 | $2,279.08 | $490.50 |
| 27855 | 07/11/2024 | $2,154.90 | $0.00 | $2,154.90 |

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 27978 | 08/12/2024 | $1,667.33 | $0.00 | $1,667.33 |
| | | | **Balance Due on All Invoices** | **$4,312.73** |
| | | | **TOTAL AMOUNT DUE** | **$4,312.73** |

Please make all amounts payable to: O'Sullivan McCormack Jensen & Bliss PC 

Payment is due upon receipt.



O'Sullivan McCormack Jensen & Bliss PC
Attorneys at Law

180 Glastonbury Boulevard, Suite 210
Glastonbury, CT 06033
Phone: 860-258-1993
www.omjblaw.com

# INVOICE

Invoice No. 28092
Date: 09/11/2024

Genever Holdings LLC
c/o Luc Despins, Esq.
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

## 3726-001-Genever Holdings/AIG Property Casualty

### Services

| Date | Attorney | Activity | Time | Rate | Total |
|------|----------|----------|------|------|-------|
| 08/08/2024 | MTM | Review and revise draft stipulation re scheduling order from Attny Kavanaugh; email correspondence with L. Despins | 0.30 | $400.00 | $120.00 |
| 08/09/2024 | MTM | Email communications with Attny Despins re Redacted Redacted ; email communications with AIG counsel re revised proposed modified scheduling order | 0.30 | $375.00 | $112.50 |
| 08/13/2024 | MBG | Draft July Fee Application for Compensation. | 0.40 | $125.00 | $50.00 |
| 08/19/2024 | MTM | Email corrspondence re AIG motions to admit pro hac vice | 0.10 | $400.00 | $40.00 |
| 08/20/2024 | MTM | Revise, supplement and finalize interim fee application and redacted invoices | 0.20 | $400.00 | $80.00 |
| 08/20/2024 | MBG | Revise, finalize and e-file OMJB Fee Application for July 2024 and service of same on notice parties. | 0.40 | $125.00 | $50.00 |
| 08/22/2024 | MTM | Attention to depositions of expert witnesses; email correspondence to L. Despins reRedacted | 0.20 | $400.00 | $80.00 |
| 08/26/2024 | MTM | Telephone conference with L. Despins re Redacted ; email correspondence with Attny Kavanaugh Redacted | 0.30 | $400.00 | $120.00 |
| 08/28/2024 | TPJ | Communications with MTM re expert discovery and current schedule; call with AIG counsel re same | 0.60 | $450.00 | $270.00 |
| 08/30/2024 | MTM | Email correspondence with counsel and Attny Despins re Redacted Redacted | 0.10 | $400.00 | $40.00 |
| 08/30/2024 | MTM | Email correspondence with Attny Despins re Redacted | | $400.00 | $40.00 |

| | | Services Subtotal | $1,002.50 |
|---|---|---|---|

### Expenses

| Type | Date | Activity | Total |
|---|---|---|---|
| Expense | 08/08/2024 | Fees advanced to Logikcull INV269499 7-31-2024 | $209.00 |
| | | Expenses Subtotal | $209.00 |

| Time Keeper | Time | Rate | Total |
|---|---|---|---|
| Timothy Jensen | 0.6 | $450.00 | $270.00 |
| Michael McCormack | 1.3 | $400.00 | $520.00 |
| Michael McCormack | 0.3 | $375.00 | $112.50 |
| Melissa Gambardella | 0.8 | $125.00 | $100.00 |
| | | Invoice Subtotal | $1,211.50 |
| | | Invoice Total | $1,211.50 |

## Detailed Statement of Account

### Other Invoices

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 27792 | 06/17/2024 | $2,769.58 | $2,279.08 | $490.50 |
| 27855 | 07/11/2024 | $2,154.90 | $0.00 | $2,154.90 |
| 27978 | 08/12/2024 | $1,667.33 | $0.00 | $1,667.33 |

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 28092 | 09/11/2024 | $1,211.50 | $0.00 | $1,211.50 |
| | | | Balance Due on All Invoices | $5,524.23 |
| | | | TOTAL AMOUNT DUE | $5,524.23 |

Please make all amounts payable to: O'Sullivan McCormack Jensen & Bliss PC   *REDACTED*

Payment is due upon receipt.