**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.,*                                 :    Case No. 22-50073 (JAM)
                                                       :
            Debtors.[1]                                :    Jointly Administered
                                                       :
------------------------------------------------------x

**COVERSHEET FOR SECOND INTERIM FEE APPLICATION OF**
**PRAGER DREIFUSS AG**

| | |
|---|---|
| Interim Application of: | Prager Dreifuss AG |
| Time Period: | May 1, 2024 through September 30, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | March 21, 2023 [Docket No. 3034] (effective as of January 17, 2024). |

**Amount Requested**            **Reductions**
Fees:          CHF 52,827.50    Voluntary Fee Reductions:         none
Expenses:      CHF 1,056.55     Voluntary Expenses Reductions:    none
**Total:**     **CHF 53,884.05**

**Fees Previously Requested:**  **Retainer Request:**
Requested Fees:   CHF 67,183.75    None
Awarded Fees:     CHF 67,183.75
Paid Fees:        CHF 67,183.75[2]

**Expenses Previously Requested:**   **Expense Detail:**
Requested Expenses:   CHF 1,343.65    Retainer Received:             Not applicable
Awarded Expenses:     CHF 1,343.65    Copies per page cost & total:  Not applicable
Paid Expenses:        CHF 1,343.65

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   As detailed below, CHF 28,698.00 in fees and CHF 717.45 in expenses were previously paid in accordance with the Interim Compensation Order (as defined below) and Prager's monthly fee statements.

**MONTHLY FEE REQUESTS FOR FEE PERIOD**

| Monthly Period Covered | Total Fees (100%) | Requested Fees (80%) | Requested Expenses (100%) | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 5/1/24 - 5/31/24 | CHF 23,562.50 | CHF 18,850.00 | CHF 471.25 | CHF 18,850.00 | CHF 471.25 | CHF 4,712.50 |
| 6/1/24 - 6/30/24 | CHF 7,170.00 | CHF 5,736.00 | CHF 143.40 | CHF 5,736.00 | CHF 143.40 | CHF 1,434.00 |
| 7/1/24 - 7/31/24 | CHF 5,140.00 | CHF 4,112.00 | CHF 102.80 | CHF 4,112.00 | CHF 102.80 | CHF 1,028.00 |
| 8/1/24 - 9/30/24 | CHF 16,955.00 | CHF 13,564.00 | CHF 339.10 | -- | -- | CHF 3,391.00 |
| **TOTAL** | **CHF 52,827.50** | **CHF 42,262.00** | **CHF 1,056.55** | **CHF 28,698.00** | **CHF 717.45** | **CHF 10,565.50** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
HO WAN KWOK, *et al.,*                      :    Case No. 22-50073 (JAM)
                                            :
            Debtors.[1]                     :    Jointly Administered
                                            :
---------------------------------------------------x

**SECOND INTERIM FEE APPLICATION OF PRAGER DREIFUSS AG, AS SWISS
LAW COUNSEL, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR PERIOD FROM MAY 1, 2024 THROUGH SEPTEMBER 30, 2024**

        Pursuant to sections 105(a), 328, 330, and 331 of title 11 of the United States Code (such

title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local

Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement

of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim

Compensation Procedures Order"), Prager Dreifuss AG ("Prager" or the "Applicant"), as Swiss

law counsel for Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee")

appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby files this *Second

Interim Application of Prager Dreifuss AG, as Swiss Law Counsel, for Compensation and

Reimbursement of Expenses for the Period from May 1, 2024 through September 30, 2024* (the

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
        Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
        mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
        LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
        (solely for purposes of notices and communications).

"Application").  By this Application, Prager requests interim allowance of professional fees incurred during the period from May 1, 2024 through and including September 30, 2024 (the "Application Period").  In support of this Application, Prager respectfully states as follows:

### JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.      Prager believes that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2]  Prager respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.      Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application.

- **Exhibit B** is a timekeeper summary that includes the name, hourly billing rate, aggregate hours, and amount of fees earned for each Prager individual who provided services during the Application Period; and

- **Exhibit C** contains the detail of the fees and expenses incurred during the Application Period.

---

[2]     Prager reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

## BACKGROUND

I.    **Chapter 11 Cases**

5.    On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6.    On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.  No examiner has been appointed in the Individual Debtor's chapter 11 case.

7.    On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

8.    Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case.

9.    By order entered March 21, 2024, the Court authorized Prager's retention as Swiss law counsel to the Trustee [Docket No. 3034] (the "Retention Order") effective as of January 17, 2024 in the Debtor's chapter 11 case.  The Retention Order authorizes Prager to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 328 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.  In accordance with the Retention Order, (a) Prager Dreifuss is authorized to charge a flat fee for disbursements in an amount equal to 2% of the total fees charged and (b) Prager Dreifuss is authorized to invoice its fees and expenses in

Swiss Francs (CHF) and to have such fees and expenses paid in Swiss Francs (CHF), subject to the terms of the Interim Compensation Order

**II.**  **Monthly Fee Statements**

10.     On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

11.     In accordance with the Interim Compensation Procedures Order, on June 6, 2024, Prager filed and served its monthly fee statement [Docket No. 3232] (the "May Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from May 1, 2024 through May 31, 2024, in the amounts of CHF 18,850.00 (80% of CHF 23,562.50) and CHF 471.25, respectively.  No objections were filed in response to the May Fee Statement.  Accordingly, the estate has paid Prager CHF 19,321.25 for fees and expenses with respect to the May Fee Statement.

12.     On August 12, 2024, Prager filed and served a monthly fee statement [Docket No. 3393] (the "June Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from June 1, 2024 through June 30, 2024, in the amounts of CHF 5,736.00 (80% of CHF 7,170.00) and CHF 143.40, respectively.  No objections were filed in response to the April Fee Statement. Accordingly, the estate has paid Prager CHF 5,879.40 for fees and expenses with respect to the June Fee Statement.

13.     Also on August 12, 2024, Prager filed and served a monthly fee statement [Docket No. 3394] (the "July Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from

July 1, 2024 through July 31, 2024, in the amounts of CHF 4,112.00 (80% of CHF 5,140.00) and CHF 102.80, respectively.  No objections were filed in response to the July Fee Statement.  Accordingly, the estate has paid Prager CHF 4,214.80 for fees and expenses with respect to the July Fee Statement.

14.    On October 2, 2024, Prager filed and served a monthly fee statement [Docket No. 3394] (the "August & September Fee Statement") requesting payment of 80% of all fees and 100% of all expenses actually and necessarily incurred for services rendered during the period from August 1, 2024 through September 30, 2024, in the amounts of CHF 13,564.00 (80% of CHF 16,955.00) and CHF 339.10, respectively.  The deadline to object to the August & September Fee Statement is October 23, 2024.  Accordingly, at this time, the estate has not yet paid Prager for fees and expenses with respect to the August & September Fee Statement, but the Trustee intends to do so, in accordance with the Interim Compensation Procedures Order.

## ALLOWANCE REQUEST

15.    The Applicant is applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

16.    For the Application Period, the Applicant seeks allowance of CHF 52,827.50 as compensation for services rendered and allowance and reimbursement of CHF 1,056.55 in expenses incurred in connection with such services.[3]  The Applicant devoted 186.2 hours to this case during the Application Period, equating to an overall blended rate of CHF 361.6.

17.    As noted, Prager has already received payment of CHF 28,698.00 of the fees incurred during the Application Period and CHF 717.45 of the expenses incurred during the Application Period, such that Prager is only seeking payment of (a) 80% of the fees and 100% of

---

[3]    For the avoidance of doubt, these fees and expenses sought reflected the reductions agreed upon with the United States Trustee.

the expenses incurred on the August & September Fee Statement, i.e., CHF 13,903.10,[4] and (b) the remaining 20% of its fees incurred during the Application Period, namely CHF 10,565.50.

18.    Throughout the Application Period, the Applicant maintained records to indicate the name of each professional working on this matter, the time spent on a particular issue, and the nature of the work performed.  These records, which describe in detail the services rendered by the Applicant, were created at the approximate time the services were performed.

19.    Annexed hereto and made a part hereof as **<u>Exhibit C</u>** is a detailed billing report, upon which this application is based that contains each individual professional's time for the Debtor's bankruptcy case, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates by each person rendering the service, the time spent in rendering such service, and the CHF value of such services.  The time detail attached hereto as **<u>Exhibit C</u>** include certain redactions to protect against the disclosure of privileged or confidential information.

<u>**Summary of Services Rendered**</u>

20.    The Trustee retained Prager, effective as of January 17, 2024, principally to assist the Trustee in investigating and recovering property of the estate located in Switzerland.  As a critical first step in that investigation, the Debtor's chapter 11 case must first be recognized in Switzerland.  To that end, during the Application Period, Prager Dreifuss prepared and filed (on May 21, 2024) the Trustee's application to have this case recognized in Switzerland.  That application was granted by the Swiss court on July 24, 2024.

---

[4]    For the avoidance of doubt, the estate will pay this amount upon the expiration of the October 23, 2024 objection deadline with respect to the August & September Fee Statement, provided no objections are filed with respect to that fee statement, in accordance with the Interim Compensation Procedures Order.

21.    In connection with preparing the recognition application, Prager conducted related legal research as well as reviewed and edited the Trustee declaration in support of that declaration (which declaration provided the factual background to the requested relief). Moreover, after the filing of the recognition application, Prager prepared additional supplemental submissions, as requested by the Swiss court.  In addition, during the Application Period, Prager analyzed potential estate assets located in Switzerland and certain transfers made by Kwok-affiliated entities to Switzerland.

22.    The work undertaken by Prager to date has been significant, involving legal research and motion practice, factual analysis, correspondence, and strategic input.  This work remains ongoing, with additional work expected in due course.

## No Prior Application

23.    No prior application for the relief requested has been made.  However, as noted, certain fees and expenses incurred during the Application Period were previously paid in accordance with the Interim Compensation Procedures Order.

## Legal Authority for Compensation

24.    All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

25.    Applicant respectfully submits that its services have benefited the Debtor's estate with the expertise and skill required to, among other things, conduct an investigation into estate assets located in Switzerland and seek the recovery of such assets.  The services for which such compensation is requested were performed for and on behalf of the Trustee.  Such services have been necessary to protect and enforce the rights and interests of the Debtor's estate in connection

with these chapter 11 cases.  The reasonable value of services rendered by Prager in these cases is based upon Prager's usual hourly rates for matters of this nature.

26.      Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicant submits that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

27.      Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[5]

28.      In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in

---

[5]      Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

29.     In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[6] while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[7]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON

---

[6]     The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[7]     The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress.  *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

30.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by Prager is fair and reasonable.

### Statutory Compliance

38.     No agreement or understanding exists between Prager and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  Prager will not, in any form or guise, share or agree to share compensation for services with any person, nor will Prager share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

### RESERVATION OF RIGHTS

39.     To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or Prager has for any reason not sought compensation or reimbursement with respect to such services, Prager reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, Prager does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

### NO PRIOR REQUEST

40.     No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Prager respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of CHF 52,827.50 and reimbursement of CHF 1,056.55 in expenses, (ii) authorizing and directing prompt payment of fees and expenses from the estate, to the extent not already paid, (iii) allowing such compensation and payment for professional services rendered without prejudice to Prager's right to seek further compensation and/or payment from the estates for the full value of services performed and expenses incurred, and (iv) granting Prager such other and further relief as is just.

Dated: October 15, 2024

By: */s/ Daniel Hayek*
　　　Daniel Hayek
　　　PRAGER DREIFUSS AG
　　　Mühlebachstrasse 6
　　　CH-8008 Zürich

　　　*Swiss Law Counsel to Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HO WAN KWOK, et al., | ) Case No. 22-50073 (JAM) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the *Second Interim Application of Prager Dreifuss AG, as Swiss Law Counsel, for Compensation and Reimbursement of Expenses for the Period from May 1, 2024 through September 30, 2024* (the "Application")[2] was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtor's chapter 11 case. Parties may access this filing through the Court's CM/ECF system.

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]  To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: October 15, 2024
    New York, New York

By: */s/ G. Alexander Bongartz*

G. Alexander Bongartz (*pro hac vice*)
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
alexbongartz@paulhastings.com
douglassbarron@paulhastings.com

*Counsel for Genever Holdings LLC*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------x
:
In re:                                                        :   Chapter 11
                                                             :
HO WAN KWOK, *et al.*,                                        :   Case No. 22-50073 (JAM)
                                                             :
                          Debtors.[1]                        :   Jointly Administered
                                                             :
-------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SECOND INTERIM FEE APPLICATION**
**OF PRAGER DREIFUSS AG, AS SWISS LAW COUNSEL, FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MAY 1, 2024**
**THROUGH SEPTEMBER 30, 2024**

Upon consideration of the Application (the "Application") of Prager Dreifuss AG

("Prager"), as Swiss law counsel for Luc A. Despins, in his capacity as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),[2] for interim

allowance of compensation and reimbursement of expenses from May 1, 2024 through

September 30, 2024; and sufficient notice having been given; and a hearing having been held on

_____, 2024 and due consideration having been given to any responses thereto; and sufficient

cause having been shown therefor, it is hereby:

1.     ORDERED that the Application is granted, pursuant to 11 U.S.C. §§ 330 and 331,

and compensation in the amount of CHF 52,827.50 and reimbursement of expenses in the

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]     Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

1

amount of CHF 1,056.55 are awarded to Prager, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full; it is further

2.    ORDERED that nothing herein modified the Retention Order; it is further

3.    ORDERED that the estates are authorized and directed to pay Prager's fees in the amount of CHF 10,565.50, *i.e.*, 20% of the fees allowed in paragraph 1 above, within fourteen days of the date of this Order; it is further

4.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.    ORDERED that the Trustee and Prager are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.    ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.    ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## EXHIBIT B

### Timekeeper Summary

| Name | Hours | Rate CHF | Amount CHF |
|------|-------|----------|------------|
| Hayek, Daniel | 17.7 | 750.00 | 13,275.00 |
| Jegher, Gion | 0.6 | 650.00 | 390.00 |
| Meili, Mark | 53.3 | 550.00 | 29,315.00 |
| Oliver, Jany | 21.5 | 375.00 | 8,062.50 |
| Sangiorgio, Shannon | 10.2 | 175.00 | 1,785.00 |
| **TOTAL** | **186.2** | | **52,827.50** |

**EXHIBIT C**

**Fee Detail**



PRAGER
DREIFUSS

ATTORNEYS AT LAW

Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

June 5, 2024

## Invoice no. 201334-24-12

Fees for services rendered between May 1, 2024 and May 31, 2024 in the matter of Ho Wan Kwok, as per the attached details.

| | | |
|---|---|---|
| Legal Fees | CHF | 23'562.50 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 471.25 |
| | CHF | 24'033.75 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **24'033.75** |

| | | | | |
|---|---|---|---|---|
| Terms of payment | 30 days net | VAT No. | CHE-115.724.136 MWST |

Please arrange for payment **under reference of the above invoice number** to our following account:

Zürcher Kantonalbank, 8001 Zürich

| | |
|---|---|
| IBAN | CH67 0070 0114 8037 7648 0 |
| BIC/SWIFT | ZKBKCHZZ80A |

**Prager Dreifuss AG** • Zürich, Bern, Brüssel • www.prager-dreifuss.com

| | | |
|---|---|---|
| Bellerivestrasse 201, CH-8008 Zürich | Schweizerhof-Passage 7, CH-3001 Bern | Avenue Louise 235, B-1050 Bruxelles |
| T +41 44 254 55 55, F +41 44 254 55 99 | T +41 31 327 54 54, F +41 31 327 54 99 | T +32 2 537 09 49, F +32 2 537 21 16 |

**Details of invoice no. 201334-24-12**

Invoice period:  May 1, 2024 – May 31, 2024

## Legal Fees

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 01.05.2024 | rev. additional documentation and comments by Paul Hastings/Alex Bongartz on recognition application | MMA | 0.00% | 2.80 |
| 02.05.2024 | email Alex re recognition application and documenation | MMA | 0.00% | 0.80 |
| 07.05.2024 | rev. submission and documents received | HA | 0.00% | 2.80 |
| 09.05.2024 | email Alex re documents for recognition application | MMA | 0.00% | 0.20 |
| 13.05.2024 | Conf. MMA re: ███████████████████ | HA | 0.00% | 1.10 |
| 13.05.2024 | Call Luc and Alex re recognition application | MMA | 0.00% | 0.40 |
| 13.05.2024 | work on recognition application and documenation | MMA | 0.00% | 3.80 |
| 14.05.2024 | work on recognition application | MMA | 0.00% | 5.50 |
| 15.05.2024 | work on recognition application | MMA | 0.00% | 4.80 |
| 16.05.2024 | work on recognition application | MMA | 0.00% | 3.50 |
| 17.05.2024 | rev. and comments to submission | HA | 0.00% | 1.40 |
| 17.05.2024 | work on recognition application and annexes | MMA | 0.00% | 3.50 |
| 17.05.2024 | Conf HA re recognition application | MMA | 0.00% | 0.30 |
| 19.05.2024 | email Alex re recognition application | MMA | 0.00% | 0.25 |
| 19.05.2024 | work on recognition application | MMA | 0.00% | 0.80 |
| 21.05.2024 | re. final version of submission and execution | HA | 0.00% | 1.00 |
| 21.05.2024 | finalize and file recognition application | MMA | 0.00% | 5.80 |
| 22.05.2024 | E-Mail Luc re next steps in Swiss recognition proceedings | MMA | 0.00% | 0.20 |
| 23.05.2024 | E-Mails Alex re assets Switzerland | MMA | 0.00% | 0.20 |
| 29.05.2024 | Review of law and email Alex re service of process Switzerland and Swiss central authority | MMA | 0.00% | 1.40 |
| **Total excl. VAT** | | | | **40.55** |

## Expenses

| Date | Text | VAT | Amount CHF |
|------|------|-----|-----------|
| 05.06.2024 | Disbursements | 0.00% | 471.25 |
| **Total excl. VAT** | | | **471.25** |

1

| Provider | Hours | Rate CHF | Amount CHF |
|---|---|---|---|
| Hayek, Daniel | 6.30 | 750.00 | 4'725.00 |
| Meili, Mark | 34.25 | 550.00 | 18'837.50 |
| | 40.55 | 581.05 | 23'562.50 |



Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

July 11, 2024

## Invoice no. 201334-24-14

Fees for services rendered between June 1, 2024 and June 30, 2024 in the matter of Ho Wan Kwok, as per the attached details.

| | | |
|---|---|---|
| Legal Fees | CHF | 7'170.00 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 143.40 |
| | CHF | 7'313.40 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **7'313.40** |

| | | | | |
|---|---|---|---|---|
| Terms of payment | 30 days net | VAT No. | CHE-115.724.136 MWST |

Please arrange for payment **under reference of the above invoice number** to our following account:

Zürcher Kantonalbank, 8001 Zürich

| | |
|---|---|
| IBAN | CH67 0070 0114 8037 7648 0 |
| BIC/SWIFT | ZKBKCHZZ80A |

Bellerivestrasse 201, CH-8008 Zürich          Schweizerhof-Passage 7, CH-3001 Bern          Avenue Louise 235, B-1050 Bruxelles
T +41 44 254 55 55, F +41 44 254 55 99          T +41 31 327 54 54, F +41 31 327 54 99          T +32 2 537 09 49, F +32 2 537 21 16

**Details of invoice no. 201334-24-14**

Invoice period:  June 1, 2024 – June 30, 2024

### Legal Fees

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 04.06.2024 | rev. order District Court Zurich re recognition | MMA | 0.00% | 0.50 |
| 04.06.2024 | draft email to Luc re order District Court Zurich re additional documentation | MMA | 0.00% | 0.20 |
| 04.06.2024 | call Lux and Alex re order District Court Zurich re recognition and next steps | MMA | 0.00% | 0.30 |
| 04.06.2024 | Kwok rev. and translate Order of District Court | HA | 0.00% | 0.50 |
| 04.06.2024 | E-Mail to Luc and Alex re: content of e-mail | HA | 0.00% | 0.30 |
| 04.06.2024 | Call Lux and Alex | HA | 0.00% | 0.30 |
| 04.06.2024 | Conf. MMA re: next steps | HA | 0.00% | 0.20 |
| 04.06.2024 | Conf HA re next steps | MMA | 0.00% | 0.20 |
| 07.06.2024 | rev. email HA re discussions with judge on recognition applicaiton | MMA | 0.00% | 0.20 |
| 11.06.2024 | Conf HA re court order and discussions with court | MMA | 0.00% | 0.40 |
| 11.06.2024 | work on submission to court re document request | MMA | 0.00% | 1.80 |
| 11.06.2024 | Call Judge Talbot | HA | 0.00% | 0.60 |
| 11.06.2024 | E-Mails Luc and Alex re: exhibits | HA | 0.00% | 0.50 |
| 11.06.2024 | Conf. MMA re: call judge and additional submission | HA | 0.00% | 0.50 |
| 12.06.2024 | work on submission to court re document request | MMA | 0.00% | 2.00 |
| 13.06.2024 | work on submission to court re document request | MMA | 0.00% | 0.80 |
| 14.06.2024 | Finalize submission to court re document request | MMA | 0.00% | 0.90 |
| 15.06.2024 | Handle Court Application, Court Fees Zürich | HA | 0.00% | 0.50 |
| 18.06.2024 | Check with District Court re advance on costs and filed brief | MMA | 0.00% | 0.30 |
| 24.06.2024 | rev. updates and documents from Alex re Swiss investigation | MMA | 0.00% | 0.30 |
| 28.06.2024 | rev. correspondence re certificate of non-service Switzerland, e-mail Alex | MMA | 0.00% | 0.50 |
| **Total excl. VAT** | | | | **11.80** |

### Expenses

| Date | Text | VAT | Amount CHF |
|------|------|-----|------------|
| 11.07.2024 | Disbursements | 0.00% | 143.40 |
| **Total excl. VAT** | | | **143.40** |

| Provider | Hours | Rate CHF | Amount CHF |
|---|---|---|---|
| Hayek, Daniel | 3.40 | 750.00 | 2'550.00 |
| Meili, Mark | 8.40 | 550.00 | 4'620.00 |
| | 11.80 | 607.65 | 7'170.00 |



Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

August 6, 2024

## Invoice no. 201334-24-15

Fees for services rendered between July 1, 2024 and July 31, 2024 in the matter of Ho Wan
Kwok, as per the attached details.

| | | |
|---|---|---|
| Legal Fees | CHF | 5'140.00 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 102.80 |
| | CHF | 5'242.80 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **5'242.80** |

| Terms of payment | 30 days net | VAT No. | CHE-115.724.136 MWST |
|---|---|---|---|

Please arrange for payment **under reference of the above invoice number** to our following
account:

Zürcher Kantonalbank, 8001 Zürich

| IBAN | CH67 0070 0114 8037 7648 0 |
|---|---|
| BIC/SWIFT | ZKBKCHZZ80A |

**Prager Dreifuss AG** • Zürich, Bern, Brüssel • www.prager-dreifuss.com

| Bellerivestrasse 201, CH-8008 Zürich | Schweizerhof-Passage 7, CH-3001 Bern | Avenue Louise 235, B-1050 Bruxelles |
|---|---|---|
| T +41 44 254 55 55, F +41 44 254 55 99 | T +41 31 327 54 54, F +41 31 327 54 99 | T +32 2 537 09 49, F +32 2 537 21 16 |

**Details of invoice no. 201334-24-15**

Invoice period:  July 1, 2024 – July 31, 2024

## Legal Fees

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 02.07.2024 | conf HA re service of process issue, rol and review of files, draft instructions re same | MMA | 0.00% | 1.00 |
| 10.07.2024 | call Swiss Central Authority, conf HA re same, rol, email Alex re same | MMA | 0.00% | 1.50 |
| 11.07.2024 | call Swiss Federal Office of Justice, emails Paul Hastings re same | MMA | 0.00% | 0.80 |
| 12.07.2024 | rev. and amend declaration re service of process, conf HA re same, email Paul Hastings re same | MMA | 0.00% | 1.30 |
| 26.07.2024 | rev. judgment district court re chapter 11 recognition, conf HA re same, emails Paul Hastings | MMA | 0.00% | 1.50 |
| 26.07.2024 | rev. judgement of Zurich Distruct Court on recogintion of Luc, Conf. MMA | HA | 0.00% | 1.50 |
| 26.07.2024 | rev. email luc re US stocks, conf HA re same, rol., email Luc | MMA | 0.00% | 1.20 |
| **Total excl. VAT** | | | | **8.80** |

## Expenses

| Date | Text | VAT | Amount CHF |
|------|------|-----|-----------|
| 06.08.2024 | Disbursements | 0.00% | 102.80 |
| **Total excl. VAT** | | | **102.80** |

| Provider | Hours | Rate CHF | Amount CHF |
|----------|-------|----------|-----------|
| Hayek, Daniel | 1.50 | 750.00 | 1'125.00 |
| Meili, Mark | 7.30 | 550.00 | 4'015.00 |
| | 8.80 | 584.10 | 5'140.00 |

1



Paul Hastings LLP
Mr. Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

October 2, 2024

## Invoice no. 201334-24-16

Fees for services rendered between August 21, 2024 and September 30, 2024 in the matter of Ho Wan Kwok, as per the attached details.

| | | |
|---|---|---|
| Legal Fees | CHF | 16'955.00 |
| Disbursements 2% (in lieu of itemized minor disbursements) | CHF | 339.10 |
| | CHF | 17'294.10 |
| VAT 0% export | CHF | 0.00 |
| **Total** | **CHF** | **17'294.10** |

| Terms of payment | 30 days net | VAT No. | CHE-115.724.136 MWST |
|---|---|---|---|

Please arrange for payment **under reference of the above invoice number** to our following account:

Zürcher Kantonalbank, 8001 Zürich

| IBAN | CH67 0070 0114 8037 7648 0 |
|---|---|
| BIC/SWIFT | ZKBKCHZZ80A |

**Prager Dreifuss AG** • Zürich, Bern, Brüssel • www.prager-dreifuss.com

Bellerivestrasse 201, CH-8008 Zürich          Schweizerhof-Passage 7, CH-3001 Bern          Avenue Louise 235, B-1050 Bruxelles
T +41 44 254 55 55, F +41 44 254 55 99          T +41 31 327 54 54, F +41 31 327 54 99          T +32 2 537 09 49, F +32 2 537 21 16

**Details of invoice no. 201334-24-16**

Invoice period:  August 21, 2024 – September 30, 2024

**Legal Fees**

| Date | Service | Name | VAT | Hours |
|------|---------|------|-----|-------|
| 21.08.2024 | Emails Luc re status | MMA | 0.00% | 0.15 |
| 21.08.2024 | rev. files | MMA | 0.00% | 0.10 |
| 17.09.2024 | rev. e-mail, conf. OJY | HA | 0.00% | 0.70 |
| 17.09.2024 | emails re status Swiss recognition proceedings | MMA | 0.00% | 0.20 |
| 18.09.2024 | Overview Proceedings | OJY | 0.00% | 0.65 |
| 18.09.2024 | Explain next steps to OJY | HA | 0.00% | 0.50 |
| 19.09.2024 | Draft E-Mails | OJY | 0.00% | 0.90 |
| 19.09.2024 | Court re update on decision | OJY | 0.00% | 0.30 |
| 19.09.2024 | Conf. OJY to discuss and update status of decisions, status of proceedings and creidotrs' call etc. | HA | 0.00% | 1.00 |
| 19.09.2024 | Detailed e-mail to explain call with District Court Cleark Tea Gelbhaus | HA | 0.00% | 0.60 |
| 19.09.2024 | rev. updates re Swiss recognition proceedings | MMA | 0.00% | 0.20 |
| 23.09.2024 | Possible actions re judgement Zurich District Court | OJY | 0.00% | 3.65 |
| 23.09.2024 | rev. decision by district court | MMA | 0.00% | 0.60 |
| 23.09.2024 | rev. emails and documents re Swiss assets | MMA | 0.00% | 0.30 |
| 23.09.2024 | conf HA/OJY re decision district court | MMA | 0.00% | 0.20 |
| 23.09.2024 | rol re decision district court | MMA | 0.00% | 0.20 |
| 25.09.2024 | Preparation Call re Swiss Assets | OJY | 0.00% | 1.60 |
| 25.09.2024 | rev. emails Luc re service of process Switzerland | MMA | 0.00% | 0.20 |
| 25.09.2024 | conf OJA regarding ███████████████████ | GJ | 0.00% | 0.60 |
| 25.09.2024 | rol re service of process Switzerland | MMA | 0.00% | 0.40 |
| 26.09.2024 | Preparation Call re Swiss Assets | OJY | 0.00% | 3.95 |
| 26.09.2024 | rev. asset memo and documents | HA | 0.00% | 1.70 |
| 26.09.2024 | Call Luc Despins and Alex re: Swiss assets | HA | 0.00% | 0.70 |
| 26.09.2024 | call Luc re Swiss assets | MMA | 0.00% | 0.60 |
| 26.09.2024 | conf HA/OJY re memo ████████████ | MMA | 0.00% | 0.20 |
| 27.09.2024 | E-Mail Luc and Alex Internal Instructions | HA | 0.00% | 0.50 |
| 27.09.2024 | Memo on ████████████████████ | SSA | 0.00% | 4.45 |
| 27.09.2024 | Memo re ██████████████████ | OJY | 0.00% | 1.05 |
| 27.09.2024 | Draft Letters | OJY | 0.00% | 4.60 |

| 27.09.2024 | Study of relevant documents, such as  | SSA | 0.00% | 0.50 |
| 27.09.2024 | Meeting with OJY reg. memo on ▮▮▮ | SSA | 0.00% | 0.25 |
| 28.09.2024 | Call ▮▮▮ | HA | 0.00% | 0.30 |
| 30.09.2024 | Memo on ▮▮▮ | SSA | 0.00% | 5.00 |
| 30.09.2024 | Draft Letter re FRI | OJY | 0.00% | 4.80 |
| 30.09.2024 | Instruction to ▮▮▮ | HA | 0.00% | 0.50 |
| **Total excl. VAT** | | | | **42.15** |

## Expenses

| Date | Text | VAT | Amount CHF |
|---|---|---|---|
| 02.10.2024 | Disbursements | 0.00% | 339.10 |
| **Total excl. VAT** | | | **339.10** |

| Provider | Hours | Rate CHF | Amount CHF |
|---|---|---|---|
| Hayek, Daniel | 6.50 | 750.00 | 4'875.00 |
| Jany, Oliver | 21.50 | 375.00 | 8'062.50 |
| Jegher, Gion | 0.60 | 650.00 | 390.00 |
| Meili, Mark | 3.35 | 550.00 | 1'842.50 |
| Sangiorgio, Shannon | 10.20 | 175.00 | 1'785.00 |
| | 42.15 | 402.25 | 16'955.00 |

2