UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------x
:
In re:                                                    :     Chapter 11
:
HO WAN KWOK, *et al.,*                                     :     Case No. 22-50073 (JAM)
:
Debtors.[1]                                   :     Jointly Administered
:
-------------------------------------------------------x

## COVERSHEET FOR THIRD INTERIM FEE APPLICATION OF
## PALLAS PARTNERS LLP

| | |
|---|---|
| Interim Application of: | Pallas Partners LLP |
| Time Period: | May 1, 2024 through August 31, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | March 24, 2023 [ECF No. 1596] (effective as of January 26, 2023). |

**Amount Requested**
Fees:                          $64,800.00
Expenses:                     $151.24
**Total:**                    **$64,951.24**

**Reductions**
Voluntary Fee Reductions:              none
Voluntary Expenses Reductions:         none

**Fees Previously Requested:**
Requested Fees:               $425,863.00
Awarded Fees:                 $413,063.00
Paid Fees:                    $413,063.00

**Retainer Request:**
None

**Expenses Previously Requested:**
Requested Expenses:           $5,828.67
Awarded Expenses:             $901.63
Paid Fees:                    $901.63

**Expense Detail:**
Retainer Received:                Not applicable
Copies per page cost & total:     Not applicable

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
HO WAN KWOK, *et al.*,                      :    Case No. 22-50073 (JAM)
                                            :
                    Debtors.[1]             :    Jointly Administered
                                            :
-------------------------------------------------------x

**THIRD INTERIM FEE APPLICATION OF PALLAS PARTNERS LLP,**
**AS SOLICITORS IN UNITED KINGDOM, FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MAY 1, 2024**
**THROUGH AUGUST 31, 2024**

Pursuant to sections 105(a), 328, 330, and 331 of title 11 of the United States Code (such

title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local

Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement*

*of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim

Compensation Procedures Order"), Pallas Partners LLP ("Pallas"), as United Kingdom solicitors

to Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby files this *Third Interim Application of*

*Pallas Partners LLP, as Solicitors in United Kingdom, for Compensation and Reimbursement of*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
       mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
       Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
       Wan Kwok (solely for purposes of notices and communications).

*Expenses for the Period from May 1, 2024 through August 31, 2024* (the "Application"). By this Application, Pallas requests interim allowance of professional fees incurred during the period from May 1, 2024 through and including August 31, 2024 (the "Application Period") in these chapter 11 cases. In support of this Application, Pallas respectfully states as follows:

### JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.      Pallas believes that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2] Pallas respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.      Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application.

- **Exhibit B** is a timekeeper summary that includes the name, title, bar admission, hourly billing rate, aggregate hours, and amount of fees earned for each Pallas individual who provided services during the Application Period;

---

[2]      Pallas reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

- **Exhibit C** is a summary of expenses incurred and reimbursement sought, by expense type, during the Application Period; and

- **Exhibit D** contains the detail of the fees and expenses incurred during the Application Period.

## BACKGROUND

5.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.  No examiner has been appointed in the Individual Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

8.      Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case

9.      By order entered March 24, 2023, the Court authorized Pallas' retention as solicitor in the United Kingdom for the Trustee [ECF No. 1596] (the "Retention Order") effective as of January 26, 2022 in the Debtor's chapter 11 case.  The Retention Order authorizes Pallas to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 328 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.

3

10.     On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

11.     On December 27, 2023, Pallas filed its *First Interim Fee Application of Pallas Partners LLP, as Solicitors in United Kingdom, for Compensation and Reimbursement of Expenses for Period from January 26, 2023 Through November 30, 2023* [Docket No. 2475] (the "First Interim Fee Application"), requesting interim allowance of professional fees incurred during the period from January 26, 2023 through and including November 30, 2023 in these chapter 11 cases.  On January 24, 2024, the Court granted the First Interim Fee Application.

12.     On June 24, 2024, Pallas filed its *Second Interim Fee Application of Pallas Partners LLP, as Solicitors in United Kingdom, for Compensation and Reimbursement of Expenses for Period from December 1, 2023 Through April 30, 2024* [Docket No. 3277] (the "Second Interim Fee Application"), requesting interim allowance of professional fees incurred during the period from December 1, 2023 through and including April 30, 2024 in these chapter 11 cases.  On July 23, 2024, the Court granted the Second Interim Fee Application.

## ALLOWANCE REQUEST

13.     The Applicant is applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

14.     For the Application Period, the Applicant seeks allowance of $64,800 as compensation for services rendered and allowance and reimbursement of $151.24 in expenses incurred in connection with such services.  The Applicant devoted 61.2 hours to this case during the Application Period, equating to an overall blended rate of $1,019.

15.     Throughout the Application Period, the Applicant maintained records to indicate the name of each attorney or paraprofessional working on this matter, the time spent on a particular issue, and the nature of the work performed.  These records, which describe in detail the services rendered by the Applicant, were created at the approximate time the services were performed.

16.     Annexed hereto and made a part hereof as **<u>Exhibit D</u>** is a detailed billing report, upon which this application is based that contains each individual professional's time for the Debtors' bankruptcy cases, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates by each person rendering the service, the time spent in rendering such service, and the dollar value of such services.

## <u>SUMMARY OF SERVICES RENDERED</u>[3]

17.     Upon being formally instructed, Pallas was asked to provide detailed and strategic advice in connection with the English litigation proceedings (the "<u>UBS Action</u>") brought by the Individual Debtor, Ace Decade Holdings Limited ("<u>Second Claimant</u>") and Dawn State Limited ("<u>Third Claimant</u>") against UBS AG (the "<u>Defendant</u>") (Case CL-2020-000345), which litigation claims constitute property of the Individual Debtor's estate. In addition, Pallas has been asked by the Trustee to consider strategic options in England relating to Hamilton Capital Holding Ltd ("<u>Hamilton</u>"), an entity which the Trustee maintains is part of the Estate and which he is seeking to obtain control over, pursuant to Hamilton entering into administration (the "<u>Hamilton Administration</u>").

18.     During the Fee Period, Pallas has been continuing to advise the Trustee on several matters related to the UBS Action, including advising the Trustee on the most cost-efficient ways

---

[3] For the avoidance of doubt, no privilege is waived in respect of the summary of the services rendered.

to maximize value from the UBS Action for the benefit of the Individual Debtor's estate and its creditors.  In addition, Pallas has advised the Trustee in respect of matters arising under the Hamilton Administration in order to preserve value in the company and ensure that the Administration process does not seek to undermine and circumvent the Trustee's rights.

19.    In order to achieve the Trustee's objective of maximizing value for the benefit of the creditors, Pallas has remained focused on advising the Trustee on the process of obtaining control of the Second and Third Claimants for the purposes of the UBS Action and seeking a further stay of the English proceedings pending the relief sought in the BVI Courts which will ultimately be recognized in the English Courts.

20.    To that end, Pallas has assisted in continuing to advocate for, and liaise with the parties on, an extension to the stay of the English proceedings in order to ensure no steps can be taken by any party in England and to ensure that no costs are incurred by any parties. Upon the purported appointment of joint liquidators over Ace Decade (the "JLs"), Pallas has also been working with the Trustee to support his discussions and negotiations with the JLs in order to seek to obtain appropriate relief in the BVI and ultimately obtain control of the Second and Third Claimants for the purposes of the English proceedings. In respect of the Hamilton Administration, Pallas has assisted in reviewing the administrators' purported steps and proposing a strategy to ensure that the Trustee's rights are preserved and the Administration process monitored while the Trustee obtains related and relevant relief in the US.

## NO PRIOR APPLICATION

21.    No prior application for the relief requested has been made.

## LEGAL AUTHORITY FOR COMPENSATION

22.    All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

23.    Applicant respectfully submits that its services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy matters.  The legal services for which such compensation is requested were performed for and on behalf of the Trustee.  Such services have been necessary to protect and enforce the rights and interests of the Trustee in connection with these chapter 11 cases.  The reasonable value of services rendered by Pallas in these cases is based upon Pallas' usual hourly rates for matters of this nature.

24.    Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicant submits that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

25.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[4]

---

[4]    Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

26.     In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

27.     In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[5] while also incorporating the "lodestar method."  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130

---

[5]     The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr.

S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544

F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[6]  *See In re Nine Assocs.,*

*Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine*

*Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*,

403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON

BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial*

and *Johnson* as the "leading cases with regard to the factors to be considered in determining a

reasonable allowance of compensation").

28.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code

and applicable case law, the amount requested herein by Pallas is fair and reasonable.

## STATUTORY COMPLIANCE

29.     No agreement or understanding exists between Pallas and any other person for the

sharing of compensation received or to be received for services rendered in or in connection with

this matter.  Pallas will not, in any form or guise, share or agree to share compensation for

services with any person, nor will Pallas share in the compensation for any other person

rendering service in these cases, except as so provided by section 504(b) of the Bankruptcy Code

and Rule 2016 of the Bankruptcy Rules.

## RESERVATION OF RIGHTS

30.     To the extent that time or disbursement charges for services rendered or expenses

incurred during the Application Period are not included in this Application, or Pallas has for any

---

[6]     The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First
Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress.  *See Stroock
& Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403
(11th Cir. 1997).

reason not sought compensation or reimbursement with respect to such services, Pallas reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, Pallas does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

### **NO PRIOR REQUEST**

31.     No previous request for the relief sought herein has been made to this Court or any other court.

[*THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.*]

**WHEREFORE**, Pallas respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $64,800 and reimbursement of $151.24 in expenses, (ii) authorizing and directing prompt payment of the unpaid fees in the amount of $64,951.24 from the estates, (iii) allowing such compensation and payment for professional services rendered without prejudice to Pallas' right to seek further compensation and/or payment from the estates for the full value of services performed and expenses incurred, and (iv) granting Pallas such other and further relief as is just.

Dated: October 15, 2024
       London, United Kingdom

By: _____
    Natasha Harrison
    PALLAS PARTNERS LLP
    1 King William Street
    London, EC4N 7AF United Kingdom
    Telephone: +44 20 4574 1001
    Email: natasha.harrison@pallasllp.com

    *United Kingdom Solicitor to Luc A.*
    *Despins, Chapter 11 Trustee*

11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, et al., | Case No. 22-50073 (JAM) |
| Debtors.[1] | (Jointly Administered) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing application, and all attachments thereto (the "Application"),[2] was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtors' chapter 11 cases. Parties may access this filing through the Court's CM/ECF system.

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]  To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: October 15, 2024

By: /s/ G. Alexander Bongartz
    G. Alexander Bongartz (*pro hac vice*)
    Douglass Barron (*pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------x
                                :

In re:                      :  Chapter 11
                                :

HO WAN KWOK, *et al.*,      :  Case No. 22-50073 (JAM)
                                :

        Debtors.[1]        :  Jointly Administered
                                :

-------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD INTERIM FEE APPLICATION OF**
**PALLAS PARTNERS LLP, AS SOLICITORS IN UNITED KINGDOM, FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM**
**MAY 1, 2024 THROUGH AUGUST 31, 2024**

Upon consideration of the Application (the "Application") of Pallas Partners LLP

("Pallas") as solicitor in the United Kingdom to the Trustee[2] for interim allowance of

compensation and reimbursement of expenses from May 1, 2024 through August 31, 2024; and

sufficient notice having been given; and a hearing having been held on _____, 2024 and due

consideration having been given to any responses thereto; and sufficient cause having been

shown therefor, it is hereby:

    1.     ORDERED that the Application is granted, pursuant to 11 U.S.C. §§ 330 and 331,

and compensation in the amount of $64,800 and reimbursement of expenses in the amount of

$151.24 are awarded to Pallas, subject to final adjustment and disgorgement in the event all

administrative expenses are not paid in full; it is further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

2.      ORDERED that nothing herein modified the Retention Order; it is further

3.      ORDERED that the estates are authorized and directed to pay Pallas' fees and expenses in the aggregate amount of $64,951.24, within fourteen days of the date of this Order; it is further

4.      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.      ORDERED that the Debtors' estates and Pallas are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.      ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.      ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## EXHIBIT B

### Timekeeper Summary

### May 1, 2024 through August 31, 2024

| TIMEKEEPER | DATE OF FIRST BAR ADMISSION | TITLE | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|---|
| Natasha Harrison | 2005 | Partner | 6.5 | $1,400.00 | $9,100.00 |
| Matthew Getz | 2005 | Partner | 0.2 | $1,450.00 | $290.00 |
| Alessia De Quincey | 2015 | Associate | 46.6 | $1,050.00 | $48,930.00 |
| Nick Turvey | 2014 | Associate | 1.5 | $1,050.00 | $1,575.00 |
| Alysha Patel | 2022 | Associate | 1.8 | $825.00 | $1,485.00 |
| Jake White | 2021 | Associate | 2.8 | $900.00 | $2,520.00 |
| Nicolas White | | Paralegal | 1.8 | $500 | $900.00 |
| | | | | | |
| | | **Total:** | **61.2** | **$1,058.82** | **$64,800.00** |

**Blended Hourly Rate: $1,058.82**

# EXHIBIT C

## Summary of Actual and Necessary Expenses

| Expense Category | Amount |
|---|---|
| Court Fees | 151.24 |
| | |
| **TOTAL** | **151.24** |

## EXHIBIT D

**Fee and Expense Detail**



1 King William Street
London
EC4N 7AF

Tel: +44 (0)204 574 1000
accounts@pallasllp.com
www.pallasllp.com

# INVOICE

Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

| | |
|---|---|
| Invoice Date: | 27 June 2024 |
| Our VAT No: | 391 1218 14 |
| Our Ref: | 0001\16126.0001 |
| Invoice No: | 2441 |

**Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok for the period 01 May 2024 to 31 May 2024**

| | VAT % | VAT $ | VALUE $ |
|---|---|---|---|
| **Professional Charges** | 0.00 | 0.00 | 6,090.00 |

| | |
|---|---|
| **Fees Value** | 6,090.00 |
| **VAT** | 0.00 |
| **Invoice Total** | $6,090.00 |

*Pallas Partners*

**For and on behalf of Pallas Partners LLP**

Pallas Partners LLP is a limited liability partnership registered in England with registered number OC437491, and is authorised and regulated by the Solicitors Regulation Authority of England and Wales ("SRA") with SRA number 826251. A list of names of the members is available for inspection at our registered address at 1 King William Street, London, EC4N 7AF. The use of the term "partner" denotes a member of the LLP or an employee or consultant with equivalent standing and qualifications.

# PALLAS

## Fees Summary

Client Name:            Despins, Luc
Matter Name:            Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok
Client/Matter Number:   16126.0001
Invoice Period:         01 May 2024 to 31 May 2024
Invoice No:             2441

| Fee Earner | Title | Time (hrs) | Rate ($) | Value ($) |
|---|---|---|---|---|
| Alessia de Quincey | Associate | 3.40 | 1,050.00 | 3,570.00 |
| Jake White | Associate | 2.80 | 900.00 | 2,520.00 |
| **Total Fees** | | | | **$6,090.00** |



## Fees Detail

| | | |
|---|---|---|
| Client Name: | Despins, Luc | |
| Matter Name: | Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok | |
| Client/Matter Number: | 16126.0001 | |
| Invoice Period: | 01 May 2024 to 31 May 2024 | |
| Invoice No: | 2441 | |

| Date | Fee Earner | Description | Time (hrs) | Value ($) |
|---|---|---|---|---|
| 01-May-24 | Alessia de Quincey | Atention to counsel advice and emails on same. | 0.70 | 735.00 |
| 02-May-24 | Alessia de Quincey | Attention to handover and next steps and counsel fee applications. | 0.80 | 840.00 |
| 02-May-24 | Jake White | Reading into matter; call with A. de Quincey re instructions | 0.50 | 450.00 |
| 07-May-24 | Jake White | Liaise with Paul Hastings re draft fee application for UK barrister fees; amends to draft; call with clerk of UK barristers re comments to draft and request Peter Shaw comments to same | 0.90 | 810.00 |
| 09-May-24 | Jake White | Email 9 Stone Buildings team re draft fee application | 0.10 | 90.00 |
| 11-May-24 | Jake White | Review amended draft fee application received from UK barristers; email to Paul Hastings re draft fee application and next steps; review Paul Hastings follow-up and amends; email to UK barristers re final application | 0.70 | 630.00 |
| 14-May-24 | Jake White | Review email from UK barrister re final fee application; call with Alex Bongartz (Paul Hastings) re signing and filing formalities; call with Paul Wright (UK barrister) re signing and next steps; circulate signed fee application to Paul Hastings with confirmation to file | 0.60 | 540.00 |
| 20-May-24 | Alessia de Quincey | Attention to HSF correspondence. | 0.10 | 105.00 |
| 20-May-24 | Alessia de Quincey | Attention to client correspondence. | 0.10 | 105.00 |
| 20-May-24 | Alessia de Quincey | Attention to catch-up. | 0.60 | 630.00 |
| 21-May-24 | Alessia de Quincey | Attention to telephone conference and emails. | 0.40 | 420.00 |
| 22-May-24 | Alessia de Quincey | Attention to emails. | 0.20 | 210.00 |
| 28-May-24 | Alessia de Quincey | Attention to emails and next steps. | 0.50 | 525.00 |
| **Total Value Charged** | | | | **$6,090.00** |



1 King William Street
London
EC4N 7AF

Tel: +44 (0)204 574 1000
accounts@pallasllp.com
www.pallasllp.com

## INVOICE

Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

| | |
|---|---|
| Invoice Date: | 24 July 2024 |
| Our VAT No: | 391 1218 14 |
| Our Ref: | 0001\16126.0001 |
| Invoice No: | 2500 |

**Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok for the period 10 June 2024 to 30 June 2024**

| | VAT % | VAT $ | VALUE $ |
|---|---|---|---|
| **Professional Charges** | 0.00 | 0.00 | 20,000.00 |

| | |
|---|---|
| **Fees Value** | 20,000.00 |
| **VAT** | 0.00 |
| **Invoice Total** | $20,000.00 |

*Pallas Partners*

**For and on behalf of Pallas Partners LLP**

Pallas Partners LLP is a limited liability partnership registered in England with registered number OC437491, and is authorised and regulated by the Solicitors Regulation Authority of England and Wales ("SRA") with SRA number 826251. A list of names of the members is available for inspection at our registered address at 1 King William Street, London, EC4N 7AF. The use of the term "partner" denotes a member of the LLP or an employee or consultant with equivalent standing and qualifications.

PALLAS

## Fees Summary

Client Name: Despins, Luc
Matter Name: Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok
Client/Matter Number: 16126.0001
Invoice Period: 10 June 2024 to 30 June 2024
Invoice No: 2500

| Fee Earner | Title | Time (hrs) | Rate ($) | Value ($) |
|---|---|---|---|---|
| Natasha Harrison | Managing Partner | 5.30 | 1,400.00 | 7,420.00 |
| Alessia de Quincey | Associate | 11.60 | 1,050.00 | 12,180.00 |
| Nicholas White | Paralegal | 0.80 | 500.00 | 400.00 |
| **Total Fees** | | | | **$20,000.00** |

3

# PALLAS

## Fees Detail

| | | |
|---|---|---|
| Client Name: | Despins, Luc | |
| Matter Name: | Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok | |
| Client/Matter Number: | 16126.0001 | |
| Invoice Period: | 10 June 2024 to 30 June 2024 | |
| Invoice No: | 2500 | |

| Date | Fee Earner | Description | Time (hrs) | Value ($) |
|---|---|---|---|---|
| 10-Jun-24 | Natasha Harrison | Attention to file; inter partes correspondence and strategy. | 0.40 | 560.00 |
| 14-Jun-24 | Natasha Harrison | Attention to stay application; emails in/out; liaise internally. | 1.20 | 1,680.00 |
| 17-Jun-24 | Alessia de Quincey | Attention to correspondence and draft consent order for Harcus Parker and emails with client and internal team. | 1.20 | 1,260.00 |
| 18-Jun-24 | Natasha Harrison | Attention to draft witness statement; emails in/out with LD; liaise internally; attention to file. | 0.70 | 980.00 |
| 19-Jun-24 | Natasha Harrison | Attention to draft letter; emails in/out; attention to file.  Attention to witness evidence; liaise internally | 0.70 | 980.00 |
| 19-Jun-24 | Alessia de Quincey | Finalising correspondence and attention to inter paries correspondence. | 0.60 | 630.00 |
| 20-Jun-24 | Alessia de Quincey | Attention to correspondence for Herbert Smith Freehills and emails on same. | 0.70 | 735.00 |
| 20-Jun-24 | Alessia de Quincey | Attention to inter partes correspondence and client correspondence. | 1.50 | 1,575.00 |
| 24-Jun-24 | Alessia de Quincey | Attention to fee application and invoices and updating submission. | 2.50 | 2,625.00 |
| 25-Jun-24 | Alessia de Quincey | Attention to liquidation update and emails on same. | 0.60 | 630.00 |
| 26-Jun-24 | Natasha Harrison | Emails in/out re: liquidator appointment; strategy on stay. | 0.70 | 980.00 |
| 26-Jun-24 | Alessia de Quincey | Attention to call with client on liquidators. | 0.20 | 210.00 |
| 26-Jun-24 | Alessia de Quincey | Attention to updating consent order and inter partes correspondence. | 0.90 | 945.00 |
| 27-Jun-24 | Natasha Harrison | Attention to email in/out re: stay and JL appointment. | 0.40 | 560.00 |

PALLAS

| 27-Jun-24 | Alessia de Quincey | Attention to inter partes correspondence. | 1.50 | 1,575.00 |
|-----------|-------------------|-------------------------------------------|------|----------|
| 27-Jun-24 | Alessia de Quincey | Ongoing attention to client queries and correspondence. | 0.30 | 315.00 |
| 28-Jun-24 | Natasha Harrison | Attention to emails/ correspondence/ draft order; attention to file. | 1.20 | 1,680.00 |
| 28-Jun-24 | Alessia de Quincey | Attention to finalising consent order including inter partes correspondence and emails with client and internal team. | 1.60 | 1,680.00 |
| 28-Jun-24 | Nicholas White | Assisting A. de Quincey with compilation of Notes, filing of extension of time | 0.80 | 400.00 |

**Total Value Charged**                                                          **$20,000.00**



1 King William Street
London
EC4N 7AF

Tel: +44 (0)204 574 1000
accounts@pallasllp.com
www.pallasllp.com

# INVOICE

Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

| | |
|---|---|
| Invoice Date: | 30 August 2024 |
| Our VAT No: | 391 1218 14 |
| Our Ref: | 0001\16126.0001 |
| Invoice No: | 2586 |

**Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok for the period 01 July 2024 to 31 July 2024**

| | VAT % | VAT $ | VALUE $ |
|---|---|---|---|
| **Professional Charges** | 0.00 | 0.00 | 19,205.00 |
| **Disbursements** | | | |
| Court Costs-Filing Fees | 0.00 | 0.00 | 151.24 |

| | |
|---|---|
| **Fees Value** | 19,205.00 |
| **Disbursements** | 151.24 |
| **VAT** | 0.00 |
| **Invoice Total** | $19,356.24 |

*Pallas Partners*

**For and on behalf of Pallas Partners LLP**

Pallas Partners LLP is a limited liability partnership registered in England with registered number OC437491, and is authorised and regulated by the Solicitors Regulation Authority of England and Wales ("SRA") with SRA number 826251. A list of names of the members is available for inspection at our registered address at 1 King William Street, London, EC4N 7AF. The use of the term "partner" denotes a member of the LLP or an employee or consultant with equivalent standing and qualifications.

# PALLAS

## Fees Summary

| | | | | |
|---|---|---|---|---|
| Client Name: | Despins, Luc | | | |
| Matter Name: | Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok | | | |
| Client/Matter Number: | 16126.0001 | | | |
| Invoice Period: | 01 July 2024 to 31 July 2024 | | | |
| Invoice No: | 2586 | | | |

| Fee Earner | Title | Time (hrs) | Rate ($) | Value ($) |
|---|---|---|---|---|
| Natasha Harrison | Managing Partner | 1.20 | 1,950.00 | 1,680.00 |
| Alessia de Quincey | Associate | 14.80 | 1,050.00 | 15,540.00 |
| Alysha Patel | Associate | 1.80 | 825.00 | 1,485.00 |
| Nicholas White | Paralegal | 1.00 | 500.00 | 500.00 |
| **Total Fees** | | | | **$19,205.00** |

3

# PALLAS

## Fees Detail

| | | |
|---|---|---|
| Client Name: | Despins, Luc | |
| Matter Name: | Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok | |
| Client/Matter Number: | 16126.0001 | |
| Invoice Period: | 01 July 2024 to 31 July 2024 | |
| Invoice No: | 2586 | |

| Date | Fee Earner | Description | Time (hrs) | Value ($) |
|---|---|---|---|---|
| 01-Jul-24 | Alessia de Quincey | Attention to emails and Court follow-up regarding consent order including additional filing of documents. | 1.20 | 1,260.00 |
| 01-Jul-24 | Nicholas White | Correspondence with A. de Quincey re consent order filing; filing same | 0.70 | 350.00 |
| 02-Jul-24 | Alessia de Quincey | Preparing for and attending call with counsel including review of prior counsel advice and emails. | 1.40 | 1,470.00 |
| 03-Jul-24 | Alessia de Quincey | Attention to ad hoc queries and assistance on US filing and emails. | 1.60 | 1,680.00 |
| 04-Jul-24 | Alessia de Quincey | Attention to sealed court order and inter partes correspondence. | 0.60 | 630.00 |
| 04-Jul-24 | Nicholas White | Emails with court and A. de Quincey re order | 0.30 | 150.00 |
| 05-Jul-24 | Alessia de Quincey | Attention to HP correspondence and correspondence with counsel on next steps. | 0.40 | 420.00 |
| 08-Jul-24 | Natasha Harrison | Attention to emails; attention to draft correspondence; call with ADQ on draft and next steps | 1.20 | 1,680.00 |
| 08-Jul-24 | Alessia de Quincey | Attention to collateral use matters, including attention to emails and civil procedure rules, background facts and review of US filing, preparing for and attending calls with N. Harrison and counsel and recommended next steps. | 3.70 | 3,885.00 |
| 08-Jul-24 | Alysha Patel | Reviewing CPR commentary and authority re collateral use of documents in proceedings. | 1.80 | 1,485.00 |
| 09-Jul-24 | Alessia de Quincey | Attention to draft letters for HP and Court, including comments from N. Harrison and counsel, and client correspondence. | 1.50 | 1,575.00 |
| 10-Jul-24 | Alessia de Quincey | Attention to finalising correspondence with Court and Harcus Parker regarding exhibits included in the US | 2.40 | 2,520.00 |

4

# PALLAS

| | | | | |
|---|---|---|---|---|
| | | proceedings; attention to call with client on Harcus Parker correspondence; attention to emails and call with counsel regard approach. | | |
| 28-Jul-24 | Alessia de Quincey | Attention to HSF correspondence to the joint liquidators and emails on strategy response. | 0.60 | 630.00 |
| 29-Jul-24 | Alessia de Quincey | Attention to coordinating strategy with client and draft correspondence with HSF further to HSF correspondence with UBS. | 0.90 | 945.00 |
| 29-Jul-24 | Alessia de Quincey | Attention to latest matter developments in the US and BVI. | 0.20 | 210.00 |
| 30-Jul-24 | Alessia de Quincey | Finalising HSF correspondence and emails on same. | 0.30 | 315.00 |

**Total Value Charged**                                                                 **$19,205.00**

# PALLAS

## Disbursement Detail

Client Name:           Despins, Luc
Matter Name:           Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok
Client/Matter Number:  16126.0001
Invoice Period:        01 July 2024 to 31 July 2024
Invoice No:            2586

| Date | Disbursement | Description | Value ($) |
|------|--------------|-------------|-----------|
| 09-Jul-24 | Court Costs-Filing Fees | Vendor: HM Courts & Tribunals Service; Invoice#: 1032518; Date: 09/07/2024 - Court costs - 01/07/24 - FACCT-RBF-0000542065 Commercial Court Applicat ion to a Circuit Judge Part 7 Claim-CL-2020-0003 45-16126.0001 1603471719843071444 | 151.24 |

| | | | |
|------|--------------|-------------|-----------|
| **Disbursement Value Charged** | | | **$ 151.24** |

6



1 King William Street
London
EC4N 7AF

Tel: +44 (0)204 574 1000
accounts@pallasllp.com
www.pallasllp.com

# INVOICE

Luc Despins
200 Park Avenue
New York
NY 10166
United States of America

| | |
|---|---|
| Invoice Date: | 14 October 2024 |
| Our VAT No: | 391 1218 14 |
| Our Ref: | 0001\16126.0001 |
| Invoice No: | 2692 |

**Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok for the period 12 August 2024 to 30 September 2024**

| | VAT % | VAT $ | VALUE $ |
|---|---|---|---|
| **Professional Charges** | 0.00 | 0.00 | 19,505.00 |

| | |
|---|---|
| **Fees Value** | 19,505.00 |
| **VAT** | 0.00 |
| **Invoice Total** | $19,505.00 |

*Pallas Partners*

**For and on behalf of Pallas Partners LLP**

Pallas Partners LLP is a limited liability partnership registered in England with registered number OC437491, and is authorised and regulated by the Solicitors Regulation Authority of England and Wales ("SRA") with SRA number 826251. A list of names of the members is available for inspection at our registered address at 1 King William Street, London, EC4N 7AF. The use of the term "partner" denotes a member of the LLP or an employee or consultant with equivalent standing and qualifications.

# PALLAS

## Fees Summary

| | | |
|---|---|---|
| Client Name: | Despins, Luc | |
| Matter Name: | Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok | |
| Client/Matter Number: | 16126.0001 | |
| Invoice Period: | 12 August 2024 to 30 September 2024 | |
| Invoice No: | 2692 | |

| Fee Earner | Title | Time (hrs) | Rate ($) | Value ($) |
|---|---|---:|---:|---:|
| Matthew Getz | Partner | 0.20 | 1,450.00 | 290.00 |
| Alessia de Quincey | Associate | 16.80 | 1,050.00 | 17,640.00 |
| Nick Turvey | Counsel | 1.50 | 1,050.00 | 1,575.00 |
| **Total Fees** | | | | **$19,505.00** |

# PALLAS

## Fees Detail

| Client Name: | Despins, Luc |
|---|---|
| Matter Name: | Luc Despins in his capacity as Ch 11 Trustee of an individual Ho Wan Kwok |
| Client/Matter Number: | 16126.0001 |
| Invoice Period: | 12 August 2024 to 30 September 2024 |
| Invoice No: | 2692 |

| Date | Fee Earner | Description | Time (hrs) | Value ($) |
|---|---|---|---|---|
| 12-Aug-24 | Alessia de Quincey | Attention to emails with client on latest developments. | 0.10 | 105.00 |
| 16-Aug-24 | Alessia de Quincey | Attention to emails with client. | 0.10 | 105.00 |
| 19-Aug-24 | Alessia de Quincey | Preparing draft letter and consent order seeking stay extension in English proceedings and emails with client on same. | 1.60 | 1,680.00 |
| 21-Aug-24 | Matthew Getz | Review stay letter. | 0.20 | 290.00 |
| 21-Aug-24 | Nick Turvey | Exchange with A de Quincey, review documents; internal call to discuss next steps and analysis. | 0.50 | 525.00 |
| 21-Aug-24 | Alessia de Quincey | Attention to correspondence for all parties regarding UBS stay extension and emails on same. | 1.20 | 1,260.00 |
| 21-Aug-24 | Alessia de Quincey | Attention to queries on UK administration process and outline on same with client including consideration of impact on US action. | 1.00 | 1,050.00 |
| 23-Aug-24 | Alessia de Quincey | Attention to emails on Hamilton administrators' application to vary worldwide freezer order and preliminary attention to application. | 1.20 | 1,260.00 |
| 27-Aug-24 | Alessia de Quincey | Attention to client queries regarding Hamilton administrators' application in UK. | 0.80 | 840.00 |
| 27-Aug-24 | Alessia de Quincey | Attention to correspondence with Bowmans regarding application. | 0.40 | 420.00 |
| 27-Aug-24 | Alessia de Quincey | Attention to seeking listing information on application. | 0.30 | 315.00 |
| 28-Aug-24 | Nick Turvey | Call with A de Quincey, review email and consider issues/client query; review draft client update from ADQ and comment on same. | 1.00 | 1,050.00 |
| 28-Aug-24 | Alessia de Quincey | Preparing for and attending call with counsel regarding next steps in | 0.60 | 630.00 |

4

# PALLAS

| Date | Name | Description | Hours | Value |
|------|------|-------------|-------|-------|
| | | Hamilton administrator proceedings and K Legacy client query. | | |
| 28-Aug-24 | Alessia de Quincey | Preparing for and attending call with client on Hamilton administrator proceedings and agreeing strategy. | 1.00 | 1,050.00 |
| 28-Aug-24 | Alessia de Quincey | Attention to emails with client and counsel. | 0.60 | 630.00 |
| 28-Aug-24 | Alessia de Quincey | Attention to drafting letter to administrators raising concerns regarding application to vary worldwide freezing order and further attention to application in respect of same. | 1.80 | 1,890.00 |
| 29-Aug-24 | Alessia de Quincey | Attention to client and counsel comments on letter from client to administrators and updating based on input and attention to exhibits. | 1.80 | 1,890.00 |
| 29-Aug-24 | Alessia de Quincey | Attention to correspondence on stay in UBS proceedings and emails liaising with client on same. | 0.70 | 735.00 |
| 29-Aug-24 | Alessia de Quincey | Attention to correspondence with administrators' counsel. | 0.30 | 315.00 |
| 29-Aug-24 | Alessia de Quincey | Attention to updating conflicts check and emails on same. | 0.40 | 420.00 |
| 29-Aug-24 | Alessia de Quincey | Attention to emails and N. Harrison update on Hamilton related matters. | 0.50 | 525.00 |
| 30-Aug-24 | Alessia de Quincey | Attention to emails on next steps regarding Hamilton administrators' application. | 0.60 | 630.00 |
| 30-Aug-24 | Alessia de Quincey | Attention to Hamilton summary from US team regarding background to matter and notes on same. | 1.00 | 1,050.00 |
| 30-Aug-24 | Alessia de Quincey | Attention to finalising consent order regarding extension stay request in UBS English proceedings and correspondence on same with parties. | 0.80 | 840.00 |

**Total Value Charged** **$19,505.00**