**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
|    Ho Wan Kwok, | : Case No. 22-50073 (JAM) |
| | : Jointly Administered |
|    Debtor.[1] | : |
| | : |
| | : |

**FEE APPLICATION COVER SHEET**

FIFTH Interim/~~Final~~ Fee application of:    Pullman & Comley, LLC

Time Period:  From: May 1, 2024    To:   August 31, 2024

Bankruptcy Petition Filed:   February 15, 2022

Date of Entry of Retention Order:   April 29, 2022 effective as of March 29, 2022

**Amount Requested**                    **Reductions**

Fees:        $29,457.00           Voluntary Fee Reductions:   $0

Expenses:   $   293.10           Expenses:   $0

Total:        $29,750.10

**Retainer Request:**                **Expense Detail:**

Retainer Received           __N/A___    Retainer Received           ___N/A_____
Prior award applied         __N/A___    Prior award applied         ___N/A_____
Balance before this request __N/A___    Balance before this request ___N/A_____
                                        Copies per page cost and total___N/A_____

**Hours and Rates per professional:**

Hours  20.3   Rate  $590.00        Kristin B. Mayhew
Hours  38.0   Rate  $460.00        Jonathan A. Kaplan

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor. | : |
| | : |
| | : |

**FIFTH INTERIM APPLICATION OF PULLMAN & COMLEY, LLC, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2024 THROUGH AUGUST 31, 2024**

| | |
|---|---|
| **Name of Applicant:** | Pullman & Comley, LLC |
| **Authorized to provide professional services to:** | The Official Committee of Unsecured Creditors |
| **Date of Retention:** | April 29, 2022 effective as of March 29, 2022 |
| **Period for which compensation and reimbursement is sought:** | May 1, 2024 through August 31, 2024 |
| **Amount of Compensation sought as actual, reasonable and necessary:** | $29,457.00 |
| **Amount of Expense Reimbursement sought as actual, reasonable and necessary:** | $293.10 |
| **Voluntary Reductions:** | $0.00 |

This is a(n): ☑ Interim    ☐ Final application

## PRIOR APPLICATION HISTORY

| Application | Date Filed | Period Covered | Requested Fees 100% | Expenses | Monthly Statements Fees 80% | Expenses | Certificate of No Objection / Signed Order |
|---|---|---|---|---|---|---|---|
| First Interim | 6/20/23 | 3/29/2022-4/30/23 | $504,742.00 | $709.53 | $12,226.88 | $0.00 | 7/20/2023 |
| Fee Statement | 9/20/23 | 8/1/2023-8/31/2023 | $19,104.50 | -0- | $15,283.60 | $0.00 | N/A |
| Fee Statement | 10/20/23 | 9/1/2023-9/30/2023 | $32,627.50 | -0- | $26,102.00 | $0.00 | N/A |
| Second Interim | 10/16/23 | 5/1/2023 – 8/31/2023 | $86,457.50 | $1,751.60 | NA | NA | 11/30/2023 |
| Third Interim | 2/14/24 | 9/1/2023 – 12/31/2023 | $89,835.50 | $392.14 | NA | NA | 3/20/2024 |
| Fourth Interim | 6/24/24 | 1/1/24 – 4/30/24 | $56,420.00 | $548.40 | NA | NA | 7/23/2024 |

### SUMMARY OF PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES FROM MAY 1, 2024 THROUGH AUGUST 31, 2024

| Timekeeper Name | Year Admitted | Title/Department | Hours Worked | Rate | Bill Amount |
|---|---|---|---|---|---|
| Kaplan, Jonathan A. | 2005 | Partner/Litigation and Bankruptcy | 38.0 | $460 | $17,480.00 |
| Mayhew, Kristin B. | 1999 | Partner/Litigation and Bankruptcy | 20.3 | $590 | $11,977.00 |
| **TOTAL ALL TIMEKEEPERS** | | | **58.3** | | **$29,457.00** |
| | | | | **Attorney Blended Rate** | **$505.27** |

### SUMMARY OF COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD OF MAY 1, 2024 THROUGH AUGUST 31, 2024

| Task Number | Task Description | Hours | Total |
|---|---|---|---|
| 1 | Case Administration | 24.8 | $13,462.00 |
| 2 | Meetings and Communication with Creditors | 1.6 | $736.00 |
| 3 | Fee/Employment Applications | 22.2 | $10,797.00 |
| 4 | DIP Financing | .70 | $460.00 |
| 5 | Asset Analysis and Recovery | 8.7 | $4,002.00 |
| | **Total Fees Rendered This Statement** | **58.3** | **$29,475.00** |

`

**EXPENSE SUMMARY FOR THE PERIOD OF**
**MAY 1, 2024 THROUGH AUGUST 31, 2024**

| | |
|---|---:|
| Court telephonic hearing fees | $0 |
| Express Mail | $0 |
| External Phone Charges | $0 |
| Copies | $293.10 |
| Travel and related expenses (parking) | $0 |
| Business Lunch | $0 |
| Certificate of Good Standing | $0 |
| **Total Disbursements** | **$293.10** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Ho Wan Kwok, | : Case No. 22-50073 |
| | : |
| Debtor.[1] | : |
| | : |
| | : |

**FIFTH INTERIM APPLICATION OF PULLMAN & COMLEY, LLC, AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM MAY 1, 2024 THROUGH AUGUST 31, 2024**

Pursuant to 11 U.S.C. §§ 330 and 331, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1, Pullman & Comley, LLC ("P&C"), as counsel to the Official Committee of Unsecured Creditors in the Debtor's Chapter 11 Case (the "Committee"), appointed in the chapter 11 case of the Debtor, Ho Wan Kwok (the "Debtor"), submits its third interim application (the "Application") for allowance of compensation and reimbursement of expenses for the period of May 1, 2024 through August 31, 2024 (the "Fee Period"). By this Application, P&C seeks an interim allowance of compensation in the amount of $29,475.00 and expense reimbursement in the amount of $293.10. In support of this Application, P&C respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**BACKGROUND**

1. On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut, thereby commencing this Chapter 11 case (the "Chapter 11 Case").

2. The Debtor remained a debtor in possession under sections 1101(1) and 1106(a) until a chapter 11 trustee, Luc A. Despins (the "Trustee"), was appointed by the United States trustee ("UST") on July 7, 2022 and approved by the Court on July 8, 2022.

3. On March 21, 2022, the UST appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

4. Shortly after its appointment, the Committee selected P&C as its counsel and on April 5, 2022, filed its Application to Employ Pullman & Comley, LLC as Counsel to the Official Committee of Unsecured Creditors.

5. On April 29, 2022, the Court entered the *Order Authorizing Retention and Employment of Pullman & Comley, LLC as Counsel for the Official Committee of Unsecured Creditors*, which was made effective as of March 29, 2022 ("Retention Order"). The Retention Order authorizes P&C to be compensated in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure, the rules of this Court and any Order entered by this Court with respect to the compensation of professionals.

6. Through the Application, P&C seeks allowance of compensation for professional services rendered for and on behalf of the Committee during the Fee Period. A detailed description of services rendered during the Fee Period in the form of P&C's monthly invoices, which also contain the disbursements it incurred in connection with the rendition of P&C's services, is annexed hereto as Exhibit "A".

**BRIEF CASE HISTORY**

7. The Debtor commenced the Chapter 11 Case one day before the date by which he was ordered to pay a $134,000,000 contempt fine (the "Contempt Order") to Pacific Alliance Asia Opportunity Fund, L.P. ("PAX") in the action, PAX v. Kwok, Index No. 652077/2017, pending in New York Supreme Court (the "New York Action").

8. Give the long-standing and acrimonious litigation history between PAX and the Debtor, on March 1, 2022 PAX promptly moved for relief from the automatic stay to return to the New York Action for purposes of enforcing the Contempt Order (the "PAX Lift Stay Motion").

9. On March 19, 2022, the UST filed a Motion for Order Directing Appointment of an Examiner, or in the Alternative, Motion for Order Directing the Appointment of a Chapter 11 Trustee ("UST 1104 Motion").

10. On April 6, 2022, PAX filed a Motion to Dismiss Chapter 11 Case or, in the Alternative, Partial Joinder to United States Trustee's Motion for Order Directing the Appointment of a Chapter 11 Trustee ("PAX Motion to Dismiss").

11. While the UST 1104 Motion and PAX Motion to Dismiss remained pending, the PAX Lift Stay Motion was resolved by a Stipulated Order Compelling HK International Funds Investments (USA) Limited, LLC to Transport and Deliver That Certain Yacht, The "Lady May," entered on April 29, 2022. The focus of the Chapter 11 Case then turned to whether it should be dismissed, which was the principal form of relief requested in the PAX Motion to Dismiss, or converted, or whether a Chapter 11 trustee should be appointed. The Committee was the principal party opposing the PAX Motion to Dismiss, which was scheduled for an evidentiary hearing on May 25, 2022.

12. Prior to and while pretrial proceedings relating to the PAX Motion to Dismiss were proceeding, the parties and the Court were dealing with a number of early case motions filed by

the Debtor and opposed by the Committee or other parties in interest, in whole or in part, including (i) applications to retain Brown Rudnick LLP as Debtor's counsel, Verdolino & Lowey, P.C. as Debtor's financial advisor, and Stretto, Inc. as its claims and noticing agent (all filed on March 16, 2022), (ii) Debtor's for Entry of an Order Authorizing (I) Employment and Payment of Professionals Utilized in the Ordinary Course, (II) Payment of Prepetition Claims, and (III) Granting Related Relief, filed on March 22, 2022 (the "OCP Motion"), and (iii) Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief, filed on March 22, 2022 (the "DIP Motion"), which proposed an $8 million unsecured, subordinated loan to the estate, $4 million of which would be dedicated to payment of professional fees of the Committee and/or and examiner to conduct an investigation into the Debtor's assets and financial affairs.

12.     While the Committee was able to negotiate further concessions from the proposed DIP lender, Golden Spring (New York) Ltd. ("Golden Spring"), including preservation of alter ego claims against Golden Spring notwithstanding its proposed financing, the Court was having reservations with the proposed loan and was proceeding incrementally by requiring fee budgets from the parties for more defined periods of time and scheduled a hearing on the DIP Motion and other matters, including the applications to retain Brown Rudnick and Verdolino & Lowey, for April 27, 2022.  At that hearing, the DIP Motion was continued for hearing on May 4, 2022, after which the Court took the matter under advisement.

13.     On May 11, 2022, however, before the Court could issue its decision on the DIP Motion, the Debtor filed a Consent to the Dismissal of the Chapter 11 Case and a Notice of Withdrawal of the DIP Motion.

14. The Committee vigorously opposed the PAX Motion to Dismiss, which was the subject of an evidentiary hearing on May 25, 2022 after substantial briefing by the parties, exchange of trial exhibits and other pretrial proceedings. On June 15, 2022, the Court issued its Memorandum of Decision and Order Denying Motion to Dismiss Without Prejudice and Granting Joinder to Motion for Appointment of Chapter 11 Trustee.

13. On July 7, 2022, the UST appointed the Trustee as the chapter 11 trustee of the Debtor's estate and his appointment was approved by the Court on July 8, 2022.

14. Litigation almost immediately ensued by the Debtor's filing of an objection to the Trustee's appointment, a motion for relief from the order appointing the Trustee, and an objection to the Trustee's application to retain his firm, Paul Hastings LLP, as his counsel. All of these attempts by the Debtor to oust the Trustee[2] and prevent his retention of counsel were denied by the Court by orders entered on August 2, 2022.

15. Since the Trustee's appointment, the Committee has taken a supportive role in the administration of the Chapter 11 Case, consulting with the Trustee as necessary in the administration of the Chapter 11 Case, 11 U.S.C. § 1103(a)(1), and serving a "watchdog" function. *See e.g. In re Commercial Mortgage and Finance Co.*, 414 B.R. 389, 400 (Bankr. N.D. Ill. 2009) (recognizing that "creditor committees often serve a 'watchdog' function").

## SUMMARY OF SERVICES BY PROJECT CATEGORY

16. The services rendered by P&C during the Fee Period are itemized as set forth in Exhibit "A" and summarized by project category as follows:

---

[2] The Debtor later filed a motion to remove the Trustee on December 30, 2022, which was opposed by the Committee and, of course, the Trustee, and was withdrawn by the Debtor on April 5, 2023.

- 5 -

    A.    <u>Case Administration</u>:    Fees: $13,462.00    Hours: 24.8

    17.    Among the myriad services performed by the Committee in this project category were reviewing pleadings, other papers and court orders or decisions, attending any court hearings, and engaging in discussions with the Trustee or his counsel, relating to the Debtor's case and the following contested matters and adversary proceedings: the Debtor's pending criminal matter in the U.S. District Court for the Southern District of New York and criminal trial and conviction, the renewed motion to stay the bankruptcy case, review of monthly operating reports, the Trustee's motion to extend or toll the statute of limitations for avoidance actions, the Trustee's motion to stay adversary proceedings, motion to approve procedures in adversary proceedings/avoidance actions, motion for order to amend mediation procedures, the Trustee's motion to approve pre-litigation mediation procedures, motion for default judgment against Ace Decade and the Trustee's motion to seal and motion to preserve evidence.

    B.    <u>Communications with Creditors</u>    Fees: $736.00  Hours: 1.6

    18.    Services within this project category included telephone conferences and email communications with members of the Committee concerning the Trustee's motion to establish procedures for avoidance claims/adversary proceedings, the Trustee's motion to extend/toll the statute of limitations, the Trustee's adversary proceeding asserting a RICO claim against various parties, the interim fee applications of various parties, the Debtor's criminal trial pending in the Southern District of New York, and updates on various hearings/rulings.

    C.    <u>Fee and Employment Applications</u>    Fees: $10,797.00    Hours: 22.2

    19.    Services included within this project category included reviewing and reporting to the Committee on the interim fee applications and monthly fee statements of the Trustee's professionals, including Paul Hastings, Neubert Pepe & Monteith, EPIQ, Harney, Westwood & Reigels, O'Sullivan McCormack, Jensen & Bliss, Pallas Partners, Kroll, Prager Dreiffus AG, and

Eisner Advisory, review of the Trustee's application to employ real estate broker for Greenwich property, and attending hearings related to such matters, including communications with U.S. Trustee's office and Trustee's counsel, and reviewing the underlying invoices and preparing a fourth interim fee application for Pullman & Comley, LLC as counsel to the Committee and attending the hearing thereon.

        D.      <u>DIP Financing</u>      Fees: $460.00      Hours: .7

        20.      Services in this project category included reviewing the Trustee's motion to increase the amount of the DIP loan from the Debtor's estate to the Genever Holdings estate for payment of repairs and preservation expenses of the Sherry Netherland apartment and apprising the Committee regarding the motion.

        E.      <u>Asset Analysis and Recovery</u>      Fees: $4,002.00      Hours: 8.7

        21.      Services in this project category included reviewing the Trustee's updates concerning the proceeding in the BVI relating to the London apartment, the Trustee's motion for order regarding the transfer of the Ducati motorcycle, the Trustee's motion to liquidate the VCTR shares, the rehabilitation and remodeling of the Sherry-Netherlands apartment including the selection of a general contractor for remediation, invoices from architect and other parties and status reports, the Trustee's emergency motion for order authorizing funding for the Mahwah mansion, review and analysis of multiple adversary complaints to avoid fraudulent transfers, and review of the Trustee's omnibus motion for 2004 examinations.

## **DISBURSEMENTS**

        22.      P&C incurred reasonable and necessary out-of-pocket expenses in the sum of $293.10 in connection with rendering legal services to the Committee during the Fee Period. These disbursements consisted of copying charges and parking expenses.

**VALUATION OF SERVICES & RELIEF REQUESTED**

23. Attorneys and paraprofessionals employed by P&C have expended a total of 58.3 hours in connection with this matter during the Fee Period detailed below. The nature of the work performed by these persons is fully set forth in the detail attached hereto as Exhibit "A". The hourly rates set forth above were P&C's current hourly rates for work of this nature at the time the services were rendered. The reasonable value of the services rendered by P&C for the Fee Period as counsel to the Committee is $29,750.10.

24. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in a case under this title.

25. This is P&C's fifth interim application. P&C has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases, and there is no agreement or understanding between P&C and any other person, other than members of P&C, for the sharing of compensation to be received for services rendered in these cases. No prior application has been made to this or any other Court for this Fee Period or for the allowance of fees and disbursements sought herein.

26. This Application covers the period of May 1, 2024 to August 31, 2024. P&C has and will continue to perform additional necessary services subsequent to August 31, 2024, for which P&C will file subsequent fee applications.

27. Annexed hereto as Exhibit "B", and made part hereof, is a Certification of Kristin B. Mayhew, Esq, a member of P&C, submitted pursuant to section 504 of the Bankruptcy Code.

**WHEREFORE**, P&C respectfully requests the Court enter an order, substantially in the form attached hereto, providing: (a) that an interim allowance be made to P&C for the period from

May 1, 2024 to August 31, 2024 in the amount of (i) $29,457.00 as compensation for necessary professional services rendered, and (ii) $293.10 for actual and necessary expenses incurred, for a total of $29,750.10; (b) that the Trustee be authorized and directed to pay P&C the outstanding amount of such sums; and (c) for such other and further relief as may be just and proper.

Dated: Bridgeport, Connecticut
      October 21, 2024

Respectfully submitted,

**PULLMAN & COMLEY, LLC**

*/s/Irve J. Goldman*
Irve J. Goldman, Esq. (ct02404)
Kristin B. Mayhew (ct20896)
Jonathan A. Kaplan, Esq. (ct27126)
850 Main Street, 8th Floor
P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2213
Facsimile: (203) 576-8888
E-mail: jgoldman@pullcom.com
        kmayhew@pullcom.com
        jkaplan@pullcom.com

*Counsel to the Official Committee of Unsecured Creditors*