**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| IN RE:<br>HO WAN KWOK, et al.,<br>　　　　　　　　　　　　　*Debtors*.[1] | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br>October 28, 2024 |

**MEMORANDUM OF LAW IN SUPPORT OF G CLUB OPERATIONS LLC'S MOTION TO QUASH AND OBJECTION TO THE TRUSTEE'S <u>RULE 2004 EXAMINATION SUBPOENA</u>**

Pursuant to Fed. R. Civ. P. 45, as made applicable pursuant to Fed. R. Bankr. P. 7045 and 9016, G Club Operations LLC ("G Club") hereby submits the following memorandum of law in support of its motion to quash and objection to the subpoena dated October 9, 2024 (the "Subpoena") that was served by Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors") and issued pursuant to 11 U.S.C. § 1109(b), Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bankruptcy Rule 2004, and Local Bankruptcy Rule 2004-1. A copy of the Subpoena is attached hereto as <u>Exhibit A</u>.

## I.    INTRODUCTION

The Subpoena should be quashed because it impermissibly: (a) seeks to take a deposition of a Puerto Rico entity in New York; (b) fails to provide G Club with adequate time to prepare for

---

[1] The Debtors in the main Chapter 11 case are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok.

{00383456.3 }

any deposition; (c) violates the "Pending Action Doctrine," as G Club has been sued in at least three (3) adversary proceedings (as described below) and is implicated in dozens of others; (d) the specific deposition topics exceed the scope of a permissible discovery even under the broad elements of Rule 2004, in that many of the topics are overbroad or vague; and (e) doesn't comply with D. Conn. L. R. Bankr. P. (the "Local Rule") 2004-1 regarding the scheduling of a 2004 examination. Therefore, the Court should quash the Subpoena.

## II.   FACTS AND BACKGROUND[2]

### A.   Factual Background

On February 15, 2022 (the "Petition Date"), Debtor Ho Won Kwok ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Trustee filed more than 275 adversary proceedings related to the above-captioned case. Three of these adversary proceedings are against G Club: *Despins v. Lamp Capital LLC et al.*, Adv. Pro. 5:24-ap-05275 (the "Omnibus Fraudulent Transfer AP"); *Despins v. NGOK et al.*, Adv. Pro. 5:24-ap-05273 (the "Civil RICO AP"); and *Despins v. ACA Capital Group Ltd. et al.*, Adv. Pro. 5:24-ap-05249 (the "Omnibus Alter Ego AP") (collectively, the "Adversary Proceedings"). The Omnibus Fraudulent Transfer AP is stayed pending further order of the court. ECF No.[3] 3163, ¶ 2(e)(i). On October 9, 2024, the Trustee moved to stay discover in all avoidance actions, which would include the Omnibus Fraudulent Transfer AP, until the court rules on a joint brief submitted by several other defendants. ECF No. 3659. Further, G Club has filed motions to dismiss that remain pending in the other two adversary proceedings, and discovery is not currently stayed in those two adversary proceedings. Civil RICO AP, ECF No. 80-81; Omnibus Alter Ego AP, ECF No. 82-83.

---

[2] G Club only sets forth facts specifically relevant to its Objection to the Subpoena.
[3] "ECF No.__" shall reference the main bankruptcy case unless otherwise specified.

{00383456.3}

### B. The Present Discovery Dispute

On October 9, 2024, the Trustee served G Club, a Puerto Rico limited liability company that has its principal place of business in Puerto Rico, with the Subpoena, seeking to take a Rule 2004 examination of G Club in Paul Hastings' office in New York, New York, on October 18, 2024.

On October 10, 2024, counsel for the parties communicated to attempt to resolve issues concerning the Subpoena. During this initial call, the undersigned advised counsel for the Trustee that G Club's representative, Andrew Childe, was unavailable to speak until October 17th. Thus, following the initial call, the Trustee agreed to extend the date of the deposition to October 25th. Additional discussions were had on October 21st and the parties have been engaged in efforts to reach a compromise concerning the Subpoena and the compliance date was further extended, as set forth below. Therefore, while the parties' efforts to resolve this dispute remain ongoing, counsel for the Trustee has requested this matter be resolved as soon as possible. However, given various scheduling issues G Club proposes the following schedule for adjudication, should they be unable to resolve this matter:

- The Trustee shall file his opposition to the Motion on or before November 1, 2024;
- A hearing on the Motion shall be held on November 6, 2024,[4] or as the Court may so otherwise order; and
- If the Motion is denied, a representative(s) of G Club shall be deposed on November 20, 2024.

---

[4] The undersigned is unavailable for a hearing on November 5, 2024, as he will be in a mediation with the Honorable James Siciilan in the matter of *Fiano v. 425 Hartford Turnpike Associates, LLP*, Case No. TTD-CV24-6029505-S (J.D. of Tolland at Rockville).

{00383456.3}

### III. LAW AND ARGUMENT

#### A. Rule 2004 Examinations Generally

The scope of an examination permitted by Rule 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the bankruptcy estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b); *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45 (d)(3)(a). "The party seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Millennium Lab Holdings, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016).

Further, "Rule 2004 examinations… may not be used for the purposes of abuse or harassment, and cannot stray into matters not relevant to the basic inquiry." *In re Orion Healthcorp, Inc.*, 596 B.R. 228, 235 (Bankr. E.D.N.Y. 2019)) (quotations omitted). Moreover, courts consistently acknowledge that "[i]t is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Kearney*, 590 B.R. 913, 921 (Bankr. D.N.M. 2018), *quoting Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) (collecting cases).

B. **The Subpoena is Facially Improper as it Seeks a Deposition in New York and G Club is Domiciled in Puerto Rico**

"A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45 (c)(1), made applicable by Fed. R. Bankr. P. 2004(c) and 9016; *see also Lazare Kaplan Int'l, Inc. v. KBC Bank N.V.,* 337 F. Supp. 3d 274, 302 (S.D.N.Y. 2018) (acknowledging that entities that reside in Belgium or other foreign jurisdictions "fall outside of this Court's subpoena power and thus cannot be compelled to give evidence in this case"). "[T]he test for determining 'residence' . . . turns on 'whether [the individual] has a significant connection with some locality in the State as a result of living there for some length of time during the course of the year.'" *In re Yukos Hydrocarbons Invs. Ltd.*, 2009 U.S. Dist. LEXIS 121268, at *14 (N.D.N.Y. Dec. 30, 2009), *quoting Antone v. General Motors Corp.*, 64 N.Y.2d 20, 30, 473 N.E.2d 742, 484 N.Y.S.2d 514 (1984).

Here, the Subpoena calls for a G Club designee to attend an in-person deposition in New York City. G Club is a Puerto Rico LLC that has its principal place of business in San Juan, Puerto Rico, and its agents reside outside the United States. G Club has no offices or places of business in New York and does not reside or regularly transact business in person within New York, much less within 100 miles of Paul Hastings' office in New York City. Compelling G Club to attend a Rule 2004 deposition in New York would require a representative of G Club to undertake the substantial time, expense, and burden of traveling overseas to New York, which is the precise burden that Fed. R. Civ. P. 45 (c)(1) is designed to prevent. Having elected to issue a facially defective Subpoena, the Court should quash it.

### C. The Pending Proceeding Doctrine Prohibits this 2004 Examination

"The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 et seq., rather than by a Fed. R. Bankr. P. 2004 examination." *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996); *see also In re 2435 Plainfield Ave., Inc.,* 223 B.R. 440, 455 (Bankr. D. N.J. 1998) ("The majority of courts that have addressed this issue have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending.") (collecting cases).[5] This rule is rooted in the courts' "concern that Rule 2004 examinations not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure." *In re Enron Corp.*, 281 B.R. at 841.

Here, the Subpoena seeks information directly related to the Adversary Proceedings against G Club. The Adversary Proceedings allege that G Club is an alter ego of Debtor and part of a Debtor's complex "shell game." Omnibus Fraudulent Transfer AP, ECF No. 1, ¶¶ 3, 42; Civil RICO AP, ECF No. 1, ¶¶ 8, 143; Omnibus Alter Ego AP, ECF No. 1, ¶¶ 51, 74. The Omnibus Alter Ego AP alleges that G Club's financial and legal affairs were delegated to Debtor's New York based employees. Omnibus Alter Ego AP, ECF No. 1, ¶ 90. The information sought in the Subpoena—related to the management and governance of G Club, the business it has engaged in, the source of its legal funds, and those with the ability to direct its litigation—is directly related to the topics that are at issue in the Adversary Proceedings. As such, the Trustee cannot use a Rule 2004 examination to get around the procedural safeguards of discovery in those Adversary

---

[5] This rule is often referred to as the pending proceeding rule. *See, e.g.*, 9 Collier on Bankruptcy P 2004.01 (16th 2024) ("The courts have developed an exception to Bankruptcy Rule 2004, the 'pending proceeding rule.' If an adversary proceeding or a contested matter is pending, then the parties to that proceeding or matter may no longer utilize the liberal provisions of Bankruptcy Rule 2004") (footnotes omitted); *In re MF Glob. Inc.*, 2013 Bankr. LEXIS 129, at *4-5 (Bankr. S.D.N.Y. Jan. 8, 2013) ("[T]he so-called 'pending proceeding rule' does not permit Rule 2004 examinations when proceedings are pending in another forum.").

Proceedings. *See In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 29-30 (holding 2004 examination "would unavoidably and unintentionally create a back door through which the Trustee could circumvent the limitations of Fed. R. Bankr. P. 7026 et seq." in part because it was difficult, if not impossible, to determine whether and to what extent information obtained from a Rule 2004 examination would not be related to the subject matter of the adversary proceeding when the adversary proceeding alleged a "financial superweb").

The application of the pending proceeding doctrine is particularly appropriate here where G Club has moved to dismiss the Adversary Proceedings directly against it, and discovery should be stayed in any claim related to G Club. Here, the Trustee is trying to get discovery on the very issue before the Court in those matters—whether G Club is somehow an alter ego of Mr. Kwok—without using the proper discovery methods or abiding by Rule 26. The Subpoena should, thus, be quashed.

        **D.**      **The Subpoena Seeks Information Beyond the Scope of Rule 2004**

Though Rule 2004 examinations are broad, they are not limitless. They cannot be used to perform a wholesale forensic investigation into a non-debtor's affairs. Indeed, they must be proportional and appropriately tailored. Fed. R. Bankr. P. 2004(c); *see also* Local Rule 2004-1(a) ("Proportionality considerations apply to a request for the production of documents or electronically stored information in connection with a FRBP 2004 examination.").

The designated topics are overbroad, vague, and disproportionate to any reasonable discovery. As such, the court should quash the subpoena pursuant to Fed. R. Civ. P. 45 (d)(3)(a)(i). Indeed, Fed. R. Civ. P. 30(b)(6) mandates that G Club's representative be afforded sufficient time to prepare for any deposition. As the examination was noticed to a representative of G Club, it is incumbent on that representative to prepare for the examination. Given the broad

scope of the Subpoena, such compliance is impossible. Thus, the requirements of Rule 30(b)(6) apply concerning designation of a corporate official to testify. Rule 30(b)(6) is designed to prevent organizations from "sandbagging" opponents at trial by making a "half-hearted inquiry" into matters before depositions "but a thorough and vigorous one before trial." *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008). It permits a party to notice a company's deposition without specifically naming the individual to be deposed; instead setting forth with "reasonable particularity" the matters on which the examination is requested so the company can designate one or more individuals to testify. *Id.* "With regard to choosing a deponent to speak on behalf of [the company], [the company] "ha[s]a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Sprint Commc'n Co., L.P. v. Theglobe.com.,* 236 F.R.D. 524, 527 (D. Kan. 2006). Thus, [e]ven if the . . . review of [voluminous] documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed." *Leland Stanford,* 253 F.R.D. at 526.

The standard for assessing the propriety of a topic designation is whether the designating party will be confused by the topics, which should not be an "overlong or ambiguously worded lists of matters." 2020 Advisory Committee Note to Fed. R. Civ. P. 30. Plaintiff's obligation, therefore, is to set forth topics with "reasonable particularity." *Janko Enterprises* v. *Long John Silver's, Inc.*, 2014 U.S. Dist. LEXIS 185334, at *28 (W.D. Ky. Apr. 2, 2014) (rejecting "painstaking specificity" standard for topic designation and analyzing cases nationally).[6]

---

[6] "To require a party to designate Rule 30(b)(6) deposition topics with 'painstaking specificity' under these circumstances would be entirely unrealistic. The requirement for 'reasonable particularity,' as well as being expressly set forth in the Rule, fully takes into account such litigation obstacles. It would be highly ironic for the Court, given the history of this lawsuit, to impose the *McBride* standard of painstaking specificity on Janko given its ongoing efforts

{00383456.3}

"Rule 30(b)(6) requires that parties confer about the topics for examination either before the notice of deposition is sent or promptly after it is sent. This requirement was added effective December 1, 2020 'to avoid 'overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses.'" *Handley v. Werner Enters., Inc.*, 2022 U.S. Dist. LEXIS 17585, at *6-7, (M.D. Ga. Feb. 1, 2022), *quoting Nevilles v. Waffle House*, 2021 U.S. Dist. LEXIS 147957, at *4 (N.D. Ga. Mar. 5, 2021), *quoting* Fed. R. Civ. P. 30(b)(6) and 2020 Amendment Advisory Committee Notes. Rule 30(b)(6), and the Advisory Committee Notes, require the meet and confer to occur "promptly."

Here, G Club has met this burden to collaborate with the Trustee's counsel to address the Subpoena and topics included. The parties' counsel spoke initially on October 11, 2024, within days of the subpoena being issued and the undersigned counsel for G Club, Jeffrey M. Sklarz, Esq., advised counsel for the Trustee of the issues set forth within this memorandum *and* that G Club's agent, Adrew Childe, was on vacation returning October 17, 2024. Further, on October 21, 2024, after conferring with his client's representative, the undersigned emailed counsel for the Trustee further explaining G Club's opposition to the Subpoena and setting forth certain alternatives. A further conversation between the undersigned and the Trustee's counsel occurred later on October 21st and some progress was made toward a compromise, however, no agreement was reached. The parties have continued discussing this matter, by telephone and email, in the interim and will continue to do so.

Regardless, the topics set forth in the Subpoena are extraordinarily broad and will require extensive preparation by Mr. Childe, the only person who can testify on behalf of G Club. That preparation requires more than one week, let alone a few days. The deposition topics are overly

---

to obtain full and complete discovery from a party that Janko might well argue is painstakingly resisting such discovery efforts." *Id.*

broad, vague, irrelevant, unduly burdensome, and far exceed the scope of Rule 2004. They are not limited to seeking information about the Debtors in a reasonable and proportional manner. *See* Fed. R. Bankr. P. 2004(a); *see also* Local Rule 2004-1(a).

By way of specific objections to the designated topics G Club submits:

1. *"Corporate governance of G Club Operations LLC (including any parent of affiliated entities with respect thereto, 'G Club')."* Exhibit A, ¶ 1. This topic is not limited by any time frame and seeks information on the governance of any entity so much as affiliated with G Club, which has nothing to do with Debtors or the administration of the bankruptcy estate. It is not limited to time and the term "affiliate" is not defined. As such, this topic is overbroad and irrelevant. For example, is the Trustee seeking information on Mr. Childe's tenure at G Club or with respect to the entire history of corporate governance of G Club? If the latter, more research and time would clearly be needed.

2. *"The identities of any individuals and entities involved in the management, oversight, and governance of G Club, now or in the past, directly or indirectly, and the sources of their authority. To the extent that any such individuals and entities have ceased such involvement, the reasons that such involvement ceased."* Exhibit A, ¶ 2. This topic is not confined to any timeframe and is overbroad and vague because it requests information on anyone that might have ever indirectly had an effect on G Club's management, oversight, or governance. Additionally, G Club's governance does not concern Debtors or the administration of the bankruptcy estate. Further, this topic requests the sources of any such authority, and thus, is a disguised document request that is not appropriate for a 2004 examination. Lastly, the concept of "indirect" corporate governance is unclear, and the research required to prepare for this topic has no proportional relationship to any use by the Trustee.

3. *"The identities of any individuals who have directed or who have the ability or authority to direct litigation, including, without limitation, G Club's participation in the Debtor's chapter 11 case and related adversary proceedings and its compliance with court orders."* Exhibit A, ¶ 3. This topic is not limited by any timeframe and is overbroad, vague, and irrelevant. It does not seek information regarding the Debtors or the administration of the bankruptcy estate, but seeks information related to the Adversary Proceedings and is barred by the pending action doctrine. The person who ran the operations of G Club in the past goes directly to the heart of the issue of alter ego. Further, such information relates to attorney-client matters that are privileged and beyond the scope of the Rule 2004 examination.

4. *"The sources of any funds used to pay G Club's legal fees and expenses."* Exhibit A, ¶ 4. This information is not general knowledge and, moreover, is not relevant to Debtors or to any matter which may affect the administration of the bankruptcy estate. *See* Fed. R. Bankr. P. 2004(b). This topic does not relate to the bankruptcy proceedings, but directly relates to the Adversary Proceedings against G Club to the extent that the Trustee is attempting to ascertain whether Mr. Kwok is somehow underwriting G Club, despite sitting in a jail cell.

5. *"Information sufficient to understand G Club's current operational status, including, without limitation, any business it has engaged in during the last year."* Exhibit A, ¶ 5. This topic does not specify a timeframe or clarify how much information would be sufficient. As such, this topic essentially seeks all information related to all of G Club's operations and business engagements ever. As such, this request is overly broad, vague, irrelevant, and unduly burdensome and not capable of preparation.

{00383456.3 }

### E. The Trustee Has Not Complied with Local Rule 2004-1

Local Rule 2004-1 requires that a process be following *before* issuing a Rule 2004 examination subpoena. Local Rule 2004-1(b). Here, the Trustee served the Subpoena without following Local Rule 2004-1.[7] Therefore, the Subpoena should be quashed.

## IV. CERTIFICATION OF COUNSEL

On October 18 and 21, 2024, and by email thereafter, the undersigned communicated with the Trustee's counsel to attempt to resolve this matter but was unable to do so. On October 18, 2024, the Trustee's counsel agreed to extend the date of compliance with the Subpoena to October 25, 2024, and on October 23, 2024, the Trustee's counsel agreed to extend compliance to November 20, 2024. Given the efforts of counsel to confer in good faith, G Club believes this matter is properly before the Court.

## V. CONCLUSION

For foregoing reasons, G Club respectfully requests that the court sustain its objection, quash the Subpoena, and grant such other relief as the Court deems appropriate.

Respectfully submitted,
G CLUB OPERATIONS, LLC

By: /s/ Jeffrey M. Sklarz
Jeffrey M. Sklarz
Kellianne Baranowsky
GREEN & SKLARZ LLC
One Audubon St, 3rd Floor
New Haven, CT 06511
Tel: 203-285-8545
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

---

[7] The Trustee may argue that he obtained Court permission to take a 2004 examination of G Club some time ago. However, that motion was filed months ago and requested the production of documents. Further, all matters related to that motion and subpoena have been addressed either by voluntary compliance or by compliance after Court order. Local Rule 2004-1 does not contemplate a perpetual right of a Trustee to issue 2004 examination subpoenas.

{00383456.3}

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by CMECF on the parties-in-interest set forth on the service list. Parties-in-interest may access this document by way of CMECF.

Date: October 28, 2024                                              /s/ Jeffrey M. Sklarz

# EXHIBIT A

{00288096.2}

UNITED STATES BANKRUPTCY COURT
**District of Connecticut**

In re: HO WAN KWOK, *et al.*,[1]
Debtor

Case No. 22-50073 (JAM)
Chapter 11
(Jointly Administered)

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **G Club Operations LLC**

(*Name of person to whom the subpoena is directed*)

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166 | **October 18, 2024, at 10:00 a.m.** |

**Please see attached Schedule A pursuant to Fed. R. Civ. P. 30(b)(6)**

The examination will be recorded by this method: Court reporter/Stenographer

☐ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **October 9, 2024**

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Luc A. Despins, Chapter 11 Trustee, who issues or requests this subpoena, are:
**Patrick R. Linsey, Esq.; Neubert, Pepe & Monteith, P.C.; 195 Church Street, 13th Floor, New Haven, Connecticut 06510
plinsey@npmlaw.com; (203) 781-2847**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15) (Page 3)

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed.R.Civ.P.45(a) Committee Note (2013)

## SCHEDULE A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Chapter 11 Trustee hereby designates the topics set forth below for Your deposition and You shall designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on Your behalf, who shall testify about information known or reasonably available to You. You shall confer in good faith with the Chapter 11 Trustee prior to Your deposition about these matters.

### Definitions and Rules of Construction

This Subpoena adopts the Definitions and Rules of Construction appended to the Rule 2004 Subpoena served on You dated December 6, 2022.

### Deposition Topics

1. Corporate governance of G Club Operations LLC (including any parent or affiliated entities with respect thereto, "G Club").

2. The identities of any individuals and entities involved in the management, oversight, and governance of G Club, now or in the past, directly or indirectly, and the sources of their authority. To the extent that any such individuals and entities have ceased such involvement, the reasons that such involvement ceased.

3. The identities of any individuals who have directed or who have the ability or authority to direct litigation, including, without limitation, G Club's participation in the Debtor's chapter 11 case and related adversary proceedings and its compliance with court orders.

4. The sources of any funds used to pay G Club's legal fees and expenses.

5. Information sufficient to understand G Club's current operational status, including, without limitation, any business it has engaged in during the last year.