**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: (Jointly Administered)
Debtors. : Re: ECF No. 3602
---------------------------------------------------------x
:
LUC A. DESPINS, Chapter 11 Trustee, : Adv. Proceeding No. 23-05017
:
Plaintiff, : Re: ECF No. 134
:
v. :
:
TAURUS FUND LLC, :
SCOTT BARNETT, as trustee of TAURUS :
FUND LLC, and :
TAURUS MANAGEMENT LLC, as trustee :
of TAURUS FUND LLC, :
:
Defendants. :
---------------------------------------------------------x

**ORDER AUTHORIZING TRUSTEE TO SELL**
**MAHWAH MANSION AND ITS CONTENTS, SUBJECT TO ENTRY OF**
**FURTHER ORDERS, INCLUDING AS TO RETENTION OF BROKER,**
**TERMS OF SUCH SALES, AND PARTIES' ENTITLEMENT TO SALE PROCEEDS**

On October 1, 2024, Luc A. Despins, in his capacity as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor") filed the motion

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtors is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

(the "Motion") [Main Case ECF No. 3602; Adv. ECF No. 134],[2] requesting entry of an order, pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable through Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the PI Order entered in this Adversary Proceeding, authorizing the Trustee to sell (a) the real property located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430 (the "Mahwah Mansion") and (b) all personalty and/or fixtures in, on, or at the Mahwah Mansion (the "Contents") for the benefit of the Estate, all as detailed in the Motion.

Hearings on the Motion were held on October 22, 2024, and October 29, 2024. During the hearings, Taurus Fund LLC, Scott Barnett, and Taurus Management LLC (the "Defendants") informed the Court they had reached a resolution of their objection [Adv. ECF No. 138] with the Trustee, except as to whether the Trustee should hold the net proceeds in a segregated Trustee account or an escrow account should be created. During the October 29th hearing, the Office of the United States Trustee stated that it agreed with the Trustee that the creation of an escrow account would be an unwarranted additional expense for the Estate and would create additional litigation.

The Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (iv) good and sufficient notice of the Motion having been given; and (v) that the relief requested by the Motion, as modified by the terms of this Order, including that the Trustee hold the net proceeds in a segregated Trustee account, is in the best interest of the Debtors' estates and creditors, it is hereby

---

[2] Capitalized terms not expressly defined herein adopt the definitions set forth in the Motion.

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee is authorized to sell the Mahwah Mansion and the Contents subject to the terms of this Order.

3. Any sale or sales of the Mahwah Mansion or the Contents shall be subject to further motions and orders of this Court (a) authorizing the retention of any real estate brokers and/or auctioneers to market and/or facilitate the sale of such assets, (b) authorizing the terms and conditions of such sales to one or more prospective buyers, and (c) determining the parties' entitlements to the net proceeds from such sales.

4. The Trustee shall consult in good faith with the Defendants' authorized representative prior to making decisions regarding (a) the retention of real estate brokers and/or auctioneers, (b) setting the asking price for the Mahwah Mansion, (c) the selection of any buyer(s), (d) the methodology and process for selling the Contents, including whether some or all of the Contents should be sold with the Mahwah Mansion, and (e) the terms and conditions of any sale of the Mahwah Mansion or the Contents. All real estate brokers and/or auctioneers selected shall be from nationally recognized firms.

5. The Trustee shall also consult in good faith with an authorized representative of Ohtzar Shlomo Solomon Treasure LLC ("Solomon Treasure") with regard to the methodology and process referenced in paragraph 4(d) above for the sale of the Contents. Solomon Treasure also reserves the right to object to any motion to sell the Contents.

6. For the avoidance of doubt, Defendants may object to any of the motions identified in paragraph 3 above regardless of any consultation rights. For any motion to approve the sale of the Mahwah Mansion or any of the Contents which Defendants acquired at a cost of

$50,000 or more per item, unless the parties otherwise agree, the hearing on such motion shall be evidentiary and shall occur on 30 days' notice. Within 30 days of entry of this Order, Defendants shall provide the Trustee a list of all Contents Defendants acquired at a cost $50,000 or more per item.

7. Defendants shall be entitled to access the Mahwah Mansion upon notice to the Trustee for the purpose of exercising its rights hereunder, including to inspect the property and to facilitate any appraisal of the property that Defendants may seek to obtain.

8. As reimbursement for the Estate having advanced the Mahwah Expenses (as defined in the Funding Order), the amount of such Expenses shall be deducted from the net proceeds of any sale or sale of the Mahwah Mansion and its Contents. The remaining net proceeds (after such deduction) shall be held in a segregated Trustee interest bearing account, with all parties' rights as to their entitlement to such proceeds preserved, until the Court enters a final order in the Adversary Proceeding regarding ownership of the sold property.

9. For the avoidance of doubt, nothing in this Order shall relieve the Defendants of their obligations under the PI Order or the Disclosure Order, which remain in full force and effect, and nothing in this Order shall affect the parties' rights in the adversary proceeding.

10. Nothing in this Order shall modify the terms of the Settlement Order, which remains in full force and effect.

11. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 29th day of October, 2024.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut