**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                             :

In re:                                     :    Chapter 11

HO WAN KWOK, *et al.*,[1]               :    Case No. 22-50073 (JAM)

         Debtors.              :    (Jointly Administered)

---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S (I) REPLY IN SUPPORT OF
SEVENTEENTH SUPPLEMENTAL OMNIBUS RULE 2004
MOTION AND (II) OPPOSITION TO MOTION TO QUASH**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this reply (the "Reply") in further support of the Trustee's *Seventeenth Supplemental Omnibus Motion of Chapter 11 Trustee For Entry of Order Under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Entities and Individuals Affiliated with Debtor and Additional Relevant Banks* [ECF No. 3594] (the "Rule 2004 Motion") and in response to the *Amended Notice of Opposition to "Seventeenth Supplemental Omnibus Motion" for Further Discovery and Cross Motion to Quash Subpoena* [ECF No. 3649] (collectively, the "Opposition" or the "Opp. Memo") filed by Bofang Investment LLC ("Bofang") and Feibo Jiang ("Jiang") (collectively, the "Objectors"). Further to his Reply, the Trustee respectfully states the following:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**PRELIMINARY STATEMENT**

1.   The Trustee has broad authority under Bankruptcy Rule 2004 to investigate matters—including those involving nonparty individuals and entities—relevant to the Chapter 11 Case and potential assets of the Debtor's chapter 11 estate (the "Estate"). Indeed, courts have approvingly described this authority as providing for a trustee to undertake a "fishing expedition" in search of Estate claims and other assets.

2.   In this Chapter 11 Case, the Trustee has made good use of this authority to obtain documents and information from hundreds of third parties; many of which, knowingly or not, played some role in the Debtor's long-running shell game. Often, the Trustee has obtained valuable information from or relating to nonparties that claimed or that superficially appeared to have little or no connection to the Debtor or his interests—but, in fact, were involved in the Debtor's financial dealings and in possession of Estate assets and/or information relevant to the existence or whereabouts of such assets.

3.   These Objectors are precisely the types of individuals and entities that the Trustee has authority to examine under Bankruptcy Rule 2004, because the Trustee knows that they are connected to the Debtor and his financial affairs. Both Objectors have transferred money to the Debtor via his alter egos and are closely associated with Debtor-related entities and individuals. As such, both may have documents and information that will aid the Trustee as he further unravels the Debtor's tangled financial affairs and pursues additional Estate assets. Accordingly, the Rule 2004 Motion should be granted, and the Opposition should be overruled.

**BACKGROUND**

4.   On September 30, 2024, the Trustee filed the Rule 2004 Motion requesting

authority to obtain discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") from, among other examinees, the Objectors, by issuing subpoenas substantially in the form as those attached to the Rule 2004 Motion as Exhibits C-5 and C-7. These forms of subpoena are also attached hereto as **Exhibits 1 and 2**.

5.      The Objectors are connected to the Debtor and his financial affairs in many ways. For this reason, they are properly subject to examination under Bankruptcy Rule 2004.

6.      Bofang is a limited liability company that has transferred millions of dollars to various alter egos of the Debtor and other Debtor-associated entities, including but not limited to, HCHK Property Management Inc. ("HCHK Property"), HCHK Technologies, and GFNY Inc. ("GFNY"). (*See* Rule 2004 Motion, p. 4.) Jiang is an individual who has been a member of at least one Debtor-associated entity and who has personally transferred over $1,000,000.00 to the Debtor's alter egos and associated entities, including Saraca Media Group, Inc. (*See id*., pp. 4-5.)

7.      During the Debtor's criminal trial, the criminal court admitted into evidence (as exhibit GXWA21) a photograph taken in the government's search of Debtor's co-defendant and co-conspirator Yvette Wang of documents that appear to record the following transactions:

- On March 6, 2023, Bofang transferred $500,000 to "HCHK Tech Seacoast"
- On March 6, Jiang transferred $500,000 to "HCHK Tech Seacoast"
- On March 10, 2023, Bofang transferred $600,000 to GFNY, Inc.

GXWA21 is attached hereto as **Exhibit 3**. A stipulation between the United States Government and the Debtor authenticating and admitting this photograph into evidence in the Debtor's criminal trial is attached hereto as **Exhibit 4**.

8.      The Trustee understands that Ms. Wang's documents reflect transfers between the Objectors and the Debtor made through the Debtor's alter egos, in light of, among other things, the following facts:

      a)     HCHK Technologies, Inc. ("HCHK Technologies") is an alter ego of the Debtor. *See Amended Default Judgment and Permanent Injunction* [Adv. Proc. No. 23-05013, ECF No. 297] (the "HCHK Judgment");

      b)     GFNY is a defendant and alter ego target in the "Omnibus Alter Ego" adversary proceeding styled as *Despins v. ACA Capital Grp. Ltd.,* et al. (Adv. Proc. No. 24-05249); and

      c)     Seacoast National Bank is a bank at which the Debtor (through his alter egos, specifically including HCHK Technologies) conducted banking activity. *See Mtn. of Trustee for Entry of Order Compelling Seacoast Natl. Bank to Comply with Rule 2004 Subpoena* [ECF No. 2342]; *Order Compelling Seacoast Natl. Bank to Comply with Rule 2004 Subpoena* [ECF No. 2406].

9.     Both of the Objectors were also listed as "investors" on a "Master Service List" circulated in connection with New York state court assignment-for-the-benefit-of-creditors proceedings commenced as to the HCHK Entities.[2] The Objectors are listed as using a common email address on this Master Service List, *i.e.*, mosfoundation2064@gmail.com. The Trustee reasonably understands "MOS" to refer to "Mountains of Spices," the name of a Himalaya Farm based in New York.[3] As the Court has previously found, Himalaya Farms "serve the purposes of

---

[2] The Master Service List is attached hereto as **Exhibit 5**. The "HCHK Entities" are: HCHK Technologies, HCHK Property, and Lexington Property and Staffing, Inc. The Court has found that the HCHK Entities were alter egos of the Debtor at all times, and the Court has permanently enjoined the defendants in Adversary Proceeding No. 23-05013 "and any party acting in concert with them" from commencing or continuing the assignment proceedings. *See* HCHK Judgment.

[3] As alleged by the U.S. Government, "Mountains of Spices LLC (d/b/a New York Farm)" is part of the "interrelated and overlapping entities that form the G Enterprise" (Superseding Indictment, *U.S.A. v. Ho Wan Kwok* (S.D.N.Y. 1:23-cr-00118-AT ECF No. 307), ¶3a, attached hereto as **Exhibit 6**). The U.S. District Judge presiding over the Debtor's criminal case has found that Qidong Xia served as leader of the Mountain of Spices Farm and Yongbing Zhang was the "legal group leader" of the same farm. Both Mr. Xia and Mr. Zhang were found to be co-conspirators of the Debtor for purpose of admitting their statements under the hearsay exception at the trial. *See* Order Admitting Certain Statements of Coconspirators, *U.S.A. v. Ho Wan Kwok* (S.D.N.Y. 1:23-cr-00118-AT ECF No. 388), attached hereto as **Exhibit 7**. The criminal court further found that the Debtor "selected each of these individuals (including Xia and Zhang) to lead their respective Farms and in turn, they carried out his instructions in managing the Alliance." *Id.* at 8. Notably, counsel for the Objectors who signed their Opposition to the Rule 2004 Motion, *i.e.*, Richard N. Freeth, was also co-counsel to or otherwise coordinated with Mr. Zhang in litigation against the Trustee and his law firm and against counsel for creditor Pacific Alliance Asia Opportunities Fund ("PAX") in the U.S. District Court for the Southern District of New York, in which various plaintiffs falsely accused the Trustee and PAX's counsel of being agents of the Chinese Communist Party. After dismissing these claims as frivolous, at least two U.S. District Judges sanctioned Mr. Freeth under Fed. R. Civ. P. 11. *See e.g.*, Op. & Order at 4, n.3, *An v. Despins*, 22-cv-10062 (VEC) (S.D.N.Y. Aug. 2, 2023) [ECF

4

the Debtor, serve as business vehicle for the Debtor, and their members are personally loyal to the Debtor." (*See* Memorandum of Decision, *Pacific Alliance Asia Opportunity Fund L.P. v. Kwok*, Adv. Proc. No. 22-05032, ECF No. 133, ¶¶ 4, 7.)

10. In addition, Jiang is listed as a member of HGA Property Operation LLC ("HGA Property"), a company formed by and managed by Ms. Qin Li, a close associate and supporter of the Debtor.[4] Documents in the Trustee's possession show that, after its formation in April 2023, HGA Property paid expenses relating to the Debtor's mansion in Mahwah, New Jersey (the "Mahwah Mansion"), including utilities, maintenance, security services, and property taxes.

11. On October 7, 2024, the Objectors filed their Opposition. The Objectors did not request to meet and confer with the Trustee prior to filing their Opposition. *See* D. Conn. Local Civ. R. 37 (incorporated pursuant to D. Conn. Local R. Bankr. P. 2004-1(a)) (requiring parties to meet and confer before prosecuting discovery disputes).

## ARGUMENT

12. As discussed in the Rule 2004 Motion, the scope of discovery under Bankruptcy Rule 2004 is exceedingly broad. *See also In re Parikh*, 397 B.R. 518, 525-526 ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. The primary purpose of allowing broad discovery in Rule 2004 examinations is to expedite the locating of assets of the estate." (internal citation omitted)). "The purpose of a Rule 2004 examination is to assist a

---

No. 29] (the "First Sanctions Decision"); Op. & Order at 36, *Gong v. Sarnoff*, 23-cv-343 (LJL) (S.D.N.Y. Aug. 22, 2023) [ECF No. 72] (the "Second Sanctions Decision").

[4] Upon information and belief, Ms. Li, is a prominent supporter of the Debtor and has worked for the Debtor at GNews, the Debtor's media platform. Ms. Li has also participated in the protest activities against the Trustee and Paul Hastings LLP both in front of the Trustee's residence and at Grand Central Terminal in New York (*See e.g.*, Himalaya Global Alliance, @GlobalAlliance, GETTR (Dec. 10, 2022), https://gettr.com/post/p21avwp8a44 (showing Ms. Li and others protesting in front of Trustee's residence). Attached hereto as **Exhibit 8** are corporate filings with the State of New Jersey that include June 20, 2023 amendments to the HGA Property, LLC Certificate of Formation, which list Jiang as a "member" and Ms. Li as the company's president.

party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Transmar Commodity Group Ltd.*, 2018 WL 4006324, at *4 (Bankr. S.D.N.Y. Aug. 17, 2018) (internal quotation and citation omitted). This includes revealing the nature and extent of the estate and in discovering assets of the debtor that may have been intentionally or unintentionally concealed. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); s*ee also In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("Legitimate goals of Rule 2004 examinations include discovering assets, examining transactions, and determining whether wrongdoing has occurred." (internal quotation and citation omitted)).

13. Considering the Objectors' close ties to the Debtor, his financial affairs, his alter egos, and his personal and business associates, the Objectors' activities are well within the bounds of a Bankruptcy Rule 2004 subpoena and may well reveal information relevant to claims or other assets of the Estate. Indeed, the Trustee is aware of and has appended to this Reply photographic evidence indicating transfers by the Objectors to the Debtor via his alter egos, as well as evidence suggesting that the Objectors are involved with the Debtor's Himalaya Farm operations as well as an entity that funded the Debtor's Mahwah Mansion.

14. The Objectors contend that the subpoenas that the Trustee requests to issue are overly broad and unduly burdensome.[5] However, they fail to explain why or present evidence to that effect. (*See* Opposition, p. 2, ¶ 1.) And contrary to the Objectors' inaccurate statement that the Trustee has issued "discovery demands totaling 122 pages," (*id.*), the subpoenas that the Trustee has requested to issue to the Objectors are each a mere seventeen pages in length, of which the eight categories of documents to be produced are contained within two pages. *See* Ex. 1, 2.

---

[5] Because the Rule 2004 Motion remains pending, the Trustee has not yet issued the subpoenas to the Objectors, and thus the request by the Objectors that the subpoenas be "quashed" is inapposite.

15. The Objectors also submit the purported statement of Jiang claiming no connection to the Debtor whatsoever, which is neither sworn nor signed. *See* Opposition, Ex. A. In light of the evidence submitted herewith of the Objectors' involvement with the Debtor and his associates, the representations in this unsigned statement and in the Opposition are, at best, misleading. It is also significant that the Opposition does not disclose any legitimate business activities or operations for Bofang, a corporate entity.

16. The Objectors also ignore the "exceptionally broad" scope of Bankruptcy Rule 2004 discovery, which, indeed, many courts have expressly likened to a "fishing expedition." *See Despins v. Lamp Cap. LLC (In re Ho Wan Kwok)*, 2024 Bankr. LEXIS 2095, *11 (Bankr. D. Conn. March 6, 2024) ("Rule 2004 discovery is exceptionally broad to serve this purpose; it is broader than discovery permitted in adversary proceedings."); *In re Rafsky*, 300 B.R. 152, 153 (Bankr. D. Conn. 2003) ("Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to a 'fishing expedition.'").

17. The Trustee is plainly justified in seeking discovery relating to the Objectors due to their connections with the Debtor and his associates and financial affairs. Among other things, the Objectors' transfers of no less than $1.6 million to the Debtor via his HCHK Technologies and GFNY alter egos, and Jiang's involvement in an entity used to fund expenses of the Debtor's Mahwah Mansion, strongly suggest that the Objectors have documents or information concerning claims and assets that may be property of the Estate.

18. The Objectors raise the issue of the location of Subpoena compliance, claiming that they are located more than 100 miles from the place of compliance listed on the Subpoena. If the Court grants the Trustee's Rule 2004 Motion, the Trustee will issue subpoenas to the Objectors containing compliance locations within 100 miles of their residence or place of business.

19.    As for the Objectors' request that the Court impose sanctions against the Trustee, this request is wholly without merit and is also ironic considering the Objectors' failure to meet and confer with the Trustee as required by this Court's rules, *see* ¶ 11 *supra*, and their counsel's history of incurring sanctions for harassing the Debtor's adversaries with frivolous litigation.[6]

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[6] *See* First Sanctions Decision at 12-13 (noting that plaintiffs' "true preoccupation [in suing the Trustee and his law firm] is with [the Debtor] and trying to 'defend' him by harassing those perceived to be his adversaries" and that Mr. Freeth "has a pattern of bringing meritless FARA claims against [the Debtor's] adversaries"); Second Sanctions Decision at 28-34 (noting that "if there is any doubt of the harassing purpose of this lawsuit, the history of lawsuits Zhang and Freeth have filed in this Court and elsewhere against PAX, persons associated with PAX, PAX's counsel, and those assisting the Bankruptcy Court settles that doubt.").

WHEREFORE, based on the foregoing, the Trustee asks the Court to grant his Rule 2004 Motion, overrule the Opposition, and grant such other and further relief as the Court deems just and proper.

Dated: November 1, 2024
      New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

      *and*

    G. Alexander Bongartz (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    alexbongartz@paulhastings.com
    douglassbarron@paulhastings.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                   :    Chapter 11
:
HO WAN KWOK *et al.*,                    :    Case No. 22-50073 (JAM)
:
Debtors.[1]                              :    Jointly Administered
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system, or (within one business day) by U.S. Mail to any parties unable to receive electronic notice. Parties may access this filing through the Court's CM/ECF system.

Dated: November 1, 2024           Luc A. Despins, as Chapter 11 Trustee
New Haven, Connecticut
                                  By: */s/ Patrick R. Linsey*
                                      Douglas S. Skalka (ct00616)
                                      Patrick R. Linsey (ct29437)
                                      NEUBERT, PEPE & MONTEITH, P.C.
                                      195 Church Street, 13th Floor
                                      New Haven, Connecticut 06510
                                      (203) 781-2847
                                      dskalka@npmlaw.com
                                      plinsey@npmlaw.com

                                      *Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).