## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## NOTICE OF FILING OF META PLATFORMS, INC. RESERVATION OF RIGHTS AND STATEMENT IN RESPONSE TO CHAPTER 11 TRUSTEE'S (I) MOTION TO FURTHER AMEND AVOIDANCE AND MEDIATION PROCEDURES ORDER BY TEMPORARILY STAYING DISCOVERY AND (II) RESPONSE TO MOTIONS TO STAY DISCOVERY FILED BY CERTAIN AVOIDANCE DEFENDANTS

Meta Platforms, Inc. ("Meta") files this notice of filing of its reservation of rights and statement in response to the *Chapter 11 Trustee's (I) Motion to Further Amend Avoidance and Mediation Procedures Order by Temporarily Staying Discovery and (II) Response to Motions to Stay Discovery Filed by Certain Avoidance Defendants* in Adv. Proc. No. 24-05117. A true and correct copy of Meta's reservation of rights and statement is attached.

Dated: November 1, 2024
New York, New York

/s/ George Angelich
George Angelich (ct27542)
Eric Roman (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
T: 212.457.5423
E: george.angelich@afslaw.com
   eric.roman@afslaw.com
   patrick.feeney@afslaw.com

- and -

Jin Yan (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K St. NW
Washington, DC 20006
T: 202.778.6442

E: [jin.yan@afslaw.com](mailto:jin.yan@afslaw.com)

*Counsel for Meta Platforms, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 1, 2024, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

Dated: New York, New York
November 1, 2024

*/s/ George Angelich*
George Angelich

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>    HO WAN KWOK, *et al.*,<br><br>               Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>               Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>               Defendant. | Adv. Proc. No. 24-05117 |

## META PLATFORMS, INC. RESERVATION OF RIGHTS AND STATEMENT IN RESPONSE TO CHAPTER 11 TRUSTEE'S (I) MOTION TO FURTHER AMEND AVOIDANCE AND MEDIATION PROCEDURES ORDER BY TEMPORARILY STAYING DISCOVERY AND (II) RESPONSE TO MOTIONS TO STAY DISCOVERY FILED BY CERTAIN AVOIDANCE DEFENDANTS

Meta Platforms, Inc. ("Meta") files this reservation of rights and statement in response to the *Chapter 11 Trustee's (I) Motion to Further Amend Avoidance and Mediation Procedures Order by Temporarily Staying Discovery and (II) Response to Motions to Stay Discovery Filed by Certain Avoidance Defendants* (the "Motion to Amend") [Bankruptcy Case ECF No. 3659; Adversary Case ECF No. 32], the purpose of which is to further amend the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Omnibus Procedures Order") [Bankruptcy Case ECF No. 3163] in order to stay discovery in all

avoidance actions during the pendency of various motions to dismiss and adjudication of briefs filed by certain adversary defendants.[1]

1.      Meta supports the Trustee's request to hold discovery in abeyance pending resolution of Meta's motion to dismiss, subject to the rights of parties to request discovery should circumstances warrant.  However, Meta has four issues and concerns with the Motion to Amend and therefore files this reservation and statement.

2.      First, the Motion to Amend purports to amend the Omnibus Procedures Order to stay discovery.  As far as we can identify, there is nothing in the Omnibus Procedures Order that directly addresses discovery.  Rather than amending the Omnibus Procedures Order, the Motion to Amend actually seeks to craft procedural enhancements to the Omnibus Procedures Order to broaden its effect.

3.      Second, there is understandable and legitimate interest to proceed by omnibus relief in the Bankruptcy Case in order to provide a procedural efficiency over 300 adversary proceedings. However, omnibus relief directed at parties like Meta (who, for example, never received notice of a bar date, never filed a claim, never received notice of the deadline to bring a nondischargeability action, and are arguably not parties in interest in the main bankruptcy case)[2] when filed in the main case accomplish the goals of efficiency at the expense of defendants' rights to proceed in accordance with the Federal Rules of Civil Procedure, which does not accommodate procedures across multiple unrelated adversary proceedings *en masse* for the convenience of a single, albeit common, plaintiff.

---

[1] Bankruptcy Case refers to the main bankruptcy case, No. 22-50073.  Adversary Case refers to this adversary proceeding, No. 24-05117.

[2] *See* Bankruptcy Case ECF Nos. 4, 78, 1043, 1157, 1163.

4.      Third, the Motion to Amend provides rhetorical examples of the potential impact of this Court's prospective rulings on possible future discovery.  Consequently, Meta files this reservation of rights to preserve its arguments on discovery issues that may be wholly dependent on rulings this Court has yet to issue.

5.      Fourth, the Omnibus Procedures Order and subsequent amendments was entered without notice to or consent from Meta.[3]  Meta was never served with the Trustee's original motion in the Bankruptcy Case to establish omnibus procedures governing adversary proceedings.  *See* Bankruptcy Case ECF Nos. 3003 (motion served only on those who filed appearances in the Bankruptcy Case, which Meta never did), 3037 (ordering the motion to be served on adversary defendants who appeared through counsel, which Meta had not yet done).  Notice of entry of the Court's order was filed on the docket in this Adversary Case before Meta appeared in the case. *See* Adversary Case ECF No. 4.

6.      Nor was Meta served with the Trustee's subsequent motion for entry of the Omnibus Procedures Order.  *See* Bankruptcy Case ECF No. 3397 (motion served on parties appearing and signed up to receive notices through the Court's CM/ECF system, which Meta had not done); Adversary Case ECF No. 6 (motion served on parties who appeared in the Adversary Case, which Meta had not yet done).  Meta appeared in the Adversary Case a month *after* that order was entered and has never entered a notice of appearance in the Bankruptcy Case.  *See* Adversary Case ECF Nos. 11, 14.

7.      In sum, Meta reserves it rights, and the absence of an objection to the Motion to Amend does not mean Meta consents to the use of unilaterally-imposed omnibus procedures for

---

[3] *See Meta Platforms, Inc. Reply In Support of Motion to Exempt Claims From Mediation*, Adversary Case ECF No. 29 at ¶ 5.

differently-situated adversary defendants in different adversary proceedings. The parties are capable of negotiating and tailoring appropriate procedures for each individual case. Indeed, Trustee's counsel contacted undersigned counsel about discovery before the Motion to Amend was filed and the parties could have documented an appropriate stipulation tailored for this adversary proceeding.

Dated:  November 1, 2024
      New York, New York

*/s/ George Angelich*
George Angelich (ct27542)
Eric Roman (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
T: 212.457.5423
E: george.angelich@afslaw.com
   eric.roman@afslaw.com
   patrick.feeney@afslaw.com

- and -

Jin Yan (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K St. NW
Washington, DC 20006
T: 202.778.6442
E: jin.yan@afslaw.com

*Counsel for Meta Platforms, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on November 1, 2024, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

Dated: New York, New York
      November 1, 2024

                                      */s/ George Angelich*                 
                                        George Angelich