**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                         :

In re:                       :     Chapter 11
                         :

HO WAN KWOK *et al.*,        :     Case No. 22-50073 (JAM)
                         :

        Debtors.[1]        :     Jointly Administered
                         :
-------------------------------------------------------x

**NOTICE OF FILING OF REVISED PROPOSED ORDER (A) GRANTING
APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT
TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY RULES 2014 AND
2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND
APPROVING RETENTION AND EMPLOYMENT OF JAMES MORGAN AS
BARRISTER IN BRITISH VIRGIN ISLANDS**

**PLEASE TAKE NOTICE** that, on October 15, 2024, the Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "Chapter 11 Trustee") appointed in the chapter 11 case of

Ho Wan Kwok, filed the *Application of Chapter 11 Trustee for Entry of Order, Pursuant to*

*Bankruptcy Code Sections 327, 328, and 330, Bankruptcy Rules 2014 and 2016, and Local*

*Bankruptcy Rules 2014-1 and 2016-1, Authorizing and Approving Retention and Employment of*

*James Morgan as Barrister in British Virgin Islands* [Docket No. 3701] (the "Morgan

Application").[2]

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Morgan Application.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **<u>Exhibit 1</u>** is a revised proposed order granting the Morgan Application, removing references to section 328 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **<u>Exhibit 2</u>** is a redline version of the revised proposed order marked to show the change that has been made to the version attached to the Morgan Application.

Dated:      November 4, 2024
            New York, New York

                                        By: */s/ G. Alexander Bongartz*
                                        G. Alexander Bongartz (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        200 Park Avenue
                                        New York, New York 10166
                                        (212) 318-6079
                                        alexbongartz@paulhastings.com

                                              *and*

                                        Nicholas A. Bassett (admitted *pro hac vice*)
                                        PAUL HASTINGS LLP
                                        2050 M Street NW
                                        Washington, D.C., 20036
                                        (202) 551-1902
                                        nicholasbassett@paulhastings.com

                                              *and*

                                        Douglas S. Skalka (ct00616)
                                        Patrick R. Linsey (ct29437)
                                        NEUBERT, PEPE & MONTEITH, P.C.
                                        195 Church Street, 13th Floor
                                        New Haven, Connecticut 06510
                                        (203) 781-2847
                                        dskalka@npmlaw.com
                                        plinsey@npmlaw.com

                                        *Counsel for the Chapter 11 Trustee, Genever*
                                        *Holdings LLC, and Genever Holdings*
                                        *Corporation*

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                                       :      Chapter 11
:
HO WAN KWOK, *et al.*,[1]                         :      Case No. 22-50073 (JAM)
:
                              Debtors.             :      (Jointly Administered)
:
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 4, 2024, the foregoing Notice was

electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned

chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to

anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties

may access this filing through the Court's CM/ECF system.

Dated:      November 4, 2024
            New York, New York

                                        By: */s/ G. Alexander Bongartz*
                                        G. Alexander Bongartz (admitted pro hac vice)
                                        PAUL HASTINGS LLP
                                        200 Park Avenue
                                        New York, New York 10166
                                        (212) 318-6079
                                        alexbongartz@paulhastings.com

                                        *Counsel for the Chapter 11 Trustee, Genever*
                                        *Holdings LLC, and Genever Holdings*
                                        *Corporation*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
Wan Kwok (solely for purposes of notices and communications).

## Exhibit 1

**Revised Proposed Order (clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                  :
In re:                            :    Chapter 11
                                  :
HO WAN KWOK, *et al.*,       :    Case No. 22-50073 (JAM)
                                  :
         Debtors.[1]       :    Jointly Administered
                                  :
-------------------------------------------------------x

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF JAMES MORGAN AS BARRISTER IN BRITISH VIRGIN ISLANDS**

Upon the application (the "Application")[2] of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Mr. James Morgan, King's Counsel ("Mr. Morgan"), as barrister in the British Virgin Islands (the "BVI"), effective as of September 16, 2024, pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Morgan Declaration; and

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Morgan Declaration.

this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Morgan Declaration, and the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Mr. Morgan is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Mr. Morgan does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and a hearing having been held before this Court on November 5, 2024; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Chapter 11 Trustee is authorized to retain and employ Mr. Morgan as his barrister in the BVI effective as of September 16, 2024 on the terms set forth in the Application and the Morgan Declaration.

3.      Mr. Morgan is authorized to act as the Chapter 11 Trustee's barrister, and to perform those services described in the Application.

4.     The Estate shall be responsible for Mr. Morgan's compensation and reimbursement of expenses with respect to the engagement.

5.     The allowance of any compensation to be paid to Mr. Morgan shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6.     Allowance of any compensation for Mr. Morgan shall be limited to the extent of services actually performed, and expenses actually incurred, as barrister for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of a barrister.

7.     Mr. Morgan shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rate he charges are implemented and shall file such notice with the Court.

8.     The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.     The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10.     To the extent the Application and Morgan Declaration are inconsistent with this Order, the terms of this Order shall govern.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3

**<u>Exhibit 2</u>**

**Revised Proposed Order (redline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
HO WAN KWOK, *et al.*,                                 :   Case No. 22-50073 (JAM)
                                                       :
              Debtors.[1]                              :   Jointly Administered
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF CHAPTER 11
TRUSTEE  FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE
SECTIONS 327~~, 328,~~ AND 330, BANKRUPTCY RULES 2014 AND 2016, AND
LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND
APPROVING RETENTION AND EMPLOYMENT OF JAMES MORGAN AS
BARRISTER IN BRITISH VIRGIN ISLANDS**

Upon the application (the "Application")[2] of Chapter 11 Trustee Luc A. Despins (the

"Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for

authority to retain and employ Mr. James Morgan, King's Counsel ("Mr. Morgan"), as barrister

in the British Virgin Islands (the "BVI"), effective as of September 16, 2024, pursuant to

sections 327~~, 328,~~ and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules

2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States

Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Morgan Declaration.

fully set forth in the Application; and upon consideration of the Application and the Morgan

Declaration; and this Court having jurisdiction to consider the Application and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference from the United States District Court for the District of Connecticut; and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is

in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and

factual bases set forth in the Application and the Morgan Declaration, and the record of any

hearing on the Application before this Court establish just cause for the relief granted herein,

(iii) Mr. Morgan is a "disinterested person," as defined in section 101(14) of the Bankruptcy

Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Mr. Morgan does not

hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the

Application having been given under the particular circumstances; and it appearing that no other

or further notice need be given; and a hearing having been held before this Court on

——————November 5, 2024; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Chapter 11 Trustee is authorized to retain and employ Mr. Morgan as his

barrister in the BVI effective as of September 16, 2024 on the terms set forth in the Application

and the Morgan Declaration.

3.      Mr. Morgan is authorized to act as the Chapter 11 Trustee's barrister, and to

perform those services described in the Application.

4.      The Estate shall be responsible for Mr. Morgan's compensation and reimbursement of expenses with respect to the engagement.

5.      The allowance of any compensation to be paid to Mr. Morgan shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

6.      Allowance of any compensation for Mr. Morgan shall be limited to the extent of services actually performed, and expenses actually incurred, as barrister for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a Chapter 11 trustee without the assistance of a barrister.

7.      Mr. Morgan shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rate he charges are implemented and shall file such notice with the Court.

8.      The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10.     To the extent the Application and Morgan Declaration are inconsistent with this Order, the terms of this Order shall govern.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3