# EXHIBIT 1

```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF CONNECTICUT
                         BRIDGEPORT DIVISION

In Re                              *   Case No. 22-50073 (JAM)
                                   *
HO WAN KWOK and GENEVER            *   Bridgeport, Connecticut
 HOLDINGS CORPORATION,             *   February 27, 2024
                                   *
            Debtors.               *
                                   *
* * * * * * * * * * * * * * * *
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

#2941   ORDER GRANTING REQUEST FOR STATUS CONFERENCE

APPEARANCES:

| | |
|---|---|
| For the Chapter 11 Trustee: | NICHOLAS A. BASSETT, ESQ.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY  10166 |
| | PATRICK R. LINSEY, ESQ.<br>Neubert Pepe and Monteith<br>195 Church Street, 13th Floor<br>New Haven, CT  06510 |
| Chapter 11 Trustee: | LUC A. DESPINS, ESQ.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY  10166 |
| For the U.S. Trustee: | HOLLEY L. CLAIBORN, ESQ.<br>Office of the United States<br> Trustee<br>The Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT  06510 |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**Shelton, CT 06484 (203)732-6461**

1    And we understand why they're doing that, but we
2    need to break this logjam.  Because I can tell you, Your
3    Honor, that there are hours spent redacting these various
4    complaints and all that just to make sure we're not --
5    nobody can cry foul that we released, unintentionally,
6    confidential information.
7         So that is to be continued.
8         We are soliciting the consent of the various
9    parties to try to break this confidential logjam.  We hope
10   that they will consent and we're able to release more of the
11   complaint or at least maybe entire complaints so that
12   everyone can see them.
13        And if not, if it's not consensual, we intend to
14   file a motion with Your Honor to have a better system than
15   the system we have now, because I -- you know, this is not
16   an operating business that has all sorts of confidential
17   issues.  Frankly, there's nothing, you know, practically
18   nothing, should be confidential and, therefore, we believe
19   that we need to resolve that issue.
20        The second point I want to mention is that we're
21   going to continue the Rule 2004 investigation.  I would say
22   not at the same pace that it took place in the fall of 2023,
23   but there are still some issues that need to be pursued
24   there.
25        The last point on this is the bar date.  A lot of

1    people have asked me about the bar date.
2               And I want to tell you our view at this point is
3    that it does not make sense to amend or to open, reopen the
4    bar date at this time.
5               As you may recall, the bar date was February 17th,
6    2023.  That was a while before the debtor's arrest on March
7    15th, 2023.  So a number of transaction parties that have
8    transactions with the debtors were not aware of the bar date
9    or were not sensitized to it.  Now they are.
10              So you might say, well, why don't we reopen the
11   bar date for those people only just know?  In theory that
12   might make sense except that what I see here I think is
13   likely is that there will be other events.  I'll give you an
14   example.
15              Like the Mahwah Mansion.  You know, again, that's
16   an example that was given before about maybe amending the
17   bar date to allow people to file claims arising out of the
18   Mahwah Mansion because they did not know about it.  That's
19   one example.  But there may be other Mahwah Mansions.  And,
20   therefore, we would be wasteful in my opinion to amend the
21   bar date today until we see the dust settle on a number of
22   issues.  Because what may happen is we may have to reopen it
23   later and which would be really not cost-effective and could
24   be wasteful.
25              I wanted to mention, Your Honor, that's not on the

1    PowerPoint, that we filed a motion recently regarding the
2    contents of storage units that we have inventoried and that
3    we believe are owned by either Mr. Kwok or by Golden Spring,
4    that is -- that was filed last week I believe.
5              And obviously we want to proceed with that because
6    the owner of the storage unit is saying, okay -- will be
7    saying I'm going to sell this stuff.  And I told him you
8    cannot do that.  Automatic stay, et cetera.
9              But, you know, there is a point where these people
10   need to be taken care of.  And we need to sell the artwork
11   and everything that's in there as soon as possible to
12   generate cash for the estate.
13             So, Your Honor, that is in sum what I wanted to
14   cover.
15             But I would ask Mr. Bassett, if he can, to put up
16   another chart or a one-page, yes, that's one page of a
17   chart, Your Honor, that we intend to file with the Court
18   soon that gives you and all parties in interest a complete
19   list of -- push up the first page up a little -- one out of
20   eight of all the defendants, and what types of claims, and
21   for what amounts are pending against these defendants.
22             So there are basically two types of claims.
23   They're pre-petition transfers and post-petition transfers.
24   And you can see in there a number of the defendants.
25             And that chart, again, I think would be helpful