# EXHIBIT 2

```
 1                     UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF CONNECTICUT
 2                           BRIDGEPORT DIVISION

 3   IN RE:                       .  Chapter 11
                                  .  Case No. 22-50073 (JAM)
 4   HO WAN KWOK, et al.,         .
                                  .  (Jointly Administered)
 5                                .
                                  .
 6           Debtors.             .  Courtroom 123
                                  .  Brien McMahon Federal Building
 7                                .  915 Lafayette Boulevard
                                  .  Bridgeport, Connecticut 06604
 8                                .
                                  .  Tuesday, September 24, 2024
 9   . . . . . . . . . . . . . .  .  1:29 p.m.

10                         TRANSCRIPT OF HEARING
                  BEFORE THE HONORABLE JULIE A. MANNING
11                    UNITED STATES BANKRUPTCY JUDGE

12   APPEARANCES:

13   For the Chapter 11
     Trustee:                 Patrick Linsey, Esquire
14                            NEUBERT PEPE & MONTEITH, P.C.
                              195 Church Street
15                            13th Floor
                              New Haven, Connecticut 06510
16
                              -and-
17
                              Luc A. Despins, Esquire
18                            PAUL HASTINGS, LLP
                              200 Park Avenue
19                            New York, New York 10166

20
     Audio Operator:          Electronically recorded
21
     Transcription Company:   Reliable
22                            The Nemours Building
                              1007 N. Orange Street, Suite 110
23                            Wilmington, Delaware 19801
                              Telephone: (302)654-8080
24                            Email: gmatthews@reliable-co.com

25   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.
```

1  If it's the alter -- what would happen under Connecticut law
2  if you sued a corporation and then you had -- you pierced the
3  corporate veil to get to its individual owners.  If the
4  individual owner made the transfer, you, as the lawyer for
5  that corporation, you would go after that individual and
6  you'd say, Give me back that money.  You made that transfer.
7  You just used the corporate structure as a shield to defraud
8  everyone and avoid and be judgment-proof.
9              That's what you would say, right; wouldn't you
10 argue that?
11             MR. GOLDSTEIN:  It would depend, you know, if the
12 transfer was made before or after.  It would depend if the
13 transfer was made --
14             THE COURT:  It would depend, wouldn't it?  That's
15 a fact.  Isn't it a fact?
16             MR. GOLDSTEIN:  Well, again, if you take all the
17 facts as true in the complaint and then make a determination
18 whether or not the law allows for what's being proposed,
19 right.  That's the point of a Rule 12(b)(6) motion or a
20 motion for judgment on the pleadings.
21             And an additional legal issue, which you may or
22 may not agree with, is the ability to do so *nunc pro tunc*,
23 which is another major issue.
24             THE COURT:  I don't understand that argument at
25 all.

1            MR. GOLDSTEIN:  Well --
2            THE COURT:  If you breached a contract on
3    January 1st, 2015, and Trustee Despins sued you on
4    January 1st, 2016, and the Court, on January 1st, found,
5    2017, that you breached the contract in 2015, that's not *nunc*
6    *pro tunc*; that's the Court found that that happened.
7            And what I've found in these cases is that the
8    debtor, that the entity is the alter-ego of the debtor.
9            MR. GOLDSTEIN:  Okay.  Well, that is nunc --
10   here's the hypothetical.  If I'm a trade creditor of Acme
11   Corporation, right, which is unrelated to a debtor, I'm a
12   trade creditor, I'm just doing business with Acme
13   Corporation.  I have no clue Acme Corporation may have some
14   interrelationship or have some involvement with the debtor
15   and I'm doing business with them.  I'm providing my goods and
16   services and they're paying me for it.
17           Now, all of a sudden, two years go by and you're
18   getting sued because Acme Corporation wasn't Acme
19   Corporation.  Acme Corporation was Mr. Kwok, right?
20           THE COURT:  Yeah.
21           MR. GOLDSTEIN:  That's a different set of facts.
22   If, for example, Acme Corporation --
23           THE COURT:  It may not be if a Court has found
24   that Acme Corporation and Mr. Kwok were one in the same.
25           MR. GOLDSTEIN:  But that --

```
 1              THE COURT:  It happens all the time.  This is
 2   not -- to say it's nunc pro tunc, every creditor, no matter
 3   whether there's -- every creditor takes a risk at some point
 4   that they might be sued on a preference or fraudulent
 5   conveyance claim.  Every creditor's lawyer knows that.  Every
 6   creditor's lawyer counsels their clients about that.
 7              This isn't -- the stretch of saying that it's nunc
 8   pro tunc because the Court found during a proceeding
 9   involving the debtor, individual debtor, that its corporate
10   entities are the same as the debtor, show me a case on that
11   because I don't -- I just don't see it at all.  And I think
12   it's a stretch and I think it could be not a good use of
13   Court time.
14              MR. GOLDSTEIN:  The difference is, is that we're
15   years later, disregarding the corporate form of an entity,
16   unbeknownst to third parties who had no notice --
17              THE COURT:  But that always happens.
18              Even if Mr. Kwok was the one who gave you the
19   money, you had no idea when he gave you the money that he was
20   going to be found guilty of whatever, you have no idea, so
21   how is it any different?
22              MR. GOLDSTEIN:  And not only the corporate forms
23   being disregarded, but they would now be under the auspices
24   of Title 11 as a debtor.  So if I --
25              THE COURT:  Well, that's the only way these
```