```
 1                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF CONNECTICUT
 2                         BRIDGEPORT DIVISION

 3    IN RE:                       .   Chapter 11
                                   .   Case No. 22-50073 (JAM)
 4    HO WAN KWOK, et al.,         .
                                   .   (Jointly Administered)
 5                                 .
                                   .
 6           Debtors.             .    Courtroom 123
                                   .   Brien McMahon Federal Building
 7                                 .   915 Lafayette Boulevard
                                   .   Bridgeport, Connecticut 06604
 8                                 .
                                   .   Tuesday, November 5, 2024
 9    . . . . . . . . . . . . . .  .   1:05 p.m.

10                          TRANSCRIPT OF HEARING
                   BEFORE THE HONORABLE JULIE A. MANNING
11                    UNITED STATES BANKRUPTCY JUDGE

12    APPEARANCES:

13    For the Chapter 11
      Trustee:                     Patrick Linsey, Esquire
14                                 NEUBERT PEPE & MONTEITH, P.C.
                                   195 Church Street
15                                 13th Floor
                                   New Haven, Connecticut 06510
16
                                   -and-
17
                                   Luc A. Despins, Esquire
18                                 PAUL HASTINGS, LLP
                                   200 Park Avenue
19                                 New York, New York 10166

20
      Audio Operator:             Electronically recorded
21
      Transcription Company:      Reliable
22                                 The Nemours Building
                                   1007 N. Orange Street, Suite 110
23                                 Wilmington, Delaware 19801
                                   Telephone: (302)654-8080
24                                 Email:  gmatthews@reliable-co.com

25    Proceedings recorded by electronic sound recording,
      transcript produced by transcription service.
```

APPEARANCES:

For Aaron Mitchell,
V.X. Cerda &
Associates, The
Francis Law Firm PLLC,
Berkeley Rowe Limited,
Weddle Law PLLC, and
Lawall & Mitchell, LLC:   Kellianne Baranowsky, Esquire
                          GREEN & SKLARZ, LLC
                          One Audubon Street
                          3rd Floor
                          New Haven, Connecticut 06511

For 3 Columbus Circle,
Baron Yachts, and
ModSquad, Inc.,
Mercedes Benz
Manhattan New York,
Philip Eisner:            Matthew A. Pesce, Esquire
                          MURTHA CULLINA, LLP
                          107 Elm Street
                          11th Floor
                          Stamford, Connecticut 06902

For the U.S. Trustee:     Holley L. Claiborn, Esquire
                          OFFICE OF THE UNITED STATES TRUSTEE
                          The Giaimo Federal Building
                          150 Court Street, Room 302
                          New Haven, Connecticut 06510

1                                    INDEX

2    MOTIONS:                                                     PAGE

3    Matter
     (HY) #31: Motion To Stay Discovery Pending Court's           6
4              Decision on Motion to Dismiss Filed by
               Jeffrey M. Sklarz on behalf of Aaron
5              Mitchell, Defendant

6    Matter
     (HY) #22: Motion To Stay Discovery Pending Court's
7              Decision on Motion to Dismiss Filed by
               Jeffrey M. Sklarz on behalf of V.X. Cerda
8              & Associates P.A., Defendant

9    Matter
     (HY) #25: Amended Motion To Stay Discovery Pending
10             Court's Decision on Motion to Dismiss
               Filed by Jeffrey M. Sklarz on behalf of
11             The Francis Firm PLLC, Defendant

12   Matter
     (HY) #31: Motion To Stay Pending Defendant's
13             Response to Amended Complaint Filed by
               Jeffrey M. Sklarz on behalf of Berkeley
14             Rowe Limited, Defendant

15   Matter
     (HY) #30: Motion To Stay Discovery Pending Court's
16             Decision on Motion to Dismiss Filed by
               Jeffrey M. Sklarz on behalf of Weddle Law
17             PPLC, Defendant

18   Matter
     (HY) #35: Motion To Stay Discovery Pending Court's
19             Decision on Motion to Dismiss Filed by
               Jeffrey M. Sklarz on behalf of Lawall &
20             Mitchell, LLC, Aaron Mitchell, Defendants

21

22

23

24

25

INDEX

| MOTIONS: | PAGE |
|---|---|
| Matter (HY) | |
| #3659: Motion to Amend Avoidance and Mediation Procedures Order by Temporarily Staying Discovery and Response to Motions to Stay Discovery Filed by Certain Avoidance Defendants Filed by Patrick R. Linsey on behalf of Luc A. Despins, Chapter 11 Trustee | |
| Court's Ruling: | 16 |
| Matter (HY) | |
| #3594: Motion for 2004 Examination of Additional Entities and Individuals Affiliated with Debtor and Additional Relevant Banks (Seventeenth Omnibus) Filed by Kari A. Mitchell on behalf of Luc A. Despins, Chapter 11 Trustee | 18 |
| Court's Ruling: | 24 |
| Matter (HY) | |
| #3701: Application to Employ James Morgan as Barrister in British Virgin Islands Filed by Luc A. Despins on behalf of Luc A. Despins, Chapter 11 Trustee | 26 |
| Court's Ruling: | 28 |
| Matter (HY) | |
| #17: Motion for Default Judgment by the Court pursuant to Fed. R. Civ. P. 55 (b)(2) and Fed. R. Bankr. P. 7055 against Qiang Guo Filed by Patrick R. Linsey on behalf of Luc A.Despins, Plaintiff | 29 |
| Court's Ruling: | 32 |
| Transcriptionist's Certificate | 39 |

1    (Proceedings commenced at 1:05 p.m.)

2    THE CLERK:  22-50073, Ho Wan Kwok.  24-05110,

3  Despins v. Mitchell.  24-05134, Despins v. V.X. Cerda &

4  Associates P.A.  24-50168, Despins v. The Francis Firm PLLC.

5  24-05186, Despins v. Berkeley Rowe Limited.  24-05188,

6  Despins v. Weddle Law PLLC.  24-05199, Despins v. Lawall &

7  Mitchell, LLC et al.  24-05238, Despins v. Guo.

8    THE COURT:  Good afternoon. If we could have

9  appearances for the record starting with the Chapter 11

10 Trustee, please.

11    MR. DESPINS:  Good afternoon, Your Honor.  Luc

12 Despins, Chapter 11 Trustee.

13    THE COURT:  Good afternoon.

14    MR. LINSEY:  Good afternoon, Your Honor.  Patrick

15 Linsey of Neubert, Pepe & Monteith, for the Chapter 11

16 Trustee.

17    THE COURT:  Good afternoon.

18    MS. CLAIBORN:  Good afternoon.  Holley Claiborn

19 for the U.S. Trustee.

20    THE COURT:  Good afternoon.

21    Anyone else in the courtroom noting their

22 appearance?

23    MS. BARANOWSKY:  Good afternoon, Your Honor.

24 Kellianne Baranowsky of Green & Sklarz on behalf of Adversary

25 Proceeding Defendants Aaron Mitchell, V.X. Cerda &

1    Associates, The Francis Law Firm PLLC, Berkeley Rowe Limited,

2    Weddle Law PLLC, and Lawall & Mitchell, LLC.

3            THE COURT:  Good afternoon.

4            MS. BARANOWSKY:  Good afternoon.

5            MR. PESCE:  Good afternoon, Your Honor.  Matthew

6    Pesce on behalf of 3 Columbus Circle, Baron Yachts, ModSquad,

7    Inc., Mercedes of New York -- excuse me, Mercedes Benz

8    Manhattan New York, and Philip Eisner.

9            THE COURT:  Good afternoon.

10           All right.  Trustee Despins, there are several

11   matters on the calendar today.  I would assume you have an

12   idea of how you would like to proceed.

13           MR. DESPINS:  Yes, Your Honor.  Mr. Linsey will

14   handle the discovery stay and the related matters because

15   that covers most people in the courtroom and then we will

16   proceed with the other ones after that.

17           THE COURT:  Okay.  Thank you.

18           MR. LINSEY:  May I approach, Your Honor?

19           THE COURT:  Yes, you may.

20           MR. LINSEY:  Thank you. The Trustee has moved for

21   a temporary stay of discovery in the avoidance actions, that

22   is until the Court has resolved the joint briefing issues,

23   and as to any non-mediation defendants that has filed a

24   motion to dismiss until the Court resolves that motion to

25   dismiss.

1          At the outset, the Trustee notes that as for the

2     vast majority of avoidance claims discovery is already

3     stayed; that is because those claims are either in mediation

4     already or because they are on the fully stayed list, that is

5     the Exhibit 3-A to the operative procedures order.  So, what

6     we are really talking about here is a limited subset of

7     avoidance defendants numbering approximately in the 40's.

8          So, in terms of its practical impact the relief

9     the Trustee is looking for is limited.  Largely, these are

10    defendants that were on the Exhibit 4 list to the operative

11    procedures order; that is that we are not automatically

12    referred to mediation for a few of the impacted defendants.

13    They are defendants that filed motions requesting to be

14    excused from mediation and the Court allowed that.

15         A temporary stay of discovery is appropriate here

16    for several reasons.  First of all, the Court's ruling on the

17    joint briefing issues, as well as issued raised in the

18    motions to dismiss, may obviate the need for certain

19    discovery.  As a practical issue, the Trustee believes it is

20    likely that the Court's resolution of those issues may lead

21    to settlements of some avoidance claims.  Additionally, there

22    are legal issues in dispute that the Court addressing may

23    cause subject matter of discovery in avoidance actions to be

24    narrowed.

25         Further, the Trustee notes that it's likely that

1   there are going to be some common issues in discovery

2   involving avoidance claims.  And while the Trustee is

3   cognizant of the need to pursue these claims expeditiously,

4   the Trustee also recognizes that there are economies of scale

5   and when efficiencies reveal themselves, they should be

6   pursued.  For that reason, the Trustee believes it is

7   appropriate to wait for a limited period of time to undertake

8   discovery for there to be a critical mass of avoidance

9   defendants to move into discovery and, therefore, to pursue

10  efficiencies and common discovery practices to the extent

11  that that is an available -- you know, something that is

12  available.

13          The Trustee filed this motion after consulting

14  with counsel for the non-mediating defendants.  Certain of

15  the non-mediating defendants themselves filed motions seeking

16  this relief. In fact, prior to the Trustee filing his motion

17  seeking this relief on a more global scale, others have

18  responded with reservations of rights saying they do not

19  disagree with the relief requested.  Various things that

20  avoidance defendants have said in these filings are things

21  the Trustee does not agree with; however, because there is no

22  disagreement as to the ultimate relief, the Trustee is not

23  going to raise those issues for sport.

24          The Trustee has reviewed -- oh, the Trustee would

25  note that the Trustee has, in compliance with the Court's

1  order regarding notice, has caused all appearing avoidance

2  defendants to be served with both the Trustee's motion for a

3  stay of discovery and the Court's order setting a hearing on

4  this motion.  The Trustee did that by filing those documents

5  in all of the pending avoidance actions which automatically,

6  by ECF, caused any appearing avoidance defendant to be served

7  with those documents.

8          THE COURT:  Let me stop you on that.

9          MR. LINSEY:  Yes, Your Honor.

10          THE COURT:  It might not be as automatic as we all

11  think. Something occurred this morning in hearings where I

12  think in this case it probably is and in these adversary

13  proceedings, but apparently when you, and any lawyer, or ECF

14  filer agrees to become an ECF filer you can choose when you

15  obtain the actual document that is placed on the docket,

16  whether its automatic or at midnight the next day, through a

17  report which I honestly had no idea was true.

18          So, when you say "automatically" that is the way I

19  believe and have always believed its worked even if we had

20  another email box or more to obtain filings, but apparently

21  an ECF filer can make a choice as to whether or not they

22  obtain anything filed in a case automatically through that

23  automatic NEF or at some later point in a day through a

24  report of all matters that are related to that ECF filer's

25  account.

1          So, the only thing I am saying is when you say
2  "automatic" apparently, it's not.  That is something I
3  learned today. It has nothing to do with this case.
4          MR. LINSEY:  I appreciate the information, Your
5  Honor. I had no idea of that.
6          THE COURT:  I had no idea of it either.
7          MR. LINSEY:  There are days where I might wish to
8  not get an email every time.
9          THE COURT:  Apparently there is a way you can do
10  that.
11          MR. LINSEY:  Then there are certain things where
12  its good to know the moment they are filed.
13          THE COURT:  Yeah, I never knew that you could do -
14  - well, that is not fair. I know there is an ability to
15  gather things through a report, but I thought that also was
16  separate and distinct from the NEF that you would obtain in
17  any case in which you are an ECF filer.
18          MR. LINSEY:  Understood, Your Honor.
19          THE COURT:  It is not automatic.
20          MR. LINSEY:  Well, for technical reasons like that
21  I was endeavoring to, at least, be precise about the way that
22  we delivered the notice.  So, hopefully I have accomplished
23  that.
24          THE COURT:  Well, its automatically served through
25  NEF, but when it is received by the recipient it's the

1  recipients issue ultimately but I just wanted you to be aware

2  of that.

3          MR. LINSEY:  Thank you, Your Honor.

4          Unless the Court has any questions, the Trustee

5  would ask that the motion be -- oh, there is one thing that

6  the Trustee would add.  There is a safety valve built into

7  the order which is in Paragraph 4 of the order which allows

8  any party to an adversary proceeding, upon a showing of

9  cause, to request that discovery be allowed in that adversary

10 proceeding.  You know, given that no one knows what

11 circumstances may occur that would affect any pending

12 avoidance action.

13         THE COURT:  Hold on. Let me just take a look at

14 that.  Paragraph 4?

15         MR. LINSEY:  Correct, Your Honor.

16         THE COURT:  "Any party to an avoidance action may

17 request that the stay of discovery in such action be lifted

18 upon a motion filed in the action setting forth cause."  That

19 is what you mean by your safety valve?

20         MR. LINSEY:  Correct, Your Honor.

21         THE COURT:  Okay.  Then with regard to this motion

22 that you filed on behalf of the Trustee I did not see any

23 written objections to this order.  I saw the motions to stay,

24 as you completely correctly noted, that were filed by

25 defendants prior to the Trustee's motion, but are there any

1  written objections to this motion that you are aware of?

2          MR. LINSEY:  No, Your Honor.

3          THE COURT:  Okay.

4          MR. LINSEY:  There are responses in the nature of

5  reservations of rights but there are not objections.

6          THE COURT:  And those responses that are in the

7  nature of reservations of rights, are they filed in the main

8  case adversaries or both?  I am not sure, that is why I am

9  asking that question.

10          MR. LINSEY:  I am aware that they are filed --

11          THE COURT:  I think they're in both.

12          MR. LINSEY:  They may be in both. The copies I

13  have with me are in the main case.

14          THE COURT:  So, it's just procedural the questions

15  I am asking you right now because I think you have already

16  answered them but I just want to make sure I understand your

17  answer.  With regard to this motion to further amend the

18  avoidance and mediation procedures order by temporarily

19  staying discovery, obviously, that was filed in the main case

20  because that is where the avoidance procedures order was

21  filed and where that matter was administered.  You also said

22  you then filed a notice or something in every adversary

23  proceeding related to this temporary stay motion, is that

24  correct?

25          MR. LINSEY:  That's correct, Your Honor. The

1  Trustee filed both notices of the motion and when the Court

2  scheduled a hearing on the motion, notices that the hearing

3  had been scheduled.  When I say "notice" it's really just a

4  one-pager saying this was filed in the main case attaching

5  the substantive filing.

6       THE COURT:  Understood.  That is what I thought

7  you said. I just wanted to make sure I understood what you

8  said because I wasn't sure.  I know that you have done that

9  in the past where there is an order, or a motion, or

10 something filed in the main case that impacts the adversary

11 proceeding, then a notice is filed in the adversary

12 proceedings which, essentially, telling people in every

13 adversary proceeding this is what has happened, go back to

14 the main case and look at if you would like.

15      MR. LINSEY:  Yes, Your Honor.  And it would be the

16 Trustee's intention to, upon any order entering with respect

17 to this motion, then filing that order in the -- filing, you

18 know, the same, a one-pager, see attached order, that is

19 entered in the main case so that notice has occurred in all

20 of the avoidance actions.

21      THE COURT:  Understood.  So, this motion that the

22 Trustee has filed in the main case, 3659, relates, obviously,

23 to all the motions to stay filed on behalf of Attorney

24 Baranowsky's clients that are also on for motion for stay for

25 today, correct?

1          MR. LINSEY:  It covers all of those defendants.

2    Correct, Your Honor.

3          THE COURT:  And Attorney Baranowsky has seen this

4    proposed order?  You have no -- I am going to have to hear

5    from you, Attorney Baranowsky, obviously, since there are six

6    motions to stay or seven motions to stay -- six that are

7    filed by you. I want to make sure that this order does what

8    you think it should do.

9          I know we talked about this a week or so ago in so

10   far as we thought that the Trustee's motion may moot all

11   these motions to stay filed in the adversary proceedings in

12   which Attorney Sklarz and Attorney Baranowsky represent the

13   defendants, and that are on the calendar today.  The 24-

14   05110, 24-05134, 24-05168, 24-05186, 24-05188, and 24-05199.

15         So, I am going to hear from Attorney Baranowsky to

16   make sure we are set on this proposed order, Attorney Linsey,

17   okay.

18         MR. LINSEY:  Thank you, Your Honor.

19         THE COURT:  Thank you.

20         MS. BARANOWSKY:  Thank you, Your Honor.

21         On behalf of the client group, if that is okay to

22   use that shorthand --

23         THE COURT:  Sure.

24         MS. BARANOWSKY:  -- of the six that have filed

25   motions to stay discovery, we have no objection to the relief

1  that the Trustee is seeking through modification of the

2  order.  As Attorney Linsey pointed out, there is no

3  disagreement as to the ultimate relief that order will

4  provide, and it does mirror what we are asking for in the

5  motions to stay.

6          I just do want to make a point on behalf of the

7  clients that have moved to stay discovery and on behalf of

8  all of our clients that we represent that are subject to the

9  mediation procedures orders that we do -- just to clarify, we

10  do disagree with some of the statements made in the motion

11  concerning various findings that have been made by the Court

12  to date and the applicability of those findings to adversary

13  defendants but, you know, we recognize that those are just

14  statements by the Trustee in a motion.  They are not the

15  equivalent of findings by the Court.

16          We just want to make it clear for the record that

17  our position is that we reserve all rights to contest the

18  Trustee's position on those statements but ultimately we

19  agree with the relief that is being requested and whether the

20  Court, you know, finds that the motions are moot because of

21  that order or that the motions should be stayed -- motions to

22  stay should be granted because the stay relief is being

23  order, I will leave that to the discretion of the Court.

24          THE COURT:  Okay.  Thank you.

25          MS. BARANOWSKY:  Thank you, Your Honor.

1          THE COURT:  Attorney Linsey, any response?

2          MR. LINSEY:  No, that's fine with the Trustee,

3    Your Honor.

4          THE COURT:  Does anyone else wish to be heard on

5    the motion to amend the avoidance and mediation procedures

6    order?

7       (No verbal response)

8          THE COURT:  Okay. I have reviewed the Trustee's

9    motion and I have reviewed the motions to stay that were

10   filed in the six adversary proceedings that the Court just

11   recited on the record.  At a hearing a week or so ago, and I

12   apologize I don't remember what day it was at the moment, but

13   this issue was highlighted and Attorney Sklarz was here and

14   Trustee Despins and Attorney Bassett, we all talked about

15   this issue in general before today's hearing.

16          I understand why the Trustee is seeking to amend

17   the avoidance procedures order and temporarily stay

18   discovery.  I understand why the defendants were seeking to

19   stay discovery.  Given the posture of where things stand at

20   this point in time and procedurally how the avoidance action

21   order was obtained through the main case, and that order was

22   entered in the main case, I am going to grant the Trustee's

23   motion to amend the avoidance and mediation procedures order

24   by temporarily staying discovery.  And I am going to enter

25   the proposed order.

1          Now, the proposed order was filed under seal,

2    Attorney Linsey.  Are we filing this -- are we entering this

3    order under seal?

4          MR. LINSEY:  No, Your Honor.  I don't believe --

5          THE COURT:  Oh, it wasn't filed under seal.  That

6    is my mistake.  Another ECF thing that occurred that is every

7    day bringing more joy to this Court.

8          MR. LINSEY:  I think I know what Your Honor is

9    talking about on that one.

10          THE COURT:  It isn't sealed. The copy I have in

11    front of me indicated something that is not correct, but I

12    read your order and it's the same order.  We went over

13    Paragraph 4 that you already highlighted.  So, then the

14    proposed order to 3659 we will enter.

15          Just give me one moment, please.

16      (Pause)

17          THE COURT:  Then, Attorney Baranowsky, what I am

18    going to do in all the adversary proceedings is deny your

19    motion as moot due to the entry of the order in the main case

20    on the Trustee's motion 3659.  Okay.

21          MS. BARANOWSKY:  Thank you, Your Honor.

22          THE COURT:  Thank you.

23          If anyone was only here for that matter they are,

24    obviously, welcome to stay or go, whatever you prefer, but

25    you certainly do not need to stay.

1          Trustee, Despins, how would you like to proceed

2   with the other matters that are on today's calendar?

3          MR. DESPINS:  There was a 2004 motion that Mr.

4   Linsey will handle as well, Your Honor.

5          THE COURT:  Okay. Thank you.

6          MR. LINSEY:  May I approach again, Your Honor?

7          THE COURT:  Yes, please.  Thank you.

8          MR. LINSEY:  For the record Patrick Linsey for the

9   Chapter 11 Trustee.

10          Your Honor, I have a presentation that includes

11   discussion of the objection that was filed with respect to

12   the motion. I don't see anyone here to prosecute the

13   objection but I will cover that if Your Honor thinks I'm

14   going too long at any point. Once we move along Your Honor

15   can just let me know.

16          THE COURT:  Have you had conversations with

17   counsel?

18          MR. LINSEY:  I have no, Your Honor.

19          THE COURT:  Okay.  Go ahead.

20          MR. LINSEY:  Your Honor, this is the Trustee's

21   seventeenth Rule 2004 motion by which the Trustee requested

22   authority to take the Rule 2004 examination of certain

23   financial institutions at which entity as an individual is

24   associated with the debtor banked, as well as a very

25   particular entity and individual with connections to the

1  debtor.  Those are Bofang Investment LLC (phonetic) and Fabo

2  Jong (phonetic).  Those are the objectors to the seventeenth

3  Rule 2004 motion.

4       As the Trustee noted in his motion, Bofang is an

5  entity that has transferred millions of dollars to debtor

6  alter-egos and other debtor associated entities including

7  HCHK entities and GFNY Inc.  As further noted in the motion,

8  Fabo Jong is an individual who has been a member of an entity

9  associated with the debtor, that is HGA, which funded Mahwah

10  Mansion expenses and who has personally transferred more than

11  $1 million to the debtors alter-egos and associated entities

12  including Saraca Media Group.

13       For these reasons, the Trustee reasonably believes

14  that Bofang and Jong may have information and documents

15  relevant to the debtors business and financial affairs.  Both

16  of this individual and entity objected to the Rule 2004

17  motion. The Trustee filed a reply to that objection which

18  sets forth copious evidence of the objectors connections to

19  the debtor.  These include records of transactions between

20  HCHK Technology and GFNY to debtor associated shell

21  companies, one of which has already been adjudicated in an

22  alter ego, and the objectors which records were photographed

23  by the US Government as part of its search of Yvette Wang's

24  apartment and which were exhibits that were admitted in the

25  debtors criminal prosecution.  That is attached to the

1   Trustee's reply as Exhibit 3.

2          Both of the objectors also appeared on a master

3   service list created in connection with New York State Court

4   assignment for the benefit of creditors proceedings for the

5   HCHK entities.  On this list they are listed as using a

6   common email address that is mosfoundation2064@gmail.com.

7   That master service list is Exhibit 5 to the Trustee's reply.

8   The Truste understands the MOS to refer to Mountains of

9   Spices, which is the name of one of the debtors; Himalaya

10  Farms, the Himalaya Farm based in New York.  Evidence to that

11  effect is attached to the reply as Exhibit 6, which is the

12  debtors superseding indictment in the criminal case and

13  Exhibit 7, an order by the criminal Court admitting certain

14  co-conspirator statements.

15          The District Court in the debtors criminal cases

16  determined that Mr. Yong Ben Zon (phonetic), a name of which

17  the Court is now well familiar, was the "legal group" leader

18  of the Mountains of Spices farm.  As discussed in footnote 3

19  of the Trustee's replay, Mr. Zon was also co-counsel with the

20  objectors counsel, Mr. Freeth, in frivolous litigation filed

21  against the Trustee and his law firm as well as counsel for

22  Pak.  Finally, objector Jong is listed as a member of HGA

23  Property Operation LLC, the company formed and managed by

24  another of the debtors supporters, Ms. Kim Lee, for the

25  purpose of paying expenses related to the Mahwah Mansion.

1          As a matter of procedure, the objectors did not

2    request to meet and confer with the Trustee regarding the

3    Rule 2004 motion either before or after objecting to the

4    motion. In light of the numerous connections between the

5    debtor and the objectors, the request for sanctions in the

6    objection is frivolous.

7          The Trustee sets out case law in his reply to the

8    objection discussing that Rule 2004 authorizes broad

9    discovery likened to a Court sanctioned fishing expedition;

10    however, as the Trustee's reply should make clear, there is

11    more then ample evidence and cause to specifically warrant an

12    investigation of the objectors connections to the debtor, and

13    his associated entities and individuals such that the

14    Trustee's motion far exceeds the showing required to

15    undertake a Rule 2004 investigation.

16          Otherwise, the Trustee's motion, Rule 2004 motion,

17    was timely served. The Trustee's certificate of service is

18    filed at ECF No. 3610. The Trustee thus requests that the

19    Court overrule the objection, grant the Trustee's Rule 2004

20    motion and I would be happy to answer any questions.

21          THE COURT:  So, you didn't have any discussions

22    with Attorney Freeth?

23          MR. LINSEY:  Correct, Your Honor.

24          THE COURT:  Okay.  Just give me one moment,

25    please.

1        (Pause)

2            THE COURT:  So, the proposed order I am looking

3    at, and maybe there is a newer one and I might be looking at

4    the wrong one, it doesn't recite anything about the motion to

5    quash or that a hearing was scheduled on this and, obviously,

6    whether its granted or denied, right.  So, I think we need to

7    do that.  You need to have an order because they're going --

8    you know, you need to -- otherwise, they may file another

9    motion with regard to a subpoena I suppose because you

10   haven't issued the subpoena yet, right?

11           MR. LINSEY:  Correct, Your Honor.

12           THE COURT:  So, hold on one second, please.

13   Again, just looking at --

14       (Pause)

15           THE COURT:  So, I am looking at the docket but I

16   missed it for whatever reason.  I am not sure why.

17           MR. LINSEY:  Is Your Honor looking for something

18   specific on the docket?

19           THE COURT:  I was looking for the objection.

20           MR. LINSEY:  I believe its at ECF No. 3649.  There

21   were two.  There was an original and then --

22           THE COURT:  I see it.  Thank you.

23           So, on October 8th Attorney Richard N. Freeth, as

24   attorneys for Bofang Investment LLC and Fabo Jong, filed an

25   opposition to the seventeenth supplemental omnibus motion and

1  further discovery and cross-motion to quash subpoena which is

2  ECF 3649 as you stated.  Thank you. I just couldn't find it.

3  I was looking in -- I don't know where I was, but I wasn't at

4  the right place of the almost 3,700 ECF numbers.

5        The objection says that Mr. Yang, the individual

6  movant, does not have any firsthand knowledge regarding the

7  debtors business or any materially relevant information

8  regarding Mr. Kwok's bankruptcy estate.  He says he has

9  joined the whistleblower movement.  Has no financial

10  transactions. He and the corporate entity have had no

11  financial transactions with Mr. Kwok.  And the movants should

12  be awarded attorneys fees and costs.  That is the sanction

13  that they are seeking.

14        Counsel is not here today to prosecute that

15  opposition and that cross motion to quash and for sanctions.

16  I don't know why.  This was his -- his opposition was dated

17  October 8th.

18        MR. LINSEY:  Correct, Your Honor.  This matter was

19  noticed for a hearing at 3727.

20        THE COURT:  Well, it was actually twice the same

21  day because there was just a typographical error in the first

22  one, but on October 18th a notice of hearing was issued with

23  regard to the Trustee's seventeenth omnibus motion for Rule

24  2004 examinations.  Sitting today, November 5th, at 1 p.m.,

25  is the hearing on the seventeenth omnibus motion for

1 examination after the opposition was filed by Attorney

2 Freeth.

3        I am just looking for the service of the notice of

4 hearing, Attorney Linsey.  Well, Attorney Freeth would have

5 gotten it regardless because he has an appearance in the main

6 case on behalf of these two entities.

7        MR. LINSEY:  Correct, Your Honor.

8        THE COURT:  So, Attorney Freeth would have

9 received a notice of electronic filing of the notice of

10 hearing.

11        MR. LINSEY:  I would note,  Honor, that the

12 notice of hearing provides that if the Court is to consider

13 any response to the above mentioned matters, which include

14 the seventeenth Rule 2004 motion, then the party or its

15 counsel must be in attendance at this hearing date and absent

16 such attendance the Court may decide that the party does not

17 oppose the relief in the above referenced matter which,

18 again, includes the Rule 2004 motion.

19        THE COURT:  Counsel for the objecting parties is

20 not in attendance.  With regard to the Trustee's motion,

21 seventeenth supplemental omnibus motion, for an entry of an

22 order under Rule 2004 with respect to additional parties,

23 including additional banks, and the subpoenas issued in

24 connection with that the Court grants the Trustee's

25 seventeenth supplemental omnibus motion and finds wholly

1  unpersuasive the objection filed by Attorney Freeth on behalf

2  of his two clients not only because the facts don't support -

3  - it doesn't matter whether Mr. Jong and Bofang Investments

4  have any material -- what they claim is material information

5  regarding the debtor, the Trustee and part of his

6  investigation is entitled to take the Rule 2004 examination,

7  subpoena those documents, and the movants shall comply to the

8  extent that they are able to comply.  Rule 2004, as you

9  correctly noted, is a broad discovery device that is

10 available under the federal rules of bankruptcy procedure and

11 I am unpersuaded by the objection.

12         Now, the proposed order, as I said, Attorney

13 Linsey, does not note, because it wasn't filed until after,

14 the objection and the fact that there was a hearing today and

15 that he didn't appear.  So, I would like you to revise that

16 proposed order to include those facts; the fact that there

17 was an objection filed that a notice of hearing was issued,

18 that counsel for the objecting parties did not appear at the

19 hearing, okay, and that a motion to quash -- cross motion to

20 quash is denied, okay, because right now the order doesn't

21 say any of those things and I think it's important for the

22 record to do that.  Obviously, you couldn't have done that at

23 the time when you filed the motion because you didn't know

24 there was going to be an objection filed but I would like the

25 proposed order to be revised to address those issues.

1          MR. LINSEY:  Understood.  We will have that --

2   would Your Honor like that to be filed or would Your Honor

3   like that to be emailed to the Courtroom Deputy?

4          THE COURT:  You can email that to the Courtroom

5   Deputy. It does not need to be filed.

6          MR. LINSEY:  Thank you, Your Honor.

7          THE COURT:  So, do you think that is something you

8   might have completed by Friday? I would like to give the

9   Clerk's Office a date so they are looking for the order.

10         MR. LINSEY:  We will have it in by tomorrow, Your

11  Honor.

12         THE COURT:  Okay.

13         MR. LINSEY:  Thank you, Your Honor.

14         THE COURT:  All right.  So, then the Rule 2004

15  examination is granted.  The cross motion to quash the

16  subpoena and for sanctions is denied.  The revised proposed

17  order will be submitted on or before November 8th.

18         MR. LINSEY:  Thank you, Your Honor.

19         THE COURT:  Thank you.

20         Trustee Despins, what would you like to have the

21  Court address next?

22         MR. DESPINS:  I will handle the rest of the

23  matters, Your Honor.  And the first one on my list is the

24  retention of James Morgan as King Counsel in the BVI.  May I

25  approach?

1          THE COURT:  Yes. Thank you.

2          MR. DESPINS:  For the record Luc Despins, Chapter

3  11 Trustee.

4          On October 15th, Your Honor, Docket 3701, we filed

5  a motion to retain Mr. Morgan as King's Counsel. He is a

6  Barrister in the BVI. As you know, the UK system we need a

7  Solicitor and a Barrister.  Because we are getting into a

8  heavier litigation phase in the BVI with respect to K Legacy,

9  you know, that is the alleged owner of the London apartment,

10 we need his assistance and that is why we filed the

11 application.  We are asking for the retention to be effective

12 as of September 16th which is the day that he started working

13 on this matter, Your Honor.  We also filed at 3779 an amended

14 proposed order to delete the reference to Section 328.

15         That is all I have, Your Honor, on this issue. It

16 should be a pretty routine retention but we, unfortunately,

17 need his services because there is more litigation activity

18 in the BVI.

19         THE COURT:  Understood.  Does anyone else wish to

20 be heard?

21         MS. CLAIBORN:  Holley Claiborn for the U.S.

22 Trustee.

23         The U.S. Trustee has no objection. I filed a

24 statement so reflecting at ECF 3749.  That statement did

25 reference the need to remove the reference to Section 328 in

1   the order and that has been done.  So, with that the U.S.

2   Trustee has no issues.

3             THE COURT:  So, which order am I -- just so I make

4   sure I am looking at the right order.

5             MS. CLAIBORN:  I think it's 3779.

6             MR. DESPINS:  That's correct, Your Honor.

7             THE COURT:  Okay.  Just give me one moment,

8   please.

9        (Pause)

10            THE COURT:  All right. I am looking at the

11  proposed order, ECF No. 3779, granting the application for

12  the entry of an order authoring and approving retention and

13  employment of James Morgan as Barrister in British Virgin

14  Islands. I have reviewed the terms and conditions of the

15  order and they all appear to be fine to the Court.  No one

16  has filed any written objection to the application filed by

17  the Trustee.

18            There is no one participating in this hearing

19  today that is objecting to the application filed by the

20  Trustee and the United States Trustees Office has filed a

21  statement of no objection with a change to the proposed order

22  that has been made.  So, for all of those reasons the

23  application to employ is granted and the proposed order will

24  be entered.

25            MR. DESPINS:  Thank you, Your Honor.

1          THE COURT:  Thank you.

2          MR. DESPINS:  Your Honor, the next and I think

3  last matter on the agenda is a motion for entry of a default

4  judgment in an adversary proceeding.  So, this is Adversary

5  Proceeding No. 24-05238.  It was commenced on February 15th

6  and it's an adversary proceedings against the debtors son,

7  Qiang Guo, that seeks upwards of $90 million in fraudulent

8  transfers; however, the relief we are seeking today is only

9  related to $20 million of that $90 million because that was

10 made by an entity that the Court has already found to be an

11 alter-ego of the debtor. That entity being Lamp Capital.

12          So, we filed the motion for entry of a default

13 judgment on October 11th.  On October 16th, at Docket 21, we

14 filed a certificate of service of the motion on Mr. Guo and

15 also his counsel.  You know, given that this is a default

16 motion, Your Honor, for entry of a default judgment I am not

17 going to go through in detail all the elements but I would

18 start by saying that the case law on this is clear which is

19 the Court in a default context, a default judgment context is

20 required to accept all of the plaintiff's factual allegations

21 as true and draw all reasonable inferences in favor of the

22 moving party which is the trustee here.

23          The elements of the complaint are fairly simply

24 which is that there was a transfer of the debtors property of

25 $20 million. It was done in 2021 so, therefore, we did two a

1  year period of the filing of the case.  It was done with

2  actual intent by the debtor to defraud his creditors and

3  they're we're relying on the badges of fraud.  You know, this

4  is a transfer by the debtor to his son for no consideration.

5  You know, a secret transfer is not disclosed to anyone.  So,

6  all the badges of fraud are all there stated in our

7  memorandum of law in support of our motion.  So, they are all

8  addressed therein.

9          So, there is no real debate here.  The issue I

10  wanted to address is the fact that this is part of a larger

11  complaint and as you know, under Rule 54(b) the Court needs

12  to make a finding that there is no just reason for delay.

13  This is what I want to address, why are we doing this.  Why

14  not just wait until all these adversary proceedings are heard

15  all at the same time or sort of at the same time.  The reason

16  is that there is a critical need for us to obtain this now

17  because we are, obviously, asserting claims abroad in many

18  jurisdictions against the debtors son.

19          There is a huge difference between showing up in a

20  Court to say, hey, we believe we have claims against that

21  person and we have -- in contrast we have a Court order, it's

22  a default judgment but that says he owes us $20 million.

23  That is why we are doing this now because it is critical for

24  us given the posture of the case and our efforts to recover

25  money from the debtors son on the international scene to have

1  that order entered in the case.

2            So, essentially, that is why we are doing this.

3  So, that is why we believe its appropriate for the Court to

4  address that relief separately then the other $70 million of

5  fraudulent transfers that we allege in this complaint.

6            THE COURT:  The other transfers that you allege,

7  are they also in the first and second counsel to complaint.

8  The reason I am asking is I understand what you are asking me

9  but I think the order might need to be -- first of all, we

10  have to make sure that the judgment that you are seeking, the

11  default judgment of $20,070,000 is in the first and second

12  count of the complaint. I believe it is.

13            MR. DESPINS:  It is, yes.

14            THE COURT:  But that there are no other -- if

15  there are other transfers in those sections, we may have to

16  make that a little bit more specific, number one.

17            Number two, with regard to your correct assertion

18  about Rule 54, I think you have to say something in this

19  order about that there is no just cause for delay of the

20  entry of this judgment because its not a complete judgement,

21  right?

22            MR. DESPINS:  Yes.  In the order -- I think the

23  order is fairly specific, Your Honor, but, obviously, we --

24            THE COURT:  I don't think it has those words those

25  of Rule 54.

1        MR. DESPINS:  No, no.  On this issue you are

2   absolutely right.  I was going back to the other issue which

3   is the fact that there are other counts in count two of the

4   complaint but we refer to specifically certain of these

5   transfers.

6        THE COURT:  That's fine. I just want to make sure

7   that that is --

8        MR. DESPINS:  So, we need to add some language

9   about there is no just cause.

10        THE COURT:  I think you have to, unfortunately, or

11   it won't -- there could be a -- I understand the reason why

12   you would like the Court to find that there is no reason to

13   delay the entry of the judgment in this case, that being that

14   you are -- part of your duties as the Chapter 11 Trustee

15   involved in proceedings in the United States and outside of

16   the United States to try to recover assets of the estate and

17   this order will help you do so or at least make arguments

18   that you might not, otherwise, be able to make without this

19   order.

20        So, with regard to the federal rules I do make

21   that finding that there is no just reason for delay. I am

22   expressly determining that on the record and you will put

23   that in the order under Rule 54(b).  But with regard to the

24   default judgment itself I have not seen any written objection

25   to the entry of the default judgment.  I know that the rules,

1  Federal Rules of Civil Procedure and the applicable Federal

2  Rules of Bankruptcy Procedure, do not require service of a

3  default judgment on a defendant who has been defaulted but I

4  believe you attempted -- you did make service of this motion

5  on the defendant.  No one has filed any appearance on behalf

6  of the defendant, no one has filed any written objection on

7  behalf of the defendant, and there is no one participating in

8  this hearing today that is appearing on behalf of the

9  defendant.

10         I find that, as noted, I have to review the

11  allegations in the complaint in the same way you would view a

12  motion to dismiss that they meet the elements of the cause of

13  action on which the Court enters judgment and I find that the

14  supporting material that was submitted and the effect of the

15  default on the allegations in the complaint form the basis

16  for the entry of a judgment on the first and second counts of

17  the complaint with regard to the $20,070,000 in transfers

18  that you have alleged in the complaint.

19         So, for all those reasons the motion for default

20  judgment is granted and then I would just need a revised

21  proposed order.

22         MR. DESPINS:  Thank you, Your Honor. I wanted to

23  address one issue which we would request that the Court

24  modify our proposed order slightly and that is the issue of

25  service.  In the motion, itself, and the memorandum has

1  extensive discussions of this but the order was a bit cryptic

2  because we say that, you know, he was properly served under

3  Bankruptcy Rule 7004, 7005, in the Hague Convention, but we

4  want to add, and if I could approach the bench to give you, a

5  version of the modified --

6            THE COURT:  Sure.  Thank you.

7            MR. DESPINS:  Your Honor, it's on the second page.

8  Basically, we have added because he was served in accordance

9  with Rule 6.92 of the English Civil Procedure Rules at the

10  address at the London apartment, we added that because in

11  foreign jurisdiction, you know, to the extent there are any

12  questions about service we want to make sure that this issue

13  has been addressed.  So, you might say, well, how do I know

14  that what Rule 6.9 of the English Rules provided we have --

15  you know, obviously, these are public rules, but we have kind

16  of a short extract of those rules that if I may approach, I

17  can give to the Court.

18            THE COURT:  Yes.  Thank you.

19            MR. DESPINS:  Your Honor, that extract, obviously,

20  contains a reference to Federal Rules of Civil Procedure 4(f)

21  to the Hague Convention itself, but then to Section 6.9 which

22  provides that when you are serving an individual you can

23  serve it at his usual or last known residence.  So, that is

24  why we wanted to have this reference because that is on that

25  basis that we are serving him.

1      I don't think its an issue.  We are not -- we are

2  kind of cryptic about this and I don't want a foreign Court,

3  to the extent its ever confronted or presented with this

4  order, to have any doubts as to Your Honor finding that there

5  was proper service from the US point of view of this.

6      THE COURT:  I don't even think service needs to be

7  made though, but I --

8      MR. DESPINS:  We're talking about the service of

9  the complaint, Your Honor.

10      THE COURT:  Oh, I see where you are in Paragraph

11  2, yes.  Well, I would have had to have found that anyway in

12  order to enter the default.

13      MR. DESPINS:  You would, but --

14      THE COURT:  I understand what you are saying and,

15  obviously, you have counsel in the United Kingdom who has

16  reviewed all this information as well.

17      MR. DESPINS:  Correct, Your Honor. So, I

18  understand that we need to make certain changes to the order

19  but we wanted you to have this and understand why we were

20  seeking that modification as well because you were making

21  that finding anyway, but now you are making it with more

22  information or more description, a better description of why

23  you are doing that.  So, we will submit a revised order.  We

24  can do that tomorrow, Your Honor. It shouldn't be a problem.

25      THE COURT:  All right.  Then for the reasons that

 1   we just discussed on the record and upon my review of the

 2   adversary proceeding, the default that is already entered,

 3   the motion for default judgment, and the attachments thereto,

 4   and the memorandum of law, the motion for default judgment is

 5   granted and revised proposed order will be submitted I will

 6   just say on or before Friday, but I know you will probably --

 7   you have indicated that you would like to get it in before

 8   Friday and that is fine.

 9           MR. DESPINS:  Yes, Your Honor.  Thank you very

10   much.

11           THE COURT:  Thank you.  Now the only thing is

12   Attorney Baranowsky is still here. We have a hearing

13   tomorrow, is that correct, on the motion to quash. Is that

14   still proceeding?

15           MR. LINSEY:  That is, Your Honor.  I was going to

16   bring it up as a housekeeping matter actually.

17           THE COURT:  Okay.  Go right ahead.

18           MR. LINSEY:  Thank you, Your Honor.  Trustee's

19   counsel just wanted to note that we have been in touch with

20   Ms. Baranowsky and her partner, Mr. Sklarz, regarding the

21   hearing tomorrow. We understand that its acceptable to the

22   Trustee and acceptable to G Club to, if the Court is willing,

23   have that hearing occur on a remote basis by Zoo.

24           THE COURT:  Yes.  The Court is willing.

25           MR. LINSEY:  Thank you, Your Honor.

1          THE COURT:  For that one matter tomorrow.  So, we

2   will hold the 1 p.m. hearing tomorrow.

3          Attorney Baranowsky, I think you do know as well,

4   just contact the Courtroom Deputy for the information for the

5   hearing and, Attorney Linsey, you are aware of that as well.

6          With regard to next week, on the 12th, I am still

7   not clear whether or not I will physically be in this

8   courtroom; however, everything on the calendar are

9   applications for compensation.  What I have been doing in

10  some cases that are not even Chapter 11 cases, if there is no

11  objection filed to the application for compensation and the

12  United States Trustee's Office has filed a statement of no

13  objection which I think the United States Trustee's Office

14  has with regard to a number of these, if not all, then I will

15  likely -- there will likely be a docket entry that the

16  hearing will not be held and the Court will review the

17  submissions and enter an appropriate order unless Trustee

18  Despins you would like to proceed in a different way.

19          MR. DESPINS:   Not necessary, Your Honor.  Thank

20  you.

21          THE COURT:  Okay.  I just wanted to note that for

22  the record.

23          Attorney Claiborn.

24          MS. CLAIBORN:  Your Honor, I just rise to let the

25  Court know that I have filed a statement with respect to each

1  of the fee applications that are on.

2          THE COURT:  I thought you did, but I wasn't a

3  hundred percent sure.

4          MS. CLAIBORN:  So, they are all complete.

5          THE COURT:  Okay.  Thank you very much for noting

6  that for the record.  So, the likelihood is that those

7  matters will be reviewed on the submissions and then

8  appropriate orders will enter.

9          Is there anything else we need to address this

10 afternoon?

11         MR. DESPINS:  Not for us.  Thank you, Your Honor.

12         THE COURT:  Okay.  Thank you all.  That is the

13 last matter on the calendar today, so Court is --

14     (Proceedings concluded at 2:02 p.m.)

15

16

17

18

19

20

21

22

23

24

25

1

## CERTIFICATION

2          I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter to the best of my

5    knowledge and ability.

6

7    /s/ William J. Garling                    November 11, 2024

8    William J. Garling, CET-543

9    Certified Court Transcriptionist

10   For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25