# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>Kwok, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF Nos. 3752 |
| G CLUB OPERATIONS, LLC,<br><br>Movant,<br><br>v.<br><br>LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>Respondent. | |

## ORDER DENYING MOTION TO QUASH

On October 28, 2024, G Club Operations, LLC ("G Club") filed the Motion to Quash (the "Motion," ECF No. 3752) the Rule 2004 Examination Subpoena (the "Subpoena") served by Mr. Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok (the "Individual Debtor"). The Subpoena seeks to depose G Club about its current operations and management. G Club argues the Subpoena is improper because: (i) there are pending adversary proceedings between G Club and the Trustee, including *Despins v. ACA Capital Group Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05249 (JAM) (Bankr. D. Conn. Oct. 29, 2024) (the "Omnibus Alter Ego Action"); (ii) the Subpoena seeks to depose G Club in New York, New York, which is impermissibly far from Puerto Rico, where G Club is located; and (iii) the scope of the Subpoena is too broad.

On November 1, 2024, the Trustee filed an objection to the Motion. (ECF No. 3778.) The Trustee agreed to limit the scope of the deposition, depose G Club remotely or in Puerto Rico, and argued that the pending proceeding doctrine should not bar the taking of the deposition because it would focus narrowly on G Club's current operations and management. The Trustee asserted that knowledge about the current operations of entities related to the Individual Debtor may assist in finding additional assets of the estate.

A hearing on the Motion was held on November 6, 2024. During the hearing, G Club offered to produce documents to the Trustee to defeat the need to depose its current manager. The Trustee indicated that he was unlikely to be satisfied with documents showing nominal control but would review what G Club produced and report back to the Court at a subsequent hearing. A second hearing was held on November 18, 2024, during which hearing G Club pressed its Motion and the Trustee continued to oppose the Motion.

Under the specific facts and circumstances of these jointly administered Chapter 11 cases and related adversary proceedings, the Court concludes that the taking of the deposition is not barred by the pending proceeding doctrine, *see In re Wash. Mut., Inc.*, 408 B.R. 45, 51 (Bankr. Del. 2009), because the Trustee is seeking to depose G Club on a narrow range of topics about its current activities rather than the issues directly related to the Omnibus Alter Ego Action and other adversary proceedings, *see In re Jasper Pellets, LLC*, 647 B.R. 151, 156 (Bankr. D.S.C. 2022); *In re Se. Materials, Inc.*, No. 09-52606, 2010 WL 5128608, at *3–4 (Bankr. M.D.N.C. 2010); *In re Int'l Fibercom*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002), and allowing Rule 2004 discovery into the narrow topics proposed by the Subpoena will support the Trustee's investigation into the estate's assets. Accordingly, it is hereby

**ORDERED:** The Motion (ECF No. 3752) is **DENIED**. The Trustee may depose G Club on November 20, 2024, as agreed between the parties as to the topics as narrowed in discussions between the parties.

Dated at Bridgeport, Connecticut this 18th day of November, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut