**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HO WAN KWOK, *et al.*,[1] | ) | Case No. 22-50073 (JAM) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**JOINT DEFENDANTS' REPLY IN SUPPORT OF**
**<u>MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS</u>**

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## <u>TABLE OF CONTENTS</u>

I.   Law of the Case Has No Application to the Joint Defendants. ................................................. 3

II.  The Trustee Has Failed to Allege a Cognizable Claim for Reverse Veil Piercing. ................ 4

III. Delaware Law Determines the Existence and Extent of the Debtor's Property Interests in the Non-Debtor Transferors. ....................................................................................................... 5

IV.  Delaware Law Applies the Vicarious Liability Theory........................................................... 7

V.   The Court May Not Apply the Equitable Doctrine of Alter Ego Retroactively..................... 8

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>:

*Campaign Legal Ctr. v. FEC*, 68 F.4th 607 (D.C. Cir. 2023) ...................................................... 4

*Covey v. Casey's General Stores, Inc. (In re Duckworth)*, No. 11-8104, 2012 WL 4434681 (Bankr. C.D. Ill. Sept. 24, 2012) ...................................................................................... 8, 9, 10

*Covey v. Peoria Speakeasy, Inc. (In re Duckworth)*, No. 10-83603, 2013 WL 1397456 (Bankr. C.D. Ill. Apr. 5, 2013) .................................................................................................... 8, 9, 10

*Harrington v. Purdue Pharma L. P.*, 144 S. Ct. 2071 (2024) .................................................. 9, 10

*Havee v. Belk*, 775 F.2d 1209 (4th Cir. 1985) ............................................................................... 5

*In re 10th Ave. Distributors, Inc.*, 97 B.R. 163 (S.D.N.Y. 1989) .................................................. 6

*In re Adler*, 494 B.R. 43 (Bankr. E.D.N.Y. 2013) ..................................................................... 6, 9

*In re American Int'l Refinery*, 402 B.R. 728 (Bankr. W.D. La. 2008) ................................. 8, 9, 10

*In re Auto-Train Corp., Inc.*, 810 F.2d 270 (D.C. Cir. 1987) ...................................................... 10

*In re Bridge*, 18 F.3d 195 (3d Cir. 1994) ...................................................................................... 5

*In re Brower*, 2023 WL 2927175 (B.A.P. 9th Cir. Apr. 12, 2023)................................................ 7

*In re Colon*, 563 F.3d 1171 (10th Cir. 2009) ............................................................................... 5

*In re Daniels*, 641 B.R. 165 (Bankr. S.D. Ohio 2022) .................................................................. 9

*In re Fisher*, 296 F. App'x 494 (6th Cir. 2008) ............................................................................ 9

*In re Harman*, 512 B.R. 321 (Bankr. N.D. Ga. 2014) ................................................................... 9

*In re Howland*, 674 F. App'x 482 (6th Cir. 2017).......................................................................... 7

*In re Lawler*, 53 B.R. 166 (Bankr. N.D. Tex. 1985)................................................................... 10

*In re Majestic Star Casino, LLC*, 716 F.3d 736 (3d Cir. 2013)..................................................... 5

*In re Moise*, 575 B.R. 191 (Bankr. E.D.N.Y. 2017) ..................................................................... 3

*In re Motors Liquidation Co.*, 590 B.R. 39 (S.D.N.Y. 2018) ........................................................ 3

*In re N.S. Garrott & Sons*, 772 F.2d 462 (8th Cir. 1985) ............................................................. 5

*In re Nejberger*, 934 F.2d 1300 (3d Cir. 1991)......................................................................... 5, 6

*In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005)..................................................................... 10

*In re Palmieri*, 651 B.R. 349 (Bankr. N.D. Ill. 2023).............................................................. 7, 9

*In re RS Air, LLC*, 651 B.R. 538 (B.A.P. 9th Cir. 2023) .............................................................. 7

*In re Schuster*, 132 B.R. 604 (Bankr. D. Minn. 1991) .................................................... 9

*In re Stillwater Asset Backed Offshore Fund Ltd.*, 559 BR 563 (Bankr. S.D.N.Y. 2016)............. 7

*In re The Ground Round, Inc.*, 482 F.3d 15 (1st Cir. 2007) ........................................... 5

*In re Yerushalmi*, 487 B.R. 98 (Bankr. E.D.N.Y. 2012).................................................. 6

*Krakowski v. Am. Airlines, Inc.*, 610 B.R. 714 (S.D.N.Y. 2019)................................... 3

*Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694 (Del. Ch. 2021) ...................... 4, 7, 8

*Nicole Gas Prod., Ltd.*, 916 F.3d 566 (6th Cir. 2019) .................................................. 5

*Norwest Rank Worthington v. Ahlers*, 485 U.S. 197 (1988)........................................... 1

*Otto Candies, LLC v. KPMG, LLP*, 2020 WL 4917596 (Del. Ch. Aug. 21, 2020)...................... 7

*Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48 (E.D.N.Y. 2015)............................................................................................ 9

*Spring Real Estate, LLC v. Echo/RT Holdings, LLC*, No. 7994–VCN, 2016 WL 769586 (Del. Ch. Feb. 18, 2016)........................................................................................... 7, 8

*U.S. Bank Nat'l Ass'n v. MMCO, L.L.C.*, 2021-Ohio-4605, 183 N.E.3d 499 (Ohio Ct. App. 2021) ............................................................................................................. 9

**Statutes:**

11 U.S.C. § 502(h) .......................................................................................... 5, 7

11 U.S.C. § 544 .............................................................................................. 5

11 U.S.C. § 548(c) ............................................................................................ 9

11 U.S.C. § 549.......................................................................................... 7, 9, 10

11 U.S.C. § 550................................................................................................ 9

The Joint Defendants[2] hereby submit this reply to the *Chapter 11 Trustee's Objection to Joint Defendants' Omnibus Memorandum in Support of Motion to Dismiss or for Judgment on the Pleadings* (ECF 3803) (the "<u>Objection</u>" or "<u>Obj</u>."), and in further support of the Motion.

This Court must, for the first time, consider whether an alter ego determination confers standing on the Trustee to pursue initial avoidance claims against third parties who the Trustee alleges received transfers from such purported alter egos.[3] The alter ego determinations by this Court ***do not transform alter egos into debtors*** such that the Trustee can exercise avoidance action powers over them. Any holding to the contrary violates Delaware law, prejudices the Joint Defendants, and gives the Trustee litigation powers beyond what Congress envisioned in the Bankruptcy Code.

The Trustee repeatedly relies on *dicta* while trampling the Supreme Court's holding in *Butner* that Delaware law must determine the existence and extent of property interests. Moreover, the Trustee ignores the weight of the decisional authority holding that any alter ego determination cannot be applied retroactively when, as here, it will plainly prejudice third-party creditors that the Trustee has not alleged to be anything other than innocent and unknowing. Nor can the Trustee use alter ego as an end-run around the exacting standards required to substantively consolidate non-debtors *nunc pro tunc* for the purpose of creating avoidance claims. The Bankruptcy Court's equitable powers "must and can only be exercised within the confines of the Bankruptcy Code" and cannot be used to eliminate creditor's statutory rights. *Norwest Rank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Joint Defendants' Omnibus Memorandum* (Dkt. No. 3713) (the "<u>Memorandum</u>").

[3] In his Objection, the Trustee attempts to convince this Court that it ***must have*** decided the issue when the Trustee obtained judgments stating that the Non-Debtor Transferors' assets are property of the Kwok estate. But the Trustee never disclosed his intention to assert avoidance action powers to this Court. In fact, he affirmatively alleged, in at least one of the Alter Ego Adversaries, that the alter egos had no unrelated third-party creditors. Nor did the Court ever consider whether the Trustee could exercise avoidance action powers over the alter egos.

Even assuming, *arguendo*, that the Trustee's standing to bring avoidance action claims relating to transfers made by the Non-Debtor Transferors was decided previously, it would be fundamentally unfair to use the ***discretionary*** law of the case doctrine to bind the Joint Defendants when they had no meaningful notice or opportunity to be heard. Law of the case cannot apply under these circumstances, and is being wielded by the Trustee as a litigation "gotcha" tactic rather than a doctrine of judicial fairness and economy. Simply put, the law of the case doctrine does not apply because the Joint Defendants were not parties to the Alter Ego Adversaries. The Trustee ***wholesale ignores the Joint Defendants' supportive case law*** and instead relies on demonstrably dissimilar decisions. The Trustee argues that, despite the fact that he sought to stay the Joint Defendant Adversaries and herd all defendants into mediation, the over 270 defendants were required, within days of being sued, to search all pending related proceedings, file motions to intervene and contest the alter ego determinations, when in some circumstances default had already been entered.

The Trustee's litigation strategy misuses an equitable doctrine to deprive innocent third parties of their defenses, including their good faith and value defenses as subsequent transferees. Incredibly, the Trustee plays victim, complaining that if the Court were to grant the Motion he would "be without recourse to address" Kwok's fraud. The Trustee is not the Department of Justice and is not "a law unto himself." The Trustee ignores the fact that he has recourse against the alleged alter egos themselves and their existing assets.[4] He also ignores that he can sue third parties as ***subsequent*** transferees of transfers made by Kwok, because this would require him to concede

---

[4] The Trustee also ignores the funds he has already recovered to date, and the fact that the U.S. Attorney's Office announced on March 15, 2023, that the U.S. Government seized over $630 million of alleged fraud proceeds that it presumably will pay to creditors of this case. *See* https://www.justice.gov/usao-sdny/pr/ho-wan-kwok-aka-miles-guo-arrested-orchestrating-over-1-billion-dollar-fraud-conspiracy.

2

that the Joint Defendants possess good faith defenses to the Trustee's claims—a bitter but necessary pill for the Trustee to swallow.

## I.    Law of the Case Has No Application to the Joint Defendants.

Rather than address the Joint Defendants' authority limiting the doctrine to subsequent litigation between the same parties, the Trustee relies on wholly inapplicable cases. While courts have considered adversary proceedings as part of the main case for purposes of imposing this doctrine, in each cited case the affected party was also a party to the main case and had direct notice prior to entry of the order establishing the law of the case. *See In re Motors Liquidation Co*., 590 B.R. 39, 63 (S.D.N.Y. 2018) (tort plaintiffs were parties to main bankruptcy case from inception).[5] In *Krakowski v. Am. Airlines, Inc*., 610 B.R. 714, 724–25 (S.D.N.Y. 2019), the court held that the law of the case doctrine barred the ***same parties*** from pursuing a subsequent adversary proceeding based on nearly identical claims they alleged in a previous adversary proceeding. Likewise, in *In re Moise*, 575 B.R. 191, 205 (Bankr. E.D.N.Y. 2017), the doctrine barred the debtor from pursuing a second adversary proceeding on the same issues he raised in an earlier, failed adversary.

The Trustee's suggestion that the Joint Defendants had the opportunity to intervene in the HCHK and Greenwich Land adversaries if they wished to protect their interests is meritless. The Trustee casually fails to mention that, mere weeks after commencing the Joint Defendant Adversaries, he filed his first Motion to Approve Mediation Procedures on March 15, 2024 (ECF 3003) (the "Mediation Motion"), which sought to stay these adversaries. His suggestion that the Joint Defendants should have immediately ignored the Mediation Motion and filed 38 motions to

---

[5]One party against whom the doctrine was invoked was not a party to the case at the time of the relevant decision but did have direct notice of the motion leading to that decision. *Id.*

intervene in each of the Alter Ego Adversaries attempts to use mediation as a sword against the Joint Defendants, is unsupported by any authority and smacks of mediation in bad faith.

In any case, by the time the Joint Defendants were served with these complaints it was already effectively too late for them to intervene in the Alter Ego Adversaries. For example, when the Mediation Motion was filed, default had already been entered against HCHK Property (AP 23-5013, ECF 139), which HCHK sought and failed to set aside, and the Trustee filed his motion for default judgment on March 8, 2024 (AP 23-5013, ECF 268).[6] In addition, the Trustee's Motion for Summary Judgment against Greenwich Land was already under advisement by January 9, 2024 (AP 23-5005, ECF 125), and default judgment had already been entered against Lamp Capital (AP 23-5023, ECF 66). *Cf. Campaign Legal Ctr. v. FEC*, 68 F.4th 607, 611 (D.C. Cir. 2023) (holding that failure to establish right to intervene would not preclude party from raising issues in future action).[7]

## II.   The Trustee Has Failed to Allege a Cognizable Claim for Reverse Veil Piercing.

The Trustee asserts that while harm to innocent and unknowing third-party creditors is one among several factors that courts are to consider before applying reverse veil-piercing under Delaware law, it is not "a dispositive factor that overrides all other considerations." Obj. ¶ 19. Yet, the ruling in the seminal Delaware case expressly states the contrary: "Only in cases alleging egregious facts, ***coupled with the lack of real and substantial prejudice to third parties***, should the court ***even consider*** utilizing the reverse veil-piercing doctrine." *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 714–715 (Del. Ch. 2021) (emphasis added). In short, "the lack

---

[6] In fact, the Trustee opposed an attempt earlier in the HCHK Property adversary by parties alleging to be creditors of HCHK to intervene and the Court sustained that objection. (AP 23-5013, ECF 60, 119, 239.)

[7] The Trustee must be suggesting that the Joint Defendants had a ***right*** to intervene under Fed. R. Civ. P. 24(a)(2), because permissive intervention is a matter of the court's discretion. Intervention as a matter of right in the Alter Ego Adversaries implies that proceeding without the Joint Defendants would "impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). If true, the Trustee should have named the Joint Defendants as parties in those adversaries or at least provided them with notice of same. As set forth previously and above, the Trustee did neither.

of real and substantial prejudice to third parties" is an element that must be satisfied before reverse veil-piercing can be "even consider[ed]" (let alone applied) to a Joint Defendant. Consequently, the Trustee is required to plead in each of the Joint Defendant Adversaries facts sufficient to plausibly allege why the Joint Defendant was ***not*** innocent and unknowing concerning the Debtor's connection with the applicable Non-Debtor Transferor and why the Joint Defendant would ***not*** be prejudiced by reverse veil piercing—something he has not done or even attempted to do.

The Trustee further asserts that purported harm to the Joint Defendants is an undetermined issue of fact that is not yet ripe for the Court's consideration. Obj. ¶ 16. Yet, there can be no credible dispute that the Trustee's attempt to claw back millions of dollars in payments received by the Joint Defendants will be prejudicial to these defendants. Nor does the prospect of obtaining a 11 U.S.C. § 502(h) claim negate such prejudice because any recovery is uncertain, likely to be less than 100% with interest, and will be months if not years from now (if at all).

## III. Delaware Law Determines the Existence and Extent of the Debtor's Property Interests in the Non-Debtor Transferors.

It is well-settled that state law determines the existence and extent of a debtor's legal and equitable interests in property. The Trustee's own cases state this tenet clearly. *In re Nejberger*, 934 F.2d 1300, 1302 (3d Cir. 1991) ("Although section 541 defines property of the estate, we must look to state law to determine if a property right exists and to stake out its dimensions."); *accord In re The Ground Round, Inc.*, 482 F.3d 15, 17 (1st Cir. 2007); *Nicole Gas Prod., Ltd.*, 916 F.3d 566, 573 (6th Cir. 2019); *In re N.S. Garrott & Sons*, 772 F.2d 462, 466 (8th Cir. 1985). In addition, although 11 U.S.C. § 544 may provide a trustee with "strong-arm" powers, his exercise of such power and its extent are governed entirely by the applicable state law. *Havee v. Belk*, 775 F.2d 1209, 1218–19 (4th Cir. 1985); *accord In re Colon*, 563 F.3d 1171, 1174 (10th Cir. 2009); *In re Bridge*, 18 F.3d 195, 200 (3d Cir. 1994).

Contrary to the implication of the Trustee's argument, filing for bankruptcy does not create new property rights through bankruptcy common law. *See, e.g.*, *In re Majestic Star Casino, LLC*, 716 F.3d 736, 751 (3d Cir. 2013); *In re N.S. Garrott & Sons*, 772 F.2d at 467. The Trustee cites numerous cases analyzing state liquor and brothel licenses for this proposition, which determine a license should be considered property even where the state refers to it as a "privilege." *See, e.g.*, *In re Nejberger*, 934 F.2d at 1302. Here, the Court needs to determine whether the Debtor has any interest in certain property at all, not whether an existing interest should be termed "property." And even in the license cases, courts looked to underlying state law to determine the extent of the debtor's interest. *Id.* at 1303 (looking to Pennsylvania statute before holding that debtor had interest in renewing expired liquor license).

None of the Trustee's cases stand for the principle that federal law governs the effect or "characteristics" of an alter ego finding against an entity. The Trustee's laundry list of cases does not support the proposition that federal bankruptcy law causes the property of an alter ego to become property of the Debtor—these cases apply state law for the impact of an alter ego determination. For example, in *In re 10th Ave. Distributors, Inc.*, 97 B.R. 163, 164 (S.D.N.Y. 1989), the court explicitly recognized that state law governs veil-piercing.[8] The Trustee asserts that the *Yerushalmi* and *Star Mountain* courts rejected the application of state law to determine the consequences of an alter ego ruling—but they did not. Neither court ruled on the consequences of alter ego. In *Yerushalmi*, 487 B.R. at 109–10, the court cited New York law as to whether estate planning trusts are susceptible to attack if used for fraudulent purposes, as well as the elements

---

[8] The *10th Ave.* court's approach was not unique. *See, e.g., McElroy v. FirstEnergy Corp.*, 824 F. App'x 97, 99 (3d Cir. 2020) (state law governs whether corporate veil may be pierced); *In re Yerushalmi*, 487 B.R. 98, 109–10 (Bankr. E.D.N.Y. 2012) (applying New York law); *In re Star Mountain Res., Inc.*, No. 2:18-BK-01594-DPC, 2022 WL 2294175, at *8 (Bankr. D. Ariz. June 22, 2022), *reconsideration denied sub nom. Star Mt. Plan Tr. v. Titan Mining (US) Corp.*, No. CV-22-01389-PHX-GMS, 2023 WL 2355916 (D. Ariz. Feb. 3, 2023) (applying Nevada law); *In re Blatstein*, 192 F.3d 88, 100 (3d Cir. 1999) (applying Pennsylvania law); *In re Pearlman*, 462 B.R. 849, 855 (Bankr. M.D. Fla. 2012) (applying Florida law); *In re Harry C. Partridge Jr. & Sons, Inc.*, 112 B.R. 593, 596 (Bankr. S.D.N.Y. 1990) (applying New York law); *In re Adler*, 494 B.R. 43, 58 (Bankr. E.D.N.Y. 2013) (applying New York law).

under New York law to pierce the veil. In *Star Mountain*, 2022 WL 2294175, at *8, the court, although denying cross-motions for summary judgment, specifically recognized that Nevada's alter ego law "will produce a result similar to substantive consolidation."

Ultimately, contrary to the Trustee's assertions, bankruptcy courts "look to state law for the definition and legal consequences of the alter ego doctrine." *In re Brower*, 2023 WL 2927175, at *9 (B.A.P. 9th Cir. Apr. 12, 2023) (rejecting § 549 claim), *aff'd*, 2024 WL 2826283 (9th Cir. June 4, 2024); *accord In re Howland,* 674 F. App'x 482, 486 (6th Cir. 2017). That is the case here.

## IV. Delaware Law Applies the Vicarious Liability Theory.

The Trustee erroneously relies on *dicta* to try to rebut the cases holding that an alter ego finding under Delaware law imposes vicarious liability only. Delaware law applies the vicarious liability of the alter ego doctrine—not the identity theory—which dooms the Trustee's claims. *Otto Candies, LLC v. KPMG, LLP*, 2020 WL 4917596, at *9 (Del. Ch. Aug. 21, 2020) (stating that veil-piercing or alter ego doctrine is path to vicarious liability). Under Delaware law, an alter ego may be responsible for the debts of another, but that does ***not*** result in a consolidation of assets. *See, e.g.*, *In re RS Air, LLC*, 651 B.R. 538, 545 (B.A.P. 9th Cir. 2023); *see also In re Stillwater Asset Backed Offshore Fund Ltd.*, 559 BR 563, 586–87 (Bankr. S.D.N.Y. 2016) (holding that court "knows of no support for the idea that alter ego theories can be used" to selectively pool assets of Delaware entity with debtor entity to create an avoidance action).

The Trustee's attempt to rely on *Palmieri*, *Spring Real Estate*, and *Manichaean* to reach a different result fails. *Palmieri* cites no legal precedent at all, and certainly no Delaware law, for its statement, in *dicta*, that an alter ego finding would result in that entity's property becoming property of the estate. 651 B.R. 349, 358 (Bankr. N.D. Ill. 2023). Similarly, the *Spring Real Estate* court's statement, in *dicta*, also fails to cite Delaware law. As noted in the Memorandum, *Spring Real Estate* relies on *In re American Int'l Refinery*, 402 B.R. 728, 742–46 (Bankr. W.D. La. 2008),

but *American Int'l* applies Nevada law. *Spring Real Estate, LLC v. Echo/RT Holdings, LLC*, No. 7994–VCN, 2016 WL 769586, *3 (Del. Ch. Feb. 18, 2016).

The Trustee attempts to make hay regarding *dicta* in *Manichaean*, 251 A.3d at 710 n.85, that a subsidiary's assets can be that of the parent upon reverse veil-piercing; however, the sole source of this *dicta* is *Spring Real Estate*, the problems with which are noted above. To be clear, the *Manichaean* court considered whether the plaintiffs could use reverse veil-piercing to enforce their judgment against the judgment debtor's wholly owned subsidiaries—a classic case-by-case application of alter ego theory; it did not conclude that the entities were one and the same for all purposes. *Id.* at 718–19.

## V.    The Court May Not Apply the Equitable Doctrine of Alter Ego Retroactively.

The Trustee incorrectly asserts that the Joint Defendants have not cited a case holding that an alter ego's existing assets belonged to the estate, yet the trustee could not avoid prior transfers to creditors. Obj. ¶ 52. *In re Duckworth* addressed this exact scenario. No. 11-8104, 2012 WL 4434681 (Bankr. C.D. Ill. Sept. 24, 2012). The Trustee wrongly asserts that *Duckworth* did not apply the alter ego doctrine because Power Trading was properly created under state law and validly existed as an entity. Obj. ¶ 53. To the contrary, the *Duckworth* court acknowledged that the corporate veil of Power Trading had been pierced in a prior proceeding by which its assets were brought into the estate. *See Duckworth*, 2012 WL 4434681, *7 & n.12.[9] However, *Duckworth* rejected using the alter ego doctrine to circumvent the statutory defenses Congress afforded to creditors that received transfers from Power Trading in good faith and for value. *Id*. If there was any question as to the court's reasoning, it was laid to rest seven months later when the court rejected the same theory in a related avoidance action, *Covey v. Peoria Speakeasy, Inc. (In re*

---

[9] *See* Stipulated Judgment, Dkt. No. 8, *Covey v. Duckworth (In re Duckworth)*, Adv. Proc. No. 11-08058 (Bankr. C.D. Ill., September 19, 2011), a copy of which is annexed hereto as **Exhibit A**.

*Duckworth)*, No. 10-83603, 2013 WL 1397456 (Bankr. C.D. Ill. Apr. 5, 2013). In that case, the court, explaining its prior decision, acknowledged that Power Trading was properly created and existing under Indiana law, but then considered whether to disregard the separateness under the alter ego doctrine retroactively to create a direct § 549 claim. *Id*. at *5. Because "[e]quitable remedies are not permitted to overrule statutory rights[,]" the court explained that the alter ego doctrine cannot be used to obviate a subsequent transferee defense under § 550. *Id*. And for that reason, the court rejected the trustee's "unprecedented reliance on the alter ego doctrine" in the *Speakeasy* adversary as well. *Id*. at *6–8. The court emphasized that "[n]o federal court has permitted the [alter ego] doctrine to be used for this purpose" and that "[i]nnocent transferees like Casey's and Speakeasy deserve to have their statutory rights and defenses protected."[10] *Id*. at *8.

Notably, the cases cited by the Trustee (with the possible exception of *American Int'l*)[11] all involved transfers to the debtor's insiders.[12] *See In re Palmieri*, 651 B.R. 349, 352 (Bankr. N.D. Ill. 2023) (debtor's girlfriend); *In re Harman*, 512 B.R. 321, 326 (Bankr. N.D. Ga. 2014) (debtor's wife);[13] *In re Fisher*, 296 F. App'x 494, 498 (6th Cir. 2008) (debtor's romantic and business

---

[10] *Duckworth* touched on the same concerns addressed in *Harrington v. Purdue Pharma L. P.*, 144 S. Ct. 2071, 2082 n.2 & 2084 (2024), which rejected using bankruptcy courts' equitable powers to release creditor direct claims against non-debtors absent an express statutory enactment. Here, these concerns again take center stage because the Trustee is trying to use "equity" to strip, absent any Congressional authorization, the Joint Defendants of their statutory defenses under §§ 548(c) and 550(b) to alleged "post-petition" transfers. Additionally, doing so retroactively robs the Joint Defendants of the ability to have sought statutory relief under 11 U.S.C. § 363 to confirm that the transactions were authorized.

[11] In *American Int'l Refinery,* 402 B.R. 728, 734–35 (Bankr. W.D. La. 2008), the president and COO of the debtor was hired about a year after the challenged transfer to be the president of the acquired company, and the transferee was essentially in a joint venture with the debtor's alter ego.

[12] The Trustee's reliance on *In re Adler*, 494 B.R. 43, 52 (Bankr. E.D.N.Y. 2013), is misplaced because it solely addressed alter ego in the context of the debtor's right to a discharge. It did not address the impact on innocent transferees of the debtor's alter egos. Moreover, a key aspect of *Adler's* holding has been criticized by the district court. *See Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48, 51 (E.D.N.Y. 2015) ("Just because two entities are *alter egos* does not make them both debtors under the Bankruptcy Code. It simply means they are liable for each other's debts. If the non-debtor entity wants that protection, it need only file its own petition").

[13] *Harman's* holding was later abrogated after the Georgia Court of Appeals determined that Georgia law did not recognize an exception to the general bar against outsider reverse veil-piercing. *See In re Webster*, 629 B.R. 654, 668 (Bankr. N.D. Ga. 2021).

partner);[14] *In re Schuster*, 132 B.R. 604, 606 (Bankr. D. Minn. 1991) (debtor's wife). Because it is an equitable doctrine, the court's use of alter ego will vary significantly when imposed to clawback funds from an insider as opposed to a non-insider. Indeed, *Duckworth* and *Lawler* rejected the application of this equitable doctrine to innocent creditors like the Joint Defendants. *See Duckworth (Casey's)*, 2012 WL 4434681 at \*6; *Duckworth (Speakeasy)*, 2013 WL 1397456 at \*5; *In re Lawler*, 53 B.R. 166, 167 (Bankr. N.D. Tex. 1985). Moreover, *American Int'l Refinery* only applied to a pre-petition fraudulent transfer and preference claims, both of which offer substantial affirmative defenses to protect trade creditors, and not, contrary to Trustee's assertion, a § 549 claim. *American Int'l*, 402 B.R. at 734–35, 740.

While the Trustee calls the analogy to substantive consolidation a "strawman argument" (Obj. ¶ 56), he confirms that he is effectively seeking the same result as substantive consolidation while merely slapping a different label on it. Substantive consolidation merges a group of entities' assets and liabilities together. *See e.g.*, *In re Owens Corning*, 419 F.3d 195, 206 (3d Cir. 2005). The Trustee's alter ego theory merges the Non-Debtor Transferors' assets and liabilities together. *See* Obj. ¶¶ 16–17 (liabilities arising from avoidance claims will be addressed under Section 502(h)). Yet, the Trustee does not believe he needs to address the serious concerns regarding the impact of *nunc pro tunc* substantive consolidation on creditors and the corresponding need for heightened scrutiny of such relief. *See, e.g., In re Auto-Train Corp., Inc.*, 810 F.2d 270, 276–77 (D.C. Cir. 1987). It would be absurd to allow the Trustee to achieve the same ends under a more lenient procedural and substantive standard merely by calling the relief a different name (all ironically in the name of equity). *See Purdue Pharma*, 144 S. Ct. at 2086 ("word games cannot obscure the underlying reality"). Indeed, the argument renders substantive consolidation a nullity.

---

[14] *Fisher*'s description of Ohio's alter ego doctrine as being something separate from veil piercing has been criticized by Ohio state and federal courts. *See In re Daniels*, 641 B.R. 165, 196 (Bankr. S.D. Ohio 2022); *U.S. Bank Nat'l Ass'n v. MMCO, L.L.C.*, 2021-Ohio-4605, ¶ 63, 183 N.E.3d 499, 516 (Ohio Ct. App. 2021).

Dated: November 22, 2024

<u>THE JOINT DEFENDANTS</u>

| | |
|---|---|
| By: <u>/s/ *Jeffrey Hellman*</u><br>Jeffrey Hellman (ct04102)<br>**LAW OFFICES OF JEFFREY HELLMAN, LLC**<br>195 Church Street, 10th Floor<br>Tel: 203-691-8762<br>New Haven, CT 06510<br>Email: jeff@jeffhellmanlaw.com<br><br>*Counsel for Ohtzar Shlomo Solomon*<br>*Treasure LLC and Jason Miller* | By: <u>/s/ *Eric S. Goldstein*</u><br>Eric S. Goldstein (ct27195)<br>**SHIPMAN & GOODWIN LLP**<br>One Constitution Plaza<br>Hartford, CT 06103<br>Tel: (860) 251-5059<br>Email: egoldstein@goodwin.com<br><br>*Counsel for Anthem HealthChoice Assurance,*<br>*Inc. dba Empire Blue Cross Blue Shield;*<br>*Anthem Health Plans, Inc.; Sedgwick Realty*<br>*Corp.; and Direct Persuasion LLC* |
| By: <u>/s/ *Scott M. Charmoy*</u><br>Scott M. Charmoy (ct15889)<br>**CHARMOY & CHARMOY, LLC**<br>1465 Post Road, Suite 100<br>Westport, CT 06680<br>Tel: (203) 255-8100<br>Email: scottcharmoy@charmoy.com<br><br>*Counsel for Putnam's Landscaping LLC* | By: <u>/s/ *Eric S. Goldstein*</u><br>Eric S. Goldstein (ct27195)<br>Nicole M. Lapenta (ct31639)<br>**SHIPMAN & GOODWIN LLP**<br>One Constitution Plaza<br>Hartford, CT 06103<br>Tel: (860) 251-5059<br>Email: egoldstein@goodwin.com<br>      nlapenta@goodwin.com<br><br>-and-<br><br>By: <u>/s/ *Michael A. Siedband*</u><br>Michael A. Siedband (*pro hac vice*)<br>**FEDERAL EXPRESS CORPORATION**<br>3620 Hacks Cross Road, Bldg. B<br>Memphis, TN 38104<br>Tel: (901) 355-2075<br>Email: michael.siedband@fedex.com<br><br>*Counsel for Federal Express Corporation* |
| By: <u>/s/ *Rowena A. Moffett*</u><br>Rowena A. Moffett (ct19811) | By: <u>/s/ *Michael T. Conway*</u><br>Michael T. Conway (ct26750) |

| | |
|---|---|
| **BRENNER, SALTZMAN & WALLMAN LLP**<br>271 Whitney Avenue<br>New Haven, CT 06511<br>Tel: (203) 772-2600<br>Email: rmoffett@bswlaw.com<br><br>*Counsel for Morvillo Abramowitz Grand Iason & Anello PC* | **LAZARE POTTER GIACOVAS & MOYLE LLP**<br>747 Third Avenue, 16th Floor<br>New York, NY 10017<br>Tel: (917) 242-1597<br>Email: mconway@lpgmlaw.com<br><br>*Counsel for Arri Americas Inc.* |
| By: */s/ Louis J. Martocchio III*<br>Louis J. Martocchio III (ct31149)<br>**MARTOCCHIO & OLIVEIRA LLC**<br>191 Main Street<br>Southington, CT 06489<br>Tel: (860) 621-9700<br>Email: lou@mo-lawfirm.com<br><br>-and-<br><br>Bret L. Strong (*pro hac vice*)<br>Zachary W. Doninger (*pro hac vice*)<br>**THE STRONG FIRM, P.C.**<br>Two Hughes Landing<br>1790 Hughes Landing, Suite 200<br>The Woodlands, TX 77380<br>Tel: (281) 367-1222<br>Email: bstrong@thestrongfirm.com<br>        zdoninger@thestrongfirm.com<br><br>*Counsel for DJD Creative, LLC* | By: */s/ Ross G. Fingold*<br>Ross G. Fingold (ct05452)<br>**STOKESBURY & FINGOLD, LLC**<br>10 Waterside Drive, Suite 204<br>Farmington, CT 06032<br>Tel: (860) 606-1709<br>Email: rfingold@lawssf.com<br><br>-and-<br><br>Sabrina L. Streusand (*pro hac vice*)<br>**STREUSAND, LANDON, OZBURN & LEMMON, LLP**<br>1801 S MoPac Expressway, Suite 320<br>Austin, TX 787046<br>Tel: (512) 236-9901<br>Email: streusand@slollp.com<br><br>*Counsel for Cloudflare, Inc.* |
| By: */s/ Richard J. Bernard*<br>Richard J. Bernard (ct413177)<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Tel: (212) 248-3140<br>Email: richard.bernard@faegredrinker.com<br><br>-and- | By: */s/ Benjamin D. Feder*<br>Benjamin D. Feder (ct443211)<br>Eric R. Wilson (ct443553)<br>**KELLEY DRYE & WARREN LLP**<br>Canterbury Green<br>201 Broad Street<br>Stamford, CT 06901<br>Tel: (203) 324-1400<br>Email: ewilson@kelleydrye.com<br>        bfeder@kelleydrye.com |

Josh Peterson
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Tel: (612) 766-7000
Email: josh.peterson@faegredrinker.com

-and-

Jaclyn C. Marasco
**FAEGRE DRINKER BIDDLE & REATH LLP**
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Tel: (302) 467-4200
Email: jaclyn.marasco@faegredrinker.com

*Counsel to Cirrus Design Corporation*

-and-

Richard J. Reding (*pro hac vice*)
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Tel: (651) 406-9665
Email: rreding@askllp.com

-and-

Edward E. Neiger (*pro hac vice*)
**ASK LLP**
60 East 42nd Street, 46th Floor
New York, NY 10165
Tel: (212) 267-7342
Email: eneiger@askllp.com

*Counsel to Indium Software, Inc.*

By: /s/ *John F. Carberry*
   /s/ *Kara A. Zarchin*
John F. Carberry (ct02881)
Kara A. Zarchin (ct30783)
**CUMMINGS & LOCKWOOD LLC**
Six Landmark Square
Stamford, CT 06901
Tel: (203) 351-4280
Email: jcarberry@cl-law.com
      kzarchin@cl-law.com

*Counsel for Target Enterprises, LLC
and Jamestown Associates, LLC*

By: /s/ *David J. Kozlowski*
David J. Kozlowski (ct28240)
**MORRISON COHEN LLP**
909 Third Avenue
New York, NY 10022
Tel: (212) 735-8825
Email: dkozlowski@morrisoncohen.com

-and-

Jeffrey Rhodes (*pro hac vice*)
**TAYMAN LANE CHAVERRI LLP**
2001 L Street NW, Suite 500
Washington, DC 20036
Tel: (202) 921-4080
Email: jrhodes@tlclawfirm.com

*Counsel to Mark Gundersen*

By: /s/ Eric Seltzer
Eric Seltzer (ct01224)
**GILBRIDE, TUSA, LAST & SPELLANE LLC**
31 Brookside Drive
Greenwich, CT 06830
Tel: (203) 622-9360
Email: ehs@gtlslaw.com

*Counsel for Miller Motorcars Inc.*

By: /s/ Robert E. Kaelin
Robert E. Kaelin (ct11631)
**MURTHA CULLINA LLP**
280 Trumbull Street, 12th Floor
Hartford, CT 06103
Tel: (860) 240-6000
Email: rkaelin@murthalaw.com

-and-

By: /s/ Matthew A. Pesce
Matthew A. Pesce (ct31208)
**MURTHA CULLINA LLP**
107 Elm Street
Four Stamford Plaza, 11th Floor
Stamford, CT 06902
Tel: (203) 653-5400
Email: mpesce@murthalaw.com

*Counsel for 3 Columbus Circle, LLC, Phillips Nizer LLP, and ModSquad, Inc.*

By: /s/ Robert N. Sensale
Robert N. Sensale (ct10556)
**BERSHTEIN, VOLPE & MCKEON P.C.**
900 Chapel Street, 11th Floor
New Haven, CT 06510
Telephone: (203) 777-5800
Email: rns@bvmlaw.com

*Counsel for 270 W. 39th St. Co., LLC*

By: /s/ Lindsay C. Stone
Lindsay C. Stone (ct31140)
Benjamin Gilbert (*pro hac vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Tel: (212) 653-8700
Email: lstone@sheppardmullin.com
          bogilbert@sheppardmullin.com

-and-

By: /s/ Alan H. Martin
Alan H. Martin (*pro hac vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
650 Town Center Drive, 10th Floor

<table>
<tr>
<td></td>
<td>Costa Mesa, CA 92626<br>Tel: (714) 513-5100<br>Email: amartin@sheppardmullin.com<br><br>*Counsel to Agora Lab, Inc.*</td>
</tr>
<tr>
<td>By: */s/ Matthew D. Valauri*<br>Matthew D. Valauri (ct30193)<br>**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**<br>1010 Washington Boulevard<br>Stamford, CT 06901<br>Tel: (203) 388-2433<br>Email: matthew.valauri@wilsonelser.com<br><br>*Counsel for Clayman Rosenberg Kirschner & Linder LLP*</td>
<td>By: */s/ Bonnie C. Mangan*<br>Bonnie C. Mangan (ct03759)<br>**LAW OFFICE OF BONNIE C. MANGAN, P.C.**<br>Westview Office Park<br>1050 Sullivan Avenue, A3<br>South Windsor, CT 06074<br>Tel: (860) 644-4204<br>Email: bonnie.mangan@manganlaw.com<br><br>-and-<br><br>Sari B. Placona (*pro hac vice*)<br>**MCMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, NJ 07068<br>Tel: (973) 721-5030<br>Email: splacona@msbnj.com<br><br>*Counsel for McManimon, Scotland & Baumann, LLC*</td>
</tr>
<tr>
<td>By: */s/ Tracy Ellis Williams*<br>Tracy Ellis Williams (ct25137)<br>**SHIPMAN & GOODWIN LLP**<br>300 Atlantic Street, 3rd Floor<br>Stamford, CT 06901<br>Tel: (203) 324-8136<br>Email: tewilliams@goodwin.com<br><br>-and-<br><br>Scott M. Kessler (*pro hac vice*)<br>**AKERMAN LLP**<br>1251 Avenue of the Americas, 37th Floor<br>New York, NY 10020</td>
<td>By: */s/ Eric S. Goldstein*<br>Eric S. Goldstein (ct27195)<br>**SHIPMAN & GOODWIN LLP**<br>One Constitution Plaza<br>Hartford, CT 06103<br>Tel: (860) 251-5059<br>Email: egoldstein@goodwin.com<br><br>-and-<br><br>Justin S. Baumgartner (*pro hac vice*)<br>**BECKER LLC**<br>354 Eisenhower Parkway<br>Plaza Two, Suite 1500</td>
</tr>
</table>

| | |
|---|---|
| Tel: (212) 880-3800<br>Email: scott.kessler@akerman.com<br><br>*Counsel for B&H Foto & Electronics Corp.* | Livingston, NJ 07039<br>Tel: (973) 422-1100<br>Email: jbaumgartner@becker.legal<br><br>*Counsel for On the Spot Home Improvement, Inc.* |
| By:  */s/ Nicholas P. Vegliante*<br>Nicholas P. Vegliante (ct28449)<br>**COHN BIRNBAUM & SHEA P.C.**<br>CityPlace II, 15th Floor<br>185 Asylum Street<br>Hartford, CT 06103<br>Tel: (860) 493-2200<br>Email: nvegliante@cbshealaw.com<br><br>*Counsel for GroCyber, LLC* | By:  */s/ Henry P. Baer, Jr.*<br>Henry P. Baer, Jr. (ct27781)<br>Eilis Meagher (ct31160)<br>**FINN DIXON & HERLING, LLP**<br>Six Landmark Square<br>Stamford, CT 06901<br>Tel. (203) 325-5000<br>Email: hbaer@fdh.com<br>           emeagher@fdh.com<br><br>*Counsel for Nardello & Co., LLC* |
| By:  */s/ Henry P. Baer, Jr.*<br>Henry P. Baer, Jr. (ct27781)<br>**FINN DIXON & HERLING, LLP**<br>Six Landmark Square<br>Stamford, CT 06901<br>Tel. (203) 325-5000<br>Email: hbaer@fdh.com<br><br>-and-<br><br>Steven G. Mintz (*pro hac vice*)<br>Barry M. Kazan (*pro hac vice*)<br>**MINTZ & GOLD LLP**<br>600 Third Avenue, 25th Floor<br>New York, NY 10016<br>Tel. (212) 696-4848<br>Email: mintz@mintzandgold.com<br>           kazan@mintzandgold.com<br><br>*Counsel for Marcum LLP and Fox News Network, LLC* | By:  */s/ Henry P. Baer, Jr.*<br>Henry P. Baer, Jr. (ct27781)<br>Eilis Meagher (ct31160)<br>**FINN DIXON & HERLING, LLP**<br>Six Landmark Square<br>Stamford, CT 06901<br>Tel. (203) 325-5000<br>Email: hbaer@fdh.com<br>           emeagher@fdh.com<br><br>-and-<br><br>Andrea M. Chase (*pro hac vice*)<br>**SPENCER FANE LLP**<br>1000 Walnut, Suite 1400<br>Kansas City, MO 64106<br>Tel. (816) 292-8279<br>Email: achase@spencerfane.com<br><br>*Counsel for Teris-Phoenix, LLC* |
| | |

By: /s/ Ilan Markus
Ilan Markus (ct26345)
**BARCLAY DAMON LLP**
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511
Tel: (203) 672-2661
Email: imarkus@barclaydamon.com

*Counsel for Conservative Campaign
Technology LLC*

By: /s/ John J. Clarke, Jr.
John J. Clarke, Jr. (ct31251)
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500
Email: john.clarke@us.dlapiper.com

-and-

C. Kevin Kobbe (*pro hac vice*)
**DLA PIPER LLP**
650 South Exeter Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 580-4189
Email: kevin.kobbe@us.dlapiper.com

*Counsel for Zeta Global Corp.*

By: /s/ James J. Costello, Jr.
James J. Costello, Jr. (ct309468)
**NORRIS MCLAUGHLIN, P.A.**
400 Crossing Boulevard, 8th Floor
Bridgewater, NJ 08807-5933
Tel: (908) 252-4315
Email: jjcostellojr@norris-law.com

*Counsel for Flat Rate Movers, Ltd.*

By: /s/ Ronald I. Chorches
Ronald I. Chorches (ct08720)
**LAW OFFICES OF RONALD I. CHORCHES, LLC**
82 Wolcott Hill Road, Suite 203
Wethersfield, CT 06109
Tel: (860) 563-3955
Email: ronchorcheslaw@sbcglobal.net

-and-

By: /s/ Darryl S. Laddin
Darryl S. Laddin (*pro hac vice*)
Frank N. White (*pro hac vice*)
**ARNALL GOLDEN GREGORY LLP**
171 17th Street, N.W. Suite 1200
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Email: darryl.laddin@agg.com
        frank.white@agg.com

*Counsel for American Express*

| | |
|---|---|
| By: */s/ Lindsay Sampson Bishop*<br>Lindsay Sampson Bishop (ct29990)<br>**K&L GATES LLP**<br>1 Congress Street<br>Boston, MA 02114<br>Tel: (617) 261-3100<br>Email: lindsay.bishop@klgates.com<br><br>-and-<br><br>By:  */s/ Brian T. Peterson*<br>Brian T. Peterson (*pro hac vice*)<br>Ruby A. Nagamine (*pro hac vice*)<br>**K&L GATES LLP**<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>Tel: (206) 623-7580<br>Email: brian.peterson@klgates.com<br>        ruby.nagamine@klgates.com<br><br>*Counsel for Amazon Web Services, Inc. and Amazon.com, Inc.* | *[intentionally left blank]* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2024, a copy of the foregoing was filed electronically and served by first class mail, postage prepaid and/or via email on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by First Class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Eric S. Goldstein
Eric S. Goldstein