# Exhibit A

**IT IS SO ORDERED.**

**SIGNED THIS: September 19, 2011**

_____
**THOMAS L. PERKINS**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**
_____

## THE UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: ) | | |
| DAVID L. DUCKWORTH ) | CASE NO. 10-83603 | |
| ) | Chapter 7 | |
| DEBTOR ) | | |
| ) | | |
| _____ ) | | |
| ) | | |
| CHARLES E. COVEY, Trustee ) | | |
| ) | | |
| PLAINTIFF, ) | | |
| ) | | |
| V. ) | Adversary No.11-8058 | |
| ) | | |
| DAVID L. DUCKWORTH ) | | |
| ) | | |
| DEFENDANTS ) | | |
| ) | | |

### STIPULATED JUDGMENT

This matter coming to be heard on the Complaint filed herein by CHARLES E. COVEY, Trustee, ("Plaintiff"), against DAVID L. DUCKWORTH ("Debtor"), and the Court being fully advised:

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and 28 U.S.C. 157. This adversary proceeding arises under title 11. The above-entitled chapter 7 bankruptcy case is pending in the United States Bankruptcy Court, Central District of Illinois,

Peoria Division.  This is a core proceeding.

2. Debtor filed a Chapter 7 bankruptcy petition herein on 11/23/10.  Plaintiff is the duly appointed, qualified and acting chapter 7 trustee of this estate.

3. Debtor, with intent to hinder, delay or defraud a creditor or Plaintiff, transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed, destroyed, mutilated, or concealed-

(A) property of Debtor, within one year before the date of the filing of his petition; or

(B) property of this estate, after the date of the filing of his petition.

4. Debtor, without justification, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records or papers, from which the Debtor's financial condition or business transactions might be ascertained.

5. Debtor knowingly and fraudulently, in or in connection with this case-

(A) made a false oath or account; or

(B) withheld from the Plaintiff recorded information, including books, documents, records or papers, relating to the Debtor's property or financial affairs.

6. Debtor failed to explain satisfactorily a loss or deficiency of assets to meet the Debtor's liabilities.

7. The Debtor refused, in the case, to testify.

8. On the date of bankruptcy, Debtor owned the following assets which were not listed in his bankruptcy schedules and which Debtor has not delivered to the Plaintiff:

a. $94,900.00 in account 5918207605 at Wells Fargo Bank in the name of "Power Trading LLC";

b. $1,416.25 in account 2016724 at People's National Bank in the name of "Midwest Farms LLC";

c. 2008 Kawasaki Vulcan Classic 900 motorcycle.  The Debtor sold this vehicle post-petition and received $3,500.00.

**IT IS HEREBY ORDERED AS FOLLOWS:**

a. The discharge of the Debtor, David L. Duckworth, is hereby denied pursuant to 11 U.S.C. 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5) and 727(a)(6).

b. Judgment is hereby entered in favor of Plaintiff and against the Debtor, David L. Duckworth, for the sum of $99,816.25 plus Plaintiff's costs of $250.00.

Stipulated as to substance and form:

/s/Charles E. Covey, Trustee

David L. Duckworth, Debtor
By:/s/ Dean R. Essig
    His Attorney

###