```
 1                 UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF CONNECTICUT
 2                      BRIDGEPORT DIVISION

 3   IN RE:                        .  Chapter 11
                                   .  Case No. 22-50073 (JAM)
 4   HO WAN KWOK, et al.,          .
                                   .  (Jointly Administered)
 5          Debtors.               .
                                   .
 6   . . . . . . . . . . . . . . . .
                                   .
 7   G CLUB OPERATIONS, LLC,       .
                                   .
 8          Movant,                .
                                   .
 9      v.                         .
                                   .  Courtroom 123
10   LUC A. DESPINS, CHAPTER 11    .  Brien McMahon Federal Building
     TRUSTEE FOR THE ESTATE OF     .  915 Lafayette Boulevard
11   HO WAN KWOK,                  .  Bridgeport, Connecticut 06604
                                   .
12          Respondent.            .  Monday, November 18, 2024
     . . . . . . . . . . . . . . . .  1:05 p.m.
13

14
                         TRANSCRIPT OF HEARING
15           BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE
16

17

18

19   (APPEARANCES CONTINUED)

20   Audio Operator:         Electronically recorded

21   Transcription Company:  Reliable
                             The Nemours Building
22                           1007 N. Orange Street, Suite 110
                             Wilmington, Delaware 19801
23                           Telephone: (302)654-8080
                             Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

```
 1  APPEARANCES:

 2  For the Chapter 11
    Trustee:                    Luc A. Despins, Esquire
 3                              Nicholas A. Bassett, Esquire
                                PAUL HASTINGS, LLP
 4                              200 Park Avenue
                                New York, New York 10166
 5
    For G Club Operations,
 6  LLC, and G Club
    International, Ltd.:         Jeffrey M. Sklarz, Esquire
 7                              GREEN & SKLARZ, LLC
                                One Audubon Street
 8                              3rd Floor
                                New Haven, Connecticut 06511
 9

10  For Pacific Alliance
    Asia Opportunity Fund:      Stuart M. Sarnoff, Esquire
11                              O'MELVENY & MYERS, LLP
                                1301 Avenue of the Americas
12                              Suite 1700
                                New York, New York 10019
13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                                    INDEX

2    MOTIONS:                                                   PAGE

3    Matter
     No. 3752   Motion to Quash filed by Interested Party G
4               Club Operations, LLC                              4

5
                Court's Ruling:                                  --
6

7
     Transcriptionist's Certificate                             15
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

```
 1              (Proceedings commenced at 1:05 p.m.)

 2                   THE COURT:  Okay.

 3                   THE CLERK:  Case Number 22-50073, Ho Wan Kwok.

 4                   THE COURT:  If we could have appearances for the

 5   record, please?

 6                   MR. DESPINS:  Luc Despins, Chapter 11 Trustee.

 7              Good afternoon, Your Honor.

 8                   THE COURT:  Good afternoon.

 9                   MR. BASSETT:  Good afternoon, Your Honor.

10              Nick Bassett from Paul Hastings, counsel for the

11   Chapter 11 Trustee.

12                   THE COURT:  Good afternoon.

13                   MR. SKLARZ:  Good afternoon, Your Honor.

14              Jeffrey Sklarz for G Club Operations.

15                   THE COURT:  Good afternoon.

16                   MR. SARNOFF:  Good afternoon, Your Honor.

17              Stuart Sarnoff, on behalf of the creditor PAX.

18                   THE COURT:  Good afternoon.

19              Is that everyone's appearances -- everyone been

20   noted for the record?

21          (No verbal response)

22                   THE COURT:  I think so.

23              Okay.  As we know, this is a continued hearing.

24   We had a hearing a few weeks ago on the motion to quash and I

25   know the parties were discussing some steps towards
```

1  production of documents and things of that nature.

2         And Attorney Sklarz, you were going to submit

3  documents to Attorney Bassett.  I don't know where things

4  stand as of today.  So if you can let me know where things

5  stand, and then we can proceed in whatever manner we need to

6  proceed, with regard to the motion to quash.

7         MR. SKLARZ:  Certainly, Your Honor.

8         We transmitted the documents that we indicated we

9  would within the time frame prescribed, which included all of

10 the applicable corporate authorizations, authorizing FFP to

11 act as the manager of G Club Operations.

12        We also provided a cash receipts ledger to

13 Attorney Bassett for funds that flowed through FFP since they

14 took over last January -- I'm sorry -- last June, a cash

15 receipts journal for G Club Operations from the petition date

16 to that time, and then a list of third-party payments that

17 were made on behalf of G Club Operations.

18        So, Attorney Bassett and I had further

19 conversations by email, as well as on the phone today.  I

20 don't think we've reached an agreement that no deposition is

21 necessary.  G Club continues to believe that whatever the

22 trustee wants to pursue, it really is corollary to the

23 omnibus alter-ego case, as well as all the other variety of

24 adversary proceedings filed, and discovery should take place

25 under Rule 26 and not -- to the extent that discovery is

 1   proceeding, G Club believes it should be under Rule 26, not

 2   under Rule 2004.

 3            THE COURT:  Okay.  Thank you.

 4            Attorney Bassett?

 5            MR. BASSETT:  Yes, Your Honor.

 6            Again, for the record, Nick Bassett from Paul

 7   Hastings, on behalf of the Chapter 11 Trustee.

 8            I think generally speaking, Attorney Sklarz

 9   summarized directly where we stand.  He did produce some

10   documents.  He produced some corporate resolutions and the

11   like, purporting to show the sort of transition and control

12   of the company from Mr. (Indiscernible), to his client, this

13   FFP entity, and then, additionally, some documentation

14   surrounding cash transfers and the like.

15            I will say it's not a significant volume of

16   materials; it's, you know, a handful of pages of documents

17   purporting to show various transfers, et cetera.  And I think

18   most importantly, you know, where we land is that we very

19   much still believe that a deposition here is critical.

20            I think the documents that have been produced only

21   strengthen the need for a deposition.  And, Your Honor, I

22   can't emphasize enough, based on the remarks that you heard

23   last time at the initial hearing and then also based on the

24   documents that were received, the central figure surrounding

25   all of this is Mr. He, whom we've heard a lot about.  He's

 1  the individual who was the purported ultimate beneficial

 2  owner of G Club and a variety of other entities in Mr. Kwok's

 3  orbit.

 4           He's the one who purportedly transferred control

 5  of G Club to FFP in June 2023.  He is also shown on the

 6  funding documents that Attorney Sklarz produced as the person

 7  who provided some of the funding.

 8           And, Your Honor, he's not just some name that

 9  we've seen; he is, to be very clear, on, I guess you could

10  say, the top or near the top of the trustee's most-wanted

11  list in terms of people to talk to and to gain information

12  about.  He is the individual who was all over the criminal

13  trial.

14           The debtor's top lieutenant referred to Mr. He as,

15  essentially, a close family member of Mr. Kwok.  He's been

16  specified to as having been a close friend of (indiscernible)

17  since college.  He is the signatory to a number of transfers

18  of loans that were a centerpiece in the criminal trial to

19  facilitate the debtor's money-laundering scheme.  He signed

20  loans of millions of dollars from G Club to the debtor's son.

21  He is a nominal owner of a company that facilitated the son's

22  purchase of a $4 million Ferrari.  He is all over the place.

23           And why do I emphasize this so much, Your Honor?

24  Because this is what we've been concerned about from the

25  beginning.  This is why we thought this 2004 discovery.  We

1  need to understand not who the nominal person in control is

2  here.

3          I believe Attorney Sklarz, based on the documents

4  he provided and his representations, that FFP and Mr. Chow

5  (phonetic) there, is the nominal current person who is

6  managing G Club.  But what we really need to know is who is

7  controlling things behind the scenes.  What were the

8  circumstances surrounding the appointment of Mr. Chow.  What

9  is really going on with the funding that has been provided?

10  There's all kinds of questions to the documents that Attorney

11  Sklarz provided.  There's all kinds of questions they raise

12  about the (indiscernible) new entities, new shell companies

13  that provided funding that we've never heard of, a company

14  called Bulk Trade Ltd., a company called Rorsdale, Ltd.

15  (phonetic).

16          There are all kinds of payments that we need to

17  ask a person sitting down under oath about.  We need to find

18  out who has Mr. Chow talked to?  How often has he talked to

19  Mr. He?  What does he -- what types of things is he taking

20  instruction on.

21          Your Honor, I don't think this will be a long

22  deposition.  We have agreed already to do it remotely by

23  Zoom, but I think it is absolutely critical because we need

24  to ask the kind of questions that you just can't get answered

25  based on documents alone and it's questions that are very,

1  very important to the trustee.  So, Your Honor, that's where

2  things stand.

3            We still do have a dispute about whether the

4  deposition should go forward.  We have still continued to

5  block off this Wednesday for the remote deposition.  We have

6  lined up a court reporter.  We are ready to go and we believe

7  it should go forward.

8            And, unfortunately, we still have the dispute with

9  Attorney Sklarz, because he appears to be still, you know,

10  prepping his motion to quash the deposition, but that's where

11  things stand, Your Honor.

12            THE COURT:  Okay.  Thank you very much.

13            Attorney Sklarz, is there anything else you'd like

14  to add?

15            MR. SKLARZ:  I think everyone that Attorney

16  Bassett said explains why Your Honor should grant this

17  motion.  They are looking into all of the aspects of control

18  of G Club, which go to the alter-ego arguments and that is

19  the litigation in chief.  If they want to speak with Mr. He,

20  they should subpoena Mr. He.  He is not my client.  I have no

21  access to him.  I don't speak with him.  They need to go find

22  him or -- I'm sorry -- not find him, they need to subpoena

23  him or go to a location where he can be deposed.

24            This information was not produced in a vacuum.  In

25  the context of earlier 2004 document requests, G Club has

 1  produced huge amounts of financial records that tie to these

 2  ledgers that were specially created following our discussion

 3  for a limited time, from the petition date forward.  So all

 4  of that information, there is behind it, a lot more

 5  information that was already produced.  I don't know if the

 6  trustee has had an opportunity to go through that.

 7           But I think if they want to talk to other people,

 8  that is their prerogative.  But if they want to depose G Club

 9  to understand the ownership, control, and structure, that

10  relates directly to the alter-ego claims brought primarily in

11  the omnibus case, but also in all of the other cases.

12           So I think if discovery is going to proceed, it

13  has to proceed more Rule 26 in those cases, not as a Rule

14  2004 deposition.

15           THE COURT:  Okay.  Thank you.

16           Attorney Bassett, any reply?

17           MR. BASSETT:  Just briefly, Your Honor.

18           I think we largely discussed this particular

19  argument at the last hearing, but just to reiterate, the

20  trustee's position is that there's a very clear difference

21  between what he is seeking through this limited deposition

22  and what is at issue in the broader omnibus alter-ego

23  adversary proceeding involving G Club.

24           Again, through this deposition, we are trying to

25  understand who today, presently, is directing G Club.  What

 1  sources of assets does G Club have?  All of that is relevant,

 2  Your Honor, not because we want to use it in the omnibus

 3  alter-ego litigation against G Club or any other pending

 4  litigation, but because it is critical to potentially lead

 5  the trustee to other sources of potential estate assets, to

 6  identify other individuals and sources of information that

 7  could lead down paths that could further the trustee's

 8  investigation.  That's what we need to know.

 9          What we've been finding out, and we went over this

10  last time, too, Your Honor -- and Judge Dewey recognizes

11  this -- but there is, you know, some maneuvering and I would

12  say, in some cases, clear gamesmanship behind the scenes as

13  to who is controlling the litigants before this and other

14  courts, especially after Mr. Kwok's incarceration.  We need

15  to understand that by talking to a representative of the

16  company who should be able to answer these questions so we

17  can figure out what's going on, because we need to understand

18  who's really in charge here, who's making decisions, where

19  they're getting funding, because we believe that there are

20  other assets out there that are property of the estate that

21  we need to recover and we need to continue going down the

22  path of investigating situations like this one to find out

23  where those are.

24          THE COURT:  All right.  Thank you.

25          I appreciate the parties' providing updates, with

1  regard to what has occurred since our last hearing.  I

2  understand the positions of the parties and I don't have any

3  questions with regard to the positions of the parties.

4            What I'm going to do is I'm going to review what

5  you've just told me in light of what you've told me at the

6  last hearing on the motion and I will rule accordingly.  And

7  I anticipate that there'll be some form of order by the end

8  of today so that both of you can do what you think is

9  appropriate under the circumstances.

10           I understand, Attorney Bassett, you'd like a

11  ruling, because you have a deposition scheduled for -- did

12  you say Wednesday?

13           MR. BASSETT:  That's correct, Your Honor.

14           THE COURT:  Okay.

15           MR. BASSETT:  (Indiscernible) the agreement the

16  parties had reached previously.

17           THE COURT:  Right.  The 20th, right?

18           MR. BASSETT:  That's correct.

19           THE COURT:  Sorry.  So, in any event, that's what

20  I will do is I will go back and consider what you've told me

21  today, what -- refresh my recollection as to what you told me

22  during the last hearing and an order should enter before the

23  close of business today, okay?

24           MR. BASSETT:  Thank you, Your Honor.

25           MR. SKLARZ:  Thank you, Your Honor.

```
 1              THE COURT:  Is there anything else we want to

 2  discuss today?

 3              MR. DESPINS:  The only question, Your Honor, is

 4  that are you going to be okay with tomorrow?

 5              THE COURT:  Are you making me laugh, Trustee

 6  Despins?  I don't know.  I'm feeling pretty bad, as you can

 7  probably hear in my voice.

 8              MR. DESPINS:  Exactly.  But should we have --

 9              THE COURT:  We're going to do everything remotely

10  tomorrow.

11              MR. DESPINS:  Oh, okay.

12              THE COURT:  I'm going to do the -- this all just

13  occurred, you know, so I'm going to -- all hearings on

14  tomorrow's calendar in the morning and in the afternoon, are

15  going to be remote, so we can proceed, even though I'm not

16  feeling that great.  But I think I -- I mean, unless things

17  get worse, we are going to proceed with the hearing tomorrow

18  remotely.

19              And you'll get a -- you know, the Clerk's Office,

20  the courtroom deputy is already working on changing the

21  entries on each case in which there's a hearing scheduled for

22  tomorrow to say that it will be held remotely, okay?

23              MR. DESPINS:  Thank you, Your Honor.

24              THE COURT:  All right.  So I think that's all we

25  can accomplish today.  I will, as I said, go back and look at
```

```
 1   everything and anticipate there'll be an order entered later

 2   this afternoon.

 3             MR. DESPINS:  That would be terrific.

 4             THE COURT:  All right.  Thank you all.

 5             MR. DESPINS:  Bye-bye.

 6             THE COURT:  That's the last matter on today's

 7   calendar, so court is adjourned.

 8             THE CLERK:  Court is adjourned.

 9         (Proceedings concluded at 1:20 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

 1                              CERTIFICATION

 2              I certify that the foregoing is a correct

 3    transcript from the electronic sound recording of the

 4    proceedings in the above-entitled matter to the best of my

 5    knowledge and ability.

 6

 7    /s/ William J. Garling                  November 23, 2024

 8    William J. Garling, CET-543

 9    Certified Court Transcriptionist

10    For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25