**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
: 
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
             Debtors. : (Jointly Administered)
:
------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 24-05187
             Plaintiff, :
v. :
:
:
WILDES & WEINBERG, P.C., :
:
             Defendant. :
------------------------------------------------------------x

**NOTICE OF FILING OF REVISED PROPOSED ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, SEALED MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT WITH WILDES & WEINBERG, P.C.**

**PLEASE TAKE NOTICE** that, on September 19, 2024, Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), filed the *Sealed Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Wildes & Weinberg, P.C.* [Docket No. 3559] (the "9019 Motion"). Exhibit A to the 9019 Motion was a proposed order granting the 9019 Motion (the "Proposed Order").

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**PLEASE TAKE FURTHER NOTICE** that, on October 07, 2024, William K. Harrington, the United States Trustee for Region 2 (the "U.S. Trustee"), through counsel, filed the *United States Trustee's Objection to Sealing by Chapter 11 Trustee of Motion for Approval of Compromise and Settlement* [Docket No. 3641] (the "U.S. Trustee Objection").

**PLEASE TAKE FURTHER NOTICE** that the Trustee and the U.S. Trustee have conferred regarding the 9019 Motion and the limited objections raised in the U.S. Trustee Objection and have reached an agreement pursuant to which (i) the Trustee has agreed to modify the Proposed Order and (ii) the U.S. Trustee has agreed to withdraw the U.S. Trustee Objection.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised Proposed Order granting the Trustee's 9019 Motion, revised to reflect the Trustee's agreement with the U.S. Trustee.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit B** is a redline version of the revised Proposed Order marked to show the changes that have been made to the version attached to the 9019 Motion.

[*Remainder of Page Intentionally Left Blank*]

| | | |
|---|---|---|
| Dated: | December 5, 2024<br>New York, New York | LUC A. DESPINS,<br>CHAPTER 11 TRUSTEE |

By: */s/ Douglass Barron*
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    douglassbarron@paulhastings.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

----------------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
           Debtors. : (Jointly Administered)
: 
----------------------------------------------------------------x
: 
LUC A. DESPINS, CHAPTER 11 : 
TRUSTEE, : 
: Adv. Proceeding No. 24-05187
           Plaintiff, : 
v. : 
: 
: 
WILDES & WEINBERG, P.C., : 
: 
           Defendant. : 
----------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 5, 2024, the foregoing Notice was electronically filed. Notice of this filing was sent to the United States Trustee, counsel for the Debtor, counsel for the Committee, via email to Wildes & Weinberg, P.C. at michael@wildeslaw.com, and by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

accept electronic filing as indicated on the Notice of Electronic Filing[2]. Parties may access this filing through the Court's CM/ECF system.

Dated:    December 5, 2024
             New York, New York

                                  By: */s/ Douglass Barron*
                                       Douglass Barron (admitted *pro hac vice*)
                                       PAUL HASTINGS LLP
                                       200 Park Avenue
                                       New York, New York 10166
                                       (212) 318-6079
                                       douglassbarron@paulhastings.com

                                       *Counsel for the Chapter 11 Trustee*

---

[2] If after business hours, on the next business day.

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 24-05187
Plaintiff, :
v. :
:
:
WILDES & WEINBERG, P.C., :
:
Defendant. :
------------------------------------------------------------x

**[REVISED PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, SEALED MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT WITH WILDES & WEINBERG, P.C.**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), for entry of an order approving a settlement agreement between the Trustee and Wildes & Weinberg, P.C. ("W&W" and, together with the Trustee, the "Parties"), as more fully described in the Motion and the settlement agreement attached to the Motion as

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Exhibit B (the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Parties having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The Settlement Agreement is approved pursuant to Bankruptcy Rule 9019.

4. As contemplated by the Procedures Order [Docket No. 3163] and the amended Procedures Order [Docket No. 3465], the redacted portions of the Motion and the Settlement Agreement were filed under seal and, except as provided by this Order, shall remain under seal.

5. The Trustee shall have until 180 days after entry of this Order (or, if that date falls on a weekend or holiday, the next business day thereafter) (such date the "Six Month Anniversary Date"), to file a notice (such notice the "Settlement Notice"), which Settlement Notice shall (i) refer to the docket numbers and dates of the original Motion and this Order, (ii) attach an unredacted copy of the Settlement Agreement, and (iii) contain the following

information regarding the Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the Docket No(s). of the Monthly Operating Report(s) showing the receipt of the funds by the Trustee (which report, if filed prior to the Six Month Anniversary Date, may redact the identity of the payor).

6. The Settlement Notice shall be filed on the docket of the Chapter 11 Case and on the docket of the Adversary Proceeding.

7. Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case. The United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

8. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

9. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

# **EXHIBIT B**

**Redline**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------- x
:
In re:                                                          :   Chapter 11
                                                                :
HO WAN KWOK, *et al.*,[1]                                       :   Case No. 22-50073 (JAM)
                                                                :
             Debtors.                                           :   (Jointly Administered)
                                                                :
---------------------------------------------------------------- x
                                                                :
LUC A. DESPINS, CHAPTER 11                                      :
TRUSTEE,                                                        :
                                                                :   Adv. Proceeding No. 24-05187
             Plaintiff,                                         :
                                                                :
v.                                                              :
                                                                :
                                                                :
WILDES & WEINBERG, P.C.,                                        :
                                                                :
             Defendant.                                         :
---------------------------------------------------------------- x

**[~~PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019,~~ ~~MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT~~ ~~WITH WILDES & WEINBERG~~REVISED PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019, SEALED MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT WITH WILDES & WEINBERG, P.C.**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the

"Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

~~1~~

Kwok (the "Debtor"), for entry of an order approving a settlement agreement between the Trustee and Wildes & Weinberg, P.C. ( "W&W" and, together with the Trustee, the "Parties"), as more fully described in the Motion and the settlement agreement attached to the Motion as Exhibit B (the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Parties having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is ~~GRANTED~~GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The Settlement Agreement is approved pursuant to Bankruptcy Rule 9019.

4. As contemplated by the Procedures Order [Docket No. 3163] and the amended Procedures Order [Docket No. 3465], the redacted portions of the Motion and the Settlement Agreement were filed under seal and, except as provided by this Order, shall remain under seal.

2

5. The Trustee shall have until 180 days after entry of this Order (or, if that date falls on a weekend or holiday, the next business day thereafter) (such date the "Six Month Anniversary Date"), to file a notice (such notice the "Settlement Notice"), which Settlement Notice shall (i) refer to the docket numbers and dates of the original Motion and this Order, (ii) attach an unredacted copy of the Settlement Agreement, and (iii) contain the following information regarding the Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the Docket No(s). of the Monthly Operating Report(s) showing the receipt of the funds by the Trustee (which report, if filed prior to the Six Month Anniversary Date, may redact the identity of the payor).

6. The Settlement Notice shall be filed on the docket of the Chapter 11 Case and on the docket of the Adversary Proceeding.

7. Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case. The United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

8. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

9. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

<u>10.</u>    ~~6.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

4