**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :        Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :        Case No. 22-50073 (JAM)
                                                         :
            Debtor.                                      :        (Jointly Administered)
---------------------------------------------------------x
                                                         :
LUC A. DESPINS, Chapter 11 Trustee,                      :        Adv. Proceeding No. 23-05017
                                                         :
            Plaintiff,                                   :
                                                         :
v.                                                       :
                                                         :
TAURUS FUND LLC,                                         :
SCOTT BARNETT, as trustee of TAURUS                      :
FUND LLC, and                                            :
TAURUS MANAGEMENT LLC, as trustee                        :
of TAURUS FUND LLC,                                      :
                                                         :
            Defendants.                                  :
---------------------------------------------------------x

**NOTICE OF FILING OF REVISED PROPOSED ORDER APPROVING**
**APPLICATION OF TRUSTEE, PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 327(a), 328, AND 363(b), BANKRUPTCY RULES 2014(a) AND 2016,**
**AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER (I) AUTHORIZING**
**EMPLOYMENT AND RETENTION OF REAL PROPERTY BROKER FOR SALE**
**OF MAHWAH MANSION AND (II) FOR RELATED RELIEF**

    **PLEASE TAKE NOTICE** that, on November 26, 2024, Luc A. Despins, in his capacity

as chapter 11 trustee (the "Trustee") for the estate of debtor Ho Wan Kwok (the "Debtor") filed

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the application [Docket No. 3855] (the "Application")[2] for entry of an order (the "Order") authorizing the Trustee to employ and retain Compass New Jersey, LLC, a subsidiary of Compass, Inc. (the "Broker") as broker in accordance with the terms and conditions set forth in the Agreement, attached to the Application as Exhibit B, with respect to the sale of the Mahwah Mansion.

     **PLEASE TAKE FURTHER NOTICE** that the United States Trustee has filed a statement that it has no objection to the employment of the Broker, but "requests that the proposed order be revised to include a mechanism for the process of seeking reimbursement of expenses and allows for objection to the claimed expenses." *See* Docket No. 3860.

     **PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is a revised proposed Order reflecting certain modifications to address the concerns raised by the United States Trustee.  Counsel for the United States Trustee has confirmed that these modifications resolved the United States Trustee's concerns.

     **PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 2** is a redline version of the revised proposed order marked to show the changes that have been made to the version attached to the Application.

Dated:    December 9, 2024
         New York, New York

                           By: */s/ G. Alexander Bongartz*
                           G. Alexander Bongartz (admitted *pro hac vice*)
                           PAUL HASTINGS LLP
                           200 Park Avenue
                           New York, New York 10166
                           (212) 318-6079
                           alexbongartz@paulhastings.com

                           *and*

---

[2]    Capitalized terms used but not defined in this Notice shall have the meanings given to them in the Application.

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                           :
In re:                                     :   Chapter 11
                                           :
HO WAN KWOK, et al.,¹                      :   Case No. 22-50073 (JAM)
                                           :
                Debtors.                   :   (Jointly Administered)
                                           :
-------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing Notice was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:     December 9, 2024
           New York, New York

                              By: */s/ G. Alexander Bongartz*
                              G. Alexander Bongartz (admitted pro hac vice)
                              PAUL HASTINGS LLP
                              200 Park Avenue
                              New York, New York 10166
                              (212) 318-6079
                              alexbongartz@paulhastings.com

                              *Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## Exhibit 1

**Revised Proposed Order (clean)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | (Jointly Administered) |

------------------------------------------------------ x
                :

| | | |
|---|---|---|
| LUC A. DESPINS, Chapter 11 Trustee, | : | Adv. Proceeding No. 23-05017 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TAURUS FUND LLC, | : | |
| SCOTT BARNETT, as trustee of TAURUS | : | |
| FUND LLC, and | : | |
| TAURUS MANAGEMENT LLC, as trustee | : | |
| of TAURUS FUND LLC, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------ x

**[PROPOSED] ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a), 328, AND 363(b), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF REAL PROPERTY BROKER FOR SALE OF MAHWAH MANSION AND (II) FOR RELATED RELIEF**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Upon the application (the "Application"),[2] filed Luc Despins, in his capacity as the

chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), pursuant to sections 327(a), 328(a) and 363(b) of title 11 of the Bankruptcy Code,

Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order")

authorizing the Trustee to employ and retain Compass New Jersey, LLC (the "Broker") as broker

to market and sell the property located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430

(the "Mahwah Mansion"), in accordance with the terms and conditions set forth in the

Agreement, all as further detailed in the Application; and it appearing that this Court has

jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing

Order of Reference from the United States District Court for the District of Connecticut; and it

appearing that venue of this chapter 11 case and the Application in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to

28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of

the United States Constitution; and this Court being satisfied based on the representations made

in the Application and in the Declarations, as more fully disclosed in the Declarations, that (I) the

Broker (a) does not hold or represent an interest adverse to the Debtors' estates, (b) has no

connection with the Debtor, the Debtor's immediate family, or any alter egos of the Debtor,

except as disclosed in the Shukrun Declaration; and (c) is a "disinterested person" as defined in

section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code,

and as required by section 327(a) of the Bankruptcy Code, and (II) (a) the Agents have no

connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of

the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or his

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

respective attorneys or accountants; and (b) the Agents (i) are not a creditors, equity security holders, or insiders of the Debtor or his affiliates, (ii) have not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) have not had any interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason, and therefore are each a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b); and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon; and this Court having reviewed the Application and having heard statements in support of the Application at a hearing held before this Court; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is approved as set forth herein.  All objections to the relief requested in the Application, whether filed or not, are hereby overruled.

2.      The Trustee is authorized to retain and employ the Broker as broker in connection with the sale of the Mahwah Mansion, on the terms set forth in the Agreement, subject to the terms of this Order.

3.      The Broker shall be entitled to a fee of 4.5 percent of the sale price of the Mahwah Mansion (with 2%, less the amount of $250, to be shared with the broker for the purchaser); *provided, however*, notwithstanding anything in the Agreement to the contrary, if the purchaser is not represented by a broker, the Broker's fee shall be reduced to 3 percent of the sale

price of the Mahwah Mansion; *provided, further*, that the Broker shall not be entitled to this fee unless the sale of the Mahwah Mansion is consummated (the "Broker's Fee"). The Broker's Fee is hereby approved.

4.      The Trustee and the Broker shall not be required to file monthly, interim, or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  However, (a) the Trustee shall seek authority to make payment to the Broker of its fees calculated in accordance with the Agreement as part of the Trustee's motion to approve any sale of the Mahwah Mansion and (b) in the event the Broker seeks reimbursement of reasonable, documented expenses under paragraphs 3 or 5 of the *Addendum to Residential Exclusive Listing Agreement and Exclusive Right to Sell Listing Agreement*, the Trustee shall file an application with the Court, upon notice and a hearing and subject to any objections thereto, requesting approval of reimbursement of such expenses.  The Broker shall be compensated for its services solely in accordance with the procedures set forth in this Order and any such other procedures as may be fixed by order of this Court.

5.      The Broker has agreed that, notwithstanding anything to the contrary contained in the Agreement, the Seller/Trustee reserves the right to refuse any and all offers, including offers listed at or above the listed price.

6.      Notwithstanding anything to the contrary contained in the Agreement, none of the Agents shall also represent any potential purchaser of the Mahwah Mansion.

7.      To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

8.      The Trustee and the Broker are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 2**

**Revised Proposed Order (redline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                      :

In re:                      :        Chapter 11
                      :

HO WAN KWOK, *et al.*,[1]      :        Case No. 22-50073 (JAM)
                      :

       Debtor.         :        (Jointly Administered)

-------------------------------------------------------- x
                      :

LUC A. DESPINS, Chapter 11 Trustee,  :       Adv. Proceeding No. 23-05017
                      :

       Plaintiff,        :
                      :

v.                      :
                      :

TAURUS FUND LLC,         :
SCOTT BARNETT, as trustee of TAURUS :
FUND LLC, and             :
TAURUS MANAGEMENT LLC, as trustee :
of TAURUS FUND LLC,       :
                      :

       Defendants.       :

-------------------------------------------------------- x

**[PROPOSED] ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a), 328,
AND 363(b), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1,
FOR ENTRY OF ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF
REAL PROPERTY BROKER FOR SALE OF MAHWAH MANSION AND
(II) FOR RELATED RELIEF**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Upon the application (the "Application"),[2] filed Luc Despins, in his capacity as the

chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), pursuant to sections 327(a), 328(a) and 363(b) of title 11 of the Bankruptcy Code,

Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, for entry of an order (the "Order")

authorizing the Trustee to employ and retain Compass New Jersey, LLC (the "Broker") as broker

to market and sell the property located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430

(the "Mahwah Mansion"), in accordance with the terms and conditions set forth in the

Agreement, all as further detailed in the Application; and it appearing that this Court has

jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing

Order of Reference from the United States District Court for the District of Connecticut; and it

appearing that venue of this chapter 11 case and the Application in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to

28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of

the United States Constitution; and this Court being satisfied based on the representations made

in the Application and in the Declarations, as more fully disclosed in the Declarations, that (I) the

Broker (a) does not hold or represent an interest adverse to the Debtors' estates, (b) has no

connection with the Debtor, the Debtor's immediate family, or any alter egos of the Debtor,

except as disclosed in the Shukrun Declaration; and (c) is a "disinterested person" as defined in

section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code,

and as required by section 327(a) of the Bankruptcy Code, and (II) (a) the Agents have no

connection with the Debtor, his creditors, the U.S. Trustee, any person employed in the office of

the U.S. Trustee, or any other party with an actual or potential interest in the Debtor or his

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

respective attorneys or accountants; and (b) the Agents (i) are not a creditors, equity security

holders, or insiders of the Debtor or his affiliates, (ii) have not been, within two years before the

Petition Date, a director, officer, or employee of the Debtor or his affiliates, and (iii) have not

had any interest materially adverse to the interests of the Debtor's estate or any class of creditors

or equity security holders by reason of any direct or indirect relationship to, connection with, or

interest in the Debtor, or for any other reason, and therefore are each a "disinterested person"

within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b);

and this Court having found that the relief requested in the Application is in the best interests of

the Debtors' estates, their creditors and other parties in interest; and it appearing that proper and

adequate notice of the Application has been given and that no other or further notice is

necessary; and after due deliberation thereon; and this Court having reviewed the Application

and having heard statements in support of the Application at a hearing held before this Court;

and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is approved as set forth herein.  All objections to the relief

requested in the Application, whether filed or not, are hereby overruled.

2.      The Trustee is authorized to retain and employ the Broker as broker in connection

with the sale of the Mahwah Mansion, on the terms set forth in the Agreement, subject to the

terms of this Order.

3.      The Broker shall be entitled to a fee of 4.5 percent of the sale price of the

Mahwah Mansion (with 2%, less the amount of $250, to be shared with the broker for the

purchaser); *provided, however*, notwithstanding anything in the Agreement to the contrary, if the

purchaser is not represented by a broker, the Broker's fee shall be reduced to 3 percent of the sale

3

price of the Mahwah Mansion; *provided, further*, that the Broker shall not be entitled to this fee unless the sale of the Mahwah Mansion is consummated (the "Broker's Fee"). The Broker's Fee is hereby approved.

4. The Trustee and the Broker shall not be required to file monthly, interim, or final fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. However, (a) the Trustee shall seek authority to make payment to the Broker of its fees calculated in accordance with the Agreement as part of the Trustee's motion to approve any sale of the Mahwah Mansion and (b) in the event the Broker seeks reimbursement of reasonable, documented expenses under paragraphs 3 or 5 of the *Addendum to Residential Exclusive Listing Agreement and Exclusive Right to Sell Listing Agreement*, the Trustee shall file an application with the Court, upon notice and a hearing and subject to any objections thereto, requesting approval of reimbursement of such expenses. The Broker shall be compensated for its services solely in accordance with the procedures set forth in this Order and any such other procedures as may be fixed by order of this Court.

5. The Broker has agreed that, notwithstanding anything to the contrary contained in the Agreement, the Seller/Trustee reserves the right to refuse any and all offers, including offers listed at or above the listed price.

6. Notwithstanding anything to the contrary contained in the Agreement, none of the Agents shall also represent any potential purchaser of the Mahwah Mansion.

7. To the extent the Application or the Agreement is inconsistent with this Order, the terms of this Order shall govern.

8.      The Trustee and the Broker are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.