**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                                                     :
In re:                                               :    Chapter 11
                                                     :
HO WAN KWOK, *et al.*,                               :    Case No. 22-50073 (JAM)
                                                     :
              Debtors.[1]                            :    Jointly Administered
                                                     :
---------------------------------------------------x

**COVERSHEET FOR FIRST INTERIM FEE APPLICATION OF**
**CHRYSSAFINIS & POLYVIOU LLC**

Interim Application of:         Chryssafinis & Polyviou LLC

Time Period:                    August 15, 2024 through December 31, 2024

Bankruptcy Petition Filed:      February 15, 2022

Date of Entry of Retention Order:   October 9, 2024 [ECF No. 3653] (effective as of August 15, 2022).

| **Amount Requested** | | **Reductions** | |
| --- | --- | --- | --- |
| Fees: | EUR 57,975.00 | Voluntary Fee Reductions: | none |
| Expenses: | EUR 3,980.94 | Voluntary Expenses Reductions: | none |
| **Total:** | EUR **61,955.94** | | |

| **Fees Previously Requested:** | | **Retainer Request:** |
| --- | --- | --- |
| Requested Fees: | EUR 0.00 | None |
| Awarded Fees: | EUR 0.00 | |
| Paid Fees: | EUR 0.00 | |

| **Expenses Previously Requested:** | | **Expense Detail:** | |
| --- | --- | --- | --- |
| Requested Expenses: | EUR 0.00 | Retainer Received: | Not applicable |
| Awarded Expenses: | EUR 0.00 | Copies per page cost & total: | Not applicable |
| Paid Fees: | EUR 0.00 | | |

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.*, | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |

-------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF CHRYSSAFINIS & POLYVIOU LLC, AS
CYPRIOT LAW COUNSEL, FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR PERIOD FROM AUGUST 15, 2024
THROUGH DECEMBER 31, 2024**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (such title,

hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), and

the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses*

*for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim

Compensation Order"), Chryssafinis & Polyviou LLC ("CP Law"), as Cypriot counsel to Luc A.

Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case

of Ho Wan Kwok (the "Debtor"), hereby files this *First Interim Application of Chryssafinis &*

*Polyviou LLC, as Cypriot Law Counsel, for Compensation and Reimbursement of Expenses for*

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
Wan Kwok (solely for purposes of notices and communications).

*the Period from August 15, 2024 through December 31, 2024* (the "<u>Application</u>").  By this Application, CP Law requests interim allowance of professional fees incurred during the period from August 15, 2024 through and including December 31, 2024 (the "<u>Application Period</u>") in these chapter 11 cases.  In support of this Application, CP Law respectfully states as follows:

<u>**JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE**</u>

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The legal predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.       CP Law believes that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "<u>U.S. Trustee Guidelines</u>").[2]  CP Law respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.       Attached and incorporated herein by reference are the following Exhibits:

- **<u>Exhibit A</u>** contains the Proposed Order granting this Application.

- **<u>Exhibit B</u>** is a timekeeper summary that includes the name, title, bar admission, hourly billing rate, aggregate hours, and amount of fees earned for each CP Law individual who provided services during the Application Period;

---

[2]    CP Law reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

- **Exhibit C** is a summary of expenses incurred and reimbursement sought, by expense type, during the Application Period; and

- **Exhibit D** contains the detail of the fees and expenses incurred during the Application Period.

### BACKGROUND

5.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.  No examiner has been appointed in the Individual Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

8.      Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case

9.      On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

10.     By order entered October 9, 2024, the Court authorized CP Law's retention as Cypriot counsel to the Trustee [ECF No. 3653] (the "Retention Order") effective as of August 15, 2024 in the Debtor's chapter 11 case.  The Retention Order authorizes CP Law to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and

such orders as the Court may direct.  In accordance with the Retention Order, CP Law is authorized to invoice its fees and expenses in Euros and to have such fees and expenses paid in Euros, subject to the terms of the Interim Compensation Order

## ALLOWANCE REQUEST

11.     The Applicant is applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

12.     For the Application Period, the Applicant seeks allowance of EUR 57,975.00 as compensation for services rendered and allowance and reimbursement of EUR 3,980.94 in expenses incurred in connection with such services.  The Applicant devoted 144 hours to this case during the Application Period, equating to an overall blended rate of EUR 402.60.

13.     Throughout the Application Period, the Applicant maintained records to indicate the name of each attorney or paraprofessional working on this matter, the time spent on a particular issue, and the nature of the work performed.  These records, which describe in detail the services rendered by the Applicant, were created at the approximate time the services were performed.

14.     Annexed hereto and made a part hereof as **Exhibit D** is a detailed billing report, upon which this application is based that contains each individual professional's time for the Debtors' bankruptcy proceedings, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates by each person rendering the service, the time spent in rendering such service, and the dollar value of such services.

## Summary of Services Rendered

15.     Upon being formally instructed, CP Law was asked to provide counsel and strategic advice in connection with Cypriot litigation proceedings brought by the Trustee against

various entities and individuals affiliated with the Debtor (the "Cypriot Action"), in connection with multi-million-dollar real property controlled by the Debtor, which property constitutes property of the Debtor's estate, as alleged in adversary proceeding number 24-05311, *Despins. v. Bouillor Holdings, et al.* (the "Bouillor Adversary Proceeding"), commenced by the Trustee on August 15, 2024.  The Trustee alleges in the Bouillor Adversary Proceeding, among other things, that the Debtor is the true beneficial owner of a Cypriot entity nominally owned by his son, Bouillor Holdings Limited, and its property, a luxury apartment in Limassol, Cyprus (the "Cyprus Apartment").

16.     CP Law has been advising the Trustee in connection with the Cypriot Action, including as it relates to bringing an injunction against any attempt by Bouillor Holdings Limited to sell the Cyprus Apartment pending recognition and enforcement in Cyprus of the judgment in the Bouillor Adversary Proceeding.

17.     CP Law has worked closely with the Trustee, as well as the Trustee's counsel Paul Hastings LLP, in connection with the Cypriot Action, including on the most cost-efficient ways to maximize value from the Cypriot Action and the Cypriot property for the benefit of the Debtor's estate and its creditors.

18.     The work undertaken by CP Law to date has been significant, involving disclosure review, correspondence, strategic input, and a substantial injunction.  This work and hearings related to the Cypriot Action remains ongoing.

## Prior Application

19.     No prior application for the relief requested has been made.

## Legal Authority for Compensation

20.     All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

21.     Applicant respectfully submits that its services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy matters.  The legal services for which such compensation is requested were performed for and on behalf of the Trustee.  Such services have been necessary to protect and enforce the rights and interests of the Trustee in connection with these chapter 11 cases.  The reasonable value of services rendered by CP Law in these cases is based upon CP Law's usual hourly rates for matters of this nature.

22.     Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicant submits that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

23.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

24.     In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the

services were necessary and beneficial, whether the services were performed in a reasonable

amount of time commensurate with the complexity, importance, and nature of the problem,

issue, or task addressed, and whether the compensation is reasonable based on the customary

compensation charged by comparably skilled practitioners in cases other than cases under the

Bankruptcy Code. See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in

determining reasonable fee awards."  *In re Ahead Communication Systems, Inc.*, 395 B.R. 512

(D. Conn. 2008).

25.    In assessing the "reasonableness" of the fees requested, the Second Circuit has

stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express,*

*Inc.*,[3] while also incorporating the "lodestar method."  *See Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190

(2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974),

*abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The

"lodestar method" of calculating the reasonable fee contemplates "the number of hours

reasonably expended . . . multiplied by a reasonable hourly rate."  *See Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130

S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr.

S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544

F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[4]  *See In re Nine Assocs.,*

---

[3]    The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[4]    The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock*

*Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

26.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by CP Law is fair and reasonable.

## Statutory Compliance

29.     No agreement or understanding exists between CP Law and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  CP Law will not, in any form or guise, share or agree to share compensation for services with any person, nor will CP Law share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

## RESERVATION OF RIGHTS

30.     To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or CP Law has for any reason not sought compensation or reimbursement with respect to such services, CP Law reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, CP Law does not waive, and

---

& *Strock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

## NO PRIOR REQUEST

31.     No previous request for the relief sought herein has been made to this Court or any other court.

[*THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.*]

**WHEREFORE**, CP Law respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of EUR 57,975.00 and reimbursement of EUR 3,980.94 in expenses, (ii) authorizing and directing prompt payment of the unpaid fees in the amount of EUR 61,955.94 from the estate, (iii) allowing such compensation and payment for professional services rendered without prejudice to CP Law's right to seek further compensation and/or payment from the estates for the full value of services performed and expenses incurred, and (iv) granting CP Law such other and further relief as is just.

Dated: January 2, 2025
      Nicosia, Cyprus

By: */s/ George Middleton*
    George Middleton
    CHRYSSAFINIS & POLYVIOU LLC
    37 Metochiou Street, Agios Andreas
    Nicosia, Cyprus CY-1101
    Telephone: +357 22 361000
    Email: gmiddleton@cplaw.com.cy

    *Cypriot Counsel to Luc A. Despins, Chapter 11 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HO WAN KWOK, et al., | ) Case No. 22-50073 (JAM) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the date hereof, the foregoing application and all exhibits and attachments thereto (the "Application")[2] was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned Chapter 11 Cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtors' chapter 11 cases.  Parties may access this filing through the Court's CM/ECF system.

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul  Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho  Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]  To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: January 2, 2025

By: */s/ G. Alexander Bongartz*
    G. Alexander Bongartz (*pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6000
    alexbongartz@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------------x
                                         :
In re:                                   :  Chapter 11
                                         :
HO WAN KWOK, et al.,                     :  Case No. 22-50073 (JAM)
                                         :
            Debtors.¹                    :  Jointly Administered
                                         :
------------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING FIRST INTERIM FEE APPLICATION OF**
**CHRYSSAFINIS & POLYVIOU LLC, AS CYPRIOT LAW COUNSEL, FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD**
**FROM AUGUST 15, 2024 THROUGH DECEMBER 31, 2024**

Upon consideration of the Application (the "Application") of Chryssafinis & Polyviou

LLC ("CP Law") as Cypriot counsel to the Trustee² for interim allowance of compensation and

reimbursement of expenses from August 15, 2024 through December 31, 2024; and sufficient

notice having been given; and a hearing having been held on _____, 2025 and due

consideration having been given to any responses thereto; and sufficient cause having been

shown therefor, it is hereby:

1.      ORDERED that the Application is granted, pursuant to 11 U.S.C. §§ 330 and 331,

and compensation in the amount of EUR 57,975.00 and reimbursement of expenses in the

amount of EUR 3,980.94 are awarded to CP Law, subject to final adjustment and disgorgement

in the event all administrative expenses are not paid in full; it is further

---

¹     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

²     Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

2.	ORDERED that nothing herein modified the Retention Order; it is further

3.	ORDERED that the estates are authorized and directed to pay CP Law's fees and expenses in the aggregate amount of EUR 61,955.94, within fourteen days of the date of this Order; it is further

4.	ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.	ORDERED that the Debtors' estates and CP Law are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.	ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.	ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## EXHIBIT B

### Timekeeper Summary

| TIMEKEEPER | TITLE | HOURS | HOURLY RATE (EUR) | TOTAL (EUR) |
|---|---|---|---|---|
| George Middleton | Partner | 70 | 450.00 | 31,500.00 |
| Christos Ioannou | Senior Associate | 57 | 375.00 | 21,375.00 |
| Chrystalla Hadjigeorgiou | Associate | 17 | 300.00 | 5,100.00 |
| | **Total:** | **144** | | **57,975.00** |

**Blended Hourly Rate: EUR 402.60**

## <u>EXHIBIT C</u>

### Summary of Actual and Necessary Expenses

| Expense Category | Amount EUR |
|---|---:|
| Service | 455.70 |
| Travelling Expenses | 260.00 |
| Other Services / Translations | 2,516.04 |
| Stamps | 412.00 |
| Other Services (without VAT) | 247.20 |
| Stamps for Land Registry | 50.00 |
| Online Search at Registrar's Office | 40.00 |
| **TOTAL** | **3.980,94** |

# **EXHIBIT D**

**Fee and Expense Detail**



2

| Date | Description | Units (6 minutes) |
|---|---|---|
| 14/08/2024 – 16/08/2024 | Review of the Complaint to be filed in the US a CY law perspective. Handling emails with Client. | GM 15 units |
| 20/08/2024 - 21/08/2024 | Handling emails & Call with Client on 20/08 and 21/08 | GM 25 units<br>CI 15 units |
| 22/08/2024 – 23/08/2024 | Review of documents sent by the Client in relation to proceedings taken against the Debtor in US/ London and BVI jurisdictions. Handling emails with Client. Drafting the Interim Application. | GM 32 units<br>CI 40 units |
| 27/08/2024 | Internal liaising re the Interim Application & relevant orders. | GM 15 units<br>CI 15 units |
| 28/08/2024 - 02/09/2024 | Review of documents sent by the Client. Drafting of the affidavit in support of the Interim Application. Internal liaising. Engaging a licensed translator re the English / Greek versions to be filed in Court. Handling emails. | GM 44 units<br>CI 50 units<br>CH 30 units |
| 03/09/2024 – 06/09/2024 | Review of Retention Application sent by the Client providing relevant comments. Handling emails with Client. Internal Liaising. Call with Client on filing of Retention Application & next steps to be followed. Review of covering letter re service upon Bouillor. | GM 25 units<br>CI 10 units |
| 09/09/2024 | Review of Client's comments and incorporating the same in the affidavit. Internal liaising & arranging call with Client. | GM 21 units<br>CI 20 units |
| 10/09/2024 – 13/09/2024 | Handling emails & Call with Client re comments on the affidavit and exhibits to be attached. Review of documents contained in the secure file sent by the Client. Internal liaising. | GM 23 units<br>CI 30 units<br>CH 21 units |



3

| | | |
|---|---|---|
| 16/09/2024<br>-<br>20/09/2024 | Handling emails with Client. Conducting search of records of Registrar of Companies re the Respondent entities. Arranging service of US Action upon Bouillor. Providing updated version of the Interim Application & Affidavit. Review of comments sent by the Client. Drafting 2nd affidavit on Urgency & Drafting of the Order Sought. Call with Client in relation to the timing of the filing of the Retention Application. Arranging the signing of the retainers. Making final comments on the Interim Application & Affidavit and filing the same on 20/09/2024. Internal liaising. | GM 45 units<br>CI 80 units<br>CH 43 units |
| 23/09/2024<br>–<br>26/09/2024 | Drafting of Written Address in view of the Hearing of the Interim Application on 25/09/2024. Preparing for the Hearing. Handling emails with Client. Drafting of the Undertaking. Traveling to Limassol for the Hearing of the Interim Application, which was rescheduled for 27/09/2024. | GM 37 units<br>CI 26 units<br>CH 11 units |
| 27/09/2024 | Travelling to Limassol, attending the Hearing of the Interim Application and addressing orally the Judge. Securing an Interim Order on an ex-parte basis. Handling emails / updating the Client re the same and answering to questions posted re the guarantee. | GM 44 units<br>CI 44 units |
| 30/09/2024<br>-<br>04/10/2024 | Handling emails with Client, answering to questions posted. Arranging service of the I.O and relevant docs upon Pafilia. Drafting of the Application for leave to serve out of the Jurisdiction. Discussing with Client methods of service / postal and email addresses to be used in the prayer of the Application. Updating the Application based on Clients' latest comments. Filling the said Application on 04/10/2024 – updating the Client re the same. Engaging an official translator. Internal liaising. | GM 78 units<br>CI 64 units<br>CH 33 units |
| 08/10/2024<br>-<br>11/10/2024 | Travelling to Limassol and attended the Hearing of our Application for leave to serve outside of the jurisdiction. The requested Orders were granted & updating the Client re | GM 68 units<br>CI 59 units<br>CH21 units |



4

| | | |
|---|---|---|
| | the same. Liaising with Pafilia's lawyer re the I.O. and the letter to be sent to the LRO. Drafting of Covering Letter to accompany the judicial documents to be served upon Qiang Guo. Effecting service upon Qiang Guo both via email and DHL on 10/10/2024. Internal Liaising | |
| 16/10/2024 | Handling emails with Client updating re the service upon Qiang Guo in London. Drafting relevant affidavit of service to be filed in Court. Internal liaising. | GM 47 units<br>CI 31 units<br>CH 7 units |
| 17/10/2024 | Liaising with Pafilia's lawyer re the comfort letter. Handling emails with Client updating the same. | GM 17 units |
| 21/10/2024 | Travelling to Limassol where the I.O was fixed as returnable. The I.O was made absolute against all Respondents. Handling emails with Client updating the same. | GM 44 units<br>CI 44 units |
| 24/10/2024 | Handling emails with Client re the application for the return of the guarantee and Pafilia / LRO matter. | GM 2 units |
| 19/11/2024 | Handling emails with Client re awarded costs. | GM 2 units |
| 26/11/2024<br>-<br>28/11/2024 | Drafting of Application for the return of the Guarantee. Liaising with Pafilia's lawyer re the same. Handling emails with Client answering to questions posted. | GM 63 units<br>CI 27 units<br>CH 7 units |
| 02/12/2024<br>-<br>03/12/2024 | Liaising with Pafilia's lawyer on statements to be agreed and submitted to the Judge re the I.O. Handling emails with the Client. | GM 11 units |
| 11/12/2024 | Drafting affidavit of service upon Bouillor re the Application for the cancelation of the Undertaking in damages. Handling emails with Client. Drafting minutes with statements to be presented before the Court on 16/12/2024. Drafting of written address n support of the | GM 22 units<br>CI 11 units |



5

|  | said Application and in view of the Hearing on 16/12/2024. |  |
|---|---|---|
| 13/12/2024 | Handling emails with Client in view of the newly appointed lawyer wishing to defend Bouillor and Kwok in the proceedings. Review of the opposition filed against our Application for cancellation of the Undertaking in damages. | GM 15 units<br>CI 3 units |
| 17/12/2024<br>-<br>23/12/2024 | Preparing and sending letter to lawyer of Respondents 1 and 2 | GM 11 units<br>CI 7 units |

GM (George Middleton): 706 units (6 minutes)/ 70 hours x EUR450 (EUR31.500)

CI (Christos Ioannou): 576 units/57 hours x EUR375                     (EUR21.375)

CH (Chr. Hadjigeorgiou): 173 units/ 17 hours x EUR300              (EUR5.100)

|  |  |
|---|---|
| **TOTAL:** | **EUR 57.975** |

