UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
: 
Debtor. : (Jointly Administered)
---------------------------------------------------------x

**NOTICE OF FILING OF REVISED PROPOSED ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(e) AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF KOBRE & KIM (GCC) LLP AS SPECIAL COUNSEL IN UNITED ARAB EMIRATES**

**PLEASE TAKE NOTICE** that, on December 17, 2024, Luc A. Despins, in his capacity as chapter 11 trustee (the "Trustee") for the estate of debtor Ho Wan Kwok (the "Debtor") filed the application [Docket No. 3911] (the "Application")[2] for entry of an order (the "Order") authorizing the Trustee to employ and retain Kobre & Kim (GCC) LLP ("Kobre & Kim"), as special counsel in the United Arab Emirates, effective as of November 13, 2024, as broker in accordance with the terms and conditions set forth in the Engagement Letter, attached to the Application as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that the United States Trustee has filed a Statement of Objection [Docket No. 3929] to the retention of Kobre & Kim. The Trustee has resolved two of the United States Trustee's three objections by making certain modifications to

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Notice shall have the meanings given to them in the Application.

the proposed Order granting the Application. The United States Trustee's third objection (concerning the limitation of Kobre & Kim's liability) remains outstanding.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is a revised proposed Order, and attached hereto as **Exhibit 2** is a redline version of the revised proposed order marked to show the changes that have been made to the version attached to the Application.

Dated:  January 6, 2025
  New York, New York

By: */s/ G. Alexander Bongartz*
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
alexbongartz@paulhastings.com

   and

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

   and

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                    :    Chapter 11
                                          :
HO WAN KWOK, *et al.*,[1]                 :    Case No. 22-50073 (JAM)
                                          :
        Debtors.                          :    (Jointly Administered)
                                          :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing Notice was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Dated:   January 6, 2025
         New York, New York

                                    By: */s/ G. Alexander Bongartz*
                                    G. Alexander Bongartz (admitted pro hac vice)
                                    PAUL HASTINGS LLP
                                    200 Park Avenue
                                    New York, New York 10166
                                    (212) 318-6000
                                    alexbongartz@paulhastings.com

                                    *Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## Exhibit 1

**Revised Proposed Order (clean)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.¹ : Jointly Administered
:
------------------------------------------------------x

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(e) AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF KOBRE & KIM (GCC) LLP AS SPECIAL COUNSEL IN UNITED ARAB EMIRATES**

Upon the application (the "Application")² of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Kobre & Kim (GCC) LLP ("Kobre & Kim"), as special counsel in the United Arab Emirates (the "UAE"), effective as of November 13, 2024, pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application and the Hughes

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Hughes Declaration.

Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Hughes Declaration, and the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Kobre & Kim is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and (iv) Kobre & Kim does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Chapter 11 Trustee is authorized to retain and employ Kobre & Kim as his special counsel in the UAE pursuant to sections 327(e) and 330 of the Bankruptcy Code, effective as of November 13, 2024 on the terms set forth in the Application and the Hughes Declaration.

3. Kobre & Kim is authorized to act as the Chapter 11 Trustee's special counsel in the UAE, and to perform those services described in the Application.

4. The Estate shall be responsible for Kobre & Kim's compensation and reimbursement of expenses with respect to the engagement.

5. The allowance of any compensation to be paid to Kobre & Kim shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1. Any disputes regarding compensation shall be determined solely by this Court.

6. To the extent it may become necessary to engage Kobre & Kim lawyers with hourly rates of up to $2,750 in connection with specialized legal or investigatory work in the UAE, the Trustee shall seek separate court approval upon notice and a hearing.

7. Allowance of any compensation for Kobre & Kim shall be limited to the extent of services actually performed, and expenses actually incurred, as special counsel for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a chapter 11 trustee without the assistance of an counsel.

8. Kobre & Kim shall be entitled to indemnification to the extent required under the terms of the Engagement Letter, as modified pursuant to this Order; *provided*, *however*, that any request for indemnification by Kobre & Kim shall be subject to review by the Court as set forth herein to ensure that payment of such indemnity conforms to the terms of the Engagement Letter, as modified pursuant to this Order, and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, further, that in no event shall Kobre & Kim be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or violation of the non-disclosure agreement.

9. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Kobre & Kim believes that it is entitled to the payment of any amounts by the Trustee on account of the his indemnification obligations under the Engagement Letter, as modified pursuant to this Order, Kobre & Kim must file an application therefor in the Court, and the Trustee may not pay any such amounts to Kobre & Kim before the entry of an order by this Court approving the payment. With respect to any amounts sought by Kobre & Kim as reimbursement for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kobre & Kim's application to the Court and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kobre & Kim for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation to indemnify Kobre & Kim. All parties in interest shall retain the right to object to any demand by Kobre & Kim for indemnification, contribution, or reimbursement.

10. Kobre & Kim shall not be entitled to reimbursement by the Trustee for any fees, disbursements and other charges of Kobre & Kim's counsel other than those incurred in connection with a request of Kobre & Kim for payment of indemnity approved by the Court.

11. Kobre & Kim shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

12. The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

13. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

14. To the extent the Application, the Hughes Declaration, and the Engagement Letter (including the Appendix - the Standard Terms of Engagement) are inconsistent with this Order, the terms of this Order shall govern.  Further, the final sentence of paragraph 6 of the Appendix - Standard Terms of Engagement shall be limited to the utilization of paraprofessionals who are employed by Kobre & Kim and shall not authorize reimbursement of overhead expenses.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 2**

**Revised Proposed Order (redline)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                         :    Chapter 11
:
HO WAN KWOK, *et al.*,           :    Case No. 22-50073 (JAM)
:
Debtors.[1]                       :    Jointly Administered
:
------------------------------------------------------x

**[PROPOSED] ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(e) AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF KOBRE & KIM (GCC) LLP AS SPECIAL COUNSEL IN UNITED ARAB EMIRATES**

Upon the application (the "Application")[2] of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Kobre & Kim (GCC) LLP ("Kobre & Kim"), as special counsel in the United Arab Emirates (the "UAE"), effective as of November 13, 2024, pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Hughes Declaration.

fully set forth in the Application; and upon consideration of the Application and the Hughes Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Hughes Declaration, and the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Kobre & Kim is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and (iv) Kobre & Kim does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Chapter 11 Trustee is authorized to retain and employ Kobre & Kim as his special counsel in the UAE pursuant to sections 327(e) and 330 of the Bankruptcy Code, effective as of November 13, 2024 on the terms set forth in the Application and the Hughes Declaration.

3. Kobre & Kim is authorized to act as the Chapter 11 Trustee's special counsel in the UAE, and to perform those services described in the Application.

4. The Estate shall be responsible for Kobre & Kim's compensation and reimbursement of expenses with respect to the engagement.

5. The allowance of any compensation to be paid to Kobre & Kim shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.  Any disputes regarding compensation shall be determined solely by this Court.

6. To the extent it may become necessary to engage Kobre & Kim lawyers with hourly rates of up to $2,750 in connection with specialized legal or investigatory work in the UAE, the Trustee shall seek separate court approval upon notice and a hearing.

7. Allowance of any compensation for Kobre & Kim shall be limited to the extent of services actually performed, and expenses actually incurred, as special counsel for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a chapter 11 trustee without the assistance of an counsel.

8. Kobre & Kim shall be entitled to indemnification to the extent required under the terms of the Engagement Letter, as modified pursuant to this Order; *provided*, *however*, that any request for indemnification by Kobre & Kim shall be subject to review by the Court as set forth herein to ensure that payment of such indemnity conforms to the terms of the Engagement Letter, as modified pursuant to this Order, and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, further, that in no event shall Kobre & Kim be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or violation of the non-disclosure agreement.

9. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Kobre & Kim believes that it is entitled to the payment of any amounts by the Trustee on account of the his indemnification obligations under the Engagement Letter, as modified pursuant to this Order, Kobre & Kim must file an application therefor in the Court, and the Trustee may not pay any such amounts to Kobre & Kim before the entry of an order by this Court approving the payment. With respect to any amounts sought by Kobre & Kim as reimbursement for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kobre & Kim's application to the Court and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kobre & Kim for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation to indemnify Kobre & Kim. All parties in interest shall retain the right to object to any demand by Kobre & Kim for indemnification, contribution, or reimbursement.

10. Kobre & Kim shall not be entitled to reimbursement by the Trustee for any fees, disbursements and other charges of Kobre & Kim's counsel other than those incurred in connection with a request of Kobre & Kim for payment of indemnity approved by the Court.

11. Kobre & Kim shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

12. The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

13. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

14. To the extent the Application ~~and~~, the Hughes Declaration, and the Engagement Letter (including the Appendix - the Standard Terms of Engagement) are inconsistent with this Order, the terms of this Order shall govern. Further, the final sentence of paragraph 6 of the Appendix - Standard Terms of Engagement shall be limited to the utilization of paraprofessionals who are employed by Kobre & Kim and shall not authorize reimbursement of overhead expenses.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.