**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                           :

In re:                       :    Chapter 11
                           :

HO WAN KWOK, *et al*.,      :    Case No. 22-50073 (JAM)
                           :

        Debtors.[1]      :    Jointly Administered
                           :

-------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S STATUS REPORT**
**REGARDING MATTERS SCHEDULED FOR HEARINGS ON JANUARY 15, 2025 AND**
**PROPOSED DISCUSSION POINTS FOR JANUARY 8, 2025 STATUS CONFERENCE**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby respectfully submits his status report and proposed discussion points (this "Report") in advance of the status conference concerning the January 15, 2025 hearings (collectively, the "January 15 Hearings") scheduled in this Chapter 11 Case with respect to: (a) joint briefing authorized by the Court (the "Joint Briefing") and undertaken by certain avoidance defendants (the "Joint Defendants")[2]; and

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] The Joint Defendants are: Cloudflare, Inc.; Amazon.com, Inc.; Indium Software Inc.; Amazon Web Services, Inc.; Flat Rate Movers, Ltd.; 3 Columbus Circle LLC; ModSquad Inc.; Phillips Nizer LLP; 270 W. 39th St. Co., LLC; Agora Lab, Inc.; GroCyber, LLC; Clayman Rosenberg Kirshner & Linder LLP; Jamestown Associates, LLC; Target Enterprises, LLC; Conservative Campaign Technology, LLC; Miller Motorcars Inc.; Mark Gunderson; On the Spot Home Improvement, Inc.; Morvillo Abramowitz Grand Iason & Anello; Putnam's Landscaping LLC; Jason Miller; Ohtzar Shlomo Solomon Treasure LLC; Sedgwick Realty Corp.; Direct Persuasion LLC; Anthem Health Plans, Inc.; American Express Company; Fox News Network, LLC; Marcum LLP; B&H Foto & Electronics Corp.; Federal Express Corporation; Cirrus Design Corporation; Teris-Phoenix, LLC; Zeta Global Corp.; Nardello & Co., LLC; Arri Americas Inc.; Anthem HealthChoice Assurance, Inc.; DJD Creative, LLC; and McManimon, Scotland & Baumann, LLC.

(b) regarding certain motions (the "Non-Joint Motions") pending in adversary proceedings (the "Other Adversary Proceedings") related to the Chapter 11 Case.  Further to his Report, the Trustee respectfully states the following:

Consistent with the Joint Briefing, the Trustee views the following issues as before the Court on January 15, 2025 with respect to the Joint Defendants (the "Joint Briefing Issues"), although the Trustee does not agree that all of these arguments are appropriately raised on a motion to dismiss and reserves all rights with respect to these arguments: (a) whether the defendants' claims of prejudice based on their purported "innocence" preclude veil-piercing and alter ego relief for the relevant transferor entities at issue in the Trustee's complaints;[3] (b) whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation; (c) whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the joint defendants deem "retroactive" or "*nunc pro tunc*" relief); and (d) the preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

The Trustee understands that the Joint Defendants wish to present oral argument on the foregoing Joint Briefing Issues through three counsel, each of whom would present argument on discrete issues.  Subject to the Court's views regarding the format of the hearing, the Trustee does not object to the Joint Defendants' proposal, *provided, however,* the Trustee has requested that the Joint Defendants identify which counsel they propose to argue which discrete issues so that the Trustee may organize his responsive argument accordingly.

---

[3]   The relevant transferor entities are: Lamp Capital LLC, Golden Spring (New York) Ltd., HCHK Technologies, Inc., HCHK Property Management, Inc., Greenwich Land LLC, Lexington Property & Staffing, Inc., and Leading Shine NY Ltd.

The Trustee has also considered the issues raised in the fifteen Non-Joint Motions scheduled to be heard at the January 15 Hearings—*i.e.*, fourteen motions to dismiss filed by various avoidance defendants (all but one of which is not a Joint Defendant[4]) and the Trustee's motion for judgment on the pleadings against Zeisler & Zeisler, P.C. A list of the Non-Joint Motions with bullet points that describe (in summary form and without limitation) issues implicated by each such motion is attached hereto as **Exhibit A**.

In the interests of efficiency and judicial economy, the Trustee believes that the Court should only consider the Non-Joint Motions at the January 15 Hearings to the extent they implicate Joint Briefing Issues.[5] While most of the Non-Joint Motions do implicate Joint Briefing Issues to varying degrees, these motions also raise numerous issues that are ***not*** Joint Briefing Issues, as reflected on Exhibit A (the "Non-Joint Issues"). Many of the Non-Joint Issues involve matters and allegations specific to particular adversary proceedings. Examples include, without limitation: (a) whether the Trustee's actual fraudulent transfer claims plausibly allege fraudulent intent; (b) certain defendants' claims that they provided value in consideration for transfers; and (c) as to four Non-Joint Motions, disputes as to the Court's personal jurisdiction (the briefing of which has typically required the filing of affidavits and evidence relevant to jurisdictional analyses, including exhibits filed under seal with respect to defendants Harcus Parker Limited, Berkeley Rowe Limited, and ACASS Canada Limited). The Trustee is concerned that trying to include argument

---

[4]   The exception is Jason Miller, who is both a Joint Defendant (by virtue of a motion for judgment on the pleadings (Adv. Proc. No. 24-5219 Docket No. 23)) and a movant with respect to a separate motion to dismiss that is a Non-Joint Motion (Adv. Proc. No. 24-5219 Docket No. 14).

[5]   While the Trustee believes that parties to Non-Joint Motions should have reasonable opportunity to be heard to the extent that Non-Joint Motions implicate Joint Briefing Issues, the Trustee does not believe that the January 15 Hearings should become an occasion for multiple counsel to offer repetitive argument. Accordingly, counsel for parties to Non-Joint Motions wishing to present argument at the January 15 Hearings should consult with counsel for the Joint Defendants to ensure that arguments will not be duplicative and that the number of counsel addressing the Court will be appropriately limited.

on all of the Non-Joint Issues raised by the fifteen Non-Joint Motions into one hearing day could lead to a hearing that is so overly long and complicated that it would ultimately be unworkable.[6] Rather, the Trustee anticipates that the Court would schedule in due course a separate hearing or hearings on the Non-Joint Motions as to Non-Joint Issues.

Yesterday, the Trustee shared his views regarding the foregoing with counsel who are representatives for the larger group of Joint Defendants and with counsel for the defendants that are party to Non-Joint Motions.  The Trustee will be prepared to discuss these matters and any other issues the Court may wish to discuss regarding the January 15 Hearings at today's status conference.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[6]   If the Court disagrees and wishes to entertain argument on both Joint Briefing Issues and Non-Joint Issues at the January 15 Hearings, the Trustee respectfully suggests that the Court establish in advance: (a) time limitations for parties to present oral argument; and (b) the order in which the Court will hear oral argument on the Joint Briefing Issues and on the Non-Joint Motions (with the Non-Joint Motions ordered so that motions as to which defendants are represented by the same counsel are heard together or following one another).

Dated:      January 8, 2025              LUC A. DESPINS,
            New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
     Patrick R. Linsey (ct29437)
     NEUBERT, PEPE & MONTEITH, P.C.
     195 Church Street, 13th Floor
     New Haven, Connecticut 06510
     (203) 781-2847
     plinsey@npmlaw.com

       *and*

     Nicholas A. Bassett *(pro hac vice*)
     PAUL HASTINGS LLP
     2050 M Street NW
     Washington, D.C., 20036
     (202) 551-1902
     nicholasbassett@paulhastings.com

       *and*

     Douglass Barron (*pro hac vice*)
     PAUL HASTINGS LLP
     200 Park Avenue
     New York, New York 10166
     (212) 318-6690
     douglassbarron@paulhastings.com

     *Counsel for the Chapter 11 Trustee*

## Exhibit A

**(List of Non-Joint Motions and Issues)**

## **LIST OF NON-JOINT MOTIONS AND ISSUES**

### **FFP (BVI) Limited's Motion to Dismiss Complaint (Adv. Proc. No. 24-5056 Docket No. 17):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Whether the Trustee has sufficiently alleged "badges of fraud" to support claims for actual intent fraudulent transfer under Bankruptcy Code and applicable state law;
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court; and
- Arguments concerning value this defendant claims to have provided.

### **Apple Inc.'s Motion to Dismiss Complaint (Adv. Proc. No. 24-5060 Docket No. 32):**

Joint Briefing Issues Implicated:
- Defendant's briefing implicates all Joint Briefing Issues.

Non-Joint Issues:
- Whether allegations in Complaint state plausible claims for actual intent fraudulent transfer under Bankruptcy Code and applicable state law;
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court; and
- Whether allegations in Complaint state plausible claims for constructive fraudulent transfer under Bankruptcy Code and applicable state law.

**Aaron Mitchell LLC's Motion to Dismiss Complaint (Adv. Proc. No. 24-5110 Docket No. 19):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Whether the Trustee has sufficiently alleged "badges of fraud" to support claims for actual intent fraudulent transfer under Bankruptcy Code and applicable state law;
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court; and
- Arguments concerning value this defendant claims to have provided.

**Meta Platforms Inc.'s Motion to Dismiss Complaint (Adv. Proc. No. 24-5117 Docket No. 18):**

Joint Briefing Issues Implicated:
- Defendant's briefing implicates all Joint Briefing Issues.

Non-Joint Issues:
- Whether allegations in Complaint state plausible claims for actual intent fraudulent transfer under Bankruptcy Code and applicable state law; and
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court.

**V. X. Cerda & Associates P.A. Motion to Dismiss Complaint (Adv. Proc. No. 24-5134 Docket No. 16):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Whether the Trustee has sufficiently alleged "badges of fraud" to support claims for actual intent fraudulent transfer under Bankruptcy Code and applicable state law;
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court; and
- Arguments concerning value this defendant claims to have provided.

**Liberty Jet Management Corp.'s Motion to Dismiss Complaint (Adv. Proc. No. 24-5135 Docket No. 19):**

Non-Joint Issues:
- Whether Trustee's claims fail because Trustee has not negated good/faith value defense to actual intent fraudulent transfer claims; and
- Whether defendant is an initial or subsequent transferee.

**Harcus Parker Limited's Motion to Dismiss Complaint (Adv. Proc. No. 24-5163 Docket No. 12):**

Non-Joint Issues:
- Defendant moved to dismiss solely under Civil Rule 12(b)(2) disputing Court's personal jurisdiction; and
- Evidentiary record on personal jurisdiction includes exhibits filed under seal including exhibits subject to attorney-client privilege.

**The Francis Law Firm PLLC's Motion to Dismiss Complaint (Adv. Proc. No. 24-5168 Docket No. 15):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Whether the Trustee has sufficiently alleged "badges of fraud" to support claims for actual intent fraudulent transfer under Bankruptcy Code and applicable state law.

**Berkeley Rowe Limited's Motion to Dismiss the First Amended Adversary Complaint (Adv. Proc. No. 24-5186 Docket No. 35):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Defendant moved to dismiss under Civil Rule 12(b)(2) disputing Court's personal jurisdiction; and
- Evidentiary record on personal jurisdiction includes exhibits filed under seal.

**Weddle Law PLLC's Motion to Dismiss Complaint (Adv. Proc. No. 24-5188 Docket No. 12):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Defendant contests personal jurisdiction and venue because it is located in New York;
- Whether Trustee's claims are barred by judicial or equitable estoppel; and
- Whether defendant is retroactively entitled to approval of payments it received.

**Lawall & Mitchell LLC's Motion to Dismiss Complaint (Adv. Proc. No. 24-5199 Docket No. 21):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court; and
- Arguments concerning value this defendant claims to have provided.

**G4S Security Systems (Hong Kong) Ltd. (Adv. Proc. No. 24-5204 Docket No. 23):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether the Trustee has standing to pursue avoidance claims as to transfers made via Debtor's alter egos;
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Whether the Trustee has sufficiently alleged "badges of fraud" to support claims for actual intent fraudulent transfer under Bankruptcy Code and applicable state law;
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court; and
- Arguments concerning value this defendant claims to have provided.


**Trustee's Motion for Judgment on the Pleadings Against Zeisler & Zeisler, P.C. (Adv. Proc. No. 24-05208 Docket No. 17):**

Joint Briefing Issues Implicated:
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Whether Trustee has standing to seek alter ego ruling; and
- Whether judgment on the pleadings available where defendant denies allegations in complaint.

**Jason Miller's Motion to Dismiss (Adv. Proc. No. 24-5219 Docket No. 14):**

Non-Joint Issues:
- Dispute over choice of law as to applicable state law actual intent fraudulent transfer claim;
- Whether Trustee has alleged sufficient facts to plead plausible actual intent fraudulent transfer claim; and
- Whether Trustee's avoidance claims fail because Trustee filed schedule(s) detailing transfers under seal pursuant to procedures ordered by Bankruptcy Court

**ACASS Canada Limited's Motion to Dismiss Second Amended Complaint (Adv. Proc. No. 24-5226 Docket No. 26):**

Joint Briefing Issues Implicated:
- Whether alter ego rulings result in the entities' assets being considered property of the Debtor/Estate (as applicable) and whether avoiding transfers made via shell companies requires substantive consolidation;
- Whether the Trustee may avoid transfers that occurred prior to the date that the Court made its alter ego rulings (*i.e.*, what the defendants deem "retroactivity" or "*nunc pro tunc*" relief); and
- The preclusive effect of the Court's prior alter ego rulings under the doctrine of "law of the case."

Non-Joint Issues:
- Defendant moved to dismiss under Civil Rule 12(b)(2) disputing Court's personal jurisdiction;
- Evidentiary record on personal jurisdiction includes exhibits filed under seal;
- Defendant argues Trustee is limited to seeking relief under section 547 (avoidance of preferences);
- Whether Trustee adequately pled that shell companies were Debtor's alter ego(s);
- Whether Trustee has stated plausible claims of actual intent fraudulent transfer under Bankruptcy Code and applicable state law; and
- Whether Trustee may obtain alter ego relief as to shell companies nominally owned by Debtor's family and associates (rather than directly owned by Debtor).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
: 
In re:                                                     :        Chapter 11
                                                          :
HO WAN KWOK *et al*.,                                      :        Case No. 22-50073 (JAM)
                                                          :
                     Debtors.                             :        Jointly Administered
                                                          :
-------------------------------------------------------x

### <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date hereof, the foregoing Status Report and exhibit was electronically filed using the Court's case management/electronic case files system ("<u>CM/ECF</u>") in the Chapter 11 Case.  Notice of this filing will be sent automatically via e-mail by operation of CM/ECF to all appearing parties in the Chapter 11 Case.

In addition, on the date hereof, the undersigned has caused the foregoing to be served by manual email on counsel for all of the Joint Defendants and on counsel for all defendants that are party to the Non-Joint Motions as set forth on the attached **<u>Exhibit 1</u>**.

Dated:      January 8, 2025
            New Haven, Connecticut

                              By: */s/ Patrick R. Linsey*
                                  Patrick R. Linsey (ct29437)
                                  NEUBERT, PEPE & MONTEITH, P.C.
                                  195 Church Street, 13th Floor
                                  New Haven, Connecticut 06510
                                  (203) 781-2847
                                  plinsey@npmlaw.com

                                  *Counsel for the Chapter 11 Trustee*

## **EXHIBIT 1**

### **Joint Defendants**

Ohtzar Shlomo Solomon Treasure LLC
Counsel:        Jeffrey Hellman
                        jeff@jeffhellmanlaw.com

Jason Miller
Counsel:        Jeffrey Hellman
                        jeff@jeffhellmanlaw.com

Anthem HealthChoice Assurance, Inc.
Counsel:        Eric S. Goldstein
                        egoldstein@goodwin.com

Anthem Health Plans, Inc.
Counsel:        Eric S. Goldstein
                        egoldstein@goodwin.com

Sedgwick Realty Corp.
Counsel:        Eric S. Goldstein
                        egoldstein@goodwin.com

Direct Persuasion LLC
Counsel:        Eric S. Goldstein
                        egoldstein@goodwin.com

Putnam's Landscaping LLC
Counsel:        Scott M. Charmoy
                        scottcharmoy@charmoy.com

Arri Americas Inc.
Counsel:        Michael T. Conway
                        mconway@lpgmalaw.com

Federal Express Corporation
Counsel:        Eric S. Goldstein
                        egoldstein@goodwin.com

                        and

                        Michael A. Siedband
                        Michael.siedband@fedex.com

Morvillo Abramowitz Grand Iason & Anello
Counsel:      Rowena A. Moffett
                   rmoffett@bswlaw.com

DJD Creative, LLC
Counsel:      Louis J. Martocchio III
                   lou@mo-lawfirm.com

                   and

                   Bret L. Strong
                   Zachary W. Doninger
                   bstrong@thestrongfirm.com
                   zdoninger@thestrongfirm.com

Cloudflare, Inc.
Counsel:      Ross G. Fingold
                   rfingold@lawssf.com

                   and

                   Sabrina L. Streusand
                   strausand@slollp.com

Cirrus Design Corporation
Counsel:      Richard J. Bernard
                   richard.bernard@faegredrinker.com

                   and

                   Josh Peterson
                   Josh.peterson@faegredrinker.com

                   and

                   Jaclyn C. Marasco
                   Jaclyn.marasco@faegredrinker.com

Indium Software, Inc.
Counsel:      Benjamin D. Feder
                   Eric R. Wilson
                   bfeder@kelleydrye.com
                   ewilson@kelleydrye.com

                   and

Richard J. Reding
rreding@askllp.com

and

Edward E. Neiger
eneiger@askllp.com

Target Enterprises, LLC
Counsel:    John F. Carberry
Kara A. Zarchin
jcarberry@cl-law.com
kzarchin@cl-law.com

Jamestown Associates, LLC
Counsel:    John F. Carberry
Kara A. Zarchin
jcarberry@cl-law.com
kzarchin@cl-law.com

Mark Gundersen
Counsel:    David J. Kozlowski
dkozlowski@morrisoncohen.com

and

Jeffrey Rhodes
jrhodes@tlclawfirm.com

Miller Motorcars Inc.
Counsel:    Eric Seltzer
ehs@gtlslaw.com

3 Columbus Circle, LLC
Counsel:    Robert E. Kaelin
ekaelin@murthalaw.com

and

Matthew A. Pesce
mpesce@murthalaw.com

Phillips Nizer LLP
Counsel:    Robert E. Kaelin
ekaelin@murthalaw.com

and

Matthew A. Pesce
mpesce@murthalaw.com

ModSquad, Inc.
Counsel:     Robert E. Kaelin
ekaelin@murthalaw.com

and

Matthew A. Pesce
mpesce@murthalaw.com

270 W. 39th St. Co., LLC
Counsel:     Robert N. Sensale
rns@bvmlaw.com

Agora Lab, Inc.
Counsel:     Lindsay C. Stone
Benjamin Gilbert
lstone@sheppardmullin.com
bogilbert@sheppardmullin.com

and

Alan H. Martin
amartin@sheppardmullin.com

Clayman Rosenberg Kirschner & Linder LLP
Counsel:     Matthew D. Valauri
Matthew.valauri@wilsonelser.com

McManimon, Scotland & Baumann, LLC
Counsel:     Bonnie C. Mangan
Bonnie.mangan@manganlaw.com

and

Sari B. Placona
splacona@msbnk.com

B&H Foto & Electronics Corp.
Counsel:     Tracy Ellis Williams
tewilliams@goodwin.com

and

Scott M. Kessler
Scott.kessler@akerman.com

On the Spot Home Improvement, Inc.
Counsel:      Eric S. Goldstein
egoldstein@goodwin.com

and

Justin S. Baumgartner
jbaumgartner@becker.legal

GroCyber, LLC
Counsel:      Nicholas P. Vegliante
nvegliante@cbshealaw.com

Nardello & Co., LLC
Counsel:      Henry P. Baer, Jr.
Eilis Meagher
hbaer@fdh.com
emeagher@fdh.com

Teris-Phoenix, LLC
Counsel:      Henry P. Baer, Jr.
Eilis Meagher
hbaer@fdh.com
emeagher@fdh.com

and

Andrea M. Chase
achase@spencerfane.com

Marcum LLP
Counsel:      Henry P. Baer, Jr.
hbaer@fdh.com

and

Steven G. Mintz
Barry M. Kazan
mintz@mintzandgold.com
kazan@mintzandgold.com

Fox News Network, LLC
Counsel:      Henry P. Baer, Jr.
                    hbaer@fdh.com

                    and

                    Steven G. Mintz
                    Barry M. Kazan
                    mintz@mintzandgold.com
                    kazan@mintzandgold.com

Conservative Campaign Technology LLC
Counsel:      Ilan Markus
                    imarkus@barclaydamon.com

Zeta Global Corp.
Counsel:      John J. Clarke, Jr.
                    John.clarke@us.dlapiper.com

                    and

                    C. Kevin Kobbe
                    Kevin.kobbe@us.dlapiper.com

Flat Rate Movers, Ltd.
Counsel:      James J. Costello, Jr.
                    jjcostellojr@norris-law.com

American Express
Counsel:      Ronald I. Chorches
                    ronchorcheslaw@sbcglobal.net

                    and

                    Darryl S. Laddin
                    Frank N. White
                    Darryl.laddin@agg.com
                    Frank.white@agg.com

Amazon Web Services, Inc.
Counsel:      Lindsay Sampson Bishop
                    Lindsay.bishop@klgates.com

                    and

                    Brian T. Peterson

Ruby A. Nagamine
Brian.peterson@klgates.com
Ruby.nagamine@klgates.com

**Defendants Party to Non-Joint Motions**

FFP (BVI) Limited
Counsel:      Jeffrey M. Sklarz
Kellianne Baranowsky
Michelle Amanda Antao
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com
mantao@gs-lawfirm.com


Aaron Mitchell
Counsel:      Jeffrey M. Sklarz
Kellianne Baranowsky
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

V.X. Cerda & Associates
Counsel:      Jeffrey M. Sklarz
Kellianne Baranowsky
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

The Francis Firm PLLC
Counsel:      Jeffrey M. Sklarz
Kellianne Baranowsky
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

Berkeley Rowe Limited
Counsel:      Jeffrey M. Sklarz
Kellianne Baranowsky
jsklarz@gs-lawfirm.com
kbaranowsky@gs-lawfirm.com

and

John G. Willard
Julie Johnston-Ahlen
jwillard@atllp.com
jjohnston@atllp.com

Weddle Law PLLC
Counsel:      Jeffrey M. Sklarz
               Kellianne Baranowsky
               jsklarz@gs-lawfirm.com
               kbaranowsky@gs-lawfirm.com

               and

               Richard J. Corbi
               rcorbi@corbilaw.com

Lawall & Mitchell, LLC
Counsel:      Jeffrey M. Sklarz
               Kellianne Baranowsky
               jsklarz@gs-lawfirm.com
               kbaranowsky@gs-lawfirm.com

G4S Security Systems (Hong Kong)
Counsel:      Jeffrey M. Sklarz
               Kellianne Baranowsky
               Michelle Amanda Antao
               jsklarz@gs-lawfirm.com
               kbaranowsky@gs-lawfirm.com
               mantao@gs-lawfirm.com

ACASS Canada LTD.
Counsel:      Jeffrey M. Sklarz
               Kellianne Baranowsky
               jsklarz@gs-lawfirm.com
               kbaranowsky@gs-lawfirm.com

               and

               Eric Fishman
               Eric.fishman@pillburylaw.com

Apple Inc.
Counsel:      George Angelich
               Eric Roman
               Patrick Feeney
               George.angelich@afslaw.com
               Eric.roman@afslaw.com
               Patrick.feeney@afslaw.com

               and

Jin Yan
Jin.yan@afslaw.com

Meta Platforms, Inc.
Counsel:    George Angelich
Eric Roman
Patrick Feeney
George.angelich@afslaw.com
Eric.roman@afslaw.com
Patrick.feeney@afslaw.com

and

Jin Yan
Jin.yan@afslaw.com

Liberty Jet Management Corp.
Counsel:    Gerard R. Luckman
gluckman@forchellilaw.com

Harcus Parker Limited
Counsel:    Peter C. Netburn
Peter.netburn@clydeco.us

Jason Miller
Counsel:    Jeffrey Hellman
jeff@jeffhellmanlaw.com

Zeisler & Zeisler, P.C.
Counsel:    Daniel A. Byrd
Stephen M. Kindseth
James M. Moriarty
dbyrd@zeislaw.com
skindseth@zeislaw.com
jmoriarty@zeislaw.com