**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered)<br><br>January 8, 2025 |

### STATUS REPORT, RESERVATION OF RIGHTS, AND JOINDER, OF CERTAIN DEFENDANTS[2] IN PENDING ADVERSARY PROCEEDINGS

The defendants set forth on <u>Exhibit A</u> (the "Defendants") hereby submit the following status report concerning the status conference scheduled for January 8, 2025, to address the process for oral argument on their pending motions to dismiss to be argued on January 15, 2025. Further, Defendants have reviewed the Status Report (ECF No. 3943, the "Trustee's Status Report") filed by Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee"). The undersigned counsel for Defendants has conferred with counsel for the Trustee and counsel for various other parties hereto, including counsel for the so-called "Joint Defendants" and submits as follows:

### STATUS REPORT

1.      Defendants largely agree with the Trustee's procedural suggestions in that argument should be limited to key legal issues raised globally by all parties, including

---

[1] The Debtors in the main Chapter 11 case are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok. The Trustee has not been appointed to act as a chapter 11 trustee on behalf of any other entity.

[2] A list of defendants on behalf of whom this Status Report is filed are set forth on <u>Exhibit A</u> hereto.

{00397390.2 }

Defendants and Joint Defendants. However, Defendants disagree with the characterization of the legal issues by the Trustee.

2.     Defendants view the issues affecting all defendants as follows:

    a.   Whether the property of non-debtor entities is "property of the estate" such that those non-debtor entities' transfers can be avoided under Sections 544, 548, or 549.

    b.   Whether "alter ego" theory can be used to re-assign the ownership of property of non-debtor entities and people to the estate (in effect a substantive consolidation without meeting the standards for substantive consolidation), or whether alter ego theory only is a theory of vicarious liability.

    c.   Even if "alter ego" theory can be used to re-assign the ownership of property of non-debtor entities and people, can that re-assignment be accomplished retroactively to the petition date of this bankruptcy case (or appointment of the Trustee)? And if it is accomplished retroactively, does that also require retroactive (i) approval of the transfers to ordinary course and fair value transferees, (ii) notice to creditors of the alleged alter egos, (iii) filing of bankruptcy petitions for the alleged alter egos, and (iv) complying with all other applicable requirements for retroactive relief under federal and applicable law?

    d.   Are prior default, collateral estoppel, or other rulings of the bankruptcy court "law of the case" or subject to collateral estoppel effect even though the current movants are not the same parties who litigated (or defaulted on) the prior rulings, and the court's prior "alter ego" findings were factual, not "law," and so not "law of the case"?

    e.   Does the Trustee have standing to assert a claim on behalf of the debtor that the debtor owns property that is titled in the name of other entities and people?

    f.   Does the Trustee have standing to assert a claim on behalf of (unidentified) creditors that the debtor owns property titled in the name of other entities and people based on an alter ego theory? Relatedly, does the Trustee have standing to assert a claim that other entities or people are vicariously liable, on an alter-ego theory, for the debts owed to (unidentified) creditors?

(Hereafter, collectively referred to as the "Global Issues"). Regardless of the parties' differing statements of the issues for argument, they appear in agreement with how argument on these issues should proceed, except as set forth below.

3.      One area of apparent disagreement is that while the Trustee characterizes standing (Global Issues (e) and (f) above) as a "Non-Joint Issue" (Trustee's Status Report at 3 and Exhibit A at 7[3]), the issue of standing is inextricably linked to the Joint Issues as standing will implicate the Court's subject matter jurisdiction.  Further, standing was briefed by the Joint Defendants.

4.      Defendants have asserted additional grounds for dismissal based on other legal insufficiencies of the complaint.  Defendants agree that most of these issues should be reserved for argument at a later date, to the extent necessary.  To be clear, Defendants do not agree with the Trustee's attempt to define or categorize these "Non-Joint Issues," as set forth in Exhibit A to his status report.  Instead, Defendants submit that all issues raised in their motions to dismiss that are not Global Issues should be treated as "Non-Joint Issues."

5.      However, Defendants request that the Court hear argument on whether (a) the Trustee may file complaints under seal and/or redact information in a complaint as that is a purely legal issue that has been extensively briefed previously in connection with other matters and (a) whether if retroactive relief is allowed to the Trustee, whether retroactive approval for payments is permitted for Defendants.

6.      In summary, at argument on January 15th, Defendants submit that the undersigned be permitted to argue on the Global Issues *in addition* to counsel for the Joint Defendants but only to the extent that (a) the Court has questions directed to Defendants' arguments and (b) counsel for the Joint Defendant has not addressed a concern of Defendants.  Further, the undersigned should be permitted to offer additional argument on (i) the standing issue, (ii) redaction issue, and (iii) whether retroactive approval of payments is appropriate if the Court holds the Trustee's retroactive relief is allowed, which the Trustee considers Non-Joint Issues.

---

[3] Referring to the FFP (BVI) Ltd. "Non-Joint Issues" bullet point, by way of example.

7.     Lastly, Defendants request to use a power point presentation (if appropriate) to aid the Court at oral argument.  Said presentation will summarize case law and other arguments.

## RESERVATION OF RIGHTS AND JOINDER

8.     Defendants reserve their right to oral argument on non-Global issues and specifically request supplemental argument thereon at a later date.

9.     Defendants reserve their rights, and do not waive, all jurisdictional arguments, including as to personal jurisdiction, service of process, and/or otherwise.

10.     Defendants join the argument and briefing of the Joint Defendants' (in addition to Defendants' own briefing) on the Global Issues.  The purpose of this joinder is to ensure no issues on appeal are waived and all rights are reserved.

11.     Nothing herein shall constitute an agreement that the Trustee's Status Report may constitute substantive argument or a "sur-reply" to any reply memorandum filed by Defendants, for consideration by the Court.

**DEFENDANTS SET FORTH ON <u>EXHIBIT A</u>**

By:   */s/  Jeffrey M. Sklarz*
          Jeffrey M. Sklarz (ct20938)
          Kellianne Baranowsky (ct26684)
          Michelle Antao (ct31715)
          GREEN & SKLARZ LLC
          One Audubon St, 3rd Floor
          New Haven, CT 06511
          Tel: 203-285-8545
          jsklarz@gs-lawfirm.com
          kbaranowsky@gs-lawfirm.com
          mantao@gs-lawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF.  Parties may access this filing through the Court's CM/ECF system.

Date:   January 8, 2024

*/s/ Jeffrey M. Sklarz*

**EXHIBIT A**

| Case Name | AP No. |
|---|---|
| Despins v. FFP (BVI) Limited | 5:24-ap-05056 |
| Despins v. Weddle Law PPLC | 5:24-ap-05188 |
| Despins v. V.X. Cerda & Associates P.A. | 5:24-ap-05134 |
| Despins v. The Francis Law Firm | 5:24-ap-05168 |
| Despins v. Lawall & Mitchell LLC and Aaron Mitchell | 5:24-ap-05199 |
| Despins v. Mitchell | 5:24-ap-05110 |
| Despins v. Berkeley Rowe Limited | 5:24-ap-05186 |
| Despins v. ACASS Canada LTD | 5:24-ap-05226 |
| Despins v. G4S Security Systems (Hong Kong) Ltd. | 5:24-ap-05204 |