B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br>Updike, Kelly & Spellacy, P.C. |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Douglas S. Skalka, Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13 Floor, New Haven, CT 06510<br>203-781-2847 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor ☑ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfer and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Patrick R. Linsey | | |
| DATE<br>January 14, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Patrick R. Linsey | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                                       :
In re:                                                 :        Chapter 11
                                                       :
HO WAN KWOK, et al.,¹                                   :        Case No. 22-50073 (JAM)
                                                       :
                              Debtors.                  :          (Jointly Administered)
                                                       :
-------------------------------------------------------x
                                                       :
LUC A. DESPINS, CHAPTER 11                              :
TRUSTEE,                                                :
                                                       :        Adv. Proceeding No. [_____]
                              Plaintiff,               :
v.                                                      :
                                                       :
                                                       :        January 14, 2025
                                                       :
UPDIKE, KELLY & SPELLACY, P.C.,                         :
                                                       :
                              Defendant.                :
                                                       :
-------------------------------------------------------x
```

**COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY**
**OF POSTPETITION TRANSFERS AND RELATED RELIEF PURSUANT TO**
**BANKRUPTCY CODE SECTIONS 549 AND 550**

        Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

¹       The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
        LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
        for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
        Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
        of notices and communications).

                                                        1

adversary complaint (the "Complaint") against defendant Updike, Kelly & Spellacy, P.C. (the "Defendant"), stating as follows:

## NATURE OF ACTION

1.      The Trustee commences this adversary proceeding to avoid and recover transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court or under Title 11 of the United States Code (the "Bankruptcy Code").

2.      Following the Petition Date, the Debtor, through his alter-ego shell company, Greenwich Land LLC ("Greenwich Land"), transferred funds in the amount of $121,251.87 to the Defendant, as initial transferee.

3.      Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

5.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.      The statutory predicates for the relief sought herein include 11 U.S.C. §§ 549 and 550.

## THE PARTIES

7.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

8.      The Defendant is a Connecticut professional corporation with an address at 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103.

## FACTS

### A.    Chapter 11 Case

9.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), thus commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

10.     On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

11.     The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[2]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter-ego shell companies, including Greenwich Land.

12.     On June 15, 2022, the Bankruptcy Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11

---

[2] Schedule of Assets and Liabilities, at 1 [Main Case, Docket No. 78].

trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Bankruptcy Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.**     **Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

13.     Greenwich Land is among the numerous alter-ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors.  Indeed, the Bankruptcy Court has entered judgment to the effect that Greenwich Land was the Debtor's alter ego and that its property, following the Petition Date, was property of the chapter 11 estate.  (Adv. Proc. No. 23-05005 (the "Greenwich Land A.P."), Docket No. 134 (the "Greenwich Land Judgment")).  The Trustee incorporates by reference herein, the Trustee's Complaint against Greenwich Land (Greenwich Land A.P. Docket No. 1), the Greenwich Land Judgment, and the Bankruptcy Court's *Memorandum of Decision and Order* granting summary judgment in favor of the Trustee (Greenwich Land A.P. Docket No. 133).

14.     Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several such adversary proceedings, the Bankruptcy Court has already granted such relief.[3]

---

[3]     Adversary proceedings in which the Trustee is seeking or has obtained such relief include, in addition to the Greenwich Land A.P.: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC*, et al. [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iii) *Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc.*, et al. [Adv. Proc. No. 23-05013]; (iv) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC*, et al. [Adv. Proc. No. 23-05017]; (v) *Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited* [Adv. Proc. 23-05018]; (vi) *Luc A. Despins,*

4

15.     The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

16.     The Debtor also used his alter egos, including Greenwich Land, as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims.  The transfers that the Debtor effectuated through these alter egos perpetuated the Debtor's fraudulent scheme.  The property of these alter egos, including Greenwich Land, was at all times prior to the Petition Date property of the Debtor.

## C.     Debtor's Shell Game and Fraud Continues Postpetition

17.     As of the Petition Date, all of the Debtor's property held through his alter egos, including Greenwich Land, became property of the chapter 11 estate.  *See* 11 U.S.C. § 541(a)(1).

18.     Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter-ego shell companies, including, without limitation, Greenwich Land.

19.     None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

## D.     Defendant's Involvement in Chapter 11 Case

20.     Between September 2022 and March of 2023, the Defendant represented Hing Chi Ngok ("Ms. Ngok"), *i.e.*, the Debtor's alleged wife, and Greenwich Land (collectively, the

---

*Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. 23-05023], and (vii) *Luc A. Despins, Chapter 11 Trustee v. ACA Capital Group Ltd.*, et al. [Adv. Proc. 24-05249].

"Greenwich Parties") in connection with the Chapter 11 Case. At all times during its engagement, the Defendant was aware of the Trustee's appointment.

21.    The Defendant's engagement included representing the Greenwich Parties in responding to Bankruptcy Rule 2004 subpoenas issued by the Trustee in his investigation of the Debtor's financial affairs, which focused on the Debtor's interests in Greenwich Land and its assets. During the Defendant's engagement, the Greenwich Parties maintained that Ms. Ngok owned Greenwich Land and, through it, the Debtor's Greenwich residence.

22.    The Bankruptcy Court has since determined that Ms. Ngok's interest in Greenwich Land was purely nominal and served to frustrate collection efforts with respect to the Debtor. *See Memo. of Decision and Order Granting Mot. for Summary Judgment* (Adv. Proc. No. 23-05005 Docket No. 133) at p. 59. The Court has further determined that: (a) Ms. Ngok lacked knowledge of and did not control Greenwich Land's management or its financial affairs, *id.* at ¶¶ 90-92, pp. 46-53; and (b) while Ms. Ngok served as its nominal owner, the Debtor utilized Greenwich Land to dissipate millions of dollars in assets, *id.* at ¶¶ 19-29, 36-42, 62-83, pp. 55-56.

23.    The Debtor's chapter 11 estate incurred substantial expense investigating the Debtor's fraud perpetrated through Greenwich Land and obtaining relief from the Bankruptcy Court to prevent further dissipation of assets and establish that Greenwich Land and its property were property of the estate.

### E.    **Transfers to Defendant**

24.    Subsequent to the Petition Date, the Debtor, through shell companies including Greenwich Land, or otherwise, transferred property of the Debtor's chapter 11 estate to the Defendant (collectively, the "Transfers"), including, without limitation, as follows:

See **SCHEDULE A** attached hereto and made a part hereof.

6

25. At the time of the Transfers, the Debtor had outstanding obligations to creditors of the Debtor's estate.

26. The Defendant was the initial transferee of the Transfers.

**F.    Stipulated Tolling Orders and Extension Orders**

27. The Trustee and the Defendant have entered, and the Court has approved, a series of stipulated orders tolling any time limitations for the Trustee to commence this action, most recently through and including January 14, 2025 [Main Case Docket No. 3903].

28. The Court has also entered orders extending any applicable time limitations set forth in sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through and including February 15, 2025 [Main Case Docket Nos. 2921, 3417].

## FIRST CLAIM

**(Claim to Avoid and Recover Unauthorized Postpetition Transfers pursuant to Bankruptcy Code sections 549 and 550(a))**

29. The Trustee repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. The Transfers were made to the Defendant by the Debtor, including through his alter-ego shell company, Greenwich Land.

31. The Transfers occurred after the Petition Date.

32. The Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

33. The Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

34. The Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

35.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Transfers, or the value thereof, from the Defendant plus interest thereon to the date of payment and the costs of this action.

[*Remainder of Page Intentionally Left Blank.*]

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.       An order (a) declaring that the Transfers in an amount not less than $121,251.87 are avoided pursuant to section 549 of the Bankruptcy Code; (b) directing that the Transfers be set aside; and (c) providing for recovery of the Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.       Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

3.       Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

*[Remainder of Page Intentionally Left Blank.]*

Dated:  January 14, 2025    LUC A. DESPINS
   New Haven, Connecticut  CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
 Douglas S. Skalka (ct00616)
 Patrick R. Linsey (ct29437)
 NEUBERT, PEPE & MONTEITH, P.C.
 195 Church Street, 13th Floor
 New Haven, Connecticut 06510
 (203) 781-2847
 dskalka@npmlaw.com
 plinsey@npmlaw.com

  *and*

 G. Alexander Bongartz (admitted *pro hac vice*)
 Douglass Barron (admitted *pro hac vice*)
 PAUL HASTINGS LLP
 200 Park Avenue
 New York, New York 10166
 (212) 318-6079
 alexbongartz@paulhastings.com
 douglassbarron@paulhastings.com

  *and*

 Nicholas A. Bassett (admitted *pro hac vice*)
 PAUL HASTINGS LLP
 2050 M Street NW
 Washington, D.C., 20036
 (202) 551-1902
 nicholasbassett@paulhastings.com

 *Counsel for the Chapter 11 Trustee*

10

## SCHEDULE A

| ID # | Transferor | Date | Amount |
|------|-----------|------|--------|
| 1 | Greenwich Land LLC | 9/13/2022 | $    (30,000.00) |
| 2 | Greenwich Land LLC | 10/21/2022 | (12,521.50) |
| 3 | Greenwich Land LLC | 12/5/2022 | (19,728.00) |
| 4 | Greenwich Land LLC | 12/15/2022 | (23,891.10) |
| 5 | Greenwich Land LLC | 1/18/2023 | (15,935.71) |
| 6 | Greenwich Land LLC | 2/16/2023 | (19,175.56) |
| **Total - Payments to Updike Kelly & Spellacy PC** | | | **$  (121,251.87)** |

11