```
 1                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF CONNECTICUT
 2                        BRIDGEPORT DIVISION

 3   IN RE:                      .  Chapter 11
                                 .  Case No. 22-50073 (JAM)
 4   HO WAN KWOK, et al.,        .
                                 .  (Jointly Administered)
 5                               .
                                 .  Courtroom 123
 6           Debtors.            .  Brien McMahon Federal Building
                                 .  915 Lafayette Boulevard
 7                               .  Bridgeport, Connecticut 06604
                                 .
 8                               .  Wednesday, January 8, 2025
     . . . . . . . . . . . . .   .  1:08 p.m.
 9

10                         TRANSCRIPT OF HEARING
                 BEFORE THE HONORABLE JULIE A. MANNING
11                  UNITED STATES BANKRUPTCY JUDGE

12   APPEARANCES:

13   For the Chapter 11
     Trustee:                    Luc A. Despins, Esquire
14                               Nicholas A. Bassett, Esquire
                                 PAUL HASTINGS, LLP
15                               200 Park Avenue
                                 New York, New York 10166
16

17

18

19   (APPEARANCES CONTINUED)

20   Audio Operator:            Electronically recorded

21   Transcription Company:     Reliable
                                The Nemours Building
22                              1007 N. Orange Street, Suite 110
                                Wilmington, Delaware 19801
23                              Telephone: (302)654-8080
                                Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

```
1   APPEARANCES:

2   For the Chapter 11
    Trustee:                    Patrick R. Linsey, Esquire
3                               NEUBERT, PEPE & MONTEITH, P.C.
                                195 Church Street
4                               13th Floor
                                New Haven, Connecticut 06510
5
    For Anthem Health Plans,
6   Inc.; Anthem HealthChoice
    Assurance, Inc.; Direct
7   Persuasion LLC; Sedgwick
    Realty Corp.; Federal
8   Express Corporation; and
    On the Spot Home
9   Improvement, Inc.:          Eric S. Goldstein, Esquire
                                SHIPMAN & GOODWIN, LLP
10                              One Constitution Plaza
                                Hartford, Connecticut 06103
11

12  For Liberty Jet:            Gerard R. Luckman, Esquire
                                FORCHELLI DEEGAN TERRANA, LLP
13                              333 Earle Ovington Boulevard
                                Suite 100
14                              Uniondale, New York 11553

15  For Harcus Parker
    Limited:                    Peter C. Netburn, Esquire
16                              CLYDE & CO. US, LLP
                                265 Franklin Street
17                              Suite 802
                                Boston, Massachusetts 02110
18
    For FFP (BVI) Limited;
19  Weddle Law PPLLC; V.X.
    Cerda & Associates P.A.;
20  The Francis Law Firm;
    Lawall & Mitchell LLC;
21  Aaron Mitchell; Berkeley
    Rowe Limited; ACASS
22  Canada LTD; and G4S
    Security Systems
23  (Hong Kong) Ltd.:           Jeffrey M. Sklarz, Esquire
                                GREEN & SKLARZ, LLC
24                              One Audubon Street
                                3rd Floor
25                              New Haven, Connecticut 06511
```

```
 1   For Apple, Inc., and
     Meta Platforms, Inc.:    George P. Angelich, Esquire
 2                            Jin Yan, Esquire
                              ARENTFOX SCHIFF, LLP
 3                            Avenue of the Americas
                              42nd Floor
 4                            New York, New York 10019

 5   For Zeisler &
     Zeisler, P.C.:           Stephen M. Kindseth, Esquire
 6                            ZEISLER & ZEISLER, P.C.
                              10 Middle Street
 7                            15th Floor
                              Bridgeport, Connecticut 06604
 8
     For Amazon.com, Inc.
 9   and Amazon Web
     Services, Inc.:          Brian T. Peterson, Esquire
10                            K&L GATES, LLP
                              925 4th Avenue
11                            Suite 2900
                              Seattle, Washington 98104
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                                    INDEX

2    MOTIONS:                                                   PAGE

3    Matter
     No. 3923   Chapter 11 Trustee for Status Conference          5
4                Regarding January 15, 2025 Hearings

5                Court's Ruling:                                  --

6

7    Transcriptionist's Certificate                              50

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        (Proceedings commenced at 12:11 p.m.)

2            THE DEPUTY:  The United States Bankruptcy Court

3   for the District of Connecticut is now in session, the

4   Honorable Julie Manning presiding.

5            I will now call the case, 22-50073, Ho Wan Kwok.

6            THE COURT:  All of you.  We are here today on a

7   status conference that was requested by the trustee in

8   connection with the hearing scheduled for next week,

9   January 15, to address issues raised by parties to the joint

10  brief that we discussed back at a hearing on September 24th,

11  2024, and also with regard to motions to dismiss or motions

12  for judgment on the pleadings in adversary proceedings, which

13  are not subject to mediation and are not part of the joint

14  brief, but which the parties raised with the Court, their

15  requests to be heard at the same time on the issues that were

16  raised in the joint brief.

17           I've seen a few documents that were filed, I

18  believe, today, so I haven't really read them fully about the

19  status conference and issues related to logistics for next

20  week's hearing.  And from the start, I just want to be clear

21  that the hearing on January 15 will address only the issues

22  in the joint brief, whether the parties are parties to the

23  joint brief or are Defendants in other adversary proceedings.

24  That is what we discussed extensively during the hearing on

25  September 24th and the Defendants who are not parties to the

1 joint brief and are not subject to mediation raised before

2 this Court, their desire to have their motions to dismiss

3 heard at the same time, with regard to those issues and that

4 is what the Court will address.

5          Any other issues raised in motions to dismiss or

6 motions for judgment on the pleadings that do not pertain to

7 the issues, the four issues that the Court ordered, would be

8 allowed to be briefed, will be scheduled for some date in the

9 future.  So I want to note that there may be parties, and we

10 can talk about it during this conference, that do not need to

11 be part of the hearing next week; if they have issues raised

12 in their briefs that have nothing to do with the joint issues

13 in the joint brief, then the Court is not going to hear or

14 entertain those issues next week.

15          Also, with regard to -- and I understand, people

16 have worked very hard and I appreciate that, to try to help

17 with logistics in this case and in these numerous adversary

18 proceedings, but I want to state that there's no need for

19 anyone to further file --

20          Please everyone turn off your microphones if

21 you're not talking, because I can hear things in the

22 backgrounds of yours offices or wherever you may be, so

23 please put yourself on mute.

24          There's no need for people to file motions to be

25 excused to attend for local counsel, because what we're going

1  to determine today is who and how many, if more than one

2  people will argue issues before the Court next week.  So, in

3  order to stop -- and not that any of you are trying to -- but

4  in order to stop the docket of this case from going into the

5  ten thousands, we can stop filing motions to be excused as

6  local counsel.  It's not going to be necessary and I will

7  address all of those matters as they need to be addressed.

8          So, as I noted already, the only issues that will

9  be heard next week at the hearing on the 15th will be the

10  four issues that were listed in the order that this Court

11  entered, which is ECF 3577, paragraphs 2(b), number (i)

12  through (iv).  All the other issues that any party has

13  raised, whether they're a party to the joint brief or the

14  non-joint brief Defendants, those issues will be scheduled

15  for some time in the future for a date to be determined.

16          Also, as I noted, there are two adversary

17  proceedings, at least, that it appears that have no issues

18  asserted in those briefs that are the four legal issues that

19  the parties asked this Court to entertain, that's 24-05163,

20  which is the adversary proceeding against Harcus Parker

21  Limited and 24-05219, Jason Miller.  I understand Jason

22  Miller signed onto the joint brief, but in the adversary

23  proceeding, the brief that was filed in support of the motion

24  to dismiss has nothing to do with the four issues that are

25  the common issues that are part of the order that set this

1  briefing and hearing schedule.  So I'll wait to hear from

2  those people, but I would certainly entertain those matters

3  being removed from the calendar for next week.

4         Also, Trustee Despins and your counsel, what I'm

5  going to need you to do both, for today and for purposes of

6  next week, is I understand that you filed a list, Exhibit A

7  and I think Exhibit B -- I'm not even sure; it was filed this

8  morning -- but, with regard to the parties to the joint brief

9  and then the Defendants in the non-joint brief adversary

10  proceedings that are set for hearing next week.  I'm going to

11  need your office to prepare a list of everyone who attended

12  today and all of you are going to be required to send an

13  email to the trustee and he's going to tell you, or someone

14  is going to tell you where that should be sent, of who you

15  are, whether you filed a notice of appearance, because many

16  parties that are in the mediation that not filed a notice of

17  appearance in the adversary proceedings, in their

18  corresponding adversary proceedings yet and you need to do

19  so.

20         It is not -- and filing a notice of appearance is

21  not going to start the clock running on anything while you're

22  in mediation.  But in order to have an accurate record for

23  this Court and for anyone who seeks a transcript of this

24  status conference and next week's hearing, we need to have a

25  list of attendees on today's hearing, who you represent; if

1  you filed a notice of appearance; what adversary proceeding

2  you are involved in.  All of that is going to need to be

3  prepared and then filed on the docket of this case because

4  it's going to need to be part of a transcript and also to

5  reflect, as I said, an accurate record in this case.

6          There are several parties in the joint brief that

7  have not filed an appearance yet.  They may have someone in

8  their firm that's filed an appearance, but they signed the

9  brief and didn't file an appearance.  You have to file a

10  notice of appearance; it's that simple.  Anyone that has

11  signed the brief and/or that is appearing today that has not

12  filed a notice of appearance, must file a notice of

13  appearance with regard to this situation and that is true of

14  next Thursday, as well.  I can look at a list and see that

15  there's at least 10, if not more, parties that have not filed

16  a notice of appearance with regard to the joint brief and

17  with regard to the other Defendants in the non-joint brief

18  adversary proceedings, they're in Adversary 24-05188, Weddle

19  Law.  There's no appearance filed on behalf of the lawyer,

20  the Law Offices of Richard Corby, so that needs to be done as

21  well.  And I know you'll all do that, I'm just making clear

22  that that needs to occur so that the record is accurate.

23          With regard to how the matter will proceed next

24  week, we're going to talk about that, obviously.  But the

25  only thing I'm going to hear are the four issues and those

1 four issues will be argued by the joint brief Defendants by

2 one or possibly more than one lawyer and we'll talk about

3 that. Those arguments will be advanced first and will apply

4 to all of the adversary proceedings and then the trustee will

5 respond.

6 With regard to the non-joint brief Defendants and

7 what arguments they can advance, they can advance possibly --

8 I will allow -- and when I look at the non-joint Defendants,

9 there are essentially, at this point, five to six lawyers who

10 could possibly make an argument on behalf of the non-joint

11 Defendants and those parties will not -- I will not allow a

12 regurgitation of the arguments, but I will allow you to make

13 some form of a statement, but you're going to have a time

14 limit, as will the parties that make the arguments on behalf

15 of the joint Defendants that have signed on to the brief.

16 But right now, I see that with regard to the non-

17 joint brief Defendants, there are six, at the most, lawyers

18 that would be making an argument and two of those might even

19 drop out, given what I've said today that I see no issues in

20 the briefs in their support of their motion to dismiss that

21 are the same, one or all of the four joint issues that this

22 Court agreed to allow the parties to brief as legal issues.

23 Let me just see if there's anything else I wanted

24 to say before -- oh, yes, the last thing I'll say, then I'll

25 talk to the trustee and then I'll hear from others, is that

1  who is going to argue the issues and on what issue they're

2  going to argue, assuming I let more than one person argue,

3  needs to be identified to the trustee by this Friday,

4  the 10th.  And then the trustee and those people must file a

5  list of those people on the docket of the case by

6  January 13th.

7          So, Trustee Despins, you requested this status

8  conference.  The status conference request was granted.  As I

9  said, I attempted -- I think I -- I mean, I read your status

10 report this morning and I see -- I know Attorney Sklarz filed

11 one shortly before this hearing.  I didn't read it

12 thoroughly, but I understand, as for the non-joint brief

13 Defendants he's representing, he filed a report.

14         I will turn first to you, Trustee Despins, and ask

15 you what are your thoughts on what I've just said and what

16 other thoughts, if any, do you want the Court to address in

17 connection with how the hearing will proceed next week on

18 the 15th with regard to the joint brief legal issues.

19         MR. DESPINS:  Thank you, Your Honor, and good

20 afternoon.  I will turn the mic over to Mr. Bassett in one

21 second, but just to deal with the procedural issue you

22 raised, which is that people on this call should email

23 someone representing the trustee.  To make things easy, you

24 know, for the participants on this hearing, Mr. Patrick

25 Linsey sent an email to all of the joint Defendants and also

1   the other Defendants at 8:14 this morning.  If you could just

2   respond to that, that's the best way to communicate to us who

3   was on this call.

4          If you did not receive that email this morning

5   at 8:14 or so, then you can email Mr. Linsey directly.  But

6   with that technical issue, Your Honor, I will turn it over to

7   Mr. Bassett to address the Court.

8          THE COURT:  Before we turn it over to Mr. Bassett,

9   with regard to everyone sending an email to Attorney Linsey,

10  whether it be a reply email or a new email, you need to --

11  that email has to have the following information:  your name,

12  who you represent, what adversary proceeding you represent

13  that party in, and whether or not you've filed a notice of

14  appearance, and your firm's full name, address, email,

15  everything that you would put on a pleading that would look

16  like a notice of appearance, as required by the District

17  Court Rules and our Local Rules.  Just to be clear, it's not

18  just I represent -- and I'm not saying you would say this,

19  I'm just making an example -- it's not, "I represent the

20  Smith Company."  It's, "I represent the Smith Company in

21  adversary whatever it is.  I have filed a notice of

22  appearance.  I have not filed a notice of appearance.  This

23  is my entire firm's name, address, phone number, email

24  address," okay?  Just to be clear about that, that's the

25  information that needs to be provided.

1        And then, Trustee Despins, your office will have

2   to file that information on the docket so that it will be

3   part of an accurate record of today's status conference,

4   okay?

5        MR. DESPINS:  Will do, Your Honor.

6        And I will now turn it over to Mr. Bassett.

7        THE COURT:  Thank you.

8        Okay.  Attorney Bassett?

9        MR. BASSETT:  Yes, good afternoon, Your Honor.

10        And for the record, Nick Bassett from Paul

11   Hastings, on behalf of the Chapter 11 Trustee.

12        Your Honor's comments at the outset of the

13   conference today were quite helpful because I think it takes

14   care of a lot of what I was planning to address and what we

15   had addressed in the status report that we filed this

16   morning, and by the way, we apologize for not getting that on

17   file earlier.  We were having some ECF issues yesterday.

18        In that status report, Your Honor, essentially, we

19   walked through sort of where things stand with the various

20   parties whose motions are set for hearing next week and then

21   we proposed proceeding, effectively, in the manner in which

22   Your Honor has just instructed, which is to have a hearing

23   next Wednesday only on the issues raised in the joint

24   briefing, with the parties who are not part of the joint

25   briefing being able to be heard on those same issues, subject

1   to there being an efficient process for presenting argument

2   where there's not duplication and only a limit number of

3   counsel are able to be heard.  So I think we have all sort of

4   arrived at the same place, which, as Your Honor noted, I

5   think, is fully consistent with the September 25th order that

6   the Court entered describing the process for the joint

7   briefing and how that sort of overlaps with the other motions

8   to dismiss that were pending at that time and that are now

9   also set for hearing next week.

10          A couple of issues, Your Honor, that I wanted to

11  point out.  If you look at our joint status report, again,

12  the one that we filed this morning, it's at ECF 3943, what we

13  articulated -- and this is in -- this is on the second page

14  of our status report -- we endeavored to articulate the joint

15  issues raised by the briefing in our first full paragraph on

16  that page.  And what you may note is that the articulation of

17  those issues is slightly different from how they were set

18  forth in the Court's September 25th order.

19          The reason for that, Your Honor, is that, in our

20  view, the issues, as set forth in the Court's September 25th

21  order were kind of, I guess I would describe them as the kind

22  of summary of the issue that would be raised in the joint

23  briefing.  And then when the joint briefing Defendants

24  actually submitted their brief, they ended up articulating

25  their specific arguments and legal theories related to those

1  issues in a particular way.  And, therefore, it's -- and,

2  basically, what we have identified on page 2 of our status

3  report is really the way that we understand the joint

4  briefing Defendants to have articulated their issues and it

5  really sort of tracks the table of contents of their joint

6  motion to dismiss.

7           And then what we have further done, Your Honor, in

8  our status report in Exhibit A, is we listed all of the other

9  motions to dismiss, separate from the joint briefing and the

10  issues that those joint briefs raise.  Many of them, as Your

11  Honor noted, do raise issues that overlap with the issues

12  raised by the joint briefing, as we have articulated those

13  issues in our status report, but almost all of them also

14  raise other issues that are different and fall outside of

15  those issues.

16          So the only -- what all this means and the

17  relevance of what I'm saying, Your Honor, is I think that the

18  one issue that we all need to be clear on is for all of the

19  non-joint movants, we need to be clear which of the issues

20  raised in their motions to dismiss are actually consistent

21  with and the same as the issues raised in the joint briefing

22  because I don't want -- I don't think the Court would want a

23  scenario where, you know, based on the joint briefing, we all

24  understand the issues to be A, B, C, and D, but a joint

25  movant may have sort of articulated its theory related to an

1  issue in a much different way and if so, that could greatly

2  expand, I think, the scope of next week's hearing and lead to

3  the kind of messiness that we're all trying to avoid.

4         So, again, what we endeavored to do in Exhibit A

5  to our status report is identify more precisely by looking at

6  each motion to dismiss, which of the issues in that motion to

7  dismiss are overlapping with the joint briefing and,

8  therefore, should be heard next week and which of those fall

9  outside of it.  And I think it may be important to have that

10 Exhibit A to our status report as a guide just so we are all,

11 again, on the same page as to specifically what issues raised

12 in the non-joint motions to dismiss will be subject to

13 argument next week.

14        The other issue I wanted to identify, Your Honor,

15 is that certain of the non-joint movants are parties who

16 partially stayed avoidance actions.  And as the Court will

17 recall those partially-stayed avoidance actions are actions

18 that involve some transferor entities, alleged alter-ego

19 entities that are subject to the ongoing omnibus alter-ego

20 litigation and as to which the Court has entered a partial

21 stay, which has not been lifted.

22        So the reason I raise that is because some of the

23 movants in their motions to dismiss have raised legal

24 arguments, which may overlap with the joint briefing issues,

25 such as, you know, retroactivity of the alter-ego ruling,

1  whether or not the alter-ego ruling or alter-ego release is

2  available to the trustee under applicable law.  But they have

3  often raised that issue as to not only the non-stayed

4  entities at issue in their complaint, but also the partially-

5  stayed entities at issue in their complaint.

6          Now, it's argued that they should not have even

7  raised those issues because they were stayed, but I just want

8  to be clear that for purposes of next week's hearing, when

9  those other Defendants are offering argument as to joint

10 issues, they can only do so as those issues apply to non-

11 stayed entities in their complaint and not the partially

12 stayed ones.

13         So those are the kind of two caveats or

14 clarifications that I would offer that I think for everyone's

15 benefit, probably need to be resolved as part of today's

16 status conference.

17         I'm happy to answer any questions.

18         THE COURT:  Well, with regard to the first issue

19 that you raised, that the manner or the wording of the issues

20 that you see as the joint brief issues, obviously, I looked

21 at this today.  I haven't thought about it very much, but I

22 can tell you, I do see that it's different.  It's worded

23 differently than the way the order setting forth the briefing

24 schedule listed the common issues, number one.

25         Number two, as I said back during our hearing in

1   September, when we -- I'm looking at some of the wording and

2   some of the things that we've talked about.  What I agreed to

3   do was to address purely legal issues, that's it.  And

4   whether anybody wants to recharacterize or restate the

5   issues, that's your prerogative, but I'm going to decide the

6   four issues that I said I was going to decide in the manner

7   in which I said it would be decided, meaning the four issues

8   that were raised are the four issues that are going to be

9   decided.

10          So, whether or not someone has evolved an argument

11   based upon their agreement as to what the four issues would

12   be, may or may not be addressed by the Court.  I'm addressing

13   the four issues only that have been argued to be legal issues

14   that the Court can determine as a matter of law.  I'm not

15   doing anything more than that.

16          Does anyone have any questions -- well, I'm not

17   going to open it up to 40 people.  I've already said all

18   this.  I've already said it.  I said it during the hearing on

19   the 24th.  I said it in the order.  That's where we are.

20          And all the non-joint brief Defendants who are on

21   the calendar asked specifically to be part of this process

22   because they claimed that their due process rights would be

23   violated if they weren't part of this process where these

24   joint brief issues would be decided.  So the issues are clear

25   in the Court's eyes and those are the issues that I'm

1  determining.

2          Do you have any response, Attorney Bassett?

3          MR. BASSETT:  Your Honor, I understand the Court's

4  order loud and clear.  I understand how the Court wants to

5  proceed.

6          Just to help put an example on it to understand

7  why we had kind of recast the issues in the way that we did,

8  if you look at, for example, the second issue in the

9  September 25th order, which is whether applicable law allows

10  for a reverse veil-piercing in your alter-ego determinations,

11  one way that that issue had been argued in the joint briefing

12  is, you know, the trustee's view, of course, is that the

13  Court has already decided this issue on numerous prior

14  occasions and that the Court's prior rulings about the

15  applicability of reverse veil-piercing and alter-ego are law

16  of the case, right.

17          And so the joint briefing Defendants have argued

18  in their motion to dismiss that the law of the case doctrine

19  is inapplicable.  So that is a way in which the joint

20  briefing Defendants have articulated that argument and it's a

21  sort of sub-issue, I would call it in that argument.

22          THE COURT:  Well, and if that's how they've

23  articulated it, then I will address that articulation

24  appropriately.

25          MR. BASSETT:  Understood, Your Honor.

1     THE COURT:  But that's not the issue that they all

2  agreed that was going to be briefed.  So if someone is

3  arguing something separate from the four issues that the

4  Court agreed to hear upon the agreement of the parties, as

5  presented by the parties at a hearing on September 24th --

6  and I talked about this at that time and I said, you know,

7  you're trying, and I understand, to promote judicial economy,

8  but we're not promoting judicial economy when we're raising

9  factual issues and issues that are not purely legal issues.

10  And if parties want to make that presentation, they're

11  entitled to do so, but whether or not that will be

12  successful, they'll see.

13     I am not -- I was very clear.  I don't think I

14  could have been more clear on September 24th that I thought

15  these issues that the parties wanted to bring forth to the

16  Court had -- I wasn't sure they were purely legal issues, but

17  I allowed it to happen.  If the parties are going to go off

18  course, then the likelihood is they're not going to get a

19  ruling on that issue.

20     I will said, these are the four issues that I'll

21  ruling on.  That's it.  It's in an order.  So it's that

22  simple.

23     MR. BASSETT:  Understood, Your Honor.  Understood.

24     THE COURT:  If the parties don't want to be part

25  of it and they want to withdraw and they want to proceed

1    their own way, they're welcome to do so.

2           But, you know, everyone came to this Court with,

3    supposedly, an agreement as to how we were going to proceed

4    on these issues and that's how we are proceeding.

5           MR. BASSETT:  Understood, Your Honor.

6           So we'll be prepared at next week's hearing to

7    argue the issues as set out in the Court's September 25th

8    order.  To the extent parties raise issues that fall outside

9    of that, you know, we are not going to be prepared to address

10   those issues because they are not within the scope of the

11   hearing.

12          And just to be clear, for the avoidance of doubt,

13   we absolutely agree with Your Honor that some, if not all, of

14   the issues that have been raised are factual issues that are

15   not appropriate for resolution on a motion to dismiss or

16   otherwise that now will be part of our response to the

17   arguments.

18          But we understand the Court's order and we will be

19   prepared to proceed accordingly on the 15th.

20          THE COURT:  Okay.  Thank you.

21          Now, did you discuss -- Attorney Goldstein

22   happened to be the person who had the pleasure of making the

23   argument during the September 24th hearing.  Did, Attorney

24   Bassett and Attorney Goldstein, have you discussed who's

25   going to be making these arguments and what arguments are

1   going to be made?  I saw that there was a suggestion that

2   there might be three people making the arguments on behalf of

3   the issues in the joint brief, although, there are four,

4   which is fine.  I mean, I just want to know, has there been

5   any discussion with regard to who's making the arguments and

6   if not -- I'll turn to you, Attorney Goldstein, since you

7   were the person who made the arguments on behalf of all the

8   parties at the last hearing -- I know you were asked to do

9   so -- and ask you what your proposal is, if there isn't

10  already some type of discussion you've had with Attorney

11  Bassett or someone representing the trustee.

12          MR. BASSETT:  So, Your Honor, I'll respond to that

13  first.  We have generally discussed with counsel for the

14  joint movants, their proposal that three separate counsel

15  divide up and argue the issues in the joint briefing.  We

16  told them that we didn't conceptually have a problem with

17  that, necessarily, subject to them telling us who those

18  attorneys are and which particular issues they intend to

19  argue.  We have not heard a response to that, so I think that

20  goes directly to Your Honor's question and then I would

21  assume that Attorney Goldstein or another member of the joint

22  group could answer that question.

23          MR. GOLDSTEIN:  Good afternoon, Your Honor.

24          The -- yes, so we had reached out to Attorney

25  Bassett and Attorney Linsey.  The joint defense group, the

1  30-some of us had mutual conversations about how to organize

2  the oral argument and the thinking that we'd have no more

3  than three, I think it would be a combination of myself,

4  Brian Peterson, who I think should be on this conference --

5  he's the lawyer for Amazon from the K&L Gates firm -- and

6  Scott Charmoy, who's another lawyer for one of the joint

7  Defendants.

8          We have -- it's a little fluid yet on who's going

9  to be doing what, but what we had talked about with Attorney

10 Linsey and Attorney Bassett is that each person would have a

11 discrete, particular legal issue and that's how we were going

12 to approach the hearing and how we'd work that among the 30-

13 some joint Defendants.

14         THE COURT:  But one of you would have two issues,

15 then; is that correct?  There are four.

16         MR. GOLDSTEIN:  Right.  So there would be -- one

17 of -- we would each take one or more issues and that's kind

18 of how we would approach it.  You know, when we were looking

19 at it, Your Honor, we were looking kind of at our table of

20 contents of the brief and that's how we were thinking about

21 it.  But, yes, fitting it within those four, one of us would

22 probably be taking two of those issues and then the other two

23 would be taking one.

24         But we'd be -- I think Your Honor said, and I want

25 to make sure I got it right -- that we would be sending a

1  note to the trustee's counsel by Friday, again, defining who

2  would be making those arguments and on what issue.  I just

3  want to make sure I have that right in my notes.

4          THE COURT:  Yes, you do.

5          MR. GOLDSTEIN:  Okay.

6          THE COURT:  And I'm going to impose time limits,

7  as well, on both, the presentations of the four issues and

8  the trustee's reply, and also time limits on any of the six

9  counsel, if there even still will be six at that point, who

10 represent the non-joint brief Defendants, as well.

11          So, I will say that the likelihood is that -- and

12 I'm going to stick to time limits -- that there will be a 15-

13 minute time limit for each issue and then the trustee will

14 have a half-an-hour response, with regard to the joint brief

15 issues.

16          With regard to the Defendants who are the non-

17 joint brief Defendants, you'll have 10 minutes, one lawyer

18 for each.  It'll be, for example, you know -- and I know,

19 Attorney Sklarz, you filed something today and as I've said,

20 I haven't really had a chance to look at it very much, but I

21 know you filed something.  My review --

22          MR. SKLARZ:  Your Honor, if I want me to summarize

23 it --

24          THE COURT:  Yeah, hold on one second, Attorney

25 Sklarz.

1              My review of the matters on the calendar for next

2    week that are not joint brief Defendants, you represent the

3    Defendants in one, two, three, four, five, six, seven, eight

4    of those adversary proceedings.  And then ArentFox represents

5    two Defendants in two adversary proceedings.  Then another

6    firm represents Liberty Jet Management.  Another firm, Clyde,

7    represents Harcus Parker, which maybe they're going to not be

8    part of this, given what I've said today, but we'll see.

9    Zeisler & Zeisler represents itself in its adversary

10   proceeding.  And Attorney Hellman represents Mr. Miller in

11   that adversary proceeding; although, again, Mr. Miller joined

12   the joint brief, but doesn't raise any issues that I can see

13   in the motion to dismiss that are the four issues that the

14   Court is going to hear next week.  So that's six lawyers.

15             So, if we -- and I would give the trustee, also,

16   an ability to respond to those arguments, since they are

17   somewhat different -- but they're in the different, actually.

18   I actually think that's not right what I just said, so let me

19   correct that.

20             What I'm going to do is 15 minutes for each one of

21   the four issues by the parties to the joint brief, 10 minutes

22   to each one of those groups of lawyers I just -- there's six,

23   that's it -- 10 minutes for those, and then I will give the

24   trustee half an hour to respond, and that's going to be the

25   hearing.

 1          So, does anybody have any questions?

 2          MR. LUCKMAN:  Your Honor?

 3          THE COURT:  Attorney Sklarz?

 4          Who was that, that just spoke?

 5          MR. LUCKMAN:  Oh, no, Your Honor.  It's Gerard

 6  Luckman for Liberty Jet.

 7          We do not intend to argue on the 15th, but I would

 8  like to have one of my colleagues be able to monitor the

 9  hearing.

10          THE COURT:  Sure.  Well, it's in person, so they

11  can come and listen.

12          MR. LUCKMAN:  Thank you.

13          THE COURT:  Thank you.

14          But you will not be arguing, so thank you.  Do you

15  have an appearance in the case, Counsel?

16          MR. LUCKMAN:  I -- my firm has -- I have an

17  appearance for both me and my partners, but we would hope to

18  be able to send someone that's maybe not admitted to monitor.

19  Not admitted in Connecticut, but just to monitor --

20          THE COURT:  Well, it's a public hearing, so

21  anybody can come in and listen.

22          MR. LUCKMAN:  Thank you, Your Honor.

23          THE COURT:  So I'll take Liberty Jet off, so now

24  we're down to 50 minutes, because each of you will get 10.  I

25  don't know about counsel for -- I don't know if counsel for

 1  Harcus Parker is on the call today.  Is anyone from Harcus

 2  Parker on the call?

 3          MR. NETBURN:  I am, Your Honor.  My name is Peter

 4  Netburn.  I represent Harcus Parker.

 5          Given what the Court has said the issues that will

 6  be addressed next week are, I will not be arguing.

 7          THE COURT:  Okay.  Thank you.

 8          Then, I'm going to take that matter off the

 9  calendar, as well.  And, obviously, you're welcome to attend

10  the hearing or have someone else attend the hearing, but I'm

11  going to remove that adversary proceeding off the calendar,

12  as well, okay?

13          MR. NETBURN:  Thank you, Your Honor.

14          THE COURT:  Thank you.

15          Hellman -- is Attorney Hellman here?

16          MR. SKLARZ:  Your Honor, he's not.

17          I spoke with Attorney Hellman.  He has -- I

18  believe he had to be elsewhere, but he is not here.

19          THE COURT:  Okay.  Well, I may not allow him to

20  argue next week on the issue, other than he already joined

21  the joint brief, so maybe someone can pass that along to him.

22          MR. SKLARZ:  I believe his intention was not to

23  argue.  I think he only raised an issue not within the

24  four --

25          THE COURT:  Okay.

1          MR. SKLARZ:  -- and I just need to let him know.

2          MR. LINSEY:  That's what Mr. Hellman said to me

3   yesterday and he said that he had had a death in his

4   family --

5          THE COURT:  Okay.

6          MR. LINSEY:  -- and he was unable to attend today

7   for that reason, so I just wanted to pass that information

8   on.

9          THE COURT:  Attorney Linsey, let's just -- and

10  Attorney Sklarz, I'm sorry, since we're on Zoom, we have to

11  say who's speaking so the recording picks it up.

12         So, Attorney Linsey, you were saying what?

13         MR. LINSEY:  I had spoken with Attorney Hellman

14  yesterday and he had said the same to me that Mr. Sklarz

15  reported.  He also had mentioned that he had a death in his

16  family and a wake to attend today, so he would not be able to

17  be on the hearing.

18         THE COURT:  Okay.  Well, I'm sorry to hear that,

19  but I will, given what you've said, both you, Attorney

20  Linsey, and Attorney Sklarz, I will remove that adversary

21  proceeding from the calendar for next week and will not

22  allow -- allot, excuse me, time for argument on that

23  adversary proceeding.

24         So, then, that only leaves three lawyers that will

25  argue after the joint brief argument and that would be

1    Attorney Sklarz on behalf of all of the Defendants he

2    represents in the adversary proceedings that are on the

3    calendar.

4            Is counsel -- is ArentFox on the hearing today?

5            MR. YAN:  Good afternoon, Your Honor.

6            This is Jin Yan from ArentFox, on behalf of Meta

7    and Apple.

8            THE COURT:  Good afternoon.

9            MR. YAN:  I just wanted to (indiscernible) to two

10   clarifying issues, Your Honor.  First of all, we are not

11   parties to the joint brief.

12           THE COURT:  I know that.

13           MR. YAN:  Your order at -- okay.

14           And the other -- so I don't think, you know, to

15   the extent that (indiscernible) raised the issues in the

16   Defendants' brief, I'm not sure that some of our arguments

17   would pertain to that, particularly, the non-joint issues.

18           The other point that we wanted to raise, just for

19   purposes of clarifying the record, is that Your Honor had

20   entered orders in the -- and our respective adversary

21   proceedings indicate that our motions would go forward and

22   there wasn't any language about, you know, that those would

23   go forward, only with respect to issues that overlap with the

24   issues made by the joint Defendants.

25           So we just want a clarification as to whether Your

1   Honor is going to, you know, revise this to say that we're

2   not going forward at all or are we only going forward on

3   certain issues?

4           THE COURT:  Well, Counsel, thank you for your

5   questions.

6           The issues are as follows:  you and others were at

7   prior hearings -- I believe you were there -- with regard to

8   the joint brief issues and the issues that you and other

9   Defendants raised that were non-joint brief Defendants were

10  that somehow your due process rights, your clients' due

11  process rights are going to be violated if the Court did not

12  at least hear the motions to dismiss at the same time because

13  they're the same issues.  So your motion was set for hearing

14  because you had filed that motion.  It was already -- and you

15  had argued it, as did other lawyers, that there'd be a due

16  process concern on behalf of your clients.

17          What I did say already today, and I will say, if

18  necessary in another order, but I don't think that it is

19  necessary, is that your issues will be decided in the

20  ordinary course of business.  As you know, Counsel, there are

21  almost 300 adversary proceedings and we're going to have to

22  address those in the best way that we can, as far as case

23  management is concerned.  And what we've been trying to do is

24  do that.

25          The trustee has made proposals, with regard to

1  mediation, partially-stayed, fully-stayed, all different

2  kinds of issues.  Those matters have been brought forth in

3  every adversary proceeding and you've had an opportunity to

4  respond to any and all of the procedures and processes that

5  have been put in place in connection with the case management

6  of these adversary proceedings.

7          So, if you're saying -- are you saying you don't

8  want to participate in the hearing next week?

9          MR. ANGELICH:  Your Honor, this is George Angelich

10  of ArentFox.  I'm here alongside my colleague Jin Yan, for

11  both, Apple and Meta.

12          To be clear, Your Honor, we're not saying we don't

13  want to participate next week.  We do.  What we are simply

14  saying, however, is this is a matter for -- I think that is

15  important enough that we clarify precisely the orders that

16  govern Apple and Meta and which orders govern the joint

17  Defendants.

18          The joint Defendants are governed by two orders

19  concerning the January 15th -- at least two -- and those are

20  docket entries 35 (audio interference) as well as 3577 --

21          THE COURT:  You're cutting out, Counsel.  You've

22  cut out, Counsel.  You'll have to say that again.

23          Docket number what?

24          MR. ANGELICH:  Sorry, Your Honor.

25          3587 and 3577 govern the joint Defendants.  They

1   do not govern Apple or Meta.  Apple and Meta, however, are

2   governed by the Docket Entry orders 38 and 63, okay, and I'll

3   elaborate in a moment.  63 is the docket entry applicable on

4   the Apple docket and 38 is the docket entry on the Meta

5   docket.  Those two docket entries on the Meta and Apple

6   adversary proceedings are identical.  They make no mention of

7   the joint Defendants' briefing.  They make no motion of any

8   of the issues that are limited and defined to the joint

9   Defendants.

10          Apple and Meta did not appear at the

11   September 24th conference.

12          THE COURT:  Are you sure about that?  I thought

13   Mr. Yan was there?

14          MR. ANGELICH:  We were not, Your Honor.  We

15   observed, but we did not enter an appearance.  We did not

16   speak.  We did not take any positions.  We are not part of

17   the joint Defendants group and we have taken great care --

18          THE COURT:  I understand that you're not part of

19   the joint Defendants group.  That's not what -- I understand

20   that, Counsel.  I have no problem understanding that.

21          MR. ANGELICH:  Thank you.

22          THE COURT:  What I'm saying is Mr. Yan was at the

23   September 24th conference, because --

24          MR. ANGELICH:  He was not, Your Honor.

25          THE COURT:  -- every Defendant in every adversary

1  proceeding got notice of it.  Every Defendant --

2           MR. ANGELICH:  Your Honor --

3           THE COURT:  Hold on a second, Counsel.

4           Every Defendant in every adversary proceeding got

5  notice of that hearing and Mr. Yan was there.  And whether

6  you decided not to raise an issue, that's your decision.

7           If you're saying you want a different order in

8  this, then file something in your adversary proceeding.

9           MR. ANGELICH:  We do have (audio interference).

10          First, Your Honor, if I may, thank you for that,

11 Your Honor.  I appreciate your explanation.

12          Mr. Yan was not at that hearing.  He did not

13 appear.  He did not attend.  He did not speak.  He is not --

14 we are not authorized to be part of the joint Defendants

15 group.

16          The orders that Your Honor entered that are

17 applicable to Apple to Meta are on the Apple and Meta

18 dockets.

19          THE COURT:  I understand.  Then, why don't you

20 file something else if you'd like a clarifying order.

21          If you don't want to be part of the hearing -- you

22 just said you don't want to be part of the hearing, but you

23 do want to be part of the hearing.  So, what is it, do you

24 want to be part of the hearing or not?

25          MR. ANGELICH:  Your Honor, I'm not saying that we

1  don't want to be part of the hearing.  What I'm trying to get

2  to, Your Honor, I'm simply laying what I think is

3  unassailable, the facts, as they've been stated on the

4  dockets.

5           And so, if I may get to the point, and I'm going

6  to try to get there as quickly as I can.  Your Honor, the

7  current procedural posture for Apple and Meta is that all

8  issues in our motions to dismiss are scheduled to go forward

9  on January 15th.  What I have heard today is very different

10  from what the actual dockets and the records state and I'm a

11  little concerned, Your Honor, that we're kind of losing, you

12  know, sort of focus on our clients who actually have all

13  issues in their motions to dismiss currently scheduled to go

14  forward on January 15th.  That is what Your Honor has ordered

15  and we are prepared to go forward on all issues, on behalf of

16  Meta and Apple, that are in our motions to dismiss.

17           If Your Honor is asking that we, today, agree that

18  you will order that something different happens, that's fine,

19  but as of right now, the record is clear.  All issues on our

20  motions to dismiss are scheduled to proceed on January 15th.

21  We're happy to modify that.  We want to work with Your Honor.

22  We're prepared to work with the trustee.

23           But the current procedural posture is that Apple

24  and Meta are not bound by the definition of the issues that

25  are scheduled for January 15th at all.  We have our own

1  motion and our issues, as they're articulated in our motions,

2  and those are teed up for January 15th.

3          If Your Honor is saying that our motions are going

4  to be adjourned to another day, I'm happy to hear that.  I'm

5  willing to work with the parties.  I'm willing to work with

6  the Court to proceed in a logical, economic, and efficient

7  manner.  But to say that we are part of this group or we are

8  part of the issues is not accurate.

9          THE COURT:  Okay.  I hear you, Counsel.

10          Attorney Bassett, do you have any response?

11          MR. BASSETT:  Just to note, Your Honor, that I --

12  well, first of all, I think the Court had already, and to my

13  understanding, at least, clearly addressed all the issues

14  that counsel is raising by, I think, stating pretty clearly

15  that the way this is going to proceed is to the extent

16  parties had raised or joined in joint briefing issues, those

17  issues will be heard next week; the others will not and we

18  will address a time for hearing those issues in due course,

19  including, with respect to the Apple and Meta.

20          The other thing I wanted to note, and my colleague

21  Attorney Linsey can keep me honest here, but I believe -- and

22  I'm not sure if Counsel had noted this or not just now, but I

23  believe that Apple and Meta had expressly joined in all of

24  the arguments raised in the joint briefing.  So, certainly,

25  as to those issues, their opportunity to be heard would be

1  next week.

2          MR. ANGELICH:  Your Honor, we're happy to

3  participate at next week's hearing and speak on issues if

4  that is what I'm hearing Mr. Bassett suggest that we should

5  do, but that is not what the record states so far.

6          And to the broader point that the other parties

7  that have matters on for January 15th should somehow be

8  restricted or limited, I'm simply raising the broader point,

9  Your Honor, that from a procedural standpoint, we need some

10  clarification.  And I think, you know, if Your Honor wants to

11  go forward on the limited issues, as you've defined them,

12  that's fine, but they are not binding on us.

13          THE COURT:  I didn't define them, Counsel.  I

14  didn't define them.  The joint brief Defendants defined them.

15  I did not define them.

16          MR. ANGELICH:  Understood, Your Honor.

17          The order that you entered defines them; that's

18  your order, Your Honor.

19          THE COURT:  No, that's their definition, though,

20  Counsel.  That is the -- would you like to read the

21  transcript of the hearing?  Those are the exact words that

22  were set forth during the hearing by counsel.  I didn't

23  define them.  I said that these are the agreed issues to be

24  decided, Counsel.

25          So, please, if you want to be accurate about the

 1   record, please don't put words in my mouth.  Those are the

 2   issues --

 3           MR. ANGELICH:  I would never do such a thing.

 4           THE COURT:  Okay.

 5           MR. ANGELICH:  I apologize, Your Honor, if that --

 6   if it came across that way.

 7           I'm simply looking at Your Honor's order and that

 8   is the extent of it.

 9           THE COURT:  So, let's do this.  I understand what

10   your point is, okay.  I have recognizes of Mr. Yan saying

11   that they were going to be bound by this.  Maybe I'm wrong.

12   Could be.  Let's, as I said at the beginning of the hearing,

13   what are we up to, 4,000 docket entries in the main case

14   and 300 adversary proceedings?  I don't think anyone can keep

15   this completely straight, Counsel, so we're trying very hard

16   to do that.

17           MR. ANGELICH:  Absolutely.

18           THE COURT:  If you feel that your, your two

19   adversary proceedings are not procedurally accurate, then

20   file a motion or a proposed order.

21           There was a request for a status conference filed

22   in both of these adversary proceedings on December 20 and you

23   didn't file any response to that, Counsel, nothing.  So --

24           MR. ANGELICH:  Your Honor, I'm sorry.  I must have

25   misunderstood.

1          The status conference request and then the

2    subsequent report that was filed, I heard you say at the

3    outset of this hearing that, you know, filing more things in

4    connection with that hearing is not necessary for

5    January 15th.

6          THE COURT:  I said filing requests to be excused

7    as local counsel was not necessary, Counsel; that's what I

8    said.

9          MR. ANGELICH:  My apologies, Your Honor.

10         Again, I thought you made a broader statement

11   immediately preceding that, where you actually mentioned the

12   filings, with respect to local counsel.

13         Here's what I'm driving at, Judge.  We want to be

14   cooperative.  We want to be helpful.  We want to make sure

15   that this hearing goes off in a way that it has as little

16   secondary issues as possible.

17         The things that I heard today explained by

18   Mr. Bassett, some of them are just wrong.  Some of the things

19   that were presented to you this morning, just mere hours

20   before today's status conference, defining issues are

21   completely incorrect and we object to the definitions being

22   used and the descriptions of issues, with respect to Meta and

23   Apple, and perhaps others would like to object.

24         THE COURT:  How can you object if you're not bound

25   by it, Counsel?

1          MR. ANGELICH:  Your Honor --

2          THE COURT:  You just argued you're not bound by

3    it.

4          So, what is it --

5          MR. ANGELICH:  Your Honor --

6          THE COURT:  -- what do you want to do?  Do you

7    want to be part of this or not?  If you don't, that's fine.

8    It doesn't matter to the Court either way, okay, but don't

9    make an argument that you're not bound and then object to the

10   framing of the issues, which, by the way, I've already said

11   the issues are what I said the issues are because that's what

12   the parties have presented.

13         So, what, Counsel, do you want to do?

14         MR. ANGELICH:  I'm talking about the issues where

15   they say they are not the issues for hearing next week.  I'm

16   talking about the issues where they are --

17         THE COURT:  Oh, okay.

18         MR. ANGELICH:  -- describing for Your Honor --

19         THE COURT:  You're talking about exhibit --

20         MR. ANGELICH:  -- the secondary issues -- exactly,

21   Your Honor -- that I had thought -- and, obviously, things

22   are moving very quickly today and Your Honor is trying to get

23   through a lot of topics, but to the extent that those

24   definitions are Mr. Bassett described, which he referred back

25   to the status report in support of his description of those

1  issues, I think a lot of people would probably take issue

2  with how --

3          THE COURT:  Well, they might.  And you might be

4  right, Counsel --

5          MR. ANGELICH:  -- he's described the non-joint

6  issues.

7          THE COURT:  -- but let's cut to the chase.  I'm

8  not hearing those anyway, I've already said that, so you

9  don't have to worry, right.  Those issues are reserved for

10 another day and you can argue all you -- both of you can

11 argue about what the issues are and what the issues aren't.

12         The only issues I am deciding are the four issues

13 that came before the Court on September 24th on

14 representations and agreements by parties that are in

15 mediation that wanted to have certain legal issues decided

16 during the course of the mediation.

17         The other parties who filed motions to dismiss and

18 motions for judgment on the pleadings, then said that they

19 wanted to be heard as well, because it would impact their due

20 process rights.

21         If Your Honor clients are saying -- and they're

22 absolutely entitled to say so -- that they're not bound by

23 the joint brief and they don't want to be, that's fine; we

24 can deal with it completely separately.  I have no problem

25 and do -- and it doesn't matter one way or another, but I

1   need to know what you want to do.

2          Do you want to be part of the hearing or not?  If

3   you're not, no problem; we'll schedule your hearings on your

4   motions to dismiss at another date and time and you can file

5   whatever motions or proposed orders or whatever you think is

6   appropriate in your respective adversary proceedings.

7          MR. ANGELICH:  Thank you, Judge.

8          There's one thing that I just want to clarify

9   about what you just said and that is Your Honor said that

10  folks wanted to join in the briefing because they didn't want

11  to have their rights prejudiced.

12         THE COURT:  No, that's not what I said, Counsel.

13         MR. ANGELICH:  Apple and Meta filed their

14  motions --

15         THE COURT:  Counsel, stop.

16         You keep pointing -- you're not listening to what

17  I'm saying.  I didn't say Counsel wanted to join in the

18  briefing because they didn't want their rights prejudiced.  I

19  said the other motions to dismiss of the parties who are not

20  in mediation and who did not join the joint brief said they

21  wanted to be part of the hearing on the joint brief because

22  they believed their due process rights would be violated if

23  they weren't allowed to make some kind of argument with

24  regard to those four issues that the joint brief Defendants

25  were making.  That's what I said.

1          MR. ANGELICH:  Okay.  Thank you, Your Honor.

2          And Apple and Meta's motions to dismiss were filed

3  long before the joint Defendants came forward.

4          THE COURT:  I know that.  I know that, Counsel.

5  I've paid attention.

6          MR. ANGELICH:  Your Honor, we're going to have to

7  talk to our --

8          THE COURT:  You still haven't answered my

9  question.

10          What do you want to do?

11          MR. ANGELICH:  Your Honor, we'll have to speak to

12  our client as to whether we want to go forward on

13  January 15th or not.

14          THE COURT:  All right.  Well, I need to know by

15  January 13th.  You need to file --

16          MR. ANGELICH:  We will.

17          THE COURT:  -- something in your adversary

18  proceedings as to whether or not you want your motions to

19  dismiss -- well, I don't know if you want them.

20          I'm not going to address the issues that aren't

21  the four issues, so let's just be clear about that.  So,

22  then, you decide how you want to proceed, okay?

23          MR. ANGELICH:  Thank you, Your Honor.

24          And my apologies if I tried to lay out a lot

25  quickly and there's quite a bit that's happening today, so

1  thank you for indulging us today.

2          THE COURT:  Okay.  Thank you.

3          Attorney Sklarz, I was talking to you a bit ago,

4  since you are the party who represents most of the Defendants

5  who are not parties to the joint brief, but whose motions to

6  dismiss are scheduled for hearing next week.  Did you wish to

7  be heard?

8          MR. SKLARZ:  Yes, Your Honor.

9          And you've articulated that the four issues laid

10  out in the order are what will be argued and other issues

11  we've raised in our brief.  And the trustee has bullet

12  pointed some of those.  Again, we may disagree on how issues

13  are framed, but those issues will be argued at a later time,

14  so we understand the scope of the hearing on the 15th.

15          So I think I had laid out three other issues that

16  I think are a part, that should be heard on the 15th.  Two of

17  them will be heard at a later date, which is fine, if that's

18  Your Honor's ruling.  Those two issues were the redaction

19  issue and then if the trustee is permitted to retroactively

20  consolidate or whatever they're claiming, with the payments

21  that were made to my clients, be viewed as approved, ordinary

22  course-type payments or Court-approved payments.  I think

23  Your Honor was clear that those issues will be reserved.

24          The third issue I outlined in our status report

25  has to do with standing.  I think that's subsumed within the

1  four issues that are set forth in the order, so I think that

2  would be fair game, regardless of how the trustee articulates

3  the issues versus how I articulated the issues.  So I

4  understand what will be happening on the 15th and we will

5  proceed, as ordered.

6       And I've reviewed the transcript from, I think it

7  was the September 24th hearing, if I have my dates correct.

8  We reserved rights, as Your Honor indicated already, and as

9  we've done in our status report.  So I think I understand

10  where we're going next week.

11       THE COURT:  Okay.  Thank you.

12       Does any -- the only other Defendant, then, who is

13  a non-joint brief Defendant who had indicated they wanted to

14  proceed with their motion to dismiss, as it related to the

15  four issues is Zeisler & Zeisler.

16       Is there anything Zeisler & Zeisler, Attorney

17  Kindseth, you want to add today or are we just proceeding

18  next?

19       MR. KINDSETH:  No, I think it's very clear, Your

20  Honor, and I appreciate your guidance on how the 15th is

21  going to proceed.  We will be prepared to address those

22  issues that were identified in the Court's order that pertain

23  to Zeisler & Zeisler; in fact, there's just one.  It's the

24  law of the case.  There are some specific points I'd like to

25  make with respect to the "law of the case" argument that

1  pertain only to Zeisler.

2         THE COURT:  The "law of the case" argument isn't

3  one of the four issues that are on the joint brief, Attorney

4  Kindseth.

5         MR. KINDSETH:  Well, it was -- that's fine.

6         THE COURT:  You can reserve that for another day.

7  That's not one of the issues I will be addressing next week.

8         MR. KINDSETH:  Okay.  Just to be clear, in Exhibit

9  A, which we don't agree with --

10         THE COURT:  I'm not -- Exhibit A doesn't matter.

11  As I said, that's -- the trustee's counsel put that together,

12  right?  All of those issues will be resolved at some other

13  day.

14         What I'm hearing are the four issues that all the

15  parties came before this Court -- I didn't make them up --

16  they came here and asked this Court to address four issues.

17  We had an extensive hearing on it on September 24th.  I,

18  then, agreed to do what the parties asked and that's what

19  we're doing.

20         MR. KINDSETH:  Thank you, Your Honor.

21         We will stick to the four issues.  We may or may

22  not have a comment.  We will reserve the 10 minutes.  We

23  appreciate that time and we will stick to the four issues.

24  All other issues, obviously, are reserved.

25         THE COURT:  Great.  Thank you very much.

1          All right.  I think that Trustee Despins, Attorney

2    Goldstein, Attorney Bassett, unless there's something other

3    than that, that you want to discuss -- I'm not sure that

4    there is anything else we need to discuss this afternoon.

5          MR. PETERSON:  Your Honor, one housekeeping item,

6    if I could be heard just very briefly?

7          THE COURT:  Who's talking?

8          MR. PETERSON:  This is Brian Peterson, K&L Gates,

9    on behalf of Amazon Web Services, Inc. and Amazon.com, Inc.

10          THE COURT:  Are you a party to the joint brief?

11          MR. PETERSON:  Yes, Your Honor.

12          THE COURT:  Okay.  Go right ahead.

13          MR. PETERSON:  So, as Mr. Goldstein articulated

14    earlier, there have been some preliminary discussions about

15    how the argument on the 15th will be divvied up between

16    counsel for the joint Defendants and he referred to the fact

17    that I may be one of the three joint Defendants counsel

18    making argument.

19          We have filed a motion to excuse local counsel

20    from participation at that hearing.  We filed that prior to

21    today's hearing.  I just want to make sure that in light of

22    the fact that I'm preliminarily planning on making argument

23    at the 15th, that the Court doesn't have any concerns and I

24    just want some guidance on whether or not our local counsel

25    can be excused.

 1          THE COURT:  Your local counsel is excused.  Thank

 2 you.

 3          MR. PETERSON:  Thank you, Your Honor.

 4          MR. BASSETT:  And, Your Honor, if I may?

 5          I have just two points of clarification concerning

 6 the -- excuse me -- time allocations for the argument next

 7 week and I rise only to make sure that we're --

 8          THE COURT:  Yep, go ahead.

 9          MR. BASSETT:  -- all on the same page and to

10 identify one potential concern.

11          In terms of the time allocations to the Defendants

12 and then the trustee, the way that the Court described it was

13 there would be a total of, I think it's now based on

14 Defendants who have been dropped, about an hour and a half of

15 argument for the Defendants and then 30 minutes for the

16 trustee.

17          Is Your Honor intending that to just be an hour

18 and a half for us and then the trustee responds or --

19          THE COURT:  Yes.

20          MR. BASSETT:  -- would there be a reservation of

21 time?

22          THE COURT:  Yeah, that's all we're going to do.

23 No, that's all we're going to do.

24          The arguments in favor of the issues raised in the

25 joint brief will be made by the joint brief Defendants and

1  then I will give the non-joint brief Defendants, Attorney

2  Sklarz -- well, ArentFox, we don't know yet what they're

3  doing, but we will now, and Zeisler & Zeisler, I guess that's

4  really it, right, as far as the non-Defendants at this point,

5  because the other parties have said that they are not going

6  to make any argument.  And so that would actually be an hour

7  and 20 minutes and then I would give you a half-an-hour

8  response and that will conclude the hearing.

9        We have briefs on all the issues.  Oral argument

10  is allowed to that extent and in those time frames.

11        MR. BASSETT:  Okay.  Thank you, Your Honor.

12        The only other point I was going to raise is that

13  if it's, I guess, an hour and 20 minutes for the Defendants,

14  you know, obviously, it may be somewhat challenging for us to

15  adequately respond to all of that in a half hour, but we will

16  do our best to be efficient.  If there are issues that we're

17  not addressing that the Court wants us to address, you know,

18  perhaps it would be good to have us have a little bit more

19  time, but, again, if the Court thinks an hour and 20 followed

20  by a half hour with the trustee is fine, we will make that

21  work.

22        THE COURT:  Okay.  Thank you.

23        I do think that's fine for now.  If I -- if

24  something changes during the hearing, I will let you know,

25  but I don't anticipate that it will.

1          We have reviewed the pleadings.  We have reviewed

2   the law.  We understand the issues.  And so that's how we are

3   proceeding.

4          MR. BASSETT:  Thank you, Your Honor.

5          THE COURT:  All right.  Trustee Despins, is there

6   anything else we need to address this afternoon, with regard

7   to next week's hearing?

8          MR. DESPINS:  Not at this time, Your Honor.  Thank

9   you very much for your time.

10          THE COURT:  Okay.  Everyone, please, make sure you

11   get that information to the trustee so that this record can

12   be accurate as to who appeared -- and I don't mean spoke --

13   but who participated, even just by viewing this hearing,

14   because it does impact all of these adversary proceedings,

15   your full name, your firm's full name, whether you filed a

16   notice of appearance or not, and which adversary proceeding

17   that you are involved in.

18          All right.  Thank you all.  We will see you next

19   week.

20          That is the last matter on today's calendar, so

21   court is adjourned.

22          COUNSEL:  Thank you, Your Honor.

23          THE DEPUTY:  Court is adjourned.

24      (Proceedings concluded at 1:27 p.m.)

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

/s/ William J. Garling                    January 13, 2025

William J. Garling, CET-543

Certified Court Transcriptionist

For Reliable