LAZARE POTTER GIACOVAS & MOYLE LLP
Michael T. Conway, Esq.
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (917) 242-1597
mconway@lpgmlaw.com

*Counsel for Wang's Realty Management Service Inc.
And River Valley Operations LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtor. | (Jointly Administered) |

**OBJECTION TO EIGHTEENTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL RELEVANT BANKS, ADDITIONAL ENTITIES AND INDIVIDUALS ASSOCIATED WITH DEBTOR, AND PAYROLL PROCESSING ENTITY**

Wang's Realty Management Service Inc. ("WRMS") River Valley Operations LLC ("RVO") (collectively, "Movants"), by and through the undersigned counsel, object to the Trustee's *EIGHTEENTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO ADDITIONAL RELEVANT BANKS, ADDITIONAL ENTITIES AND INDIVIDUALS ASSOCIATED WITH DEBTOR, AND PAYROLL PROCESSING ENTITY* (the "Motion"). In support of their Objection, the Movants respectfully allege as follows:

**Background**

1. On February 15, 2024, the Trustee commenced an Adversary Proceeding against Movants, bearing Adv. Pro. No. 243-05248 (JAM), seeking avoidance and recovery of fraudulent transfers, and post-petition transfers and related relief pursuant to Bankruptcy Code Sections 544, 548, 549 and 550 and New York debtor and creditor law sections 273, 274, and 276 (the "Adversary Proceeding").

2. Pursuant to Orders entered by this Court, discovery in the Adversary Proceeding has been stayed.

**Basis for Objection**

3. As indicated in the Motion, the Trustee now seeks to serve 2004 Subpoenas on multiple parties, including WPMC, as well as the principal of WPMC and related entities, seeking discovery related to transfers to or from RVO. As this Court is aware, this sort of parallel discovery is highly inappropriate in the Second Circuit (and in all other circuits).

4. Indeed, there is a well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the applicable Federal Rules of Civil Procedure, and not Rule 2004. *See e.g., In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019); *In re Bennett Funding*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

5. The Court should not authorize the Trustee to conduct Rule 2004 discovery from or concerning the parties to the Adversary, as that would allow her a "back door" through which he could circumvent the oversight and procedural protections he is otherwise afforded in the Adversary. *See In re Bennett Funding Grp., Inc.*, 203 B.R. at 30.

6. Fed.R.Bankr.P. 2004(a) allows the court, upon motion of any party in interest or upon an ex-parte basis, to order the examination of any entity. The examination "may relate only

to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge." Fed.R.Bankr.P. 2004(b). Third parties are also subject to examination under this rule if they possess knowledge of the debtor's acts, conduct or financial affairs which relate to the bankruptcy proceeding. *In re Dinubilo*, 177 B.R. 932, 940 (E.D.Cal.1993); *In re Ecam Publications, Inc.,* 131 B.R. 556, 559 (Bankr.S.D.N.Y.1991). The scope of this examination is admittedly "unfettered and broad" (*see In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr.D.Mass.1983)), and indeed is commonly recognized as more in the nature of a "fishing expedition." *In re Wilcher*, 56 B.R. 428, 433 (Bankr.N.D.Ill.1985). The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr.S.D.N.Y.1991. It is properly used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge or the dischargeability of a particular debt. *Sweetland v. Szadkowski (In re Szadkowski)*, 198 B.R. 140, 141 (Bankr.D.Md.1996).

7. While Fed.R.Bankr.P. 2004 is the basic discovery device used in bankruptcy cases (*see In re French*, 145 B.R. 991, 992 (Bankr.D.S.D.1992)), its application is not without bounds. As Fed.R.Bankr.P. 2004 is meant to give the inquiring party broad power to investigate the estate, it does not provide the procedural safeguards offered by Fed.R.Bankr.P. 7026. *In re Bakalis*, 199 B.R. 443, 447–48 (Bankr.E.D.N.Y.1996); *Dinubilo*, 177 B.R. at 939. For example, under a Fed.R.Bankr.P. 2004 examination, a witness has no general right to representation by counsel, and the right to object to immaterial or improper questions is limited. *Dinubilo*, 177 B.R. at 939–40; *French*, 145 B.R. at 992; *see also GHR Energy*, 33 B.R. at 454.

3

8. The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed.R.Bankr.P. 7026 et seq., rather than by a Fed.R.Bankr.P. 2004 examination. *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 274 (D.Colo.1991); *see also In re Bakalis*, 199 B.R. 443, 447–48 (Bankr.E.D.N.Y.1996) (same). In addition, courts are wary of attempts to utilize Fed.R.Bankr.P. 2004 to avoid the restrictions of the Fed.R.Civ.P. in the context of adversary proceedings. *Blinder, Robinson*, 127 B.R. at 274.

9. Discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of Fed.R.Bankr.P. *See Szadkowski*, 198 B.R. at 142.

10. Given that the discovery sought as a consequence of the Motion is directly related to the issues in the Adversary Proceeding, including a request that at least one of the defendants to the Adversary Proceeding be the subject of a 2004 Subpoena, it should be denied.

Dated: January 24, 2025
      New York, New York

LAZARE POTTER GIACOVAS & MOYLE LLP

By: /s/ Michael T. Conway
Michael T. Conway
Lazare Potter Giacovas & Moyle LLP
747 Third Avenue, 16th Floor
New York, NY 10017
Telephone: (917) 242-1597
mconway@lpgmlaw.com

*Counsel for Wang's Realty Management Service Inc. and River Valley Operations LLC*

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 24, 2025, a copy of the foregoing document was served on all parties of record via CM/ECF.

Dated: January 24, 2025

By: //s/ Michael T. Conway
     Michael T. Conway