**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors.[1] | (Jointly Administered) |
| | February 7, 2025 |

### G CLUB OPERATIONS, LLC'S OBJECTION AND MEMORANDUM OF LAW IN OPPOSITION TO SECOND SUPPLEMENTAL MOTION OF CHAPTER 11 TRUSTEE TO EXTEND FEBRUARY 15, 2025 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS

G Club Operations, LLC ("G Club") respectfully objects, and files this memorandum of

law in opposition, to the *Second Supplemental Motion of Chapter 11 Trustee to Extend February*

*15, 2025 Deadline For Trustee To File Avoidance Actions* (ECF No. 4004,[2] the "Third Extension

Motion"), filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee"), seeking a **third** six month

extension of time following the Court's granting of the Trustee's prior two requests meaning the

Congressionally established two (2) year statute of limitation to file avoidance actions will now be

amended to three years and six months.

Over the objections of several parties, including G Club (ECF No. 2563, the "First

Extension Objection"), the Court granted this extension. ECF No. 2921 (the "First Ruling"). G

Club then appealed the Ruling, and the appeal is pending before the District Court. *See In re: Ho*

*Wan Kwok*, Civil Action No. 3:23-cv-01514-KAD (the "Pending Appeal"). Thereafter, again over

G Club's and other objections, the Court granted a second extension (ECF No. 3329, the "Second

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (last four digits of tax identification number: 9595) (the "Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All ECF references are to entries in the Bankruptcy Case, Case No. 22-50073, unless otherwise stated.

Extension Motion).  The Court granted that motion too (ECF No. 3417, the "Second Ruling") and G Club appealed.[3]  For the following reasons, the Court should deny the Third Extension Motion.

## I.    __INTRODUCTION__

The Court has granted two (2) previous requests by the Trustee to extend the statute of limitations to August 15, 2024, based on its view that Fed. R. Bankr. P. 9006(b) provided authority to do so: "[t]he Court concludes for these reasons that Rule 9006(b) could provide a mechanism to extend the statutes of limitation set forth by sections 108(a), 546(a), and 549(d)."  First Ruling at 12.  The Court further concluded that, at that time, the Trustee has shown sufficient cause for the six-month extension the Trustee chose to seek, relying largely on *IBT Int'l, Inc. v. N. (In re Int'l Admin. Servs.)*, 408 F.3d 689 (11th Cir. 2005).  First Ruling at 8, 17-18.  The Court applied the same logic and granted the Second Extension Motion.  Second Ruling at 3.

The Court should deny the Trustee's new motion for a six-month extension because there cannot possibly be any further justification for extending the time further on the facts proffered in the Third Extension Motion.  First, Mr. Kwok has been incarcerated for years, his lack of cooperation in the case will continue forever.  Second, Mr. Kwok's conviction occurred in August 2024, there will always be developments in Mr. Kwok's criminal case, which should not be the basis of an extension applying the standard set forth in the First Ruling.  Third, the suggestion that G Club, which produced documents in response to a 2004 examination request in December 2024, has caused delay is absurd; but even if true, the Trustee received compliance two months ago and, as set forth below, would have recourse through long-established tolling and a blanket extension to the statute of limitations is unnecessary.  The Trustee cannot contravene specific statutory provisions of the Bankruptcy Code or alter the balance struck by the statute.  *Law v. Siegal*, 571

---

[3] G Club's opening brief in both appeals is due February 28, 2025.

U.S. 415, 421, 427 (2014). The Court, therefore, must put an end to the Trustee's view that it has an open-ended limitless time to bring avoidance claims, even against parties, such as G Club, which has already been sued. Thus, the Court should deny the Third Extension Motion.

## II.    ARGUMENT

### A.    The Trustee Has Not Shown Cause to Further Extend the Statute of Limitation Based on the Standard Established by the Court

In the First Ruling the Court held it could extend the statute of limitations to bring avoidance actions if "there is 'cause,' on the facts and circumstances before the Court to extend the statutes of limitation in sections 108(a), 546(a), and 549(d). Fed. R. Bankr. P. 9006(b)." First Ruling at 12. The Court further explained that it would look to the same standard as for equitable tolling to determine whether cause existed to extend the two-year statute set forth in Bankruptcy Code §546: "as courts have observed, albeit in the context of equitable tolling, the equities to consider in determining whether to extend or toll a statute of limitations in a bankruptcy proceeding often involve whether the debtor failed to cooperate with the bankruptcy trustee or indeed sought to impede the trustee's investigation and liquidation of assets for the benefit of creditors." First Ruling at 13. The Court also considered notice to potential defendants and the diligence of the Trustee's investigation. First Ruling at 15-17.

Now, seeking a third extension, the Trustee again relies on the same reasons proffered twice before: that Mr. Kwok is a criminal and failed to adhere to obligations as a debtor, the ongoing criminal case, the Trustee's continuing investigations, and impedance of his investigation by third parties. The Court previously held that it needed to review the "very specific and extraordinary facts" of this case to find the requisite cause. Under this reasoning, it cannot be that an alleged persistent matter is "extraordinary." For example, Mr. Kwok will *never* cooperate with the Trustee and the criminal case may well be ongoing for years; does this mean that the Trustee

has an endless statute of limitations based on these facts?  It cannot be the case that Congress intended the applicable statute of limitations only to apply where no person asserted their Fifth Amendment rights, otherwise refused to cooperate, or was subject to a criminal prosecution.  If it was, Congress would have included those exceptions in the statute.  It did no such thing.  In any event, the criminal trials have ended and Mr. Kwok has been in jail for years.  Clearly, that fact has been known to the Trustee for at least the extra year he has had to bring avoidance actions.

The Trustee claims that the "criminal trial" was also outside of his control.  Third Extension Motion at 3.  But that is not the standard set by the Court.  It is neither surprising nor extraordinary that the criminal trial occurred.  Moreover it concluded in July and August of 2024.  The criminal proceedings may well continue for years.  All of the criminal evidence is now public and available to the Trustee.  The fact that more information may come out following sentencing is not "extraordinary" either.  Id.  More information can always come out in the future. Indeed, more information may be learned from discovery in any of the hundreds of cases already commenced by the Trustee (should they not be dismissed), but that does not mean an extension of the statute of limitation is justified.  It cannot be that the possibility (or even probability) of knowing more in the future can justify cause to extend a statute of limitations.  Such an argument is tautological, would promote passivity rather than diligence by trustees, destroys the limitation established by Congress, and should be rejected.  As the Trustee admits "each thread of the investigation often leads to yet another thread to be pulled."  Id. at 8.  According to the Trustee then, he will always have more to learn and the statute of limitations can never close.  But that is not the law.

In fact, the cases cited by the Trustee do not support the open-ended extension that the Trustee seeks.  Although *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784 (Bankr. M.D. Fla. 2014), extended the trustee's request to extend the statute of limitations deadline, the court

there imposed strict limitations granting the trustee a 30-day extension, not the years long request (similar to the Trustee's third request here). The *Fundamental Long Term Care* explained:

> the Court does not believe the Trustee requires an additional year (the time she requests). While it is true her investigation has been impeded, the Trustee has nevertheless been able to conduct a substantial amount of discovery. For instance, she has concluded at least ten Rule 2004 exams and concedes that she has received tens of thousands of pages of documents. Not to mention, she does have the benefit of the investigation the creditors undertook before filing this involuntary case.

501 B.R. at 792.

Likewise, *In re ThermoView, Indus.*, 381 B.R. 225, 226 (W.D. Ky. 2008) merely extended the statute of limitations deadline by thirty (30) days, not years as the Trustee functionally received and further requests here. While the Trustee states that he "expects that, ***absent unexpected developments***, this will be the last such blanket extension" (Third Extension Motion at 1), no such assurance exists that this is the last extension request. (Emphasis added).

As a result, no reason or "cause" exists to extend the statute of limitations further. This is not to say that denying the motion would eliminate all recourse available to the Trustee under appropriate individualized facts, since he could still assert equitable tolling to claims brought later under appropriate circumstances.

In addition to equitable tolling, the Trustee could interpose other exceptions to the statute of limitations, such as the discovery rule. The discovery rule applies where, despite diligence, he Trustee later discovers facts supporting a claim that he could not have discovered earlier with reasonable diligence, he can argue that those claims are not barred because they had not yet accrued during the limitations period. "[A] statute of limitations is intended to prevent plaintiffs from unfairly surprising defendants by resurrecting stale claims." *City of Pontiac Gen. Emples. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2nd Cir. 2011). The Second Circuit has explained that a claim is not barred by a statute of limitations if it hasn't accrued:

> Only after a plaintiff can adequately plead his claim can that claim be said to have accrued, and only after a claim has accrued can the statute of limitations on that claim begin to run. Based on this analysis, we hold that a fact is not deemed "discovered" until a reasonably diligent plaintiff would have sufficient information about that fact to adequately plead it in a complaint. In other words, the reasonably diligent plaintiff has not "discovered" one of the facts constituting a securities fraud violation until he can plead that fact with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss.

*Id*. Stated differently, there are ample avenues existing in the law to provide relief from statutes of limitations based on particularized factual showings and long-standing doctrines. There is no basis in law for the Court instead to change the statute of limitations based on the Trustee's generalized narrative.

This concern is very real for G Club. Since June 2023 G Club has been independently managed by FFP (BVI), Ltd. and cooperated with the Trustee and U.S. Attorneys' Office regarding the investigation of Mr. Kwok. G Club is concerned that even though it has already been sued several times by the Trustee, the Trustee could sue it again. While the Trustee persists on making illogical and false arguments concerning G Club's *present* management, the record shows that G Club has not acted improperly or obstructed anything at any time relevant to this case.

In sum, continued extension of the statute of limitations under the standard established in the First Ruling has not been met. There is nothing "extraordinary" about the "specific facts" proffered by the Trustee to support the Third Extension Motion, which should be denied.

### B.    Reservation of Rights to Challenge First and Second Rulings on Appeal

G Club has appealed the First and Second Rulings and believes that the Court should not have extended the statute of limitations as set forth in the First or Second Ruling. G Club further contests the Third Extension Motion on the same grounds as set forth in its previous objections. However, the undersigned is cognizant that the Court has already ruled on these issues and will

not rehash arguments already made and rejected by the Court.  However, to be clear for the appellate record, G Club reserves and reasserts and adopts by reference all arguments made in its previous objections.  *See* ECF Nos. 2969, 3458.

       **C.**       **Reservation of Rights to Cross Examine and Challenge the Trustee's Evidence**

As set forth above, the law does not permit a prospective general extension, regardless of the facts.  But even if it did, under the standard applied by this Court in the First and Second Ruling, the Third Extension Motion fails to present facts that meet that standard's requirement of specific and extraordinary facts.  Thus, in the event the Court rejects the above legal arguments, G Club reserves the right to obtain discovery, call witnesses, and cross-examine witnesses and otherwise challenge any evidence offered by the Trustee concerning a showing of "cause" for the requested extension.  First Ruling at 20.

**IV.**       **CONCLUSION**

For the foregoing reasons, the Court should deny the Third Extension Motion.

                        **G CLUB OPERATIONS, LLC**

                        By: */s/ Jeffrey M. Sklarz*
                              Jeffrey M. Sklarz (ct20938)
                              Kellianne Baranowsky (ct26684)
                              GREEN & SKLARZ LLC
                              One Audubon St, 3rd Floor
                              New Haven, CT 06511
                              (203) 285-8545
                              jsklarz@gs-lawfirm.com
                              kbaranowsky@gs-lawfirm.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the date set forth below, a copy of the foregoing was served via CM/ECF.  Parties may access this filing through the Court's CM/ECF system.

Date:   February 7, 2024                                    <u>/s/ Jeffrey M. Sklarz</u>