UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |

## AMERICAN EXPRESS COMPANY'S OBJECTION TO SECOND SUPPLEMENTAL MOTION OF CHAPTER 11 TRUSTEE TO EXTEND FEBRUARY 15, 2025 DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS

Defendant American Express Company[1] ("AEC"), by and through its undersigned counsel, files this objection to the *Second Supplemental Motion of Chapter 11 Trustee to Extend February 15, 2025 Deadline for Trustee to File Avoidance Actions* Chapter [Doc. No. 4004], filed by Luc A. Despins, Chapter 11 Trustee (the "Trustee"), seeking a third extension of time. In support of this objection, AEC states as follows:

I.  **INTRODUCTION**

The Trustee seeks yet another extension of the applicable statute of limitations under §§ 108(a), 546(a) and 549(d) for the Trustee's time to commence avoidance actions or amend existing complaints to August 15, 2025 (the "Third Extension Motion"). However, under applicable law, statutes of limitations are legislatively created, and courts lack authority to extend them absent statutory or equitable exceptions explicitly provided by law. Granting the Trustee's motion would contravene established precedent and undermine legislative intent, resulting in prejudice not only to AEC, who is already a defendant in Adversary Proceeding number 24-05077 (in which the

---

[1] American Express Company is a holding company, and itself is not an issuer of credit cards or recipient of payments of credit card charges.

3

Trustee seeks to avoid and recover purported unauthorized postpetition transfers made by non-debtors), but also to potential unidentified defendants. Of note, in his Third Extension Motion, the Trustee has stated that he "anticipates filing numerous new and amended avoidance complaints." (Doc. No. 4004, ¶ 20).

For the reasons set forth below, the Trustee's motion should be denied.

**II.    BACKGROUND**

On February 15, 2022, debtor Ho Wan Kwok (the "Debtor") filed a voluntary petition under Chapter 11 of title 11 of the Bankruptcy Code instituting case No. 22-50073 (the "Bankruptcy Case"). On July 8, 2022, the Bankruptcy Court entered an order appointing the Trustee. [Doc. No. 523]. The two-year statute of limitations periods pursuant to sections 108(a), 546(a) and 549(d) of the Bankruptcy Code were set to expire on February 15, 2024.

On January 18, 2024, the Trustee filed a motion to extend or toll the statute of limitations periods that were set to expire on February 15, 2024 to August 15, 2024 (the "First Extension Motion"). [Doc. No. 2509]. On February 15, 2024 (the statute of limitation deadline), and over the objections of several parties, the Court, determining that it had the discretion under Bankruptcy Rule 9006(b) to extend these statutory deadlines, granted the Trustee's First Extension Motion [Doc. No. 2921]. On July 19, 2024, the Trustee filed a second motion seeking to extend the statute of limitations for the Trustee's time to file avoidance to February 15, 2025 (the "Second Extension Motion"). [Doc. No. 3329]. Again, several parties lodged objections to the Second Extension Motion. The Court entered an order granting the Trustee's Second Extension Motion [Doc. No. 3417].

The Court should deny the Trustee's Third Extension Motion, seeking yet another six-month extension of the deadline to file or amend adversary proceedings, until August 15, 2024.

4

Error! Unknown document property name.4923-6093-6212.v2

## III. ARGUMENT

For the sake of brevity, AEC incorporates all prior arguments and supporting case law with regard to the statute of limitations issue that have been made in objection to the Trustee's First and Second Extension Motions. In this Objection, AEC will focus its arguments on the threshold issue of whether the court has the authority to extend the statute of limitations.

While AEC understands that the Court previously reached a different conclusion, AEC respectfully submits that, as was the case for the Trustee's First and Second Extensions, the Trustee's Third Extension Motion is improper.[2] The Trustee primarily relies on *IBT Int'l, Inc. v. Northern (In re International Administrative Services)*, 408 F.3d 689 (11th Cir. 2005), where the Eleventh Circuit Court of Appeals found that the bankruptcy court did have the discretion to extend the filing period for an adversary proceeding by motion in advance of the deadline. However, the Eleventh Circuit cited no statutory authority permitting a court to extend the statute of limitations because no such authority exists.

There are many courts, including those in this District and in other Districts, that have concluded that no basis in law exists for the relief requested. In *In re Cramer*, 636 B.R. 830, 831 (Bankr. C.D. Cal. 2022), the Court found that the approach taken by the Eleventh Circuit "deprives future defendants of constitutional due process of law because they receive no notice of the relief in advance and no opportunity to contest whether or not equitable tolling is warranted." 636 B.R. 830, 831 (Bankr. C.D. Cal. 2022). As explained in *Cramer* and other decisions, the appropriate relief for the Trustee under these circumstances is to seek equitable tolling of the statute of

---

[2] Moreover, with regard to the Trustee's motion to extend the statutory time for the Trustee to amend existing complaints, the appropriate procedure for the Trustee is to file a motion to amend pursuant to Fed. R. Civ. P. 15(c), and establish that the amendment relates back to the original complaint. *See generally Coan v. O & G Indus. (In re Austin Driveway Servs.)*, 179 B.R. 390 (Bankr. D. Conn. 1995).

Error! Unknown document property name.4923-6093-6212.v2

limitations if and when the Trustee identifies future defendants or claims. *See In re Randolph Hosp., Inc,* 2012 Bankr. LEXIS 3712, *4 (Bankr. M.D.N.C. Apr. 25, 2022) (denying trustee's motion to extend the statute of limitations because it was premature, finding that "[u]pon review of the arguments and law presented, the Court finds that Federal Rule of Bankruptcy Procedure 9006(b) may not be used to extend statutory deadlines such as those established under 11 U.S.C. §§ 108 and 546," and finding that the appropriate relief was equitable tolling).

The Court in *Cramer* also observed that "[t]he bankruptcy court decision in *In re Walnut Hill, Inc.*, 2018 Bankr. LEXIS 1589 (Bankr. D.Conn. 2018) is well reasoned and directly on point." Judge Tancredi addressed this precise issue in *In re Walnut Hill*, where he correctly ruled that the "plain language of Rule 9006(b) prohibits this Court from enlarging the Section 546(a) statute of limitations." Bankr. LEXIS 1589, *4 (Bankr. D. Conn. 2018). By its plain language, Rule 9006(b) only applies to deadlines "set by these rules or by a notice given thereunder, or by order of the court." *Id.* At *2. Judge Tancredi also analyzed *In re Damach, Inc.*, a prior Connecticut bankruptcy case, in which Judge Krechevsky similarly held that Fed. R. Bankr. P. 9006 does not serve as authority to extend statute of limitations prospectively. 235 B.R. 727, 731 (Bankr. D. Conn. 1999); *see also In re Tubular Techs., LLC*, 348 B.R. 699, 711 (Bankr. D.S.C. 2006) (finding that Rule 9006 does not provide the Court with any authority to extend the time periods prescribed by the statutory provisions).

Importantly, Judge Tancredi found:

> Congress has dictated that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. Where the Rules and Code are inconsistent, the Statutory Code controls. [] Rule 9006(b) cannot apply to Section 546(a) without violating the separation of powers preserved in the Constitution. Where the legislature has spoken authoritatively, it is not within the province of the judiciary to modify its determination.

*In re Walnut Hill*, 2018 Bankr. LEXIS 1589, *3. It is telling that none of the cases the Trustee

6

relies on to support his argument, including *IBT Int'l, Inc. v. Northern (In re International Administrative Services)* and *In re Teras Breakbulk Ocean Navigation Enters., LLC*, 658 B.R. 611 (S.D. Fla. 2024), includes any discussion regarding the violation of the separation of powers issue Judge Tancredi discussed in *Walnut Hill*. In fact, the cases relied on by the Trustee simply dispose of this pivotal issue without providing any justification or legal authority – because none exists. *See In re Fundamental Long Term Care, Inc.* 501 B.R. 784, 787-788 (Bankr. M.D. Fla. 2013) (specifically noting that Rule 9006(b) applies to bankruptcy rules and not to statutes but nevertheless finding the Court had authority to enlarge the limitations period under § 546).

In sum, the Bankruptcy Code simply does not provide the Court with authority to judicially extend the statute of limitations in §§ 108(a), 546(a) and 549(d), and as such the relief sought by the Trustee cannot be granted.[3]

## IV. CONCLUSION

For the foregoing reasons, AEC respectfully requests that this Court deny the Trustee's Third Extension Motion.

Dated: February 7, 2025

                                          Respectfully submitted,

                                          LAW OFFICES OF RONALD I. CHORCHES, LLC

                                          /s/ Ronald I. Chorches
                                          Ronald I. Chorches
                                          Fed. Bar No. ct08720
                                          82 Wolcott Hill Road, Suite 203
                                          Wethersfield, CT 06109
                                          Phone: (860) 563-3955/Fax: (860) 513-1577
                                          E-mail: ronchorcheslaw@sbcglobal.net

---

[3] Notably, as discussed in the cases, this does not foreclose now the possibility that the statute of limitations may be extended by the Court in the future. The Trustee has not sought equitable tolling of the statutes of limitation, but has reserved his right to do so. Of course, AEC reserves its right to oppose an equitable tolling argument *at the right time.*

7

Error! Unknown document property name.4923-6093-6212.v2

    /s/ Darryl S. Laddin
ARNALL GOLDEN GREGORY LLP
Darryl S. Laddin (admitted *pro hac vice*)
Frank N. White
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Fax: (404) 873-8121
darryl.laddin@agg.com
frank.white@agg.com

*Attorneys for Defendant American Express Company*

Error! Unknown document property name.4923-6093-6212.v2