**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

### NOTICE OF FILING

Apple Inc. ("Apple") files this notice of filing of its objection to the *Second Supplemental Motion of Chapter 11 Trustee to Extend February 15, 2025 Deadline for Trustee to File Avoidance Actions* in Adv. Proc. No. 24-05060. A true and correct copy of Apple's objection is attached.

Dated: February 7, 2025
      New York, New York

*/s/ George Angelich*
George Angelich (ct27542)
Eric Roman (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
T: 212.457.5423
E: george.angelich@afslaw.com
   eric.roman@afslaw.com
   patrick.feeney@afslaw.com

- and -

Jin Yan (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K St. NW
Washington, DC 20006
T: 202.778.6442
E: jin.yan@afslaw.com

*Counsel for Apple Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on February 7, 2025, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

Dated: New York, New York
       February 7, 2025

                                      */s/ George Angelich*
                                      George Angelich

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>　　HO WAN KWOK, *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11<br>TRUSTEE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., HING CHI NGOK,<br>ALEX HADJICHARALAMBOUS,<br>BERNARDO ENRIQUEZ, CHUNGUANG<br>HAN, and MEI GUO,<br><br>　　　　　　　　　　Defendants. | Adv. Proc. No. 24-05060 |

**APPLE INC.
OBJECTION TO SECOND SUPPLEMENTAL MOTION OF
CHAPTER 11 TRUSTEE TO EXTEND FEBRUARY 15, 2025
DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS**

Apple Inc. ("Apple") objects to the motion of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") of debtor Ho Wan Kwok (the "Debtor") to further extend the deadline to commence avoidance actions to August 15, 2025 through his second supplemental motion dated January 29, 2025 (the "Third Extension Motion"). Bankr. Dkt. No. 4004; Adv. Dkt. No. 68.[1]

---

[1] Bankr. Dkt. refers to filings in the Debtor's main bankruptcy case, No. 22-50073. Adv. Dkt. refers to filings in this adversary proceeding, No. 24-05060.

## INTRODUCTION

1.      The Trustee's statutory deadline to commence avoidance actions against Apple terminated on February 15, 2024. However, this Court has twice approved requests to extend the Trustee's limitations period and, in so doing, afforded the Trustee an additional year to bring claims. Apple did not have notice of the Trustee's first extension request. His second extension request was granted over Apple's opposition. A consolidated appeal is pending.

2.      The Trustee comes before this Court a third time requesting an order to further extend his deadline to bring claims to August 15, 2025. In other words, the 2-year periods codified in 546(a) and 549(d) of the Bankruptcy Code could be extended to an astonishing 3.5-year limitations period through off-menu relief via judicial fiat in derogation of the plain language of the statutes, and, in some instances, without notice to affected parties.

3.      Another extension order buys more time for the Trustee to get to judgment in his existing alter ego adversary proceedings. Once he obtains alter ego judgments, he will sue payees of those alleged alter ego entities and argue the payees are (a) barred from opposing alter ego rulings he obtained in unrelated actions through offensive use of the law of the case doctrine, and (b) barred from challenging the belatedness of those avoidance claims. If this strategy continues, target payees (some whom may have never heard the name Ho Wan Kwok before being sued by the Trustee) of alleged alter egos will continue to be hauled into this Court by the Trustee without regard for traditional notions of fairness and substantial justice.

4.      The Trustee's Third Extension Motion should be denied. At a minimum, Apple should be expressly carved out from any extension granted to the Trustee.

## PROCEDURAL HISTORY

5.      The Debtor filed his bankruptcy petition on February 15, 2022. Bankr. Dkt. No. 1.

The Trustee's deadline to commence litigation to avoid and recover pre-petition and post-petition transfers was February 15, 2024. 11 U.S.C. §§ 546(a), 549(d).

6. On January 18, 2024, the Trustee filed a motion for a six-month extension of the statute of limitations. Bankr. Dkt. No. 2509. At the time, the Trustee had not yet commenced this action, and Apple is not a scheduled creditor of the Debtor. Adv. Dkt. No. 1 (complaint filed on February 10, 2024). Apple was not served with this motion, *see* Bankr. Dkt. No. 2509, even though, according to time records of the Trustee's professionals, in December 2023 it was considered a litigation target. *See* Bankr. Dkt. No. 2936.

7. On February 15, 2024, the Court entered an order (the "First Extension Order") extending the Trustee's statute of limitations to August 15, 2024. Bankr. Dkt. No. 2921. At that time, Apple had not been served with the Trustee's complaint in this case. *See* Adv. Dkt. No. 8 (indicating Apple was served with the complaint on February 21, 2024). Apple had no opportunity to contest the Trustee's motion even though the Trustee considered Apple a litigation target. Apple is not bound by the Court's First Extension Order under fundamental principles of due process.

8. On July 19, 2024, the Trustee sought another six-month extension of the statute of limitations to February 15, 2025. Bankr. Dkt. No. 3329. Unlike the first motion, the Trustee filed his second motion in this adversary proceeding in addition to the Debtor's main bankruptcy case. Adv. Dkt. No. 42.

9. At the time of the Trustee's second extension motion, Apple had appeared through counsel and filed its motion to dismiss the Trustee's complaint. Adv. Dkt. Nos. 28, 32. Apple objected to the Trustee's second extension motion. Adv. Dkt. No. 45.

10. On August 13, 2024, the Court held a hearing on the Trustee's second extension motion and Apple appeared and objected. The Trustee testified that he identified additional, but

3

unpled, transfers:

> Q. Trustee Despins, you're aware that you've already sued Apple, correct?
> A. Correct.
> Q. And you're also aware that you've already sued Meta, right?
> A. Correct
> Q. Have you identified any additional claims, other than the ones in your current lawsuit against Meta?
> A. There are some smaller claims that we found, but not -- nothing material, you know, in the thousands of dollars, not in the hundreds of thousands of dollars. So, at this time, the answer would be no, nothing material.
> Q. What about against Apple?
> A. Same answer.
> Q. And you said the additional claims that you found were not material, are those already asserted in the claims in the lawsuit that's been brought?
> A. I don't think so. I think these would be added to that, but, again, not in -- it wouldn't move the dial in a material way.
> Q. Do you intend to serve those claims against Apple or Meta?
> A. I need to talk to counsel about that.

Transcript of Proceedings dated August 13, 2024 at 31:10-32:7.

11. Afterwards, on August 14, 2024, the Court overruled the objections raised by Apple and other adversary defendants and entered an order (the "<u>Second Extension Order</u>") granting the Trustee an extension to February 15, 2025 to file avoidance actions. Bankr. Dkt. No. 3417.

12. Apple appealed the Court's Second Extension Order. Bankr. Dkt. No. 3463. Apple's appeal was consolidated with others appeals of the Second Extension Order as well as a pending appeal of the First Extension Order. The consolidated appeal, No. 24-284, is pending in the district court.[2]

13. On January 24, 2025, the Trustee filed the Third Extension Motion, seeking until August 15, 2025 to commence avoidance actions. Bankr. Dkt. No. 4004. The Third Extension

---

[2] Appellate briefing has been suspended based on the Trustee's representation that the appeal may be moot if the Trustee does not seek to commence additional actions against Apple and the other appellants. The parties to that appeal have to submit a joint status report to the district court on or before March 17, 2025 advising as to whether that appeal will proceed.

Motion raises the same issues in the consolidated appeal pending before the district court.

## ARGUMENT

14. The Third Extension Motion should be denied for the reasons stated in Apple's prior objection, Adv. Dkt. No. 45, which Apple incorporates, and for the following reasons.

### I. Prophylactic Extensions of Limitations Periods Are Inappropriate.

15. Bankruptcy courts are not empowered to extend statutes of limitations as a prophylactic measure. *See*, *e.g.*, *U.S. v. Ferrell*, No. 16-cv-230, 2020 WL 1164526, at *1 (W.D.N.C. Mar. 9, 2020) ("[T]his Court cannot extend the applicable statute of limitations"); *Rushing v. Unknown Party*, No. 10-2126, 2010 WL 4737698, at *2 (D. Ariz. Nov. 16, 2010) ("A court cannot extend a statute of limitation.  However, in some instances, the running of the statute of limitation may be subject to tolling."); *Redd v. Gilless*, 857 F. Supp. 601, 605 (W.D. Tenn. 1994) ("This court cannot extend the statute of limitations on a party's motion, although the statute may be tolled for various reasons.").

16. While the Court may allow equitable tolling, that is a matter to be addressed after an action has been commenced and the requisite papers justifying such relief have been submitted. None of that has happened yet.  Thus, it is not appropriate for the Court to prospectively extend the statutes of limitations under sections 546(a) and 549(d) of the Bankruptcy Code.

17. As the bankruptcy court in *In re Cramer* explained, proceeding otherwise intentionally deprives adversary defendants of basic due process:

> [T]he trustee seeks at this time an order applying equitable tolling in his favor with respect to any and all future defendants.  If the court granted the motion then, when the trustee later files complaints after the statutory deadline, the trustee would inform defendants that they have no opportunity to contest the application of the doctrine of equitable tolling because the court resolved the matter months or years earlier without notice or any opportunity to object by the parties harmed by the court order.  The trustee would seek to rely upon the court order as law of the case which is no longer subject to collateral attack.  This is the essential goal of such a

5

> motion and, as such, the court cannot approve such a course of action.
>
> The trustee remains free to raise equitably tolling at a date after filing untimely complaints. At that point, the defendants will have notice to contest the application of the doctrine of equitable tolling. Granting the pending motion [for prospective application of equitable tolling] would deprive them of that opportunity and would be fundamentally unfair.

*Id.*, 636 B.R. 830, 832-33 (Bankr. C.D. Cal. 2022).

18. While a bankruptcy court may allow equitable tolling, that is a matter to be addressed after an action has been commenced and the requisite papers justifying such relief have been submitted. None of that has happened yet. Equitable tolling is neither ripe for consideration nor pre-adjudicatory rulings. In effect, the Trustee seeks an impermissible advisory opinion. It is not appropriate for the Court to prospectively extend the statutes of limitations under sections 546(a) and 549(d) of the Bankruptcy Code.

19. Prospectively extending statutes of limitations is no different in prejudicing potential defendants than prospectively applying equitable tolling. *See In re No. 1 Contracting Corp.*, No. 5-10-bk-01755-JJT, 2012 WL 4114818, at *1 (Bankr. M.D. Pa. Sept. 19, 2012) (denying motion to prospectively toll section 546 and questioning whether a bankruptcy court could extend the statute to unnamed and unidentified defendants when there was no case or controversy before the court). The limitations periods under sections 546(a) and 549(d) cannot be extended. *Cramer*, 636 B.R. at 831 ("The Federal Rules of Bankruptcy Procedure contain no rule to extend statutory deadlines such as the ones in sections 546 & 549").

20. The Trustee mainly relies on a 2005 Eleventh Circuit decision, *In re Int'l Admin. Servs. Inc.*, to support the relief he seeks, but that case is both factually distinguishable and legally

unsound.[3] *Id.*, 408 F.3d 689 (11th Cir. 2005). However, in 2022, the Southern District of Florida Bankruptcy Court in *In re Am. Purchasing Servs., LLC*, analyzed the Eleventh Circuit's *Int'l Admin. Servs.* decision and refused to apply its rationale. The facts of *Am. Purchasing Servs.* are nearly identical to the fact pattern of this case. The *Am. Purchasing Servs.* court refused to apply otherwise binding Eleventh Circuit precedent because of its flaws.

21.     First, the *Am. Purchasing Servs.* court explained that *Int'l Admin. Servs.* was a situation "where the litigation targets themselves are stymying the trustee's discovery efforts." *Id.*, No. 20-23495, 2022 WL 17096649, at *3 (Bankr. S.D. Fla. Nov. 21, 2022). Here, unlike in *Int'l Admin. Servs.*, there is no allegation that Apple stymied the Trustee's investigation. The Trustee directly blames delay on the complexity of the bankruptcy case and obstructive behavior of Mr. Kwok, his family and associates. As a result, this Court should heed the sound rationale provided in *Am. Purchasing Servs.* for not extending the statute of limitations:

> When a party transacts with an entity that ends up in bankruptcy, that party has a commercial and legal expectation that if a trustee wants to challenge an pre-petition transaction, the trustee would have to do so within two years of the order for relief. A trustee's desire – however well intentioned – for more time to negotiate with a secured creditor in an attempt to maximize a recovery for unsecured creditors, must be balanced against the commercial and legal expectations of potential litigation targets. **And where there is no showing of wrongdoing by the litigation targets, their commercial and legal expectations must prevail over a trustee's desire to maximize a recovery for creditors**.

*Id.*, 2022 WL 17096649, at *4 (emphasis added).

22.     Second, the *Am. Purchasing Servs.* decision also explained that *Int'l Admin. Servs.* "has been criticized by a leading bankruptcy law treatise as 'involving some convoluted reasoning'" in reaching the conclusion that Bankruptcy Rule 9006(b) permits the court to extend

---

[3] The Trustee cites *In re Teras Breakbulk Ocean Navigation Enters., LLC*, 658 B.R. 611, 621 (S.D. Fla. 2024), which follows *Int'l Admin. Servs*. That case is on appeal before the Eleventh Circuit and may well result in a reversal of *Int'l Admin. Servs*.

statutes of limitations.[4] *Id.* at *3 n.27 (citing 10 Collier on Bankruptcy ¶ 9006.04 (16th ed. 2022)).

23. Third, and importantly, *Am. Purchasing Servs.* noted that the Eleventh Circuit's decision in *Int'l Admin. Servs.* was permeated by the liberal interpretation of section 105(a) that applied before the U.S. Supreme Court decision in *Law v. Siegel*, 571 U.S. 415 (2014). The *Siegel* opinion was issued a decade after the Eleventh Circuit's decision and is now a well-established mandate to bankruptcy courts requiring adherence to a restrictive interpretation of section 105(a) (as discussed further below). *Am. Purchasing Servs.*, 2022 WL 17096649, at *3 n.28.

## II.    Section 105(a) Does Not Permit the Court to Extend Limitations Periods.

24. To overcome the absence of statutory authority in sections 546(a) and 549(d) for the Court to extend those limitations periods, the Trustee relies upon the Court's inherent powers under section 105(a). This reliance is misplaced.

25. Section 105(a) is not a source of unlimited authority to rewrite the Bankruptcy Code or fill interstitial space in statutes with recontextualized interpretations of congressional intent. Rather, "[s]ection 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits." *Law*, 571 U.S. at 421; *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir. 2003) ("The equitable power conferred on the bankruptcy court by section 105(a) is the power to exercise equity in carrying out the *provisions* of the Bankruptcy Code, rather than to further the purposes of the Code generally, or otherwise to do the right thing.") (original emphasis). In other words, section 105(a) is supposed to be used to *enforce* the limitations periods in sections 546(a) and 549(d), not to *abrogate* those

---

[4] The convoluted reasoning is as follows: because Bankruptcy Rule 9006(b) brings in all of the Federal Rules of Bankruptcy Procedure, that would include Bankruptcy Rules 7001 and 7003, and therefore Bankruptcy Rule 9006(b) allows for the extension of statutes of limitations. *Int'l Admin. Servs.*, 408 F.3d 699. Not surprisingly, no other Circuit has adopted this reasoning and even lower courts in the Eleventh Circuit have criticized such flawed logic.

8

periods.

### III. Bankruptcy Rule 9006(b) Does Not Permit the Court to Extend Limitations Periods.

26.     Nor does Fed. R. Bankr. P. 9006(b) empower courts to extend statutes of limitations because "[n]owhere in the Rule does it mention statutory deadlines."[5] *In re Walnut Hill*, No. 16-20960 (JJT), 2018 WL 2672242, at *1 (Bankr. D. Conn. June 1, 2018); *see also* Fed. R. Bankr. P. 9006(b)(1) ("This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period."); Fed. R. Bankr. P. 1001 (defining "rules" as the Federal Rules of Bankruptcy Procedure); *U.S. ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 97 (2d Cir. 2008) ("When interpreting a rule of procedure, we review the text for its 'plain meaning.'") (citation omitted).

27.     Bankruptcy Rule 9006(b) is patterned on Fed. R. Civ. P. 6(b), *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993), and "[e]very court to have considered this question has held that Rule 6(b) may be used only to extend time limits imposed by the court itself or by other Federal Rules, but not by statute." *Argentine Republic v. Nat'l Grid Plc*, 637 F.3d 365, 369 (D.C. Cir. 2011) (citing cases); *see also* 4B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (4th ed.) ("Rule 6(b) does not apply to time periods set out in statutes"); 1 James William Moore, et al., *Moore's Federal Practice* § 6.06(1)(a) (3d ed.) ("Rule 6(b) does not provide any authority to extend time periods established by statutes."). As the D.C. Circuit reasoned,

Rule 6(b) gives district courts wide discretion to modify the time limits set forth in

---

[5] *Accord In re Randolph Hosp., Inc.,* No. 20-10247, 2022 WL 19298765, at *1 (Bankr. M.D.N.C. Apr. 25, 2022); *In re Kirk*, No. 7-13-13269, 2014 WL 1248040, at *7 (Bankr. D.N.M. Mar. 25, 2014); *In re Southampton yen Restaurant Group, LLC*, No. 09-13874 (MG), 2009 WL 3925563, at *3 (Bankr. S.D.N.Y. Nov. 16, 2009); *In re Tubular Techs., LLC*, 438 B.R. 699, 710-11 (Bankr. D.S.C. 2006); *In re U.S. Lines, Inc.*, 262 B.R. 223, 239 (Bankr. S.D.N.Y. 2001); *In re Damach, Inc.*, 235 B.R. 727, 731 (Bankr. D. Conn. 1999).

9

> the rules. Statutory time limits are different. Whether a statute of limitations may be tolled requires the court to engage in statutory interpretation. This is not a matter of the court's discretion. The intent of the legislature is controlling.

*Sherrod v. Breitbart*, 720 F.3d 932, 938 (D.C. Cir. 2013).

28. Procedural rules cannot override or modify statutes is an axiom exemplified by the amendment to Fed. R. Civ. P. 12(b) that took effect on December 1, 2024. As the Committee Notes to that amendment explain, statutory deadlines supersede any deadlines imposed by the rules:

> Rule 12 is amended to make it clear that a federal statute that specifies another time supersedes the times to serve a responsive pleading set by paragraphs (a)(2) and (3). Paragraph (a)(1) incorporates this provision, but the structure of subdivision (a) does not seem to extend it to paragraphs (2) and (3). There is no reason to supersede an inconsistent statute by any part of Rule 12(a). The amended structure recognizes the priority of any statute for all paragraphs (1), (2), and (3).

29. Even if Bankruptcy Rule 9006(b) allowed the Court to extend statutes of limitation (which it does not), as the Court previously recognized, fairness to defendants is an animating concern in evaluating the Trustee's requested extension. Bankr. Dkt. No. 2921 at 13. The Trustee's complaint against Apple was filed before the original February 15, 2024 deadline to commence avoidance actions expired, and since getting two extensions, the Trustee has forced Apple to defend and oppose a legally deficient complaint. Apple has already committed substantial resources to defend the Trustee's existing claims. Meanwhile, the Trustee is provided extension after extension without condition or oversight. Apple in turn is forced to participate in this adversary proceeding without knowing the scope and magnitude of the Trustee's claims, or when the Trustee will conclude his investigation that already exceeds all codified limitations periods by 12 months. To the extent the Court is inclined to extend the Trustee's requested extension, the Court should carve out actions or claims against Apple from the scope of that extension. *See* Bankr. Dkt. No. 2921 at 21 (carving out certain parties from a previously granted

extension).

**IV.    Section 108(a) Is Not a Limitations Period and Cannot Be Extended.**

30. In seeking a further extension, the Trustee relies, in part, on section 108(a) which he describes as a statute of limitations. He is wrong. Section 108 is a limitation on the Trustee's ability to commence litigation. *See In re Chenault*, No. 04-91786, 2010 WL 797015, at *3 (Bankr. C.D. Ill. Mar. 4, 2010) ("Section 108(a) of the Bankruptcy Code sets forth the outer limits of when a Trustee can commence any prepetition cause of action"); *Seawinds Ltd. v. Nedlloyd Lines, B.V.*, 80 B.R. 181, 189 (N.D. Cal. 1987) (explaining that the purpose of section 108(a) "is to give the trustee or debtor sufficient time to decide whether to start a lawsuit").

31. Section 108 is characterized by most courts as a tolling statute. *See*, *e.g.*, *In re Berjac of Oregon*, 538 B.R. 67, 78 (D. Or. 2015) ("Bankruptcy Code section 108 tolls the statute of limitations for debtors bringing certain nonbankruptcy law claims."); *Seawinds Ltd.*, 80 B.R. at 187, 189 (explaining that "section 108(a) provides a 'tolling period' of at least two years" and its purpose is "to give the trustee or debtor sufficient time to decide whether to start a lawsuit"); *In re Fairfield Sentry Ltd.*, 452 B.R. 52, 58 (Bankr. S.D.N.Y. 2011) (describing section 108 as containing "tolling provisions"); *AJ Ruiz Consultoria Empresarial S.A. v. Banco Bilbao Vizcaya Argentaria, S.A.*, No. AP 21-01213 (LGB), 2024 WL 460482, at *19 (Bankr. S.D.N.Y. Feb. 6, 2024) (explaining that a trustee "gets the benefit of section 108(a) tolling"). The Trustee cannot toll a tolling statute.

32. It is also inappropriate for the Court to prospectively extend statutes of limitations under non-bankruptcy laws which are tolled by section 108(a).[6] The text of section 108(a) gives

---

[6] Since the Trustee seeks an extension to assert only avoidance actions, Apple contends that section 108(a) is inapplicable. To the extent the Trustee attempts to assert non-bankruptcy claims against Apple in the future, such claims would be outside the tolling period permitted by section 108(a)

11

deference to applicable state law statutes of limitations, and nothing in the text of that tolling statute invites, permits or enables a federal court to override the policy decisions of state legislators. *See* 11 U.S.C. 108(a); *In re Health Support Network, Inc.*, No. 15-bk-10966-MGW, 2018 WL 1621027, at *3 (Bankr. M.D. Fla. Mar. 30, 2018) ("Unlike Rule 9006, § 108 only applies to time limitations fixed by nonbankruptcy law. It doesn't create or extend time limitations for bringing bankruptcy causes of action.").

33. Statutes of limitations exist for a reason—to provide finality. In the absence of an extension order, time-barred claims are useless to the Trustee. The Trustee's goal in obtaining yet another order for an extension of the statute of limitations is transparent—he wants more time to diligence additional non-debtor entities that will become the target of additional alter ego adversary proceedings, and then offensively use alter ego rulings into the bases for additional avoidance actions.

34. As the *Am. Purchasing Servs.* court has made clear, regardless of how well-intentioned the Trustee's desire to pursue recoveries may be, the commercial and legal expectations of litigation targets must prevail over the Trustee's objectives. The Trustee's Third Extension Motion must be denied.

**RESERVATION OF RIGHTS**

35. Apple reserves all rights, arguments, defenses, and remedies. To the extent the Trustee may seek to bring additional actions or claims against Apple that would be time-barred, Apple objects to the requested extension. Apple also reserves the right to challenge any claim brought by the Trustee that would be untimely but for the extension of the original February 15, 2024 deadline.

---

and therefore time-barred.

WHEREFORE, Apple respectfully requests that the Court deny the Trustee's motion to extend the February 15, 2025 deadline to file avoidance actions, at least as it applies to any actions or claims against Apple, and grant Apple such other and further relief as the Court deems appropriate.

Dated: February 7, 2025  
      New York, New York

*/s/ George Angelich*  
George Angelich (ct27542)  
Eric Roman (admitted *pro hac vice*)  
Patrick Feeney (admitted *pro hac vice*)  
ArentFox Schiff LLP  
1301 Avenue of the Americas, 42nd Floor  
New York, NY 10019  
T: 212.457.5423  
E: george.angelich@afslaw.com  
    eric.roman@afslaw.com  
    patrick.feeney@afslaw.com

- and -

Jin Yan (admitted *pro hac vice*)  
ArentFox Schiff LLP  
1717 K St. NW  
Washington, DC 20006  
T: 202.778.6442  
E: jin.yan@afslaw.com

*Counsel for Apple Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 7, 2025, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

Dated: February 7, 2025
       New York, New York

                                              */s/ George Angelich*
                                              George Angelich