**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                    :

In re:                                             :        Chapter 11
                                               :
HO WAN KWOK, *et al.*,[1]               :        Case No. 22-50073 (JAM)
                                               :
                  Debtors.         :        (Jointly Administered)
                                               :
---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S REPLY
IN SUPPORT OF CHAPTER 11 TRUSTEE'S EIGHTEENTH
SUPPLEMENTAL OMNIBUS MOTION FOR RULE 2004 EXAMINATION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this reply (the "Reply") in support of his *Eighteenth Supplemental Omnibus Motion for Rule 2004 Examination* [ECF No. 3981] (the "Rule 2004 Motion") and in response to the *Objection* [ECF No. 4006] thereto (the "Objection") filed by River Valley Operations LLC ("River Valley") and Wang's Realty Management Service Inc. ("Wang's Realty"). Further to his Reply and in further support of his Motion, the Trustee respectfully states the following:

**PRELIMINARY STATEMENT**

1.     River Valley and Wang's Realty—entities that have each transferred millions of dollars to the Debtor's associated entities or individuals—object to the Trustee's Rule 2004 Motion based solely on the "pending proceeding rule." Because the proposed Rule 2004 investigation

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

does not implicate this doctrine, the Objection should be overruled.

2.   River Valley is not an examinee from which the Trustee seeks discovery at all but is simply one of numerous topics listed in proposed document requests appended to the Trustee's motion.  As this Court has held in overruling similar objections *at least four times*, to the extent that the pending proceeding rule applies at all, it is where the Trustee seeks discovery *from* a party to an adversary proceeding.  The Court should not grant River Valley a fifth bite at the apple.

3.   Further, as the Trustee has previously explained and the Court has credited, the Debtor's financial affairs are comprised of vast webs of transfers, entities, and individuals, and excluding litigation parties from the scope of all Rule 2004 discovery would stymie the Trustee's holistic investigation.  The Debtor is also aware of this, and it is telling that these types of objections are consistently made by entities and individuals associated with the Debtor.

4.   As to Wang's Realty, the Trustee's Rule 2004 Motion makes clear that the focus of the Trustee's intended investigation is not the single postpetition transfer presently subject to an avoidance claim but rather the nearly $10 million that Wang's Realty has *transferred to* the Debtor's alter egos.  These transfers are not the subject of a pending claim and thus the pending proceeding rule is not implicated.  Accordingly, the Court should overrule the Objection and grant the Trustee's Rule 2004 Motion.

## **RELEVANT FACTS**

5.   On January 17, 2025, the Trustee filed his Rule 2004 Motion, seeking to obtain discovery from seven entities and individuals (the "<u>Examinees</u>"), including Wang's Realty.  River Valley is ***not*** one of the Examinees but is simply listed as one of many topics of discovery in the Trustee's proposed document requests.

6.   **River Valley** is among the many topics of investigation, because, among other

2

things, it has engaged in numerous transactions with the Debtor's alter egos and other entities and individuals associated with or controlled by the Debtor.[2] River Valley is nominally owned by Yumei Hao, a prominent supporter of the Debtor with roles in Debtor-associated organizations including the New Federal State of China and the Himalaya Global Alliance (including this organization's inner circle known as the "Iron Blood Group").

7.      The Trustee understands that the Debtor has used River Valley to transfer funds to and from other Debtor-controlled entities and to pay for the expenses of Debtor-associated entities and individuals (including the Debtor's daughter).[3] River Valley's transactions have been sufficiently suspect that one of its own banks flagged the entity as potentially engaging in money laundering and closed its account.

8.      The Trustee has sued River Valley in *Despins v. Curiosity Corp.*, et al. [Adv. Proc. No. 24-05248] (the "Curiosity Avoidance Action") to avoid and recover $45,000 in prepetition and $405,271.64 in postpetition transfers it received via the Debtor's alter egos, *i.e.*, Rule of Law Foundation III Inc. and Rule of Law Society IV Inc. ("ROL Society").[4]

---

[2] As noted in the Rule 2004 Motion (¶ 9(b)(ii)), River Valley was among the Debtor-associated entities that has transferred more than $1 million to another one of the Examinees, BioBoston Contract Laboratories Inc.

[3] By way of example, and among other things, the Debtor use River Valley to fund H Reserve Management Limited ("H Reserve"), which in turn paid expenses in the United Arab Emirates ("UAE") for Debtor-controlled entities. On August 10, 2022, River Valley received a transfer of approximately $8 million from the Debtor's alter ego, ACA Capital Group Limited, following which River Valley transferred $4.5 million to H Reserve's bank accounts in the UAE and transferred millions of dollars more in the aggregate to the UAE to pay landlords, a luxury hotel, providers of consulting, IT, legal, and other services, and a BMW dealership. It was with respect to these transfers, upon information and belief, that Yvette Wang directed Kevin Ma to "walk [her] through" the reconciliation of the "8 million USD original funding to H Reserve" and "clarify how the 8 million USD was deployed …"

By way of further example, on November 7, 2022, River Valley wired $100,000.00 to an account of Mei Guo at Citizens Bank. Mei Guo then used these funds to, among other things, pay Zeisler & Zeisler, P.C. $20,000.00 on December 8, 2022.

[4] More recently, on December 23, 2024, the Trustee asserted claims that River Valley is an alter ego of the Debtor in his *Second Complaint Pursuant to Bankruptcy Code sections 541, 542, and 544, Seeking (i) Declaratory*

9. As discussed in the Rule 2004 Motion, the Trustee seeks to investigate **Wang's Realty**, because this entity has transferred millions of dollars *to* the Debtor's alter egos. *See* Rule 2004 Motion at ¶ 9(b)(i). More specifically, Wang's Realty has effectuated nearly two dozen transfers totaling nearly $10 million to the Debtor's alter egos HCHK Property Management Inc., Lexington Property and Staffing Inc., ROL Society, HCHK Technologies Inc, GFNY Inc. ("GFNY"), and Golden Spring (New York) Ltd, as follows:

| Transferee | # of Transfers | Aggregate Amount | Earliest Date | Latest Date |
|---|---|---|---|---|
| HCHK Property Management Inc | 7 | $ 3,500,000.00 | 1/19/22 | 3/16/23 |
| Lexington Property and Staffing Inc | 4 | 2,000,000.00 | 11/7/22 | 11/10/22 |
| Rule of Law Society IV Inc | 6 | 1,583,377.47 | 3/13/23 | 4/18/23 |
| HCHK Technologies Inc | 3 | 1,500,000.00 | 2/3/23 | 2/7/23 |
| GFNY Inc | 2 | 1,000,000.00 | 3/1/23 | 3/2/23 |
| Golden Spring (New York) Ltd | 1 | 400,000.00 | 11/16/22 | 11/16/22 |
| Total | 23 | $ 9,983,377.47 | 1/19/22 | 4/18/23 |

10. The Trustee has asserted a claim against Wang's Realty in the Curiosity Avoidance Action to avoid and recover a single postpetition transfer of $1 million that Wang's Realty *received* from GFNY under section 549 of the Bankruptcy Code.

11. On January 24, 2025, Wang's Realty and River Valley filed their Objection. They did not meet and confer with the Trustee prior to doing so, as required by the local rules. *See* D. Conn. L. R. Bankr. P. 2004-1(4) ("The failure to comply with the requirements of D. Conn. L. Civ. R. 37 shall be grounds for overruling any objection filed to a [Rule 2004] motion."); D. Conn. L.

---

*Judgment that Certain Entities are Alter Egos of Debtor and (ii) Related Relief* [Adv. Proc. No. 24-05322 ECF No. 1]. The Trustee asserted the avoidance claims against River Valley in the Curiosity Avoidance Action in February 2024, more than ten months prior to asserting the alter ego claims. As with other avoidance claims asserted against entities the Trustee has asserted are the Debtor's alter egos, The Trustee believes that the avoidance claims should remain stayed pending the outcome of the alter ego litigation.

Civ. R. 37(a) (requiring, among other things, party seeking adjudication of discovery dispute to first meet and confer with opposing party and certify compliance by affidavit).

## **RIVER VALLEY IS NOT EXCLUDED FROM TOPICS OF INVESTIGATION**

12. River Valley is ***not*** an Examinee but rather is simply one of many topics listed in the Trustee's proposed document requests. The pending proceeding rule does not require that the Trustee exclude all parties to adversary proceedings (of which there are hundreds) from the matters of inquiry in his Rule 2004 investigations. Thus, ***at least four times*** the Court has overruled similar objections to omnibus Rule 2004 motions, recognizing that the pending proceeding doctrine applies in scenarios where the proposed examinee is the party in a pending adversary proceeding.[5] The Court's prior rulings are resoundingly correct, addressing much of the case law cited in the Objection, and the Court should not revisit this issue.

13. Nor is the Trustee attempting to use Rule 2004 discovery to circumvent adversary proceeding discovery. Rather, as the Court has previously recognized, conducting a holistic investigation of the Debtor's financial affairs requires including all relevant subject matter, including matters involving litigation parties. This is because the Debtor's shell game was effectuated through many thousands of transfers between his associated entities and individuals.

---

[5] *See Omnibus Reply of Chapter 11 Trustee to (a) G Club Operations LLC Limited's Objection and (b) Shin Hsin Yu and Jie Zhang's Objection to Chapter 11 Trustee's Eighth Supplemental Omnibus Rule 2004 Motion* [ECF No. 2369] (noting (in ¶¶ 17-20) in reply to objection by Debtor's associates arguing pending proceeding doctrine required they be excluded from subject matter of Trustee's Rule 2004 investigation, that Court had previously overruled purported ground for objection on three prior occasions); *Order Granting Eighth Supplemental Omnibus Motion of Chapter 11 Trustee for Entry of Order under Bankruptcy Rule 2004 and Local Rule 2004-1 Authorizing Discovery with Respect to Additional Relevant Banks* [ECF No. 2393]; *Order Granting Chapter 11 Trustee's Sixth Supplemental Omnibus Motion for Rule 2004 Examination* [ECF No. 2210] ("The pending proceeding doctrine, however, is not an exception that swallows the rule: generally, it is applied where there is a pending proceeding between the proposed examiner and examinee."); *Order Granting Chapter 11 Trustee's Fifth Supplemental Omnibus Motion for 2004 Examination* [ECF No. 1891]; *Order Granting Chapter 11 Trustee's Second Supplemental Omnibus Motion for 2004 Examination* [ECF No. 1184].

Carving out all parties to adversary proceedings from the subject matter of the Trustee's Rule 2004 investigations would result in breaks in the chains of asset movement and the webs of interconnected relationships. *See Order Granting Chapter 11 Trustee's Sixth Supp. Omnibus Mot. for Rule 2004 Examination* [ECF No. 2210] at pp. 5-6 ("[T]he Court is persuaded by the argument of the Trustee that the purpose of including the [objectors] as related parties in the Rule 2004 Motion is not to obtain discovery relevant to the Adversary Proceeding but rather to ensure that there is not a gap created in the Trustee's understanding of the flow of assets between entities related to Mr. Kwok because the Trustee did not ask about the [the objectors].").

### INVESTIGATION OF WANG'S REALTY IS APPROPRIATELY TAILORED

14.     As the Rule 2004 Motion makes clear, the Trustee requests to investigate Wang's Realty not because it *received* a transfer at issue in the Curiosity Avoidance Action, but primarily because Wang's Realty **effectuated nearly $10 million in transfers to the Debtor via his alter egos.** This subject matter is well within the scope of Rule 2004 and important to the Trustee's investigation of the Debtor's shell game, which relies on shell companies nominally owned by and operated with the assistance of the Debtor's associates.

15.     Through his Rule 2004 investigation, the Trustee intends to obtain documents and information concerning matters including: (a) the purposes of nearly $10 million Wang's Realty transferred to the Debtor's alter egos; (b) the individuals who directed that such transfers be made or were otherwise involved in these transactions; and (c) the origins of the moneys Wang's Realty transferred and whether they were property of the bankruptcy estate. Investigating this subject matter may well lead to the discovery of additional estate assets and, at a minimum, will provide the Trustee a better understanding of the Debtor's financial affairs.

16.     Further, as the Trustee would have advised Wang's Realty had it met and conferred

with the Trustee prior to filing its Objection as local rules require—it did not—the Trustee is prepared to carve out from his Rule 2004 investigation of Wang's Realty the transfer at issue in the Trustee's claim against it in the Curiosity Avoidance Action. A revised proposed order making this carve out explicit is attached hereto as **Exhibits 1-A and 1-B** (in clean and redline forms).

17. Wang's Realty argues that the pending proceeding rule prevents the Trustee from examining and seeking discovery from it under Rule 2004 *at all*. This is wrong. The pending proceeding rule is not contained in Bankruptcy Rule 2004; rather, it is a court-made doctrine to prevent parties from "circumvent[ing] the safeguards and protections of the Federal Rules of Civil Procedure" that govern adversary proceeding discovery. *See In re Wash. Mut., Inc.*, 408 B.R. 45, 51 (Bankr. Del. 2009); *see also In re Int'l Fibercom*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (holding "when the Rule 2004 examination relates not to the pending adversary litigation, but to another matter, the 'pending proceeding' rule does not apply").

18. The pending proceeding rule is inapplicable to the Trustee's Rule 2004 Motion, because the topics which the Trustee seeks to investigate are different from those at issue in the claim against Wang's Realty in the Curiosity Avoidance Action. This is made crystal clear by the Trustee's agreement to carve out the postpetition transfer at issue in that adversary proceeding. Accordingly, the Court should overrule the Objection and grant the Trustee's Rule 2004 Motion.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]

WHEREFORE, based on the foregoing, the Court should grant the Rule 2004 Motion, overrule the Objection, and grant such other and further relief as is just and proper.

Dated: February 7, 2025
      New Haven, Connecticut

                      LUC A. DESPINS, CHAPTER 11 TRUSTEE

                By: */s/ Patrick R. Linsey*
                    Patrick R. Linsey (ct29437)
                    NEUBERT, PEPE & MONTEITH, P.C.
                    195 Church Street, 13th Floor
                    New Haven, Connecticut 06510
                    (203) 781-2847
                    plinsey@npmlaw.com

                        *and*

                    G. Alexander Bongartz (admitted *pro hac vice*)
                    Douglass Barron (admitted *pro hac vice*)
                    PAUL HASTINGS LLP
                    200 Park Avenue
                    New York, New York 10166
                    (212) 318-6079
                    alexbongartz@paulhastings.com
                    douglassbarron@paulhastings.com

                        *and*

                    Nicholas A. Bassett (admitted *pro hac vice*)
                    PAUL HASTINGS LLP
                    2050 M Street NW
                    Washington, D.C., 20036
                    (202) 551-1902

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                      :

In re:                                           :        Chapter 11

HO WAN KWOK *et al.*,                :        Case No. 22-50073 (JAM)

            Debtors.[1]                   :        Jointly Administered

-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof the foregoing was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case able to receive electronic notice by operation of the Court's electronic filing ("CM/ECF") system.

Dated: February 7, 2025                Luc A. Despins, as Chapter 11 Trustee
New Haven, Connecticut

                                                  By: */s/ Patrick R. Linsey*
                                                      Patrick R. Linsey (ct29437)
                                                      NEUBERT, PEPE & MONTEITH, P.C.
                                                      195 Church Street, 13th Floor
                                                      New Haven, Connecticut 06510
                                                      (203) 781-2847
                                                      plinsey@npmlaw.com

                                                        *Counsel for the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## EXHIBIT 1-A

**(Revised Proposed Order – Clean Version)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
-------------------------------------------------------x

**[REVISED PROPOSED] ORDER GRANTING
EIGHTEENTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11
TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND
LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO
ADDITIONAL RELEVANT BANKS, ADDITIONAL ENTITIES AND INDIVIDUALS
ASSOCIATED WITH DEBTOR, AND PAYROLL PROCESSING ENTITY**

Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Examinees listed on Exhibit B thereto (the "Application", ECF No. 3981), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing, see 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

**ORDERED**: The Rule 2004 Motion is granted as set forth below.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-7 and to serve the Subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Examinees listed on Exhibit B to the Application.

**ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Examinees are hereby directed to produce all documents within 14 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Examinee does not produce any documents requested in the Subpoena on the basis of some privilege, the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 14 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Examinee listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Monteith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

**ORDERED**: The objection to the Application filed by River Valley Operations LLC and Wang's Realty Management Service Inc. ("Wang's Realty") [ECF No. 4006] is hereby **OVERRULED** on the merits.

**ORDERED**: The scope of the Trustee's document and information requests directed to Wang's Realty shall exclude the transfer as to which the Trustee seeks avoidance and recovery from Wang's Realty in *Despins v. Curiosity Corp.*, et al. [Adv. Proc. No. 24-05248].

Dated: _____, 2025

                                                          _____
                                                          Julie A. Manning,
                                                          United States Bankruptcy Judge

# **EXHIBIT 1-B**

**(Revised Proposed Order – Redline Version)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                          :

In re:                                            :      Chapter 11

HO WAN KWOK, *et al*.,[1]       :      Case No. 22-50073 (JAM)

             Debtors.              :      (Jointly Administered)
                                                           :
------------------------------------------------------x

**[REVISED PROPOSED] ORDER GRANTING
EIGHTEENTH SUPPLEMENTAL OMNIBUS MOTION OF CHAPTER 11
TRUSTEE FOR ENTRY OF ORDER UNDER BANKRUPTCY RULE 2004 AND
LOCAL RULE 2004-1 AUTHORIZING DISCOVERY WITH RESPECT TO
ADDITIONAL RELEVANT BANKS, ADDITIONAL ENTITIES AND INDIVIDUALS
ASSOCIATED WITH DEBTOR, AND PAYROLL PROCESSING ENTITY**

      Upon consideration of the Application seeking an order authorizing a Federal Rule of Bankruptcy Procedure 2004 examination of the Examinees listed on Exhibit B thereto (the "Application", ECF No. 3981____), filed by Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Applicant"), after notice and a hearing, see 11 U.S.C. § 102(1), it appearing that cause exists to grant the requested relief as conditioned hereafter; it is hereby

      **ORDERED**: The Rule 2004 Motion is granted as set forth below.

      **ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized to sign Subpoenas in a form substantially similar to the Subpoenas attached to the Rule 2004 Motion as Exhibits C-1 to C-7 and to serve the Subpoenas, along with a copy of this Order, in accordance with Bankruptcy Rule 2004 requiring examination and the production of documents by the Examinees listed on Exhibit B to the Application.

      **ORDERED**: Subject to any rights under the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, and applicable Local Rules, and unless otherwise ordered by the Court, the Examinees are hereby directed to produce all documents within 14 days of the service of the Subpoena, or such other time as agreed upon by the Trustee. To the extent an Examinee does not produce any documents requested in the Subpoena on the basis of some privilege, the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Examinee is hereby directed to produce to the Trustee a privilege log that comports with Fed. R. Civ. P. 45(e)(2), made applicable by Fed. R. Bankr. P. 9016, and D. Conn. L. Civ. R. 26(e), within 14 days of service of the Subpoena, or such other time as agreed upon by the Trustee.

**ORDERED**: The Examinees are hereby directed to ensure that all documents and other information, including without limitation in any electronic format, requested in the Subpoenas or otherwise relevant to the Debtor, his business, assets, liabilities, financial condition, or this Chapter 11 case, are properly maintained, are available for production, inspection and copying, and are not destroyed.

**ORDERED**: Neubert, Pepe & Monteith, P.C., as counsel for the Trustee, is hereby authorized, without further order of this Court, to take the testimony of one or more representatives of any Examinee listed on Exhibit B to the Application by examination under Bankruptcy Rule 2004 either at the offices of Neubert, Pepe & Monteith, 195 Church Street, 13th Floor, New Haven, CT 06510, at the offices of Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, or at such other place that is mutually acceptable to the parties, on a date acceptable to the Trustee, which, at the election of the Trustee, shall be not less than 14 calendar days after the production of documents by the proposed examinee in compliance with the Subpoena and this Order pursuant to Bankruptcy Rule 2004, and such examination shall continue from day to day until completed.

**ORDERED**: The objection to the Application filed by River Valley Operations LLC and Wang's Realty Management Service Inc. ("Wang's Realty") [ECF No. 4006] is hereby **OVERRULED** on the merits.

**ORDERED**: The scope of the Trustee's document and information requests directed to Wang's Realty shall exclude the transfer as to which the Trustee seeks avoidance and recovery from Wang's Realty in *Despins v. Curiosity Corp.*, et al. [Adv. Proc. No. 24-05248].

Dated: _____, 2025

> _____
> Julie A. Manning,
> United States Bankruptcy Judge

2