B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br>Electric AI Inc |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Douglas S. Skalka, Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13 Floor, New Haven, CT 06510<br>203-781-2847 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor       □ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>□ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor       ☑ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY OF POSTPETITION TRANSFERS AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 549 AND 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Douglas S. Skalka | | |
| DATE<br>February 12, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Douglas S. Skalka | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
                Debtors. : (Jointly Administered)
:
-------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 25-[      ]
              Plaintiff, :
v. :
:
: February 12, 2025
ELECTRIC AI INC, :
:
              Defendant. :
:
-------------------------------------------------------x


**COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY
OF POSTPETITION TRANSFERS AND RELATED RELIEF PURSUANT TO
BANKRUPTCY CODE SECTIONS 549 AND 550**

      Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

adversary complaint (the "Complaint") against defendant Electric AI Inc (the "Defendant"),

stating as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**NATURE OF ACTION**

1.      The Trustee commences this adversary proceeding to avoid and recover transfers of property of the Debtor's chapter 11 estate after the commencement of this Chapter 11 Case and not authorized by the Bankruptcy Court under Title 11 of the United States Code (the "Bankruptcy Code").

2.      Following the Petition Date, the Debtor, through his alter-ego shell company, HCHK Technologies Inc. ("HCHK Technologies"), transferred funds in the amount of $134,687.00 to the Defendant as the initial transferee.

3.      Because these postpetition transfers of estate property were not authorized by the Court or under the Bankruptcy Code, they are subject to avoidance and recovery under sections 549 and 550 of the Bankruptcy Code.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

5.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

6.      The statutory predicates for the relief sought herein include sections 549 and 550 of the Bankruptcy Code.

**THE PARTIES**

7.      The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

8.      The Defendant is a Delaware corporation with an address and place of business at 915 Broadway, Floor 11, Suite 1106, New York, New York, 10010.

## FACTS

### A.      Chapter 11 Case

9.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Court" or "Bankruptcy Court"), thus commencing the Chapter 11 Case.

10.     On March 21, 2022, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case.  No examiner has been appointed.

11.     The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[2]  While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and/or transferred through his many alter-ego shell companies, including HCHK Technologies.

12.     On June 15, 2022, the Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

---

[2]      Schedule of Assets and Liabilities, at 1 [Main Case Docket No. 78].

B.    **Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

13.    HCHK Technologies is among the numerous alter-ego shell companies used by the Debtor to hinder, delay, and/or defraud his creditors.  For years, the Debtor  orchestrated a "shell game," employing a convoluted web of shell companies, nominally owned by family members, lieutenants, and/or subordinates, but in reality, controlled by the Debtor.  This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets while concealing his property from creditors.

14.    Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several the Bankruptcy Court has already granted such relief. [3]

15.    The Court has entered judgment to the effect that HCHK Technologies is the Debtor's alter ego and that its property, prior to the Petition Date, was property of the Debtor. (Adv. Proc. No. 23-5013 (the "HCHK Entities A.P."), Docket No. 296 (the "HCHK Entities Judgment"). The HCHK Entities Judgment is final and no longer subject to appeal. The Trustee refers to and incorporates herein his Complaint filed in the HCHK Entities A.P. (HCHK Entities A.P., Docket No. 1) and the HCHK Entities Judgment.

---

[3]    Adversary proceedings in which the Trustee is seeking or has obtained such relief include, in addition to the HCHK Entities A.P.: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC*, et al. [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC*, et al. [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC*, et al. [Adv. Proc. No. 23-05017]; (v) *Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited* [Adv. Proc. 23-05018]; (vi) *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC*, et al. [Adv. Proc. 23-05023]; (vii) *Luc A. Despins, Chapter 11 Trustee v. ACA Capital Group Ltd.*, et al. [Adv. Proc. 24-05249]; (viii) (*Luc A. Despins, Chapter 11 Trustee v. Bouillor Holdings Limited*, et al. [Adv. Proc. No. 24-5311]; and (ix) *Luc A. Despins, Chapter 11 Trustee v. AA Global Ventures Limited*, et al. [Adv. Proc. No. 24-05322].

16.    The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

**C.    Debtor's Shell Game and Fraud Continues Postpetition**

17.    As of the Petition Date, all of the Debtor's property held through his alter egos, including HCHK Technologies, became property of the Debtor's chapter 11 estate. *See* 11 U.S.C. § 541(a)(1).

18.    Following the Petition Date, the Debtor, with blatant disregard for the Bankruptcy Court and his obligations under the Bankruptcy Code, continued to effectuate transfers through numerous alter-ego shell companies, including, without limitation, HCHK Technologies.

19.    None of these postpetition transfers were authorized by the Bankruptcy Court nor were such transfers authorized under the Bankruptcy Code.

**D.    Tolling of Avoidance Claims**

20.    On February 15, 2024, the Court entered its *Memorandum of Decision and Order Granting in Part Motion to Extend Deadlines* [Main Case Docket No. 2921] (the "Tolling Order"), in which the Court, pursuant to Bankruptcy Rule 9006(b), extended the time limitations set forth in Sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through and including August 15, 2024.

21.    In the Tolling Order, the Court found that since the Petition Date, the Debtor has, among other things, filed incomplete or inaccurate schedules and statements of financial affairs, failed to provide books and records to the Trustee, and otherwise failed to cooperate with the

Trustee, all in flagrant disregard for his obligations as a debtor under the Bankruptcy Code. (Tolling Order at p. 14.).

22.    The Debtor's family members and other individuals and entities associated with him have likewise obstructed the Trustee's investigation, as evidenced by the Court's entry of "at least eight orders holding the … Debtor, his daughter, [Mei] Guo, and entities allegedly controlled by the … Debtor in contempt for failure to turn over assets and discovery abuse."  (*Id.* at p. 15.). The Court found the "noncompliance with this Court's orders in these jointly administered chapter 11 cases, is extraordinary" (*id.*), and that, in the face of such obstruction, the Trustee's investigation has been "more than reasonably diligent." (*id.* at p. 17).  Since February 2024, the Trustee has filed more than 280 adversary proceedings. (*See* Main Docket, generally).

23.    On August 14, 2024, the Court entered its *Order Granting Second Motion for Extension of Deadline for Trustee to File Avoidance Actions* [Main Case Docket No. 3417] (the "Second Tolling Order"), further extending the time limitations set forth in Sections 108, 546, and 549 of the Bankruptcy Code for the Trustee to commence avoidance actions through February 15, 2025, and noting the continued obstacles to the Trustee's investigation and the Trustee's diligence in conducting same (Second Tolling Order at pp. 2-3).

24.    The Trustee has acted diligently in investigating and pursuing the claims asserted in this Complaint.

25.    In light of, among other things, the extraordinary obstruction that the Trustee has faced in conducting his diligent investigation, the balance of the equities strongly favors equitable tolling of any statutes of limitations applicable to the claims asserted herein.

**E.**    **Transfers to the Defendant**

26.    Subsequent to the Petition Date, the Debtor, through his shell company HCHK Technologies, transferred property of the Debtor's chapter 11 estate to the Defendant (collectively, the "Transfers"), including, without limitation, as follows:

See **SCHEDULE A** attached hereto and made a part hereof.

27.    At the time of the Transfers, the Debtor had outstanding obligations to creditors of the Debtor's estate.

28.    The Defendant was the initial transferee of the Transfers.

## FIRST CLAIM

**(Claim to Avoid and Recover Unauthorized Transfers pursuant to
Bankruptcy Code sections 549 and 550(a))**

29.    The Trustee repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

30.    The Transfers were made to the Defendant by the Debtor, including through his alter-ego shell company, HCHK Technologies.

31.    The Transfers occurred after the Petition Date.

32.    The Transfers were not authorized by the Bankruptcy Court or by the Bankruptcy Code.

33.    The Transfers constituted the unauthorized transfer of property of the Debtor's chapter 11 estate.

34.    The Transfers are avoidable pursuant to section 549(a) of the Bankruptcy Code.

35.    Pursuant to section 550(a) of the Bankruptcy Code, the Trustee is entitled to recover the Transfers, or the value thereof, from the Defendant plus interest thereon to the date of payment and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.      On the First Claim, an order (a) declaring that the Transfers in an amount not less than $134,687.30 are avoided pursuant to section 549 of the Bankruptcy Code; and (b) an order directing that the Transfers be set aside; and (c) recovery of the Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to section 550(a)(1) of the Bankruptcy Code;

2.      Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

3.      Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

Dated:  February 12, 2025                    LUC A. DESPINS,
        New Haven, CT                        CHAPTER 11 TRUSTEE


                                             By: /s/ *Douglas S. Skalka*
                                                 Douglas S. Skalka (ct00616)
                                                 Patrick R. Linsey (ct29437)
                                                 NEUBERT, PEPE & MONTEITH, P.C.
                                                 195 Church Street, 13th Floor
                                                 New Haven, Connecticut 06510
                                                 (203) 781-2847
                                                 dskalka@npmlaw.com
                                                 plinsey@npmlaw.com
                                                 *Counsel for the Chapter 11 Trustee*

## SCHEDULE A

| ID # | Account Holder | Date | Amount |
|------|----------------|------|--------|
| 1 | HCHK Technologies Inc | 4/25/2022 | $ (130,894.34) |
| 2 | HCHK Technologies Inc | 5/25/2022 | (3,792.96) |
| **Total - Payments to Electric AI Inc** | | | **$ (134,687.30)** |