**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF No. 4004 |

**ORDER GRANTING IN PART THIRD MOTION FOR EXTENSION
OF DEADLINE FOR TRUSTEE TO FILE AVOIDANCE ACTIONS**

On February 15, 2024, the Court entered the Memorandum of Decision and Order Granting in Part Motion to Extend Deadlines (the "First Extension Order"). (ECF No. 2921.) After notice and an evidentiary hearing held on February 13, 2024 (the "First Extension Hearing"), the First Extension Order granted, for the reasons stated therein, the Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions (the "First Extension Motion") (ECF No. 2509), filed by Mr. Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok. The First Extension Order extended the statutes of limitations set forth in 11 U.S.C. §§ 108, 546, and 549 for the Trustee to file avoidance actions from February 15, 2024 – the two-year anniversary of the voluntary filing by Mr. Kwok of his Chapter 11 petition – to August 15, 2024 (the "First Extension Order," ECF No. 2921).

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

On July 19, 2024, the Trustee filed the First Supplemental Motion to Extend August 15, 2024 Deadline for Trustee to File Avoidance Actions (the "Second Extension Motion"). (ECF No. 3329.) Several objections were filed to the Second Extension Motion. An evidentiary hearing on the Second Extension Motion was held on August 13, 2024. After consideration of the arguments advanced prior to and during the evidentiary hearing, on August 14, 2024, an Order Granting the Second Extension Motion entered extending the statutes of limitations set forth in 11 U.S.C. §§ 108, 546, and 549 for the Trustee to file avoidance actions from August 15, 2024 to February 15, 2025 (the "Second Extension Order," ECF No. 3417).[2]

On January 24, 2025, the Trustee filed the Second Supplemental Motion to Extend Deadline for Trustee to File Avoidance Actions (the "Third Extension Motion"). (ECF No. 4004.) On January 27, 2025, the Clerk of Court issued a Notice of Hearing, scheduling a hearing on Third Extension Motion to be held on February 11, 2025, and setting a deadline of February 7, 2025, to object to the Third Extension Motion. (ECF No. 4009.)

On February 7, 2025, timely objections to the Third Extension Motion (the "Objections") were filed by G Club Operations, LLC, Himalaya International Financial Group Limited and others joining, Amazon Web Services, Inc., Miller Motorcars, Inc., Ogier, FFP (BVI) Ltd., Apple Inc., American Express Company, Meta Platforms, Inc., and Weddle Law PC (the "Objectors").[3]

---

[2] The First and Second Extension Orders are incorporated herein by reference.

[3] Several parties filed objections in Mr. Kwok's Chapter 11 case. ECF Nos. 4034, 4035, 4039, 4041, 4044. Other parties filed objections in adversary proceedings. *Despins v. Ogier (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05012 (JAM) (Bankr. D. Conn. Feb. 7, 2025), ECF No. 23; *Despins v. FFP (BVI) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05056 (JAM) (Bankr. D. Conn. Feb. 7, 2025), ECF No. 36; *Despins v. Apple Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05060 (JAM) (Bankr. D. Conn. Feb. 7, 2025), ECF No. 69; *Despins v. Meta Platforms Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05117 (JAM) (Bankr. D. Conn. Feb. 7, 2025), ECF No. 44; *Despins v. Weddle Law PLLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05188 (JAM) (Bankr. D. Conn. Feb. 7, 2025), ECF No. 52. Certain parties filed notices of their objections in either the

On February 10, 2025, the Trustee filed a list of witnesses and exhibits in advance of the scheduled evidentiary hearing. (ECF No. 4046.)

On February 11, 2025, an evidentiary hearing was held on the Third Extension Motion (the "Third Extension Hearing"). The Trustee testified and was subject to cross-examination during the Third Extension Hearing by several of the Objectors. The parties also advanced their respective arguments during the hearing. At the conclusion of the hearing, the Court took the Third Extension Motion under advisement.

Having considered: (i) the Third Extension Motion and the Objections; (ii) the testimony of the Trustee and the arguments of the parties during the Third Extension Hearing; (iii) the pleadings filed in relation to the First and Second Extension Motions and the testimony of the Trustee and arguments of the parties during the First and Second Extension Hearings; and (iv) matters of which the Court may take judicial notice, the Court finds the Trustee has established cause under Fed. R. Bankr. P. 9006(b) to grant the Third Extension Motion, which cause includes without limitation: (1) the pendency of the criminal action styled *United States v. Kwok*, 23 cr 118 (AT) (S.D.N.Y. July 18, 2024) from March 2023 through the date of the entry of this Order and its impact on these cases and the multitude of related adversary proceedings; (2) Mr. Kwok's ongoing contempt of court and failure to perform his statutory duties under 11 U.S.C. § 521; (3) other parties' ongoing contempt of court; (4) the complexity and extent of Mr. Kwok's financial by affairs; and (5) the Trustee's diligence in his investigation. The Court is unpersuaded by the arguments of the Objectors to the contrary, including without limitation the arguments that: (a)

---

Chapter 11 case, if they filed their objection in an adversary proceeding, or in the adversary proceeding if they filed their objection in the Chapter 11 case. ECF Nos. 4040, 4042; *Despins v. Am. Express Co. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05077 (JAM) (Bankr. D. Conn. Feb. 7, 2025), ECF No. 28.

3

the Objectors will be prejudiced by a further extension of the deadline even though the adversary proceedings pending against all the Objectors were commenced before the First Extension Order entered; and (b) the facts and circumstances of these jointly administered Chapter 11 cases are, at this time, no longer extraordinary. However, the extension of the statutes of limitations set forth in 11 U.S.C. §§ 108, 546, and 549 granted herein will be the final extension applicable to avoidance actions filed by the Trustee. Any further extensions must be sought upon motion in a pending avoidance action or in a subsequently commenced avoidance action.

Accordingly, pursuant to Fed. R. Bankr. P. 9006, it is hereby

**ORDERED:** The Third Extension Motion (ECF No. 4004) is granted as set forth herein; and it is further

**ORDERED:** The time limitations set forth in 11 U.S.C. §§ 108, 546, and 549 for the Trustee to commence avoidance actions and other actions on behalf of the estate, as well as for amending any pending complaints, are extended through and including August 15, 2025; and it is further

**ORDERED**: Any additional requests for extension of the statutes of limitations set forth in 11 U.S.C. §§ 108, 546, and 549, must be made by motion and shall be filed in a specific pending avoidance action or in a subsequently commenced avoidance action; and it is further

**ORDERED:** The terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED:** The Trustee is authorized to take all actions necessary to effectuate the relief granted herein; and it is further

**ORDERED:** The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated at Bridgeport, Connecticut this 14th day of February, 2025.

Julie A. Manning
United States Bankruptcy Judge
District of Connecticut