## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

---------------------------------------------------x
:
In re:                                           :    Chapter 11
:
HO WAN KWOK, *et al.*,                           :    Case No. 22-50073 (JAM)
:
Debtors.[1]                      :    Jointly Administered
:
---------------------------------------------------x

## COVERSHEET FOR FIRST INTERIM FEE
### APPLICATION OF UK BARRISTERS

| | |
|---|---|
| Interim Application of: | Paul Wright and Peter Shaw KC |
| Time Period: | March 1, 2024 through December 31, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | December 14, 2022 [ECF No. 1240] (effective as of November 1, 2022) |

**Amount Requested**[2]

| Fees: | £22,435.00 |
|---|---|
| Expenses: | £0.00 |
| **Total:** | **£22,435.00** |

**Reductions**

| Voluntary Fee Reductions: | none |
|---|---|
| Voluntary Expenses Reductions: | none |

**Fees Previously Requested**[3]

| Requested Fees: | £6,905.00 |
|---|---|
| Awarded Fees: | £6,905.00 |
| Paid Fees: | £6,905.00 |

**Retainer Request**

None

**Expenses Previously Requested**

| Requested Expenses: | £0.00 |
|---|---|
| Awarded Expenses: | £0.00 |
| Paid Fees: | £0.00 |

**Expense Detail**

| Retainer Received: | Not applicable |
|---|---|
| Copies per page cost & total: | Not applicable |

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Mr. Wright requests allowance of fees is in the amount of £9,210.00, which is approximately $11,700.00 based on the conversion rate as of the filing of this Application. In addition, Mr. Wright's colleague at 9 Stone Buildings, Mr. Shaw KC, requests allowancee of fees in the amount of £13,225.00, which is approximately $16,800.00 based on the conversion rates as of the filing of t his Application.

[3]  As detailed below, Mr. Wright had previously submitted two invoices to Paul Hastings LLP, which were included as expenses on Paul Hastings' first and second interim fee applications, both of which have been approved by this Court.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                                    :
In re:                              :    Chapter 11
                                    :
HO WAN KWOK, *et al.*,              :    Case No. 22-50073 (JAM)
                                    :
            Debtors.[1]             :    Jointly Administered
                                    :
---------------------------------------------------x

### SECOND INTERIM FEE APPLICATION OF UK BARRISTERS FOR COMPENSATION FOR PERIOD FROM MARCH 1, 2024 THROUGH DECEMBER 31, 2024

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim Compensation Order"), Paul Wright and Peter Shaw KC (together, the "Applicants"), as United Kingdom barristers to Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby file this *Second Interim Application of UK Barristers, for Compensation and Reimbursement of Expenses for the Period from March 1, 2024 through December 31, 2024* (the "Application"). By this

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Application, the Applicants request interim allowance of professional fees incurred during the period from March 1, 2024 through and including December 31, 2024 (the "Application Period") in these chapter 11 cases.  In support of this Application, the Applicants respectfully state as follows:

### JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The legal predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.        The Applicants believe that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2]  The Applicants respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.        Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application; and

- **Exhibit B** contains the detail of the fees and expenses incurred during the Application Period.

---

[2]    Mr. Wright reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

**BACKGROUND**

5.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary

petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District

of Connecticut (Bridgeport Division) (the "Court").

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of

Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case.  No examiner

has been appointed in the Individual Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF

No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee

in the Individual Debtor's chapter 11 case.

8.      Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins

as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A.

Despins as the Trustee in the Individual Debtor's chapter 11 case.

9.      By order entered December 14, 2022, the Court authorized Mr. Wright's retention

as barrister in the United Kingdom for the Trustee [ECF No. 1240] (the "Retention Order")

effective as of November 1, 2022 in the Debtor's chapter 11 case.  The Retention Order

authorizes Mr. Wright to be compensated on an hourly basis and reimbursed for actual and

necessary out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.  Mr. Wright is a

barrister at 9 Stone Buildings, at which Mr. Shaw KC is also a barrister.

10.      Prior to this Application, Mr. Wright submitted two invoices to Paul Hastings

LLP, dated February 7, 2023 and April 25, 2023, respectively.  Paul Hastings paid $10,478.43

and $1,091.59 to Mr. Wright on account of these two invoices and requested reimbursement of

these payments in its first and second interim fee applications [Docket Nos. 1831 and 2051], which the Court approved.  *See* Docket Nos. 1964 and 2190.

11.     In addition, as part of the fee application of the Trustee's UK solicitor, Pallas Partners LLP ("Pallas"), dated December 27, 2023 [Docket No. 2475], Pallas sought reimbursement of a third invoice submitted by Mr. Wright to Pallas Partners LLP.  At the request of the U.S. Trustee, Pallas removed that invoice from their fee application.

12.     On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

13.     On May 14, 2024, the Applicants filed their *First Interim Application of UK Barristers, for Compensation and Reimbursement of Expenses for the Period from January 24, 2023 through February 29, 2024* [Docket No. 3257] (the "First Interim Fee Application"), requesting interim allowance of professional fees incurred during the period from January 24, 2023 through and including February 29, 2024 in these chapter 11 cases.

14.     On June 18, 2024, the Court granted the First Interim Fee Application.

## **ALLOWANCE REQUEST**

15.     The Applicants are applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

16.     For the Application Period, the Applicants seek allowance of £22,435.00[3] as compensation for services rendered.  The Applicants devoted 64.45 hours to this case during the Application Period.

---

[3]     This total includes £25.00 of wire fees which was previously withheld from payment made in connection with

17.     Throughout the Application Period, the Applicants maintained records to indicate the time spent on a particular issue, and the nature of the work performed. These records, which describe in detail the services rendered by the Applicants, were created at the approximate time the services were performed.

18.     Annexed hereto and made a part hereof as **Exhibit B** is a detailed billing report, upon which this application is based that contains the professional's time for the Debtor's bankruptcy case, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates, the time spent in rendering such service, and the value of such services.

### Summary of Services Rendered

19.     Upon being formally instructed, the Applicants were asked to provide representation of the Trustee in United Kingdom court hearings in connection with the English litigation proceedings (the "UBS Action") brought by the Debtor, Ace Decade Holdings Limited ("Second Claimant") and Dawn State Limited ("Third Claimant") (both BVI companies) against UBS AG (the "Defendant") (Case CL-2020-000345), which litigation concerns property of the Debtor's estate.

20.     In consultation with Pallas, the Trustee's solicitors in the United Kingdom,[4] the Applicants have advised the Trustee on the UBS Action, including with respect to cost management, with Mr. Wright serving and junior counsel, and Mr. Shaw KC leading Mr. Wright. The complaint in the UBS Action alleges damages in a substantial sum – approximately £500 million. The Trustee contends that he is entitled to control the Second and Third Claimants and

---

the First Interim Fee Application.

[4]     The application to retain Pallas was authorized by order dated March 24, 2023 [Docket No. 1596], and the scope of Pallas' retention was expanded by order dated January 7, 2025 [Docket No. 3942].

that any recoveries from the UBS Action are for the benefit of the Debtor's estate.  He applied to

the High Court of Justice in England for an order staying the UBS Action, pending a

determination by a BVI court that the Trustee owns the shares in the Second Claimant and the

Third Claimant.  The Applicants have continued to advise the Trustee in connection with the

UBS Action and the stay thereof.

     21.    Additionally, in consultation with Pallas, the Applicants advised the Trustee in

connection with Hamilton Capital Holding Ltd ("Hamilton"), an entity which the Trustee

maintains is part of the Debtor's estate and which he is seeking to obtain control over, pursuant

to Hamilton entering into administration (the "Hamilton Administration").  The Applicants

conducted legal research in connection with the Hamilton Administration and advised the

Trustee on strategy in connection with the matter, including regarding the attempts by the joint

administrators of Hamilton to vary a worldwide freezing order and sell certain assets of Hamilton

including valuable gold in the company's possession, and over which the Trustee maintains a

beneficial claim on behalf of the Debtor's estate.  In this regard, the Applicants assisted with

preparing an application on behalf of the Trustee seeking (a) an order requiring Hamilton's joint

administrators to retain any proceeds of sale in respect of Hamilton's property until the final

determination of the Trustee's claim in this Court for a declaration that Hamilton and its assets

are beneficially owned by the Trustree and (b) in the alternative, a proprietary injunction in

similar terms.

     22.    The work undertaken by the Applicants to date has been significant, involving

strategic input and advice, including as it relates to both the UBS Action and the Hamilton

Administration.  This work remains ongoing.

**Prior Application**

23. No prior application for the relief requested has been made.

**Legal Authority for Compensation**

24. All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

25. The Applicants respectfully submit that their services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy matters. The legal services for which such compensation is requested were performed for and on behalf of the Trustee. Such services have been necessary to protect and enforce the rights and interests of the Trustee in connection with these chapter 11 cases. The reasonable value of services rendered by the Applicants in these cases is based upon the Applicants' usual hourly rates for matters of this nature.

26. Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals. The Applicants submit that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

27. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11

U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[5]

28.    In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

29.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[6] while also incorporating the "lodestar method."  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974),

---

[5]    Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

[6]    The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

*abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[7]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

30.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by the Applicants is fair and reasonable.

### Statutory Compliance

31.     No agreement or understanding exists between the Applicants and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  The Applicants will not, in any form or guise, share or agree to share compensation for services with any person, nor will the Applicants share in the

---

[7]     The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress.  *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

## **RESERVATION OF RIGHTS**

32.    To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or the Applicants have for any reason not sought compensation or reimbursement with respect to such services, the Applicants reserve the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, the Applicants do not waive, and expressly reserve, their right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

## **NO PRIOR REQUEST**

33.    No previous request for the relief sought herein has been made to this Court or any other court.

*[The Remainder of This Page is Intentionally Blank.]*

**WHEREFORE**, the Applicants respectfully request entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of £22,435.00, (ii) authorizing and directing prompt payment of the unpaid fees and expenses in the total amount of £22,435.00 from the Debtor's estate, (iii) allowing such compensation and payment for professional services rendered without prejudice to the Applicants' right to seek further compensation and/or payment from the Debtor's estate for the full value of services performed and expenses incurred, and (iv) granting the Applicants such other and further relief as is just.

Dated: February 24, 2025
      London, United Kingdom

By: */s/ Paul Wright*        
    Paul Wright
    9 Stone Buildings Barristers' Chambers
    Lincoln's Inn
    London, WC2A 3 NN United Kingdom
    Telephone: +44 20 7404 5055
    Email: clerk@9stonebuildings.com

    *United Kingdom Barrister to Luc A.*
    *Despins, Chapter 11 Trustee*

11

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HO WAN KWOK, et al., | ) Case No. 22-50073 (JAM) |
| | ) |
| | ) (Jointly Administered) |
| Debtors.[1] | ) |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the *Second Interim Application of UK Barristers for Compensation and Reimbursement of Expenses for the Period from March 1, 2024 through December 31, 2024* (the "Application")[2] was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned Chapter 11 Cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtors' chapter 11 cases. Parties may access this filing through the Court's CM/ECF system.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]   To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: February 24, 2025

By: */s/ G. Alexander Bongartz*

G. Alexander Bongartz (*pro hac vice*)
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------------x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
HO WAN KWOK, et al.,                                         :   Case No. 22-50073 (JAM)
                                                             :
                Debtors.¹                                    :   Jointly Administered
                                                             :
-------------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING SECOND INTERIM FEE APPLICATION OF UK BARRISTERS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM MARCH 1, 2024 THROUGH DECEMBER 31, 2024**

Paul Wright and Peter Shaw KC (together, the "Applicants") as barristers in the United Kingdom to the Trustee[2] for interim allowance of compensation and reimbursement of expenses from March 1, 2024 through and including December 31, 2024; and sufficient notice having been given; and a hearing having been held on _____, 2025 and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby:

1.    ORDERED that the Application is granted and compensation in the amount of £22,435.00 is awarded to the Applicants, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full; it is further

2.    ORDERED that nothing herein modified the Retention Order; it is further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

1

3.      ORDERED that the estate is authorized and directed to pay the Applicants' fees in the amount of £22,435.00, within fourteen days of the date of this Order; it is further

4.      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.      ORDERED that the Debtors' estates and the Applicants are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.      ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.      ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## EXHIBIT B

**Fee Detail**



Luke Despins (Paul Hastings) C/O Pallas LLP
1 King William Street
London
EC4N 7AF
ATTN: Ms Natasha Harrison

**Professional Fees of:**
**Mr Paul Wright**

VAT Registration No: 304922032

Date: 17/02/2025

Sol's Ref: **Natasha Harrison**
PO Number:

Our Ref: **82295**

## ACE DECADE HOLDINGS -V- UBS AG

| Date | Description | Amount | Vat% | Vat |
|------|-------------|-------:|-----:|----:|
| 01/05/2024 | Considering application for fees 2 hours 4 mins | £490.00 | 0% | £0.00 |
| 15/05/2024 | Answering supplementary questions 2 hours 18 mins | £575.00 | 0% | £0.00 |
| 23/05/2024 | Considering 366 application 1 hour 2 mins;  Advising in conference 30 mins; Email correspondence Re ▮ | £500.00 | 0% | £0.00 |
| 02/07/2024 | Telephone conference Re disclosure 31 mins | £125.00 | 0% | £0.00 |
| 02/07/2024 | Preparation for conference 1 hour 13 mins | £325.00 | 0% | £0.00 |
| 03/07/2024 | Follow up email whether ▮ ▮ 17 mins | £75.00 | 0% | £0.00 |
| 09/07/2024 | Follow up email whether ▮ 1 hour 7 mins | £300.00 | 0% | £0.00 |
| 28/08/2024 | Advising in conference re application ▮ 34 mins | £150.00 | 0% | £0.00 |
| 03/09/2024 | 29/8-03/9 Commenting on draft letters  30 mins | £125.00 | 0% | £0.00 |

| | | |
|---|---|---:|
| Total Fees | | £2,665.00 |
| Total VAT | | £0.00 |
| Total Due | | £2,665.00 |

Please make payment by bank transfer to the following account:
Account payee: **Selborne Chambers**
Account number: 84546549   Sort Code: 60 04 04   IBAN: GB89NWBK60040484546549
Bank address: Natwest Knightsbridge, 2nd floor, 186 Brompton Road, London SW3 1HQ

**Please notify us of bank transfers by email at  clerks@selbornechambers.co.uk and when making payments, please put our fee note reference as the payment reference.**

**Payment terms** payable within 30 days of delivery of the first fee note sent to you for the work (paragraph 12(4) of Selborne Chambers Standard Contractual Terms). Please note that as stipulated in paragraphs 12(6) and 12(6)(1) of the Terms, and in accordance with the Late Payment of Commercial Debts (Interest) Act 1998.

PLEASE QUOTE OUR REFERENCE NO. ON ALL CORRESPONDENCE   ** VALID ONLY WHEN RECEIPTED - THIS IS NOT A TAX INVOICE **
Previously rendered on 07/11/2023, 09/01/2024, 25/01/2024, 30/01/2024, 15/02/2024, 12/03/2024, 11/04/2024, 23/04/2024, 24/04/2024, 24/04/2024, 02/05/2024,
21/05/2024, 04/06/2024, 20/06/2024, 18/07/2024, 10/09/2024, 16/09/2024, 26/11/2024, 06/02/2025, 10/02/2025 Printed on 17/02/2025 by: Brandy Forrester

Selborne Chambers, 10 Essex Street, London, WC2R 3AA  Tel: 020 7420 9500  DX: 185 London Chancery Lane
clerks@selbornechambers.co.uk  www.selbornechambers.co.uk

Selborne Chambers Limited and the Barristers practising from Selborne Chambers are regulated by the Bar Standards Board.



**SELBORNE CHAMBERS**

Luke Despins (Paul Hastings New York)
C/O Pallas LLP
1 King William Street
London
EC4N 7AF
ATTN: Ms Alessia de Quincey

**Professional Fees of:**
**Mr Paul Wright**

VAT Registration No: 304922032

Date:   17/02/2025

Sol's Ref:

**Our Ref: 84999**

PO Number:

---

### (1) HO WAN KWOK (2) ACE DECADE HOLDINGS LIMITED (3) DAWN STATE -V- UBS AG RE: HAMILTON CAPITAL HOLDINGS LTD

| Date | Description | Amount | Vat% | Vat |
|------|-------------|--------|------|-----|
| 09/09/2024 | Commenting on wording for US application 45 mins | £190.00 | 0% | £0.00 |
| 12/09/2024 | Reading papers for ███ 35 mins | £145.00 | 0% | £0.00 |
| 19/09/2024 | Reading papers for ███ 40 mins | £170.00 | 0% | £0.00 |
| 24/09/2024 | Advising about ███████ 35 mins | £145.00 | 0% | £0.00 |
| 04/10/2024 | Advising about proving in Hamilton administration 50 mins | £210.00 | 0% | £0.00 |
| 07/10/2024 | Reviewing letter to Hamilton Capital Administrators 30 mins | £125.00 | 0% | £0.00 |
| 17/10/2024 | Preparation for consultation about next steps 1 hour 50 mins | £460.00 | 0% | £0.00 |
| 17/10/2024 | Drafting application Notice and Order 45 mins | £190.00 | 0% | £0.00 |
| 17/10/2024 | Drafting Witness Statement in support of directions hearing 20 mins | £85.00 | 0% | £0.00 |
| 18/10/2024 | Drafting Witness Statement 3 hours 30 mins and telephone conference with Mr Peter Shaw KC and Ms Alessia De Quincey to discuss the same 45 mins | £1,065.00 | 0% | £0.00 |
| 22/10/2024 | Reviewing draft Witness Statement 35 mins | £145.00 | 0% | £0.00 |
| 22/10/2024 | Consultation with client and Mr Peter Shaw KC to discuss ███ ████████ engaged in total 1 hour | £250.00 | 0% | £0.00 |
| 23/10/2024 | Drafting Application documents and considering comments from US engaged in total 45 mins | £190.00 | 0% | £0.00 |
| 23/10/2024 | Amending letter to Berkeley Rowe ███████ engaged in total 40 mins | £170.00 | 0% | £0.00 |
| 23/10/2024 | Advising as to whether ███████ ███ engaged in total 25 mins | £105.00 | 0% | £0.00 |
| 23/10/2024 | Reviewing draft Witness Statement 20 mins | £85.00 | 0% | £0.00 |
| 24/10/2024 | Reviewing and amending Witness Statement and drafting Note to client 55 mins | £230.00 | 0% | £0.00 |
| 30/10/2024 | Telephone conference with Ms Alessia de Quincey to discuss ███ ████ engaged in total 20 mins | £85.00 | 0% | £0.00 |

PLEASE QUOTE OUR REFERENCE NO. ON ALL CORRESPONDENCE   ** VALID ONLY WHEN RECEIPTED - THIS IS NOT A TAX INVOICE **
Previously rendered on 06/02/2025, 12/02/2025, 17/02/2025 Printed on 17/02/2025 by: Brandy Forrester

Selborne Chambers, 10 Essex Street, London, WC2R 3AA  Tel: 020 7420 9500  DX: 185 London Chancery Lane
clerks@selbornechambers.co.uk  www.selbornechambers.co.uk

Selborne Chambers Limited and the Barristers practising from Selborne Chambers are regulated by the Bar Standards Board.

1 of 2



**SELBORNE CHAMBERS**

Luke Despins (Paul Hastings New York)
C/O Pallas LLP
1 King William Street
London
EC4N 7AF
ATTN: Ms Alessia de Quincey

Professional Fees of:
**Mr Paul Wright**

VAT Registration No: 304922032

Date:    17/02/2025

**Sol's Ref:**

**PO Number:**

Our Ref: **84999**

---

## (1) HO WAN KWOK (2) ACE DECADE HOLDINGS LIMITED (3) DAWN STATE -V- UBS AG RE: HAMILTON CAPITAL HOLDINGS LTD

| Date | Description | Amount | Vat% | Vat |
|------|-------------|--------|------|-----|
| 28/11/2024 | Work between 19th - 28th November 2024<br>Drafting Advice about ▮<br>engaged in total 1 hour 40 mins<br>Drafting Advice about ▮ 1 hour 20 mins<br>Drafting Advice about ▮<br>engaged in total 1 hour 25 mins<br>Drafting Advice about ▮ 2 hours<br>Drafting Advice in relation to ▮ 3 hours 45 mins<br>Drafting Advice about ▮ 45 mins<br>Researching ▮ 30 mins<br>Drafting Advice about go ▮ 50 mins<br>Telephone conference with instructing solicitors about listing arrangements 10 mins - AGREED FEE | £2,500.00 | 0% | £0.00 |

| | Total Fees | £6,545.00 |
|--|-----------|-----------|
| | Total VAT | £0.00 |
| | Total Due | £6,545.00 |

Please make payment by bank transfer to the following account:
Account payee: **Selborne Chambers**
Account number: **84546549**    Sort Code: **60 04 04**    BAN: **GB89NWBK60040484546549**
Bank address: Natwest Knightsbridge, 2nd floor, 186 Brompton Road, London SW3 1HQ

Please notify us of bank transfers by email at clerks@selbornechambers.co.uk and when making payments, please put our fee note reference as the payment reference.

Payment terms payable within 30 days of delivery of the first fee note sent to you for the work (paragraph 12(4) of Selborne Chambers Standard Contractual Terms). Please note that as stipulated in paragraphs 12(6) and 12(6)(1) of the Terms, and in accordance with the Late Payment of Commercial Debts (Interest) Act 1998.

PLEASE QUOTE OUR REFERENCE NO. ON ALL CORRESPONDENCE    ** VALID ONLY WHEN RECEIPTED - THIS IS NOT A TAX INVOICE **
Previously rendered on 06/02/2025, 12/02/2025, 17/02/2025 Printed on 17/02/2025 by: Brandy Forrester

Selborne Chambers, 10 Essex Street, London, WC2R 3AA **Tel:** 020 7420 9500 **DX:** 185 London Chancery Lane
clerks@selbornechambers.co.uk www.selbornechambers.co.uk

Selborne Chambers Limited and the Barristers practising from Selborne Chambers are regulated by the Bar Standards Board.



**SELBORNE**
CHAMBERS

| | |
|---|---|
| Luke Despins (Paul Hastings New York)<br>C/O  Pallas LLP<br>1 King William Street<br>London<br>EC4N 7AF<br>ATTN:  Ms Alessia de Quincey | Professional Fees of:<br>**Peter Shaw KC**<br><br>VAT Registration No:  668348686<br><br>Date:      17/02/2025 |

Sol's Ref:

PO Number:

Our Ref: **84999**

---

### (1) HO WAN KWOK (2) ACE DECADE HOLDINGS LIMITED (3) DAWN STATE -V- UBS AG RE: HAMILTON CAPITAL HOLDINGS LTD

| Date | Description | Amount | Vat% | Vat |
|---|---|---|---|---|
| 18/10/2024 | Considering additional documents 1 hour 45 mins and counsel only consultation with Mr Paul Wright 45 mins | £1,500.00 | 0% | £0.00 |
| 20/10/2024 | Considering documents 1 hour and law 1 hour 30 mins | £1,500.00 | 0% | £0.00 |
| 22/10/2024 | Preparation for consultation 3 hours ; consultation with instructing solicitors 1 hour ; revising Witness Statement 3 hours | £4,200.00 | 0% | £0.00 |
| 27/11/2024 | Drafting Opinion for instructing solicitors 13 hours - CAPPED FEE | £6,000.00 | 0% | £0.00 |

| | | |
|---|---|---|
| Please make payment by bank transfer to the following account:<br>Account payee:  **Selborne Chambers**<br>Account number:  **84546549**    Sort Code:  **60 04 04**    BAN:  **GB89NWBK60040484546549**<br>Bank address: Natwest Knightsbridge, 2nd floor, 186 Brompton Road, London SW3 1HQ | **Total Fees** | **£13,200.00** |
| | **Total VAT** | **£0.00** |
| | **Total Due** | **£13,200.00** |

Please notify us of bank transfers by email at clerks@selbornechambers.co.uk and when making payments, please put our fee note reference as the payment reference.

**Payment terms**  payable within 30 days of delivery of the first fee note sent to you for the work (paragraph 12(4) of Selborne Chambers Standard Contractual Terms). Please note that as stipulated in paragraphs 12(6) and 12(6)(1)  of the Terms, and in accordance with the Late Payment of Commercial Debts (Interest) Act 1998.

PLEASE QUOTE OUR REFERENCE NO. ON ALL CORRESPONDENCE   ** VALID ONLY WHEN RECEIPTED - THIS IS NOT A TAX INVOICE **
Previously rendered on 13/11/2024, 13/11/2024, 13/12/2024, 20/01/2025, 06/02/2025, 12/02/2025, 17/02/2025 Printed on 17/02/2025 by: Brandy Forrester

Selborne Chambers, 10 Essex Street, London, WC2R 3AA  **Tel:** 020 7420 9500  DX: 185 London Chancery Lane
clerks@selbornechambers.co.uk  www.selbornechambers.co.uk

Selborne Chambers Limited and the Barristers practising from Selborne Chambers are regulated by the Bar Standards Board.

1 of 1