**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                 :

In re:                           :    Chapter 11
                                 :

HO WAN KWOK, *et al.*,       :    Case No. 22-50073 (JAM)
                                 :

        Debtors.[1]         :    Jointly Administered
                                 :

-------------------------------------------------------x

## COVERSHEET FOR FIRST INTERIM FEE APPLICATION OF ENSAFRICA (MAURITIUS)

| | |
|---|---|
| Interim Application of: | ENSafrica (Mauritius) |
| Time Period: | September 17, 2024 through December 31, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | October 22, 2024 [ECF No. 3740] (effective as of September 17, 2027). |

**Amount Requested**             **Reductions**

| | | | |
|---|---|---|---|
| Fees: | $35,299.24 | Voluntary Fee Reductions: | none |
| Expenses: | $817.89 | Voluntary Expenses Reductions: | none |
| **Total:** | **$36,117.13** | | |

**Fees Previously Requested:**        **Retainer Request:**

| | | |
|---|---|---|
| Requested Fees: | $0.00 | None |
| Awarded Fees: | $0.00 | |
| Paid Fees: | $0.00 | |

**Expenses Previously Requested:**       **Expense Detail:**

| | | | |
|---|---|---|---|
| Requested Expenses: | $0.00 | Retainer Received: | Not applicable |
| Awarded Expenses: | $0.00 | Copies per page cost & total: | Not applicable |
| Paid Fees: | $0.00 | | |

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                        :
In re:                                  :   Chapter 11
                                        :
HO WAN KWOK, *et al.,*                  :   Case No. 22-50073 (JAM)
                                        :
          Debtors.[1]                   :   Jointly Administered
                                        :
------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF ENSAFRICA**
**(MAURITIUS) AS ATTORNEYS IN REPUBLIC OF MAURITIUS, FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM**
**SEPTEMBER 17, 2024 THROUGH DECEMBER 31, 2024**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (such title,

hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), and

the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses*

*for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim

Compensation Procedures Order"), ENSafrica (Mauritius) ("ENS" or the "Applicant") as

attorneys in the Republic of Mauritius ("Mauritius") to Luc A. Despins, in his capacity as the

chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the

"Debtor"), hereby files this *First Interim Application of ENSafrica (Mauritius) as Attorneys in*

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
      Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
      mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul
      Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho
      Wan Kwok (solely for purposes of notices and communications).

*Republic of Mauritius, for Compensation and Reimbursement of Expenses for the Period from September 17, 2024 Through December 31, 2024* (the "Application").  By this Application, ENS requests interim allowance of professional fees incurred during the period from September 17, 2024 through and including December 31, 2024 (the "Application Period") in these chapter 11 cases.  In support of this Application, ENS respectfully states as follows:

### JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.      ENS believes that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2]  ENS respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4.      Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application.

---

[2]    ENS reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

- **Exhibit B** is a timekeeper summary that includes the name, title, bar admission, hourly billing rate, aggregate hours, and amount of fees earned for each ENS individual who provided services during the Application Period;

- **Exhibit C** is a summary of expenses incurred and reimbursement sought, by expense type, during the Application Period; and

- **Exhibit D** contains the detail of the fees and expenses incurred during the Application Period.

### BACKGROUND

5.      On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's chapter 11 case. No examiner has been appointed in the Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Debtor's chapter 11 case.

8.      Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Debtor's chapter 11 case

9.      On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

10.      By order entered October 22, 2024, the Court authorized ENS' retention as attorneys in Mauritius for the Trustee [ECF No. 3740] (the "Retention Order") effective as of September 17, 2024 in the Debtor's chapter 11 case. The Retention Order authorizes ENS to be

compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.

## ALLOWANCE REQUEST

11.    The Applicant is applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

12.    For the Application Period, the Applicant seeks allowance of $35,299.24 as compensation for services rendered and allowance and reimbursement of $817.89 in expenses incurred in connection with such services.  The Applicant devoted 67.9 hours to this case during the Application Period, equating to an overall blended rate of $519.87.

13.    Throughout the Application Period, the Applicant maintained records to indicate the name of each attorney or paraprofessional working on this matter, the time spent on a particular issue, and the nature of the work performed.  These records, which describe in detail the services rendered by the Applicant, were created at the approximate time the services were performed.

14.    Annexed hereto and made a part hereof as **Exhibit D** is a detailed billing report, upon which this application is based that contains each individual professional's time for the Debtors' bankruptcy cases, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates by each person rendering the service, the time spent in rendering such service, and the dollar value of such services.

## SUMMARY OF SERVICES RENDERED

15.    Upon being formally instructed, ENS was asked to provide detailed and strategic advice in connection with the conservatorship of Silver Bank Limited ("Silver Bank")—

pending in the Chambers Commercial Division of the Supreme Court of Mauritius (the "Mauritius Action")—and to oppose the request of Himalaya International Clearing Limited ("HICL") to release funds nominally under HICL's name held in Silver Bank.

16.     ENS has advised the Trustee on the Mauritius Action, including working to have the Trustee recognized as the chapter 11 Trustee in connection with the Debtor's chapter 11 case in Mauritius court, reviewing and analyzing the action and filings made therein, and working with the Trustee to prepare an application for recognition and related sworn affidavit. Recognition was granted by the Mauritius court on October 18, 2024.  ENS has also worked with the Trustee in connection with the Trustee's efforts to intervene in the Mauritius action, including reviewing documents, conducting legal research and drafting an application for intervention in the Mauritius Action, including an affidavit in support.

17.     The work undertaken by ENS to date has been significant, involving strategic input and advice, including as it relates to the Mauritius Action.  This work remains ongoing.

## NO PRIOR APPLICATION

18.     No prior application for the relief requested has been made.

## LEGAL AUTHORITY FOR COMPENSATION

19.     All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

20.     ENS respectfully submits that its services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy matters.  The legal services for which such compensation is requested were performed for and on behalf of the Trustee.  Such services have been necessary to protect and enforce the rights and interests of the Trustee in connection

with these chapter 11 cases.  The reasonable value of services rendered by ENS in these cases is based upon ENS' usual hourly rates for matters of this nature.

21.    Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicant submits that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

22.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[3]

23.    In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in

---

[3]    Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

24.     In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[4] while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[5]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON

---

[4]     The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[5]     The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress.  *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

25.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by ENS is fair and reasonable.

## STATUTORY COMPLIANCE

29.      No agreement or understanding exists between ENS and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  ENS will not, in any form or guise, share or agree to share compensation for services with any person, nor will ENS share in the compensation for any other person rendering service in these cases, except as so provided by section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

## RESERVATION OF RIGHTS

30.      To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or ENS has for any reason not sought compensation or reimbursement with respect to such services, ENS reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, ENS does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

## NO PRIOR REQUEST

31.      No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, ENS respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $35,299.24 and reimbursement of $817.89 in expenses, (ii) authorizing and directing prompt payment of the unpaid fees and expenses in the amount of $36,117.13 from the estates, (iii) allowing such compensation and payment for professional services rendered without prejudice to ENS' right to seek further compensation and/or payment from the estates for the full value of services performed and expenses incurred, and (iv) granting ENS such other and further relief as is just.

Dated: February 24, 2025
      Port Louis, Republic of Mauritius

                         By: */s/ Thierry Koenig*
                           Thierry Koenig
                           ENSAFRICA (MAURITIUS)
                           18 Edith Cavell Street, Level 3-7
                           Port Louis, Republic of Mauritius
                           Telephone: +230 21 22215
                           Email: tkoenig@ENSafrica.com

                           *Mauritius Attorney to Luc A. Despins,*
                           *Chapter 11 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HO WAN KWOK, et al., | ) | Case No. 22-50073 (JAM) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing application, and all attachments thereto (the "<u>Application</u>"),[2] was electronically filed.  Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 cases by operation of the Court's electronic filing ("<u>CM/ECF</u>") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3]  In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtors' chapter 11 cases. Parties may access this filing through the Court's CM/ECF system.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul  Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho  Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3]   To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: February 24, 2025

By: */s/ G. Alexander Bongartz*
    G. Alexander Bongartz (*pro hac vice*)
    Douglass Barron (*pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
                                    :

In re:                               : Chapter 11
                                      :

HO WAN KWOK, *et al.*,             : Case No. 22-50073 (JAM)
                                      :

Debtors.[1]            : Jointly Administered
                                      :
------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST INTERIM FEE APPLICATION OF
ENSAFRICA (MAURITIUS) AS ATTORNEYS IN REPUBLIC OF MAURITIUS, FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM
<u>SEPTEMBER 17, 2024 THROUGH DECEMBER 31, 2024</u>**

Upon consideration of the Application (the "<u>Application</u>") of ENSafrica (Mauritius)

("<u>ENS</u>" or the "<u>Applicant</u>")  as attorneys in the Republic of Mauritius ("<u>Mauritius</u>") to the

Trustee[2] for interim allowance of compensation and reimbursement of expenses from September

17, 2024 through and including December 31, 2024; and sufficient notice having been given; and

a hearing having been held on _____, 2025 and due consideration having been given to any

responses thereto; and sufficient cause having been shown therefor, it is hereby:

1.      ORDERED that the Application is granted, pursuant to 11 U.S.C. §§ 330 and 331,

and compensation in the amount of $35,299.24 and reimbursement of expenses in the amount of

$817.89 are awarded to ENS, subject to final adjustment and disgorgement in the event all

administrative expenses are not paid in full; it is further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

1

2. ORDERED that nothing herein modified the Retention Order; it is further

3. ORDERED that the estates are authorized and directed to pay ENS' fees and expenses in the aggregate amount of $36,117.13, within fourteen days of the date of this Order; it is further

4. ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5. ORDERED that the Debtors' estates and ENS are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6. ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7. ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

# EXHIBIT B

## Timekeeper Summary

## May 1, 2024 through August 31, 2024

| TIMEKEEPER | DATE OF FIRST ADMISSION TO ROLL OF ATTORNEYS | TITLE | HOURS | HOURLY RATE | TOTAL (including VAT) |
|---|---|---|---|---|---|
| Thierry Koenig | 1986 | Senior Attorney | 20.2 | $575 | $13,357.25 |
| Vanesha Babooa-Bissonauth | 2008 | Attorney-at-Law | 47.7 | $400 | $21,942.00 |
| | | | | | |
| | | **Total:** | **67.9** | | **$35,299.25** |

**Blended Hourly Rate: $519.87**

# EXHIBIT C

## Summary of Actual and Necessary Expenses

| Expense Category | Amount |
|---|---|
| Court Fees | 417.89 |
| Printing | 400.00 |
| **TOTAL** | **$817.89** |

# **EXHIBIT D**

**Fee and Expense Detail**



## Annexure to VAT INVOICE

| Client | **DESPINS LUC ALBERT, as trustee** |
|---|---|
| Re | **DESPINS LUC ALBERT (RECOGNITION EX PARTE APPLICATION)** |

| our reference | **(15-5881) - 0545686** |
|---|---|
| Date | **18 February 2025** |

### TIMESHEET

| Date | Description of Work | T. Koenig | V. Babooa-Bissonauth |
|---|---|---|---|
| 17/09/2024 | Discussion with Counsel for Silver Bank and with Thierry Koenig ("Mr Koenig")  re court sitting of case lodged by Himalaya International Clearing Limited against Silver Bank in Mauritius ("Silver Bank case") and emailing Thierry Koenig, Mr Luc Despins ("Mr Despins'), Mr Douglass Barron, Patrice de Speville SC ("Mr de Speville") and William de Robillard (jointly "Team") re update regarding court sitting and proposed actions to be taken | 0.2 | |
| 17/09/2024 | Exchange of emails with Team re scheduling of 17.09.2024 meeting | 0.1 | 0.1 |
| 17/09/2024 | Conference call with Team re proposed actions to be initiated | 0.6 | 0.6 |
| 18/09/2024 | Exchange of emails with Mr Alex Bongartz ("Mr Bongartz") re engagement of ENS by Mr Despins and review of documents exchanged | 2 | |
| 18/09/2024 | Conducting conflict check in relation to all parties identified in list sent by Mr Bongartz | 0.2 | |
| 19/09/2024 | Finalizing and sending engagement letter to Mr Bongartz for signature | | 0.1 |
| 19/09/2024 | Review of Mauritius Solicitor Retention Application and Declaration to ENS Retention Application, making proposed amendments to same and circulating to Mr Bongartz | 1.8 | |
| 19/09/2024 | Emailing Mr Despins re request for KYC/AMLdocuments | 0.1 | |
| 19/09/2024 | Review of affidavit received from Silver Bank and circulating same to Team | 0.3 | |
| 20/09/2024 | Review of email from Mr Bongartz re signed engagement letter and replying to same | 0.1 | |
| 25/09/2024 | Conference call with Mr Despins and Mr Barron re issue of appearance of Senior Attorney Sewraj for Mr Despins in Silver Bank Case and issue of counsel retention | | 0.2 |
| 27/09/2024 | Review of affidavit of Silver Bank and emailing Team in relation to a query regarding ███████████████ | 0.25 | |
| 27/09/2024 | Phone call to discuss the matter, the applicable procedure and the way forward | 0.4 | 0.4 |
| 30/09/2024 | Further review of Mauritius Solicitor Retention Application and Declaration to ENS Retention Application, making proposed amendments to same and circulating to Mr Bongartz | 0.5 | |

| Date | Description | | |
|---|---|---|---|
| | Conducting research and drafting of opinion in relation to procedure for recognition in Mauritius of the appointment of a Chapter 11 Trustee | | |
| 30/09/2024 | Review of documents received, review of applicable law and drafting of affidavit in support of application for recognition | | 3 |
| 01/10/2024 | Review of documents received, review of applicable law and drafting of affidavit in support of application for recognition | | 2.5 |
| 01/10/2024 | Review of opinion and making suggested amendments thereto | | 1.1 |
| 01/10/2024 | Sending opinion to Team | 0.1 | |
| 02/10/2024 | Review of email from Mr Despins re instructions for proposed actions and replying to same | 0.1 | |
| 02/10/2024 | Review of documents received, review of applicable law and drafting of affidavit in support of application for recognition | | 1.5 |
| 02/10/2024 | Review of draft affidavit and making suggested amendments | 1.2 | |
| 02/10/2024 | Amending draft as per suggestion of Mr Koenig | | 1.8 |
| 02/10/2024 | Phone call with Vanesha Babooa-Bissonauth re procedure for proposed application for recognition | | 0.2 |
| 02/10/2024 | Circulating draft affidavit to Team | | 0.1 |
| 03/10/2024 | Vetting of affidavit in support of recognition application | | |
| 03/10/2024 | Exchange of emails with Mr Barron re clarifications in relation to draft affidavit circulated and requests for various documents to be used in support of the application for recognition | | 1.5 |
| 03/10/2024 | Review of email from Mr Despins re drafting of affidavit in support of intervention application and replying to same | 0.1 | |
| 04/10/2024 | Review of emails/comments dated 03.10.2024 and documents received from Mr Bongartz on draft affidavit, making further proposed amendments to the draft affidavit and circulating revised draft to Team | | 2.5 |
| 04/10/2024 | Review of amended draft affidavit | 0.5 | |
| 04/10/2024 | Review of emails dated 03.10.2024 from Mr Bongartz and replying to various queries contained therein | | 0.25 |
| 04/10/2024 | Review of email from Mr Bongartz re notarisation of affidavit and replying to same | | 0.1 |
| 04/10/2024 | Review of email from Mr Despins re UNCITRAL proceedings and replying to same | | 0.1 |
| 04/10/2024 | Review of emails from Mr Bongartz re procedural queries and replying to same | | 0.4 |
| 04/10/2024 | Phone call with Mr Bongartz re logistical challenge to swear affidavit | | 0.3 |
| 05/10/2024 | Review of emails from Mr Bongartz re logistical challenge to swear affidavit and replying to same | 0.1 | |
| 07/10/2024 | Emailing Mr Despins and Mr Bongartz re logistical challenge to swear affidavit | 0.3 | |
| 07/10/2024 | Emailing Mr Bongartz re approval of draft affidavit | | 0.1 |
| 08/10/2024 | Review of emails from Mr Bongartz re affidavit logistics and replying to same | | 0.25 |
| 08/10/2024 | Drafting of affidavit to be sworn by Mr Bongartz | | 1.2 |
| 08/10/2024 | Circulating final drafts of affidavits to Mr Bongartz for approval | | 0.1 |
| 08/10/2024 | Amending draft affidavit of Mr Despins at the request of Mr Bongartz and circulating same for approval | | 0.2 |
| 08/10/2024 | Gathering, compiling and labeling of exhibits to be annexed to the affidavit and sending same to Mr Bongartz | | 2 |
| 09/10/2024 | Review of emails from Mr Despins and Mr Bongartz re despatching of sworn affidavits and replying to same | | 0.1 |

| | | | |
|---|---|---|---|
| | Exchange of emails with Mr Despois and Mr Renganaden re comments of US Trustee on ENS Retention Application | | |
| 14/10/2024 | Call with Court Officer to enquire about the necessity for certified copies of exhibits | | 0.25 |
| 14/10/2024 | Drafting of cover affidavit to be sworn by Mr T Koenig | | 0.4 |
| 14/10/2024 | Emailing Mr Bongartz in relation to the original affidavit received and the applicable procedure for lodging the application | | 0.25 |
| 14/10/2024 | Exchange of emails with Mr Bongartz re despatch/apostille of affidavit | | 0.75 |
| 14/10/2024 | Review of email from Mr Bongartz re edits to retention application and replying to same | 0.3 | |
| 14/10/2024 | Finalising of cover affidavit and preparing same for swearing | | 0.25 |
| 14/10/2024 | Swearing of cover affidavit annexing affidavits in support of the recognition application | 0.75 | |
| 14/10/2024 | Drafting of motion paper in relation to recognition application | | 0.25 |
| 15/10/2024 | Lodging of application on the e-filing system of the Bankruptcy Division of the Supreme Court | | 0.5 |
| 15/10/2024 | Updating Team regarding the lodging of the recognition application | | 0.25 |
| 15/10/2024 | Updating Mr Bongartz re receipt of the notarised affidavit | | 0.1 |
| 18/10/2024 | Downloading Judge's Order from efiling and updating Team re granting of the recognition application | | 0.3 |
| | **TOTAL** | **14.5** | **24** |

## COMPUTATION OF FEES

| PRACTITIONER | HOURLY RATE | TIME SPENT | FEES AMOUNT |
|---|---|---|---|
| Thierry Koenig | USD 575 | 14.5 HOURS | USD 8,337.50 |
| Vanesha Babooa-Bissonauth | USD 400 | 24 HOURS | USD 9,600.00 |
| **TOTAL** | | | **USD 17,937.50** |



## Annexure to VAT INVOICE

| | |
|---|---|
| Client | **DESPINS LUC ALBERT, as trustee** |
| Re | **DESPINS LUC ALBERT V S HIMALAYA INTERNATIONAL CLEARING LIMITED & ANOR (Application for intervention)** |
| our reference | **(15-5882) - 0545693** |
| Date | **10 February 2025** |

### TIMESHEET

| Date | Description of Work | T. Koenig | V Babooa-Bissonauth |
|---|---|---|---|
| 08/10/2024 | Phone call to discuss about procedure and drafting of affidavit | 0.3 | 0.3 |
| 10/10/2024 | Review of documents, conducting legal research and drafting of affidavit in support of application for intervention | | 3 |
| 11/10/2024 | Review of documents, conducting legal research and drafting of affidavit in support of application for intervention | | 3.5 |
| 12/10/2024 | Review of documents, conducting legal research and drafting of affidavit in support of application for intervention | | 4 |
| 13/10/2024 | Review of documents, conducting legal research and drafting of affidavit in support of application for intervention | | 4.3 |
| 14/10/2024 | Review of documents on file, review of draft affidavit prepared and making suggested amendments | 4.25 | |
| 14/10/2024 | Circulating draft affidavit to Team (Mr Despins, Mr Bongartz, Counsel and Mr Koenig) for approval | | 0.1 |
| 16/10/2024 | Review of email from Mr Despins re comments on draft affidavit, amending draft affidavit in accordance with comments and responding to his queries by email | | 1 |
| 18/10/2024 | Review of email from Mr Bongartz re possibility of combining freezing application with intervention application and replying to same | 0.4 | |
| 21/10/2024 | Finalising affidavit and gathering/compiling/labelling exhibits to the affidavit, and sending same to Mr Bongartz for swearing | | 1.8 |
| 22/10/2024 | Review of email from Mr Bongartz re apostille of affidavit and replying to same | | 0.1 |
| 22/10/2024 | Review of email from Mr Bongartz re receipt of notarised affidavit and replying to same | | 0.1 |
| 22/10/2024 | Drafting of motion paper, notice of motion and cover affidavit | | 1 |
| 23/10/2024 | Swearing of cover affidavit | 0.75 | |
| 23/10/2024 | Lodging of intervention application on the efiling system of the bankruptcy Division of the Supreme Court | | 0.5 |
| 23/10/2024 | Updating Team re lodging of intervention application | | 0.35 |
| 23/10/2024 | Liaising with usher for the service of the notice of motion on the Respondents | | 0.2 |
| 24/10/2024 | Obtaining return of service from usher and submitting same on e-filing | | 0.2 |
| 24/10/2024 | Circulating usher's return to Team | | 0.1 |

| 01/11/2024 | Review of email of A. Bongartz in relation to a request for our courier address and replying to same | | 0.1 |
|---|---|---|---|
| 05/11/2024 | Checking e-filing notification issued by Court re appearance of Silver Bank in case and updating the team | | 0.2 |
| 05/11/2024 | Updating D. Barron in relation to ███████████████████ | | 0.2 |
| 05/11/2024 | Review of email from L. Despins re query as to ███████ ████████████████████ ██████████ and replying to same | | 0.3 |
| 05/11/2024 | Internal discussion with Adrien Wong from ENS Corporate team as to whether ████████████████████████ ████████████████████ | | 0.2 |
| 09/11/2024 | Reviewing notifications received from the e-filing system of the Court regarding the appearance made for the Respondents by their legal representatives | | 0.2 |
| 09/11/2024 | Updating the Team in relation to the appearances made on the e-filing system and returnable dates | | 0.2 |
| 10/11/2024 | Review of email from L. Despins re query as to purpose of the returnable dates and replying to same | | 0.1 |
| 20/11/2024 | Review of emails from A. Bongartz re request for updates and replying to same | | 0.25 |
| 22/11/2024 | Downloading letter filed by Respondent No.1 from e-filing system and sharing with A. Bongartz | | 0.2 |
| 25/11/2024 | Downloading letters issued by Respondent No.2 and by Court from e-filing system and sharing with A. Bongartz | | 0.5 |
| 02/12/2024 | Downloading letter filed by Respondent No.1 from e-filing system re request for extension of time, sharing same with A. Bongartz and providing update | | 0.2 |
| 10/12/2024 | Downloading letter filed by Respondent No.1 and Court from e-filing system re request for extension of time, sharing same with A. Bongartz and providing update | | 0.2 |
| 13/12/2024 | Downloading letter filed by Respondent No.1 and Court from e-filing system re request for extension of time, sharing same with A. Bongartz and providing update | | 0.2 |
| **TOTAL** | | **5.7** | **23.7** |

## COMPUTATION OF FEES

| PRACTITIONER | HOURLY RATE | TIME SPENT | FEES AMOUNT |
|---|---|---|---|
| Thierry Koenig | USD 575 | 5.7 HOURS | USD 3,277.50 |
| Vanesha Babooa-Bissonauth | USD 400 | 23.7 HOURS | USD 9,480.00 |
| **TOTAL** | | | **USD 12,757.50** |