**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                            :

In re:                                                  :     Chapter 11

HO WAN KWOK, *et al.,*                  :     Case No. 22-50073 (JAM)

                Debtors.[1]                        :     Jointly Administered

---------------------------------------------------------x

**COVERSHEET FOR FIRST INTERIM FEE**
**APPLICATION OF MAURITIUS BARRISTERS**

| | |
|---|---|
| Interim Application of: | Patrice Doger de Spéville, SC and William de Robillard |
| Time Period: | September 11, 2024 through December 31, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | October 22, 2024 [ECF No. 3741] (effective as of September 11, 2024). |

| **Amount Requested** | | **Reductions** | |
|---|---|---|---|
| Fees: | $23,201.25 | Voluntary Fee Reductions: | none |
| Expenses: | $0.00 | Voluntary Expenses Reductions: | none |
| **Total:** | **$23,201.25** | | |

| **Fees Previously Requested** | | **Retainer Request** |
|---|---|---|
| Requested Fees: | $0.00 | None |
| Awarded Fees: | $0.00 | |
| Paid Fees: | $0.00 | |

| **Expenses Previously Requested** | | **Expense Detail** | |
|---|---|---|---|
| Requested Expenses: | $0.00 | Retainer Received: | Not applicable |
| Awarded Expenses: | $0.00 | Copies per page cost & total: | Not applicable |
| Paid Fees: | $0.00 | | |

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :       Chapter 11
                                                    :
HO WAN KWOK, *et al.*,                              :       Case No. 22-50073 (JAM)
                                                    :
        Debtors.[1]                                 :       Jointly Administered
                                                    :
------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF MAURITIUS BARRISTERS FOR
COMPENSATION FOR PERIOD FROM SEPTEMBER 11, 2024
THROUGH DECEMBER 31, 2024**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim Compensation Order"), Mr. Patrice Doger de Spéville, Senior Counsel, and Mr. William de Robillard, Of Counsel (together, the "Barristers" or "Applicants"), as barristers in the Republic of Mauritius ("Mauritius") to Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby file this *First Interim Application of Mauritius Barristers, for Compensation and Reimbursement of*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*Expenses for the Period from September 11, 2024 through December 31, 2024* (the "Application"). By this Application, the Applicants request interim allowance of professional fees incurred during the period from September 11, 2024 through and including December 31, 2024 (the "Application Period") in these chapter 11 cases. In support of this Application, the Applicants respectfully state as follows:

## JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3. The Applicants believe that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2] The Applicants respectfully request a waiver of any of the foregoing requirements not met by this Application.

4. Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application; and
- **Exhibit B** contains the detail of the fees and expenses incurred during the Application Period.

---

[2] The Barristers reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

2

**BACKGROUND**

5.      On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6.      On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case. No examiner has been appointed in the Individual Debtor's chapter 11 case.

7.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

8.      Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case.

9.      By order entered October 22, 2024, the Court authorized the Applicants retention as barristers in Mauritius for the Trustee [ECF No. 3741] (the "Retention Order") effective as of September 11, 2024 in the Debtor's chapter 11 case. The Retention Order authorizes the Barristers to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 327 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. Patrice Doger de Spéville, and William de Robillard are, respectively, Senior Counsel and Counsel at De Speville - Desvaux Chambers, which maintains its principal office at Fifth Floor, Chancery House, Lislet Geoffroy Street, Port Louis, Republic of Mauritius.

10. On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

## ALLOWANCE REQUEST

11. The Applicants are applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

12. For the Application Period, the Applicants seek allowance of $23,201.25 as compensation for services rendered. The Applicants have collectively devoted 36.75 hours to this case during the Application Period.

13. Throughout the Application Period, the Applicants maintained records to indicate the time spent on a particular issue, and the nature of the work performed. These records, which describe in detail the services rendered by the Applicants, were created at the approximate time the services were performed.

14. Annexed hereto and made a part hereof as **Exhibit B** is a detailed billing report, upon which this application is based that contains the professional's time for the Debtor's bankruptcy case, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates, the time spent in rendering such service, and the value of such services.

## SUMMARY OF SERVICES RENDERED

15. Upon being formally instructed, the Applicants were asked to provide representation of the Trustee in Mauritius in connection with the conservatorship of Silver Bank Limited ("Silver Bank")-- pending in the Commercial Division of the Supreme Court of

Mauritius (the "Mauritius Action")—and to oppose the request of Himalaya International Clearing Limited ("HICL") to release funds nominally under HICL's name held in Silver Bank, as well as related matters.

16. In consultation with ENSafrica (Mauritius) ("ENS"), the Trustee's attorneys in Mauritius, the Applicants have advised the Trustee on the Mauritius Action, including working to have the Trustee recognized as bankruptcy Trustee of the Debtor through an application before the Judge in Chambers (Supreme Court) in Mauritius, reviewing and analyzing the action and filings made therein, and liaising with counsel to Silver Bank. Recognition was granted by the Mauritius court on October 18, 2024. The Applicants have also worked with ENS in connection with the Trustee's efforts to intervene in the Mauritius Action, including helping prepare and file applications and affidavits by the Trustee in the Mauritius Action.

17. The work undertaken by the Applicants to date has been significant, involving strategic input and advice, including as it relates to the Trustee's recognition and intervention in the Mauritius Action. This work remains ongoing.

## PRIOR APPLICATION

18. No prior application for the relief requested has been made.

## LEGAL AUTHORITY FOR COMPENSATION

19. All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

20. Applicants respectfully submit that their services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy matters. The legal services for which such compensation is requested were performed for and on behalf of the Trustee. Such services have been necessary to protect and enforce the rights and interests of the Trustee in

5

connection with these chapter 11 cases. The reasonable value of services rendered by the Applicants in these cases is based upon the Applicants' usual hourly rates for matters of this nature.

21. Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals. The Applicants submit that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

22. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[3]

23. In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the

---

[3] Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

Bankruptcy Code. See 11 U.S.C. § 330(a)(3). The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

24.     In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[4] while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[5] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*,

---

[4]   The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[5]   The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

7

403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

25.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by the Applicants is fair and reasonable.

## STATUTORY COMPLIANCE

26.     No agreement or understanding exists between the Applicants and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter. The Applicants will not, in any form or guise, share or agree to share compensation for services with any person, nor will the Applicants share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

## RESERVATION OF RIGHTS

27.     To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or the Applicants have for any reason not sought compensation or reimbursement with respect to such services, the Applicants reserve the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases. Also, the Applicants do not waive, and expressly reserve, their right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

## NO PRIOR REQUEST

28.     No previous request for the relief sought herein has been made to this Court or any other court.

[*The Remainder of This Page is Intentionally Blank.*]

**WHEREFORE**, the Applicants respectfully request entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $23,201.25, (ii) authorizing and directing prompt payment of the unpaid fees and expenses in the total amount of $23,201.25 from the Debtor's estate, (iii) allowing such compensation and payment for professional services rendered without prejudice to the Applicants' right to seek further compensation and/or payment from the Debtor's estate for the full value of services performed and expenses incurred, and (iv) granting the Applicants such other and further relief as is just.

Dated:  February 24, 2025
         Port Louis, Mauritius

                                          By: /s/ *Patrice Doger de Spéville*
                                              Patrice Doger de Spéville
                                              Fifth Floor, Chancery House
                                              Lislet Geoffroy St.,
                                              Port Louis, Mauritius
                                              Tel: (+230) 208 8618
                                              Email: Admin@Despeville-Desvaux.com

                                              *Mauritius Barrister to Luc A. Despins,*
                                              *Chapter 11 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HO WAN KWOK, et al., | ) | Case No. 22-50073 (JAM) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the *First Interim Application of Mauritius Barristers for Compensation and Reimbursement of Expenses for the Period from September 11, 2024 through December 31, 2024* (the "Application")[2] was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned Chapter 11 Cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3] In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtors' chapter 11 cases. Parties may access this filing through the Court's CM/ECF system.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: February 24, 2025

By: */s/ G. Alexander Bongartz*
G. Alexander Bongartz (*pro hac vice*)
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                            :
In re:                                      : Chapter 11
                                            :
HO WAN KWOK, *et al.*,                      : Case No. 22-50073 (JAM)
                                            :
            Debtors.¹                       : Jointly Administered
                                            :
---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST INTERIM FEE APPLICATION OF MAURITIUS BARRISTERS FOR COMPENSATION FOR PERIOD FROM SEPTEMBER 11, 2024 THROUGH DECEMBER 31, 2024**

Mr. Patrice Doger de Spéville, Senior Counsel, and Mr. William de Robillard, of Counsel (together, the "Barristers" or "Applicants") as barristers in the Republic of Mauritius ("Mauritius")² to the Trustee for interim allowance of compensation and reimbursement of expenses from September 11, 2024 through and including December 31, 2024; and sufficient notice having been given; and a hearing having been held on _____, 2025 and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby:

1.    ORDERED that the Application is granted and compensation in the amount of $23,201.25 is awarded to the Applicants, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full; it is further

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

2.  ORDERED that nothing herein modified the Retention Order; it is further

3.  ORDERED that the estate is authorized and directed to pay the Applicants' fees in the amount of $23,201.25, within fourteen days of the date of this Order; it is further

4.  ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.  ORDERED that the Debtors' estates and the Applicants are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.  ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.  ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## EXHIBIT B

**Fee Detail**

## PATRICE DOGER DE SPEVILLE SC
### Barrister-at-Law

Luc A Despins, Chapter 11 Trustee,
The Estate of Ho Wan Kwok,
c/o Paul Hastings LLP,
200 Park Avenue,
New York 10166,
United States of America.

10th February 2025

**PRO FORMA INVOICE**

| Legal Representation and Assistance in the Supreme Court of Mauritius<br><br>Re: Luc Albert Despins as Chapter 11 Truastee for the Estate of Ho Wan Kwok:<br><br>1. Application for Recognition (ex-parte); and<br>2. Application for Intervention.<br><br>Senior Counsel Rate of $700/hour for 18.25 hours. | United States Dollars |
|---|---|
| FEES | USD 12,775.00 |
| Plus VAT at 15%. | USD 1,916.25 |
| **TOTAL** | USD 14,691.25 |

With anticipated thanks.



**Repl. Patrice Doger de Spéville, SC.**
William de Robillard

**BANK DETAILS:**



DE SPEVILLE-DESVAUX
CHAMBERS

5th Floor, Chancery House, Lislet Geoffroy Street, Port-Louis, Mauritius
T: (+230) 208 8618   F: (+230) 210 3440   E: pdespeville@despeville-desvaux.com   W: despeville-desvaux.com

# WILLIAM DE ROBILLARD
#### Barrister-at-Law

Luc A Despins, Chapter 11 Trustee,
The Estate of Ho Wan Kwok,
c/o Paul Hastings LLP,
200 Park Avenue,
New York 10166,
United States of America.

10th February 2025

**PRO FORMA INVOICE**

| Legal Representation and Assistance in the Supreme Court of Mauritius | United States Dollars | |
|---|---|---|
| Re: Luc Albert Despins as Chapter 11 Truastee for the Estate of Ho Wan Kwok: <br><br> 1. Application for Recognition (ex-parte); and <br> 2. Application for Intervention. <br><br> Counsel Rate of $400/hour. | | |
| FEES | USD | 7,400.00 |
| Plus VAT at 15%. | USD | 1,110.00 |
| **TOTAL** | USD | 8,510.00 |

With anticipated thanks.

*[signature]*

**William de Robillard**

Account Number:

Beneficiary Name:

Bank:

IBAN No:

DE SPEVILLE - DESVAUX
CHAMBERS

5th Floor, Chancery House, Lislet Geoffroy Street, Port-Louis, Mauritius
T: (+230) 208 8618  F: (+230) 210 3440  E: wderobillard@despeville-desvaux.com  W: despeville-desvaux.com

| Date | Intervention | Hours PDS | Hours WR |
|---|---|---|---|
| 11/09/2024 | Email exchange with Mr Douglass Barron and contact calls with BLC Chambers and ENS Africa | 0 25 | 0 25 |
| 11/09/2024 | Phone call with Patrice de Speville SC ("Mr de Speville") re introduction of matter and request for assistance of ENS Mauritius | 0 5 | 0 5 |
| 12/09/2024 | Follow up email from Mr de Speville in relation to phone call of 11 09 2024 | 0 5 | |
| 13/09/2024 | Analysis and circulation Omnibus Alter Ego Complaint | 0 5 | 0 5 |
| 13/09/2024 | Phone call with Attorney for Silver Bank re intervention of Mr Despins in proceedings lodged by Himalaya nternational Clearing Limited against Silver Bank in Mauritius ("Silver Bank case") | 0 25 | 0 25 |
| 13/09/2024 | Email to Thierry Koenig Mr Despins Mr Douglass Barron and William de Robillard ("Team") re update on conversation with Silver Bank Attorney | 0 25 | |
| 16/09/2024 | Review of documents received review of applicable law and exchange of emails with Mr de Speville re returnable date of Silver Bank Case and actions to be taken | 2 | 2 |
| 17/09/2024 | Discussion with Counsel for Silver Bank and with Mr Koenig re proposed course of action | 0 5 | 0 5 |
| 17/09/2024 | Conference call with Team re proposed actions to be initiated | 0 5 | 0 5 |
| 18/09/2024 | Call with Silver Bank Attorney re update on affidavit of Silver Bank | 0 25 | |
| 18/09/2024 | Review of email from Mr Barron re update on affidavit of Silver Bank | | 0 25 |
| 18/09/2024 | Confidential review of Silver Bank's affidavit following circulation from Siver Bank's attorney | 1 5 | 1 5 |
| 18/09/2024 | Conducting conflict check in relation to all parties identified in list sent by Mr Bongartz | | |
| 19/09/2024 | Finalizing and sending engagement letter to Mr Bongartz for signature | 1 | 1 |
| 24/09/2024 | Emailing Mr Bongartz re Counsel Engagement Letter | | 0 5 |
| 25/09/2024 | Phone call with Silver Bank Attorney re update on Silver Bank case | 0 25 | 0 25 |
| 25/09/2024 | Email to Team re update on phone call with Silver Bank Attorney | | 0 25 |
| 25/09/2024 | Conference call with Mr Despins and Mr Barron re issue of appearance of Senior Attorney Sewraj for Mr Despins in Silver Bank Case and issue of counsel retention | | 0 5 |
| 25/09/2024 | Follow up email from Mr de Speville in relation to phone call of 25 09 2024 | 0 25 | |
| 30/09/2024 | Review of documentation for Counsel Retention Application making proposed amendments to same and circulating to Mr Bongartz | 0 5 | 0 5 |
| 01/10/2024 | Review of email from Mr Bongartz re queries and replying to same | | 0 25 |
| 02/10/2024 | Analysis of ███████████████████ | 0 5 | 0 5 |
| 02/10/2024 | Review of documents received review of applicable law and exchanges re the drafting of affidavit in support of application for recognition | 1 5 | 1 5 |
| 03/10/2024 | Vetting of affidavit in support of recognition application | 1 5 | 1 5 |
| 03/10/2024 | Phone call with Silver Bank Attorney re update on Silver Bank case | 0 25 | 0 25 |
| 03/10/2024 | Review of the cover affidavit annexing affidavits in support of the recognition application | 0 5 | 0 5 |
| 07/10/2024 | Review of email dated 02 10 2024 from Mr Despins re lodging of intervention application and replying to same | 0 25 | 0 25 |
| 14/10/2024 | Sending signed copy of Counsel declaration for retention application | 0 25 | |
| 14/10/2024 | Review of the affidavit of Mr Despins in support of application for recognition | 1 5 | 1 5 |
| 19/10/2024 | Vetting of affidavit in support of intervention application and providing comments on ███████████████████ | 1 5 | 1 5 |
| 22/10/2024 | Drafting of motion paper notice of motion and cover affidavit | 0 5 | 0 5 |
| 23/10/2024 to 10/12/2025 | General follow of emails echanges and letters uploaded to the E-Filing system of the Comm Div | 1 | 1 |
| | | 18.25 | 18.5 |