**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                : Chapter 11
:
HO WAN KWOK, *et al.*,                              : Case No. 22-50073 (JAM)
:
Debtors.[1]                                                    : Jointly Administered
:
---------------------------------------------------------x

**COVERSHEET FOR FIRST INTERIM FEE
APPLICATION OF JAMES MORGAN AS
BARRISTER IN BRITISH VIRGIN ISLANDS**

| | |
|---|---|
| Interim Application of: | James Morgan KC |
| Time Period: | September 16, 2024 through December 31, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | November 5, 2024 [ECF No. 3784] (effective as of September 16, 2024). |

| **Amount Requested** | | **Reductions** | |
|---|---|---|---|
| Fees: | £41,865.00 | Voluntary Fee Reductions: | none |
| Expenses: | £0.00 | Voluntary Expenses Reductions: | none |
| **Total:** | **£41,865.00** | | |

| **Fees Previously Requested** | | **Retainer Request** |
|---|---|---|
| Requested Fees: | £0.00 | None |
| Awarded Fees: | £0.00 | |
| Paid Fees: | £0.00 | |

| **Expenses Previously Requested** | | **Expense Detail** | |
|---|---|---|---|
| Requested Expenses: | £0.00 | Retainer Received: | Not applicable |
| Awarded Expenses: | £0.00 | Copies per page cost & total: | Not applicable |
| Paid Fees: | £0.00 | | |

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                    :    Chapter 11
:
HO WAN KWOK, *et al.*,                                   :    Case No. 22-50073 (JAM)
:
Debtors.[1]                                                         :    Jointly Administered
:
---------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF JAMES MORGAN AS BARRISTER IN BRITISH VIRGIN ISLANDS FOR COMPENSATION FOR PERIOD FROM SEPTEMBER 16, 2024 THROUGH DECEMBER 31, 2024**

Pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (such title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim Compensation Order"), James Morgan KC ("Mr. Morgan" or the "Applicant"), as British Virgin Islands ("BVI") barrister to Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby file this *First Interim Application of James Morgan As Barrister in British Virgin Islands, for Compensation and Reimbursement of Expenses for the Period from September 16, 2024 through*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*December 31, 2024* (the "Application"). By this Application, the Applicant requests interim allowance of professional fees incurred during the period from September 16, 2024 through and including December 31, 2024 (the "Application Period") in these chapter 11 cases. In support of this Application, the Applicant respectfully states as follows:

## JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

3. The Applicant believes that this Application, together with the attachments hereto, substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines").[2] The Applicant respectfully requests a waiver of any of the foregoing requirements not met by this Application.

4. Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application; and

- **Exhibit B** contains the detail of the fees and expenses incurred during the Application Period.

---

[2] Mr. Morgan reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with respect to any application for compensation in these chapter 11 cases.

2

## BACKGROUND

5. On February 15, 2022 (the "Petition Date"), the Individual Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Individual Debtor's chapter 11 case. No examiner has been appointed in the Individual Debtor's chapter 11 case.

7. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

8. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Individual Debtor's chapter 11 case.

9. By order entered November 5, 2024, the Court authorized Mr. Morgan's retention as barrister in the BVI for the Trustee [ECF No. 3784] (the "Retention Order") effective as of September 16, 2024 in the Debtor's chapter 11 case. The Retention Order authorizes Mr. Morgan to be compensated on an hourly basis and reimbursed for actual and necessary out-of-pocket expenses pursuant to sections 327 and 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct. Mr. Morgan is a barrister at Radcliffe Chambers, which maintains its principal office at 11 New Square, Lincoln's Inn, London WC2A 3QB, United Kingdom, and is enrolled before the Bar of the Eastern Caribbean Supreme Court, British Virgin Islands as a barrister.

10. On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

## ALLOWANCE REQUEST

11. The Applicant is applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

12. For the Application Period, the Applicant seeks allowance of £41,865.00[3] as compensation for services rendered. The Applicant devoted 52.3 hours to this case during the Application Period.

13. Throughout the Application Period, the Applicant maintained records to indicate the time spent on a particular issue, and the nature of the work performed. These records, which describe in detail the services rendered by the Applicant, were created at the approximate time the services were performed.

14. Annexed hereto and made a part hereof as **Exhibit B** is a detailed billing report, upon which this application is based that contains the professional's time for the Debtor's bankruptcy case, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates, the time spent in rendering such service, and the value of such services.

## SUMMARY OF SERVICES RENDERED

15. Upon being formally instructed, Mr. Morgan was asked to provide representation of the Trustee in BVI court hearings in connection with the liquidation proceedings for Ace Decade Holdings Limited ("Ace Decade") and Dawn State Limited ("Dawn State"), as well as to

---

[3] That pound sterling amount is approximately $52,900.00 as of the date of filing of the Application.

4

advise the Trustee regarding the impact of such BVI liquidations on these chapter 11 cases, and drafting submissions in the BVI liquidations with respect to the powers of the joint liquidators, Alvarez & Marsal, to rectify the share register to reflect the Trustee's ownership of these BVI entities. As this Court previously held, the Trustee is the beneficial owner of the shares in Ace Decade and, by extension, Ace Decades wholly owned subsidiary Dawn State.

16. Additionally, Mr. Morgan worked with Harneys on other matters related to the Trustee's efforts to recover property of the estate, including the recovery of the London Apartment (as defined below) nominally held by K Legacy Ltd. ("K Legacy"), a BVI company purportedly owned by the Debtor's son. While this Court has already ruled that the ownership shares of K Legacy and its assets (including Apartment 6 and Apartment G3 at 5 Princes Gate, London, United Kingdom SW7 1QJ (together, the "London Apartment")) are property of the Debtor's chapter 11 estate,[4] in order to obtain control over the shares of K Legacy, the Trustee must seek relief of the BVI court. To that end, Mr. Morgan assisted the Trustee in bringing substantive proceedings in the BVI to recover the shares of K Legacy (including preparing evidence, claim documents, strategy notes and legal arguments). Mr. Morgan will continue to act for the Trustee in these proceedings, which have been listed for trial in November 2025.

17. The work undertaken by Mr. Morgan to date has been significant, involving strategic input, advice, and advocacy in court proceedings. This work remains ongoing.

**PRIOR APPLICATION**

18. No prior application for the relief requested has been made.

---

[4] *See Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Entry of Default Judgment Against K Legacy Ltd. and Qiang Guo*, ¶ 2 (Adv. Proc. No. 24-05249, Sept. 12, 2024) [Docket No. 76].

5

**LEGAL AUTHORITY FOR COMPENSATION**

19. All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

20. Mr. Morgan respectfully submit that his services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy related matters. The legal services for which such compensation is requested were performed for and on behalf of the Trustee. Such services have been necessary to protect and enforce the rights and interests of the Trustee in connection with these chapter 11 cases. The reasonable value of services rendered by the Applicant in these cases is based upon the Applicant's usual hourly rates for matters of this nature.

21. Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals. The Applicant submits that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

22. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[5]

---

[5] Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

6

23. In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3). The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

24. In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[6] while also incorporating the "lodestar method." *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)). The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130

---

[6] The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

7

S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991). The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[7] *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

25. In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by the Applicant is fair and reasonable.

## STATUTORY COMPLIANCE

26. No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter. The Applicant will not, in any form or guise, share or agree to share compensation for services with any person, nor will the Applicant share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

## RESERVATION OF RIGHTS

27. To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or the Applicant has

---

[7] The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress. *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

8

for any reason not sought compensation or reimbursement with respect to such services, the Applicant reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases. Also, the Applicant does not waive, and expressly reserve, their right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

## **NO PRIOR REQUEST**

28.    No previous request for the relief sought herein has been made to this Court or any other court.

[*The Remainder of This Page is Intentionally Blank.*]

**WHEREFORE**, the Applicant respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of £41,865.00, (ii) authorizing and directing prompt payment of the unpaid fees and expenses in the total amount of £41,865.00 from the Debtor's estate, (iii) allowing such compensation and payment for professional services rendered without prejudice to the Applicant's right to seek further compensation and/or payment from the Debtor's estate for the full value of services performed and expenses incurred, and (iv) granting the Applicant such other and further relief as is just.

Dated: February 24, 2025
      London, United Kingdom

By: */s/ James Morgan*
    James Morgan
    Radcliffe Chambers
    11 New Square Lincoln's Inn
    London WC2A 3QB United Kingdom
    Telephone: 020 7831 0081
    Email: clerks@radcliffechambers.com

    *British Virgin Islands Barrister to Luc A. Despins, Chapter 11 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| HO WAN KWOK, et al., | ) Case No. 22-50073 (JAM) |
|  | ) (Jointly Administered) |
| Debtors.[1] | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the *First Interim Application of James Morgan as Barrister in British Virgin Islands, for Compensation and Reimbursement of Expenses for the Period from September 16, 2024 through December 31, 2024* (the "Application")[2] was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 cases by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[3] In addition, to the extent not covered by the foregoing, copies of the Application were served on the twenty (20) largest creditors in the Debtors' chapter 11 cases. Parties may access this filing through the Court's CM/ECF system.

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined in this Certification shall have the meanings ascribed to them in the Application.

[3] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.

Dated: February 24, 2025

By: */s/ G. Alexander Bongartz*
G. Alexander Bongartz (*pro hac vice*)
Douglass Barron (*pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

*Counsel for the Chapter 11 Trustee*

2

## **EXHIBIT A**

**Proposed Order**

Case 22-50073    Doc 4156    Filed 02/24/25    Entered 02/24/25 18:51:07    Page 14 of 20

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                                                      :

In re:                                                               : Chapter 11
                                                               :

HO WAN KWOK, *et al.*,                  : Case No. 22-50073 (JAM)
                                                              :

           Debtors.[1]                             : Jointly Administered
                                                               :
---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST INTERIM FEE APPLICATION OF JAMES
MORGAN AS BARRISTER IN BRITISH VIRGIN ISLANDS FOR COMPENSATION
FOR PERIOD FROM SEPTEMBER 16, 2024 THROUGH DECEMBER 31, 2024**

      Upon consideration of the Application (the "Application") of James Morgan KC ("Mr. Morgan" or the "Applicant") as barrister in the British Virgin Islands ("BVI") to the Trustee[2] for interim allowance of compensation and reimbursement of expenses from September 16, 2024 through December 31, 2024; and sufficient notice having been given; and a hearing having been held on _____, 2025 and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby:

      1.      ORDERED that the Application is granted and compensation in the amount of £41,865.00 is awarded to the Applicant, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full; it is further

      2.      ORDERED that nothing herein modified the Retention Order; it is further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

3.  ORDERED that the estate is authorized and directed to pay the Applicant's fees in the amount of £41,865.00, within fourteen days of the date of this Order; it is further

4.  ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

5.  ORDERED that the Debtor's estates and the Applicant is authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

6.  ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

7.  ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

## **EXHIBIT B**

**Fee Detail**

Radcliffe Chambers
11 New Square Lincoln's Inn
London WC2A 3QB

T: 020 7831 0081
E: clerks@radcliffechambers.com
W: radcliffechambers.com
DX: 319 London



| | |
|---|---|
| Mr Andrew Thorp Harney Westwood & Riegels LP Craigmuir Chambers PO Box 71 Road Town Tortola VG1110 British Virgin Islands | **Professional Fees of:**<br>James Morgan KC<br>695962271<br><br>VAT Registration No:<br>Bar Council No:<br>Pay Ref/PO No: |

| Sol's Ref: | HARNEYS-GLOBAL.058684.0001 | Our Ref: | 208000 |
|---|---|---|---|

Luc A. Despins -v- (1) K Legacy Ltd (2) Qiang Guo

| Court: | Eastern Caribbean Supreme Court | Date: | 19/02/2025 |
|---|---|---|---|
| Court Ref No: | BVIHCOM2024 | Funding Type: | Private |
| Case Type: | Civil | | |

| Date | Description | Amount | Vat% | Vat |
|---|---|---|---|---|
| 16/09/2024 | Emails to Harneys re effect of automatic stay (0.5); emails with Harneys re skeleton argument and related matters (0.75); first draft of Points of Claim (5.75)    - total 7hrs | £5,600.00 | 0% | £0.00 |
| 17/09/2024 | Emails with Harneys as to listing - 0.25 | £200.00 | 0% | £0.00 |
| 18/09/2024 | Re-draft of Points of Claim and Originating Application - 1hr | £800.00 | 0% | £0.00 |
| 20/09/2024 | Review of client re-draft of Points of Claim (1.0); email to Harneys re s.426 (1.0) - 2hrs total | £1,600.00 | 0% | £0.00 |
| 22/09/2024 | Email to Harneys as to conflict of laws points (1.0) ; follow-on call with AT (0.5) - total 1.5hrs | £1,200.00 | 0% | £0.00 |
| 23/09/2024 | Re-draft of Points of Claim (2.0); email to Harneys re bona vacantia and other points raised by client (0.5)                    -  total - 2.5 | £2,000.00 | 0% | £0.00 |
| 25/09/2024 | Revised draft of Points of Claim and covering email - 1hr | £800.00 | 0% | £0.00 |

**\*\*In line with our Anti-Money Laundering Policy, we request that all payments are made from the company/person that this fee note is addressed to and NOT from the lay client or third party\*\***

Payments to be made by BACS/Electronic Bank transfer to the following bank details:
HSBC, Ac Name : Radcliffe Chambers, Sort Code : 40-02-07, Ac No : 81528351
IBAN : GB13HBUK40020781528351, BIC/Swift : HBUKGB4105S

Please quote our case reference number and send a remittance advice to clerks@radcliffechambers.com
If paying by cheque please make cheques payable to Radcliffe Chambers
\*\*VALID ONLY WHEN RECEIPTED – THIS IS NOT A TAX INVOICE\*\*

Previously rendered on 03/10/2024, 05/11/2024, 03/12/2024, 23/12/2024, 21/01/2025, 31/01/2025, 10/02/2025, 10/02/2025, 12/02/2025, 19/02/2025          19/02/2025   Lee Wright
                                                                                                     Printed on                       by:

Page **1** of 3

Barristers regulated by the Bar Standards Board

# Radcliffe Chambers

**Professional Fees of:** James Morgan KC

VAT Registration No: 695962271

Bar Council No:

**Sol's Ref:** HARNEYS-GLOBAL.058684.0001

**Our Ref:** 208000

19/02/2025

| | Luc A. Despins -v- (1) K Legacy Ltd (2) Qiang Guo | | | |
|---|---|---|---|---|
| Date | Description | Amount | Vat% | Vat |
| 26/09/2024 | Revised draft of Points of Claim (0.25); re-drafting of affidavit (1.0) - 1.25 total | £1,000.00 | 0% | £0.00 |
| 27/09/2024 | Re-drafting of affidavit - 3hrs | £2,400.00 | 0% | £0.00 |
| 30/09/2024 | Email to Harneys answering queries as to exhibits and content of affiavit - 0.50 | £400.00 | 0% | £0.00 |
| 12/11/2024 | Reading (1) draft affidavit of Trustee, (2) draft submissions for hearing on 12/12/24 and (3) Joint Liquidators submissions for the same. In person discussion with Andy Thorpe as to strategy and tactics ahead of hearing on 12/12/24, including commencing fresh application for relief - Ace Decade - 4 hours | £3,200.00 | 0% | £0.00 |
| 13/11/2024 | Reading intended exhibits to affidavit of Trustee, researching relevant law and drafting email to Harneys setting out draft advice to Trustee as to strategy and tactics ahead of hearing on 12/12/24 - Ace Decade - 5.75 hours | £4,600.00 | 0% | £0.00 |
| 15/11/2024 | Drafting Points of Claim - Ace Decade - 7.5 hours | £6,000.00 | 0% | £0.00 |
| 19/11/2024 | Review of further documents and Zoom call with Harneys to discuss strategy and approach to specific issues on intended application for relief - Ace Decade - 1.5 hours | £1,200.00 | 0% | £0.00 |
| 20/11/2024 | Re-drafting Points of Claim and covering email setting out two main issues for consideration ahead of call on 21/11/2024 - Ace Decade - 1.25 hours | £1,000.00 | 0% | £0.00 |
| 21/11/2024 | Preparation for and Zoom call with clients in relation to (1) strategy and tactics ahead of hearing on 12/12/24 and (2) directions related matters on K Legacy matter - Ace Decade - 1.75 hours | £1,400.00 | 0% | £0.00 |
| 21/11/2024 | Preparation for and Zoom call with clients in relation to (1) strategy and tactics ahead of hearing on 12/12/24 and (2) directions related matters on K Legacy matter - K-Legacy - 2 hours | £1,600.00 | 0% | £0.00 |
| 22/11/2024 | Email to Harneys regarding issues currently listed before court at hearing on 12/12/24 - Ace Decade - 1.75 hours | £1,400.00 | 0% | £0.00 |
| 25/11/2024 | Review of steps plan and email regarding further research point regarding application of foreign bankruptcy law - Ace Decade - 20mins | £265.00 | 0% | £0.00 |

**\*\*In line with our Anti-Money Laundering Policy, we request that all payments are made from the company/person that this fee note is addressed to and NOT from the lay client or third party\*\***

Payments to be made by BACS/Electronic Bank transfer to the following bank details:
HSBC, Ac Name : Radcliffe Chambers, Sort Code : 40-02-07, Ac No : 81528351
IBAN : GB13HBUK40020781528351, BIC/Swift : HBUKGB4105S

**Please quote our case reference number and send a remittance advice to** clerks@radcliffechambers.com

If paying by cheque please make cheques payable to Radcliffe Chambers

**\*\*VALID ONLY WHEN RECEIPTED – THIS IS NOT A TAX INVOICE\*\***

Previously rendered on 03/10/2024, 05/11/2024, 03/12/2024, 23/12/2024, 21/01/2025, 31/01/2025, 10/02/2025, 10/02/2025, 12/02/2025, 19/02/2025          19/02/2025    Lee Wright
                                                                        Printed on         by:

Barristers regulated by the Bar Standards Board

# Radcliffe Chambers

**Professional Fees of:** James Morgan KC

VAT Registration No: 695962271

Bar Council No:

**Sol's Ref:** HARNEYS-GLOBAL.058684.0001

**Our Ref:** 208000

19/02/2025

| | Luc A. Despins -v- (1) K Legacy Ltd (2) Qiang Guo | | | |
|---|---|---:|---:|---:|
| Date | Description | Amount | Vat% | Vat |
| 02/12/2024 | Review of further materials from client regarding involvement of Wang and email to Harneys - Ace Decade - 0.75 hours | £600.00 | 0% | £0.00 |
| 07/12/2024 | Redrafting Points of Claim in light of further factual and legal materials from the client - Ace Decade - 2.25 hours | £1,800.00 | 0% | £0.00 |
| 11/12/2024 | Redrafting affidavit in support - Ace Decade - 1.75 hours | £1,400.00 | 0% | £0.00 |
| 16/12/2024 | Review of K Legacy PoC and email advice - K-Legacy - 0.5 hours | £400.00 | 0% | £0.00 |
| 18/12/2024 | Final redraft of PoC and affidavit in support - Ace Decade - 1 hour | £800.00 | 0% | £0.00 |
| 19/12/2024 | Review of email reporting result at court on 18/12 and short email advice - Ace Legacy - 0.25 hours | £200.00 | 0% | £0.00 |

| VAT SUMMARY | | |
|---|---|---:|
| 0% (FEE) Amount: £41,865.00, VAT: £0.00 | Total Fees | £41,865.00 |
| | Total VAT | £0.00 |
| | Total Due | £41,865.00 |

**\*\*In line with our Anti-Money Laundering Policy, we request that all payments are made from the company/person that this fee note is addressed to and NOT from the lay client or third party\*\***

Payments to be made by BACS/Electronic Bank transfer to the following bank details:

HSBC, Ac Name : Radcliffe Chambers, Sort Code : 40-02-07, Ac No : 81528351

IBAN : GB13HBUK40020781528351, BIC/Swift : HBUKGB4105S

Please quote our case reference number and send a remittance advice to clerks@radcliffechambers.com

If paying by cheque please make cheques payable to Radcliffe Chambers

\*\*VALID ONLY WHEN RECEIPTED – THIS IS NOT A TAX INVOICE\*\*

Previously rendered on 03/10/2024, 05/11/2024, 03/12/2024, 23/12/2024, 21/01/2025, 31/01/2025, 10/02/2025, 10/02/2025, 12/02/2025, 19/02/2025         19/02/2025   Lee Wright

Printed on            by:

Barristers regulated by the Bar Standards Board