## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re:                                            :      Chapter 11
                                                  :
HO WAN KWOK, *et al.,*                            :      Case No. 22-50073 (JAM)
                                                  :
            Debtors.[1]                           :      Jointly Administered
                                                  :
------------------------------------------------------x

## COVERSHEET FOR FIRST INTERIM FEE APPLICATION OF WINNE, BANTA, BASRALIAN & KAHN, P.C.

| | |
|---|---|
| Interim Application of: | Winne, Banta, Basralian & Kahn, P.C. |
| Time Period: | August 19, 2024 through December 31, 2024 |
| Bankruptcy Petition Filed: | February 15, 2022 |
| Date of Entry of Retention Order: | October 9, 2024 [ECF No. 3652] (effective as of August 19, 2024) |

**Amount Requested:**                           **Reductions:**
Fees:                     $10,854.50             Voluntary Fee Reductions:          $817.00
Expenses:                 $828.93                Voluntary Expenses Reductions:     none
**Total (after vol. reduct.):  $10,866.43**

**Fees Previously Requested:**                   **Retainer Request:**
Requested Fees:           $0.00                  None
Awarded Fees:             $0.00
Paid Fees:                $7,981.60[2]

**Expenses Previously Requested:**               **Expense Detail:**
Requested Expenses:       $0.00                  Retainer Received:        Not applicable
Awarded Expenses:         $0.00                  Copies per page cost & total:  Not applicable
Paid Fees:                $7,981.60[2]

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   As detailed below, $7,981.60 in fees and $828.93 in expenses were previously paid in accordance with the Interim Compensation Order and the Monthly Fee Statements (each as defined below).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, *et al.,*                        :    Case No. 22-50073 (JAM)
                                              :
              Debtors.[3]                     :    Jointly Administered
                                              :
-------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF WINNE, BANTA, BASRALIAN & KAHN,**
**P.C., AS SPECIAL NEW JERSEY REAL ESTATE COUNSEL TO TRUSTEE FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERIOD**
**FROM AUGUST 19, 2024 THROUGH DECEMBER 31, 2024**

Pursuant to sections 105(a), 328, 330, and 331 of title 11 of the United States Code (such

title, hereinafter, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local

Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of*

*Expenses for Retained Professionals, dated August 18, 2023* [Docket No. 2094] (the "Interim

Compensation Order"), Winne, Banta, Basralian & Kahn, P.C. ("WBBK"), as special New Jersey

real estate counsel to Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee")

appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby files this *First Interim*

*Fee Application of Winne, Banta, Basralian & Kahn, P.C., as Special New Jersey Real Estate*

---

[3]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
      LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
      for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
      Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
      of notices and communications).

*Counsel, for Compensation and Reimbursement of Expenses for the Period from August 19, 2024*

*through December 31, 2024* (the "Application").  By this Application, WBBK requests interim

allowance of professional fees incurred during the period from August 19, 2024 through and

including December 31, 2024 (the "Application Period") in these chapter 11 cases.  In support of

this Application, WBBK respectfully states as follows:

### JURISDICTION, VENUE, BASES FOR RELIEF, AND COMPLIANCE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Standing Order of Reference* from the United States District Court for the District of

Connecticut.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The legal predicates for the relief requested herein are sections 328, 330, and 331

of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.[4]

3.       WBBK believes that this Application, together with the attachments hereto,

substantially complies with the Bankruptcy Rules, Local Rule 2016-1, and the *United States*

*Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of*

*Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee

Guidelines").[5]  WBBK respectfully requests a waiver of any of the foregoing requirements not met

by this Application.

4.        Attached and incorporated herein by reference are the following Exhibits:

- **Exhibit A** contains the Proposed Order granting this Application.

- **Exhibit B** is the Invoice Summary of WBBK dated November 8, 2024 with  a
  timekeeper summary that includes the name, hourly billing rate, aggregate

---

[4]     At this time, no interim compensation procedures have been approved by the Court.

[5]     WBBK reserves all rights as to the relevance and substantive legal effect of the U.S. Trustee Guidelines with
       respect to any application for compensation in these chapter 11 cases.

hours, and amount of fees earned for each WBBK individual who provided services during the Application Period (the "November Invoice").

- **Exhibit C** is the Invoice Summary of WBBK dated December 18, 2024 with a timekeeper summary that includes the name, hourly billing rate, aggregate hours and amount of fees earned for each WBBK individual who provided services during the Application Period  and a summary of expenses incurred and reimbursement sought during the Application Period (the "December Invoice"); and

## BACKGROUND

### I.    Debtor's Chapter 11 Case and Retention Order

5.    On February 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut (Bridgeport Division) (the "Court").

6.    On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's chapter 11 case.  No examiner has been appointed in the Individual Debtor's chapter 11 case.

7.    On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case.

8.    Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.  On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Debtor's chapter 11 case.

9.    By order entered October 9, 2024, the Court authorized WBBK's retention as special New Jersey real estate counsel for the Trustee [ECF No. 3652] (the "Retention Order") effective as of August 19, 2024 in the Debtor's chapter 11 case.  The Retention Order authorizes WBBK to be compensated on an hourly basis and reimbursed for actual and necessary out-of-

pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such orders as the Court may direct.

## II.    Interim Compensation Procedures Order and Monthly Fee Statements

10.    On August 18, 2023, the Court entered the Interim Compensation Procedures Order, which, among other things, approves procedures for the payment of 80% of fees and 100% of expenses on a monthly basis.

11.    In accordance with the Interim Compensation Procedures Order, on November 19, 2024, WBBK filed and served its first monthly fee statement [Docket No. 3836] (the "September Monthly Fee Statement") requesting payment of 80% of all fees actually and necessarily incurred for services rendered during the period from August 19, 2024, through September 30, 2024, in the amount of $2,398.50, which amount WBBK consensually reduced to $1,581.50.[6]

12.    No objections were filed in response to the September Monthly Fee Statement (as consensually reduced).

13.    On December 18, 2024, the Trustee caused WBBK's September Monthly Fee Statement to be paid by the Debtor's bankruptcy estate in the amount of $1,263 (*i.e.*, 80% of the reduced fees requested under this fee statement).

14.    In accordance with the Interim Compensation Procedures Order, on December 19, 2024, WBBK filed and served its second monthly fee statement [Docket No. 3918] (the "November Monthly Fee Statement", and jointly with the September Monthly Fee Statement, the "Monthly Fee Statements") requesting payment of 80% of all fees and 100% reimbursement of all expenses actually and necessarily incurred for services rendered during the period from October

---

[6]    WBBK had accrued fees to totaling $2,398.50, however, they voluntarily accepted a reduction of $760.50 and waived one time entry in the amount of $56.50, for an aggregate reduction of $817.00.

1, 2024 through and including November 30, 2024, in the amounts of $8,397.50[7] and $828.93, respectively.

15.     No objections were filed in response to the November Monthly Fee Statement.

16.     On February 6, 2025, the Trustee caused WBBK's November Monthly Fee Statement to be paid by the Debtor's bankruptcy estate in the amounts of $7,546.93 (*i.e.*, 80% of fees, or $6,718, and 100% of expenses requested under this monthly fee statement).

## III.     Background Relevant to WBBK's Engagement and Services

17.     On July 11, 2023, the Trustee commenced an adversary proceeding (Adv. Proc. No. 23-05017, the "Mahwah A.P.") against Taurus Fund, and Scott Barnett and Taurus Management LLC, as trustees of Taurus Fund (collectively, the "Defendants"), seeking (a) a declaratory judgment that (i) the Debtor is the equitable owner of real property located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430 (the "Mahwah Mansion"), (ii) the Debtor is the equitable owner of Taurus Fund; and (iii) Taurus Fund is the alter ego of the Debtor; and (b) on these respective bases, an order under 11 U.S.C. §§ 541, 542 and 544 requiring turnover to the Debtor's Chapter 11 estate (the "Estate") and delivery to the Trustee of: (i) the Mahwah Mansion and all fixtures and personal property inside the Mahwah Mansion; (ii) any membership interest or other ownership interest in Taurus Fund; and (iii) all of Taurus Fund's assets.

18.     On September 11, 2024, the Trustee filed his Motion for Summary Judgment (the "Summary Judgment Motion") in the Mahwah A.P. [Adv. Proc. 23-05017 ECF No. 124] seeking entry of an order providing, among other things, that the Mahwah Mansion is property of the

---

[7] The November Monthly Fee Statement inadvertently excluded a time entry as follows:

Date: November 19, 2024   Timekeeper:  Richard R.  Kahn   Narrative of Services;   Confer with G. Redish re: correspondence to M. Starr and M. Blout .10 hours at the rate of $585.00/hour for fees in the amount of $58.50 (the "November 19, 2024 Fee Entry"). By this Application, WBBK also seeks allowance of the November 19 2024 Fee Entry.

Estate.   On October 22, 2024, a hearing was held on the Summary Judgment Motion, and the matter remains under advisement.

19.     On October 29, 2024, in the Mahwah A.P., the Court entered an Order authorizing the Trustee to sell the Mahwah Mansion and its contents subject to further order of the Court (the "Sale Order") [Adv. Proc. 23-05017 ECF no. 142].

20.     Following entry of the Sale Order, the Trustee has diligently proceeded to market and sell the Mahwah Mansion.   WBBK has been actively involved in preparing the Mahwah Mansion for an expeditious and efficient sale process, including resolving issues affecting  title at the property.

## ALLOWANCE REQUEST

21.     The Applicant is applying for compensation pursuant to Sections 330 and 331 of the Bankruptcy Code for legal services performed for the Trustee during the Application Period.

22.     For the Application Period, the Applicant seeks allowance of $10,037.50[8] as compensation for services rendered and allowance and reimbursement of $828.93 in expenses incurred in connection with such services.   The Applicant devoted 19.1 hours to this case during the Application Period, equating to an overall blended rate of $568.30.

23.     As noted, WBBK has already received payment of $7,981 of the fees incurred during the Application Period and $828.93 of the expenses incurred during the Application Period, such that WBBK is only seeking payment of the remaining 20% of its fees incurred during the Application Period through November 30, 2024, namely $2,112.40 (plus the inadvertently omitted

---

[8]   This amount includes 100% of a November 19, 2024 Fee Entry inadvertently omitted from the November Monthly Fee Statement.  This time entry was for Attorney Richard R. Kahn, for 0.1 hours (for an amount of $58.50) and reads: "Confer with G. Redish re: correspondence to M. Starr and M. Blout."

This amount also reflects that WBBK has taken a voluntary reduction of their fees in the amount of $817.

fee entry described in footnote 8).   No fees were incurred from December 1, 2024 through December 31, 2024.

24.    Throughout the Application Period, the Applicant maintained records to indicate the name of each attorney[9] or paraprofessional working on this matter, the time spent on a particular issue, and the nature of the work performed.  These records, which describe in detail the services rendered by the Applicant, were created at the approximate time the services were performed.

25.    Annexed hereto and made a part hereof as **Exhibit B**  and **Exhibit C**, respectively, are the November Invoice and the December Invoice, each a detailed Invoice Summary upon which this application is based that contains each individual professional's time for the Debtor's bankruptcy proceedings, itemizing the dates upon which services were rendered, including a summary of the services on each of such dates by each person rendering the service, the time spent in rendering such service, and the dollar value of such services.

### Summary of Services Rendered

26.    WBBK has assisted NPM attorneys with stewarding the maintenance and sale preparation of the Debtor's castle-style estate, the Mahwah Mansion, currently listed for sale at $33,000,000.00.  These tasks included coordinating the upkeep of the property by identifying for NPM counsel reliable professionals, such as roofers, landscapers, contractors, and pool technicians.  Proper maintenance of the Mahwah Mansion is critical to an effective marketing plan.

27.    WBBK conducted a title examination of the real property, which identified encumbrances affecting the real property, including mechanic's liens and associated litigation with

---

[9]    The WBBK attorneys providing services during the Application Period are Richard R. Kahn (admitted to New Jersey Bar 1977); Gary S. Redish (admitted to New Jersey Bar 1975) and Ivette M. Vargas (admitted to New Jersey Bar 2019).

respect to the liens.  WBBK advised the Trustee of the liens and developed a strategic approach to engage with lien holders, including engagement with the lien holders regarding the pending bankruptcy case and the marketing of the Mahwah Mansion for sale.

28.     During the Application Period, WBBK researched and answered NPM attorneys' inquiries on disclosure requirements prior to listing the Mahwah Mansion for sale.  Furthermore, WBBK reviewed and drafted contract terms for potential buyers, ensuring compliance with relevant bankruptcy provisions in the Debtor's bankruptcy case.

29.     WBBK worked in conjunction with NPM to advise the Trustee of ownership issues, lis pendens concerns, and property condition disclosures. Ultimately, WBBK's services helped to facilitate the marketing and sale process while mitigating potential legal complexities, as they continue to represent the Trustee in the property's sale.

## Prior Application

30.     No prior application for the relief requested has been made.  However, as noted, 80% of the fees[10] and 100% of the expenses incurred during the Application Period for the period from August 19, 2024 through November 30, 2024, were previously paid in accordance with the Interim Compensation Procedures Order.

## Legal Authority for Compensation

31.     All of the professional services for which this award is being sought hereby were rendered solely on behalf of the Trustee in connection with the chapter 11 cases herein.

32.     Applicant respectfully submits that its services have benefited the Trustee with the expertise and skill required in the handling of bankruptcy matters.  The legal services for which such compensation is requested were performed for and on behalf of the Trustee.  Such services

---

[10]   Excluding the November 19 2024 Fee Entry referred to in footnote 8.

have been necessary to protect and enforce the rights and interests of the Trustee in connection with these chapter 11 cases.  The reasonable value of services rendered by WBBK in these cases is based upon WBBK usual hourly rates for matters of this nature.

33.    Section 330 of the Bankruptcy Code prescribes the general standards for determining the amount of compensation to be paid to professionals.  The Applicant submits that the amount sought for the Application Period represents reasonable compensation for professional services rendered based upon the time spent, the nature, the extent, and the value of such services, taking into account the cost of comparable services in a non-bankruptcy case.

34.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court may award a professional employed under 11 U.S.C. § 327 "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).[11]

35.    In determining the amount of "reasonable compensation," the Court must consider the nature, extent, and value of the services, taking into account all the relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary and beneficial, whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

---

[11]    Under section 328(a) of the Bankruptcy Code, with bankruptcy court approval, a trustee may employ professional persons under section 327(a) of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

See 11 U.S.C. § 330(a)(3).  The Court enjoys "considerable discretion in determining reasonable fee awards." *In re Ahead Communication Systems, Inc.*, 395 B.R. 512 (D. Conn. 2008).

36.    In assessing the "reasonableness" of the fees requested, the Second Circuit has stated that courts should consider the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*,[12] while also incorporating the "lodestar method."  *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007) (*citing Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds* by *Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 96 (1989)).  The "lodestar method" of calculating the reasonable fee contemplates "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Perdue v. Kenny A.*, 130 S.Ct. 1662, 1672 (2010); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13 (Bankr. S.D.N.Y. 1991).  The factors set forth in *Johnson* and *In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298–99 (5th Cir. 1977) have been adopted by most courts.[13]  *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 1986) (same); *Green v. City of New York*, 403 F. Appx. 626, 629 (2d Cir. 2010) (summary order); *see generally* 3 COLLIER ON BANKRUPTCY ¶ 330.03[9] (Lawrence P. King ed., 16th ed. 2016) (describing *First Colonial* and *Johnson* as the "leading

---

[12]   The twelve *Johnson* factors are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

[13]   The factors articulated in *First Colonial* were first articulated by the Fifth Circuit in *Johnson*, with the *First Colonial* court adding the factor of the "spirit of economy," which was later rejected by Congress.  *See Stroock & Stroock & Lavan v. Hillsborough Holdings Corp. (In re Hillsborough Holdings Corp.)*, 127 F.3d 1398, 1403 (11th Cir. 1997).

cases with regard to the factors to be considered in determining a reasonable allowance of compensation").

37.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code and applicable case law, the amount requested herein by WBBK is fair and reasonable.

## **Statutory Compliance**

29.    No agreement or understanding exists between WBBK and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this matter.  WBBK will not, in any form or guise, share or agree to share compensation for services with any person, nor will WBBK share in the compensation for any other person rendering service in these cases, except as so provided by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

## **RESERVATION OF RIGHTS**

30.    To the extent that time or disbursement charges for services rendered or expenses incurred during the Application Period are not included in this Application, or WBBK  has for any reason not sought compensation or reimbursement with respect to such services, WBBK reserves the right to request compensation and reimbursement for such services in a supplemental or future application in these chapter 11 cases.  Also, WBBK does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for services rendered and expenses incurred.

## **NO PRIOR REQUEST**

31.    No previous request for the relief sought herein has been made to this Court or any other court.

[*THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.*]

**WHEREFORE**, WBBK respectfully requests entry of an order, substantially in the form attached hereto, (i) allowing interim compensation for professional services rendered during the Application Period in the amount of $10,037.50 and reimbursement of $828.93 in expenses, (ii) authorizing and directing payment of the unpaid fees from the Debtor's bankruptcy estate, (iii) allowing such compensation and payment for professional services rendered without prejudice to WBBK's right to seek further compensation and/or payment from the estate for the full value of services performed and expenses incurred, and (iv) granting WBBK such other and further relief as is just.

Dated: February 24, 2025          **WINNE BANTA BASRALIAN**
      New Haven, Connecticut        **&KAHN, P.C.**

                                   By: */s/ Richard R. Kahn*
                                   Richard R. Kahn, Esq.
                                   Winne, Banta, Basralian Kahn, P.C.
                                   21 Main Street Suite 101
                                   Hackensack, New Jersey 07601
                                   rkahn@winnebanta.com

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                            :

In re:                           :  Chapter 11
                            :

HO WAN KWOK, *et al.*,       :  Case No. 22-50073 (JAM)
                            :

        Debtors.[1]         :  Jointly Administered
                            :

---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST INTERIM FEE APPLICATION OF WINNE**
**BANTA, BASRALIAN & KAHN, P.C., AS SPECIAL NEW JERSEY REAL ESTATE**
**COUNSEL, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR**
**PERIOD FROM AUGUST 19, 2024 THROUGH DECEMBER 31, 2024**

Upon consideration of the Application (the "Application") of Winne Banta, Basralian &
Kahn, P.C. ("WBBK") as special New Jersey real estate counsel to the Luc A. Despins, in his
capacity as Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok
(the "Debtor") for interim allowance of compensation and reimbursement of expenses from
August 19, 2024 through and including December 31, 2024; and sufficient notice having been
given; and a hearing having been held on _____, 2025 and due consideration having been given
to any responses thereto; and sufficient cause having been shown therefor, it is hereby:

ORDERED that the Application is granted and compensation in the amount of $10,037.50
and reimbursement of expenses in the amount of $828.93 are awarded to WBBK, subject to final

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

adjustment and disgorgement in the event all administrative expenses are not paid in full; it is further

ORDERED that nothing herein shall have modified the Retention Order; it is further

ORDERED that the Trustee is authorized and directed to cause the Debtor's bankruptcy estate to pay WBBK's fees and expenses as allowed herein (less any amounts paid to date pursuant to Monthly Fee Statements), within fourteen days of the date of this Order; it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

ORDERED that the Trustee and WBBK are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

# **EXHIBIT B**

**November Invoice**



**WINNE BANTA**
**BASRALIAN & KAHN**
ATTORNEYS AT LAW

COURT PLAZA SOUTH – EAST WING
21 MAIN STREET, SUITE 101
P.O. BOX 647
HACKENSACK, NJ 07601-7021

(201) 487-3800
FACSIMILE (201) 487-8529

www.winnebanta.com

November 8, 2024

Luc A. Despins - Trustee
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

| | |
|---|---|
| Invoice #: | 253199 |
| Client #: | 11157 |
| Matter #: | 1 |
| Billing Attorney: | RRK |

## INVOICE SUMMARY

For professional services rendered and disbursements advanced through September 30, 2024:

**RE:  Local NJ Real Estate Counsel regarding the sale of Crocker Mansion (Mahwah Mansion), located at 675 Ramapo Valley Road, Mahwah, New Jersey**

| | |
|---|---|
| Professional Services | $ 2,398.50 |
| Total Disbursements Advanced | $ .00 |
| **TOTAL THIS INVOICE** | **$ 2,398.50** |

**WBB&K P.C.**

Invoice #: 253199

November 8, 2024

## PROFESSIONAL SERVICES RENDERED

| Date | Tkpr | Narrative of Services | Hours |
|------|------|----------------------|------:|
| 8/19/24 | RRK | Emails with P. Linsey and "clear" conflict check. | .25 |
| 8/20/24 | RRK | Clearing conflict. | .25 |
| 8/23/24 | RRK | Confer with P. Linsey and W. Sherman on retention. | .50 |
| 8/26/24 | RRK | Emails with P. Linsey. | .10 |
| 9/06/24 | RRK | Patrick Lindsey call and emails. | .25 |
| 9/09/24 | RRK | Emails re: status of retention. | .10 |
| 9/12/24 | RRK | Follow up on retention; review Memorandum of Law and Retention application. | .75 |
| 9/13/24 | RRK | Execute and transmit Declaration and begin Broker search. | .25 |
| 9/16/24 | RRK | Review, execute and transmit revised retention application-declaration. | .15 |
| 9/17/24 | RRK | Finalize application. | .10 |
| 9/26/24 | RRK | Recommendations to W. Sherman for pool maintenance and roof repairs. | .40 |
| 9/27/24 | RRK | Calls and emails re: retention; follow up on pool and roof repair vendors. | .50 |
| 9/30/24 | RRK | Review and respond to N. Kinsella email; email to P. Linsey. | .50 |

**TOTAL PROFESSIONAL SERVICES**                                    **$ 2,398.50**

## TIMEKEEPER SUMMARY

| Name | Rate | Hours | Total |
|------|-----:|------:|------:|
| Kahn, Richard R. | 585.00 | 4.10 | 2,398.50 |
| **TOTALS** | | **4.10** | **$ 2,398.50** |

**TOTAL THIS INVOICE**                                    **$ 2,398.50**

2



## WINNE BANTA
## BASRALIAN & KAHN
ATTORNEYS AT LAW

COURT PLAZA SOUTH – EAST WING
21 MAIN STREET, SUITE 101
P.O. BOX 647
HACKENSACK, NJ 07601-7021

(201) 487-3800
FACSIMILE (201) 487-8529

www.winnebanta.com

November 8, 2024

Luc A. Despins - Trustee
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

| | |
|---|---|
| Invoice #: | 253199 |
| Client #: | 11157 |
| Matter #: | 1 |
| Billing Attorney: | RRK |

## REMITTANCE ADVICE

RE:   Local NJ Real Estate Counsel regarding the sale of Crocker Mansion (Mahwah Mansion), located at 675 Ramapo Valley Road, Mahwah, New Jersey

**BALANCE DUE THIS INVOICE**          **$ 2,398.50**

Please return this advice with payment to:

WBB&K P.C.
ATTN:  Accounts Receivable
P.O. Box 647
Hackensack, NJ 07602-0647

## DUE UPON RECEIPT

To Pay By Credit Card:

Visa _____          Mastercard _____          Discover _____

Account No.: _____  Expiration Date: ____/___  Security Code: _____

Amount : $ _____  Name on Account: _____

Cardholder Billing Address: _____

Authorization Signature: _____

E-Mail Address: _____

## **EXHIBIT C**

**December Invoice**



**WINNE BANTA**
**BASRALIAN & KAHN**
ATTORNEYS AT LAW

COURT PLAZA SOUTH – EAST WING
21 MAIN STREET, SUITE 101
P.O. BOX 647
HACKENSACK, NJ 07601-7021

(201) 487-3800
FACSIMILE (201) 487-8529

www.winnebanta.com

December 18, 2024

Luc A. Despins- Trustee
Paul Hastings, LLC
200 Park Avenue
New York, NY  10166

| | |
|---|---|
| Invoice #: | 254872 |
| Client #: | 11157 |
| Matter #: | 1 |
| Billing Attorney: | RRK |

## INVOICE SUMMARY

For professional services rendered and disbursements advanced through November 30, 2024:

**RE:  Local NJ Real Estate Counsel regarding the sale of Crocker Mansion (Mahwah Mansion), located at 675 Ramapo Valley Road, Mahwah, New Jersey**

| | |
|---|---|
| Professional Services | $ 8,397.50 |
| Total Disbursements Advanced | $ 828.93 |
| **TOTAL THIS INVOICE** | **$ 9,226.43** |
| Outstanding Balance | $ 1,134.90 |
| **TOTAL BALANCE DUE** | **$ 10,361.33** |

**WBB&K P.C.**

Invoice #: 254872                                                                December 18, 2024

## PROFESSIONAL SERVICES RENDERED

| Date | Tkpr | Narrative of Services | Hours |
|------|------|----------------------|-------|
| 10/01/24 | RRK | Review revised Supplemental Declaration and respond to Nancy Kinsella. | .20 |
| 10/02/24 | RRK | Email N. Kinsella transmittal of reviewed and executed Supplemental Declaration and P. Linsey emails. | .30 |
| 10/08/24 | RRK | Emails with W. Sherman regarding landscaper cleanup recommendations | .10 |
| 10/09/24 | RRK | Review bankruptcy court retention approval. | .10 |
| 10/10/24 | RRK | W. Sherman emails regarding Landscaper/Clean Up cost estimate. | .10 |
| 10/11/24 | RRK | Emails with W. Sherman - Landscape contractors. | .30 |
| 10/14/24 | RRK | Emails with W. Sherman regarding repair vendors. | .10 |
| 11/04/24 | RRK | Order title search. | .10 |
| 11/04/24 | RRK | Review and advise of Chiesa Shahinian & Giantomasi Notice of Appearance. | .20 |
| 11/04/24 | RRK | Email with W. Sherman regarding advice on Broker prospect. | .10 |
| 11/04/24 | RRK | Email from K. Meccia regarding title report acknowledgment. | .10 |
| 11/04/24 | RRK | Emails - W. Sherman regarding need to secure title search. | .10 |
| 11/06/24 | RRK | W. Sherman and A. Garinco emails re: repair status | .20 |
| 11/07/24 | RRK | W. Sherman email re: repair status. | .10 |
| 11/12/24 | RRK | Emails with W. Sherman re: status of Title Report. | .10 |
| 11/13/24 | RRK | Emails with W. Sherman and A. Garino re: roof repairs. | .10 |
| 11/14/24 | RRK | Transmittal of title report to W. Sherman. | .10 |
| 11/14/24 | RRK | Review title report. | .30 |
| 11/14/24 | RRK | Confer with A. Meccia Jr. re: title report review. | .10 |
| 11/15/24 | RRK | Review title report with First Bergen Title Insurance Co. | .40 |
| 11/15/24 | RRK | Advise client regarding ownership problem. | .10 |
| 11/15/24 | RRK | Confer with G. Redish regarding addressing construction lien foreclosure actions. | .40 |
| 11/15/24 | RRK | Email to client regarding foreclosure actions. | .10 |
| 11/15/24 | GSR | Telephone conference with Richard Kahn, Esq. on New Jersey lis pendens file. | .30 |
| 11/15/24 | GSR | Telephone conference with Bill Sherman on New Jersey lis pendens issue; | .30 |
| 11/15/24 | GSR | Review title report to work on strategy. | 1.00 |
| 11/15/24 | GSR | Telephone conference with Michael Starr, Esq., attorney for lien claimant. | .30 |
| 11/15/24 | GSR | Telephone conference with Mark Blount, Esq. attorney for lien claimant; | .20 |

**WBB&K P.C.**

Invoice #: 254872                                                                    December 18, 2024

| Date | Tkpr | Narrative of Services | Hours |
|------|------|----------------------|-------|
| 11/15/24 | GSR | Review adversary complaint in Connecticut Bankruptcy Court | .50 |
| 11/18/24 | RRK | Confer with G. Redish on mechanic lien claimants strategy. | .30 |
| 11/18/24 | GSR | Review title/Chapter 11 pleadings and claimant's State Court pleadings. | 2.00 |
| 11/18/24 | GSR | Telephone conference with both counsel for claimants. | .40 |
| 11/18/24 | GSR | Work on letter to claimant's counsel. | .60 |
| 11/19/24 | RRK | Revise side letter. | .10 |
| 11/19/24 | RRK | Confer with G. Redish re: mechanic's lien enforcement strategy. | .20 |
| 11/19/24 | RRK | Review G. Redish draft of correspondence re: construction liens. | .20 |
| 11/19/24 | RRK | Review, research and advise client regarding property condition disclosure. | .30 |
| 11/19/24 | RRK | Confer with I. Vargas regarding whether Trustee may avoid property condition disclosure. | .20 |
| 11/19/24 | GSR | Complete title review. | 1.00 |
| 11/19/24 | GSR | ECourt review of lien claims. | .70 |
| 11/19/24 | GSR | Draft letter to lien claimants. | .30 |
| 11/19/24 | IMV | Receipt and review email thread from R.Kahn regarding client inquiry on property disclosure requirements and potential trustee exception thereto. | .10 |
| 11/19/24 | IMV | Research, review and analysis of NJ Real Estate Consumer Protection Enhancement Act for relevant provisions on property disclosure statement requirements. | .50 |
| 11/19/24 | IMV | Research and review DCA guidance on the NJ Real Estate Consumer Protection Enhancement Act and practice templates in connection therewith. | .30 |
| 11/19/24 | IMV | Draft email summary to R.Kahn and M.Taus in response to client inquiry and provide findings on the Act and forms found online. | .10 |
| 11/19/24 | IMV | Attention to email communication with M. Taus and R. Kahn responsive to research findings provided. | .10 |
| 11/20/24 | RRK | Emails with W. Sherman, G. Redish, D. Skalka re: construction liens. | .50 |
| 11/20/24 | GSR | Review Trustee's amendments to letter. | .20 |
| 11/21/24 | RRK | Review G. Redish email regarding executed correspondence and exhibits going to M. Starr and M. Blout. | .10 |
| 11/22/24 | GSR | Finalize letter to lien claimants' counsel. | .30 |

**TOTAL PROFESSIONAL SERVICES**                                    **$ 8,397.50**

**WBB&K P.C.**

Invoice #: 254872                                                      December 18, 2024

## TIMEKEEPER SUMMARY

| Name | Rate | Hours | Total |
|------|------|-------|-------|
| Kahn, Richard R. | 585.00 | 5.70 | 3,334.50 |
| Redish, Gary S. | 585.00 | 8.10 | 4,738.50 |
| Vargas, Ivette M. | 295.00 | 1.10 | 324.50 |
| **TOTALS** | | **14.90** | **$ 8,397.50** |

## DISBURSEMENTS ADVANCED

| Description | Amount |
|-------------|--------|
| Printing | 6.60 |
| First Bergen Title Agency LLC, Searches, File #H24-0171 | 721.00 |
| UPS, Messenger/Courier | 40.97 |
| UPS, Messenger/Courier | 19.18 |
| UPS, Messenger/Courier | 19.18 |
| UPS, Messenger/Courier | 22.00 |

**TOTAL DISBURSEMENTS ADVANCED**                    **$ 828.93**

**TOTAL THIS INVOICE**                    **$ 9,226.43**

**WBB&K P.C.**

Invoice #: 254872

December 18, 2024

## OUTSTANDING INVOICES

| INVOICE NUMBER | DATE | INVOICE TOTAL | PAYMENTS RECEIVED | ENDING BALANCE |
|---|---|---|---|---|
| 253199 | 11/08/24 | 2,398.50 | 1,263.60 | 1,134.90 |

| | |
|---|---|
| Outstanding Balance | $ 1,134.90 |
| Balance Due This Invoice | $ 9,226.43 |
| **TOTAL BALANCE DUE** | **$ 10,361.33** |



**WINNE BANTA**
**BASRALIAN & KAHN**
ATTORNEYS AT LAW

COURT PLAZA SOUTH – EAST WING
21 MAIN STREET, SUITE 101
P.O. BOX 647
HACKENSACK, NJ 07601-7021

(201) 487-3800
FACSIMILE (201) 487-8529

www.winnebanta.com

December 18, 2024

Luc A. Despins- Trustee
Paul Hastings, LLC
200 Park Avenue
New York, NY 10166

| | |
|---|---:|
| Invoice #: | 254872 |
| Client #: | 11157 |
| Matter #: | 1 |
| Billing Attorney: | RRK |

## REMITTANCE ADVICE

RE:  Local NJ Real Estate Counsel regarding the sale of Crocker Mansion (Mahwah Mansion), located at 675 Ramapo Valley Road, Mahwah, New Jersey

| | |
|---|---|
| **BALANCE DUE THIS INVOICE** | **$ 9,226.43** |
| Outstanding Balance | $ 1,134.90 |
| **TOTAL BALANCE DUE** | **$ 10,361.33** |

Please return this advice with payment to:

WBB&K P.C.
ATTN:  Accounts Receivable
P.O. Box 647
Hackensack, NJ 07602-0647

## DUE UPON RECEIPT

To Pay By Credit Card:

Visa _____        Mastercard _____        Discover _____

Account No.: _____ Expiration Date: ____/___ Security Code: _____

Amount : $ _____ Name on Account: _____

Cardholder Billing Address: _____

Authorization Signature: _____

E-Mail Address: _____



COURT PLAZA SOUTH – EAST WING
21 MAIN STREET, SUITE 101
P.O. BOX 647
HACKENSACK, NJ 07601-7021

(201) 487-3800
FACSIMILE (201) 487-8529

www.winnebanta.com