**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
In re:
: Chapter 11
:
HO WAN KWOK, *et al.*,
: Case No. 22-50073 (JAM)
:
: Jointly Administered
Debtors.[1]
:
: RE: ECF No. 4018
---------------------------------------------------------------x

**ORDER GRANTING THIRD INTERIM FEE APPLICATION
OF PRAGER DREIFUSS AG, AS SWISS LAW COUNSEL, FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PERIOD FROM SEPTEMBER 19, 2024
THROUGH DECEMBER 31, 2024**

Upon consideration of the Application (the "Application") of Prager Dreifuss AG ("Prager"), as Swiss law counsel for Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"),[2] for interim allowance of compensation and reimbursement of expenses from September 19, 2024 through December 31, 2024; and sufficient notice having been given; and a hearing having been held on February 27, 2025 and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor, it is hereby:

1. ORDERED that the Application is granted, pursuant to 11 U.S.C. §§ 330 and 331, to the extent set forth herein, and compensation in the amount of CHF 277,920.00 and reimbursement of expenses in the amount of CHF 5,558.35 (on account of the 2% flat fee for

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined herein adopt the definitions set forth in the Application.

disbursements) are awarded to Prager, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full; it is further

      2.      ORDERED that nothing herein modified the Retention Order; it is further

      3.      ORDERED that the estates are authorized and directed to pay Prager's fees in the amount of CHF 55,584.00, *i.e.*, 20% of the fees allowed in paragraph 1 above, within fourteen days of the date of this Order; it is further

      4.      ORDERED that, for the reasons stated by the Court at the February 27, 2025 hearing, (a) the Court is deferring its ruling as to the CHF 8,590.00 in expenses incurred on account of services provided by third party vendors (the "<u>Third Party Vendor Expenses</u>"), (b) the Trustee shall file with the Court, on or before March 7, 2025, a supplement to the Application attaching the invoices for the Third Party Vendor Expenses (which supplement may be filed under seal), and (c) the Court will thereafter rule on the allowance of the Third Party Vendor Expenses.

      5.      ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; it is further

      6.      ORDERED that the Trustee and Prager are authorized and empowered to take all necessary actions to implement the relief granted in this Order; it is further

      7.      ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

      8.      ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

      Dated at Bridgeport, Connecticut this 27th day of February, 2025.



*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut