**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                              :    Chapter 11
:
HO WAN KWOK, et al.                 :    Case No. 22-50073 (JAM)
:
          Debtors.                  :    Jointly Administered
:
---------------------------------------------------------x

**SUPPLEMENTAL DECLARATION**
**OF DOUGLAS S. SKALKA REGARDING NEUBERT, PEPE &**
**MONTEITH, P.C., COUNSEL FOR LUC A. DESPINS, CHAPTER 11 TRUSTEE,**
**GENEVER HOLDINGS CORPORATION, AND GENEVER HOLDINGS LLC**

I, Douglas S. Skalka, being duly sworn, do depose and say:

1.  I am a principal of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM"), which maintains its principal offices at 195 Church Street, New Haven, CT 06510. NPM is employed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") as Connecticut and conflicts counsel for Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), and as co-counsel for the debtors Genever Holdings Corporation and Genever Holdings LLC (collectively, the "Genever Debtors" and, together with the Individual Debtor, collectively, the "Debtors").

2.  I make this supplemental declaration (the "Declaration") on behalf of NPM regarding connections to individuals and entities that are parties in interest or that have otherwise been involved in respect to the Chapter 11 Cases. This Declaration supplements prior declarations regarding this subject matter that NPM has filed in these Chapter 11 Cases.

3.  Since his appointment, the Trustee has filed twenty-two (22) applications pursuant to Federal Rule of Bankruptcy Procedure 2004 seeking orders (the "Rule 2004 Orders") from the

Court to obtain documents and information from individuals and entities which the Trustee believed had relevant information regarding the Individual Debtor's financial affairs. The Court's Rule 2004 Orders granting these applications have authorized the Trustee to obtain discovery from several hundred individuals and entities, including banks and other financial institutions (collectively, the "Discovery Parties").

4. The Trustee has also filed more than three hundred adversary proceedings against various individuals and entities (collectively, the "Adversary Defendants").

5. NPM maintains a computer database (the "Database") containing, *inter alia*, the names of all NPM's current and former clients and, with respect to any engagement, adverse and related persons. I caused to be submitted to, and checked against, the Database all of the names of Discovery Parties and Adversary Defendants.

6. NPM's review of its Database has identified connections to certain Discovery Parties as follows:

    a. In 2020 and 2021, prior to the Individual Debtor's bankruptcy filing on February 15, 2022 (the "Petition Date"), NPM represented City National Bank in one matter, for which NPM was paid fees and costs in the total amount of $9,755.02 on March 17, 2021.

    b. Prior to the Petition Date, NPM represented First Republic Bank in connection with one foreclosure and bankruptcy matter. NPM received payment of legal fees and costs in the total amount of $3,941.00 for its services between March 2013 and February 2014.

    c. Between 2015 and 2023, NPM represented Bank of America in connection with six (6) discrete matters between 2015 and 2023. NPM received payment of legal fees

and costs in connection with five (5) matters, in the total amount of $36,486.32, between December 2015 and July 2021. NPM received payment in connection with the sixth matter in the amount of $5,572.50 in December 2023.

       d.      NPM represented First County Bank in connection with various loan transactions between 2017 and 2022. Prior to the Petition Date, NPM received payment in connection with 20 such transactions in the total amount of $94,238.00. NPM received payment in connection with 7 such transactions in the total amount of $25,988.00 between April and December 2022.

       e.      NPM represented Comerica Bank in connection with a litigation matter and a commercial loan matter between 2007 and 2012. During this time, NPM received payment in connection with these matters in the total amount of $44,252.60.

       f.      NPM represented Investors Bank in connection with a commercial foreclosure proceeding in 2016 and 2017. NPM received a payment for its services in connection with this matter in the total amount of $4,537.18 in 2017.

       g.      NPM represented Citizens Bank, N.A. in connection with two commercial loan transactions between 1997 and 1999. NPM received payments for legal fees and costs in connection with these matters in the total amount of $16,386.58.

       h.      NPM represents The Bancorp, N.A. in connection with one foreclosure matter which has been pending since 2020. NPM has received payments in the total amount of $152,423.01 in connection with this matter. Bancorp has executed a Conflict of Waiver in favor of NPM with respect to its role as the Trustee's Counsel.[1]

---

[1] NPM's services with respect to Bancorp have been limited to preparing and issuing a subpoena and obtaining production from Bancorp, all of which has occurred cooperatively and in a non-adversarial posture.

i.  NPM has represented TD Bank, N.A. ("TD") in connection with various commercial lending and commercial litigation matters since 2007. NPM has represented TD in a total of 82 discrete matters over this period of time. Prior to the Petition Date, NPM received payments from TD for its legal fees and costs in the total amount of $629,617.90. Since the Petition Date, NPM has received payments of legal fees and costs in the total amount of $170,632.00.

7. To the best of my knowledge, none of the foregoing engagements have in any way related to the Debtors or these Chapter 11 Cases.

8. With respect to Adversary Defendants, NPM discloses the following connections:

a.  AIG Property Casualty Company is an Adversary Defendant in Adv. Proc. No. 23-05007 (the "AIG Action"). NPM represents affiliates of American International Group, Inc., including Lexington Insurance Company, in connection with the defense of claims in litigation pending in Connecticut (in matters unrelated to the Chapter 11 Cases or the AIG Action). NPM does not represent AIG Property Casualty Company in any matters, nor is NPM serving as counsel for Genever Holdings LLC in the AIG Action.

b.  Meta Platforms Inc. is an Adversary Defendant in Adv. Proc. No. 24-05117 (the "Meta Action"). The spouse of Patrick R. Linsey (an NPM principal who provides services to the Trustee and the Genever Debtors) is employed by Meta Platforms Inc. (not in any role related to the Meta Action or its subject matter).

c.  John P. Morgan is an Adversary Defendant in Adv. Proc. No. 24-05072 (the "Morgan Action"). From May 5, 2020, through October 13, 2020, NPM represented Caritas Investment Limited Partnership ("Caritas") in its chapter 11 proceeding filed in this Court, Case No. 17-50456 (the "Caritas Case") and received payment for its services in the

amount of $10,000. While the Caritas Case was pending, John A. Morgan was the limited partner of Caritas and a member of the general partner of Caritas. John A. Morgan may also be known as John P. Morgan, *i.e.*, the Adversary Defendant in the Morgan Action. NPM has never served as counsel to either John P. Morgan or John A. Morgan.

9.      Based on the foregoing, and the prior declarations filed by NPM in these Chapter 11 Cases, insofar as I have been able to ascertain based on the information currently available to me: (a) NPM has no connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in the Chapter 11 Cases or their respective attorneys or accountants; and (b) neither NPM nor any of its attorneys (i) is a creditor, equity security holder, or insider of the Debtors or their affiliates, (ii) has been, within two years before the respective petition dates, a director, officer, or employee of the Debtors or their affiliates, or (iii) has any interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason. Therefore, I believe that NPM is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: March 7, 2025, at New Haven, Connecticut

>                               */s Douglas S. Skalka*
>                               Douglas S. Skalka

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | CHAPTER 11 |
| HO WAN KWOK, | : | CASE NO. 22-50073 (JAM) |
| Debtors. | : | Jointly Administered |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date hereof the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties appearing an eligible to accept electronic service by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: March 7, 2025  
       New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By:  */s/ Douglas S. Skalka*  
Douglas S. Skalka (ct00616)  
Patrick R. Linsey (ct29437)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
(203) 821-2000  
dskalka@npmlaw.com  
plinsey@npmlaw.com