**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                    :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                 :    Case No. 22-50073 (JAM)
:
                        Debtors.          :    (Jointly Administered)
:
-------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                :
TRUSTEE,                                  :    Adv. Proceeding No. 24-05225
:
                        Plaintiff,        :
:
v.                                        :
:
CIRRUS DESIGN CORPORATION and             :
QIANG GUO,                                :
:
                        Defendants.       :
:
-------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY CODE**
**SECTION 363(b), TO RETAIN SAGE-POPOVICH, INC. AS CHAPTER 11 TRUSTEE'S**
**REPOSSESSION AGENT TO REPOSSESS CIRRUS SF50 AIRCRAFT**

Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed

in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), hereby files this Motion (the "Motion") for the entry of an order authorizing the

Trustee to retain and employ Sage-Popovich, Inc. ("SPI") pursuant to the letter agreement, dated

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
      Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The
      mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
      LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
      (solely for purposes of notices and communications).

as of February 24, 2025 (the "Engagement Agreement"),[2] by and between the Trustee and SPI, to serve as the Trustee's repossession agent and provide related services with respect to the Cirrus Design Corporation SF50 aircraft, Serial Number 0309, Registration Number N3Q (the "SF50 Aircraft"), effective as of February 24, 2025.  In support of this Motion, the Trustee also submits the declaration (the "Todorovic Declaration") of Petar Todorovic ("Mr. Todorovic") attached hereto as **Exhibit B**, and further represents as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief requested in this Motion is section 363(b) of the Bankruptcy Code.

## RELIEF REQUESTED

4.      By this Motion, pursuant to section 363(b) of the Bankruptcy Code, the Trustee requests the entry of an order, substantially in the form of **Exhibit C** (the "Proposed Order") attached hereto, authorizing the Trustee to retain and employ SPI to provide the Trustee with repossession services with respect to the SF50 Aircraft.

## BACKGROUND

A.      **Chapter 11 Case**

5.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On March 21, 2022, the

---

[2]      A true and correct copy of the Engagement Agreement is attached hereto as **Exhibit A**.

United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Debtor's Chapter 11 Case.

6.      On June 15, 2022, the Court entered an order [Main Case ECF No. 465][3] directing the United States Trustee to appoint a chapter 11 trustee.

7.      On July 7, 2022, the United States Trustee filed the notice and application [Main Case ECF No. 515] to appoint Luc A. Despins as the chapter 11 trustee in the Debtor's case pursuant to section 1104(d) of the Bankruptcy Code.  On July 8, 2022, the Bankruptcy Court entered an order [Main Case ECF No. 523] granting the appointment of the Trustee in the Debtor's case.

**B.      Trustee's Adversary Proceeding Against Cirrus and Qiang Guo**

8.      On February 14, 2024, the Trustee commenced the above-captioned adversary proceeding styled *Despins v. Cirrus Design Corp. and Qiang* Guo, Adv. Proceeding No. 24-05225 (the "Adversary Proceeding") by filing his complaint (the "Complaint") against defendants Cirrus Design Corporation ("Cirrus") and Qiang Guo to avoid and recover (a) the transfer of $845,000.00 by the Debtor, through his alter ego Leading Shine NY Ltd., to Cirrus (such transfer, the "Cirrus 2019 Transfer") and (b) the transfer of at least $3,070,140.00 by the Debtor, through his alter egos, Lamp Capital LLC and HCHK Technologies Inc., to Cirrus (such transfer, the "Cirrus 2020 Transfers" and, together with the Cirrus 2019 Transfer, the "Cirrus Transfers").  The Cirrus 2020 Transfers allowed the Debtor's son, Qiang Guo, to purchase the SF50 Aircraft.[4]

---

[3]    References to "Main ECF No. ___" mean and refer to items on the docket of the main chapter 11 case, *i.e.*, Case No. 22-50073 (Bankr. D. Conn.).  References to "Adv. ECF No.___" mean and refer to items on the docket of the Adversary Proceeding (as defined below).

[4]    In connection with the Cirrus 2019 Transfer, Qiang Guo also obtained beneficial ownership of a second Cirrus aircraft (the "SR22T Aircraft").  On or about March 5, 2024, Qiang Guo caused the SR22T Aircraft to be sold to an individual in the United Kingdom.

9.      The first four claims in the Complaint seek to avoid and recover the Cirrus Transfers or their value as against Cirrus as actual and constructive fraudulent transfers under the Bankruptcy Code and New York State fraudulent transfer law.[5]  The Fifth Claim of the Complaint seeks to recover the value of the Cirrus from Qiang Guo, because he received the benefit of the Cirrus Transfers.

10.     On September 23, 2024, the Clerk entered default [Adv. ECF No. 18] against Qiang Guo for failing to plead or otherwise defend pursuant to Civil Rule 55(a).  On October 28, 2024, the Trustee filed his motion [Adv. ECF No. 23] for the Court to enter a default judgment against Qiang Go on the Fifth Claim of the Complaint.

11.     On November 20, 2024, the Court entered its *Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Entry of Default Judgment Against Qiang Guo* [Adv. ECF No. 35] (the "Qiang Guo Cirrus Judgment").  The Qiang Guo Cirrus Judgment expressly determined that Qiang Guo received the benefit of the Cirrus Transfers and entered a money judgment against Qiang Guo in the amount of $3,915,140.00.  *Id.* ¶ 3.

12.     On February 19, 2025, the Trustee filed his amended motion [Adv. ECF No. 47] for entry of an order of execution and turnover and related relief as to the SF50 Aircraft, which the court granted by order dated February 20, 2025 [Adv. ECF No. 51] (as supplemented, the "Execution Order").  The Execution Order determined that Aviation Trust Company LLC ("ATC") (a limited liability company organized and existing under the laws of the State of

---

[5]    Under the Qiang Guo Cirrus Judgment (as defined below), the Trustee's claims under the First, Second, Third, and Fourth Claims of the Complaint as against Cirrus remain pending and were not affected by the Court's entry of judgment against Qiang Guo, and all rights of the Trustee and Cirrus are reserved.  Qiang Guo Cirrus Judgment ¶ 6.  The Trustee stipulated not to use the Qiang Guo Cirrus Judgment, whether as law of the case or otherwise, against Cirrus.  *Id.*  The Trustee similarly stipulates not to use any order on this Motion against Cirrus, whether as law of the case or otherwise, and the rights of the Trustee and Cirrus as against one another remain reserved.

Oklahoma) held legal title to the SF50 Aircraft for Mr. Qiang Guo, directed ATC to turn over title to the SF50 Aircraft (the "SF50 Title") to the Trustee, and, upon transfer of the SF50 Title, authorized the Trustee to obtain possession of the SF50 Aircraft and to expend property of the Debtor's chapter 11 estate in doing so.

13.     On February 24, 2025, ATC transferred the SF50 Title to the Trustee in compliance with the Execution Order.

14.     On March 5, 2025, at the direction of the Trustee, SPI employees took possession of the SF50 Aircraft in Guernsey (which is part of the British Isles).[6]

15.     On March 7, 2025, the Trustee filed his *Notice of Possession of SF50 Aircraft* [Adv. ECF No. 61] (the "SF50 Aircraft Possession Notice") noting that the Trustee obtained possession of the SF50 Aircraft and will hold it and the SF50 Title pending further order of the Court as to the terms and procedures for the sale of the SF50 Aircraft.

## SPI'S QUALIFICATIONS

16.     SPI is a global aviation consulting and management provider whose services include pre-purchase repossession and liquidation services, as well as inspection and appraisal services, of aircraft of all types and related inventory.  Mr. Todorovic, President of SPI, has spent eleven years in the aviation industry, and has provided advice and repossession services in connection with hundreds of aircraft.  He holds a Bachelor of Science degree in Aviation Management from Purdue University, and has holds a FAA Dispatcher license, as well as an appraisal license for the American Society of Appraisers (ASA) in Machinery & Technical

---

[6]     As noted, on February 24, 2025, the Trustee and SPI entered into the Engagement Agreement, subject to approval of this Court.

Specialties.  Mr. Todorovic is also a member of  ISTAT (International Society of Transport Aircraft Trading) and TMA (Turnaround Management Association).

17.     SPI has performed repossessions of aviation-related assets worldwide since 1979, and has performed thousands of repossessions of aircraft, helicopters and engines, including numerous large-scale liquidations of aircraft fleets and parts inventory.  SPI also has extensive experience arranging for aircraft ferry services, storage, and management of repairs/refurbishment, assistance with remarketing, and assistance with import/export and national registration issues worldwide.

**SCOPE OF SERVICES[7]**

18.     Subject to approval by the Court, the Trustee proposes to retain SPI to assist the Trustee in connection with the Trustee's rights under the Execution Order (the "Repossession Services").  As part of the Repossession Services, SPI may, among other things, provide advice and services to repossess the SF50 Aircraft, its associated engines, spare parts, records and manuals.  The Repossession Services may also include:

    a)  ordering current Federal Aviation Administration ("FAA") title searches;

    b)  locating and taking possession of the SF50 Aircraft as authorized by the Execution Order;

    c)  using best efforts to repossess past records relating to the SF50 Aircraft and relocating such records to a location designated by the Trustee;

    d)  reviewing records and performing physical inspection of the SF50 Aircraft;

    e)  arranging for a ferry permit to transport the SF50 Aircraft, if required;

    f)  providing qualified flight crews and ferrying the aircraft to Gary, Indiana;

---

[7]     The following summary of the Engagement Agreement is qualified, in its entirety, by the terms of Engagement Agreement, attached hereto as **Exhibit A**.

g) managing and arranging aircraft and records storage and necessary maintenance in Gary, Indiana; and

h) assisting in the sale of the SF50 Aircraft, including assistance with notice of sale and advertising, technical assistance, arranging and escorting inspections of the aircraft by potential buyers, and assisting in establishing auction or sale protocol.[8]

19.     The Trustee submits that the foregoing Repossession Services are necessary to gain possession and control of the SF50 Aircraft as authorized by the Execution Order and ensure it is in, and remains in, good working order, so as to maximize the value of the estate.

## SPI'S DISINTERESTEDNESS

20.     To the best of the Trustee's knowledge in reliance upon the Todorovic Declaration, and except as disclosed therein, neither Mr. Todorovic nor SPI, nor any member or associate thereof, represents professionally, or has any connection with, the Trustee, the Debtor, his immediate family members, his alter egos, and certain other Debtor-affiliated entities, (collectively, the "Debtor Affiliated Parties").

## TERMS OF RETENTION AND COMPENSATION OF SPI

21.     In accordance with the terms of the Engagement Agreement, SPI's fees will be based on a minimum flat rate of $25,000.00 plus (a) the actual man-days charged at its standard rates which are in effect when the services are rendered and (b) reimbursement of reasonable out-of-pocket expenses.  The current standard hourly rates range from $55.00 to $540.00 per hour, as detailed in the Engagement Agreement.[9]

---

[8]   For the avoidance of doubt, the Trustee will seek separate Court approval in order to sell the SF50 Aircraft in compliance with the Execution Order, ¶ 10.  Nor is the Trustee seeking to retain SPI as broker, at this time time.

[9]   On February 24, 2025, in accordance with the Engagement Agreement, the Trustee also paid a $15,000.00 retainer to SPI.  Moreover, the Trustee notes that the services of Nick Popovich and P. Todorovic are included in the $25,000.00 flat fee, unless they were to be deployed, which they were not.

22.     The Trustee submits that SPI's flat fee and its hourly rates are reasonable, comparable to SPI's hourly rates for other engagements, and within the range of rates charged by comparably skilled providers offering the same services.

23.     As it relates to the payment of SPI's fees and expenses, the Trustee requests it be authorized to file a notice with the Court attaching SPI's invoices for the Repossession Services in the Chapter 11 Case. Parties in interest will then have fourteen (14) days to object to such invoices by filing a written objection in the Chapter 11 Case.  If no timely objections are filed with the Court, the Trustee shall be authorized to pay such invoices without further Court order. If any timely objections are filed, (i) the Trustee may file a response to such objection(s) in the Chapter 11 Case within seven (7) days thereafter and (ii) pay the portion of the fees and expenses that are not subject to such objection.  To the extent that an objection cannot be consensually resolved among the parties, the Court will rule on the matter.

## BASIS FOR RELIEF REQUESTED

24.     Section 363(b)(1) of the Bankruptcy Code provides in pertinent part, that a debtor in possession, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." *See, e.g., Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) Motion expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

8

25.     The Trustee has a duty to maximize the value of the Debtor's estate and has determined the best way to do that is by repossessing and moving the SF50 Aircraft, an asset of significant value, in order to arrange for its eventual sale.  The Court has authorized the Trustee to utilize property of the estate to obtain possession of the SF50 Aircraft.  *See* Execution Order ¶8.  Thus, the Trustee has determined in his business judgment that retaining SPI to repossess, inspect, and move the SF50 Aircraft in preparation for an eventual sale in a value-maximizing transaction is in the best interest of the estate.

26.     For all these reasons, the Trustee submits that the payment of SPI's fees on the terms set forth in the Engagement Agreement under the procedures proposed by this Motion is reasonable and appropriate under the circumstances.

## NOTICE

27.     Notice of this Motion has been given to the United States Trustee, the Debtor, the Committee, Cirrus, and, by electronic filing utilizing the Court's electronic filing ("CM/ECF") system, to all appearing parties who utilize the CM/ECF system.  Notice of this Motion has further been given to all parties appearing in the Adversary Proceeding.

## NO PRIOR REQUEST

28.     No prior request for the relief sought in the Motion has been made to this or any other Court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee requests that the Court enter the Proposed Order, substantially in the form attached hereto are **Exhibit C**, granting the Motion and such other and further relief as the Court deems just and proper.

Dated:    March 18, 2025          LUC A. DESPINS,
           New Haven, Connecticut      CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    G. Alexander Bongartz (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    alexbongartz@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
           :
In re:            :    Chapter 11
           :
HO WAN KWOK, *et al.*,[10]    :    Case No. 22-50073 (JAM)
           :
        Debtors.   :    (Jointly Administered)
           :
---------------------------------------------------x
           :
LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,        :    Adv. Proceeding No. 24-05225
           :
       Plaintiff,   :
           :
v.           :
           :
CIRRUS DESIGN CORPORATION and :
QIANG GUO,      :
           :
       Defendants. :
           :
---------------------------------------------------x

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date hereof, the foregoing Motion was

electronically filed in the above-captioned chapter 11 case and adversary proceeding.  Notice of

this filing was sent by e-mail to all parties eligible to receive electronic service appearing in the

above-captioned chapter 11 case and adversary proceeding by operation of the Court's electronic

filing ("<u>CM/ECF</u>") system.  Parties may access this filing through the Court's CM/ECF system.

---

[10]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
(solely for purposes of notices and communications).

Dated:      March 18, 2025
            New Haven, Connecticut

By: */s/ Patrick R. Linsey*
      Douglas S. Skalka (ct00616)
      Patrick R. Linsey (ct29437)
      NEUBERT, PEPE & MONTEITH, P.C.
      195 Church Street, 13th Floor
      New Haven, Connecticut 06510
      (203) 781-2847
      dskalka@npmlaw.com
      plinsey@npmlaw.com

      *Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**Engagement Agreement**

24 February 2025

Luc A. Despins, in His Capacity as Chapter 11 Trustee
    for the Estate of Ho Wan Kwok
c/o Paul Hastings LLP
200 Park Avenue
New York, NY 10166

Re:    Repossession of Cirrus Design Corporation SF50 aircraft, Serial Number 0309, FAA
       Registration Number N3Q

Dear Mr. Despins,

This letter confirms the engagement of sage popovich, inc. (SPI) by Luc A. Despins, in his capacity as the chapter 11 trustee for the estate of Ho Wan Kwok (the "Client") to provide certain advice and services in connection with the repossession of the referenced aircraft, its associated engines, spare parts, records and manuals (the "Collateral") currently located in Guernsey, Channel Islands.

In connection with these activities, SPI will provide the following professional services:

1. Order current FAA title search.
2. Locate and take possession of Aircraft via a legal self-help recovery.
3. Use best efforts to repossess Records in possession of operator and/or Lessee and relocate Records to location designated by Client.
4. Records review and physical inspection.
5. Arrange for ferry permit if required.
6. Provide qualified flight crews and ferry Collateral to Gary, Indiana (KGYY).
7. Manage and arrange aircraft and records storage and necessary maintenance at Gary, IN. Storage will be covered by separate agreement between Client and TOGS Aircraft, LLC; all storage fees and necessary maintenance to be billed directly to Client by TOGS Aircraft, LLC
8. Assist in the sale of the Collateral to include assistance with notice of sale and advertising, technical assistance, arranging and escorting inspections of the aircraft by potential buyers, and assisting in establishing auction or sale protocol. Remarketing will be covered by a separate agreement and negotiated fees.

In addition to these specific services, SPI will participate, at Client's request and to the extent appropriate, in meetings and discussions with the Client, Client's counsel, other creditor constituencies, and with their respective professionals.

Mr. Luc A. Despins
24 February 2025
Page 2 of 4

SPI will provide qualified flight crews and other resources necessary to accomplish the tasks outlined above in a timely and efficient manner. Nick Popovich and Petar Todorovic will direct SPI's work.

Client will provide the following prior to commencement of the project:

1. Notarized Power of Attorney naming SPI and its agents.
2. Notarized copies of court orders related to the Collateral.
3. Certificate of Insurance naming SPI, its officers, employees, and agents as additional insured with waiver of subrogation.
4. Any such other legal documentation as may be reasonably requested by SPI, as necessary to repossess the Collateral.

SPI's work will be performed on a "level-of-effort" basis; that is, the circumstances of the engagement may cause SPI's advice and/or ultimately recovery of the Collateral to be limited in certain respects based upon, among other matters, the ability to recover the Collateral without a breach of the peace. In no event shall SPI be responsible or liable for any failure or delay in the performance of its obligations hereunder arising out of or caused by, directly or indirectly, forces beyond its control, including, without limitation, strikes, work stoppages, accidents, acts of war or terrorism, civil or military disturbances, government sanctions, nuclear or natural catastrophes or acts of God, including earthquakes, hurricanes, tornadoes or flooding, and interruptions, loss or malfunctions of utilities, communications or computer (software and hardware) services, pandemics, epidemics, diseases, quarantines or any government mandated quarantines, shelter-in-place or other government actions or restrictions ("Force Majeure Event"); it being understood that SPI shall use reasonable efforts to resume performance as soon as practicable under the circumstances.

Client states affirmatively that it has the legal right to take possession of, the Collateral, pursuant to *Seal Order Granting Amended* Ex Parte *Motion for Order of Execution and Order in Aid of Execution*, dated February 20, 2025 [Docket No. 51 in Adv. Proc. No. 24-05225].

SPI agrees that all information and documentation, not publicly available, which is received by us in connection with this engagement will be treated confidentially by SPI, and shall not be disclosed, distributed, published or released to any third party, except as required by process of law or as authorized by Client. However, SPI specifically retains the right to list the Client and any and all publicly available information in its corporate profile and promotional materials, or in any other use SPI may deem prudent.

SPI's fees will be based on a minimum flat rate of $25,000.00 plus the actual man-days charged at our standard rates which are in effect when the services are rendered; our rates generally are revised annually, effective January 1. Additionally, we will also be reimbursed for our reasonable out-of-pocket expenses including, but not limited to, all travel expenses, meals, shipping, jet fuel, ground handling and towing, title searches, rental equipment, costs

Mr. Luc A. Despins
24 February 2025
Page 3 of 4

of reproduction, typing, computer and wireless usage, our legal counsel, and other direct expenses. All airfare will be coach/economy. Airfare for travel on SPI corporate aircraft will be billed at 1.5 x the standard coach rate using the most direct routing from Chicago, Illinois. SPI's current daily rates are as follows:

| sage-popovich, inc. daily rate card 2025 | | |
|---|---|---|
| Discipline | Day[1] | Hour |
| Nick Popovich | $6,100.00 | $750.00 |
| Petar Todorovic | $4,300.00 | $540.00 |
| Brian Bolin | $3,500.00 | $430.00 |
| Project Manager | $3,300.00 | $415.00 |
| IT | $2,400.00 | $350.00 |
| Appraisers | $2,200.00 | $325.00 |
| A&P – Inspector / Mechanic | $1,750.00 | $240.00 |
| Audit team member | $1,500.00 | $160.00 |
| Field Staff | $950.00 | $125.00 |
| Support staff (in office) | $350.00 | $55.00 |
| Legal (in house) | NA | $475.00 |
| Pilots[2] (per pilot) | $2,000.00 | NA |

SPI will advise Client of any new rates promptly after they are established. SPI will submit monthly invoices for all services rendered and expenses incurred; our invoices are payable by wire upon receipt. Client confirms that that all invoices will be paid by the Client. Any invoice which is not paid within 30 days or as otherwise agreed and notified in writing will be subject to a late fee charge of 2% per month. The Client additionally understands and agrees any and all collection and costs, including legal fees, are for the Client's account.

It is our policy in these cases to hold a retainer throughout the course of our engagement. Given the magnitude and scope of the requested services, we believe that a retainer of $15,000.00 US from the Client would be appropriate in this instance. This retainer shall be due in full, payable in advance of the commencement of the project, in accordance with the Invoice issued by SPI. The retainer will be returned to the Client upon payment in full of all outstanding invoices or applied to any outstanding invoices at the conclusion of our engagement.

Notwithstanding anything herein to the contrary, our engagement under this letter agreement is subject to the approval thereof by the United States Bankruptcy Court for the District of Connecticut.

For the avoidance of doubt, neither Mr. Despins, in his personal capacity, nor Paul Hastings LLP shall be liable for compensation for services rendered or reimbursement of expenses.

Mr. Luc A. Despins
24 February 2025
Page 4 of 4

It is understood that if any of the members or employees of SPI are required by Client to testify at any administrative or judicial proceeding relating to this matter, SPI will be compensated at its regular daily rates, in effect at the time, and reimbursed for reasonable out-of-pocket expenses (including counsel fees).

It is SPI's intention to work closely with the Client and to discuss the engagement regularly. This should facilitate our progress and serve to confirm or modify the scope of the engagement on an ongoing basis.

SPI confirms that no member or staff of SPI has any financial interest or business connection with the Client, and SPI is aware of no conflicts in connection with this engagement.

We look forward to working with you on this matter. Please sign and return a copy of this engagement letter signifying your agreement with the terms and provisions herein. If you have any questions, please email Nick Popovich, nick@sage-popovich.com, or Petar Todorovic, petar@sage-popovich.com, or call at (219) 464-8320.

Very truly yours,


sage-popovich, inc.


By: _____


Agreed and accepted by:

_____

By: _____

## EXHIBIT B

**Todorovic Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
:
In re:                                    :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                  :    Case No. 22-50073 (JAM)
:
                        Debtors.           :    (Jointly Administered)
:
---------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                 :
TRUSTEE,                                   :    Adv. Proceeding No. 24-05225
:
                        Plaintiff,         :
:
v.                                         :
:
CIRRUS DESIGN CORPORATION and              :
QIANG GUO,                                 :
:
                        Defendants.        :
:
---------------------------------------------------x


**DECLARATION OF PETAR TODOROVIC IN SUPPORT OF CHAPTER 11
TRUSTEE'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 363(b), TO
RETAIN SAGE-POPOVICH, INC. AS REPOSSESSION AGENT TO
<u>REPOSSESS CIRRUS SF50 AIRCRAFT</u>**

I, Petar Todorovic, under penalty of perjury, declare as follows:

1.      I am the President of Sage-Popovich, Inc. ("<u>SPI</u>"), a global aviation consulting

and management provider located in Valparaiso, Indiana.  I make this declaration (the

---
[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

"Declaration") in support of the *Chapter 11 Trustee's Motion to Retain Sage-Popovich, Inc. as Repossession Agent to Repossess Cirrus SF50 Aircraft* (the "Motion"),[2] in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor").

2.      I oversee the provision of SPI's services, which include pre-purchase inspection and appraisal services through repossession and liquidation of aircraft of all types and related inventory.  I have spent eleven years in the aviation industry, and have provided advice and repossession services in connection with hundreds of aircraft.  I hold a Bachelor of Science degree in Aviation Management from Purdue University, hold a FAA Dispatcher and appraisal license, and am also a member of ISTAT and TMA.

3.      SPI was retained by Mr. Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 Case of the Debtor to assist in providing advice and services in connection with the repossession of aircraft including the SF50 Aircraft, its associated engines, spare parts, records and manuals.  Unless otherwise indicated below, I have personal knowledge of the matters set forth below, and if called as a witness, I could and would testify competently thereto.

4.      In connection with the Trustee's obligation to secure estate property, including the SF50 Aircraft, I have been retained by the Trustee repossess of the SF50 Aircraft, its associated engines, spare parts, records and manuals, inspect and move it, and prepare it for eventual sale.

5.      As part of the services, I and SPI will provide in connection with the SF50 Aircraft (the "Repossession Services") I may:

    a)  ordering current Federal Aviation Administration ("FAA") title
        searches;

---

2      Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

b) locating and taking possession of the SF50 Aircraft as authorized by the Execution Order;

c) using best efforts to repossess past records relating to the SF50 Aircraft and relocating such records to a location designated by the Trustee;

d) reviewing records and performing physical inspection of the SF50 Aircraft;

e) arranging for a ferry permit to transport the SF50 Aircraft, if required;

f) providing qualified flight crews and ferrying the aircraft to Gary, Indiana;

g) managing and arranging aircraft and records storage and necessary maintenance in Gary, Indiana; and

h) assisting in the sale of the SF50 Aircraft, including assistance with notice of sale and advertising, technical assistance, arranging and escorting inspections of the aircraft by potential buyers, and assisting in establishing auction or sale protocol.

6. SPI's fees will be based on a minimum flat rate of $25,000.00 plus (a) the actual man-days charged at its standard rates which are in effect when the services are rendered and (b) reimbursement of reasonable out-of-pocket expenses. The hourly rates of SPI employees are detailed in the Engagement Agreement.

7. To the best of my knowledge and belief after due inquiry, neither I, SPI, nor any of its members or associates, have any connection with the Trustee, the Debtor, his immediate family members, his alter egos, and certain other Debtor affiliated entities, all as listed in **Schedule 1** attached hereto (collectively, the "Debtor Affiliated Parties").

8. While I have made a diligent effort to ascertain the identity of any connections or potential conflicts with the Debtor Affiliated Parties, to the extent that any additional information comes to light, I will review, disclose, and resolve any conflict or adverse interests that may appear.

9. Based on the foregoing, insofar as I have been able to ascertain based on the information currently available to me: (a) SPI does not have a connection with the Debtor, or any

3

of the Debtor Affiliated Parties; and (b) (i) SPI is not a creditor, equity security holder, or insider of the Debtor or any of the Debtor Affiliated Parties, (ii) SPI has not been, within two years before the petition date of the Chapter 11 Case, a director, officer, or employee of the Debtor or any of the Debtor Affiliated Parties, and (iii) SPI does not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason. Therefore, I understand from my discussions with Paul Hastings LLP that this means SPI is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b).

10.    No promises have been received by SPI nor by any employee thereof as to compensation in connection with this chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. SPI has no agreement with any other entity to share with such entity any compensation received by SPI in connection with this Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: March 17 , 2025, at Valparaiso, Indiana

/s/

Petar Todorovic

4

## SCHEDULE 1

### Debtor Affiliated Parties

- Ho Wan Kwok (a.k.a Miles Kwok, Miles Guo and Wengui Guo)

- Hing Chi Ngok/Yue Qingzhi

- Qiang Guo (a.k.a. Mileson Guo)

- Mei Guo/Mei Gui

- Genever Holdings Corporation

- Genever Holdings LLC

- Bravo Luck Limited

- Greenwich Land, LLC

- HCHK Technologies, Inc.

- HCHK Property Management, Inc.

- Lexington Property and Staffing, Inc.

- Golden Spring (New York) Ltd.

- Lamp Capital LLC

- HK International Funds Investments (USA) Limited, LLC

- Head Win Group Limited

- Anton Development Limited

- Whitecroft Shore Limited

- Aviation Trust Company LLC

- Amazing Sky Aviation Limited

# **EXHIBIT C**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                :

In re:                :    Chapter 11
                :

HO WAN KWOK, *et al.*,[1]    :    Case No. 22-50073 (JAM)
                :

         Debtors.    :    (Jointly Administered)
                :

------------------------------------------------------x
                :

LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,            :    Adv. Proceeding No. 24-05225
                :

         Plaintiff,    :
                :

v.                :
                :

CIRRUS DESIGN CORPORATION and  :
QIANG GUO,           :
                :

         Defendants.    :
                :

------------------------------------------------------x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO RETAIN SAGE-**
**POPOVICH, INC. AS REPOSSESSION AGENT TO REPOSSESS**
**CIRRUS SF50 AIRCRAFT**

Upon the motion (the "<u>Motion</u>")[2] of the Trustee for the entry of an order authorizing the

Trustee to retain Sage-Popovich, Inc. ("<u>Sage-Popovich</u>") pursuant to the terms and conditions of

the Engagement Agreement, to authorize and approve, pursuant to section 363(b) of the

Bankruptcy Code, the Trustee's entry into the Engagement Agreement, all as more fully set forth

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

in the Motion; and upon consideration of the Todorovic Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, itis hereby ORDERED THAT:

1.       The Motion is granted as set forth herein.

2.       Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Engagement Agreement is hereby authorized and approved.

3.       The Trustee is authorized to retain and employ SPI effective as of February 24, 2025 on the terms set forth in the Motion and the Todorovic Declaration.

4.       SPI is authorized to perform those services described in the Motion.

5.       In accordance with the terms of the Engagement Agreement, SPI's fees will be based on a minimum flat rate of $25,000.00 plus (a) the actual man-days charged at its standard rates (as detailed in the Engagement Agreement) which are in effect when the services are rendered and (b) reimbursement of reasonable out-of-pocket expenses.

6.      As it relates to the payment of SPI's fees and expenses, the Trustee shall file a notice with the Court attaching SPI's invoices.  Parties in interest will then have fourteen (14) days to object to such invoices.  If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order.  If any timely objections are filed, (i) the Trustee may file a response to such objection(s) within seven (7) days thereafter and (ii) pay the portion of the fees and expenses that are not subject to such objection.  To the extent that an objection cannot be consensually resolved among the parties, the Court will rule on the matter.  Allowance of any compensation for SPI shall be limited to the extent of services actually performed, and expenses actually incurred.

7.      SPI shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

11.      To the extent the Motion, the Todorovic Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of this Order shall govern.

12.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.