**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*, | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | Adv. Proc. No. 24-05060 |
| Plaintiff, | |
| v. | |
| APPLE INC., HING CHI NGOK, ALEX HADJICHARALAMBOUS, BERNARDO ENRIQUEZ, CHUNGUANG HAN, and MEI GUO, | |
| Defendants. | |

**APPLE INC.**
**MOTION FOR LEAVE TO PURSUE INTERLOCUTORY APPEAL**

Pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004, appellant Apple Inc.

("Apple") moves for leave to pursue an interlocutory appeal of the Bankruptcy Court's

*Memorandum of Decision and Order (I) Denying Joint Defendants' Motions to Dismiss or for*

*Judgment on the Pleadings (II) Denying in Part Other Defendants' Motions to Dismiss; and (III)*

*Overruling in Part Zeisler & Zeisler, P.C.'s Objection to the Trustee's Motion for Judgment on*

*the Pleadings* (the "Decision") [BK Dkt. No. 4189], a copy of which is attached as **Exhibit 1**.[1]

---

[1] Filings in the main bankruptcy case are cited as BK Dkt. No. __.  Filings in Apple's adversary proceeding are cited as AP Dkt. No. __.

Luc A. Despins is the bankruptcy trustee appointed in the chapter 11 bankruptcy case of individual debtor Ho Wan Kwok. Since February 2024, Mr. Despins has filed approximately 300 fraudulent transfer lawsuits in the Bankruptcy Court.

Mr. Despins has seemingly sued everyone—from large companies like Apple to local landscapers and movers—to recover ordinary course business payments made by non-debtor corporate customers under the theory that those non-debtors are alter egos of Mr. Kwok and that the payments they made were actually transfers of Mr. Kwok's property.

Mr. Despins' attempt to expand the reach of the Bankruptcy Code's fraudulent transfer provisions is unprecedented. He has created a previously unthinkable potential for disrupting business by upending conventional commercial expectations and rendering every payment a potential fraudulent transfer of a third party unknown to the transferee. Typically, unsuspecting third parties acting in good faith are protected by the Bankruptcy Code as subsequent transferees. Under Mr. Despins' theory, however, those protections will be obliterated because bankruptcy trustees will now be able to reach payments made by any closely held company so long as there is a credible allegation that the company's owner engaged in pre-petition bad acts.

In September 2024, a group of defendants took steps to coordinate their response to Mr. Despins' novel and untested theories. Together with Mr. Despins, they jointly approached the Bankruptcy Court to suggest briefing certain threshold issues that they agreed were common to all of Mr. Despins' avoidance actions. Ultimately, the Bankruptcy Court allowed briefing on 4 stipulated issues.

Recently, the Bankruptcy Court issued its Decision on the joint briefing and concluded that Mr. Despins can avoid transfers made by non-debtor affiliates because those entities were mere alter egos and instrumentalities of Mr. Kwok. In so concluding, the Bankruptcy Court sidelined

2

arguments that the parties briefed extensively—at the Bankruptcy Court's direction—and instead relied on arguments that the Bankruptcy Court raised *sua sponte* after the close of briefing and oral argument.

Apple was not one of the participants in the joint briefing resulting in the Decision because it had previously filed its motion to dismiss and raised arguments beyond the scope of the 4 stipulated issues in the joint briefing. Apple's motion remains pending and the Decision has not been entered in Apple's adversary proceeding. Nonetheless, the Bankruptcy Court has expressly stated in its Decision that it intends to bind Apple and others to its ruling. Indeed, the Bankruptcy Court has already applied the law of the case doctrine to bind defendants in one adversary proceeding to rulings made in a separate adversary proceeding to which those defendants were not parties.

This interlocutory appeal concerns matters of first impression. No court in the Second Circuit has authorized a bankruptcy trustee to avoid transfers made by non-debtors using a state law alter ego theory of liability.

Nothing could be more inefficient than litigating hundreds of avoidance actions without obtaining an appellate ruling on the viability of Mr. Despins' underlying theory of liability. If the Bankruptcy Court's Decision is reversed, then all of Mr. Despins' avoidance actions would be subject to dismissal. If the Decision is affirmed, then many of the avoidance actions would likely start to settle. Either way, an appeal would materially advance the ultimate termination of that litigation.

The Court should grant this interlocutory appeal and address the threshold legal issues that affect the viability each of Mr. Despins' 300+ avoidance actions, including the one brought against Apple.

## QUESTIONS PRESENTED

1.      Whether the state law doctrine of alter ego liability can be used to avoid transfers made by non-debtor entities that are alleged to be affiliates of a debtor under the Bankruptcy Code.

2.      Whether the Bankruptcy Court can use the law of the case doctrine to bind defendants in adversary proceedings to rulings made in the main bankruptcy case or different adversary proceedings in which those defendants were not parties.

## BACKGROUND

Mr. Kwok filed for bankruptcy on February 15, 2022.  BK Dkt. No. 1.  Mr. Despins was appointed on July 8, 2022.  BK Dkt. No. 523.

Beginning in February 2024, Mr. Despins commenced hundreds of adversary proceedings to avoid and recover allegedly fraudulent transfers made by non-debtor entities affiliated with Mr. Kwok.  Decision at 4-5.

The non-debtor entities are defendants in separate adversary proceedings filed by Mr. Despins to declare them to be alter egos of Mr. Kwok.  *See*, *e.g.*, *Despins v. Greenwich Land, LLC*, Adv. Proc. No. 23-5005; *Despins v. Golden Spring (New York) Ltd., et al.*, Adv. Proc. No. 23-5018, *Despins v. HCHK Techs., Inc., et al.*, Adv. Proc. No. 23-5013; *Despins v. ACA Capital Group Ltd., et al.*, Adv. Proc. No. 24-05249; *Despins v. Lamp Capital LLC, et al.*, Adv. Proc. No. 23-5023; *Despins v. AA Global Ventures Ltd., et al.*, Adv. Proc. No. 05322.

Some of these later ego adversary proceedings were filed long before Mr. Despins commenced his avoidance actions and final judgments have already been rendered declaring certain non-debtors to be alter egos of Mr. Kwok.  *See*, *e.g.*, *Despins v. Greenwich Land, LLC*, Adv. Proc. No. 23-5005, Dkt. No. 134; *Despins v. Golden Spring (New York) Ltd., et al.*, Adv.

Proc. No. 23-5018, Dkt. No. 35; *Despins v. HCHK Techs., Inc., et al.*, Adv. Proc. No. 23-5013, Dkt. No. 297.

Mr. Despins filed his complaint against Apple on February 10, 2024.  AP Dkt. No. 1.  Apple appeared in the adversary proceeding and filed its motion to dismiss on June 28, 2024.  AP Dkt. Nos. 28, 32.

On September 6, 2024, a group of defendants in separate avoidance actions (the "Joint Defendants") requested a status conference with the Bankruptcy Court to discuss briefing on legal issues common to all of Mr. Despins' avoidance actions.  Decision at 6-7.  The Bankruptcy Court granted the request and later entered an order scheduling briefing on 4 issues:

    i.    Whether the Mr. Despins can avoid an initial transfer by a non-debtor entity;

    ii.    Whether applicable law allows for reverse veil piercing or alter ego determinations;

    iii.    The effect under applicable law of a reverse veil piercing or alter ego determination; and

    iv.    Whether a determination of reverse veil piercing or alter ego may be applied retroactively.

*Id.* at 7.

Defendants in other adversary proceedings were allowed to join in the briefing filed by the Joint Defendants, and some did.  *Id.* at 8.  Apple did not participate in the Joint Defendants' briefing.  No order was entered in Apple's adversary proceeding which could have made Apple a party who would be bound by the outcome of the joint briefing.

The Joint Defendants' brief raised some of the same arguments that Apple raised in its motion to dismiss.  *Compare* BK Dkt. No. 3713 *with* AP Dkt. No. 32.  However, because Apple was not limited to the 4 issues ordered by the Bankruptcy Court, it raised additional arguments. Nonetheless, Mr. Despins' opposition to Apple's motion to dismiss largely copied and pasted

arguments from his opposition to the Joint Defendants' brief.  *Compare* BK Dkt. No. 3803 *with* AP Dkt. No. 61.

On November 27, 2024, the Bankruptcy Court scheduled a hearing on the Joint Defendants' briefing for January 15, 2025.  BK Dkt. No. 3857.  The Bankruptcy Court scheduled a hearing on Apple's motion to dismiss on the same day.  AP Dkt. No. 63.

On January 5, 2025, the Bankruptcy Court held a status conference at Mr. Despins' request to discuss the format of the hearing on multiple motions to dismiss scheduled for January 15, 2025.  Decision at 8.  Because the Bankruptcy Court ruled that it would only hear oral argument on the 4 issues that are the subject of the Joint Defendants' briefing and not any of the other issues that Apple raised, Apple filed a motion to continue the hearing on its motion to dismiss, which the Bankruptcy Court granted.  AP Dkt. Nos. 66, 67.  The January 15, 2025 hearing proceeded without Apple's participation on the Joint Defendants' 4 issues.  Decision at 9.  Apple has never been one of the Joint Defendants, never consented to the 4 stipulated issues, and never agreed to limit its arguments for dismissal.

The Bankruptcy Court issued its Decision on March 4, 2025.  Apple's motion to dismiss remains pending and oral argument has not yet been scheduled.

The Decision side-steps issues that the Joint Defendants and Mr. Despins briefed extensively.  *Compare* Decision *with* BK Dkt. Nos. 3713, 3803, 3848.  Among those issues are whether the Bankruptcy Court's rulings determining certain non-debtor transferors are alter egos of Mr. Kwok is binding under the law of the case doctrine and Delaware law regarding alter ego liability.

Rather, the Bankruptcy Court *sua sponte* raised issues that were never briefed or argued but that the Bankruptcy Court found to be dispositive.  Among those issues is the argument—

which was never advanced by Mr. Despins himself—that Mr. Despins alleged a beneficial ownership theory of liability.

Although the Bankruptcy Court noted in its Decision that Apple was not a party to briefing or oral argument that culminated in that Decision, and no order applying the Decision has been entered in Apple's adversary proceeding, the Bankruptcy Court has indicated that Apple and others are nonetheless bound by the Bankruptcy Court's rulings. In particular, footnote 12 of the Decision provides that "[r]egardless of the usage of 'Joint Defendant' or 'Non-Joint Defendant', the determination in sections B and C of the Discussion apply to all defendants that raise or join in the arguments addressed. Decision at 11 n.12.

The Bankruptcy Court has not hesitated to apply the law of the case doctrine in other adversary proceedings and has stated its view that the doctrine applies regardless of whether parties were involved in the prior litigation. *See Despins v. Greenwich Land, LLC*, Adv. Proc. No. 23-5005, Dkt. No. 133.

## ARGUMENT

### I.    Legal Standard.

District courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy courts. 28 U.S.C. § 158(a)(3). Whether to grant leave to appeal is within the district court's discretion. *Osuji v. U.S. Bank, Nat'l Ass'n*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018).

In exercising their discretion, district courts look to 28 U.S.C. § 1292(b) and grant leave where (1) the challenged order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005); *see also Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) ("When a ruling satisfies these

criteria and involves a new legal question or is of special consequence, then the district court should not hesitate to certify an interlocutory appeal.") (internal quotations omitted).

The first prong of section 1292(b) is satisfied where reversal of the bankruptcy court's order could result in dismissal of the action, where reversal, although not resulting in dismissal, could significantly affect the conduct of the action, or where the issue has precedential value for a large number of cases. *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784 (WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013).

The second prong is satisfied where there is a genuine doubt as to whether the bankruptcy court applied the correct legal standard. *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008). Such doubt may arise from conflicting authority on the issue or if the issue is particularly difficult and of first impression for the Second Circuit. *Id.*

The third prong is satisfied where the appeal could advance or shorten the time required for trial. *Id.* at *7.

## II.     The Court Should Grant Leave to Appeal the Bankruptcy Court's Decision.

Here, the Court should grant Apple leave to appeal the Decision because all prongs of section 1292 are satisfied with respect to each of the questions presented.

### A.     Whether Mr. Despins Can Avoid Transfers by Non-Debtor Entities is a Dispositive Legal Issue Across All of His Avoidance Actions.

Each of the more than 300 avoidance actions that Mr. Despins has commenced advances the novel legal theory that he can avoid transfers made by alleged non-debtor alter egos of Mr. Kwok. If this theory is fundamentally flawed, as Apple and others contend, then all of his actions are subject to dismissal. This issue is one of first impression in the Second Circuit and its resolution would be outcome-determinative.

8

Neither the Bankruptcy Court nor Mr. Despins cites to a single decision by any court in the Second Circuit allowing a bankruptcy trustee to assert a claim under sections 548 and 549 of the Bankruptcy Code to avoid a transfer made by a non-debtor entity. There is no binding precedent on the issue, and lower court decisions in the Second Circuit have rejected the Mr. Despins' liability theory. *See*, *e.g.*, *In re Mina*, Adv. No. 21-0213-PRW, 2022 WL 2657481, at *1, *3 (Bankr. W.D.N.Y. July 8, 2022) (trustee sought substantive consolidation of a debtor and non-debtor to acquire standing to challenge a transfer made by the non-debtor); *Pavers & Road Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48, 51 (Bankr. E.D.N.Y. 2015) ("Just because two entities are alter egos does not make them both debtors under the Bankruptcy Code."). The only circuit-level decision on the issue also goes against his position. *See In re Howland*, 674 Fed. App'x 482, 487 (6th Cir. 2017) (affirming dismissal of trustee's claims to avoid transfers made by alter egos of a debtor).

Mr. Despins attempts to use state law alter ego liability to achieve substantive consolidation of Mr. Kwok and non-debtor entities, but there is no binding precedent under Second Circuit or Delaware law allowing him to do so. Rather, the weight of precedent indicates that alter ego liability under Delaware law means vicarious liability only and does not result in a merger of the debtor and the alter ego. *See*, *e.g.*, *In re RS Air, LLC*, 651 B.R. 538, 545 n.5 (BAP 9th Cir. 2023) (applying Delaware law and holding that "[a]lthough the alter ego doctrine requires a showing that the two entities 'operated as a single economic entity,' [] the result is not to deem the entities the same, but to hold one liable for the other's debts") (internal citation omitted); *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 469 (D. Del. 2010) ("The alter ego doctrine for piercing the corporate veil allows derivative liability to be placed upon a corporation's individuals.").

9

Despite ordering briefing on these very issues, the Bankruptcy Court punted on ruling on the parties' arguments in its Decision. However, that does not preclude this Court from deciding those same issues because they were actually litigated. *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418-19 (2d Cir. 2001) ("[W]e have discretion to considered issues that were raised, briefed, and argued in the District Court, but that were not reached there."); *see also Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000) (holding that the court is more likely to exercise its discretion to review an issue not decided below where (1) consideration of the issue is necessary to avoid manifest injustice or (2) where the issue is purely legal and does not require additional fact-finding). A ruling on purely legal issues that were extensively briefed and but not addressed by the Bankruptcy Court is both appropriate and necessary to avoid manifest injustice.

Further, just as the Bankruptcy Court *sua sponte* decided issues it found to be controlling, so too can this Court. *See Lambert v. Genesee Hosp.*, 10 F.3d 46, 56 (2d Cir. 1993) ("[W]e have discretion to consider and decide sua sponte a dispositive issue of law that, taking a plaintiff's allegations to be true, would prevent a plaintiff from recovering."). Indeed, given that this Court reviews the Bankruptcy Court's legal conclusions under a *de novo* standard of review, *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007), it makes no practical difference whether the Bankruptcy Court ruled on the issues presented by the parties, as this Court would be starting its own analysis from scratch anyways.

As for the legal issues the Bankruptcy Court did address, those issues were raised and decided in Mr. Despins' favor *sua sponte* without any notice or opportunity to be heard. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (district court's ruling that it lacked supplemental jurisdiction was erroneous where it acted *sua sponte* without affording the parties notice and an opportunity to be heard). In fact, the Bankruptcy Court advanced arguments

that Mr. Despins himself did not advocate and found those arguments to be dispositive in ruling in

his favor. *See Akande v. U.S. Marshal Serv.*, No. 11-cv-1125 (VLB), 2018 WL 10667611, at *1

(D. Conn. Aug. 21, 2018) ("[C]ourts are neutral arbiters and not advocates for parties.  The role of

the court is to decide which party is correct, not to research, analyze, and advance the claims of

any party against that of another party.").

Putting aside the Bankruptcy Court's assisting Mr. Despins in reframing his actual

allegations, the Bankruptcy Court's interpretations of Mr. Despins' pleadings are fundamentally

flawed and require redress.

The Bankruptcy Court's reading of the Mr. Despins' allegations as pleading Mr. Kwok

himself—and not his non-debtor affiliates—made the transfers in question defies reality and

common sense.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[D]etermining whether a

complaint states a plausible claim is context specific, requiring the reviewing court to draw upon

its experience and common sense.").  If the challenged transfers were transfers made directly by

Mr. Kwok to the defendants, then it would be wholly unnecessary for Mr. Despins to mention any

of the non-debtor entities or resort to an alter ego theory of liability.  But Mr. Despins expressly

includes allegations regarding those entities' being alter egos precisely because the challenged

transfers came from accounts belonging to the Non-Debtor Entities.  No amount of liberal

interpretation of Mr. Despins' pleadings can alter the reality of how the funds flowed.

The Bankruptcy Court also applied a novel but erroneous interpretation of *Merit Mgmt.*

*Grp., LP v. FTI Consulting, Inc.*, 583 U.S. 366, 382 (2018) to justify its reading of Mr. Despins'

allegations.  In *Merit*, the Supreme Court held that for purposes of evaluating the applicability of

the statutory safe harbor contained in section 546(e) of the Bankruptcy Code, the transfer at issue

is the overarching transfer that the trustee seeks to avoid, ignoring separate  component parts.  *Id.*

at 370.  But that decision applies to a *defense* based on section 546(e)—nowhere in *Merit* did the Supreme Court extend its holding to evaluating *claims* under Fed. R. Civ. P. 12.  Nor did the Bankruptcy Court cite any other case applying *Merit* in the same way it did.

Absent an interlocutory appeal, Apple and other defendants would be stuck with the Decision and its erroneous legal conclusions on threshold issues of first impression.  Both the (i) issues that were briefed and not decided by the Bankruptcy Court and (ii) issues that were never briefed but decided *sua sponte* by the Bankruptcy Code present controlling legal issues as to which there is substantial ground for difference of opinion, and this Court's addressing those issues would materially advance the hundreds of avoidance actions that Mr. Despins has commenced.

### B.       The Law of the Case Doctrine Has Been Erroneously Applied to Facilitate a Shortcut Across Mr. Despins' Avoidance Actions.

Interlocutory review is also both necessary and appropriate to resolve the threshold legal issue of whether the law of the case doctrine applies to the Bankruptcy Court's rulings, including its alter ego rulings and the Decision.  The Bankruptcy Court avoided answering this question in its Decision but the parties undoubtedly litigated the issue and it meets the requirements of section 1292(b) for consideration on appeal.

The law of the case doctrine is "a discretionary rule of practice." *In re PHC Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991).  Courts decline to apply the doctrine where there is clear error or manifest injustice would result. *U.S. v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002); *Casey v. U.S.*, 161 F. Supp. 2d 86, 93 (D. Conn. 2001).

The doctrine "may apply to different adversary proceedings brought in the same bankruptcy case, provided that all the requirements of the doctrine – including identity of the parties – are met." *In re Brizinova*, 588 B.R. 311, 324 (Bankr. E.D.N.Y. 2018); *see also In re Schultz*, 250 B.R. 22, 35 (Bankr. E.D.N.Y. 2000) (doctrine applies only to the "same litigation or

to different lawsuits *between the parties*") (emphasis in original); *In re Manhattan Inv. Fund Ltd.*, 310 B.R. 500, 513 (Bankr. S.D.N.Y. 2000) (district court's ruling in class action is not binding on trustee because she was not a party to that action).

Here, however, Mr. Despins argues that the Bankruptcy Court's rulings that certain non-debtor affiliates are alter egos of Mr. Kwok—which rulings were entered in adversary proceedings to which Apple was not a party—are nonetheless binding on Apple. The Bankruptcy Court has indicated it agrees with that argument. *See Despins v. Greenwich Land, LLC*, Adv. Proc. No. 23-5005, Dkt. No. 133.

Apple and numerous other defendants in Mr. Despins' avoidance actions were never parties or had any relationship to the parties in his alter ego actions, and thus Mr. Despins cannot use res judicata or collateral estoppel to bind those defendants. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-88 (2d Cir. 2002). Nonetheless, he and the Bankruptcy Court will seek to bind them under the law of the case doctrine.

To Apple's knowledge, the Second Circuit has not addressed a situation where a trustee attempts to use a ruling in one adversary proceeding to bind hundreds of defendants in hundreds of different adversary proceedings of a different nature under the law of the case doctrine, and where res judicata and collateral estoppel would not otherwise bind those defendants.

Resolution of this issue would materially advance each of the avoidance actions by clarifying Mr. Despins' burden of proof. If this Court rules that the Bankruptcy Court's alter ego rulings are *not* law of the case, then Mr. Despins would need to plead and prove that each of the transferor non-debtors at issue in his complaints is an alter ego of Mr. Kwok before he can avoid any transfer made by any non-debtor.

13

By the same token, a ruling by this Court as to whether the law of the case doctrine binds Apple and other defendants who did not participate in the briefing culminating in the Decision would inform whether the Decision has any applicability in Apple's and other defendants' separate adversary proceedings.  That too would save party and judicial resources in litigating the issue and help speed up the resolution of the avoidance actions.

## CONCLUSION

For these reasons, the Court should grant Apple leave to pursue an interlocutory appeal addressing the questions identified above.

Dated:  March 18, 2025
      New York, New York

*/s/ George Angelich*
George Angelich (ct27542)
Eric Roman (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
T: 212.457.5423
E: george.angelich@afslaw.com
   eric.roman@afslaw.com
   patrick.feeney@afslaw.com

- and -

Jin Yan (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K St. NW
Washington, DC 20006
T: 202.778.6442
E: jin.yan@afslaw.com

*Counsel for Apple Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 18, 2025, I caused a true and correct copy of the foregoing document

to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification

of such filing to all attorneys of record.


Dated:  New York, New York
        March 18, 2025

                                        */s/ George Angelich*
                                        George Angelich