## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>　　HO WAN KWOK, *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11<br>TRUSTEE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., HING CHI NGOK,<br>ALEX HADJICHARALAMBOUS,<br>BERNARDO ENRIQUEZ, CHUNGUANG<br>HAN, and MEI GUO,<br><br>　　　　　　　Defendants. | Adv. Proc. No. 24-05060 |

### NOTICE OF APPEAL

#### Part I: Identify the Appellant

　　　1.　　　Name of appellant: Apple Inc.

　　　2.　　　Position of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal: Defendant in the above-captioned adversary proceeding, No. 24-05060 (JAM).

#### Part 2: Identify the Subject of This Appeal

　　　1.　　　Describe the judgment—or the appealable order or decree—from which the appeal is taken: *Memorandum of Decision and Order (I) Denying Joint Defendants' Motions to Dismiss or for Judgment on the Pleadings (II) Denying in Part Other Defendants' Motions to Dismiss; and*

*(III) Overruling in Part Zeisler & Zeisler, P.C.'s Objection to the Trustee's Motion for Judgment on the Pleadings*, entered in the bankruptcy case (ECF Dkt. No. 4189), a copy of which is attached as **Exhibit 1**.

2.    State the date on which the judgment—or the appealable order or decree—was entered: March 4, 2025.

**Part 3: Identify the Other Parties to the Appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys:

| Party | Attorneys |
|---|---|
| Apple Inc.<br><br>*Appellant* | George Angelich (ct27542)<br>Eric Roman (admitted *pro hac vice*)<br>Patrick Feeney (admitted *pro hac vice*)<br>ArentFox Schiff LLP<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY 10019<br>T: 212.457.5423<br>E: george.angelich@afslaw.com<br>    eric.roman@afslaw.com<br>    patrick.feeney@afslaw.com<br><br>- and -<br><br>Jin Yan (admitted *pro hac vice*)<br>ArentFox Schiff LLP<br>1717 K St. NW<br>Washington, DC 20006<br>T: 202.778.6442<br>E: jin.yan@afslaw.com |
| Luc A. Despins, as Chapter 11 Trustee<br><br>*Appellee* | Douglas S. Skalka (ct00616)<br>Patrick R. Linsey (ct29437)<br>Neubert, Pepe & Monteith, P.C.<br>195 Church St., 13th Fl.<br>New Haven, CT 06510<br>T: (203) 821-2000<br>E: dskalka@npmlaw.com<br>    plinsey@npmlaw.com<br><br>- and - |

| Party | Attorneys |
|---|---|
| | Douglass Barron (admitted *pro hac vice*)<br>Paul Hastings LLP<br>200 Park Ave.<br>New York, NY 10166<br>T: (212) 318-6000<br>E: douglassbarron@paulhastings.com<br><br>- and -<br><br>Nicholas A. Bassett (admitted *pro hac vice*)<br>Paul Hastings LLP<br>2050 M St. NW<br>Washington, D.C. 20036<br>T: (202) 551-1902<br>E: nicholasbassett@paulhastings.com |

Dated: March 18, 2025
     New York, New York

*/s/ George Angelich*
George Angelich (ct27542)
Eric Roman (admitted *pro hac vice*)
Patrick Feeney (admitted *pro hac vice*)
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
T: 212.457.5423
E: george.angelich@afslaw.com
   eric.roman@afslaw.com
   patrick.feeney@afslaw.com

- and -

Jin Yan (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K St. NW
Washington, DC 20006
T: 202.778.6442
E: jin.yan@afslaw.com

*Counsel for Apple Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 18, 2025, I caused a true and correct copy of the foregoing document

to be filed with the Clerk of the Court using the CM/ECF filing system, which will send notification

of such filing to all attorneys of record.

Dated:  New York, New York
        March 18, 2025

*/s/ George Angelich*
George Angelich

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br>Case No. 22-50073 (JAM)<br>(Jointly Administered)<br><br>Re: ECF Nos. 3577, 3713 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>Plaintiff,<br><br>v.<br><br>AGORA LAB, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. P. No. 24-05005 (JAM)<br><br>Re: ECF No. 24 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. P. No. 24-05006 (JAM)<br><br>Re: ECF No. 21 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT PERSUASION LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. P. No. 24-05010 (JAM)<br><br>Re: ECF No. 26 |

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, ) ) | Adv. P. No. 24-05015 (JAM) |
| ) | Re: ECF No. 23 |
| Plaintiff, ) ) | |
| v. ) ) | |
| FOX NEWS NETWORK, LLC, ) ) | |
| Defendant. ) ) | |

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, ) ) | Adv. P. No. 24-05031 (JAM) |
| ) | Re: ECF No. 17 |
| Plaintiff, ) ) | |
| v. ) ) | |
| ARRI AMERICAS, INC., ) ) | |
| Defendant. ) ) | |

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, ) ) | Adv. P. No. 24-05044 (JAM) |
| ) | Re: ECF No. 20 |
| Plaintiff, ) ) | |
| v. ) ) | |
| TERIS-PHOENIX, LLC, ) ) | |
| Defendant. ) ) | |

*Continued on next page*

ii

|  |  |
|---|---|
| ———————————————————— ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, ) ) | Adv. P. No. 24-05047 (JAM) |
| ) | Re: ECF No. 23 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PHILLIPS NIZER LLP, ) | |
| ) | |
| Defendant. ) | |
| ———————————————————— ) | |
| ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, ) ) | Adv. P. No. 24-05048 (JAM) |
| ) | Re: ECF No. 21 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARK GUNDERSON, ) | |
| ) | |
| Defendant. ) | |
| ———————————————————— ) | |
| ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, ) ) | Adv. P. No. 24-05055 (JAM) |
| ) | Re: ECF No. 17 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 270 W. 39th St. Co., LLC, ) | |
| ) | |
| Defendant. ) | |

*Continued on next page*

iii

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, )<br><br>Plaintiff, )<br><br>v. )<br><br>FFP (BVI) LIMITED, )<br><br>Defendant. ) | Adv. P. No. 24-05056 (JAM)<br><br>Re: ECF No. 17 |

)

| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, )<br><br>Plaintiff, )<br><br>v. )<br><br>AMAZON.COM, INC., HING CHI NGOK, ALEX HADJICHARALAMBOUS, CHUNGUANG HAN, and MEI GUO, )<br><br>Defendants. ) | Adv. P. No. 24-05057 (JAM)<br><br>Re: ECF No. 42 |
|---|---|

| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, )<br><br>Plaintiff, )<br><br>v. )<br><br>ANTHEM HEALTH PLANS, INC., )<br><br>Defendant. ) | Adv. P. No. 24-05058 (JAM)<br><br>Re: ECF No. 21 |
|---|---|

*Continued on next page*

iv

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05059 (JAM) |
| Plaintiff, | Re: ECF No. 20 |
| v. | |
| FEDERAL EXPRESS CORPORATION, | |
| Defendant. | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05063 (JAM) |
| Plaintiff, | Re: ECF No. 22 |
| v. | |
| DJD CREATIVE LLC, | |
| Defendant. | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05069 (JAM) |
| Plaintiff, | Re: ECF No. 35 |
| v. | |
| B&H FOTO & ELECTRONICS CORP., HING CHI NGOK, ALEX HADJICHARALAMBOUS, and CHUNGUANG HAN, | |
| Defendants. | |

*Continued on next page*

v

<table>
<tr><td>

LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY,

Defendant.

</td><td>

Adv. P. No. 24-05077 (JAM)

Re: ECF No. 18

</td></tr>
</table>

| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, ) | Adv. P. No. 24-05077 (JAM) |

LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,

Plaintiff,

v.

AMERICAN EXPRESS COMPANY,

Defendant.

Adv. P. No. 24-05077 (JAM)

Re: ECF No. 18

---

LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,

Plaintiff,

v.

OHTZAR SHLOMO SOLOMON TREASURE LLC,

Defendant.

Adv. P. No. 24-05082 (JAM)

Re: ECF No. 17

---

LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,

Plaintiff,

v.

ZETA GLOBAL CORP.,

Defendant.

Adv. P. No. 24-05092 (JAM)

Re: ECF No. 21

*Continued on next page*

vi

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 12 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 8 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 7 of 102

|  |  |  |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05100 (JAM) |
| Plaintiff, | ) ) ) | Re: ECF No. 17 |
| v. | ) ) | |
| GROCYBER, LLC, | ) ) | |
| Defendant. | ) ) ) | |

|  |  |  |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05108 (JAM) |
| Plaintiff, | ) ) ) | Re: ECF No. 22 |
| v. | ) ) | |
| CONSERVATIVE CAMPAIGN TECHNOLOGY, LLC, | ) ) | |
| Defendant. | ) ) ) | |

|  |  |  |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05110 (JAM) |
| Plaintiff, | ) ) ) | Re: ECF No. 19 |
| v. | ) ) | |
| AARON MITCHELL, | ) ) | |
| Defendant. | ) ) ) | |

*Continued on next page*

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 13 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 9 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 8 of 102

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05112 (JAM) |
| Plaintiff, | Re: ECF No. 23 |
| v. | |
| ANTHEM HEALTHCHOICE ASSURANCE, INC., f/k/a EMPIRE HEALTHCHOICE ASSURANCE, INC., d/b/a EMPIRE BLUE CROSS BLUE SHIELD, | |
| Defendant. | |

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05114 (JAM) |
| Plaintiff, | Re: ECF No. 21 |
| v. | |
| MODSQUAD INC., | |
| Defendant. | |

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05115 (JAM) |
| Plaintiff, | Re: ECF No. 22 |
| v. | |
| CLOUDFLARE, INC., | |
| Defendant. | |

*Continued on next page*

viii

LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE )   Adv. P. No. 24-05120 (JAM)
ESTATE OF HO WAN KWOK, )

        Plaintiff, )   Re: ECF No. 17

    v. )

3 COLUMBUS CIRCLE LLC, )

        Defendant. )

LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE )   Adv. P. No. 24-05122 (JAM)
ESTATE OF HO WAN KWOK, )

        Plaintiff, )   Re: ECF No. 19

    v. )

INDIUM SOFTWARE, INC., )

        Defendant. )

LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE )   Adv. P. No. 24-05128 (JAM)
ESTATE OF HO WAN KWOK, )

        Plaintiff, )   Re: ECF No. 18

    v. )

MILLER MOTORCARS INC., )

        Defendant. )

*Continued on next page*

ix

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>       Plaintiff,<br><br>    v.<br><br>ON THE SPOT HOME IMPROVEMENT, INC.,<br><br>       Defendant. | Adv. P. No. 24-05130 (JAM)<br><br>Re: ECF No. 21 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>       Plaintiff,<br><br>    v.<br><br>V.X. CERDA & ASSOCIATES P.A.,<br><br>       Defendant. | Adv. P. No. 24-05134 (JAM)<br><br>Re: ECF No. 16 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>       Plaintiff,<br><br>    v.<br><br>LIBERTY JET MANAGEMENT CORP.,<br><br>       Defendant. | Adv. P. No. 24-05135 (JAM)<br><br>Re: ECF No. 19 |

*Continued on next page*

x

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 16 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 12 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 11 of
102

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05138 (JAM) |
| | ) | Re: ECF No. 19 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TARGET ENTERPRISES, LLC, | ) ) | |
| Defendant. | ) ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05141 (JAM) |
| | ) | Re: ECF No. 19 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FLAT RATE MOVERS, LTD., | ) ) | |
| Defendant. | ) ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05147 (JAM) |
| | ) | Re: ECF No. 19 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JAMESTOWN ASSOCIATES, LLC, | ) ) | |
| Defendant. | ) ) | |

*Continued on next page*

xi

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 17 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 13 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 12 of
102

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>Plaintiff,<br><br>v.<br><br>NARDELLO & CO., LLC,<br><br>Defendant. | Adv. P. No. 24-05162 (JAM)<br><br>Re: ECF No. 19 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>Plaintiff,<br><br>v.<br><br>THE FRANCIS FIRM PLLC,<br><br>Defendant. | Adv. P. No. 24-05168 (JAM)<br><br>Re: ECF No. 15 |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY ROWE LIMITED,<br><br>Defendant. | Adv. P. No. 24-05186 (JAM)<br>Re: ECF No. 35 |

*Continued on next page*

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 18 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 14 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 13 of
102

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05188 (JAM) |
| Plaintiff, | Re: ECF No. 11 |
| v. | |
| WEDDLE LAW PLLC, | |
| Defendant. | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05196 (JAM) |
| Plaintiff, | Re: ECF No. 18 |
| v. | |
| MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C., | |
| Defendant. | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05199 (JAM) |
| Plaintiff, | Re: ECF No. 21 |
| v. | |
| LAWALL & MITCHELL, LLC, and AARON MITCHELL, | |
| Defendants. | |

*Continued on next page*

xiii

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 19 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 15 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 14 of
102

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05202 (JAM) |
| Plaintiff, | Re: ECF No. 28 |
| v. | |
| CLAYMAN ROSENBERG KIRSHNER & LINDER LLP, | |
| Defendant. | |

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05204 (JAM) |
| Plaintiff, | Re: ECF No. 19 |
| v. | |
| G4S SECURITY SYSTEMS (HONG KONG) LTD., | |
| Defendant. | |

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05208 (JAM) |
| Plaintiff, | Re: ECF No. 17 |
| v. | |
| ZEISLER & ZEISLER, P.C., | |
| Defendant. | |

*Continued on next page*

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05211 (JAM) |
| Plaintiff, | Re: ECF No. 18 |
| v. | |
| PUTNAM'S LANDSCAPING LLC, | |
| Defendant. | |

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05219 (JAM) |
| Plaintiff, | Re: ECF No. 23 |
| v. | |
| JASON MILLER, | |
| Defendant. | |

|  |  |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | Adv. P. No. 24-05222 (JAM) |
| Plaintiff, | Re: ECF No. 18 |
| v. | |
| SEDGWICK REALTY CORP., | |
| Defendant. | |

*Continued on next page*

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 21 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 17 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 16 of
102

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05225 (JAM) |
| Plaintiff, | ) ) | Re: ECF No. 21 |
| v. | ) ) | |
| CIRRUS DESIGN CORPORATION, and QIANG GUO, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05226 (JAM) |
| Plaintiff, | ) ) | Re: ECF No. 26 |
| v. | ) ) | |
| ACASS CANADA LTD., | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) ) ) | Adv. P. No. 24-05229 (JAM) |
| Plaintiff, | ) ) | Re: ECF No. 25 |
| v. | ) ) | |
| MARCUM LLP, | ) ) | |
| Defendant. | ) ) | |

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 22 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 18 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 17 of
102

## **APPEARANCES**

G. Alexander Bongartz
Douglass Barron
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

   and

Nicholas A. Bassett (argued)
Paul Hastings LLP
2050 M Street NW
Washington, D.C. 20036

Douglas S. Skalka
James C. Graham
Patrick R. Linsey
Neubert, Pepe & Montieth
195 Church Street, 13th Floor
New Haven, CT 06510

*Counsel for Movant and Respondent Mr. Luc A. Despins, Chapter 11 Trustee for the Estate of*
*Mr. Ho Wan Kwok, Plaintiff*

Benjamin O. Gilbert
Lindsay C. Stone
Sheppard Mullin Richter & Hampton, LLP
30 Rockefeller Plaza
New York, NY 10112

   and

Alan H. Martin
Sheppard, Mullin, Richter & Hampton, LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626

*Counsel for Movant Agora Lab, Inc., Defendant*

*Continued on next page*

xvii

Lindsay Sampson Bishop
K&L Gates LLP
One Congress Street, Suite 2900
Boston, MA 02114

   and

Brian T. Peterson (argued)
Ruby A. Nagamine
K&L Gates LLP
925 4th Ave, Suite 2900
Seattle, WA 98104

*Counsel for Movants Amazon Web Services, Inc., and Amazon.com, Inc., Defendants*

| | |
|---|---|
| Benjamin Mintz | Eric S. Goldstein (argued) |
| Arnold & Porter Kaye Scholer LLP | Shipman & Goodwin LLP |
| 250 West 55th Street | One Constitution Plaza |
| New York, NY 10019 | Hartford, CT 06103 |
| | |
|   and |   and |
| | |
| Ryan M. Trombley | Jessica Signor |
| Arnold & Porter Kaye Scholer LLP | Shipman & Goodwin LLP |
| 70 West Madison Street, Suite 4200 | 300 Atlantic Street, Third Floor |
| Chicago, IL 60602 | Stamford, CT 06901 |

*Counsel for Movant Direct Persuasion LLC, Defendant*

| | |
|---|---|
| Steven G. Mintz | Henry P. Baer |
| Barry M. Kazan | Eilis A. Meagher |
| Philip Ian Tafet | Finn Dixon & Herling LLP |
| Mintz & Gold LLP | Six Landmark Square, Suite 600 |
| 600 Third Avenue, 25th Floor | Stamford, CT 06901 |
| New York, NY 10016 | |

*Counsel for Movants Fox News Network, LLC, and Marcum LLP, Defendants*

Michael T. Conway
Lazare Potter Giacovas & Moyle LLP
747 Third Ave., 16th Floor
New York, NY 10017

*Counsel for Movant Arri Americas Inc., Defendant*

xviii

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 24 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 20 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 19 of
102

Andrea Chase
Spencer Fane
1000 Walnut Street, Suite 1400
Kansas City, MO 64106

Henry P. Baer
Eilis A. Meagher
Finn Dixon & Herling LLP
Six Landmark Square, Suite 600
Stamford, CT 06901

*Counsel for Movant Teris-Phoenix, LLC, Defendant*

Jared R. Clark
Phillips Nizer LLP
485 Lexington Avenue
New York, NY 10017

Robert E. Kaelin
Harris Beach Murtha Cullina PLLC
280 Trumbull Street
Hartford, CT 06103

and

Matthew Pesce
Harris Beach Murtha Cullina PLLC
1 Audubon Street, 3rd Floor
New Haven, CT 06106

*Counsel for Movant Phillips Nizer LLP, Defendant*

Jeffrey Hellman
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510

*Counsel for Movants Mr. Mark Gundersen, Ohtzar Shlomo Solomon Treasure LLC, and Mr.
Jason Miller, Defendants*

Robert N. Sensale
Bershtein, Volpe & McKeon, PC
900 Chapel Street, 11th Floor
New Haven, CT 06510

*Counsel for Movant 270 W. 39th St. Co., LLC, Defendant*

*Continued on next page*

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 25 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 21 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 20 of
102

Jeffrey M. Sklarz (argued)
Kellianne Baranowsky
Michelle Amanda Antao
Green & Sklarz LLC
One Audubon Street, 3rd Floor
New Haven, CT 06511

*Counsel for Movants FFP (BVI) Limited, Aaron A. Mitchell, V.X. Cerda & Associates, P.A., The
Francis Firm PLLC, Lawall & Mitchell, LLC, and G4S Security Systems (Hong Kong) Ltd.,
Defendants*

Eric S. Goldstein (argued)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

   and

Jessica Signor
Shipman & Goodwin LLP
300 Atlantic Street, Third Floor
Stamford, CT 06901

*Counsel for Movants Anthem Health Plans, Inc., Anthem HealthChoice Assurance, Inc., f/k/a
Empire HealthChoice Assurance, Inc., d/b/a Empire Blue Cross Blue Shield, and Sedgwick
Realty Corp., Defendants*

| | |
|---|---|
| Michael A. Siedband | Eric S. Goldstein (argued) |
| Federal Express Corporation | Nicole Lapenta |
| 3620 Hacks Cross Road | Shipman & Goodwin LLP |
| Building 2, 3rd Floor | One Constitution Plaza |
| Memphis, TN 38125 | Hartford, CT 06103 |
| | |
| |    and |
| | |
| | Jessica Signor |
| | Shipman & Goodwin LLP |
| | 300 Atlantic Street, Third Floor |
| | Stamford, CT 06901 |

*Counsel for Movant Federal Express Corporation, Defendant*

*Continued on next page*

xx

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 26 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 22 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 21 of
102

Bret Strong
Zachary W. Doninger
1790 Hughes Landing, Suite 200
The Woodlands, TX 77380

Louis Joseph Martocchio, III
Martocchio & Oliveira, LLC
191 Main Street
Southington, CT 06489

*Counsel for Movant DJD Creative LLC, Defendant*

Scott M. Kessler
Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

Tracy Ellis Williams
Shipman & Goodwin LLP
300 Atlantic Street, 3rd Floor
Stamford, CT 06901

*Counsel for Movant B&H Foto & Electronics Corp., Defendant*

Darryl S. Laddin
Frank N. White
Arnall Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363

Ronald I. Chorches
Law Offices of Ronald I. Chorches LLC
82 Wolcott Hill Road, Suite 203
Wethersfield, CT 06109

*Counsel for Movant American Express Company, Defendant*

John J. Clarke, Jr.
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020

    and

C. Kevin Kobbe
DLA Piper LLP (US)
650 South Exter Street, Suite 1100
Baltimore, MD 21202

*Counsel for Movant Zeta Global Corp., Defendant*

Nicholas P. Vegliante
Cohn Birnbaum & Shea
CityPlace II, 15th Floor
185 Asylum Street
Hartford, CT 06103

*Counsel for Movant GroCyber, LLC, Defendant*

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 27 of
107
Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 23 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 22 of
102

Ilan Markus
Barclay Damon LLP
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511

*Counsel for Movant Conservative Campaign Technology LLC, Defendant*

Robert E. Kaelin
Harris Beach Murtha Cullina PLLC
280 Trumbull Street
Hartford, CT 06103

   and

Matthew Pesce
Harris Beach Murtha Cullina PLLC
1 Audubon Street, 3rd Floor
New Haven, CT 06106

*Counsel for Movants ModSquad, Inc., and 3 Columbus Circle, LLC, Defendants*

| | |
|---|---|
| Sabrina L. Streusand | Ross G. Fingold |
| Streusand, Landon, Ozburn & Lemmon, LLP | Stokesbury, Shipman & Fingold |
| Spyglass Point | 10 Waterside Drive, Suite 204 |
| 1801 South MoPac Expressway, Suite 320 | Farmington, CT 06032 |
| Austin, TX 78746 | |

*Counsel for Movant Cloudflare, Inc., Defendant*

| | |
|---|---|
| Richard J. Reding | Elizabeth N. Krasnow |
| ASK LLP | Eric R. Wilson |
| 2600 Eagan Woods Drive, Suite 400 | Benjamin D. Feder |
| St. Paul, MN 55121 | Kelley Drye & Warren LLP |
| | Canterbury Green |
|   and | 201 Broad Street |
| | Stamford, CT 06901 |
| Edward E. Neiger | |
| ASK LLP | |
| 60 East 42nd Street, 46th Floor | |
| New York, NY 10165 | |

*Counsel for Movant Indium Software, Inc., Defendant*

*Continued on next page*

xxii

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 28 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 24 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 23 of
102

Eric Seltzer
Gilbride, Tusa, Last & Spellane LLC
30 Brewster Lane
Bellport, NY 11713

*Counsel for Movant Miller Motorcars Inc., Defendant*

Justin S. Baumgartner                   Eric S. Goldstein (argued)
Becker LLC                              Shipman & Goodwin LLP
354 Eisenhower Parkway, Suite 1500      One Constitution Plaza
Livingston, NJ 07039                    Hartford, CT 06103

*Counsel for Movant On the Spot Home Improvement, Inc., Defendant*

Gerard R. Luckman                       Patrick Tomasiewicz
Elbert F. Nasis                         Fazzano Tomasiewicz and Barall
Forchelli Deegan Terrana LLP            96 Oak Street
333 Earle Ovington Boulevard, Suite 1010   Harford, CT 06106
Uniondale, NY 11553

*Counsel for Movant Liberty Jet Management Corp., Defendant*

John F. Carberry
Kara Anne Zarchin
Cummings & Lockwood LLC
Six Landmark Square
Stamford, CT 06901

*Counsel for Movants Target Enterprises, LLC, and Jamestown Associates, LLC, Defendants*

James J. Costello, Jr.
Norris McLaughlin PA
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807

*Counsel for Flat Rate Movers, Ltd., Defendant*

Henry P. Baer
Eilis A. Meagher
Finn Dixon & Herling LLP
Six Landmark Square, Suite 600
Stamford, CT 06901

*Counsel for Movant Nardello & Co., LLC, Defendant*

xxiii

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 29 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 25 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 24 of
102

Julie Johnston-Ahlen
Armstrong Teasdale LLP
100 North Riverside Plaza
Chicago, IL 60606

   and

John G. Willard
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

Jeffrey M. Sklarz (argued)
Kellianne Baranowsky
Michelle Amanda Antao
Green & Sklarz LLC
One Audubon Street, 3rd Floor
New Haven, CT 06511

*Counsel for Movant Berkeley Rowe Limited, Defendant*

Richard Corbi
The Law Offices of Richard J. Corbi PLLC
104 West 40th Street, Suite 4th Floor
New York, NY 10018

Jeffrey M. Sklarz (argued)
Kellianne Baranowsky
Michelle Amanda Antao
Green & Sklarz LLC
One Audubon Street, 3rd Floor
New Haven, CT 06511

*Counsel for Movant Weddle Law PLLC, Defendant*

Rowena A. Moffett
Brenner, Saltzman & Wallman, LLP
271 Whitney Avenue
New Haven, CT 06511

*Counsel for Movant Morvillo Abramowitz Grand Iason & Anello P.C., Defendant*

Brian David Linder
Clayman Rosenberg Kirshner & Linder LLP
305 Madison Avenue, Suite 650
New York, NY 10165

Matthew D. Valauri
Wilson Elser Moskowitz Edelman & Dicker
1010 Washington Boulevard, Suite 603
Stamford, CT 06901

*Counsel for Movant Clayman Rosenberg Kirschner & Linder LLP, Defendant*

Stephen M. Kindseth (argued)
James M. Moriarty
Daniel A. Byrd
Zeisler& Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604

*Counsel for Movant Zeisler & Zeisler, P.C., Defendant*

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 30 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 26 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 25 of
102

Scott M. Charmoy
Charmoy & Charmoy
1465 Post Road East, Suite 100
Westport, CT 06880

*Counsel for Movant Putnam's Landscaping, Defendant*

Richard J. Bernard
Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas
New York, NY 10036

    and

Josh Peterson
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402

    and

Jaclyn C. Marasco
Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801

*Counsel for Movant Cirrus Design Corporation, Defendant*

| | |
|---|---|
| Rahman Connelly | Jeffrey M. Sklarz (argued) |
| Pillsbury Winthrop Shaw Pittman LLP | Kellianne Baranowsky |
| 31 West 52nd Street | Michelle Amanda Antao |
| New York, NY 10019 | Green & Sklarz LLC |
| | One Audubon Street, 3rd Floor |
| | New Haven, CT 06511 |

*Counsel for Movant ACASS Canada LTD., Defendant*

**MEMORANDUM OF DECISION AND ORDER**
**(I) DENYING JOINT DEFENDANTS' MOTIONS TO DISMISS OR FOR JUDGMENT**
**ON THE PLEADINGS; (II) DENYING IN PART OTHER DEFENDANTS' MOTIONS**
**TO DISMISS; AND (III) OVERRULING IN PART ZEISLER & ZEISLER, P.C.'S**
**OBJECTION TO THE TRUSTEE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Julie A. Manning, United States Bankruptcy Judge

This case involves an individual Chapter 11 debtor who is alleged to have been involved in an extensive shell game involving hundreds of corporate *alter egos*. The Chapter 11 trustee has filed more than 260 actions seeking to avoid transfers nominally made by these *alter egos*. Forty-eight avoidance action defendants, including many who are participating in mandatory mediation with the Chapter 11 trustee, have asked this Court to decide four common issues relating to the interaction of *alter ego* and avoidable transfer law. The sheer number of defendants, complaints, and alleged *alter egos* complicates the analysis. However, when analyzing the issues in light of the facts alleged in the complaints, which the Court must take as true, the result is clear. For the reasons stated below, the Court concludes that none of the four common issues raised by the avoidance action defendants merit dismissal of the avoidance actions.

## I.    INTRODUCTION

Before the Court are several motions to dismiss or for judgment on the pleadings filed by avoidance action defendants. The avoidance actions were commenced by Mr. Luc A. Despins, the Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Mr. Ho Wan Kwok (the "Individual Debtor"). The Trustee seeks to avoid and recover alleged fraudulent transfers and unauthorized post-petition transfers pursuant to sections 544, 548, 549, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and sections 273, 274, and 276 of New York's

1

Debtor and Creditor Law, codifying New York's Uniform Voidable Transactions Act ("NYUVTA").

Thirty-seven motions (the "Joint Motions") have been filed by defendants (the "Joint Defendants")[1] pursuant to the Order Further Amending Avoidance Action Procedures Order and Scheduling Joint Briefing of Motions to Dismiss and Motions for Judgment on the Pleadings (the "Joint Briefing Order").  (Main Case ECF No. 3577.)[2]  The Joint Defendants requested and proposed this omnibus process and prepared and submitted common legal issues they requested the Court address.  (*See* Main Case ECF No. 3511.)  The Trustee did not object to the Joint Defendants' request.  In issuing the Joint Briefing Order, the Court adopted the Joint Defendants' process.

Additional motions (the "Non-Joint Motions") have been filed by defendants[3] who, although they did not participate in the joint briefing, raised some or all the issues raised by the Joint Defendants and requested to have their motions be heard at the same time as the Joint Motions.  Because it raised some of the issues in the Joint Briefing Order, Zeisler & Zeisler, P.C. ("Z&Z", and, together with the filers of the Non-Joint Motions, the "Non-Joint Defendants") also requested its objection to a motion for judgment on the pleadings filed by the Trustee (the "Z&Z Objection")[4] be heard at the same time as the Joint Motions.

---

[1]  Due to the complexities of this omnibus proceeding, certain information that might appear in footnotes is contained in Appendices.  The .pdf file of this decision contains bookmarks to facilitate access to the Appendices.  A list of the Joint Motions, with a notation of the Joint Defendant that filed each Joint Motion, appears in **Appendix A**.

[2]  References to the docket in the main case, *In re Kwok*, Case No. 22-50073 (JAM), will be styled "Main Case ECF No. __."

[3]  A list of the Non-Joint Motions, with a notation of the defendant(s) that filed each Non-Joint Motion, appears in **Appendix B**.

[4]  The citation for Z&Z's objection appears in **Appendix C**.

2

This memorandum of decision sets forth the Court's conclusions of law on the four issues set forth in the Joint Briefing Order. Fed. R. Bankr. P. 7052. Because (i) the issues of law raised are not dispositive of the sufficiency of the pleadings; (ii) the defendants do not prevail on the issues of law; and (iii) many of the issues raised are issues of fact, not law, the Joint Motions are **DENIED**. For these same reasons, the Non-Joint Motions are **DENIED IN PART** as to the issues set forth in the Joint Briefing Order and the Z&Z Objection is **OVERRULED IN PART** to the same extent.

## II.    BACKGROUND

On February 15, 2022, the Individual Debtor filed a voluntary Chapter 11 petition in this Court. (Main Case ECF No. 1.) On June 15, 2022, presented with allegations related to the Individual Debtor's financial mismanagement and alleged shell game, the Court entered a memorandum of decision and order appointing a Chapter 11 trustee to administer the Individual Debtor's bankruptcy estate. (Main Case ECF No. 465.) *In re Kwok*, 640 B.R. 514 (Bankr. D. Conn. 2022). On July 8, 2022, Mr. Despins was appointed as the Trustee. (Main Case ECF No. 523.)

### *The Avoidance Action Procedures Order*

On January 29, 2024, the Trustee filed a motion to prospectively establish procedures for avoidance actions he intended to commence and in which he would bring claims only under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code. (Main Case ECF No. 2532.) The Trustee anticipated filing hundreds of avoidance actions in advance of the second anniversary of the petition date and also anticipated these filings would pose case management issues. *See* 11 U.S.C. §§ 108, 546, 549. After a hearing held on February 5, 2024, the Court entered an order granting the motion (as amended and supplemented, the "Avoidance Action Procedures Order").

3

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 34 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 30 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 29 of
102

(Main Case ECF No. 2578.)  Between February 9, 2024, and February 15, 2024, the Trustee filed

268 avoidance actions, including the actions that are the subject of this decision.  (Main Case

ECF Nos. 2594–925.)  The complaints each assert at least one or more among the following six

causes of action (as asserted, collectively the "Avoidance Claims")[5]:

  (i)  pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a), avoidance of an actual
fraudulent transfer by the Individual Debtor of an interest of the Individual Debtor in
property and recovery from the initial transferee;

  (ii)  pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y. DEBT. & CRED. §§
273(a)(1), 274, and 276[6], avoidance of an actual fraudulent transfer by the Individual
Debtor of an interest of the Individual Debtor in property and recovery from the initial
transferee;

  (iii)  pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a), avoidance of a constructive
fraudulent transfer by the Individual Debtor of an interest of the Individual Debtor in
property and recovery from the initial transferee;

  (iv)  pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y. DEBT. & CRED. §§
273(a)(2), 274, and 276, avoidance of a constructive fraudulent transfer by the Individual
Debtor of an interest of the Individual Debtor in property and recovery from the initial
transferee;

  (v)  pursuant to 11 U.S.C. §§ 549 and 550(a), avoidance of an unauthorized post-
petition transfer by the Individual Debtor of property of the Individual Debtor's
bankruptcy estate and recovery from the initial transferee; and

  (vi)  pursuant to 11 U.S.C. § 550(a) and in connection with one of the above causes of
action, recovery of an avoided transfer from a subsequent transferee.

(*See, e.g.*, Complaint, *Despins v. Amazon.com, Inc. (In re Kwok)*, Case No. 22-50073 (JAM),

Adv. P. No. 24-05057 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.)

  Each complaint alleges at least (a) an actual fraudulent transfer under both federal and

state law; or (b) an unauthorized post-petition transfer.  (*See, e.g.*, Complaint, *Despins v. Agora*

---

[5]  A schedule setting forth the causes of action in each complaint at issue appears in **Appendix
D**.  The text of the statutory provisions pursuant to which the Avoidance Claims appears in
**Appendix E** alongside certain relevant statutory definitions.
[6]  In the relevant complaints, the Trustee alleges the Individual Debtor conducted business in
New York, including in relation to the alleged fraudulent transfers.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 35 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 31 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 30 of
102

*Lab, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05005 (JAM) (Bankr. D.

Conn. Feb. 9, 2024), ECF No. 1.)  In addition to alleging an actual fraudulent transfer, some

complaints allege a constructive fraudulent transfer under both federal and state law.  (*See, e.g.*,

Complaint, *Despins v. Mitchell (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05110

(JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.)  Finally, one of the complaints seeks

recovery from a Non-Joint Defendant as a subsequent transferee of a fraudulent transfer or an

unauthorized post-petition transfer.  (Complaint, *Despins v. Lawall & Mitchell, LLC (In re

Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05199 (JAM) (Bankr. D. Conn. Feb. 13,

2024), ECF No. 1.)

        All the complaints allege the Individual Debtor, through various *alter egos*, transferred

property and those transfers were either fraudulent transfers or unauthorized post-petition

transfers.  (*See, e.g.*, Complaint, *Despins v. Marcum LLP (In re Kwok)*, Case No. 22-50073

(JAM), Adv. P. No. 24-05229 (JAM) (Bankr. D. Conn. Feb. 14, 2024), ECF No. 1; Complaint,

*Despins v. Zeisler & Zeisler, P.C. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-

05208 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1; Complaint, *Despins v. FFP (BVI)

Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05056 (JAM) (Bankr. D. Conn.

Feb. 10, 2024), ECF No. 1.)  Additional allegations regarding the Individual Debtor's dominion

and control over the *alter egos* are made through incorporation of complaints filed against

alleged *alter egos* seeking declaratory judgment of *alter ego* and/or beneficial ownership and

turnover of assets and control.[7]

_____

[7] The Avoidance Claims are stayed as to allegations involving certain alleged *alter egos*.
(Avoidance Action Procedures Order ¶¶ 2(e)(i), (ii), Main Case ECF No. 3163.)  Accordingly,
the Court has not considered any Stayed or Partially Stayed Avoidance Claims (used herein as
defined by Avoidance Action Procedures Order ¶¶ 2(e)(i) and (ii)), to the extent such Avoidance
Claims are stayed.  **Appendix D**, *infra*, includes notations indicating whether an Avoidance

On February 27, 2024, a Status Conference was held to address the management of the myriad avoidance actions.  During the Status Conference, the Trustee requested the implementation of mandatory mediation procedures.  On May 2, 2024, after several pleadings were filed and hearings were held, an order entered amending the Avoidance Action Procedures Order to include mandatory mediation.  (Main Case ECF No. 3163.)

### *The Joint Briefing Order*

Two features of the mediation procedures are particularly relevant to the Joint Motions, the Non-Joint Motions, and the Z&Z Objection.  First, certain defendants are automatically excluded from mandatory mediation (Avoidance Action Procedures Order ¶ 2(j)(vi), Main Case ECF No. 3163) and defendants subject to mediation may move to be excluded from mediation (*Id.* ¶ 2(m)).  Second, the mediation procedures include a litigation stay.  (*Id.* ¶ 2(j)(iii).) Together, these features create the procedural context for the Joint Briefing Order.

As early as April 22, 2024, avoidance action defendants *not subject to the mediation stay* began filing motions to dismiss.  (*See, e.g.*, Motion to Dismiss Adversary Proceeding, *Despins v. Weddle Law PLLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05188 (JAM) (Bankr. D. Conn. April 22, 2024), ECF No. 11.)  As these motions were being set for hearing, on September 6, 2024, certain avoidance action defendants *subject to the mediation stay* – the original Joint Defendants[8] – requested the Court establish a process for the Joint Defendants to

---

Claim is a Stayed or Partially Stayed Avoidance Claim.  Litigation is not stayed as to the seven alleged *alter egos* who are discussed below.  A schedule of these *alter egos*, listing the incorporated complaint, the allegation regarding state of formation, and causes of action, appears in **Appendix F**.

[8]  All these defendants remain Joint Defendants other than Bering Yachts, LLC (*compare* Main Case ECF No. 3511 *with* Main Case ECF No. 3713) and McManimon, Scotland & Baumann, LLC (*see* Letter, *Despins v. McManimon, Scotland & Baumann LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05194 (JAM) (Bankr. D. Conn. Jan. 13, 2025), ECF No. 22 (announcing settlement with the Trustee)).

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 37 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 33 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 32 of
102

argue issues raised by the other avoidance action defendants' motions rather than requiring them

to seek to be excluded from mediation.  (Main Case ECF No. 3511.)

On September 24, 2024, a Status Conference was held.  During the Status Conference,

the Joint Defendants circulated their proposal for an amendment to the Avoidance Action

Procedures Order and a joint briefing process.  The Trustee did not oppose the Joint Defendants'

proposal.  Certain defendants not subject to the mediation stay did not oppose the hearings on

their motions to dismiss being continued until a hearing on the prospective Joint Motions was

held, but raised due process concerns should their motions be heard after the Joint Motions.  At

the end of the Status Conference, the Court took the matter under consideration.

On September 25, 2024, for the reasons set forth therein, the Court entered the Joint

Briefing Order.  (Main Case ECF No. 3577.)  In pertinent part, the Joint Briefing Order provides

the Joint Defendants shall collectively file a brief addressing only four issues the Joint

Defendants argued were common legal issues.  Those four issues, which were adopted almost

verbatim from the Joint Defendants' proposal, are:

(i)  whether the Trustee can avoid an initial transfer by a non-debtor entity;

(ii)  whether applicable law allows for reverse veil piercing or *alter ego*
determinations;

(iii)  the effect under applicable law of a reverse veil piercing or *alter ego*
determination; and

(iv)  whether a determination of reverse veil piercing or *alter ego* may be applied
retroactively.

(Joint Briefing Order ¶ 2(b)(i)–(iv), Main Case ECF No. 3577.)  Under the Joint Briefing Order,

(1) to the extent such Avoidance Claims are stayed, the Joint Motions shall not address Stayed or

Partially Stayed Avoidance Claims, as those terms are defined in paragraphs 2(e)(i) and (ii) of

the Avoidance Action Procedures Order; and (2) the Joint Defendants reserve for future

7

pleadings all bases for a motion to dismiss or motion for judgment on the pleadings other than the four issues.  (*Id.* ¶¶ 4, 5.)

The Joint Briefing Order also provided time for other avoidance action defendants to join the Joint Defendants.  Several did, including some not subject to the mediation stay.  (Main Case ECF Nos. 3588, 3591, 3605, 3608, 3615, 3617, 3618, 3623, 3624, 3626, 3627, 3629.)  On October 18, 2024, the Joint Defendants filed their joint memorandum of law (the "Joint Brief") and the Joint Motions.  (Main Case ECF No. 3713.)  On November 8, 2024, the Trustee filed an opposition to the Joint Brief.  (Main Case ECF No. 3803.)  On November 22, 2024, the Joint Defendants filed a reply in support of the Joint Brief.  (Main Case ECF No. 3848.)  The Joint Motions are fully briefed.  The Non-Joint Motions and the Trustee's motion for judgment on the pleadings against Z&Z are also fully briefed.[9]

On January 8, 2025, a Status Conference was held regarding the format of the hearing on the Joint Motions, the Non-Joint Motions, and the Z&Z Objection.  During the Status Conference, the Court, in consultation with the parties, established the format for the hearing. The Court also noted certain defendants did not raise any of the Joint Brief issues in their motions to dismiss.  The parties agreed that the hearing on those defendants' motions should not be held at the same time.  Accordingly, the Court adjourned without date the hearings on those motions.[10]  (*Despins v. Harcus Parker Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05163 (JAM) (Bankr. D. Conn. Jan. 14, 2025), ECF No. 32; *Despins v. Miller (In re Kwok)*, Case No. 22-50073, Adv. P. No. 24-05219 (JAM) (Bankr. D. Conn. Jan. 14, 2025), ECF No. 29.)

_____

[9]  A schedule of the briefing of the Non-Joint Motions and the Trustee's motion for judgment on the pleadings against Z&Z appears in **Appendix G**.

[10]  Although Mr. Jason Miller joined the Joint Brief, by a motion for judgment on the pleadings filed on October 18, 2024, *see* **Appendix A**, *infra*, and was heard with respect to that motion, he was not heard on his previous, non-joint motion to dismiss filed on June 26, 2024.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 39 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 35 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 34 of
102

Despite raising some or all the common issues, other defendants were unsure whether they wanted to be heard at the same time as the Joint Defendants.  After the Status Conference, these defendants indicated they did not wish their motions to be heard at the same time.  Accordingly, the Court also adjourned without date the hearings on their motions.  (*Despins v. Apple Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05060 (JAM) (Bankr. D. Conn. Jan. 14, 2025), ECF No. 67; *Despins v. Meta Platforms Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05117 (JAM) (Bankr. D. Conn. Jan. 14, 2025), ECF No. 42.)

On January 15, 2025, a hearing was held on the Joint Motions, the Non-Joint Motions, and the Z&Z Objection.  This matter is ripe for decision.

## III.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This Court has authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984.  The instant proceedings are statutorily core proceedings.  28 U.S.C. §§ 157(b)(2)(A), (E), (H), (O).  The Court concludes its exercise of jurisdiction is not precluded by Article III of the Constitution.  *Cf. Stern v. Marshall*, 564 U.S. 462, 487–99 (2011).

Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.    DISCUSSION

### A.    Legal Standard

The Joint Motions, Non-Joint Motions, and Z&Z Objection assert the Trustee has failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6), (c), *made applicable by* Fed. R. Bankr. P. 7012(b); *see also Lively v. Wafra Inv. Advisory Grp., Inc.*, 6

9

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 40 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 36 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 35 of
102

F.4th 293, 302 (2d Cir. 2021) (motions for judgment on the pleadings are subject to the same

standard as a motion to dismiss).  In determining whether the Avoidance Claims state a claim

upon which relief may be granted, the Court must take the well-pled allegations, including those

in documents attached to the complaint, as true.  *See Hughes v. Rowe*, 449 U.S. 5, 10 (1980);

*Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 208 (2d Cir. 2012); *Chambers v. Time Warner,*

*Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *Tatum v. Oberg*, 650 F. Supp. 2d 185, 189 (D. Conn.

2009).  The Court must draw all reasonable inferences in the Trustee's favor.  *Warren v. Colvin*,

744 F.3d 841, 843 (2d Cir. 2014).

To be well-pled, the Avoidance Claims must contain "a short and plain statement

showing the pleader is entitled to relief".  Fed. R. Civ. P. 8(a), *made applicable by* Fed. R.

Bankr. P. 7008.  They must contain "sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face'".  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard", while not a

"probability requirement", requires more than a "sheer possibility that a defendant has acted

unlawfully."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Determining the

plausibility of a claim is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Nevertheless, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."  *Id.* at 678.

In determining the sufficiency of the Avoidance Claims, the Court must also consider

documents incorporated into the complaints by reference and matters of which it may take

judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Here, as

noted above, the Trustee has incorporated by reference his complaints against (1) Golden Spring

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 41 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 37 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 36 of
102

(New York) Limited ("Golden Spring"); (2) Lamp Capital LLC ("Lamp Capital"); (3) HCHK

Technologies, Inc. ("HCHK Tech"); (4) HCHK Property Management, Inc ("HCHK Property");

(5) Lexington Property and Staffing, Inc. ("Lexington", and, together with HCHK Tech and

HCHK Property, each, an "HCHK Entity" and, collectively, the "HCHK Entities"); (6)

Greenwich Land, LLC ("Greenwich Land"); and (7) Leading Shine NY Ltd. ("Leading Shine").

These complaints allege, under Delaware law, (i) the foregoing entities are the *alter egos* of the

Individual Debtor; and (ii) they and/or their assets are beneficially owned by the Individual

Debtor.[11]  None of the elements of these claims need to be pled with particularity.  *See Fletcher

v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) (applying Delaware law and holding there is no

requirement to show fraud to establish *alter ego*).

### B.    Joint Motions

The Court will first consider the Joint Defendants'[12] arguments on the four issues:

   (i)  whether the Trustee can avoid an initial transfer by a non-debtor entity;

   (ii)  whether applicable law allows for reverse veil piercing or *alter ego*
determinations;

   (iii)  the effect under applicable law of a reverse veil piercing or *alter ego*
determination; and

---

[11]  Each of the seven *alter egos* at issue were allegedly formed in Delaware.  *See* **Appendix F**,
*infra*.  Taking these allegations as true, Delaware law applies to the Trustee's *alter ego* and
beneficial ownership claims.  *Geron v. Seyfarth Shaw LLP (In re Thelen LLP)*, 736 F.3d 213,
219 (2d Cir. 2013) (forum state choice of law applies); *see Weber v. U.S. Sterling Secs., Inc.*, 924
A.2d 816, 822–23 (Conn. 2007) (applying local law of state of formation to *alter ego* action and
other internal affairs regarding an LLC); Restatement (Second) of Conflict of Laws §§ 6,
303, 304.  To be clear, "Delaware courts use the terms 'piercing the corporate veil' and 'alter
ego' theory interchangeably."  *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 609 n. 4 (D.
Del. 2018).
[12]  Regardless of usage of "Joint Defendant" or "Non-Joint Defendant", the determinations in
sections B and C of the Discussion apply to all defendants that raise or join in the arguments
addressed.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 42 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 38 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 37 of
102

(iv)  whether a determination of reverse veil piercing or *alter ego* may be applied retroactively.

During the hearing, the Joint Defendants divided the four issues into two arguments.  Regarding issues (i) and (iii), the Joint Defendants argue even if the Court were to hold certain entities are the Individual Debtor's *alter egos*, the Court must dismiss the complaints because an *alter ego* finding does not give the Trustee standing to sue on the *alter ego's* transfers of its property.  As to issues (ii) and (iv), the Joint Defendants raise a series of arguments that *alter ego* determinations are improper under applicable state law or must be circumscribed in the bankruptcy context because of prejudice to the *alter egos'* transferees.  The Court will address these arguments in turn.

      1.      **Issues (i) and (iii): The effect of an *alter ego* determination in avoidable transfer actions**

The Joint Defendants argue the effect of an *alter ego* determination under Delaware law would result only in the *alter egos* being vicariously liable for debts of the Individual Debtor.  Such a determination, they argue, would *not* (i) accomplish the transfer of the *alter egos'* assets into the Individual Debtor's bankruptcy estate and allow the Trustee to assert an unauthorized post-petition transfer claim; or (ii) collapse the identity of the Individual Debtor and the *alter egos* to allow the Trustee to assert that an *alter ego's* transfer of its property is a fraudulent transfer by the Individual Debtor of his property.  On these bases, the Joint Defendants argue the Trustee lacks standing to bring the Avoidance Claims even assuming he prevails on his *alter ego* claims.  Ultimately, the Joint Defendants assert the Trustee's only recovery is from the *alter egos* themselves.

In response, the Trustee makes two arguments.  First, the Trustee argues that while an *alter ego* determination is made under applicable state law, the effect of an *alter ego*

determination is a matter of federal law. In particular, the Trustee asserts section 541 of the Bankruptcy Code controls whether an interest that exists at state law is property of the estate. Second, the Trustee argues even if state law controls the effect of an *alter ego* determination, Delaware law follows an identity theory of *alter ego.* Therefore, the Trustee argues an *alter ego* determination provides him with a basis to assert fraudulent transfer and unauthorized post-petition transfer claims. The Trustee contends that if the Court agrees with the Joint Defendants, the result will be to ignore the Individual Debtor's misconduct and inequitable dealings by cutting off the estate's recovery.

As discussed in greater detail below, the Court agrees with the Trustee. As a threshold matter, the Joint Defendants' argument focuses solely on the Avoidance Claims' *alter ego* allegations and fails to address the overlapping and alternative beneficial ownership allegations. The Avoidance Claims assert the Individual Debtor's beneficial ownership of the *alter egos* and their assets as a basis for the relief requested. *See* 11 U.S.C. §§ 101(54); 541; *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 59 (1990); *Orr v. Kinderhill Corp.*, 991 F.2d 31, 35 (2d Cir. 1993). Moreover, the substantive avoidable transfer law upon which the Avoidance Claims are pled controls the effect of an *alter ego* determination. Avoidable transfer law values substance over form and is, hence, amenable to piercing the corporate veil where applicable law would disregard the corporate form. *See* 11 U.S.C. §§ 101(54); 541; *Begier*, 496 U.S. at 59; *United States v. Whiting Pools*, 462 U.S. 198, 204–05 (1983); *Butner v. United States*, 440 U.S. 48, 54–57 (1979); *Stadtmauer v. Tulis (In re Nordlicht)*, 115 F.4th 90, 104–06 (2d Cir. 2024); *Orr*, 991 F.2d at 35; *McNellis v. Raymond*, 420 F.2d 51, 53 (2d Cir. 1970); *ASARCO LLC v. Ams. Mining Corp.*, 382 B.R. 49, 66–68 (S.D. Tex. 2007).

13

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 44 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 40 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 39 of
102

     **i.**      **Issues (i) and (iii): Beneficial ownership alleged in connection with the transfers**

The Joint Defendants argue the Trustee improperly uses Delaware *alter ego* law to satisfy two elements of the Avoidance Claims by collapsing the distinctions between (a) the alleged *alter ego* transferor and the Individual Debtor[13]; and (b) the *alter ego* transferor's *property* and the Individual Debtor's *property*[14] and/or the estate's *property*[15]. However, as noted, the Trustee also alleges the Individual Debtor beneficially owns the *alter egos* and/or their assets. The Court cannot ignore the Trustee's allegations.

     **a.**      **Beneficial ownership allegations are relevant to issue (i): whether Trustee alleges an initial transfer by a non-debtor entity or by the Individual Debtor**

Regarding the first element, to plead actual fraudulent transfer or one sort of constructive fraudulent transfer under the Bankruptcy Code, the Trustee must plead the Individual Debtor made the transfer. 11 U.S.C. §§ 548(a)(1)(A), (B)(ii)(IV). Likewise, with respect to his NYUVTA claims, the Trustee must plead that the Individual Debtor or some other party liable on his debt made the transfer. N.Y. DEBT. & CRED. § 270(f). However, an unauthorized post-petition transfer and the other types of constructive fraudulent transfers under the Bankruptcy Code do not require the Individual Debtor to have made the transfer. 11 U.S.C. §§ 548(a)(1)(B)(ii)(I)–(III) (no requirement that the debtor made the transfer), 549(a) (same).

Under the Bankruptcy Code, "transfers" include, in pertinent part, "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property." 11 U.S.C. § 101(54)(D). Similarly, transfers under

---

[13] *See* 11 U.S.C. §§ 548(a)(1)(A), 548(a)(1)(B)(ii)(IV); N.Y. DEBT. & CRED. §§ 273(a)(1)–(2), 274(a)–(b).

[14] *See* 11 U.S.C. §§ 544(b), 548(a)(1); N.Y. DEBT. & CRED. §§ 270(b), (p), 273(a)(1)–(2), 274(a)–(b).

[15] *See* 11 U.S.C. § 549(a).

14

NYUVTA include, in pertinent part, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset". N.Y. DEBT. & CRED. § 270(p).

In keeping with the inclusion of "indirect" conveyances in the definition of transfer in both the Bankruptcy Code and NYUVTA, courts look to the substance, not the form, of a transfer. *Orr*, 991 F.2d at 35 ("In equity, 'substance will not give way to form, [and] technical considerations will not prevent substantial justice from being done.' Thus, an allegedly fraudulent conveyance must be evaluated in context; '[w]here a transfer is only a step in a general plan, the plan "must be viewed as a whole with all its composite implications."'") (internal citations omitted; other alterations in original); *see* 5 COLLIER ON BANKRUPTCY ¶ 548.03[6] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2025) (collecting cases). Courts must look at the "economic reality" of the transaction. *Orr*, 991 F.2d at 36 (citing *Salomon Inc. v. United States*, 976 F.2d 837, 842 (2d Cir. 1992)). Courts may, on appropriate facts, disregard corporate separateness in analyzing the economic reality of a transaction. *McNellis*, 420 F.2d at 53 (in an action under the former Bankruptcy Act of 1898, as amended, affirming district court ruling insofar as it pierced the corporate veil to determine that principal received consideration – the loan to his company – for his personal payments to the lender and, hence, ruled the transaction was not a fraudulent conveyance); *see Cohen v. de la Cruz*, 523 U.S. 213, 221 (1998) (holding law under the former Bankruptcy Act of 1898, as amended, is not displaced unless there is a clear indication Congress intended to do so).

The Joint Defendants interpret the Avoidance Claims as alleging the following *series* of transfers:[16]

$$A_{\textbf{(Individual Debtor)}} = B_{\textbf{(Alter ego)}} \xrightarrow{\hspace{3cm}} C_{\textbf{(Joint Defendant)}}$$
$$\textbf{(Alter ego } \textit{determination}\textbf{)} \qquad \textbf{(Transfer of B's property)}$$

Accepting the Joint Defendants' interpretation, the Trustee is wholly relying on an identity between the Individual Debtor and the *alter egos* to allege the Individual Debtor made the transfers. The Joint Defendants dispute this identity and argue the Trustee does not have standing to avoid the remaining transfer, **B➜C**.

However, the Court must assess the transfers as they are alleged. *See Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 583 U.S. 366, 382 (2018). Contrary to the Joint Defendants' interpretation of the complaints, the Trustee alleges the Individual Debtor made the transfers "using" the *alter egos*:

$$A_{\textbf{(Individual Debtor)}} \xrightarrow{\hspace{3cm}} C_{\textbf{(Joint Defendant)}}$$
$$\textbf{(Transfer of A's property through alter ego } B\textbf{)}$$

The Trustee is not relying solely on an identity between the Individual Debtor and the *alter egos* – he is alleging the *alter egos* are an *instrument* of the transfers.

For example, in the complaint against, among others, Amazon.com, Inc. ("Amazon"), a Joint Defendant, the Trustee alleges:

> 44.    Prior to the Petition Date, the [Individual] Debtor, using his alter ego shell companies Greenwich Land, G Club[17], Lexington, HCHK Technologies, and Golden Spring, or otherwise, transferred the [Individual] Debtor's property to Amazon (collectively, the "<u>Prepetition Transfers</u>"), including, without limitation, as follows:
>
> See **<u>SCHEDULE A</u>** attached hereto and made a part hereof.

---

[16]  The diagrams below are reproduced in **Appendix H**.

[17]  The Avoidance Claims in this complaint are stayed with respect to transfers involving G Club Operations LLC.  Thus, the Court will only discuss Golden Spring, HCHK Tech, Lexington, and Greenwich Land herein.

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 47 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 43 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 42 of
102

    45.    Subsequent to the Petition Date, the [Individual] Debtor, through his shell companies, Greenwich Land, G Club, Lexington, or otherwise, transferred property of the estate to Amazon (collectively, the "<u>Postpetition Transfers</u>"), including, without limitation, as follows:

See **<u>SCHEDULE B</u>** attached hereto and made a part hereof.

(Complaint ¶¶ 44–45, *Despins v. Amazon.com, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05057 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.)  The Trustee alleges the transfers were part of the Individual Debtor's "shell game" involving "(i) [Individual] Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other [Individual] Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the [Individual] Debtor benefitting from and having control and dominion over such assets", (*id.* ¶ 22), with the purpose of the shell game being "to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors", (*id.* ¶ 37).  (*See id.* ¶¶ 20–43.)  All the other complaints make the same allegations about the Individual Debtor's financial affairs.

In support of these arguments, the complaint against Amazon incorporates the *alter ego* complaints against Golden Spring, HCHK Tech, Lexington, and Greenwich Land.  (*Id.* ¶ 20 n. 4.)  The *alter ego* complaints seek declaratory judgments of *alter ego* and beneficial ownership and, on the bases of these declaratory judgments, turnover of property of the estate.  For example, the complaint against Golden Spring alleges

Golden Spring is the alter ego of the [Individual] Debtor and the [Individual] Debtor is the equitable owner of Golden Spring and/or its assets.

(Complaint ¶ 2, *Despins v. Golden Spring (N.Y.) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05018 (JAM) (Bankr. D. Conn. July 25, 2023), ECF No. 1).

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 48 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 44 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 43 of
102

The complaint against Golden Spring alleges numerous facts about, *inter alia*, the Individual Debtor's control over Golden Spring's formation, funding, management, and operations as well as his use of Golden Spring as a shell company to hide assets, pay expenses, and, generally, serve his interests.  (*Id.* ¶¶ 13–38.)  Extensive exhibits are attached to the complaint in support of these allegations.  The other *alter ego* complaints make similar allegations relating to the Individual Debtor's dominion and control over the alleged *alter egos*, his benefit from and use of their assets and/or services, and his use of their corporate form to shield assets from his creditors.

The Trustee's allegations connect the Individual Debtor to the nominal transferors through two overlapping legal theories: (i) *alter ego*, the focus of the Joint Defendants' argument; and (ii) beneficial ownership, which the Joint Defendants do not address.  However, the Trustee's beneficial ownership allegations are relevant to whether the Trustee has plausibly pled the Individual Debtor made the transfers.  Assuming the Trustee has plausibly alleged the Individual Debtor beneficially owns the *alter egos*[18], he has plausibly pled the *alter egos* are affiliates of the Individual Debtor, through which the Individual Debtor could indirectly transfer assets.  11 U.S.C. §§ 101(2), (15), (41); N.Y. DEBT. & CRED. § 270(a).  In fact, courts have collapsed transactions involving affiliates.  *See, e.g.*, *Voest-Alpine Trading USA Corp. v. Vantage Steel Corp.*, 919 F.2d 206, 208–210, 212–13 (3d Cir. 1990) (affirming district court where fraudulent transfer involved owners laundering the assets of one company they owned to another as part of an overall scheme to make assets unavailable to creditors); *accord* 11 U.S.C. § 101(54)(D) (transfers include *indirect* transfers); N.Y. DEBT. & CRED. § 270(p) (same).

---

[18]  The Court does not reach the issue of whether the Trustee has plausibly pled the Individual Debtor's beneficial ownership of the *alter egos* because that is not among the four issues.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 49 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 45 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 44 of
102

Therefore, the Court finds the parties' argument regarding the effect of *alter ego* is not

dispositive of the sufficiency of the Trustee's pleading the Individual Debtor is the transferor.

> **b.      Beneficial ownership allegations may render
> inconsequential issue (iii): the effect under applicable law of
> a reverse veil piercing or *alter ego* determination**

Turning to the second element at issue, Bankruptcy Code section 548 actual or

constructive fraudulent transfer claims must plead a transfer of "an interest of the debtor in

property". 11 U.S.C. § 548(a)(1). Similarly, the Bankruptcy Code provides the Trustee standing

to bring avoidance actions an actual creditor could bring under other applicable state or federal

law to avoid transfers of "an interest of the debtor in property". 11 U.S.C. § 544(b). The

Trustee's New York law actual and constructive fraudulent transfer claims must additionally

plead a transfer of "property of the debtor", where "debtor" is the Individual Debtor or another

party liable on his debt. N.Y. DEBT. & CRED. §§ 270(b), (f), (l), (p), 273(a)(1)–(2), 274(a)–(b).

Finally, unauthorized post-petition transfer claims must plead a transfer of "property of the

estate". 11 U.S.C. § 549(a).

An interest of the debtor in property is anything that would have been property of the

estate but for the transfer to be avoided. *Begier*, 496 U.S. at 59 ("*Because the purpose of the

avoidance provision is to preserve the property includable within the bankruptcy estate—the

property available for distribution to creditors—*'property of the debtor' subject to the

preferential transfer provision is best understood as that property that would have been part of

the estate had it not been transferred before the commencement of bankruptcy proceedings.*"*).

Therefore, the analysis of whether a transfer is of "an interest of the debtor in property", 11

U.S.C. §§ 544(b), 548(a)(1), and the analysis of whether a transfer is of "property of the estate",

11 U.S.C. § 549(a), both center on section 541, which defines property of the estate. Property of

19

the estate includes, in pertinent part, "wherever located and by whomever held[,] . . . all legal or equitable interests of the debtor in property".  11 U.S.C. § 541(a)(1).  Indeed, the Avoidance Claims must plead the Individual Debtor has an *equitable* interest in property, as opposed to mere legal title.  *Begier*, 496 U.S. at 58; *accord* 11 U.S.C. § 541(d) (excepting from property of the estate property to which the debtor has only a legal interest insofar as the debtor does not have an equitable interest).

As to whether a transfer is of property of a debtor under NYUVTA, New York law recognizes beneficial ownership in actions to collect on a debt.  *See, e.g.*, *In re Gliklad v. Chernoi*, 12 N.Y.S.3d 65 (N.Y. App. Div. 2015) (affirming order requiring judgment debtor to turn over beneficial ownership of a business); *Guilder v. Corinth Constr. Corp.*, 651 N.Y.S.2d 706 (N.Y. App. Div. 1997) (remanding case to determine whether individual defendants equitably owned a corporate defendant and whether the plaintiff could pierce the corporate veil between the corporate defendant and its potential equitable owners); *Pac. All. Asia Opportunity Fund L.P. v. Kwok Ho Wan*, Index No. 652077/2017, 2022 WL 406636 (N.Y. Sup. Ct. Feb. 9, 2022) (determining judgment debtor beneficially owned yacht in action to collect on judgment).  Therefore, an "interest of the debtor in property", "property of the estate", and "property of the debtor" all include the Individual Debtor's equitable interests in property.

The Joint Defendants argue the Trustee seeks to avoid a transfer of the *alter egos'* property:

$$A_{\text{(Individual Debtor)}} = B_{\text{(Alter ego)}} \xrightarrow{\text{(Transfer of B's property)}} C_{\text{(Joint Defendant)}}$$
$$\text{(Alter ego determination)}$$

20

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 51 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 47 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 46 of
102

The Joint Defendants interpret the complaints to be alleging an *alter ego* determination would *create* an interest of the Individual Debtor in the *alter egos'* property.[19]  The Joint Defendants argue the Trustee is mistaken – an *alter ego* determination cannot create an interest in property that did not previously exist – and, therefore, the Trustee does not have standing to assert the remaining **B➔C** transfer of **B**'s property.

Once again, however, the Court must assess the transfers as alleged.  *See Merit Mgmt. Grp.*, 583 U.S. at 382.  In the complaints, the Trustee alleges the transfers are transfers of the Individual Debtor's property and/or property of the estate – *not* the *alter egos'* property:

$$A_{\textbf{(Individual Debtor)}} \longrightarrow C_{\textbf{(Joint Defendant)}}$$
$$\textit{(Transfer of A's property through } \textbf{alter ego B})$$

The Trustee is alleging the Individual Debtor *always* had an interest in the *alter egos'* property – the interest is not created by an *alter ego* determination.

This can be seen in the paragraphs from the complaint against Amazon cited above.  But to use another example, in the complaint against, among others, Joint Defendant B&H Foto & Electronics Corp. ("B&H Foto"), the Trustee makes the following allegations:

> 43.    Prior to the Petition Date, the [Individual] Debtor, using his alter ego shell companies including Greenwich Land, Golden Spring, HCHK Technologies, G Club Operations, Rule of Law[20] and Lexington Property, or otherwise, transferred the [Individual] Debtor's property to B&H (collectively, the "<u>Prepetition Transfers</u>"), including, without limitation, as follows:

> See **<u>SCHEDULE A</u>** attached hereto and made a part hereof.

> 44.    Subsequent to the Petition Date, the [Individual] Debtor, through shell companies including Greenwich Land, Lexington, Golden Spring, G Club Operations,

---

[19]  Effectively, as the Joint Defendants see it, *alter ego* determinations are involuntary transfers, *see* 11 U.S.C. § 101(54), and **A=B➔C** can also be written **A⬅B➔C**.

[20]  The Avoidance Claims in this complaint are stayed with respect to transfers involving G Club Operations and Rule of Law Foundation III, Inc.  Thus, the Court will only discuss Golden Spring, HCHK Tech, Lexington, and Greenwich Land herein.

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 52 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 48 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 47 of
102

and HCHK Technologies, or otherwise, transferred property of the estate to B&H (collectively, the "Postpetition Transfers"), including, without limitation, as follows:

See **SCHEDULE B** attached hereto and made a part hereof.

(Complaint ¶¶ 43–44, *Despins v. B&H Foto & Elecs. Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05069 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.)  The complaint alleges the Individual Debtor was involved in a "shell game", whereby he hid *his* assets in *alter egos* – and after the petition date, the assets of the estate – to frustrate collection of those assets to pay his debts and avoid his duties under the Bankruptcy Code.  (*Id.* ¶¶ 19–42.) These allegations are identical in form to those in all the other complaints.

The complaints against the alleged *alter egos* involved in the transfers at issue are incorporated by reference.  (*Id.* ¶ 19 n. 4.)  All the *alter ego* complaints contain extensive allegations that the Individual Debtor used, controlled, and benefitted from the assets of the *alter egos*.[21]  One of those, the *alter ego* complaint against Golden Spring is discussed above.  (*See* Complaint ¶¶ 10–38, *Despins v. Golden Spring (N.Y.) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05018 (JAM) (Bankr. D. Conn. July 25, 2023), ECF No. 1.)  As another example, the complaint against the HCHK Entities makes similar allegations.  (*See* Complaint ¶¶ 16–40, *Despins v. HCHK Techs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05013 (JAM) (Bankr. D. Conn. June 8, 2023), ECF No. 1.)

A review of the complaints and the incorporated *alter ego* complaints makes clear the Trustee is not solely relying on *alter ego* to assert the Individual Debtor or the estate has an equitable interest in the transferred property.  As with the first element, to the extent the Trustee

---

[21]  All the *alter ego* complaints except the complaint against Greenwich Land allege beneficial ownership of both the *alter ego* and its assets.  *See* **Appendix F**, *infra*.  The complaint against Greenwich Land nevertheless contains allegations about the Individual Debtor's use and control of and benefit from Greenwich Land's assets.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 53 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 49 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 48 of
102

has plausibly pled the Individual Debtor's beneficial ownership of an *alter ego's* assets[22], he has plausibly pled a transfer of his property and/or property that is or, but for the transfer, would have been property of the estate. Hence, the effect of an *alter ego* determination under Delaware law is also not dispositive of this element.

> ii.    **Avoidable transfer law controls issue (i): whether the Individual Debtor is the transferor; and issue (iii): whether the *alter egos'* property is the Individual Debtor's property and/or property of the estate**

Notwithstanding the foregoing, the Court will discuss the parties' arguments regarding the effect of *alter ego* and avoidable transfer actions in bankruptcy proceedings. In *McNellis*, the United States Court of Appeals for the Second Circuit affirmed the district court both in piercing the corporate veil with respect to a trustee's fraudulent transfer action and in refusing to pierce the same corporate veil with respect to the trustee's usury action. 420 F.2d at 53–54. The Second Circuit concluded, while fraudulent conveyance law allowed courts to pierce form in favor of substance, New York's usury law had developed to allow individuals to use a corporate *alter ego* to take out an otherwise usurious loan. *Id.* That is, the Second Circuit looked to the substantive law governing the trustee's causes of actions to determine whether the corporate veil could be pierced to establish an element or defense. *Id.*

Accordingly, the Trustee is correct that the effect of an *alter ego* determination under Delaware law is not dispositive. The relevant avoidable transfer statutes – here, the Bankruptcy Code and NYUVTA – determine whether and to what effect corporate veils may be pierced for the purposes of fraudulent transfer or unauthorized post-petition transfer. *McNellis*, 420 F.2d at 53–54. The standard governing veil piercing is determined by applicable choice of law rules –

---

[22] The Court does not reach the issue of whether the Trustee has plausibly pled the Individual Debtor's beneficial ownership of the *alter egos'* assets because that is not among the four issues.

23

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 54 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 50 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 49 of
102

which may or may not be different than the law governing the overall cause of action. *ASARCO*,

382 B.R. at 66–68 (denying motion to dismiss because debtor had sufficiently alleged standing to

allege fraudulent transfer, under Delaware law, standing in shoes of its subsidiary through

reverse veil-piercing, under Delaware law); *accord Spring Real Est., LLC v. Echo/RT Holdings,*

*LLC*, C.A. No. 7994-VCN, 2016 WL 769586, at *3 (Del. Ch. Feb. 18, 2016) (acknowledging

that under Delaware fraudulent transfer law, where reverse veil piercing is available under

applicable law, a creditor of a parent may argue *alter ego* for the purposes of pursuing the

fraudulent transfer of a subsidiary's assets).

The Joint Defendants assert the relief the Trustee seeks is novel. It is not. *ASARCO*, 382

B.R. at 66–68 (applying Delaware *alter ego* law); *see Parker v. Titan Mining (US) Corp. (In re*

*Star Mountain Res., Inc.)*, Case No.: 2:18-bk-01594-DPC, Adversary No.: 2:19-ap-00412-DPC,

2020 WL 6821721, at *4–6 (Bankr. D. Ariz. Sept. 30, 2020) (applying Nevada *alter ego* law);

*Searcy v. Knight (In re Am. Int'l Refinery)*, 402 B.R. 728, 743–48 (Bankr. W.D. La. 2008)

(same); *Kendall v. Turner (In re Turner)*, 335 B.R. 140, 145–47 (Bankr. N.D. Cal. 2005)

(applying California *alter ego* law), *upheld in pertinent part on reconsideration* 345 B.R. 674,

676–77 (Bankr. N.D. Cal. 2006) (upholding *alter ego* determination).

### a.   Issues (i) and (iii): State law allows avoidance of an *alter ego's* transfer of its property

Furthermore, the relief the Trustee is seeking is certainly not novel under state law.

Under NYUVTA, actual and constructive fraudulent transfers can be established by an *alter*

*ego's* transfer of its property. "'Debtor' means a person that is liable on a claim." N.Y. DEBT. &

CRED. § 270(f). Therefore, even assuming *alter ego* only creates vicarious *liability*, an *alter ego*

is a "debtor" even if it is not a debtor under the Bankruptcy Code. Because it is a debtor, an *alter*

*ego* can make an avoidable transfer. *See* N.Y. DEBT. & CRED. §§ 273, 274. Moreover, property

24

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 55 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 51 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 50 of
102

of an *alter ego* is property of a debtor.  N.Y. DEBT. & CRED. §§ 270(b), (l), (p).  Therefore, in a

state law action, *alter ego* can be used in conjunction with NYUVTA.  *See Bravia Cap. H.K. Ltd.*

*v. SL Green Realty Corp.*, No. 24-cv-2296 (JGK), 2025 WL 552046, at *9 (S.D.N.Y. Feb. 18,

2025) (applying NYUVTA and Delaware *alter ego* law) (citing *JSC Foreign Ass'n*

*Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 379–80 (S.D.N.Y.

2003) (applying the Uniform Fraudulent Transfer Act ("UFTA"), predecessor of Uniform

Voidable Transactions Act ("UVTA")).

    This is not only the law in New York; it is the law of most if not all jurisdictions within

the United States.  *See* Conn. Gen. Stat. § 52-552b (6) (Connecticut has adopted UFTA which

has same definition of "debtor" as UVTA); 5 COLLIER ON BANKRUPTCY ¶ 544.06[2] (forty-six

states and the District of Columbia have adopted the UFTA or UVTA); *see, e.g.*, *Magliarditi v.*

*TransFirst Grp., Inc.*, 450 P.3d 911, 2019 WL 5390470, at *4–5 (Nev. 2019) (table disposition);

*Thompson Props. v. Birmingham Hide & Tallow Co., Inc.*, 839 So. 2d 629, 633–34 (Ala. 2002);

*Spring Real Est.*, 2016 WL 769586, at *3; *Dwyer v. Meramec Venture Assocs., L.L.C.*, 75

S.W.3d 291, 294–95 (Mo. Ct. App. 2002); *U.S. Cap. Funding VI, Ltd. v. Patterson Bankshares,*

*Inc.*, 137 F. Supp. 3d 1340, 1367–68 (S.D. Ga. 2015).  Avoidable transfer and *alter ego* law both

seek to thwart judgment evasion and can, unsurprisingly, be used together in collection actions

outside of bankruptcy.

    If the Trustee has standing under section 544(b) to bring his NYUVTA claims and has

plausibly pled *alter ego*[23], he has plausibly pled a debtor transferred its property.

---

[23]  The Court will discuss the plausibility of the Trustee's *alter ego* allegations in section D
below, after discussing the defendants' arguments regarding the sufficiency of his pleading.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 56 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 52 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 51 of
102

          **b.**      **Issues (i) and (iii): Bankruptcy law allows avoidance of an**
*alter ego's* **transfer of its property**

The Court must determine whether the normal rule applicable outside of bankruptcy also applies in bankruptcy. As in the beneficial ownership discussion above, two elements are at issue. First, it must be determined whether *alter ego* allegations may be used to assert the Individual Debtor is the transferor. The Bankruptcy Code only controls this element with respect to actual fraudulent transfer and one of the four types of constructive fraudulent transfer under the Bankruptcy Code. 11 U.S.C. §§ 548(a)(1)(A), (a)(1)(B)(ii)(IV). Section 544(b) does not apply this element to the Trustee's NYUVTA claims and it is not an element of three of the four types of constructive fraudulent transfer or unauthorized post-petition transfer under the Bankruptcy Code. 11 U.S.C. §§ 544(b), 548(a)(1)(B)(ii)(I)–(III), 549(a).

Second, it must be determined whether *alter ego* allegations may be used to assert the *alter ego's* property is or would have been, but for the transfer, property of the estate. *Begier*, 496 U.S. at 59. This is an element of all the Avoidance Claims, including the Trustee's NYUVTA claims. As discussed above, the Trustee only has standing to bring claims under NYUVTA if he alleges a transfer of an interest of the Individual Debtor in property. 11 U.S.C. § 544(b).

      *Issue (i): Does the Trustee allege an initial transfer by a non-debtor entity?*

With respect to the first element, the Court concludes *alter ego* can be used to establish the Individual Debtor was the transferor because the definition of "transfer" includes indirect conveyances. 11 U.S.C. § 101(54). Indeed, in *McNellis*, the Second Circuit affirmed the district court's decision to pierce the corporate veil and to hold the individual rather than his corporation took out the loan he later repaid. *McNellis*, 420 F.2d at 53–54; *see Orr*, 991 F.2d at 35; *Voest-*

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 57 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 53 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 52 of
102

*Alpine*, 919 F.2d at 212–13.  Therefore, *alter ego* allegations may support allegations that the

Individual Debtor – not a non-debtor entity – is the transferor.

### Issue (iii): What is the effect under applicable law of a reverse veil piercing or alter ego determination?

As to the second element, where the Bankruptcy Code is silent, state law determines what

interests parties have in property.  *Butner*, 440 U.S. at 54–57.  However, *Butner* also holds

Congress has authority under Article I, section 8, clause 4 of the Constitution to define property

interests contrary to state law for the purposes of bankruptcy.  *Id.* at 54–57 (holding it is a matter

of state law whether, when, and how a mortgagee obtains a security interest in rents because the

former Bankruptcy Act of 1898, as amended, did not include a provision providing or denying

mortgagees such a security interest).

Congress defined property of the estate.  11 U.S.C. § 541.  "Congress intended a broad

range of property to be included in the estate", including "property in which the debtor did not

have a possessory interest at the time the bankruptcy proceedings commenced."  *Whiting Pools*,

462 U.S. at 204–05 (affirming Second Circuit determination that property of the estate included

property seized by the Internal Revenue Service to enforce a tax lien prior to the filing of the

bankruptcy petition).  Therefore, consistent with *Butner* and *Whiting Pools*, courts have

generally held that while state law determines what interests a debtor has in property, federal law

determines whether those interests in property are included in property of the estate.  *Lowe v.

Bowers (In re Nicole Gas Prod., Ltd.)*, 916 F.3d 566, 573 (6th Cir. 2019); *Abboud v. Ground

Round, Inc. (In re The Ground Round, Inc.)*, 482 F.3d 15, 17 (1st Cir. 2007); *In re Nejberger*,

934 F.2d 1300, 1302 (3d Cir. 1991); *N.S. Garrott & Sons v. Union Planters Nat'l Bank of

Memphis (In re N.S. Garrott & Sons)*, 772 F.2d 462, 466 (8th Cir. 1985).

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 58 of
107
Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 54 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 53 of
102

An *alter ego* claim is property of the estate.  *Nordlicht*,115 F.4th at 104–06 (holding *alter ego* claim under New York law is property of the estate), because such claims "'inure[] to the benefit of all creditors' by enlarging the estate", *Nordlicht*, 115 F.4th at 105 (alteration in original); *see In re Emoral, Inc.*, 740 F.3d 875 (3d Cir. 2014) (holding that successor liability claims are property of the estate because, like *alter ego* claims, they are general claims of creditors).  This is true even if at state law *alter ego* is a claim for the imposition of vicarious liability, not an independent cause of action.  *Nordlicht*, 115 F.4th at 109–111.  *Nordlicht* determined that

> alter-ego theories of liability neatly fall[] within the Bankruptcy Code's definition of 'claim':
>
> (A)    *right to payment*, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B)    *right to an equitable remedy* for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

115 F.4th at 110 (emphasis in original).

Under *Nordlicht*, a trustee's right to payment or an equitable remedy (such as turnover) from an *alter ego* is property of the estate.  115 F.4th at 105.  A trustee may seek recovery from the *alter ego* to the full extent of claims asserted against the estate.  *See Moore v. Bay (In re Est. of Sassard & Kimball, Inc.)*, 284 U.S. 4, 5 (1931) (holding, with respect to predecessors of section 544(b) claims, the trustee could recover on an avoided transfer for the estate's creditors at large).  Property recoverable by a trustee is property of the estate.  *Whiting Pools*, 462 U.S. at 204–07.  Moreover, under *Begier*, the Individual Debtor had an interest in any such property pre-petition.  496 U.S. at 59.  Hence, if the Trustee prevails on his *alter ego* claims, the *alter egos'*

28

property is property of the estate and the Individual Debtor had an interest in that property pre-petition.  *See Nordlicht*, 115 F.4th at 105 (*alter ego* claims "'inure[] to the benefit of all creditors' by enlarging the estate"); *718 Arch St. Assocs., Ltd. v. Blatstein (In re Blatstein)*, 192 F.3d 88, 95 (3d Cir. 1999) (holding court had jurisdiction to determine appeal of a ruling on, among other things, creditor's claim that certain corporations were *alter egos* of the debtor because a determination that they were his *alter egos* "would result in the inclusion in his bankruptcy estate of substantial assets which then would be available to satisfy, at least in part, his creditors' claims."); *Green v. Bate Recs., Inc. (In re 10th Ave. Rec. Distribs., Inc.)*, 97 B.R. 163, 166 (S.D.N.Y. 1989) (holding trustee had standing to bring *alter ego* claim because it was "an attempt to collect property of the estate for the benefit of *all* creditors and is not personal to any particular creditor") (emphasis in original).

### *Contrary authority is unpersuasive*

In coming to this conclusion, the Court respectfully disagrees with the decision by the United States Court of Appeals for the Sixth Circuit in *In re Howland*.  674 F. App'x 482 (6th Cir. 2017); *accord Lippe v. Bairnco Corp.*, 230 B.R. 906, 914–15 (S.D.N.Y. 1999); *Grimmett v. McCloskey (In re Wardle)*, BAP No. NV-05-1000-KMB, Bankruptcy No. S-01-21542-BAM, Adversary No. S-03-01467, 2006 WL 6811026 (B.A.P. 9th Cir. Jan. 31, 2006); *Stevenson v. William Noble Rare Jewels L.P. (In re DuMouchelle)*, Case No. 19-54531, Adv. Pro. No. 21-04041-lsg, ___ B.R. ___, 2023 WL 8100234 (Bankr. E.D. Mich. Nov. 21, 2023) (applying *Howland*); *Evangelista v. Silver (In re Silver)*, 647 B.R. 897 (Bankr. E.D. Mich. 2022) (same). In *Howland*, the Sixth Circuit held property of an *alter ego* is not property of the estate and cannot be recovered where, at state law, *alter ego* merely imposes vicarious liability.  674 F.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 60 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 56 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 55 of
102

App'x at 487. *Lippe* and *Wardle* held the same. *DuMouchelle* and *Silver*, decisions from courts within the sixth circuit, applied *Howland*.

In addition to the statutory analysis above, the Court respectfully disagrees with *Howland* for several reasons. First, courts "do not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure". *Cohen*, 523 U.S. at 221. In interpreting the Code, courts presume Congress's "familiarity with the prevailing understanding" of the former Bankruptcy Act of 1898. *Johnson v. Home State Bank*, 501 U.S. 78, 86 (1991). There is no clear indication that Congress intended to overrule *McNellis*. *Compare* 11 U.S.C. §§ 101(54), 541(a), 544(b), 548(a), 549(a) *with* 11 U.S.C. §§ 1(30) (former Bankruptcy Act of 1898, section 1) (repealed 1978), 107(d) (former Bankruptcy Act of 1898, section 67) (repealed 1978), 110(a), (d), (e) (former Bankruptcy Act of 1898, section 70) (repealed 1978). *McNellis* – which upheld the use of *alter ego* to prove a defense to a trustee's fraudulent transfer action brought under federal bankruptcy law and New York law – is binding on this Court. 420 F.2d at 53–54.

Second, the Sixth Circuit's approach to *alter ego* claims in avoidance actions is contrary to the Second Circuit's directive that courts must consider the substance, rather than the form, of a fraudulent transfer. *See Orr*, 991 F.2d at 35; *see also Boyer v. Crown Stock Dist., Inc.*, 587 F.3d 787, 792 (7th Cir. 2009); *Voest-Alpine*, 919 F.2d at 211–12. There is capacity in fraudulent transfer law to look past the nominal parties to a transaction where state law allows the corporate form to be disregarded. *McNellis*, 420 F.2d at 53; *ASARCO*, 382 B.R. at 65–68. This capacity to recognize the economic reality is reflected in the expansive definitions of transfer and property of the estate in the Bankruptcy Code. 11 U.S.C. §§ 101(54)(D), 541.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 61 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 57 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 56 of
102

Third, *Howland* is contrary to how *alter ego* and avoidance claims interact under state law. As outlined above, *alter ego* can be used in NYUVTA claims outside of bankruptcy to target transactions where the *alter ego* is both the nominal transferor and the nominal owner of the transferred property. *Bravia Cap.*, 2025 WL 552046, at *9; *Technostroyexport*, 295 F. Supp. 2d at 379–80; *see Spring Real Est.*, 2016 WL 769586, at *3.

The result should be no different in bankruptcy. Bankruptcy is, among other things, a collective collection proceeding. *Merit Mgmt. Grp.*, 583 U.S. at 370–71. That is *why* the Trustee has standing to assert (i) general claims for the benefit of creditors at large, 11 U.S.C. § 544(a); *see Nordlicht*, 115 F.4th at 105; and (ii) particular avoidance claims of actual creditors, 11 U.S.C. § 544(b), to the full extent of the transfer – even if the actual creditors' debt is less than the transferred amount, *Moore*, 284 U.S. at 5. Bankruptcy "shields creditors from one another by replacing 'race' and other preferential systems of debt collection with a more equitable and orderly distribution of assets." *In re Alyucan Interstate Corp.*, 12 B.R. 803, 806 (Bankr. D. Utah 1981) (discussing purpose of the automatic stay) (citing *Fidelity Mortg. Invs. v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2d Cir. 1976) (case under the former Bankruptcy Act of 1898, as amended)). It would undermine the collective nature of bankruptcy to send creditors on a race to the courthouse to pursue *alter ego* and fraudulent transfer remedies – remedies they may have no standing to pursue during the pendency of the Individual Debtor's bankruptcy. *See St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 704–05 (2d Cir. 1989).

Even if creditors *could* bring these actions outside of bankruptcy, the costs to do so would be high: the Trustee's investigation into the Individual Debtor's financial affairs has been highly litigated and time consuming. Forcing creditors to pursue these avoidance actions outside of bankruptcy or forego their prosecution would promote an inequitable and uneven recovery for

31

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 62 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 58 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 57 of
102

the Individual Debtor's creditors, many of whom likely could not pay the fees and costs

associated with such an effort.  *See Union Bank v. Wolas*, 502 U.S. 151, 160–61 (1991) (section

547 is designed to balance related goals of preventing a race to the courthouse and providing for

an equitable distribution to all creditors); *Lawson v. Ford Motor Co. (In re Roblin Indus., Inc.)*,

78 F.3d 30, 40–41 (2d Cir. 1996) (same).  The Trustee is the person to pool the creditors'

interests in the estate and bring the avoidance actions for their collective benefit.  11 U.S.C. §§

323, 541–50.

Finally, *Howland* also runs contrary to Delaware *alter ego* law.  It is an accident of our

legal system that, generally, *alter ego* results in vicarious liability – the *alter ego* doctrine is

about disregarding the corporate form where it is abused and causes fraud or injustice.  *See*

*Pauley Petroleum Inc. v. Cont'l Oil Co.*, 239 A.2d 629, 633 (Del. 1968) ("There is, of course, no

doubt that upon a proper showing corporate entities as between parent and subsidiary may be

disregarded and the ultimate party in interest, the parent, be regarded in law and fact as the sole

party in a particular transaction.").  As the Delaware Court of Chancery observed "[a]t its most

basic level, reverse veil-piercing involves the imposition of liability on a business organization

for the liabilities of its owners", *Manichaean Cap., LLC v. Exela Techs., Inc.*, 251 A.3d 694, 710

(Del. Ch. 2021) (action to collect on appraisal judgment), *because* "where the subsidiary is a

mere alter ego of the parent . . . the Court [will] treat the assets of the subsidiary as those of the

parent", *Manichaean Cap.*, 251 A.3d at 710 (alteration in the original).

Most relief in the common law takes the form of money damages.  The primary use of an

*alter ego* claim is to spread liability from a defendant liable at law for money damages on, *e.g.*,

tort or contract to a defendant with deeper pockets.  *See NetJets Aviation, Inc. v. LHC*

*Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008) ("Nonetheless, in appropriate circumstances,

the distinction between the entity and its owner 'may be disregarded' to require an owner to answer for the entity's debts.") (action on contract); *Wilson v. Thorn Energy, LLC*, 787 F. Supp. 2d 286, 294 (S.D.N.Y. 2011) ("A plaintiff seeking to hold the owners of a corporation liable for the corporation's debts 'faces a difficult task.'") (action on fraud); *Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*, 549 B.R. 21, 43–44 (Bankr. S.D.N.Y. 2016) ("Under Delaware law, veil piercing is a doctrine of equity. . . . Veil piercing is thus not a purely independent cause of action.  Instead, piercing the corporate veil *effectively* amounts to the imposition of joint and several liability between a direct actor and its corporate affiliate for some underlying wrong committed by the direct actor.") (action on tort) (emphasis added).

However, the avoidance of a transfer is not money damages.  "[T]he purpose of the avoidance provision is to preserve the property includable within the bankruptcy estate".  *Begier*, 496 U.S. at 59 (discussing section 547 and the avoidance of preferential transfers); *see In re PWS Holding Corp.*, 303 F.3d 308, 313 (3d Cir. 2002) ("Fraudulent conveyance law aims 'to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate, even if they have been transferred away.'"); *Sapir v. C.P.Q. Colorchrome Corp. (In re Photo Promotion Assocs., Inc.)*, 881 F.2d 6, 9–10 (2d Cir. 1989) (holding that allowing an administrative claim holder to keep unauthorized post-petition transfers would be inequitable to other creditors who have similar claims).  To this end, the relief provided by sections 548 and 549 of the Bankruptcy Code and section 273 and 274 of NYUVTA is *avoidance* of the subject transfer – not money damages.  11 U.S.C. §§ 548, 549; N.Y. DEBT. & CRED. §§ 273, 274.

Upon avoidance of the transfer, section 550(a) of the Bankruptcy Code and section 276(b) of NYUVTA allow recovery of the *specific property* transferred, the value thereof, or the proceeds thereof.  11 U.S.C. § 550(a); N.Y. DEBT. & CRED. § 276(b).  It is, therefore, entirely

33

unsurprising that disregarding the corporate form and treating the assets of the *alter ego* as the assets of the debtor operates differently with regard to avoidance actions than it does with regard to other actions. *See Manichaean Cap.*, 251 A.3d at 710 ("In the parent/subsidiary context, 'where the subsidiary is a mere alter ego of the parent . . . the Court [will] treat the assets of the subsidiary as those of the parent.'").

"Delaware will not countenance the use of the corporate form as a means to facilitate fraud or injustice." *Manichaean Cap.*, 251 A.3d at 714. Fraudulent and unauthorized post-petition transfer law align with this purpose. They exist to prevent inequitable results arising from the dissipation of assets. *See Begier*, 496 U.S. at 59; *PWS Holding Corp.*, 303 F.3d at 313; *Photo Promotion Assocs.*, 881 F.2d at 9–10. It would be fundamentally absurd and contrary to the purpose of the doctrine, if *alter ego* could not be used to prevent fraud or injustice resulting from a fraudulent or unauthorized post-petition transfer. These two bodies of law can be used together. *McNellis*, 420 F.2d at 53; *ASARCO*, 382 B.R. at 65–68; *see Bravia Cap.*, 2025 WL 552046, at *9; *Technostroyexport*, 295 F. Supp. 2d at 379–80; *see also Spring Real Est.*, 2016 WL 769586, at *3.

* * *

For all these reasons, the Court concludes a debtor may make a transfer through an *alter ego* and an *alter ego's* property is property of the debtor's estate. To the extent the Trustee has plausibly pled *alter ego*, the Trustee has plausibly pled the Individual Debtor transferred property that is, or would have been but for the transfers, property of the estate. To this same extent, the Trustee therefore has standing to bring his NYUVTA claims and, for the reasons stated above, has plausibly pled those claims. *Alter ego* can be used to support an avoidable transfer claim under the Bankruptcy Code or NYUVTA.

34

> **2.    Issues (ii) and (iv): Prejudice to *alter egos'* trade creditors and substantive consolidation**

The Court turns to the Joint Defendants' remaining arguments.  The Joint Defendants argue the Trustee has failed to plead a cognizable reverse veil piercing claim under Delaware law because (a) the Trustee has failed to plead lack of prejudice to creditors of the alleged *alter ego*; and (b) the Joint Defendants would, as a matter of law, be prejudiced by reverse veil-piercing. The Joint Defendants also argue (c) the Trustee is seeking impermissible *nunc pro tunc* relief; and (d) even if the relief were otherwise permissible under state law, the relief sought could also be achieved by substantive consolidation and therefore it is inequitable to allow the Trustee that relief without meeting the test required for *nunc pro tunc* substantive consolidation.  Woven throughout the Joint Defendants' arguments is the contention that the relief the Trustee seeks is deeply inequitable to them as innocent trade creditors of the alleged *alter egos*.

The Trustee argues (a) the caselaw is clear a plaintiff is not required to plead lack of prejudice to creditors of an alleged *alter ego*; (b) prejudice is a fact intensive inquiry not resolvable on a motion to dismiss or for judgment on the pleadings and, in any event, the Bankruptcy Code provides the Joint Defendants protections unavailable outside of bankruptcy; (c) he is not seeking *nunc pro tunc* relief with his *alter ego* claims but rather seeking to conform legal reality to factual reality; and (d) while the relief *alter ego* provides in bankruptcy proceedings may be similar to substantive consolidation, the factual and legal predicates for the two remedies differ and the Trustee has pled *alter ego*.  The Trustee also disputes the contention that the Joint Defendants are all innocent trade creditors and that the relief he seeks is fundamentally unfair.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 66 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 62 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 61 of
102

i.    **Issue (ii): Does applicable law allow for reverse veil piercing or**
*alter ego* **determinations?**

As stated above, the Joint Defendants interpret the Avoidance Claims to allege transfers:

$$A_{(Individual\ Debtor)} = B_{(Alter\ ego)} \xrightarrow{\hspace{3cm}} C_{(Joint\ Defendant)}$$
$$\text{(Alter ego \textit{determination})} \quad \text{(Transfer of B's property)}$$

With respect to issue (ii), the Joint Defendants argue that even if an *alter ego* determination

would create an identity between the Individual Debtor and the alleged *alter egos*, avoiding the

**B→C** transfer is prejudicial because the Joint Defendants did not know **A=B**, and, hence, the

Court cannot *as a matter of law* make an *alter ego* determination.

The Court disagrees.  First, the Trustee is not required to plead a lack of prejudice to the

*alter egos'* creditors.  In adopting reverse veil-piercing, the Delaware Court of Chancery held

that courts must consider the traditional *alter ego* factors and additionally consider a series of

other factors that, essentially, relate to prejudice to the alleged *alter ego's* creditors, owners, and

other stakeholders.  *Manichaean Cap.*, 251 A.3d at 714–15.  Nevertheless, the Court of Chancery

rejected a defendant's argument the complaint should be dismissed for failure to plead a lack of

prejudice to certain creditors of the alleged *alter ego*.  *Id.* at 718.  Instead, the Court of Chancery

held "[t]here is no basis in the Complaint to infer that reverse veil-piercing will cause harm to

innocent third-party creditors. . . . To be clear, factual allegations related to . . . third-party

creditors are not in the Complaint, and for now at least, my analysis is confined to the 'four

corners' of that pleading."  *Id.*  The Court has been provided no reason to believe the Delaware

Supreme Court would disagree with the Court of Chancery on this issue.  Prejudice is an issue

that requires factual development.

Second, the Trustee may plead the Joint Defendants are the initial transferees; it does not

matter that subsequent transferees have different defenses.  *See Merit Mgmt. Grp.*, 583 U.S. at

36

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 67 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 63 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 62 of
102

382–86 (holding plaintiff could plead transfer in a way that a safe harbor defense was inapplicable); *cf. Covey v. Casey's Gen. Stores, Inc. (In re Duckworth)*, Bankruptcy No. 10-83603, Adversary No. 11-8104, 2012 WL 4434681, at *8 (Bankr. C.D. Ill. Sept. 24, 2012) (holding trustee's use of *alter ego* was impermissible in part because it would deprive defendant of subsequent transferee defenses it would have if trustee pled a different fraudulent transfer). The Joint Defendants can argue the Trustee has not pled a transfer under the Bankruptcy Code or NYUVTA. *See Merit Mgmt. Grp.*, 583 U.S. at 382. Indeed, the Joint Defendants have done so, as discussed above. They can continue to do so as these proceedings move beyond the pleading stage.

In support of their argument, the Joint Defendants urge the Court to adopt the holding of *Duckworth*, but their reliance is misplaced. The court in *Duckworth* was not faced with motions to dismiss – it was faced with motions for summary judgment. *Duckworth*, 2012 WL 4434681, at *2. The *Duckworth* court determined on the undisputed facts that it would be inequitable and contrary to applicable state law to allow the trustee to recover from a trade creditor of the alleged *alter ego*. *Id.* at *7. Here, the Joint Motions are motions to dismiss or for judgment on the pleadings. At this stage, the standard is whether the Trustee's well-pled allegations, taken as true, support a determination of impermissible prejudice. *Manichaean Cap.*, 251 A.3d at 718. A review of the complaints and the incorporated *alter ego* complaints does not support such a determination.

The Joint Defendants do not have a right to the Trustee pleading that they are subsequent transferees. *See Merit Mgmt. Grp.*, 583 U.S. at 382. The Trustee pleads transfers:

$$A_{\text{(Individual Debtor)}} \longrightarrow C_{\text{(Joint Defendant)}}$$
*(Transfer of A's property through* alter ego B)

He is not required to plead an **A➔B➔C** transfer, treating the *alter ego* determination as a transfer, such that he alleges the Individual Debtor transferred his property to the *alter egos* as the initial transferees and the Joint Defendants are subsequent transferees of the *alter egos*.

> ii.    **Issue (iv): May a determination of reverse veil piercing or *alter ego* be applied retroactively?**

Turning to issue (iv), the Court concludes the Trustee is not seeking *nunc pro tunc* relief. Adjudging an entity to be and have been an *alter ego* of another entity is not affording *nunc pro tunc* relief – it is adjudging that the corporate form is and has been a façade. Under the Joint Defendants' theory of *alter ego*, there would be no remedy available for a prevailing party. The Joint Defendants argue under Delaware law an *alter ego* determination merely imposes vicarious liability for a companion claim reducible to money damages. If an *alter ego* determination could only *prospectively* spread liability as the Joint Defendants assert, the *alter ego* would not be liable on the prevailing party's companion claim based on *already existing* facts. This is not how Delaware law operates. *Alter ego* may be brought *alongside* the companion claim, *see Tronox*, 549 B.R. at 27 (personal injury plaintiffs seek to impose vicarious liability through various theories, including *alter ego*, where original defendant is not amendable to suit), or even *after* judgment is entered on the companion claim, *see Manichaean Cap.*, 251 A.3d at 699–701 (*alter ego* claim was brought *after* appraisal judgment), without any analysis as to whether *nunc pro tunc* relief is appropriate. This is because *nunc pro tunc* relief is not being sought. *See Reid v. Wolf (In re Wolf)*, 644 B.R. 725, 749 n. 9 (N.D. Ill. 2022) (rejecting "confusing" argument that an *alter ego* determination would be impermissibly retroactive in a bankruptcy case). *Alter ego* seeks a remedy based on existing facts, just as a breach of contract claim seeks a remedy on existing facts.

An *alter ego* determination is *not* a transfer – it does not *create* an interest in property, but rather *recognizes* an interest in property.  This is a fundamental flaw in the Joint Defendants' interpretation of the Avoidance Claims.  As depicted above, the Joint Defendants interpret the Avoidance Claims to be alleging transfers:

$$A_{\textbf{(Individual Debtor)}} = B_{\textbf{(Alter ego)}} \xrightarrow{\hspace{3cm}} C_{\textbf{(Joint Defendant)}}$$
$$\textbf{\textit{(Alter ego determination)}} \qquad \textbf{\textit{(Transfer of B's property)}}$$

Assuming *arguendo* that an *alter ego* determination creates an identity between the Individual Debtor and the *alter ego*, the Joint Defendants argue an *alter ego* determination would change the nature of the **B➜C** transfer *after the fact*.  Therefore, the Joint Defendants argue the Court cannot treat the *alter ego* determination – **A=B**, which could be stated **A⬅B** – as having occurred at the time of the **B➜C** transfer.

The Trustee is not, however, alleging the **A=B** transfer, but rather alleging the *alter egos* have always been a mere instrumentality of the Individual Debtor.  He alleges transfers:

$$A_{\textbf{(Individual Debtor)}} \xrightarrow{\hspace{3cm}} C_{\textbf{(Joint Defendant)}}$$
$$\textbf{\textit{(Transfer of A's property through alter ego B)}}$$

and asserts such transfers through the *alter egos* are the Individual Debtor's *modus operandi* to obtain goods and services for himself, his family, his associates, and his businesses and to move assets.

The Court declines to adopt a prudential limitation on the use of *alter ego* in bankruptcy cases.  The Delaware Court of Chancery held in *Manichaean Capital* that

> The risks that reverse veil-piercing may be used as a blunt instrument to harm innocent parties, and to disrupt the expectations of arms-length bargaining, while real, do not, in my view, justify the rejection of reverse veil-piercing outright.  Rather, the recognition of the risks creates an opportunity to manage them, and to do so in a manner that serves the interests of equity.

39

251 A.3d at 712.  The Court sees no reason why courts sitting in bankruptcy are unable or ill-equipped to take up the "opportunity to manage [the risks of reverse veil-piercing]" in the interests of equity as the Court of Chancery directs.  Indeed, one of the overriding purposes of the Bankruptcy Code is to provide a single forum for the adjustment and final, equitable resolution of claims, including by collective collection proceedings.  *See* 11 U.S.C. §§ 541 *et seq*.  The balancing of the traditional *alter ego* factors and prejudice to the *alter ego's* creditors and other stakeholders, *see Manichaean Cap.*, 251 A.3d at 714–15, is within the purview of a bankruptcy court.

The Joint Defendants urge the Court to view the Trustee's *alter ego* allegations as *sub rosa* substantive consolidation allegations and to, hence, apply restrictions on the retroactive effect of any *alter ego* determination – regardless of whether such restrictions apply at state law.  Substantive consolidation "results in, *inter alia¸* pooling the assets of, and claims against, the two entities; satisfying liabilities from the resultant common fund; eliminating inter-company claims; and combining the creditors of the two companies for purposes of voting on reorganization plans."  *Union Savs. Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co., Ltd.)*, 860 F.2d 515, 518 (2d Cir. 1988).  "The sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors."  *Augie/Restivo*, 860 F.2d at 518.  Substantive consolidation requires (i) creditors to have "dealt with the entities as a single economic unit and 'did not rely on their separate identity in extending credit'"; and (ii) the debtors' affairs to be "so entangled that consolidation will benefit all creditors."  *Id.*  In *Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.)*, the United States Court of Appeals for the District of Columbia Circuit held that substantive consolidation orders should be issued *nunc pro tunc* where the proponent can show its benefits outweigh the harms to potential avoidance defendants.  810 F.2d 270, 277

40

(D.C. Cir. 1987). The Joint Defendants urge the Court to apply *Auto-Train* to any *alter ego* determination.

As the Trustee acknowledges, the effect of an *alter ego* determination in bankruptcy is similar to the effect of substantive consolidation – assets and liabilities of the *alter egos* are merged. However, the availability of substantive consolidation – which the Joint Defendants appear to doubt – does not mean *alter ego* cannot be pled in bankruptcy cases. *In re Owens Corning*, 419 F.3d 195, 205–06 (3d Cir. 2005) ("Prior to substantive consolidation, other remedies for corporate disregard were (and remain) in place. For example, where a subsidiary is so dominated by its corporate parent as to be the parent's 'alter ego,' the 'corporate veil' of the subsidiary can be ignored (or 'pierced') under state law.").

Moreover, the elements and the purposes of the doctrines differ. Under Delaware law, traditional *alter ego* or piercing the corporate veil has two elements: (i) the corporate entity whose form is to be disregarded is so dominated and controlled by its alleged *alter ego* that the corporate entity and its *alter ego* are, in fact, a single economic unit; and (ii) the corporate form to be disregarded causes fraud or some similar injustice. *Pauley Petroleum*, 239 A.2d at 633; *Manichaean Cap.*, 251 A.3d at 706; *Wallace ex rel. Cencom Cable Income Partners II, Inc. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999); *Geyer v. Ingersoll Publ'ns Co.*, 621 A.2d 784, 793 (Del. Ch. 1992). Reverse veil-piercing requires a court additionally consider prejudice to creditors, owners, and other stakeholders of the alleged *alter ego*. *Manichaean Cap.*, 251 A.3d at 714–15. *Alter ego* provides a remedy for abuse of the corporate form. In contrast, provided there is no outweighing harm, substantive consolidation provides a remedy for overly complicated financial affairs that could be treated much more simply.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 72 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 68 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 67 of
102

This is a distinction with a difference. "Substantive consolidation is better thought of as an economic remedy, the primary goal being the equitable treatment of all creditors. Conversely, a state law alter ego claim is an equitable remedy focused on preventing 'fraud or injustice.'" *Parker v. Titan Mining (US) Corp. (In re Star Mountain Res., Inc.)*, Case No.: 2:18-bk-01594-DPC, Adversary No.: 2:19-ap-00412-DPC, 2022 WL 2294175, at *8 (Bankr. D. Ariz. June 22, 2022). Substantive consolidation does not seek to remedy any fraud or injustice. *Augie/Restivo*, 860 F.2d at 518. The corporate form need not have been abused, the entities need not have been shams, and no creditor needs to have been harmed by the corporate form. *Id.* All that is necessary is that creditors would benefit from substantive consolidation. *Id.* In substantively consolidating estates, a court is solving a practical problem – the management of highly intertwined estates with the prospect of high administrative costs spent untangling the estates – by prospectively simplifying the facts before it, where doing so does more good than harm. *See id.* In piercing the corporate veil, a court is recognizing an existing reality of abuse of the corporate form to the detriment of creditors and, as a matter of equity, not allowing that abuse to persist. *See Pauley Petroleum*, 239 A.2d at 633. Substantive consolidation may involve a transfer; an *alter ego* determination does not.

Bankruptcy is about, among other things, the equitable spreading of loss. In seeking to have the Court apply *Auto-Train* to *alter ego* claims, the Joint Defendants try to shift the focus of the analysis to the **B➔C** transfer and away from **A**. In so doing, the Joint Defendants ignore the shell game alleged in the complaints involving numerous *alter egos* perpetrated by and for the benefit of the Individual Debtor to hinder, delay, or defraud his creditors – which allegations are central to an *alter ego* analysis. *See Pauley Petroleum*, 239 A.2d at 633. (*See, e.g.*, Complaint ¶¶ 15–34, *Despins v. Agora Lab, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-

42

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 73 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 69 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 68 of
102

05005 (JAM) (Bankr. D. Conn. Feb. 9, 2024), ECF No. 1.)  These allegations, taken as true, are

relevant to the balancing of the reverse veil-piercing factors.  *Manichaean Cap.*, 251 A.3d at

715–16 (stating courts will balance "the social value of upholding the legitimate expectations of

the affected corporate creditors or debtors, applying a rebuttable presumption in favor of assuring

such expectations, against the importance of the policies served by allowing a reverse pierce

under the particular circumstances involved.") (citing Gregory S. Crespi, *The Reverse Pierce

Doctrine: Applying Appropriate Standards*, 16 J. CORP. L. 33, 51 (1990)).

    Although the Joint Defendants ask the Court to apply the *Auto-Train nunc pro tunc*

analysis to the *alter ego* claims, the Court concludes there is no reason or basis to depart from

Delaware *alter ego* law.  It remains available to trustees notwithstanding the advent of

substantive consolidation.  *Owens Corning*, 419 F.3d at 205–06.

* * *

    For all these reasons, the Joint Defendants' arguments on issues (ii) and (iv) are not

persuasive.  The Court will not balance prejudice to the Joint Defendants and the factors

supporting *alter ego* on a motion to dismiss or for judgment on the pleadings.  Similarly, the

Court will not impose prudential limits on the use of *alter ego* beyond the elements of the

doctrine.

### C.    Non-Joint Motions and Z&Z Objection[24]

    The Court will address only the distinct arguments made by the Non-Joint Defendants on

the four issues.  The following Non-Joint Defendants: (1) FFP (BVI) Limited; (2) Mr. Aaron A.

Mitchell; (3) V.X. Cerda & Associates, P.A.; (4) The Francis Firm PLLC; (5) Berkeley Rowe

Ltd.; (6) Weddle Law PLLC; (7) Lawall & Mitchell, LLC; (8) G4S Security Systems (Hong

---

[24]  *See* n. 12, *supra*.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 74 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 70 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 69 of
102

Kong) Ltd.; and (9) ACASS Canada LTD, (collectively, the "Assorted Non-Joint Defendants")
are represented by the same counsel who argued their Non-Joint Motions as a single argument.

There are two other Non-Joint Defendants: (10) Liberty Jet Management Corp. ("Liberty
Jet") and (11) Z&Z.  Liberty Jet and Z&Z raise no distinct arguments that are not also raised by
the Assorted Non-Joint Defendants.  Moreover, neither Liberty Jet nor Z&Z advanced
independent arguments during the hearing.  The Court will, therefore, only discuss the arguments
of the Assorted Non-Joint Defendants.  To the extent Liberty Jet or Z&Z raised or joined in the
arguments discussed below, this discussion also applies to Liberty Jet and Z&Z.

The Assorted Non-Joint Defendants raise two distinct arguments.  First, with respect to
issue (ii) – whether applicable law allows for reverse veil piercing or *alter ego* determinations –
the Assorted Non-Joint Defendants argue the Trustee lacks standing to bring an *alter ego* claim
because he stands in the shoes of the Individual Debtor who, accepting the Trustee's allegations
as true, is *in pari delicto* with the alleged *alter egos*.  Second, with respect to issues (i), whether
the Trustee can avoid an initial transfer by a non-debtor entity, and (iii), the effect under
applicable law of a reverse veil piercing or *alter ego* determination, the Assorted Non-Joint
Defendants argue that the Trustee is improperly asserting claims of the *alter egos'* bankruptcy
estates without the *alter egos* having filed for bankruptcy and without the substantive
consolidation of the Individual Debtor's Chapter 11 case and the not-filed *alter ego* bankruptcy
cases.  In doing so, the Assorted Non-Joint Defendants assert the Trustee is bypassing disclosure
requirements of the Bankruptcy Code.

In response, the Trustee argues he has standing under either section 541 or section 544(a)
of the Bankruptcy Code because he stands in the shoes of the Individual Debtor's creditors and,
even if he did not, the insider exception to *in pari delicto* would apply.  The Trustee argues he

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 75 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 71 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 70 of
102

has properly asserted claims of the Individual Debtor's bankruptcy estate, has properly asserted *alter ego* claims, and that, in any event, he will be seeking a new claims bar date to allow creditors of the *alter egos* to assert claims against the estate.

      **1.**      **Issue (ii): Standing**

The Bankruptcy Code provides a bankruptcy trustee standing to bring certain claims on behalf of creditors. *PepsiCo, Inc.*, 884 F.2d at 700. Absent such statutory authority, "a bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the bankrupt corporation itself." *Shearson Lehman Hutton Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991); *see Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1093 (2d Cir. 1995); *Sobchack v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 17 F.3d 600, 607 (2d Cir. 1994).

Where a trustee is not asserting a claim on behalf of creditors, *Wagoner* directs courts to determine (i) whether the debtor could have brought the claim and (ii) if so, whether the trustee is *in pari delicto* by imputation of the debtor's conduct. *Wagoner*, 944 F.2d at 119–20. Although an assertion of *in pari delicto* is typically considered an affirmative equitable defense, the *Wagoner* doctrine, including its consideration of *in pari delicto*, "functions as a prudential standing limitation." *Carney ex rel. Highview Point Partners, LLC v. Horion Invs. Ltd.*, 107 F. Supp. 3d 216, 228 (D. Conn. 2015).

The Second Circuit has held trustees have standing to bring *alter ego* claims on behalf of creditors at large. In *PepsiCo*, the Second Circuit adopted the approach of the United States Court of Appeals for the Seventh Circuit in *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339 (7th Cir. 1987). *PepsiCo*, 884 F.2d at 697–98, 700–01, 704–05. In *Koch Refining*, the Seventh Circuit held that, pursuant to section 544(a), a bankruptcy trustee is "the

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 76 of
107
Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 72 of
103
Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 71 of
102

representative of the general creditors" and could pursue *alter ego* claims because they address

generalized rather than particularized harm to creditors.  831 F.2d at 1351–54; *see Titan Real*

*Est. Ventures, LLC v. MJCC Realty Ltd. P'ship (In re Flanagan)*, 415 B.R. 29, 47 (D. Conn.

2009).  This accords with the statutory text of section 544(a): any judgment creditor could bring

an *alter ego* claim to collect on their debt; it does not depend on its particular claim.  11 U.S.C. §

544(a).

   While the Second Circuit distinguished *PepsiCo* in *Picard v. JPMorgan Chase Bank &*

*Co. (In re Bernard L. Madoff Inv. Secs. LLC)*, 721 F.3d 54, 70–71 (2d Cir. 2013), it did so on

facts where the Securities Investor Protection Act trustee sought to bring particularized claims of

defrauded creditors – even if such claims were very commonly held on the particular facts of the

Madoff Ponzi scheme[25], *JPMorgan¸*721 F.3d at 58–59.  The claims in *JPMorgan* closely

resemble those in *Wagoner*.  *Compare JPMorgan*, 721 F.3d at 58–59 *with Wagoner*, 944 F.2d at

116–17.  Moreover, consistent with *PespiCo*, the Second Circuit has recently reiterated that

trustees have standing to bring *alter ego* on behalf of creditors at large and that *alter ego* claims

are property of the estate.  *Compare Nordlicht*, 115 F.4th at 104–06, 107–11 *with PepsiCo*, 884

F.2d at 701.

   The Assorted Non-Joint Defendants argue *Nordlicht* follows a line of cases starting with

*Mixon v. Anderson (In re Ozark Rest. Equip. Co.)*, 816 F.2d 1222 (8th Cir. 1987), which, unlike

*Koch*, held that section 544(a) does not provide the trustee standing to bring general claims of

creditors at large.  *See PepsiCo*, 884 F.2d at 698–99.  The Assorted Non-Joint Defendants assert

---

[25]  Indeed, section 544(a) avoids this sort of accidentally general claim because it does not give a
trustee standing to bring claims of particular creditors but rather the standing to bring claims a
hypothetical judgment creditor – without a particular underlying claim – could bring, that is,
section 544(a) introduces a creditor external to the particular facts surrounding the debtor and its
debts.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 77 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 73 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 72 of
102

this means the Trustee's *alter ego* claims are subject to *Wagoner*.  While *Nordlicht* itself is silent

on section 544(a), it is completely consistent with holding a trustee has the rights and powers of

certain hypothetical creditors to hold his claims derived from those rights and powers are

property of the estate.  Moreover, even if it is only pursuant to section 541 that a trustee has

standing to bring an *alter ego* claim, such standing is derived from the general claims of creditors

at large.

Hence, the *Wagoner* doctrine is not applicable.  It does not apply where a trustee brings

an action standing in the shoes of a creditor.  *Wagoner*, 944 F.2d at 118 ("The trustee insists he is

not asserting the claims of the noteholders, so it is unnecessary for us to delve deeply into when,

if ever, a trustee may sue a third party on behalf of the bankrupt's creditors."); *see Wells Fargo

Bank, N.A. v. First Republic Bank (In re Salander)*, 503 B.R. 559, 569 n. 12 (S.D.N.Y. 2013)

("neither the *Wagoner* rule nor the *in pari delicto* doctrine apply to a trustee's statutory standing

under Section 544 of the Bankruptcy Code."); *Arnold v. First Citizens Nat'l Bank (In re

Cornerstone Homes, Inc.)*, 567 B.R. 37, 52–53 (Bankr. W.D.N.Y. 2017).  The Court does not

reach the parties' arguments regarding exceptions to *in pari delicto*.  The Trustee has standing to

bring the *alter ego* claims.

### 2.    Issue (i) and (iii): *Alter ego*, substantive consolidation, and disclosure

The Assorted Non-Joint Defendants raise largely the same argument as the Joint

Defendants, which argument the Court has rejected above, as to why the Trustee cannot use *alter

ego* to plead that the Individual Debtor is the transferor or that property of the debtor and/or

property that is or would be, but for the transfer, property of the estate was transferred.  The

Court will not discuss that argument again.  The distinction arises from what the Assorted Non-

Joint Defendants argue the Trustee should have instead done.  While the Joint Defendants argue

47

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 78 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 74 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 73 of
102

the Trustee can only recover from the alleged *alter egos* themselves and that is the extent of his potential recovery, the Assorted Non-Joint Defendants argue the Trustee should have seized control over the Individual Debtor's businesses, placed them into bankruptcy, and then sought *nunc pro tunc* substantive consolidation.

The Court has also already ruled above that, notwithstanding the existence of substantive consolidation, trustees may assert *alter ego* claims. As to the Assorted Non-Joint Defendants' notice concerns, the Assorted Non-Joint Defendants do not represent the creditors of the alleged *alter egos* at large. The Assorted Non-Joint Defendants themselves have notice of the Trustee's *alter ego* claims. The Trustee has stated multiple times that he will seek a new bar date for the creditors of adjudged *alter egos*. The Court will consider proper notice and service of such a bar date should such a request be made.

   D.   **Issue (ii): plausibility of *Alter Ego* allegations**

The Court has addressed the Joint Defendants' and Non-Joint Defendants' arguments as to why the Trustee has not plausibly pled *alter ego*. The Court has found the Trustee has standing to bring his reverse veil-piercing claims, he is not required to plead a lack of prejudice to the alleged *alter egos'* creditors, and prejudice does not exist as a matter of law. This discussion, however, leaves issue (ii) – whether applicable law allows for reverse veil piercing or *alter ego* determinations – less than completely resolved.

On the basis of the allegations in the complaints and the incorporated *alter ego* complaints, the Court concludes the Trustee has plausibly alleged (1) Golden Spring; (2) Lamp Capital; (3) HCHK Tech; (4) HCHK Property; (5) Lexington; (6) Greenwich Land; and (7) Leading Shine are *alter egos* of the Individual Debtor and their corporate veils should be pierced in reverse. The Trustee has plausibly pled (i) the Individual Debtor dominated and controlled the

48

*alter egos* such that they have no independent economic existence and serve only as a façade for the Individual Debtor; and (ii) the corporate form of the *alter egos* serves to hinder, delay, or defraud the Individual Debtor's creditors as part of a large shell game designed to effectively judgment proof the Individual Debtor.  *See Manichaean Cap.*, 251 A.3d at 706.  (*See, e.g.*, Complaint ¶¶ 13–38, *Despins v. Golden Spring (N.Y.) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05018 (JAM) (Bankr. D. Conn. July 25, 2023), ECF No. 1.) Furthermore, the allegations in the complaints and the *alter ego* complaints, taken as true, do not establish prejudice to the creditors of the *alter egos*.  *See Manichaean Cap.*, 251 A.3d at 718.

## V.    CONCLUSION AND ORDER

Certain issues before the Court are legal issues – but they are narrowly drawn and, in essence, ask the Court to look past or recharacterize the allegations in the complaints.  The Court will not do so in ruling on motions to dismiss or for judgment on the pleadings.  The defendants present the Trustee's transfer allegations as a series, **A=B➔C**: an *alter ego* determination creating an identity between **A**, the Individual Debtor, and **B**, an alleged *alter ego*, and then a transfer of **B's** property to **C**, a Joint Defendant.  The Trustee, however, alleges **A➔C** transfers, transfers of **A**'s property to **C** *using* **B**.  Other issues before the Court are drawn in an attempt to make them amenable to adjudication on a motion to dismiss.  In doing so, the defendants focus on the unalleged **B➔C** transfer and argue adding another transfer, **A=B**, to this transfer prejudices **C**.  The defendants ask the Court to go beyond the pleadings and rule on the facts, which the Court will not do.

For the foregoing reasons, the Court concludes as follows regarding the four issues:

### (i)  Can the Trustee avoid an initial transfer by a non-debtor entity?

The Trustee does not seek to avoid an initial transfer by a non-debtor entity.  The Trustee alleges the Individual Debtor made the transfers.  Transfer is defined to include indirect transfers. Hence, the nominal transferor is not controlling.  The Trustee advances *alter ego* and beneficial ownership allegations to assert the Individual Debtor is the transferor.

### (ii)  Does applicable law allow for reverse veil piercing or *alter ego* determinations?

Reverse veil-piercing is recognized by Delaware law.  The Court has considered the parties' arguments regarding the sufficiency of the Trustee's pleading of *alter ego*.  The Trustee has standing to bring a reverse veil-piercing claim.  The Trustee is not required to plead lack of prejudice to creditors of the alleged *alter ego*.  The Trustee has plausibly pled *alter ego*.

### (iii)  What is the effect under applicable law of a reverse veil piercing or *alter ego* determination?

The Trustee does not solely rely on *alter ego* allegations – he also pleads beneficial ownership.  Nevertheless, the effect of reverse veil-piercing under Delaware law is that the corporate form is disregarded.  Disregard of the corporate form has different results depending on the substantive law of the companion cause of action.  Typically, it results in the imposition of vicarious liability.  It may also be asserted to prove some claim or defense.  Under the Bankruptcy Code, an *alter ego* determination can be used to establish a debtor made an indirect transfer and renders the property of the debtor's *alter ego* property of the estate.  Under NYUVTA, an *alter ego* determination can be used to avoid transfers by the *alter ego* of the *alter ego's* property.

**(iv)  May a determination of reverse veil piercing or *alter ego* be applied retroactively?**

The Trustee is not seeking retroactive relief.  *Alter ego* is a remedy for past and present abuse of the corporate form.  It brings legal reality in line with factual reality.  *Alter ego* survives the advent of substantive consolidation in bankruptcy proceedings.  There is no basis to reinterpret the complaints as seeking substantive consolidation rather than *alter ego*.

Accordingly, it is hereby **ORDERED:**

1.      The Joint Motions, listed on Appendix A, are **DENIED**.

2.      The Non-Joint Motions, listed on Appendix B, are **DENIED IN PART** with respect to any and all arguments raised therein relating to the issues set forth in the Joint Briefing Order.  Notwithstanding the foregoing, this decision shall not apply to Stayed or Partially Stayed Avoidance Claims, as those terms are defined in paragraphs 2(e)(i) and (ii) of the Avoidance Action Procedures Order, insofar as those Avoidance Claims are stayed.  Notations appear on Appendix D appended to this Order indicating which Avoidance Claims are Stayed or Partially Stayed Avoidance Claims.

3.      The Z&Z Objection, listed on Appendix C to this Order, is **OVERRULED IN PART** with respect to any and all arguments raised therein relating to the issues set forth in the Joint Briefing Order.  Notwithstanding the foregoing, this decision shall not apply to Stayed or Partially Stayed Avoidance Claims, as those terms are defined in paragraphs 2(e)(i) and (ii) of the Avoidance Action Procedures Order, insofar as those Avoidance Claims are stayed.  Notations appear on Appendix D appended to this Order indicating which Avoidance Claims are Stayed or Partially Stayed Avoidance Claims.

4.      On or before March 28, 2025, each Non-Joint Defendant shall file a joint statement with the Trustee in their respective avoidance actions stating the issues that remain to

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 82 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 78 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 77 of
102

be determined with respect to their Non-Joint Motions or the motion for judgment on the pleadings to which Z&Z objected.  The statements must delineate with specificity where in the pleadings the issues are raised.  Upon review of the statements, the Court will determine with respect to each matter whether a hearing is necessary or the matter may be decided on the submissions of the parties.

**IT IS SO ORDERED** at Bridgeport, Connecticut this 4th day of March, 2025.

_Julie A. Manning_
United States Bankruptcy Judge
District of Connecticut

## APPENDIX A
### Joint Motions

1.   Motion to Dismiss Adversary Proceeding, *Despins v. Agora Lab, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05005 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 24 (filed by Agora Lab, Inc., defendant).

2.   Motion to Dismiss Adversary Proceeding, *Despins v. Amazon Web Servs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05006 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 21 (filed by Amazon Web Services, Inc., defendant).

3.   Motion to Dismiss Adversary Proceeding, *Despins v. Direct Persuasion LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05010 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 26 (filed by Direct Persuasion LLC, defendant).

4.   Motion to Dismiss Adversary Proceeding, *Despins v. Fox News Network, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05015 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 23 (filed by Fox News Network, LLC, defendant).

5.   Motion to Dismiss Adversary Proceeding, *Despins v. Arri Americas Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05031 (JAM) (Bankr. D. Conn. Nov. 27, 2024), ECF No. 17 (filed by Arri Americas Inc., defendant).

6.   Motion to Dismiss Adversary Proceeding, *Despins v. Teris-Phoenix, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05044 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 20 (filed by Teris-Phoenix, LLC, defendant).

7.   Motion to Dismiss Adversary Proceeding, *Despins v. Phillips Nizer LLP (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05047 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 23 (filed by Phillips Nizer LLP, defendant).

8.   Motion to Dismiss Adversary Proceeding, *Despins v. Gunderson (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05048 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 21 (filed by Mr. Mark Gundersen, defendant).

9.   Motion to Dismiss Adversary Proceeding, *Despins v. 270 W. 39th St. Co., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05055 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 17 (filed by 270 W. 39th St. Co., LLC, defendant).

10.  Motion to Dismiss Adversary Proceeding, *Despins v. Amazon.com, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05057 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 42 (filed by Amazon.com, Inc., defendant).

11.  Motion to Dismiss Adversary Proceeding, *Despins v. Anthem Health Plans, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05058 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 21 (filed by Anthem Health Plans, Inc., defendant).

12.    Motion to Dismiss Adversary Proceeding, *Despins v. Fed. Express Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05059 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 20 (filed by Federal Express Corporation, defendant).

13.    Motion to Dismiss Adversary Proceeding, *Despins v. DJD Creative LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05063 (JAM) (Bankr. D. Conn. Dec. 4, 2024), ECF No. 22 (filed by DJD Creative, LLC, defendant).

14.    Motion to Dismiss Adversary Proceeding, *Despins v. B&H Foto & Elecs. Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05069 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 35 (filed by B&H Foto & Electronics Corp., defendant).

15.    Motion for Judgment on the Pleadings, *Despins v. Am. Express Co. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05077 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 18 (filed by American Express Company, defendant).

16.    Motion to Dismiss Adversary Proceeding, *Despins v. Ohtzar Shlomo Solomon Treasure LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05082 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 17 (filed by Ohtzar Shlomo Solomon Treasure LLC, defendant).

17.    Motion for Judgment on the Pleadings, *Despins v. Zeta Glob. Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05092 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 21 (filed by Zeta Global Corp., defendant).

18.    Motion to Dismiss Adversary Proceeding, *Despins v. GroCyber LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05100 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 17 (filed by GroCyber LLC, defendant).

19.    Motion to Dismiss Adversary Proceeding, *Despins v. Conservative Campaign Tech., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05108 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 22 (filed by Conservative Campaign Technology, LLC, defendant).

20.    Motion to Dismiss Adversary Proceeding, *Despins v. Anthem HealthChoice Assurance, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05112 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 23 (filed by Anthem HealthChoice Assurance Inc., defendant).

21.    Motion to Dismiss Adversary Proceeding, *Despins v. ModSquad Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05114 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 21 (filed by ModSquad Inc., defendant).

22.    Motion for Judgment on the Pleadings, *Despins v. Cloudflare, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05115 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 22 (filed by Cloudfare, Inc., defendant).

23.     Motion to Dismiss Adversary Proceeding, *Despins v. 3 Columbus Circle LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05120 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 17 (filed by 3 Columbus Circle LLC, defendant).

24.     Motion for Judgment on the Pleadings, *Despins v. Indium Software Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05122 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 19 (filed by Indium Software Inc., defendant).

25.     Motion to Dismiss Adversary Proceeding, *Despins v. Miller Motorcars Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05128 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 18 (filed by Miller Motorcars Inc., defendant).

26.     Motion to Dismiss Adversary Proceeding, *Despins v. On the Spot Home Improvement, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05130 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 21 (filed by On the Spot Home Improvement, Inc., defendant).

27.     Motion to Dismiss Adversary Proceeding, *Despins v. Target Enters., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05138 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 19 (filed by Target Enterprises, LLC, defendant).

28.     Motion to Dismiss Adversary Proceeding, *Despins v. Flat Rate Movers, Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05141 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 19 (filed by Flat Rate Movers, Ltd., defendant).

29.     Motion to Dismiss Adversary Proceeding, *Despins v. Jamestown Assocs., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05147 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 19 (filed by Jamestown Associates, LLC, defendant).

30.     Motion to Dismiss Adversary Proceeding, *Despins v. Nardello & Co., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05162 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 19 (filed by Nardello & Co., LLC, defendant).

31.     Motion to Dismiss Adversary Proceeding, *Despins v. Morvillo Abramowitz Grand Iason & Anello P.C. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05196 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 18 (filed by Morvillo Abramowitz Grand Iason & Anello P.C., defendant).

32.     Motion to Dismiss Adversary Proceeding, *Despins v. Clayman Rosenberg Kirshner & Linder LLP (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05202 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 28 (filed by Clayman Rosenberg Kirshner & Linder LLP, defendant).

33.     Motion to Dismiss Adversary Proceeding, *Despins v. Putnam's Landscaping LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05211 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF No. 18 (filed by Putnam's Landscaping LLC, defendant).

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 86 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 82 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 81 of
102

34.     Motion for Judgment on the Pleadings, *Despins v. Jason Miller (In re Kwok)*, Case No.
        22-50073 (JAM), Adv. P. No. 24-05219 (JAM) (Bankr. D. Conn. Oct. 18, 2024), ECF
        No. 23 (filed by Mr. Jason Miller, defendant).

35.     Motion to Dismiss Adversary Proceeding, *Despins v. Sedgwick Realty Corp. (In re
        Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05222 (JAM) (Bankr. D. Conn. Oct.
        18, 2024), ECF No. 18 (filed by Sedgwick Realty Corp., defendant).

36.     Motion for Judgment on the Pleadings, *Despins v. Cirrus Design Corp. (In re Kwok)*,
        Case No. 22-50073 (JAM), Adv. P. No. 24-05225 (JAM) (Bankr. D. Conn. Oct. 18,
        2024), ECF No. 21 (filed by Cirrus Design Corp., defendant).

37.     Motion to Dismiss Adversary Proceeding, *Despins v. Marcum LLP (In re Kwok)*, Case
        No. 22-50073 (JAM), Adv. P. No. 24-05229 (JAM) (Bankr. D. Conn. Oct. 18, 2024),
        ECF No. 25 (filed by Marcum LLP, defendant).

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 87 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 83 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 82 of
102

## APPENDIX B
### Non-Joint Motions

1.  Motion to Dismiss Adversary Proceeding, *Despins v. FFP (BVI) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05056 (JAM) (Bankr. D. Conn. Aug. 12, 2024), ECF No. 17 (filed by FFP (BVI) Ltd., defendant).

2.  Motion to Dismiss Adversary Proceeding, *Despins v. Mitchell (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05110 (JAM) (Bankr. D. Conn. May 24, 2024), ECF No. 19 (filed by Mr. Aaron A. Mitchell, defendant).

3.  Motion to Dismiss Adversary Proceeding, *Despins v. V.X. Cerda & Assocs. P.A. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05134 (JAM) (Bankr. D. Conn. June 5, 2024), ECF No. 16 (filed by V.X. Cerda & Associates P.A., defendant).

4.  Motion to Dismiss Adversary Proceeding, *Despins v. Liberty Jet Mgmt. Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05135 (JAM) (Bankr. D. Conn. June 20, 2024), ECF No. 19 (filed by Liberty Jet Management Corp., defendant).

5.  Motion to Dismiss Adversary Proceeding, *Despins v. Francis Firm PLLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05168 (JAM) (Bankr. D. Conn. May 29, 2024), ECF No. 15 (filed by The Francis Firm PLLC, defendant).

6.  Motion to Dismiss Adversary Proceeding, *Despins v. Berkeley Rowe Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05186 (JAM) (Bankr. D. Conn. Oct. 12, 2024), ECF No. 35 (filed by Berkeley Rowe Ltd., defendant).

7.  Motion to Dismiss Adversary Proceeding, *Despins v. Weddle Law PLLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05188 (JAM) (Bankr. D. Conn. April 22, 2024), ECF No. 11 (filed by Weddle Law PLLC, defendant).

8.  Motion to Dismiss Adversary Proceeding, *Despins v. Lawall & Mitchell, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05199 (JAM) (Bankr. D. Conn. May 24, 2024), ECF No. 21 (filed by Lawall & Mitchell, LLC and Mr. Aaron A. Mitchell, defendants).

9.  Motion to Dismiss Adversary Proceeding, *Despins v. G4S Sec. Sys. (H.K.) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05204 (JAM) (Bankr. D. Conn. Aug. 22, 2024), ECF No. 19 (filed by G4S Security Systems (Hong Kong) Ltd., defendant).

10. Motion to Dismiss Adversary Proceeding, *Despins v. ACASS Canada LTD. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05226 (JAM) (Bankr. D. Conn. Sept. 12, 2024), ECF No. 26 (filed by ACASS Canada LTD., defendant).

## APPENDIX C
### Z&Z Objection

1. Memorandum of Law in Opposition, *Despins v. Zeisler & Zeisler, P.C. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05208 (JAM) (Bankr. D. Conn. Sept. 6, 2024), ECF No. 21 (filed by Zeisler & Zeisler, P.C., defendant, in opposition to the Trustee's Motion for Judgment on the Pleadings, *Despins v. Zeisler & Zeisler, P.C. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05208 (JAM) (Bankr. D. Conn. Aug. 2, 2024), ECF No. 17).

**APPENDIX D**
**Complaints Against Joint and Non-Joint Defendants**

Legend

**Complaints against Non-Joint Defendant are bolded**

Avoidance Claims
AFT (BC) – Actual Fraudulent Transfer (Bankruptcy Code)
    Avoidance and recovery of an actual fraudulent transfer of an interest of the Individual
    Debtor in property from initial transferee pursuant to 11 U.S.C. §§ 548(a)(1)(A)
    and550(a).
AFT (NY) – Actual Fraudulent Transfer (New York law)
    Avoidance and recovery of an actual fraudulent transfer of an interest of the Individual
    Debtor in property from initial transferee pursuant to N.Y. Debt. & Cred. §§ 273(a)(1),
    274, and 276 and 11 U.S.C. §§ 544(b) and 550(a).
CFT (BC) – Constructive Fraudulent Transfer (Bankruptcy Code)
    Avoidance and recovery of a constructive fraudulent transfer of an interest of the
    Individual Debtor in property from initial transferee pursuant to 11 U.S.C. §§
    548(a)(1)(B) and 550(a).
CFT (NY) – Constructive Fraudulent Transfer (New York law)
    Avoidance and recovery of a constructive fraudulent transfer of an interest of the
    Individual Debtor in property from initial transferee pursuant to N.Y. Debt. & Cred. §§
    273(a)(2), 274, and 276 and 11 U.S.C. §§ 544(b) and 550(a).
UPT – Unauthorized Post-petition Transfer
    Avoidance and recovery of an unauthorized post-petition transfer of property of the estate
    from initial transferee pursuant to 11 U.S.C. §§ 549 and 550(a).
ST – Recovery from Subsequent Transferee
    Recovery of an avoided transfer from a subsequent transferee pursuant to 11 U.S.C. §
    550(a).

\* Partially Stayed Claim
\*\* Stayed Claim
(Claims against neither Joint Defendant nor Non-Joint Defendant appear in parentheses)

*Alter Egos*
GSNY – Golden Spring (New York) Ltd.
LC – Lamp Capital LLC
HCHKT – HCHK Technologies, Inc.
HCHKP – HCHK Property Management, Inc.
LPS – Lexington Property and Staffing, Inc.
GL – Greenwich Land, LLC
LSNY – Leading Shine NY Ltd.

[*Alter egos* involved in Avoidance Claim insofar as it is not stayed by Avoidance Action
Procedures Order ¶ 2(e) appear in brackets]

1. Complaint, *Despins v. Agora Lab, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05005 (JAM) (Bankr. D. Conn. Feb. 9, 2024), ECF No. 1.

   | First Claim: | AFT (BC) | [GSNY, HCHKT, LPS] |
   | Second Claim: | AFT (NY) | [GSNY, HCHKT, LPS] |
   | Third Claim: | UPT | [HCHKT] |

2. Amended Complaint, *Despins v. Amazon Web Servs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05006 (JAM) (Bankr. D. Conn. Feb. 15, 2024), ECF No. 4.

   | First Claim: | AFT (BC)* | [HCHKT, LPS, LSNY] |
   | Second Claim: | AFT (NY)* | [HCHKT, LPS, LSNY] |
   | Third Claim: | UPT | [HCHKT, LPS] |

3. Complaint, *Despins v. Direct Persuasion LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05010 (JAM) (Bankr. D. Conn. Feb. 9, 2024), ECF No. 1.

   | First Claim: | AFT (BC) | [HCHKT] |
   | Second Claim: | AFT (NY) | [HCHKT] |

4. Complaint, *Despins v. Fox News Network, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05015 (JAM) (Bankr. D. Conn. Feb. 9, 2024), ECF No. 1.

   | First Claim: | AFT (BC) | [HCHKT] |
   | Second Claim: | AFT (NY) | [HCHKT] |

5. Complaint, *Despins v. Arri Americas Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05031 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   | First Claim: | UPT | [HCHKP] |

6. Complaint, *Despins v. Teris-Phoenix, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05044 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   | First Claim: | UPT* | [LPS] |

7. Complaint, *Despins v. Phillips Nizer LLP (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05047 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   | First Claim: | AFT (BC) | [LC] |
   | Second Claim: | AFT (NY) | [LC] |
   | Third Claim: | UPT | [LPS] |

2

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 91 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 87 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 86 of
102

8.   Complaint, *Despins v. Gunderson (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05048 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   First Claim:          AFT (BC)      [HCHKT]
   Second Claim:      AFT (NY)      [HCHKT]

9.   Complaint, *Despins v. 270 W. 39ᵗʰ St. Co., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05055 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   First Claim:          UPT              [LPS]

10.   **Complaint, *Despins v. FFP (BVI) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05056 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.**

   First Claim:          AFT (BC)      [LSNY]
   Second Claim:      AFT (NY)      [LSNY]
   Third Claim:        UPT**

11.   Complaint, *Despins v. Amazon.com, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05057 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   First Claim:          AFT (BC)*      [GSNY, HCHKT, LPS, GL]
   Second Claim:      AFT (NY)*      [GSNY, HCHKT, LPS, GL]
   Third Claim:        CFT (BC)*      [GSNY, HCHKT, LPS, GL]
   Fourth Claim:      CFT (NY)*      [GSNY, HCHKT, LPS, GL]
   Fifth Claim:         UPT*             [GSNY, LPS, GL]
   Sixth Claim:        (ST*)

12.   Complaint, *Despins v. Anthem Health Plans, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05058 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   First Claim:          UPT*             [HCHKP]

13.   Complaint, *Despins v. Fed. Express Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05059 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   First Claim:          UPT*             [LPS]

14.   Complaint, *Despins v. DJD Creative LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05063 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

   First Claim:          AFT (BC)      [HCHKT]
   Second Claim:      AFT (NY)      [HCHKT]

15.    Complaint, *Despins v. B&H Foto & Elecs. Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05069 (JAM) (Bankr. D. Conn. Feb. 10, 2024), ECF No. 1.

|  |  |  |
|---|---|---|
| First Claim: | AFT (BC)* | [GSNY, HCHKT, LPS, GL] |
| Second Claim: | AFT (NY)* | [GSNY, HCHKT, LPS, GL] |
| Third Claim: | CFT (BC)* | [GSNY, HCHKT, LPS, GL] |
| Fourth Claim: | CFT (NY)* | [GSNY, HCHKT, LPS, GL] |
| Fifth Claim: | UPT* | [GSNY, HCHKT, GL] |
| Sixth Claim: | (ST*) |  |

16.    Amended Complaint, *Despins v. Am. Express Co. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05077 (JAM) (Bankr. D. Conn. Feb. 14, 2025), ECF No. 30.

|  |  |  |
|---|---|---|
| First Claim: | UPT* | [HCHKT, HCHKP] |

17.    Complaint, *Despins v. Ohtzar Shlomo Solomon Treasure LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05082 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

|  |  |  |
|---|---|---|
| First Claim: | UPT | [HCHKP] |

18.    Complaint, *Despins v. Zeta Glob. Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05092 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

|  |  |  |
|---|---|---|
| First Claim: | AFT (BC) | [HCHKT, LPS] |
| Second Claim: | AFT (NY) | [HCHKT, LPS] |

19.    Complaint, *Despins v. GroCyber LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05100 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

|  |  |  |
|---|---|---|
| First Claim: | AFT (BC) | [HCHKT] |
| Second Claim: | AFT (NY) | [HCHKT] |

20.    Complaint, *Despins v. Conservative Campaign Tech., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05108 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

|  |  |  |
|---|---|---|
| First Claim: | AFT (BC) | [HCHKT] |
| Second Claim: | AFT (NY) | [HCHKT] |

21.    **Complaint, *Despins v. Mitchell (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05110 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.**

|  |  |  |
|---|---|---|
| First Claim: | AFT (BC) | [LPS] |
| Second Claim: | AFT (NY) | [LPS] |
| Third Claim: | CFT (BC) | [LPS] |
| Fourth Claim: | CFT (NY) | [LPS] |

22.   Complaint, *Despins v. Anthem HealthChoice Assurance, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05112 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

    First Claim:        UPT   [GSNY, LC, HCHKT]

23.   Complaint, *Despins v. ModSquad Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05114 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

    First Claim:        AFT (BC)   [HCHKT, LPS]
    Second Claim:    AFT (NY)   [GSNY, LC, HCHKT]

24.   Complaint, *Despins v. Cloudflare, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05115 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

    First Claim:        AFT (BC)*   [GSNY, HCHKT, LPS]
    Second Claim:    AFT (NY)*   [GSNY, HCHKT, LPS]
    Third Claim:     UPT*    [LPS]

25.   Complaint, *Despins v. 3 Columbus Circle LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05120 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

    First Claim:        UPT      [HCHKP]

26.   Complaint, *Despins v. Indium Software Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05122 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

    First Claim:        AFT (BC)*   [HCHKT, LPS]
    Second Claim:    AFT (NY)*   [HCHKT, LPS]
    Third Claim:     UPT      [HCHKT]

27.   Complaint, *Despins v. Miller Motorcars Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05128 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

    First Claim:        AFT (BC)   [LC]
    Second Claim:    AFT (NY)   [LC]

28.   Complaint, *Despins v. On the Spot Home Improvement, Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05130 (JAM) (Bankr. D. Conn. Feb. 11, 2024), ECF No. 1.

    First Claim:        UPT      [HCHKP]

*Continued on next page*

29. **Complaint, *Despins v. V.X. Cerda & Assocs. P.A. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05134 (JAM) (Bankr. D. Conn. Feb. 12, 2024), ECF No. 1.**

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [GSNY] |
| Second Claim: | AFT (NY) | [GSNY] |
| Third Claim: | CFT (BC) | [GSNY] |
| Fourth Claim: | CFT (NY) | [GSNY] |
| Fifth Claim: | UPT* | [GSNY, HCHKP, LPS, GL] |

30. **Amended Complaint, *Despins v. Liberty Jet Mgmt. Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05135 (JAM) (Bankr. D. Conn. Feb. 15, 2024), ECF No. 2.**

| | | |
|---|---|---|
| First Claim: | AFT (BC)* | [GSNY, LC] |
| Second Claim: | AFT (NY)* | [GSNY, LC] |

31. Complaint, *Despins v. Target Enters., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05138 (JAM) (Bankr. D. Conn. Feb. 12, 2024), ECF No. 1.

First Claim: AFT (BC) [HCHKT]
Second Claim: AFT (NY) [HCHKT]

32. Complaint, *Despins v. Flat Rate Movers, Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05141 (JAM) (Bankr. D. Conn. Feb. 12, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | UPT | [GSNY] |

33. Complaint, *Despins v. Jamestown Assocs., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05147 (JAM) (Bankr. D. Conn. Feb. 12, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [HCHKT] |
| Second Claim: | AFT (NY) | [HCHKT] |

34. Complaint, *Despins v. Nardello & Co., LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05162 (JAM) (Bankr. D. Conn. Feb. 12, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [LC, LPS] |
| Second Claim: | AFT (NY) | [LC, LPS] |

*Continued on next page*

35. **Complaint, *Despins v. Francis Firm PLLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05168 (JAM) (Bankr. D. Conn. Feb. 12, 2024), ECF No. 1.**

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [LC] |
| Second Claim: | AFT (NY) | [LC] |
| Third Claim: | CFT (BC) | [LC] |
| Fourth Claim: | CFT (NY) | [LC] |
| Fifth Claim: | UPT | [LC, LPS] |

36. **Amended Complaint, *Despins v. Berkeley Rowe Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05186 (JAM) (Bankr. D. Conn. Aug. 15, 2024), ECF No. 23.**

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [GSNY, LSNY] |
| Second Claim: | AFT (NY) | [GSNY, LSNY] |
| Third Claim: | CFT (BC) | [GSNY, LSNY] |
| Fourth Claim: | CFT (NY) | [GSNY, LSNY] |

37. **Complaint, *Despins v. Weddle Law PLLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05188 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1.**

| | | |
|---|---|---|
| First Claim: | UPT* | [HCHKT, HCHKP] |

38. Complaint, *Despins v. Morvillo Abramowitz Grand Iason & Anello P.C. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05196 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | UPT | [HCHKP, LPS] |

39. **Complaint, *Despins v. Lawall & Mitchell, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05199 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1.**

| | | |
|---|---|---|
| First Claim: | AFT (BC)* | [GSNY, LC, LPS, LSNY] |
| Second Claim: | AFT (NY)* | [GSNY, LC, LPS, LSNY] |
| Third Claim: | CFT (BC)* | [GSNY, LC, LPS, LSNY] |
| Fourth Claim: | CFT (NY)* | [GSNY, LC, LPS, LSNY] |
| Fifth Claim: | UPT* | [GSNY, LPS, GL] |
| Sixth Claim: | ST* | |

40. Complaint, *Despins v. Clayman Rosenberg Kirshner & Linder LLP (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05202 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [GSNY, LC] |
| Second Claim: | AFT (NY) | [GSNY, LC] |
| Third Claim: | UPT | [LC] |

41. **Complaint, *Despins v. G4S Sec. Sys. (H.K.) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05204 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1.**

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [LC, LSNY] |
| Second Claim: | AFT (NY) | [LC, LSNY] |
| Third Claim: | UPT | [LC] |

42. **Complaint, *Despins v. Zeisler & Zeisler, P.C. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05208 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1.**

| | | |
|---|---|---|
| First Claim: | UPT | [LC, GL] |

43. Complaint, *Despins v. Putnam's Landscaping LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05211 (JAM) (Bankr. D. Conn. Feb. 13, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [LC, GL] |
| Second Claim: | AFT (NY) | [LC, GL] |
| Third Claim: | UPT | [LC, HCHKP, GL] |

44. Complaint, *Despins v. Jason Miller (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05219 (JAM) (Bankr. D. Conn. Feb. 14, 2024), ECF No 1.

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [HCHKT, LPS] |
| Second Claim: | AFT (NY) | [HCHKT, LPS] |
| Third Claim: | CFT (BC) | [HCHKT, LPS] |
| Fourth Claim: | CFT (NY) | [HCHKT, LPS] |

45. Complaint, *Despins v. Sedgwick Realty Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05222 (JAM) (Bankr. D. Conn. Feb. 14, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | UPT | [LC] |

46. Complaint, *Despins v. Cirrus Design Corp. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 24-05225 (JAM) (Bankr. D. Conn. Feb. 14, 2024), ECF No. 1.

| | | |
|---|---|---|
| First Claim: | AFT (BC) | [LC, HCHKT, LSNY] |
| Second Claim: | AFT (NY) | [LC, HCHKT, LSNY] |
| Third Claim: | CFT (BC) | [LC, HCHKT, LSNY] |
| Fourth Claim: | CFT (NY) | [LC, HCHKT, LSNY] |
| Fifth Claim: | (ST) | |

*Continued on next page*

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 97 of
107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 93 of
103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 92 of
102

47.    **Second Amended Complaint, *Despins v. ACASS Canada LTD. (In re Kwok)*, Case
No. 22-50073 (JAM), Adv. P. No. 24-05226 (JAM) (Bankr. D. Conn. Aug. 29, 2024),
ECF No. 22.**

    First Claim:          AFT (BC)*    [GSNY, LC, HCHKT]
    Second Claim:    AFT (NY)*    [GSNY, LC, HCHKT]
    Third Claim:       UPT         [GSNY, LC]

48.    Complaint, *Despins v. Marcum LLP (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P.
No. 24-05229 (JAM) (Bankr. D. Conn. Feb. 14, 2024), ECF No. 1.

    First Claim:          AFT (BC)     [HCHKT, LPS]
    Second Claim:    AFT (NY)     [HCHKT, LPS]
    Third Claim:       CFT (BC)     [HCHKT, LPS]
    Fourth Claim:    CFT (NY)     [HCHKT, LPS]
    Fifth Claim:       UPT         [HCHKP, LPS]

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 98 of
107

Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 94 of
103

Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 93 of
102

## **APPENDIX E**
**Selected Statutory Provisions**

### **Bankruptcy Code Provisions**

Definitions

11 U.S.C. § 101(54)

(54)   The term "transfer" means—

    (A)   the creation of a lien;

    (B)   the retention of title as a security interest;

    (C)   the foreclosure of a debtor's equity of redemption; or

    (D)   each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—

        (i)   property; or

        (ii)   an interest in property.

11 U.S.C. § 541(a)(1)

(a)   The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

    (1)   Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case.

Avoidance Provisions

11 U.S.C. § 544(b)(1)

(b) (1)   Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

*Continued on next page*

11 U.S.C. § 548(a)(1)

(a) (1)  The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

   (A)    made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

   (B)    (i)    received less than reasonably equivalent value in exchange for such transfer or obligation; and

           (ii)   (I)    was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

                  (II)   was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

                  (III)  intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

                  (IV)   made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 549(a)

(a)    Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

   (1)    that occurs after the commencement of the case; and

   (2)    (A)    that is authorized only under section 303(f) or 542(c) of this title; or

           (B)    that is not authorized under this title or by the court.

*Continued on next page*

11 U.S.C. § 550(a)

(a)    Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, If the court so orders, the value of such property, from—

(1)    the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

**NYUVTA Provisions**

Definitions

N.Y. CRED. & DEBT. §§ 270(b), (f), (p)

(b)    "Asset" means property of a debtor, but the term does not include:

(1)    property to the extent it is encumbered by a valid lien;

(2)    property to the extent it is generally exempt under non-bankruptcy law; or

(3)    an interest in property held in tenancy by the entirety to the extent it is not subject to process by a creditor holding a claim against only one tenant.

. . .

(f)    "Debtor" means a person that is liable on a claim.

. . .

(p)    "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, license, and the creation of a lien or other encumbrance.

*Continued on next page*

<u>Avoidance Provisions</u>

N.Y. CRED. & DEBT. § 273(a)

(a)     A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

  (1)     with actual intent to hinder, delay or defraud any creditor of the debtor; or

  (2)     without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

      (i)     was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

      (ii)     intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

N.Y. CRED. & DEBT. §§ 274(a), (b)

(a)     A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(b)     A transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

*Continued on next page*

N.Y. Cred. & Debt. § 276(a)

(a)    In an action for relief against a transfer or obligation under this article, a creditor, subject to the limitations in section two hundred seventy-seven of this article, may obtain:

(1)    avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

(2)    an attachment or other provisional remedy against the asset transferred or other property of the transferee if available under applicable law; and

(3)    subject to principles of equity and in accordance with applicable rules of civil procedure:

(i)    an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

(ii)    appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

(iii)    any other relief the circumstances may require.

**APPENDIX F**
**Incorporated Complaints Against *Alter Egos***

1.   Golden Spring (New York) Ltd. ("Golden Spring")

Incorporated Complaint: Complaint, *Despins v. Golden Spring (N.Y.) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05018 (JAM) (Bankr. D. Conn. July 25, 2023), ECF No. 1.

Alleged State of Formation: Delaware.
First Claim: *Alter ego.*
Second Claim: Beneficial ownership of entity and/or its assets.
Third Claims: Avoidance and recovery of actual fraudulent transfer.

Disposition: Order Granting Motion for Default Judgment, *Despins v. Golden Spring (N.Y.) Ltd. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05018 (JAM) (Bankr. D. Conn. Dec. 4, 2023), ECF No. 35.

2.   Lamp Capital LLC

Incorporated Complaint: Complaint, *Despins v. Lamp Cap. LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05023 (JAM) (Bankr. D. Conn. Oct. 26, 2023), ECF No. 1.

Alleged State of Formation: Delaware.
First Claim: *Alter ego* (Lamp Capital LLC).
Second Claim: Beneficial ownership of Lamp Capital LLC and/or its assets.
Third Claim: *Alter ego* (Hudson Diamond NY LLC).
Fourth Claim: Beneficial ownership of Hudson Diamond NY LLC and/or its assets.
Fifth Claim: *Alter ego* (Leading Shine NY Ltd.).
Sixth Claim: Beneficial ownership of Leading Shine NY Ltd. and/or its assets.

Disposition: Default Judgment, *Despins v. Lamp Cap. LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05023 (JAM) (Bankr. D. Conn. Feb. 1, 2024), ECF No. 66.

*Continued on next page*

3.    HCHK Technologies, Inc.

Incorporated Complaint: Complaint, *Despins v. HCHK Techs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05013 (JAM) (Bankr. D. Conn. June 8, 2023), ECF No. 1.

Alleged State of Formation: Delaware.
First Claim: *Alter ego.*
Second Claim: Beneficial ownership of entity and/or its assets.
Third Claim: Permanent injunction.

Disposition: Amended Default Judgment and Permanent Injunction, *Despins v. HCHK Techs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05013 (JAM) (Bankr. D. Conn. June 24, 2024), ECF No. 297.

4.    HCHK Property Management, Inc.

Incorporated Complaint: Complaint, *Despins v. HCHK Techs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05013 (JAM) (Bankr. D. Conn. June 8, 2023), ECF No. 1.

Alleged State of Formation: Delaware.
First Claim: *Alter ego.*
Second Claim: Beneficial ownership of entity and/or its assets.
Third Claim: Permanent injunction.

Disposition: Amended Default Judgment and Permanent Injunction, *Despins v. HCHK Techs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05013 (JAM) (Bankr. D. Conn. June 24, 2024), ECF No. 297.

5.    Lexington Property and Staffing, Inc.

Incorporated Complaint: Complaint, *Despins v. HCHK Techs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05013 (JAM) (Bankr. D. Conn. June 8, 2023), ECF No. 1.

Alleged State of Formation: Delaware.
First Claim: *Alter ego.*
Second Claim: Beneficial ownership of entity and/or its assets.
Third Claim: Permanent injunction.

Disposition: Amended Default Judgment and Permanent Injunction, *Despins v. HCHK Techs., Inc. (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05013 (JAM) (Bankr. D. Conn. June 24, 2024), ECF No. 297.

Case 22-50073   Doc 4235-1   Filed 03/19/25   Entered 03/19/25 15:59:16   Page 105
of 107
Case 22-50073   Doc 4227-1   Filed 03/18/25   Entered 03/18/25 23:50:37   Page 101
of 103
Case 22-50073   Doc 4189   Filed 03/04/25   Entered 03/04/25 14:45:18   Page 100 of
102

6.   Greenwich Land LLC

Incorporated Complaint: Complaint, *Despins v. Greenwich Land, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05005 (JAM) (Bankr. D. Conn. Mar. 27, 2023), ECF No. 1.

Alleged State of Formation: Delaware.
First Claim: *Alter ego*
Second Claim: Beneficial ownership of entity

Disposition: Summary Judgment, *Despins v. Greenwich Land, LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05005 (JAM) (Bankr. D. Conn. July 2, 2024), ECF No. 134.

7.   Leading Shine NY Ltd.

Incorporated Complaint: Complaint, *Despins v. Lamp Cap. LLC (In re Kwok)*, Case No. 22-50073 (JAM), Adv. P. No. 23-05023 (JAM) (Bankr. D. Conn. Oct. 26, 2023), ECF No. 1.

Alleged State of Formation: Delaware.
First Claim: *Alter ego* (Lamp Capital LLC).
Second Claim: Beneficial ownership of Lamp Capital LLC and/or its assets.
Third Claim: *Alter ego* (Hudson Diamond NY LLC)
Fourth Claim: Beneficial ownership of Hudson Diamond NY LLC and/or its assets.
Fifth Claim: *Alter ego* (Leading Shine NY Ltd.)
Sixth Claim: Beneficial ownership of Leading Shine NY Ltd. and/or its assets.

Disposition: Pending.

Case 22-50073    Doc 4235-1    Filed 03/19/25    Entered 03/19/25 15:59:16    Page 106
of 107

Case 22-50073    Doc 4227-1    Filed 03/18/25    Entered 03/18/25 23:50:37    Page 102
of 103

Case 22-50073    Doc 4189    Filed 03/04/25    Entered 03/04/25 14:45:18    Page 101 of
102

<u>APPENDIX G</u>
**Briefing of Non-Joint Motions and Z&Z Objection**

| Adv. P. | Mot. ECF | Filed | Obj. ECF | Filed | Rep. ECF | Filed |
|---|---|---|---|---|---|---|
| 24-05056 *Despins v. FFP (BVI) Ltd.* | 17 | 8/12/24 | 20 | 10/11/24 | 22 | 11/11/24 |
| 24-05110 *Despins v. Mitchell* | 19 | 5/24/24 | 23 | 7/23/24 | 24 | 8/22/24 |
| 24-05134 *Despins v. V.X. Cerda & Assocs. P.A.* | 16 | 6/5/24 | 20 | 8/5/24 | 21 | 9/3/24 |
| 24-05135 *Despins v. Liberty Jet Mgmt. Corp.* | 19 | 6/20/24 | 24 | 9/16/24 | 27 | 10/16/24 |
| 24-05168 *Despins v. Francis Firm PLLC* | 15 | 5/29/24 | 19 | 7/29/24 | 20 | 8/28/24 |
| 24-05186 *Despins v. Berkeley Rowe Ltd.* | 35 | 10/12/24 | 42 | 12/11/24 | 51 | 1/10/25 |
| 24-05188 *Despins v. Weddle Law PLLC* | 11 | 4/22/24 | 17 | 6/21/24 | 27 | 8/2/24 |
| 24-05199 *Despins v. Lawall & Mitchell, LLC* | 21 | 5/24/24 | 26 | 7/23/24 | 27 | 8/22/24 |
| 24-05204 *Despins v. G4S Sec. Sys. (H.K.) Ltd.* | 19 | 8/22/24 | 23 | 10/21/24 | 25 | 11/20/24 |
| 24-05208 *Despins v. Zeisler & Zeisler, P.C.* | 17 | 8/2/24 | 21 | 9/6/24 | 22 | 9/20/24 |
| 24-05226 *Despins v. ACASS Canada LTD.* | 26 | 9/12/24 | 33 | 11/12/24 | 41 | 12/20/24 |

## APPENDIX H
**Transfer Diagrams**

Alleged Form of Transfers:

$$A_{\text{(Individual Debtor)}} \longrightarrow C_{\text{(Joint Defendant)}}$$
*(Transfer of A's property through alter ego B)*

Joint Defendants' Interpretation of Form of Transfers:

$$A_{\text{(Individual Debtor)}} = B_{\text{(Alter ego)}} \longrightarrow C_{\text{(Joint Defendant)}}$$
*(Alter ego determination)*            *(Transfer of B's property)*