**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                          :

In re:                     :     Chapter 11
                          :

HO WAN KWOK *et al.*,      :     Case No. 22-50073 (JAM)
                          :

          Debtors.[1]       :     Jointly Administered
                          :

---------------------------------------------------------x

### SEALED FIRST OMNIBUS MOTION
### OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019,
### REGARDING SETTLEMENTS WITH CERTAIN ENTITIES AND INDIVIDUALS

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court District of Connecticut (the "Local Rules"), and the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3163] (the "Mediation Procedures Order") and the Court's *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order approving Procedures Appliable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [Docket No. 3465] (the

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

"Pre-Litigation/Pre-Appearance Mediation Order" and, together with the Mediation Procedures Order, collectively, the "Procedures Orders"),[2] for entry of orders, substantially in the form of those attached hereto and more specifically identified herein (the "Proposed Orders"), approving the terms of settlement agreements (collectively, the "Settlement Agreements") reached between (a) the Trustee and (b) the following entities and individuals: (i) Baker & Hostetler LLP ("Baker Hostetler") (ii) Christopher D. Warren and Christopher D. Warren P.C. (jointly, "Warren"), (iiii) Cohn Birnbaum & Shea P.C., ("Cohn Birnbaum"), (iv) Hodgson Russ LLP ("Hodgson Russ"), (v) McManimon, Scotland & Baumann, LLC ("McManimon"), (vi) GPS Legal LLP (fka Georgiou Payne Stewien LLP and GPS McQuhae LLP) ("GPS"), (vii) Cameron Smee and Roger Smee (jointly, the "Smees"), (viii) Tucker Levin, PLLC ("Tucker Levin"), (ix) Versace USA, Inc. ("Versace") and (x) Blueberry Builders, LLC ("Blueberry" and, collectively, the Counterparties" and the Counterparties, together with the Trustee, collectively, the "Parties").[3]

In support of this Motion, the Trustee respectfully states the following:

**PRELIMINARY STATEMENT**

1.      The Trustee has reached agreements, subject to Court approval, to resolve the Trustee's claims against the respective Counterparties in Mediation Proceedings conducted pursuant to the Procedures Orders.  Judge Tancredi has issued his Mediator's Report with respect to each of the proposed settlements (collectively, the "Mediator's Reports") stating his belief that the economics and terms of each of the Settlement Agreements are fair, reasonable, and in the best interest of the Debtor's chapter 11 estate (the "Estate").

---

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Procedures Orders.

[3]    References herein to the "Parties" and the "Trustee," include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

2.      Through the proposed settlements, the Estate will obtain funds for the benefit of creditors, without the cost and uncertainty of further litigation. The terms of the Settlement Agreements will create value for creditors and are clearly in the Estate's best interests, and, accordingly, the Motion should be granted.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

## RELEVANT FACTS

**A.      Chapter 11 Case**

6.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thus commencing the Chapter 11 Case.

7.      On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

8.      On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the

Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

9.     Upon his appointment, the Trustee commenced an investigation of the Debtor's financial affairs and determined that the Debtor, through alter ego entities, made transfers to the Counterparties that were avoidable and/or recoverable under the Bankruptcy Code and/or applicable state law.

**B.     Mediation and Settlement Procedures**

10.    On May 2, 2024, the Mediation Procedures Order was entered by the Court referring the parties in the Trustee's Avoidance Actions in this case to non-binding mediation proceedings upon the appearance of counsel for the defendant in the Avoidance Action and appointing United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi" or the "Mediator") to serve as mediator.

11.    Pursuant to the Mediation Procedures Order, the Trustee has negotiated in good faith with numerous Avoidance Defendants in the Trustee's Avoidance Actions.

12.    The following Counterparties negotiated their respective proposed settlements with the Trustee pursuant to the Mediation Procedures Order: (i) Blueberry and (ii) McManimon.

13.    On August 28, 2024, the Pre-Litigation/Pre-Appearance Mediation Order was entered modifying and supplementing the Mediation Procedures Order to provide for consensual mediation of claims of the Debtor's chapter 11 estate prior to the commencement of litigation or prior to the appearance of defendants in pending adversary proceedings.

14.    Pursuant to the Pre-Litigation/Pre-Appearance Mediation Order, the Trustee has negotiated in good faith with numerous entities and individuals that the Trustee believes are recipients of transfers of the Debtor's property (prior to the Petition Date) and/or property of the

4

Estate (after the Petition Date). These include both individuals and entities that entered into negotiations with the Trustee prior to the Trustee commencing Avoidance Actions against them, as well as certain Avoidance Defendants in pending Avoidance Actions that entered into negotiations with the Trustee prior to appearing in their respective Avoidance Actions.

15.    The following Counterparties negotiated their respective proposed settlements with the Trustee pursuant to the Pre-Litigation/Pre-Appearance Mediation Order: (i) Baker Hostetler, (ii) Warren, (iii) Cohn Birnbaum, (iv) Hodgson Russ, (v) Tucker Levin, (vi) GPS, (vii) the Smees, and (viii) Versace.

16.    The Procedures Orders provide that the Trustee may request approval of proposed settlements by filing motions under seal. (See Mediation Procedures Order, at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(*v*).)

17.    In considering a motion filed by the Trustee requesting approval of the Trustee's settlement with Wildes & Weinberg, P.C. ("WW"), the Court approved of certain procedures governing the Trustee's sealed filing, reached as part of a compromise between the Trustee and the United States Trustee. *See Memorandum of Decision and Order Granting Motion to Compromise* [Main Case Docket No. 4023] (the "WW Decision"); *Notice of Filing of Revised Proposed Order Approving, Pursuant to Bankruptcy Rule 9019, Sealed Motion of Chapter 11 Trustee Regarding Settlement with Wildes & Weinberg, P.C.* [Main Case Docket No. 3865]. This Motion, and the Proposed Orders filed herewith, provide for the same sealing and confidentiality procedures that the Court approved in the WW Decision.

**C.**  <u>**Avoidance Actions and Proposed Settlements**</u>

18.  Since February 2024, the Trustee has commenced numerous Avoidance Actions against entities and individuals that the Trustee believes received transfers of the Debtor's property (prior to the Petition Date) and property of the Estate (after the Petition Date).

19.  These include the following Avoidance Actions commenced against Counterparties at issue in this Motion:

**i.  Blueberry Avoidance Action and Proposed Settlement**

20.  On February 9, 2024, the Trustee commenced an adversary proceeding against Blueberry, Adv. Proc. No. 24-5007 (the "<u>Blueberry A.P.</u>") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Prepetition and Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549 and 550 and New York Debtor & Creditor Law Sections 273, 274 and 276* [Blueberry A.P. Docket No. 1] (the "<u>Blueberry Complaint</u>") to, among other things, avoid and recover certain alleged prepetition transfers of the Debtor's property and postpetition transfers of property of the Estate that may be avoidable and/or recoverable pursuant to sections 544, 548, 549, and 550 of the Bankruptcy Code and New York Debtor & Creditor Law ("<u>NYDCL</u>") sections 273, 274 and 276.

21.  The Blueberry Complaint specified prepetition transfers made via the Debtor's alter egos totaling $426,400.50 and postpetition transfers made via the Debtor's alter egos totaling $72,572.00 (collectively, the "<u>Blueberry A.P. Transfers</u>").

22.  The Trustee has identified additional transfers to Blueberry that the Trustee asserts are avoidable pursuant to sections 549 and 550 of the Bankruptcy Code and that are not specified in the Blueberry Complaint, *i.e.*, $30,788.00 in postpetition transfers made via the Debtor's alter

egos (the "<u>Blueberry Additional Transfers</u>" and collectively with the Blueberry A.P. Transfers, the "<u>Blueberry Transfers</u>").

23.     Blueberry has denied any potential liability with respect to the Blueberry Transfers.

24.     The Trustee has negotiated a settlement agreement with Blueberry, dated October 30, 2024 (the "<u>Blueberry Settlement Agreement</u>"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 1-A**.

25.     The salient terms of the Blueberry Settlement Agreement[4] are as follows:



a.

b.

c.

d.

e.

26.     On January 16, 2025, Judge Tancredi entered his Mediator's Report in the Blueberry A.P. [Blueberry A.P. Docket No. 31] (the "<u>Blueberry Mediator's Report</u>"). The Blueberry Mediator's Report is attached hereto as **Exhibit 1-B**.

---

[4]     In the event of any inconsistency between the summary description of a Settlement Agreement in this Motion and the Settlement Agreement itself, and the terms and conditions of the Settlement Agreement shall control.

27.     As set forth in the Blueberry Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Blueberry Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Blueberry Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) ("*Iridium*").

28.     The proposed order granting this Motion as to the Trustee's proposed settlement with Blueberry is attached hereto as **Exhibit 1-C**.

### ii.     **McManimon Avoidance Action and Proposed Settlement**

29.     On February 13, 2024, the Trustee commenced an adversary proceeding against McManimon, Adv. Proc. No. 24-05194 (the "McManimon A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance of Transfers and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [McManimon A.P. Docket No. 1] (the "McManimon Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

30.     The McManimon Complaint specified prepetition transfers made via the Debtor's alter egos totaling $110,000.00 (collectively, the "McManimon A.P. Transfers").

31.     McManimon has denied any potential liability with respect to the McManimon Transfers.

32.     The Trustee has negotiated a settlement agreement with McManimon, dated December 20, 2024 (the "McManimon Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 2-A**.

33.     The salient terms of the McManimon Settlement Agreement are as follows:



34.     On January 16, 2025, Judge Tancredi entered his Mediator's Report in the McManimon A.P. [McManimon A.P. Docket No. 23] (the "McManimon Mediator's Report"). The McManimon Mediator's Report is attached hereto as **Exhibit 2-B**.

35.     As set forth in the McManimon Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the McManimon Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the McManimon Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

36.     The proposed order granting this Motion as to the Trustee's proposed settlement with McManimon is attached hereto as **Exhibit 2-C**.

### iii.    GPS Avoidance Action and Proposed Settlement

37.    On February 13, 2024, the Trustee commenced an adversary proceeding against GPS, Adv. Proc. No. 24-05213 (the "GPS A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance of Transfers and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548 and 550 and New York Debtor & Creditor Law Sections 273, 274 and 276* [GPS A.P. Docket No. 1] (the "GPS Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548 and 550 of the Bankruptcy Code and NYDCL sections 273, 274 and 276.

38.    The GPS Complaint specified prepetition transfers made via the Debtor's alter egos totaling $390,747.00 (the "GPS A.P. Transfers").

39.    GPS has denied any potential liability with respect to the GPS A.P. Transfers.

40.    The Trustee has negotiated a settlement agreement with GPS, dated November 7, 2024 (the "GPS Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 3-A**.

41.    The salient terms of the GPS Settlement Agreement are as follows:



e. ███████████████████████████████████

42.     On November 20, 2025, Judge Tancredi entered his Mediator's Report in the GPS A.P. [GPS A.P. Docket No. 17] (the "GPS Mediator's Report"). The GPS Mediator's Report is attached hereto as **Exhibit 3-B**.

43.     As set forth in the GPS Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the GPS A.P. Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the GPS Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

44.     The proposed order granting this Motion as to the Trustee's proposed settlement with GPS is attached hereto as **Exhibit 3-C**.

iv.     **Smees Avoidance Action and Proposed Settlement**

45.     On February 15, 2024, the Trustee commenced an adversary proceeding against Smee, among others, Adv. Proc. No. 24-05271 (the "Omnibus A.P.") by filing the *Omnibus Complaint of Chapter 11 Trustee Seeking Avoidance of Transfers and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549 and 550 and New York Debtor & Creditor Law Sections 273, 274 and 276* [Omnibus A.P. Docket No. 1] (the "Omnibus Complaint") to, among other things, avoid and recover certain alleged postpetition transfers to the Smees that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

11

46.     The Omnibus Complaint specified postpetition transfers made via the Debtor's alter egos totaling $119,900.00 (the "Smees Omnibus A.P. Transfers").

47.     The Trustee has identified additional transfers to the Smees that the Trustee asserts are avoidable pursuant to sections 549 and 550 of the Bankruptcy Code and that are not specified in the Omnibus Complaint, *i.e.*, $70,789.00 in postpetition transfers made via the Debtor's alter egos (the "Smees Additional Transfers" and collectively with the Smees Omnibus A.P. Transfers, the "Smees Transfers").

48.     The Smees have denied any potential liability with respect to the Smees Transfers.

49.     The Trustee has negotiated a settlement agreement with the Smees, dated March 18, 2025 (the "Smees Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 4-A**.

50.     The salient terms of the Smees Settlement Agreement are as follows:



a.

b.

c.

c.

d.

51.    On November 20, 2024, Judge Tancredi entered his Mediator's Report in the Omnibus A.P. [Omnibus A.P. Docket No. 17] (the "Smees Mediator's Report"). The Smees Mediator's Report is attached hereto as **Exhibit 4-B**.[5]

52.    As set forth in the Smees Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Smees Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Smees Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

53.    The proposed order granting this Motion as to the Trustee's proposed settlement with the Smees is attached hereto as **Exhibit 4-C**.

**v.    Versace Avoidance Action and Proposed Settlement**

54.    On February 10, 2024, the Trustee commenced an adversary proceeding against Versace, Adv. Proc. No. 24-5034 (the "Versace A.P." and, together with the Blueberry A.P., the McManimon A.P., the GPS A.P., and the Omnibus A.P., collectively, the "Relevant Adversary Proceedings") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [Versace A.P. Docket No. 1] (the "Versace Complaint") to, among other things, avoid and recover

---

[5]

certain alleged postpetition transfers of property of the Estate that may be avoidable and/or
recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

55.     The Versace Complaint specified postpetition transfers made via the Debtor's alter
egos totaling $1,200,487.50 (collectively, the "Versace A.P. Transfers").

56.     The Trustee has identified additional transfers to Versace, certain of which the
Trustee asserts are avoidable pursuant to sections 549 and 550 of the Bankruptcy Code, and that
are not specified in the Versace Complaint, *i.e.*, $1,131,492.65 in prepetition transfers and
$320,747.33 in postpetition transfers made via the Debtor's alter egos (the "Versace Additional
Transfers" and collectively with the Versace A.P. Transfers, the "Versace Transfers").

57.     Versace has denied any potential liability with respect to the Versace Transfers.

58.     The Trustee has negotiated a settlement agreement with Versace, dated February 4,
2024 (the "Versace Settlement Agreement"), subject to Court approval, a true and accurate copy
of which is attached hereto as **Exhibit 5-A**.

59.     The salient terms of the Versace Settlement Agreement are as follows:



d. 

e.

f.

60.     On January 16, 2025, Judge Tancredi entered his Mediator's Report in the Versace

A.P. [Versace A.P. Docket No. 31] (the "Versace Mediator's Report").  The Versace Mediator's

Report is attached hereto as **Exhibit 5-B**.

61.     As set forth in the Versace Mediator's Report, Judge Tancredi examined the claims

and potential defenses and other facts and circumstances related to the Versace Transfers based

upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11

Case, and recommended that the Court find that the economics and terms of the Versace Settlement

Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards

of *Iridium*.

62.     The proposed order granting this Motion as to the Trustee's proposed settlement

with Versace is attached hereto as **Exhibit 5-C**.

---

7

D.    **Pre-Litigation Proposed Settlements**

63.    In addition to the Trustee's avoidance claims already in suit, the Trustee's investigation has identified numerous other entities and individuals, which the Trustee has not yet sued, that received transfers of the Debtor's property (prior to the Petition Date) and/or property of the Estate (after the Petition Date).

64.    When feasible and under otherwise appropriate circumstances (including where transferees have agreed to toll any applicable statutes of limitations), the Trustee has sought to negotiate resolutions of avoidance claims prior to commencing Avoidance Actions.

65.    These include the following Counterparties at issue in this Motion:

i.    **Baker Hostetler Transfers and Proposed Settlement**

66.    The Trustee has identified prepetition and postpetition transfers in the amount of $1,744,481.01 made to Baker Hostetler via the Debtor's alter egos (collectively, the "Baker Hostetler Transfers") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state law), 548, 549 and 550.

67.    Baker Hostetler has denied any potential liability with respect to the Baker Hostetler Transfers.

68.    The Trustee has negotiated a settlement agreement with Baker Hostetler, dated January 30, 2025 (the "Baker Hostetler Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 6-A**.

69.    The salient terms of the Baker Hostetler Settlement Agreement are as follows:

a.    ████████████████████████████████████████████████

b. 

c.

d.

e.

.

70.    The Trustee and Baker Hostetler submitted the Baker Hostetler Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

71.    On February 25, 2025, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Baker Hostetler (the "Baker Hostetler Mediator's Report"). The Baker Hostetler Mediator's Report is attached hereto as **Exhibit 6-B**.

72.    As set forth in the Baker Hostetler Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Baker Hostetler Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Baker Hostetler Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

73.    The proposed order granting this Motion as to the Trustee's proposed settlement with Baker Hostetler is attached hereto as **Exhibit 6-C**.

ii.    **Warren Transfers and Proposed Settlement**

74.    The Trustee has identified prepetition transfers in the amount of $129,950.00 made to Warren via the Debtor's alter egos (collectively, the "Warren Transfers") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state law), 548, and 550.

75.    Warren has denied any potential liability with respect to the Warren Transfers.

76.    The Trustee has negotiated a settlement agreement with Warren, dated August 21, 2024 (the "Warren Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 7-A**.

77.    The salient terms of the Warren Settlement Agreement are as follows:

a.    ████████████████████████████████████████

b.    ████████████████████████████████████████

c.    ████████████████████████████████████████

d.    ████████████████████████████████████████

78.    The Trustee and Warren submitted the Warren Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

79.    On November 4, 2024, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Warren (the "Warren Mediator's Report"). The Warren Mediator's Report is attached hereto as **Exhibit 7-B**.

80.     As set forth in the Warren Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Warren Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Warren Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

81.     The proposed order granting this Motion as to the Trustee's proposed settlement with Warren is attached hereto as **Exhibit 7-C**.

### iii.    Cohn Birnbaum Transfers and Proposed Settlement

82.     The Trustee has identified postpetition transfers in the amount of $106,610.00 made to Cohn Birnbaum via the Debtor's alter egos (collectively, the "Cohn Birnbaum Transfers") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 549 and 550.

83.     Cohn Birnbaum has denied any potential liability with respect to the Cohn Birnbaum Transfers.

84.     The Trustee has negotiated a settlement agreement with Cohn Birnbaum, dated September 11, 2024 (the "Cohn Birnbaum Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 8-A**.

85.     The salient terms of the Cohn Birnbaum Settlement Agreement are as follows:

a.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

b.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



86.     The Trustee and Cohn Birnbaum submitted the Cohn Birnbaum Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

87.     On November 4, 2024, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Cohn Birnbaum (the "Cohn Birnbaum Mediator's Report"). The Cohn Birnbaum Mediator's Report is attached hereto as **Exhibit 8-B**.

88.     As set forth in the Cohn Birnbaum Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Cohn Birnbaum Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Cohn Birnbaum Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

89.     The proposed order granting this Motion as to the Trustee's proposed settlement with Cohn Birnbaum is attached hereto as **Exhibit 8-C**.

---

8

### iv.    Hodgson Russ Transfers and Proposed Settlement

90.    The Trustee has identified prepetition and postpetition transfers in the amount of $2,220,767.63 made to Hodgson Russ via the Debtor's alter egos (collectively, the "<u>Hodgson Russ Transfers</u>") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state law), 548, 549, and 550.

91.    Hodgson Russ has denied any potential liability with respect to the Hodgson Russ Transfers.

92.    The Trustee has negotiated a settlement agreement with Hodgson Russ, dated November 21, 2024, which settlement agreement amended and superseded a settlement agreement dated September 17, 2024 (as amended, the "<u>Hodgson Russ Settlement Agreement</u>"), subject to Court approval, a true and accurate copy of which is attached hereto as **<u>Exhibit 9-A</u>**.

93.    The salient terms of the Hodgson Russ Settlement Agreement are as follows:



a. 

b. 

c. 

d. 

94.    The Trustee and Hodgson Russ submitted the Hodgson Russ Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

95.     On November 4, 2024, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Hodgson Russ (the "Hodgson Russ Mediator's Report"). The Hodgson Russ Mediator's Report is attached hereto as **Exhibit 9-B**.

96.     As set forth in the Hodgson Russ Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Hodgson Russ Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Hodgson Russ Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

97.     The proposed order granting this Motion as to the Trustee's proposed settlement with Hodgson Russ is attached hereto as **Exhibit 9-C**.

v.     **Tucker Levin Transfers and Proposed Settlement**

98.     The Trustee has identified a prepetition transfer in the amount of $500,000.00 made to Tucker Levin via the Debtor's alter ego (the "Tucker Levin Transfer") which the Trustee believes is subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state law), 548, and 550.

99.     Tucker Levin has denied any potential liability with respect to the Tucker Levin Transfer.

100.    The Trustee has negotiated a settlement agreement with Tucker Levin, dated August 15, 2024 (the "Tucker Levin Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 10-A**.

101.    The salient terms of the Tucker Levin Settlement Agreement are as follows:

a. 

b.

c.

d.

102.    The Trustee and Tucker Levin submitted the Tucker Levin Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

103.    On November 4, 2024, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Tucker Levin (the "Tucker Levin Mediator's Report").  The Tucker Levin Mediator's Report is attached hereto as **Exhibit 10-B**.

104.    As set forth in the Tucker Levin Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Tucker Levin Transfer based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Tucker Levin Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

105.    The proposed order granting this Motion as to the Trustee's proposed settlement with Tucker Levin is attached hereto as **Exhibit 10-C**.

## RELIEF REQUESTED

106.    By this Motion, the Trustee seeks entry of orders pursuant to Bankruptcy Rule 9019(a) approving each of the Settlement Agreements in their entirety and authorizing the Parties to enter and implement each of the Settlement Agreements in accordance with its respective terms.

## BASIS FOR THE RELIEF REQUESTED

### I.    Standard for Approving the Settlement Agreements

107.    To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003). The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

108.    Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)). Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and

24

delay" . . . ; (3) the "paramount interests of the creditors," including each
affected class's relative benefits "and the degree to which creditors
either do not object to or affirmatively support the proposed settlement";
(4) whether other parties in interest support the settlement; (5) the
"competency and experience of counsel" supporting, and "[t]he
experience and knowledge of the bankruptcy court judge" reviewing,
the settlement; (6) "the nature and breadth of releases to be obtained by
officers and directors"; and (7) "the extent to which the settlement is the
product of arm's length bargaining."

*Iridium*, 478 F.3d at 462.

## II.    <u>The Settlement Agreements Should Be Approved</u>

109.    The Settlement Agreements are a positive outcome for the Estate and, by extension,

the creditors of the Estate, and represent fair and reasonable compromises under the circumstances

and considering the applicable *Iridium* factors.

110.    The Settlement Agreements provide for the Estate to obtain the respective

settlement amounts set forth in each without further litigation, the cost of which may be substantial

compared to the amounts at issue in the Trustee's Claims.   Other Avoidance Defendants have

asserted and continue to assert defenses to the Trustee's claims.   While the Trustee is confident in

the merits of the Claims and has litigated them successfully to date[9], he recognizes that any

litigation carries uncertainty.    Moreover, the proposed settlements will result in the Estate

obtaining funds without delay arising from litigation and potential appeals.

111.    Other factors considered by the Trustee in negotiating the proposed settlements

include, without limitation, litigation expense, ability to collect on a future judgment, and the

extent to which any Counterparty has cooperated with the Trustee's investigation.   The Trustee

---

[9]    *See, e.g., Memorandum of Decision and Order (I) Denying Joint Defendants' Motions to Dismiss or for Judgment
on the Pleadings; (II) Denying in Part Other Defendants' Motions to Dismiss; and (III) Overruling in Part Zeisler
& Zeisler P.C.'s Objection to the Trustee's Motion for Judgment on the Pleadings* [Docket No. 4189]

has considered these factors, as well as litigation risk and delay, on a case-by-case basis as to each of the proposed settlements and will be prepared to address any questions the Court may have at a hearing on this Motion.

112. Importantly, Judge Tancredi has reviewed the terms of each of the Settlement Agreements pursuant to the Mediation Procedures. The Trustee and the Counterparties acknowledge and are grateful to Judge Tancredi for his service. As set forth in the Mediator's Reports, Judge Tancredi has examined "the claims and potential defenses and other facts and circumstances relating to [the respective transfers at issue in each settlement] along with the highly complex and contested nature of the" Chapter 11 Case, and that he believes "the economics and terms of the settlement agreement[s] are fair, reasonable, and in the best interests of the [Estate] as measured by the standards of" *Iridium*.

113. The Trustee thus believes the proposed Settlement Agreements satisfy Bankruptcy Rule 9019 and should be approved.

## NOTICE AND SEALED FILING

114. This Motion and the attached Settlement Agreements have been filed under seal in the Chapter 11 Case, and in the Relevant Adversary Proceedings,[10] pursuant to the Procedures Orders, and the sealing procedures approved by the Court under its WW Decision, because the Trustee believes: (a) public disclosure of the settlement terms would harm the Estate, and (b) the settlement terms constitute commercially sensitive and otherwise confidential information. (*See* Mediation Procedures Order at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(*v*).)

---

[10] In filing this Motion in the Relevant Adversary Proceedings, the Trustee has only attached the exhibits applicable to each respective adversary proceeding.

115.    The terms of the settlements constitute commercially sensitive information, because, among other things, their disclosure would prejudice the Trustee's ability to resolve similar claims against other defendants and potential defendants; and the terms are otherwise confidential because the Settlement Agreements negotiated by the Parties provide for their confidentiality to be maintained.  *See* WW Decision, p. 15 ("The terms of the settlement agreement are confidential commercial information that must be sealed upon the Trustee's request.").

116.    Upon filing, the Trustee will send a copy of the sealed version of this Motion with the appended Settlement Agreements to: (a) counsel for the Official Committee of Unsecured Creditors (the "Committee"), and (b) the United States Trustee.  (*See* Mediation Procedures Order at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(v).)

117.    The Trustee will also file a redacted version of this Motion, redacting confidential and commercially sensitive information and omitting the Settlement Agreements, on the public docket (the "Redacted Filing").  (*Id.*)  Pursuant to the *Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* dated October 15, 2024 [Main Case Docket No. 3685], the Redacted Filing, and notice of any hearings scheduled in connection therewith, shall be served upon (i) the United States Trustee, (ii) counsel for the Debtor, (iii) counsel for the Committee (iv) the counterparty to the settlements (which counterparty may be served via counsel) (v) by electronic filing CM/ECF to all appearing parties that utilize the CM/ECF system and (vi) any party that requested notice in this Chapter 11 case, but is unable to accept electronic filing, as indicated on the Notice of Electronic Filing.

118.    In addition, the Trustee will serve each Counterparty to a settlement requested for approval under this Motion with a version of the Redacted Filing that omits any redactions of discussion of the proposed settlement with that Counterparty.[11]

119.    Consistent with the WW Decision, within 180 days after entry of any order approving a settlement proposed by this Motion (or the next business day thereafter), the Trustee shall file a notice on the docket of the Chapter 11 case (and the adversary proceeding relating to the settled claim, if any) (the "<u>Settlement Notice</u>") which Settlement Notice shall refer to the docket numbers and dates of this Motion and the Order, attach an unredacted copy of the respective Settlement Agreement and the following information with respect to the respective Settlement Agreement: (i) settling parties; (ii) settlement amount; (iii) date the settlement funds were received by the Trustee; (iv) docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee. Upon the filing of the Settlement Notice, the Clerk of the Court shall unseal the redacted Motion and respective Settlement Agreement.

<u>**NO PREVIOUS REQUEST**</u>

120.    No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

---

[11]    By way of example, as to Blueberry, the Trustee will provide its counsel a version of this Motion without redactions in section C(*i*) but that otherwise retains the redactions as filed on the public docket.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Orders granting the relief requested in the Motion and such other relief as is just and proper.

Dated:  March 26, 2025  LUC A. DESPINS,
New Haven, Connecticut  CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
     Patrick R. Linsey (ct29437)
     NEUBERT, PEPE & MONTEITH, P.C.
     195 Church Street, 13th Floor
     New Haven, Connecticut 06510
     (203) 781-2847
     plinsey@npmlaw.com

          *and*

     Nicholas A. Bassett (*pro hac vice* pending)
     PAUL HASTINGS LLP
     2050 M Street NW
     Washington, D.C., 20036
     (202) 551-1902
     nicholasbassett@paulhastings.com

          *and*

     Douglass Barron (*pro hac vice* pending)
     PAUL HASTINGS LLP
     200 Park Avenue
     New York, New York 10166
     (212) 318-6690
     douglassbarron@paulhastings.com

     *Counsel for the Chapter 11 Trustee*

## **EXHIBIT 1-A**

**Filed Under Seal**

## **EXHIBIT 1-B**

### **Blueberry Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|      Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05007 (JAM) |
|      Plaintiff, | |
| v. | |
| Blueberry Builders, LLC, | |
|      Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the Trustee and Defendant

Blueberry Builders, LLC have stipulated to submit their dispute to mediation. As

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the appointed mediator, I am pleased to report that those parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by the Chapter 11 Trustee, along with the highly complex and contested nature of this bankruptcy case, I recommend that the Court find that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: January 16, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 1-C**

**Proposed Order Approving Blueberry Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

----------------------------------------------------x
                   :

In re:                        :    Chapter 11
                   :

HO WAN KWOK *et al.*,      :    Case No. 22-50073 (JAM)
                   :

        Debtors.[1]       :    Jointly Administered
                   :
----------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11 TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE AND BLUEBERRY BUILDERS, LLC**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "Blueberry Settlement Agreement") between the Trustee and Blueberry Builders, LLC ("Blueberry") as more specifically described in the Motion and attached to the Motion as Exhibit 1-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Blueberry (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Blueberry Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.    The Motion is GRANTED with respect to the relief requested as to Blueberry and the Blueberry Settlement Agreement, as provided herein.

2.    Pursuant to Fed. R. Bankr. P. 9019, the Blueberry Settlement Agreement is approved.

3.    As contemplated by the Procedures Orders, the redacted portions of the Motion and the Blueberry Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.    The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the Blueberry A.P.,, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of Blueberry Settlement Agreement, and (iii) contain the following information regarding the Blueberry Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly

2

operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Blueberry Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Blueberry Settlement Agreement.

**EXHIBIT 2-A**

**Filed Under Seal**

**EXHIBIT 2-B**

**McManimon Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05194 (JAM) |
| Plaintiff, | |
| v. | |
| McManimon, Scotland & Baumann, LLC, | |
| Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the Trustee and Defendant McManimon, Scotland & Baumann, LLC have stipulated to submit their dispute to

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

mediation. As the appointed mediator, I am pleased to report that those parties have reached a settlement and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by the Chapter 11 Trustee, along with the highly complex and contested nature of this bankruptcy case, I recommend that the Court find that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: January 16, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## EXHIBIT 2-C

**Proposed Order Approving McManimon Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                                     :    Chapter 11
                                                           :
HO WAN KWOK *et al*.,                                      :    Case No. 22-50073 (JAM)
                                                           :
                         Debtors.[1]                      :    Jointly Administered
                                                           :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND MCMANIMON, SCOTLAND & BAUMANN, LLC**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "McManimon Settlement Agreement") between the Trustee and McManimon,

Scotland & Baumann, LLC ("McManimon") as more specifically described in the Motion and

attached to the Motion as Exhibit 2-A; and the Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter

constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient

notice having been given under the particular circumstances and it appears that no other or further

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
      LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
      for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
      Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
      of notices and communications).

[2]   Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and McManimon (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the McManimon Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED THAT**:

1.     The Motion is GRANTED with respect to the relief requested as to McManimon and the McManimon Settlement Agreement, as provided herein.

2.     Pursuant to Fed. R. Bankr. P. 9019, the McManimon Settlement Agreement is approved.

3.     As contemplated by the Procedures Orders, the redacted portions of the Motion and the McManimon Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.     The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the McManimon A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the McManimon Settlement Agreement, and (iii) contain the following information regarding the McManimon Settlement Agreement: (a) the settling parties; (b) the settlement

amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the McManimon Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the McManimon Settlement Agreement.

## EXHIBIT 3-A

**Filed Under Seal**

## **EXHIBIT 3-B**

**GPS Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|      Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05213 (JAM) |
|      Plaintiff, | |
| v. | |
| Georgiou Payne Stewien LLP, | |
|      Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the Trustee and Defendant GPS Legal LLP (fka Georgiou Payne Stewien LLP and GPS McQuhae LLP) have

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that those parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by the Chapter 11 Trustee, along with the highly complex and contested nature of this bankruptcy case, I recommend that the Court find that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 20, 2024
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

2

### <u>EXHIBIT  3-C</u>

**Proposed Order Approving GPS Legal LLP Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                              :     Chapter 11
:
HO WAN KWOK *et al.*,                                :     Case No. 22-50073 (JAM)
:
Debtors.[1]                     :     Jointly Administered
:
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11**
**TRUSTEE AND GPS LEGAL LLP**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "GPS Settlement Agreement") between the Trustee and GPS Legal LLP (fka

Georgiou Payne Stewien LLP and GPS McQuhae LLP) ("GPS") as more specifically described in

the Motion and attached to the Motion as Exhibit 3-A; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due

and sufficient notice having been given under the particular circumstances and it appears that no

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and GPS (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the GPS Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to GPS and the GPS Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the GPS Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the GPS Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the GPS A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the GPS Settlement Agreement, and (iii) contain the following information regarding the GPS Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating

2

report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the GPS Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the GPS Settlement Agreement.

## **EXHIBIT 4-A**


**Filed Under Seal**

# **EXHIBIT 4-B**

**Smees Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|     Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05271 (JAM) |
|     Plaintiff, | |
| v. | |
| Weihua Li, et al., | |
|     Defendants. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the Trustee and Defendants Roger Smee and Cameron Smee have stipulated to submit their dispute to mediation. As

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the appointed mediator, I am pleased to report that those parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by the Chapter 11 Trustee, along with the highly complex and contested nature of this bankruptcy case, I recommend that the Court find that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 20, 2024
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# EXHIBIT 4-C

**Proposed Order Approving the Smee Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK *et al.*,                                  :    Case No. 22-50073 (JAM)
                                                       :
              Debtors.[1]                              :    Jointly Administered
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11**
**TRUSTEE AND CAMERON SMEE AND ROGER SMEE**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Smees Settlement Agreement") between the Trustee and Cameron Smee and

Roger Smee (jointly, the "Smees") as more specifically described in the Motion and attached to

the Motion as Exhibit 4-A; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having

been given under the particular circumstances and it appears that no other or further notice need

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and the Smees (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Smees Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to the Smees and the Smees Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Smees Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Smees Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the Smees A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Smees Settlement Agreement, and (iii) contain the following information regarding the Smees Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating

2

reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Smees Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Smees Settlement Agreement.

## **EXHIBIT 5-A**


**Filed Under Seal**

## **EXHIBIT 5-B**

**Versace Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

### PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Versace USA, Inc. have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: February 25, 2025
Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

# **EXHIBIT 5-C**

**Proposed Order Approving Versace Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK *et al*.,                                  :    Case No. 22-50073 (JAM)
                                                       :
                        Debtors.[1]                    :    Jointly Administered
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND VERSACE USA, INC.**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Versace Settlement Agreement") between the Trustee and Versace USA, Inc.

("Versace") as more specifically described in the Motion and attached to the Motion as Exhibit 5-

A; and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the

particular circumstances and it appears that no other or further notice need be provided, *see Order*

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
      LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
      for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
      Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
      of notices and communications).

[2]   Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

*Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Versace (collectively, the "<u>Parties</u>") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Versace Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Versace and the Versace Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Versace Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Versace Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "<u>Six Month Anniversary Date</u>"), to file a notice (the "<u>Settlement Notice</u>") on the docket of the jointly administered Chapter 11 cases and the Versace A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Versace Settlement Agreement, and (iii) contain the following information regarding the Versace Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating

2

reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.       Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.       The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Versace Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.       This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Versace Settlement Agreement.

## **EXHIBIT 6-A**

**Filed Under Seal**

# **EXHIBIT 6-B**

**Baker Hostetler Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation,*

*Appointing the Honorable James J. Tancredi as Mediator, and Amending Order*

*Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to*

*Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No.

3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Baker &

Hostetler LLP have stipulated to submit their dispute to mediation. As the

appointed mediator, I am pleased to report that the parties have reached a

settlement (with minimal involvement by me) and, to the best of my knowledge,

complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and

circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: February 25, 2025
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

# **EXHIBIT_6-C**

**Proposed Order Approving Baker Hostetler Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK *et al*.,                                  :    Case No. 22-50073 (JAM)
                                                       :
             Debtors.[1]                               :    Jointly Administered
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND BAKER HOSTETLER**

Upon the motion (the "<u>Motion</u>")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>")

of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief, approval of the settlement

agreement (the "<u>Baker Hostetler Settlement Agreement</u>") between the Trustee and Baker &

Hostetler LLP ("<u>Baker Hostetler</u>") as more specifically described in the Motion and attached to

the Motion as Exhibit 6-A; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having

been given under the particular circumstances and it appears that no other or further notice need

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Baker Hostetler (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Baker Hostetler Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Baker Hostetler and the Baker Hostetler Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Baker Hostetler Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Baker Hostetler Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Baker Hostetler Settlement Agreement, and (iii) contain the following information regarding the Baker Hostetler Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly

operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Baker Hostetler Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Baker Hostetler Settlement Agreement.

# **EXHIBIT 7-A**

**Filed Under Seal**

# **EXHIBIT 7-B**

**Warren Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

### PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation,*

*Appointing the Honorable James J. Tancredi as Mediator, and Amending Order*

*Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to*

*Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No.

3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Christopher D.

Warren, P.C. and Christopher D. Warren have stipulated to submit their dispute to

mediation. As the appointed mediator, I am pleased to report that the parties have

reached a settlement (with minimal involvement by me) and, to the best of my

knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and

circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2024
Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

# **EXHIBIT 7-C**

**Proposed Order Approving Warren Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK *et al.*,                                  :    Case No. 22-50073 (JAM)
                                                       :
                     Debtors.[1]                       :    Jointly Administered
                                                       :
-------------------------------------------------------x

### [PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11 TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE AND CHRISTOPHER D. WARREN AND CHRISTOPHER D. WARREN P.C.

Upon the motion (the "<u>Motion</u>")[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief, approval of the settlement agreement (the "<u>Warren Settlement Agreement</u>") between the Trustee and Christopher D. Warren and Christopher D. Warren P.C. (jointly, "<u>Warren</u>") as more specifically described in the Motion and attached to the Motion as Exhibit 8-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Warren (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Warren Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Warren and the Warren Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Warren Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Warren Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Warren Settlement Agreement, and (iii) contain the following information regarding the Warren Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating

report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Warren Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Warren Settlement Agreement.

## EXHIBIT 8-A

**Filed Under Seal**

# **EXHIBIT 8-B**

## **Cohn Birnbaum Mediator's Report**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

**PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT**

I, Judge James J. Tancredi, respectfully submit this report pursuant to
paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation,
Appointing the Honorable James J. Tancredi as Mediator, and Amending Order
Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to
Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No.
3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Cohn Birnbaum
& Shea P.C. have stipulated to submit their dispute to mediation. As the appointed
mediator, I am pleased to report that the parties have reached a settlement (with
minimal involvement by me) and, to the best of my knowledge, complied with the
applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and
circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo,
and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number:
9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever
Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan
Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

      Dated: November 4, 2024
      Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# **EXHIBIT 8-C**

**Proposed Order Approving Cohn Birnbaum Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
: 
In re:                                   :    Chapter 11
: 
HO WAN KWOK *et al*.,            :    Case No. 22-50073 (JAM)
: 
           Debtors.[1]       :    Jointly Administered
: 
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11**
**TRUSTEE AND COHN BIRNBAUM & SHEA P.C.**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Cohn Birnbaum Settlement Agreement") between the Trustee and Cohn

Birnbaum & Shea P.C., ("Cohn Birnbaum") as more specifically described in the Motion and

attached to the Motion as Exhibit 9-A; and the Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter

constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient

notice having been given under the particular circumstances and it appears that no other or further

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Cohn Birnbaum (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Cohn Birnbaum Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED THAT**:

1.    The Motion is GRANTED with respect to the relief requested as to Cohn Birnbaum and the Cohn Birnbaum Settlement Agreement, as provided herein.

2.    Pursuant to Fed. R. Bankr. P. 9019, the Cohn Birnbaum Settlement Agreement is approved.

3.    As contemplated by the Procedures Orders, the redacted portions of the Motion and the Cohn Birnbaum Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.    The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Cohn Birnbaum Settlement Agreement, and (iii) contain the following information regarding the Cohn Birnbaum Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date

the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Cohn Birnbaum Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Cohn Birnbaum Settlement Agreement.

## **EXHIBIT 9-A**

**Filed Under Seal**

# **EXHIBIT 9-B**

**Hodgson Russ Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|     Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Hodgson Russ LLP have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2024
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# **EXHIBIT 9-C**

**Proposed Order Approving Hodgson Russ Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK *et al*.,                                 :    Case No. 22-50073 (JAM)
                                                      :
                    Debtors.[1]                       :    Jointly Administered
                                                      :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND HODGSON RUSS LLP**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Hodgson Russ Settlement Agreement") between the Trustee and Hodgson Russ

LLP ("Hodgson Russ") as more specifically described in the Motion and attached to the Motion

as Exhibit 10-A; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been

given under the particular circumstances and it appears that no other or further notice need be

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Hodgson Russ (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Hodgson Russ Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Hodgson Russ and the Hodgson Russ Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Hodgson Russ Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Hodgson Russ Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Hodgson Russ Settlement Agreement, and (iii) contain the following information regarding the Hodgson Russ Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly

operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Hodgson Russ Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Hodgson Russ Settlement Agreement.

## **EXHIBIT 10-A**

**Filed Under Seal**

## EXHIBIT 10-B

**Tucker Levin Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation,*

*Appointing the Honorable James J. Tancredi as Mediator, and Amending Order*

*Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to*

*Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No.

3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Tucker Levin,

PLLC have stipulated to submit their dispute to mediation, which I have accepted.

As the appointed mediator, I am pleased to report that the parties have reached a

settlement (with minimal involvement by me) and, to the best of my knowledge,

complied with the appropriate Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and

circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2024
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

# **EXHIBIT 10-C**

**Proposed Order Approving Tucker Levin Settlement Agreement**

## **EXHIBIT 10-C**

**Proposed Order Approving Tucker Levin Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK *et al.*,                                  :    Case No. 22-50073 (JAM)
                                                       :
                      Debtors.[1]                      :    Jointly Administered
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11**
**TRUSTEE AND TUCKER LEVIN, PLLC**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Tucker Levin Settlement Agreement") between the Trustee and Tucker Levin,

PLLC ("Tucker Levin") as more specifically described in the Motion and attached to the Motion

as Exhibit 11-A; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been

given under the particular circumstances and it appears that no other or further notice need be

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
       for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Tucker Levin (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Tucker Levin Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Tucker Levin and the Tucker Levin Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Tucker Levin Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Tucker Levin Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Tucker Levin Settlement Agreement, and (iii) contain the following information regarding the Tucker Levin Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating

report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed

before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of

the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to

Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the

adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full

access to any information and/or documents filed on the docket or submitted to the Court in this

case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents, and papers and to

take any and all actions reasonably necessary or appropriate to consummate the settlement

reflected in the Tucker Levin Settlement Agreement and to perform any and all obligations

contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and

enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or

related to this Order and to the Tucker Levin Settlement Agreement.