**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                           :

In re:                          :   Chapter 11
                           :

HO WAN KWOK, *et al.*,[1]         :   Case No. 22-50073 (JAM)
                           :

             Debtors.      :   (Jointly Administered)
                           :

---------------------------------------------------------------x
                           :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                  :
                           :   Adv. Proceeding No. 24-5225 (JAM)
            Plaintiff,      :
v.                       :
                           :

CIRRUS DESIGN CORPORATION and  :
QIANG GUO,                :
                           :
           Defendants.     :
---------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S (A) MOTION TO HOLD REMOTE HEARING AND (B)**
**NOTICE OF REVISED [PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S**
**MOTION TO RETAIN SAGE-POPOVICH, INC. AS REPOSSESSION AGENT TO**
**REPOSSESS CIRRUS SF50 AIRCRAFT**

Pursuant to section 105(a) of the Bankruptcy Code and Rule 1001 of the Federal Rules of

Bankruptcy Procedure, Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee")

appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby

respectfully moves (the "Motion") the Court to enter the proposed order, attached hereto as

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address
for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc
A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

**Exhibit 1**, providing that the hearing (the "Hearing") scheduled for April 1, 2025, at 1:00 p.m., in the Chapter 11 Case and the above-captioned adversary proceeding (the "Adversary Proceeding"), shall be held on a remote basis using the Court's Zoom.gov platform. The Trustee further gives notice of a revised proposed order granting the Trustee's *Motion to Retain Sage-Popovich, Inc. as Repossession Agent to Repossess SF50 Aircraft* [Main Case ECF No. 4225, Adv. ECF No. 67] (the "Retention Motion"), which is the sole matter scheduled to be considered at the Hearing.

In support of the Motion, the Trustee states the following:

1. On March 18, 2025, the Trustee filed the Retention Motion in the Chapter 11 Case and in the Adversary Proceeding. The Court set an objection deadline of March 28, 2025, and scheduled the Hearing on the Retention Motion for April 1, 2025, at 1:00 p.m., at the United States Bankruptcy Court, 915 Lafayette Blvd., Room 123, Bridgeport, Connecticut [Main Case ECF No. 4233, Adv. ECF No. 71].

2. Based on informal comments from the United States Trustee, the Trustee has prepared a revised proposed order, which is attached hereto as **Exhibit 2** (the "Revised Order") and in a redline form marked to show changes from the proposed order filed with the Retention Motion as **Exhibit 3**.

3. The deadline to object to the Retention Motion has passed and no objections have been filed. Counsel for the United States Trustee has advised that the United States Trustee does not object to the Motion being granted pursuant to the Revised Order. No other matters in connection with the Chapter 11 Case are scheduled to be heard on April 1, 2025.

4. In light of the absence of any objections to the Retention Motion, and in the interest of minimizing expense to the Debtor's estate, the Trustee respectfully requests that the Hearing be held on a remote basis using the Court's Zoom.gov platform. Counsel for the United States Trustee

has indicated that the United States Trustee does not object to the Hearing going forward on a remote basis.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion by entering the Proposed Order, and grant such other and further relief as is just and proper.

Dated: March 28, 2025                    LUC A. DESPINS, CHAPTER 11

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*

## __EXHIBIT 1__

**(Proposed Order on Motion for Remote Hearing)**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

```
--------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK, et al.,¹                         :    Case No. 22-50073 (JAM)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
--------------------------------------------------------------x
                                              :
LUC A. DESPINS, CHAPTER 11                    :
TRUSTEE,                                      :
                                              :    Adv. Proceeding No. 24-5225 (JAM)
                    Plaintiff,                :
v.                                            :
                                              :
                                              :
CIRRUS DESIGN CORPORATION and                 :
QIANG GUO,                                    :
                                              :
                    Defendants.               :
--------------------------------------------------------------x
```

## [PROPOSED] ORDER GRANTING
## CHAPTER 11 TRUSTEE'S MOTION
## TO HOLD REMOTE HEARING ON APRIL 1, 2025

Upon the motion (the "Remote Hearing Motion") of Luc A. Despins, in his capacity as

Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho

Wan Kwok (the "Debtor"), and plaintiff in the above-captioned adversary proceeding (the

"Adversary Proceeding"), for entry of an order providing that the hearing (the "Hearing")

scheduled for 1:00 p.m. on April 1, 2025, on the Trustee's *Motion to Retain Sage-Popovich, Inc.*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*as Repossession Agent to Repossess SF50 Aircraft* [Main Case ECF No. 4225, Adv. ECF No. 67]

(the "<u>Retention Motion</u>"), be held on a remote basis, and good cause appearing therefore, it is

hereby

      1.      ORDERED that the Remote Hearing Motion is granted as set forth herein; and it is

further

      2.      ORDERED that the Hearing on the Retention Motion shall be held on a remote

basis in the Chapter 11 Case and the Adversary Proceeding via the Court's Zoom.gov platform,

and parties wishing to attend the Hearing may obtain login instructions to connect to the ZoomGov

remote conference by sending an email to the Clerk's office via the following court email address:

CalendarConnect_BPT@ctb.uscourts.gov.

## <u>EXHIBIT 2</u>

**(Proposed Order on Retention Motion -  Clean Version)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK, *et al.*,[1]                             :    Case No. 22-50073 (JAM)
                                                      :
                    Debtors.                          :    (Jointly Administered)
                                                      :
------------------------------------------------------x
                                                      :
LUC A. DESPINS, CHAPTER 11                            :
TRUSTEE,                                              :    Adv. Proceeding No. 24-05225
                                                      :
                    Plaintiff,                        :
                                                      :
v.                                                    :
                                                      :
CIRRUS DESIGN CORPORATION and                         :
QIANG GUO,                                            :
                                                      :
                    Defendants.                       :
                                                      :
------------------------------------------------------x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO RETAIN SAGE-**
**POPOVICH, INC. AS REPOSSESSION AGENT TO REPOSSESS**
**CIRRUS SF50 AIRCRAFT**

Upon the motion (the "Motion")[2] of the Trustee for the entry of an order authorizing the

Trustee to retain Sage-Popovich, Inc. ("Sage-Popovich") pursuant to the terms and conditions of

the Engagement Agreement, to authorize and approve, pursuant to section 363(b) of the

Bankruptcy Code, the Trustee's entry into the Engagement Agreement, all as more fully set forth

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
       LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
       (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

in the Motion; and upon consideration of the Todorovic Declaration; and it appearing that this

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing

Order of Reference from the United States District Court for the District of Connecticut; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and the Court having found that that it may enter a final order consistent with Article III of

the United States Constitution; and due and sufficient notice of the Motion having been given;

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and it appearing that the relief requested by the Motion is in the best

interest of the Debtor's estate and creditors; and upon all of the proceedings had before the Court

and after due deliberation and sufficient cause appearing therefor, itis hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the

Engagement Agreement is hereby authorized and approved.

3.      The Trustee is authorized to retain and employ SPI effective as of February 24,

2025 on the terms set forth in the Motion and the Todorovic Declaration.

4.      SPI is authorized to perform those services described in the Motion.

5.      In accordance with the terms of the Engagement Agreement, SPI's fees will be

based on a minimum flat rate of $25,000.00 plus (a) the actual man-days charged at its standard

rates (as detailed in the Engagement Agreement) which are in effect when the services are

rendered and (b) reimbursement of reasonable out-of-pocket expenses.  SPI's retainer of

$15,000.00, which was paid by the Trustee to SPI on February 24, 2025, is hereby authorized.  In

accordance with the Engagement Agreement, the retainer shall be returned to the Trustee upon payment in full of all outstanding invoices or applied to any outstanding invoices at the conclusion of SPI's engagement.

6.      As it relates to the payment of SPI's fees and expenses, the Trustee shall file a notice with the Court attaching SPI's invoices.  Parties in interest will then have fourteen (14) days to object to such invoices.  If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order.  If any timely objections are filed, (i) the Trustee may file a response to such objection(s) within seven (7) days thereafter and (ii) pay the portion of the fees and expenses that are not subject to such objection.  To the extent that an objection cannot be consensually resolved among the parties, the Court will rule on the matter.  Allowance of any compensation for SPI shall be limited to the extent of services actually performed, and expenses actually incurred.

7.      SPI shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

3

11.     To the extent the Motion, the Todorovic Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT 3**

**(Proposed Order on Retention Motion -  Redline Version)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                 :

In re:                :    Chapter 11
                 :

HO WAN KWOK, *et al.*,[1]    :    Case No. 22-50073 (JAM)
                 :

         Debtors.    :    (Jointly Administered)
                 :

------------------------------------------------ x
                 :

LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,            :    Adv. Proceeding No. 24-05225
                 :

        Plaintiff,    :
                 :

v.                :
                 :

CIRRUS DESIGN CORPORATION and  :
QIANG GUO,           :
                 :

        Defendants.   :
                 :

------------------------------------------------ x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO RETAIN**
**SAGE-POPOVICH, INC. AS REPOSSESSION AGENT TO REPOSSESS**
**CIRRUS SF50 AIRCRAFT**

Upon the motion (the "<u>Motion</u>")[2] of the Trustee for the entry of an order authorizing the

Trustee to retain Sage-Popovich, Inc. ("<u>Sage-Popovich</u>") pursuant to the terms and conditions of

the Engagement Agreement, to authorize and approve, pursuant to section 363(b) of the

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Code, the Trustee's entry into the Engagement Agreement, all as more fully set forth in the Motion; and upon consideration of the Todorovic Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.       The Motion is granted as set forth herein.

2.       Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Engagement Agreement is hereby authorized and approved.

3.       The Trustee is authorized to retain and employ SPI effective as of February 24, 2025 on the terms set forth in the Motion and the Todorovic Declaration.

4.       SPI is authorized to perform those services described in the Motion.

5.       In accordance with the terms of the Engagement Agreement, SPI's fees will be based on a minimum flat rate of $25,000.00 plus (a) the actual man-days charged at its standard rates (as detailed in the Engagement Agreement) which are in effect when the services are rendered and (b) reimbursement of reasonable out-of-pocket expenses.  SPI's retainer of

2

$15,000.00, which was paid by the Trustee to SPI on February 24, 2025, is hereby authorized.  In accordance with the Engagement Agreement, the retainer shall be returned to the Trustee upon payment in full of all outstanding invoices or applied to any outstanding invoices at the conclusion of SPI's engagement.

6.      As it relates to the payment of SPI's fees and expenses, the Trustee shall file a notice with the Court attaching SPI's invoices.  Parties in interest will then have fourteen (14) days to object to such invoices.  If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order.  If any timely objections are filed, (i) the Trustee may file a response to such objection(s) within seven (7) days thereafter and (ii) pay the portion of the fees and expenses that are not subject to such objection.  To the extent that an objection cannot be consensually resolved among the parties, the Court will rule on the matter.  Allowance of any compensation for SPI shall be limited to the extent of services actually performed, and expenses actually incurred.

7.      SPI shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8.      The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9.      The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

11.     To the extent the Motion, the Todorovic Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-----------------------------------------------------------------x
                                                  :
In re:                                            :    Chapter 11
                                                  :
HO WAN KWOK, et al.,¹                             :    Case No. 22-50073 (JAM)
                                                  :
                       Debtors.                   :    (Jointly Administered)
                                                  :
-----------------------------------------------------------------x
                                                  :
LUC A. DESPINS, CHAPTER 11                        :
TRUSTEE,                                          :
                                                  :    Adv. Proceeding No. 24-5225 (JAM)
                       Plaintiff,                 :
v.                                                :
                                                  :
                                                  :
CIRRUS DESIGN CORPORATION and                     :
QIANG GUO,                                        :
                                                  :
                       Defendants.                :
-----------------------------------------------------------------x
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 28, 2025 the foregoing was filed electronically in the Chapter 11 Case and the Adversary Proceeding. Notice of this filing will be sent by e-mail to all parties able to receive electronic notice by operation of the Court's electronic filing system in such proceedings. Parties may access this filing through the Court's system.

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated: March 28, 2025

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com