UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                           :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                        :    Case No. 22-50073 (JAM)
:    (Jointly Administered)
Debtors.                                         :
:    Re: ECF No. 4225
---------------------------------------------------------x
:    Adv. Proceeding No. 24-05225
LUC A. DESPINS, CHAPTER 11                       :
TRUSTEE,                                         :    Re: ECF No. 67
:
Plaintiff,                                       :
:
v.                                               :
:
CIRRUS DESIGN CORPORATION and                    :
QIANG GUO,                                       :
:
Defendants.                                      :
:
---------------------------------------------------------x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S MOTION TO RETAIN SAGE-POPOVICH, INC. AS REPOSSESSION AGENT TO REPOSSESS CIRRUS SF50 AIRCRAFT**

Upon the motion (the "Motion")[2] of the Trustee for the entry of an order authorizing the Trustee to retain Sage-Popovich, Inc. ("Sage-Popovich") pursuant to the terms and conditions of the Engagement Agreement, to authorize and approve, pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Engagement Agreement, all as more fully set forth

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

in the Motion; and upon consideration of the Todorovic Declaration; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that that it may enter a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, after notice and a hearing held on April 1, 2025, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee's entry into the Engagement Agreement is hereby authorized and approved.

3. The Trustee is authorized to retain and employ SPI effective as of February 24, 2025 on the terms set forth in the Motion and the Todorovic Declaration.

4. SPI is authorized to perform those services described in the Motion.

5. In accordance with the terms of the Engagement Agreement, SPI's fees will be based on a minimum flat rate of $25,000.00 plus (a) the actual man-days charged at its standard rates (as detailed in the Engagement Agreement) which are in effect when the services are rendered and (b) reimbursement of reasonable out-of-pocket expenses. SPI's retainer of $15,000.00, which was paid by the Trustee to SPI on February 24, 2025, is hereby authorized. In

accordance with the Engagement Agreement, the retainer shall be returned to the Trustee upon payment in full of all outstanding invoices or applied to any outstanding invoices at the conclusion of SPI's engagement.

6. As it relates to the payment of SPI's fees and expenses, the Trustee shall file a notice with the Court attaching SPI's invoices. Parties in interest will then have fourteen (14) days to object to such invoices. If no timely objections are filed with the Court, the Trustee is authorized to pay such invoices without further Court order. If any timely objections are filed, (i) the Trustee may file a response to such objection(s) within seven (7) days thereafter and (ii) pay the portion of the fees and expenses that are not subject to such objection. To the extent that an objection cannot be consensually resolved among the parties, the Court will rule on the matter. Allowance of any compensation for SPI shall be limited to the extent of services actually performed, and expenses actually incurred.

7. SPI shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

8. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

9. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

11. To the extent the Motion, the Todorovic Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 1st day of April, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut