**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
: 
In re:                                                                              :     Chapter 11
                                                                                          :
HO WAN KWOK,                                                            :     Case No. 22-50073 (JAM)
                                                                                          :
                    Debtor.                                                       :
                                                                                          :
---------------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH BROWN RUDNICK LLP**

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court District of Connecticut (the "Local Rules"), and the Court's Procedures Order and Pre-Litigation Mediation Order (as defined herein),[1] for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the terms of the settlement agreement (the "Settlement Agreement") reached between (a) the Trustee and (b) Brown Rudnick LLP ("Brown Rudnick" and, together with the Trustee, the "Parties"). In support of this Motion, the Trustee respectfully states the following:

**PRELIMINARY STATEMENT**

1.      The Trustee has reached an agreement to resolve Claims of the Estate against Brown Rudnick. The proposed Settlement Agreement is the product of good-faith, arm's-length

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Procedures Order and the Pre-Litigation Mediation Order, as applicable, or as set forth herein.

negotiations conducted in Consensual Pre-Litigation/Pre-Appearance Mediation pursuant to the Pre-Litigation Mediation Order. Judge Tancredi has issued his Mediator's Report stating his recommendation "that the Court find that the economics of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007)."

2. Through the proposed settlement, the Estate will obtain nearly $8 million for the benefit of creditors, without the cost and uncertainty of litigation, and Brown Rudnick will waive any claim for legal fees and expenses in connection with its representation of the Debtor in this Chapter 11 Case. The Trustee, who has extensively investigated the Claims, believes that this resolution will create value for creditors and is clearly in the Estate's best interests as measured by the standards of *Iridium*. Accordingly, the Motion should be granted.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

## BACKGROUND

6. In or around early February 2022, the Debtor engaged Brown Rudnick in connection with a potential bankruptcy filing, commencing its representation of the Debtor in matters related to the Chapter 11 Case. Brown Rudnick was paid a retainer of $1,000,000.00 to

secure its fees in its representation of the Debtor in matters related to the Chapter 11 Case, of which Brown Rudnick presently retains $948,000.00 (the "Retainer").

7. On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thus commencing the Chapter 11 Case. Brown Rudnick represented the Debtor in connection with this bankruptcy filing and served as the Debtor's bankruptcy counsel until the termination of its representation of the Debtor in the Chapter 11 Case.

8. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

9. On April 29, 2022, the Court entered its *Order Authorizing Retention and Employment of Brown Rudnick LLP as Counsel to Debtor and Debtor in Possession* [Docket No. 293].

10. On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

11. On July 11, 2024, substitute counsel appeared for the Debtor in this Chapter 11 Case [Docket No. 543]. On July 13, 2024, Brown Rudnick moved for permission to withdraw as counsel to the Debtor in this Chapter 11 Case [Docket No. 543], which motion the Court granted on August 2, 2022 [Docket No. 666]. Brown Rudnick reserved the right to seek allowance and payment of fees and expenses.

12. The Trustee believes that the Debtor's chapter 11 estate (the "Estate") holds claims against Brown Rudnick arising out of Brown Rudnick's representation of the Debtor in the Chapter 11 Case (the "Claims"). Brown Rudnick unequivocally denies the Claims.

13. The Trustee is prepared to further discuss the rationale for the proposed settlement and respond to any questions that the Court may have at a hearing on this Motion.

**SETTLEMENT**

14. On May 2, 2024, the Court entered the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3163] (the "Procedures Order").

15. On August 28, 2024, the Court entered the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance mediation* [Docket No. 3465] (the "Pre-Litigation Mediation Order").

16. During the summer of 2024, the Trustee contacted Brown Rudnick to discuss his views with respect to the Claims and to determine whether a consensual resolution was possible, and the Parties undertook to negotiate a resolution.

17. The Parties, through counsel, have engaged in good-faith, arm's-length discussions with respect to the Claims. As a result of these discussions, and after multiple rounds of proposals and counterproposals, the Parties reached the Settlement Agreement attached hereto as **Exhibit B**.

18. The salient provisions of the Settlement Agreement include the following:[2]

   a. Brown Rudnick shall (i) pay the Estate $7,000,000 plus the Retainer for a total of $7,948,000 (the "Settlement Amount");

   b. Brown Rudnick agrees not to file an application for any fees for services rendered or for any reimbursement of expenses incurred in its representation of the Debtor in this Chapter 11 Case; and

   c. The Parties are exchanging mutual releases the scope of which is subject to a carve-out of certain subject matter apart from Brown Rudnick's representation of the Debtor in the Chapter 11 Case.

19. On January 30, 2025, the Parties submitted the Claims to Pre-Litigation/Pre-Appearance Mediation before Judge Tancredi (the "Mediation"). Pursuant to the Pre-Litigation Mediation Order, Judge Tancredi has reviewed the proposed settlement.

20. In his *Pre-Litigation/Pre-Appearance Settlement Report* (the "Mediator's Report"), attached hereto as **Exhibit C**, Judge Tancredi endorsed the economics of the proposed settlement as "fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of" *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) ("*Iridium*"). Judge Tancredi otherwise made no comment as to the Settlement Agreement's terms "in light of the complexities of Brown Rudick's alleged relationship with the Debtor and his affiliates," deferring to this Court's evaluation. The Parties thank Judge Tancredi for his service.

## RELIEF REQUESTED

21. By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement in its entirety and authorizing the Parties to enter into and implement the Settlement Agreement in accordance with the terms thereof.

---

[2] To the extent of any inconsistencies between the summary description of the Settlement Agreement in this Motion and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

5

**BASIS FOR THE RELIEF REQUESTED**

I.  **Standard for Approving the Settlement Agreement**

22. To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003). The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

23. Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)). Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . . ; (3) the "paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Iridium*, 478 F.3d at 462.

## II.   Settlement Agreement Should Be Approved

24.   The Settlement Agreement is a positive outcome for the Estate and, by extension, the creditors of the Estate, and it is a fair and reasonable compromise under the circumstances and considering the applicable *Iridium* factors.

25.   The Settlement Agreement provides for the Estate to obtain the Settlement Amount without litigation, the cost of which would likely be substantial, and which (accounting for potential appeals) could last for years. While the Trustee is confident in the merits of the Claims, he recognizes that litigation is uncertain and that Brown Rudnick would raise significant factual and legal issues that Brown Rudnick contends would exonerate it in any litigation of the Claims. Moreover, the proposed settlement will result in the Estate obtaining funds without the uncertainty or delay arising from litigation and potential appeals.

26.   The Trustee thus believes the proposed Settlement Agreement satisfies Bankruptcy Rule 9019 and should be approved.

## NOTICE OF MOTION

27.   Pursuant to the *Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* dated October 15, 2024 [Docket No. 3685], notice of this Motion will be sent to all appearing parties who utilize the Court's case management/electronic case file system and any party that requested notice in this Chapter 11 Case but is unable to accept electronic filing as indicated on the Notice of Electronic Filing. The foregoing will serve: (a) the United States Trustee, (b) Debtor's counsel, (c) the Committee's counsel, and (d) the counterparty to the settlement at issue in this Motion (*i.e.*, Brown Rudnick). The Trustee submits that, under the circumstances, no other or further notice is required.

## **NO PREVIOUS REQUEST**

28.     No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in the Motion and such other relief as is just and proper.

Dated: April 4, 2025  
      New Haven, Connecticut

LUC A. DESPINS,  
CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
HO WAN KWOK, : Case No. 22-50073 (JAM)
: 
Debtor. :
: 
---------------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The foregoing, inclusive of all exhibits thereto, was filed using the Court's case management/electronic case files ("CM/ECF") system in the above-captioned chapter 11 case of Ho Wan Kwok (the "Chapter 11 Case"). Notice of this filing will be sent automatically via email by operation of the CM/ECF system to all parties appearing in the Chapter 11 Case that are eligible to receive electronic notice and within one business day by U.S. Mail to any appearing parties not eligible to receive electronic notice.

[*Remainder of page intentionally left blank.*]

Dated this 4th day of April 2025 at New Haven, Connecticut

*/s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com