## **EXHIBIT B**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 4th day of April, 2025, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) BROWN RUDNICK LLP ("BRL," and together with the Trustee, the "Parties"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which case is administered under Case No. 22-50073 (the "Bankruptcy Case");

WHEREAS, the filing of the Bankruptcy Case created an estate pursuant to section 541 of the Bankruptcy Code (the "Bankruptcy Estate" or "Estate");

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Debtor's chapter 11 case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Bankruptcy Case and charging the Trustee with the duties and obligations described therein;

WHEREAS, both before and after the Petition Date, BRL represented Kwok in matters related to the Bankruptcy Case, which representation BRL represents commenced on or about February 11, 2022, ended on or about August 1, 2022, and shall be referred to as the "Bankruptcy Representation," which term expressly excludes the Criminal Defense Representation (as defined herein);

WHEREAS, following the Bankruptcy Representation, BRL was engaged to advise and provide legal services in connection with the United States Government's criminal investigation and prosecution of the Debtor, which engagement BRL represents commenced on or about March 16, 2023, and ended on or about July 12, 2023 (the "Criminal Defense Representation"), and which the Parties have expressly excluded from the settlement and releases provided herein;

WHEREAS, the Trustee has asserted that the Bankruptcy Estate holds certain claims against BRL arising out of the Bankruptcy Representation and BRL unequivocally denies such claims;

WHEREAS, the Parties have entered into tolling agreements concerning any claims the Bankruptcy Estate holds against BRL and vice-versa;

1

WHEREAS, in order to avoid the expense, burden and inconvenience of litigation, the Trustee and BRL reached a settlement that resolves the Released Claims (defined below), subject to the terms and conditions set forth in this Agreement; and

WHEREAS, the Parties desire and intend to effect a final settlement and resolution of the Released Claims pursuant to the terms herein.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals, which along with the Exhibit attached hereto are incorporated into this Agreement, and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.** **Settlement Amount.** In consideration of the releases contained herein and other valuable consideration provided by this Agreement, and in complete satisfaction of the BRL Released Claims, BRL agrees to pay to the Trustee the sum of $7,000,000, plus the $948,000 that BRL currently holds in trust as the remainder of the retainer it received to represent Kwok in the Bankruptcy Case, for a total of $7,948,000 (the "Settlement Amount"). As part of this Agreement to resolve the Released Claims against BRL, BRL waives and further agrees not to file an application for any fees for services rendered or for any reimbursement of expenses incurred by BRL in connection with the Bankruptcy Representation.

**2.** **Effectiveness of this Agreement.** This Agreement is subject to approval by the Court in the Bankruptcy Case. This Agreement shall be effective (the "Effective Date") when an order that is consistent with Paragraph 3 hereof (the "Order") is entered by the Court in the Bankruptcy Case and becomes final. For the avoidance of doubt, the Effective Date shall be no earlier than the later of the occurrence of (i) entry of the Order and the passage of thirty-five days from entry of the Order during which time no appeal of the Order has been filed and no motion within Rule 8002(b) is filed or other event (e.g., the grant of a stay by a court of competent jurisdiction) that extends the time to appeal, and (ii) if any appeal has been filed or motion within Rule 8002(b) is filed or other event occurs (e.g., the grant of a stay by a court of competent jurisdiction) that extends the time to file an appeal, any such appeal is finally and fully resolved or no such appeal is filed by the applicable deadline to file. This Agreement shall be submitted to the Honorable James J. Tancredi, as Mediator (the "Mediator") under the Pre-Litigation Mediation Order[1], together with the Parties' joint request that the Mediator issue a Pre-Litigation Settlement Report recommending that the Court approve the terms of this Agreement.

      a.    Pursuant to paragraph 2.v. of the Pre-Litigation Mediation Order, and except as provided in Paragraph 2.b. below, within thirty (30) days of the issuance of a Pre-Litigation Settlement Report (as defined in the Pre-Litigation Mediation

---

[1]    The "Pre-Litigation Mediation Order" is the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James H. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation Mediation and Pre-Appearance Mediation* (Case No. 22-50073, Docket No. 3465).

Order), the Trustee shall file a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Court's approval of this Agreement and attaching the Pre-Litigation/Pre-Appearance Settlement Report as an exhibit (such motion, together with its exhibits, the "9019 Motion"), which motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements.

b.      The Pre-Litigation/Pre-Appearance Settlement Report shall be emailed to BRL's counsel by the Trustee on the same day as it is received by the Trustee, and the Parties agree that the 9019 Motion shall be filed by the Trustee no earlier than ten (10) business days after delivery to BRL's counsel of the Pre-Litigation/Pre-Appearance Settlement Report (unless earlier authorized by BRL) in the form attached to this Agreement as **Exhibit A** (except that the Trustee may add or change the date of the document prior to filing it to conform to the filing date and may otherwise change the document in any manner agreed by the Parties in writing, which may be memorialized by an email between the Parties' counsel).

**3.      Form of Order.**  The Order granting the 9019 Motion shall (a) approve all of the provisions of this Agreement without limitation or addition, (b) contain a finding that the Trustee holds, and has the right to settle and release, the BRL Released Claims, and (c) not be subject to any stay including, without limitation, the stay of Bankruptcy Rule 6004(h).

**4.      Time to Pay the Settlement Amount.** Within five (5) business days following the Effective Date, BRL shall cause to be paid to the Trustee the Settlement Amount in immediately available funds.  BRL shall cause the Settlement Amount to be paid by initiating a wire transfer (or wire transfers) and the entire Settlement Amount will be paid to the Trustee.  Any such transfer(s) shall be made to an account designated by the Trustee pursuant to wire instructions that counsel for the Trustee has provided to counsel for BRL, receipt of which instructions BRL confirms.

The Trustee acknowledges and agrees that BRL and its insurer(s) will have absolutely no role in or responsibility for allocating or disbursing any portion of the Settlement Amount after the wire transfer(s) constituting the full Settlement Amount has been transferred to the Trustee or in ensuring that the Trustee disburses any sum of money to any person, account, or entity.  It is expressly understood by the Parties that BRL's payment obligation shall be completely satisfied immediately upon the transfer of the Settlement Amount pursuant to the wire instructions which the Trustee has provided BRL by email through the Parties' counsel, resulting in full payment of the Settlement Amount (the "Settlement Payment"), and BRL is not and will not be responsible in any way for any taxes, offsets or any other deductions or otherwise.

**5.      Failure to Timely Pay Settlement Amount**.  If BRL fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 4 of this Agreement, then BRL agrees and authorizes the Trustee, in its sole discretion, to terminate this Agreement effective immediately by written notice to BRL of termination of the Agreement.  Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to it, including without limitation: (i) commencing an adversary proceeding to pursue the BRL Released Claims; and (ii) enforcing this Agreement to the fullest extent of the law.

**6.**    **Mutual Releases**.

a.    "BRL Released Claims" means any and all manner of claims, counterclaims, complaints, disputes, demands, rights, actions, potential actions, causes of action, proofs of claim, liabilities, duties, obligations, damages, losses, diminutions in value, obligations, judgments, decrees, requests for attorneys' fees or costs, matters, issues, suits, proceedings, and controversies of any kind or nature whatsoever that are owned, held, or capable of being asserted by or on behalf of the Bankruptcy Estate, or any other person or entity asserting currently or in the future by, under, through, or on behalf of the Bankruptcy Estate, and each of their respective successors or assigns, whether known or unknown, in law, at equity or otherwise, asserted or unasserted, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, claimed or unclaimed, apparent or not apparent, foreseen or unforeseen, matured or not matured, secured or unsecured, which now exist, or heretofore or previously existed, seeking relief in the form of damages (actual and punitive), imposition of a constructive trust, turnover of property, restitution, and declaratory relief with respect thereto or otherwise (collectively, "Claims") against the BRL Releasees (defined below), whether or not any such Claims were asserted on or before the Effective Date, including, but not limited to, any Claims arising under federal, state or foreign law, common law, bankruptcy law, statute, equity, rule or regulation, or agreement, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity, and including actions that arise out of or are based on tort, breach of contract, fraudulent conveyances and transfers, breach of fiduciary duty, breach of duty of loyalty or obedience, legal malpractice, recovery of attorneys' fees, turnover of property and avoidance or recovery actions of the Bankruptcy Estate, any other Claims under the Bankruptcy Code, and actions that may be commenced by a representative of the Estate under section 362 or chapter 5 of the Bankruptcy Code, *provided, however*, the BRL Released Claims shall not include any Criminal Defense Carve-Out Claims (defined below).  Subject to the Criminal Defense Carve-Out (defined below), BRL Released Claims shall include any Claims against the BRL Releasees (defined below) that existed as of the Effective Date and that may be exclusively asserted by or on behalf of the Bankruptcy Estate (including by the Trustee and/or any governmental entity) under applicable law.  For the avoidance of doubt, to the extent the Trustee or Estate now owns or holds an interest or control of Claims that were previously held and/or controlled by any other person or entity against the BRL Releasees (defined below), such as, for example only, Claims previously held by investors and/or creditors of Kwok or the Estate, any such Claims are included in this definition of BRL Released Claims unless subject to the Criminal Defense Carve-Out (defined below).

**b.** "Estate and Trustee Released Claims" means any and all Claims against the Estate and Trustee Releasees (defined below), whether or not any such Claims were asserted on or before the Effective Date, including, but not limited to, any Claims arising under federal, state or foreign law, common law, bankruptcy law, statute, equity, rule or regulation, or agreement, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity, and including any requests for compensation and/or reimbursement of expenses, and/or any other Claims under the Bankruptcy Code, *provided, however,* the Estate and Trustee Released Claims shall not include any Criminal Defense Carve-Out Claims (defined below).

**c.** "Criminal Defense Carve-Out Claims" means any and all Claims against the BRL Releasees (defined below), or the Estate and Trustee Releasees (defined below), relating to the Criminal Defense Representation, including, without limitation, any avoidance or recovery actions arising from transfers relating to the Criminal Defense Representation; and "Criminal Defense Carve-Out" means the exclusion of Criminal Defense Carve-Out Claims from the BRL Released Claims and the Estate and Trustee Released Claims (collectively, the "Released Claims"). Notwithstanding any other provisions in this Agreement, BRL and the Trustee and Estate retain all defenses to Criminal Defense Carve-Out Claims, and BRL will retain all rights to assert a claim against the Estate to the extent of any recovery by the Estate under 11 U.S.C. § 550 in connection with the Criminal Defense Carve-Out Claims.

**d.** "Estate and Trustee Releasees" means, (i) the Bankruptcy Estate; (ii) the Trustee; and (iii) in their respective capacities as such, any and all of the Trustee's attorneys, accountants, advisors, representatives or agents.

**e.** "BRL Releasees" means, (i) BRL; and (ii) in their respective capacities as such, any and all of BRL's current and former partners, associates, employees, attorneys (including, but not limited to, Gibson, Dunn & Crutcher LLP and its current and former partners, associates, and employees), insurers, co-insurers, reinsurers, accountants, advisors, representatives or agents.

**f.** **Estate and Trustee Releases.** Upon the Effective Date and subject to the Trustee's receipt of the payment of the Settlement Payment, for and in consideration of the agreements herein, and other consideration, the Trustee, for himself, and on behalf of the Bankruptcy Estate, does hereby unconditionally, absolutely and irrevocably release and discharge the BRL Releasees of all BRL Released Claims, it being the intention of the Trustee to reserve nothing whatsoever of the BRL Released Claims hereunder and to assure the BRL Releasees peace and freedom from each and every of the BRL Released Claims of whatever character and description; *provided, however,* that nothing in this paragraph shall be deemed or construed to be a release, waiver

5

or discharge of the terms and conditions of this Agreement or of any Criminal Defense Carve-Out Claims.

g. **BRL Releases**.  Upon the Effective Date, for and in consideration of the agreements herein, and other consideration, BRL does hereby unconditionally, absolutely, and irrevocably release and discharge the Estate and Trustee Releasees of all Estate and Trustee Released Claims, it being BRL's intention to reserve nothing whatsoever of the Estate and Trustee Released Claims and to assure the Estate and Trustee Releasees peace and freedom from each and every of the Estate and Trustee Released Claims of whatever character and description; *provided, however*, that nothing in this paragraph shall be deemed or construed to be a release, waiver or discharge of the terms and conditions of this Agreement or of any Criminal Defense Carve-Out Claims.

h. **No Third-Party Releases**.  For the avoidance of doubt, nothing in this Agreement or in the Order shall, or shall be construed to, effectuate a third-party release of any claim exclusively held or owned by a non-Party to this Agreement.  To the extent such non-Parties may have such claims against the Trustee, the Bankruptcy Estate, the Estate Releasees, BRL, the BRL Releasees, or Kwok, and standing to bring such claims, such claims and such standing are not impacted in any way by this Agreement or the Order.

**7.    Covenant Not to Sue/Scope of Releases/Confidentiality of Released Claims**. The Parties covenant and agree that they will not make, assert, or maintain any claim, demand, action, or cause of action against each other that is released herein other than to enforce the provisions of this Agreement.  In any proceedings commenced in connection with Criminal Defense Carve-Out Claims, the Parties shall not refer to or describe BRL's conduct allegedly giving rise to the Released Claims (the "Released Matters") other than to refer to the fact of the Bankruptcy Representation during these dates, or the filing by BRL of a document on the public docket, and nothing else.

**8.    Fees and Costs of Litigation**.  Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (a) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in connection with the Released Claims; and (b) the negotiation and execution of this Agreement.  However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**9.    No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.  Each Party vehemently denies any and all claims by the other Party.

**10.**    **Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement with the assistance of counsel.

**11.**    **Representations and Warranties**.

    **a.**  BRL represents and warrants that:

        i.  It has the exclusive right to prosecute, compromise, and release the Estate and Trustee Released Claims;

        ii.  The Bankruptcy Representation commenced on or about February 11, 2022, and ended on or about August 1, 2022;

        iii.  The Criminal Defense Representation commenced on or about March 16, 2023 and ended on or about July 12, 2023; and

        iv.  At no point did BRL advise Kwok with respect to hiding or secreting assets from the Trustee, the Estate, or creditors of Kwok or the Estate.

    **b.**  The Trustee represents and warrants that to the best of the Trustee's knowledge no Claim or Claims against the BRL Releasees that are or would otherwise be BRL Released Claims have been sold, transferred, assigned, conferred or otherwise conveyed to any third party.

    **c.**  The Parties hereto represent and warrant that:

        i.  each Party is authorized to make the representations and agreements herein set forth by or on behalf of each such Party;

        ii.  each individual signing on behalf of a Party or Parties has the full power, authority, and capacity to sign and enter into this Agreement on behalf of the Party on whose behalf he or she has signed;

        iii.  none of the Released Claims has been, or will be prior to the Effective Date, sold, assigned, consigned, conveyed, or otherwise transferred or subrogated;

        iv.  each Party has not previously assigned, sold, transferred, conveyed, hypothecated, pledged, or otherwise disposed of any rights, claims, or remedies, or any portion thereof or any interest therein that is being released by this Agreement; and

        v.  each Party will not assign, sell, convey, transfer, hypothecate, pledge or otherwise dispose of any rights, claims, or remedies or any portion thereof or any interest therein that are being released by this Agreement. Any assignment, sale, transfer, conveyance, hypothecation, pledge or other disposition in violation of this provision shall be void ab initio and of no force and effect.

7

      **d.**  The representations and warranties set forth in this Agreement shall survive and shall continue following the execution and delivery hereof.

    **12.**    **Binding on Successors**.  The obligations and terms of this Agreement are binding upon each of the Parties and their respective successors-in-interest, assigns, legal representatives, insurers and all other persons or entities who may take any interest through the Parties in the matters herein released (including but not limited to the Estate and Trustee Releasees and the BRL Releasees).  The foregoing persons and entities, including but not limited to the Estate and Trustee Releasees and the BRL Releasees, are third-party beneficiaries of this Agreement and are bound by and may enforce the Agreement.

    **13.**    **Use of This Agreement**.  This Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted, prosecuted, or attempted for, upon, or in respect of any of the Released Claims. The Parties agree that any such proceeding would cause irreparable injury to the Party against whom it is brought and that any court of competent jurisdiction may enter an injunction restraining prosecution thereof.  The Parties further agree that this Agreement may be pleaded as necessary for purposes of enforcing this Agreement. Nothing in this paragraph is intended to negate or impair the Parties' right to enforce this Agreement, including but not limited to enforcing the Settlement Payment.

    **14.**    **Cooperation/Facilitation**:  It is expressly agreed that, as an integral component of, and as material consideration for, this Agreement, the Trustee shall not oppose a subsequent motion or request consistent with this Agreement for, and/or a court's entry of, any order (a) enforcing the releases in this Agreement and/or (b) barring claims or matters against BRL to the extent released by this Agreement.

    **15.**    **Consent to Jurisdiction**.  The Parties hereby irrevocably consent to the limited jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.  The Parties agree that nothing in this Agreement, including but not limited to this Paragraph, shall constitute or be construed as a waiver of any kind whatsoever of any potential objection by BRL to the jurisdiction of the Bankruptcy Court over any potential adversary proceeding or any other matter except as expressly set forth in this paragraph.

    **16.**    **Entire Agreement**.  This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.  All prior agreements, promises, and understandings, whether written or oral, express or implied, are expressly superseded hereby and are of no further force or effect with respect to the subject matter of this Agreement.  This is a fully integrated agreement.  Notwithstanding the foregoing, the Tolling Agreement shall remain in full force and effect pursuant to its terms.

    **17.**    **Modifications to Agreement**.  It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**18.**     **Waiver Concerning Agreement**.  The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**19.**     **Settlement Discussions and Confidentiality**.  This Agreement is part of a mediated settlement of matters that would otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, any applicable state rules of evidence or mediation privilege, and any other applicable law, foreign or domestic, all negotiations relating to this Agreement shall not be discoverable or admissible into evidence in any proceeding other than a proceeding to enforce its terms.

**20.**     **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**21.**     **Counterparts**.  This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement.  Signatures by electronic means shall be deemed original signatures for all purposes.

**22.**     **Notices**.  All notices or information required by this Agreement shall be in writing and shall be deemed given when delivered by a nationally recognized overnight courier service to the Parties at the following addresses (or at such other address for a Party as shall be specified by like notice, provided that a notice of change of address(es) shall be effective only from the date of its receipt by the other Party).  The Parties agree that they will contemporaneously e-mail to counsel for the opposing Party (at the respective address set forth below), a courtesy copy of any notices or communications sent concerning this Agreement:

**If to the Trustee:**                    Patrick R. Linsey
                                          **NEUBERT, PEPE & MONTEITH, P.C.**
                                          195 Church Street, 13th Floor
                                          New Haven, Connecticut 06510
                                          (203) 781-2847
                                          plinsey@npmlaw.com

                                          Luc A. Despins
                                          **PAUL HASTINGS LLP**
                                          200 Park Avenue
                                          New York, New York 10166
                                          (212) 318-6000
                                          lucdespins@paulhastings.com

**If to BRL:**                              Joel S. Miliband
                                            BROWN RUDNICK LLP
                                            2211 Michelson Drive, 7th Floor
                                            Irvine, CA  92612
                                            jmiliband@brownrudnick.com

                                            With a copy to:
                                            Kevin S. Rosen
                                            Michael Dore
                                            GIBSON, DUNN & CRUTCHER, LLP
                                            333 South Grand Avenue
                                            Los Angeles, CA 90071
                                            krosen@gibsondunn.com
                                            mdore@gibsondunn.com

**23.      Interpretation; Rules of Construction; Representation by Counsel**.  The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.  In this Agreement, except to the extent otherwise provided or that the context otherwise requires: (a) whenever the words "include," "includes," or "including" are used, they are deemed to be followed by the words "without limitation"; (b) the definitions contained in this Agreement are applicable to the singular as well as the plural forms of such terms; (c) the use of "or" or "nor" is not intended to be exclusive or limited unless expressly indicated otherwise; and (d) words importing the singular include the plural and vice versa and words importing gender include all genders.

**24.      Good Faith of Parties, No Duress or Undue Influence**.  The Parties expressly represent and warrant that this Agreement is given in good faith.  Each of the Parties acknowledges and represents that it enters into this Agreement without any duress—economic or otherwise—or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**25.      No Third-Party Beneficiaries Unless Expressly Stated in Agreement**.  Unless expressly stated in this Agreement (such as, for example only, Paragraph 12), this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.  For the avoidance of doubt, all persons and entities released pursuant to the terms of this Agreement are third-party beneficiaries of such release.

**26.      Severability**.  The Parties agree not to challenge this Agreement, nor any provision thereof, as illegal, invalid, or unenforceable.  With the exception of releases contained herein, if

10

any portion, provision, or part of this Agreement is held, determined or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision, or part shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions, or parts of this Agreement. The Parties expressly agree that the terms of this Agreement shall be construed in a manner designed to make it valid and enforceable to the fullest extent possible.

**27.** **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE(S) TO FOLLOW]**

**LUC A. DESPINS**, in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok

By:  */s/ Luc A. Despins*
Name:    Luc A. Despins
Title:    Chapter 11 Trustee

**BROWN RUDNICK LLP**

By:
Name:    Joel S. Miliband
Title:    Partner and General Counsel

**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
                           :

In re:                      :    Chapter 11
                           :

HO WAN KWOK,          :    Case No. 22-50073 (JAM)
                           :

        Debtor.          :
                           :

------------------------------------------------------------x

## MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019, REGARDING SETTLEMENT WITH BROWN RUDNICK LLP

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the Chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), hereby submits this motion (the "<u>Motion</u>"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court District of Connecticut (the "<u>Local Rules</u>"), and the Court's Procedures Order and Pre-Litigation Mediation Order (as defined herein),[1] for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), approving the terms of the settlement agreement (the "<u>Settlement Agreement</u>") reached between (a) the Trustee and (b) Brown Rudnick LLP ("<u>Brown Rudnick</u>" and, together with the Trustee, the "<u>Parties</u>"). In support of this Motion, the Trustee respectfully states the following:

### PRELIMINARY STATEMENT

1. The Trustee has reached an agreement to resolve Claims of the Estate against Brown Rudnick. The proposed Settlement Agreement is the product of good-faith, arm's-length

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Procedures Order and the Pre-Litigation Mediation Order, as applicable, or as set forth herein.

negotiations conducted in Consensual Pre-Litigation/Pre-Appearance Mediation pursuant to the Pre-Litigation Mediation Order.  Judge Tancredi has issued his Mediator's Report stating his recommendation "that the Court find that the economics of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007)."

2.      Through the proposed settlement, the Estate will obtain nearly $8 million for the benefit of creditors, without the cost and uncertainty of litigation, and Brown Rudnick will waive any claim for legal fees and expenses in connection with its representation of the Debtor in this Chapter 11 Case.  The Trustee, who has extensively investigated the Claims, believes that this resolution will create value for creditors and is clearly in the Estate's best interests as measured by the standards of *Iridium.*  Accordingly, the Motion should be granted.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

## BACKGROUND

6.      In or around early February 2022, the Debtor engaged Brown Rudnick in connection with a potential bankruptcy filing, commencing its representation of the Debtor in matters related to the Chapter 11 Case.  Brown Rudnick was paid a retainer of $1,000,000.00 to

2

secure its fees in its representation of the Debtor in matters related to the Chapter 11 Case, of which
Brown Rudnick presently retains $948,000.00 (the "Retainer").

7.    On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States
Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under
chapter 11 of the Bankruptcy Code, thus commencing the Chapter 11 Case.  Brown Rudnick
represented the Debtor in connection with this bankruptcy filing and served as the Debtor's
bankruptcy counsel until the termination of its representation of the Debtor in the Chapter 11 Case.

8.    On March 21, 2022, the United States Trustee appointed an official committee of
unsecured creditors ("Committee") in this Chapter 11 Case.  No examiner has been appointed in
the Chapter 11 Case.

9.    On April 29, 2022, the Court entered its *Order Authorizing Retention and
Employment of Brown Rudnick LLP as Counsel to Debtor and Debtor in Possession* [Docket No.
293].

10.    On June 15, 2022, the Court entered a memorandum of decision and order (the
"Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter
11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the
Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A.
Despins as the Trustee in the Chapter 11 Case.

11.    On July 11, 2024, substitute counsel appeared for the Debtor in this Chapter 11
Case [Docket No. 543].  On July 13, 2024, Brown Rudnick moved for permission to withdraw as
counsel to the Debtor in this Chapter 11 Case [Docket No. 543], which motion the Court granted
on August 2, 2022 [Docket No. 666].   Brown Rudnick reserved the right to seek allowance and
payment of fees and expenses.

3

12.     The Trustee believes that the Debtor's chapter 11 estate (the "Estate") holds claims against Brown Rudnick arising out of Brown Rudnick's representation of the Debtor in the Chapter 11 Case (the "Claims").  Brown Rudnick unequivocally denies the Claims.

13.     The Trustee is prepared to further discuss the rationale for the proposed settlement and respond to any questions that the Court may have at a hearing on this Motion.

## SETTLEMENT

14.     On May 2, 2024, the Court entered the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3163] (the "Procedures Order").

15.     On August 28, 2024, the Court entered the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance mediation* [Docket No. 3465] (the "Pre-Litigation Mediation Order").

16.     During the summer of 2024, the Trustee contacted Brown Rudnick to discuss his views with respect to the Claims and to determine whether a consensual resolution was possible, and the Parties undertook to negotiate a resolution.

17.     The Parties, through counsel, have engaged in good-faith, arm's-length discussions with respect to the Claims.  As a result of these discussions, and after multiple rounds of proposals and counterproposals, the Parties reached the Settlement Agreement attached hereto as **Exhibit B**.

18.    The salient provisions of the Settlement Agreement include the following:[2]

a.    Brown Rudnick shall (i) pay the Estate $7,000,000 plus the Retainer for a total of $7,948,000 (the "Settlement Amount");

b.    Brown Rudnick agrees not to file an application for any fees for services rendered or for any reimbursement of expenses incurred in its representation of the Debtor in this Chapter 11 Case; and

c.    The Parties are exchanging mutual releases the scope of which is subject to a carve-out of certain subject matter apart from Brown Rudnick's representation of the Debtor in the Chapter 11 Case.

19.    On January 30, 2025, the Parties submitted the Claims to Pre-Litigation/Pre-Appearance Mediation before Judge Tancredi (the "Mediation").  Pursuant to the Pre-Litigation Mediation Order, Judge Tancredi has reviewed the proposed settlement.

20.    In his *Pre-Litigation/Pre-Appearance Settlement Report* (the "Mediator's Report"), attached hereto as **Exhibit 3**, Judge Tancredi endorsed the economics of the proposed settlement as "fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of" *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) ("*Iridium*").  Judge Tancredi otherwise made no comment as to the Settlement Agreement's terms "in light of the complexities of Brown Rudick's alleged relationship with the Debtor and his affiliates," deferring to this Court's evaluation.  The Parties thank Judge Tancredi for his service.

## RELIEF REQUESTED

21.    By this Motion, the Trustee seeks entry of an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement in its entirety and authorizing the Parties to enter into and implement the Settlement Agreement in accordance with the terms thereof.

---

[2]    To the extent of any inconsistencies between the summary description of the Settlement Agreement in this Motion and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

5

## BASIS FOR THE RELIEF REQUESTED

### I.    Standard for Approving the Settlement Agreement

22.    To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate.  *See, e.g.*, *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003).  The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court.  *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

23.    Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).  Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).  In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . . ; (3) the "paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Iridium*, 478 F.3d at 462.

## II.   **Settlement Agreement Should Be Approved**

24.    The Settlement Agreement is a positive outcome for the Estate and, by extension, the creditors of the Estate, and it is a fair and reasonable compromise under the circumstances and considering the applicable *Iridium* factors.

25.    The Settlement Agreement provides for the Estate to obtain the Settlement Amount without litigation, the cost of which would likely be substantial, and which (accounting for potential appeals) could last for years.  While the Trustee is confident in the merits of the Claims, he recognizes that litigation is uncertain and that Brown Rudnick would raise significant factual and legal issues that Brown Rudnick contends would exonerate it in any litigation of the Claims. Moreover, the proposed settlement will result in the Estate obtaining funds without the uncertainty or delay arising from litigation and potential appeals.

26.    The Trustee thus believes the proposed Settlement Agreement satisfies Bankruptcy Rule 9019 and should be approved.

## **NOTICE OF MOTION**

27.    Pursuant to the *Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* dated October 15, 2024 [Docket No. 3685], notice of this Motion will be sent to all appearing parties who utilize the Court's case management/electronic case file system and any party that requested notice in this Chapter 11 Case but is unable to accept electronic filing as indicated on the Notice of Electronic Filing.  The foregoing will serve: (a) the United States Trustee, (b) Debtor's counsel, (c) the Committee's counsel, and (d) the counterparty to the settlement at issue in this Motion (*i.e.*, Brown Rudnick).  The Trustee submits that, under the circumstances, no other or further notice is required.

## <u>NO PREVIOUS REQUEST</u>

28.     No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Order granting the relief requested in the Motion and such other relief as is just and proper.

Dated: _____, 2025       LUC A. DESPINS,
       New Haven, Connecticut        CHAPTER 11 TRUSTEE


                                     By: /s/ DRAFT
                                         Patrick R. Linsey (ct29437)
                                         NEUBERT, PEPE & MONTEITH, P.C.
                                         195 Church Street, 13th Floor
                                         New Haven, Connecticut 06510
                                         (203) 781-2847
                                         plinsey@npmlaw.com

                                         *Counsel for the Chapter 11 Trustee*

9

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------x
: 
In re:                                                  :    Chapter 11
:
HO WAN KWOK,                                 :    Case No. 22-50073 (JAM)
:
Debtor.                              :
:
-------------------------------------------------------------x

**[PROPOSED] ORDER APPROVING**
**MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY**
**RULE 9019, REGARDING SETTLEMENT WITH BROWN RUDNICK LLP**

Upon the Motion,[1] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the

"Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan

Kwok (the "Debtor"), for entry of an order approving a settlement agreement between the Trustee

and Brown Rudnick LLP ("Brown Rudnick" and, together with the Trustee, the "Parties"), as more

fully described in the Motion and the settlement agreement attached to the Motion as Exhibit B

(the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice

having been given under the particular circumstances and it appears that no other or further notice

need be provided; and the relief requested being a reasonable exercise of the Trustee's sound

business judgment consistent with his duties and in the best interests of the Trustee and the Estate

and its creditors; and the Parties having participated in Mediation Proceedings pursuant to which

Judge Tancredi has issued the Mediator's Report stating his belief that the economics of the

---

[1]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Settlement Agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) and otherwise deferring to this Court's evaluation of the Settlement Agreement, and the Court having determined that the terms of the Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The Settlement Agreement is approved pursuant to Bankruptcy Rule 9019.

4. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

5. The Court finds that the Trustee holds, and has the right to settle and release, all potential claims on behalf of the Estate to the extent provided by the Settlement Agreement, including potential claims owned by the Debtor against Brown Rudnick.

6. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

2

## **EXHIBIT B**

**Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------------x
                                              :
In re:                                        :     Chapter 11
                                              :
HO WAN KWOK,                                  :     Case No. 22-50073 (JAM)
                                              :
                Debtor.                       :
                                              :
-------------------------------------------------------------x
```

## <u>CERTIFICATE OF SERVICE</u>

The foregoing, inclusive of all exhibits thereto, was filed using the Court's case management/electronic case files ("<u>CM/ECF</u>") system in the above-captioned chapter 11 case of Ho Wan Kwok (the "<u>Chapter 11 Case</u>"). Notice of this filing will be sent automatically via email by operation of the CM/ECF system to all parties appearing in the Chapter 11 Case that are eligible to receive electronic notice and within one business day by U.S. Mail to any appearing parties not eligible to receive electronic notice.

*[Remainder of page intentionally left blank.]*

Dated this ___ day of _____ 2025 at New Haven, Connecticut

/s/ DRAFT
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com