UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                                  :    Chapter 11
                                                        :
HO WAN KWOK, *et al.*,[1]                               :    Case No. 22-50073 (JAM)
                                                        :
          Debtors.                                      :    (Jointly Administered)
                                                        :
---------------------------------------------------------x

**SECOND MOTION OF CHAPTER 11 TRUSTEE TO INCREASE CAP ON FUNDING OF EXPENSES OF MAHWAH MANSION**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to the Court's *Order Granting Amended Emergency Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Fund Maintenance of Mahwah Mansion and for Related Relief* [ECF No. 3422] (the "Funding Order"), hereby respectfully moves (this "Motion") for entry of an order substantially in the form of the Proposed Order attached hereto as **Exhibit 1** (the "Proposed Order"), increasing the Adjusted Expenses Cap as established by the Funding Order, and adjusted pursuant to the Court's *Order Granting Motion of Chapter 11 Trustee to Increase Cap on Funding of Expenses of Mahwah Mansion* [ECF No. 3689] (the "First Increase

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Order"), by $600,000.00 to a second adjusted cap of $1,600,000.[2] In support of the Motion, the Trustee respectfully states the following:

## BACKGROUND

1. As discussed in the Amended Funding Motion, the Mahwah Mansion is one of the largest mansions in the United States, a 21-bedroom, 50,000 square foot, castle-styled private residence with 12.5-acre grounds located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430. The reasonable and necessary costs to maintain the Mahwah Mansion and preserve its value (*i.e.*, the Mahwah Expenses) are substantial.

2. On July 11, 2024, the Trustee commenced the Adversary Proceeding by filing his Complaint against Taurus Fund and other Defendants, seeking (a) a declaratory judgment that: (i) the Debtor is the equitable owner of the Mahwah Mansion; (ii) the Debtor is the equitable owner of Taurus Fund; and (iii) Taurus Fund is the alter ego of the Debtor; and (b) on these respective bases, an order under 11 U.S.C. §§ 541, 542, and 544 requiring turnover to the Estate and delivery to the Trustee of: (i) the Mahwah Mansion and all fixtures and personal property inside the Mahwah Mansion; (ii) any membership interest or other ownership interest in Taurus Fund; and (iii) all Taurus Fund's assets.

3. Thereafter, the Trustee obtained injunctive relief against the Defendants pursuant to the TRO and the PI Order. The PI Order restricted access to the Mahwah mansion and also required that the Defendants "employ [Security Services] for the Mahwah Mansion." The PI Order was further modified by the PI Mod. Order after the Defendants failed to provide evidence that the Mahwah Mansion was insured. The PI Order (as modified) remains in full force and effect.

---

[2] Capitalized terms not expressly defined herein adopt the definitions set forth in the Funding Order and in the *Amended Emergency Motion of Chapter 11 Trustee, Pursuant To Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Continue to Fund Expenses of Mahwah Mansion and Related Relief* [ECF No. 3381] (the "Amended Funding Motion"), as applicable.

4.       Pursuant to the Settlement Agreement between the Trustee and the Government, notwithstanding the Government's forfeiture claims with respect to the Mahwah Mansion, any "expenses to ensure safekeeping and custody of the [Mahwah Mansion] (including security service at or around the premises)" incurred by the Estate shall be paid from the proceeds of the eventual sale of the Mahwah Mansion. (Settlement Agreement at ¶¶ 2, 3.)

5.       After the Debtor was convicted of nine felony counts following his Criminal Trial, the Defendants ceased funding the Security Services as required by the PI Order and ceased otherwise funding the Mahwah Expenses (including real estate taxes and utility bills).

## FUNDING MOTION AND EXPENSES CAP

6.       On August 5, 2024, the Trustee filed his Initial Funding Motion, requesting authority to fund the Mahwah Expenses. On August 7, 2024, the Trustee filed his Amended Funding Motion, which amended and supplemented the Initial Funding Motion and requested authority for the Trustee to fund the Mahwah Expenses.

7.       On August 15, 2024, the Court entered the Funding Order, granting the Amended Funding Motion, and authorizing funding of the Mahwah Expenses up to the Expenses Cap in the amount of $300,000.

8.       The Funding Order provides that the Expenses Cap "shall be subject to increase upon a motion filed by the Trustee with notice to" the Defendants, the Debtor, the Committee, the United States Trustee, and all parties appearing in the Chapter 11 Case eligible to receive electronic notice, which motion shall be heard upon seven days' notice subject to the schedule of the Court.

9.       Since the Court entered the Funding Order, the Trustee has filed his:

a. *Motion for Summary Judgment* [Adv. ECF No. 124] (the "MSJ"), which has since been fully briefed [Adv. ECF Nos. 137, 146, 147, 168-170] and argued [Adv. ECF No. 150];

b. *Motion of Chapter 11 Trustee For Entry of Order Authorizing Trustee to Sell Mahwah Mansion and Its Contents, Subject to Entry of Further Orders, Including as to Retention of Broker, Terms of Such Sales, and Parties' Entitlement to Sale Proceeds* [Adv. ECF No. 134] (the "Sale Authority Motion"), requesting authority to sell the Mahwah Mansion, which was granted by the Court on October 29, 2024 [ECF No. 3757];

c. *Motion of Chapter 11 Trustee to Increase Cap on Funding of Expenses of Mahwah Mansion* [3650] (the "First Increase Motion"), wherein the Trustee requested authorization to fund expenses of the Mahwah Mansion up to $1 million, which was granted by this Court on October 15, 2024, *see* First Increase Order; and

d. *Application of Trustee, Pursuant to Bankruptcy Code Sections 327(a), 328, and 363(b), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, For Entry of Order (I) Authorizing Employment and Retention of Real Property Broker for Sale of Mahwah Mansion and (II) for Related Relief* [ECF No. 3855], to engage Compass as the real estate broker, which was granted by the Court on December 11, 2024 [ECF No. 3873] (the "Broker Retention Order").

10. The Mahwah Mansion is currently marketed for sale.

**MAHWAH EXPENSES FUNDED TO DATE AND EXPECTED FURTHER EXPENSES**

11. As of April 1, 2025, the Trustee has paid, or arranged to pay, at least $871,716.00 with respect to Mahwah Expenses, as more specifically set forth below:

a. Security Services: $525,644.51;

4

      b.      Electricity: $40,501.03;

      c.      Natural Gas: $11,738.98;

      d.      Internet (used for security camera remote access): $3,932.22;

      e.      Water and Sewer: $746.80;

      f.      Real property taxes: $211,588.64;

      g.      Lawn mowing / leaf removal / snow removal: $17.122.48;

      h.      Pool and spa winterization: $639.75;

      i.      Plaster work: $31,000;

      j.      Roof work: 18,382.12;

      k.      Cleaning: $9,969.44; and

      l.      Electrical maintenance work: $450.00.

12.      The Trustee expects to incur the following additional Mahwah Expenses in the next thirty (30) days:

      a.      Further Security Services in the amount of approximately $62,000;

      b.      Electric, gas, and internet utilities in the amount of approximately $10,000; and

      c.      Additional amounts with respect to the marketing and sale of the Mahwah Mansion, including for cleaning, maintenance, landscaping, and moving of personal property at the Mahwah Mansion.

13.      The next installment of real property taxes is due on May 1, 2025, in the amount of $69,660.

14.      Payment of these additional Mahwah Expenses will meet or exceed the Adjusted Expenses Cap of $1 million in May of 2025. Hence this Motion.

**REQUESTED RELIEF**

15. The Trustee respectfully requests that the Court enter an order increasing the Adjusted Expenses Cap by $600,000.00 to a second adjusted cap of $1,600,000 (the "Second Adjusted Expenses Cap") subject to the other terms and provisions of the Funding Order.

16. A chapter 11 trustee has a "statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung Rest.*, 254 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)). The Trustee believes that the Mahwah Mansion is property of the Estate and is expeditiously pursuing a judgment in the Adversary Proceeding through the MSJ, and the Trustee is marketing the Mahwah Mansion pursuant to the Sale Authority Motion, with the assistance of the Trustee's broker employed pursuant to this Court's Broker Retention Order. Earlier this month, to further induce interest from potential buyers, the Trustee lowered the listing price of the Mahwah Mansion from $33 million to $26.9 million.

17. Even though the Mahwah Mansion is being marketed for sale, the Trustee must locate a buyer and negotiate proposed terms of sale, obtain Court approval of the sale, and conduct a closing—all of which will take time. The Trustee has determined, in his business judgment, that it is necessary for the Estate to continue to fund the Mahwah Expenses in order to preserve the value of the Mahwah Mansion until the Trustee completes a sale. The Estate's interests are protected, both by the Settlement Agreement with the Government ensuring the Estate will be made whole for the Mahwah Expenses upon a sale of the Property notwithstanding forfeiture proceedings, and by the Funding Order, which provides that in the (Trustee's view unlikely) event that the Trustee does not prevail in the Adversary Proceeding, the Trustee shall then have the

Secured Claim against Taurus Fund in the amount of the Mahwah Expenses advanced by the Estate secured by the value of the Mahwah Mansion.

18. Accordingly, the Court should increase the Adjusted Expenses Cap to the amount of the Second Adjusted Expenses Cap (*i.e.*, $1,600,000) consistent with the Trustee's request.

19. As discussed above, this is the second request to increase the cap on the Mahwah Expenses, and the Trustee's prior request to do so was granted by the Court [ECF Nos. 3855, 3873].

## NOTICE AND REQUEST FOR EXPEDITED RELIEF

20. Consistent with the Funding Order, the Trustee will provide notice of this Motion to (a) the Defendants in the Adversary Proceeding, (b) the Debtor, (c) the Committee, (d) the United States Trustee, and (e) all parties appearing in the Chapter 11 Case eligible to receive electronic notice (the "Notice Parties"). (Funding Order at ¶ 3.)

21. The Funding Order provides that requests to increase the Expenses Cap may be heard on seven days' notice. (*Id.*) The Trustee respectfully requests that this Motion be heard by the Court on or before April 22, 2025.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 7, 2025  
New Haven, Connecticut

LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*  
    Patrick R. Linsey (ct29437)  
    NEUBERT, PEPE & MONTEITH, P.C.  
    195 Church Street, 13th Floor  
    New Haven, Connecticut 06510  
    (203) 781-2847  
    plinsey@npmlaw.com

    *and*

    Nicholas A. Bassett (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    2050 M Street NW  
    Washington, D.C., 20036  
    (202) 551-1902  
    nicholasbassett@paulhastings.com

    *and*

    Douglass Barron (admitted *pro hac vice*)  
    PAUL HASTINGS LLP  
    200 Park Avenue  
    New York, New York 10166  
    (212) 318-6690  
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                      :   Chapter 11
:
HO WAN KWOK, *et al.*,[1]                   :   Case No. 22-50073 (JAM)
:
Debtors.                         :   (Jointly Administered)
:
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing, and all declarations, exhibits and attachments thereto, was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned chapter 11 case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties receiving notice automatically by CM/ECF include all of the Notice Parties: (a) the Defendants in the Adversary Proceeding, (b) the Debtor, (c) the Committee, (d) the United States Trustee, and (e) all parties appearing in the Chapter 11 Case eligible to receive electronic notice. Parties may access this filing through the Court's CM/ECF system.

Dated:   April 7, 2025                By: */s/ Patrick R. Linsey*
         New Haven, Connecticut           Patrick R. Linsey (ct29437)
                                          NEUBERT, PEPE & MONTEITH, P.C.
                                          195 Church Street, 13th Floor
                                          New Haven, Connecticut 06510
                                          (203) 781-2847
                                          plinsey@npmlaw.com

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

# **EXHIBIT 1**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
:
In re:                                       :   Chapter 11
                                             :
HO WAN KWOK, *et al.*,[1]                    :   Case No. 22-50073 (JAM)
                                             :
          Debtors.                           :   (Jointly Administered)
                                             :
------------------------------------------------------x

### [PROPOSED] ORDER GRANTING SECOND MOTION OF CHAPTER 11 TRUSTEE TO INCREASE CAP ON FUNDING OF EXPENSES OF MAHWAH MANSION

Upon the motion (the "Motion"),[2] filed by Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), requesting that the Court increase the Adjusted Expenses Cap under the *Order Granting Amended Emergency Motion of Chapter 11 Trustee, Pursuant to Bankruptcy Code Section 363(b), for Entry of Order Authorizing Trustee to Fund Maintenance of Mahwah Mansion and for Related Relief* [ECF No. 3422] (the "Funding Order"), as modified by the Court's *Order Granting Motion of Chapter 11 Trustee to Increase Cap on Funding of Expenses of Mahwah Mansion* [ECF No. 3689] (the "First Increase Order"), and the Trustee having given notice to the Notice Parties consistent with the Funding Order, and it appearing that the requested adjustment of the Adjusted Expenses Cap is in the best interests of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not expressly defined herein adopt the definitions set forth in the Motion.

ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Adjusted Expenses Cap is increased by $600,000 to an adjusted cap of $1,600,000 (the "Second Adjusted Expenses Cap").

3.      The Second Adjusted Expenses Cap shall be subject to increase by further order of the Court pursuant to the terms and procedures in the Funding Order.

4.      Except as expressly modified by this Order, the Funding Order and the First Increase Order shall remain in full force and effect.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.