# **<u>Exhibit 3</u>**

## AGREEMENT AND CONSENT WITH RESPECT TO
## SHARES AND PROPRIETARY LEASE

Agreement made as of the 6 day of March, 2015, by and between The Sherry-Netherland, Inc., a New York Corporation having an address at 781 Fifth Avenue, New York, New York 10022 ("Lessor"); GENEVER HOLDINGS LLC, a New York Limited Liability Company, having an address at c/o Paul, Weiss, Rifkind, Wharton & Garrison LLC, 1285 Avenue of the Americas, New York, New York, 10019, Attn: Ira Gilbert or any other Member of the Firm ("Lessee"); and Mr. Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo ("Miles Kwok") ("Occupant"), having an address at 781 Fifth Avenue, Apartment 1801, New York, New York 10021.

### WITNESSETH:

**WHEREAS;** Lessee has entered into a contract to acquire 2,950 shares of the common stock of Lessor allocated to Apartment 1801 and 50 shares of the common stock of Lessor allocated to Apartment MR 2219 and 50 shares of the common stock of Lessor allocated to Apartment MR 719 (collectively, the "Shares", and collectively, the "Apartment") in the building located at 781 Fifth Avenue, New York, New York 10022 ("Building") and to become lessee under the proprietary leases (collectively, the "Lease") appurtenant to the Shares.

**WHEREAS;** Lessee has requested Lessor to consent to the transfer to Lessee of the Shares and the assignment to Lessee of the Lease and, in order to obtain such consent from Lessor, the Lessee is agreeable to restricting the occupancy of the Apartment and the direct and indirect ownership of the Lease and Shares, so that the ownership of the Lease and the Shares by Lessee, which is a limited liability company, does not affect the use of the Apartment or the beneficial ownership of the Lease and the Shares or limit or restrict in any way the responsibility

NY 75561913v5

of the Lessee for the prompt payment of maintenance charges (proprietary rent) under the Lease or other amounts payable to or on behalf of Lessor nor the responsibility of the Lessee and Occupant to strictly comply with the terms of the Lease and the Lessor's House Rules, Rules and Regulations, By-Laws and other corporate documents, as the same may be amended, modified, extended, restated or replaced from time to time ("Lessor's Corporate Documents"); and

**NOW, THEREFORE,** in order to induce Lessor to give its consent to the aforesaid transfer and assignment, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

### CONSENT

1. The Lessor hereby consents, subject to the provisions and conditions hereinafter set forth, to the transfer of ownership of the Shares to Lessee and to the assignment of the appurtenant Lease to Lessee and to the occupancy of the Apartment, as provided herein.

### LESSEE AND OCCUPANT'S COVENANTS

2. Lessee, Occupant and all Permitted Occupants, as hereinafter defined, agree to be bound by all the covenants, terms, conditions, and other restrictions or duties specified in the Lease and Lessor's Corporate Documents as if they were jointly and/or severally the shareholder of record of Lessor and as if they were jointly and/or severally the named Lessee under the Lease.

### LESSEE'S ADDITIONAL COVENANTS

3. In addition to its agreements and covenants made in paragraph 2 above, Lessee expressly covenants and agrees, without limitation, to comply with the obligation to pay all installments of rent (as defined in the Lease), additional rent, maintenance charges,

assessments, and any and all other charges or sums due to Lessor payable under the Lease, or Lessor's Corporate Documents (collectively, the "Lessee's Obligations").

## REPRESENTATIONS, WARRANTIES & COVENANTS

4. As a material inducement to Lessor to give its consent to the aforesaid transfer and assignment, Lessee and the Occupant represent that Lessee is wholly owned by Genever Holdings Corporation (as "Sole Member") and that there are no other members of the Lessee other than the Sole Member.

5. Concurrently herewith, Lessee shall deliver to Lessor the personal guaranty of Miles Kwok, in the form annexed hereto as Exhibit A, guaranteeing the performance of all Lessee's Obligations under this Agreement and the Lease, including, without limitation, the payment of any and all maintenance, rent payments and other assessment charges.

6. Lessee and the Occupant represent and warrant that:

   (i) Lessee is duly formed, validly existing and in good standing to do business in the State of New York and will remain as aforesaid so long as Lessee continues to be the owner of the Shares and the lessee of Lease;

   (ii) The terms of this Agreement and the Lessee's Obligations assumed by Lessee hereunder do not conflict with the operating agreement of the Lessee or with any prior agreement to which Lessee is a party;

      (iii)    The Federal Employer Identification Number (EIN) number for the Lessee is 47-3338202

7.    Lessee and the Occupant covenant that Lessee will execute, within ten (10) days of Lessor's request, any proprietary lease or other instrument, which has been duly approved and adopted by the shareholders of the Lessor and is required to be executed by the shareholders of the Lessor.

8.    Lessee and the Occupant covenant and represent that:

    (i)    The Lessee does not now and will not at any time in the future own any assets other than the Shares, the Lease and the furniture, fixtures, personalty and improvements relating to the Apartment and other than the shares, lease, and furniture, fixtures, personalty and improvements relating to any other co-operative Apartment in the Building and Lessee does not now and will not at any time in the future engage in any business activity not directly related to the respective foregoing assets;

    (ii)    Lessee does not now and will not at any time in the future incur any liabilities except in relation to the foregoing respective assets;

    (iii)    The Shares and the Lease will not be pledged as security or pledged or hypothecated to any third party without the prior written consent of Lessor; and

-4-

(iv) Lessee has not and will not at any time in the future place, or allow any third party to place, any liens, encumbrances or other indebtedness against the Shares and the Lease.

## OCCUPANCY

9. Lessor and Lessee hereby agree that the Apartment will be occupied as a private dwelling only and for residential use and for no other purpose and that only the Occupant, and the members of the Occupant's immediate family (each, a "Permitted Occupant"), may occupy or use the Apartment as such private dwelling only for residential use and for no other purpose. Lessor and Lessee agree that no person, other than Occupant and a Permitted Occupant, including, without limitation, any and all officers, directors, members, employees and agents of the Lessee, shall occupy or have any right to occupy or use the Apartment without the prior written consent of Lessor, and Lessee and Occupant shall not permit any person (other than Occupant and a Permitted Occupant) to occupy or use the Apartment, nor shall they permit the use of the Apartment for any purpose other than as a private dwelling for residential purposes only.

10. In furtherance of Article III, 3.9 and 3.10 of the Lease, and in accordance with the By-laws of Lessor with respect to subletting the Apartment, or to the assignment and/or transfer of the Lease and the Shares appurtenant to the Apartment, the Lessee hereby expressly covenants and agrees that any direct or indirect transfer, by operation of law or otherwise, of any interest in the Lessee, in whole or in part (whether by transfer of membership interests in or assets of Lessee, or otherwise, and including any issuance of any stock or other interest in the Lessee) shall be deemed to be an assignment and/or transfer of the Shares and/or the Lease, within the meaning of the aforesaid Articles of the Lease and shall require the prior written

-5-

consent of the Board of Directors of Lessor, which consent may be given or withheld in the sole discretion of said Board of Directors. The Lessee covenants not to transfer or permit or cause to be transferred, to any party, any direct or indirect interest in Lessee, whether by transfer of membership interest or assets, or otherwise, in contradiction of this paragraph and Article III 3.9 and 3.10 of the Lease. No assignment or purported assignment of any interest in the Lessee, the Lease and/or the Shares, shall release Lessee from Lessee's Obligations as set forth or provided for herein.

## DEFAULTS AND REMEDIES

11. If any of the agreements or covenants contained herein are breached by Lessee or the Occupant, Lessor shall have, in addition to any other right or remedy available to it for damages or injunctive relief, all of the rights and remedies provided under the Lease and the Lessor's Corporate Documents,, including without limitation, the right to terminate the Lease.

12. Lessee and Occupant agree to defend, indemnify and hold Lessor, its officers, directors, employees, agents, managers, trustees and counsel (each, an "Indemnified Party") harmless from and against all costs, suits, claims, losses, debts, damages, liabilities, contracts, controversies, actions, and expenses, including attorneys' fees and other professional fees and disbursements, which may be incurred by an Indemnified Party at any time by reason of or in any way in connection with the Lease, this Agreement, and/or the transfer of the Shares and/or the Lease, including, but not limited to, subpoenas, search warrants, court orders, demands for monetary or non-monetary relief, criminal proceedings, civil, administrative or regulatory proceedings or government investigations or the like, which either directly or indirectly involves any Indemnified Party or requires or invites any Indemnified Party's

NY 75561913v5

response, including but not limited to the production of documents, responses to interrogatories, deposition testimony, court appearance or the like by any Indemnified Party and/or its counsel.

13. Lessee and Occupant agree that any breach of the Lease or Lessor's Corporate Documents by any Permitted Occupant or a licensee or invitee of Lessee, Occupant or a Permitted Occupant will constitute a breach of the same by Lessee, entitling Lessor to enforce all of its rights and remedies set forth in the Lease and this Agreement against Lessee and Occupant.

14. The Lessee and Occupant acknowledge and agree that non-monetary defaults under or failures to strictly comply with the Lease or Lessor's Corporate Documents cause injury to the Lessor, other lessees and occupants of the Building, as well as the diversion of Lessor's management resources, and that the Lessor and other lessees and occupants of the Building cannot be fairly or adequately compensated for damages caused by such defaults and failures to comply. Therefore, the Lessor shall have the right, in addition to any other rights that the Lessor may have, to seek entry of an injunction against Lessee, Occupant, Permitted Occupant and/or their licensees or invitees, enjoining such defaults or failures to comply. Moreover, recognizing and acknowledging the irreparable nature of such injuries, the Lessee and Occupant consent to entry of such an injunction and further agree to bear any attorneys' fees or other costs incurred by the Lessor in obtaining or enforcing said injunction, which amounts shall be deemed additional rent under the Lease.

15. The Guarantor hereby designates the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 and any member thereof ("Designee") as agent and attorney in fact to accept service of process in any

action or proceeding arising under or in connection with the Lease and/or this Agreement, it being expressly acknowledged that service of process need only be served upon Designee to be effective against the Lessee, the Occupant and/or any Permitted Occupant. The foregoing designation is irrevocable and one coupled with an interest.

## GOVERNING LAW

16. This Agreement and any document contemplated by or delivered pursuant to or in connection with this Agreement, shall be governed by and construed and enforced in accordance with the laws of the State of New York applicable to contracts made in and to be performed wholly within the State of New York.

17. In any action on or in any way connection with this Agreement, Lessee and Occupant agree to waive a trial by jury and the right to assert any counterclaim, other than a compulsory counterclaim.

18. The parties hereto hereby agree that in any action or proceeding brought upon any matters whatsoever arising out of, relating to or in any way connected with the Shares, the Lease, the Apartment, and/or this Agreement, and/or any document contemplated by, delivered pursuant to, or in connection with this Agreement, the parties hereto, their respective heirs, legal representatives, successors and permitted assigns, shall and do hereby consent to the venue and jurisdiction of the courts of the State of New York, sitting in the County and City of New York, on behalf of themselves and their respective heirs, legal representatives, successors and permitted assigns.

## MISCELLANEOUS

NY 75561913v5

19. Other than as set forth above, Lessor's consent herein does not bind or obligate the Lessor to consent to or permit any subsequent transfer of the Shares, or assignment of the Lease at any time and is consent only to the present transfer and assignment of the Shares, and the Lease to the Lessee. Any future transfer, including those pursuant to the terms of any documents to which Lessee is bound or by operation of law, shall be subject to the prior written consent of the Lessor as provided for by the Lease.

20. Any and all terms set forth herein and not otherwise defined herein shall have the same meaning as set forth in the Lease or the Lessor's Corporate Documents, as the case may be.

21. The provisions of this Agreement shall inure to the benefit of the Lessor and shall inure to the benefit of and be binding upon the permitted successors and permitted assignees of the parties hereto.

22. This Agreement and any provision herein may only be modified, changed, waived, or terminated by an instrument in writing, signed by the party against whom the modification, change, waiver, or termination is sought.

23. All previous understandings and agreements between the parties with respect to the subject matter hereof are merged into this Agreement, which alone fully expresses their agreement.

24. This Agreement may be executed in counterparts and such executed counterparts, taken together, shall be considered one entire fully executed document.

NY 75561913v5

25. All parties acknowledge that they have each been represented by independent counsel of their choosing in connection with this Agreement and its subject matter.

**[SIGNATURE PAGE FOLLOWS]**

NY 75561913v5

IN WITNESS WHEREOF, the parties have executed this Agreement as of the \_\_\_\_ day of March, 2015.

|  |  |
|---|---|
| **LESSOR:** | **THE SHERRY-NETHERLAND, INC.** |
|  | By: *[signature]* |
|  | Name: MICHAEL J. ULLMAN |
|  | Title: EXECUTIVE V.P. & C.O.O. |
| **LESSEE:** | **GENEVER HOLDINGS LLC** |
|  | By: Genever Holdings Corporation, sole member |
|  | By: *[signature]* |
|  | Name: Ira Gilbert |
|  | Title: Authorized Person |
| **OCCUPANT:** | *[signature in Chinese characters]* |
|  | Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo |

The undersigned, by execution of this Agreement, hereby agree to act as agent and attorney in fact to receive service of process as more particularly provided in this Agreement

Paul, Weiss, Rifkind, Wharton & Garrison LLP

By: *[signature]*
Name: Ira Gilbert
Title: Counsel

-11-

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

On the 6th day of March in the year 2015, before me, the undersigned, personally appeared **Ira Gilbert** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as **Authorized Person**, of **GENEVER HOLDINGS LLC**, the corporation, and that by his signature on the instrument, the individual, on behalf of the corporation, executed the instrument.

/s/ Susan Hennelly
Notary Public
SUSAN HENNELLY
Notary Public, State of New York
No. 01HE4977445
Qualified in Suffolk County
Commission Expires February 4, 2019

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

On the 6th day of March in the year 2015, before me, the undersigned, personally appeared **Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

MARYBETH CARROLL
Notary Public, State of New York
No. 01CA6048085
Qualified in Nassau County
Commission Expires Sept. 16, 2018

/s/ MBCarroll
Notary Public

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF NEW YORK    )

On the 6th day of March in the year 2015, before me, the undersigned, personally appeared Michael Ullman personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, acting on behalf of the **Sherry-Netherland, Inc.**, executed the instrument.

/s/ Susan Hennelly
Notary Public
SUSAN HENNELLY
Notary Public, State of New York
No. 01HE4977445
Qualified in Suffolk County
Commission Expires February 4, 2019

NY 75561913v5

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the __0th__ day of March in the year 2015, before me, the undersigned, personally appeared ___Ira Gilbert___ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, acting on behalf of **Paul, Weiss, Rifkind, Wharton & Garrison LLP**, executed the instrument.

_____
Notary Public

MARYBETH CARROLL
Notary Public, State of New York
No. 01CA6048085
Qualified in Nassau County
Commission Expires Sept. 18, 20__

-13-

EXHIBIT A

GUARANTY OF AGREEMENT AND LEASE BY MILES KWOK

**GUARANTY OF AGREEMENT AND LEASE**

**WHEREAS,** The Sherry-Netherland, Inc., as Lessor ("Lessor") and GENEVER HOLDINGS LLC, as lessee ("Lessee") are concurrently entering into a proprietary lease (the "Lease") with respect to apartments 1801, MR 2219 and MR 719 (collectively, the "Apartment") at the building located at 781 Fifth Avenue, New York, New York 10022 ("Premises").

**NOW, THEREFORE,** in consideration of the foregoing, and in further consideration of the Lessor having consented to Lessee becoming the owner of the shares of Lessor allocable to the Apartment and the Lease appurtenant thereto, pursuant to an Agreement and Consent dated March __, 2015 (the "Agreement"), Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo (the "Guarantor") hereby unconditionally and irrevocably guarantees to the Lessor throughout the term of the Lease the timely performance of all of Lessee's Obligations under and as defined in the Agreement and the Lease and of all of the covenants and conditions on the Lessee's part to be paid and/or performed under the Agreement and the Lease, including, without limitation, the prompt payment by Lessee of maintenance charges and any and all other charges or assessments (including late charges) (collectively, "Maintenance Charges") payable under the Lease, as the same may be extended, amended, modified or renewed from time to time, on and after the date hereof to and including the date on which Lessee assigns and transfers the Shares and the Lease, with the consent of the Lessor and in compliance with the terms of the Lease.

Guarantor agrees, without notice or demand, that he shall reimburse the Lessor for all costs and expenses, including without limitation, reasonable attorneys fees and disbursements, incurred by the Lessor in connection with the enforcement of this Guaranty.

Guarantor agrees that the obligations to make payments hereunder, and any remedy of Lessor for the enforcement thereof, shall not be impaired, modified, released or limited in any way by any impairment, modification, release or limitation of the liability of the Lessee or Lessee's estate in bankruptcy, resulting from the operation of any present or future provision of the Bankruptcy Code of the United States or from the decision of any court interpreting same.

Guarantor agrees to provide to the Lessor the full performance and observance of all the covenants, conditions and agreements provided to be performed and observed by the Lessee, in its capacity as lessee, including without limitation the observance of all of the terms and conditions of the Agreement and Consent with respect to Shares and Proprietary Lease of even date herewith between the Lessor and the Lessee, Proprietary Lease, the By-Laws, the Certificate of Incorporation and the House Rules of the Lessor as they may now exist or as they may hereafter be amended from time to time.

Guarantor hereby waives (a) notice of acceptance of this Guaranty; (b) presentment, demand, protest or notice of non-payment and/or dishonor of any Maintenance Charges or of any instruments or documents evidencing and/or given pursuant thereto; (c) notice of any default by Lessee; (d) notice of demand for payment; (e) notice of full or partial payment of any

NY 75561913v5

Maintenance Charges by the Lessee to the Lessor; and (f) any notice to or making of any claim or demand upon the Guarantor and the Guarantor further waives all defenses, offsets, and counterclaims which the Guarantor may now or hereafter have with regard to any Maintenance Charges.

Guarantor hereby consents to and agrees that the Lessor may at any time, in its discretion, before or after any default by Lessee with respect to the Agreement and/or the Lease and without notice to, knowledge of or assent from the Guarantor: (a) extend or change the time, manner, place or terms of payment of the Maintenance Charges or fees of Lessee to the Lessor; or (b) settle, modify, release or compromise with Lessee or with third parties any and all obligations with respect to Maintenance Charges or fees by Lessee to Lessor. Any or all of the foregoing shall be accomplished by the Lessor in such manner and upon such terms that it sees fit, and the Guarantor shall remain bound under this Guaranty notwithstanding any such action taken by the Lessor as aforesaid, provided Lessor notifies Lessee in writing, of any of the foregoing. The parties agree notice to the Apartment at the Premises shall be deemed good and sufficient notice.

This Guaranty shall remain in effect notwithstanding the modification, amendment or extension of the Lease or the execution of a new, amended or extended proprietary lease by Lessee or any modification thereof.

This Guaranty shall remain and continue in effect if the Lessee sublets the Apartment, whether or not the Guarantor or Lessor receive notice of and/or consents to such sublet.

This is an absolute and unconditional guaranty of payment and of performance and not of collection and the Guarantor further waives any right to require that any action be brought against the Lessee or any other person or to require that resort be had to any security held by the Lessor prior to the exercise of any rights that the Lessor may have by virtue of this Guaranty.

Further, no delay on the part of the Lessor in exercising any of its rights hereunder or failure to exercise the same shall operate as a waiver of such rights; no notice or demand on the Guarantor shall be deemed a waiver of this Guaranty or of the rights of the Lessor to take further action without notice or demand as herein provided.

The Guarantor hereby designates the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 and any Member thereof ("Designee") as agent and attorney in fact to accept service of process in any action or proceeding arising under or in connection with this Guaranty, it being expressly acknowledged that service of process need only be served upon Designee to be effective against the Guarantor. The foregoing designation is irrevocable and one coupled with an interest.

This Guaranty and all of its provisions shall be binding on the Guarantor and his estate, heirs, executors, administrators, personal representatives, successors and assigns.

If any provision of this Guaranty shall be invalid, the remaining provisions shall continue in full force and effect and the invalid provision shall be construed as if it were not contained herein.

All rights and remedies under the Lease and under this Guaranty are cumulative.

EXHIBIT A -2-

NY 75561913v5

This Agreement and any document contemplated by or delivered pursuant to or in connection with this Agreement, shall be governed by and construed and enforced in accordance with the laws of the State of New York applicable to contracts made in and to be performed wholly within the State of New York. This Guaranty shall be governed by the internal laws of the State of New York, without giving effect to principles or conflict of laws.

In any action on this Guaranty, Guarantor agrees to waive a trial by jury and the right to assert any counterclaim, other than a compulsory counterclaim.

The parties hereto hereby agree that in any action or proceeding brought upon any matters whatsoever arising out of, relating to or in any way connected with the Shares, the Lease, the Apartment, and/or this Agreement, and/or any document contemplated by, delivered pursuant to, or in connection with this Agreement, the parties hereto, their respective heirs, legal representatives, successors and permitted assigns, shall and do hereby consent to the venue and jurisdiction of the courts of the State of New York, sitting in the County and City of New York, on behalf of themselves and their respective heirs, legal representatives, successors and permitted assigns.

This Guaranty may not be modified or terminated orally but only by an agreement in writing signed by the Party against whom enforcement of such change or termination is sought.

Date: March ___, 2015
New York, New York

_____
Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo

The undersigned, by execution of this Agreement, hereby agree to act as agent and attorney in fact to receive service of process as more particularly provided for in this Guaranty.

Paul, Weiss, Rifkind, Wharton & Garrison LLP

By: _____
Name: _____
Title: _____

EXHIBIT A -3-

NY 75561913v5

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF NEW YORK   )

On the 6th day of March in the year 2015, before me, the undersigned, personally appeared **Kwok Ho Wan a/k/a Miles Kwok a/k/a Miles Guo** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**MARYBETH CARROLL**
Notary Public, State of New York
No. 01CA6048085
Qualified in Nassau County
Commission Expires Sept. 18, 20__

EXHIBIT A -4-

NY 75561913v5