**Exhibit 1**

Case Number :BVIHCOM2024/0454

Submitted Date:13/01/2025 15:37

Filed Date:13/01/2025 15:39

Fees Paid:811.84



IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION
CLAIM NO. BVIHCOM2024/0454

BETWEEN:

### LUC A. DESPINS
### (IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF HO WAN KWOK)

<u>Claimant</u>

AND

**(1) K LEGACY LTD**

**(2) QIANG GUO**

<u>Defendants</u>

---

### DEFENCE

---

### INTRODUCTION

1. The abbreviations and headings set out in the Points of Claim are adopted in this Defence save where otherwise stated – no admissions are made thereby. The Applicant is referred to as the "Claimant" herein. The Second Defendant is referred to as "Mileson".

2. Unless otherwise stated, references in this Defence to paragraph numbers are to the paragraphs in the Particulars of Claim (then called "Points of Claim") filed on 30 September 2024.

3. It is a rule of the Common Law that where immovable property is situated in country A, neither the law nor the courts of country A will recognise or give effect to any laws or judicial decisions of other countries which purport to govern or decide issues of rights to and interests in that immovable property, save to the extent of any exceptions under the law of country A (the "**Immovables Rule**"). The corollary or a part of the Immovables Rule is that a court of a foreign country has no jurisdiction to adjudicate upon the title to, or the right to possession of, any immovable situate outside that country.

4. These proceedings have been brought by the Claimant in order to determine issues of rights to and interests in immovable property (viz. the Property) situated outside of the jurisdiction of the BVI, namely in England. Further or alternatively, these proceedings concern or have as their

object rights of ownership and/or possession in relation to immovable property (viz. the Property) situated outside of the jurisdiction, namely in England.

5.  In the premises, the BVI Courts have no jurisdiction to determine these proceedings; alternatively (without prejudice to the foregoing) no jurisdiction to determine any issues in these proceedings which are issues as described in paragraph 4 above.

6.  Further, and without prejudice to the foregoing, the Claimant (on its case) has only a prospective right (which is denied) to the Shares, and is not entitled to any relief premised on his having a present right to registration.

7.  Without prejudice to the foregoing, and as further pleaded below, the Claimant has no right or entitlement to the Shares or to the Property. The same are not part of the Debtor's Estate and at all material times were owned by Mileson.

**THE PARTIES**

8.  Paragraph 1 is admitted.

9.  As to paragraph 2:

    9.1.  The Debtor is originally from Hong Kong/China but who moved to the United States of America in around 2015 because of concerns for his safety were he to remain in Hong Kong.

    9.2.  The Debtor's said convictions as referred to in the first part of the second sentence are admitted, albeit they are of no relevance to this claim.

    9.3.  The allegation that the Debtor's alleged fraud funded his "lavish lifestyle" is not admitted, but it is in any event irrelevant to this claim.

    9.4.  Ms Wang's plea as referred to in the last sentence is admitted, albeit it is of no relevance to this claim.

    9.5.  Save as aforesaid, paragraph 2 is denied.

10. Paragraph 3 is admitted. At all material times from the date of its incorporation the ultimate beneficial owner of K Legacy and therefore of the Property has been Mileson.

11. As to paragraph 4:

2

11.1. It is admitted that Mileson is the Debtor's son.

11.2. The Property was a residence of Mileson's between 2016 and 2022.

11.3. The expression "true whereabouts" in relation to Mileson is opaque. In any case, Mileson's "true whereabouts" are irrelevant to the claim, and the Defendants cannot moreover plead to what the Claimant knows or does not know.

11.4. As pleaded by the Claimant, Mileson has not been indicted in the USA.

11.5. The plea that the New York Federal Court has allegedly held in evidentiary rulings that Mileson was a co-conspirator of the Debtor is embarrassing and bad in law. Mileson was not a party to the said foreign proceedings. Any alleged holdings or findings of the New York Federal Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

## K LEGACY AND THE PROPERTY

12. K Legacy was incorporated for the purpose of the purchase of the Property. It holds no other assets.

13. Paragraph 5 is admitted.

14. As to paragraph 6, the reference to the "Salamander Group" is opaque and its relevance is not understood. Accordingly, no admission is made whether Salamander Nominees and Salamander Management are part of it. Save as aforesaid, paragraph 6 is admitted.

15. As to paragraph 7 , Article 15 of the Articles does not provide that any person becoming entitled by operation of law or otherwise to shares in consequence of the bankruptcy of any member **shall** be registered as a member upon such evidence being produced as may reasonably be required by the directors. Article 15 provides that: *Any person becoming entitled by operation of law or otherwise to shares in consequence of the… bankruptcy of any member **may** be registered as a member upon such evidence being produced as may reasonably be required by the directors.* (**emphasis** added). Save as aforesaid, paragraph 7 is admitted.

16. Save that the Property was purchased for £35 million in total (£33 million for the land and £2 million for the fixtures and fittings), paragraph 8 is admitted.

## CHAPTER 11 BANKRUPTCY

17. Paragraphs 9 – 11 are not admitted as being embarrassing and having no relevance to this claim. The Defendants were not parties to the proceedings before the Supreme Court of the State of New York.

18. As to paragraph 12, the first sentence is admitted. The Defendants do not admit the second sentence or the accuracy of the said list, it not being the list of either of them.

19. Paragraph 13, which contains pleas as to the meaning and effect of sections 301, 362 and 541 of the US Bankruptcy Code, is not admitted. To the extent that the Claimant relies on the said provisions as regards any issues of rights to and interests in the Property, they have no legal force or effect under the Immovables Rule.

20. So far as the Defendants understand, and save that no admissions are made as to the meaning and effects of the said provisions of the US Bankruptcy Code, paragraphs 14 – 15 are admitted.

21. Paragraph 16, which contains pleas as to the meaning and effect of section 323 and unidentified "related provisions" of the Bankruptcy, paragraph 16 is not admitted.

22. As to paragraph 17:

    22.1. So far as the Defendants understand, on 10 August 2022 the US Bankruptcy Court made the Corporate Governance Order, to which the Defendants were not party.

    22.2. To the extent that the Claimant relies on the Corporate Governance Order as regards any issues of rights to and interests in the Property, it has no legal force or effect under the Immovables Rule. In any event, the Corporate Governance Order is irrelevant to any property which does not belong to the Debtor, and in the premises is irrelevant to the Shares or the Property, both of which belong to Mileson.

    22.3. Subject to the foregoing, no admission is made as to the meaning or effect of the Corporate Governance Order, save that it is noted that it provided *inter alia* that the Claimant's alleged authority to act in any foreign country is made subject to whatever is permitted by the applicable foreign law.

23. Save that the first two sentences are admitted and that the Claimant makes the claims it does in the Particulars of Claim, paragraph 18 is denied. For the reasons set out in this Defence, the Claimant is not entitled to the relief it seeks.

**OWNERSHIP OF THE SHARES AND THE PROPERTY**

24. Shortly after the incorporation of K Legacy, on 26 April 2016 the Defendants entered into a nominee agreement (the "**Nominee Agreement**"), which identified K Legacy as "*the Nominee*" and Mileson as "*the Beneficial Owner*".

25. The recitals to the Nominee Agreement stated that K Legacy *qua* Nominee held and had at all times held the Property as nominee for Mileson *qua* Beneficial Owner.

26. Clause 2 of the Nominee Agreement provides that:

    "*The Nominee HEREBY DECLARES AND AGREES with the Beneficial Owner that at all times the Nominee:*
    - *has held and shall hold the Property and any interest therein as nominee for the Beneficial Owner;*
    - *will deal with the Property at all times as the Beneficial Owner shall direct and shall in no way vary, change, modify, add to or alter the Property except at the express direction of the Beneficial Owner;*
    - *will execute such instruments as may be necessary to protect the Beneficial Owner's interest in the Property when and as directed by the Beneficial Owner; and*
    - *will assign, dispose, sell, lease, mortgage, charge or pledge the Property to such person or persons at such time or times in such manner as the Beneficial Owner shall direct or appoint, but not otherwise.*"

27. Accordingly, K legacy has at all material times held, and still holds, the Property as nominee for Mileson.

28. As to the *chapeau* to paragraph 19, the Defendants are unable to plead to the alleged fact or fruits of the Claimant's said alleged investigations as they have no knowledge of the latter. As to the sub-paragraphs of paragraph 19:

    28.1. Paragraph 19.1 is admitted. The transfer of US$54m from Anton Development to Mishcon de Reya LLP for the purchase of the Property was actioned on 6 May 2016 and the said monies had been loaned to Mileson by Anton Development pursuant to a Facility Agreement dated 1 April 2016.

    28.2. As to paragraph 19.2:

        28.2.1. Anton Development was not nominally owned by the said chef; it was nominally owned by Ms N Qu until in or about 2018 when Mei Guo held the said shares in it. Further at all material times Anton Development was ultimately beneficially owned by the Kwok family as a whole, and is not controlled by the Debtor. The said US$54m was not money to which the

5

Debtor was beneficially entitled, was not impressed with the alleged purpose trust and was and is not held for his benefit.

28.2.2. The plea as to what the High Court of Hong Kong has allegedly held including as regards to accounts held by Anton Development at DBS Bank is embarrassing and bad in law. Any alleged holdings or findings of the High Court of Hong Kong are inadmissible in these proceedings under the rule in *Hollington v Hewthorn* and/or the said judgment (which contains any such alleged holdings or findings) is unenforceable as against Mileson in any event.

28.2.3. Further and without prejudice to the rule in *Hollington v Hewthorn*, to the extent that the Claimant relies on any holdings or findings of the High Court of Hong Kong as regards any issues of rights to and interests in the Property, they have no legal force or effect under the Immovables Rule.

28.3. As to paragraph 19.3, so far as the Defendants understand, the Debtor visited and stayed in the Property as a guest of and with Mileson for a few months shortly after it was purchased. He stayed with Mileson to be with his son and to experience his son's new apartment in London. He occupied the master bedroom, as would be expected given Mileson's love and respect for his father. No admissions are made as to what the Debtor may have said. In any case, whatever he made have said to third parties is irrelevant. Neither the shares in K Legacy nor the Property were his.

28.4. As to paragraph 19.4:

28.4.1. so far as the Defendants understand, the Debtor was able to enter and leave the Property when he wished, and that he did not need or seek the permission of Mileson or anyone else to do so which is entirely unsurprising given his being Mileson's father.

28.4.2. The staff within the Property were hired by Mileson and were his staff. When the Debtor visited Mileson, Mileson hired a security detail for the Debtor. The Debtor, on occasion, made requests of the staff and security, which is again entirely unsurprising given he is Mileson's father and was staying at the Property.

28.4.3. Save for the council tax bill which was sent to Mileson directly and which Mileson paid, all the other bills related to the Property were paid for by the management company and then included in the management fees that Mileson paid.

      **28.4.4.**    No admission is made as to whether the Debtor documents related to the Property (including the Property purchase contract).

      **28.4.5.**    Save as aforesaid, paragraph 19.4 is denied.

**28.5.**    As to paragraph 19.5, so far as Mileson understands, the Debtor participated in a television interview which aired on HBO on 15 November 2017. During the interview, the Debtor spoke in Chinese. Mileson understands that "*I have the most luxurious apartment in London*" was HBO's translation of what his father had said in Chinese. The translation is inaccurate or incomplete. The Debtor was talking in general terms about a property that was within his family and to which he had access. He did not say that he owned K Legacy or the Property. Further, even if he had so stated (which is denied), it is irrelevant.

**28.6.**    As to paragraph 19.6, so far as the Defendants understand, the first sentence of sub-paragraph 19.6 is admitted. The fact that the Debtor declined, as was his legal right, not to provide an answer to the question of the ownership and control of K Legacy is inadmissible in and/or irrelevant to this claim. Insofar as the reference to "the Court" is to the BVI Court, the second sentence of sub-paragraph 19.6 is denied.

**28.7.**    As to paragraph 19.7, it is admitted (although it is irrelevant) that Mileson worked for the family business and that he *inter alia* was responsible for managing overseas assets of the family business. However, the family business is not the Debtor's business and he does not ultimately control it. It is for the benefit of and operated by all of the Kwok family.

**28.8.**    Save as aforesaid, sub-paragraphs 19.1 – 19.7 are denied.

**29.**    Paragraph 20 (including its sub-paragraphs) is embarrassing and contrary to the rules of pleading insofar as it pleads alleged evidence that K Legacy was owned or ultimately owned by the Debtor (which is in any event denied). It also contains irrelevant averments which do not touch upon the issue of the ownership of K Legacy. Subject to the foregoing, the Defendants plead as follows to the same:

    **29.1.**    The allegation that the Debtor "*has used …. Mileson… in order to hide assets from his creditors*" is denied. The Defendants are unable to plead to the general (and irrelevant) allegation that the Debtor has used other third parties to hide assets from his creditors since the same is not something in respect of which they have any knowledge and is therefore not admitted.

    **29.2.**    As to the matters pleaded in paragraph 20.1 and any issues relating to Leading Shine BVI and the so-called Hong Kong Residence, they are irrelevant to this claim. Leading Shine BVI is the legal owner of the Hong Kong Residence. It is denied that Leading Shine

BVI is *nominally* owned by Mileson; it is his company and he is the sole beneficial owner. Subject to the foregoing, no admissions are made as to the matters therein alleged. Further, any alleged holdings or findings of the High Court of Hong Kong are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.3. The matters pleaded in paragraph 20.2 and issues relating to HK International Funds Investment (USA) LLC and the *Lady May* are irrelevant to this claim. Subject to the foregoing, no admissions are made as to the matters therein alleged. Any alleged holdings or findings of the US Bankruptcy Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.4. The matters pleaded in paragraph 20.3 and issues relating to the so-called Sherry-Netherland Residence (including the US Bankruptcy Court's approval of the said settlement) are irrelevant to this claim. Further, any alleged holdings or findings of the US Bankruptcy Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.5. The matters pleaded in paragraph 20.4 and issues relating to Golden Spring are irrelevant to this claim. In any case, it is denied that Golden Spring was *nominally* owned by Mileson; it was his company and he was the sole beneficial owner. Further, any alleged holdings or findings of the US Bankruptcy Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.6. The matters pleaded in paragraph 20.5 and issues relating to Lamp Capital are irrelevant to this claim. In any case, it is denied that Lamp Capital was *nominally* owned by Mileson; it was his company and he was the sole beneficial owner. Further, any alleged holdings or findings of the US Bankruptcy Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.7. As to paragraph 20.6, the second sentence is admitted. However as regards the first sentence, it was Mileson and not the Debtor who used the said corporations to fund expenses associated with the Property.

29.8. The matters pleaded in paragraph 20.7 and issues relating to a Bombardier jet are irrelevant to this claim. Subject to the foregoing, no admissions are made as to the matters therein alleged. Any alleged holdings or findings of the US Bankruptcy Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.9. The matters pleaded in paragraph 20.8 and issues relating to Ace Decade are irrelevant to this claim. Subject to the foregoing, no admissions are made as to the matters therein alleged. Any alleged holdings or findings of the US Bankruptcy Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.10. The matters pleaded in paragraph 20.9 and issues relating to "various luxury motorcycles" are irrelevant to this claim. Subject to the foregoing, no admissions are made as to the matters therein alleged. Any alleged holdings or findings of the US Bankruptcy Court are inadmissible in these proceedings under the rule in *Hollington v Hewthorn*.

29.11. The matters pleaded in paragraph 20.10 and issues relating to Taurus Fund LLC and an unidentified "mansion in New Jersey" are irrelevant to this claim. Subject to the foregoing, no admissions are made as to the matters therein alleged.

30. Paragraph 21 is denied. There is no proper basis for either of the alleged inferences.

31. As to paragraph 22:

    31.1. The Court does not under the Immovables Rule have jurisdiction to determine any issues of rights to and interests in the Property, including any claim by the Claimant to any interest in or right over the Property. The sub-paragraphs which follow are without prejudice to such proposition.

    31.2. The Debtor did not fund the purchase of the Property, or fund expenses associated with the Property. Nor was there any agreement between the Debtor and K Legacy that K Legacy would hold legal title to the Property on trust for the Debtor or as his nominee.

    31.3. The alleged inference the Debtor used K Legacy to hold legal title to the Property on trust for him and that it belonged beneficially to him is denied.

32. As to paragraph 23:

    32.1. The Court does not under the Immovables Rule have jurisdiction to determine any issues of rights to and interests in the Property, including any claim by the Claimant to any interest in or right over the Property. The sub-paragraphs which follow are without prejudice to such proposition.

    32.2. On 26 April 2016, K Legacy and Mileson entered into the Nominee Agreement referred to in paragraphs 24 - 26 above.

    32.3. The unparticularised allegation that the Nominee Agreement is a sham or has no legal effect or is not inconsistent with the Debtor owning the ultimate beneficial interest in the Property is denied.

9

33. In the premises, paragraph 24 is denied. Further and specifically as to sub-paragraph 24.2, the Court does not under the Immovables Rule have jurisdiction to determine any issues of rights to and interests in the Property, including any claim by the Claimant to any interest in or right over the Property.

**FURTHER EVENTS**

34. As to paragraph 25, Salamander Nominees did lawfully and effectively transfer the Shares to Mileson such that he became and was registered as the sole shareholder and member of K Legacy. Save as aforesaid, and save that the said error is admitted (although it has no different result as the Claimant accepts), paragraph 25 is denied.

35. By reason of the matters hereinbefore pleaded, paragraphs 26 and 27 are denied.

36. As to paragraph 28:

    36.1. It is admitted that Salamander Management resigned as director of K Legacy on 2 November 2023.

    36.2. Mr Velu Sankar was appointed as the director of K Legacy by way of a resolution dated 2 November 2023.

    36.3. It is admitted that the appointment was not registered.

    36.4. Save as aforesaid, paragraph 28 is denied.

37. Paragraph 29 is admitted. However, as pleaded in paragraph 32 (which is admitted), it was restored to the register on 18 June 2024.

38. As to paragraph 30:

    38.1. The first sentence is denied.

    38.2. The second sentence is admitted;

    38.3. It is admitted that K Legacy only was served with the said Orders.

    38.4. It is admitted that neither of the Defendants appeared in the proceedings which gave rise to the Orders and they did not challenge them.

**38.5.** Save as aforesaid, paragraph 30 is denied.

39. As to paragraph 31:

   **39.1.** Mileson *qua* sole member of K Legacy passed the said resolution.

   **39.2.** The second sentence is admitted.

   **39.3.** Save as aforesaid, paragraph 31 is denied.

40. Paragraph 32 is admitted.

41. As to paragraph 33:

   **41.1.** The Defendants are unable to plead to what was known or not known to the Claimant. The Claimant's plea to the state of its knowledge is thus embarrassing.

   **41.2.** It is admitted that there were communications between Mileson and TrustConsult in which TrustConsult proposed the potential domiciliation of K Legacy to the Marshall Islands. However, this was no more than a potentiality, no instructions were given to TrustConsult to effect any re-domiciliation and K Legacy was not re-domiciled and remained domiciled in the BVI.

   **41.3.** The last sentence is embarrassing and so vague and lacking particularity that the Defendants are unable to plead to the same.

42. Paragraph 34 is denied. The said inference is completely misconceived in circumstances where the Shares and Property are not, and have never been, owned, legally or beneficiary, by the Debtor.

**FURTHER ORDER OF US BANKRUPTCY COURT**

43. As to paragraph 35:

   **43.1.** The Default Judgment and its terms are admitted. However:

      **43.1.1.** The US Bankruptcy Court had no jurisdiction to give a judgment *in personam* against the Defendants capable of enforcement or recognition as against them since: (i) at the time the proceedings were instituted, neither was present in the USA; (ii) neither Defendant was claimant, or counterclaimed,

11

        in the said proceedings; (iii) neither Defendant submitted to the jurisdiction of the US Bankruptcy Court by voluntarily appearing in the said proceedings; or (iv) neither Defendant had, before the commencement of the said proceedings, agreed in respect of the subject matter of the proceedings, to submit to the jurisdiction of the US Bankruptcy Court or of the courts of the USA.

- **43.1.2.** Without prejudice to the foregoing, the US Bankruptcy Court had and has no jurisdiction to make any enforcement orders in relation to the Shares since they are situate not in the USA but in the BVI: the *situs* of the Shares and any equitable interest in them is in the BVI, as being the jurisdiction where K Legacy is incorporated and where the Shares are registered.

- **43.1.3.** Without prejudice to the foregoing, the US Bankruptcy Court had and has no jurisdiction under the Immovables Rule to determine any issues of rights to and interests in the Property, including any claim by the Claimant to any interest in or right over the Property.

**43.2.** In the premises, the Default Judgment is legally irrelevant and has no legal or other effect in this jurisdiction and these proceedings.

**44.** As to paragraph 36:

**44.1.** By reason of the matters set out in the foregoing paragraph, there was and is no obligation on the Defendants to comply with the Default Judgment.

**44.2.** The Defendants are unable to plead to the embarrassing allegation as to what the Claimant allegedly "reasonably considers". The Defendants are not privy to the thought processes of the Claimant and in any event what the Claimant considers or even reasonably considers is irrelevant to the claim it seeks to make in these proceedings.

## RELIEF

**45.** By reason of the matters aforesaid, paragraph 37 is denied. Without prejudice to the generality of such denial:

**45.1.** The Claimant is not entitled to any relief in relation to the Property, since the BVI Court has no jurisdiction under the Immovables Rule to determine any issues of rights to and interests in the Property, including any claim by the Claimant to any interest in or right over the Property. Accordingly and in any event, the Claimant is not entitled to any

        declarations in the terms of paragraphs 37.2(b) and 37.2(c) or to any order in the terms of paragraph 37.3(f).

45.2. The Claimant is (by virtue of the decision of the Judicial Committee of the Privy Council in *Nilon Ltd & Anor v Royal Westminster Investments SA & Ors (British Virgin Islands)* [2015] UKPC 2) not entitled to any orders in the terms of paragraphs 37.3(b), 37.3(c), 37.3(d), 37.3(e) and 37.4 since the Claimant and has (even on his case) only a prospective right (which is denied) and no present right to registration.

**Certificate of Truth**

I, Cécile Civiale Vuillier, a director of TC Executives Corp, which is the sole director of the First Defendant K Legacy Limited certify that I believe that the facts states in this Defence are true.

*[signature]*

**CÉCILE CIVIALE VUILLIER**


I, Qiang Guo, certify that I believe that the facts stated in this Defence are true.

*[signature]*

**QIANG GUO**

                                                                         **13 January 2025**

                                                                         **CHARLES SAMEK K.C.**

                                                                         **ALEXANDER BRYANT**

                                                                                 **OGIER**

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION
CLAIM NO. BVIHCOM2024/0454

BETWEEN:

LUC A. DESPINS
(IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF HO WAN KWOK)

Claimant

AND

(1) K LEGACY LTD

(2) QIANG GUO

Defendants

---

DEFENCE

---



Ritter House
Wickham's Cay II
Road Town, Tortola
British Virgin Islands
VG1110
Tel.: +1 284 852 7300
Ref.: 509103.00001
Legal Practitioners for the Defendants