**Exhibit 11**

FILED
EASTERN CARIBBEAN SUPREME COURT
THE TERRITORY OF THE VIRGIN ISLANDS

**Case Number :BVIHCOM2024/0454**

Made on behalf of the Claimant
Fifth Affidavit of L. Despins
Exhibit: LD-5
Date sworn: 3 April 2025

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

CLAIM NO. BVIHCOM2024/0454

**Submitted Date:03/04/2025 16:05**

**Filed Date:04/04/2025 08:30**

**Fees Paid:274.20**

BETWEEN

LUC A. DESPINS (IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF HO WAN KWOK)

APPLICANT

AND

(1)  K LEGACY LTD
(2)  QIANG GUO

DEFENDANTS

---

**FIFTH AFFIDAVIT OF LUC A DESPINS**
**(IN HIS CAPACITY AS CHAPTER 11 TRUSTEE OF HO WAN KWOK)**

---

I, **LUC A DESPINS**, of 200 Park Avenue, New York, NY 10166, United States of America, in my capacity as the Chapter 11 Trustee of the Chapter 11 estate of Ho Wan Kwok, **DO MAKE OATH AND SWEAR** as follows:

1.     I, Luc A Despins, am an attorney at law and partner in the law firm Paul Hastings LLP, a New York-based law firm, and my practice focuses on corporate reorganization and insolvency law.  I have been practicing law for over 35 years.

2.     I make this affidavit in proceedings with captioned claim no. BVIHCOM2024/0454, commenced by me on 30 September 2024, seeking declarations and orders in relation to the rights and ownership of all the issued shares in the First Defendant, K Legacy Ltd (*K Legacy*) and also ownership of the beneficial interest in Apartment 6 and Apartment G3 at 5 Princes Gate, London SW7 1QJ, United Kingdom (*London Apartment*).

3.     This affidavit is made in addition to and is intended to supplement my First Affidavit dated 12 September 2024 (*Despins 1*), my Second Affidavit dated 16 September 2024 (*Despins 2*), and my

Made on behalf of the Claimant
Fifth Affidavit of: L Despins
Exhibit: LD-5
Date sworn: 3 April 2025

Third Affidavit and Fourth Affidavit both dated 18 October 2024 and referred herein as (*Despins 3)* and (*Despins 4*), respectively. Unless expressly stated otherwise, defined terms used in this affidavit should be taken to have the meaning ascribed to them in Despins 1, and the statements contained herein relate to the time period contemporaneous with Despins 1.

4.     The contents of this Affidavit are derived either from matters within my own knowledge or from other sources of information identified herein. In all cases, the contents of this Affidavit are true to the best of my knowledge, information and belief.

5.     There is now produced and shown to me a bundle of true copy documents marked Exhibit "**LD-5**". A reference to a page number in this Affidavit is a reference to the corresponding page number in Exhibit **LD-5**.

6.     Nothing I say within this Affidavit is intended to be or should be construed as a waiver of legal professional or other privilege and, for the avoidance of doubt, such privilege is not waived.

7.     I make this affidavit out of an abundance of caution in light of assertions made by the Second Defendant, Mileson, in separate proceedings commenced by me in the District Court of Limassol, Cyprus pursuant to Application Number 267/2024 (*Cypriot Proceedings*). In the Cypriot Proceedings, Mileson has alleged that I represented to the Court in these BVI proceedings that Mileson's last known address was in Switzerland. He relies in this regard on the sealed order of Mr Justice Mithani dated 1 October 2024 providing me with *ex parte* injunctive relief and an order for service by alternative means  (*Ex Parte Order*) and the draft I submitted of such Ex Parte Order (*Approved Draft Ex Parte Order*) (as approved by Mr Justice Mithani but prior to it being sealed), which lists Mileson's address as being located in Switzerland.

8.     I wish to make clear that I did not intend to convey at the application for the Ex Parte Order (*Application*) that I knew that Mileson's last known address was in Switzerland, and I submit this affidavit to make the corrections set out below.

9.     I did not at the time of the Application know Mileson's true whereabouts. This was the position I intended to convey at the Application. I had at the time of the Application an undated affidavit of ownership from Quijano & Associates (BVI) Limited (*Quijano*) which stated that Mileson's address

Made on behalf of the Claimant
Fifth Affidavit of: L Despins
Exhibit: LD-5
Date sworn: 3 April 2025

was in Switzerland, as well as a biography signed by Mileson dated 9 April 2024 which stated that his address was Switzerland and certain other documents which were exhibited in the exhibit to my first affidavit, see for instance the documents exhibited at LD-1/1-15 to Despins 1. However, these documents did not cause me to "know" that Mileson's true whereabouts or last known address were in Switzerland. Rather these documents demonstrate that Mileson had previously "claimed" his address was in Switzerland. Mileson has also spent significant time in, and has claimed his address to be located in, multiple other locations. To give just a few examples, corporate documents filed in Cyprus in March 2024 and exhibited at **[LD-5/2-6]** list his address as the London Apartment, financial correspondence (which due to confidentiality issues cannot be shared with the Court at this time) has been addressed to Mileson at the London Apartment as recently as January 2025, and corporate documents filed in Hong Kong in June 2024 list Mileson's address as Majestic View Manor, 20 South Bay Road, Hong Kong **[LD-5/7-15]**.

10.    The position which I intended to convey was that Mileson had "claimed" an address in Switzerland, but that I did not "know" at the time of the Application Mileson's true whereabouts. In this regard:

(a)    Paragraph 46.3 of Despins 1 states:

"*K Legacy corporate records the "beneficial owner" of K Legacy as Mileson, the Debtor's son (who stated his address as that of the Property). However, we now know from the latest K Legacy Disclosure that Mileson current address is Rigistrasse 201, 6353 Weggis, Switzerland* **[LD-1/1-15]**."

However, what I should have said in the second sentence was that "However, we now know from a recent K Legacy Disclosure that Mileson ***has claimed an*** ~~*current*~~ ***address*** at Rigistrasse 201, 6353 Weggis, Switzerland."

(b)    Paragraph 74 of Despins 1 states:

"*The true whereabouts of Mileson are not known. However, the last location for place of residence for Mileson is Rigistrasse 201, 6353 Weggis, Switzerland **[LD-1/1-12]**…*"

Again, what I should have said in the second sentence was that "However, Mileson has recently claimed an address at Rigistrasse 201, 6353 Weggis, Switzerland."

Made on behalf of the Claimant
Fifth Affidavit of: L Despins
Exhibit: LD-5
Date sworn: 3 April 2025

(c)     It is clear from the same affidavit, Despins 1 that my intention was only to convey that Mileson had claimed an address in Switzerland, but that I did not know Mileson's true whereabouts.

(d)     In the same affidavit, Despins 1, I stated at paragraph 16 that *"Mr Qiang "Mileson" Guo is a Hong Kong and British citizen who **may** reside in Switzerland [LD- 1/1-12]...".* I also refer to the first sentence of paragraph 74 quoted above.

(e)     In addition, in the skeleton argument in support of the Application stated at paragraph 4:

> *"The Applicant also request that permission be granted to (i) serve the Intended Claim, application documents and the Order ultimately granted on Mileson outside of the jurisdiction, by alternative means and (ii) enforce the injunction order in England and Wales. **It is not known where Mileson is living,** although his last address was in Switzerland."*

However, what the skeleton argument should have said in the second sentence was that "It is not known where Mileson is living, ***though he has claimed an address*** ~~although his last address was~~ *in*, Switzerland."

(f)     The skeleton argument makes clear, however, that my intention was only to *convey* that Mileson had claimed an address in Switzerland, but that I did not know Mileson's true whereabouts, for example, the skeleton argument at Paragraph 75 stated that: *"Further, although Mileson has recently given his address as being in Switzerland [HB/5/59], his true whereabouts are not known and there has been what the Applicant contends is evasion of service by him..."*

(g)     My Counsel at the *ex parte* hearing on 1 October 2024 made clear that Mileson's true whereabouts were not known to me. See page 28 and 29 of the transcript (emphasis added) **[LD-5/43-44]**:

> *"MR PETKOVIC: **So deal with service out at paragraphs 74 to 76 of the skeleton and paragraphs 72 to 77 of Despins 1.** My Lord, what we are proposing is for the reasons we have given to attempt conventional service on Mileson. But, My Lord, what we are also seeking is alternative service. And the reason that we are seeking that, is that **although Mileson has given his address for service as Switzerland in a recent affidavit of ownership on page 59, his true whereabouts aren't known** and Despins 1 at 74 to 77*

Made on behalf of the Claimant
Fifth Affidavit of: L Despins
Exhibit: LD-5
Date sworn: 3 April 2025

*describes how there appear to be attempts to evade service when steps have been attempted in London to effect service on him.*

*So, My Lord, for alternative service, what we have sought to serve on is what appears to be -- well, is what is an e-mail address used by an individual who appears to be an English lawyer that Mileson appears to be using. I can take you through the documents that we rely on in that regard, My Lord.*"

However, my counsel mistakenly stated that Mileson had "given an address for service as Switzerland."  What my counsel should have said in the third sentence above was that "although Mileson has ***claimed an address in*** ~~*given his address for service as*~~ Switzerland in a recent affidavit of ownership on page 59, his true whereabouts aren't known.*"

(h)   The Court granted the Application and provided at paragraph 11 of the Ex Parte Order for service on the lawyer which Mileson appeared to be using. The Ex Parte Order was continued by consent order dated 24 October 2024 (**Consent Order**) at the continuation hearing for the Ex Parte Order at which the First and Second Defendants were represented by Counsel. No point was taken by either Defendant at that hearing, as to Mileson's true address as demonstrated by the transcript **[LD-5/54-63]**.

(i)   On 18 October 2024, I had filed Despins 3 which stated at paragraph 16:

*"Mileson is a Hong Kong and British citizen **who has previously claimed his residence as being in London as well as Switzerland [LD-3/134-148], but his true whereabouts were not known to me…**"*

(j)   The Points of Claim at paragraph 4 and the Originating Application both dated 30 September 2024 at paragraph 4  also state that:

*"The Second Respondent, Qiang "Mileson" Guo (**Mileson**), is the Debtor's son. Mileson **has previously claimed his residence as being in London as well as Switzerland. His true whereabouts are not known the Applicant…**"*[1]

---

[1] Mileson's Defence responded to this at, inter alia, paragraph 11.3 and stated: *"The expression "true whereabouts" in relation to Mileson is opaque. In any case, Mileson's "true whereabouts" are irrelevant to the claim, and the Defendants cannot moreover plead to what the Claimant knows or does not know."*

Made on behalf of the Claimant
Fifth Affidavit of: L Despins
Exhibit: LD-5
Date sworn: 3 April 2025

11.     Nonetheless, out of an abundance of caution, and because I take seriously the provision of accurate information to the BVI Court, I have provided this affidavit to make clear to the BVI Court that my position is as set out above. I apologise to the Court for needing to do so.

| | |
|---|---|
| SWORN by the within named ) | |
| **LUC A. DESPINS (IN HIS CAPACITY AS** ) | |
| **CHAPTER 11 TRUSTEE OF HO WAN** ) | |
| **KWOK)** ) | |
| | Luc A. Despins (in his capacity as Chapter |
| this .3ʳᵈ day of April 2025 ) | 11 Trustee of Ho Wan Kwok) |
| at the | |

BEFORE ME:

A COMMISSIONER TO ADMINISTER OATHS/NOTARY PUBLIC

MICHAEL MAGZAMEN
Notary Public, State of New York
No. 01MA6055692
Qualified in New York County
Commission Expires 03/05/2027

Made on behalf of the Claimant
Fifth Affidavit of: L Despins
Exhibit: LD-5
Date sworn: 3 April 2025

**IN THE EASTERN CARIBBEAN SUPREME COURT**

**IN THE HIGH COURT OF JUSTICE**

**VIRGIN ISLANDS**

**CLAIM NO. BVIHCOM2024/0454**

BETWEEN

LUC A. DESPINS (IN HIS CAPACITY AS CHAPTER 11
TRUSTEE OF HO WAN KWOK)

CLAIMANT

AND

(1)   K LEGACY LTD

(2)   QIANG GUO

DEFENDANTS

---

**FIFTH AFFIDAVIT OF LUC A DESPINS**

---

**Harney Westwood & Riegels (BVI) LP**

Legal Practitioners for the Claimant

Craigmuir Chambers, PO Box 90

Road Town, Tortola

British Virgin Islands

T (284) 494-2233| F (284) 494-3547

Ref: 058684.0001/AMT/JBP/JQS

**HARNEYS**