**Exhibit 12**

```
 1                  UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF CONNECTICUT
 2                       BRIDGEPORT DIVISION

 3

 4   IN RE:                    .  Chapter 11
                               .  Case No. 22-50073 (JAM)
 5   HO WAN KWOK, et al.,      .
                               .  (Jointly Administered)
 6                             .
                               .
 7          Debtors.           .  Courtroom 123
                               .  Brien McMahon Federal Building
 8                             .  915 Lafayette Boulevard
                               .  Bridgeport, Connecticut 06604
 9                             .
                               .  Thursday, February 27, 2025
10   . . . . . . . . . . . . . .  1:06 p.m.

11

12                       TRANSCRIPT OF HEARING
              BEFORE THE HONORABLE JULIE A. MANNING
13                  UNITED STATES BANKRUPTCY JUDGE

14   APPEARANCES:

15   For the Chapter 11
     Trustee:                      Luc A. Despins, Esquire
16                                 PAUL HASTINGS, LLP
                                   200 Park Avenue
17                                 New York, New York 10166

18

19   (APPEARANCES CONTINUED)

20   Audio Operator:               Electronically recorded

21   Transcription Company:   Reliable
                                   The Nemours Building
22                                 1007 N. Orange Street, Suite 110
                                   Wilmington, Delaware 19801
23                                 Telephone: (302)654-8080
                                   Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

```
 1   APPEARANCES (CONTINUED):

 2   For the Chapter 11
     Trustee:                    Douglas S. Skalka, Esquire
 3                               NEUBERT PEPE & MONTEITH, P.C.
                                 195 Church Street
 4                               13th Floor
                                 New Haven, Connecticut 06510
 5
     For the Official
 6   Committee of
     Unsecured Creditors:        Kristin B. Mayhew, Esquire
 7                               PULLMAN & COMLEY, LLC
                                 850 Main Street
 8                               8th Floor
                                 Bridgeport, Connecticut 06601
 9

10   For the U.S. Trustee:       Holley L. Claiborn, Esquire
                                 UNITED STAES OFFICE OF THE TRUSTEE
11                               The Giaimo Federal Building
                                 150 Court Street
12                               Room 302
                                 New Haven, Connecticut 06510
13
     For Pacific Alliance
14   Asia Opportunity
     Fund, L.P.:                 Annecca H. Smith, Esquire
15                               ROBINSON & COLE, LLP
                                 One State Street
16                               Hartford, Connecticut 06103

17

18

19

20

21

22

23

24

25
```

3

1                               INDEX

2   MOTIONS:                                                    PAGE

3   Matter
    No. 4018   Third Interim Fee Application of Prager           5
4              Dreifuss AG, as Swiss Law Counsel, for
               Compensation and Reimbursement of Expenses
5
               Court's Ruling:                                  12
6
    Matter
7   No. 4021   Application to Employ The Hamilton Group, LLC    13
               as Auctioneer
8
               Court's Ruling:                                  24
9

10                              * * *

11

12
    Transcriptionist's Certificate                              30
13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (Proceedings commenced at 1:06 p.m.)

 2                   THE COURT:  Okay.  Good afternoon.

 3                   We are a matter on the calendar at 1:00 p.m., so I

 4    ask the courtroom deputy to please call the calendar.

 5                   THE DEPUTY:  22-50073, Ho Wan Kwok.

 6                   THE COURT:  Good afternoon.

 7                   If we could have appearances for the record,

 8    please, starting with the Chapter 11 Trustee.

 9                   MR. DESPINS:  Good afternoon, Your Honor.

10                   Luc Despins, Chapter 11 Trustee.

11                   THE COURT:  Good afternoon.

12                   MR. SKALKA:  Good afternoon, Your Honor.

13                   Douglas Skalka, counsel for Mr. Despins.

14                   THE COURT:  Good afternoon.

15                   MS. MAYHEW:  Good afternoon, Your Honor.

16                   Kristin Mayhew on behalf of the Creditors

17    Committee.

18                   THE COURT:  Good afternoon.

19                   MS. CLAIBORN:  Good afternoon, Your Honor.

20                   Holley Claiborn for the U.S. Trustee.

21                   THE COURT:  Good afternoon.

22                   MS. SMITH:  Good afternoon, Your Honor.

23                   Annecca Smith for creditor PAX.

24                   THE COURT:  Good afternoon.

25                   All right.  Thank you all for making yourself
```

1  available today.  I did need to change the date of the

2  hearing from Tuesday to today because of an unanticipated

3  scheduling conflict, but obviously you were available today,

4  so I appreciate that.

5         On the calendar today are two matters.  Trustee

6  Despins, I'm not sure how you'd like to proceed, but please

7  let me know and we can proceed accordingly.

8         MR. DESPINS:  Thank you, Your Honor.

9         I would ask Mr. Skalka to take the lead on the

10  auctioneer retention --

11         THE COURT:  Okay.  Go right ahead --

12         MR. DESPINS:  -- first.

13         THE COURT:  -- Attorney Skalka.

14         MR. SKALKA:  Thank you, Your Honor.

15         On the calendar today is an application by the

16  trustee and Genever Holdings to retain Hamilton Group, LLC as

17  an auctioneer.  The application refers to two types of

18  auction sales, Your Honor:  an auction of what is referred to

19  as the estate vehicles, these are motor vehicles that have

20  been recovered by the trustee.  Like, right now, the trustee

21  is holding five motorcycles and a car.  That would be part of

22  what's referred to as the first vehicle group, first sale of

23  motor vehicles.  The motion does indicate that there might be

24  additional sales of estate vehicles, but right now, the

25  trustee will be looking to retain The Hamilton Group to

1    auction these first vehicle -- the first vehicle group.

2          The application also refers to the retention of

3    The Hamilton Group to conduct an auction of what's referred

4    to as estate furniture, other personal property, furniture

5    that the trustee has recovered, also, and it's also in the

6    name of Genever Holdings, LLC, from various properties in

7    Connecticut and New York and New Jersey.

8          After the trustee -- we filed the application,

9    Your Honor, we had some conversations with Ms. Claiborn at

10   the U.S. Trustee's Office.  She raised a concern about the

11   fact that there was not an inventory about all of the estate

12   furniture yet prepared in connection with the retention of

13   The Hamilton Group.  And so the trustee had decided not to go

14   forward with the retention application with regard to the

15   estate furniture sale process.

16         We are working on an inventory and we will file an

17   inventory in connection with a sale motion.  And so we

18   submitted last week, a revised order as part of the notice

19   that was filed last Friday; it's ECF 4145.  And that proposed

20   order only deals with the estate vehicle sale and retention

21   of Hamilton Group in connection with that sale.  It also

22   refers to the fact that the sale regarding or the retention

23   regarding the estate furniture will be adjourned until a

24   future date once a motion to sell the estate furniture gets

25   filed.

1      This is only an application to retain The Hamilton

2  Group.  We will file a separate motion in connection with the

3  sale of the first vehicle group.

4      The retention terms are fairly straightforward

5  with regard to the vehicles.  This will be an auction

6  conducted by The Hamilton Group and they would be entitled to

7  a buyer's premium and reimbursement of expenses upon

8  application to the Court.

9      But in the notice I filed last week, I also

10  indicated that The Hamilton Group had established or provided

11  an estimated value of $90,000 for the vehicles in the first

12  sale and I also attached copies of the surety bonds that The

13  Hamilton Group has obtained in connection with all the

14  vehicles for this first sale.

15      I submitted the proposed -- as I said, I filed the

16  proposed order.  I do not believe any objections have been

17  filed.  I don't believe the U.S. Trustee's Office has any

18  objections, so I would ask that the application be granted

19  and the revised order I submitted last week.

20      I'm happy to answer any questions you may have.

21      THE COURT:  Thank you.  I do not have any

22  questions at this time.

23      Does anyone else wish to be heard in connection

24  with the application to employ the accountant?

25      MS. CLAIBORN:  Your Honor, Holley Claiborn for the

1    U.S. Trustee.  If I could make a few comments?

2           THE COURT:  Certainly.

3           MS. CLAIBORN:  Consistent with the comments that

4    Attorney Skalka just prepared for the Court for bifurcating

5    this employment into two phases:  one has to do with vehicles

6    and one has to do with the furniture.  So all the estate is

7    proceeding with today is the application to employ, with

8    respect to selling the vehicles.

9           And I want to put a finer point on what was said,

10   which is that we're selling, as I understand it, the vehicles

11   that the estate currently has possession of; those are the

12   five motorcycles and the car.  But we are also approving a

13   process by which future vehicles, should they be acquired by

14   the estate, will be sold through this auction process.

15          And the application that was filed to employ

16   Hamilton outlined that the process envisioned for the future

17   acquired vehicles or furniture, also, will consist of a

18   motion to sell and some notices about what's being sold, and

19   what the bonds are, the value, et cetera, and those will be

20   filed in connection with future activities and also in

21   connection with future motions to sell whatever it is that

22   they're trying to auction.

23          So, I wanted to make it clear to the Court we're

24   employing Hamilton right now to do two things:  one, sell

25   currently existing and the controlled property, with respect

1   to actually vehicles right now, and then future-acquired

2   vehicles.  And then when we come back and have another

3   hearing, hopefully on the furniture, we'll be doing the same

4   thing, with respect to the furniture.

5           THE COURT:  Understood.  So --

6           MS. CLAIBORN:  I don't know if there will be any

7   future furniture, but just to the extent that there is,

8   that's, I think, the plan.

9           THE COURT:  So my question, then, Attorney

10  Claiborn -- and I thank you, I understand what you're

11  saying -- is, have you reviewed the revised proposed order

12  that Attorney Skalka mentioned, 4145, with regard to this

13  application granting, in part -- or the order granting, in

14  part, the application to employ?

15          MS. CLAIBORN:  Yes.

16          THE COURT:  Okay.  And do you have any changes or

17  concerns about what I'm looking at is a redlined version of

18  that order that was filed on Friday?

19          MS. CLAIBORN:  I do not have any changes or

20  concerns, Your Honor.

21          THE COURT:  Okay.

22          MS. CLAIBORN:  I would point the Court to the

23  section, which I don't have in front of me, but itemizes what

24  the expenses will be.  There's been an increase, with respect

25  to one of the expenses, and that has to do with the fact that

1  there are some key fob issues and some extra expense will be

2  associated with getting key fobs that work and control these

3  vehicles.

4          MR. SKALKA:  That is correct, Your Honor.

5          Unfortunately, when the trustee recovered these

6  vehicles, literally, none of them had keys and some of them

7  are electronic keys and they are, unfortunately, costly to

8  replace.

9          THE COURT:  Okay.  I don't remember seeing

10  anything in the revised order about a key fob, but I could be

11  wrong.

12          Is it in --

13          MS. CLAIBORN:  You wouldn't have noticed it, but

14  the amount went up.  I don't (indiscernible) Attorney Skalka

15  can point you to which paragraph in the order.

16          MR. SKALKA:  Your Honor, in the second page of the

17  order there's a listing of expenses, including key

18  replacements, and that is now over $8500.

19          THE COURT:  Oh, I see it now.  Okay.

20          Okay.  Thank you, I see it.

21          All right.  Does anyone else wish to be heard in

22  connection with the application to employ the auctioneer?

23       (No verbal response)

24          THE COURT:  Okay.  Hearing nothing, then I

25  understand why the trustee is seeking to employ the

1   auctioneer.  The only thing I ask, Attorney Skalka, is it

2   says 327 and 328; so, is the auctioneer's -- and it's

3   possible that it is being set, right now, the compensation.

4   I mean, they're not coming to the Court for --

5   whenever 328 --

6           MS. CLAIBORN:  They will be coming --

7           THE COURT:  -- appears in an order, even if the

8   entity has to file a fee application, the Court can't really

9   do anything about it unless there's -- I mean, I forget the

10  words, but I can pull out the Code -- you know, unless

11  there's something extraordinary or some reason why the Court

12  believes that.  You're essentially pre-approving the

13  compensation.

14          So, does everybody -- has everybody thought about

15  that or -- I mean, again --

16          MS. CLAIBORN:  Your Honor, Holley Claiborn for the

17  U.S. Trustee.

18          I want to say that we are okay with that.  And the

19  reason is because this is a compensation structure for an

20  auction process.  So the structure is being pre-approved

21  under 328.  Certainly, we don't have the results of the

22  auction, but it will be a mathematical calculation.

23          And there is, with respect to the vehicles,

24  there's not an auction fee that's being paid by the estate;

25  it's being paid by the purchasers of the vehicles.  So what

1   we're approving is, that's the concept of the compensation

2   for the auction process.

3          There will be a fee application that gets filed

4   that will seek reimbursement of the expenses and we'll seek a

5   final approval of the amount of the compensation.

6          THE COURT:  Yeah, I mean, I would have to find

7   that the terms and conditions proved to have been

8   improvident, in light of developments not capable of being

9   anticipated at the time of the fixing of such terms and

10  conditions; that's what the Code says.

11         So, as long as everyone is fine with that, I'm

12  fine with that.  But I want everyone to make sure that we're

13  all on the same page.

14         MS. CLAIBORN:  We are.

15         THE COURT:  Okay.  All right.

16         Then, I'm looking at the revised proposed order

17  granting, in part, the application to employ an appoint The

18  Hamilton Group as auctioneer.  The only change that would

19  need to be made to the revised proposed order is change the

20  date from February 25th to February 27th, and that was

21  because of the Court's scheduling issue.

22         I don't see any other changes that need to be made

23  to the order.  I understand, as I said, the reason that the

24  trustee is seeking to employ the auctioneer, and it does make

25  sense under the circumstances of this case, so for all those

1    reasons, the application of the Chapter 11 Trustee to employ

2    and appoint The Hamilton Group as auctioneer is granted, in

3    part, and the revised proposed order that's been submitted as

4    ECF 4145, with the minor change of the date of the hearing

5    noted on the record, will enter.

6              MR. DESPINS:  Thank you, Your Honor.

7              THE COURT:  Thank you.

8              MR. DESPINS:  So, Your Honor, with the Court's

9    permission, I would move on to the Prager application at this

10   time.

11             THE COURT:  Yes, please.  Go right ahead.

12             MR. DESPINS:  So, I'll start by asking the

13   courtroom deputy if it's possible to find, but not post

14   immediately, but to find Docket 3034, because Your Honor will

15   have to go to paragraph 6 of that order.

16             So I'll start establishing a background, but if

17   the courtroom deputy could find Docket 3034, I think it will

18   be helpful because --

19             THE COURT:  I'll find it, Trustee Despins --

20             MR. DESPINS:  Okay.

21             THE COURT:  -- because we don't have anybody

22   available today to do that, but that's fine.  Just give me a

23   second, okay.

24             MR. DESPINS:  Okay.

25             THE COURT:  3034?

1          MR. DESPINS:  That's correct, Your Honor.

2          THE COURT:  All right.  If everybody just bears

3   with me for a moment, please.

4       (Pause)

5          THE COURT:  Because there are so many docket

6   entries, it does take a moment for the docket to load, which

7   probably wouldn't surprise anyone.

8       (Pause)

9          THE COURT:  Almost there.

10      (Pause)

11         THE COURT:  All right.  I am there.

12         What would you like me to look at?

13         MR. DESPINS:  Well, let me just start with a

14  background and then we can go and focus on paragraph 6 in a

15  minute or two.

16         So, Your Honor, this is the application to have

17  their fees and expenses approved.  The fees are not an issue,

18  so it's just the expenses.  And the expenses at issue are,

19  that's globally at issue, there are 14,148.35 Swiss francs.

20  But of that, the only issue relates to about 8500 Swiss

21  francs, and that's why, Your Honor, we didn't want to file a

22  response on this because it was just, you know, too

23  expensive, given the amount involved.

24         So, the issue -- the U.S. Trustee filed a limited

25  objection at Docket 4131.  And you will recall, this is the

1  Swiss law firm, and in our application, we had said that it's

2  customary for them in Switzerland to have a flat fee that

3  they add to their fees to cover their costs.  And in

4  Footnote 3 of our application at 2931, we said:

5          "Prager Dreifuss does not maintain internal

6  processes that would allow it to track its administrative

7  expenses, such as photocopying, printing, et cetera."

8          So what they do is they have a flat fee.  It's

9  usually 3 percent of the fees.  They've agreed to reduce it

10 to 2 percent.  The U.S. Trustee objected to that saying that

11 all expenses should be detailed.

12         And we ended up with, and this is where we go to

13 paragraph 6 of the order at 3034, Your Honor.

14         THE COURT:  I'm looking right at it.  I see

15 paragraph 6.

16         MR. DESPINS:  At the end, it says:

17         "Notwithstanding Section 4.1 of the engagement

18 letter to the contrary, Prager Dreifuss shall also be

19 entitled to (a) a flat fee for disbursements in an amount

20 equal to 2 percent of total fees charged and (b)

21 reimbursement of reasonable and documented travel expenses

22 (if any)."

23         And the problem we have is that, frankly, we

24 shouldn't have used travel expenses as -- we could have used

25 it as an example, but the point is that this was supposed to

1  cover outside vendors.  So the issue we have is that, in

2  fact, it doesn't cure expenses with an outside vendor, a

3  private investigator -- that's the 85,000 -- sorry -- 8500

4  Swiss francs.

5      The U.S. Trustee is saying, Look, the order says,

6  "travel expenses."  It's not a travel expense, therefore, you

7  cannot get reimbursed for this.

8      So, Your Honor, I think what we need to do is

9  amend the order to clarify that it's as to external vendors,

10  third-party vendors, including local process servers, court,

11  and other registration fees, local investigators, et cetera,

12  and travel expenses; they can get paid if they're documented

13  and are reasonable because that was never the issue.

14      The issue was always that they don't have the

15  ability to track their own internal disbursements, but the

16  outside disbursements, third-party vendors, they can

17  absolutely track that because they get invoices.

18      The U.S. Trustee is saying, No, we have travel

19  expenses; you have to live with that.  And I think that

20  proves too much.  I'll give you an example.

21      If there's 4,000 Swiss francs that have to be paid

22  as a court fee, let's say, yesterday, and they paid that,

23  they would have to eat that; that cannot be the intent of

24  this, because that's not their expense.  That's not an

25  internal cost like copying, phones, overtime, secretaries, et

1  cetera, et cetera; that's an outside vendor.

2           So, what we would like to do, Your Honor, if we

3  can is -- I don't know if I can do that -- I'll try to share

4  the screen here.  Only the host can share this, so I don't

5  know if somebody --

6           THE COURT:  What do you want me to look at?  I

7  might be able to see it.

8           MR. DESPINS:  I want to post a proposed amendment

9  to the order on the screen so you can see the changes that

10  we're seeking.

11           THE COURT:  Okay.  Hold on.  We might be able to

12  allow you to do that.

13           We're -- are we trying to allow Mister -- Trustee

14  Despins to be the co-host?

15       (No verbal response)

16           THE COURT:  Okay.  Yes, you can do that now.

17           MR. DESPINS:  Okay.  I'll do that.

18           And so, that is paragraph 6, as we think it should

19  be modified.  But, basically, it says in paragraph (b):

20           "Reimbursement of reasonable and documented

21  expenses, with respect to services provided by third-party

22  vendors, including local process servers, court and other

23  registration fees," by the way, that's a real issue, "local

24  investigators, and travel expenses, if any."

25           We didn't expect these other charges, outside

 1  charges at the time we used "travel expenses."  We shouldn't

 2  have used -- it was used as a shorthand; we should have, you

 3  know, should have said, "such as travel expenses," rather

 4  than saying, "only travel expenses."  That was never the

 5  intent because, again, that would prove too much.

 6          The example I gave is exactly the real example,

 7  which is that if they paid $4,000 -- 4,000 Swiss francs in

 8  Court fees, they shouldn't have to eat that, because that

 9  should be part of the 2 percent.  That was never the intent

10  of this; this was supposed to be an internal cost.

11          So that's the issue, Your Honor, in a nutshell.

12  So, I guess I'll turn it over to the U.S. Trustee, unless you

13  have questions.

14          THE COURT:  I have no questions at this time,

15  thank you.

16          MS. CLAIBORN:  Thank you, Your Honor.

17          Holley Claiborn for the U.S. Trustee.

18          Your Honor, I would like to frame this discussion

19  a little differently.  At the time that the trustee asked to

20  employ Prager Dreifuss, they filed an application at ECF 2931

21  and that application asked to not itemize expenses and to be

22  reimbursed on a flat-percentage basis, calculated as a

23  percentage of the overall fees that were billed by Prager

24  Dreifuss.  And the application asked for a 3 percent of total

25  fees.

1         The U.S. Trustee had conversations with Trustee

2   Despins and his counsel about the fact that that's not

3   customary and that the ordinary process described by

4   Section 330, 331 and the Rules are that you itemize your

5   expenses and you get reimbursed for what is actual and

6   necessary.

7         We couldn't reach a resolution on that and we put

8   it to the Court.  The U.S. Trustee filed an objection at

9   ECF 2997 and the U.S. Trustee said the exact same thing, that

10  all expenses should be itemized and should be particularized

11  and that a flat-fee percentage approach to reimbursement of

12  expenses was not appropriate or consistent with the Code and

13  the Rules.

14        The trustee proposed, after discussions, to reduce

15  the percentage rate from 3 percent to 2 percent and gave the

16  Court a proposed order that was filed on the docket at

17  ECF 3004.  The order that was entered by the Court in

18  approving the employment of Prager Dreifuss was actually that

19  same proposed revised order submitted.  So the order at

20  ECF 3034 has the language that says what Trustee Despins just

21  itemized for the Court and it says 2 percent of the total

22  fees charged.

23        And now we're at a fee application process and

24  Prager Dreifuss is seeking reimbursement, not only of the 2

25  percent flat-fee calculation of disbursements based on its

1    fees, but also itemized expenses.  The itemized expenses are

2    a total of 8,590 and I would say 3 cents, except they're

3    Swiss francs.

4              And so, if the Court disapproved those itemized

5    expenses because the 2 percent amount has already been

6    requested and be approved, pursuant to the application and

7    the retention order, then Prager Dreifuss doesn't go home

8    with zero; Prager Dreifuss just goes home with the 2 percent

9    that's allowed.  And for monetary purposes, I'll tell you

10   what the two-percent figure turns into:  5,558.32 Swiss

11   francs.

12             So, Your Honor, the U.S. Trustee's position is

13   that the application sought flat-rate percentage

14   reimbursement.  The U.S. Trustee opposed it.  The Court sided

15   with the trustee and gave a flat-percentage reimbursement

16   process and now the application for the fees is seeking more

17   than they're entitled to, because they're asking for both,

18   the flat-rate percentage approach and itemized fees.

19             And absent a Court order that modifies the terms

20   of the retention, which we do not have and has not yet been

21   requested, to approve the reimbursement in a way that's

22   inconsistent with the retention order, would not be

23   appropriate.

24             MR. DESPINS:  So, Your Honor, if I may?

25             We're making an oral motion to amend the retention

1  order.   These are outside-vendor charges.   We list -- as we

2  said in our application at Footnote 3, that this was -- that

3  the 2 percent or 3 percent at the time that was reduced to 2

4  percent, was to cover its, the firm's administrative

5  expenses, such as photocopying, printing, et cetera, et

6  cetera.   Never, was this contemplated to cover outside

7  vendors.

8          And so I'll grant the trustee that there's a

9  "gotcha" there because it says that you can get paid for

10  outside vendors if they're travel expenses; that's the

11  current state of play, but that's just not the right fee.

12  That's not fair to the firm, because that means that they

13  have to eat outside costs, but also, practically, what it

14  would lead me to is I would need to send the money directly

15  myself to, for example, courts in Switzerland or other third-

16  party vendors, which is really not practical.   They should be

17  receiving reimbursement for outside vendors.   It has nothing

18  to do with their own internal structure.   This is -- these

19  are third-party vendors and we're asking the Court to amend

20  the order, as you can do, to add the language that we have on

21  the screen now, to provide for the reimbursement of documents

22  and reasonable outside vendor expenses; otherwise, the

23  argument of the U.S. Trustee proves too much.

24          It basically says, Okay, if it's not travel

25  expenses, you get zero.   So it could be fees, court fees of,

1  let's say, 10,000; you have to eat that.  That just makes no

2  sense.  That was never the issue at stake.

3        I understand the U.S. Trustee's objection to the 2

4  percent of the deemed expenses.  The 2 percent, we understand

5  that, but that ship has sailed; the Court has already entered

6  an order saying that the 2 percent for their own charges is

7  okay, which, as I understand it, is very different from the

8  way we do things, but it's done in Europe all the time.

9        Now we're dealing with, should the firm be limited

10  to, in terms of outside costs, outside costs documented to

11  reasonable costs, now should be limited because it says,

12  "travel expenses."  And we don't think it's fair and we think

13  the Court should amend the order to add that language to

14  clarify that that's what was meant to be.

15        It cannot be that this was, the intention was

16  that, okay, you'll get 2 percent.  But everything else, other

17  than travel expenses, from outside vendors, you have eat;

18  that just can't be the case, Your Honor.

19        THE COURT:  Attorney Claiborn?

20        MS. CLAIBORN:  If I could make one final --

21        THE COURT:  Yes, go right ahead.

22        MS. CLAIBORN:  If I could make one final comment,

23  which is that, as I observed in my initial remarks, the

24  proposed order that was submitted and that was adopted and

25  entered by the Court, was an order drafted by the trustee,

1  not by the U.S. Trustee.  And the U.S. Trustee opposed the

2  percentage approach, in general.

3          So, where we are with the order, that is not a

4  product of what the U.S. Trustee's input was.  The U.S.

5  Trustee took the position that all expenses should be

6  itemized and documented and that was overruled.  We are now

7  where we are.

8          THE COURT:  I understand.

9          Trustee Despins, is there anything you'd like to

10  add?

11          MR. DESPINS:  No, Your Honor.

12          THE COURT:  Does anyone else wish to be heard on

13  the interim fee application of the Swiss law counsel and the

14  trustee's oral motion to amend the prior order, authorizing

15  the retention of Swiss counsel?

16          MR. DESPINS:  The only thing I would say, Your

17  Honor, is to the extent -- and I don't know how you intend to

18  deal with this -- but to the extent you want to take this

19  under advisement, which you may very well do, we would ask

20  that an order be entered approving their fees, because

21  they're not in dispute at all, so that that, basically,

22  that's -- from their point of view, that's behind them and

23  the issue of expenses can be left to a later date when Your

24  Honor is ready to make a determination on this issue.

25          THE COURT:  Okay.  I understand that.

 1              No one else wishes to be heard?

 2         (No verbal response)

 3              THE COURT:  Okay.  Give me one moment, please.

 4         (Pause)

 5              THE COURT:  So, last week, wasn't there something

 6  filed by Attorney Skalka -- didn't you file something about

 7  these expenses?

 8         (No verbal response)

 9              THE COURT:  He filed a notice of an updated

10  Exhibit C?

11              MR. SKALKA:  I did.

12              MR. DESPINS:  I think -- Your Honor, we filed

13  detailed time records --

14              THE COURT:  Not anything about the expenses?

15              MR. DESPINS:  No, Your Honor, I don't believe so.

16              MS. CLAIBORN:  Your Honor, the amendment that was

17  filed last week provided redacted, but improved time entries,

18  because one of the original objections I posed about this fee

19  application was that the time entries were insufficiently

20  clear and they went back and they redid them, and then that's

21  what got filed last week.

22              But there is nothing in that supplement that

23  speaking to the expense issue.

24              MR. DESPINS:  That's correct.

25              THE COURT:  Okay.  Well, this is what I'm going to

1    do.  I understand both parties' positions in connection with

2    the third interim fee application of Swiss counsel.  I'm

3    going to do two things.  I will enter an order granting the

4    fees of Swiss counsel, since they are not in controversy

5    whatsoever.  And so, I'll grant, in part, the third interim

6    fee application.

7              And, Trustee Despins, I'll give your office until

8    next Friday, which is, I think, the 7th of March, possibly,

9    or the 8th -- I'm not sure -- to submit a document evidencing

10   or establishing these third-party vendor fees.  And if that

11   does establish the amounts, I think you said it was 8500

12   Swiss francs, then the likelihood is I'm going to grant your

13   oral motion to modify the retention order and then allow

14   those expenses, as well.

15             But I need to see evidence -- and I'm not

16   suggesting there isn't, but I want the record to reflect --

17             MR. DESPINS:  Yes.

18             THE COURT:  -- that there is -- these are third-

19   party vendor amounts that are due and owing.

20             MR. DESPINS:  Yes, Your Honor.  We will do that.

21             We may file one of them under seal, the private

22   investigator --

23             THE COURT:  That's fine.

24             MR. DESPINS:  -- for obvious reasons.  But thank

25   you, Your Honor.

1           THE COURT:  That's fine.

2           But I understand the U.S. Trustee's position, too.

3    I think, you know, it's an issue that needs to be corrected

4    and as long as you can establish that these are third-party

5    vendor amounts, then I will, it's highly likely I will grant

6    your oral motion and enter an amended retention order, with

7    regard to Swiss counsel, but not until I see --

8           I would like -- I want the record to be accurate

9    and clear that that's what the Swiss counsel is seeking:  to

10   repay third-party vendors, and I understand that, so I think

11   that's fine.

12          MR. DESPINS:  Understood, Your Honor.

13          THE COURT:  But we'll learn from this lesson,

14   right, we'll all learn from this lesson that we have to

15   careful and be sure when we have outside counsel that they

16   are -- how are they -- if they are retaining someone outside

17   of their firm, they've got to have -- there's got to be a

18   mechanism for payment already in the retention order, okay?

19          MR. DESPINS:  Yes, Your Honor.

20          THE COURT:  All right.  Is there anything else we

21   need to address today?

22          MR. DESPINS:  Yes, Your Honor, very briefly.

23          In the adversary proceeding 24-05238, this is the

24   one where we're suing the debtor's son, last week, you

25   entered an order at Docket 29, listing the stay of

1    proceedings.  You may recall that -- and thank you very much

2    for doing that -- but I wanted to bring the Court up to speed

3    regarding an issue relating to that, in the sense that you

4    granted the motion to lift the stay and you directed us to

5    serve the debtor's son by March 4th, and for reasons I will

6    explain in a second, there are some issues related to that.

7            So, last Friday, for the first time, we saw a

8    pleading or an affidavit from the debtor's son in another

9    proceeding where he clearly disavowed the residence in, his

10   residence in London, saying that the London apartment has not

11   been his residence since 2021.  To be clear, we knew, and

12   in 2024, we knew that he had a house in, he had acquired a

13   house in Switzerland and we knew that he had made a corporate

14   filing in the BVI, listing the house in Switzerland as his

15   address.  But at the same time, we knew that he filed similar

16   filings, for example, in Cyprus, listing London as his

17   address, and a corporate filing in Hong Kong, listing a Hong

18   Kong house as his address, as well.  But now, in this

19   affidavit, he basically says, I've always lived only in

20   Switzerland since 2021.

21           We disagree with that, obviously, for all sorts of

22   reasons, but we wanted to bring this to the Court's

23   attention, because there's no doubt that we can accomplish

24   service at the London apartment, but to be clear, he still

25   owns the London apartment.  There's no issue about him having

1  sold it or anything like that; he still owns the apartment,

2  so we can accomplish service there -- there's no issue -- by

3  March 4th.

4          But if we determine that we have to serve in

5  Switzerland, we could not complete service by March 4th.  And

6  I said, "if," Your Honor, because this action against him was

7  commenced in February -- February 15th or 14th, 2024 -- long

8  before these *indicia* of Switzerland ownership appeared, and,

9  therefore, we believe that this was an issue of not initial

10 service, but rather, supplemental service and we need to

11 figure out this thing.

12         We're not asking anything of the Court.  We just

13 want to make sure that the Court is aware of that issue.

14 We're dealing with the issue and we'll report back to the

15 Court on that.  But we wanted you to know that we, you know,

16 it affects our compliance, perhaps, compliance with that

17 order in the sense that we'll certainly serve him in London,

18 but --

19         THE COURT:  I understand.

20         MR. DESPINS:  So that's the status report on that,

21 Your Honor.

22         THE COURT:  Okay.  Thank you.

23         And I do understand what you're saying and I'm

24 sure if there is a need to request additional relief or

25 modify an existing order, you will do so.

1              MR. DESPINS:  Will do, Your Honor, yes.

2              And that's all we have, Your Honor.

3              THE COURT:  Okay.  Thank you.

4              Does anyone else wish to be heard on any matters

5     this afternoon?

6          (No verbal response)

7              THE COURT:  All right.  Then I thank you all.

8              All the matters on today's calendar have been

9     addressed and, therefore, court is adjourned.

10         (Proceedings concluded at 1:45 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                      <u>CERTIFICATION</u>

2              I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter to the best of my

5    knowledge and ability.

6

7    <u>/s/ William J. Garling</u>                    <u>March 15, 2025</u>

8    William J. Garling, CET-543

9    Certified Court Transcriptionist

10   For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25