**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
:
In re:                                                                    :      Chapter 11
:
HO WAN KWOK, *et al.*,[1]                                 :      Case No. 22-50073 (JAM)
:
        Debtors.                                             :      (Jointly Administered)
:
---------------------------------------------------------x

**RESPONSE OF GENEVER HOLDINGS LLC AND CHAPTER 11 TRUSTEE TO MOTION OF THE SHERRY-NETHERLAND, INC. FOR AN ORDER DIRECTING DEBTOR GENEVER HOLDINGS LLC TO IDENTIFY A SOURCE OF FUNDING TO PAY MONTHLY POST-PETITION MAINTENANCE CHARGES**

Genever Holdings LLC ("Genever (US)") and Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee" and, together with Genever (US), the "Respondents") appointed in the chapter 11 case of Ho Wan Kwok (the "Individual Debtor"), by and through their undersigned counsel, hereby file this response (the "Response") to the *Motion of the Sherry Netherland, Inc. for an Order Directing Debtor Genever Holdings LLC to Identify a Source of Funding to Pay Monthly Post-Petition Maintenance Charges* [Docket No. 4310] (the "Motion").[2] In support of this Response, the Respondents respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Motion.

## RESPONSE

1.      Unfortunately, after having expended more than $1.7 million[3]—all of which was funded by the Kwok estate via an interdebtor DIP facility—to remediate the Apartment following the March 15, 2023 fire, the Respondents find themselves in a difficult situation: to date, no interested buyers have stepped forward with actionable purchase offers for the Apartment. This is so notwithstanding Respondents' extensive efforts to market the Apartment for sale—both before the March 2023 fire and after completion of the remediation in August 2024—including by (a) extending the retention of Sotheby's International Realty, as Genever (US)'s real estate broker and sales agent, *see* Docket No. 3660, and (b) substantially reducing the Apartment's listing price from $24 million (in September 2024) to $19.5 million (in November 2024), $16 million (in February 2025) and, most recently, $12 million.[4] Still, the sale process remains challenging due to, among other things, (a) the Apartment's substantial monthly maintenance fees of approximately $90,000.00, (b) the substantial cost that a future buyer will likely have to expend to renovate and modernize the Apartment, and (c) recent political developments (including the announcement of wide-ranging tariffs) that have created an uncertain economic climate, including in the New York real estate market.

2.      At the same time, Genever (US) is being charged approximately $90,000.00 a month by the Sherry-Netherland for maintenance fees, even though the Apartment has not been occupied. To date, these charges have been debited against Genever (US)'s Security Deposit;

---

[3]   *See Genever Holdings LLC's Final Status Report Regarding Remediation and Cleaning of Sherry Netherland Apartment* [Docket No. 4208].

[4]   It also bears reminding that the Apartment was purchased by the Individual Debtor in 2015 for approximately $67.5 million. Moreover, immediately prior to the March 2023 fire, the Apartment had been listed for sale with a listing price of $32.5 million.

2

however, as the Motion correctly notes, the Security Deposit is expected to be exhausted in June 2025.

3. To be clear, during these chapter 11 cases, the Respondents have had a constructive and cooperative relationship with the Sherry-Netherland, including as it relates to the remediation project at the Apartment in the aftermath of the March 2023 fire. However, in the face of the above challenges, the Respondents cannot commit, at this time, to fund and/or pay the monthly maintenance charges once the Security Deposit is exhausted. While the Respondents are continuing assess next steps, the fundamental reality is that the interests of two different estates need to be considered here—the Individual Debtor's estate and Genever (US)'s estate—and the Trustee faces the difficult decision whether to continue to use the resources of the former estate to fund—through the interdebtor DIP facility—the payment obligations of the latter. In this regard, the Trustee also needs to take into account that the proceeds from the sale of the Apartment will almost certainly be sufficient to satisfy the Sherry-Netherlands' secured claims against Genever (US) in full.[5] Indeed, the DIP Order expressly provides that the Sherry Netherland's security interest is senior to the security interests and liens granted to the DIP lender (*i.e.*, the Individual Debtor's estate). *See* DIP Order ¶ 6.(a)1. In other words, the net proceeds from the sale of the Apartment will first be used to satisfy the secured claims of the Sherry-Netherland.

4. That said, and to answer the central question raised by the Motion, if the Respondents determine to pay the monthly maintenance charges after the Security Deposit has

---

[5] The Court previously allowed the Sherry-Netherland's prepetition secured claim in the amount of $1,096,186.54. *See* DIP Order ¶ 11. The Respondents estimate that the Sherry-Netherland's asserted postpetition secured claim is less than $3 million, and a substantial portion of that claim relates to late fees, which the Respondents dispute.

been exhausted, such payments would be funded through borrowings under the existing DIP facility, which currently has more than $500,000 in borrowing availability.

5.      Finally, the Respondents understand that the Motion only seeks information from the Respondents as to a **source of funding** for Genever (US) to pay the monthly maintenance charges, and does not seek to compel Genever (US) to pay the maintenance charges and/or the Trustee to fund the payment of such charges or seek any other relief, such as relief from the automatic stay, adequate protection, or the allowance and payment of an administrative expense claim.  However, to the extent that the Motion is also intended as a request to compel the Respondents to actually fund and/or pay the monthly maintenance charges, the Respondents respectfully submit that such a request should be denied because the Sherry-Netherland has made no factual or legal showing that it would be entitled to any such relief—whether in the form of lifting the automatic stay, obtaining adequate protection, and/or the allowance and payment of an administrative expense claim.[6]

[*Remainder of page intentionally left blank.*]

---

[6] It suffices to say, at this stage, that the Sherry-Netherland cannot simply terminate the Proprietary Lease, just because *it* has determined there has been a breach of such lease.  Moreover, the Respondents note that the May 31, 2021 order modifying the automatic stay to allow the Sherry-Netherland to debit monthly maintenance fees against the Security Deposit, *see* Docket No. 107 in Case No. 22-50592, required the Sherry-Netherland to seek separate relief for satisfaction of "any increases in the assessments owed under the Proprietary Lease."  The Sherry Netherland has increased the monthly maintenance fees for the Apartment from approximately $82,000.00 in 2021 to approximately $90,000.00 today (and has continued to debit such increased fees against the Security Deposit), but it has not sought or obtain further stay relief.  The Respondents reserve all their rights in this regard.

WHEREFORE, for the foregoing reasons, Genever (US) and the Trustee respectfully request that the Court deny the Motion and grant any other relief as the Court considers proper.

Dated:    April 24, 2025
             New York, New York

By: */s/ G. Alexander Bongartz*
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
alexbongartz@paulhastings.com

    *and*

Nicholas A. Bassett (admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

    *and*

Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*Counsel for Genever Holdings LLC and the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing Motion was electronically filed. Notice of this filing was sent by e-mail to all parties to the above-captioned case by operation of the Court's electronic filing ("CM/ECF") system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.[2]

Dated: April 24, 2025
New York, New York

By: */s/ G. Alexander Bongartz*
G. Alexander Bongartz (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
alexbongartz@paulhastings.com

*Counsel for Genever Holdings LLC and the Chapter 11 Trustee*

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] To the extent that the foregoing was filed outside regular business hours, service by mail on recipients unable or not qualified to accept electronic notice was made on the next business day.