**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------ x
                                         :

In re:                             :        Chapter 11

HO WAN KWOK, *et al*.,[1]        :        Case No. 22-50073 (JAM)

        Debtors.       :        (Jointly Administered)

------------------------------------------------------------ x

**CHAPTER 11 TRUSTEE'S *EX PARTE* MOTION TO SET OBJECTION
AND REPLY DEADLINES AND FOR RELATED RELIEF ON MOTION
FOR ENTRY OF ORDER REGARDING SERVICE PROCEDURES**

Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 7(b) of the District of Connecticut Local Rules of Civil Procedure (the "Local Civil Rules"), and section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), hereby moves (this "Hearing Motion") the Court for entry of the proposed order attached hereto as **Exhibit 1** (the "Proposed Order") setting objection and reply deadlines and granting related relief with respect to the Trustee's *Motion for Entry of Order Regarding Services Procedures* [Main Case ECF No. 4338]

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

(the "Service Motion"). In support of this Hearing Motion, the Trustee respectfully states the following:

## BACKGROUND AND SERVICE MOTION

1.  The Debtor's son, Qiang Guo (a/k/a "Mileson") ("Mileson"), has failed or refused to appear and defend claims in numerous adversary proceedings filed by the Trustee related to this Chapter 11 Case.

2.  On April 22, 2025, the Trustee filed the Service Motion in the Chapter 11 Case and in the following adversary proceedings (collectively, the "Adversary Proceedings"):

    a.  *Despins v. Guo*, Adv. Proc. No. 25-05048 [Docket No. 6];

    b.  *Despins v. AA Global Ventures Limited*, et al., Adv. Proc. No. 24-05322 [Docket No. 16];

    c.  *Despins v. Bouillor Holdings Limited,* et al., Adv. Proc. No. 24-05311 [Docket No. 17];

    d.  *Despins v. RM Auctions Deutschland GMBH*, et al., Adv. Proc. No. 24-05245 [Docket No. 28];

    e.  *Despins v. Guo*, Adv. Proc. No. 24-05238 [Docket No. 31];

    f.  *Despins v. Cirrus Design Corporation*, et al., Adv. Proc. No. 24-05225 [Docket No. 78];

    g.  *Despins v. Genever Holdings LLC*, Adv. Proc. No. 23-05002 [Docket No. 94];

    h.  *Despins v. Alfa Global Ventures Limited*, et al., Adv. Proc. No. 24-05318 [Docket No. 112];

      i.      *Despins v. Bravo Luck Limited*, et al., Adv. Proc. No. 22-05027 [Docket No. 133];

      j.      *Despins v. ACA Capital Group Ltd*, et al., Adv. Proc. No. 24-05249 [Docket No. 132]; and

      k.      *Despins v. Ngok*, et al., Adv. Proc. No. 24-05273 [Docket No. 148].

3.      The Service Motion requests that the Court (a) confirm the sufficiency of prior service on Mileson in respect to the Adversary Proceedings; and (b) establish service procedures for documents required to be served on Mileson going forward.

## REQUESTED RELIEF

4.      The Trustee respectfully requests that the Court (a) set deadlines for any response to the Service Motion and for a reply to such response; and (b) approve the scheduling of a hearing on the Service Motion following service of same, with notice to be published on a website specified in the Proposed Order.

5.      Specifically, the deadline to respond to the Service Motion should be twenty-one (21) days from the date that the Trustee files a Certificate of Service (the "Certificate of Service") in the Chapter 11 Case indicating that service efforts with respect to the Service Motion and the Court's Order granting this Hearing Motion are concluded. Both the Certificate of Service and the response deadline will be published by the Trustee through a webpage on the Epiq website for the Chapter 11 Case (the "Service Motion Webpage"), and the Proposed Order granting this Hearing Motion includes the url to the Service Motion Webpage.

6.      The deadline to file a reply to any response to the Service Motion should be fourteen (14) days from the filing of any response.

7. A hearing should be scheduled on the Service Motion (the "Hearing") for the first date convenient to the Court at least forty (40) days following the Trustee's filing of the Certificate of Service. Upon the Court scheduling the Hearing, the Trustee will publish the date, time and location of the Hearing on the Service Motion Webpage.

8. Finally, the Court should order that service of the Service Motion may be accomplished by serving solely the version of the Service Motion filed in the Chapter 11 Case (including exhibits to same), thereby avoiding the costs and complications that would arise with the service of twelve versions of the Service Motion.[2]

## BASIS FOR RELIEF

9. Pursuant to Bankruptcy Rule 9006(b), the Court may extend notice periods by motion upon a showing of cause. Local Civil Rule 7(b) also provides for extensions of time under appropriate circumstances.[3]

10. The Trustee requests approval of these procedures, because the Trustee intends to send notice of the Service Motion and the Order granting this Hearing Motion to Mileson via multiple channels, including, among others, via Hague service in Switzerland. Based on the Trustee's prior experience and consultation with Swiss counsel, undertaking Hague service in Switzerland can take as long as three-to-five months.

11. While—as discussed in the Service Motion—the Trustee is confident that his prior service efforts were effective, the Trustee believes that these additional notice efforts are prudent in light of issues raised by Mileson in legal proceedings outside the United States.

---

[2] The versions of the Service Motion filed in the 11 Adversary Proceedings are identical to that filed in the Chapter 11 Case except for the substitution of applicable captions.

[3] Because Mileson is not appearing in the Chapter 11 Case or the Adversary Proceedings, and to date he has not responded to communications by the Trustee, the Trustee did not inquire of Mileson as to his position prior to filing this Hearing Motion.

WHEREFORE, the Court should grant this Hearing Motion by entering the Proposed Order, and grant such other and further relief as is just and proper.

Dated: April 25, 2025
New Haven, Connecticut

LUC A. DESPINS,
CHAPTER 11 TRUSTEE

By: *<u>/s/ Patrick R. Linsey</u>*

Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*Counsel for the Chapter 11 Trustee*


**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------ x
                                                 :

In re:                                     :     Chapter 11

HO WAN KWOK, *et al.*,[1]              :     Case No. 22-50073 (JAM)

            Debtors.           :     (Jointly Administered)

------------------------------------------------------------ x

**[PROPOSED] ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S *EX PARTE* MOTION TO SET OBJECTION AND REPLY**
**DEADLINES, SCHEDULE HEARING, AND FOR RELATED RELIEF ON MOTION**
**FOR ENTRY OF ORDER REGARDING SERVICE PROCEDURES**

UPON CONSIDERATION OF the motion (the "Hearing Motion")[2] of Luc A. Despins, Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), filed pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 7(b) of the District of Connecticut Local Civil Rules (the "Local Civil Rules"), and section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), requesting that the Court set objection and reply deadlines, schedule a hearing, and grant related relief, with respect to the Trustee's *Motion for Entry of Order Regarding Services Procedures* [Main Case ECF No. 4338] (the "Service Motion") filed in the Chapter 11

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined in this order shall adopt the definitions set forth in the Hearing Motion.

Case and certain Adversary Proceedings[3], and it appearing that cause exists for the relief requested in the Hearing Motion to enter, it is hereby:

1. **ORDERED**, that the Hearing Motion is GRANTED, as set forth herein; and it is further

2. **ORDERED**, the Trustee shall serve the Service Motion and this Order on Qiang Guo and shall attest to such service in a Certificate of Service (the "Certificate of Service"), which the Trustee shall file in the Chapter 11 Case only; and it is further

3. **ORDERED**, that the deadline to file any response to the Service Motion shall be twenty-one (21) days from the Trustee's filing of the Certificate of Service; and it is further

4. **ORDERED**, that the deadline to file a reply to any response to the Service Motion shall be fourteen (14) days from the filing of any response; and it is further

5. **ORDERED**, that a hearing (the "Hearing") shall be scheduled to consider the relief requested in the Service Motion following the Trustee's filing of the Certificate of Service, which Hearing shall be held at least forty (40) days following such filing; and it is further

6. **ORDERED**, that the Trustee shall publish (a) the Service Motion; (b) this Order; (c) the Certificate of Service; (d) the deadline to file a response to this Motion; and (e) the date, time, and location of the Hearing, on a webpage accessible to the public at the following url: https://dm.epiq11.com/case/kwoktrustee/info/1 (the "Service Motion Webpage"); and it is further

---

[3] *See Despins v. Guo*, Adv. Proc. No. 25-05048 [Docket No. 6]; *Despins v. AA Global Ventures Limited*, et al., Adv. Proc. No. 24-05322 [Docket No. 16]; *Despins v. Bouillor Holdings Limited,* et al., Adv. Proc. No. 24-05311 [Docket No. 17]; *Despins v. RM Auctions Deutsc*hland GMBH, et al., Adv. Proc. No. 24-05245 [Docket No. 28]; *Despins v. Guo*, Adv. Proc. No. 24-05238 [Docket No. 31]; *Despins v. Cirrus Design Corporation*, et al., Adv. Proc. No. 24-05225 [Docket No. 78]; *Despins v. Genever Holdings LLC*, Adv. Proc. No. 23-05002 [Docket No. 94]; *Despins v. Alfa Global Ventures Limited*, et al., Adv. Proc. No. 24-05318 [Docket No. 112]; *Despins v. Bravo Luck Limited*, et al., Adv. Proc. No. 22-05027 [Docket No. 133]; *Despins v. ACA Capital Group Ltd*, et al., Adv. Proc. No. 24-05249 [Docket No. 132]; *Despins v. Ngok*, et al., Adv. Proc. No. 24-05273 [Docket No. 148].

3

7.  **ORDERED**, for the avoidance of doubt, service of the Service Motion shall be accomplished by serving the version of the Service Motion filed the Chapter 11 Case only, as well as this Order, which shall constitute sufficient service of the Service Motion as pertains to the Chapter 11 Case and the Adversary Proceedings.