**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
HO WAN KWOK,                              :    Case No. 22-50073 (JAM)
:
      Debtor.                              :    Re: ECF No. 4298
:
---------------------------------------------------------------x

**ORDER APPROVING**
**MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY**
**RULE 9019, REGARDING SETTLEMENT WITH BROWN RUDNICK LLP**

Upon the Motion,[1] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), for entry of an order approving a settlement agreement between the Trustee and Brown Rudnick LLP ("Brown Rudnick" and, together with the Trustee, the "Parties"), as more fully described in the Motion and the amended settlement agreement filed April 24, 2025 (the "Settlement Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Parties having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the economics of the Original

---

[1]     Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Settlement Agreement (as defined in the Settlement Agreement) are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007) and otherwise deferring to this Court's evaluation of the Original Settlement Agreement, and the Court having determined that the terms of the Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, and after a hearing held on April 29, 2025, it is

**ORDERED THAT**:

1. The Motion is GRANTED.

2. All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3. The Settlement Agreement is approved pursuant to Bankruptcy Rule 9019.

4. The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

5. The Court finds that the Trustee holds, and has the right to settle and release, all potential claims on behalf of the Estate to the extent provided by the Settlement Agreement, including potential claims owned by the Debtor against Brown Rudnick.

6. This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

Dated at Bridgeport, Connecticut this 30th day of April, 2025.



Julie A. Manning
United States Bankruptcy Judge
District of Connecticut