**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 22-50073 (JAM) |
| HO WAN KWOK *et al.*, |  |
|  | Jointly Administered |
| Debtors.[1] |  |
|  | Re: ECF No. 4265 |

--------------------------------------------------------- x

**ORDER GRANTING FIRST OMNIBUS MOTION OF CHAPTER 11 TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE AND BLUEBERRY BUILDERS, LLC**

Upon the motion (the "<u>Motion</u>")[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief, approval of the settlement agreement (the "<u>Blueberry Settlement Agreement</u>") between the Trustee and Blueberry Builders, LLC ("<u>Blueberry</u>") as more specifically described in the Motion and attached to the Motion as Exhibit 1-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

provided, see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Blueberry (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Blueberry Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor and after a hearing held on April 29, 2025, it is ORDERED THAT:

1. The Motion is GRANTED with respect to the relief requested as to Blueberry and the Blueberry Settlement Agreement, as provided herein.

2. Pursuant to Fed. R. Bankr. P. 9019, the Blueberry Settlement Agreement is approved.

3. As contemplated by the Procedures Orders, the redacted portions of the Motion and the Blueberry Settlement Agree were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4. The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter,(the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the Blueberry A.P.,, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of Blueberry Settlement Agreement, and (iii) contain the following information regarding the Blueberry Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly

operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Blueberry Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Blueberry Settlement Agreement.

Dated at Bridgeport, Connecticut this 30th day of April, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

3