**MANDATE**

24-1271-bk
*In re Ho Wan Kwok*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           SARAH A. L. MERRIAM,
                *Circuit Judges.*

_____

IN RE: HO WAN KWOK,

   *Debtor.*

_____

LEE VARTAN, Esq.; CHIESA SHAHINIAN
AND GIANTOMASI PC,

   *Appellants*,

MEI GUO; HK INTERNATIONAL FUNDS
INVESTMENTS (USA) LIMITED, LLC,

   *Counter-Defendants-Appellants,*

            v.                                                        24-1271-bk

MANDATE ISSUED ON 05/06/2025

PAUL HASTINGS LLP,

    *Appellee*,

LUC A. DESPINS, Chapter 11 Trustee,

    *Defendant-Counter-Claimant-Appellee*.

_____

| | |
|---|---|
| FOR APPELLANTS and COUNTER-DEFENDANTS-APPELLANTS: | Lee D. Vartan, Chiesa Shahinian & Giantomasi PC, Roseland, NJ. |
| FOR APPELLEE and DEFENDANT-COUNTER-CLAIMANT-APPELLEE: | Dennis M. Carnelli, Douglas S. Skalka, Neubert, Pepe & Monteith, P.C., New Haven, CT; Nicholas A. Bassett, Paul Hastings, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION**, the judgment of the District Court entered on April 11, 2024, is **AFFIRMED**.

HK International Funds Investments (USA) Limited, LLC ("HK USA") and Mei Guo (the "HK Parties"), together with their counsel, Lee Vartan, and his law firm, Chiesa Shahinian & Giantomasi PC (collectively, "appellants"), appeal from the District Court's judgment affirming two orders of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). Specifically, appellants challenge the Bankruptcy Court's orders (1) holding the HK Parties in civil contempt pursuant to Rule 9020 of the Federal Rules of Bankruptcy Procedure and Rules 37(b)(1) and 37(b)(2)(A)(vii) of the Federal Rules of Civil Procedure for failure to comply with a discovery order and (2)

2

imposing a monetary sanction in the amount of $83,370.26, to be awarded to Chapter 11 Trustee Luc A. Despins and his counsel, Paul Hastings LLP (collectively, "appellees"), pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure.  Appellants contend principally that the Bankruptcy Court abused its discretion in entering these orders and that the District Court erred in affirming them.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## STANDARD OF REVIEW

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010) (citation and quotation marks omitted).  We review an award of sanctions by a bankruptcy court and any "findings of contempt . . . for abuse of discretion." *In re Gravel*, 6 F.4th 503, 511 (2d Cir. 2021).  "[A] bankruptcy court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002) (citation and quotation marks omitted).  "Bankruptcy courts enjoy wide discretion in determining reasonable fee awards, which discretion will not be disturbed by an appellate court absent a showing that it was abused." *In re JLM, Inc.*, 210 B.R. 19, 23 (B.A.P. 2d Cir. 1997) (citing *Dickinson Indus. Site v. Cowan*, 309 U.S. 382, 389 (1940)).

## DISCUSSION

**I.    Contempt Order**

Bankruptcy courts have the power to hold parties in civil contempt under 11 U.S.C. §105(a) and Federal Rule of Bankruptcy Procedure 9020.[1]  Rule 37 of the Federal Rules of Civil Procedure, which permits a court to hold a party in contempt for failure to obey a discovery order, is applicable in bankruptcy proceedings.  *See* Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37(b)(2)(A)(vii); *see also In re Anderson*, 641 B.R. 1, 21 (Bankr. S.D.N.Y. 2022) ("Fed. R. Civ. P. 37, incorporated by Fed. R. Bankr. P. 7037, addresses the consequences of the failure to provide required disclosure or discovery.").  "The decisional law governing the procedure for imposition of civil sanctions by the district courts will be equally applicable to the bankruptcy courts."  Fed. R. Bankr. P. 9020, advisory committee's note to 1983 amendment.

Contempt "is a potent weapon to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct."  *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (citation and quotation marks omitted).  A finding of contempt requires a showing that: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  *Id.*

---

[1] A United States Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §105(a).

4

The Bankruptcy Court held the HK Parties in contempt pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii) for failure to comply with the Order Compelling Production and Show Cause Order.[2] *See* Joint App'x at 136. Appellants contend that the District Court erred in affirming the Bankruptcy Court's contempt order. We conclude that the Bankruptcy Court did not abuse its discretion in finding the HK Parties in contempt.

*First*, the Order Compelling Production and Show Cause Order are clear and unambiguous. Appellants argue that the term "agents and advisors" is ambiguous in the Order Compelling Production. The Bankruptcy Court found this "purported lack of understanding . . . objectively unreasonable," Joint App'x at 122, because, among other reasons, appellants had months to seek clarification and elected not to do so. *See id.* ("At no other time has any argument been advanced suggesting that the Order Compelling Production is unclear."). The Bankruptcy Court also reviewed the relevant portions of the Order Compelling Production that appellants allege were unclear, concluding: "[T]here is no fair ground of doubt" as to the search terms or the language describing the nature of the documents that appellants were ordered to produce. *Id.* at 123. The Bankruptcy

---

[2] The Bankruptcy Court also held the HK Parties in contempt, in the alternative, pursuant to its inherent powers. Because we find that the Bankruptcy Court did not abuse its discretion in holding the HK Parties in contempt pursuant to Rule 37(b)(2)(A)(vii), we need not assess whether contempt under its inherent powers was appropriate.

Court was correct to find that the Order Compelling Production was clear and unambiguous.[3]

*Second*, there was clear and convincing proof of the HK Parties' noncompliance with both the Order Compelling Production and Show Cause Order; indeed, appellants do not appear to contest this. The Bankruptcy Court found:

> Attorney Vartan and CSG, at best, materially misrepresented to the Court that it would proceed with production in its Motion for an Extension of Time. At worst, Attorney Vartan and CSG knowingly made false statements to the Court. Regardless, the actions of Attorney Vartan and CSG are not acceptable in any way. The Court relied on Attorney Vartan's and CSG's representations in crafting the Show Cause Order, which gave the HK Parties several additional weeks to comply. Moreover, it is clear . . . that this is part of a pattern of unacceptable, obstructionist behavior of Attorney Vartan and CSG.

*Id.* at 137. Vartan also violated the Show Cause Order by filing his declaration more than three hours after the Bankruptcy Court's already-extended deadline. The record thus offers clear and convincing proof of the HK Parties' noncompliance with the Bankruptcy Court's orders.

*Third*, the HK Parties did not diligently attempt to comply in a reasonable manner with the orders. As the District Court observed, "the [Show Cause] Order was issued, in part, in reliance upon the HK Parties' representations that production was soon to begin and would be made on a rolling basis. Neither representation turned out to be accurate, which the Bankruptcy Court found to be at best, a material misrepresentation, or at worst,

---

[3] Appellants do not credibly argue that the Show Cause Order was ambiguous. Indeed, the Order stated the declaration had to be made by "the HK Parties," Joint App'x at 176, a term which was clearly and unambiguously defined in that same Order as "'HK USA,' . . . together with Ms. Mei Guo," *id.* at 174.

6

a deliberate falsehood." Special App'x at 4 n.4 (citation omitted); *see also* Joint App'x at 137. Indeed, appellants were given every opportunity to comply with both orders, including being granted extensions of time to file responses and produce documents. As the Bankruptcy Court noted, "in entering the Show Cause Order, the Court effectively granted . . . an extension of over a month from the deadline set by the Order Compelling Production and almost *seven months* since the Subpoenas were served." Joint App'x at 133 (emphasis added). Simply stated, the HK Parties repeatedly promised to comply and never did so, despite representing to the Bankruptcy Court that production would occur "on a rolling basis." *Id.* at 322. We agree with the Bankruptcy Court that the HK Parties engaged in "a transparent and egregious attempt to avoid compliance," *id.* at 134, and that they did not diligently attempt to comply in a reasonable manner.

In sum, we hold that the Bankruptcy Court did not abuse its discretion in holding the HK Parties in contempt pursuant to Rule 37(b)(2)(A)(vii) for failure to comply with the Order Compelling Production and Show Cause Order. *See In re Gravel*, 6 F.4th at 511.

## II.   Order Awarding Fees

We also find that the Bankruptcy Court did not abuse its discretion in awarding attorneys' fees as a sanction for the HK Parties' failures to comply with its orders pursuant to Rule 37(b)(2)(C).

The imposition of a sanction awarding attorneys' fees and costs must be "compensatory rather than punitive in nature." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). Sanctions pursuant to Rule 37(b)(2)(C) are mandatory "unless

the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (instructing that "the court *must order* the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply (emphasis added)).

Here, the Bankruptcy Court found that the failure to comply with the orders "was not 'substantially justified.'" Joint App'x at 136 (quoting Fed. R. Civ. P. 37(b)(2)(C)). Indeed, the Bankruptcy Court found that "the HK Parties did not have any explanation at all" for their noncompliance and that "there are no circumstances that would make an award of expenses unjust." *Id.* Specifically, the Bankruptcy Court ordered the HK Parties, Vartan, and Chiesa Shahinian & Giantomasi PC to pay "reasonable attorneys' fees and costs related to the preparation and prosecution of the Motion to Compel and the continued efforts by the Trustee to bring the HK Parties into compliance, including any ongoing efforts." *Id.* at 138-39. The Bankruptcy Court then ordered appellees to submit "fee application(s) . . . to be submitted on or before March 24, 2023." *Id.* at 140. Appellees' fee application clearly lists the attorneys' respective hourly rates and hours worked "for services rendered in securing compliance with court-authorized subpoenas," *id.* at 385 (capitalization altered), and it further indicates that appellees "*reduced* the amount of such fees *by 50%* for purposes of this Application," *id.* at 387, to arrive at the requested amount of $83,370.26.

We recognize that the Bankruptcy Court "enjoy[s] wide discretion in determining reasonable fee awards," and we have no cause to disturb that discretion "absent a showing that it was abused." *In re JLM, Inc.*, 210 B.R. at 23; *see also Fox v. Vice*, 563

8

U.S. 826, 838 (2011) (instructing that when estimating reasonable attorneys' fees, the goal "is to do rough justice, not to achieve auditing perfection"). Appellants have not made such a showing here. Accordingly, the Bankruptcy Court was within its discretion to find that the sanctions award of $83,370.26 constitutes "reasonable attorney's fees associated with the Trustee's efforts to secure compliance with the Court-authorized subpoenas as contemplated by the Sanctions Order." Joint App'x at 146.

Finally, appellants' claims that they were denied due process in connection with the order awarding fees are unavailing. The record reveals that appellants had numerous opportunities to contest the award of fees, both before and after the order was entered. First, the Bankruptcy Court expressly ordered appellees to submit a fee application by March 24, 2023, thereby putting appellants on notice that it was planning to award fees. Second, as the District Court observed, the Bankruptcy Court's fee award was issued eleven days after appellees' request for fees was submitted, during which time appellants could have filed an objection or response. *See* Special App'x at 19 n.8. They did not do so. Third, the Bankruptcy Court thoroughly considered – and rejected – appellants' subsequent motion to reconsider the sanctions order. While it would have been better for the Bankruptcy Court to have given appellants an opportunity to be heard before granting the fee application, appellants "were able to advance, and did advance, a number of challenges to the amount of the fee award" in their motion for reconsideration. *Id.* Accordingly, we find no due process violation as to the Bankruptcy Court's order awarding fees.

In sum, we find no abuse of discretion in the Bankruptcy Court's order awarding sanctions. *See In re Gravel*, 6 F.4th at 511.

We have considered appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10