**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                 :

In re:                         :    Chapter 11

                                 :

HO WAN KWOK, *et al.*,[1]        :    Case No. 22-50073 (JAM)

                                 :

         Debtors.         :    (Jointly Administered)

                                 :

---------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING JUDGE JAMES J. TANCREDI'S SELECTION OF JUDGE ALAN S. TRUST AS ADDITIONAL MEDIATOR**

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby moves (this "Motion") pursuant to ¶ 2(k) of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Main Case Docket No. 3163] (the "Avoidance/Mediation Procedures Order"), requesting entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Proposed Order")[2], approving Judge Tancredi's selection of the Honorable Alan S. Trust ("Judge Trust") for appointment as an additional mediator in the Chapter 11 Case. In support of the Motion, the Trustee respectfully states the following:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not expressly defined herein adopt the meanings ascribed to them in the Avoidance/Mediation Procedures Order.

**BACKGROUND**

1.      To date, the Trustee has commenced more than 350 Avoidance Actions, asserting claims to avoid and recover transfers of the Debtor's property and property of the Debtor's chapter 11 estate (the "Estate") pursuant to, *e.g.*, sections 548 and 549 of the Bankruptcy Code, as well as section 544(b) of the Bankruptcy Code and applicable state law.

2.      On May 2, 2024, the Court entered the Avoidance/Mediation Procedures Order, which, among other things, established the Mediation Procedures providing for Mediation Proceedings overseen by Judge Tancredi as to certain Avoidance Claims.

3.      The Avoidance/Mediation Procedures Order was later supplemented by the Court's *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [Main Case Docket No. 3465] (the "Supplemental Mediation Order"), which provides for, among other things, consensual non-binding mediation of claims that are property of the Debtor's chapter 11 estate ("Estate Claims") prior to the commencement of litigation or, where litigation has been commenced, the appearance of a defendant in an adversary proceeding.

4.      The Trustee has resolved numerous Estate Claims with the aid of Mediation Proceedings.  Recently, the Court approved 11 such settlements [Main Case Docket Nos. 4364, 4365] and the Trustee expects to request approval of further settlements soon.

5.      To date, Judge Tancredi has personally presided over all Mediation Proceedings in connection with this Chapter 11 Case, however, the Avoidance/Mediation Procedures Order provides that Judge Tancredi may appoint additional mediators "if Judge Tancredi determines that

it would be beneficial to" do so, subject to this Court's approval. *See* Avoidance/Mediation Procedures Order ¶ 2(k).

6.     Recently, Judge Tancredi advised the Trustee that he has selected Judge Trust to serve as an additional mediator in connection with this Chapter 11 Case. The Trustee further understands that Judge Tancredi has conferred with Judge Trust regarding this Chapter 11 Case and the Mediation Procedures, and that Judge Trust is prepared to serve in this capacity.

## RELIEF REQUESTED

7.     The Trustee respectfully requests that the Court approve Judge Tancredi's selection of Judge Trust as an additional mediator under the Avoidance/Mediation Procedures Order and the Supplemental Mediation Order.[3]

8.     Judge Trust is eminently qualified to serve in this capacity. He has served as a United States Bankruptcy Court Judge in the Eastern District of New York since 2008, and he has been Chief Bankruptcy Judge in that district since October 1, 2020. Among many other distinctions, Judge Trust was previously designated by the Second Circuit Court of Appeals to mediate cases in the Southern District of New York and continues to serve as a judge mediator. *See* https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust (last accessed May 6, 2025).

## NOTICE

9.     Pursuant to the Avoidance/Mediation Procedures Order, the Trustee has filed this Motion in the Main Case only. *See* Avoidance/Mediation Procedures Order ¶ 2(k).

---

[3]    In the near future, the Trustee will separately move to amend the Avoidance/Mediation Procedures Order and the Supplemental Mediation Order, including with respect to the Mediation Procedures, to, among other things, streamline the Mediation Procedures in certain respects and to ensure that Mediation Proceedings are reserved only for parties that are appropriately utilizing the process to pursue potential settlements in good faith. The Trustee believes that Judge Trust's service as an additional mediator will be beneficial irrespective of the Court's consideration of such requested amendments.

3

10.    The Trustee will serve this Motion on all parties that have appeared and requested notice in the above-captioned jointly administered chapter 11 cases and will serve notice of this Motion in all pending Avoidance Actions, which service the Trustee submits is sufficient for the purposes of this Motion.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Court should enter the Proposed Order approving Judge Tancredi's selection of Judge Trust as an additional mediator in the Chapter 11 Case and grant such other and further relief as is just and proper.

Dated:  May 9, 2025                                LUC A. DESPINS
        New Haven, CT                          CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK, *et al.*,[1]                                :    Case No. 22-50073 (JAM)
                                                         :
                         Debtors.                        :    (Jointly Administered)
                                                         :
---------------------------------------------------------x

## NOTICE OF OBJECTION DEADLINE

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), has filed his *Motion for Order Approving Judge James J. Tancredi's Selection of Judge Alan S. Trust as Additional Mediator* (the "Motion") with the U.S. Bankruptcy Court for the District of Connecticut.  Notice is hereby given that any objection or response to the Motion must be filed with the Court no later than May 23, 2025, in accordance with Fed. R. Bankr. P. 2002(a) and 9014 and Local Bankr. R. 9014-1.  In the absence of a timely filed objection, the proposed order regarding the Motion may enter without further notice and hearing, *see* 11 U.S.C. section 102(1).

[*REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.*]

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Dated:    May 9, 2025            LUC A. DESPINS,
           New Haven, Connecticut    CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
    Kari A. Mitchell (ct31578)
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2884
    kmitchell@npmlaw.com
    dskalka@npmlaw.com
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                        :

In re:                            :    Chapter 11

                                          :

HO WAN KWOK, *et al.*,[1]         :    Case No. 22-50073 (JAM)

                                          :

          Debtors.          :    (Jointly Administered)

                                          :

---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING JUDGE JAMES J.**
**TANCREDI'S SELECTION OF JUDGE ALAN S. TRUST AS ADDITIONAL MEDIATOR**

UPON CONSIDERATION OF the motion (the "Motion")[2] of Luc A. Despins (the

"Trustee"), in his capacity as Chapter 11 Trustee (the "Trustee") in the chapter 11 case (the

"Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), requesting approval of Judge Tancredi's

selection of the Hon. Alan S. Trust ("Judge Trust") as an additional mediator pursuant to ¶ 2(k) of

the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as*

*Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary*

*Proceedings* [Main Case Docket No. 3163] (the "Avoidance/Mediation Procedures Order"), in

Mediation Proceedings conducted under the Avoidance/Mediation Procedures Order and/or the

Supplemental Mediation Order, and it appearing that cause exists for the Motion to be granted; it

is by the Court hereby:

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms not expressly defined herein shall adopt the meanings ascribed to them in the Motion.

**ORDERED**, that Judge Tancredi's selection of Judge Trust as an additional mediator under the Avoidance/Mediation Procedures Order and the Supplemental Procedures Order is **APPROVED**; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order; and it is further

**ORDERED**, that all provisions of ¶ 2(q) of the Avoidance/Mediation Procedures Order applicable to Judge Tancredi shall likewise apply to Judge Trust, including, without limitation, that Judge Trust and his agents shall have absolute judicial immunity as provided under state, federal, and common law, from liability for any act or omission in connection with the Mediation Proceedings, and from compulsory process to testify or produce documents in connection with the Mediation Proceedings, except as specifically provided in ¶ 2(q), and Judge Trust and his agents shall be held harmless by all parties to any Mediation Proceedings as to which Judge Trust is the Assigned Mediator.