**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                        :
In re:                                  :        Chapter 11
                                        :
HO WAN KWOK, et al.,[1]                 :        Case No. 22-50073 (JAM)
                                        :
            Debtor.                     :        (Jointly Administered)
------------------------------------------------------x
```

**MOTION OF CHAPTER 11 TRUSTEE TO**
**(I) FURTHER MODIFY OCTOBER 6, 2022 PROTECTIVE ORDER**
**ENTERED PURSUANT TO SECTIONS 105 AND 107 OF BANKRUPTCY CODE**
**AND FEDERAL RULE OF CIVIL PROCEDURE 26(C) AND**
**THE STIPULATED ADDENDUM TO THE PROTECTIVE ORDER AND**
**(II) WAIVE CERTAIN OF THE DEBTOR'S PRIVILEGES CONTROLLED BY THE**
**TRUSTEE, PURSUANT TO THE CONSENT ORDER REGARDING CONTROL OF**
**ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED**
**TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION [ECF NO. 856]**

Luc A. Despins, in his capacity as chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), by and through his

undersigned counsel, hereby files this motion (the "Motion") for entry of the proposed order filed

herewith as **Exhibit A** (the "Proposed Order"), (I) modifying the Protective Order entered on

October 6, 2022 [ECF No. 923] pursuant to sections 105 and 107 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 26(c) of the Federal Rules of Civil Procedure (as modified

from time to time,[2] the "Protective Order") and the Stipulated Addendum to the Protective Order

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] See [ECF No. 3264].

[ECF No. 2460] (the "P.O. Addendum") and (II) authorizing a limited waiver of the Trustee's attorney-client and work product privileges pursuant sections 105, 107, 323, 521, 541, and 1108 of the Bankruptcy Code, and the Consent Order entered on September 14, 2022, [ECF No. 856] (the "Consent Order"), to allow the Trustee to use a limited sub-set of otherwise privileged documents in the course of prosecuting actions to recover property of the estate, including, but not limited to, the K Legacy Action (as defined herein).  Separate from the modifications to the Protective Order and limited privilege waiver requested herein, the Trustee intends to seek entry of orders in foreign jurisdictions, as necessary, substantially similar in substance to the Protective Order, to maintain compliance with the provisions of the Protective Order to the extent allowable under foreign law, permit the Trustee to fulfill his duties, and aid in the pursuit of judgments outside of the United States.  In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.     The Court entered the Protective Order a few months after the Trustee's appointment, while his investigation was in its infancy, for the purpose of facilitating the Trustee's receipt and use of confidential information from third parties and to protect the Trustee's own confidential information.  The Trustee has since commenced numerous litigations that rely in large part on information the Trustee has obtained in discovery, including Designated Material[3] under the Protective Order.  The Trustee's litigation efforts have also expanded internationally, with the Trustee having sought discovery and commenced litigation abroad in connection with the ongoing efforts of certain of the Debtor's family members and associates to keep assets outside the reach of the Trustee by availing themselves of foreign jurisdictions.  As applied to these foreign litigation

---

[3]     Unless otherwise indicated, terms not otherwise defined take the meaning assigned to them in the Protective Order.

efforts, certain provisions of the Protective Order have proven practically unworkable, and the Trustee seeks limited modifications to the Protective Order to address these issues.

2.      Specifically, the Trustee respectfully requests limited modifications to the Protective Order (collectively, the "Protective Order Modifications") to revise:

- "Disputes," as defined under the Protective Order, to include proceedings before courts, tribunals, and/or other judicial bodies in foreign jurisdictions and forums;

- Paragraph 1 of the Protective Order, such that the scope of the Protective Order is not limited to Disputes before this Court;

- paragraph 8 of the Protective Order, such that not only may the Trustee use Discovery Material in carrying out his duties and responsibilities under the Bankruptcy Code, including in foreign jurisdictions and forums, as already provided therein, but, in addition, Receiving Parties (and the Trustee, for the avoidance of doubt), may use Discovery Materials in such foreign jurisdictions and forums and not "solely in this Court," and in accordance with the other provisions of the Protective Order to the extent allowable under foreign law;

- paragraph 10(g) of the Protective Order to include not only "th[is] Court" but also foreign courts, tribunals, and/or other judicial bodies, and judicial officers and staff involved in such foreign "judicial proceeding[s] that may result from a Dispute or this Chapter 11 Case;" and

- the Declaration of Acknowledgement and Agreement To Be Bound By Protective Order, affixed as Exhibit A to the Protective Order, such that a certifying party may use Designated Material in connection with Disputes related to the Chapter 11 Case, including Disputes pending, or those that may be initiated, in foreign jurisdictions or forums.

3.      Good cause exists for the Protective Order Modifications because the Trustee needs the ability to disclose or otherwise use Designated Material in connection with foreign litigations that seek to recover valuable assets for the benefit of the Debtor's estate.  The Trustee must be able to disclose Designated Material both to support his claims for relief (because many documents marked Confidential or Highly Confidential are highly probative of such claims) and to comply with discovery rules in the applicable foreign jurisdictions.

4.      One such foreign proceeding is the Trustee's litigation in the British Virgin Islands (the "BVI") where the Trustee seeks to, among other things, recover shares of K Legacy Ltd. ("K Legacy") and establish ownership of the beneficial interest in the London apartment, legal title to which is held by K Legacy (the "K Legacy Action").[4] The Trustee's claims in the K Legacy Action cite to or rely on documents or information designated "Confidential" or "Highly Confidential" under the Protective Order.  A trial in the K Legacy Action is presently scheduled in November and December 2025, and the parties to action are preparing to disclose discovery documents and information.  Absent modification of the Protective Order, the Trustee must abide by the terms of the Protective Order, and, practically speaking, he cannot do so while also satisfying his discovery obligations under BVI law.  The Protective Order Modifications are thus important to the Trustee's ability to perform his duties and responsibilities and effectively pursue the recovery of valuable estate assets in the K Legacy Action, among others.

5.      When using Discovery Material in foreign proceedings, including in the K Legacy Action, the Trustee will endeavor to preserve the confidentiality of all designated materials by requesting that all foreign litigants sign onto the Protective Order, as modified herein, and by seeking entry of orders in foreign courts that provide for substantially similar relief as that provided under the Protective Order ("Foreign Protective Orders"), to the extent allowable under foreign law.  Accordingly, the Producing Parties should not be prejudiced by the relief sought in this Motion.

---

[4]     While this Court has previously entered a default judgment against K Legacy and the Debtor's son, i.e., Qiang Guo, holding that K Legacy and the apartment are property of the estate, *see* Docket No. 76 in Adv. Proc. No. 24-5249, in order to be able to recover the property in the United Kingdom, the Trustee must also seek relief in the BVI, i.e., the jurisdiction where K Legacy is incorporated, to establish the estate's ownership of K Legacy (and the beneficial ownership of the property).

4

6.      Accordingly, the Protective Order Modifications should be approved, and the Trustee intends to seek entry of Foreign Protective Orders, consistent with the Protective Order to the extent allowable under foreign law, without further relief from this Court.

7.      In addition, following the Trustee's appointment, the Court entered the Consent Order regarding documents and information subject to the attorney-client privilege and/or the protections of the work product doctrine, which provides that the Trustee owns and controls the attorney-client privilege and protections of the work product doctrine, to the extent those privileges and protections could otherwise be asserted by the Debtor, for substantially all purposes, including in connection with the Debtor's financial affairs and the administration of the estate. The Consent Order permits the Trustee to waive these privileges upon order of the Court. The Trustee respectfully requests authorization of a limited waiver of certain of these privileges, including in connection with the ongoing K Legacy Action.

## JURISDICTION AND VENUE

8.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

9.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

10.      On September 14, 2022, upon motion by the Trustee, the Court entered the Consent Order, which provides, among other things, that the Trustee owns and controls the attorney-client privilege, protections of the work product doctrine, and similar privileges and protections related to the Debtor's assets and financial affairs and the administration of his estate that could otherwise

be asserted by the Debtor or his counsel under any applicable law (each, a "<u>Trustee Privilege</u>" and, together, the "<u>Trustee Privileges</u>").

11.     The Consent Order further provides that "control" as used therein with respect to any Trustee Privilege shall mean that the Trustee is able to review, access, and otherwise use all documents and information subject to such privilege ("<u>Privileged Documents</u>") in carrying out his duties and responsibilities in this case, including without limitation in prosecuting actions to recover property of the estate.  Consent Order, ¶ 8.

12.     Additionally, under the Consent Order, the Trustee Privileges may be waived with the "Debtor's written consent or further order of the Court, and all filings by the Trustee containing or describing documents or information covered by a Trustee Privilege shall be filed under seal[, and] . . . [a]ny such request to waive a Trustee Privilege may be made by motion on an expedited basis . . . ." *Id.*

13.     On October 6, 2022, upon motion by the Trustee, the Court entered the Protective Order, which addresses, among other things, the treatment of "Confidential" and "Highly Confidential" documents produced to the Trustee in connection with examinations under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("<u>Rule 2004</u>") and other discovery proceedings related to the Chapter 11 Case.

14.     Specifically, the Protective Order provides that

> there are, or may be, judicial or other proceedings **before this Court**, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "<u>Dispute</u>" and, collectively, the "<u>Disputes</u>") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case[.]

Protective Order, Recitals (emphasis added).  Similarly, the Protective Order provides that

> All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties solely in this Court for the purposes of a Dispute

6

or the Chapter 11 Case, and not for any other purpose or in any other forum, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function.

Protective Order, ¶ 8.

15.     Paragraphs 9 and 10 of the Protective Order govern the disclosure of Discovery Material that has been designated as either "Confidential" or "Highly Confidential" under the Protective Order.  Specifically, Paragraph 9 of the Protective Order provides that

Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a) the Trustee;

(b) any Party who has signed Exhibit A [of the Protective Order][5] and delivered a copy thereof to the Trustee;[6] and

(c) any other persons specified in Paragraph 10 below.

Protective Order, ¶ 9.  Paragraph 10 of the Protective Order provides, in relevant part, that

Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a) counsel, and staff working under the express direction of such counsel, for:

(i) the Trustee;

(ii) The Creditor's Committee;

(iii) any Party who has signed Exhibit A [of the Protective Order] and delivered a copy to the Trustee;[7] and

. . .

(g) the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case[.]

---

[5]   Exhibit A of the Protective Order is titled, "Declaration of Acknowledgment and Agreement to be Bound by Protective Order."

[6]   *See* [ECF No. 3264] (modifying the Protective Order).

[7]   *See id*.

. . .

Protective Order, ¶ 10.

16.　　Paragraph 9(b) of the Protective Order, then, permits Confidential Material to be disclosed to any Party who has signed Exhibit A to the Protective Order.　Similarly, paragraphs 10(a)(iii) and 10(b) of the Protective Order permit Highly Confidential Material to be disclosed to (i) counsel and staff working under the express direction of such counsel for any party who has signed Exhibit A of the Protective Order, and (ii) certain professionals retained pursuant to the Bankruptcy Code and industry advisers, financial advisors, accounting advisors, experts, and consultants that are retained by a Party who has signed Exhibit A of the Protective Order.　In addition, paragraph 10(g) of the Protective Order permits Highly Confidential Material to be disclosed to the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case.　Documents marked as "Highly Confidential" under the Protective Order can only be shared with counsel or certain professionals retained by parties signing Exhibit A to the Protective Order and not the parties themselves.

17.　　Exhibit A to the Protective Order requires the signing party to agree to be bound by the Protective Order and requires the signing party to agree to, among other things, "not use Designated Material for any purpose other than the Chapter 11 Case" and "not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case."

18.　　The Protective Order also contemplates future amendment, providing that "[u]pon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time[.]" Protective Order, ¶ 31.

19.　　On December 20, 2023, the Court entered the P.O. Addendum governing the production and use of Discovery Material or Confidential Records (as defined in the P.O.

Addendum) produced by the Federal Deposit Insurance Corporation as Receiver for Signature Bridge Bank, N.A. (the "FDIC-Receiver") in the Chapter 11 Case, including adversary proceedings. The P.O. Addendum contains additional provisions that work in conjunction with the Protective Order to govern the confidentiality of materials produced by the FDIC-Receiver.

20. On June 20, 2024, the Court entered an order making certain modifications to the Protective Order. [ECF No. 3264].

21. Since the entering of the Protective Order, the Trustee has served over 250 subpoenas for discovery pursuant to Rule 2004 and has received more than 800,000 documents (exceeding millions of pages) pursuant to those subpoenas. Many parties producing documents pursuant to the Protective Order have wholesale designated documents as either "Confidential" or "Highly Confidential" under the Protective Order. Over 60 parties have signed Exhibit A to the Protective Order.

22. The Trustee has also commenced over 290 adversary proceedings since entry of the Protective Order. In addition, the Trustee has initiated multiple actions outside of the United States, including the K Legacy Action. The underlying facts forming the allegations of many of the adversary proceedings, including 278 avoidance action adversary proceedings, and actions in foreign jurisdictions, such as the K Legacy Action, have been derived from both Privileged Documents and Discovery Material designated as "Confidential" or "Highly Confidential" under the Protective Order and produced to the Trustee by parties pursuant to Rule 2004.

23. A trial has been scheduled in November and December 2025 in the K Legacy Action, and the parties to the action have been undertaking discovery since in or around December 2024. Under the current litigation schedule in the K Legacy Action, the Trustee on May 16, 2025 is required to disclose to the respondents in that action a list of documents and information relevant

to the Trustee's claims, which documents and information include hundreds (if not thousands) of documents that are Designated Material under the Protective Order and/or Privileged Documents.

24.     The Trustee has also initiated legal processes in other jurisdictions in furtherance of his duties and responsibilities, including in the United Kingdom, Switzerland, Cyprus, and Mauritius, among other forums.  The Trustee may initiate additional legal actions in other foreign jurisdictions.  The Trustee will likely need to use Designated Material, and possibly Privileged Documents, in some or all such actions.

## RELIEF REQUESTED

25.     The Trustee respectfully requests entry of an order substantially in the form of the Proposed Order, effectuating the following modifications to the Protective Order: (1) revising the definition of "Disputes" in the Protective Order to include proceedings before foreign courts, tribunals, and/or other judicial bodies, (2) revising paragraph 1 of the Protective Order such that the scope of the order is not limited to "Disputes before this Court, (3) modifying paragraph 8 of the Protective Order such that the Trustee (and Receiving Parties) may use Discovery Material in foreign jurisdictions and forums, and not "solely in this Court," consistent with the other provisions and protections of the Protective Order, to the extent allowable under foreign law, (4) modifying paragraph 10(g) of the Protective Order to include not only "th[is] Court" but also foreign courts, tribunals, and/or judicial bodies, along with judicial officers and staff involved in such foreign "judicial proceeding[s] that may result from a Dispute or this Chapter 11 Case," and (5) revising the Declaration of Acknowledgement and Agreement To Be Bound By Protective Order, affixed as Exhibit A to the Protective Order (the "PO Declaration"), such that a certifying party may use Designated Material in connection with Disputes related to the Chapter 11 Case, including Disputes pending, or those that may be initiated, in foreign jurisdictions or forums.

26. With respect part (1), above, the Trustee requests that the Protective Order be modified such that the first Recital provides:[8]

> WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before this Court **and other courts, tribunals, or judicial bodies, including in foreign jurisdictions**, including but not limited to investigations, contested matters, adversary proceedings, and other disputes **and litigation** (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case[.]

Protective Order, Recitals.

27. As to part (2), the Trustee requests that paragraph 1 of the Protective Order be modified to provide that "This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes ~~before this Court~~[.]" *Id.,* ¶ 1.

28. As to part (3), the Trustee requests that paragraph 8 of the Protective Order be modified to provide:

> General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties ~~solely in this Court~~ for the purposes of a Dispute or the Chapter 11 Case, **including a Dispute in a foreign jurisdiction**, ~~and~~ **but** not for any other purpose ~~or in any other forum~~, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function.

*Id.,* ¶ 8.

29. As to part (4), the Trustee requests that paragraph 10(g) be revised to provide that:

---

[8] The Trustee's proposed revisions are identified in **bold and underline**.

(g)   the Court, **a foreign court, tribunal, and/or judicial body**, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case[.]

*Id.,* ¶ 10(g).

30.   With respect to part (5), the Trustee requests that the PO Declaration be modified[9] to provide that:

4.   I hereby certify and agree [. . .].  I further certify that I will not use Designated Material for any purpose other than the Chapter 11 Case **or a Dispute related to the Chapter 11 Case**, and will not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case **or a Dispute related to the Chapter 11 Case**, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material, **unless required to disclose or cause Designated Material to be disclosed under foreign law, but only after making reasonable efforts to comply with foreign law consistent with the Order**.

Protective Order, Ex. A (PO Declaration).

31.   As to the Trustee's limited privilege waiver, he respectfully requests entry of the Proposed Order, such that the Court authorizes a limited waiver of the Trustee Privileges (i) only as to facts and information underlying and related to the Debtor's financial affairs and assets, and fraudulent schemes, ***with respect to Golden Spring (New York) Ltd and Bravo Luck Limited***, (the "Privileged Materials"),[10] such that the Trustee may, in his discretion, use and disclose Privileged Materials in the course of fulfilling his duties, prosecuting actions to recover property of the estate, including in the K Legacy Action, and complying with foreign law, including BVI law.  For the avoidance of doubt, the Trustee requests authority to, if necessary, disclose Privileged

---

[9]   The Trustee respectfully requests that parties who have already executed the PO Declaration not be required to re-execute any modified PO Declaration to the extent that the relief requested herein is granted.

[10]   The Privileged Materials include, among others, attorney work product material and attorney-client communications that may be privileged under the Consent Order and which materials the Trustee Privileges would apply.

Materials during the course of discovery and for use at trial. Pursuant to the Consent Order (and the Protective Order, to the extent applicable to a Privileged Document,) "all filings by the Trustee containing or describing documents or information covered by a Trustee Privilege shall be filed under seal" to the extent allowable in a foreign jurisdiction (such as the K Legacy Action).

32.    Further to the relief requested herein, the Trustee intends to seek entry of Foreign Protective Orders in foreign courts or other tribunals, without further relief from the Court, which will allow the Trustee to avoid having to negotiate, on an ad hoc basis, bespoke provisions requested by Producing Parties in connection with each such Foreign Protective Order, which orders, for the avoidance of doubt, will be consistent with the provisions of the Protective Order, to the extent allowable under foreign law.

33.    Lastly, the Trustee seeks authority to submit any future motion with the Court to have a determination regarding an additional limited privilege waiver (a "Privilege Waiver Motion") adjudicated on an expedited basis, such that, a response to any Privilege Waiver Motion must be made within seven days, and any reply within two days thereafter, and the Court shall then either rule on the papers or hold a hearing on the motion at its earliest convenience. [11] This expedited basis to determine a Privilege Waiver Motion, however, shall be without prejudice to the Trustee moving the Court to further expedite a hearing on a Privilege Waiver Motion, should the facts and circumstances so warrant.

## **BASIS FOR RELIEF**

34.    The Protective Order explicitly provides that "[u]pon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time[.]" *Id.,* ¶ 31. Good cause exists to modify the Protective Order as requested herein to enable the Trustee

---

[11]    *Cf.* Consent Order, ¶ 7 (providing for expedited adjudication of privilege questions).

to conduct his investigation abroad and pursue legal processes in foreign jurisdictions to recover potentially valuable assets for the benefit of the Debtor's estate.  One example is the K Legacy Action in which the Trustee seeks to recover the Debtor's beneficial interest in the multi-million-dollar London apartment.

35.    In order to adequately prosecute the K Legacy Action and other foreign litigations, the Trustee must have the opportunity to use Designated Material to prove his claims, and, to the extent the Trustee does rely upon Designated Material in prosecuting such an action, the disclosure of Designated Material to adverse litigation parties and foreign courts will almost certainly be necessary to comply with applicable discovery and disclosure obligations.  At present, however, the Protective Order does not provide a means for an adverse party (or foreign court or tribunal) to bind itself to the Protective Order and assent to treatment of Designated Materials consistent with the Protective Order and foreign law.  By authorizing the modifications to the Protective Order requested herein, the Trustee may, subject to entry of a Foreign Protective Order consistent with the modified Protective Order to the extent allowable under foreign law, use Designated Materials in foreign proceedings and carry out his duties under the Bankruptcy Code and his appointment in these chapter 11 cases.

36.    Producing parties should not be prejudiced by the modifications described herein. The Trustee will request of all parties who would receive Designated Material in a foreign proceeding that they execute Exhibit A of the Protective Order, agreeing to abide by its confidentiality requirements, and the Trustee shall seek entry of a Foreign Protective Order consistent therewith, to the extent allowable under foreign law.[12]  To that end, the Trustee intends

---

[12]    The relief requested herein adequately protects Producing Parties' Designated Material without the need for additional consent or relief from this Court in the future, to the extent that Foreign Protective Orders are sought consistent with this Motion.

to seek entry of Foreign Protective Orders, consistent with the Protective Order and substantially similar thereto, to the extent allowable under foreign law, without seeking further relief from this Court. Entry of a Foreign Protective Order will ensure that the obligations and restrictions provided under the Protective Order are observed in foreign proceedings, to the extent so-authorized, and assist the Trustee in timely complying with his litigation obligations and carrying out his duties in forums outside of the United States.

37.    In addition, the Consent Order provides that the Trustee controls the Trustee Privileges and "is able to review, access, and otherwise use all documents and information subject to such privilege in carrying out his duties and responsibilities in this case, including without limitation in prosecuting actions to recover property of the estate[.]" Consent Order, ¶ 8. Upon order of the court, the Trustee is entitled to waive Trustee Privileges pursuant to the Consent Order. *See id.* The Trustee understands that his counsel has identified Privileged Materials that may be important to the prosecution of the K Legacy Action and the Trustee's efforts to recover property the Trustee alleges is property of the estate, namely the beneficial interest in the London Apartment. The Trustee submits this Motion because of the urgent need to have the ability, if necessary, to use such Privileged Materials in the K Legacy Litigation, and the substantial likelihood that the Privileged Materials may be essential to the prosecution of other foreign actions initiated by the Trustee.[13]

38.    In order to adequately prosecute the K Legacy Action and other actions within and outside the United States to recover property of the estate, and carry out his duties, the Trustee requests the authority, if necessary, to use Privileged Material in support of his prosecution of actions to recover estate property, including the K Legacy Action. Authorizing the Trustee's

---

[13]    For the avoidance of doubt, the limited privilege waiver requested herein is not limited to the K Legacy Action.

limited privilege waiver under the procedures contemplated in the Consent Order will assist the Trustee in effectively and fairly prosecuting his claims and carrying out his duties under the Bankruptcy Code and his appointment in these Chapter 11 Cases.

39.    Accordingly, the Trustee seeks a limited waiver of the Trustee Privileges, only to the extent of the Privileged Materials, in accordance with the Consent Order and the Trustee's duties to the estate.  In addition, the Trustee respectfully requests that any future Privilege Waiver Motion be adjudicated on an expedited basis, such that a response to any Privilege Waiver Motion must be made within seven days, and any reply within two days thereafter, and the Court shall then either rule on the papers or hold a hearing on the motion at its earliest convenience.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court modify the

Protective Order, authorize the limited privilege waiver requested herein, and permit future

Privilege Waiver Motions, if any, to be adjudicated on an expedited basis, all as set forth in the

Proposed Order, and for any other relief that the Court deems just and proper.

Dated:    May 13, 2025                        LUC A. DESPINS,
          New Haven, Connecticut              CHAPTER 11 TRUSTEE

                                        By: */s/ Patrick R. Linsey*
                                            Douglas S. Skalka (ct00616)
                                            Patrick R. Linsey (ct29437)
                                            NEUBERT, PEPE & MONTEITH, P.C.
                                            195 Church Street, 13th Floor
                                            New Haven, Connecticut 06510
                                            (203) 781-2847
                                            dskalka@npmlaw.com
                                            plinsey@npmlaw.com

                                                *and*

                                            Nicholas A. Bassett (admitted *pro hac vice*)
                                            PAUL HASTINGS LLP
                                            2050 M Street NW
                                            Washington, D.C., 20036
                                            (202) 551-1902
                                            nicholasbassett@paulhastings.com

                                                *and*

                                            Douglass Barron (admitted *pro hac vice*)
                                            G. Alexander Bongartz (admitted *pro hac vice*)
                                            PAUL HASTINGS LLP
                                            200 Park Avenue
                                            New York, New York 10166
                                            (212) 318-6079
                                            douglassbarron@paulhastings.com
                                            alexbongartz@paulhastings.com

                                            *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :        Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :        Case No. 22-50073 (JAM)
                                                       :
                     Debtor.                           :        (Jointly Administered)
-------------------------------------------------------x

## CERTIFICATE OF SERVICE

The foregoing, and all exhibits and attachments thereto, along with the *Motion of Chapter 11 Trustee to Expedite Hearing Regarding Motion of Chapter 11 Trustee to Further Modify Protective Order and Waive Certain of the Debtor's Privileges Controlled By the Trustee, Pursuant to the Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information [ECF No. 856]*, (collectively, the "Served Documents"), was filed on the date hereof using the Court's electronic case files/case management system ("CM/ECF"). All parties appearing in the above-captioned chapter 11 case eligible to receive electronic notice received notice automatically via email by operation of CM/ECF upon filing, and any parties not eligible to receive electronic notice were sent copies of the Served Documents via Federal Express within one business day. In addition, any Producing Parties that designated discovery materials "Confidential" or "Highly Confidential"

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

(as such terms are defined in the Protective Order) were sent copies of the Served Documents via email or via U.S. Mail within one business day as set forth on the attached **Exhibit 1**.  In addition, the Debtor, his son, Qiang Guo, and counsel to Qiang Guo and K Legacy Ltd in the K Legacy Action were sent copies of the Served Documents via email or via U.S. Mail within one business day as set forth on the attached **Exhibit 2**.

Dated: May 13, 2025                                       LUC A. DESPINS, CHAPTER 11 TRUSTEE
      New Haven, Connecticut

                                                By:    */s/ Patrick R. Linsey*
                                                Douglas S. Skalka (ct00616)
                                                Patrick R. Linsey (ct29437)
                                                Neubert, Pepe & Monteith, P.C.
                                                195 Church Street, 13th Floor
                                                New Haven, Connecticut 06510
                                                (203) 821-2000
                                                dskalka@npmlaw.com

**EXHIBIT 1**

| Producing Party | Service Address |
|---|---|
| 1332156 B.C. Ltd. | Joseph Pastore<br>jpastore@pastore.net |
| American Express Company | Darryl S. Laddin<br>darryl.laddin@agg.com |
| Banco Popular de Puerto Rico | Lourdes Carballo Crespo<br>lourdes.carballo@popular.com |
| Bank of America, N.A. | Kenneth Rudd, Esq.<br>krudd@zeklaw.com |
| Barclays Bank | Cynthia M. Walshe<br>Cynthia.walshe@barclays.com |
| Bento Technologies, Inc. | Michael Krauss<br>kraussm@gtlaw.com |
| Capital One, N.A. | Kang He<br>khe@mcguirewoods.com |
| Visa f/k/a/ Currency Cloud, Inc. | Jo-Ann Willkom<br>jwillkom@visa.com |
| DBS Bank Ltd. | Genevieve Weiner<br>gweiner@sidley.com<br>John Kuster<br>jkuster@sidley.com<br>William Fish, Jr.<br>wfish@hinkleyallen.com |
| FDIC as Receiver for Signature Bridge Bank, N.A. | Anne Devens<br>adevens@fdic.gov |
| First Republic | Regina Rimando<br>rrimando@firstrepublic.com |
| HSBC Bank USA | Daniel Crockett<br>Daniel.x.crockett@hsbc.com |
| Israel Discount Bank of New York | David Polizzi<br>dpolizzi@idbny.com |
| Mercantile Bank International Corp. | Michael Williams<br>mwilliams@crowell.com<br>Frederick Hyman<br>fhyman@crowell.com |
| NexBank | Isaac Leventon<br>ileventon@skyviewgroup.com |
| Nium Inc | Lauren Goodman<br>lgoodman@mcgrathnorth.com |
| Schulman Bhattacharya, LLC | Jeffrey S. Gavenman<br>JGavenman@SchulmanBH.com |
| Seacoast National Bank | John Anthony<br>janthony@anthonyandpartners.com |
| Standard Chartered | Janita Obie |

| | Janita.obie@sc.com<br>Vanessa Gonzalez-Ahmed<br>Vanessa.gonzalez-ahmed@sc.com |
|---|---|
| TD Bank, N.A. | Elizabeth Lacombe<br>emlacombe@duanemorris.com |
| UBS AG | Lisa Fried<br>Lisa.fried@hsf.com |
| US Bank, N.A. | Michael Krauss<br>kraussm@gtlaw.com |
| Wells Fargo Bank, N.A. | Pierre-Yves Kolakowski<br>pkolakowski@zeklaw.com |
| ACASS Canada Ltd. | Rahman Connelly<br>Rahman.connelli@pillsburylaw.com |
| Alex Hadjicharalambous | Jenna Dabbs<br>jdabbs@kaplanhecker.com |
| Apple Inc. | Hannah Cannom<br>hcannom@wscllp.com |
| Baker Hostetler LLP | Andrew Layden<br>alayden@bakerlaw.com |
| Boies Schiller Flexner LLP | Amy Neuhardt<br>aneuhardt@bsfllp.com |
| Brown Rudnick LLP | Michael H. Dore<br>mdore@gibsondunn.com |
| Cahill Gordon & Reindel LLP | Brockton Bosson<br>bbosson@cahill.com<br>Joshua Roy<br>JRoy@cahill.com |
| Chris Lee (a/k/a/ Nan Li, Chris Li, Mei Guo Xiao Li) | Eric T. Schmitt<br>eschmitt@quinlanfirm.com |
| Cirrus Design Corporation (d/b/a Cirrus Aircraft) | Jaclyn C. Marasco<br>jaclyn.marasco@faegredrinker.com |
| Clark Hill PLC | Vincent E. Lazar<br>vlazar@jenner.com<br>John Storino<br>jstorino@jenner.com |
| Defeng Cao | Katherine E. Mateo<br>KMateo@olshanlaw.com |
| Ding "Ivan" Lin | Eric T. Schmitt<br>eschmitt@quinlanfirm.com |
| Elliot Kwok Levine & Jaroslaw LLP | Matt Levine<br>mlevine@ekljlaw.com |
| Ernst & Young LLP (a/k/a E&Y) | Alan Tabak<br>Alan.j.tabak@ey.com |
| G Club Operations LLC | Jeffrey M. Sklarz<br>jsklarz@gs-lawfirm.com |
| Gettr USA Inc | Richard J. Corbi |

| | |
|---|---|
| | rcorbi@corbilaw.com |
| GFNY, Inc. | Howard J. Steinberg<br>steinbergh@gtlaw.com<br>Nathan A. Haynes<br>haynesn@gtlaw.com |
| GMusic | Howard J. Steinberg<br>steinbergh@gtlaw.com<br>Nathan A. Haynes<br>haynesn@gtlaw.com |
| Greenwich Land LLC | James Moriarty<br>jmoriarty@zeislaw.com;<br>Stephen M. Kindseth<br>skindseth@zeislaw.com |
| GS Security Solutions Inc. | Robert Grand<br>rgrand@laxneville.com |
| Gypsy Mei Food Services LLC | James Moriarty<br>jmoriarty@zeislaw.com;<br>Stephen M. Kindseth<br>skindseth@zeislaw.com |
| Hing Chi Ngok a/k/a Yue Qingzhi a/k/a Hing Chi Ng | James Moriarty<br>jmoriarty@zeislaw.com;<br>Stephen M. Kindseth<br>skindseth@zeislaw.com |
| HK International Funds Investments (USA) Limited, LLC | James Moriarty<br>jmoriarty@zeislaw.com;<br>Stephen M. Kindseth<br>skindseth@zeislaw.com; |
| Ho Wan Kwok | James Moriarty<br>jmoriarty@zeislaw.com;<br>Stephen M. Kindseth<br>skindseth@zeislaw.com |
| Janover LLC | Rory G. Greebel<br>rory.greebel@wilsonelser.com |
| Joshua I. Sherman | Joshua Sherman<br>joshua@joshuaisherman.com |
| Kamel Debeche | James Edward Nealon<br>james.nealon@nealon-law.com |
| Kathleen Sloane | Kathleen Sloane<br>ksloane@bhsusa.com |
| Lawall & Mitchell, LLC | Jeffrey M. Sklarz<br>jsklarz@gs-lawfirm.com |
| Limarie Reyes | Paul M. Krieger<br>Paul.Krieger@KKLllp.com |
| Mei Guo | James Moriarty |

| | |
|---|---|
| | jmoriarty@zeislaw.com; Stephen M. Kindseth skindseth@zeislaw.com |
| Melissa Francis | Jonathan Bach jbach@shapiroarato.com |
| Min Yang | 10740 Queens Blvd. Apt 11G Forest Hills, NY 11375-4211 |
| NAV Fund Services (Cayman) Ltd. | Paul J. Doucette paul.doucette@navconsulting.net |
| O'Neal Webster | Adam Swick adam.swick@akerman.com |
| Phillips Nizer LLP | Jared R. Clark jclark@phillipsnizer.com |
| Raich Ende Malter Co. LLP | Jacquelyn J. Moran jmoran@moritthock.com |
| Rule of Law Foundation III | Jon P. Newton jnewton@reidandriege.com |
| Rule of Law Society IV INC. | Jon P. Newton jnewton@reidandriege.com |
| V.X. Cerda & Associates P.A. and Victor Cerda | Brendan F. Quigley brendan.quigley@bakerbotts.com |
| Williams & Connolly LLP | Jerry Shulman, Esq. jshulman@wc.com |
| Yossi Almani | Patricia Pileggi patricia.pileggi@afslaw.com |
| GWGOPNZ Ltd. | Joseph Pastore jpastore@pastore.net |
| Shin Hsin Yu | Joseph Pastore jpastore@pastore.net |
| BHS Manhattan | Babette Krolik bkrolik@terraholdings.com |
| Citibank, N.A. | Melissa Leal melissa.leal@citi.com |
| Fidelity Brokerage Services LLC | Brian Devine brian.devine@fmr.com Kate Jones catherine.jones@fmr.com |
| First Fidelity Bank | Tifany Manning tmmanning@phillipsmurrah.com |
| Santander Bank, N.A. | Kelly Koehler kkoehler@santander.us |
| The Bancorp Bank | Nicholas Verna nverna@thebancorp.com |

**EXHIBIT 2**

| Producing Party | Service Address |
|---|---|
| Ho Wan Kwok | Ho Wan Kwok (Register No. 49134-510)<br>MDC Brooklyn<br>Metropolitan Detention Center<br>P.O. Box 329002<br>Brooklyn, NY  11232<br><br>c/o James M. Moriarty<br>Zeisler & Zeisler, P.C.<br>10 Middle Street<br>Bridgeport, CT 06604<br>203-368-4234<br>203-549-0907 (fax)<br>jmoriarty@zeislaw.com<br><br>c/o Eric A. Henzy<br>Zeisler & Zeisler, P.C.<br>10 Middle Street<br>15th Floor<br>Bridgeport, CT 06604<br>203-368-5495<br>203-549-0861 (fax)<br>ehenzy@zeislaw.com<br><br>c/o Stephen M. Kindseth<br>Zeisler & Zeisler<br>10 Middle Street<br>15th Floor<br>Bridgeport, CT 06604<br>(203) 368-4234<br>203-367-9678 (fax)<br>skindseth@zeislaw.com |
| Qiang Guo | 5 Princes Gate<br>Flat 6<br>London, LO, GB<br>SW71QJ<br><br>c/o David Lim<br>Ogier<br>Ritter House, Wickham's Cay II<br>Road Town, Tortola<br>British Virgin Islands, BV 1110<br>David.Lim@ogier.com |

| | |
|---|---|
| | c/o Arethusa Forsyth<br>arethusaf@proton.me<br><br>ukistruehome@gmail.com;<br>jeffyuef2@icloud.com;<br>ipadforfly@icloud.com;<br>cybermail2018@protonmail.com;<br>raps.sinless0h@icloud.com |
| K Legacy Ltd. | c/o David Lim<br>Ogier<br>Ritter House, Wickham's Cay II<br>Road Town, Tortola<br>British Virgin Islands, BV 1110<br>David.Lim@ogier.com<br><br>c/o Quijano & Associates (BVI) Limited<br>Mandar House, 3rd Floor<br>Suite 301, Road Town VG1110<br>British Virgin Islands |

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 11
                                                       :
HO WAN KWOK, *et al.*,[1]                              :    Case No. 22-50073 (JAM)
                                                       :
              Debtors.                                 :    (Jointly Administered)
                                                       :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE TO**
**(I) FURTHER MODIFY OCTOBER 6, 2022 PROTECTIVE ORDER**
**ENTERED PURSUANT TO SECTIONS 105 AND 107 OF BANKRUPTCY CODE**
**AND FEDERAL RULE OF CIVIL PROCEDURE 26(C) AND**
**THE STIPULATED ADDENDUM TO THE PROTECTIVE ORDER AND**
**(II) WAIVE CERTAIN OF THE DEBTOR'S PRIVILEGES CONTROLLED BY THE**
**TRUSTEE, PURSUANT TO THE CONSENT ORDER REGARDING CONTROL OF**
**ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED**
**TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION [ECF NO. 856]**

UPON CONSIDERATION OF the *Motion of Chapter 11 Trustee to (I) Further Modify*

*October 6, 2022 Protective Order Entered Pursuant to Sections 105 and 107 of Title 11 of the*

*United States Code and Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulated*

*Addendum to the Protective Order and (II) Waive Certain of the Debtor's Privileges Controlled*

*By the Trustee, Pursuant to the Consent Order Regarding Control of Attorney-Client Privilege*

*and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information [ECF*

*No. 856]* (the "Motion"),[2] and good cause having been shown, and the Court having considered

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever
       Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The
       mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings
       LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok
       (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

any and all objections and other responses to the Motion, and the Court finding that the relief

requested in the Motion is in the best interests of the Debtor's estate and its creditors, and the relief

provided herein being narrowly tailored to serve the foregoing purposes, it is by the Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Protective Order previously entered by this Court on October 6, 2022

[ECF No. 923] is modified as follows:

- The following language is added[3] to the first Recital of the Protective Order: "WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before this Court **and other courts, tribunals, or judicial bodies, including in foreign jurisdictions**, including but not limited to investigations, contested matters, adversary proceedings, and other disputes **and litigation** (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case;"

- Paragraph 1 of the Protective order is revised to provide the following: "This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes ~~before this Court~~, by a Party . . . [.]"

- Paragraph 8 of the Protective Order is revised to provide the following: "General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties ~~solely in this Court~~ for the purposes of a Dispute or the Chapter 11 Case, **including a Dispute in a foreign jurisdiction**, ~~and~~ **but** not for any other purpose ~~or in any other forum~~, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function."

- The following language is added to paragraph 10(g) of the Protective Order "the Court, **a foreign court, tribunal, and/or judicial body**, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;"

---

[3]    Revisions to the Protective Order are identified in **bold and underline**.

- The following language is added to paragraph 4 of the PO Declaration, (Ex. A to the Protective Order): "I hereby certify and agree [. . .]. I further certify that I will not use Designated Material for any purpose other than the Chapter 11 Case **or a Dispute related to the Chapter 11 Case**, and will not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case **or a Dispute related to the Chapter 11 Case**, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material, **unless required to disclose or cause Designated Material to be disclosed under foreign law, but only after making reasonable efforts to comply with foreign law consistent with the Order**."

The Protective Order, as modified by this Order, is attached hereto as **Exhibit 1** to this Order. A redlined document highlighting the modifications to the Protective Order originally entered on October 6 is attached hereto as **Exhibit 2**; and it is further

ORDERED, to the extent that information subject to this Order that was previously designated  (or will be designated) as Confidential or Highly Confidential under the Protective Order and/or the P.O. Addendum may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, *et al.*, this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure of such information to those persons specified in paragraph 9 of the Protective Order, pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b); and it is further

ORDERED, that the Trustee is authorized, subject to the protections provided under the Consent Order, in his discretion, to use and disclose the Privileged Materials in the course of prosecuting actions to recover property of the estate, including the K Legacy Action; and it is further

ORDERED, that this limited waiver of the Trustee Privileges (this "Limited Privilege Waiver") is expressly limited to the Privileged Materials: specifically, documents and information as to which a Trustee Privilege applies and which include facts and information underlying and related to the Debtor's financial affairs and assets, and fraudulent schemes, with respect to Golden Spring (New York) Ltd and Bravo Luck Limited; and it is further

3

ORDERED, that this Limited Privilege Waiver shall not operate as a waiver of any other Trustee Privileges not expressly contemplated herein, either in the K Legacy Action or in any other action, suit, dispute, investigation, or judicial process before the Bankruptcy Court or any other judicial body, entity, or individual; and it is further

ORDERED, that should the Trustee file a Privilege Waiver Motion in the future, if any, it shall be adjudicated on an expedited basis such that a response to any Privilege Waiver Motion must be made within seven days, and any reply within two days thereafter, and the Court shall then either rule on the papers or hold a hearing on the motion at its earliest convenience; and, for the avoidance of doubt, the foregoing shall be without prejudice to the Trustee moving the Court to further expedite a hearing on a Privilege Waiver Motion, should the facts and circumstances warrant such relief; and it is further

ORDERED that the Trustee shall abide by the Consent Order and the Protective Order, to the extent allowable under foreign law; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein, including seeking entry of Foreign Protective Orders, if any; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2025

_____
Julie A. Manning,
United States Bankruptcy Judge

## **Exhibit 1 to [Proposed] Order**

Modified Protective Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                          :

In re:                                :     Chapter 11
                                          :

HO WAN KWOK,              :     Case No. 22-50073 (JAM)
                                          :

            Debtor.[1]        :     Re: ECF No. 874
                                          :
---------------------------------------------------------x

## MODIFIED PROTECTIVE ORDER

This Protective Order ("Order") is entered into by and among: (a) Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "Trustee"), and (b) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto. Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "Party," and collectively as the "Parties."[2] This Order is being entered pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] The designation of a "Party" is for purposes of reference in this Order only.

**Recitals**

WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before this Court and other courts, tribunals, or judicial bodies, including in foreign jurisdictions, including but not limited to investigations, contested matters, adversary proceedings, and  other disputes and litigation (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case;

WHEREAS, the Court authorized the appointment of the Trustee by granting the United States Trustee's application for an order approving the appointment of Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(d);

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, subpoenas, and other discovery requests (collectively,  the "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Case;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material and to protect Discovery Material that a Party seeks to maintain as Confidential Material or Highly Confidential Material (as those terms are defined below), it is

hereby agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below):

### Scope of Order

1.      This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes, by a Party (each a "Producing Party"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a contested matter or adversary proceeding, in connection with an exchange of exhibits in advance of a hearing, and/or in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions); interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.      This Order does not affect, amend or modify any existing confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.      For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.     Subject to a Producing Party's rights under Paragraphs 9, 10 and 18 of hereof, upon the consent of the Trustee, any non-Party that executes Exhibit A and delivers a copy to the Trustee shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto. For the further avoidance of any doubt, reference to becoming a "Party" upon execution of Exhibit A is for the purposes of this Order only and not intended to reflect any agreement as to such party's status as a litigant.

### Designating Discovery Material

5.     Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

> (a)     Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non- Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)     Highly Confidential Material: A Producing Party may designate Discovery Material as "<u>Highly Confidential</u>" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of personal safety, identity theft, or competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as addresses or other sensitive personal identifiable information, trade secrets, sensitive financial or business information, or material prepared by a Party's industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff).  Notwithstanding anything herein to the contrary, account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, '<u>Bank Statements</u>') do not pose a risk of personal safety, identity theft, or competitive injury sufficient to warrant the heightened restrictions applicable to Discovery Material designated 'Highly Confidential.' Absent further order of the Court, Bank Statements shall not be designated as 'Highly Confidential' under this Order.

(c)     Designation By Another Party: Any Party may designate any Discovery Material as Confidential or Highly Confidential in accordance with paragraphs 5(a) and 5(b), whether or not that Party is the one  which originally disclosed or exchanged the Discovery Material, and in such event, the designating Party shall be a Producing Party with respect to that

Discovery Material.

(d)     Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 7, 8 and 34 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("Undesignated Material"), unless that Party has actual knowledge that the subject of the Discovery Material has been previously designated as Confidential or Highly Confidential pursuant to this Order or any other protective order.

6.     Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that it is "Confidential" or "Highly Confidential," such as by including such designation in the filename and/or the produced Relativity (or other document review platform) load file, if applicable. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.

7.     Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated

Material"). At such time, arrangements will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

### Use and Disclosure of Confidential or Highly Confidential Material

8. General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties for the purposes of a Dispute or the Chapter 11 Case, including a Dispute in a foreign jurisdiction, but not for any other purpose, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function.

9. Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)    the Trustee;

(b)    any Party who has signed Exhibit A and delivered a copy thereof to the Trustee; and

(c)    any other persons specified in Paragraph 10 below.

10.    Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)    counsel, and staff working under the express direction of such counsel, for:

    i.    the Trustee;

    ii.    the Creditor's Committee;

    iii.    any Party who has signed Exhibit A and delivered a copy to the Trustee; and

(b)    professionals retained under Sections 328 and 1103 of the Bankruptcy Code, and industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order or by a Party who has signed Exhibit A in connection with the Disputes or this Chapter 11 Case;

(c)    any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)    any adverse witness during the course of a deposition where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive or personal harm, provided that the relevant section of the

deposition transcript is itself designated as Highly Confidential, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Highly Confidential, and subject to paragraph 12;

(e)    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or this Chapter 11 Case;

(f)    court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or this Chapter 11 Case;

(g)    the Court, a foreign court, tribunal, and/or judicial body, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;

(h)    any mediators and their staffs retained in connection with a Dispute or these this Chapter 11 Case; and

(i)    any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11.    Designated Material To Be Disclosed Only In Accordance With Paragraphs 9 and 10: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 10 of this Order. Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12.    Prerequisite to Disclosure of Designated Material: Before any person or their representative identified in Paragraph 10(b), 10(d), 10(h) or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order

and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. A copy of such executed Exhibit A for representatives identified in Paragraphs 10(a)(ii), 10(d), 10(h) and 10(i), but not for representatives identified in Paragraph 10(b), shall be provided to the Producing Party. Such executed Exhibit A for representatives identified in Paragraph 10(b) shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders. For the avoidance of doubt, an Exhibit A may be executed on behalf of an organization for any representative identified in Paragraph 10(b) rather than requiring each relevant individual at that organization to execute Exhibit A.

13.    Sealing of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Court, except that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9077-1. If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing.  The filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Protective Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

14.    Use of Discovery Material in Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or

any hearing held in open court except as provided in this paragraph. Whenever practicable, as part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, or if not practicable prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the Producing Party shall bear the burden of requesting appropriate relief from the Court. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation and in accordance with the terms of this Order.

## Depositions and Rule 2004 Examinations

15.     Deposition and Rule 2004 Examination Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that only the relevant portion(s) of testimony is so designated; or (b) providing written notice within ten (10) days of the Party's receipt of the final transcript from the court reporter that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within ten (10) days of receipt of the final transcript, in which case the foregoing ten (10) day period will be reduced to five (5) business days. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a five business day period is not practical, the entirety of the transcript shall be designated as Designated Material for purposes of use at the hearing or with the pleading and the ten (10) day period described above shall then apply for further designation. Until expiration of

11

the aforesaid designation period, as applicable, following receipt of the final transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential unless otherwise specified by counsel to any Party on the record at the deposition.

16.     Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.     Witness Review of Deposition Testimony: Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.     Presence of Persons During Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.  After such exclusion from the portion of any deposition containing Designated Material, if such persons wish to receive written or other recordings of the deposition testimony containing Designated Material, such persons must become a Party to this Order.

19.     Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. The questioning Party at any deposition shall, prior to the commencement of the deposition, request that the court reporter agree to maintain the confidentiality of all Designated Material introduced at the deposition. Each questioning attorney at a deposition shall

distribute copies of Designated Material used as exhibits only to those Parties permitted to receive said Designated Material in accordance with the terms of this Order.

**General Provisions**

20.    Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

21.    This Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.    For the purposes of this Order, "writing" shall include electronic mail.

23.    Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.    Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover or destroy the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover

or destroy the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.     Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.

26.     Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at an evidentiary hearing or at trial.

27.     Production Of Privileged Discovery Material: Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Producing Party inadvertently produces materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege, or other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, when the Producing Party becomes

14

aware that privileged or protected material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material. Within three (3) business days after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.

28.    Challenging Privilege Determinations: The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto. If the Receiving Party wishes to challenge one or more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations. If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court. Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure. Notwithstanding anything set forth in this Order, no provision herein, including this paragraph 28, shall supplant or supersede any provision set forth

in that certain *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information,* [Docket No. 856].

29.    Use Of Non-Discovery Material: To the extent that any Party has documents or information that would otherwise constitute Discovery Material that (i) are received or become available to a Party through lawful means and on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or this Chapter 11 Case.

30.    Continuing Applicability Of Confidentiality Agreement And Protective Order: The provisions of this Order shall survive the final termination of the Disputes and the Debtor's emergence from bankruptcy for any retained Discovery Material. The final termination of the Disputes and the Debtor's emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.    Amendment Of Confidentiality Agreement And Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or a Producing Party and the Trustee may jointly agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order with respect to Discovery Material produced by that Producing Party.

32.     Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall, as soon as reasonably practicable, notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed; and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33.     Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 29, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

34.     Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.     Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein

36.     Prior Agreements: The provisions and requirements of this Order shall provide the exclusive means for the exchange and use of Designated Material produced in connection with any Disputes.

37.     Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

38.     Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a presumptive statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case, and consistent therewith the United States Trustee reserves all rights to seek access to any documents submitted or filed under seal. The United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

**IT IS SO ORDERED** at Bridgeport, Connecticut this ____ day of _____, 2024.

_____
Julie A. Manning,
United States Bankruptcy Judge

## Exhibit A

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                              :
In re:                                        :    Chapter 11
                                              :
HO WAN KWOK,                                  :    Case No. 22-50073 (JAM)
                                              :
              Debtor.[1]                      :
                                              :
                                              :
---------------------------------------------------------------x

<u>**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**</u>
<u>**PROTECTIVE ORDER**</u>

I,_____declare under penalty of perjury (this "<u>Declaration</u>") that:

1.  My address is

2.  My present employer is _____.

3.  My present occupation or job description is_____.

4.  I hereby certify and agree that I have read and understand the terms of the Protective Order
    (the "<u>Order</u>") entered on_____, 2022 in *In re: Ho Wan Kwok*, Case No. 22-
    50073 (JAM), in the United States Bankruptcy Court for the District of Connecticut. All
    capitalized terms not otherwise defined in this Declaration have the meanings ascribed to
    such terms in the Order. I further certify that I will not use Designated Material for any
    purpose other than the Chapter 11 Case or a Dispute related to the Chapter 11 Case, and
    will not disclose or cause Designated Material to be disclosed for any purpose other than
    the Chapter 11 Case or a Dispute related to the Chapter 11 Case, and will not disclose or
    cause Designated Material to be disclosed to anyone not expressly permitted by the Order

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok,
as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

to receive Designated Material, unless required to disclose or cause Designated Material to be disclosed under foreign law, but only after making reasonable efforts to comply with foreign law consistent with the Order. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6. I acknowledge and agree that I am aware that by receiving Designated Material:

    a. I may be receiving material nonpublic information about companies that issue securities; and

    b. There exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

Signature: _____

**<u>Exhibit 2 to [Proposed] Order</u>**

Redline of Modified Protective Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| ⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯x | : | |
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor.[1] | : | Re: ECF No. 874 |
| | : | |
| ⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯⋯x | : | |

## <u>MODIFIED PROTECTIVE ORDER</u>

This Protective Order ("<u>Order</u>") is entered into by and among: (a) Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "<u>Trustee</u>"), and (b) any other persons or entities who become bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto. Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "<u>Party</u>," and collectively as the "<u>Parties</u>."[2] This Order is being entered pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>").

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] The designation of a "Party" is for purposes of reference in this Order only.

## **Recitals**

WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United

States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by

such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before

this Court and other courts, tribunals, or judicial bodies, including in foreign jurisdictions,

including but not limited to investigations, contested matters, adversary proceedings, and  other

disputes and litigation (each  a  "Dispute"  and,  collectively,  the  "Disputes") arising  under  the

Bankruptcy Code or arising in or relating to the Chapter 11 Case;

WHEREAS, the Court authorized the appointment of the Trustee by granting the United

States Trustee's application for an order approving the appointment of Chapter 11 Trustee pursuant

to 11 U.S.C. § 1104(d);

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined

below) from one another with respect to one or more Disputes, including through informal or

formal requests, Rule 2004 notices or motions, or service of document requests, interrogatories,

depositions, subpoenas, and other discovery requests (collectively,  the "Discovery Requests") as

provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy

Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local

Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the

Parties hereto that may also propound or be served with Discovery Requests in connection with

one or more Disputes during the course of the Chapter 11 Case;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment

of Discovery Material and to protect Discovery Material that a Party seeks to maintain as

Confidential Material or Highly Confidential Material (as those terms are defined below), it is

hereby agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below):

## Scope of Order

1.      This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes ~~before this Court~~, by a Party (each a "Producing Party"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a contested matter or adversary proceeding, in connection with an exchange of exhibits in advance of a hearing, and/or in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions); interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.      This Order does not affect, amend or modify any existing confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.      For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Subject to a Producing Party's rights under Paragraphs 9, 10 and 18 of hereof, upon the consent of the Trustee, any non-Party that executes Exhibit A and delivers a copy to the Trustee shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto. For the further avoidance of any doubt, reference to becoming a "Party" upon execution of Exhibit A is for the purposes of this Order only and not intended to reflect any agreement as to such party's status as a litigant.

### Designating Discovery Material

5.      Any Producing Party may designate Discovery Material as "<u>Confidential Material</u>" or "<u>Highly Confidential Material</u>" (any such designated Discovery Material, "<u>Designated Material</u>") in accordance with the following provisions:

(a)      Confidential Material: A Producing Party may designate Discovery Material as "<u>Confidential</u>" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non- Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)     Highly Confidential Material: A Producing Party may designate Discovery Material as "<u>Highly Confidential</u>" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of personal safety, identity theft, or competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as addresses or other sensitive personal identifiable information, trade secrets, sensitive financial or business information, or material prepared by a Party's industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff). Notwithstanding anything herein to the contrary, account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, '<u>Bank Statements</u>') do not pose a risk of personal safety, identity theft, or competitive injury sufficient to warrant the heightened restrictions applicable to Discovery Material designated 'Highly Confidential.' Absent further order of the Court, Bank Statements shall not be designated as 'Highly Confidential' under this Order.

(c)     Designation By Another Party: Any Party may designate any Discovery Material as Confidential or Highly Confidential in accordance with paragraphs 5(a) and 5(b), whether or not that Party is the one which originally disclosed or exchanged the Discovery Material, and in such event, the designating Party shall be a Producing Party with respect to that

Discovery Material.

(d)     Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 7, 8 and 34 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("Undesignated Material"), unless that Party has actual knowledge that the subject of the Discovery Material has been previously designated as Confidential or Highly Confidential pursuant to this Order or any other protective order.

6.     Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that it is "Confidential" or "Highly Confidential," such as by including such designation in the filename and/or the produced Relativity (or other document review platform) load file, if applicable. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.

7.     Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as

Designated Material or later apply another designation pursuant to this Order ("Misdesignated Material"). At such time, arrangements will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

### Use and Disclosure of Confidential or Highly Confidential Material

8.      General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties solely in this Court for the purposes of a Dispute or the Chapter 11 Case, andincluding a Dispute in a foreign jurisdiction, but not for any other purpose or in any other forum,, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or

function.

9.     Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

   (a)     the Trustee;

   (b)     any Party who has signed Exhibit A and delivered a copy thereof to the Trustee; and

   (c)     any other persons specified in Paragraph 10 below.

10.     Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

   (a)     counsel, and staff working under the express direction of such counsel, for:

      i.     the Trustee;

      ii.     the Creditor's Committee;

      iii.     any Party who has signed Exhibit A and delivered a copy to the Trustee; and

   (b)     professionals retained under Sections 328 and 1103 of the Bankruptcy Code, and industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order or by a Party who has signed Exhibit A in connection with the Disputes or this Chapter 11 Case;

   (c)     any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)     any adverse witness during the course of a deposition where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive or personal harm, provided that the relevant section of the deposition transcript is itself designated as Highly Confidential, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Highly Confidential, and subject to paragraph 12;

(e)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or this Chapter 11 Case;

(f)     court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or this Chapter 11 Case;

(g)     the Court, a foreign court, tribunal, and/or judicial body, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;

(h)     any mediators and their staffs retained in connection with a Dispute or these this Chapter 11 Case; and

(i)     any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11.     Designated Material To Be Disclosed Only In Accordance With Paragraphs 9 and 10: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 10 of this Order. Confidential Material, and the substantive

information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12.    Prerequisite to Disclosure of Designated Material: Before any person or their representative identified in Paragraph 10(b), 10(d), 10(h) or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. A copy of such executed Exhibit A for representatives identified in Paragraphs 10(a)(ii), 10(d), 10(h) and 10(i), but not for representatives identified in Paragraph 10(b), shall be provided to the Producing Party. Such executed Exhibit A for representatives identified in Paragraph 10(b) shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders. For the avoidance of doubt, an Exhibit A may be executed on behalf of an organization for any representative identified in Paragraph 10(b) rather than requiring each relevant individual at that organization to execute Exhibit A.

13.    Sealing of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Court, except that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9077-1. If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing.  The

filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Protective Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

14.     Use of Discovery Material in Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  Whenever practicable, as part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, or if not practicable prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the Producing Party shall bear the burden of requesting appropriate relief from the Court. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation and in accordance with the terms of this Order.

### Depositions and Rule 2004 Examinations

15.     Deposition and Rule 2004 Examination Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that only the relevant portion(s) of testimony is so designated; or (b) providing written notice within ten (10) days of the Party's receipt of the final transcript from the court reporter that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing

on related issues is scheduled to occur within ten (10) days of receipt of the final transcript, in which case the foregoing ten (10) day period will be reduced to five (5) business days. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a five business day period is not practical, the entirety of the transcript shall be designated as Designated Material for purposes of use at the hearing or with the pleading and the ten (10) day period described above shall then apply for further designation. Until expiration of the aforesaid designation period, as applicable, following receipt of the final transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential unless otherwise specified by counsel to any Party on the record at the deposition.

16.     Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.     Witness Review of Deposition Testimony: Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.     Presence of Persons During Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.  After such exclusion from the portion of any deposition containing Designated Material, if such persons wish to receive written or other recordings of the deposition testimony containing Designated Material, such persons must become a Party to this Order.

19.     Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective

Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. The questioning Party at any deposition shall, prior to the commencement of the deposition, request that the court reporter agree to maintain the confidentiality of all Designated Material introduced at the deposition. Each questioning attorney at a deposition shall distribute copies of Designated Material used as exhibits only to those Parties permitted to receive said Designated Material in accordance with the terms of this Order.

### General Provisions

20.    Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

21.    This Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.    For the purposes of this Order, "writing" shall include electronic mail.

23.    Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.    Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to

14

receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover or destroy the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover or destroy the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.    Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.

26.    Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as

"Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that

Party's right to object to such designation at an evidentiary hearing or at trial.

27.     Production Of Privileged Discovery Material: Pursuant to Rule 502(d) of the

Federal Rules of Evidence, if a Producing Party inadvertently produces materials that the

Producing Party later claims in good faith should not have been produced because of a privilege,

including but not limited to the attorney-client privilege, or other protection, such as work-product

protection, the production of that material shall not be deemed to constitute the waiver of any

applicable privileges or protections. In such circumstances, when the Producing Party becomes

aware that privileged or protected material was produced, it must notify the Receiving Party and

request, at the Producing Party's election, either the return or the destruction of the produced

material. Within three (3) business days after receiving such notification, the Receiving Party

shall, as instructed, return or destroy and confirm destruction of all such produced material,

including all copies, notes, and/or summaries thereof in any Receiving Party work product. The

Receiving Party shall not use the contents of such material for any purpose, including in connection

with any effort seeking to compel production of the produced material. The Receiving Party must

take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before

being notified. Such return or destruction and confirmation of destruction shall not preclude the

Receiving Party from seeking to compel production of the produced material for reasons other

than its production. Moreover, this Order shall not prevent any Party from challenging the

designation of such material as privileged or protected and moving to compel production of

allegedly privileged or protected documents.

28.     Challenging Privilege Determinations: The Receiving Party shall not be obliged to

challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall

not preclude a subsequent challenge thereto. If the Receiving Party wishes to challenge one or

more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations. If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court. Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure. Notwithstanding anything set forth in this Order, no provision herein, including this paragraph 28, shall supplant or supersede any provision set forth

in that certain *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information,* [Docket No. 856].

29.　　Use Of Non-Discovery Material: To the extent that any Party has documents or information that would otherwise constitute Discovery Material that (i) are received or become available to a Party through lawful means and on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "<u>Non-Discovery Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or this Chapter 11 Case.

30.　　Continuing Applicability Of Confidentiality Agreement And Protective Order: The provisions of this Order shall survive the final termination of the Disputes and the Debtor's emergence from bankruptcy for any retained Discovery Material. The final termination of the Disputes and the Debtor's emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.　　Amendment Of Confidentiality Agreement And Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or a Producing Party and the Trustee may jointly agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order with respect to Discovery Material produced by that Producing Party.

32.     Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall, as soon as reasonably practicable, notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed; and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33.     Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 29, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

34.     Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.     Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein

36.    Prior Agreements: The provisions and requirements of this Order shall provide the exclusive means for the exchange and use of Designated Material produced in connection with any Disputes.

37.    Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

38.    Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a presumptive statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case, and consistent therewith the United States Trustee reserves all rights to seek access to any documents submitted or filed under seal. The United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

**IT IS SO ORDERED** at Bridgeport, Connecticut this _____ day of _____, 2024.

_____
Julie A. Manning,
United States Bankruptcy Judge

## Exhibit A

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

............................................................x
                                                         :
In re:                                                   :    Chapter 11
                                                         :
HO WAN KWOK,                                             :    Case No. 22-50073 (JAM)
                                                         :
            Debtor.[1]                                   :
                                                         :
............................................................x

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER**

I,_____declare under penalty of perjury (this "Declaration") that:

1. My address is

2. My present employer is _____.

3. My present occupation or job description is_____.

4. I hereby certify and agree that I have read and understand the terms of the Protective Order
   (the "Order") entered on_____, 2022 in *In re: Ho Wan Kwok*, Case No. 22-
   50073 (JAM), in the United States Bankruptcy Court for the District of Connecticut. All
   capitalized terms not otherwise defined in this Declaration have the meanings ascribed to
   such terms in the Order. I further certify that I will not use Designated Material for any
   purpose other than the Chapter 11 Case or a Dispute related to the Chapter 11 Case, and
   will not disclose or cause Designated Material to be disclosed for any purpose other than
   the Chapter 11 Case or a Dispute related to the Chapter 11 Case, and will not disclose or
   cause Designated Material to be disclosed to anyone not expressly permitted by the Order

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are
9595.

to receive Designated Material, unless required to disclose or cause Designated Material to be disclosed under foreign law, but only after making reasonable efforts to comply with foreign law consistent with the Order. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6. I acknowledge and agree that I am aware that by receiving Designated Material:

   a. I may be receiving material nonpublic information about companies that issue securities; and

   b. There exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

Signature: _____

2