**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                :
In re:                             :           Chapter 11
                                :
HO WAN KWOK, *et al.*,[1]      :           Case No. 22-50073 (JAM)
                                :
               Debtor.         :           (Jointly Administered)
-------------------------------------------------------x

**MOTION OF CHAPTER 11 TRUSTEE TO EXPEDITE HEARING REGARDING
MOTION TO (I) FURTHER MODIFY OCTOBER 6, 2022 PROTECTIVE ORDER
ENTERED PURSUANT TO SECTIONS 105 AND 107 OF BANKRUPTCY CODE
AND FEDERAL RULE OF CIVIL PROCEDURE 26(C) AND
THE STIPULATED ADDENDUM TO THE PROTECTIVE ORDER AND
(II) WAIVE CERTAIN OF THE DEBTOR'S PRIVILEGES CONTROLLED BY THE
TRUSTEE, PURSUANT TO THE CONSENT ORDER REGARDING CONTROL OF
ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED
TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION [ECF NO. 856]**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok (the "Debtor"), debtor in these above-captioned jointly

administered cases (the "Chapter 11 Cases"), pursuant to Rule 9006(c)(1) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files this motion (the "Motion")

requesting entry of an order, substantially in the form attached as **Exhibit 1** hereto, to schedule an

expedited hearing to consider and determine the *Motion of Chapter 11 Trustee to (I) Further*

*Modify October 6, 2022 Protective Order Entered Pursuant to Sections 105 and 107 of Bankruptcy*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*Code and Federal Rule of Civil Procedure 26(c) and the Stipulated Addendum to the Protective Order and (II) Waive Certain of The Debtor's Privileges Controlled By The Trustee, Pursuant To The Consent Order Regarding Control of Attorney-Client Privilege And Work Product Protection Related To Rule 2004 Subpoenaed Documents And Information [ECF No. 856]* (the "Protective Order & Privilege Motion").[2]  In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS

1.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.

2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief sought by this Motion is Rule 9006(c)(1) of Bankruptcy Rules.

## BACKGROUND

4.      Concurrently herewith, the Trustee filed the Protective Order & Privilege Motion seeking modifications to the Protective Order and a limited waiver of the Trustee's attorney-client and work product privileges.

5.      For additional background on the Protective Order & Privilege Motion and this Motion, the Trustee refers to, and incorporates by reference, the preliminary statement and statement of facts sections in the accompanying Protective Order & Privilege Motion filed substantially concurrently herewith.

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings set forth in the Protective Order & Privilege Motion.

**RELIEF REQUESTED**

6.      By this Motion, the Trustee respectfully requests the Court schedule a hearing with respect to the Protective Order & Privilege Motion on or before **May 27, 2025** (the "Hearing"). Given the proposed expedited schedule, the Trustee proposes setting the response deadline to the Protective Order & Privilege Motion at 12:00 p.m. (prevailing Eastern Time) on May 23, 2025 (the "Objection Deadline").  The Trustee requests that he be permitted to file a reply, if any, by 12:00 p.m. (prevailing Eastern Time) on May 26, 2025.

**BASIS FOR RELIEF REQUESTED**

7.      Pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the notice period when requested by motion where cause is demonstrated.  Cause exists to consider and determine the Protective Order & Privilege Motion on an expedited basis.

8.      As discussed in the Protective Order & Privilege Motion and previewed to the Court during the May 13, 2025 status conference in the Chapter 11 Cases, the Trustee has been evaluating the most effective approach to fulfilling his duties and prosecuting actions to recover property of the estate that involve complex foreign law questions and voluminous discovery material. In particular, discovery in the K Legacy Action has been ongoing, and the Trustee has been conferring with BVI Counsel and Counsel in the United Kingdom regarding the interplay between the Trustee's discovery obligations under BVI Law and the Protective Order and Consent Order operative in these Chapter 11 Cases.

9.      In advance of a May 16, 2025 deadline to disclose a list of documents the Trustee intends to produce to the defendants in the K Legacy Action, the Trustee has determined, upon the advice of foreign law counsel, that the most prudent approach, at this time, is to seek relief from this Court, such that the Trustee may, if necessary, rely upon Designated Material and/or Privileged

3

Material in prosecuting the K Legacy Action (and possibly other litigation within and outside the United States). The process leading to the Trustee's request for relief involved numerous meetings with BVI counsel and counsel in the United Kingdom. In addition, and in the meantime, the Trustee's local counsel in the BVI has been reviewing thousands of documents in the course of discovery in the K Legacy Action, including arguably responsive documents and information that may be Designated Material or Privileged Material. The Trustee continues to pursue Rule 2004 discovery in the Chapter 11 Cases and has received over 800,000 documents from Rule 2004 parties to date. It is critical that the Trustee has a fair opportunity to utilize the documents and information he has obtained in the course of his investigation into the Debtor's financial affairs, both within and outside of this Court's jurisdiction. Given the upcoming discovery deadlines in the K Legacy Action, the Trustee respectfully requests that the relief sought herein be granted such that he can expeditiously prosecute the K Legacy Action, in accordance with BVI law.

10.     It is important that the Court consider the Protective Order & Privilege Motion on an expedited basis so that the Trustee may attempt to take steps to maintain the parties' current litigation schedule in the K Legacy Action, comply with BVI law, and avoid unnecessary harm to the estate due to further delay in the K Legacy Action.

11.     By contrast, the parties that have produced documents and information to the Trustee in the course of his investigation of the Debtor's financial affairs and administration of the estate (the "Producing Parties") will not be prejudiced by the Court hearing the Protective Order & Privilege Motion on an expedited basis. With respect to the Objection Deadline, the relief requested herein provides more time for Producing Parties to respond to this Motion than, for example, the expedited dispute procedures contemplated under the Consent Order, which provides for responses to a motion regarding a privilege dispute within eight days, and a reply within four

4

days thereafter.  *See* Consent Order, ¶¶ 7 and 8.  Here, the Trustee requests that Producing Parties have ten days to respond to the Protective Order & Privilege Motion  and the Trustee be permitted, but not required, to file a reply within three days of the Objection Deadline. Moreover, the Producing Parties should be familiar with the documents and information they produced to the Trustee in the course of his investigation, including the documents that are Designated Material under the Protective Order.  The Consent Order governing the Trustee's control of the Trustee Privileges, including the ability to waive such a privilege by Court order, has been in effect for more than two years. Here, the relief requested in the Protective Order & Privilege Motion is narrowly tailored to limit disruption to the status quo as to the Protective Order and Consent Order, and the Trustee submits that the Objection Deadline and proposed Hearing are reasonable under the circumstances.  Accordingly, for all the reasons stated herein, cause exists to grant this Motion.

## **NO PREVIOUS REQUEST**

12.      No previous request for the relief sought herein has been made by the Trustee to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the foregoing reasons, Trustee requests that the Court enter an order granting the relief requested in this Motion and such other relief as is just and proper.

Dated: May 13, 2025                         LUC A. DESPINS, CHAPTER 11 TRUSTEE
       New Haven, Connecticut

                                           By:  *Patrick R. Linsey*
                                               Patrick R. Linsey (ct29437)
                                               NEUBERT, PEPE & MONTEITH, P.C.
   195 Church Street, 13th Floor.
   New Haven, Connecticut 06510
   (203) 821-2000
   plinsey@npmlaw.com

     *and*

   Nicholas A. Bassett (admitted *pro hac vice*)
   PAUL HASTINGS LLP
   2050 M Street NW
   Washington, D.C., 20036
   (202) 551-1902
   nicholasbassett@paulhastings.com

     *and*

   G. Alexander Bongartz (admitted *pro hac vice*)
   Douglass Barron (admitted *pro hac vice*)
   PAUL HASTINGS LLP
   200 Park Avenue
   New York, New York 10166
   (212) 318-6079
   alexbongartz@paulhastings.com
   douglassbarron@paulhastings.com

   *Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                           :

In re:                         :            Chapter 11
                           :

HO WAN KWOK, *et al.*,[1]     :            Case No. 22-50073 (JAM)
                           :

           Debtor.         :            (Jointly Administered)
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE TO
EXPEDITE HEARING REGARDING MOTION TO (I) FURTHER MODIFY OCTOBER
6, 2022 PROTECTIVE ORDER ENTERED PURSUANT TO SECTIONS 105 AND 107
OF BANKRUPTCY CODE AND FEDERAL RULE OF CIVIL PROCEDURE 26(C) AND
THE STIPULATED ADDENDUM TO THE PROTECTIVE ORDER AND
(II) WAIVE CERTAIN OF THE DEBTOR'S PRIVILEGES CONTROLLED BY THE
TRUSTEE, PURSUANT TO THE CONSENT ORDER REGARDING CONTROL OF
ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED
TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION [ECF NO. 856]**

        The Court having considered the motion (the "Motion to Expedite") seeking an expedited

hearing on the *Motion of Chapter 11 Trustee to (I) Further Modify October 6, 2022 Protective*

*Order Entered Pursuant to Sections 105 and 107 of Bankruptcy Code and Federal Rule of Civil*

*Procedure 26(c) and the Stipulated Addendum to the Protective Order and (II) Waive Certain of*

*The Debtor's Privileges Controlled By The Trustee, Pursuant To The Consent Order Regarding*

*Control of Attorney-Client Privilege And Work Product Protection Related To Rule 2004*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*Subpoenaed Documents And Information [ECF No. 856]* (the "<u>Protective Order & Privilege Motion</u>"),[2] and good cause appearing, it is hereby

ORDERED, that a hearing on the Protective Order & Privilege Motion shall be held on **May 27, 2025 at _____** (prevailing Eastern Time) at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Room 123, Bridgeport, CT  06604; and it is further

ORDERED, that the deadline to object to the Protective Order & Privilege Motion shall be **May 23, 2025 at 12:00 p.m.** (prevailing Eastern Time); and it is further

ORDERED, that the Trustee may file a reply in support of the Protective Order & Privilege Motion on or before **May 26, 2025 at 12:00 p.m.** (prevailing Eastern Time); and it is further

ORDERED, that a copy of this Order, along with the Protective Order & Privilege Motion and any attachments thereto, shall be served upon all parties appearing in the above-captioned chapter 11 case, the respondents in the K Legacy Action, the Debtor, and those identified on the schedules affixed to the Protective Order & Privilege Motion, and the Trustee shall file a certificate of service in advance of the Hearing.

Dated: _____, 2025

_____
Julie A. Manning,
United States Bankruptcy Judge

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Protective Order & Privilege Motion.

2