UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
: 
In re:  : Chapter 11
: 
HO WAN KWOK, *et al.*,  : Case No. 22-50073 (JAM)
: 
: Jointly Administered
Debtors.¹  :
: Re: ECF No. 4384
------------------------------------------------------x

**ORDER (A) GRANTING APPLICATION OF CHAPTER 11 TRUSTEE FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF MARXER & PARTNER RECHTSANWÄLTE AS LIECHTENSTEIN LAW COUNSEL**

Upon the application (the "Application")² of Chapter 11 Trustee Luc A. Despins (the "Chapter 11 Trustee") in the above-captioned chapter 11 case (the "Chapter 11 Case"), for authority to retain and employ Marxer & Partner Rechtsanwälte ("Marxer"), as Liechtenstein law counsel, effective as of April 6, 2025, pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms used but not otherwise defined have the meanings set forth in the Application or the Schreiber Declaration

upon consideration of the Application and the Schreiber Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtor's estate, its creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application and the Schreiber Declaration, and the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Marxer is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, and (iv) Marxer does not hold or represent an interest adverse to the Debtor's estate; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court including a hearing held on May 20, 2025; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Chapter 11 Trustee is authorized to retain and employ Marxer as his Liechtenstein law counsel pursuant to sections 327(a) and 330 of the Bankruptcy Code, effective as of April 6, 2025 on the terms set forth in the Application and the Schreiber Declaration.

3. Marxer is authorized to act as the Chapter 11 Trustee's Liechtenstein law counsel, and to perform those services described in the Application.

4. The Estate shall be responsible for Marxer's compensation and reimbursement of expenses with respect to the engagement.

5. The allowance of any compensation to be paid to Marxer shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1. Any disputes regarding compensation shall be determined solely by this Court.

6. Allowance of any compensation for Marxer shall be limited to the extent of services actually performed as counsel for the Chapter 11 Trustee Luc A. Despins, and shall not include compensation for the performance of any of the trustee duties that are generally performed by a chapter 11 trustee without the assistance of counsel. Marxer shall also be entitled to (a) a flat fee for disbursements in an amount equal to 2% of total fees charged and (b) reimbursement of reasonable and documented expenses with respect to services provided by third party vendors, including local process servers, court and other registration fees, local investigators, travel expenses, and courier fees (if any).

7. Marxer is authorized to invoice its fees and expenses in Swiss Francs (CHF) and to have such fees and expenses paid in Swiss Francs (CHF), subject to the terms of the Interim Compensation Order. The payment in Swiss Francs (CHF) shall be converted from US Dollars into Swiss Francs (CHF) at the exchange rate prevailing on the date of payment.

8. For the avoidance of doubt, all matters related to the payment and allowance of Marxer's fees and expenses shall be decided by the Bankruptcy Court in accordance with the Bankruptcy Code. All other disputes that may arise out of the Chapter 11 Trustee's engagement are to be governed by Liechtenstein substantive law, under exclusion of provisions of

International Private Law, and to be determined in accordance with section 11 of the General Terms and Conditions to Marxer's Engagement Letter.

9. Marxer shall provide no less than ten business days' notice to the Chapter 11 Trustee, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

10. The Chapter 11 Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

11. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

12. To the extent the Application, the Schreiber Declaration, and the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 20th day of May, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut