## **Exhibit 3**

**Further Revised Proposed Order (incremental redline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                               :

In re:                        :    Chapter 11
                               :

HO WAN KWOK, *et al.*,[1]    :    Case No. 22-50073 (JAM)
                               :

             Debtors.     :    (Jointly Administered)
                               :
-------------------------------------------------------x

**SECOND AMENDED [PROPOSED] ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE TO (I) FURTHER MODIFY OCTOBER 6, 2022 PROTECTIVE ORDER ENTERED PURSUANT TO SECTIONS 105 AND 107 OF BANKRUPTCY CODE AND FEDERAL RULE OF CIVIL PROCEDURE 26(C) AND THE STIPULATED ADDENDUM TO THE PROTECTIVE ORDER AND (II) WAIVE CERTAIN OF THE DEBTOR'S PRIVILEGES CONTROLLED BY THE TRUSTEE, PURSUANT TO THE CONSENT ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION [ECF NO. 856]**

UPON CONSIDERATION OF the *Motion of Chapter 11 Trustee to (I) Further Modify October 6, 2022 Protective Order Entered Pursuant to Sections 105 and 107 of Title 11 of the United States Code and Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulated Addendum to the Protective Order and (II) Waive Certain of the Debtor's Privileges Controlled By the Trustee, Pursuant to the Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information [ECF No. 856]* (the "Motion"),[2] and good cause having been shown, and the Court having

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

considered any and all objections and other responses to the Motion, and the Court finding that

the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors,

and the relief provided herein being narrowly tailored to serve the foregoing purposes, it is by the

Court, hereby

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Protective Order previously entered by this Court on October 6,

2022 [ECF No. 923] is modified as follows:

- The following language is added[3] to the first Recital of the Protective Order: "WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before this Court **and other courts, tribunals, or judicial bodies, including in foreign jurisdictions**, including but not limited to investigations, contested matters, adversary proceedings, and other disputes **and litigation** (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case;"

- Paragraph 1 of the Protective Order is revised to provide the following: "This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes ~~before this Court~~, by a Party . . .[.]"

- Paragraph 8 of the Protective Order is revised to provide the following: "General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties ~~solely in this Court~~ for the purposes of a Dispute or the Chapter 11 Case, **including a Dispute in a foreign jurisdiction**, ~~and~~ **but** not for any other purpose ~~or in any other forum~~, including any other litigation and judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function."

- The following language is added to paragraph 9 of the Protective Order: "Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only

---

[3]    Revisions to the Protective Order are identified in **bold and underline**.

to the following: . . . **(c) any Party to a Dispute in a foreign jurisdiction whom the Trustee has requested sign Exhibit A, subject to the Trustee seeking entry of a protective order in such foreign jurisdiction that is consistent with this Order and substantially similar hereto, to the extent allowable under foreign law; and . . .**"

- The following language is added to paragraph 10(a) of the Protective Order: "counsel, and staff working under the express direction of such counsel, for: . . . **iv.  any Party to a Dispute in a foreign jurisdiction whom the Trustee has requested sign Exhibit A, subject to the Trustee seeking entry of a protective order in such foreign jurisdiction that is consistent with this Order and substantially similar hereto, to the extent allowable under foreign law; and . . .**"

- The following language is added to paragraph 10(g) of the Protective Order "the Court, **a foreign court, tribunal, and/or judicial body**, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;"

- The following language is added to paragraph 4 of the PO Declaration, (Ex. A to the Protective Order): "I hereby certify and agree [. . .].  I further certify that I will not use Designated Material for any purpose other than the Chapter 11 Case **or a Dispute related to the Chapter 11 Case**, and will not disclose or cause Designated Material to be disclosed for any purpose other than the Chapter 11 Case **or a Dispute related to the Chapter 11 Case**, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material, **unless required to disclose or cause Designated Material to be disclosed under foreign law, but only after making reasonable efforts to comply with foreign law consistent with the Order**."

The Protective Order, as modified by this Order, is attached hereto as **Exhibit 1** to this Order.  A redlined document highlighting the modifications to the Protective Order originally entered on October 6 is attached hereto as **Exhibit 2**; and it is further

ORDERED, to the extent that information subject to this Order that was previously designated  (or will be designated) as Confidential or Highly Confidential under the Protective Order and/or the P.O. Addendum may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a, *et al*., this Order constitutes an order of a court of competent jurisdiction authorizing the disclosure

of such information to those persons specified in paragraph 9 of the Protective Order, pursuant to 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b); and it is further

ORDERED, that the relief requested in the Motion and the foregoing modifications and revisions to the Protective Order are applicable, in form and substance, to the P.O. Addendum, and to the extent of any conflicts between the provisions of this Order and the P.O. Addendum with respect to the use of Designated Material, including Discovery Material or Confidential Records produced by the FDIC-Receiver (as defined in the P.O. Addendum), then this Order shall control, but only to the extent of this Order's revisions to the Protective Order; and it is further

ORDERED, that the Trustee is authorized, subject to the protections provided under the Consent Order, in his discretion, to use and disclose the Privileged Materials in the course of prosecuting actions to recover property of the estate, including the K Legacy Action; and it is further

ORDERED, that this limited waiver of the Trustee Privileges (this "Limited Privilege Waiver") is expressly limited to the Privileged Materials: specifically, documents and information as to which a Trustee Privilege applies and which include facts and information underlying and related to the Debtor's financial affairs and assets, and fraudulent schemes, with respect to Golden Spring (New York) Ltd and Bravo Luck Limited; and it is further

ORDERED, that this Limited Privilege Waiver shall not operate as a waiver of any other Trustee Privileges not expressly contemplated herein, either in the K Legacy Action or in any other action, suit, dispute, investigation, or judicial process before the Bankruptcy Court or any other judicial body, entity, or individual; and it is further

4

ORDERED, that should the Trustee file a Privilege Waiver Motion in the future, if any, it shall be adjudicated on an expedited basis such that a response to any Privilege Waiver Motion must be made within seven days, and any reply within two days thereafter, and the Court shall then either rule on the papers or hold a hearing on the motion at its earliest convenience; and, for the avoidance of doubt, the foregoing shall be without prejudice to the Trustee moving the Court to further expedite a hearing on a Privilege Waiver Motion, should the facts and circumstances warrant such relief; and it is further

ORDERED that the Trustee shall abide by the Consent Order and the Protective Order, to the extent allowable under foreign law; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Trustee is authorized to take all actions necessary to effectuate the relief granted herein, including seeking entry of Foreign Protective Orders, if any; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2025

_____
Julie A. Manning,
United States Bankruptcy Judge