**<u>Exhibit 4</u>**

**Revised Proposed Modified Protective Order (clean)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| ...............................................................x | : | |
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor.[1] | : | Re: ECF No. 874 |
| | : | |
| ...............................................................x | | |

## <u>MODIFIED PROTECTIVE ORDER</u>

This Protective Order ("<u>Order</u>") is entered into by and among: (a) Luc Despins, as the appointed Chapter 11 Trustee to the Debtor's estate (the "<u>Trustee</u>"), and (b) any other persons or entities who become bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto. Each of the persons or entities identified in the foregoing clauses (a) and (b) shall be referred to herein individually as a "<u>Party</u>," and collectively as the "<u>Parties</u>."[2] This Order is being entered pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>").

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

[2] The designation of a "Party" is for purposes of reference in this Order only.

## **Recitals**

WHEREAS, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in this Court (the case commenced by such petition, the "Chapter 11 Case"); and there are, or may be, judicial or other proceedings before this Court and other courts, tribunals, or judicial bodies, including in foreign jurisdictions, including but not limited to investigations, contested matters, adversary proceedings, and other disputes and litigation (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to the Chapter 11 Case;

WHEREAS, the Court authorized the appointment of the Trustee by granting the United States Trustee's application for an order approving the appointment of Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(d);

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, subpoenas, and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Case;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material and to protect Discovery Material that a Party seeks to maintain as Confidential Material or Highly Confidential Material (as those terms are defined below), it is

hereby agreed, and, upon Court approval, it is hereby ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below):

### Scope of Order

1.     This Order governs the disclosure or exchange of all information and documents in connection with this Chapter 11 Case and related Disputes, by a Party (each a "Producing Party"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a contested matter or adversary proceeding, in connection with an exchange of exhibits in advance of a hearing, and/or in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions); interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.     This Order does not affect, amend or modify any existing confidentiality agreements or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

3.     For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Subject to a Producing Party's rights under Paragraphs 9, 10 and 18 of hereof, upon the consent of the Trustee, any non-Party that executes Exhibit A and delivers a copy to the Trustee shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto. For the further avoidance of any doubt, reference to becoming a "Party" upon execution of Exhibit A is for the purposes of this Order only and not intended to reflect any agreement as to such party's status as a litigant.

## Designating Discovery Material

5.      Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

(a)      Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non- Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)    Highly Confidential Material: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of personal safety, identity theft, or competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as addresses or other sensitive personal identifiable information, trade secrets, sensitive financial or business information, or material prepared by a Party's industry advisors, financial advisors, accounting advisors, experts, or its consultants (and their respective staff).  Notwithstanding anything herein to the contrary, account statements, ACH and wire transfer records, check copies, and similar records created by financial institutions to memorialize account balances and transactions (collectively, 'Bank Statements') do not pose a risk of personal safety, identity theft, or competitive injury sufficient to warrant the heightened restrictions applicable to Discovery Material designated 'Highly Confidential.' Absent further order of the Court, Bank Statements shall not be designated as 'Highly Confidential' under this Order.

(c)    Designation By Another Party: Any Party may designate any Discovery Material as Confidential or Highly Confidential in accordance with paragraphs 5(a) and 5(b), whether or not that Party is the one which originally disclosed or exchanged the Discovery Material, and in such event, the designating Party shall be a Producing Party with respect to that

5

Discovery Material.

(d)      Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 7, 8 and 34 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("Undesignated Material"), unless that Party has actual knowledge that the subject of the Discovery Material has been previously designated as Confidential or Highly Confidential pursuant to this Order or any other protective order.

6.      Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that it is "Confidential" or "Highly Confidential," such as by including such designation in the filename and/or the produced Relativity (or other document review platform) load file, if applicable. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" shall be treated as "Confidential" or "Highly Confidential" pursuant to this Order notwithstanding such Discovery Material not bearing such markings.

7.      Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated

Material"). At such time, arrangements will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

### **Use and Disclosure of Confidential or Highly Confidential Material**

8.        General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Trustee in carrying out his duties and responsibilities under the Bankruptcy Code and the appointment order in this case and/or by other Receiving Parties for the purposes of a Dispute or the Chapter 11 Case, including a Dispute in a foreign jurisdiction, but not for any other purpose, including any other litigation or judicial proceedings that are not a Dispute and are not related to this Chapter 11 Case, or any business, competitive, governmental, commercial, or administrative purpose or function.

9.        Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

7

(a)     the Trustee;

(b)     any Party who has signed Exhibit A and delivered a copy thereof to the Trustee;

(c)     any Party to a Dispute in a foreign jurisdiction whom the Trustee has requested sign Exhibit A, subject to the Trustee seeking entry of a protective order in such foreign jurisdiction that is consistent with this Order and substantially similar hereto, to the extent allowable under foreign law; and

(d)     any other persons specified in Paragraph 10 below.

10.    Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)     counsel, and staff working under the express direction of such counsel, for:

i.      the Trustee;

ii.     the Creditor's Committee;

iii.    any Party who has signed Exhibit A and delivered a copy to the Trustee;

iv.     any Party to a Dispute in a foreign jurisdiction whom the Trustee has requested sign Exhibit A, subject to the Trustee seeking entry of a protective order in such foreign jurisdiction that is consistent with this Order and substantially similar hereto, to the extent allowable under foreign law; and

(b)     professionals retained under Sections 328 and 1103 of the Bankruptcy Code, and industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the

signatories to this Order or by a Party who has signed Exhibit A in connection with the Disputes or this Chapter 11 Case;

(c)     any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)     any adverse witness during the course of a deposition where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive or personal harm, provided that the relevant section of the deposition transcript is itself designated as Highly Confidential, the witness is not permitted to retain a copy of the document, and the relevant deposition exhibit is designated as Highly Confidential, and subject to paragraph 12;

(e)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or this Chapter 11 Case;

(f)     court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or this Chapter 11 Case;

(g)     the Court, a foreign court, tribunal, and/or judicial body, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case;

(h)     any mediators and their staffs retained in connection with a Dispute or these this Chapter 11 Case; and

(i)     any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

11.          Designated Material To Be Disclosed Only In Accordance With Paragraphs 9 and 10: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 10 of this Order. Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 9 of this Order.

12.          Prerequisite to Disclosure of Designated Material: Before any person or their representative identified in Paragraph 10(b), 10(d), 10(h) or 10(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. A copy of such executed Exhibit A for representatives identified in Paragraphs 10(a)(ii), 10(d), 10(h) and 10(i), but not for representatives identified in Paragraph 10(b), shall be provided to the Producing Party. Such executed Exhibit A for representatives identified in Paragraph 10(b) shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders. For the avoidance of doubt, an Exhibit A may be executed on behalf of an organization for any representative identified in Paragraph 10(b) rather than requiring each relevant individual at that organization to execute Exhibit A.

13.          Sealing of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Court, except

that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9077-1. If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing.  The filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Protective Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

14.     Use of Discovery Material in Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  Whenever practicable, as part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, or if not practicable prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the Producing Party shall bear the burden of requesting appropriate relief from the Court. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation and in accordance with the terms of this Order.

### Depositions and Rule 2004 Examinations

15.     Deposition and Rule 2004 Examination Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that only the relevant portion(s)

of testimony is so designated; or (b) providing written notice within ten (10) days of the Party's receipt of the final transcript from the court reporter that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within ten (10) days of receipt of the final transcript, in which case the foregoing ten (10) day period will be reduced to five (5) business days. Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a five business day period is not practical, the entirety of the transcript shall be designated as Designated Material for purposes of use at the hearing or with the pleading and the ten (10) day period described above shall then apply for further designation. Until expiration of the aforesaid designation period, as applicable, following receipt of the final transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential unless otherwise specified by counsel to any Party on the record at the deposition.

16.     Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 15 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

17.     Witness Review of Deposition Testimony: Nothing in Paragraph 15 hereof shall preclude the witness from reviewing his or her deposition transcript.

18.     Presence of Persons During Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.  After such exclusion from the portion of any deposition containing Designated Material, if such persons wish to receive written or other recordings of the deposition testimony containing Designated Material, such persons must become a Party to this Order.

19.     Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed

12

to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated. The questioning Party at any deposition shall, prior to the commencement of the deposition, request that the court reporter agree to maintain the confidentiality of all Designated Material introduced at the deposition. Each questioning attorney at a deposition shall distribute copies of Designated Material used as exhibits only to those Parties permitted to receive said Designated Material in accordance with the terms of this Order.

## **General Provisions**

20.    Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

21.    This Order is a procedural device intended to protect Discovery Materials designated as Designated Material. Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

22.    For the purposes of this Order, "writing" shall include electronic mail.

23.    Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24. Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover or destroy the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover or destroy the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25. Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.

26. Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of

any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at an evidentiary hearing or at trial.

27.     Production Of Privileged Discovery Material: Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Producing Party inadvertently produces materials that the Producing Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege, or other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, when the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced material. Within three (3) business days after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production. Moreover, this Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.

28.     Challenging Privilege Determinations: The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto. If the Receiving Party wishes to challenge one or

more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations. If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court. Neither Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure. Notwithstanding anything set forth in this Order, no provision herein, including this paragraph 28, shall supplant or supersede any provision set forth

in that certain *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information,* [Docket No. 856].

29.     Use Of Non-Discovery Material: To the extent that any Party has documents or information that would otherwise constitute Discovery Material that (i) are received or become available to a Party through lawful means and on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or this Chapter 11 Case.

30.     Continuing Applicability Of Confidentiality Agreement And Protective Order: The provisions of this Order shall survive the final termination of the Disputes and the Debtor's emergence from bankruptcy for any retained Discovery Material. The final termination of the Disputes and the Debtor's emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.     Amendment Of Confidentiality Agreement And Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or a Producing Party and the Trustee may jointly agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order with respect to Discovery Material produced by that Producing Party.

32.    Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall, as soon as reasonably practicable, notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed; and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33.    Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 29, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

34.    Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.    Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein

36.     Prior Agreements: The provisions and requirements of this Order shall provide the exclusive means for the exchange and use of Designated Material produced in connection with any Disputes.

37.     Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

38.     Pursuant to 11 U.S.C. § 107(c)(3), the United States Trustee has a presumptive statutory right of full access to any information and/or document filed on the docket or submitted to the Court in this case, and consistent therewith the United States Trustee reserves all rights to seek access to any documents submitted or filed under seal. The United States Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).


**IT IS SO ORDERED** at Bridgeport, Connecticut this ____ day of _____, 2024.


_____
Julie A. Manning,
United States Bankruptcy Judge

## Exhibit A

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

............................................................x
                                                    :
In re:                                              :    Chapter 11
                                                    :
HO WAN KWOK,                                        :    Case No. 22-50073 (JAM)
                                                    :
                Debtor.[1]                          :
                                                    :
............................................................x

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER**

I,_____declare under penalty of perjury (this "Declaration") that:

1. My address is

2. My present employer is _____.

3. My present occupation or job description is_____.

4. I hereby certify and agree that I have read and understand the terms of the Protective Order
(the "Order") entered on_____, 2022 in *In re: Ho Wan Kwok*, Case No. 22-
50073 (JAM), in the United States Bankruptcy Court for the District of Connecticut. All
capitalized terms not otherwise defined in this Declaration have the meanings ascribed to
such terms in the Order. I further certify that I will not use Designated Material for any
purpose other than the Chapter 11 Case or a Dispute related to the Chapter 11 Case, and
will not disclose or cause Designated Material to be disclosed for any purpose other than
the Chapter 11 Case or a Dispute related to the Chapter 11 Case, and will not disclose or
cause Designated Material to be disclosed to anyone not expressly permitted by the Order

---

[1] Although the Debtor's legal name is Ho Wan Kwok, he is also known as Guo Wengui, Miles Guo, and Miles Kwok,
as well as numerous other aliases. The last four digits of the Debtor's taxpayer identification number are 9595.

to receive Designated Material, unless required to disclose or cause Designated Material to be disclosed under foreign law, but only after making reasonable efforts to comply with foreign law consistent with the Order. I agree to be bound by the terms and conditions of the Order.

5.   I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Material, and that I will carefully maintain such materials in a manner consistent with the Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.   I acknowledge and agree that I am aware that by receiving Designated Material:

   a.   I may be receiving material nonpublic information about companies that issue securities; and

   b.   There exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.   I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

Signature: _____

2