UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| HO WON KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtor. | : | |
| | : | |

**DEBTOR'S OBJECTION TO THE MOTION OF CHAPTER 11 TRUSTEE TO . . . (II) WAIVE CERTAIN OF THE DEBTOR'S PRIVILEGES CONTROLLED BY THE TRUSTEE, PURSUANT TO THE CONSENT ORDER REGARDING CONTROL OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION RELATED TO RULE 2004 SUBPOENAED DOCUMENTS AND INFORMATION [ECF NO. 856]**

The debtor, Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, Zeisler & Zeisler, P.C., for his Objection to the Motion of Chapter 11 Trustee (the "Trustee's Motion") to . . . (II) Waive Certain of the Debtor's Privileges Controlled by the Trustee, Pursuant to the Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information (the "Privileges Order") [ECF No. 856] states as follows:[2]

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] For the avoidance of doubt, the Debtor takes no position on the branch of the Trustee's Motion seeking to Further Modify the October 6, 2022 Protective Order and the Stipulated Addendum to the Protective Order.

## **OBJECTION**

1.      The Trustee's Motion was filed on Tuesday, May 13, 2025, along with a Motion to Expedite Hearing (Doc No. 4399). The Motion to Expedite Hearing was granted by order dated May 14, 2025 (Doc. No. 4400).

2.      The Trustee's Motion states that "[t]he Trustee understands that his counsel has identified Privileged Materials that may be important to the prosecution of the K Legacy Action and the Trustee's efforts to recover property the Trustee alleges is property of the estate, . . .". (Trustee's Motion, at 15).

3.      On May 14, 2025, the Debtor's counsel requested copies of the documents for which the Trustee sought to waive privilege and/or work product protection so that counsel could review the documents in advance of the May 23, 2025 expedited deadline to object to the Trustee's Motion.

4.      The Debtor's counsel was provided with 1,414 documents on May 16, 2025, and five deposition transcripts during the afternoon of May 22, 2025. It is the Debtor's counsel's understanding that the 1,414 documents and 5 deposition transcripts constitute the documents for which a privilege and/or work product protection waiver is currently sought.

5.      The Debtor's counsel has reviewed the 1,414 documents, but not all of the deposition transcripts as of the filing of the Debtor's Objection, and has so far identified six documents for which the Debtor objects to waiver—the Debtor takes no position as to whether any privilege or work product protection that may exist as to the other 1,408 documents should be waived and the documents produced.[3]

---

[3] The Trustee has yet to inform the Debtor's counsel of his position vis-à-vis the six documents identified as objectionable. If agreement cannot be reached as to the treatment of those documents, and/or anything that the Trustee's counsel identifies as objectionable in any of the five deposition

6. Although the Debtor takes no position with respect to waiver as to the 1,408 documents described above, the Debtor does object to the far broader waiver sought by the Trustee. Indeed, the Trustee does not simply seek a waiver as to a discrete set of documents, but instead seeks a broad subject matter waiver related to "facts and information underlying and related to the Debtor's financial affairs and assets, and fraudulent schemes, with respect to Golden Spring (New York) Ltd. and Bravo Luck Limited, . . . ". (Trustee's Motion, at 12).

7. The Trustee refers to the requested waiver as narrow, but it is not. Indeed, the Trustee does not identify at all, let alone with any degree of particularity, what constitutes "the Debtor's financial affairs and assets, and fraudulent schemes, with respect to Golden Spring (New York) Ltd. and Bravo Luck Limited", leaving the Trustee to determine what is within the scope of the waiver. Thus, if the Trustee obtains the broad waiver he seeks the Debtor will lose his rights under paragraphs 4, 5 and most critically 7 of the Privileges Order because privileged and/or work product protected information will be disclosed before the Debtor has an opportunity to review it and exercise those rights. Indeed, in many, if not most, instances the Debtor would not even know that a privilege has been waived and his rights have been effected because documents will be produced in adversary and foreign proceedings to which the Debtor is not a party.[4]

8. Paragraph 7 of the Privileges Order recognizes that there may be privileged and/or work product protected Information that if produced would cause the Debtor personal harm. (Privileges Order, ¶ 7). Paragraph 7 sets out a mechanism for the Debtor to assert a claim of personal harm as to particular documents or information, but that mechanism assumes that the

---

transcripts provided on May 22, 2025, the dispute can be addressed pursuant to the dispute resolution provision of paragraph 7 of the Privileges Order.

[4] The undefined scope of the requested waiver will also invite discovery disputes between the Trustee and defendants in adversary proceedings who claim that documents and/or information is within the scope of the requested waiver and must be produced thereby further prejudicing the Debtor's rights.

Debtor will have reviewed potentially privileged information **before** production to the Trustee. (*Id.*).

9. "[T]he Trustee has served over 250 subpoenas for discovery pursuant to Rule 2004 and has received more than 800,000 documents (exceeding millions of pages) pursuant to those subpoenas." (Trustee's Motion, at 9). Many of the Trustee's subpoenas were served on law firms that may have produced potentially privileged and/or work product protected information. Save for a few limited instances soon after the Trustee's appointment, attorneys and law firms have produced documents and information to the Trustee without providing it to the Debtor's counsel for a pre, or even post, production review. With respect to the vast majority of potentially privileged and/or work product protected documents and information, the Debtor has not had an opportunity to exercise his right under paragraph 7 of the Privileges Order; granting the relief sought by the Trustee thus effectively would eliminate the Debtor's right under paragraph 7 as to the broad and undefined subject matter included within the scope of the waiver sought by the Trustee.[5] Therefore, the Debtor Objects to the privilege waiver sought by the Trustee in the Trustee's Motion.

10. The Debtor also objects to the Trustee's advocated process for future motions seeking privilege and/or work product protection waivers. The Trustee's process would not provide the Debtor's counsel with an opportunity to review the documents and information at issue prior to production, and, as noted, paragraph 7 is meaningless if the Debtor does not have an opportunity to review potentially privileged and/or work product protected documents and information prior to production.

---

[5] The Debtor could not seek to clawback privileged and/or work product protected documents and information post-production because (i) the Debtor is unlikely to even know that information has been produced and (ii) the Trustee controls the privilege and would have to agree to pursue the clawback on the Debtor's behalf, which, to put it generously, is highly unlikely.

4

11.     The process utilized with the Trustee's Motion at the request of the Debtor's counsel, *i.e.*, review of potentially privileged and/or work product protected documents and information by the Debtor's counsel prior to production, is the process that should be utilized going forward so that the Debtor's rights are protected.[6] This process also gives effect to the provision of paragraph 8 of the Privileges Order permitting the Trustee to waive privilege or work product protection with the Debtor's written consent.

12.     In order for such a process to be effective, however, the Debtor's counsel will need sufficient time to review documents and engage in discussions with the Debtor. The Debtor's incarceration makes communication difficult, especially communication on an expedited basis.[7] Thus, the Trustee's request that any future waiver motion be responded to within seven (7) days is unworkable if the Debtor's counsel is to have an opportunity to review the documents and information for which waiver is sought, unless the Debtor's counsel is provided the documents at least seven (7) days in advance of the Trustee filing any waiver motion.[8]

13.     Lastly, in order to ensure that the Trustee, Debtor, Court, adversary defendants, and parties in interest know exactly which documents are subject to a waiver order, the Trustee should be required to specifically identify the documents for which waiver is sought by Bates number in

---

[6] In *Despins v. Greenwich Land, LLC* the Trustee's counsel provided potentially privileged and/or work product protected documents to the Debtor's counsel for review prior to production. The documents were reviewed, any privilege concerns identified by the Debtor's counsel were addressed, and motion practice was avoided. The use of this same process going forward may not avoid all motion practice, but it should, at a minimum, reduce the matters at issue on any waiver motion the Trustee files.

[7] The Debtor's sentencing is set for September 2025. It is unknown where the Debtor will serve his sentence or whether communication will be more or less difficult then is currently the case at MDC Brooklyn.

[8] Depending on the size of the production to be made seven (7) days for review may be insufficient, and the Debtor would seek to reach agreement with the Trustee on an extended review period while reserving his right to move to extend the review period.

any waiver motion and the Bates numbers of documents for which waiver is granted should be included in any order granting a waiver motion.

**WHEREFORE,** for the foregoing reasons the Debtor respectfully Objects to that branch of the Trustee's Motion seeking an order permitting the Trustee to Waive Certain of the Debtor's Privileges Controlled by the Trustee, Pursuant to the Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information.

Dated at Bridgeport, Connecticut on this 23rd day of May, 2025.

**THE DEBTOR,**
**HO WAN KWOK**

*/s/ James M. Moriarty*
James M. Moriarty (ct21876)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: Jmoriarty@zeislaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of May, 2025, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                            */s/ James M. Moriarty*
                                            James M. Moriarty (ct12849)