**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK, ET AL,[1] | Case No. 22-50073 (JAM) |
| Debtors. | Jointly Administered |

**MOTION OF UNITED STATES TRUSTEE FOR ORDER AUTHORIZING**
**APPOINTMENT OF INDEPENDENT FEE EXAMINER**

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 105(a) and 330, William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), respectfully moves for an order authorizing the appointment of an Independent Fee Examiner and for related modifications to the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals entered at ECF 2094 ("Interim Compensation Order"). In support thereof, the United States Trustee states as follows:

**PRELIMINARY STATEMENT**

The United States Trustee respectfully requests that the Court authorize the appointment of an Independent Fee Examiner to provide substantive analysis of the fee requests filed by the almost two dozen professionals whose retention has been authorized by the Court, as well as future retained professionals. Given the worldwide scope and complexity of these chapter 11 cases and the number of retained professionals who are applying to the Court for compensation, scrutiny of professional fees is especially challenging. To meet these challenges and to ensure that all professional fee requests meet applicable Bankruptcy Code requirements, the Court should authorize the appointment of a fee

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok as well as numerous other aliases) (last four digits of tax identification number: 9595; case number 22-50073), Genever Holdings LLC (last four digits of tax identification number: 8202; case number 22-50592) and Genever Holdings Corporation (case number 22-50542).

1

examiner. Additionally, because of the public awareness of these chapter 11 cases, such an appointment will also help ensure public confidence in the Bankruptcy System.

Luc A. Despins, the Chapter 11 Trustee of the estate of the Individual Estate (defined *infra*), and the United States Trustee have conferred regarding the benefits and appropriateness of an Independent Fee Examiner. At this juncture in the cases, and given the number of professionals involved, the United States Trustee and the Chapter 11 Trustee believe the installation of an Independent Fee Examiner is in the overall best interests of the estates and their creditors.

## BACKGROUND

### General Background

1. On February 15, 2022, Ho Wan Kwok a/k/a Wengui Guo a/k/a Miles Guo a/k/a Miles Kwok ("Individual Debtor" and/or "Kwok")[2] filed a voluntary chapter 11 petition ("Petition"). ECF 1.

2. On March 19, 2022, the United States Trustee filed a motion seeking an order directing the appointment of an examiner or, in the alternative, a chapter 11 trustee in the case of the Individual Debtor ("UST Examiner/Trustee Motion"). ECF 102.

3. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors in the case of the Individual Debtor ("Committee") in this case. ECF 108.

4. On June 15, 2022, the Court entered a memorandum of decision and order directing the United States Trustee to appoint a disinterested trustee in the Individual Debtor's case ("Trustee Order"). ECF 465. Pursuant to the Trustee Order, the United States Trustee appointed Luc A. Despins of Paul Hastings LLP as the chapter 11 trustee of the Debtor's estate. ECF 514.

---

[2] The Debtor is also known by multiple other aliases.

5. On July 8, 2022, the Court approved the appointment of Luc A. Despins of Paul Hastings LLP as the chapter 11 trustee of the Individual Debtor's case ("Chapter 11 Trustee"). ECF 523.

6. Years before the commencement of the Individual Debtor's case, on October 12, 2020, an entity connected to the Individual Debtor known as Genever Holdings, LLC ("Genever US") filed a voluntary chapter 11 case in the Southern District of New York. *See* Case No. 20-12411 (JLG) ("Genever US SDNY Case").

7. By order dated November 3, 2022, the Genever US SDNY Case was transferred to this Court and assigned Case No. 22-50592.

8. Additionally, after the appointment of the Chapter 11 Trustee, an affiliated entity Genever Holdings Corporation ("Genever BVI") commenced a voluntary chapter 11 petition in this Court on October 11, 2022 ("Genever BVI Case"). *See* Case No. 22-50542.

9. Pursuant to an order of this Court entered on November 21, 2022, the chapter 11 cases of the Individual Debtor, Genever US and Genever BVI are being jointly administered under the docket of the Individual Debtor's case ("Main Case") for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. ECF 1141.

10. On August 18, 2023, the Court entered the Interim Compensation Order. ECF 2094.

11. To date, the Court has approved the employment of the following professionals:

   a. Paul Hastings, LLP, lead counsel for the Chapter 11 Trustee

   b. Neubert, Pepe & Monteith, P.C., Connecticut counsel and conflicts counsel to the Trustee and counsel to Genever US and Genever BVI;

   c. Eisner Amper, accountant to the Chapter 11 Trustee;

   d. O'Sullivan, McCormick, Jensen & Bliss, special counsel to Genever US (successor counsel to Saxe Doernberger & Vita);

   e. Harney Westwood & Riegels, LP, special counsel in the British Virgin Islands ("BVI");

    f.   James Morgan KC, barrister in BVI;

    g.   Prager Dreifuss AG, special counsel in Switzerland;

    h.   Marxer & Partner Rechtsanwalte, special counsel in Lichtenstein;

    i.   Pallas Partners, LLP, solicitors in United Kingdom ("UK");

    j.   Paul Shaw barristers in UK;

    k.   Kroll, LLC, forensic investigator;

    l.   Chryssafinis & Polyviou, LLC, special counsel in Cyprus;

    m.   ENSafrica (Mauritius), special counsel in the Republic of Mauritius ("Mauritius");

    n.   Mr. Patrice Doger de Speville and William de Robillard, barristers in Mauritius;

    o.   Kobre & Kim (GCC), LLP, special counsel in United Arab Emirates ("UAE");

    p.   Hadef & Partners, special counsel in UAE;

    q.   Winne, Banta, Basralian & Kahn, PC, special real estate counsel in New Jersey;

    r.   Epic Corporate Restructuring, LLC, claims/noticing agent;

    s.   Sage-Popovich, Inc., repossession agent;

    t.   Hamilton Group, LLC, auctioneer;

    u.   Pullman & Comley, lead counsel to the Committee;

    v.   Dundon Advisers, LLC, financial advisor to the Committee; and

    w.   Coleman Worldwide Advisors, LLC, fraud investigation consultant to the Committee.

12.    Based upon the fee applications approved to date which cover fees billed through December 2024,[3] professional compensation awarded in these chapter 11 cases totals approximately $57.8 million. *See* fee applications filed in January/February 2025 and corresponding orders on same at

---

[3] With the exception of (a) Paul Hastings, LLP which has billed through November 2024, and (b) EPIQ which has billed through April 2024 (and which, due to the small amount of fees, is filing interim fee applications on an annual basis).

the following docket entries: ECF 4157 and order at ECF 4821, ECF 4159 and order at ECF 4282, ECF 4149 and order at ECF 4256, ECF 4148 and order at ECF 4255, ECF 4154 and order at ECF 4280, ECF 4156 and order at ECF 4261, ECF 4018 and order at ECF 4181, ECF 4151 and order at ECF 4279, ECF 4152 and order at ECF 4258, ECF 4150 and order at ECF 4257, ECF 3653 and order at ECF 3930, ECF 4153 and order at ECF 4259, ECF 4155 and order at ECF 4260, ECF 4158 and order at ECF 4262, ECF 3284 and order at ECF 3358, and ECF 4144 and order at ECF 4254; and order on final application of Saxe Doernberger & Vita at ECF 2236.

13. To date, the docket in the Main Case reflects over 4400 entries.

14. To date, well over 300 adversary proceedings have been filed, the majority of which remain pending.

15. In light of the current and future posture of these cases, the United States Trustee and the Chapter 11 Trustee have discussed the appropriateness and benefits of an independent fee examiner. The Independent Fee Examiner's role would be prospective and commence with future compensation requests filed with the Court on or after the entry of an order approving this Motion. The United States Trustee and the Chapter 11 Trustee jointly propose the selection of David M. Klauder, Esq. as the Independent Fee Examiner.

## AUTHORITY FOR THE APPOINTMENT OF AN INDEPENDENT FEE EXAMINER

Section 330(a)(3) of Title 11 sets forth the standards for authorizing compensation to professionals retained in bankruptcy cases:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;

>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>> (E) with respect to a professional person, whether the person … has demonstrated skill and experience in the bankruptcy field; and
>
>> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). It is the Court's responsibility to review applications for compensation and reimbursement of expenses and to enter appropriate Orders on the fee applications. The United States Trustee is also charged with reviewing fee applications and commenting when appropriate. 28 U.S.C. § 586(a)(3)(A).

In complex cases, a number of bankruptcy courts have appointed independent fee examiners pursuant to Section 105 of the Bankruptcy Code. The role of a fee examiner is different from that of an examiner appointed under 11 U.S.C. § 1104(c) who is charged with conducting "an investigation of the debtor as is appropriate." 11 U.S.C. § 1104; *see also In re Collins & Aikman Corp.*, 368 B.R. 623, 625-627 (Bankr. E.D. Mich. 2007).

Fee examiners or fee review committees have been appointed in many significant and complex bankruptcy cases, including, but not limited to, *Sears Holdings Corp.*, ECF 3307, Case No. 18-23538-rdd (Bankr. S.D.N.Y.), *Energy Future Holdings*, ECF 1896, Case No. 14-10979-CSS (Bankr. Del.), *Budd Company*, ECF 346, Case No. 14- 11873-JBS (Bankr. N.D.Ill.), *Lehman Brothers Holdings*, ECF 3651, Case No. 08-13555- scc (Bankr. S.D.N.Y.), *Motors Liquidation (f/k/a General Motors)*, ECF 4708, Case No. 09-50026-reg (Bankr. S.D.N.Y.), *AMR Corp.*, ECF 2897, Case No. 11-15463-shl (Bankr. S.D.N.Y.), *Exide Technologies*, ECF 1283, Case No. 13-11482-KJC (Bankr. Del.), and *Mineral*

*Park*, Docket No. 274, Case No. 14-11996-KJC (Bankr. Del.).

The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and guidelines issued by the bankruptcy courts and the Executive Office for U.S. Trustees impose fairly rigorous and detailed timekeeping and reporting standards on professionals.

> Even with electronic data and filing now widely in use, those detailed reporting requirements impose a significant burden on the courts: daily narrative time records for hundreds and, in some proceedings, thousands of timekeepers fill thousands of pages and hundreds of thousands of lines.  On occasion, usually by stipulation, the bankruptcy courts have utilized fee auditors, fee examiners, and fee committees to provide quantitative and qualitative analysis and recommendations.

*Baker Botts L.L.P.* v. *Asarco, LLC*, 2014 WL 6984132 (Supreme Court December 10, 2014) (*Amicus Brief of Neutral Fee Examiners Supporting Neither Party*).

## ARGUMENT

### A.     The Court Should Authorize the Appointment of an Independent Fee Examiner.

Given the size and complexity of these chapter 11 cases, the United States Trustee requests that the Court authorize the appointment of an Independent Fee Examiner to review and report on as appropriate the monthly invoices submitted in accordance with the Interim Compensation Order and all interim and final applications for allowance of compensation and reimbursement of expenses filed by professionals retained under sections 105, 327, or 1103 of the Bankruptcy Code, or similar authority (collectively, the "Retained Professionals"), in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "Applications").

The appointment of a fee examiner will promote consistency, predictability, and transparency when the Retained Professionals file their Applications.  The fee examiner's role would be prospective and commence with future compensation requests that are filed with the Court on or after entry of an order on this Motion. In addition, all parties will maintain their rights to review and contest any of the Applications. The United States Trustee and the Chapter 11 Trustee have conferred and jointly propose

the selection of David M. Klauder, Esq. as the Independent Fee Examiner.

**B.     Duties of Independent Fee Examiner**

The United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner impose upon the Independent Fee Examiner the duty to review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

    a.    Bankruptcy Code Sections 328, 329, 330, and 331, as applicable;
    b.    Rule 2016 of the Federal Rules of Bankruptcy Procedure;
    c.    The Monthly Compensation Order;
    d.    Local Bankruptcy Rule 2016-1; and
    e.    United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, 28 C.F.R. Part 58, Appendix A.

**C.     Authority of Independent Fee Examiner**

The United States Trustee also requests that any Court Order appointing an Independent Fee Examiner also authorize the Fee Examiner to:

    a.    File comments on the public docket of the Court regarding any Application by a Retained Professional;

    b.    Communicate his concerns regarding any Application to the Retained Professionals to whom such Application pertains, and to request further information as appropriate;

    c.    Request Retained Professionals to provide budgets, staffing plans, or other information to the Independent Fee Examiner;

    d.    Establish procedures for the resolution of disputes with Retained Professionals;

    e.    Recommend procedures to facilitate the preparation and review of Applications;

    f.    Appear and be heard on any matter before the Court;

    g.    File and litigate objections to the allowance of any Application;

      h.    Take, defend, or appear in any appeal regarding an Application;

      i.    Conduct discovery; and

      j.    Retain, subject to Court approval, professionals (including attorneys and auditors) to represent or assist the Independent Fee Examiner in connection with any of the foregoing.

The United States Trustee further requests that any Order appointing an Independent Fee Examiner provide that the Chapter 11 Trustee, Genever US, Genever BVI, the Committee, the United States Trustee, and all Retained Professionals shall cooperate with the Independent Fee Examiner in the discharge of the Independent Fee Examiner's duties and shall promptly respond to any reasonable requests for information or communications from the Independent Fee Examiner.

### D. Compensation of Fee Examiner

The United States Trustee requests that any Order appointing an Independent Fee Examiner provide that the Fee Examiner and any Professionals retained by the Independent Fee Examiner shall be entitled to reasonable compensation from the estate for their reasonable fees and expenses. Any such requests for compensation shall be made by application to the Court and shall be allowed according to the same standards and procedures that apply to Retained Professionals.

### E. Immunity of Independent Fee Examiner

Finally, the United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner provide that the Independent Fee Examiner is appointed as an Officer of the Court with respect to the performance of the duties set forth herein and given immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

**F.      Proposed Modifications To The Interim Compensation Order**

Should the Court find that the appointment of an Independent Fee Examiner is warranted under the circumstances, the United States Trustee requests entry of an Order modifying the existing Interim Compensation Order. A proposed modified Order is submitted herewith.

WHEREFORE, the United States Trustee respectfully requests that the Court consider the foregoing, and authorize the appointment of an Independent Fee Examiner subject to the terms herein, and grant such further relief as may be just.

Dated:  May 30, 2025   Respectfully submitted,
        New Haven, Connecticut

                        WILLIAM K. HARRINGTON
                        UNITED STATES TRUSTEE FOR REGION 2

                By:     /s/ Holley L. Claiborn
                        Holley L. Claiborn
                        Trial Attorney
                        Office of the United States Trustee
                        Giaimo Federal Building, Room 302
                        150 Court Street
                        New Haven, CT 06510
                        Holley.L.Claiborn@usdoj.gov
                        (203) 773-2210
                        Federal Bar No.: ct17216 (Connecticut)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| HO WAN KWOK, ET AL, | Case No. 22-50073 (JAM) |
| Debtors.[1] | Jointly Administered |

*PROPOSED*
ORDER AUTHORIZING INDEPENDENT FEE EXAMINER PURSUANT TO
11 U.S.C. § 105(a) AND 330 AND MODIFYING INTERIM COMPENSATION
PROCEDURES FOR RETAINED PROFESSIONALS

Upon consideration of the Motion for the Appointment of an Independent Fee Examiner pursuant to 11 U.S.C. §§ 105(a) and 330 and for Modification of Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals (the "Fee Examiner Motion") and the Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals ("Interim Compensation Order") [ECF 2094] (the "Interim Compensation Order") entered by the Court in these cases; upon further consideration that the size and complexity of these jointly administered Chapter 11 cases has featured, and will continue to feature, the filing of numerous, lengthy and complex professional fee applications; and upon the Court's conclusion that the appointment of a fee examiner under Bankruptcy Code § 105 appears to be in the best interests of the chapter 11 debtors, their estates and creditors, and other parties-in-interest,

IT IS HEREBY ORDERED THAT:

1. The United States Trustee, after consultation with Chapter 11 Trustee Luc A. Despins

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok as well as numerous other aliases) (last four digits of tax identification number: 9595; case number 22-50073) ("Individual Debtor"), Genever Holdings LLC (last four digits of tax identification number: 8202; case number 22-50592) ("Genever US") and Genever Holdings Corporation (case number 22-50542) ("Genever BVI").

11

("Chapter 11 Trustee") and the Official Committee of Unsecured Creditors ("Committee"), shall appoint a disinterested person to serve as independent fee examiner (the "Fee Examiner") in these cases, subject to the terms and conditions of this order and subject to the terms and conditions of the Interim Compensation Order, as modified herein.

2. In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee application in these cases pursuant to 11 U.S.C. § 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

3. The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties. The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to 11 U.S.C. § 327, after notice and opportunity for hearing pursuant to Local Rules of this Court.

4. The fees and expenses of the Fee Examiner shall be subject to application and review pursuant to Bankruptcy Code § 330 and shall be paid from the Debtors' estates as an expense of administration under 11 U.S.C. § 503(b)(2) and in accordance with the procedures in the Interim Compensation Order. The Fee Examiner's compensation shall not be contingent or dependent on any element of success or result. The Fee Examiner's fees and expenses shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the applicable United States Trustee Appendix A Guidelines for Compensation.

5. Except as otherwise provided herein, the scope of the Fee Examiner's duties and responsibilities shall encompass all monthly fee requests, interim applications, and final applications submitted after the effective date of this Order by (1) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code §§ 327, 330, 331, or 1103, and where applicable §363 (collectively, the "Retained Professionals"). Unless the Court orders otherwise, the scope of the Fee Examiner's duties and responsibilities shall not extend to (1) any requests for compensation submitted pursuant to 11 U.S.C. §§ 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these Chapter 11 cases, or (2) any applications for interim compensation made pursuant to 11 U.S.C. §331 that were filed before the effective date of this Order, provided that the Fee Examiner may review such interim applications for the purpose of performing his duties and responsibilities with regard to any final applications for compensation and reimbursement of expenses submitted pursuant to 11 U.S.C. § 330.

6. Except as provided in Paragraph 5 above, the Fee Examiner shall review and assess all fee and expense applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the fee applications, for compliance with (1) Sections 328, 329, 330 and 331 of Title 11 of the United States Code, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein); and (4) Local Bankruptcy Rule 2016-1 and the applicable Guidelines for Compensation. The Fee Examiner is further authorized and shall have standing before the Court:

    A.    to review and comment on applications for interim compensation and final fee applications;

    B.    to prepare summaries and reports for the Court to aid in the review and approval of interim and final fee applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

  C.  to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; provided, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients; provided, for the avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity;

  D.  to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code § 330;

  E.  to appear, file and litigate such objections to interim and final applications as he may deem appropriate; and

  F.  to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery.

Notwithstanding these enumerated powers, the Fee Examiner shall have no role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in 11 U.S.C. §§ 330(a)(3)(C) and (D) in his evaluation of applications for compensation and reimbursement of expenses.

  7.  Debtor Genever US, Debtor Genever BVI, the Chapter 11 Trustee, the Committee, and all Retained Professionals (including attorneys, financial advisors, auditors, claims consultants and others) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 6.C above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

  8.  Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee application or monthly request for compensation

and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under 11 U.S.C. § 330, to the extent they apply.

9. Any communication between the Fee Examiner (or any agent thereof) and any Notice Party (or any agent thereof) that pertains to the fees or expenses of any Retained Professional of another Notice Party itself shall be in writing and copies thereof shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner or the Notice Party.

10. The Notice Parties, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

11. The Interim Compensation Order is hereby modified as follows:

    A. The Fee Examiner to be appointed by the United States Trustee is designated as an additional Notice Party entitled to receive monthly statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

    B. Each Monthly Statement and Fee Application shall include detail containing the time entries and the expense items in searchable Adobe Acrobat (pdf) format or other searchable electronic format as may be reasonably requested (such as Excel or Microsoft Word or LEDES).

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and shall remain in effect unless and until the Court orders otherwise. The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than ten (10) days' notice to the Fee Examiner, Debtor Genever US, Debtor Genever BVI, the Chapter 11 Trustee, the Committee, and the United States Trustee. Notwithstanding any provisions of this Order to

the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under 11 U.S.C. § 330.