**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                                      :
In re:                                                :      Chapter 11
                                                      :
HO WAN KWOK *et al.*,                                 :      Case No. 22-50073 (JAM)
                                                      :
        Debtors.[1]                                   :      Jointly Administered
                                                      :
-------------------------------------------------------x

**SEALED SECOND OMNIBUS MOTION**
**OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019,**
**REGARDING SETTLEMENTS WITH CERTAIN ENTITIES**

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the

Chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this

motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the

United States Bankruptcy Court District of Connecticut (the "Local Rules"), and the Court's *Order*

*Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and*

*Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings*

[Docket No. 3163] (the "Mediation Procedures Order") and the Court's *Order Amending Order*

*Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and*

*Amending Order approving Procedures Appliable to Avoidance Claim Adversary Proceedings to*

*Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [Docket No. 3465] (the

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

"Pre-Litigation/Pre-Appearance Mediation Order" and, together with the Mediation Procedures Order, collectively, the "Procedures Orders"),[2] for entry of orders, substantially in the form of those attached hereto and more specifically identified herein (the "Proposed Order"), approving the terms of settlement agreements (collectively, the "Settlement Agreements") reached between (a) the Trustee and (b) the following entities: (i) McDermott Will & Schulte LLP f/k/a McDermott Will & Emery LLP ("MWE"),[3] (ii) AlixPartners LLP ("Alix"), (iii) Hecker Fink LLP (fka Kaplan Hecker & Fink LLP) ("Hecker Fink"), (iv) Zeichner Ellman & Krause LLP ("ZEK"), (v) Wachtel Missry LLP ("Wachtel Missry"), and (vi) Day Pitney LLP ("Day Pitney" and, collectively, the "Counterparties" and the Counterparties, together with the Trustee, collectively, the "Parties").[4]

In support of this Motion, the Trustee respectfully states the following:

**PRELIMINARY STATEMENT**

1.    The Trustee has reached agreements, subject to Court approval, to resolve the Trustee's claims against the respective Counterparties in Mediation Proceedings conducted pursuant to the Procedures Orders.  Judge Tancredi has issued his Mediator's Report with respect to each of the proposed settlements for the following Counterparties: (i) ZEK, (ii) Alix, (iii) Hecker Fink, (iv) MWE, and (v) Wachtel Missry (collectively, the "Mediator's Reports")[5] stating his belief that the economics and terms of each of the Settlement Agreements are fair, reasonable, and in the best interests of the Debtor's Chapter 11 estate (the "Estate").

---

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Procedures Orders.

[3]    The proposed Settlement Agreement with MWE was executed prior to MWE changing its name to reflect its combination with Schulte Roth & Zabel LLP.  The Trustee and MWE agree that this Counterparty's change of name does not impact the proposed resolution.

[4]    References herein to the "Parties" and the "Trustee," include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

[5]    The Trustee and Day Pitney reached a settlement without participating in mediation proceedings.

2

2.    Specifically, this Motion addresses settlements resolving avoidance claims against certain professional firms that received transfers the Trustee asserts were of the Debtor's or the Estate's property. All of these settlements were agreed to, subject to Court approval, prior to the Trustee commencing suit against any of the Counterparties. The Trustee expects to file a further motion soon that includes proposed settlements with defendants against which the Trustee has commenced suit.

3.    Through the settlements proposed by this Motion, the Estate will obtain funds for the benefit of creditors, without the cost and uncertainty of litigation, resolving claims to avoid and recover prepetition and postpetition transfers totaling $4,379,250. The terms of the Settlement Agreements will create value for creditors and are clearly in the Estate's best interests, and, accordingly, the Motion should be granted.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

5.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

## RELEVANT FACTS

### A.    Chapter 11 Case

7.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thus commencing the Chapter 11 Case.

8.      On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

9.      On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

10.     Upon his appointment, the Trustee commenced an investigation of the Debtor's financial affairs and determined that the Debtor, through alter ego entities, made transfers to the Counterparties that were avoidable and/or recoverable under the Bankruptcy Code and/or applicable state law.

### B.    Mediation and Settlement Procedures

11.     On May 2, 2024, the Mediation Procedures Order was entered by the Court referring certain parties in the Trustee's Avoidance Actions in the Chapter 11 Case to non-binding mediation proceedings and appointing United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi" or the "Mediator") to serve as mediator.

4

12.    On August 28, 2024, the Pre-Litigation/Pre-Appearance Mediation Order was entered modifying and supplementing the Mediation Procedures Order to provide for consensual mediation of claims of the Debtor's chapter 11 estate prior to the commencement of litigation or prior to the appearance of defendants in pending adversary proceedings.  When feasible and under otherwise appropriate circumstances (including where transferees have agreed to toll any applicable statutes of limitations), the Trustee has sought to negotiate resolutions of avoidance claims prior to commencing Avoidance Actions; including pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

13.    Pursuant to the Pre-Litigation/Pre-Appearance Mediation Order, the Trustee has negotiated in good faith with numerous entities and individuals that the Trustee believes are recipients of transfers of the Debtor's property (prior to the Petition Date) and/or property of the Estate (after the Petition Date).  All the Counterparties in this Motion negotiated their respective proposed settlements with the Trustee pursuant to the Pre-Litigation/Pre-Appearance Mediation Order, (except for Day Pitney as to which the proposed settlement was not negotiated in mediation proceedings).

14.    The Pre-Litigation/Pre-Appearance Mediation Order provides that the Trustee may request approval of proposed settlements by filing motions under seal. (*See* Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(v)).

15.    In considering a motion filed by the Trustee requesting approval of the Trustee's settlement with Wildes & Weinberg, P.C. ("WW"), the Court approved of certain procedures governing the Trustee's sealed filing, reached as part of a compromise between the Trustee and the United States Trustee. *See Memorandum of Decision and Order Granting Motion to Compromise* [Main Case Docket No. 4023] (the "WW Decision"); *Notice of Filing of Revised*

*Proposed Order Approving, Pursuant to Bankruptcy Rule 9019, Sealed Motion of Chapter 11*

*Trustee Regarding Settlement with Wildes & Weinberg, P.C.* [Main Case Docket No. 3865].  This

Motion, and the Proposed Orders filed herewith, provide for the same sealing and confidentiality

procedures[6] that the Court approved in the WW Decision. [7]

### C.    Counterparties and Proposed Settlements

16.    The Counterparties and proposed settlements at issue in this Motion are as follows:

### i.    MWE Transfers and Proposed Settlement

17.    The Trustee has identified prepetition and postpetition transfers in the amount of

███████████ made to MWE via the Debtor's alter egos (collectively, the "MWE Transfers")

which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code

sections 544 (and applicable state laws), 548, 549 and 550.

18.    MWE has denied any potential liability with respect to the MWE Transfers.

19.    The Trustee has negotiated a settlement agreement with MWE, dated March 20,

2025 (the "MWE Settlement Agreement"), subject to Court approval, a true and accurate copy of

which is attached hereto as **Exhibit 1-A**.[8]

20.    The salient terms of the MWE Settlement Agreement are as follows:

a.    

---

[6]    For the avoidance of doubt, confidentiality provisions described below and contained in any of the proposed Settlement Agreements are subject to the procedure for unsealing as provided in this Motion and consistent with the WW Decision.

[7]    As to Day Pitney, the Trustee has filed a motion herewith requesting that the Court consider the proposed settlement under the same sealing and confidentiality procedures as approved in the WW Decision.

[8]    The Trustee recently identified certain other transfers to MWE, which are not part of the MWE Transfers resolved by the proposed MWE Settlement Agreement, but which may be subject to resolution depending upon further discussion between the Trustee and MWE.  If such resolution is reached prior to a hearing on this Motion, the Trustee may seek to supplement the proposed settlement with MWE.



21.    The Trustee and MWE submitted the MWE Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

22.    On April 3, 2025, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with MWE (the "MWE Mediator's Report"). The MWE Mediator's Report is attached hereto as **Exhibit 1-B**.

23.    As set forth in the MWE Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the MWE Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the MWE Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

24.    The proposed order granting this Motion as to the Trustee's proposed settlement with MWE is attached hereto as **Exhibit 1-C**.

**ii.    Alix Transfers and Proposed Settlement**

25.    The Trustee has identified prepetition transfers in the amount of ████████ made to Alix via the Debtor's alter egos (collectively, the "Alix Transfers") which the Trustee believes

7

are subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state laws), 548, and 550.

26.     Alix has denied any potential liability with respect to the Alix Transfers.

27.     The Trustee has negotiated a settlement agreement with Alix, dated March 12, 2025 (the "Alix Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 2-A**.

28.     The salient terms of the Alix Settlement Agreement are as follows:



a.

b.

c.

d.

29.     The Trustee and Alix submitted the Alix Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

30.     On June 9, 2025, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Alix (the "Alix Mediator's Report"). The Alix Mediator's Report is attached hereto as **Exhibit 2-B**.

31.     As set forth in the Alix Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Alix Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Alix Settlement

8

Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

32.     The proposed order granting this Motion as to the Trustee's proposed settlement with Alix is attached hereto as **Exhibit 2-C**.

iii.    **Hecker Fink Transfers and Proposed Settlement**

33.      The Trustee has identified postpetition transfers in the amount of ███████ made to Hecker Fink via the Debtor's alter egos (collectively, the "<u>Hecker Fink Transfers</u>") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 549 and 550.

34.     Hecker Fink has denied any potential liability with respect to the Hecker Fink Transfers.

35.     The Trustee has negotiated a settlement agreement with Hecker Fink, dated March 13, 2025 (the "<u>Hecker Fink Settlement Agreement</u>"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 3-A**.

36.     The salient terms of the Hecker Fink Settlement Agreement are as follows:

a.      ███████████████████████████████████████
███████████████████████████████████████
██████████████████

b.      ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████d

c.      ███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████

9

37.     The Trustee and Hecker Fink submitted the Hecker Fink Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

38.     On April 3, 2025, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Hecker Fink (the "Hecker Fink Mediator's Report"). The Hecker Fink Mediator's Report is attached hereto as **Exhibit 3-B**.

39.     As set forth in the Hecker Fink Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Hecker Fink Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Hecker Fink Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

40.     The proposed order granting this Motion as to the Trustee's proposed settlement with Hecker Fink is attached hereto as **Exhibit 3-C**.

iv.     **ZEK Transfers and Proposed Settlement**

41.     The Trustee has identified prepetition transfers in the amount of ███████ made to ZEK via the Debtor's alter egos (collectively, the "ZEK Transfers") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state laws), 548, and 550.

42.     ZEK has denied any potential liability with respect to the ZEK Transfers.

43.     The Trustee has negotiated a settlement agreement with ZEK, dated May 16, 2025 (the "ZEK Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 4-A**.

44.     The salient terms of the ZEK Settlement Agreement are as follows:



45.    The Trustee and ZEK submitted the ZEK Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

46.    On June 9, 2025, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with ZEK (the "ZEK Mediator's Report"). The ZEK Mediator's Report is attached hereto as **Exhibit 4-B**.

47.    As set forth in the ZEK Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the ZEK Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the ZEK Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

48.    The proposed order granting this Motion as to the Trustee's proposed settlement with ZEK is attached hereto as **Exhibit 4-C**.

v.    **Wachtel Missry Transfers and Proposed Settlement**

49.    The Trustee has identified prepetition transfers in the amount of ███████ made to Wachtel Missry via the Debtor's alter egos (collectively, the "Wachtel Missry Transfers") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state laws), 548, and 550.

50.    Wachtel Missry has denied any potential liability with respect to the Wachtel Missry Transfers.

51.    The Trustee has negotiated a settlement agreement with Wachtel Missry, dated March 6, 2025 (the "Wachtel Missry Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 5-A**.

52.    The salient terms of the Wachtel Missry Settlement Agreement are as follows:

a.    ███████████████████████████████████
       █████████████
       ██  ███████████████████████████████
           ████████████████████████████
       ██  █████████████████████████████████
           ██████████████████
       ████████████████████████████████████████
       ███████████████████████████

b.    ███████████████████████████████████
       ███████████████████████████████████
       █████████████████████████

c.    ███████████████████████████████████
       ███████████████████████████████████
       ███████████████

d.    ███████████████████████████████████
       ███████████████████████████████████
       ██████████████████████████

53.     The Trustee and Wachtel Missry submitted the Wachtel Missry Settlement Agreement to Judge Tancredi pursuant to the Pre-Litigation/Pre-Appearance Mediation Order.

54.     On May 8, 2025, Judge Tancredi completed his Mediator's Report regarding the proposed resolution with Wachtel Missry (the "Wachtel Missry Mediator's Report"). The Wachtel Missry Mediator's Report is attached hereto as **Exhibit 5-B**.

55.     As set forth in the Wachtel Missry Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Wachtel Missry Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Wachtel Missry Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

56.     The proposed order granting this Motion as to the Trustee's proposed settlement with Wachtel Missry is attached hereto as **Exhibit 5-C**.

**vi.     Day Pitney Transfers and Proposed Settlement**

57.     The Trustee has identified prepetition transfers in the amount of ███████ made to Day Pitney via the Debtor's alter egos (collectively, the "Day Pitney Transfers") which the Trustee believes are subject to avoidance and recovery pursuant to Bankruptcy Code sections 544 (and applicable state laws) and 548.

58.     Day Pitney has denied any potential liability with respect to the Day Pitney Transfers.

59.     The Trustee has negotiated a settlement agreement with Day Pitney, dated January 7, 2025 (the "Day Pitney Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 6-A**.

60.     The salient terms of the Day Pitney Settlement Agreement are as follows:

a. 

b.

c.

d.

61.     The Trustee negotiated the Day Pitney Settlement Agreement taking into account, among other things, potential defenses this Counterparty may seek to assert, *e.g.*, under section 548(c) of the Bankruptcy Code.  The proposed resolution was negotiated in light of the facts and circumstances attendant to the Day Pitney Transfers using the same rationale pursuant to which the Trustee has negotiated the other resolutions proposed by this Motion.

62.     As noted above, the Trustee and Day Pitney reached this proposed settlement without utilizing mediation proceedings. The Trustee and Day Pitney wish to avoid the expense, burden, and inconvenience of any potential litigation, and ask that the Court find that the economics and terms of the Day Pitney Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

63.     The proposed order granting this Motion as to the Trustee's proposed settlement with Day Pitney is attached hereto as **<u>Exhibit 6-B</u>**.

## RELIEF REQUESTED

64.     By this Motion, the Trustee seeks entry of orders pursuant to Bankruptcy Rule 9019(a) approving each of the Settlement Agreements in their entirety and authorizing the Parties to enter and implement each of the Settlement Agreements in accordance with its respective terms.

## BASIS FOR THE RELIEF REQUESTED

### I.      Standard for Approving the Settlement Agreements

65.     To approve a compromise and settlement under Bankruptcy Rule 9019, a Bankruptcy Court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the Debtor's Estate. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003).  The decision to approve a particular settlement lies within the sound discretion of the Court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

66.     Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)). Instead, the Court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)). In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and

15

delay" . . . ; (3) the "paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Iridium*, 478 F.3d at 462.

## II.    The Settlement Agreements Should Be Approved

67.    The Settlement Agreements are a positive outcome for the Estate and, by extension, the creditors of the Estate, and represent fair and reasonable compromises under the circumstances and considering the applicable *Iridium* factors.

68.    The Settlement Agreements provide for the Estate to obtain the respective settlement amounts set forth in each without litigation, the cost of which may be substantial compared to the amounts at issue in the Trustee's Claims. Various Avoidance Defendants sued by the Trustee have asserted and continue to assert defenses to the Trustee's claims. While the Trustee is confident in the merits of his claims and has litigated them successfully to date,[9] he recognizes that any litigation carries uncertainty. Moreover, the proposed settlements will result in the Estate obtaining funds without delay arising from litigation and potential appeals.

69.    Other factors considered by the Trustee in negotiating the proposed settlements include, without limitation, litigation expense, ability to collect on a future judgment, and the extent to which any Counterparty has cooperated with the Trustee's investigation. The Trustee has

---

[9]    *See, e.g., Memorandum of Decision and Order (I) Denying Joint Defendants' Motions to Dismiss or for Judgment on the Pleadings; (II) Denying in Part Other Defendants' Motions to Dismiss; and (III) Overruling in Part Zeisler & Zeisler P.C.'s Objection to the Trustee's Motion for Judgment on the Pleadings* [Docket No. 4189]

considered these factors, as well as litigation risk and delay, on a case-by-case basis as to each of the proposed settlements and will be prepared to address any questions the Court may have at a hearing on this Motion.

70.     Importantly, Judge Tancredi has reviewed the terms of the ZEK, Alix, Hecker Fink, MWE, and Wachtel Missry Settlement Agreements pursuant to the Mediation Procedures. The Trustee and these Counterparties acknowledge and are grateful to Judge Tancredi for his service. As set forth in the Mediator's Reports, Judge Tancredi has examined "the claims and potential defenses and other facts and circumstances relating to [the respective transfers at issue in each settlement] along with the highly complex and contested nature of the" Chapter 11 Case, and that he believes "the economics and terms of the settlement agreement[s] are fair, reasonable, and in the best interests of the [Estate] as measured by the standards of" *Iridium*.[10]

71.     The Trustee thus believes the proposed Settlement Agreements satisfy Bankruptcy Rule 9019 and should be approved.

## NOTICE AND SEALED FILING

72.     This Motion and the attached Settlement Agreements have been filed under seal in the Chapter 11 Case, pursuant to the Procedures Orders, and the sealing procedures approved by the Court under its WW Decision, because the Trustee believes: (a) public disclosure of the settlement terms would harm the Estate, and (b) the settlement terms constitute commercially sensitive and otherwise confidential information. (*See* Mediation Procedures Order at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(v)).

---

[10]    The same is true in respect to the Day Pitney Settlement Agreement for the reasons discussed above. *See supra* ¶¶ 61, 62.

73.     The terms of the settlements constitute commercially sensitive information, because, among other things, their disclosure would prejudice the Trustee's ability to resolve similar claims against other defendants and potential defendants; and the terms are otherwise confidential because the Settlement Agreements negotiated by the Parties provide for their confidentiality to be maintained.  *See* WW Decision, p. 15 ("The terms of the settlement agreement are confidential commercial information that must be sealed upon the Trustee's request.").

74.     Upon filing, the Trustee will send a copy of the sealed version of this Motion with the appended Settlement Agreements to: (a) counsel for the Official Committee of Unsecured Creditors (the "Committee"), and (b) the United States Trustee.  (*See* Mediation Procedures Order at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(v)).

75.     The Trustee will also file a redacted version of this Motion, redacting confidential and commercially sensitive information and omitting the Settlement Agreements, on the public docket (the "Redacted Filing").  (*Id.*)  Pursuant to the *Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* dated October 15, 2024 [Main Case Docket No. 3685], the Redacted Filing, and notice of any hearings scheduled in connection therewith, shall be served upon (i) the United States Trustee, (ii) counsel for the Debtor, (iii) counsel for the Committee, (iv) the Counterparty to the settlements (Counterparty may be served via counsel), (v) by electronic filing CM/ECF to all appearing parties that utilize the CM/ECF system, and (vi) any party that requested notice in this Chapter 11 Case, but is unable to accept electronic filing, as indicated on the Notice of Electronic Filing.

76.      In addition, the Trustee will serve each Counterparty to a settlement requested for approval under this Motion with a version of the Redacted Filing that omits any redactions of discussion of the proposed settlement with that Counterparty.[11]

77.      Consistent with the WW Decision, within 180 days after entry of any order approving a settlement proposed by this Motion (or the next business day thereafter), the Trustee shall file a notice on the docket of the Chapter 11 Case (the "Settlement Notice") which Settlement Notice shall refer to the docket numbers and dates of this Motion and the Order, attach an unredacted copy of the respective Settlement Agreement and the following information with respect to the respective Settlement Agreement: (i) settling parties; (ii) settlement amount; (iii) date the settlement funds were received by the Trustee; and (iv) docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee. Upon the filing of the Settlement Notice, the Clerk of the Court shall unseal the redacted Motion and respective Settlement Agreement.

## NO PREVIOUS REQUEST

78.      No previous request for the relief sought herein has been made by the Trustee to this or any other court.

*[Remainder of page intentionally left blank.]*

---

[11]   By way of example, as to ZEK, the Trustee will provide its counsel a version of this Motion without redactions in section A(i) but that otherwise retains the redactions as filed on the public docket.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the

Proposed Orders granting the relief requested in the Motion and such other relief as is just and

proper.

Dated:    August 8, 2025           LUC A. DESPINS,
           New Haven, Connecticut     CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

     *and*

    Nicholas A. Bassett (*pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

     *and*

    Douglass Barron (*pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6690
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

## EXHIBIT 1-A

**MWE Settlement Agreement**

**FILED UNDER SEAL**

## EXHIBIT 1-B

**MWE Mediator's Report**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and McDermott Will & Emery LLP have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: April 3, 2025
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

## EXHIBIT 1-C

**Proposed Order Approving MWE Settlement Agreement**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------x
                              :

In re:                         :    Chapter 11
                              :

HO WAN KWOK *et al.*,       :    Adv. Proc. No. 22-50073 (JAM)
                              :

         Debtors.[1]       :    Jointly Administered
                              :
---------------------------------------------------x

**[PROPOSED] ORDER GRANTING SECOND OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND MCDERMOTT WILL & SCHULTE LLP**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "MWE Settlement Agreement") between the Trustee and McDermott Will &

Schulte LLP f/k/a McDermott Will & Emery LLP ("MWE") as more specifically described in the

Motion and attached to the Motion as Exhibit 4-C; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due

and sufficient notice having been given under the particular circumstances and it appears that no

other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

*Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and MWE (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the MWE Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to MWE and the MWE Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the MWE Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the MWE Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the MWE Settlement Agreement, and (iii) contain the following information regarding the MWE Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before

the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the MWE Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the MWE Settlement Agreement.

## EXHIBIT 2-A

**AlixPartners LLP Settlement Agreement**

**FILED UNDER SEAL**

## EXHIBIT 2-B

**AlixPartners LLP Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and AlixPartners, LLP have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: June 9, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 2-C**

**Proposed Order Approving Alix Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK *et al.*,                                 :    Adv. Proc. No. 22-50073 (JAM)
                                                      :
                      Debtors.[3]                     :    Jointly Administered
                                                      :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SECOND OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND ALIXPARTNERS LLP**

Upon the motion (the "Motion")[4] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Alix Settlement Agreement") between the Trustee and AlixPartners LLP ("Alix")

as more specifically described in the Motion and attached to the Motion as Exhibit 2-C; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular

circumstances and it appears that no other or further notice need be provided, *see Order Granting*

*Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding*

---

[3]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
      LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
      for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
      Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
      of notices and communications).

[4]   Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

*Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Alix (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Alix Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

9.      The Motion is GRANTED with respect to the relief requested as to Alix and the Alix Settlement Agreement, as provided herein.

10.     Pursuant to Fed. R. Bankr. P. 9019, the Alix Settlement Agreement is approved.

11.     As contemplated by the Procedures Orders, the redacted portions of the Motion and the Alix Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

12.     The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Alix Settlement Agreement, and (iii) contain the following information regarding the Alix Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the

Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases.

13.    Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

14.    The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Alix Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

15.    This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

16.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Alix Settlement Agreement.

# **EXHIBIT 3-A**

**Hecker Fink Proposed Settlement Agreement**

**FILED UNDER SEAL**

# **EXHIBIT 3-B**

**Hecker Fink Mediator's Report**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Hecker Fink LLP have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

    Dated: April 3, 2025
    Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# **EXHIBIT 3-C**

**Proposed Order Approving Hecker Fink Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
HO WAN KWOK *et al.*,                       :    Adv. Proc. No. 22-50073 (JAM)
                                            :
                      Debtors.[5]           :    Jointly Administered
                                            :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SECOND OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN**
**CHAPTER 11 TRUSTEE AND HECKER FINK LLP**

Upon the motion (the "Motion")[6] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Hecker Fink Settlement Agreement") between the Trustee and Hecker Fink LLP

(fka Kaplan Hecker & Fink LLP) ("Hecker Fink") as more specifically described in the Motion

and attached to the Motion as Exhibit 3-C; and the Court having jurisdiction to consider the Motion

and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter

constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient

notice having been given under the particular circumstances and it appears that no other or further

notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to*

---

[5]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[6]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

*Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Hecker Fink (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Hecker Fink Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

17.     The Motion is GRANTED with respect to the relief requested as to Hecker Fink and the Hecker Fink Settlement Agreement, as provided herein.

18.     Pursuant to Fed. R. Bankr. P. 9019, the Hecker Fink Settlement Agreement is approved.

19.     As contemplated by the Procedures Orders, the redacted portions of the Motion and the Hecker Fink Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

20.     The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Hecker Fink Settlement Agreement, and (iii) contain the following information regarding the ZEK Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s)

showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases.

21.     Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

22.     The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Hecker Fink Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

23.     This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

24.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Hecker Fink Settlement Agreement.

## EXHIBIT 4-A

**ZEK Proposed Settlement Agreement**

**FILED UNDER SEAL**

## **EXHIBIT 4-B**

**ZEK Mediator's Report**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Zeichner Ellman & Krause LLP have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: June 9, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# **EXHIBIT 4-C**

**Proposed Order Approving ZEK Settlement Agreement**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                    :

In re:                           :     Chapter 11
                                     :

HO WAN KWOK *et al.*,       :     Adv. Proc. No. 22-50073 (JAM)
                                     :

Debtors.[7]            :     Jointly Administered
                                   :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SECOND OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND ZEICHNER ELLMAN & KRAUSE LLP**

Upon the motion (the "Motion")[8] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "ZEK Settlement Agreement") between the Trustee and Zeichner Ellman & Krause

LLP ("ZEK") as more specifically described in the Motion and attached to the Motion as Exhibit

1-C; and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the

particular circumstances and it appears that no other or further notice need be provided, *see Order*

*Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding*

---

[7]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[8]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

*Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and ZEK (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the ZEK Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

25. The Motion is GRANTED with respect to the relief requested as to ZEK and the ZEK Settlement Agreement, as provided herein.

26. Pursuant to Fed. R. Bankr. P. 9019, the ZEK Settlement Agreement is approved.

27. As contemplated by the Procedures Orders, the redacted portions of the Motion and the ZEK Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

28. The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the ZEK Settlement Agreement, and (iii) contain the following information regarding the ZEK Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the

Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases.

29.     Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

30.     The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the ZEK Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

31.     This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

32.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the ZEK Settlement Agreement.

## **EXHIBIT 5-A**

**Wachtel Missry Proposed Settlement Agreement**


**FILED UNDER SEAL**

## EXHIBIT 5-B

**Wachtel Missry Mediator's Report**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and Wachtel Missry LLP have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: May 8, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 5-C**

**Proposed Order Approving Wachtel Missry Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                 :

In re:                            :     Chapter 11
                                   :

HO WAN KWOK *et al.*,         :     Adv. Proc. No. 22-50073 (JAM)
                                   :

          Debtors.[9]       :     Jointly Administered
                                   :

-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SECOND OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND WACHTEL MISSRY LLP**

Upon the motion (the "Motion")[10] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Wachtel Missry Settlement Agreement") between the Trustee and Wachtel Missry

LLP ("Wachtel Missry") as more specifically described in the Motion and attached to the Motion

as Exhibit 5-C; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been

given under the particular circumstances and it appears that no other or further notice need be

provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule*

---

[9]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[10]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

*9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Wachtel Missry (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Wachtel Missry Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

33.     The Motion is GRANTED with respect to the relief requested as to Wachtel Missry and the Wachtel Missry Settlement Agreement, as provided herein.

34.     Pursuant to Fed. R. Bankr. P. 9019, the Wachtel Missry Settlement Agreement is approved.

35.     As contemplated by the Procedures Orders, the redacted portions of the Motion and the Wachtel Missry Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

36.     The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Wachtel Missry Settlement Agreement, and (iii) contain the following information regarding the Wachtel Missry Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating

reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases.

37.     Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

38.     The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Wachtel Missry Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

39.     This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

40.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Wachtel Missry Settlement Agreement.

## EXHIBIT 6-A

**Day Pitney LLP Proposed Settlement Agreement**

**FILED UNDER SEAL**

## **EXHIBIT 6-B**

**Proposed Order Approving Day Pitney Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK *et al.*,                                 :    Adv. Proc. No. 22-50073 (JAM)
                                                      :
            Debtors.[1]                               :    Jointly Administered
                                                      :
------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SECOND OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND DAY PITNEY LLP**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "Day Pitney Settlement Agreement") between the Trustee and Day Pitney LLP

("Day Pitney") as more specifically described in the Motion and attached to the Motion as Exhibit

6-B; and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the

particular circumstances and it appears that no other or further notice need be provided, *see Order*

*Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

*Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

41.     The Motion is GRANTED with respect to the relief requested as to Day Pitney and the Day Pitney Settlement Agreement, as provided herein.

42.     Pursuant to Fed. R. Bankr. P. 9019, the Day Pitney Settlement Agreement is approved.

43.     As provided in the Court's Order granting the Motion to Seal with respect to the Motion, the redacted portions of the Motion and the Day Pitney Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

44.     The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases, which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Day Pitney Settlement Agreement, and (iii) contain the following information regarding the Day Pitney Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of

the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion to Compromise and settlement agreement in the jointly administered Chapter 11 cases.

45.    Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

46.    The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Day Pitney Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

47.    This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

48.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Day Pitney Settlement Agreement.