**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

-------------------------------------------------------------x
                  :

In re:                       : Chapter 11
                  :

HO WAN KWOK, *et al.*,     : Case No. 22-50073 (JAM)
                  :

        Debtors.[1]       : Jointly Administered
                  :

-------------------------------------------------------------x

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER: (I) SUPPLEMENTING, AMENDING, AND SUPERSEDING (A) ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING  THE HONORABLE JAMES J.  TANCREDI AS MEDIATOR, AND AMENDING ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS; AND (B) ORDER AMENDING ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND AMENDING ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS TO FACILITATE CONSENSUAL PRE-LITIGATION AND PRE-APPEARANCE MEDIATION; AND (II) APPROVING INTERVENTION OF APPROPRIATE AVOIDANCE DEFENDANTS IN OMNIBUS ALTER EGO ACTIONS AS TO ALTER EGO CLAIMS AGAINST SPECIFIED ALTER EGO DEFENDANTS**

Luc A. Despins, as chapter 11 trustee (the "Trustee") for Ho Wan Kwok (the "Debtor"),

hereby respectfully moves (the "Motion") for entry of an order, in the form of the proposed order

attached hereto as **Exhibit 1** (the "Proposed Order"), (i) supplementing, amending, and

superseding (a) the Court's *Order Directing Parties to Mediation, Appointing the Honorable

James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to

Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Litigation Procedures Order");

and (b) the Court's ordering amending the Litigation Procedures Order to approve procedures

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

applicable to consensual pre-litigation and pre-appearance mediation [ECF No. 3465] (the "Pre-Litigation Procedures Order" and, together with the Litigation Procedures Order, collectively, the "Procedures Orders"); and (ii) approving the intervention of relevant Avoidance Defendants in the Omnibus Alter Ego Actions.[2]  In support of this Motion, the Trustee states the following:

### PRELIMINARY STATEMENT

1.    This Motion requests the approval of Amended Avoidance Action Procedures, including appended Discovery Procedures (collectively, the "Amended Procedures"), governing litigation, mediation, and discovery in respect to the Trustee's Avoidance Claims.

2.    The Amended Procedures will streamline Mediation Proceedings, making the process voluntary and thus appropriately reserved for parties that are actively interested in pursuing settlement negotiation and thus most likely to benefit from Mediators' efforts.

3.    The Amended Procedures also adopt Discovery Procedures that are designed to provide for efficient discovery proceedings appropriate to the extraordinary circumstances of this Chapter 11 Case.  Where appropriate, these procedures provide for coordination of discovery proceedings (and, in particular, depositions), calculated to minimize duplicative process.

4.    Finally, by this Motion, the Trustee requests that the Court (a) approve relevant Avoidance Defendants' intervention in the Omnibus Alter Ego Actions as the sole mechanism for such defendants to dispute the Trustee's claims that certain entities (*i.e.*, the Specified Alter Ego Defendants) are alter egos of and/or that they or their property are equitably or beneficially owned by the Debtor (collectively, "Alter Ego Claims") by filing a Notice of Intervention in the appropriate Alter Ego Action on or before the later of: (a) thirty (30) days from the entry of the Proposed Order; or (b): in any Avoidance Action commenced after the filing of this Motion, sixty

---

[2]    All capitalized terms not defined in this Motion adopt the terms defined in the Procedures Orders and the Proposed Order, as applicable.

(60) days from service of the summons and adversary complaint, and order that all Avoidance Defendants (whether or not they have filed a Notice of Intervention) shall be bound by the Court's judgments in the Omnibus Alter Ego Actions as to the Specified Alter Ego Defendants.[3]

5.      Absent such an order, the Trustee expects that Avoidance Defendants will seek to re-litigate the Trustee's Alter Ego Claims against the Specified Alter Ego Defendants dozens (if not more) times in the hundreds of pending Avoidance Actions.  To state the obvious, this would be substantially inefficient and result in waste of judicial and Estate resources.

## **BACKGROUND**

6.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case.  No examiner has been appointed in the Chapter 11 Case.

8.      On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

9.      Since his appointment, the Trustee has investigated the Debtor's financial affairs, including, among other things, claims relating to prepetition transfers of interests of the Debtor in property and postpetition transfers of property of the Debtor's chapter 11 estate that were not

---

[3]      By seeking this relief, the Trustee does not waive but rather expressly maintains his position that all of the Court's existing rulings that certain entities are alter egos of and/or equitably or beneficially owned by the Debtor are effective and binding against the Avoidance Defendants.

authorized by the Court or under the Bankruptcy Code (collectively, "Avoidance Claims") as well as other Estate Claims.

10.    On January 29, 2024, the Court entered its *Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 2578] (the "Original Procedures Order"), establishing certain procedures governing litigation of the Avoidance Actions.

11.    Between February 9 and 15, 2024, the Trustee commenced an initial round of approximately 270 Avoidance Actions, *i.e.,* adversary proceedings to avoid and recover certain prepetition and postpetition transfers.

12.    On May 2, 2024, the Court entered its Litigation Procedures Order, amending and supplementing the Original Procedures Order, including, among other things, by adopting the Mediation Procedures.  Approximately fifty (50) Avoidance Defendants are presently engaged in Mediation Proceedings with the Trustee supervised by Judge Tancredi.

13.    In addition to filing Avoidance Actions, the Trustee has also stipulated with numerous parties to toll the Trustee's statute of limitations to commence adversary proceedings against them.  The Trustee is presently negotiating or otherwise communicating with these and other parties the Trustee believes may be subject to Estate Claims, as well as with counsel for Avoidance Defendants that have not yet appeared in the Avoidance Actions commenced by the Trustee (collectively, "Counterparties").

14.    To assist in resolution of Estate Claims, the Trustee requested, and the Court approved, the Pre-Litigation Procedures.  The Pre-Litigation Procedures provide a process whereby the Trustee may undertake Mediation Proceedings with Counterparties prior to the Trustee commencing suit against them or with Avoidance Defendants the Trustee has sued but whose counsel have not yet appeared in this Court.

15.     The Trustee has continued to file Avoidance Actions since the Trustee's initial filings in February 2024.  To date, the Trustee has filed approximately 400 Avoidance Actions against nearly 500 Avoidance Defendants.

**PROPOSED RELIEF**

16.     The Trustee proposes that the Court enter the Proposed Order amending and superseding the Procedures Orders in the following material respects:

17.     First, the Proposed Order provides for a single, simplified set of Mediation Procedures applicable to both appearing Avoidance Defendants (as provided in the Litigation Procedures Order) and non-appearing[4] Avoidance Defendants and counterparties not yet sued by the Trustee (as provided in the Pre-Litigation Procedures Order).  These simplified procedures also entrust to the Mediators' discretion the logistics and procedure of Mediation Proceedings and permit any party (*i.e.*, the Trustee or the applicable Avoidance Defendant or Counterparty) or the Mediator to terminate Mediation Proceedings at any time by filing a notice of termination.[5]  The lists of Stayed Avoidance Claims and Partially Stayed Avoidance Claims (*i.e.*, those claims specified in Exhibits 3-A and 3-B to the Amended Procedures) have also been revised; principally to reflect additional Avoidance Actions filed since April 2024 as well as amended complaints filed in certain pending actions.

---

[4]     "Non-appearing" in this context refers to Avoidance Defendants whose counsel have contacted the Trustee and indicated interest in pursuing settlement but have not filed notices of appearance in the relevant Avoidance Actions.  To be clear, where Avoidance Defendants do not appear and do not seek to negotiate a resolution with the Trustee, the Trustee has and will continue to pursue relief by default.

[5]     Specifically, the amended procedures provide the Mediator discretion to determine (i) the length and schedule of any sessions, (ii) the order and format of presentations, (iii) the location of sessions and whether sessions are to be held in-person or via videoconference, (iv) whether the Mediating Parties shall be required to provide written submissions, and (v) who will attend mediation sessions.  *See* Amended Procedures ¶ p.

18.    Second, the Proposed Order provides for the approval of Discovery Procedures pursuant to which the Trustee intends to undertake discovery with Avoidance Defendants.  Among other things, these Discovery Procedures:

a.    Provide for the Trustee to populate an electronic discovery Depository comprising documents subject to discovery by Avoidance Defendants.  *See* Discovery Procedures ¶¶ 2-4.  The Depository will be organized with Data Rooms covering subject matter foreseeably subject to discovery in Avoidance Actions.  Avoidance Defendants seeking further written discovery from the Trustee shall first diligently seek to obtain documents and information from the Data Rooms and must make reasonable efforts to coordinate with other Avoidance Defendants when multiple Avoidance Defendants are seeking discovery as to the same or similar subject matter.  *See id.* ¶ 6.

b.    Adopt a generally applicable Discovery Schedule in Avoidance Actions, subject to modification by up to ninety (90) days by stipulation of the parties and subject to further modification by order of the Court.  *See id.* ¶ 5.

c.    Require Avoidance Defendants to coordinate in conducting deposition discovery including through omnibus deposition proceedings to minimize the risk that the same witnesses repeatedly deposed as to the same subject matter.  *See id.* ¶ 10.

19.    Finally, the Proposed Order provides that Avoidance Defendants that have standing and that wish to dispute the Trustee's claims that certain defendants (*i.e.*, the Specified Alter Ego Defendants)[6] in *Despins v. ACA Capital Group Ltd., et al.*, Adv. Proc. No. 24-05249 (the "<u>First</u>

---

[6]    The Specified Alter Ego Defendants are: G Club International Limited; G Club Operations LLC; Himalaya International Financial Group Limited; Himalaya International Reserves Limited; Himalaya International Clearing Limited; Himalaya International Payments Limited; Himalaya Currency Clearing Pty Ltd.; ACA Capital Group Ltd.; Hamilton Capital Holding Limited; Hamilton Investment Management Limited; Hamilton Opportunity Fund SPC; Anton Development Limited; Eastern Profit Corporation Limited; Gold Perfect Limited; Group Dynasty Limited; Joy Chance Holdings Limited; Pacific King Investment Limited; Strong Country

Omnibus Alter Ego Action"), and *AA Global Ventures Limited, et al.*, Adv Proc. No. 24-05233 (the "Second Omnibus Alter Ego Action" and, together with the First Omnibus Alter Ego Action, collectively, the "Omnibus Alter Ego Actions") are alter egos of and/or equitably or beneficially owned by the Debtor may intervene in the applicable Omnibus Alter Ego Action(s) and that, irrespective of such intervention, Avoidance Defendants shall be bound by any judgments entered in the Omnibus Alter Ego Actions with respect to the Specified Alter Ego Defendants.

## **BASIS FOR REQUESTED RELIEF**

20.     The procedures in the Proposed Order provide orderly procedures for further litigation of the Trustee's Avoidance Claims.

### A.  **Mediation Proceedings**

21.     Mediation Proceedings have provided the Trustee and Avoidance Defendants and Counterparties with a valuable resource to pursue negotiated resolutions of Avoidance Claims where the defendant is interested in doing so.  The Trustee intends to continue to utilize Mediation Proceedings through the Mediation Procedures in the Amended Procedures.

22.     At the same time, some of the Avoidance Defendants presently referred to Mediation Proceedings have shown little if any interest in seeking to negotiate a settlement.

23.     To date, litigation of the Trustee's claims against Avoidance Defendants in Mediation Proceedings has been stayed; except for many of these defendants' participation in omnibus motion to dismiss briefing.[7]  Litigation should proceed with respect to Avoidance Defendants that are not interested in actively pursuing settlement through mediation.  Moreover,

---

Holdings Group Limited; AAGV Limited; Joincorp International Limited; Hong Kong International Funds Investments Limited; and Ampleforth Capital Ltd.

[7]   Certain Avoidance Defendants initially premised joint motion to dismiss briefing as a development that would assist the parties in making progress in settlement negotiations.  However, after this Court ruled, rather than reengaging in Mediation Proceedings, most Avoidance Defendants unsuccessfully sought to pursue an interlocutory appeal in the District Court.

voluntary Mediation Proceedings will ensure that the valuable resource of the Mediators' time and attention are conserved for disputes where the parties are most likely to benefit (*i.e.*, those where the parties are actually interested in pursuing settlement).

24.     Under this revised structure, it is also sensible to defer to the Mediators' discretion as to matters of logistics and procedure (scheduling and format of proceedings, etc.).  In any event, to date parties have generally deferred to the Mediators as to these matters and, where mutual interest exists in pursuing settlement negotiations, the parties have approached Mediation Proceedings cooperatively and with flexibility.

**B.   Discovery Procedures**

25.     The Court should also approve the proposed Discovery Procedures governing discovery proceedings in Avoidance Actions.  The scope and complexities of the Debtor's fraudulent shell game are manifest, and the Trustee's investigation has amassed a trove of documents and information, much of which is likely subject to discovery in Avoidance Actions.

26.     Moreover, many Avoidance Actions will involve discovery as to similar or identical subject matter.  Accordingly, the Trustee has proposed commonsense measures to institute efficiencies and, wherever possible, limit unnecessarily duplicative discovery proceedings.

27.     First, providing for the Trustee to produce documents by way of an electronic Depository organized into Data Rooms based on common subject matter, rather than on a defendant-by-defendant basis, will promote efficiency.[8]  It will also benefit Avoidance Defendants by offering them access to the Trustee's written production at the outset of discovery proceedings, without the need to serve written discovery.

---

[8]     As discussed in the Discovery Procedures, *see* ¶ 5(a), the specific Data Rooms to which Avoidance Defendants are granted access will be determined on a Defendant-by-Defendant basis, based on the Avoidance Claims subject to litigation with respect to any defendant.

28.     Further efficiencies will be achieved and redundancies avoided by requiring Avoidance Defendants to meet and confer with the Trustee prior to serving Written Discovery Requests, and requiring defendants to look first to the Depository for documents and information and to reasonably coordinate with other Avoidance Defendants as to written discovery involving similar subject matter.

29.     These procedures are particularly appropriate here, where the vast majority of the Trustee's documents and information are not his own business documents but rather a collection of materials amassed in conducting a years'-long Bankruptcy Rule 2004 investigation.

30.     Second, the generally applicable Discovery Schedule, subject to extension on a claim-by-claim basis, will balance the efficiencies of uniform scheduling with flexibility to provide for adjustments where warranted.  This procedure will also dispense with the need for the Court to hold many dozens of pretrial conferences for discovery scheduling in the near future.

31.     Third, by requiring parties engaged in discovery to coordinate in holding depositions, the Discovery Procedures will reduce the need for repetitive depositions.  Allowing depositions to proceed in an uncoordinated manner risks numerous parties issuing deposition notices and subpoenas as to the same deponents.  Not only would this waste the Trustee's time (and thus Estate resources), it would almost certainly lead to diminished cooperation by third-party witnesses, who, understandably, will not be inclined to repeatedly sit for depositions concerning the same subject matter.

## C.  Intervention Notices

32.     Finally, the Court should order that Avoidance Defendants wishing to dispute the Trustee's claims that the Specified Alter Ego Defendants are the Debtor's alter egos and/or that they or their property are equitably or beneficially owned by the Debtor may do so only by timely

intervention in the Omnibus Alter Ego Actions. The claims that the Trustee has asserted in the Omnibus Alter Ego Actions underpin the Trustee's avoidance claims with respect to transfers made via the Specific Alter Ego Defendants. Indeed, for this reason, the Trustee's Avoidance Complaints asserting claims as to such transfers generally incorporate by reference the Trustee's adversary complaints filed in the Omnibus Alter Ego Actions.

33.    Federal Rule of Civil Procedure 24(b), applicable to the Avoidance Actions pursuant to Federal Rule of Bankruptcy Procedure Rule 7024, provides for the Court to approve the permissive intervention of any party having "a claim or defense that shares with the main action a common question of law or fact."

34.    In the absence of a single forum to adjudicate the Trustee's claims against the Specified Alter Ego Defendants, the Trustee expects that numerous Avoidance Defendants may seek to re-litigate the same legal and factual disputes in dozens of Adversary Proceedings. The result would impose substantial unnecessary costs and delays on the parties and the Court and risks creating myriad repetitive proceedings. For the avoidance of doubt, Avoidance Defendants will be bound by any ruling as to the Specified Alter Ego Defendants in the Omnibus Alter Ego Actions whether or not the Trustee's claims against the Avoidance Defendants are otherwise stayed for any reason (including, without limitation, because they are listed on Exhibits 3-A or 3-B to the Amended Procedures or because they are subject to Mediation Proceedings).

35.    To be clear, the right to intervene should be limited to Avoidance Defendants that possess standing to dispute these matters (*i.e.*, where the Trustee has asserted that transfers were made to the Avoidance Defendants via one or more Specified Alter Ego Defendants). Accordingly,

the Court should permit the Trustee to object to any Notice of Intervention where the Avoidance Defendant at issue lacks standing.[9]

## MEET-AND-CONFER PROCESS

36.     On or before June 17, 2025, the Trustee filed an initial draft of the Amended Procedures in all Avoidance Actions pending at that time.  In doing so, the Trustee solicited feedback from all Avoidance Defendants as to the proposed revised procedures.

37.     The Trustee has considered written feedback from more than two dozen Avoidance Defendants.  The Trustee has also held multiple, lengthy meet-and-confer sessions with counsel for nearly 20 Avoidance Defendants.

38.     Through this process, in consideration of the feedback received, the Trustee has made numerous and substantial adjustments to the Amended Procedures (and, in particular, the proposed Discovery Procedures).  Indeed, last month the Trustee circulated a revised draft of the Amended Procedures to Avoidance Defendants that initially submitted comments, which draft the Trustee has still further revised in consideration of additional feedback.

## NOTICE AND NO PRIOR REQUEST

39.     The Trustee will file this Motion, and any notice or order scheduling a hearing on this Motion (the "Hearing Notice"), in: (a) the Chapter 11 Case, (b) all pending Avoidance Actions (whether or not stayed), and (c) the Omnibus Alter Ego Actions.  Notice will thus be given to all appearing parties in these proceedings eligible to receive electronic notice.  The Trustee will also send the Motion and any Hearing Notice via U.S. Mail to all non-appearing Avoidance Defendants.

---

[9]     By seeking this relief, the Trustee does not waive but rather expressly maintains his position that all of the Court's existing rulings that certain entities are alter egos of and/or equitably or beneficially owned by the Debtor are effective and binding against the Avoidance Defendants.

The foregoing constitutes due and sufficient notice, and the Trustee submits that no further notice should be required.

40.     No other or prior motion for the relief sought herein has been made to this Court or any other Court.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**WHEREFORE**, the Court should grant this Motion by entry of the Proposed Order and grant such other and further relief as is just and proper.

Dated:      August 28, 2025
            New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

*and*

Nicholas A. Bassett *(*admitted *pro hac vice*)
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6690
aviluft@paulhastings.com

*Counsel for the Chapter 11 Trustee*

**<u>EXHIBIT 1</u>**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                 :

In re:                         :  Chapter 11
                                 :

HO WAN KWOK, *et al.*,         :  Case No. 22-50073 (JAM)
                                 :

         Debtors.[1]        :  Jointly Administered
                                 :

---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING**
**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER: (I) SUPPLEMENTING, AMENDING, AND SUPERSEDING (A) ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND AMENDING ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS; AND (B) ORDER AMENDING ORDER DIRECTING PARTIES TO MEDIATION, APPOINTING THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND AMENDING ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS TO FACILITATE CONSENSUAL PRE-LITIGATION AND PRE-APPEARANCE MEDIATION; AND (II) APPROVING INTERVENTION OF APPROPRIATE AVOIDANCE DEFENDANTS IN OMNIBUS ALTER EGO ACTIONS AS TO ALTER EGO CLAIMS AGAINST SPECIFIED ALTER EGO DEFENDANTS**

Upon the motion (the "Motion") of Luc A. Despins, in his capacity as Chapter 11 Trustee

(the "Trustee") for Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") (i)

supplementing, amending, and superseding (a) the Court's *Order Directing Parties to Mediation,*

*Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the

"Litigation Procedures Order"); and (b) the Court's ordering amending the Litigation Procedures

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Order to approve procedures applicable to consensual pre-litigation and pre-appearance mediation [ECF No. 3465] (the "Pre-Litigation Procedures Order" and, together with the Litigation Procedures Order, collectively, the "Procedures Orders"); and (ii) approving the intervention of relevant Avoidance Defendants in *Despins v. ACA Capital Group Ltd., et al.*, Adv. Proc. No. 24-05249 (the "First Omnibus Alter Ego Action"), and/or *AA Global Ventures Limited, et al.*, Adv Proc. No. 24-05233 (the "Second Omnibus Alter Ego Action" and, together with the First Omnibus Alter Ego Action, collectively, the "Omnibus Alter Ego Actions") for certain purposes; and the Court having found that the relief requested in the Motion is in the best interest of the Debtor's chapter 11 estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon proceedings at a hearing held on _____ __, 2025; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The *Amended Avoidance Litigation and Mediation Procedures*, including, without limitation, the appended Discovery Procedures (collectively, the "Amended Procedures") appended hereto as **Exhibit A** are hereby approved and so ordered.[2]

3.      This Order and the Amended Procedures appended hereto shall amend and supersede the existing Procedures Orders.

4.      On or before the later of: (a) thirty (30) days from the entry of this Order; or (b): in any Avoidance Action commenced after the filing of the Motion, sixty (60) days from service of the summons and adversary complaint, any Avoidance Defendant wishing to dispute the Trustee's

---

[2]   Capitalized terms not expressly defined in this Order shall adopt the meanings ascribed to them in the Amended Procedures.

claims that any of G Club International Limited; G Club Operations LLC; Himalaya International Financial Group Limited; Himalaya International Reserves Limited; Himalaya International Clearing Limited; Himalaya International Payments Limited; Himalaya Currency Clearing Pty Ltd.; ACA Capital Group Ltd.; Hamilton Capital Holding Limited; Hamilton Investment Management Limited; Hamilton Opportunity Fund SPC; Anton Development Limited; Eastern Profit Corporation Limited; Gold Perfect Limited; Group Dynasty Limited; Joy Chance Holdings Limited; Pacific King Investment Limited; Strong Country Holdings Group Limited; AAGV Limited; Joincorp International Limited; Hong Kong International Funds Investments Limited; and/or Ampleforth Capital Ltd. (collectively, the "Specified Alter Ego Defendants") are alter egos of and/or that they or their property are equitably or beneficially owned by the Debtor (such claims, collectively, "Alter Ego Claims") shall file a *Notice of Intervention* in the Omnibus Alter Ego Action in which such claims are pending. The Notice of Intervention shall identify the intervening Avoidance Defendant and identify the specific Alter Ego Claims as to which the Avoidance Defendant seeks to intervene.

5.      The intervening Avoidance Defendant's right to participate in proceedings in Omnibus Alter Ego Actions shall be limited to those claims that the Avoidance Defendant has identified and has standing to dispute. No Notice of Intervention shall be effective unless timely filed.

6.      Within thirty (30) days of the filing of any Notice of Intervention, the Trustee may object to an Avoidance Defendant's intervention in an Omnibus Alter Ego Action by filing an objection in the relevant Omnibus Alter Ego Action for the following reasons: (a) the Trustee disputes the Avoidance Defendant's standing to participate in the Omnibus Alter Ego Action or the scope of intervention described in the Notice of Intervention exceeds such standing; or (b) the

3

Notice of Intervention is untimely.  Following the filing of such an objection, the relevant Avoidance Defendant may file a reply withing fourteen (14) days, following which the Court shall resolve the Trustee's objection.  In the absence of an objection by the Trustee, the Avoidance Defendant's intervention in the Omnibus Alter Ego Action to the extent described in the Notice of Intervention shall be deemed approved.

7.      Any judgments entered in the Omnibus Alter Ego Actions with respect to the Specified Alter Ego Defendants shall be binding on all Avoidance Defendants, irrespective of whether an Avoidance Defendant filed a Notice of Intervention in the relevant Omnibus Alter Ego Action.  For the avoidance of doubt, and notwithstanding anything to the contrary in the Amended Procedures, this shall include Avoidance Defendants against which the Trustee's Avoidance Claims are otherwise stayed.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9.      This Order shall be effective immediately upon entry.

## **Exhibit A**

**(Amended Avoidance Litigation and Mediation Procedures)**

## Amended Avoidance Litigation and Mediation Procedures

a.      The Amended Avoidance Action Procedures (as may be further amended, the "Amended Procedures") shall apply to: (i) any adversary proceedings commenced by the Trustee on or after February 1, 2024, in which the Trustee asserts claims solely under sections 544, 547, 548, 549, and 550 of the Bankruptcy Code and analogous claims under applicable state law (the "Avoidance Actions"); and/or (ii) in respect to Mediation Procedures (as defined herein) to any claims asserted or that may be asserted by the Trustee.

b.      Upon filing a complaint commencing any Avoidance Action (an "Avoidance Complaint"), the Trustee shall file a *Notice of Applicability of Amended Avoidance Litigation and Mediation Procedures* in a form substantially similar to that attached hereto as **Exhibit 1** (the "Amended Procedures Notice"). The Trustee shall serve a copy of the Amended Procedures Notice on each defendant in an Avoidance Action (an "Avoidance Defendant") together with the Summons and Avoidance Complaint pursuant to Bankruptcy Rule 7004.

c.      Motions affecting multiple Avoidance Actions shall be filed in each applicable Avoidance Action and shall use a caption substantially in the form attached hereto as **Exhibit 2**.

d.      To the extent that an Avoidance Complaint (including exhibits) contains information that is designated confidential or highly confidential pursuant to the amended Protective Order [Main Case ECF Nos. 923, 3264, 4448] (as may be further modified, the "Protective Order") and the amended Stipulated Addendum to Protective Order [Main Case ECF Nos. 2460, 3264, 4448] (as may be further modified, the "P.O. Addendum"), the Trustee may file the Avoidance Complaint under seal (a "Sealed Avoidance Complaint"), *provided, however*, the Trustee shall file unsealed a copy of the Avoidance Complaint that redacts any information that is designated confidential or highly confidential (a "Redacted Avoidance Complaint"). Service of a Redacted Avoidance Complaint shall constitute sufficient service of a complaint as required by Bankruptcy Rule 7004. Notwithstanding anything to the contrary in the Protective Order and the P.O. Addendum, upon any Avoidance Defendant and its counsel each executing copies of Exhibit A to the Protective Order and, if applicable, Exhibit A to the P.O. Addendum (a "P.O. Consent"), the Trustee may provide a copy of the unredacted Avoidance Complaint to such Avoidance Defendant. Following the appearance of any self-represented Avoidance Defendant, such Avoidance Defendant shall confer with counsel for the Trustee and advise whether they prefer to receive notice by email or by U.S. Mail and the Trustee shall provide any required notices to the self-represented Avoidance Defendant consistent with their stated preference.

e.      An Avoidance Defendant's time to respond to any Avoidance Complaint (the "Response Date") shall be sixty (60) days from the date that service is effected on such Avoidance Defendant, *provided, however*, that, without further order of the Court, the Trustee and any Avoidance Defendant may stipulate to further extend the defendant's Response Date up to ninety (90) additional days. Any such stipulation shall be made in writing and the Trustee shall file such stipulation or otherwise shall file a notice of the stipulated extension on the docket in the applicable Avoidance Action. Notwithstanding anything herein to the contrary:

i.      The claims against Avoidance Defendants set forth on **Exhibit 3-A** attached hereto (the "Stayed Avoidance Claims") shall be stayed pending further order of the Court. At such time that the stay of the Stayed Avoidance Claims is lifted, the Court shall determine whether the Stayed Avoidance Claims shall be subject to the Mediation Procedures and set deadlines for Avoidance Defendants in such actions to respond to the Avoidance Complaints.  For the avoidance of doubt, notwithstanding such stay, certain aspects of Stayed Avoidance Claims may be subject to litigation and binding adjudication through the procedure described in the Court's Order approving these Amended Procedures (*i.e.*, in the Omnibus Alter Ego Actions, as defined in the Court's Order).

ii.      The claims against Avoidance Defendants set forth on **Exhibit 3-B** attached hereto (the "Partially Stayed Avoidance Claims") shall be stayed pending further order of the Court solely as to any legal or factual issues concerning whether AA Global Ventures Limited; AAGV Limited; Alzarro Enterprises Ltd.; Ampleforth Capital Ltd.; Assets Sino Limited; Auspicious Coast Limited; BSA Strategic Fund I; Canadian Agri-product Monetary Investments Limited; Crane Advisory Group LLC; Delta Konsult Limited; Eagle Eye Investments Limited; Fiesta Investment Ltd.; Glory Asia (H.K.) Limited; Gold Perfect Limited; Group Dynasty Limited; GS Security Solutions Inc.; Guang Hong Limited; H Reserve Management Limited; Head Win Group Limited; Holy City Hong Kong Ventures Limited; Hong Kong International Funds Investments Limited; Hudson Diamond Holdings, Inc.; Infinity Treasury Management Inc.; Insight Phoenix Fund; Joincorp International Limited; Joy Chance Holdings Limited; Kingdom Rich Limited; Long Gate Limited; New Miracle Limited; Pacific King Investment Limited; Rich Group Development Limited; Rising Sun Capital Ltd.; River Valley Operations LLC; Sail Victory Limited; Strong Country Holdings Group Limited; Thousand Stars Company Limited; New Dynamic Development Limited; ACA Capital Group Ltd, Anton Development Limited, G Club International Limited, G Club Operations LLC, G Fashion, G Fashion Media Group Inc., GFNY Inc., Hamilton Capital Holding Ltd, Himalaya International Clearing Ltd, Leading Shine Limited, Rule of Law Foundation III Inc., Rule of Law Society IV Inc., Saraca Media Group Inc., AA Global Ventures Limited, AAGV Limited, Alzarro Enterprises Ltd., Ampleforth Capital Ltd., Assets Sino Limited, Auspicious Coast Limited, BSA Strategic Fund I, Canadian Agriproduct Monetary Investments Limited, Crane Advisory Group LLC, Delta Konsult Limited, Eagle Eye Investments Limited, Fiesta Investment Ltd., Glory Asia (H.K.) Limited, Gold Perfect Limited, Group Dynasty Limited, GS Security Solutions Inc., Guang Hong Limited, H Reserve Management Limited, Head Win Group Limited, HGA Property Operation LLC, Holy City Hong Kong Ventures Limited, Hong Kong International Funds Investments Limited, Hudson Diamond Holdings, Inc., Infinity Treasury Management Inc., Insight Phoenix Fund, Joincorp International Limited, Joy Chance Holdings Limited, Kingdom Rich Limited, Long Gate Limited, New Miracle Limited, Pacific King Investment Limited, Rich Group Development Limited, Rising Sun Capital Ltd., River Valley Operations LLC, Sail Victory

Limited, Strong Country Holdings Group Limited, and/or Thousand Stars Company Limited were alter-egos of the Debtor and/or whether the property of such entities was property of the Debtor and/or of the Debtor's chapter 11 estate (collectively, the "Stayed Issues"). For the avoidance of doubt, Stayed Issues may be mediated on a voluntary basis and may also be subject to litigation and binding adjudication through the procedure described in the Court's Order approving these Amended Procedures (*i.e.*, in the Omnibus Alter Ego Actions, as defined in the Court's Order).

        iii.    Upon or after the filing of any new Avoidance Action, the Trustee may designate claims in such action to be Stayed Avoidance Claims or Partially Stayed Avoidance Claims by filing a notice of such designation (a "Stay Designation Notice") in the relevant Avoidance Action. Any Avoidance Defendant wishing to challenge a Stay Designation Notice shall file a response to such notice in the relevant Avoidance Action within seven (7) days of appearing in same, to which the Trustee may reply within fourteen (14) days of the filing of such response. Any disputes over a Stay Designation Notice shall be determined by the Court.

        f.    In the event that any Avoidance Defendant responds to an Avoidance Complaint by filing a motion pursuant to Civil Rule 12, the Trustee shall have sixty (60) days to respond to such motion, *provided, however*, if such a motion is filed with respect to claims that are stayed or with respect to claims that become stayed while such a motion is pending, the Trustee shall have sixty (60) days to respond to such motion following the termination of the stay. An Avoidance Defendant shall have thirty (30) days to reply to any response by the Trustee to a motion filed pursuant to Civil Rule 12.

        g.    Unless otherwise ordered by the Court, no initial pretrial conference pursuant to Bankruptcy Rule 7016 will be held prior to discovery in any Avoidance Action and, accordingly, the Summons issued by the Clerk of the Court and served by the Trustee will not include a date for a pretrial conference. To the extent that a party to an Avoidance Action believes that a pretrial conference is necessary to address scheduling or other issues, any party may request such a conference at any time by filing a request on the docket in the Avoidance Action.

        h.    Discovery in any Avoidance Action as to any claims that are not stayed shall be conducted pursuant to the discovery procedures (the "Discovery Procedures") appended hereto as **Exhibit 4**. Civil Rule 26 (to the extent incorporated by Bankruptcy Rule 7026), and District of Connecticut Local Civil Rule 7026-1, shall apply to the Avoidance Actions, except to the extent that they are expressly modified by the Amended Procedures (including, without limitation, the appended Discovery Procedures). For the avoidance of doubt, the stay effective during Mediation Proceedings shall include all formal discovery but shall not preclude any informal exchange of documents or information on a voluntary basis or as an Assigned Mediator (as defined herein) may direct.

        i.    Any party to an Avoidance Action may request that these Amended Procedures be modified as applied in such Avoidance Action for good cause shown. Such modification shall be requested by motion filed in the applicable Avoidance Action.

j.      Any claims asserted or that may be asserted by the Trustee, including, without limitation, Avoidance Claims, shall be subject to the following procedures described in paragraphs (k) through (w) herein governing mediation proceedings (the "Mediation Procedures").

k.      The Trustee and any other party the Trustee believes may be subject to claims owned by the Estate (a "Counterparty") may stipulate (a "Mediation Stipulation") to refer the Trustee's claims against such Counterparty (the "Mediated Claims") to non-binding mediation proceedings (as set forth herein, the "Mediation Proceedings"). Mediation Stipulations shall be made as follows:

i.      Mediation Stipulations shall be made in writing signed by the Trustee and the applicable Counterparty and shall confirm that the Trustee and the Counterparty consent to the Mediation Procedures.

ii.     Mediation Stipulations in pending Avoidance Actions shall be filed in the applicable Avoidance Action.

iii.    Mediation Stipulations shall be submitted to Judge Tancredi (a "Mediation Referral") with joint correspondence (whether by letter or by email) to Judge Tancredi's mediation email address attaching the applicable Mediation Stipulation and briefly (and in a non-argumentative manner) describing the Mediated Claims.

l.      If the Trustee has already commenced litigation against a Counterparty at the time that the Trustee and the Counterparty (collectively, the "Mediating Parties") execute the Mediation Stipulation, litigation shall be stayed (including, without limitation, as to such Counterparty's obligation to respond to the Avoidance Complaint) until the conclusion of Mediation Proceedings. If any litigation deadlines would otherwise expire during Mediation Proceedings or within thirty (30) days following the termination thereof, such deadlines shall be suspended until the first business day that is thirty (30) days following the termination of Mediation Proceedings, *provided, however*, as to any deadline for the Trustee to respond to a motion filed pursuant to Civil Rule 12 prior to or during Mediation Proceedings, the Trustee's deadline to respond to such motion shall be the first business day that is sixty (60) days following the termination of Mediation Proceedings. For the avoidance of doubt, notwithstanding such stay, certain aspects of Mediated Claims may be subject to litigation and binding adjudication through the procedure described in the Court's Order approving these Amended Procedures (*i.e.*, in the Omnibus Alter Ego Actions, as defined in the Court's Order).

m.      United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi") has been appointed as the lead mediator, *see* original *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Main Case ECF No. 3163], and shall continue to oversee all Mediation Proceedings, *provided, however*, mediations shall be conducted by Judge Tancredi or by a mediator from an approved panel of mediators (the "Mediation Panel"). The members of the Mediation Panel shall be selected by Judge Tancredi, subject to the Court's approval of the appointment of each such mediator and rates of compensation applicable to same. For the avoidance of doubt, the Trustee or any Counterparty may suggest potential mediators for

4

appointment to the Mediation Panel to Judge Tancredi and Judge Tancredi may in his discretion consult with the Trustee or such Counterparty regarding their suggestions. The Trustee shall request the Court's approval of mediators selected by Judge Tancredi by filing a motion in the Main Case only with notice filed in any pending Avoidance Actions, and the appointment of a mediator to the Mediation Panel shall become effective upon approval by the Court following the Court's consideration of the motion and any objections or responses to same. All matters concerning the responsibility of parties to Mediation Proceedings to compensate any Assigned Mediator shall be reserved pending the assignment of any mediators to a Mediation Panel that require compensation, if any.

n.      Upon a Mediation Referral, Judge Tancredi shall assign the Mediated Claims to be mediated by himself or by a member of the Mediation Panel (the "Assigned Mediator"). Judge Tancredi may also order that related Mediation Proceedings (including, where appropriate, where claims are asserted against multiple defendants in a single Avoidance Action) be consolidated. Upon notification of their assignment, the Assigned Mediator shall determine whether they have any conflicts with respect to the Mediated Claims and, in the event of a conflict, shall recuse themself and not act in the particular mediation unless such conflict is disclosed to and expressly waived by the Mediating Parties. If the Assigned Mediator is recused, Judge Tancredi shall assign an alternative mediator from the Mediation Panel or shall assign himself to the mediation. If a Mediating Party believes that a conflict of interest precludes the service of the Assigned Mediator or otherwise opposes the assignment of the Assigned Mediator, such party may seek the assignment of a different Assigned Mediator by letter submitted to Judge Tancredi through his mediation email address (with copies to the opposing party and the Assigned Mediator).

o.      All proceedings and writings incident to Mediation Proceedings shall be considered privileged and confidential and subject to all protections of Federal Rule of Evidence 408 and shall not be reported or admitted as evidence for any reason except to prove that a party failed to comply with the Mediation Procedures. No stenographic, written, electronic, or any other form of recording or internet posting shall be made at any time during or after the Mediation Proceedings except to memorialize a definitive settlement agreement approved by Judge Tancredi. Judge Tancredi (including, without limitation, in his capacity as lead mediator and as an Assigned Mediator), any other Assigned Mediator, and their respective agents, shall have absolute judicial immunity as provided under state, federal, and common law, from liability for any act or omission in connection with the Mediation Proceedings, and from compulsory process to testify or produce documents in connection with the Mediation Proceedings except as set forth in this paragraph, and shall be held harmless by all Mediating Parties. Neither any Assigned Mediator nor Judge Tancredi shall be subpoenaed or called as a witness or expert by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Assigned Mediator (including his/her agents, partners, or employees of their respective law firms or organizations) or Judge Tancredi (including his agents, partners, or employees), *provided, however*, subject to Court order, the Assigned Mediator or Judge Tancredi may be called as a witness by any party and may be compelled to testify on a limited basis in

proceedings where it is alleged that a party failed to comply with the Mediation Procedures. Any documents provided to the Assigned Mediator or Judge Tancredi by the parties shall be destroyed within thirty (30) days after the termination of Mediation Proceedings unless the Court orders otherwise.

       p.      The Assigned Mediator shall preside over any mediation sessions and the rules of evidence shall not apply.  The Assigned Mediator shall determine the format of any mediation sessions, including, without limitation, (i) the length and schedule of any sessions, (ii) the order and format of presentations, (iii) the location of sessions and whether sessions are to be held in-person or via videoconference, (iv) whether the Mediating Parties shall be required to provide written submissions, and (v) whether counsel only and/or client representatives with authority to settle Mediated Claims shall be required to attend mediation sessions.  The Assigned Mediator may implement any procedures which are reasonable and practical under the circumstances. Judge Tancredi is authorized to seek any amendments to the Mediation Procedures during the Mediation Proceedings that he believes are necessary to assist with the mediation. Any Mediating Party may communicate *ex-parte* with the Assigned Mediator to the extent that their Assigned Mediator deems appropriate. The Trustee and his counsel may communicate *ex-parte* with Judge Tancredi concerning the implementation of these Mediation Procedures, the selection of mediators to the Mediation Panel, the categorization of Avoidance Actions, and/or any recommendations issued by Judge Tancredi to the Court.

       q.      Mediating Parties shall participate in Mediation Proceedings pursuant to the Mediation Procedures and as directed by the applicable Assigned Mediator in good faith and with a view toward reaching a consensual resolution. An Assigned Mediator may report any noncompliance with the Mediation Procedures to the Court by a written notice, which Judge Tancredi shall cause to be filed in any applicable adversary proceeding or otherwise in the Main Case. If a Mediating Party fails to comply with the Mediation Procedures, the Court may (with or without the filing of a motion by any party) schedule a hearing to consider the appropriateness of sanctions against the noncompliant party. Such sanctions may include, without limitation, assessing costs of the Mediation Proceedings and/or the opposing party's attorneys' fees against the noncompliant party. Additionally, in cases of willful, persistent, or egregious noncompliance, the Court may enter a default judgment or dismissal against the party that failed to comply with the Mediation Procedures. Failure to achieve settlement and/or termination of Mediation Proceedings alone cannot constitute grounds for a finding of "bad faith" or the imposition of sanctions. An Assigned Mediator (other than Judge Tancredi) may at any time and for any reason recommend to Judge Tancredi that Mediation Proceedings as to any Mediated Claims be reassigned.

       r.      If Mediation Proceedings are successful in achieving a settlement of the Mediated Claims, in whole or in part, the Assigned Mediator shall prepare a report (the "Mediator's Report") indicating whether the Mediating Parties adhered to these Mediation Procedures.  The Assigned Mediator may, but shall not be required, to indicate in such Mediator's Report whether the Assigned Mediator believes that the proposed settlement that the economics and terms of the

settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007). If the Mediated Claims are the subject of a pending adversary proceeding, Judge Tancredi shall cause the Mediator's Report to be filed in the applicable adversary proceeding. If the Mediated Claims are not the subject of a pending adversary proceeding, the Assigned Mediator shall transmit the Mediator's Report to the Trustee and the Trustee shall provide a copy of such report to the applicable Counterparty. The Mediator's Report shall not address the substance of mediation discussions or provide details of any settlement that might be reached.

s.      The Trustee shall file a motion requesting Court approval as soon as practicable following the issuance of any Mediator's Report indicating a full or partial settlement. The Trustee may submit a motion seeking such approval under seal (with access limited to the Trustee, the relevant Counterparty, counsel for the Official Committee of Unsecured Creditors, and the United States Trustee) to the extent the Trustee believes that public disclosure of the settlement terms would harm the estate and/or would implicate commercially sensitive or otherwise confidential information public disclosure of which would prejudice parties to the settlement. Where a motion is filed under seal, the Trustee shall file on the public docket a copy of the motion that redacts any commercially sensitive or otherwise confidential information.

t.      Members of the Mediation Panel shall regularly consult with Judge Tancredi concerning the status of Mediation Proceedings to which they are assigned. Judge Tancredi may submit reports to the Court regarding the progress of Mediation Proceedings and any recommendations of Judge Tancredi to promote the efficient administration of the Avoidance Actions and/or Mediated Claims. Such reports shall be issued in writing and filed on the docket in the Main Case with notice to any Avoidance Defendants that would be impacted by any recommendations of Judge Tancredi. Upon a hearing considering Judge Tancredi's recommendations and any timely written response but without need for the filing of a motion, the Court may enter further orders addressing such recommendations.

u.      The Mediation Procedures shall be subject to modification by further order of the Court, including, without limitation, by a motion filed in the Main Case by the Trustee or any party in interest for good cause shown, or otherwise as the Court deems appropriate, including, without limitation, based upon Judge Tancredi's recommendations.

v.      Mediation Proceedings shall terminate upon the earliest of the issuance of a Mediator's Report indicating a complete resolution of the Mediating Parties' Mediated Claims, a written notice of termination by any Mediating Party or Judge Tancredi (a "Termination Notice"), or an order of the Court terminating such proceedings. Any Termination Notice shall be served on the following parties (as applicable): (i) the Trustee, (ii) the Counterparty, (iii) the Assigned Mediator, and (iv) Judge Tancredi. If the Termination Notice applies to Mediated Claims that are the subject of an adversary proceeding, the issuing party shall cause the Termination Notice to be filed in the applicable adversary proceeding. A Termination Notice may be issued at any time by any of the foregoing parties and for any reason. For the avoidance of doubt, Judge Tancredi may

7

issue a Termination Notice immediately upon a Mediation Referral if Judge Tancredi declines to accept the Mediated Claims for Mediation Proceedings.

      w.     Notwithstanding anything in these Amended Procedures to the contrary, these Mediation Procedures may be modified by the Court upon the request of the Trustee or any other party in interest, or as otherwise ordered by the Court (including, without limitation, upon recommendations issued by Judge Tancredi), upon a motion filed in the Main Case only in accordance with any applicable rules, provided, however, the revised Mediation Procedures, upon approval, shall be filed in all Avoidance Actions.

## **EXHIBIT 1**

**(Amended Procedures Notice)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
------------------------------------------------------- x
                                              :
In re:                                        :        Chapter 11
                                              :
HO WAN KWOK, et al.,¹                         :        Case No. 22-50073 (JAM)
                                              :
                    Debtors.                  :        (Jointly Administered)
                                              :
------------------------------------------------------- x
                                              :
LUC A. DESPINS, CHAPTER 11                    :
TRUSTEE,                                      :
                                              :        Adv. Proceeding No. xx-xxxxx
                    Plaintiff,                :
v.                                            :
                                              :
                                              :
[                     ],                      :
                                              :
                    Defendant.                :
                                              :
------------------------------------------------------- x
```

[FORM OF] NOTICE OF APPLICABILITY OF
AMENDED AVOIDANCE LITIGATION AND MEDIATION PROCEDURES

**PLEASE TAKE NOTICE** that the *Order Granting Motion for Entry of Order: (I)*

*Supplementing, Amending, and Superseding (A) Order Directing Parties to Mediation, Appointing*

*the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures*

*Applicable to Avoidance Claim Adversary Proceedings; (B) Order Amending Order Amending*

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation; and (II) Approving Intervention of Appropriate Avoidance Defendants in Omnibus Alter Ego Actions as to Alter Ego Claims Against Specified Alter Ego Defendants* [Main Case ECF No. (_____)] appended hereto as **Exhibit 1**, including, without limitation, the *Amended Avoidance Litigation and Mediation Procedures* appended thereto, is hereby made applicable to and governs this adversary proceeding.

Dated:    [_____], 202_            LUC A. DESPINS
           New Haven, Connecticut         CHAPTER 11 TRUSTEE

                                    By: */s/ FORM*
                                      [Attorney (ct  )]
                                      NEUBERT, PEPE & MONTEITH, P.C.
                                      195 Church Street, 13th Floor
                                      New Haven, Connecticut 06510
                                      (203) 781-2884
                                      Email: _____
                                      *Counsel for the Chapter 11 Trustee*

**[FORM OF[ <u>Exhibit 1</u>**

**(Order Granting Motion for Entry of Order: (I) Supplementing, Amending, and Superseding (A) Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings; and (B) Order Amending Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation; and (II) Approving Intervention of Appropriate Avoidance Defendants in Omnibus Alter Ego Actions as to Alter Ego Claims Against Specified Alter Ego Defendants)**

## **EXHIBIT 2**

**(Form of Caption)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
                                                               :
In re:                                                         : Chapter 11
                                                               :
HO WAN KWOK, *et al.*,[1]                                      : Case No. 22-50073 (JAM)
                                                               :
                    Debtors.                                   : (Jointly Administered)
                                                               :
---------------------------------------------------------------x
                                                               :
LUC A. DESPINS, CHAPTER 11                                     : Adv. Proceeding Nos. 24-05005, 24-05006,
TRUSTEE,                                                       : 24-05008, 24-05009, 24-05010, 24-05011,
                                                               : 24-05012, 24-05013, 24-05014, 24-05015,
                    Plaintiff,                                 : 24-05016, 24-05017, 24-05018, 24-05019,
                                                               : 24-05020, 24-05021, 24-05022, 24-05023,
v.                                                             : 24-05024, 24-05025, 24-05026, 24-05027,
                                                               : 24-05028, 24-05029, 24-05030, 24-05031,
AVOIDANCE DEFENDANTS,                                          : 24-05032, 24-05033, 24-05035, 24-05036,
                                                               : 24-05037, 24-05038, 24-05039, 24-05040,
                    Defendants.                                : 24-05041, 24-05042, 24-05043, 24-05044,
                                                               : 24-05045, 24-05046, 24-05047, 24-05048,
                                                               : 24-05049, 24-05050, 24-05051, 24-05052,
                                                               : 24-05053, 24-05054, 24-05055, 24-05056,
                                                               : 24-05057, 24-05058, 24-05059, 24-05060,
                                                               : 24-05061, 24-05062, 24-05063, 24-05064,
                                                               : 24-05065, 24-05066, 24-05067, 24-05068,
                                                               : 24-05069, 24-05070, 24-05071, 24-05072,
                                                               : 24-05073, 24-05074, 24-05075, 24-05076,
                                                               : 24-05077, 24-05078, 24-05079, 24-05080,
                                                               : 24-05081, 24-05082, 24-05084, 24-05085,
                                                               : 24-05086, 24-05087, 24-05088, 24-05089,
                                                               : 24-05090, 24-05091, 24-05092, 24-05093,
(caption continues on next page)                               : 24-05094, 24-05095, 24-05096, 24-05097,
                                                               : 24-05098, 24-05099, 24-05100, 24-05101,

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
      Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
      LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
      for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
      Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
      of notices and communications).

24-05102, 24-05103, 24-05104, 24-05105,
24-05106, 24-05107, 24-05108, 24-05109,
24-05110, 24-05111, 24-05112, 24-05113,
24-05114, 24-05115, 24-05116, 24-05117,
24-05118, 24-05119, 24-05120, 24-05121,
24-05122, 24-05123, 24-05124, 24-05125,
24-05126, 24-05127, 24-05128, 24-05129,
24-05130, 24-05131, 24-05133, 24-05134,
24-05135, 24-05136, 24-05137, 24-05138,
24-05139, 24-05140, 24-05141, 24-05142,
24-05143, 24-05144, 24-05145, 24-05146,
24-05147, 24-05148, 24-05149, 24-05150,
24-05151, 24-05152, 24-05153, 24-05154,
24-05155, 24-05156, 24-05157, 24-05159,
24-05160, 24-05161, 24-05162, 24-05163,
24-05164, 24-05165, 24-05166, 24-05167,
24-05168, 24-05169, 24-05170, 24-05171,
24-05172, 24-05173, 24-05174, 24-05175,
24-05176, 24-05177, 24-05178, 24-05179,
24-05180, 24-05181, 24-05182, 24-05184,
24-05185, 24-05186, 24-05188, 24-05189,
24-05190, 24-05191, 24-05192, 24-05193,
24-05195, 24-05196, 24-05197, 24-05198,
24-05199, 24-05200, 24-05201, 24-05202,
24-05203, 24-05204, 24-05205, 24-05206,
24-05207, 24-05208, 24-05209, 24-05210,
24-05211, 24-05212, 24-05214, 24-05215,
24-05216, 24-05217, 24-05218, 24-05219,
24-05220, 24-05221, 24-05222, 24-05223,
24-05224, 24-05225, 24-05226, 24-05227,
24-05228, 24-05229, 24-05230, 24-05231,
24-05232, 24-05233, 24-05234, 24-05235,
24-05236, 24-05237, 24-05238, 24-05239,
24-05240, 24-05241, 24-05242, 24-05243,
24-05244, 24-05245, 24-05246, 24-05247,
24-05248, 24-05250, 24-05251, 24-05252,
24-05253, 24-05254, 24-05255, 24-05256,
24-05257, 24-05258, 24-05259, 24-05260,
24-05261, 24-05262, 24-05263, 24-05264,
24-05265, 24-05266, 24-05267, 24-05268,

(caption continues on next page)

2

24-05269, 24-05270, 24-05272, 24-05274,
24-05275, 24-05276, 24-05279, 24-05280,
24-05282, 24-05286, 24-05287, 24-05288,
24-05289, 24-05290, 24-05291, 24-05292,
24-05293, 24-05294, 24-05295, 24-05296,
24-05297, 24-05298, 24-05299, 24-05300,
24-05301, 24-05302, 24-05303, 24-05304,
24-05305, 24-05306, 24-05307, 24-05308,
24-05309, 24-05310, 24-05313, 24-05315,
24-05316, 24-05317, 25-05003, 25-05004,
25-05005, 25-05006, 25-05007, 25-05008,
25-05009, 25-05010, 25-05011, 25-05012,
25-05013, 25-05014, 25-05015, 25-05016,
25-05017, 25-05018, 25-05019, 25-05020,
25-05021, 25-05022, 25-05023, 25-05024,
25-05025, 25-05026, 25-05027, 25-05028,
25-05029, 25-05030, 25-05031, 25-05032,
25-05033, 25-05034, 25-05035, 25-05036,
25-05037, 25-05038, 25-05039, 25-05040,
25-05041, 25-05042, 25-05043, 25-05044,
25-05045, 25-05046, 25-05047, 25-05048,
25-05049, 25-05050, 25-05051, 25-05052,
25-05057, 25-05058, 25-05059, 25-05061,
25-05067, 25-05068, 25-05069, 25-05070,
25-05071, 25-05072, 25-05073, 25-05074,
25-05075, 25-05076, 25-05077, 25-05078,
25-05079, 25-05080, 25-05081, 25-05082,
25-05083, 25-05084, 25-05085, 25-05086,
25-05087, 25-05088, 25-05089, 25-05090,
25-05091, 25-05092, 25-05093, 25-05094,
25-05095, 25-05096, 25-05097, 25-05098,
25-05099, 25-05100, 25-05101, 25-05102,
25-05103, 25-05104, 25-05105

--------------------------------------------------------------x

**EXHIBIT 3-A**

**(Fully Stayed Avoidance Claims)**

| ADV. PROC. NO. | DEFENDANT |
| --- | --- |
| Adv. Proc. No. 24-05008 | Boardwalk Motor Imports LLC |
| Adv. Proc. No. 24-05009 | Mercantile Bank International Corp. |
| Adv. Proc. No. 24-05012 | Ogier |
| Adv. Proc. No. 24-05014 | Pillsbury Winthrop Shaw Pittman LLP |
| Adv. Proc. No. 24-05017 | Post Oak Motors, LLC |
| Adv. Proc. No. 24-05022 | FAM United LLC |
| Adv. Proc. No. 24-05023 | Studio Cataldi Group SRL |
| Adv. Proc. No. 24-05026 | Yieldesta LP |
| Adv. Proc. No. 24-05029 | Great Bowery Inc dba Camilla Lowther Management |
| Adv. Proc. No. 24-05032 | Hugga LLC |
| Adv. Proc. No. 24-05037 | Triple2 Digital LLC |
| Adv. Proc. No. 24-05038 | D4Zero S.R.L. |
| Adv. Proc. No. 24-05041 | CFG Global Limited |
| Adv. Proc. No. 24-05043 | Loro Piana S.P.A. |
| Adv. Proc. No. 24-05045 | The Quinlan Law Firm, LLC |
| Adv. Proc. No. 24-05046 | Janco SRL |
| Adv. Proc. No. 24-05050 | Oro Mont Alpi SRL |
| Adv. Proc. No. 24-05051 | Mindy Wechsler |
| Adv. Proc. No. 24-05052 | MF19 Inc |
| Adv. Proc. No. 24-05068 | Caribe Condado, LLC |
| Adv. Proc. No. 24-05080 | Reinhard Plank S.R.L. |
| Adv. Proc. No. 24-05084 | Tavares Cutting Inc |
| Adv. Proc. No. 24-05087 | Mosaicon Shoes SRL |
| Adv. Proc. No. 24-05088 | Tokyoseiki Co. LTD |
| Adv. Proc. No. 24-05089 | Pellettieri Di Parma SRL |
| Adv. Proc. No. 24-05091 | Shalom B LLC dba Asher Fabric Concepts |
| Adv. Proc. No. 24-05094 | Solazzo Calzature S.R.L. |
| Adv. Proc. No. 24-05095 | SOD Stone Offroad Design GmbH |
| Adv. Proc. No. 24-05096 | 1245 Factory Place, LLC |
| Adv. Proc. No. 24-05097 | Liapull S.R.L. |
| Adv. Proc. No. 24-05099 | American Arbitration Association, Inc. |
| Adv. Proc. No. 24-05104 | Ice24 SRO |
| Adv. Proc. No. 24-05106 | Reach Manufacturing, LLC |
| Adv. Proc. No. 24-05111 | DNM Beauty Distribution |
| Adv. Proc. No. 24-05113 | 1322089 B.C. L.T.D. |
| Adv. Proc. No. 24-05116 | Hilton Management, LLC |
| Adv. Proc. No. 24-05118 | J Tan Jewelry Design, Inc. |
| Adv. Proc. No. 24-05121 | Shaylen Music LLC |
| Adv. Proc. No. 24-05123 | Bestview1 Pty Ltd |
| Adv. Proc. No. 24-05124 | Legends OWO LLC |
| Adv. Proc. No. 24-05127 | Waycap S.P.A. |
| Adv. Proc. No. 24-05129 | Fay Ye |

| Adv. Proc. No. 24-05131 | Lawrence River |
| Adv. Proc. No. 24-05136 | ASAP SRL |
| Adv. Proc. No. 24-05137 | Bellerive Attorneys at Law |
| Adv. Proc. No. 24-05139 | Houston Litstar LLC |
| Adv. Proc. No. 24-05140 | Quinones Law PLLC |
| Adv. Proc. No. 24-05142 | Immobiliara Barbara 2000 SRL |
| Adv. Proc. No. 24-05143 | Dream Projects LLC |
| Adv. Proc. No. 24-05146 | Fortnum Information Security Limited |
| Adv. Proc. No. 24-05148 | Galaxy Ltd |
| Adv. Proc. No. 24-05150 | Jialin Qin |
| Adv. Proc. No. 24-05151 | Li Sho Yo |
| Adv. Proc. No. 24-05153 | Ming Ni |
| Adv. Proc. No. 24-05155 | Hayashi Meiou |
| Adv. Proc. No. 24-05156 | 12476517 Canada Society |
| Adv. Proc. No. 24-05157 | DP Textile & Apparel Inc |
| Adv. Proc. No. 24-05160 | LA International Foundation |
| Adv. Proc. No. 24-05164 | National Sweepstakes Company, LLC |
| Adv. Proc. No. 24-05165 | Oxford Visionary Ltd. |
| Adv. Proc. No. 24-05166 | Chris Lee |
| Adv. Proc. No. 24-05169 | D&D Solutions LLC |
| Adv. Proc. No. 24-05170 | The Gertz File Investigative Reporting Project Inc |
| Adv. Proc. No. 24-05173 | Wenhua Gong |
| Adv. Proc. No. 24-05176 | Luminescence Co Ltd |
| Adv. Proc. No. 24-05177 | Xiaobo He |
| Adv. Proc. No. 24-05180 | Richmond Strategic Advisor |
| Adv. Proc. No. 24-05191 | Deng Qian |
| Adv. Proc. No. 24-05193 | Fiesta Investments Ltd |
| Adv. Proc. No. 24-05195 | Shujuan Milne |
| Adv. Proc. No. 24-05197 | Great Lakes Drone Company |
| Adv. Proc. No. 24-05198 | G-Service LLC |
| Adv. Proc. No. 24-05205 | Marini Pietrantoni Muniz LLC |
| Adv. Proc. No. 24-05207 | Bering Yachts LLC |
| Adv. Proc. No. 24-05210 | Jiayao Gan |
| Adv. Proc. No. 24-05215 | Bradley Staple, dba Staples Building Solutions |
| Adv. Proc. No. 24-05217 | Haisong Peng |
| Adv. Proc. No. 24-05218 | Hou Yuan Chan |
| Adv. Proc. No. 24-05224 | OSC Orbit Services Company LLC |
| Adv. Proc. No. 24-05227 | Tao Zheng |
| Adv. Proc. No. 24-05230 | Cayuse Government Services |
| Adv. Proc. No. 24-05231 | 9 East 40th Street |
| Adv. Proc. No. 24-05232 | Daihao Zhou |
| Adv. Proc. No. 24-05234 | Lyzon Enterprises Corporation |
| Adv. Proc. No. 24-05235 | Halley Chen CPA Professional Corporation |

| Adv. Proc. No. 24-05236 | Feng Yi |
|---|---|
| Adv. Proc. No. 24-05237 | Qiang Hu |
| Adv. Proc. No. 24-05239 | Jianhai Jiao |
| Adv. Proc. No. 24-05240 | Fengjie Ma |
| Adv. Proc. No. 24-05241 | MZC Financial Inc |
| Adv. Proc. No. 24-05242 | Cotton Craft Textiles Intl Trading |
| Adv. Proc. No. 24-05243 | Ihotry Ltd |
| Adv. Proc. No. 24-05244 | Quick-Equip LLC |
| Adv. Proc. No. 24-05245 | RM Auctions Deutschland GmbH |
| Adv. Proc. No. 24-05245 | Qiang Guo |
| Adv. Proc. No. 24-05246 | WA & HF LLC |
| Adv. Proc. No. 24-05248 | Curiosity Corp. |
| Adv. Proc. No. 24-05248 | Flying Colours Corp |
| Adv. Proc. No. 24-05248 | River Valley Operations LLC |
| Adv. Proc. No. 24-05248 | Supreme SG PTE LTD |
| Adv. Proc. No. 24-05248 | Top California Beach Corporation |
| Adv. Proc. No. 24-05248 | Wang's Realty Management Service Inc |
| Adv. Proc. No. 24-05250 | Scarabaeus Wealth Management AG |
| Adv. Proc. No. 24-05251 | LLC Stz Fund No. 1 |
| Adv. Proc. No. 24-05252 | Gettr USA Inc |
| Adv. Proc. No. 24-05253 | Ivy Capital Advisor Limited |
| Adv. Proc. No. 24-05254 | NAV Consulting Inc |
| Adv. Proc. No. 24-05255 | Ziba Limited |
| Adv. Proc. No. 24-05256 | New Mulberry PTE Ltd |
| Adv. Proc. No. 24-05257 | Mishcon de Reya LLP |
| Adv. Proc. No. 24-05258 | Hogan Lovells International LLP |
| Adv. Proc. No. 24-05259 | Top Target General Trading LLC |
| Adv. Proc. No. 24-05260 | GCP Investment Advisors SL |
| Adv. Proc. No. 24-05261 | Starling Bank Ltd. |
| Adv. Proc. No. 24-05262 | Red Team Partners |
| Adv. Proc. No. 24-05263 | G Club Holdco I LLC |
| Adv. Proc. No. 24-05263 | G Club Three |
| Adv. Proc. No. 24-05263 | HAA Group Pty Ltd |
| Adv. Proc. No. 24-05263 | Mountains of Spices Inc |
| Adv. Proc. No. 24-05263 | Omicron Nutraceutical LLC |
| Adv. Proc. No. 24-05263 | Rosy Acme Ventures Limited |
| Adv. Proc. No. 24-05264 | Smaragdos Mamzeris |
| Adv. Proc. No. 24-05265 | Siu Ming Je |
| Adv. Proc. No. 24-05266 | Gong Jianfen |
| Adv. Proc. No. 24-05267 | Khaled Ashafy |
| Adv. Proc. No. 24-05268 | Pure Global Group Limited |
| Adv. Proc. No. 24-05269 | Himalaya Australia Athena Farm Inc. |
| Adv. Proc. No. 24-05269 | Himalaya Australia PTY Ltd |

| | |
|---|---|
| Adv. Proc. No. 24-05269 | Himalaya Boston Mayflower LLC |
| Adv. Proc. No. 24-05269 | Himalaya New World Inc |
| Adv. Proc. No. 24-05269 | Himalaya New York Rock Inc |
| Adv. Proc. No. 24-05269 | Himalaya Shanghai Farm LLC |
| Adv. Proc. No. 24-05269 | Himalaya UK Club |
| Adv. Proc. No. 24-05269 | Himalaya Worldwide SL |
| Adv. Proc. No. 24-05269 | HML Vancouver Sailing Farm Ltd |
| Adv. Proc. No. 24-05269 | Golden Gate Himalaya Farm LLC |
| Adv. Proc. No. 24-05269 | MOS Himalaya Foundation Inc |
| Adv. Proc. No. 24-05269 | UK Himalaya Ltd |
| Adv. Proc. No. 24-05270 | Crocker Mansion Estate LLC and Taurus Fund |
| Adv. Proc. No. 24-05271 | Weihua Li |
| Adv. Proc. No. 24-05271 | Rongrong Li |
| Adv. Proc. No. 24-05271 | Zhang Lin |
| Adv. Proc. No. 24-05271 | Mi Kyung Yang |
| Adv. Proc. No. 24-05271 | Xue Wang |
| Adv. Proc. No. 24-05271 | Yaping Zhang |
| Adv. Proc. No. 24-05271 | Zhixuan Li |
| Adv. Proc. No. 24-05271 | Fanggui Zhu |
| Adv. Proc. No. 24-05271 | Yuechen Lan |
| Adv. Proc. No. 24-05271 | Tian Shu Huang |
| Adv. Proc. No. 24-05271 | Shiying Li |
| Adv. Proc. No. 24-05271 | Jianxiao Chen |
| Adv. Proc. No. 24-05272 | Hayman Hong Kong Opportunities Onshore Fund LP |
| Adv. Proc. No. 24-05274 | Kin Ming Je |
| Adv. Proc. No. 24-05274 | Sin Ting Rong |
| Adv. Proc. No. 24-05275 | Lamp Capital LLC |
| Adv. Proc. No. 24-05275 | Golden Spring (New York) Ltd |
| Adv. Proc. No. 24-05275 | Greenwich Land LLC |
| Adv. Proc. No. 24-05275 | HCHK Technologies Inc |
| Adv. Proc. No. 24-05275 | HCHK Property Management Inc |
| Adv. Proc. No. 24-05275 | Lexington Property and Staffing Inc |
| Adv. Proc. No. 24-05275 | Leading Shine NY Ltd |
| Adv. Proc. No. 24-05275 | G Club International Limited |
| Adv. Proc. No. 24-05275 | G Club Operations LLC |
| Adv. Proc. No. 24-05275 | G Fashion |
| Adv. Proc. No. 24-05275 | G Fashion Media Group Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Foundation III Inc |
| Adv. Proc. No. 24-05275 | Rule of Law Society IV Inc. |
| Adv. Proc. No. 24-05275 | GFNY Inc |
| Adv. Proc. No. 24-05275 | Anton Development Limited |
| Adv. Proc. No. 24-05275 | Himalaya International Clearing Ltd |

| | |
|---|---|
| Adv. Proc. No. 24-05275 | China Golden Spring Group (Hong Kong) Ltd |
| Adv. Proc. No. 24-05275 | GF Italy LLC |
| Adv. Proc. No. 24-05275 | ACA Capital Group Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Investment Management Ltd |
| Adv. Proc. No. 24-05275 | Hamilton Opportunity Fund SPC |
| Adv. Proc. No. 24-05275 | Hamilton Capital Holding Ltd |
| Adv. Proc. No. 24-05275 | Himalaya Currency Clearing Pty Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Financial Group Ltd |
| Adv. Proc. No. 24-05275 | Himalaya International Reserves Ltd |
| Adv. Proc. No. 24-05275 | Hudson Diamond NY LLC |
| Adv. Proc. No. 24-05275 | Saraca Media Group Inc |
| Adv. Proc. No. 24-05275 | G Fashion International Limited |
| Adv. Proc. No. 24-05276 | ZYB Associates, LLC d/b/a Law Offices of Yongbing Zhang |
| Adv. Proc. No. 24-05276 | Yongbing Zhang |
| Adv. Proc. No. 24-05286 | Clear Treasury Limited |
| Adv. Proc. No. 24-05287 | Ascentiq Solutions Limited |
| Adv. Proc. No. 24-05288 | 5ivetech Limited |
| Adv. Proc. No. 24-05289 | Aviva |
| Adv. Proc. No. 24-05290 | Birchstone Capital AG |
| Adv. Proc. No. 24-05291 | Callsign Ltd |
| Adv. Proc. No. 24-05292 | Epic IT Ltd |
| Adv. Proc. No. 24-05293 | Goodman Masson Ltd |
| Adv. Proc. No. 24-05294 | Hays Specialist Recruitment Limited |
| Adv. Proc. No. 24-05295 | G Club Two |
| Adv. Proc. No. 24-05296 | Offensive Shield Ltd |
| Adv. Proc. No. 24-05297 | Kionasoft LLC |
| Adv. Proc. No. 24-05298 | HP Inc UK Limited |
| Adv. Proc. No. 24-05299 | Zendesk Inc |
| Adv. Proc. No. 24-05300 | IW Group Services UK Ltd |
| Adv. Proc. No. 24-05301 | Qun Ju |
| Adv. Proc. No. 24-05302 | Whole Alpha Trading LLC (f/k/a Art Operation LLC) |
| Adv. Proc. No. 24-05303 | CyberApt Recruitment Ltd |
| Adv. Proc. No. 24-05304 | Teneo Ltd UK |
| Adv. Proc. No. 24-05305 | Telehouse International Corporation |
| Adv. Proc. No. 24-05306 | I.com Solutions Limited |
| Adv. Proc. No. 24-05307 | Softcat PLC |
| Adv. Proc. No. 24-05308 | The Golden Sealine Limited |
| Adv. Proc. No. 24-05309 | Haitong International Securities |
| Adv. Proc. No. 24-05310 | Qiu Yue Shou |
| Adv. Proc. No. 24-05316 | Foley Hoag LLP |
| Adv. Proc. No. 24-05317 | Norris McLaughlin PA |
| Adv. Proc. No. 25-05006 | CRISP Insurance Advisors |
| Adv. Proc. No. 25-05007 | Hatstone Lawyers (BVI) Ltd |

| Adv. Proc. No. 25-05008 | CyGlass Inc |
|---|---|
| Adv. Proc. No. 25-05009 | Strategic Political Management LLC |
| Adv. Proc. No. 25-05010 | David Consulting Inc |
| Adv. Proc. No. 25-05011 | Melbourne ROLF Incorporated |
| Adv. Proc. No. 25-05012 | Bambee Inc |
| Adv. Proc. No. 25-05014 | JS Morlu LLC |
| Adv. Proc. No. 25-05015 | Cesare Attolini NY LLC |
| Adv. Proc. No. 25-05016 | Global Shuttle Pte Ltd |
| Adv. Proc. No. 25-05017 | Hee-Seup Shin |
| Adv. Proc. No. 25-05020 | Abu Dhabi Motors LLC |
| Adv. Proc. No. 25-05021 | Savino Del Bene USA Inc |
| Adv. Proc. No. 25-05023 | Mandelli USA Inc |
| Adv. Proc. No. 25-05024 | Prodome Management Consulting LLC |
| Adv. Proc. No. 25-05025 | Taiwan Baudau Farm International Limited Company |
| Adv. Proc. No. 25-05026 | CSQ Project Development Consultants |
| Adv. Proc. No. 25-05027 | Cyjax Limited |
| Adv. Proc. No. 25-05028 | KDEBECHE Inc |
| Adv. Proc. No. 25-05029 | Chan Chih Hsing |
| Adv. Proc. No. 25-05030 | O'Rourke (Midlands) Ltd |
| Adv. Proc. No. 25-05031 | Chetu Inc |
| Adv. Proc. No. 25-05032 | VP Bank (BVI) Ltd |
| Adv. Proc. No. 25-05034 | Wenlong Wang |
| Adv. Proc. No. 25-05035 | Xiang Zeng |
| Adv. Proc. No. 25-05036 | 17 State Owner LLC |
| Adv. Proc. No. 25-05037 | BitGo Trust Company Inc |
| Adv. Proc. No. 25-05038 | S.A. Leather |
| Adv. Proc. No. 25-05040 | SDL Auctions Ltd |
| Adv. Proc. No. 25-05042 | Passione Rossa LLC |
| Adv. Proc. No. 25-05044 | BMW of Freeport |
| Adv. Proc. No. 25-05046 | Vision Building Energy Efficiency LLC d/b/a Bee |
| Adv. Proc. No. 25-05047 | FV Bank International Inc |
| Adv. Proc. No. 25-05067 | X49 FZ LLC |
| Adv. Proc. No. 25-05068 | Yay Design Inc |
| Adv. Proc. No. 25-05069 | Ping Tang |
| Adv. Proc. No. 25-05070 | A.C.N. 676 287 157 PTY Ltd |
| Adv. Proc. No. 25-05071 | Lee Thian Guan John |
| Adv. Proc. No. 25-05072 | Dante Emanuel Leslie Delroy Brown |
| Adv. Proc. No. 25-05073 | Azeem Bashir |
| Adv. Proc. No. 25-05074 | Azalea M Garcia Corujo Esq (AGC Consulting) |
| Adv. Proc. No. 25-05076 | Yuekun Ji |
| Adv. Proc. No. 25-05077 | Andrew David Law |
| Adv. Proc. No. 25-05078 | Richard E Signorelli Attorney at Law |
| Adv. Proc. No. 25-05081 | Syed Ehsan Haque |

| Adv. Proc. No. 25-05082 | Ali Albakri |
| Adv. Proc. No. 25-05087 | Cedric DuPont Antiques |
| Adv. Proc. No. 25-05088 | 1stDibs.com |
| Adv. Proc. No. 25-05089 | Warp & Weft |
| Adv. Proc. No. 25-05090 | Westland Antiques Limited |
| Adv. Proc. No. 25-05091 | Artistic Tile Inc |
| Adv. Proc. No. 25-05092 | Gold Medal Service LLC |
| Adv. Proc. No. 25-05093 | Lobel Modern Inc |
| Adv. Proc. No. 25-05094 | NY Blinds and Shades Inc dba Innovation Shades |
| Adv. Proc. No. 25-05095 | Labarbiera Custom Homes LLC |
| Adv. Proc. No. 25-05096 | MonStar Air Heating & Cooling LLC |
| Adv. Proc. No. 25-05097 | Picture Perfect Glass & Mirror LLC |
| Adv. Proc. No. 25-05098 | Prevenitas Inc |
| Adv. Proc. No. 25-05099 | Marmiro Stones Inc |
| Adv. Proc. No. 25-05100 | Chenyang Wang |
| Adv. Proc. No. 25-05100 | Danni Yu |
| Adv. Proc. No. 25-05100 | Foteini Kantziou |
| Adv. Proc. No. 25-05100 | Haitao Guan |
| Adv. Proc. No. 25-05100 | Jian Jiao |
| Adv. Proc. No. 25-05100 | Kai Zhao |
| Adv. Proc. No. 25-05100 | Le Qiao |
| Adv. Proc. No. 25-05100 | Lee Shin Jiet |
| Adv. Proc. No. 25-05100 | Naseer Ahmad Khan |
| Adv. Proc. No. 25-05100 | Niels Bom Olesen |
| Adv. Proc. No. 25-05100 | Xianggang Li |
| Adv. Proc. No. 25-05100 | Xiaona Chen |
| Adv. Proc. No. 25-05100 | Xu Zhang |
| Adv. Proc. No. 25-05100 | Ying Hu |
| Adv. Proc. No. 25-05100 | Yuxiang Diao |
| Adv. Proc. No. 25-05100 | Zelin Li |
| Adv. Proc. No. 25-05100 | Zhuowei Xu |
| Adv. Proc. No. 25-05101 | Armanino LLP |
| Adv. Proc. No. 25-05102 | Rizwan Javed |
| Adv. Proc. No. 25-05104 | Astound Broadband |
| Adv. Proc. No. 25-05105 | Ace Decade Holdings Limited |
| Adv. Proc. No. 25-05105 | Bravo Luck Limited |
| Adv. Proc. No. 25-05105 | Eastern Profit Corporation Limited |
| Adv. Proc. No. 25-05105 | Guang Hong Limited |
| Adv. Proc. No. 25-05105 | H Reserve Management Ltd |
| Adv. Proc. No. 25-05105 | New Dynamic Development Limited |

# **EXHIBIT 3-B**

**(Partially Stayed Avoidance Claims)**

| ADV. PROC. NO. | DEFENDANT |
|---|---|
| Adv. Proc. No. 24-05006 | Amazon Web Services |
| Adv. Proc. No. 24-05007 | Blueberry Builders |
| Adv. Proc. No. 24-05011 | E.L.J.M. Consulting LLC |
| Adv. Proc. No. 24-05016 | Imperius International Trad Co Ltd |
| Adv. Proc. No. 24-05019 | Mary Fashion SPA |
| Adv. Proc. No. 24-05021 | Bannon Strategic Advisors Inc |
| Adv. Proc. No. 24-05024 | TT Resources 1 Pty Ltd |
| Adv. Proc. No. 24-05028 | Yuqiang Qin |
| Adv. Proc. No. 24-05028 | Yunfu Jiang |
| Adv. Proc. No. 24-05036 | Mei Guo |
| Adv. Proc. No. 24-05044 | Teris-Phoenix, LLC |
| Adv. Proc. No. 24-05054 | Style Eyes Inc. d/b/a Ginger Finds |
| Adv. Proc. No. 24-05056 | FFP (BVI) Limited |
| Adv. Proc. No. 24-05057 | Amazon Inc |
| Adv. Proc. No. 24-05057 | Hing Chi Ngok |
| Adv. Proc. No. 24-05057 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05057 | Bernardo Enriquez |
| Adv. Proc. No. 24-05057 | Chunguang Han |
| Adv. Proc. No. 24-05057 | Mei Guo |
| Adv. Proc. No. 24-05058 | Anthem Blue Cross Blue Shield |
| Adv. Proc. No. 24-05059 | Federal Express |
| Adv. Proc. No. 24-05060 | Apple Inc |
| Adv. Proc. No. 24-05060 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05060 | Bernardo Enriquez |
| Adv. Proc. No. 24-05060 | Chunguang Han |
| Adv. Proc. No. 24-05060 | Mei Guo |
| Adv. Proc. No. 24-05065 | A.Z. Bigiotterie S.A.S. DI Zanutto Gabriele & C. |
| Adv. Proc. No. 24-05069 | B&H Foto & Electronics Corp |
| Adv. Proc. No. 24-05069 | Hing Chi Ngok |
| Adv. Proc. No. 24-05069 | Alex Hadjicharalambous |
| Adv. Proc. No. 24-05069 | Bernardo Enriquez |
| Adv. Proc. No. 24-05069 | Chunguang Han |
| Adv. Proc. No. 24-05075 | Marcella Monica Falciani |
| Adv. Proc. No. 24-05077 | American Express |
| Adv. Proc. No. 24-05082 | Ohtzar Shlomo Solomon Treasure LLC |
| Adv. Proc. No. 24-05085 | Vandenloom LLC |
| Adv. Proc. No. 24-05090 | Swans Team Design Inc |
| Adv. Proc. No. 24-05093 | 2 B Packing LLC |
| Adv. Proc. No. 24-05098 | Shing Seung Ankerite Engineering Ltd. |
| Adv. Proc. No. 24-05102 | Ocorian Consulting Ltd |

| | |
|---|---|
| Adv. Proc. No. 24-05105 | N87 Inc |
| Adv. Proc. No. 24-05109 | Moran Yacht Management, Inc |
| Adv. Proc. No. 24-05112 | Empire Blue Cross Blue Shield |
| Adv. Proc. No. 24-05115 | Cloudflare, Inc. |
| Adv. Proc. No. 24-05122 | Indium Software Inc |
| Adv. Proc. No. 24-05125 | Rilievi Group S.R.L. |
| Adv. Proc. No. 24-05133 | Beile Li |
| Adv. Proc. No. 24-05134 | V.X. Cerda & Associates PA |
| Adv. Proc. No. 24-05135 | Liberty Jet Management Corp. |
| Adv. Proc. No. 24-05141 | Flat Rate Movers Ltd |
| Adv. Proc. No. 24-05145 | Manhattan Motorcars, Inc |
| Adv. Proc. No. 24-05154 | Kamel Debeche |
| Adv. Proc. No. 24-05159 | Gold Leaf Consulting Limited |
| Adv. Proc. No. 24-05161 | Mandelli USA, Inc. |
| Adv. Proc. No. 24-05168 | The Francis Firm PLLC |
| Adv. Proc. No. 24-05172 | Federal Corporation (Japan) |
| Adv. Proc. No. 24-05174 | SGB Packaging |
| Adv. Proc. No. 24-05175 | Lau Lai Chun Annie. |
| Adv. Proc. No. 24-05186 | Berkeley Rowe Ltd. |
| Adv. Proc. No. 24-05188 | Weddle Law PLLC |
| Adv. Proc. No. 24-05189 | TD Avenue (The Diamond Avenue) |
| Adv. Proc. No. 24-05192 | Forbes Hare |
| Adv. Proc. No. 24-05199 | Lawall & Mitchell LLC |
| Adv. Proc. No. 24-05199 | Aaron Mitchell |
| Adv. Proc. No. 24-05203 | Oasis Tech Limited |
| Adv. Proc. No. 24-05206 | Hao Haidong |
| Adv. Proc. No. 24-05211 | Putnam's Landscaping LLC |
| Adv. Proc. No. 24-05223 | G-Translators Pty Ltd |
| Adv. Proc. No. 24-05226 | ACASS Canada Ltd. |
| Adv. Proc. No. 24-05238 | Qiang Guo |
| Adv. Proc. No. 24-05248 | Tut Co Limited |
| Adv. Proc. No. 24-05263 | BSA Strategic Fund I |
| Adv. Proc. No. 24-05263 | Hong Kong International Funds Investments Limited |
| Adv. Proc. No. 24-05271 | Junjie Jiang |
| Adv. Proc. No. 25-05052 | N.A.R. Enterprises Inc dbs Luxury Cleaning NY |

## **EXHIBIT 4**

**(Discovery Procedures in Avoidance Actions)**

## DISCOVERY PROCEDURES IN AVOIDANCE ACTIONS

1. These Discovery Procedures shall apply to all Avoidance Actions unless otherwise ordered by the Court.

2. No later than sixty (60) days following the Court's approval of these Discovery Procedures, the Trustee shall create an electronic discovery depository (the "Depository") comprised of data rooms (the "Data Rooms") each containing all non-privileged[1] documents[2] in the possession of the Trustee related to the following subject matter:

  a. Golden Spring (New York) Limited[3];

  b. Lamp Capital LLC;

  c. Leading Shine NY Ltd.;

  d. Hudson Diamond NY LLC;

  e. Lexington Property and Staffing, Inc.;

  f. HCHK Technologies, Inc.;

  g. HCHK Property Management, Inc.;

  h. Greenwich Land LLC;

  i. New Dynamic Development Limited;

  j. Taurus Fund LLC; and

  k. The Trustee's allegations in Avoidance Complaints asserting claims for actual fraudulent transfer under section 548 of the Bankruptcy Code and/or N.Y. Debtor & Creditor Law regarding the Debtor's "shell game" of using alter egos and nominees to hold title to his assets and conduct his affairs. *See, e.g., Avoidance Complaint* in *Despins v. Agora Lab, Inc.* [Adv. Proc. No. 24-05005 Docket No. 1] ¶¶ 15-27, 32-34.

  l. The Avoidance Defendants, *provided, however*, the Trustee need not include documents related to Avoidance Defendants (i) as to which the Trustee has solely asserted Stayed Avoidance Claims, (ii) that are engaging in Mediation Proceedings as of the date

---

[1] "Non-privileged" as used in paragraph 2 above shall mean not subject to any attorney-client privilege, work product, or similar privilege or protection, that is owned or controlled by the Trustee, including, without limitation, in respect to the Trustee's own attorney-client relationships and creation of work product by the Trustee and/or his professionals and/or pursuant to the *Consent Order Regarding Control of Attorney-Client Privilege and Work Product Protection Related to Rule 2004 Subpoenaed Documents and Information* [Main Case ECF No. 856] (as may be further modified, the "Privileges Order") and/or the Bankruptcy Code (including, without limitation, as successor to the Debtor).

[2] Documents shall be uploaded to the data room in the form produced to the Trustee, including any available metadata. If not apparent from such metadata, the Trustee will cooperate to respond to any inquiries by Avoidance Defendants as to the source of documents in the Data Rooms. Further, at the request of any Avoidance Defendant undertaking discovery, the Trustee will supply copies of subpoenas and document requests issued to producing parties with respect to documents in the Data Rooms.

[3] For the avoidance of doubt, in producing all documents related to the entities set forth in subparagraphs (a) through (j), the Trustee shall include, among other things, all documents related to any prepetition or postpetition transfers made via such entities.

which is sixty (60) days following the Court's approval of these Discovery Procedures, or (iii) as to which the Trustee's claims have been resolved by settlement or dismissal.

3.      With respect to documents as to which the Trustee asserts privilege, work product, or any similar privilege or protection, the Trustee shall produce a categorical privilege log generally identifying by producing parties and/or categories of documents those documents covered by the above subject matter that have been withheld from the Data Rooms, *provided, however*, the Trustee need not include on such log the work product of, or communications between and among, the Trustee, his counsel, and his other advisors.

4.      Access to the Depository shall be limited to attorneys appearing for Avoidance Defendants that (a) have individually certified compliance with these Discovery Procedures[4], and (b) whose law firms and applicable clients have executed P.O. Consents.[5]  In accessing any Data Room(s), the accessing attorney shall certify compliance with these requirements and shall list the Avoidance Defendant(s) for which the accessing attorney is accessing the Data Room(s). Avoidance Defendants accessing documents and information in the Data Rooms shall be deemed to understand that the Trustee's creation of and delivery of documents into the Depository is subject to the following reservation of rights:

   a. The vast majority of the documents and information in the Depository was compiled by the Trustee from third parties in the course of his investigation and the Trustee makes absolutely no representations or warranties whatsoever as to the accuracy, completeness, and/or authenticity of documents or information therein.

   b. The inclusion of documents or information in the Depository shall not constitute an admission or basis to argue that such documents or information are relevant or admissible, nor that the documents are genuine, nor shall the inclusions of documents or information in the Depository constitute an admission of any facts.

   c. The inclusion of documents or information in the Depository shall not constitute nor evidence any waiver of attorney-client privilege, the work product doctrine, or any other privilege or protection exercisable by the Trustee, whether in his own right or as successor-in-interest.

   d. The Trustee and any Avoidance Defendants participating in discovery reserve all rights and objections with respect to documents and information contained in the Depository.

   e. The Protective Order applies to all documents and information contained in the Depository to the extent that such documents and information are designated "Confidential" or "Highly Confidential" and access to the Depository shall be

---

[4]   This certification shall be provided in a form reasonably acceptable to the Trustee.

[5]   To obtain access to the Depository, the P.O. Consents must consent to both the Protective Order and the P.O Addendum.  "Applicable clients" as used in paragraph 3 above shall mean the Avoidance Defendant for which the attorney access the Data Room(s) is appearing and for which Avoidance Defendant the attorney is accessing the Data Room(s).

strictly limited to counsel for Avoidance Defendants that have (individually or through their law firms) agreed to be bound by the Protective Order.

f.    Counsel that obtain documents or information through Discovery Proceedings in any Avoidance Action may only share such documents and information with the client(s) as to which such Discovery Proceedings are conducted.  For the avoidance of doubt, counsel that obtain documents or information through Discovery Proceedings as to one client may not share such documents or information with any other individuals or entities (including counsel's other client(s), unless such other clients are independently entitled to access the documents or information in accordance with these Discovery Procedures).

5.    The following discovery schedule (the "Discovery Schedule") shall apply in Avoidance Actions, with deadlines running from the date that discovery is commenced (the "Discovery Start Date"):

a.    No later than seven days after the Discovery Start Date, the Trustee shall grant the Avoidance Defendant's counsel, provided such counsel is otherwise eligible to access the Depository, access to the Data Rooms containing documents related to the claims asserted in the applicable Avoidance Action.  If the Trustee and the Avoidance Defendant disagree about which Data Rooms should be accessible to an Avoidance Defendant's counsel, the parties shall meet and confer to seek to resolve such disagreement, following which the disagreement may be submitted to the Court by a motion filed in the relevant Avoidance Action.

b.    No later than fourteen (14) days after the Discovery Start Date, the parties shall exchange initial disclosures pursuant to Civil Rule 26(a)(1) ("Automatic Disclosures"), *provided, however*, any obligation of the Trustee to produce documents as part of the Trustee's Automatic Disclosures shall be satisfied by the Trustee's granting of access to the Avoidance Defendant to any relevant Data Rooms.

c.    Any initial interrogatories, requests for admission, and/or requests for production of documents (collectively, the "Written Discovery Requests"), pursuant to Civil Rules 33, 34, and 36, made applicable to the Avoidance Actions by Bankruptcy Rules 7033, 7034, and 7036, as well as initial subpoenas to third-parties, shall be served no later than ninety (90) days after the Discovery Start Date.  The parties may serve supplemental Written Discovery Requests and subpoenas, consistent with the other dates and deadlines set forth herein, based on newly discovered information or developments in the litigation.

d.    The deadline for the completion of all fact discovery, including deposition discovery, discovery conducted through the Depository, discovery conducted pursuant to Written Discovery Requests, under, *e.g.*, Bankruptcy Rules 7030, 7033, 7034, and 7036, and Civil Rules 30, 33, 34, and 36, and/or third-party discovery pursuant to Bankruptcy Rule 9016 and Civil Rule 45, shall be three hundred (300) days after the Discovery Start Date.

e.      Any party that believes expert discovery is required shall provide written notice to all other parties no later than sixty (60) days prior to the close of discovery. Upon receipt of such notice, the parties shall confer regarding a schedule for expert discovery including, without limitation, disclosure and deposition deadlines, which schedule the parties shall submit to the Court for approval. In the absence of agreement as to the schedule governing expert discovery, the parties shall request a status conference to address the matter.

f.      The deadlines above may be extended (a) up to ninety (90) days by a written stipulation between the parties filed in the applicable Avoidance Action; and/or (b) upon a motion by any party by order of the Court.

6.      Notwithstanding anything herein to the contrary, any Avoidance Defendants wishing to serve Written Discovery Requests on the Trustee shall, prior to service: (i) make diligent efforts to obtain any documents and information sought from the Depository; (ii) exclude from Written Discovery Requests any requests for documents and information available through the Depository; (iii) meet and confer with the Trustee regarding the availability of documents and information in the Depository and the contemplated Written Discovery Requests and to discuss other Avoidance Defendants that may be undertaking discovery with respect to the same or similar subject matter; and (iv) make reasonable efforts to coordinate with other Avoidance Defendants[6] to avoid duplicative or cumulative discovery and to serve joint requests where reasonably possible, including, by way of example, by service of common interrogatories. The Trustee reserves all rights to object to such Written Discovery Requests, including without limitation on the grounds that the requests, in the aggregate, are duplicative and/or overly burdensome on the Trustee. Any disputes as to the foregoing shall be resolved by the Court upon appropriate motion.

7.      Discovery shall be available in any Avoidance Action ("Discovery-Eligible Actions") except for those in which: (a) the Trustee's claims are Stayed Avoidance Claims under subparagraph (e)(i) of the Amended Procedures; and/or (b) any Defendant is participating in Mediation Proceedings with the Trustee regarding the claims in such action. Any party to a Discovery-Eligible Action may file a Notice of Discovery Start Date in such action, which filing shall fix the Discovery Start Date as the later of: (x) the first business day at least seventy (70) days after entry of the Court's order approving these Discovery Procedures; or (b) the date of the filing of the Notice of Discovery Start Date.

8.      For the avoidance of doubt, documents and information that are in the possession of a party solely under circumstances that render such documents and information subject to mediation privilege and confidentiality shall not be discoverable.

9.      The inclusion of documents and information in the Depository shall not constitute nor be evidence of a waiver of attorney-client privilege, the work product doctrine, or any other

---

[6]   For the avoidance of doubt, the obligation to coordinate with other Avoidance Defendants shall apply only when other Avoidance Defendants are known to the Avoidance Defendant subject to the obligation, including, without limitation, following the Trustee advising that other Avoidance Defendants are seeking the same or similar discovery.

privilege or protection exercisable by the Trustee, whether in his own right or as a successor-in-interest. Nor shall the inclusion of documents and information in the Depository constitute or be evidence of a waiver of the work product doctrine with respect to the Trustee's investigation of the Debtor's financial affairs, which protection the Trustee has expressly reserved.

10.     Prior to undertaking deposition discovery, any Avoidance Defendant shall meet and confer with the Trustee as to the deponents, subject matter, and scheduling of any depositions, with an eye toward efficiency, including, among other things, limiting any duplication and other burdens of deposition discovery. During such conferences, the Trustee may propose and Avoidance Defendants shall consider when reasonable omnibus deposition proceedings including Avoidance Defendants from multiple Avoidance Actions. No parties shall notice depositions to occur in any Avoidance Action earlier than 75 days following the Discovery Start Date. Upon noticing any deposition, the noticing party must provide at least twenty-one (21) days advance written notice (an "Avoidance Deposition Notice") to the Trustee and to all Avoidance Defendants by email to the Trustee's and Avoidance Defendants' appearing counsel, or, as to Avoidance Defendants for which counsel has not appeared, by U.S. Mail. Where multiple parties wish to depose the same deponent, the Trustee and all Avoidance Defendants shall cooperate in scheduling to avoid duplicative depositions. Upon the request of any Avoidance Defendant wishing to issue an Avoidance Deposition Notice, the Trustee shall furnish a list of Avoidance Defendants and their appearing counsel (including email addresses where available) or mailing address. With respect to any deponent that has previously been deposed in an Avoidance Action, no further deposition may be noticed by any Avoidance Defendant that received an Avoidance Deposition Notice as to such deponent while the Avoidance Defendant was participating in discovery and the deposition occurred at least 75 days following such defendant's Discovery Start Date, except upon the Trustee's advance written consent or order of the Court. Where multiple Avoidance Defendants are participating in depositions, (i) they shall make reasonable efforts to avoid duplicative inquiry; and (ii) where necessary, the parties shall confer regarding reasonable adjustments to the time allocated for deposition discovery pursuant to Civil Rule 30(d)(1).

11.     For the avoidance of doubt, the Protective Order and the P.O. Addendum shall apply in any deposition proceedings.

12.     For the avoidance of doubt, in light of the anticipated inclusion in the Depository of documents designated Highly Confidential, direct access to the Depository shall be limited to parties' counsel that are eligible for such access. The foregoing shall not prevent such counsel from sharing documents and information obtained through Discovery Proceedings with their applicable client if otherwise permissible under the Protective Order and the P.O. Addendum.

13.     Notwithstanding anything herein to the contrary, as to Partially Stayed Avoidance Claims, discovery shall not proceed with respect to any Stayed Issues pending further order of the Court.

14.     In light of these Discovery Procedures, the parties shall not be required to hold a discovery planning conference pursuant to Civil Rule 26(f), *provided, however,* the parties shall confer and cooperate in good faith as may be necessary to undertake discovery pursuant to these

Discovery Procedures, including, without limitation, the subject matter set forth in Civil Rule 26(f)(3).

15.    For the avoidance of doubt, D. Conn. Local R. Civ. P. 37 shall apply to any disputes arising in discovery proceedings in Avoidance Actions.