**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.* | Case No: 22-50073 (JAM) |
| Debtors[1] | Jointly Administered |

**LIMITED OBJECTION OF MEI GUO AND HING CHI NGOK TO CHAPTER 11
TRUSTEE'S MOTION FOR ENTRY OF ORDER: (I) SUPPLEMENTING, AMENDING,
AND SUPERSEDING (A) ORDER DIRECTING PARTIES TO MEDIATION,
APPOINTING THE HONORABLE JAMES J. TANCREDI AS MEDIATOR, AND
AMENDING ORDER APPROVING PROCEDURES APPLICABLE TO AVOIDANCE
CLAIM ADVERSARY PROCEEDINGS; AND (B) ORDER AMENDING ORDER
DIRECTING PARTIES TO MEDIATION, APPOINTING THE HONORABLE JAMES J.
TANCREDI AS MEDIATOR, AND AMENDING ORDER APPROVING PROCEDURES
APPLICABLE TO AVOIDANCE CLAIM ADVERSARY PROCEEDINGS TO
FACILITATE CONSENSUAL PRE-LITIGATION AND PRE-APPEARANCE
MEDIATION; AND (II) APPROVING INTERVENTION OF APPROPRIATE
AVOIDANCE DEFENDANTS IN OMNIBUS ALTER EGO ACTIONS AS TO ALTER
EGO CLAIMS AGAINST SPECIFIED ALTER EGO DEFENDANTS**

Pursuant to this Court's September 3, 2025 Order [Doc. No. 4631], Avoidance Action

defendants and parties-in-interest Mei Guo ("Ms. Guo") and Hing Chi Ngok ("Ms. Ngok" and

with Ms. Guo collectively "Defendants"), respectfully submit their Limited Objection to the

Chapter 11 Trustee's (the "Trustee") August 28, 2025 Motion for Entry of Order: (I)

Supplementing, Amending, and Superseding (A) Order Directing Parties to Mediation, Appointing

the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles
Guo, and Miles Kwok, as well as other aliases) (last four digits of tax identification number: 9595),
Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings
Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever
Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A.
Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and
communications).

Applicable to Avoidance Claim Adversary Proceedings; and (B) Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation; and (II) Approving Intervention of Appropriate Avoidance Defendants in Omnibus Alter Ego Actions as to Alter Ego Claims Against Specified Alter Ego Defendants (the "Motion") [Doc. No. 4628]. The Motion, via the Revised Proposed Order filed by the Trustee on September 25, 2025 [Doc. No. 4682] (the "Revised Proposed Order"), seeks, *inter alia*, (i) to require an Avoidance Defendant, as defined in the Revised Proposed Order, to move to intervene in the as defined First Omnibus Alter Ego Action and/or Second Omnibus Alter Ego Action to dispute the Trustee's claims that certain entities enumerated in the Revised Proposed Order are alter egos of the Debtor[2] (the "Specified Alter Ego Defendants"), *see* Revised Proposed Order, at 5-8 of 85[3], and (ii) the implementation of Discovery Procedures that will be made applicable to all Avoidance Actions, as that term is defined in the Revised Proposed Order. *See Id.*, at 10 of 85. Defendants do not object to the requirement of intervention or the implementation of Discovery Procedures applicable to the Avoidance Actions in which they are named as defendants, but do object to the following provisions of the Revised Proposed Order:

A.    <u>**Intervention**</u>

1.    The Revised Proposed Order would require an Avoidance Defendant to contest a claim by the Trustee that one or more Specified Alter Ego Defendants is an alter ego of the Debtor by filing a Notice of Intervention in the First Omnibus Alter Ego Action or the Second Omnibus

---

[2] References to the Debtor are to the individual debtor, Mr. Kwok.
[3] For ease of reference citations to the Revised Proposed Order are to the ECF pagination.

Alter Ego Action, depending on the action in which the Specified Alter Ego Defendant at issue is named as a defendant. *See* Revised Proposed Order, at 6-8 of 85.

2.    The Revised Proposed Order provides that intervention is "limited to those claims that the Avoidance Defendant has identified and has standing to dispute." (*Id.*, at 7 of 85). Standing is not defined in the Revised Proposed Order but is presumed to mean that an Avoidance Defendant is alleged to have received a transfer from a Specified Alter Ego Defendant that the Trustee seeks to recover through an Avoidance Action. Thus, an Avoidance Defendant that is not alleged to have received a transfer from any of the Specified Alter Ego Defendants would not have standing to intervene.

3.    The Revised Proposed Order provides at paragraph 7 that "[a]ny judgments entered in the Omnibus Alter Ego Actions with respect to the Specified Alter Ego Defendants shall be binding on all Avoidance Defendants, irrespective of whether an Avoidance Defendant filed a Notice of Intervention in the relevant Omnibus Alter Ego Action. (*Id.*, at 8 of 85). Thus, all Avoidance Defendants would be bound by judgments entered in the Omnibus Alter Ego Actions, regardless of whether they had standing to intervene to challenge whether a Specified Alter Ego Defendant is an alter ego of the Debtor.

4.    An Avoidance Defendant should not be bound by a judgment finding, or declaring, that one or more of the Specified Alter Ego Defendants is an alter ego of the Debtor if the Avoidance Defendant did not have an opportunity, or right, to intervene in the respective First Omnibus Alter Ego Action or the Second Omnibus Alter Ego Action because it lacked standing to intervene.[4]

---

[4] Such a scenario may be unlikely but is certainly plausible and could happen if the Trustee brings an action to avoid a transfer from a Specified Alter Ego Defendant to an Avoidance Defendant

5.      Thus, the Proposed Revised Order should be further revised to provide that the binding effect of any judgment entered in the First Omnibus Alter Ego Action or the Second Omnibus Alter Ego Action is limited to Avoidance Defendants who had standing to intervene prior to the entry of judgment.

6.      The Proposed Revised Order should also be further revised to provide that, absent further court order, an Avoidance Defendant whose Notice of Intervention is successfully objected to by the Trustee is not bound by any judgment entered in the Omnibus Alter Ego Action for which intervention was sought and denied. Such a revision is necessary to ensure that all parties who are bound by a judgment entered in the First Omnibus Alter Ego Action or the Second Omnibus Alter Ego Action and who sought to litigate issues of alter ego necessary to the Avoidance Action claims asserted against them actually had a full and fair opportunity to litigate the issue of alter ego, a necessary prerequisite for the application of collateral estoppel. *See e.g.*, *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998).

**B.      Discovery Procedures**

**i.      Scope of Data to be Made Available in Data Rooms**

7.      Paragraph 2 of the Proposed Revised Order's Discovery Procedures (the "Discovery Procedures") provides that "the Trustee shall create an electronic discovery depository (the "Depository") comprised of data rooms (the "Data Rooms") each containing all non-privileged documents in the possession of the Trustee related to the following subject matter: . . .

      k.      The Trustee's allegations in Avoidance Complaints asserting claims for actual fraudulent transfer under section 548 of the Bankruptcy Code and/or N.Y. Debtor & Creditor Law regarding the Debtor's "shell game" of using alter egos and nominees to hold title to his assets and conduct his affairs.

---

after judgment has entered in the Trustee's favor finding a Specified Alter Ego Defendant is an alter ego of the Debtor.

*See, e.g., Avoidance Complaint* in *Despins v. Agora Lab, Inc.*
[Adv. Proc. No. 24-05005 Docket No. 1] ¶¶ 15-27, 32-34;"

Proposed Revised Order, at 39 of 85.

8.      Paragraph 2(k) is too narrow as drafted and should not be limited in scope, but instead should simply read: "k. The Trustee's allegations in Avoidance Complaints". Further revising the Proposed Revised Order in this manner will ensure that all relevant and responsive documents are included in the Depository. Indeed, as currently drafted subparagraph k does not include documents related to post-petition transfers under section 549 of the Bankruptcy Code even though many of the Avoidance Actions seek to recover post-petition transfers under section 549.

### ii.      Trustee's Privilege Log

9.      Paragraph 3 of the Discovery Procedures provides for the Trustee to produce "a categorical privilege log generally identifying by producing parties and/or categories of documents those documents covered by the above subject matter that have been withheld from the Data Rooms, . . .". *See* Proposed Revised Order, at 40 of 85. Any privilege log produced by the Trustee should comply with the requirements of D. Conn. L. Civ. R. 26(e), made applicable to this proceeding by Local Bankr. R. 7026-1, so that the Avoidance Defendants can reasonably assess the validity of the claimed privilege and determine whether to challenge the assertion of privilege. At a minimum, any privilege log must include the identity of a withheld document's author and all senders and recipients of a communication, including CCs and BCCs, to allow for a proper assessment of the applicability of a privilege claim.

10.      Requiring a privilege log that conforms with Local Bankr. R. 7026-1 will also ensure that documents are not initially withheld from production on the bases of privilege and subsequently used with dispositive motions or at trial. Defendants are not suggesting that the

Trustee would engage in such gamesmanship, only that a Local Rules compliant privilege log creates a level playing field for all parties.

### iii. <u>Initial Disclosures</u>

11.     Paragraph 5(b) of the Discovery Procedures provides for the exchange of Fed. R. Bankr. Pro. 7026 initial disclosures, but as currently drafted could be read to do away with the Trustee's obligation under Bankruptcy Rule 7026 to identify "all documents, electronically stored information, and tangible things that the [Trustee] has in [his] possession, custody, or control and may use to support [his] claims or defenses" in an Avoidance Action.

12.     Defendants agree that the Trustee's obligation to provide copies of documents pursuant to Rule 7026(a)(1)(A)(ii) is satisfied by the creation of the Depository and Data Rooms, but the creation of the Depository and Data Rooms does not satisfy the Trustee's obligation to identify in his initial disclosures "all documents, electronically stored information, and tangible things that the [Trustee] has in [his] possession, custody, or control and may use to support [his] claims or defenses". Thus, the Proposed Revised Order should be further revised and clarified to avoid any ambiguity regarding the Trustee's obligations to fully comply with the initial disclosure requirements of Rule 7026(a).

### iv. <u>Sharing of Confidential Information</u>

13.     Paragraph 4(f) of the Discovery Procedures provides:

> Counsel that obtain documents or information through Discovery Proceedings in any Avoidance Action may only share such documents and information with the client(s) as to which such Discovery Proceedings are conducted. For the avoidance of doubt, counsel that obtain documents or information through Discovery Proceedings as to one client may not share such documents or information with any other individuals or entities (including counsel's other client(s), unless such other clients are independently entitled to access the documents or information in accordance with these Discovery Procedures).

6

(Proposed Order, at 41 of 85). As drafted paragraph 4(f) would prohibit an attorney who discovers information relevant to a client's case in a data room from sharing that information with the client if the information was discovered while reviewing documents in a data room on behalf of another client. At a minimum, such a restriction could hinder counsel's ability to provide clients with "candid advice" as required by Rule 2.1 of the Connecticut Rules of Professional Conduct.

14.    To avoid even the appearance that counsel's ability to advise and fully represent a client is somehow compromised, Paragraph 4(f) of the Discovery Procedures should be further revised to permit counsel of record to share all documents and information obtained through discovery with all clients who have agreed to be bound by the Protective Order, regardless of the Data Room from which the information is obtained.

### iv.    Expert Discovery

15.    Paragraph 5(e) of the Discovery Procedures should be further revised to include a schedule for expert discovery. Including an expert discovery schedule, rather than parties meeting and conferring at some future date to establish an expert discovery schedule if "any party believes expert discovery is required", (Proposed Order at 42 of 85), is consistent with the District of Connecticut's Form of Report of Parties Planning Meeting utilized to establish scheduling orders, *see* D. Conn. L. Civ. R. 26(f) made applicable by Local Bankruptcy Rule 7026.1, and will avoid prolonged disputes over the issue of whether expert discovery is necessary.

16.    Defendants propose the following as a reasonable schedule for expert discovery:

   a.  The deadline for the completion of all discovery shall be 360 days after the Discovery Start Date. *See*, Proposed Order, at 41 of 85 requiring that all fact discovery be completed within 300 days of the Discovery Start Date.

   b.  Within 270 days of the Discovery Start Date "parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) [, made applicable by Fed. R. Bankr. P. 7026], on any issues on which they bear the burden of proof." (*See* D. Conn. Form 26(F) Report of Parties

Planning Meeting, at §2(E)(i)). Depositions of any such designated experts will be completed within 300 days of the Discovery Start Date.

c. Within 330 days of the Discovery Start Date "parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) [, made applicable by Fed. R. Bankr. P. 7026], on any issues on which they do not bear the burden of proof." (*See* D. Conn. Form 26(F) Report of Parties Planning Meeting, at §2(E)(j))). Depositions of any such designated experts will be completed within 360 days of the Discovery Start Date.

17.    For the avoidance of doubt, expert reports on issues on which a party does not bear the burden of proof are not intended to be responsive or rebuttal reports and may be served regardless of whether the party bearing the burden of proof designates experts on a particular issue.

**C.    Conclusion**

18.    Defendants' counsel has engaged with the Trustee's counsel in an effort to resolve and/or limit the above identified matters prior to the October 21 2025 hearing on the Amended Procedures Motion, and counsel will continue those discussions in an attempt to at least narrow the issues requiring Court intervention.[5]

THE DEFENDANTS,
MEI GUO AND HING CHI NGOK

By: */s/ James M. Moriarty*
Stephen M. Kindseth (ct14640)
James M. Moriarty (ct21876)
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT  06604
(203) 368-4234
(203) 549-5485 (fax)
Email: skindseth@zeislaw.com
        jmoriarty@zeislaw.com
Their Attorneys

---

[5] Defendants anticipate that other Avoidance Action Defendants will file objections to the Revised Proposed Order, that there will be changes to the Revised Proposed Order based on Defendants' Objections and/or the objections of others. Accordingly, Defendants do not include with their Objections a form of further revised proposed order.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2025, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ James M. Moriarty*
James M. Moriarty