**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
In re:                                                      :
                                                            :    Chapter 11
HO WAN KWOK, *et al.*,[1]                                    :
                                                            :    Case No. 22-50073 (JAM)
                              Debtors.                       :
                                                            :    (Jointly Administered)
                                                            :
---------------------------------------------------------x
                                                            :
LUC A. DESPINS, CHAPTER 11                                   :
TRUSTEE,                                                     :
                                                            :    Adv. Proceeding No. 24-05225
                              Plaintiff,                     :
v.                                                          :
                                                            :
                                                            :
CIRRUS DESIGN CORPORATION and                               :
QIANG GUO,                                                   :
                                                            :
                              Defendants.          x
---------------------------------------------------------

**MOTION OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY CODE
SECTIONS 105 AND 363, CONN. GEN. STAT. § 52-356a, CIVIL RULE 69,
BANKRUPTCY RULES 2002, 6004(c), 7069, 9014, AND 9019, AND LOCAL RULES
6004-1, 6004-2, AND 9019-1 SEEKING ENTRY OF ORDER AUTHORIZING AND
APPROVING: (I) SETTLEMENT WITH CIRRUS DESIGN CORPORATION; (II) SALE
OF SF50 AIRCRAFT FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case of Ho Wan Kwok  (the "Debtor"), by and through his undersigned counsel, hereby

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

files this motion (the "<u>Motion</u>") seeking entry of an order, substantially in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Proposed Order</u>"), pursuant to sections 105, 363(b), and 363(f) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), section 52-356a of Connecticut General Statutes, Rule 69 of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"), Rules 2002, 6004(c), 7069, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 6004-1, 6004-2, and 9019-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "<u>Local Rules</u>"), authorizing and approving: (I) the settlement of the Trustee's claims against Cirrus Design Corporation ("<u>Cirrus</u>") in the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>"); (II) the Trustee's sale (the "<u>Sale</u>") of the Cirrus SF50 G2+ series private jet aircraft, Serial Number 0309, Registration Number N3Q (collectively, the "<u>SF50 Aircraft</u>") to Cirrus; and (III) for related relief as discussed herein and provided in the Proposed Order.  In support of this Motion, the Trustee respectfully states the following:

## I.    PRELIMINARY STATEMENT

1.    By this Motion, the Trustee requests approval of his proposed resolution of the avoidance claims against Cirrus, through a settlement that provides for Cirrus to purchase the SF50 Aircraft from the Trustee, settlement of the pending avoidance claims against Cirrus, and for Cirrus to pay $3.5 million to the Trustee for the benefit of the estate.  This payment substantially exceeds the aircraft's presumptive sale value in a brokered sale conducted by the Trustee.  Indeed, this payment is nearly half a million dollars greater than the price for which Cirrus originally sold this aircraft in brand-new condition in 2021.

2.    The Court should approve the proposed settlement with Cirrus under Bankruptcy Rule 9019, because it represents a sound exercise of the Debtor's business judgment.  The

settlement will result in a favorable disposition of the SF50 Aircraft recovered from Qiang Guo (*i.e.*, "Mileson," the Debtor's son) and it will resolve the claims that remain pending against Cirrus in this Adversary Proceeding without the estate incurring further litigation expense.

3.      The Court should also approve the sale of the SF50 Aircraft pursuant to Civil Rule 69 (made applicable to this Adversary Proceeding under Bankruptcy Rule 7069) and Connecticut's statutes governing enforcement of judgments, as well as under section 363 of the Bankruptcy Code.   The proposed sale as the cornerstone of the Trustee's settlement with Cirrus is both commercially reasonable and in best interests of the Debtor's estate.

## II.      **BACKGROUND**

### A. **Commencement of Chapter 11 Case and Appointment of Chapter 11 Trustee**

4.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case.  No examiner has been appointed in the Chapter 11 Case.

6.      On June 15, 2022, the Court entered an order directing the United States Trustee to appoint a chapter 11 trustee.  [Main Case ECF No. 465].[2]

7.      On July 7, 2022, the United States Trustee filed the notice and application with respect to the appointment of Luc A. Despins as the chapter 11 trustee in the Debtor's case pursuant to section 1104(d) of the Bankruptcy Code [Main Case ECF No. 515].  On July 8, 2022, the

---

[2]    References to "Main ECF No. ___" mean and refer to items on the docket of the main Chapter 11 Case, *i.e.*, Case No. 22-50073 (Bankr. D. Conn.).  References to "Adv. ECF No.___" mean and refer to items on the docket of the Adversary Proceeding.

Bankruptcy Court entered an order granting the appointment of the Trustee in the Debtor's case. [Main Case ECF No. 523].

### B. Mileson Obtains Beneficial Ownership Interests in Cirrus Aircraft Pursuant to Debtor's Fraudulent Transfers

8.      Qiang Guo is the Debtor's son and a defendant in the Adversary Proceeding.  He is also a defendant in numerous other adversary proceedings, several of which address avoidable transfers paid to or for the benefit of Qiang Guo.  *See, e.g.*, *Despins v. Qiang Guo* [Adv. Proc. No. 24-5238]; *Despins v. RM Auctions Deutschland GMBH, et al.* [Adv. Proc. No. 24-5245]; *Despins v. Qiang Guo* [Adv. Proc. No. 25-5048].

9.      In 2019, the Debtor, through his alter ego Leading Shine NY Ltd., transferred $845,000.00 to Cirrus (the "Cirrus 2019 Transfer").  That same year, Qiang Guo obtained beneficial ownership of a Cirrus SR22T aircraft, Serial Number 1914, Registration Number N123VP (the "SR22T Aircraft" and, together with the SF50 Aircraft, collectively, the "Cirrus Aircraft"), a high-performance single-engine propeller aircraft.

10.     On October 10, 2019, Qiang Guo, as "Trustor," executed a Trust Agreement with Aviation Trust Company (a limited liability company organized and existing under the laws of the State of Oklahoma) ("ATC"), as "Owner Trustee" (the "SR22T Trust Agreement").  Pursuant to the SR22T Trust Agreement, title to the SR22T Aircraft was conveyed to ATC, to be held for the "use and benefit" of Qiang Guo.  *See Declaration of Patrick R. Linsey* in support of Execution Motion (the "Linsey Declaration"), Ex. A, at art. 2.[3]  Pursuant to a contemporaneously executed Aircraft Operating Lease Agreement (the "SR22T Operating Agreement"), Qiang Guo retained the "exclusive right to possess, use and operate [the SR22T Aircraft]."  *Id.*, Ex. B, at § 4.  This

---

[3]   The Linsey Declaration was filed together with the Execution Motion and is available at ECF No. 47 on the docket of the Adversary Proceeding.

trust arrangement permitted Qiang Guo, a foreign national who does not hold permanent residency status in the United States, to beneficially own an aircraft that was registered with the FAA.[4]

11.     On or about August 25, 2019, Qiang Guo executed a purchase agreement with Cirrus pursuant to which Qiang Guo agreed to purchase the SF50 Aircraft for a total price of $3,014,700 (the "SF50 Purchase Agreement").  Linsey Declaration, Ex. C.  The SF50 Aircraft is a Cirrus SF50 G2+ Series single-engine "personal jet" aircraft.

12.     In 2021, the Debtor, through his alter egos Lamp Capital LLC ("Lamp Capital") and HCHK Technologies Inc. ("HCHK Technologies" and, together with Leading Shine and Lamp Capital, collectively, the "Alter Egos"), transferred at least $3,070,140.00 to Cirrus (the "Cirrus 2021 Transfers" and, together with the Cirrus 2019 Transfer, collectively, the "Cirrus Transfers").

13.     The Cirrus 2021 Transfers provided funding for Qiang Guo's purchase, pursuant to the SF50 Purchase Agreement, of the SF50 Aircraft.

14.     To conceal Qiang Guo's beneficial ownership of the SF50 Aircraft, Qiang Guo obtained the aircraft through Qiang Guo's shell company, Amazing Sky Aviation Limited ("Amazing Sky").  As with the SR22T Aircraft, ATC held title to the SF50 Aircraft.  Linsey Declaration, Ex. G.

15.     Thus, on December 16, 2021, Amazing Sky, as Trustor, and ATC, as Owner Trustee, executed a Trust Agreement (the "SF50 Trust Agreement"), whereby title to the SF50 Aircraft was conveyed to ATC, to be held for the "use and benefit" of Amazing Sky.  *Id.*, Ex. H,

---

[4]    Federal law restricts United States registration of aircraft to aircraft owned by (a) a citizen of the United States, (b) a foreign national lawfully admitted for permanent residence in the United States, (c) a corporation lawfully organized under federal or (U.S.) state law provided the aircraft is based and primarily used in the United States, or (d) a (U.S.) governmental entity. *See generally* "Information to Aid in the Registration of U.S. Civil Aircraft, Federal Aviation Administration ("FAA"), *available at* https://www.faa.gov/licenses_certificates/aircraft_certification/aircraft_registry/media/Reg-AR-94.pdf (last visited Oct. 31, 2025); 49 U.S.C. § 44103; 14 C.F.R. § 47.3.

at art. 2.   Pursuant to a contemporaneously executed Aircraft Operating Lease Agreement (the "SF50 Operating Agreement" and, together with the SF50 Trust Agreement, collectively, the "SF50 Trust Documents"), Amazing Sky retained the "exclusive right to possess, use and operate [the SF50 Aircraft]."  *Id.*, Ex. J, at § 4.

16.    On or about March 5, 2024, less than a month after the Trustee commenced this Adversary Proceeding, without notice to the Trustee or the Court, Qiang Guo caused the SR22T Aircraft to be sold to an individual in the United Kingdom.  *Id.*, Exhibits K and L.

**C. Trustee Sues Cirrus for Fraudulent Transfers and Qiang Guo for Receiving Benefit of Transfers Funding Purchase of Aircraft for Qiang Guo and Court Enters $3,915,140.00 Money Judgment Against Qiang Guo and Determines He Received Benefit of Fraudulent Transfers**

17.    On February 14, 2024, the Trustee commenced this Adversary Proceeding by filing an adversary complaint [Adv. ECF No. 1] (the "Complaint") against defendants Cirrus and Qiang Guo to avoid and recover the Cirrus Transfers.

18.    The first four claims in the Complaint seek to avoid and recover the Cirrus Transfers or their value as actual and constructive fraudulent transfers under the Bankruptcy Code and New York State fraudulent transfer law (the "Cirrus Claims").[5]

19.    Cirrus filed a motion for judgment on the pleadings in the Adversary Proceeding based on the brief jointly filed by numerous avoidance defendants, which motion the Court has denied.  [Adv. ECF Nos. 21, 57.]  The Cirrus Claims are otherwise presently subject to a mediation stay.

---

[5]    Under the Qiang Guo Cirrus Judgment (as defined below), the Cirrus Claims remain pending and were not impacted by the Court's entry of judgment against Qiang Guo, and all rights of the Trustee and Cirrus are reserved. Qiang Guo Cirrus Judgment ¶ 6.  The Trustee has stipulated not to use the Qiang Guo Cirrus Judgment, whether as law of the case or otherwise, against Cirrus.  *Id.*

20.    The fifth claim of the Complaint sought recovery from Qiang Guo of the value of the Cirrus Transfers, because he received the benefit of the Cirrus Transfers.  *See* 11 U.S.C. § 550(a)(1).

21.    On September 23, 2024, the Clerk entered default against Qiang Guo for failing to plead or otherwise defend pursuant to Civil Rule 55(a).  [Adv. ECF No. 18.]   On October 28, 2024, the Trustee moved for the Court to enter a default judgment against Qiang Guo on the fifth claim of the Complaint.  [Adv. ECF No. 23.]

22.    On November 20, 2024, the Court entered its *Order Granting Motion of Chapter 11 Trustee for Estate of Ho Wan Kwok for Entry of Default Judgment Against Qiang Guo* [Adv. ECF No. 35] (the "Qiang Guo Cirrus Judgment").  The Qiang Guo Cirrus Judgment expressly determined that Qiang Guo received the benefit of the Cirrus Transfers and entered a money judgment against Qiang Guo in the amount of $3,915,140.00.  *Id.* ¶ 3.

### D.  Court Approves Execution and Orders Turnover of SF50 Aircraft, and Trustee Obtains Title to and Possession of SF50 Aircraft

23.    On February 19, 2025, the Trustee filed under seal his amended motion for entry of an order of execution and turnover and related relief as to the SF50 Aircraft [Adv. ECF No. 47] (the "Execution Motion"), which the court granted by order dated February 20, 2025 [Adv. ECF No. 51] (as supplemented, the "Execution Order").  The Execution Motion was filed *ex parte* and under seal [Adv. ECF Nos. 48, 50], and the Execution Order was entered subject to Qiang Guo's right to seek to dissolve the order upon its unsealing, *see* Execution Order .

24.    The Execution Order determined that ATC held legal title to the SF50 Aircraft for Qiang Guo and that any rights or interest held by Amazing Sky with respect to the SF50 Aircraft were held solely for the benefit of Qiang Guo.  Execution Order at ¶ 3.  The Court further directed ATC to turn over title to the SF50 Aircraft (the "SF50 Title") to the Trustee and ordered that upon

transfer of title neither Qiang Guo nor Amazing Sky shall retain any rights or interests with respect to the SF50 Aircraft except as provided in the Execution Order.  *Id.* ¶¶ 5-6.  And the Court authorized the Trustee to obtain possession of the SF50 Aircraft.  *Id.* ¶ 8.

25.     The Execution Motion was filed and granted to permit the Trustee to obtain possession of the SF50 Aircraft in contemplation of a future sale of the aircraft in execution of the Qiang Guo Cirrus Judgment.  *See* Execution Motion at ¶¶ 3, 38, 55; Execution Order ¶ 10.

26.     On February 24, 2025, ATC transferred the SF50 Title to the Trustee in compliance with the Execution Order.

27.     On March 5, 2025, the Trustee (through his repossession agent, Sage-Popovich, Inc. ("SPI")) obtained possession of the SF50 Aircraft in Guernsey (which is part of the British Isles).

28.     On March 7, 2025, pursuant to the Execution Order, the Trustee filed his *Notice of Possession of SF50 Aircraft* [Adv. ECF No. 61] (the "SF50 Aircraft Possession Notice") stating that the Trustee obtained possession of the SF50 Aircraft and will hold it and the SF50 Title pending further order of the Court as to the terms and procedures for the sale of the SF50 Aircraft. On the same date, the Trustee served on Qiang Guo: (a) the SF50 Aircraft Possession Notice; (b) the Execution Motion and the Execution Order; and (c) the Property Execution Application/Order and the Exemption Claim Form (as these terms are defined in the Execution Order).

29.     On or about March 11, 2025, the Execution Motion and the Execution Order were unsealed.  [Adv. ECF No. 64.]  To date, Qiang Guo (who is not appearing in the Adversary Proceeding) has not sought to dissolve the Execution Order, nor has Qiang Guo filed an Exemption Claim Form.

E. **Preparation of SF50 Aircraft for Sale and Assistance by Cirrus**

30.     Following entry of the Execution Order and the transfer of the SF50 Title to the Trustee, the Trustee has prepared the SF50 Aircraft to be sold.

31.     The Trustee first undertook repairs and maintenance of the aircraft so that it could be returned to the United States.  This included repairs and maintenance necessary to safely operate the aircraft.  Thereafter, on or about June 2, 2025, the Trustee (through SPI) caused the SF50 Aircraft to be flown from Guernsey to the United States.

32.     Since that time, SPI has maintained possession of the SF50 Aircraft, and the Trustee has explored various options to sell the aircraft.

33.     Among these options, the Trustee has considered selling the aircraft through a sale brokered by SPI.  In connection with the potential engagement, SPI surveyed the marketplace for aircraft similar to the SF50 Aircraft (*i.e.*, Cirrus SF50 G2+ series aircraft) in May 2025 and advised the Trustee, among other things, that: (a) comparable aircraft were listed for sale with an average asking price of $3.145 million;[6] (b) most of these comparable aircraft were manufactured more recently than the SF50 Aircraft; and (c) privately owned aircraft listed for sale typically sell for below their asking price.  SPI quoted the Trustee a discounted broker's fee of 3% (three percent) of the sale price.  Without formal marketing of the aircraft, SPI has identified a buyer prepared to pay $2.6 million for the SF50 Aircraft.

34.     As a further data point relevant to the liquidation value of the SF50 Aircraft, the Trustee has considered Qiang Guo's efforts in early 2025 to sell the SF50 Aircraft to a business entity in the United Kingdom (the "UK Buyer").  Ultimately, the Trustee obtained the SF50 Title

---

[6]     SPI noted nearly two dozen Cirrus SF50 G2+ series aircraft listed for sale within the preceding 12 months with disclosed list prices.

and possession of the SF50 Aircraft before Qiang Guo could complete this sale. However, the Trustee has noted that under a sale and purchase agreement with the UK Buyer dated January 16, 2025, Qiang Guo (acting through his agent, Farhad Zabeti) agreed to sell the SF50 Aircraft to the UK Buyer for 2.4 million GBP (an amount equivalent, as of the date of the agreement, to approximately $2.94 million).

35. Following entry of the Execution Order and the transfer of the SF50 Title to the Trustee, Cirrus assisted the Trustee in obtaining possession of the SF50 Aircraft and in performing maintenance and repairs. For example, Cirrus delivered keys to the SF50 Aircraft to SPI on an expedited basis (using one of its own private aircraft), which assisted the Trustee's repossession agent in accessing and operating the aircraft. Cirrus also expedited deliveries to Guernsey of parts required for repairs and maintenance of the aircraft.

36. Cirrus employees also traveled to Gary, Indiana, to undertake an inspection of the SF50 Aircraft on or about June 30, 2025 (the "Inspection"). Cirrus has represented to the Trustee that its Inspection is completed and that it understands the Sale to Cirrus as proposed by this Motion will be in "as is" condition.

**F. Qiang Guo Service Procedures**

37. On April 22, 2025, the Trustee filed a motion in the Chapter 11 Case and in various adversary proceedings in which Qiang Guo was a party, including the Adversary Proceeding at issue in this Motion, requesting approval of procedures governing service of documents on Qiang Guo [Main ECF No. 4338, Adv. ECF No. 78] (the "Service Procedures Motion").

38. On September 25, 2025, the Court granted the Service Procedures Motion by entry of its *Order Regarding Service Procedures* [Main ECF No. 4684, Adv. ECF No. 91] (the "Service Procedures Order").

### III.   REQUESTED RELIEF

39.     By this Motion the Trustee seeks entry of the Proposed Order, pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, Rule 69 of the Civil Rules, Rules 2002, 6004(c), 7069, 9014, and 9019 of the Bankruptcy Rules, and Local Rules 6004-1, 6004-2, and 9019-1 (i) approving and authorizing the Trustee's settlement with Cirrus of the Cirrus Claims; (ii) authorizing and approving the sale of the SF50 Aircraft to Cirrus; and (iii) granting related relief.  **Cirrus has confirmed its agreement to the terms of the Proposed Order by execution of its Assent to the Proposed Order, appended hereto as Exhibit 2**.

### IV.   PROPOSED SETTLEMENT WITH CIRRUS

40.     Since the Court entered the Execution Order and the Trustee obtained possession of the SF50 Aircraft, the Trustee and Cirrus, through its counsel, have sought to negotiate a settlement of the Trustee's claims against Cirrus in this Adversary Proceeding.

41.     Ultimately, the Trustee has agreed, subject to approval by the Court, to settle the Cirrus Claims against Cirrus upon the following material terms (as more specifically set forth in the Proposed Order):[7]

a.     Within ten (10) business days of the entry of Proposed Order granting this Motion, Cirrus shall: (i) pay to the Trustee by wire transfer $3,500,000.00 in immediately available funds (the "Settlement Amount"); and (ii) execute and provide to the Trustee a release in the form appended to the Proposed Order as Exhibit A (the "Cirrus Release");

b.     Contemporaneously with the Trustee's receipt of the Settlement Amount and the Cirrus Release, the Trustee shall: (a) execute and provide to Cirrus a Bill of Sale

---

[7]   The settlement and sale terms as summarized and discussed in this Motion are subject to the complete terms of the Proposed Order.  In the event of any inconsistency of conflict between the foregoing, the Proposed Order shall control.

with respect to the SF50 Aircraft in the form attached to the Proposed Order as Exhibit B (the "Sale"); (b) execute and provide to Cirrus a release in the form appended to the Proposed Order as Exhibit C (the "Trustee Release" and, together with the Cirrus Release, collectively, the "Releases"); and (c) file a notice of dismissal in the Adversary Proceeding dismissing the Cirrus Claims against Cirrus only.[8]

## V.    SUMMARY OF MATERIAL TERMS OF SETTLEMENT/SALE

42.    The chart below sets forth the material terms of the proposed settlement (including the Sale) as more specifically provided in the Proposed Order.

| Provision | Summary Description |
|---|---|
| **Parties** | Luc A. Despins, solely in his capacity as chapter 11 trustee for the estate of Ho Wan Kwok, and not in his personal capacity<br><br>Cirrus Design Corporation |
| **Settlement Amount** | Total: $3,500,000.00 (*i.e.*, the Settlement Amount), which shall be paid within 10 business days of Court approval of the Proposed Order (the "Settlement Order") |
| **Property to Be Sold** | SF50 Aircraft |
| **Closing** | Transfer of the SF50 Title from the Trustee to Cirrus will occur contemporaneously with Cirrus's payment of the Settlement Amount to the Trustee and its provision of the Cirrus Release to the Trustee.<br><br>The Closing shall be held at Cirrus' facility in Knoxville. TN. |
| **Sales/Conveyance Tax** | Cirrus will be responsible for payment of any sales or conveyance taxes with respect to the Sale of the SF50 Aircraft. |

---

[8]    For the avoidance of doubt, dismissal of the Cirrus Claims against Cirrus shall not impair the Trustee's rights under the Qiang Guo Cirrus Judgment, *provided, however*, upon the Trustee's receipt of the Settlement Amount, such amount shall be credited against Qiang Guo's liability under the Qiang Guo Cirrus Judgment.

| Provision | Summary Description |
|---|---|
| **Representations and Warranties** | Cirrus represents that it has completed its Inspection of the SF50 Aircraft and that, upon Closing, Cirrus will be deemed to have accepted the SF50 Aircraft in its "as is" condition. The Trustee has given no warranty, either express or implied, and makes no representation as to the condition of the SF50 Aircraft. |
| | Cirrus further represents that it (a) has no affiliation with the Debtor or Debtor Associates (as defined herein, including Qiang Guo); (b) Cirrus has no agreement with and is not acting on behalf of the Debtor or Debtor Associates; and (c) all payments to be made by Cirrus in connection with the Sale are disclosed by this Motion. |
| **Releases and Dismissal** | The Trustee and Cirrus shall exchange the Releases as provided in the Proposed Order and the Trustee shall dismiss the Cirrus Claims against Cirrus in the Adversary Proceeding. |
| **Exclusive Bankruptcy Court Jurisdiction** | This Court will have exclusive jurisdiction over any claim or dispute in respect of or arising out of the Sale, and the parties irrevocably submit to the exclusive jurisdiction of this Court, waive any objection they now or hereafter may have to venue or convenience of forum, agree that all claims relating to the Sale will be decided in this Court, and, further, not to bring any claim relating to the Sale in any other court. |

## VI.    COMPLIANCE WITH LOCAL RULE 6004-2(c)

43.    In accordance with Local Rule 6004-2(c), the Trustee further states:

| Local Rule 6004-2 Disclosure | Terms of Sale |
|---|---|
| **Sale to Insider** (Local Rule 6004-2(c)(1)) | Cirrus is not an insider within the meaning of section 101(31) of the Bankruptcy Code. |
| **Agreements with Management** (Local Rule 6004-2(c)(2)) | Not applicable. |
| **Releases** (Local Rule 6004-2(c)(3)) | The Trustee and Cirrus will exchange the Releases as provided in the Proposed Order. Upon the Closing (as defined herein) the Trustee shall dismiss the Cirrus Claims against Cirrus in the Adversary Proceeding with prejudice. |

13

| Local Rule 6004-2 Disclosure | Terms of Sale |
|---|---|
| **Private Sale/No Competitive Bidding** (Local Rule 6004-2(c)(4)) | While the Trustee does not contemplate conducting an auction, the Trustee has considered various sale options as discussed in this Motion.  The Trustee is also aware that Cirrus is not prepared to settle the Cirrus Claims on economic terms acceptable to the Trustee in the absence of the Sale of the SF50 Aircraft to Cirrus. Considering information reviewed by the Trustee, including that supplied by SPI as well as that related to Qiang Guo's efforts to sell the aircraft prior to the Trustee obtaining the SF50 Title; and further considering the economics of the proposed settlement, including the Settlement Amount, the reduced transaction costs of the Sale proposed by this Motion (including the absence of any broker's commission), and the savings in attorneys' fees incurred by the estate through resolution of the Cirrus Claims; the Trustee believes that the economics of the Sale as a necessary component of the proposed settlement are superior to those the Trustee is reasonably likely to obtain through an auction or through a private sale to an alternative buyer. |
| **Closing and Other Deadlines** (Local Rule 6004-2(c)(5)) | Transfer of the SF50 Title from the Trustee to Cirrus (the "Closing") will occur contemporaneously with Cirrus's payment of the Settlement Amount and provision of the Cirrus Release to the Trustee, which Cirrus shall pay and provide within 10 business days of entry of the Settlement Order |
| **Good Faith Deposit** (Local Rule 6004-2(c)(6)) | Cirrus has not paid a deposit. |
| **Interim Arrangements with Proposed Buyer** (Local Rule 6004-2(c)(7)) | There are no interim arrangements with Cirrus. |

| Local Rule 6004-2 Disclosure | Terms of Sale |
|---|---|
| **Use of Proceeds** (Local Rule 6004-2(c)(8)) | The Settlement Amount will be paid to the Trustee for the benefit of the Debtor's Estate. The Settlement Amount less any costs and expenses (the "<u>Expenses</u>") incurred by the Trustee in connection with obtaining possession of and selling the SF50 Aircraft (the "<u>Net Proceeds</u>") will be applied to the Qiang Guo Cirrus Judgment. The Trustee shall file a statement disclosing the Expenses within fourteen (14) days of the Closing. After Closing, the Trustee shall retain a money judgment against Qiang Guo for the amount of the original Qiang Guo Cirrus Judgment less the Net Proceeds.<br><br>To the extent there are any liens on the SF50 Aircraft, such liens will attach to the proceeds, subject to the Trustee's right to contest these liens.[9] |
| **Tax Exemption** (Local Rule 6004-2(c)(9)) | The Trustee is not seeking to have the sale declared exempt from taxes under section 1146(a) of the Bankruptcy Code. |
| **Record Retention** (Local Rule 6004-2(c)(10)) | Not applicable. |
| **Sale of Avoidance Actions** (Local Rule 6004-2(c)(11)) | The Trustee is not seeking to sell any avoidance actions. |
| **Requested Findings and Order as to Successor Liability** (Local Rule 6004-2(c)(12)) | The Trustee is not requesting any findings as to successor liability claims. |
| **Sale Free and Clear of Unexpired Leases** (Local Rule 6004-2(c)(13)) | There are no unexpired leases affecting the SF50 Aircraft. Pursuant to the Execution Order, the SF50 Operating Agreement ceased to be of any force and effect upon the Trustee obtaining the SF50 Title. Execution Order ¶ 6. |
| **Credit Bid** (Local Rule 6004-2(c)(14)) | Not applicable. |
| **Relief from Bankruptcy Rule 6004(h)** (Local Rule 6004-2(c)(15)) | The Trustee seeks relief from the fourteen-day stay imposed by Bankruptcy Rule 6004(h) to permit the Sale to close as soon possible upon approval by this Court. |

---

[9]  The Trustee obtained a title search for the SF50 Aircraft in February 2025, which indicated that no liens exist with respect to the aircraft.

| Local Rule 6004-2 Disclosure | Terms of Sale |
|---|---|
| **Carve-Outs and/or "Gifts"** (Local Rule 6004-2(c)(16)) | Not applicable. |
| **Residual Assets** (Local Rule 6004-2(c)(17)) | The Sale is not a sale of substantially all of the assets of the estate. Additional assets will exist following closing. |

## VII.    BASES FOR RELIEF

### A.    Settlement Should Be Approved Pursuant to Bankruptcy Rule 9019

44.    The Court should approve the proposed settlement between the Trustee and Cirrus, which represents a favorable outcome for creditors of the Debtor's estate.

45.    To approve a compromise and settlement under Bankruptcy Rule 9019, a Bankruptcy Court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the Debtor's Estate. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003).  The decision to approve a particular settlement lies within the sound discretion of the Court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

46.    Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).  Instead, the Court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).  In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . . ; (3) the "paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*In re Iridium Operating Llc*, 478 F.3d 452, 462 (2d Cir. 2007).

47.    In negotiating the proposed settlement (of which the Sale transaction is the cornerstone), the Trustee considered, among other things: (a) the Trustee's view as to the strength of the Cirrus Claims (including based on his investigation of Qiang Guo's acquisition of the Cirrus Aircraft); (b) the fact that Cirrus is well resourced and represented by capable and experienced counsel; (c) the costs (including attorneys' fees) and uncertainties of further litigation in this Adversary Proceeding; (d) the likely market value of the SF50 Aircraft if the Trustee were to market the aircraft directly based on, among other things, information provided by SPI and the purchase price negotiated by the UK Buyer; (e) that a sale to a buyer other than Cirrus would likely require the Trustee to incur additional transaction costs (including, among other things, payment of a broker's commission); and (f) material assistance that Cirrus provided to the Trustee following the Court's entry of the Execution Order and transfer of the SF50 Title to the Trustee.  Notably, the $3.5 million Settlement Amount is substantially higher than the likely sale price of the SF50 Aircraft in a sale by the Trustee to another buyer, because the Sale to Cirrus is one element of the broader settlement.

48.    The proposed settlement represents a prudent exercise of the Trustee's business judgment.  The settlement will yield substantially more for the estate than the Trustee would obtain

in in a sale of the SF50 Aircraft to another buyer, thus obtaining nearly 90% of the Cirrus Transfers for the benefit of the estate without incurring substantial transaction costs or further litigation expense.

### B. Sale of SF50 Aircraft Should Be Approved Pursuant to Conn. Gen. Stat. Section 52-356a and Bankruptcy Code Section 363(b)

49.     The Court has already entered the Execution Order authorizing the Trustee's execution upon the SF50 Aircraft in enforcement of the Qiang Guo Cirrus Judgment pursuant to Civil Rule 69 (made applicable pursuant to Bankruptcy Rule 7069) and Conn. Gen. Stat. section 52-356a, *et seq*.  Pursuant to the Execution Order, the SF50 Title has been transferred to the Trustee in contemplation of a sale upon terms approved by the Court.   Upon execution, Connecticut statutes governing enforcement of judgments provide for the sale of levied property under commercially reasonable conditions.  *See* Conn. Gen. Stat. § 52-356a(b).[10]

50.     Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets other than in the ordinary course of its business after notice and hearing.  *See* 11 U.S.C. § 363(b). Additionally, Bankruptcy Rule 6004(f) authorizes a trustee to sell estate property outside of the ordinary course of business by private sale or public auction. Fed. R. Bankr. P. 6004(f).

51.     The decision to sell assets outside of the ordinary course of business is based upon the sound business judgment of the trustee.  *See e.g. In re Chateaugay Corp.*, 973 F.2d 141 (2d

---

[10]     Civil Rule 69(a), applicable in the Adversary Proceeding under Bankruptcy Rule 7069, "does not require strict adherence to state procedural law … Substantial compliance with state procedure may be sufficient."  *SEC v. Bronson*, No. 12-cv-6421 (KMK), 2023 U.S. Dist. LEXIS 171056, at *4 (S.D.N.Y. Sep. 20, 2023) (cleaned up, internal citations omitted).  "That is because proceedings to enforce judgments are meant to be swift, cheap, informal."  *SEC v. Mulholland*, No. 12-cv-14663, 2017 U.S. Dist. LEXIS 190387, at *37 (E.D. Mich. Nov. 17, 2017) (cleaned up) (citing 12 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 3012, "What Law Governs," (3d ed. 2014); *Resolution Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) ("We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin.")).  Thus, the Second Circuit has counseled a "flexible approach to Rule 69(a)."  *See Mitchell v. Lyons Prof'l Servs.*, 727 F. Supp. 2d 120, 124 (E.D.N.Y. 2010) (discussing *Chambers v. Blickle Ford Sales, Inc.*, 313 F.2d 252 (2d Cir. 1963) (approving of a judgment enforcement procedure that "accords with the spirit of the Rules and seems to be a sufficiently close adherence to state procedures")).

Cir. 1992); *Comm. of Equity Security Holders v. Lionel Corp (In re Lionel Corp.)*, 772 F.2d 1063, 1071 (2d Cir 1983). The trustee has broad discretion to determine the manner in which its assets are sold and private sales outside the ordinary course of business are permissible pursuant to section 363(b) of the Bankruptcy Code. *See In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (noting trustee has authority to conduct a sale of estate property through private sale); *see, e.g., Palermo v. Pritam Realty, Inc. (In re Pritam Reality, Inc.)*, 233 B.R. 619 (D. P.R. 1999) (upholding the bankruptcy court's approval of a private sale conducted by a chapter 11 debtor); *In re MF Glob. Inc.*, 535 B.R. 596 608 (Bankr. S.D.N.Y. 2015) (approving a private sale of a chapter 11 debtor's assets where the standards of section 363(b) were met). Courts have approved private sales where the benefits of such outweigh the delay and expense of conducting a public sale. *See In re Dewey & Leboeuf LLP*, 2012 Bankr. LEXIS 5116 at *17-18 (Bankr. S.D.N.Y. Nov. 1, 2012) (finding good business justification to sell property through a private sale where public sale would be more costly).

52.      The Trustee respectfully submits that good cause exists to waive the requirement of a public sale under Local Rule 6004-1 in light of the particular facts and circumstances set forth herein. The Trustee has undertaken due diligence with respect to the liquidation value of the SF50 Aircraft, *see* ¶¶ 33, 34 *supra*, and understands that the Sale to Cirrus as an essential element of the proposed settlement will realize substantially greater value for the estate than the estate would realize if the Trustee were to sell the aircraft in a public auction. The Sale as proposed by this Motion will also allow the Trustee to avoid additional transaction costs (including a broker's commission which, even under the commission structure offered by SPI, could approach six figures).

53.     Once a court is satisfied that there is a sound business justification for a proposed sale, the court must then determine whether (i) the trustee has provided the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith. *See In re Betty Owens Sch., Inc*., No. 1997 WL 188127, at \*4 (S.D.N.Y. 1997).

54.     As detailed in this Motion, there is a strong business justification for the Sale of the SF50 Aircraft to Cirrus.  Through the Sale, negotiated as part of a settlement that will also resolve the Cirrus Claims against Cirrus, the Trustee will obtain substantially greater value for the estate than the Trustee would obtain in a sale to another buyer.  Cirrus has already performed its Inspection of the SF50 Aircraft and is prepared to accept the aircraft immediately in "as is" condition.[11]  Indeed, the Settlement Amount to be paid by Cirrus exceeds (by nearly half a million dollars) the original purchase price for which Cirrus sold the SF50 Aircraft in brand-new condition in 2021.  Additionally, the Trustee will avoid the expense of a brokered sale of the SF50 Aircraft (including a broker's commission, as well as professional fees in connection with negotiating letters of intent and a purchase and sale agreement with respect to the aircraft).

55.     Because the Sale will result in the estate realizing greater value than it is likely to obtain under any alternative disposition of the aircraft, it is plainly commercially reasonable.  *See* Conn. Gen. Stat. § 52-356a(b).  Moreover, since the Execution Order entered and Qiang Guo was provided notice of same, Qiang Guo has neither contested the relief provided in the Execution Order nor has he filed an Exemption Claim Form with respect to the aircraft.  Consistent with the

---

[11]   Cirrus is well positioned to settle upon these terms, because—as the manufacturer and seller of this type of aircraft—it is capable of marketing and selling the aircraft without incurring substantial transaction costs.  As the product manufacturer, Cirrus can also potentially offer more attractive sale terms than can the Trustee as a private seller (*e.g.*, Cirrus may include ancillary services and benefits, such as training to operate the aircraft and/or warranties for parts and maintenance).

Execution Order, Qiang Guo will also be served with a copy of this Motion.  In any event, Qiang Guo could not plausibly claim to be prejudiced by the Trustee undertaking the Sale as part of the proposed settlement, inasmuch as the Net Proceeds[12] of the settlement will be applied to the Qiang Guo Cirrus Judgment, thus reducing Qiang Guo's liability under the judgment.[13]

56.     Likewise, in accordance with Local Rule 6004-2(g), the Trustee will serve a copy of this Motion on all parties that have expressed an interest in purchasing the SF50 Aircraft (meaning the UK Buyer and any potential buyers that expressed interest in the aircraft to SPI). And the proposed settlement, including the Sale, is the product of good-faith, arm's-length negotiations between the Trustee and Cirrus.

57.     For the reasons stated above, the Trustee submits that the Sale of the SF50 Aircraft to Cirrus as part of the proposed settlement is commercially reasonable and is in the best interests of the estate and should be approved under Conn. Gen. Stat. section 52-356a, *et seq*. and section 363(b) of the Bankruptcy Code.

**C.  Sale of SF50 Aircraft Free and Clear of
Liens, Claims, Interests, and Encumbrances Should Be Authorized
<u>Pursuant to Bankruptcy Code Section 363(f), Subject to Terms of Settlement Order</u>**

58.     Section 363(f) of the Bankruptcy Code authorizes a trustee to sell assets free and clear of liens, claims, interests, and encumbrances if:

a.  applicable non-bankruptcy law permits sale of such property free and clear of such interests;

b.  such entity consents;

c.  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d.  such interest is in bona fide dispute; or

---

[12]   Deduction of the Expenses from the Settlement Amount is consistent with Conn. Gen. Stat. § 52-356a(d).

[13]   Qiang Guo remains liable to the estate under the separate default judgment entered by the Court in Adv. Proc. No. 24-5238, and the Trustee has pending claims against Qiang Guo in multiple other adversary proceedings, all of which the Trustee will continue to prosecute and enforce for the benefit of the estate.

> e.   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of the five requirements will suffice to permit the sale of the SF50 Aircraft "free and clear" of liens and interests.  *See In re Dundee Equity Corp*., 1992 WL 53743 at *4 (Bankr. S.D.N.Y. Mar. 6, 1992) ("[S]ection 363(f) is in the disjunctive, such that the sale of the interest concerned may occur if any one of the conditions of Section 363(f) have been met").

59.   The Trustee's title search has not revealed any liens or other encumbrances with respect to the SF50 Aircraft.  However, to the extent there are any liens, claims, interests, or encumbrances against the SF50 Aircraft, the Trustee submits that the Sale should be approved free and clear of any such liens, claims, interests, and encumbrances, because any such lien, claim, interest or encumbrance will attach to the proceeds of the Sale, subject to any claims and defenses that the Trustee may have with respect thereto, providing adequate protection to any affected third party.  *See MacArthur Co. v. Johns-Manville Corp*., 837 F.2d 89, 94 (2d Cir. 1988) ("It has long been recognized that when a debtor's assets are disposed of free and clear of third-party interests, the third party is adequately protected if his interest is assertable against the proceeds of the disposition.").

60.   For all these reasons, the Trustee requests that the Court authorize the Trustee to sell the SF50 Aircraft free and clear of any liens, claims, interests, and encumbrances, but subject to the terms of the Settlement Order.

**D.  Sale of SF50 Aircraft**
   **<u>Should Be Subject to Protections of Bankruptcy Code Section 363(m)</u>**

61.   Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from the estate notwithstanding that the sale conducted under section 363(b)

of the Bankruptcy Code is later reversed or modified on appeal.  Specifically, section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under [section 363(b)] . . . does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal.

62.    Although "good faith" is not defined in the Bankruptcy Code, the Second Circuit has stated that:

> Good faith of a purchaser is shown by the integrity of his conduct during the course of the sale proceedings . . . A purchaser's good faith is lost by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (internal quotations omitted).  Section 363(m) of the Bankruptcy Code "fosters the 'policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely.'" *In re Chateaugay Corp.*, 1993 U.S. Dist. Lexis 6130 *9 (S.D.N.Y. 1993) (quoting *In re Abbots Dairies of Penn., Inc.*, 788 F.2d 143, 147); *see also Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990).

63.    The Trustee selected Cirrus to purchase the aircraft through arm's-length negotiations with Cirrus coupled with due diligence concerning the value of the SF50 Aircraft.  As a result of this process, the Trustee determined that the Sale of the SF50 Aircraft to Cirrus as part of the settlement will generate substantially more value for the estate as compared to a brokered sale of the aircraft to another buyer.  The Trustee has no reason to believe that Cirrus colluded with other interested parties or otherwise attempted to gain an unfair advantage in the process.

64.     Moreover, Cirrus has represented to the Trustee that Cirrus (a) has no affiliation with the Debtor or the Debtor's family members or associates, including, without limitation, Qiang Guo ("Debtor Associates"); (b) Cirrus has no agreement with and is not acting on behalf of the Debtor or Debtor Associates; and (c) all payments to be made by Cirrus in connection with the Sale are disclosed by this Motion.  Accordingly, the Trustee submits that Cirrus is a good faith purchaser entitled to the protections pursuant to section 363(m) of the Bankruptcy Code.

## **WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)**

65.     The Trustee requests that the Court waive any applicable stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).

66.     Cirrus has advised the Trustee that it wishes for the Closing to occur as soon as possible.  Moreover, both Cirrus and the estate will benefit from an immediate resolution of the Cirrus Claims without further litigation expense.  The Trustee thus respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## **NOTICE**

67.     Notice of this Motion will be served upon (i) the Office of the United States Trustee for the District of Connecticut, (ii) Cirrus, (iii) counsel for the Debtor, (iv) Qiang Guo (who will be served pursuant to the Service Procedures Order), (v) ATC, (vi) counsel for the Official Committee of Unsecured Creditors, (vii) SPI and all entities and individuals known to have expressed an interest in purchasing the SF50 Aircraft, and (viii) all parties who have requested

notice in the Debtor's case pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Notice Parties</u>").

The Notice Parties will receive a full copy of the Motion.

[<em>Remainder of page intentionally left blank.</em>]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Bankruptcy

Court enter the Proposed Order granting the relief requested herein.

LUC A. DESPINS, TRUSTEE

Dated: November 3, 2025
New Haven, Connecticut

By: /s/ *Patrick R. Linsey*
   Douglas S. Skalka (ct00616)
   Patrick R. Linsey (ct29437)
   NEUBERT, PEPE & MONTEITH, P.C.
   195 Church Street, 13th Floor
   New Haven, Connecticut 06510
   (203) 781-2847
   dskalka@npmlaw.com
   plinsey@npmlaw.com

          *and*

   G. Alexander Bongartz (admitted *pro hac vice*)
   Douglass Barron (admitted *pro hac vice*)
   PAUL HASTINGS LLP
   200 Park Avenue
   New York, New York 10166
   (212) 318-6000
   alexbongartz@paulhastings.com
   douglassbarron@paulhastings.com

          *and*

   Nicholas A. Bassett (admitted *pro hac vice*)
   PAUL HASTINGS LLP
   2050 M Street NW
   Washington, D.C., 20036
   (202) 551-1902
   nicholasbassett@paulhastings.com

   *Counsel for the Chapter 11 Trustee*

# EXHIBIT 1 TO MOTION

## (Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
----------------------------------------------------------x
In re:                                      :
                                            :    Chapter 11
HO WAN KWOK, et al.,¹                       :
                                            :    Case No. 22-50073 (JAM)
                    Debtors.                 :
                                            :    (Jointly Administered)
                                            :
----------------------------------------------------------x
                                            :
LUC A. DESPINS, CHAPTER 11                  :
TRUSTEE,                                    :
                                            :
                                            :    Adv. Proceeding No. 24-05225
                    Plaintiff,               :
v.                                          :
                                            :
                                            :
CIRRUS DESIGN CORPORATION and               :
QIANG GUO,                                  :
                                            :
                    Defendants.             x
-----------------------------------------------------------
```

**[PROPOSED] ORDER, PURSUANT TO**
**BANKRUPTCY CODE SECTIONS 105 AND 363, CONN. GEN. STAT. § 52-356a, CIVIL**
**RULE 69, BANKRUPTCY RULES 2002, 6004(c), 7069, 9014, AND 9019, AND LOCAL**
**RULES 6004-1, 6004-2, AND 9019-1 AUTHORIZING AND APPROVING: (I)**
**SETTLEMENT WITH CIRRUS DESIGN CORPORATION; (II) SALE OF SF50**
**AIRCRAFT FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND**
**ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), pursuant to sections 105, 363(b), and 363(f) of Title 11 of the United States Code (the "Bankruptcy Code"), section 52-356a of Connecticut General Statutes, Rule 69 of the Federal Rules of Civil Procedure (the "Civil Rules"), Rules 2002, 6004(c), 7069, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1, 6004-2, and 9019-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut (the "Local Rules"), (i) authorizing and approving: (I) the settlement of the Trustee's claims against Cirrus Design Corporation ("Cirrus") in the above-captioned adversary proceeding (the "Adversary Proceeding"); (II) the Trustee's sale (the "Sale") of the SF50 aircraft, Serial Number 0309, Registration Number N3Q (collectively, the "SF50 Aircraft") to Cirrus; and (III) for related relief; and a hearing on the Motion having been held on _____ __, 2025 (the "Hearing"); and this Court having reviewed and considered the Motion, and all objections thereto, and the arguments made by counsel and evidence adduced at the Hearing; and it appearing the terms and conditions of this Order[3] are in the best interests of the Debtor, the estate, creditors and other parties in interest; and after due deliberation thereon, and good cause appearing therefor:

---

[2]    Capitalized terms used but not defined herein shall having the meanings set forth in the Motion.

[3]    For the avoidance of doubt, references to this Order shall be deemed to include the attachments thereto.

**THE COURT HEREBY FINDS THAT**:[4]

### Jurisdiction and Final Order

A.      This Court has jurisdiction to hear and determine the approval of the Sale under 28 U.S.C. §§ 1334 and 157, and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.      This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason to delay the implementation of this Order, and expressly directs entry of judgment as set forth herein.  Cirrus, being a good faith purchaser under section 363(m) of the Bankruptcy Code, may close the Sale authorized by this Order at any time after the entry of this Order and shall not be subject to the stay provided by Bankruptcy Rules 6004(h).

### Notice of Sale

C.      Actual written notice of the Motion, the Hearing, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein, has been afforded to all known interested persons or entities.

D.      As evidenced by the certificates of service previously filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Hearing, the entry of this Order, the Sale, and the relevant objection deadlines have been provided to all Notice Parties; (ii) such

---

[4]     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

notice was, and is, good, sufficient and appropriate under the circumstances of this chapter 11 case, provided a fair and reasonable opportunity for parties-in-interest to object, and to be heard, with respect thereto, and was provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the applicable Local Rules, and the orders of this Court; and (iii) no other or further notice of such matters is necessary or shall be required.

### Business Judgment and Commercial Reasonableness

E.      The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale and the proposed settlement and such actions are appropriate exercises of the Trustee's business judgment and in the best interests of the Debtor, his estate, and its creditors.  Such business reasons include, but are not limited to, the facts that: (i) the terms of the settlement between the Trustee and Cirrus (including the Settlement Amount) and the other terms provided in this Order constitute the highest or otherwise highest and best offer received for the SF50 Aircraft; (ii) the Sale on the terms set forth in this Order presents the best opportunity to maximize the value of the SF50 Aircraft; and (iii) unless the Sale is concluded expeditiously as provided for in this Order, potential creditor recoveries may be diminished.  For these reasons, the Trustee has demonstrated that the terms of the Sale and the proposed settlement are commercially reasonable.

### Marketing Process

F.      As demonstrated by the Motion, the testimony and other evidence proffered or adduced at the Hearing, and the representations of the Trustee and his counsel made on the record at the Hearing: (i) the Trustee conducted adequate investigation and due diligence with respect to the liquidation value of the SF50 Aircraft; (ii) the sale process was non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any individual or entity to make a

competing offer to purchase the SF50 Aircraft; and (iii) the process conducted by the Trustee obtained the highest and best value for the SF50 Aircraft for the Trustee and the Debtor's estate.

### Fair Consideration; Highest or Best Value

G.     The consideration to be provided by Cirrus under this Order is fair and reasonable consideration for the SF50 Aircraft and constitutes (i) reasonably equivalent value under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession or the District of Columbia.  Such consideration constitutes the highest and best offer for the SF50 Aircraft.  No other person or entity or group of persons or entities has offered to purchase the SF50 Aircraft for an amount that would give equal or greater value to the Debtor's estate than the value provided by Cirrus pursuant to this Order.

### Good Faith

H.     The proposed settlement and Sale (including the terms of this Order) were negotiated, proposed, and entered into, and are being undertaken by the Trustee and Cirrus in good faith, without collusion, and from arm's-length bargaining positions.  Likewise, the value that the Debtor's estate will receive on consummation of the Sale is the product of arms' length negotiations between the Trustee, Cirrus, and their respective representatives and advisors.

I.     Cirrus is purchasing the SF50 Aircraft in good faith, and is a good faith purchaser, within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full rights, benefits, privileges, and protections of that provision and any other applicable or similar bankruptcy and non-bankruptcy law.

J.    Neither Cirrus nor the Trustee have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code to this Order or to the consummation of the Sale.

K.    Cirrus proceeded in good faith in all respects in connection with the Sale and this proceeding in that, among other things: (a) Cirrus's offer and the terms of the Sale have been publicly disclosed; (b) all payments to be made by Cirrus have been disclosed; and (c) Cirrus has not violated section 363(n) of the Bankruptcy Code by any action or inaction.

L.    Cirrus is not an insider or an affiliate (as that term is defined in sections 101(2) and 101(31) of the Bankruptcy Code) of the Debtor.

### Section 363(f) of Bankruptcy Code Is Satisfied

M.    The Trustee is authorized to sell the SF50 Aircraft free and clear of liens, claims, interests, and encumbrances against the Debtor or his estate, because one of more of the standards set forth in section 464(f)(1)-(5) of the Bankruptcy Code has been satisfied.

N.    Those holders of liens, claims, interests, or encumbrances who did not object (or who ultimately withdrew their objections, if any) to the Sale or the Motion have either consented to or are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code.  In addition, one or more of the other subsections of section 363(f) of the Bankruptcy Code apply and, therefore, holders of liens, claims, interests, or encumbrances in the SF50 Aircraft are adequately protected by having their liens, claims, interests, or encumbrances in the SF50 Aircraft attach solely to the proceeds of the Sale, subject to the Trustee's right to contest such liens, claims, interests, or encumbrances, in the same order of priority and with the same extent, validity, force, and effect that such holders had prior to the Sale.

O.       Cirrus would not have entered into the Sale and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor's estate and his creditors, (i) if the sale of the SF50 Aircraft was not free and clear of all liens, claims, interests, and encumbrances or (ii) if Cirrus would, or in the future could, be liable for any such liens, claims, interests, and encumbrances.  The total consideration to be provided under this Order reflects Cirrus's reliance on this Order to provide it with title to and possession of the SF50 Aircraft free and clear of all liens, claims, interests, and encumbrances pursuant to sections 105(a) and 363(f) of the Bankruptcy Code.

### Validity of Transfer of Title

P.       The transfer of title in and to the SF50 Aircraft by the Trustee to Cirrus will be a legal, valid, and effective transfer of title, and will vest Cirrus with any legal, equitable and beneficial right, title, and interest in and to the SF50 Aircraft free and clear of all liens, claims, interests, and encumbrances.   The consummation of the Sale is legal, valid, and properly authorized under Conn. Gen. Stat. sections 52-356a, *et seq*., as well all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections of the Bankruptcy Code have been complied with in respect of the Sale.  Subsequent to the Closing, the Debtor's estate will be relieved of all liability or other obligation of any kind with respect to claims arising from or related to Cirrus's post-Closing ownership of the SF50 Aircraft.

### Waiver of Bankruptcy Rules 6004(h)

Q.       The sale of the SF50 Aircraft must be approved and consummated promptly.  The Trustee and Cirrus intend to expeditiously close the Sale upon entry of this Order.  The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose

7

and justification for the immediate approval and consummation of the Sale as contemplated by this Order. Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rule 6004(h) with regard to the transactions contemplated by this Order.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:**

1.       The Motion is GRANTED and approved in all respects, and any objections thereto that have not been otherwise withdrawn, waived, or settled are overruled.

2.       Pursuant to Bankruptcy Rule 9019, the Trustee's settlement of the Cirrus Claims against Cirrus as provided by the terms of this Order is approved in all respects.

3.       Pursuant to Conn. Gen. Stat. sections 52-356a, *et seq*., Rule 69 of the Civil Rules (made applicable by Rule 7069 of the Bankruptcy Rules), and sections 363(b) and 363(f) of the Bankruptcy Code, the Sale of the SF50 Aircraft to Cirrus pursuant to this Order free and clear of all liens, claims, encumbrances, and other interests is approved in all respects.

4.       Within 10 business days of the entry of this Order, Cirrus shall: (a) pay to the Trustee by wire transfer $3,500,000.00 in immediately available funds (the "<u>Settlement Amount</u>"); and (b) execute and provide to the Trustee a release in the form appended hereto as **<u>Exhibit A</u>** (the "<u>Cirrus Release</u>").

5.       Contemporaneously with the Trustee's receipt of the Settlement Amount and the Cirrus Release, the Trustee shall: (a) execute and provide to Cirrus a Bill of Sale with respect to the SF50 Aircraft in the form attached hereto as **<u>Exhibit B</u>** and provide Cirrus with other documents reasonably required to transfer title to the SF50 to Cirrus; (b) execute and provide to Cirrus a release in the form appended hereto as **<u>Exhibit C</u>** (the "<u>Trustee Release</u>" and, together with the Cirrus Release, collectively, the "<u>Releases</u>"); and (c) file a notice of dismissal in the

8

Adversary Proceeding dismissing the Cirrus Claims against Cirrus only.[5]  The Closing shall occur at Cirrus' facility in Knoxville, TN.

6.       Pursuant to sections Conn. Gen. Stat. sections 52-356a, *et seq*., Rule 69 of the Civil Rules (made applicable by Rule 7069 of the Bankruptcy Rules), and sections 105(a), 363(b), 363(f), and 365 of the Bankruptcy Code, the Trustee is authorized to transfer the SF50 Aircraft in accordance with the terms of this Order.  The transfer of the SF50 Title by the Trustee to Cirrus in accordance with this Order shall: (a) be valid, legal, binding, and effective; (b) vest Cirrus with all right, title and interest in and to the SF50 Aircraft; and (c) be free and clear of all liens, claims, interests, and encumbrances against the SF50 Aircraft, in accordance with section 363(f) of the Bankruptcy Code.

7.       Pursuant to section 363 of the Bankruptcy Code, this Order shall and does, as of the Closing, divest the Debtor and his estate of all right, title, and interest in and to the SF50 Aircraft.

8.       Cirrus shall accept the SF50 Aircraft in "as is" condition and, in so doing, stipulates that the Trustee has given no warranty, either express or implied with respect to, and makes no representation as to the condition of, the SF50 Aircraft.

9.       Cirrus shall be responsible for any sales and/or conveyance taxes in respect to the Sale of the SF50 Aircraft.

10.      Pursuant to Conn. Gen. Stat. sections 52-356a, *et seq*., and Rule 69 of the Civil Rules (made applicable by Rule 7069 of the Bankruptcy Rules), this Order, as of the Closing, divests Qiang Guo and Amazing Sky of all right, title, and interest in and to the SF50 Aircraft.  For

---

[5]   For the avoidance of doubt, dismissal of the Cirrus Claims against Cirrus shall not impair the Trustee's rights under the Qiang Guo Cirrus Judgment.

the avoidance of doubt, any right title, and interest held by Qiang Guo and/or Amazing Sky in the SF50 Aircraft shall be extinguished by this Order and shall not attach to the Sale proceeds.

11.     The consideration provided by Cirrus for the SF50 Aircraft under this Order is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided or rejected, or costs or damages imposed or awarded against Cirrus, under section 363(n) or any other provision of the Bankruptcy Code.

12.     The Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale concerning the transfer of the SF50 Aircraft to Cirrus at a closing in accordance with the Motion and this Order, including, without limitation, payment of usual and customary closing costs; (b) perform, consummate, implement, and close the transaction pursuant to this Order together with all additional instruments and documents that may be reasonably necessary or desirable to implement this Order; and (c) perform the obligations contemplated by this Order, including all actions reasonably requested by Cirrus in regard thereto.

13.     All liens, claims, interests, and/or encumbrances in, on, or against the SF50 Aircraft shall automatically attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the SF50 Aircraft, subject to any claims and defenses the Trustee or the Debtor's estate may possess with respect thereto, *provided, however*, Qiang Guo and Amazing Sky shall <u>not</u> have any interest in the Sale proceeds notwithstanding their prior interests in the SF50 Aircraft.  This Order shall be effective as a determination that on and as of the Closing, all liens, claims, interests, and/or encumbrances of any kind or nature whatsoever in, on, or against the SF50 Aircraft have been unconditionally released, discharged, and terminated. The provisions of this Order authorizing and approving the transfer of the SF50 Aircraft free and

10

clear of liens, claims, encumbrances, and other interests shall be self-executing, and neither the Trustee nor Cirrus shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order, *provided, however*, the Trustee and Cirrus shall be required to execute and exchange the Releases in connection with their settlement as provided by this Order.

14.     Subject to the terms, conditions, and provisions of this Order, all persons and entities are hereby forever prohibited and barred from taking any action that would adversely affect or interfere, or that would be inconsistent: (a) with the ability of the Trustee to sell and transfer the SF50 Aircraft to Cirrus; (b) with the ability of Cirrus to acquire, take possession of, use and operate the SF50 Aircraft in accordance with the terms of this Order; and (c) with the ability of the Trustee and Cirrus to perform their respective obligations hereunder; *provided, however*, that the foregoing restriction shall not impair the right of any party in interest with the requisite standing to appeal this Order in accordance with applicable law or opposing any appeal of this Order.

15.     Cirrus is entitled to all the protections afforded by section 363(m) of the Bankruptcy Code.  The Sale contemplated by this Order is undertaken by Cirrus in good faith, as that term is used in section 363(b) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale unless such authorization is duly stayed pending such appeal prior to the Closing.  For the avoidance of doubt, the pendency of an appeal of this Order, absent a stay of this Order pending appeal, shall not constitute a basis not to consummate the Sale.

16.     The provisions of this Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered confirming or consummating any chapter 11 plan, or which may be entered converting this chapter 11 case from chapter 11 to chapter 7 of the

11

Bankruptcy Code or dismissing this chapter 11 case, and the terms and provisions of and the rights and interests granted pursuant to this Order shall continue in this chapter 11 case or any superseding cases and shall be specifically performable and enforceable against and binding upon the Trustee, the Debtor, his estate, all creditors, all holders of claim(s) (whether known or unknown) against the Debtor, all holders of liens, claims, interests, and/or encumbrances (whether known or unknown) against, in, or on all or any portion of the SF50 Aircraft, Cirrus and its respective successors and permitted assigns, and any other trustee or other fiduciary hereafter appointed or elected as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code, including without limitation plan fiduciaries, plan administrators, litigation or liquidation trustees appointed during the pendency of, or upon confirmation of a chapter 11 plan in this chapter 11 case.

17.     This Order is and shall be binding upon and govern the acts of all persons and entities (including, without limitation, all filing agents, filing officers, title agents, title companies, records of liens, registrars of deeds, administrative agencies, governmental departments, and secretaries of state, federal and local officials) who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the SF50 Aircraft.  Each of the foregoing persons and entities shall accept for filing any and all of the documents and instruments necessary and appropriate to release, discharge, and terminate any of the liens, claims, interests, and encumbrances against the SF50 Aircraft or to otherwise consummate the Sale contemplated by this Order.

18.     The terms and provisions of this Order shall be binding in all respects upon, or shall inure to the benefit of, the Trustee, the Debtor's estate and its creditors, Cirrus and its affiliates,

successors, and assigns, and any affected third parties, including Qiang Guo and Amazing Sky and persons asserting liens, claims, interests, or encumbrances in, on, or against the SF50 Aircraft, notwithstanding any subsequent appointment of any other trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Debtor, his estates, his creditors or any such trustee, examiner, or receiver.

19.    For the avoidance of doubt, no estate causes of action are being sold as part of the Sale.

20.    Notwithstanding the provisions of Bankruptcy Rules 6004(h) or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the 14-day stay provided in Bankruptcy Rules 6004(h) is hereby expressly waived and shall not apply.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay within the time prescribed by law and prior to the Closing, or risk its appeal will be foreclosed as moot.

21.    As of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the Sale, including, without limitation, the transfer of the SF50 Aircraft to Cirrus and the occurrence of the Closing.

22.    Upon the Closing, the Net Proceeds shall be credited against the Qiang Guo Cirrus Judgment.  The Trustee shall file a statement disclosing the Expenses deducted from the Settlement Amount within fourteen (14) days of the Closing.

23.     This Court shall retain jurisdiction to, among other things, (a) interpret, enforce, and implement the terms and provisions of this Order and (b) adjudicate disputes related to this Order.

## <u>EXHIBIT A TO PROPOSED ORDER</u>

**(Form of Cirrus Release)**

## **<u>RELEASE</u>**

KNOW YE BY THESE PRESENTS:

That **Cirrus Design Corporation,** the **RELEASOR**, by and for itself and its parents, affiliates, and subsidiaries or anyone acting on its behalf, and for their successors and assigns, for and in consideration as described in the *Order, Pursuant to Bankruptcy Code Sections 105 and 363, Conn. Gen. Stat. § 52-356a, Civil Rule 69, Bankruptcy Rule 2002, 6004(c), 7069, 9014, and 9019, and Local Rules 6004-1, 6004-2, and 9019-1 Authorizing and Approving: (I) Settlement with Cirrus Design Corporation; (II) Sale of SF50 Aircraft Free and Clear of Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* (the "<u>Order</u>"), hereby releases, acquits, and forever discharges the **bankruptcy estate of Ho Wan Kwok [Bankr. D. Conn. case no. 22-50073], Luc A. Despins, in his capacity as Chapter 11 Trustee appointed in the Chapter 11 Case of Ho Wan Kwok (the "<u>Trustee</u>"),** and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, the **RELEASEES**, from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action, or suits of any kind or nature related to (a) the claims asserted by the Trustee against Cirrus Design Corporation in *Despins v. Cirrus Design Corporation, et al.* [Bankr. D. Conn. Adv. Proc. No. 24-05225]; and/or (b) the SF50 Aircraft (as defined in the Order); *provided, however*, for the avoidance of doubt, this shall not release the Releasees of any obligations under the Order.

IN WITNESS WHEREOF, the said Releasor has signed this instrument this _____ day of _____ 2025.

**RELEASOR:**

**CIRRUS DESIGN CORPORATION**

By:_____
Name:
Title:

## **EXHIBIT B TO PROPOSED ORDER**

**(Form of Bill of Sale)**

OMB Control Number: 2120-0042
Expiration Date: 10/31/2025

## UNITED STATES OF AMERICA
U.S. DEPARTMENT OF TRANSPORTATION FEDERAL AVIATION ADMINISTRATION

### AIRCRAFT BILL OF SALE

FOR AND IN CONSIDERATION OF   $ _____  THE UNDERSIGNED OWNER(S) OF THE FULL LEGAL AND BENEFICIAL TITLE OF THE AIRCRAFT DESCRIBED AS FOLLOWS:

UNITED STATES
REGISTRATION NUMBER    **N**

AIRCRAFT MANUFACTURER

AIRCRAFT MODEL

AIRCRAFT SERIAL NUMBER

DOES THIS _____ DAY OF _____ , _____ HEREBY SELL, GRANT, TRANSFER AND DELIVER ALL RIGHTS, TITLE, AND INTERESTS IN AND TO SUCH AIRCRAFT UNTO:

Do Not Write In This Block
FOR FAA USE ONLY

**PURCHASER**

NAME AND ADDRESS
(IF INDIVIDUAL(S), GIVE LAST NAME, FIRST NAME, AND MIDDLE INITIAL.)

Number and Street _____  Apt/Suite Number _____

City _____

State (or Foreign Province, State, Country) _____  Zip Code _____

Telephone Number ( ___ ) _____  Email Address _____

DEALER CERTIFICATE NUMBER

AND TO _____ EXECUTORS, ADMINISTRATORS, AND ASSIGNS TO HAVE AND TO HOLD SINGULARLY THE SAID AIRCRAFT FOREVER, AND WARRANTS THE TITLE THEREOF:

IN TESTIMONY WHEREOF          HAVE SET          HAND AND SEAL THIS          DAY OF

**SELLER**

| NAME(S) OF SELLER (TYPED OR PRINTED) | SIGNATURE(S) (IN INK/DIGITAL) (IF EXECUTED FOR CO-OWNERSHIP, ALL MUST SIGN.) | TITLE (TYPED OR PRINTED) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**ACKNOWLEDGMENT** (NOT REQUIRED FOR PURPOSES OF FAA RECORDING:  HOWEVER, MAY BE REQUIRED BY LOCAL LAW FOR VALIDITY OF THE INSTRUMENT.)

**ORIGINAL:  TO FAA:**

## EXHIBIT C TO PROPOSED ORDER

**(Form of Trustee Release)**

## **RELEASE**

KNOW YE BY THESE PRESENTS:

That **Luc A. Despins, in his capacity as Chapter 11 Trustee appointed in the Chapter 11 Case of Ho Wan Kwok**, the **RELEASOR**, by and for himself in such capacity and his successors and assigns, for and in consideration as described in the *Order, Pursuant to Bankruptcy Code Sections 105 and 363, Conn. Gen. Stat. § 52-356a, Civil Rule 69, Bankruptcy Rule 2002, 6004(c), 7069, 9014, and 9019, and Local Rules 6004-1, 6004-2, and 9019-1 Authorizing and Approving: (I) Settlement with Cirrus Design Corporation; (II) Sale of SF50 Aircraft Free and Clear of Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* (the "Order"), hereby releases, acquits, and forever discharges **Cirrus Design Corporation**, and all of its attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, the **RELEASEES,** from (a) the claims asserted by the Releasor against Cirrus Design Corporation in *Despins v. Cirrus Design Corporation, et al.* [Bankr. D. Conn. Adv. Proc. No. 24-05225]; and (b) any and all claims, counterclaims, defenses, demands, damages, actions, causes of action, or suits of any kind or nature related to the SF50 Aircraft (as defined in the Order); *provided, however*, for the avoidance of doubt, this shall not release the Releasees of any obligations under the Order.

IN WITNESS WHEREOF, the said Releasor has signed this instrument this _____ day of _____ 2025.

**RELEASOR:**

_____
**Luc A. Despins, Chapter 11 Trustee**

# EXHIBIT 2 TO MOTION

## (Assent of Cirrus Design Corporation)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------------x
In re:                                           :
                                                 :     Chapter 11
HO WAN KWOK, et al.,¹                            :
                                                 :     Case No. 22-50073 (JAM)
                     Debtors.                    :
                                                 :     (Jointly Administered)
                                                 :
-------------------------------------------------------------x
                                                 :
LUC A. DESPINS, CHAPTER 11                       :
TRUSTEE,                                         :
                                                 :     Adv. Proceeding No. 24-05225
                     Plaintiff,                  :
v.                                               :
                                                 :
                                                 :
CIRRUS DESIGN CORPORATION and                    :
QIANG GUO,                                       :
                                                 :
                     Defendants.            x
-------------------------------------------------------------x
```

**ASSENT OF CIRRUS DESIGN CORPORATION TO [PROPOSED] ORDER,**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363, CONN. GEN. STAT.**
**§ 52-356a, CIVIL RULE 69, BANKRUPTCY RULES 2002, 6004(c), 7069, 9014, AND 9019,**
**AND LOCAL RULES 6004-1, 6004-2, AND 9019-1 AUTHORIZING AND APPROVING:**
**(I) SETTLEMENT WITH CIRRUS DESIGN CORPORATION; (II) SALE OF SF50**
**AIRCRAFT FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND**
**ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

Cirrus   Design Corporation ("Cirrus") hereby confirms its assent to the terms of the

*[Proposed] Order Pursuant to Bankruptcy Code Sections 105 and 363, Conn. Gen. Stat. § 52-*

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

*356a, Civil Rule 69, Bankruptcy Rules 2002, 6004(c), 7069, 9014, and 9019, and Local Rules 6004-1, 6004-2, AND 9019-1 Authorizing and Approving: (I) Settlement with Cirrus Design Corporation; (II) Sale of SF50 Aircraft Free and Clear of Liens, Claims, Interests, and Encumbrances; and (III) Granting Related Relief* (the "<u>Proposed Order</u>") appended to the motion (the "<u>Motion</u>") filed by Luc A. Despins, in his capacity as chapter 11 trustee in the chapter 11 case of Ho Wan Kwok (the "<u>Trustee</u>") as Exhibit A.  Cirrus agrees to settle the Cirrus Claims through the settlement set forth in the Proposed Order, including its acquisition of the SF50 Aircraft upon such terms.[2]

Cirrus further confirms that it has made the representations described in ¶¶ 36 and 64 of the Motion and that such representations are accurate.

CIRRUS DESIGN CORPORATION

By:<u>*/s/ Dan Mumford*</u>
Name: Dan Mumford
Title: SVP & GC
Date: November 3, 2025

---

[2]    Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Motion.