**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                      :

In re:                     :      Chapter 11
                      :

HO WAN KWOK, *et al.*,[1]    :      Case No. 22-50073 (JAM)
                      :

          Debtors.    :      (Jointly Administered)
                      :

---------------------------------------------------------x
                      :

LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,             :
                      :    Adv. Proceeding Nos. 24-05033,
          Plaintiff,   :    24-05109, 24-05120, 24-05130,
v.                      :    24-05229, 24-05076, 24-05015,
                      :    24-05059, 24-05279, 24-05053
                      :

ART WOLFE, INC., MORAN YACHT  :
MANAGEMENT, INC., 3 COLUMBUS  :
CIRCLE LLC, ON THE SPOT HOME  :
IMPROVEMENT, INC., MARCUM LLP,  :
MERCEDES-BENZ MANHATTAN, INC.,  :
FOX NEWS NETWORK, LLC, FEDERAL  :
EXPRESS CORPORATION, MCLAREN  :
RACING LIMITED, and H SHAW  :
ENTERPRISES LLC,         :
                      :
          Defendants.  :
                      :

---------------------------------------------------------x

**SEALED THIRD OMNIBUS MOTION**
**OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019,**
**REGARDING SETTLEMENTS WITH CERTAIN ENTITIES**

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court District of Connecticut (the "Local Rules"), and the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3163] (the "Mediation Procedures Order") and the Court's *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order approving Procedures Appliable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [Docket No. 3465] (the "Pre-Litigation/Pre-Appearance Mediation Order" and, together with the Mediation Procedures Order, collectively, the "Procedures Orders"),[2] for entry of orders, substantially in the form of those attached hereto and more specifically identified herein (the "Proposed Orders"), approving the terms of settlement agreements (collectively, the "Settlement Agreements") reached between (a) the Trustee and (b) the following entities and individuals: (i) Art Wolfe, Inc. ("Art Wolfe"), (ii) Moran Yacht Management, Inc. ("Moran Yacht"), (iii) 3 Columbus Circle LLC ("3 Columbus"), (iv) On the Spot Home Improvement, Inc., ("On the Spot"), (v) Marcum LLP ("Marcum"), (vi) Mercedes-Benz Manhattan, Inc. ("Mercedes"), (vii) Fox News Network, LLC ("Fox News"), and (viii) Federal Express Corporation ("FedEx"), (ix) McLaren Racing Limited ("McLaren"), and (x) H Shaw Enterprises LLC ("H Shaw") (each individually, a "Counterparty,"

---

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Procedures Orders.

and, collectively, the "Counterparties," and the Counterparties, together with the Trustee, collectively, the "Parties").[3]

In support of this Motion, the Trustee respectfully states the following:

## PRELIMINARY STATEMENT

1.      The Trustee has reached agreements, subject to Court approval, to resolve the Debtor's bankruptcy estate's (the "Estate") claims against the respective Counterparties in Mediation Proceedings conducted pursuant to the Procedures Orders.  Judge Tancredi has issued his Mediator's Report with respect to each of the proposed settlements (collectively, the "Mediator's Reports") stating his belief that the economics and terms of each of the Settlement Agreements are fair, reasonable, and in the best interests of the Estate.

2.      Through the proposed settlements, the Estate will obtain funds for the benefit of creditors, without the cost and uncertainty of further litigation. The terms of the Settlement Agreements will create value for creditors and are clearly in the Estate's best interests, and, accordingly, the Motion should be granted.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

---

[3]    References herein to the "Parties" and the "Trustee," include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

**RELEVANT FACTS**

A.    **Chapter 11 Case**

6.    On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thus commencing the Chapter 11 Case.

7.    On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

8.    On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case.  Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

9.    Upon his appointment, the Trustee commenced an investigation of the Debtor's financial affairs and determined that the Debtor, through alter ego entities, made transfers to the Counterparties that were avoidable and/or recoverable under the Bankruptcy Code and/or applicable state law.

B.    **Mediation and Settlement Procedures**

10.    On May 2, 2024, the Mediation Procedures Order was entered by the Court referring the parties in the Trustee's Avoidance Actions in this case to non-binding mediation proceedings upon the appearance of counsel for the defendant in the Avoidance Action and appointing United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi" or the "Mediator") to serve as mediator.

11.     Pursuant to the Mediation Procedures Order, the Trustee has negotiated in good faith with numerous Avoidance Defendants in the Trustee's Avoidance Actions.

12.     The following Counterparties negotiated their respective proposed settlements with the Trustee pursuant to the Mediation Procedures Order: (i) Art Wolfe, (ii) Moran Yacht, (iii) 3 Columbus, (iv) On the Spot, (v) Marcum, (vi) Mercedes, (vii) Fox News, and (viii) FedEx.

13.     On August 28, 2024, the Pre-Litigation/Pre-Appearance Mediation Order was entered modifying and supplementing the Mediation Procedures Order to provide for consensual mediation of claims of the Debtor's chapter 11 estate prior to the commencement of litigation or prior to the appearance of defendants in pending adversary proceedings.

14.     Pursuant to the Pre-Litigation/Pre-Appearance Mediation Order, the Trustee has negotiated in good faith with numerous entities and individuals that the Trustee believes are recipients of transfers of the Debtor's property (prior to the Petition Date) and/or property of the Estate (after the Petition Date). These include both individuals and entities that entered into negotiations with the Trustee prior to the Trustee commencing Avoidance Actions against them, as well as certain Avoidance Defendants in pending Avoidance Actions that entered into negotiations with the Trustee prior to appearing in their respective Avoidance Actions.

15.     The following Counterparties negotiated their respective proposed settlements with the Trustee pursuant to the Pre-Litigation/Pre-Appearance Mediation Order: (i) McLaren and (ii) H Shaw.

16.     The Procedures Orders provide that the Trustee may request approval of proposed settlements by filing motions under seal. *See* Mediation Procedures Order, at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(v).

17.     In considering a motion filed by the Trustee requesting approval of the Trustee's settlement with Wildes & Weinberg, P.C. ("WW"), the Court approved of certain procedures

governing the Trustee's sealed filing, reached as part of a compromise between the Trustee and the United States Trustee. *See Memorandum of Decision and Order Granting Motion to Compromise* [Main Case Docket No. 4023] (the "WW Decision"); *Notice of Filing of Revised Proposed Order Approving, Pursuant to Bankruptcy Rule 9019, Sealed Motion of Chapter 11 Trustee Regarding Settlement with Wildes & Weinberg, P.C.* [Main Case Docket No. 3865]. This Motion, and the Proposed Orders filed herewith, provide for the same sealing and confidentiality procedures that the Court approved in the WW Decision.

**C.     Avoidance Actions and Proposed Settlements**

18.     Since February 2024, the Trustee has commenced numerous Avoidance Actions against entities and individuals that the Trustee believes received transfers of the Debtor's property (prior to the Petition Date) and property of the Estate (after the Petition Date).

19.     These include the following Avoidance Actions commenced against Counterparties at issue in this Motion:

**i.     Art Wolfe Avoidance Action and Proposed Settlement**

20.     On February 10, 2024, the Trustee commenced an adversary proceeding against Art Wolfe, Adv. Proc. No. 24-05033 (the "Art Wolfe A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548 and 550 and New York Debtor & Creditor Law Sections 273, 274 and 276* [Art Wolfe A.P. Docket No. 1] (the "Art Wolfe Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and New York Debtor & Creditor Law ("NYDCL") sections 273, 274, and 276.

21.     The Art Wolfe Complaint specified prepetition transfers made via the Debtor's alter egos totaling $160,552.85 (the "Art Wolfe Transfers").

22.     Art Wolfe has denied any potential liability with respect to the Art Wolfe Transfers.

23.     The Trustee has negotiated a settlement agreement with Art Wolfe, dated November 6, 2025 (the "<u>Art Wolfe Settlement Agreement</u>"), subject to Court approval, a true and accurate copy of which is attached hereto as **<u>Exhibit 1-A</u>**.

24.     The salient terms of the Art Wolfe Settlement Agreement[4] are as follows:



25.     On November 19, 2025, Judge Tancredi entered his Mediator's Report in the Art Wolfe A.P. [Art Wolfe A.P. Docket No. 32] (the "<u>Art Wolfe Mediator's Report</u>").  The Art Wolfe Mediator's Report is attached hereto as **<u>Exhibit 1-B</u>**.

---

[4]     In the event of any inconsistency between the summary description of a Settlement Agreement in this Motion and the Settlement Agreement itself, and the terms and conditions of the Settlement Agreement shall control.

26.     As set forth in the Art Wolfe Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Art Wolfe A.P. Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Art Wolfe Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) ("*Iridium*").

27.     The proposed order granting this Motion as to the Trustee's proposed settlement with Art Wolfe is attached hereto as **Exhibit 1-C**.

### ii.     Moran Yacht Avoidance Action and Proposed Settlement

28.     On February 11, 2024, the Trustee commenced an adversary proceeding against Moran Yacht, Adv. Proc. No. 24-05109 (the "Moran Yacht A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274 and 276* [Moran Yacht A.P. Docket No. 1] (the "Moran Yacht Complaint") to, among other things, avoid and recover certain alleged prepetition transfers to Moran Yacht that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

29.     The Moran Yacht Complaint specified prepetition transfers made via the Debtor's alter egos totaling $1,588,107.00 (the "Moran Yacht Transfers").

30.     Moran Yacht has denied any potential liability with respect to the Moran Yacht Transfers.

31.     The Trustee has negotiated a settlement agreement with Moran Yacht (the "Moran Yacht Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 2-A**.

32.     The salient terms of the Moran Yacht Settlement Agreement are as follows:



33.     On November 19, 2025, Judge Tancredi entered his Mediator's Report in the Moran Yacht A.P. [Moran Yacht A.P. Docket No. 27] (the "Moran Yacht Mediator's Report"). The Moran Yacht Mediator's Report is attached hereto as **Exhibit 2-B**.

34.     As set forth in the Moran Yacht Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Moran Yacht

Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Moran Yacht Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

35.    The proposed order granting this Motion as to the Trustee's proposed settlement with Moran Yacht is attached hereto as **Exhibit 2-C**.

### iii.    3 Columbus Avoidance Action and Proposed Settlement

36.    On February 11, 2024, the Trustee commenced an adversary proceeding against 3 Columbus, Adv. Proc. No. 24-05120 (the "3 Columbus A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [3 Columbus A.P. Docket No. 1] (the "3 Columbus Complaint") to, among other things, avoid and recover certain alleged postpetition transfers of property of the Estate that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

37.    The 3 Columbus Complaint specified postpetition transfers made via the Debtor's alter egos totaling $254,651.08 (the "3 Columbus Transfers").

38.    3 Columbus has denied any potential liability with respect to the 3 Columbus Transfers.

39.    The Trustee has negotiated a settlement agreement with 3 Columbus, dated October 27, 2025 (the "3 Columbus Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 3-A**.

40.    The salient terms of the 3 Columbus Settlement Agreement are as follows:

a.    ████████████████████████████████████████████
████████████████████████████████████████████
████████████████



b.

c.

d.

e.

f.

41.    On November 19, 2025, Judge Tancredi entered his Mediator's Report in the 3 Columbus A.P. [3 Columbus A.P. Docket No. 40] (the "3 Columbus Mediator's Report").  The 3 Columbus Mediator's Report is attached hereto as **Exhibit 3-B**.

42.    As set forth in the 3 Columbus Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the 3 Columbus Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the 3 Columbus Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

43.     The proposed order granting this Motion as to the Trustee's proposed settlement with 3 Columbus is attached hereto as **Exhibit 3-C**.

**iv.    On the Spot Avoidance Action and Proposed Settlement**

44.     On February 11, 2024, the Trustee commenced an adversary proceeding against On the Spot, Adv. Proc. No. 24-05130 (the "On the Spot A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [On the Spot A.P. Docket No. 1] (the "On the Spot Complaint") to, among other things, avoid and recover certain alleged postpetition transfers of property of the Estate that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

45.     The On the Spot Complaint specified postpetition transfers made via the Debtor's alter egos totaling $123,192.00 (the "On the Spot Transfers").

46.     On the Spot has denied any potential liability with respect to the On the Spot Transfers.

47.     The Trustee has negotiated a settlement agreement with On the Spot, dated November 11, 2025 (the "On the Spot Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 4-A**.

48.     The salient terms of the On the Spot Settlement Agreement are as follows:

a.     ████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████

b.     ████████████████████████████████████████
█████████████████████████████████

c.     ████████████████████████████████████████
██████████████

d. ███████████████████████████████████████
███████████████████████████████████████
████████████████████

e. ███████████████████████████████████████
███████████████████████████████████████
████████████████████████████

49.     On November 19, 2025, Judge Tancredi entered his Mediator's Report in the On the Spot A.P. [On the Spot A.P. Docket No. 49] (the "On the Spot Mediator's Report").  The On the Spot Mediator's Report is attached hereto as **Exhibit 4-B**.

50.     As set forth in the On the Spot Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the On the Spot Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the On the Spot Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

51.     The proposed order granting this Motion as to the Trustee's proposed settlement with On the Spot is attached hereto as **Exhibit 4-C**.

**v.     Marcum Avoidance Action and Proposed Settlement**

52.     On February 14, 2024, the Trustee commenced an adversary proceeding against Marcum, Adv. Proc. No. 24-05229 (the "Marcum A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Marcum A.P. Docket No. 1] (the "Marcum Complaint") to, among other things, avoid and recover certain alleged fraudulent transfers of property of the Estate that may be avoidable and/or recoverable pursuant to sections 544, 548, 549, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

53.    The Marcum Complaint specified prepetition and postpetition transfers made via the Debtor's alter egos totaling $148,425.70 (the "Marcum A.P. Transfers").

54.    The Trustee has identified additional transfers to Marcum, certain of which the Trustee asserts are avoidable pursuant to sections 544, 548, 549, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276, and that are not specified in the Marcum Complaint, *i.e.*, $124,637.97 in prepetition and postpetition transfers made via the Debtor's alter egos (the "Marcum Additional Transfers" and collectively with the Marcum A.P. Transfers, the "Marcum Transfers").

55.    Marcum has denied any potential liability with respect to the Marcum Transfers.

56.    The Trustee has negotiated a settlement agreement with Marcum, dated September 23, 2025 (the "Marcum Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 5-A**.

57.    The salient terms of the Marcum Settlement Agreement are as follows:

a.    ████████████████████████████████████████████████
████████████████████████████████████████████

b.    ████████████████ ▪ ████████████████████████████
██████████████████████████

c.    ████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████

d.    ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████

e.    ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████

f. ██████████████████████████████████
██████████████████████████████████
████████████████████████

58.    On November 4, 2025, Judge Tancredi entered his Mediator's Report in the Marcum A.P. [Marcum A.P. Docket No. 39] (the "Marcum Mediator's Report").  The Marcum Mediator's Report is attached hereto as **Exhibit 5-B**.

59.    As set forth in the Marcum Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Marcum Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Marcum Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

60.    The proposed order granting this Motion as to the Trustee's proposed settlement with Marcum is attached hereto as **Exhibit 5-C**.

**vi.    Mercedes Avoidance Action and Proposed Settlement**

61.    On February 10, 2024, the Trustee commenced an adversary proceeding against Mercedes, Adv. Proc. No. 24-05076 (the "Mercedes A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Mercedes A.P. Docket No. 1] (the "Mercedes Complaint") to, among other things, avoid and recover certain alleged fraudulent transfers of property of the Estate that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

62.    The Mercedes Complaint specified prepetition transfers made via the Debtor's alter egos totaling $192,754.58 (the "Mercedes Transfers").

63.    Mercedes has denied any potential liability with respect to the Mercedes Transfers.

64.    The Trustee has negotiated a settlement agreement with Mercedes, dated April 1, 2025 (the "Mercedes Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 6-A**.

65.    The salient terms of the Mercedes Settlement Agreement are as follows:



66.    On November 4, 2025, Judge Tancredi entered his Mediator's Report in the Mercedes A.P. [Mercedes A.P. Docket No. 26] (the "Mercedes Mediator's Report"). The Mercedes Mediator's Report is attached hereto as **Exhibit 6-B**.

67.    As set forth in the Mercedes Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Mercedes Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Mercedes Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

68.     The proposed order granting this Motion as to the Trustee's proposed settlement with Mercedes is attached hereto as **Exhibit 6-C**.

**vii.    Fox News Avoidance Action and Proposed Settlement**

69.     On February 9, 2024, the Trustee commenced an adversary proceeding against Fox News, Adv. Proc. No. 24-05015 (the "Fox News A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Fox News A.P. Docket No. 1] (the "Fox News Complaint") to, among other things, avoid and recover certain alleged fraudulent transfers of property of the Estate that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

70.     The Fox News Complaint specified prepetition transfers made via the Debtor's alter egos totaling $264,113.25 (the "Fox News Transfers").

71.     Fox News has denied any potential liability with respect to the Fox News Transfers.

72.     The Trustee has negotiated a settlement agreement with Fox News, dated October 27, 2025 (the "Fox News Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 7-A**.

73.     The salient terms of the Fox News Settlement Agreement are as follows:

a.     ██████████████████████████

b.     ██████████████████████████

c.     ██████████████████████████

d. 

e.

74.    On November 4, 2025, Judge Tancredi entered his Mediator's Report in the Fox News A.P. [Fox News A.P. Docket No. 37] (the "Fox News Mediator's Report").  The Fox News Mediator's Report is attached hereto as **Exhibit 7-B**.

75.    As set forth in the Fox News Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Fox News Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Fox News Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

76.    The proposed order granting this Motion as to the Trustee's proposed settlement with Fox News is attached hereto as **Exhibit 7-C**.

**viii.    FedEx Avoidance Action and Proposed Settlement**

77.    On February 10, 2024, the Trustee commenced an adversary proceeding against FedEx, Adv. Proc. No. 24-05059 (the "FedEx A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [FedEx A.P. Docket No. 1] (the "FedEx Complaint") to, among other things, avoid and recover certain alleged postpetition transfers of property of the Estate that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

78.    The FedEx Complaint specified postpetition transfers made via the Debtor's alter egos totaling $290,789.03 (the "FedEx A.P. Transfers").

79.    The Trustee has identified additional transfers to FedEx, certain of which the Trustee asserts are avoidable pursuant to sections 549 and 550 of the Bankruptcy Code, and that are not specified in the FedEx Complaint, *i.e.*, $27,661.08 in postpetition transfers made via the Debtor's alter egos (the "FedEx Additional Transfers" and collectively with the FedEx A.P. Transfers, the "FedEx Transfers").

80.    FedEx has denied any potential liability with respect to the FedEx Transfers.

81.    The Trustee has negotiated a settlement agreement with FedEx, dated September 4, 2025 (the "FedEx Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 8-A**.

82.    The salient terms of the FedEx Settlement Agreement are as follows:

a.    ██████████████████████████████████████████
      █████████████████████████████████████████

b.    ████████████████████ ██████████████████████
      ████████████████████████████

c.    ██████████████████████████████████████████
      ██████████████████████████████████████████
      ███████████████████████████

d.    ██████████████████████████████████████████
      ██████████████████████████████████████████
      ██████████████████████████████████████████
      ████████████

e.    ██████████████████████████████████████████
      ██████████████████████████████████████████
      ████████████████████████████

83. On November 4, 2025, Judge Tancredi entered his Mediator's Report in the FedEx A.P. [FedEx A.P. Docket No. 48] (the "FedEx Mediator's Report").  The FedEx Mediator's Report is attached hereto as **Exhibit 8-B**.

84. As set forth in the FedEx Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the FedEx Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the FedEx Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

85. The proposed order granting this Motion as to the Trustee's proposed settlement with FedEx is attached hereto as **Exhibit 8-C**.

ix. **McLaren Avoidance Action and Proposed Settlement**

86. On May 28, 2024, the Trustee commenced an adversary proceeding against McLaren, Adv. Proc. No. 24-05279 (the "McLaren A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [McLaren A.P. Docket No. 1] (the "McLaren Complaint") to, among other things, avoid and recover certain alleged fraudulent transfers of the Debtor's property that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and New York Debtor & Creditor Law ("NYDCL") sections 273, 274, and 276.

87. The McLaren Complaint specified prepetition transfers made via the Debtor's alter egos totaling $676,250.00 (the "McLaren Transfers").

88. McLaren has denied any potential liability with respect to the McLaren Transfers.

89.    The Trustee has negotiated a settlement agreement with McLaren, dated August 25, 2025 (the "McClaren Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 9-A**.

90.    The salient terms of the McLaren Settlement Agreement are as follows:



91.    On November 4, 2025, Judge Tancredi completed his Mediator's Report in the McLaren A.P. (the "McLaren Mediator's Report"). The McLaren Mediator's Report is attached hereto as **Exhibit 9-B**.

92.    As set forth in the McLaren Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the McLaren Transfers

based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the McLaren Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

93.     The proposed order granting this Motion as to the Trustee's proposed settlement with McLaren is attached hereto as **Exhibit 9-C**.

**x.     H Shaw Avoidance Action and Proposed Settlement**

94.     On February 10, 2024, the Trustee commenced an adversary proceeding against H Shaw, Adv. Proc. No. 24-05053 (the "H Shaw A.P." and, together with the Art Wolfe A.P., the Moran Yacht A.P., the 3 Columbus A.P., the On the Spot A.P., the Marcum A.P., the Mercedes A.P., the Fox News A.P., the FedEx A.P, and the McLaren A.P., collectively, the "Relevant Adversary Proceedings") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [H Shaw A.P. Docket No. 1] (the "H Shaw Complaint") to, among other things, avoid and recover certain alleged fraudulent transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

95.     The H Shaw Complaint specified prepetition transfers made via the Debtor's alter egos totaling $115,606.00 (collectively, the "H Shaw Transfers").

96.     H Shaw has denied any potential liability with respect to the H Shaw Transfers.

97.     The Trustee has negotiated a settlement agreement with H Shaw, dated October 31, 2024 (the "H Shaw Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 10-A**.

98.     The salient terms of the H Shaw Settlement Agreement are as follows:

a. 

b.

c.

d.

e.

99.    On November 4, 2025, Judge Tancredi completed his Mediator's Report in the H Shaw A.P. (the "H Shaw Mediator's Report"). The H Shaw Mediator's Report is attached hereto as **Exhibit 10-B**.

100.    As set forth in the H Shaw Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the H Shaw Transfers based upon a proffer made by the Trustee, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the H Shaw Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

101.    The proposed order granting this Motion as to the Trustee's proposed settlement with H Shaw is attached hereto as **Exhibit 10-C**.

**RELIEF REQUESTED**

102.    By this Motion, the Trustee seeks entry of orders pursuant to Bankruptcy Rule 9019(a) approving each of the Settlement Agreements in their entirety and authorizing the Parties to enter and implement each of the Settlement Agreements in accordance with its respective terms.

## BASIS FOR THE RELIEF REQUESTED

### I.    Standard for Approving the Settlement Agreements

103.    To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.*, No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003).  The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

104.    Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).  Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).  In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . . ; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Iridium*, 478 F.3d at 462.

## II.    The Settlement Agreements Should Be Approved

105.    The Settlement Agreements are a positive outcome for the Estate and, by extension, the creditors of the Estate, and represent fair and reasonable compromises under the circumstances and considering the applicable *Iridium* factors.

106.    The Settlement Agreements provide for the Estate to obtain the respective settlement amounts set forth in each without further litigation, the cost of which may be substantial compared to the amounts at issue in the Trustee's Claims.   Other Avoidance Defendants have asserted and continue to assert defenses to the Trustee's claims.   While the Trustee is confident in the merits of the Claims and has litigated them successfully to date,[5] he recognizes that any litigation carries uncertainty.   Moreover, the proposed settlements will result in the Estate obtaining funds without delay arising from litigation and potential appeals.

107.    Other factors considered by the Trustee in negotiating the proposed settlements include, without limitation, litigation expense, ability to collect on a future judgment, and the extent to which any Counterparty has cooperated with the Trustee's investigation.   The Trustee has considered these factors, as well as litigation risk and delay, on a case-by-case basis as to each of the proposed settlements and will be prepared to address any questions the Court may have at a hearing on this Motion.

108.    Importantly, Judge Tancredi has reviewed the terms of each of the Settlement Agreements pursuant to the Mediation Procedures.   The Trustee and the Counterparties acknowledge and are grateful to Judge Tancredi for his service.   As set forth in the Mediator's Reports, Judge Tancredi has examined "the claims and potential defenses and other facts and circumstances relating to" the respective transfers at issue in each settlement, "along with the

---

[5]    *See, e.g.*, *Memorandum of Decision and Order (I) Denying Joint Defendants' Motions to Dismiss or for Judgment on the Pleadings; (II) Denying in Part Other Defendants' Motions to Dismiss; and (III) Overruling in Part Zeisler & Zeisler P.C.'s Objection to the Trustee's Motion for Judgment on the Pleadings* [Docket No. 4189].

highly complex and contested nature of the" Chapter 11 Case, and that he believes "the economics and terms of the settlement agreement[s] are fair, reasonable, and in the best interests of the [Estate] as measured by the standards of" *Iridium*.

109.    The Trustee thus believes the proposed Settlement Agreements satisfy Bankruptcy Rule 9019 and should be approved.

## NOTICE AND SEALED FILING

110.    This Motion and the attached Settlement Agreements have been filed under seal in the Chapter 11 Case, and in the Relevant Adversary Proceedings, pursuant to the Procedures Orders, and the sealing procedures approved by the Court under its WW Decision, because the Trustee believes: (a) public disclosure of the settlement terms would harm the Estate, and (b) the settlement terms constitute commercially sensitive and otherwise confidential information.  *See* Mediation Procedures Order at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(v).

111.    The terms of the settlements constitute commercially sensitive information, because, among other things, their disclosure would prejudice the Trustee's ability to resolve similar claims against other defendants and potential defendants; and the terms are otherwise confidential because the Settlement Agreements negotiated by the Parties provide for their confidentiality to be maintained.  *See* WW Decision, p. 15 ("The terms of the settlement agreement are confidential commercial information that must be sealed upon the Trustee's request.").

112.    Upon filing, the Trustee will send a copy of the sealed version of this Motion with the appended Settlement Agreements to: (a) counsel for the Official Committee of Unsecured Creditors (the "Committee"), and (b) the United States Trustee.  *See* Mediation Procedures Order at ¶ 2(w); Pre-Litigation/Pre-Appearance Mediation Order, at ¶ 2(v).

113.    The Trustee will also file a redacted version of this Motion, redacting confidential and commercially sensitive information and omitting the Settlement Agreements, on the public

docket (the "Redacted Filing").  *Id.*  Pursuant to the *Order Granting Motion to Limit Notice of
Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements*
dated October 15, 2024 [Main Case Docket No. 3685], the Redacted Filing, and notice of any
hearings scheduled in connection therewith, shall be served upon (i) the United States Trustee, (ii)
counsel for the Debtor, (iii) counsel for the Committee, (iv) the Counterparties to the settlements
(which Counterparties may be served via counsel), (v) by electronic filing CM/ECF to all
appearing parties that utilize the CM/ECF system, and (vi) any party that requested notice in this
Chapter 11 Case, but is unable to accept electronic filing, as indicated on the Notice of Electronic
Filing.

114.    In addition, the Trustee will serve each Counterparty to a settlement requested for
approval under this Motion with a version of the Redacted Filing that omits any redactions of
discussion of the proposed settlement with that Counterparty.[6]

115.    Consistent with the WW Decision, within 180 days after entry of any order
approving a settlement proposed by this Motion (or the next business day thereafter), the Trustee
shall file a notice on the docket of the Chapter 11 Case (and the adversary proceeding relating to
the settled claim, if any) (the "Settlement Notice"), which Settlement Notice shall refer to the
docket numbers and dates of this Motion and the Order, attach an unredacted copy of the respective
Settlement Agreement and the following information with respect to the respective Settlement
Agreement: (i) settling parties; (ii) settlement amount; (iii) date the settlement funds were received
by the Trustee; and (iv) docket number(s) of the monthly operating report(s) showing the receipt
of the funds by the Trustee. Upon the filing of the Settlement Notice, the Clerk of the Court shall
unseal the redacted Motion and respective Settlement Agreement.

---

[6]    By way of example, as to Art Wolfe, the Trustee will provide its counsel a version of this Motion without
redactions in section C(i) but that otherwise retains the redactions as filed on the public docket.

## <u>NO PREVIOUS REQUEST</u>

116.    No previous request for the relief sought herein has been made by the Trustee to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Orders granting the relief requested in the Motion and such other relief as is just and proper.

| | | |
|---|---|---|
| Dated: | December 1, 2025 | LUC A. DESPINS, |
| | New Haven, Connecticut | CHAPTER 11 TRUSTEE |

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    Kari A. Mitchell (ct31578)
    Lauren T. Astone (ct31450)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

       *and*

    Nicholas A. Bassett *(pro hac vice* pending)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

       *and*

    Douglass Barron (*pro hac vice* pending)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6690
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

# EXHIBIT  1-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT  1-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05033 |
| Plaintiff, | |
| v. | |
| Art Wolfe, Inc., | |
| Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 19, 2025
Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

## EXHIBIT 1-C

**Proposed Order Approving Art Wolfe Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                                                        :
In re:                                                  :        Chapter 11
                                                        :
HO WAN KWOK, et al.,1                                   :        Case No. 22-50073 (JAM)
                                                        :
                    Debtors.                            :        (Jointly Administered)
                                                        :
--------------------------------------------------------x
                                                        :
LUC A. DESPINS, CHAPTER 11                              :
TRUSTEE,                                                :
                                                        :        Adv. Proceeding No. 24-05033
                    Plaintiff,                          :
v.                                                      :
                                                        :
                                                        :
ART WOLFE, INC.,                                        :
                                                        :
                    Defendant.                          :
                                                        :
--------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND ART WOLFE, INC.**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

agreement (the "Art Wolfe Settlement Agreement") between the Trustee and Art Wolfe, Inc. ("Art Wolfe") as more specifically described in the Motion and attached to the Motion as Exhibit 1-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Art Wolfe (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Art Wolfe Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1. The Motion is GRANTED with respect to the relief requested as to Art Wolfe and the Art Wolfe Settlement Agreement, as provided herein.

2. Pursuant to Fed. R. Bankr. P. 9019, the Art Wolfe Settlement Agreement is approved.

3. As contemplated by the Procedures Orders, the redacted portions of the Motion and the Art Wolfe Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4. The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter,

(the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the Art Wolfe A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Art Wolfe Settlement Agreement, and (iii) contain the following information regarding the Art Wolfe Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Art Wolfe Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Art Wolfe Settlement Agreement.

# EXHIBIT  2-A

**Settlement Agreement**

**FILED UNDER SEAL**

# <u>EXHIBIT  2-B</u>

## Mediator's Report

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| In re: | Chapter 11 |
|---|---|
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05109 |
| Plaintiff, | |
| v. | |
| Moran Yacht Management, Inc., | |
| Defendant. | |

**MEDIATOR'S REPORT AND RECOMMENDATION**

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 19, 2025
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

2

# **EXHIBIT 2-C**

**Proposed Order Approving Moran Yacht Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
           :
In re:           :      Chapter 11
           :
HO WAN KWOK, et al.,1    :      Case No. 22-50073 (JAM)
           :
        Debtors.    :      (Jointly Administered)
           :
---------------------------------------------------------x
           :
LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,         :
           :      Adv. Proceeding No. 24-05109
      Plaintiff,    :
v.           :
           :
           :
MORAN YACHT MANAGEMENT, INC.,  :
           :
      Defendant.    :
           :
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND MORAN YACHT MANAGEMENT, INC.**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

agreement (the "Moran Yacht Settlement Agreement") between the Trustee and Moran Yacht Management, Inc. ("Moran Yacht") as more specifically described in the Motion and attached to the Motion as Exhibit 2-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Moran Yacht (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Moran Yacht Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.    The Motion is GRANTED with respect to the relief requested as to Moran Yacht and the Moran Yacht Settlement Agreement, as provided herein.

2.    Pursuant to Fed. R. Bankr. P. 9019, the Moran Yacht Settlement Agreement is approved.

3.    As contemplated by the Procedures Orders, the redacted portions of the Motion and the Moran Yacht Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.    The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter,

(the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the Moran Yacht A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Moran Yacht Settlement Agreement, and (iii) contain the following information regarding the Moran Yacht Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Moran Yacht Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Moran Yacht Settlement Agreement.

# EXHIBIT  3-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT  3-B

## Mediator's Report

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|   Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05120 |
|   Plaintiff, | |
| v. | |
| 3 Columbus Circle LLC, | |
|   Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

  I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the

parties have reached a settlement (with minimal involvement by me) and, to the

best of my knowledge, complied with the Mediation Procedures (as defined in the

Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and

circumstances relating to the subject transfers, along with the highly complex and

contested nature of this bankruptcy case, I believe that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 19, 2025
Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

## EXHIBIT 3-C

**Proposed Order Approving 3 Columbus Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                             :
In re:                                       :        Chapter 11
                                             :
HO WAN KWOK, et al.,1                        :        Case No. 22-50073 (JAM)
                                             :
                        Debtors.             :        (Jointly Administered)
                                             :
---------------------------------------------------------x
                                             :
LUC A. DESPINS, CHAPTER 11                   :
TRUSTEE,                                     :
                                             :        Adv. Proceeding No. 24-05120
                        Plaintiff,           :
v.                                           :
                                             :
                                             :
3 COLUMBUS CIRCLE LLC,                       :
                                             :
                        Defendant.           :
                                             :
---------------------------------------------------------x


**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND 3 COLUMBUS CIRCLE LLC**

Upon the motion (the "<u>Motion</u>")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>")

of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief, approval of the settlement

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

agreement (the "3 Columbus Settlement Agreement") between the Trustee and 3 Columbus Circle
LLC ("3 Columbus") as more specifically described in the Motion and attached to the Motion as
Exhibit 3-A; and the Court having jurisdiction to consider the Motion and the relief requested
therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core
proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been
given under the particular circumstances and it appears that no other or further notice need be
provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule
9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief
requested being a reasonable exercise of the Trustee's sound business judgment consistent with
his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee
and 3 Columbus (collectively, the "Parties") having participated in Mediation Proceedings
pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms
of the 3 Columbus Settlement Agreement are fair, reasonable, and in the best interests of the Estate;
and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to 3 Columbus
and the 3 Columbus Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the 3 Columbus Settlement Agreement is
approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and
the 3 Columbus Settlement Agreement were filed under seal and, except as provided by this Order,
shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that
date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter,

(the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the 3 Columbus A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the 3 Columbus Settlement Agreement, and (iii) contain the following information regarding the 3 Columbus Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the 3 Columbus Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the 3 Columbus Settlement Agreement.

3

# EXHIBIT  4-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 4-B

## Mediator's Report

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>On the Spot Home Improvement, Inc.,<br><br>      Defendant. | Adv. P. No. 24-05130 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (after mediation efforts with me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 19, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# EXHIBIT 4-C

**Proposed Order Approving On the Spot Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                           :

In re:                          :          Chapter 11
                           :

HO WAN KWOK, et al.,1        :          Case No. 22-50073 (JAM)
                           :

               Debtors.     :          (Jointly Administered)
                           :

---------------------------------------------------------x
                           :

LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,                 :
                           :     Adv. Proceeding No. 24-05130
           Plaintiff,     :
v.                           :
                           :

ON THE SPOT HOME IMPROVEMENT, :
INC.,                   :
                           :
          Defendant.   :
                           x
---------------------------------------------------------

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND ON THE SPOT HOME IMPROVEMENT, INC.**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "On the Spot Settlement Agreement") between the Trustee and On the Spot Home Improvement, Inc. ("On the Spot") as more specifically described in the Motion and attached to the Motion as Exhibit 4-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and On the Spot (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the On the Spot Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.    The Motion is GRANTED with respect to the relief requested as to On the Spot and the On the Spot Settlement Agreement, as provided herein.

2.    Pursuant to Fed. R. Bankr. P. 9019, the On the Spot Settlement Agreement is approved.

3.    As contemplated by the Procedures Orders, the redacted portions of the Motion and the On the Spot Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the On the Spot A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the On the Spot Settlement Agreement, and (iii) contain the following information regarding the On the Spot Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the On the Spot Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the On the Spot Settlement Agreement.

# EXHIBIT  5-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT  5-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| In re: | Chapter 11 |
|---|---|
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|     Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>Marcum LLP,<br><br>    Defendant. | Adv. P. No. 24-05229 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo,
and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number:
9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever
Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan
Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2025
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

2

# EXHIBIT 5-C

**Proposed Order Approving Marcum Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                    :
In re:                              :        Chapter 11
                                    :
HO WAN KWOK, et al.,1               :        Case No. 22-50073 (JAM)
                                    :
                  Debtors.          :        (Jointly Administered)
                                    :
-------------------------------------------------------x
                                    :
LUC A. DESPINS, CHAPTER 11          :
TRUSTEE,                            :
                                    :        Adv. Proceeding No. 24-05229
                  Plaintiff,        :
v.                                  :
                                    :
                                    :
MARCUM LLP,                         :
                                    :
                  Defendant.        :
                                    :
-------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND MARCUM LLP**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

agreement (the "Marcum Settlement Agreement") between the Trustee and Marcum LLP ("Marcum") as more specifically described in the Motion and attached to the Motion as Exhibit 5-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Marcum (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Marcum Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Marcum and the Marcum Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Marcum Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Marcum Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of

2

the jointly administered Chapter 11 cases and the Marcum A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Marcum Settlement Agreement, and (iii) contain the following information regarding the Marcum Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Marcum Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Marcum Settlement Agreement.

3

# EXHIBIT  6-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 6-B

## Mediator's Report

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| In re: | Chapter 11 |
|---|---|
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 24-05076 |
| Plaintiff, | |
| v. | |
| Mercedes-Benz Manhattan, Inc., | |
| Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

> Dated: November 4, 2025
> Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

## **EXHIBIT 6-C**

**Proposed Order Approving Mercedes Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
             :

In re:                        :        Chapter 11
             :

HO WAN KWOK, *et al.*,[1]     :        Case No. 22-50073 (JAM)
             :

            Debtors.     :        (Jointly Administered)
             :

---------------------------------------------------------x
             :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                  :
             :        Adv. Proceeding No. 24-05076

           Plaintiff,     :
v.                        :
             :

MERCEDES-BENZ MANHATTAN, INC., :
             :

           Defendant.    :
             :

---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND MERCEDES-BENZ MANHATTAN, INC.**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "Mercedes Settlement Agreement") between the Trustee and Mercedes-Benz Manhattan, Inc. ("Mercedes") as more specifically described in the Motion and attached to the Motion as Exhibit 6-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Mercedes (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Mercedes Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Mercedes and the Mercedes Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Mercedes Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Mercedes Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

2

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the Mercedes A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Mercedes Settlement Agreement, and (iii) contain the following information regarding the Mercedes Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Mercedes Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Mercedes Settlement Agreement.

# EXHIBIT 7-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 7-B

## Mediator's Report

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|     Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, <br><br>     Plaintiff, <br><br> v. <br><br> Fox News Network, LLC, <br><br>     Defendant. | Adv. P. No. 24-05015 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163).  I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2025
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## EXHIBIT 7-C

**Proposed Order Approving Fox News Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
           :

In re:                           :        Chapter 11
           :

HO WAN KWOK, *et al.*,[1]     :        Case No. 22-50073 (JAM)
           :

           Debtors.      :        (Jointly Administered)
           :

---------------------------------------------------------x
           :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                 :
           :        Adv. Proceeding No. 24-05015

           Plaintiff,    :

v.                         :
           :

FOX NEWS NETWORK, LLC,    :
           :

           Defendant.   :
           :

---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND FOX NEWS NETWORK, LLC**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "Fox News Settlement Agreement") between the Trustee and Fox News Network, LLC ("Fox News") as more specifically described in the Motion and attached to the Motion as Exhibit 7-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and Fox News (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the Fox News Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Fox News and the Fox News Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Fox News Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the Fox News Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

2

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the Fox News A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the Fox News Settlement Agreement, and (iii) contain the following information regarding the Fox News Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Fox News Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Fox News Settlement Agreement.

# EXHIBIT 8-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 8-B

## Mediator's Report

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Express Corporation,<br><br>    Defendant. | Adv. P. No. 24-05059 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2025
Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

## EXHIBIT 8-C

**Proposed Order Approving FedEx Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                 :

In re:                  :       Chapter 11
                 :

HO WAN KWOK, *et al.*,[1]    :       Case No. 22-50073 (JAM)
                 :

         Debtors.    :       (Jointly Administered)
                 :

---------------------------------------------------------x
                 :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,              :
                 :      Adv. Proceeding No.  24-05059

         Plaintiff,   :
v.                   :
                 :

FEDERAL EXPRESS CORPORATION, :
                 :

         Defendant.  :
                 :

---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND FEDERAL EXPRESS CORPORATION**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "FedEx Settlement Agreement") between the Trustee and Federal Express Corporation ("FedEx") as more specifically described in the Motion and attached to the Motion as Exhibit 8-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and FedEx (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the FedEx Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.    The Motion is GRANTED with respect to the relief requested as to FedEx and the FedEx Settlement Agreement, as provided herein.

2.    Pursuant to Fed. R. Bankr. P. 9019, the FedEx Settlement Agreement is approved.

3.    As contemplated by the Procedures Orders, the redacted portions of the Motion and the FedEx Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.    The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter,

2

(the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the FedEx A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the FedEx Settlement Agreement, and (iii) contain the following information regarding the FedEx Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the FedEx Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the FedEx Settlement Agreement.

# EXHIBIT 9-A

**Settlement Agreement**

**FILED UNDER SEAL**

# **EXHIBIT 9-B**

## **Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No. 3465). I understand that Luc A. Despins, Chapter 11 Trustee, and McLaren Racing Limited have stipulated to submit their dispute to mediation. As the appointed mediator, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2025
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

## EXHIBIT 9-C

**Proposed Order Approving McLaren Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
--------------------------------------------------------x
                                        :
In re:                                  :        Chapter 11
                                        :
HO WAN KWOK, et al.,¹                   :        Case No. 22-50073 (JAM)
                                        :
                   Debtors.             :        (Jointly Administered)
                                        :
--------------------------------------------------------x
                                        :
LUC A. DESPINS, CHAPTER 11              :
TRUSTEE,                                :
                                        :        Adv. Proceeding No. 24-05279
                   Plaintiff,           :
v.                                      :
                                        :
                                        :
MCLAREN RACING LIMITED,                 :
                                        :
                   Defendant.           :
                                        :
--------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11 TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11 TRUSTEE AND MCLAREN RACING LIMITED**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]  Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement

agreement (the "McLaren Settlement Agreement") between the Trustee and McLaren Racing

Limited ("McLaren") as more specifically described in the Motion and attached to the Motion as

Exhibit 9-A; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been

given under the particular circumstances and it appears that no other or further notice need be

provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule

9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief

requested being a reasonable exercise of the Trustee's sound business judgment consistent with

his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee

and McLaren (collectively, the "Parties") having participated in Mediation Proceedings pursuant

to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the

McLaren Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and

after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to McLaren and

the McLaren Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the McLaren Settlement Agreement is

approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and

the McLaren Settlement Agreement were filed under seal and, except as provided by this Order,

shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter, (the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the McLaren A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the McLaren Settlement Agreement, and (iii) contain the following information regarding the McLaren Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor.  Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the McLaren Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the McLaren Settlement Agreement.

# EXHIBIT 10-A

**Settlement Agreement**

**FILED UNDER SEAL**

# **EXHIBIT 10-B**

## **Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|     Debtors. | (Jointly Administered) |

## PRE-LITIGATION/PRE-APPEARANCE SETTLEMENT REPORT

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.iv. of the *Order Amending Order Directing Parties to Mediation,*

*Appointing the Honorable James J. Tancredi as Mediator, and Amending Order*

*Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to*

*Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* (MC-ECF No.

3465). I understand that Luc A. Despins, Chapter 11 Trustee, and H Shaw

Enterprises LLC have stipulated to submit their dispute to mediation. As the

appointed mediator, I am pleased to report that the parties have reached a

settlement (with minimal involvement by me) and, to the best of my knowledge,

complied with the applicable Mediation Procedures in doing so.

In examining the claims and potential defenses and other facts and

circumstances relating to the subject transfers based upon a proffer made to me by

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

the Chapter 11 Trustee, along with the highly complex and contested nature of this

bankruptcy case, I recommend that the Court find that the economics and terms of

the settlement agreement are fair, reasonable, and in the best interests of the

Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*,

478 F.3d 452, 462 (2d Cir. 2007).

Dated: November 4, 2025
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 10-C**

**Proposed Order Approving H Shaw Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
              :
In re:                  :     Chapter 11
              :
HO WAN KWOK, *et al.*,[1]    :     Case No. 22-50073 (JAM)
              :
         Debtors.     :     (Jointly Administered)
              :
---------------------------------------------------------x
              :
LUC A. DESPINS, CHAPTER 11  :
TRUSTEE,           :
              :
              :     Adv. Proceeding No. 24-05053
        Plaintiff,     :
v.                 :
              :
              :
H SHAW ENTERPRISES LLC,   :
              :
        Defendant.    :
              :
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING THIRD OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN CHAPTER 11
TRUSTEE AND H SHAW ENTERPRISES LLC**

Upon the motion (the "Motion")[2] of Luc A. Despins, in his capacity as the Chapter 11

Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case")

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "H Shaw Settlement Agreement") between the Trustee and H Shaw Enterprises LLC ("H Shaw") as more specifically described in the Motion and attached to the Motion as Exhibit 10-A; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter constituting a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and sufficient notice having been given under the particular circumstances and it appears that no other or further notice need be provided, *see Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* [Docket No. 3685]; and the relief requested being a reasonable exercise of the Trustee's sound business judgment consistent with his duties and in the best interests of the Trustee and the Estate and its creditors; and the Trustee and H Shaw (collectively, the "Parties") having participated in Mediation Proceedings pursuant to which Judge Tancredi has issued the Mediator's Report stating his belief that the terms of the H Shaw Settlement Agreement are fair, reasonable, and in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to H Shaw and the H Shaw Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the H Shaw Settlement Agreement is approved.

3.      As contemplated by the Procedures Orders, the redacted portions of the Motion and the H Shaw Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      The Trustee shall have until 180 days after the entry of this Order, except, if that date falls on a weekend or holiday, the Trustee shall have until the next business day thereafter,

2

(the "Six Month Anniversary Date"), to file a notice (the "Settlement Notice") on the docket of the jointly administered Chapter 11 cases and the H Shaw A.P., which Settlement Notice shall (i) refer to the docket numbers and dates of the Motion and this Order, (ii) attach an unredacted copy of the H Shaw Settlement Agreement, and (iii) contain the following information regarding the H Shaw Settlement Agreement: (a) the settling parties; (b) the settlement amount; (c) the date the settlement funds were received by the Trustee; and (d) the docket number(s) of the monthly operating report(s) showing the receipt of the funds by the Trustee, which monthly operating reports, if filed before the Six Month Anniversary Date, may redact the identity of the payor. Upon the filing of the Settlement Notice, the Clerk of Court is directed to unseal the unredacted Motion and settlement agreement in the jointly administered Chapter 11 cases and in the adversary proceeding.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the H Shaw Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the H Shaw Settlement Agreement.