**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                              : Chapter 11
:
HO WAN KWOK, *et al.*,                              : Case No. 22-50073 (JAM)
:
       Debtors.[1]                          : Jointly Administered
:
---------------------------------------------------------------x Re: ECF No. 4775


**ORDER GRANTING SIXTH INTERIM FEE APPLICATION OF KROLL, LLC,**
**FOR COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR PERIOD FROM MAY 1, 2025 THROUGH AUGUST 31, 2025**

On October 24, 2025, Kroll, LLC ("Kroll") as forensic accountants to the Trustee and the Genever Debtors, filed an Application (the "Application," ECF No. 4775) for the sixth interim allowance of compensation and reimbursement of expenses from May 1, 2025 through August 31, 2025. On December 2, 2025, a hearing was held on the Application. Prior to the hearing, the Office of the United States Trustee filed a statement reserving their right to comment on applications for compensation at the time of the final hearings. (ECF No. 4860.) There were no objections to the Application filed or made during the hearing. During the hearing, counsel for the Trustee stated that Kroll agreed to reduce its fees from $292,348.75 to $291,465.55. At the conclusion of the hearing, the Court took the Application under advisement.

Upon review of the Application and of the record in these jointly administered Chapter 11

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

cases, the Court finds a majority of the compensation sought for actual, necessary services is reasonable. However, the Court also finds it appropriate to partially reduce a portion of the fees sought due to a certain number of hours of duplicate tasks performed. Accordingly, it is hereby

**ORDERED:** Pursuant to 11 U.S.C. §§ 330 and 331, the Application is **GRANTED IN PART**. With respect to the net total fees sought in the amount of $291,465.55, Kroll is awarded compensation in the amount of $284,465.55, which represents a $7,000.00 reduction of the total amount of fees sought for duplicative tasks performed, subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full or as provided in the order approving the sale of the Lady May (ECF No. 1953); and it is further

**ORDERED**: Kroll is awarded a reimbursement of expenses in the amount of $36,969.17, which are awarded subject to final adjustment and disgorgement in the event all administrative expenses are not paid in full or as provided in the order approving the sale of the Lady May (ECF No. 1953); and it is further

**ORDERED**: Nothing herein modified the Retention Order; and it is further

**ORDERED**: The estates are authorized and directed to pay the amounts not already paid to Kroll as requested in the Application, which total $50,586.55, the difference between the fees allowed in this Order in the amount of $284,465.55 and the 80% of fees already paid in the amount of $233,879.00, within fourteen days of the date of this Order; and it is further

**ORDERED**: This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED:** The Debtors' estates and Kroll are authorized and empowered to take all necessary actions to implement the relief granted in this Order; and it is further

**ORDERED**: Notwithstanding the possible applicability of Bankruptcy Rules 6006(d),

7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**: All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated at Bridgeport, Connecticut this 17th day of December, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut