**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------------------------x
:
In re:                                              :    Chapter 11
:
HO WAN KWOK, *et al.*,[1]                           :    Case No. 22-50073 (JAM)
:
                        Debtors.                    :    (Jointly Administered)
:
-------------------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                          :
TRUSTEE,                                            :
:    Adv. Proceeding No. 24-05318
                        Plaintiff,                  :
v.                                                  :
:
ALFA GLOBAL VENTURES LIMITED, ALFONSO               :
GLOBAL VENTURES LIMITED, ANTON                      :
DEVELOPMENT LIMITED, BRAVO LUCK LIMITED,            :
CHINA GOLDEN SPRING GROUP (HONG KONG)               :
LTD., EASTERN PROFIT CORPORATION LIMITED,           :
FREEDOM MEDIA VENTURES LIMITED, G MUSIC             :
LLC, HAORAN HE, JOVIAL CENTURY                      :
INTERNATIONAL LIMITED, K LEGACY LTD.,               :
KARIN MAISTRELLO, LEADING SHINE LIMITED,            :
NEXT TYCOON INVESTMENTS LIMITED, QIANG              :
GUO, SARACA MEDIA GROUP, INC., SEVEN                :
MISSION GROUP LLC, WISE CREATION                    :
INTERNATIONAL LIMITED,                              :
:
                        Defendants.                 :
-------------------------------------------------------------------------x

---

[1]  The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## <u>NOTICE REGARDING FILING OF REVISED PROPOSED DEFAULT JUDGMENT</u>

**PLEASE TAKE NOTICE** that Luc A. Despins, as chapter 11 trustee (the "<u>Trustee</u>") of the estate of Ho Wan Kwok, hereby submits a revised proposed default judgment in the above-captioned adversary proceeding appended hereto as **<u>Exhibit A</u>**, together with a redline comparing this revised proposed default judgment to the prior version submitted to the Court by email on December 1, 2025, appended hereto as **<u>Exhibit B</u>**.  The Trustee and his counsel will be prepared to discuss the revised proposed default judgment at the status conference scheduled for December 23, 2025.

Dated: December 22, 2025
      New Haven, Connecticut      LUC A. DESPINS, CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
plinsey@npmlaw.com

    *and*

Douglass Barron (admitted *pro hac vice*)
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

*Counsel for Chapter 11 Trustee*

## EXHIBIT A

**(Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 | : |  |
| TRUSTEE, | : |  |
|  | : | Adv. Proceeding No. 24-05318 |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| ALFA GLOBAL VENTURES LIMITED, ALFONSO | : |  |
| GLOBAL VENTURES LIMITED, ANTON | : |  |
| DEVELOPMENT LIMITED, BRAVO LUCK LIMITED, | : |  |
| CHINA GOLDEN SPRING GROUP (HONG KONG) | : |  |
| LTD., EASTERN PROFIT CORPORATION LIMITED, | : |  |
| FREEDOM MEDIA VENTURES LIMITED, G MUSIC | : |  |
| LLC, HAORAN HE, JOVIAL CENTURY | : |  |
| INTERNATIONAL LIMITED, K LEGACY LTD., | : |  |
| KARIN MAISTRELLO, LEADING SHINE LIMITED, | : |  |
| NEXT TYCOON INVESTMENTS LIMITED, QIANG | : |  |
| GUO, SARACA MEDIA GROUP, INC., SEVEN | : |  |
| MISSION GROUP LLC, WISE CREATION | : |  |
| INTERNATIONAL LIMITED, | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------------------x

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## DEFAULT JUDGMENT

On _____ __, 2025, the Court granted the motion of Luc A. Despins, as chapter 11 trustee (the "Trustee") of the estate of Ho Wan Kwok (the "Debtor") for entry of default judgment against defendants Alfa Global Ventures Limited ("Alfa Global"), Alfonso Global Ventures Limited ("Alfonso Global"), Anton Development Limited ("Anton Development"), Bravo Luck Limited ("Bravo Luck"), China Golden Spring Group (Hong Kong) Ltd. ("China Golden Spring"), Eastern Profit Corporation Limited ("Eastern Profit"), Freedom Media Ventures Limited ("Freedom Media"), G Music LLC ("G Music"), Haoran He, Jovial Century International Limited ("Jovial Century"), Leading Shine Limited ("Leading Shine BVI"), Next Tycoon Investments Limited ("Next Tycoon"), Qiang Guo, Saraca Media Group, Inc. ("Saraca"), Seven Mission Group LLC ("Seven Mission"), and Wise Creation International Limited ("Wise Creation") (collectively, the "Default Defendants"). In accordance with Fed. R. Civ. P. 58(a), made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7058, a default judgment hereby enters against the Default Defendants as follows:

1.      With respect to the First Claim of the Trustee's Adversary Complaint [Adv. ECF No. 1] (the "Complaint"), pursuant to sections 541, 542, and 544 of Title 11 of the United States Code (the "Bankruptcy Code"), default judgment enters against the Default Defendant Saraca and as follows:

        a.      at all times, Saraca was an alter ego of the Debtor;

        b.      any and all of Saraca's assets (including, without limitation, all property, rights, interests, privileges, and documents) ("Assets"), by whomever held, at any time prior to February 15, 2022, the date of the filing of the Debtor's chapter 11 petition (the "Petition Date"), constituted property of the Debtor;

2

    c.      any and all of Saraca's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Debtor's chapter 11 estate (the "<u>Estate</u>"); and

    d.      any and all of Saraca's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

2.      With respect to the Second Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Saraca as follows:

    a.      any and all of Saraca's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;

    b.      any and all of Saraca's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

    c.      any and all of Saraca's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

3.      With respect to the Third Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

    a.      the ownership interests in G Club International purportedly held by Jovial Century are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership interests and all related rights of corporate control in G Club International, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Club International.

4.      With respect to the Sixth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

a.      the ownership interests in G Fashion International purportedly held by Jovial Century, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership interests and all related rights of corporate control in G Fashion International, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion International.

5.      With respect to the Seventh Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

a.      the ownership interests in G Fashion Hold Co A purportedly held by Jovial Century, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership interests and all related rights of corporate control in G Fashion Hold Co A, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion Hold Co A.

6.      With respect to the Eighth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

a.      the ownership interests in G Fashion Hold Co B purportedly held by Jovial Century, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership interests and all related rights of corporate control in G Fashion Hold Co B, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion Hold Co B.

7.     With respect to the Tenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

        a.     at all times, the Debtor was the equitable owner of G Fashion (CA);

        b.     the ownership interests in G Fashion (CA) purportedly held by Jovial Century, at any time prior to the Petition Date, constituted property of the Debtor; and

        c.     the ownership interests in G Fashion (CA) purportedly held by Jovial Century, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

        d.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion (CA).

8.     With respect to the Sixteenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Saraca as follows:

        a.     at all times, the Debtor was the equitable owner of GFashion Media;

        b.     the ownership interests in G Music, purportedly held by Jovial Century, at any time prior to the Petition Date, constituted property of the Debtor;

        c.     the ownership interests in G Music, purportedly held by Jovial Century, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

d.      the ownership interests and all related rights of corporate control in GFashion Media, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

9.      With respect to the Nineteenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Jovial Century and G Music as follows:

a.      at all times, G Music was an alter ego of the Debtor;

b.      any and all of G Music's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;

c.      any and all of G Music's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

d.      any and all of G Music's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

10.      With respect to the Twentieth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Jovial Century and G Music as follows:

a.      at all times, the Debtor was the equitable owner of G Music;

b.      the ownership interests in G Music purportedly held by Jovial Century, and any and all of G Music's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;

   c. the ownership interests in G Music purportedly held by Jovial Century, and any and all of G Music's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

   d. the ownership interests and all related rights of corporate control in G Music, and all of G Music's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

   e. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Music.

11. With respect to the Twenty-First Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Freedom Media and Haoran He as follows:

   a. the ownership interests in Freedom Media purportedly held by Haoran He, and Freedom Media's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

   b. the ownership interests and all related rights of corporate control in Freedom Media, and Freedom Media's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

   c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Freedom Media.

12.     With respect to the Twenty-Second Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Wise Creation and Haoran He as follows:

      a.     the ownership interests in Wise Creation purportedly held by Haoran He, and Wise Creation's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

      b.     the ownership interests and all related rights of corporate control in Wise Creation, and Wise Creation's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

      c.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Wise Creation.

13.     With respect to the Twenty-Ninth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Seven Mission as follows:

      a.     at all times, the Debtor was the equitable owner of Rule of Law Foundation;

      b.     the ownership interests in Rule of Law Foundation purportedly held by Seven Mission, at any time prior to the Petition Date, constituted property of the Debtor;

      c.     the ownership interests in Rule of Law Foundation purportedly held by Seven Mission, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate;

      d.     the ownership interests and all related rights of corporate control in Rule of Law Foundation, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

      e.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Rule of Law Foundation.

14.     With respect to the Thirty-First Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Seven Mission as follows:

      a.     at all times, the Debtor was the equitable owner of Rule of Law Society;

      b.     the ownership interests in Rule of Law Society purportedly held by Seven Mission, at any time prior to the Petition Date, constituted property of the Debtor;

      c.     the ownership interests in Rule of Law Society purportedly held by Seven Mission, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate;

      d.     the ownership interests and all related rights of corporate control in Rule of Law Society, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

      e.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Rule of Law Society.

15.     With respect to the Thirty-Sixth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants China Golden Spring and Qiang Guo as follows:

a.     the ownership interests in China Golden Spring purportedly held by Qiang Guo, and China Golden Spring's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.     the ownership interests and all related rights of corporate control in China Golden Spring, and China Golden Spring's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in China Golden Spring.

16.     With respect to the Thirty-Eighth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Bravo Luck and Qiang Guo as follows:

a.     the ownership interests in Bravo Luck purportedly held by Qiang Guo, and Bravo Luck's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.     the ownership interests and all related rights of corporate control in Bravo Luck, and Bravo Luck's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

      c.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Bravo Luck.

17.     With respect to the Thirty-Ninth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Leading Shine BVI and Qiang Guo as follows:

      a.     the ownership interests in Leading Shine BVI purportedly held by Qiang Guo, and Leading Shine BVI's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

      b.     the ownership interests and all related rights of corporate control in Leading Shine BVI, and Leading Shine BVI's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

      c.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Leading Shine BVI.

18.     With respect to the Fortieth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Anton Development as follows:

      a.     Anton Development's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable; and

      b.     Anton Development's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

19.     With respect to the Forty-First Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Eastern Profit as follows:

      a.     Eastern Profit's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable; and

      b.     Eastern Profit's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

20.     With respect to the Forty-Second Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Alfa Global and Karin Maistrello as follows:

      a.     the ownership interests in Alfa Global purportedly held by Karin Maistrello, and Alfa Global's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

      b.     the ownership interests and all related rights of corporate control in Alfa Global, and Alfa Global's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

      c.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Alfa Global.

21.     With respect to the Forty-Third Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Alfonso Global and Next Tycoon as follows:

a.      the ownership interests in Alfonso Global purportedly held by Next Tycoon, and Alfonso Global's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership interests and all related rights of corporate control in Alfonso Global, and Alfonso Global's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Alfonso Global.

22.     For the avoidance of doubt, to the extent that this judgment describes Assets of or held by an entity and individual, such shall include any Assets of or held by a third party for the benefit of such entity or individual, including, without limitation, by agents, counsel, and/or present or former direct or indirect nominal owners.

23.     The Trustee is authorized to take all actions against the Default Defendants necessary or appropriate to effectuate this judgment.  This judgment is effective immediately, and no stay pursuant to Bankruptcy Rule 7062 shall be effective, and the Court hereby waives any limitations set forth in Bankruptcy Rule 7062 on the Trustee's ability to enforce this judgment upon its entry.

24.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>EXHIBIT B</u>**

**(Redline)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 | : |  |
| TRUSTEE, | : |  |
|  | : | Adv. Proceeding No. 24-05318 |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| ALFA GLOBAL VENTURES LIMITED, ALFONSO | : |  |
| GLOBAL VENTURES LIMITED, ANTON | : |  |
| DEVELOPMENT LIMITED, BRAVO LUCK LIMITED, | : |  |
| CHINA GOLDEN SPRING GROUP (HONG KONG) | : |  |
| LTD., EASTERN PROFIT CORPORATION LIMITED, | : |  |
| FREEDOM MEDIA VENTURES LIMITED, G MUSIC | : |  |
| LLC, HAORAN HE, JOVIAL CENTURY | : |  |
| INTERNATIONAL LIMITED, K LEGACY LTD., | : |  |
| KARIN MAISTRELLO, LEADING SHINE LIMITED, | : |  |
| NEXT TYCOON INVESTMENTS LIMITED, QIANG | : |  |
| GUO, SARACA MEDIA GROUP, INC., SEVEN | : |  |
| MISSION GROUP LLC, WISE CREATION | : |  |
| INTERNATIONAL LIMITED, | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------------------- x

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## DEFAULT JUDGMENT

On _____ __, 2025, the Court granted the motion of Luc A. Despins, as chapter 11 trustee (the "Trustee") of the estate of Ho Wan Kwok (the "Debtor") ~~for entry of default judgment against defendant~~ for entry of default judgment against defendants Alfa Global Ventures Limited ("Alfa Global"), Alfonso Global Ventures Limited ("Alfonso Global"), Anton Development Limited ("Anton Development"), Bravo Luck Limited ("Bravo Luck"), China Golden Spring Group (Hong Kong) Ltd. ("China Golden Spring"), Eastern Profit Corporation Limited ("Eastern Profit"), Freedom Media Ventures Limited ("Freedom Media"), G Music LLC ("G Music"), Haoran He, Jovial Century International Limited ("Jovial Century"), Leading Shine Limited ("Leading Shine BVI"), Next Tycoon Investments Limited ("Next Tycoon"), Qiang Guo, Saraca Media Group, Inc. ("Saraca"), Seven Mission Group LLC ("Seven Mission"), and Wise Creation International Limited ("Wise Creation") (collectively, the "Default Defendants"). In accordance with Fed. R. Civ. P. 58(a), made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7058, a default judgment hereby enters against the Default Defendants as follows:

1.      With respect to the First Claim of the Trustee's Adversary Complaint [Adv. ECF No. 1] (the "Complaint"), pursuant to sections 541, 542, and 544 of Title 11 of the United States Code (the "Bankruptcy Code"), default judgment enters against the Default ~~Defendants~~<u>Defendant</u> Saraca and ~~Qiang Guo~~ as follows:

        a.      at all times, Saraca was an alter ego of the Debtor;

        b.      any and all of Saraca's assets (including, without limitation, all property, rights, interests, privileges, and documents) ("Assets"), by whomever held, at any time

2

prior to February 15, 2022, the date of the filing of the Debtor's chapter 11 petition (the "Petition Date"), constituted property of the Debtor;

        c.      any and all of Saraca's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Debtor's chapter 11 estate (the "Estate"); and

        d.      any and all of Saraca's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

2.      With respect to the Second Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default ~~Defendants~~Defendant Saraca ~~and Qiang Guo~~ as follows:

        ~~a. at all times, the Debtor was the equitable owner of Saraca;~~

        a.    ~~b.~~ any and all of Saraca's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;

        b.    ~~c.~~ any and all of Saraca's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

        c.    ~~d.~~ any and all of Saraca's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

3.      With respect to the Third Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

3

a.      the ownership ~~interest~~<u>interests</u> in G Club International purportedly held by Jovial Century~~, and G Club International's Assets, by whomever held,~~ are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership ~~interest~~<u>interests</u> and all related rights of corporate control in G Club International, ~~and G Club International's Assets,~~ by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Club International.

4.      With respect to the Sixth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

a.      the ownership ~~interest~~<u>interests</u> in G Fashion International purportedly held by Jovial Century, ~~and G Fashion International's Assets, by whomever held,~~ are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership ~~interest~~<u>interests</u> and all related rights of corporate control in G Fashion International, ~~and G Fashion International's Assets,~~ by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion International.

5.      With respect to the Seventh Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

a.      the ownership ~~interest~~<u>interests</u> in G Fashion Hold Co A purportedly held by Jovial Century, ~~and G Fashion Hold Co A's Assets, by whomever held,~~ are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership ~~interest~~<u>interests</u> and all related rights of corporate control in G Fashion Hold Co A, ~~and G Fashion Hold Co A's Assets,~~ by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion Hold Co A.

6.      With respect to the Eighth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

a.      the ownership interests in G Fashion Hold Co B purportedly held by Jovial Century, ~~and G Fashion Hold Co B's Assets, by whomever held,~~ are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership interests and all related rights of corporate control in G Fashion Hold Co B, ~~and G Fashion Hold Co B's Assets,~~ by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

       c.     the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion Hold Co B.

7.     With respect to the ~~Ninth~~Tenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:

     ~~a. at all times, G Fashion (CA) was an alter ego of the Debtor;~~

     ~~b. any and all of G Fashion (CA)'s Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;~~

     ~~c. any and all of G Fashion (CA)'s Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and~~

     ~~d. any and all of G Fashion (CA)'s Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.~~

~~8. With respect to the Tenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Jovial Century as follows:~~

     a.     at all times, the Debtor was the equitable owner of G Fashion (CA);

     b.     ~~any and all of~~the ownership interests in G Fashion (CA)~~'s Assets, by whomever~~ purportedly held by Jovial Century, at any time prior to the Petition Date, constituted property of the Debtor; and

c.      ~~any and all of~~the ownership interests in G Fashion (CA)~~'s Assets, by whomever~~ purportedly held by Jovial Century, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

~~d. any and all of G Fashion (CA)'s Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.~~

d.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Fashion (CA).

~~9. With respect to the Fifteenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Saraca as follows:~~

~~a. at all times, GFashion Media was an alter ego of the Debtor;~~

~~b. any and all of GFashion Media's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;~~

~~c. any and all of GFashion Media's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and~~

~~d. any and all of GFashion Media's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.~~

8.      ~~10.~~ With respect to the Sixteenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Saraca as follows:

a.      at all times, the Debtor was the equitable owner of GFashion Media;

b.    ~~any and all of GFashion Media's Assets, by whomever~~the ownership interests in G Music, purportedly held by Jovial Century, at any time prior to the Petition Date, constituted property of the Debtor;

c.    ~~any and all of GFashion Media's Assets, by whomever~~the ownership interests in G Music, purportedly held by Jovial Century, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

d.    ~~any and all of~~ the ownership interests and all related rights of corporate control in GFashion ~~Media's Assets~~Media, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

9.    ~~11.~~ With respect to the Nineteenth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default ~~Defendant~~Defendants Jovial Century and G Music as follows:

a.    at all times, G Music was an alter ego of the Debtor;

b.    any and all of G Music's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;

c.    any and all of G Music's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

d.    any and all of G Music's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.

10.    ~~12.~~ With respect to the Twentieth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default ~~Defendant~~Defendants Jovial Century and G Music as follows:

     a.     at all times, the Debtor was the equitable owner of G Music;

     b.     <u>the ownership interests in G Music purportedly held by Jovial Century, and</u> any and all of G Music's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;

     c.     <u>the ownership interests in G Music purportedly held by Jovial Century, and</u> any and all of G Music's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and

     d.     ~~any~~ <u>the ownership interests and all related rights of corporate control in G Music,</u> and all of G Music's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee~~.~~<u>; and</u>

     <u>e.</u>     <u>the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in G Music.</u>

<u>11.</u>   ~~13.~~ With respect to the Twenty-First Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Freedom Media and Haoran He as follows:

     a.     the ownership ~~interest~~<u>interests</u> in Freedom Media purportedly held by Haoran He, and Freedom Media's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

     b.     the ownership ~~interest~~<u>interests</u> and all related rights of corporate control in Freedom Media, and Freedom Media's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Freedom Media.

12. ~~14.~~ With respect to the Twenty-Second Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Wise Creation and Haoran He as follows:

a.      the ownership ~~interest~~interests in Wise Creation purportedly held by Haoran He, and Wise Creation's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership ~~interest~~interests and all related rights of corporate control in Wise Creation, and Wise Creation's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Wise Creation.

~~15. With respect to the Twenty-Eighth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Seven Mission as follows:~~

~~a. at all times, Rule of Law Foundation was an alter ego of the Debtor;~~

~~b. any and all of Rule of Law Foundation's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;~~

~~c. any and all of Rule of Law Foundation's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of~~

10

~~the Estate; and~~

~~d. any and all of Rule of Law Foundation's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.~~

13. ~~16.~~ With respect to the Twenty-Ninth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Seven Mission as follows:

a.    at all times, the Debtor was the equitable owner of Rule of Law Foundation;

b.    ~~any and all of~~the ownership interests in Rule of Law ~~Foundation's Assets, by whomever~~Foundation purportedly held by Seven Mission, at any time prior to the Petition Date, constituted property of the Debtor;

c.    ~~any and all of~~the ownership interests in Rule of Law ~~Foundation's Assets, by whomever~~Foundation purportedly held by Seven Mission, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; ~~and~~

d.    ~~any and all of~~the ownership interests and all related rights of corporate control in Rule of Law ~~Foundation's Assets~~Foundation, by whomever held, shall be immediately turned over and/or surrendered to the Trustee~~.~~; and

e.    the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Rule of Law Foundation.

~~17. With respect to the Thirtieth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Seven Mission as follows:~~

~~a. at all times, Rule of Law Society was an alter ego of the Debtor;~~

~~b. any and all of Rule of Law Society's Assets, by whomever held, at any time prior to the Petition Date, constituted property of the Debtor;~~

~~c. any and all of Rule of Law Society's Assets, by whomever held, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; and~~

~~d. any and all of Rule of Law Society's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee.~~

14. ~~18.~~ With respect to the Thirty-First Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Seven Mission as follows:

a.    at all times, the Debtor was the equitable owner of Rule of Law Society;

b.    ~~any and all of~~ the ownership interests in Rule of Law ~~Society's Assets, by whomever~~ Society purportedly held by Seven Mission, at any time prior to the Petition Date, constituted property of the Debtor;

c.    ~~any and all of~~ the ownership interests in Rule of Law ~~Society's Assets, by whomever~~ Society purportedly held by Seven Mission, at any time from the Petition Date to the present, constituted and constitute, as applicable, property of the Estate; ~~and~~

12

        d.      ~~any and all of~~the ownership interests and all related rights of corporate control in Rule of Law ~~Society's Assets~~Society, by whomever held, shall be immediately turned over and/or surrendered to the Trustee~~.~~; and

        e.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Rule of Law Society.

15.    ~~19.~~With respect to the Thirty-Sixth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants China Golden Spring and Qiang Guo as follows:

        a.      the ownership ~~interest~~interests in China Golden Spring purportedly held by Qiang Guo, and China Golden Spring's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

        b.      the ownership ~~interest~~interests and all related rights of corporate control in China Golden Spring, and China Golden Spring's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

        c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in China Golden Spring.

16.    ~~20.~~With respect to the Thirty-Eighth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Bravo Luck and Qiang Guo as follows:

a.      the ownership ~~interest~~interests in Bravo Luck purportedly held by Qiang Guo, and Bravo Luck's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership ~~interest~~interests and all related rights of corporate control in Bravo Luck, and Bravo Luck's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Bravo Luck.

17.     ~~21.~~ With respect to the Thirty-Ninth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Leading Shine BVI and Qiang Guo as follows:

a.      the ownership ~~interest~~interests in Leading Shine BVI purportedly held by Qiang Guo, and Leading Shine BVI's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.      the ownership ~~interest~~interests and all related rights of corporate control in Leading Shine BVI, and Leading Shine BVI's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Leading Shine BVI.

18.    ~~22.~~ With respect to the Fortieth Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Anton Development as follows:

      a.    ~~the ownership interest in Anton Development purportedly held by Mei Guo, and~~ Anton Development's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable; and

      b.    ~~the ownership interest  and all related rights of corporate control in  Anton Development, and~~ Anton Development's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee~~; and~~.

      ~~c. the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Anton Development.~~

19.    ~~23.~~ With respect to the Forty-First Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendant Eastern Profit as follows:

      a.    ~~the ownership interest in Eastern Profit purportedly held by Mei Guo, and~~ Eastern Profit's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable; and

      b.    ~~the ownership interest  and all related rights of corporate control in  Eastern Profit, and~~ Eastern Profit's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee~~; and~~.

~~c.  the  Trustee  is  authorized  to  take  any  actions  necessary  to  rectify  corporate records  to  reflect  that  the  Trustee  is  the  beneficial  as  well  as  the  legal  owner  of  the ownership  interests  in  Eastern  Profit.~~

20. ~~24.~~ With respect to the Forty-Second Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Alfa Global and Karin Maistrello as follows:

a.    the ownership ~~interest~~interests in Alfa Global purportedly held by Karin Maistrello, and Alfa Global's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

b.    the ownership ~~interest~~interests and all related rights of corporate control in Alfa Global, and Alfa Global's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.    the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Alfa Global.

21. ~~25.~~ With respect to the Forty-Third Claim of the Complaint, pursuant to sections 541, 542, and 544 of the Bankruptcy Code, default judgment enters against the Default Defendants Alfonso Global and Next Tycoon as follows:

a.    the ownership ~~interest~~interests in Alfonso Global purportedly held by Next Tycoon, and Alfonso Global's Assets, by whomever held, are and were at all relevant times property of the Debtor or the Estate, as applicable;

16

b.      the ownership ~~interest~~interests and all related rights of corporate control in Alfonso Global, and Alfonso Global's Assets, by whomever held, shall be immediately turned over and/or surrendered to the Trustee; and

c.      the Trustee is authorized to take any actions necessary to rectify corporate records to reflect that the Trustee is the beneficial as well as the legal owner of the ownership interests in Alfonso Global.

22.    ~~26.~~ For the avoidance of doubt, to the extent that this judgment describes Assets of or held by an entity and individual, such shall include any Assets of or held by a third party for the benefit of such entity or individual, including, without limitation, by agents, counsel, and/or present or former direct or indirect nominal owners.

23.    ~~27.~~ The Trustee is authorized to take all actions against the Default Defendants necessary or appropriate to effectuate this judgment. This judgment is effective immediately, and no stay pursuant to Bankruptcy Rule 7062 shall be effective, and the Court hereby waives any limitations set forth in Bankruptcy Rule 7062 on the Trustee's ability to enforce this judgment upon its entry.

24.    ~~28.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.