**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
               :

In re:                       :        Chapter 11
               :

HO WAN KWOK, *et al.*,[1]     :        Case No. 22-50073 (JAM)
               :

         Debtors.    :        (Jointly Administered)
               :

---------------------------------------------------------x
               :

LUC A. DESPINS, CHAPTER 11 :
TRUSTEE,             :
               :        Adv. Proceeding Nos. 24-5194, 24-5213,
        Plaintiff,    :        24-5271, 24-5034, 24-5007
v.                   :
               :

MCMANIMON, SCOTLAND &    :
BAUMANN, LLC, GEORGIOU PAYNE :
STEWIEN LLP, *a/k/a* GPS MCQUHAE LLP, :
CAMERON SMEE and ROGER SMEE, :
VERSACE USA, INC., and BLUEBERRY :
BUILDERS,            :
LLC,                :
               :

         Defendants.   :
               :

---------------------------------------------------------x

## <u>SETTLEMENT NOTICE</u>

PLEASE TAKE NOTICE: that, on March 26, 2025, Luc A. Despins, in his capacity as the

Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the chapter 11 case (the "<u>Chapter 11 Case</u>") of Ho

Wan Kwok (the "<u>Debtor</u>"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Procedure, filed a motion (the "Settlement Motion") in the Chapter 11 Case [Main Case ECF No. 4265] and in the following adversary proceedings (the "Adversary Proceedings"): *Despins v. McManimon, Scotland & Baumann, LLC* [Adv. Proc. No. 24-05194 ECF No. 25]; *Despins v. Georgiou Payne Stewien LLP* [Adv. Proc. No. 24-05213 ECF No. 20]; *Despins v. Li, et al.* [Adv. Proc. No. 24-05271 ECF No. 29]; *Despins v. Versace USA, Inc.* [Adv. Proc. No. 24-05034 ECF No. 28]; and *Despins v. Blueberry Builders, LLC* [Adv. Proc. No. 24-05007 ECF No. 33]; for entry of an order approving the terms of the Trustee's settlement agreements (the "Settlement Agreements") with the following counterparties (collectively, the "Counterparties"): McManimon, Scotland & Baumann, LLC ("McManimon"); GPS Legal LLP (fka Georgiou Payne Stewien LLP and GPS McQuhae LLP) ("GPS"); Cameron Smee and Roger Smee (jointly, the "Smees"); Versace USA, Inc. ("Versace");  Blueberry Builders, LLC ("Blueberry"); Baker & Hostetler LLP ("Baker Hostetler"); Christopher D. Warren and Christopher D. Warren P.C. (jointly "Warren"); Cohn Birnbaum & Shea P.C. ("Cohn Birnbaum"); Hodgson Russ LLP ("Hodgson Russ"); and Tucker Levin, PLLC ("Tucker Levin").

PLEASE TAKE FURTHER NOTICE, that on April 30, 2025, the Court entered orders approving the Trustee's Settlement Agreements with each of the Counterparties.[2]

PLEASE TAKE FURTHER NOTICE: pursuant to the McManimon Settlement Order, the Trustee hereby files an unredacted copy of the Trustee's Settlement Agreement with McManimon

---

[2] As to McManimon [Main Case ECF No. 4367, Adv. Proc. No. 24-05194 ECF No. 30] (the "McManimon Settlement Order"); as to GPS [Main Case ECF No. 4368, Adv. Proc. No. 24-05213 ECF No. 25] (the "GPS Settlement Order"); as to the Smees [Main Case ECF No. 4369, Adv. Proc. No. 24-05271 ECF No. 34] (the "Smees Settlement Order"); as to Versace [Main Case ECF No. 4370, Adv. Proc. No. 24-05034 ECF No. 33] (the "Versace Settlement Order"); as to Blueberry [Main Case ECF No. 4366, Adv. Proc. No. 24-05007 ECF No. 38] (the "Blueberry Settlement Order"); as to Baker Hostetler [Main Case ECF No. 4371] (the "Baker Hostetler Settlement Order"); as to Warren [Main Case ECF No. 4372] (the "Warren Settlement Order"); as to Cohn Birnbaum [Main Case ECF No. 4373] (the "Cohn Birnbuam Settlement Order"); as to Hodgson Russ [Main Case ECF No. 4374] (the "Hodgson Russ Settlement Order"); and as to Tucker Levin [Main Case ECF No. 4375] (the "Tucker Levin Settlement Order").

(the "McManimon Settlement Agreement"), which is appended hereto as **Exhibit A**, and discloses the following: (a) the settlement amount provided for under the McManimon Settlement Agreement is $78,000.00 (the "McManimon Settlement Amount"); (b) the Trustee received funds in satisfaction of the McManimon Settlement Amount on May 7, 2025; and (c) the Trustee's receipt of the McManimon Settlement Amount was reflected in the Trustee's May *Monthly Operating Report* filed on June 23, 2025 [Main Case ECF No. 4499] (the "May MOR").[3]

PLEASE TAKE FURTHER NOTICE: that, pursuant to the GPS Settlement Order, the Trustee hereby files unredacted copies of the Trustee's Settlement Agreement with GPS (the "GPS Settlement Agreement"), which is appended hereto as **Exhibit B**, and discloses the following: (a) the settlement amount provided for under the GPS Settlement Agreement is $65,000.00 (the "GPS Settlement Amount"); (b) the Trustee received funds in satisfaction of the GPS Settlement Amount on May 9, 2025; and (c) the Trustee's receipt of the GPS Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[4]

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Smees Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with the Smees (the "Smees Settlement Agreement"), which is appended hereto as **Exhibit C**, and discloses the following: (a) the settlement amount provided for under the Smees Settlement Agreement is $105,000.00 (the "Smee Settlement Amount"); (b) the Trustee received funds in satisfaction of the Smees Settlement Amount on May 27, 2025; and (c) the Trustee's receipt of the Smees Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[5]

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Versace Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with Versace (the "Versace

---

[3]    These funds are included in the Settlement Payments total described on page 13 of the May MOR.
[4]    These funds are included in the Settlement Payments total described on page 13 of the May MOR.
[5]    These funds are included in the Settlement Payments total described on page 13 of the May MOR.

Settlement Agreement"), which is appended hereto as **Exhibit D**, and discloses the following: (a) the settlement amount provided for under the Versace Settlement Agreement is $650,000.00 (the "Versace Settlement Amount"); (b) the Trustee received funds in satisfaction of the Versace Settlement Amount on May 8, 2025; and (c) the Trustee's receipt of the Versace Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[6]

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Blueberry Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with Blueberry (the "Blueberry Settlement Agreement"), which is appended hereto as **Exhibit E**, and discloses the following: (a) the settlement amount provided for under the Blueberry Settlement Agreement is $134,000.00 (the "Blueberry Settlement Amount"); (b) to date[7], the Trustee has received funds in partial satisfaction of the Blueberry Settlement Amount as follows: $50,000.00 on May 12, 2025; $12,500.00 on June 16, 2025; $12,500.00 on July 23, 2025; and $12,500.00 on October 1, 2025; and (c) the Trustee's receipt of payments towards the Blueberry Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025[8], the June *Monthly Operating Report* (the "June MOR") filed on July 21, 2025[9], the July *Monthly Operating Report* (the "July MOR") filed on August 21, 2025,[10] and the October *Monthly Operating Report* (the "October MOR") filed on November 21, 2025[11] [Main Case ECF No. 4499, 4536, 4623, and 4850].

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Baker Hostetler Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with Baker

---

[6]   These funds are included in the Settlement Payments total described on page 13 of the May MOR.
[7]   Blueberry is making payments to the Trustee pursuant to a payment schedule in the Blueberry Settlement Agreement.
[8]   These funds are included in the Settlement Payments total described on page 13 of the May MOR.
[9]   These funds are included in the Settlement Payments total described on page 13 of the June MOR.
[10]   These funds represent the Settlement Payments described on page 13 of the July MOR.
[11]   These funds are included in the Settlement Payments total described on page 13 of the October MOR.

Hostetler (the "Baker Hostetler Settlement Agreement"), which is appended hereto as **Exhibit F**, and discloses the following: (a) the settlement amount provided for under the Baker Hostetler Settlement Agreement is $872,000.00 (the "Baker Hostetler Settlement Amount"); (b) the Trustee received funds in satisfaction of the Baker Hostetler Settlement Amount on May 30, 2025; and (c) the Trustee's receipt of the Baker Hostetler Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[12]

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Warren Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with Warren (the "Warren Settlement Agreement"), which is appended hereto as **Exhibit G**, and discloses the following: (a) the settlement amount provided for under the Warren Settlement Agreement is $70,000.00 (the "Warren Settlement Amount"); (b) the Trustee received funds in satisfaction of the Warren Settlement Amount on May 5, 2025; and (c) the Trustee's receipt of the Warren Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[13]

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Cohn Birnbaum Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with Cohn Birnbaum (the "Cohn Birnbuam Settlement Agreement"), which is appended hereto as **Exhibit H**, and discloses the following: (a) the settlement amount provided for under the Cohn Birnbuam Settlement Agreement is $60,000.00 (the "Cohn Birnbaum Settlement Amount"); (b) the Trustee received funds in satisfaction of the Cohn Birnbaum Settlement Amount on May 14, 2025; and (c) the Trustee's receipt of the Cohn Birnbaum Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[14]

---

[12]   These funds are included in the Settlement Payments total described on page 13 of the May MOR.
[13]   These funds are included in the Settlement Payments total described on page 13 of the May MOR.
[14]   These funds are included in the Settlement Payments total described on page 13 of the May MOR.

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Hodson Russ Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with Hodgson Russ (the "Hodgson Russ Settlement Agreement"), which is appended hereto as **Exhibit I**, and discloses the following: (a) the settlement amount provided for under the Hodgson Russ Settlement Agreement is $250,000.00 (the "Hodgson Russ Settlement Amount"); (b) the Trustee received funds in satisfaction of the Hodgson Russ Settlement Amount on May 14, 2025; and (c) the Trustee's receipt of the Hodgson Russ Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[15]

PLEASE TAKE FURTHER NOTICE: that, pursuant to the Tucker Levin Settlement Order, the Trustee hereby files unredacted copies of the Settlement Agreement with Tucker Levin (the "Tucker Levin Settlement Agreement"), which is appended hereto as **Exhibit J**, and discloses the following: (a) the settlement amount provided for under the Tucker Levin Settlement Agreement is $20,000.00 (the "Tucker Levin Settlement Amount"); (b) the Trustee received funds in satisfaction of the Tucker Levin Settlement Amount on May 8, 2025; and (c) the Trustee's receipt of the Tucker Levin Settlement Amount was reflected in the Trustee's May MOR filed on June 23, 2025 [Main Case ECF No. 4499].[16]

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

---

[15] These funds are included in the Settlement Payments total described on page 13 of the May MOR.
[16] These funds are included in the Settlement Payments total described on page 13 of the May MOR.

Dated:    December 23, 2025       LUC A. DESPINS,
           New Haven, Connecticut    CHAPTER 11 TRUSTEE,

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church St., 13th Fl.
    New Haven, CT 06510
    Tel: (203) 781-2847
    Fax: (203) 821-2008
    plinsey@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                 :

In re:                  :     Chapter 11
                 :

HO WAN KWOK, *et al.*,[17]     :     Case No. 22-50073 (JAM)
                 :

          Debtors.     :     (Jointly Administered)
                 :

---------------------------------------------------------x
                 :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,             :
                 :     Adv. Proceeding Nos. 24-5194, 24-5213,
          Plaintiff,   :     24-5271, 24-5034, 24-5007
v.                  :
                 :

MCMANIMON, SCOTLAND &     :
BAUMANN, LLC, GEORGIOU PAYNE :
STEWIEN LLP, *a/k/a* GPS MCQUHAE LLP, :
CAMERON SMEE and ROGER SMEE, :
VERSACE USA, INC., and BLUEBERRY :
BUILDERS,           :
LLC,                 :
                 :

          Defendants.  :
                 :

---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date hereof, the foregoing was filed electronically using the Court's case management/electronic case files ("CM/ECF") system in the Chapter 11 Case and the Adversary Proceedings, and that notice of this filing will be sent by e-

---

[17]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

mail automatically by operation of the CM/ECF system to all parties appearing in the Chapter 11

Case and in the Adversary Proceedings that are eligible to receive electronic notice.


Dated: December 23, 2025              LUC A. DESPINS,
        New Haven, Connecticut        CHAPTER 11 TRUSTEE

                                      By: */s/ Patrick R. Linsey*
                                          Patrick R. Linsey (ct29437)
                                          NEUBERT, PEPE & MONTEITH, P.C.
                                          195 Church Street, 13th Floor
                                          New Haven, Connecticut 06510
                                          (203) 781-2847
                                          plinsey@npmlaw.com

# EXHIBIT A

**(McManimon Settlement Agreement)**

**EXECUTION VERSION**

### SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 20th day of December, 2024 (the "Effective Date"), by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee" or the "Plaintiff") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) MCMANIMON, SCOTLAND & BAUMANN, LLC ("MSB" or the "Defendant," and together with the Trustee, the "Parties"). The Parties hereby agree as follows:

### RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thus commencing case no. 22-50073 (the "Bankruptcy Case") and creating an estate (the "Estate") pursuant to section 541 of the Bankruptcy Code;

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Bankruptcy Case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Bankruptcy Case;

WHEREAS, MSB was engaged as counsel to Lexington Property and Staffing Inc. ("Lexington"), HCHK Technologies, Inc. ("HCHK Technologies"), and HCHK Property Management, Inc. ("HCHK Property") in the commencement of filing assignment for the benefit of creditors proceedings (collectively the "ABC Proceedings");

WHEREAS, on April 20, 2023, Lexington Property and Staffing, Inc. executed a Deed of Assignment for the Benefit of Creditors (the "Lexington Deed") appointing Brian W. Hofmeister as the Assignee; and such Lexington Deed was recorded in the New York County Clerk's Office;

WHEREAS, on April 20, 2023, HCHK Technologies executed a Deed of Assignment for the Benefit of Creditors (the "HCHK Technologies Deed") appointing Brian W. Hofmeister as the Assignee; and such HCHK Technologies Deed was recorded in the New York County Clerk's Office;

WHEREAS, on April 20, 2023, HCHK Property executed a Deed of Assignment for the Benefit of Creditors (the "HCHK Property Deed") appointing Brian W. Hofmeister as the Assignee; and such HCHK Property Deed was recorded in the New York County Clerk's Office;

WHEREAS, MSB produced documents to the Trustee responsive to subpoenas served on Lexington, HCHK Technologies, and HCHK Property for the Bankruptcy Case;

1

WHEREAS, on May 23, 2023, Cole Schotz, PC, counsel for Brian W. Hofmeister, filed an Order to Show Cause, seeking relief, amongst other things, for approval of the commencement of the ABC Proceedings for Lexington, HCHK Technologies, and HCHK Property;

WHEREAS, on June 8, 2023, the Trustee filed an Adversary Proceeding against Lexington, HCHK Technologies, HCHK Property, and the Assignee in the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, bearing Adv. Pro. No. 23-05013 (JAM) (the "ABC Complaint");

WHEREAS, on June 23, 2023, the Trustee filed the *Motion Pursuant to Bankruptcy Rule 9019, Regarding Settlement with Assignee of the HCHK Entities Under New York Court Assignment Proceedings* (the "ABC Settlement Motion") [ECF No. 1936];

WHEREAS, on July 28, 2023, the Court entered an Order approving the ABC Settlement Motion (the "ABC Settlement Order") [ECF No. 2038];

WHEREAS, the ABC Settlement Order, authorized, amongst other relief, that MSB receive an amount equal to the reasonable fees and expenses incurred by MSB, as proposed counsel to the Assignee, since April 20, 2023 through the filing of the Motion, which amount shall be no greater than $75,000;

WHEREAS, on February 13, 2024 the Trustee commenced Adversary Proceeding No. 24-05194 (the "Adversary Proceeding") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* (the "Complaint") against the Defendant to, among other things, avoid and recover transfers of property of the Debtor's estate effectuated by the Debtor (collectively, the "Claims"), in an amount not less than $110,000.00;

WHEREAS, on May 2, 2024, the Court entered its *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order");

WHEREAS, the Defendant denies any potential liability with respect to the allegations raised in the Adversary Proceeding, including the Claims;

WHEREAS, the Trustee and the Defendant reached a settlement that resolves the Adversary Proceeding and will result in its dismissal with prejudice, subject to terms and conditions set forth in this Agreement; and

WHEREAS, to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Adversary Proceeding, including the Claims.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.**     **The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of all the amounts claimed in the Adversary Proceeding, and the Defendant agrees to pay to the Trustee, the sum of $78,000 (the "Settlement Amount").

**2.**     **Effectiveness of this Agreement.** This Agreement is subject to approval by the Court in the Bankruptcy Case. Pursuant to paragraph 2.w. of the Procedures Order, within thirty (30) days of full execution of this Settlement Agreement, the Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement. The Trustee will request that the 9019 Motion be filed under seal. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements. This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which Order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.**     **Time to Pay the Settlement Amount.** Within five (5) business days of the Order becoming final, the Defendant shall provide the Trustee with three post-dated checks, each in the amount of $26,000 with the first such check being dated with the date five (5) days after entry of the Order, and all other checks being dated on the same day of the month for the next two (2) subsequent sequential months. If any of the Defendant's checks fail to be honored, and the Defendant fails to remedy (cure) the failure within ten (10) days of having received notice, the full amount of the Claims shall become immediately due and payable.

**4.**     **Failure to Timely Pay Settlement Amount.** If the Defendant fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then the Defendant agrees and authorizes the Trustee, in his sole discretion, to terminate this Settlement Agreement effective immediately by written notice to the Defendant. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to it, including without limitation: (i) pursuing the Adversary Proceeding against the Defendant without limitation; and (ii) enforcing this Agreement to the fullest extent of the law.

**5.**     **Filing of Notice of Dismissal.** On or before the tenth (10th) business day after its receipt of the entire Settlement Amount from the Defendant ("Notice of Dismissal Date"), the Trustee will file a notice of dismissal of the Adversary Proceeding with prejudice (the "Dismissal"). Should the Trustee fail to file a notice of dismissal on or before the Notice of Dismissal Date, the Trustee agrees and authorizes the Defendant, in its sole discretion, to file such notice, and the Trustee agrees to consent to such Dismissal.

**6.**     **Releases.** Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, release the Defendant, its parents, affiliates, and subsidiaries, if any, or

3

anyone acting on its behalf, with respect to the Claims, demands, damages, actions, and causes of action set forth in the Adversary Proceeding. The Defendant, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Estate, the Trustee, and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the facts and circumstances at issue in the Adversary Proceeding, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**7.    Fees and Costs of Litigation**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in the Adversary Proceeding; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**8.    No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**9.    Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**10.    Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement.

**11.    Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**12.    Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**13.    Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**14.    Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

4

**15.     Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**16.     Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that would otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms.  This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**17.     Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**18.     Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**19.     Notices**. All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

**If to the Trustee:**

Patrick R. Linsey
**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6690
douglassbarron@paulhastings.com

**If to Defendant:**

Sari B. Placona
Anthony Sodono, III
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue
2nd Floor
Roseland, NJ 07068
(973) 721-5030
SPlacona@msbnj.com
ASodono@msbnj.com

**20.** **Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**21.** **No Duress or Undue Influence**. Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**22.** **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**23.** **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**24.** **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE(S) TO FOLLOW]**

**LUC A. DESPINS**, in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok

By: _/s/ Luc A. Despins_
Name:    Luc A. Despins
Title:    Chapter 11 Trustee

**MCMANIMON, SCOTLAND & BAUMANN, LLC**

By:
Name:    ANTHONY SODONO
Title:    ATTORNEY

8

# EXHIBIT B

## (GPS Settlement Agreement)

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 7th day of November 2024 (the "Effective Date"), by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee" or the "Plaintiff") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) GPS LEGAL LLP (formerly known as GEORGIOU PAYNE STEWIEN LLP and GPS MCQUHAE LLP) (the "Defendant," and together with the Trustee, the "Parties"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thus commencing case no. 22-50073 (the "Bankruptcy Case") and creating an estate (the "Estate") pursuant to section 541 of the Bankruptcy Code;

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Bankruptcy Case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Bankruptcy Case;

WHEREAS, on February 13, 2024, the Trustee commenced Adversary Proceeding No. 24-05213 (the "Adversary Proceeding") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* (the "Complaint") against the Defendant to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to §§ 544, 548 and 550 of the Bankruptcy Code (collectively, the "Claims"), in an amount not less than $390,747.00;

WHEREAS, on May 2, 2024, the Court entered its *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order") and, on August 28, 2024, the Court entered its *Order Amending Procedures Order to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [ECF No. 3465] (the "Pre-Litigation/Pre-Appearance Mediation Order");

WHEREAS, the Defendant denies any potential liability with respect to the allegations raised in the Adversary Proceeding, including the Claims;

WHEREAS, the Trustee and the Defendant reached a settlement that resolves the Adversary Proceeding and will result in its dismissal with prejudice, subject to terms and conditions set forth in this Agreement; and

1

WHEREAS, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Adversary Proceeding, including the Claims.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.** **The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of all the amounts claimed in the Adversary Proceeding, and the Defendant agrees to pay to the Trustee, the sum of $65,000.00 (the "Settlement Amount").

**2.** **Effectiveness of this Agreement.** This Agreement is subject to submission to Consensual Pre-Litigation/Pre-Appearance Mediation (as defined in the Pre-Litigation/Pre-Appearance Mediation Order) and to approval by the Court in the Bankruptcy Case. Within fourteen (14) days of full execution of this Settlement Agreement, the Parties will submit this Agreement and the Claims to Consensual Pre-Litigation and Pre-Appearance Mediation. As soon as practicable following Judge Tancredi's issuance of any Pre-Litigation/Pre-Appearance Settlement Report, the Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement. The Trustee will request that the 9019 Motion be filed under seal. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements. This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.** **Time to Pay the Settlement Amount.** Within five (5) business days of the Order becoming final, the Defendant shall pay to the Trustee, in one lump sum payment, the Settlement Amount in immediately available funds.

**4.** **Failure to Timely Pay Settlement Amount.** If the Defendant fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then the Defendant agrees and authorizes the Trustee, in its sole discretion, to terminate this Settlement Agreement effective immediately by written notice to the Defendant. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to it, including without limitation: (i) pursuing the Adversary Proceeding against the Defendant without limitation; and (ii) enforcing this Agreement to the fullest extent of the law.

**5.** **Filing of Notice of Dismissal.** On or before the tenth (10th) business day after its receipt of the entire Settlement Amount from the Defendant ("Notice of Dismissal Date"), the Trustee will file a notice of dismissal of the Adversary Proceeding with prejudice (the "Dismissal"). Should the Trustee fail to file a notice of dismissal on or before the Notice of

2

Dismissal Date, the Trustee agrees and authorizes the Defendant, in its sole discretion, to file such notice, and the Trustee agrees to consent to such Dismissal.

**6.**     **Releases**. Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, release the Defendant with respect to the Claims, demands, damages, actions, and causes of action set forth in the Adversary Proceeding. The Defendant, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Estate, the Trustee, and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the facts and circumstances at issue in the Adversary Proceeding, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**7.**     **Fees and Costs of Litigation**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in the Adversary Proceeding; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**8.**     **No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**9.**     **Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**10.**     **Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement.

**11.**     **Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**12.**     **Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

3

**13.    Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**14.    Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**15.    Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**16.    Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that would otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms.  This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**17.    Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**18.    Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**19.    Notices**. All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

4

**If to the Trustee:**

Patrick R. Linsey
**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6690
douglassbarron@paulhastings.com

**If to Defendant:**

Jeremy C. Hollembeak
**BAIRD HOLM LLP**
1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
(402) 636-8317
jhollembeak@bairdholm.com

    **20.**    **Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

    **21.**    **No Duress or Undue Influence**. Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**22.** **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**23.** **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**24.** **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK;**
**SIGNATURE PAGE(S) TO FOLLOW]**

**LUC A. DESPINS,** in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok

By: _____

Name:    Luc A. Despins

Title:    Chapter 11 Trustee

**GPS LEGAL LLP (FORMERLY KNOWN AS GEORGIOU PAYNE STEWIEN LLP AND GPS MCQUHAE LLP)**

By: _____

Name:    SONNY PAYNE

Title:    PARTNER

# **EXHIBIT C**

**(Smees Settlement Agreement)**

# AMENDED SETTLEMENT AGREEMENT

This Amended Settlement Agreement (the "Agreement"), is entered into as of this 18th day of March, 2025, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee" or the "Plaintiff") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); (b) CAMERON SMEE; and (c) ROGER SMEE (Roger Smee together with Cameron Smee, the "Defendants," and, the Defendants together with the Trustee, the "Parties"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") and creating an estate (the "Estate") pursuant to section 541 of the Bankruptcy Code;

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Debtor's chapter 11 case;

WHEREAS, Defendants assert that, prior to the Petition Date, each of the Defendants had opened and maintained an account on a platform maintained by Himalaya International Clearing Limited ("Himalaya"), i.e. the accounts numbered KYQHAFY (Roger Smee) and UR3QFTK (Cameron Smee) (together, the "Accounts"), to which Defendants assert they had transferred funds in good faith and in which they held and traded Himalaya Coin ("HCN") and Himalaya Dollar ("HDO");

WHEREAS, on February 15, 2024, the Trustee commenced Adversary Proceeding No. 24-05271 (the "Adversary Proceeding") by filing the *Omnibus Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* (the "Complaint") against the Defendants and others to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to §§ 549 and 550 of the Bankruptcy Code (collectively, the "Claims") in an amount not less than $119,900.00, representing post-petition transfers of funds to the Defendants from Himalaya, which the Trustee alleges to be an alter ego of the Debtor;

WHEREAS, Himalaya made additional transfers to the Defendants in an amount of $70,789.00, which transfers the Trustee asserts are also avoidable and/or recoverable pursuant to §§ 549 and 550 of the Bankruptcy Code (the "Additional Transfers");

WHEREAS, on May 2, 2024, the Court entered its *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order") and, on August 28, 2024, the Court entered its *Order Amending Procedures Order to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [ECF No. 3465] (the "Pre-Litigation/Pre-Appearance Mediation Order");

WHEREAS, Defendants deny any potential liability with respect to (i) the allegations raised in the Adversary Proceeding, including the Claims, and (ii) the Additional Transfers;

WHEREAS, the Trustee and the Defendants reached a settlement that resolves (i) the Claims against the Defendants and will result in the dismissal of the Defendants from the Adversary Proceeding with prejudice, and (ii) any liability in connection with the Additional Transfers, each subject to terms and conditions set forth in this Agreement; and

WHEREAS, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Adversary Proceeding, including the Claims, and any additional claims relating to the Additional Transfers;

WHEREAS, on November 7, 2024, the Parties entered into a settlement agreement (the "Original Settlement Agreement") in connection with the Adversary Proceeding and the Additional Transfers;

WHEREAS, on January 16, 2025, Judge James J. Tancredi issued his *Mediator's Report and Recommendation* recommending that the Court find that the economics and terms of the Original Settlement Agreement are fair, reasonable, and in the best interests of the Chapter 11 estate; and

WHEREAS, the parties now wish to amend and supersede the Original Settlement Agreement to clarify certain technical matters without altering the economic terms.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.** **The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of all the amounts claimed in the Adversary Proceeding and any liability of Defendants in connection with the Additional Transfers, and Defendants agrees to pay to the Trustee, the sum of $105,000.00 (the "Settlement Amount").

**2.** **Effectiveness of this Agreement.** This Agreement is subject to approval by the Court in the Bankruptcy Case. As soon as practicable, the Trustee will file under temporary seal in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements. This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case

2

of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.** **Time to Pay the Settlement Amount.** Within ten (10) business days of the Trustee's counsel giving notice by email to Defendants' counsel that the Order has become final, Defendants shall pay to the Trustee, in one lump sum payment, the Settlement Amount in immediately available funds.

**4.** **Failure to Timely Pay Settlement Amount**. If the Defendants fail to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then Defendants agree and authorize the Trustee, in his sole discretion, to terminate this Settlement Agreement effective immediately by written notice to Defendants. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to him, including without limitation: (i) pursuing the Adversary Proceeding against Defendants without limitation; (ii) pursuing litigation to recover the Additional Transfers; and (iii) enforcing this Agreement to the fullest extent of the law.

**5.** **Filing of Notice of Dismissal**. On or before the tenth (10th) business day after his receipt of the entire Settlement Amount from the Defendants ("Notice of Dismissal Date"), the Trustee will file a notice of dismissal of the Defendants from the Adversary Proceeding with prejudice (the "Dismissal"). Should the Trustee fail to file a notice of dismissal on or before the Notice of Dismissal Date, the Trustee agrees and authorizes the Defendants, in their sole discretion, to file such notice, and the Trustee agrees to consent to such Dismissal.

**6.** **Releases**. Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, release the Defendants with respect to (i) the Claims, demands, damages, actions, and causes of action set forth in the Adversary Proceeding, and (ii) any liability in connection with the Additional Transfers.  Defendants, by and for their agents and affiliates, or anyone acting on their behalf, release and forever discharge the Estate, the Trustee, and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, from any and all claims (including without limitation any claim arising under section 502(h) of the Bankruptcy Code), counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the facts and circumstances at issue in (i) the Adversary Proceeding and (ii) the Additional Transfers.

**7.** **No Effect on Defendants' Holdings of HCN and HDO**. This Agreement is without prejudice to Parties' rights in relation to any and all units of HCN and HDO of which Defendants are, or either of them is, the beneficial owner, whether in the Accounts or otherwise.

**8.** **Fees and Costs of Litigation**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in the Adversary Proceeding or in connection with the Additional Transfers; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other

3

relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**9.**    **No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**10.**    **Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**11.**    **Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement.

**12.**    **Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**13.**    **Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**14.**    **Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**15.**    **Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**16.**    **Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**17.**    **Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that would otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms. This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court

order or applicable law.

**18.** **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**19.** **Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**20.** **Notices**. All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

**If to the Trustee:**

Patrick R. Linsey
**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

**If to Defendants:**

Derek J. T. Adler
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
17th floor
New York, New York 10004
Telephone: (212) 837-6086
derek.adler@hugheshubbard.com

**21.     Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**22.     No Duress or Undue Influence**. Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**23.     No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this

6

Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**24.**    **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**25.**    **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK;**
**SIGNATURE PAGE(S) TO FOLLOW]**

**LUC A. DESPINS**, in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok


By: _/s/ Luc A. Despins_____
Name:    Luc A. Despins
Title:    Chapter 11 Trustee

**CAMERON SMEE**

**ROGER SMEE**

## EXHIBIT D

**(Versace Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 4th day of February, 2025, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee" or the "Plaintiff") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) VERSACE USA, INC. (the "Defendant," and together with the Trustee, the "Parties"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thus commencing case no. 22-50073 (the "Bankruptcy Case") and creating an estate (the "Estate") pursuant to section 541 of the Bankruptcy Code;

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Bankruptcy Case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Bankruptcy Case;

WHEREAS, on February 10, 2024, the Trustee commenced Adversary Proceeding No. 24-05034 (the "Adversary Proceeding") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* (the "Complaint") against the Defendant to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to §§ 549 and 550 of the Bankruptcy Code (collectively, the "Adversary Claims"), in an amount not less than $1,200,487.50;

WHEREAS, prior to the Petition Date, Lexington Property and Staffing, Inc. ("Lexington") made additional transfers to the Defendant in the aggregate amount of $1,131,492.65 and, after the Petition Date, the Defendant received an additional transfer of $320,747.33 that the Trustee believes is subject to avoidance pursuant to §§ 549 and 550 of the Bankruptcy Code (the "Additional Transfers");

WHEREAS, the Defendant asserted various legal theories in defense of the allegations in the Complaint, and to the Adversary Claims and the Additional Transfers; the Defendant vigorously denies any potential liability with respect to both (i) the allegations raised in the Adversary Proceeding, including the Adversary Claims, and (ii) the Additional Transfers;

WHEREAS, the transfers at issue in the Adversary Claims and the Additional Transfers related to a Sublease made as of June 22, 2021 by and between the Defendant and Lexington (the "Sublease") with respect to a premises located on and comprising of the entire twentieth floor in

the building known as 3 Columbus Circle (a/k/a 1775 Broadway), New York, New York (as more specifically described in the Sublease) (the "Premises");

WHEREAS, Lexington was previously in possession of but has vacated the Premises, and the Trustee has returned the Premises to the Defendant and makes no claim respecting the Premises;

WHEREAS, on May 2, 2024, the Court entered its *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order") and, on August 28, 2024, the Court entered its *Order Amending Procedures Order to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [ECF No. 3465] (the "Pre-Litigation/Pre-Appearance Mediation Order");

WHEREAS, after the filing of the Complaint, the Parties entered into substantive and extensive negotiations concerning the consensual resolution of the Adversary Proceeding, the Adversary Claims, and the Additional Transfers;

WHEREAS, the Trustee and the Defendant reached an agreement that resolves (i) the Adversary Proceeding and will result in its dismissal with prejudice, (ii) any liability in connection with the Adversary Claims or the Additional Transfers, and (iii) any liability among or between the Parties and the Estate involving the Sublease and the Premises, each subject to terms and conditions set forth more fully below in this Agreement; and

WHEREAS, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to finally settle and resolve the Adversary Proceeding, including the Adversary Claims, and any additional claims relating to the Additional Transfers, the Sublease, and the Premises.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties, intending to be legally bound, hereby acknowledge, the Parties agree as follows:

**1.** **The Settlement Amount.** The Defendant agrees to pay to the Trustee the sum of $650,000.00 (the "Settlement Amount") in accordance with section 4 of this Agreement.

**2.** **Representation and Warranty of the Defendant.** As a condition of the Trustee entering this Agreement, the Defendant represents and warrants to the Trustee that, except for (a) the Transfers specifically identified in Schedule A to the Trustee's Complaint and (b) the Additional Transfers, the Defendant has not received any transfers from the individuals or entities listed on Schedule 1 attached hereto (the "Transfers Representation").

**3.      Effectiveness of this Agreement.**  This Agreement is subject to submission to Consensual Pre-Litigation/Pre-Appearance Mediation (as defined in the Pre-Litigation/Pre-Appearance Mediation Order) and to approval by the Court in the Bankruptcy Case.  Within fourteen (14) days of full execution of this Settlement Agreement, the Parties will submit this Agreement and the Adversary Claims to Consensual Pre-Litigation and Pre-Appearance Mediation.  As soon as practicable following Judge Tancredi's issuance of any Pre-Litigation/Pre-Appearance Settlement Report, the Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement.  The Trustee will request that the 9019 Motion be filed under seal. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements.  This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**4.      Time to Pay the Settlement Amount.** Within five (5) business days of this Agreement becoming effective (fully executed and in accordance with paragraph 3 of this Agreement), the Defendant shall pay to the Trustee, in one lump sum payment, the Settlement Amount in good and immediately available funds.  The Trustee has provided the Defendant with payment instructions for payment of the Settlement Amount by wire, receipt of which the Defendant acknowledges.

**5.      Effect of Failure to Timely Pay Settlement Amount or Inaccurate Transfers Representation**. The Trustee may, in his sole discretion, terminate this Settlement Agreement by written notice to the Defendant if: (a) the Defendant fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 4 of this Agreement; or (b) the Trustee determines that the Transfers Representation set forth in Paragraph 2 of this Agreement was inaccurate to the extent of transfers totaling in excess of $10,000; *provided, however*, (x) the Defendant shall have three business days to cure any default in connection with section 5(a) prior to termination becoming effective; and (y) prior to exercising remedies in connection with section 5(b), the Trustee shall contact the Defendant and provide the Defendant reasonable opportunity (*i.e.*, five business days' notice) to confer with the Trustee via telephone to determine whether an agreement can be reached to resolve the inaccurate Transfers Representation, *provided further*, the Trustee's decision to enter such an agreement shall be in his sole and absolute discretion.  Upon the occurrence of any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to him, including without limitation: (i) pursuing the Adversary Proceeding against the Defendant or otherwise pursuing the Adversary Claims against the Defendant without limitation; (ii) pursuing litigation to avoid and recover the Additional Transfers without limitation; (iii) pursuing claims against the Defendant concerning transfers not disclosed pursuant to the Transfers Representation or any other claims against the Defendant without limitation; and/or (iv) enforcing this Agreement to the fullest extent permitted by law.

**6.      Filing of Notice of Dismissal**. On or before the tenth (10th) business day after its receipt of the entire Settlement Amount from the Defendant ("Notice of Dismissal Date"), the Trustee will file a notice of dismissal of the Adversary Proceeding with prejudice (the

"<u>Dismissal</u>"). Should the Trustee fail to file a notice of dismissal on or before the Notice of Dismissal Date, the Trustee agrees and authorizes the Defendant, in its sole discretion, to file such notice, and the Trustee agrees to consent to such Dismissal.

**7.    <u>Releases</u>**.

a.   The releases provided in paragraph 7(b) and (c): (i) are made in consideration of the agreements and undertakings provided in this Agreement and for other good and valuable consideration the sufficiency of which the Parties acknowledge; (ii) shall become effective as and to the extent set forth below and without the need for any further steps or actions by any Party; (iii) do not apply to the Parties' obligations under this Agreement and/or any claims for breach thereof; and (iv) the term "<u>Claims</u>" as used in this paragraph shall mean any and all past, present, or future actions, causes of action, suits, debts, dues, sums of money, attorneys' fees, contracts, licenses, leases, claims, injuries, torts, breaches of duty, estimates, invoices, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, representations, trespasses, tenancies, holdovers, damages, judgments, extents, executions, proofs of claim, and/or any other claims and demands whatsoever, in law, admiralty or equity.

b.   <u>Release by the Defendant</u>. Upon this Agreement becoming effective, the Defendant, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf (collectively, "<u>Defendant Releasor</u>"), does hereby release, remise, and forever discharge the Estate, the Trustee, and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such (collectively, "<u>Trustee Releasees</u>"), from and against any and all Claims that the Defendant Releasor has, or may have, regardless of whether such Claims are known or unknown, fixed or contingent, from the beginning of the world to the day of the date of this RELEASE against the Trustee Releasees, including, without limitation, any Claims relating to the Adversary Proceeding, the Adversary Claims, the Additional Transfers, the Sublease, the Premises, and/or any Claims in the Bankruptcy Case, including, without limitation, any Claims under section 502(h) of the Bankruptcy Code.

c.   <u>Release by the Trustee</u>. Upon the Trustee's receipt of the Settlement Amount in accordance with section 4 of this Agreement, and subject to the accuracy of the Transfers Representation, the Trustee, for himself and on behalf of the Estate (the "<u>Trustee Releasor</u>"), does hereby release, remise, and forever discharge the Defendant from and against any and all Claims that the Trustee Releasor has, or may have, regardless of whether such Claims are known or unknown, fixed or contingent, from the beginning of the world to the day of the date of this RELEASE against the Defendant, including, without limitation, any Claims relating to the Adversary Proceeding, the Adversary Claims, the Additional Transfers, the Sublease, the Premises, and/or any Claims in the Bankruptcy Case, including without limitation any Claims under Chapter 5 of the

Bankruptcy Code or comparable state statutes.

**8.** **Fees and Costs of Litigation**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (a) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in the Adversary Proceeding or in connection with the Additional Transfers, the Sublease, and/or the Premises; and (b) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**9.** **No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**10.** **Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**11.** **Understanding of Parties**. The Parties acknowledge: (a) they have carefully read and fully understand the terms of this Agreement; (b) that this Agreement shall be construed in all respects as jointly drafted, and shall not be construed in any way against any other Party hereto on the grounds that the Party was the drafter of this Agreement; and (c) they are fully satisfied with all of the terms of this Agreement.

**12.** **Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**13.** **Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**14.** **Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**15.** **Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

5

**16.** **Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**17.** **Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that would otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms.  This Agreement and its terms are confidential and may not be disclosed by either Party except the Parties may be disclose this Agreement or its terms:  (a) with the other Party's written consent, (b) as required by Court order or applicable law, (c) for disclosures to its Affiliates and each of its and its Affiliates' employees or representatives or agents who have a need to know such information and who have agreed to preserve the confidentiality of such information; or (d) as necessary in connection with a sale of Defendant's parent or in connection with an examination, audited financial statements, or inspection by any regulatory, supervisory, or similar body or authority having or claiming jurisdiction over Defendant.

**18.** **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**19.** **Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means, other than facsimile, shall be deemed original signatures for all purposes.

**20.** **Notices**. All notices or information to be provided under this Agreement shall be sent *via **electronic mail*** to the following:

|  |  |
|---|---|
| **If to the Trustee:** | Patrick R. Linsey<br>**NEUBERT, PEPE & MONTEITH, P.C.**<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>(203) 781-2847<br>plinsey@npmlaw.com |
|  | Nicholas A. Bassett<br>**PAUL HASTINGS LLP**<br>2050 M Street NW<br>Washington, D.C., 20036<br>(202) 551-1902<br>nicholasbassett@paulhastings.com |

6

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6690
douglassbarron@paulhastings.com

**If to the Defendant:**

Versace USA, Inc.,
11 W. 42nd Street, 23rd Floor
New York, New York  10036
Attn: Stacey Aaron, Esq. VP – Associate General
Counsel – Real Estate and Retail
(516) 318-2086
E-mail:stacey.aaron@capriholdings.com,
    realestatenotices@capriholdings.com (both
    required for notice)

-with a copy to-

Andrew W. Bank
Heath D. Rosenblat
**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York  10022
(212) 735-8600
abank@morrisoncohen.com
hrosenblat@morrisoncohen.com

**21.**      **Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**22.**      **No Duress or Undue Influence**. Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

7

**23.**     **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**24.**     **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**25.**     **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE(S) TO FOLLOW]**

8

**LUC A. DESPINS**, in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok

By:  */s/ Luc A. Despins*
Name:    Luc A. Despins
Title:    Chapter 11 Trustee

**VERSACE USA, INC.**

By:
Name:    Karis Durmer
Title:    President, Versace Americas

## SCHEDULE 1

7-STAR (H.K.) GROUP HOLDINGS LIMITED
AA GLOBAL VENTURES LIMITED
AAGV LIMITED
AARON MITCHELL
ACA CAPITAL GROUP LIMITED
ACA HONG KONG INVESTMENT HOLDINGS GROUP
LIMITED
ACA INVESTMENT MANAGEMENT LIMITED
ACE DECADE HOLDINGS LIMITED
ALEX HADJICHARALAMBOUS
ALFA GLOBAL VENTURES LIMITED
ALFONSO GLOBAL VENTURES LIMITED
ALPHA ACE VENTURES LIMITED
ALZARRO ENTERPRISES LTD.
AMPLEFORTH CAPITAL LTD
ANA C. IZQUIERDO-HENN
ANTHONY DIBATTISTA
ANTON DEVELOPMENT LIMITED
ARCELIO LIMITED
ASSETS SINO LIMITED
AUSPICIOUS COAST LIMITED
BEILE LI
BRAVO LUCK LIMITED
BSA CAPITAL MANAGEMENT LIMITED
BSA STRATEGIC FUND I
CANADIAN AGRICULTURAL MONETARY
INVESTMENTS LIMITED
CANADIAN AGRI-PRODUCT MONETARY
INVESTMENTS LIMITED

CELESTIAL TIDE LIMITED
CHEERTIME INTERNATIONAL LIMITED
CHINA GOLDEN SPRING GROUP (HONG KONG)
LIMITED
CHUNGUANG HAN
CITICO INTERNATIONAL LIMITED
CITILAND INTERNATIONAL LIMITED
CRANE ADVISORY GROUP LLC
DACHAO ZHONG
DAWN STATE LIMITED
DEFENG CAO
DING LING
EAGLE EYE INVESTMENTS LIMITED
EASTERN PROFIT CORPORATION LIMITED
EXCEL LAGOON LTD
FENBO JIANG
FIESTA INVESTMENT LTD.
FOUNDER INTERNATIONAL FINANCIAL GROUP
(HONG KONG)
FREEDOM MEDIA VENTURES LIMITED
G CLUB INTERNATIONAL LIMITED
G CLUB OPERATIONS LLC
G FASHION (CA)
G FASHION HOLD CO A LIMITED
G FASHION HOLD CO B LIMITED
G FASHION INTERNATIONAL LIMITED,
G MUSIC LLC
GAIN GENIUS LIMITED
G-CLUB OPERATIONS LLC

GENEVER HOLDINGS CORPORATION
GENEVER HOLDINGS LLC
GETTR USA, INC.
GF IP, LLC
GF ITALY, LLC
GFASHION MEDIA GROUP INC.
GFNY, INC.
GLADYS CHOW
GLORY ASIA (H.K.) LIMITED
GNEWS MEDIA GROUP INC.
GOLD PERFECT LIMITED
GOLDEN SPRING (NEW YORK) LTD
GREAT MILLION LIMITED
GREENWICH LAND LLC
GROUP DYNASTY LIMITED
GS SECURITY SOLUTIONS INC.
GTV MEDIA GROUP, INC.
GUANG HONG LIMITED
GUO WENGUI
GYPSY MEI FOOD SERVICES LLC
HAITHAM KHALED
HAMILTON CAPITAL HOLDING LIMITED
HAMILTON DIGITAL ASSETS FUND SP
HAMILTON INVESTMENT MANAGEMENT LIMITED
HAMILTON OPPORTUNITY FUND SPC
HAMILTON PE FUND SP
HAN CHUNGUANG
HAORAN HE
HCHK PROPERTY MANAGEMENT, INC.
HCHK TECHNOLOGIES, INC.
HEAD WIN GROUP LIMITED
HERO GRAND LIMITED
HGA PROPERTY MANAGEMENT LLC

HGA PROPERTY OPERATION LLC
HIMALAYA CURRENCY CLEARING PTY. LTD
HIMALAYA INTERNATIONAL CLEARING LIMITED
HIMALAYA INTERNATIONAL FINANCIAL GROUP
LIMITED
HIMALAYA INTERNATIONAL PAYMENTS LIMITED
HIMALAYA INTERNATIONAL RESERVES LIMITED
HING CHI NGOK
HK FRENCH AGRICULTURAL CREDIT
INTERNATIONAL HOLDINGS LIMITED
HK INTERNATIONAL FUNDS INVESTMENTS (USA)
LIMITED, LLC
HO WAN KWOK
HOLY CITY HONG KONG VENTURES LIMITED
HONG KONG INTERNATIONAL FUNDS INVESTMENTS
LIMITED
HONG KONG PANGU PLAZA COMMERCIAL
DEVELOPMENT LIMITED
HONG KONG-RUSSIAN AGRICULTURAL
INVESTMENTS HOLDINGS
HSIN SHIH YU
HUDSON DIAMOND HOLDING LLC
HUDSON DIAMOND HOLDINGS, INC.
HUDSON DIAMOND NY LLC
INFINITY TREASURY MANAGEMENT INC.
INSIGHT PHOENIX FUND
JADE CHERISH LIMITED
JESSICA MASTROGIOVANNI
JINTAO LI
JOINCORP INTERNATIONAL LIMITED
JOVIAL CENTURY INTERNATIONAL LIMITED
JOY CHANCE HOLDINGS LIMITED
JUMBO CENTURY LIMITED

K LEGACY LTD.
KARICH INTERNATIONAL LIMITED
KARIN MAISTRELLO
KESEN YANG
KEVIN MA
KINGDOM RICH LIMITED
LAMP CAPITAL LLC
LAWALL & MITCHELL, LLC
LEADING SHINE LIMITED
LEADING SHINE NY LTD.
LEXINGTON PROPERTY AND STAFFING, INC.
LICHUN GUO
LIHONG GUO
LIJIE GUO
LIMARIE REYES MOLINARIS
LONG CHEER LIMITED
LONG GATE LIMITED
MAJOR LEAD INTERNATIONAL LIMITED
MAX KRASNER
MEGA EASE INVESTMENTS LIMITED
MEI GUO
MILES GUO
MILES KWOK
MILESON GUO
NATASHA QU
NEW DYNAMIC DEVELOPMENT LTD.
NEW HENRY INVESTMENT LIMITED
NEW MIRACLE LIMITED
NEXT TYCOON INVESTMENTS LIMITED
NICHOLAS SAVIO
O.S.C. ORBIT II SERVICE COMPANY LLC
O.S.C. ORBIT SERVICE COMPANY LLC
PACIFIC KING (H.K.) LIMITED

PACIFIC KING INVESTMENT LIMITED
PEISHA SUN
PERFECT COMPANY LIMITED
PHOENIX CAPITAL MANAGEMENT (CAYMAN) LIMITED
QIANG GUO
QIDONG XIA
QIN LI
QU GUOJIAO
RICH GROUP DEVELOPMENT LIMITED
RISING SUN CAPITAL LTD.
RUI HAO
RULE OF LAW FOUNDATION III, INC.
RULE OF LAW SOCIETY IV, INC.
SAIL VICTORY LIMITED
SARACA MEDIA GROUP, INC.
SAVIO LAW LLC
SCOTT BARNETT
SEVEN MISSION GROUP LLC
SHINY ACE LIMITED
SHINY MIND LIMITED
SIN TING RONG
SINCO INVESTMENT LIMITED
SPIRIT CHARTER INVESTMENT LIMITED
STAR QUEEN LIMITED
STICHTING DUURZAME
STICHTING GEWELF
STRONG COUNTRY HOLDINGS GROUP LIMITED
TAURUS FUND LLC
TAURUS MANAGEMENT LLC
VICTOR CERDA
WEALTH PALM LIMITED
WENCUN GUO

3

WENPING GUO
WILLIAM JE
WISE CREATION INTERNATIONAL LIMITED
WORLD CENTURY LIMITED
XUEBING WANG
YAN CHUN LIU
YANPING ("YVETTE") WANG
YONGBING ZHANG
YU YONG
YUN ("SEAN") JING
ZHANG WEI
ZONGCHAO YUE

# **EXHIBIT E**

**(Bluberry Settlement Agreement)**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 30th day of October, 2024, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee" or the "Plaintiff") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) Blueberry Builders, LLC (the "Defendant," and together with the Trustee, the "Parties").  The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thus commencing case no. 22-50073 (the "Bankruptcy Case") and creating an estate (the "Estate") pursuant to section 541 of the Bankruptcy Code;

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Bankruptcy Case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Bankruptcy Case;

WHEREAS, on February 9, 2024, the Trustee commenced Adversary Proceeding No. 24-05007 (the "Adversary Proceeding") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549 and 550 and New York Debtor and Creditor Law Sections 273, 274, and 276* (the "Complaint") against the Defendant to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to §§ 544, 548, 549 and 550 of the Bankruptcy Code and §§ 273, 274, and 276 of the New York Debtor and Creditor Law (collectively, the "Claims"), in an amount not less than $498,972.50;

WHEREAS, GFNY, Inc., Lexington Property and Staffing, Inc., and HCHK Property Management, Inc. made additional transfers to the Defendant in the aggregate amount of $30,788.00, which transfers the Trustee asserts are also avoidable and/or recoverable pursuant to §§ 549 and 550 of the Bankruptcy Code (the "Additional Transfers");

WHEREAS, on May 2, 2024, the Court entered its *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order");

WHEREAS, the Defendant denies any potential liability with respect to (i) the allegations raised in the Adversary Proceeding, including the Claims, and (ii) the Additional Transfers;

WHEREAS, the Trustee and the Defendant reached a settlement that resolves (i) the Adversary Proceeding and will result in its dismissal with prejudice, and (ii) any liability in connection with the Additional Transfers, each subject to terms and conditions set forth in this Agreement; and

WHEREAS, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Adversary Proceeding, including the Claims, and any additional claims relating to the Additional Transfers.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.** **The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of all the amounts claimed in the Adversary Proceeding and any liability of the Defendant in connection with the Additional Transfers, and the Defendant agrees to pay to the Trustee, the sum of $134,000.00 (the "Settlement Amount").

**2.** **Effectiveness of this Agreement.** This Agreement is subject to approval by the Court in the Bankruptcy Case. Pursuant to paragraph 2.w. of the Procedures Order, as soon as practicable following full execution of this Settlement Agreement, the Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement. The Trustee will request that the 9019 Motion be filed under seal. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements. This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.** **Time to Pay the Settlement Amount.** Within five (5) business days of the Order becoming final, the Defendant shall commence payment to the Trustee as follows: An initial payment of fifty thousand dollars ($50,000.00) (the "Initial Payment"). Starting the first month after the month of the Initial Payment, the Defendant shall make payments of twelve thousand five hundred dollars ($12,500) every month for six months on or before the 15th day of the month. The seventh month after the month of the Initial Payment, the Defendant shall make a final payment of nine thousand dollars ($9,000.00) on or before the 15th day of the month.

**4.** **Failure to Timely Pay Settlement Amount.** If the Defendant fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then the Defendant agrees and authorizes the Trustee, in its sole discretion, to terminate this Settlement Agreement effective immediately by written notice to the Defendant. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to it, including without limitation: (i) pursuing the Adversary Proceeding against the Defendant without limitation; (ii) pursuing litigation to recover the Additional Transfers; and (iii) enforcing this Agreement to the

2

fullest extent of the law.

**5.**     **Filing of Notice of Dismissal**. During the payment schedule set forth in Paragraph 3 of this Agreement, provided that the Defendant is making timely payments under such schedule and has otherwise complied with this Agreement, the Parties shall take no action in the Adversary Proceeding.  On or before the tenth (10th) business day after its receipt of the entire Settlement Amount from the Defendant ("Notice of Dismissal Date"), the Trustee will file a notice of dismissal of the Adversary Proceeding with prejudice (the "Dismissal"). Should the Trustee fail to file a notice of dismissal on or before the Notice of Dismissal Date, the Trustee agrees and authorizes the Defendant, in its sole discretion, to file such notice, and the Trustee agrees to consent to such Dismissal.

**6.**     **Releases**. Upon the Trustee's receipt of the full Settlement Amount in compliance with the payment schedule set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, release the Defendant with respect to (i) the Claims, demands, damages, actions, and causes of action set forth in the Adversary Proceeding and (ii) any liability in connection with the Additional Transfers.  The Defendant, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Estate, the Trustee, and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the facts and circumstances at issue in the Adversary Proceeding and with respect to the Additional Transfers, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**7.**     **Fees and Costs of Litigation**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in the Adversary Proceeding or in connection with the Additional Transfers; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**8.**     **No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**9.**     **Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**10.**     **Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement.

**11.    Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**12.    Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**13.    Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**14.    Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**15.    Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**16.    Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that would otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms.  This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**17.    Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**18.    Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**19.    Notices**. All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

4

**If to the Trustee:**                    Patrick R. Linsey
                                          **NEUBERT, PEPE & MONTEITH, P.C.**
                                          195 Church Street, 13th Floor
                                          New Haven, Connecticut 06510
                                          (203) 781-2847
                                          plinsey@npmlaw.com

                                          Nicholas A. Bassett
                                          **PAUL HASTINGS LLP**
                                          2050 M Street NW
                                          Washington, D.C., 20036
                                          (202) 551-1902
                                          nicholasbassett@paulhastings.com

                                          Douglass Barron
                                          **PAUL HASTINGS LLP**
                                          200 Park Avenue
                                          New York, New York 10166
                                          (212) 318-6690
                                          douglassbarron@paulhastings.com

**If to Defendant:**                      Jason C. Manfrey
                                          Constantine D. Pourakis
                                          **STEVENS & LEE P.C.**
                                          485 Madison Avenue, 20th Floor
                                          New York, NY 10022
                                          (212) 319-8500
                                          jason.manfrey@stevenslee.com
                                          constantine.pourakis@stevenslee.com

**20.    Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**21.    No Duress or Undue Influence**. Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth

5

in this Agreement.

**22.** **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**23.** **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**24.** **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE(S) TO FOLLOW]**

6

**LUC A. DESPINS**, in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok

By: _____
Name:   Luc A. Despins
Title:    Chapter 11 Trustee


**BLUEBERRY BUILDERS, LLC**

By: _____
Name:   RUSSELL GOSS
Title:    OWNER

7

**<u>EXHIBIT F</u>**

**(Baker Hostetler Settlement Agreement)**

**EXECUTION VERSION**

# SETTLEMENT AGREEMENT

This Amended Settlement Agreement (the "Agreement"), is entered into as of this 30th day of January, 2025, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) BAKER & HOSTETLER LLP ("BakerHostetler," and together with the Trustee, the "Parties"). The Parties hereby agree as follows:

# RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thus commencing case no. 22-50073 (the "Bankruptcy Case") and creating an estate (the "Estate") pursuant to section 541 of the Bankruptcy Code;

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Bankruptcy Case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Bankruptcy Case;

WHEREAS, entities affiliated with the Debtor made transfers to BakerHostetler in an amount of $1,744,481.01, transfers that may be avoidable and/or recoverable pursuant to §§ 548, 549 and 550 of the Bankruptcy Code (the "Transfers");

WHEREAS, on June 22, 2022, BakerHostetler filed a proof of claim in the Debtor's chapter 11 case for $560,368.22 (the "Original Proof of Claim"), and on February 15, 2023, filed an amended version of that proof of claim, for the same dollar amount (the "Amended Proof of Claim" and, together with the Original Proof of Claim, the "Proofs of Claim")

WHEREAS, on May 2, 2024, the Court entered its *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (the "Procedures Order") and, on August 28, 2024, the Court entered its *Order Amending Procedures Order to Facilitate Consensual Pre-Litigation and Pre-Appearance Mediation* [ECF No. 3465] (the "Pre-Litigation/Pre-Appearance Mediation Order");

WHEREAS, BakerHostetler denies any potential liability with respect to the Transfers;

WHEREAS, on December 13, 2024, the Parties executed the *Stipulation and Order Between Chapter 11 Trustee and Baker & Hostetler LLP Tolling Applicable Statutes of Limitations with Respect to Potential Claims Against Baker & Hostetler LLP* (the "Tolling Agreement");

WHEREAS, the Trustee and BakerHostetler reached a settlement in connection with the Transfers, subject to terms and conditions set forth in this Agreement;

1

WHEREAS, in order to avoid the expense, burden and inconvenience of any potential litigation, the Parties desire and intend to effect a final settlement and resolution of any liability with respect to the Transfers;

WHEREAS, on December 26, 2024, the Parties entered into a settlement agreement (the "Original Settlement Agreement") in connection with the Transfers; and

WHEREAS, the parties now wish to amend and supersede the Original Settlement Agreement.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.** **The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of any liability with respect to the Transfers, and BakerHostetler agrees to pay to the Trustee, the sum of $872,000 (the "Settlement Amount").

**2.** **Reserved.**

**3.** **Effectiveness of this Agreement.** This Agreement is subject to submission to Consensual Pre-Litigation/Pre-Appearance Mediation (as defined in the Pre-Litigation/Pre-Appearance Mediation Order) and to approval by the Court in the Bankruptcy Case. Within fourteen (14) days of full execution of this Settlement Agreement, the Parties will submit this Agreement and the claims to Consensual Pre-Litigation and Pre-Appearance Mediation. As soon as practicable following Judge Tancredi's issuance of any Pre-Litigation/Pre-Appearance Settlement Report, the Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement. The Trustee will request that the 9019 Motion be filed under seal. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements. This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**4.** **Time to Pay the Settlement Amount.** Within ten (10) business days of the Order becoming final, BakerHostetler shall pay to the Trustee, in one lump sum payment, the Settlement Amount in immediately available funds.

**5.** **Failure to Timely Pay Settlement Amount**. If BakerHostetler fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 4 of this Agreement, then BakerHostetler agrees and authorizes the Trustee, in his sole discretion, to terminate this Settlement Agreement effective immediately by written notice to BakerHostetler. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to it, including without

2

limitation: (i) pursuing litigation against BakerHostetler without limitation; and/or (ii) enforcing this Agreement to the fullest extent permitted by law.

**6.      Withdrawal of Claims**.  BakerHostetler agrees to withdraw (and not to refile or otherwise reassert) all claims filed in the Debtor's chapter 11 case, including without limitation the Proofs of Claim.

**7.      Releases**. Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 4 of this Agreement, the Trustee and all of his successors and assigns, release BakerHostetler from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature the Trustee may have against BakerHostetler relating to the Transfers.  BakerHostetler, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Estate, the Trustee, and any of the Trustee's attorneys, accountants, advisors, representatives, or agents, in their respective capacities as such, from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the Transfers, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**8.      Tolling of Limitations Period.** The Parties agree to extend the Tolled Period, as defined in the Tolling Agreement, through and including the date that is twenty-one (21) days following either: (i) the date on which the Settlement Amount is due to be paid to the Trustee pursuant to Paragraph 4 of this Agreement, or (ii) the date on which the Court's order denying the 9019 Motion seeking approval of this Agreement becomes a final, non-appealable order.  The Tolling Agreement is hereby modified and amended for such purpose.  Notwithstanding anything in this Agreement to the contrary, the Parties' agreement to extend the Tolled Period is immediately effective and not subject to Paragraph 3 of this Agreement.

**9.      Fees and Costs**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in connection with the Transfers; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**10.      No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**11.      Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**12.      Understanding of Parties**. The Parties represent and warrant that they have read

3

and understand the terms of this Agreement.

**13.    Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**14.    Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**15.    Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**16.    Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**17.    Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**18.    Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that might otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms.  This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**19.    Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**20.    Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**21.    Notices**. All notices or information to be provided under this Agreement shall be

4

sent via electronic mail to the following:

|  |  |
|---|---|
| **If to the Trustee:** | Patrick R. Linsey<br>**NEUBERT, PEPE & MONTEITH, P.C.**<br>195 Church Street, 13th Floor<br>New Haven, Connecticut 06510<br>(203) 781-2847<br>plinsey@npmlaw.com |
| | Nicholas A. Bassett<br>**PAUL HASTINGS LLP**<br>2050 M Street NW<br>Washington, D.C., 20036<br>(202) 551-1902<br>nicholasbassett@paulhastings.com |
| | Douglass Barron<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6690<br>douglassbarron@paulhastings.com |
| **If to BakerHostetler:** | Andrew Layden<br>**Baker & Hostetler LLP**<br>200 South Orange Avenue<br>Suite 2300<br>Orlando, FL 32801-3432<br>Tel: 407.649.4070<br>alayden@bakerlaw.com |
| | John D. Parker<br>**Baker & Hostetler LLP**<br>Key Tower, 127 Public Square<br>Suite 2000<br>Cleveland, OH  44114<br>Tel: 216.861.7610<br>JParker@bakerlaw.com |

**22.** **Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**23.** **No Duress or Undue Influence**. Each of the Parties represents that it enters into

5

this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**24.**     **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**25.**     **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**26.**     **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE(S) TO FOLLOW]**

6

**LUC A. DESPINS**, in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok

By:      _/s/ Luc A. Despins_
Name:    Luc A. Despins
Title:     Chapter 11 Trustee

**BAKER & HOSTETLER LLP**

By:      _(signature)_
Name:    ANDREW LAYDEN
Title:     PARTNER

# <u>EXHIBIT G</u>

**(Warren Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 21st day of August, 2024, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); (b) CHRISTOPHER D. WARREN, P.C. ("Warren P.C."); and (c) CHRISTOPHER D. WARREN ("Mr. Warren," and together with Warren P.C., the "Warren Parties," and the Warren Parties together with the Trustee, the "Parties"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case");

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Debtor's chapter 11 case;

WHEREAS, between April 13, 2021 and August 3, 2021, Crane Advisory Group LLC ("Crane") made transfers to the Warren Parties in an amount of $129,950.00, transfers that may be avoidable and/or recoverable pursuant to § 548 of the Bankruptcy Code (the "Transfers");

WHEREAS, the Warren Parties deny any potential liability with respect to the Transfers;

WHEREAS, the Trustee and the Warren Parties reached a settlement in connection with the Transfers, subject to terms and conditions set forth in this Agreement; and

WHEREAS, in order to avoid the expense, burden and inconvenience of any potential litigation, the Parties desire and intend to effect a final settlement and resolution of any liability with respect to the Transfers.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.    The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of any liability with respect to the Transfers, and the Warren Parties agree to pay to the Trustee, the sum of $70,000.00 (the "Settlement Amount").

1

**2.**     **Effectiveness of this Agreement.**  This Agreement is subject to approval by the Court in the Bankruptcy Case.  Within thirty (30) days of full execution of this Settlement Agreement, the Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement.  The Parties will endeavor to file the 9019 Motion under seal, subject to approval by the Court.  The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements.  This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.**     **Time to Pay the Settlement Amount.**  Within the later of (i) five (5) business days of the Order becoming final, or (ii) thirty (30) days after the execution of this Agreement, the Warren Parties shall pay to the Trustee, in one lump sum payment, the Settlement Amount in immediately available funds.

**4.**     **Failure to Timely Pay Settlement Amount.**  If the Warren Parties fail to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then the Warren Parties agree and authorizes the Trustee, in his sole discretion, to terminate this Settlement Agreement effective immediately by written notice to the Warren Parties. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to it, including without limitation: (i) pursuing litigation against the Warren Parties without limitation; and (ii) enforcing this Agreement to the fullest extent of the law.

**5.**     **Releases.**  Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, release the Warren Parties, including but not limited to their respective heirs, members, shareholders, officers, employees, successors and/or assigns, whether now or in the future, with respect to any liability in connection with the Transfers from Crane, its principals, members, shareholders, officers, employees, heirs, successors and/or assigns.  The Warren Parties, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Trustee from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the facts and circumstances at issue in connection with the Transfers, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**6.**     **Fees and Costs.**  Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in connection with the Transfers; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**7.**     **No Admission of Parties**.  This Agreement does not constitute an admission by the

2

Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**8.** **Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**9.** **Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement.

**10.** **Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**11.** **Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**12.** **Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**13.** **Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**14.** **Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**15.** **Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that might otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms. This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**16.** **Governing Law**. This Agreement shall be governed by and construed in

accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**17.** **Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**18.** **Notices**. All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

**If to the Trustee:**

Patrick R. Linsey
**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

**If to the Warren Parties:**

Matthew J. Van Dusen
**CLAUSEN MILLER P.C.**
68 Southfield Avenue
2 Stamford Landing, Suite 100
Stamford, Connecticut 06902
(203) 921-0303
MVanDusen@clausen.com

Christopher D. Warren
**CHRISTOPHER D. WARREN, P.C.**
519 8th Ave, 25th Floor

4

New York, New York 10018
212-390-8060
cwarren@sh-law.com

**19.**    **Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**20.**    **No Duress or Undue Influence**. Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**21.**    **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**22.**    **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**23.**    **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE(S) TO FOLLOW]**

**LUC A. DESPINS**, in his capacity as chapter
11 trustee appointed in the chapter 11 case of
Ho Wan Kwok

By: _____

Name:    Luc A. Despins

Title:    Chapter 11 Trustee

**CHRISTOPHER D. WARREN, P.C. AND CHRISTOPHER D. WARREN**

By: _____

Name:    Christopher D. Warren

Title: _____

6

# **EXHIBIT H**

**(Cohn Birnbaum Settlement Agreement)**

EXECUTION VERSION

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 11th day of September, 2024, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) COHN BIRNBAUM & SHEA P.C. ("CB&S," and together with the Trustee, the "Parties"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case");

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Debtor's chapter 11 case;

WHEREAS, between March 25, 2022 and July 19, 2022, Golden Spring (New York) Ltd. ("Golden Spring") made transfers to CB&S in an amount of $106,610.00, transfers that may be avoidable and/or recoverable pursuant to §§ 549 and 550 of the Bankruptcy Code (the "Transfers");

WHEREAS, CB&S denies any potential liability with respect to the Transfers;

WHEREAS, the Trustee and CB&S reached a settlement in connection with the Transfers, subject to terms and conditions set forth in this Agreement; and

WHEREAS, in order to avoid the expense, burden and inconvenience of any potential litigation, the Parties desire and intend to effect a final settlement and resolution of any liability with respect to the Transfers.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.**     **The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of any liability with respect to the Transfers, and CB&S agrees to pay to the Trustee, the sum of $60,000.00 (the "Settlement Amount").

**2.**     **Effectiveness of this Agreement.** This Agreement is subject to approval by the

Court in the Bankruptcy Case. Pursuant to paragraph 2.v. of the Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings to Facilitate Consensual Pre-Litigation And Pre-Appearance Mediation, within thirty (30) days of full execution of this Settlement Agreement, the Trustee will file under seal in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements. This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), substantially in the form attached hereto as **Exhibit A**, which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.**    **Time to Pay the Settlement Amount**. Within five (5) business days of the Order becoming final, CB&S shall pay to the Trustee, in one lump sum payment, the Settlement Amount in immediately available funds. CB&S shall cause the Settlement Amount to be paid by initiating a wire transfer (or wire transfers) pursuant to wiring instructions to be provided by the Trustee.

**4.**    **Failure to Timely Pay Settlement Amount**. If CB&S fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then CB&S agrees and authorizes the Trustee, in his sole discretion, to terminate this Settlement Agreement effective immediately by written notice to CB&S. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to him, including without limitation: (i) pursuing litigation against CB&S without limitation; or (ii) enforcing this Agreement to the fullest extent of the law.

**5.**    **Releases**. Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, including any trustee or successor trustee under any chapter of the United States Bankruptcy Code, release CB&S with respect to any liability in connection with (i) legal services provided to Golden Spring by CB&S, and (ii) the Transfers. CB&S, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Trustee from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the facts and circumstances at issue in connection with the Transfers, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**6.**    **Fees and Costs**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in connection with the Transfers; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**7.**    **No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory, common law or contract

2

rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**8.**     **Good Faith of Parties.** The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**9.**     **Understanding of Parties.** The Parties represent and warrant that they have read and understand the terms of this Agreement.

**10.**     **Authority of Parties' Representatives.** The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**11.**     **Consent to Jurisdiction.** The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**12.**     **Entire Agreement.** This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**13.**     **Modifications to Agreement.** It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**14.**     **Waiver Concerning Agreement.** The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**15.**     **Settlement Discussions and Confidentiality.** This Agreement is part of a settlement of matters that might otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms. This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**16.**     **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Connecticut without regard to its conflict of laws procedures.

**17.** **Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**18.** **Notices**. All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

**If to the Trustee:**
Patrick R. Linsey
**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

**If to CB&S:**
Melvin A. Simon
**COHN BIRNBAUM & SHEA P.C.**
City Place II, 15th Floor
185 Asylum Street
Hartford, CT 06103
(860) 493-2200
MSimon@CBSheaLaw.com

**19.** **Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**20.** **No Duress or Undue Influence**. Each of the Parties represents that it enters into

4

this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

    **21.**    **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

    **22.**    **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

    **23.**    **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE(S) TO FOLLOW]**

**LUC A. DESPINS**, in his capacity as chapter
11 trustee appointed in the chapter 11 case of
Ho Wan Kwok

By: _____

Name:    Luc A. Despins

Title:    Chapter 11 Trustee

**COHN BIRNBAUM & SHEA P.C.**

By: _____

Name:    _Melvin R. Simon_

Title:    _Principal_

6

## EXHIBIT A

### Form of Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

--------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
HO WAN KWOK *et al.*,                       :   Case No. 22-50073 (JAM)
                                            :
            Debtors.[1]                     :   Jointly Administered
                                            :
--------------------------------------------------------x

**[PROPOSED] ORDER APPROVING, PURSUANT TO BANKRUPTCY RULE 9019,
MOTION OF CHAPTER 11 TRUSTEE REGARDING SETTLEMENT
WITH COHN BIRNBAUM & SHEA P.C.**

Upon the Motion,[2] of Luc A. Despins, in his capacity as the Chapter 11 Trustee (the

"Trustee") appointed in the above-captioned chapter 11 case (the "Chapter 11 Case") of Ho Wan

Kwok (the "Debtor"), for entry of an order, approving a settlement agreement between the

Trustee and the Cohn Birnbaum & Shea P.C. (the "CB&S" and, together with the Trustee, the

"Parties"), as more fully described in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and due and

sufficient notice having been given under the particular circumstances and it appears that no

other or further notice need be provided; and the relief requested being a reasonable exercise of

the Trustee's sound business judgment consistent with their duties and in the best interests of the

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

Trustee, the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED THAT:**

1.      The Motion is GRANTED.

2.      All objections to the Motion, if any, that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled.

3.      The settlement agreement, filed under seal at Docket No. ____ (the "Settlement Agreement"), is approved pursuant to Bankruptcy Rule 9019.

4.      The Trustee is authorized, pursuant to Bankruptcy Rule 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

5.      This Order shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h).

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreement.

# **<u>EXHIBIT I</u>**

**(Hodgson Russ Settlement Agreement)**

## AMENDED SETTLEMENT AGREEMENT

This Amended Settlement Agreement (the "Agreement"), is entered into as of this 21st day of November, 2024, by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) HODGSON RUSS LLP ("Hodgson Russ," and together with the Trustee, the "Parties"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case");

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Debtor's chapter 11 case;

WHEREAS, between January 30, 2018 and June 21, 2022, Golden Spring (New York) Ltd., Greenwich Land LLC, Gypsy Mei Food Services LLC, Hudson Diamond NY LLC, Lamp Capital LLC, Rule of Law Foundation III Inc., Rule of Law Society IV Inc., Saraca Media Group Inc., and ACA Capital Group Ltd. made transfers to Hodgson Russ in an amount of $2,220,767.63, transfers that may be avoidable and/or recoverable pursuant to §§ 548, 549 and 550 of the Bankruptcy Code (the "Transfers");

WHEREAS, Hodgson Russ denies any potential liability with respect to the Transfers;

WHEREAS, the Trustee and Hodgson Russ reached a settlement in connection with the Transfers, subject to terms and conditions set forth in this Agreement;

WHEREAS, in order to avoid the expense, burden and inconvenience of any potential litigation, the Parties desire and intend to effect a final settlement and resolution of any liability with respect to the Transfers;

WHEREAS, on September 17, 2024, the Parties entered into a settlement agreement (the "Original Settlement Agreement") in connection with the Transfers; and

WHEREAS, the parties now wish to amend and supersede the Original Settlement Agreement.

1

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.** **The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of any liability with respect to the Transfers, and Hodgson Russ agrees to pay to the Trustee, the sum of $250,000.00 (the "Settlement Amount").

**2.** **Effectiveness of this Agreement.** This Agreement is subject to approval by the Court in the Bankruptcy Case. The Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement. The Trustee will request that the 9019 Motion be filed under seal. The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements. This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.** **Time to Pay the Settlement Amount.** Within five (5) business days of the Order becoming final, Hodgson Russ shall pay to the Trustee, in one lump sum payment, the Settlement Amount in immediately available funds.

**4.** **Failure to Timely Pay Settlement Amount.** If Hodgson Russ fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then Hodgson Russ agrees and authorizes the Trustee, in his sole discretion, to terminate this Settlement Agreement effective immediately by written notice to Hodgson Russ. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to him, including without limitation: (i) pursuing litigation against Hodgson Russ without limitation; and (ii) enforcing this Agreement to the fullest extent of the law.

**5.** **Releases.** Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, release and forever discharge Hodgson Russ from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature the Trustee may have against Hodgson Russ, including without limitation in connection with the facts and circumstances at issue in connection with the Transfers. Hodgson Russ, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Trustee from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature, including without limitation related to the facts and circumstances at issue in connection with the Transfers, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**6.** **Fees and Costs.** Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending

2

all claims and defenses that were or could have been raised in connection with the Transfers; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**7.** **No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory, common law or contract rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

**8.** **Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**9.** **Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement.

**10.** **Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**11.** **Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**12.** **Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**13.** **Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**14.** **Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**15.** **Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that might otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of

evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms. This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**16.**    **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**17.**    **Counterparts.** This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**18.**    **Notices.** All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

**If to the Trustee:**

Patrick R. Linsey
**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

**If to Hodgson Russ:**

Kevin Kearney
**HODGSON RUSS LLP**
140 Pearl Street
Suite 100
Buffalo, NY  14202

4

(716) 848-1385
kkearney@hodgsonruss.com

**19.    Interpretation; Rules of Construction; Representation by Counsel.** The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**20.    No Duress or Undue Influence.** Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**21.    No Third Party Beneficiaries.** Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**22.    Severability.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**23.    Effect of Headings.** The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE(S) TO FOLLOW]**

5

**LUC A. DESPINS**, in his capacity as chapter 11 trustee appointed in the chapter 11 case of Ho Wan Kwok

By: _____

Name:    Luc A. Despins

Title:    Chapter 11 Trustee

**HODGSON RUSS LLP**

By: _____

Name: _____Kevin Kearney_____

Title: _____Partner_____

6

# **EXHIBIT J**

**(Tucker Levin Settlement Agreement)**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), is entered into as of this 15th day of August, 2024 (the "Effective Date"), by and between: (a) LUC A. DESPINS in his capacity as chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor" or "Kwok"); and (b) TUCKER LEVIN, PLLC ("Tucker Levin," and together with the Trustee, the "Parties").  The Parties hereby agree as follows:

## RECITALS

WHEREAS, on February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case");

WHEREAS, on June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Individual Debtor's chapter 11 case;

WHEREAS, pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Debtor's chapter 11 case;

WHEREAS, on or around July 27, 2017, ACA Capital Group Ltd. made a transfer to Tucker Levin in an amount of $500,000.00, a transfer that may be avoidable and/or recoverable pursuant to § 548 of the Bankruptcy Code (the "Transfer");

WHEREAS, Tucker Levin denies any potential liability with respect to the Transfer;

WHEREAS, the Trustee and Tucker Levin reached a settlement in connection with the Transfer, subject to terms and conditions set forth in this Agreement; and

WHEREAS, in order to avoid the expense, burden and inconvenience of any potential litigation, the Parties desire and intend to effect a final settlement and resolution of any liability with respect to the Transfer.

## TERMS OF AGREEMENT

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the adequacy and receipt of which the Parties hereby acknowledge, the Parties agree as follows:

**1.      The Settlement Amount.** The Trustee agrees to accept, in complete satisfaction of any liability with respect to the Transfer, and Tucker Levin agrees to pay to the Trustee, the sum of $20,000.00 (the "Settlement Amount").

**2.      Effectiveness of this Agreement.**  This Agreement is subject to approval by the

1

Court in the Bankruptcy Case.  Within thirty (30) days of full execution of this Settlement Agreement, the Trustee will file in the Bankruptcy Case a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking the Court's approval of this Agreement.  The Parties will endeavor to file the 9019 Motion under seal, subject to approval by the Court.  The 9019 Motion may be filed by the Trustee as part of an omnibus motion seeking approval of additional settlement agreements.  This Agreement shall be effective upon (a) entry by the Court in the Bankruptcy Case of an order ("Order"), which order the Parties agree not to appeal or challenge, which among other things, approves all of the provisions of this Agreement, and (b) such Order becoming final and no longer subject to appeal.

**3.** **Time to Pay the Settlement Amount.** Within five (5) business days of the Order becoming final, Tucker Levin shall pay to the Trustee, in one lump sum payment, the Settlement Amount in immediately available funds.

**4.** **Failure to Timely Pay Settlement Amount**. If Tucker Levin fails to pay the Settlement Amount to the Trustee pursuant to Paragraph 3 of this Agreement, then Tucker Levin agrees and authorizes the Trustee, in its sole discretion, to terminate this Settlement Agreement effective immediately by written notice to Tucker Levin. Upon any termination of this Settlement Agreement, the Trustee may elect and pursue any remedy available to it, including without limitation: (i) pursuing litigation against Tucker Levin without limitation; and (ii) enforcing this Agreement to the fullest extent of the law.

**5.** **Releases**. Upon the Trustee's receipt of the full Settlement Amount on or before the payment deadline set forth in Paragraph 3 of this Agreement, the Trustee and all of his successors and assigns, release Tucker Levin with respect to any liability in connection with the Transfer.  Tucker Levin, by and for its parents, affiliates, and subsidiaries or anyone acting on its behalf, releases and forever discharges the Trustee from any and all claims, counterclaims, defenses, demands, damages, actions, causes of action or suits of any kind or nature related to the facts and circumstances at issue in connection with the Transfer, including without limitation any claim arising under section 502(h) of the Bankruptcy Code.

**6.** **Fees and Costs**. Each Party will bear its own attorneys' fees, costs, and expenses, including those incurred in connection with: (i) investigating, litigating, prosecuting, or defending all claims and defenses that were or could have been raised in connection with the Transfer; and (ii) the negotiation and execution of this Agreement. However, in the event of a breach of this Agreement, the prevailing Party or Parties in an action to enforce this Agreement shall be entitled to recover, in addition to any other relief awarded, reasonable and necessary costs and attorneys' fees incurred in the successful prosecution or defense of that action.

**7.** **No Admission of Parties**. This Agreement does not constitute an admission by the Parties of any wrongful action or violation of any federal or state statutory or common law rights, or any other possible or claimed violation of law or rights. The Parties have entered into this Agreement solely for the purpose of compromise and amicable settlement, and the settlement should not be construed as an admission of liability by anyone.

2

**8.    Good Faith of Parties**. The Parties expressly represent and warrant that this Agreement is given in good faith and acknowledge that execution of this Agreement is not the product or result of any duress, economic or otherwise.

**9.    Understanding of Parties**. The Parties represent and warrant that they have read and understand the terms of this Agreement.

**10.    Authority of Parties' Representatives**. The Parties represent and warrant that each individual signing the Agreement on behalf of such Party is fully authorized to sign on behalf of said Party and to release the claims set forth above. Each individual signing on behalf of a Party or Parties has the power and authority to enter into this Agreement on behalf of the Party or Parties on whose behalf he or she has signed.

**11.    Consent to Jurisdiction**. The Parties hereby irrevocably consent to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waive any right to commence any such action in any other forum.

**12.    Entire Agreement**. This Agreement reflects the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement.

**13.    Modifications to Agreement**. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by a writing executed by all Parties.

**14.    Waiver Concerning Agreement**. The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the provisions of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such provision or option, but the same shall continue and remain in full force and effect.

**15.    Settlement Discussions and Confidentiality**. This Agreement is part of a settlement of matters that might otherwise be the subject of litigation among the Parties. Pursuant to Rule 408 of the Federal Rules of Evidence, mediation privilege, any applicable state rules of evidence, and any other applicable law, foreign or domestic, this Agreement and all negotiations relating to this Agreement shall not be admissible into evidence in any proceeding other than a proceeding to enforce its terms. This Agreement and its terms are confidential and may not be disclosed by either Party (i) without the other Party's written consent, or (ii) as required by Court order or applicable law.

**16.    Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws procedures.

**17.    Counterparts**. This Agreement may be executed in a number of identical counterparts, and each of such counterparts is to be deemed an original for all purposes, but all

counterparts shall collectively constitute one agreement. Signatures by electronic means shall be deemed original signatures for all purposes.

**18.**    **Notices**. All notices or information to be provided under this Agreement shall be sent via electronic mail to the following:

**If to the Trustee:**

Patrick R. Linsey
**NEUBERT, PEPE & MONTEITH, P.C.**
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

Nicholas A. Bassett
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

Douglass Barron
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
(212) 318-6079
douglassbarron@paulhastings.com

**If to Tucker Levin:**

Duncan Levin
**TUCKER LEVIN, PLLC**
The Temple Bar Building
44 Court Street, Suite 905
Brooklyn, New York 11201
(212) 330-7626
dlevin@levinpllc.com

**19.**    **Interpretation; Rules of Construction; Representation by Counsel**. The Parties agree that they have been represented by legal counsel during the negotiation and execution of this Agreement and, therefore, waive the application of any law, regulation, holding, or rule of construction providing that ambiguities in an agreement or other document shall be construed against the party drafting such agreement or document.

**20.**    **No Duress or Undue Influence**. Each of the Parties represents that it enters into this Agreement without any duress or undue influence or pressure imposed upon them by any other of the Parties or any other person and that each of the Parties enters into this Agreement as its own

4

free act and deed after having had the opportunity to consult with legal counsel and any other persons with whom it might choose to consult. Each of the Parties further represents that it has done its own due diligence as a basis for deciding to enter into this Agreement, and it is not relying on statements, inducements, actions, or omissions of any other Party, except as expressly set forth in this Agreement.

**21.** **No Third Party Beneficiaries**. Unless expressly stated in this Agreement, this Agreement shall be solely for the benefit of the Parties and no other person or entity shall be a third-party beneficiary.

**22.** **Severability**. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

**23.** **Effect of Headings**. The headings of the paragraphs of this Agreement are inserted for convenience of reference only and shall not control or affect the meaning, intention, construction or effect of this Agreement or any such paragraph.

**[REMAINDER OF PAGE IS INTENTIONALLY LEFT BLANK; SIGNATURE PAGE(S) TO FOLLOW]**

**LUC A. DESPINS**, in his capacity as chapter
11 trustee appointed in the chapter 11 case of
Ho Wan Kwok

By: _Luc Despins, as Chapter 11 Trustee_
Name:    Luc A. Despins
Title:     Chapter 11 Trustee



**TUCKER LEVIN, PLLC**

By: _____
Name:    Duncan Levin, Esq.
Title:     Managing Partner

6