**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------x
:
In re:                              :    Chapter 11
                                    :
HO WAN KWOK, *et al.*,[1]           :    Case No. 22-50073 (JAM)
                                    :
    Debtors.                     :    Jointly Administered
                                    :
------------------------------------x    RE: ECF No. 2241, 5055

**ORDER GRANTING SUPPLEMENTAL APPLICATION OF CHAPTER 11 TRUSTEE, GENEVER HOLDINGS LLC, AND GENEVER HOLDINGS CORPORATION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 327 AND 330, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1, EXPANDING RETENTION AND EMPLOYMENT OF KROLL, LLC TO ALSO PROVIDE CLAIMS RECONCILIATION SERVICES VIA KROLL RESTRUCTURING ADMINISTRATION LLC**

Upon the application (the "Application")[2] of Chapter 11 Trustee Luc A. Despins (the "Trustee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Ho Wan Kwok (the "Individual Debtor"), Genever Holdings LLC ("Genever (US)"), and Genever Holdings Corporation ("Genever (BVI)" and, together with Genever (US) and the Individual Debtor, the "Debtors" and Genever (US) and Genever (BVI) together with the Trustee, the "Applicants") for authority to expand the retention and employment of Kroll, LLC ("Kroll LLC") to also provide claims reconciliation services to the Applicants with respect to the Chapter 11 Cases via Kroll Restructuring Administration LLC ("KRA" and, together with Kroll LLC, "Kroll"), effective as

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Application or the Steele Declaration (as defined below).

of January 12, 2026, pursuant to sections 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the District of Connecticut (the "Local Bankruptcy Rules"), all as more fully set forth in the Application; and upon consideration of the Application, the Declaration of Benjamin J. Steele (the "Steele Declaration"); and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the District of Connecticut; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtors' estates, their creditors, and all parties-in-interest, (ii) the legal and factual bases set forth in the Application, the Steele Declaration and the record of the hearing on the Application before this Court on March 3, 2026 establish just cause for the relief granted herein and no objections were made, (iii) Kroll is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and (iv) Kroll does not hold or represent an interest adverse to the Debtors' estates; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

    1.       The Application is granted as set forth herein.

2. The Applicants are authorized to expand the retention and employment of Kroll LLC to also provide claims reconciliation services to the Applicants via KRA as of January 12, 2026 on the terms set forth in the Application, the Supplemental Engagement Letter, and the Steele Declaration, and Kroll is authorized to act in such capacity.

3. Kroll is authorized to provide claims reconciliation services to the Applicants and to perform those services described in the Application.

4. The Debtors' estates shall be responsible for Kroll's compensation and reimbursement of expenses as well as for the payment of any indemnification obligations as set forth in the Supplemental Engagement Letter and the Rate Structure, as modified pursuant to this Order, to the extent approved by the Court.

5. The allowance of any compensation to be paid to Kroll shall be determined in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1, provided that Kroll shall charge expenses consistent with the Rate Structure attached to the Supplemental Engagement Letter.

6. Kroll and the Applicants shall meet and confer in an attempt to resolve any dispute which may arise relating to the applicable terms of the Supplemental Engagement Letter or any fees and expenses billed in connection therewith; *provided* that Kroll and the Applicants may seek resolution of the matter from the Court if resolution is not achieved.

7. Kroll shall be entitled to indemnification to the extent required under the terms of the Supplemental Engagement Letter, as modified pursuant to this Order, provided however, that any request for indemnification by Kroll shall be subject to review by the Court as set forth herein to ensure that payment of such indemnity conforms to the terms of the Supplemental Engagement Letter, as modified pursuant to this Order, and is reasonable under the

circumstances of the litigation or settlement in respect of which indemnity is sought, provided further, that in no event shall Kroll be indemnified in the case of their own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or violation of the non-disclosure agreement

8.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Kroll believes that they are entitled to the payment of any amounts by the Applicants on account of the their indemnification obligations under the Supplemental Engagement Letter, as modified pursuant to this Order, Kroll must file an application therefor in the Court, and the Applicants may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. With respect to any amounts sought by Kroll as reimbursement for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Supplemental Engagement Letter, as modified by this Order, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's application to the Court and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the obligation to indemnify Kroll.  All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution, or reimbursement.

9. Kroll shall not be entitled to reimbursement by the Applicants for any fees, disbursements and other charges of Kroll's counsel other than those incurred in connection with a request of Kroll for payment of indemnity approved by the Court.

10. Kroll shall provide no less than ten business days' notice to the Applicants, the Debtors, the United States Trustee, and counsel to any official committee before any increases in the rates it charges are implemented and shall file such notice with the Court.

11. The Applicants and Kroll are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

12. The requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

13. To the extent the Application, the Supplemental Engagement Letter, and the Steele Declaration are inconsistent with this Order, the terms of this Order shall govern.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 4th day of March, 2026.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut