**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------------ x
                                  :
In re:                                  :    Chapter 11
                                    :
HO WAN KWOK, *et al.*,[1]            :    Case No. 22-50073 (JAM)
                                    :
          Debtors.            :    (Jointly Administered)
                                    :
                                    :
------------------------------------------------------------------ x

**CHAPTER 11 TRUSTEE'S**
**MOTION FOR ENTRY OF ORDER AMENDING: (I) ORDER: (A) GRANTING IN
PART CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER AMENDING
AVOIDANCE AND MEDIATION PROCEDURES; AND (B) ENTERING AVOIDANCE
ACTIONS PRETRIAL ORDER [MAIN CASE ECF NO. 4828]; AND (II) ORDER: (A)
GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER FOR ENTRY OF
PRETRIAL ORDER; AND (B) ENTERING OMNIBUS ALTER EGO ACTIONS
<u>PRETRIAL ORDER [ADV. 24-5249 ECF NO. 197; ADV. 24-5322 ECF NO. 84]</u>**

Luc A. Despins, in his capacity as the chapter 11 trustee (the "<u>Trustee</u>") appointed in the

chapter 11 case of Ho Wan Kwok (the "<u>Debtor</u>"), by and through his undersigned counsel,

pursuant to Rules 26 *et seq.* of the Federal Rules of Civil Procedure (the "<u>Civil Rules</u>"), made

applicable to the matters addressed herein by the corresponding Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), hereby respectfully moves (this "<u>Motion</u>") for entry of the

proposed order filed herewith as **<u>Exhibit 1</u>** (the "<u>Proposed Order</u>") amending the Court's (I) Order:

(A) Granting in Part Chapter 11 Trustee's Motion for Entry of Order Amending Avoidance and

Mediation Procedures; and (B) Entering Avoidance Actions Pretrial Order [Main Case ECF No.

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

4828] (the "Avoidance Pretrial Order"); and (II) Order: (A) Granting Chapter 11 Trustee's Motion for Order for Entry of Pretrial Order; and (B) Entering Omnibus Alter Ego Actions Pretrial Order [Adv. 24 5249 ECF No. 197; Adv. 24-5322 ECF No. 84] (the "Alter Ego Pretrial Order" and, together with the Avoidance Pretrial Order, collectively, the "Pretrial Orders").

## PRELIMINARY STATEMENT

1.      As previewed at the status conference on March 3, 2026, the Trustee believes it is necessary in the interests of judicial efficiency and for the conservation of estate resources to propose modifications to the Pretrial Orders to sequence litigating the Alter Ego Claims and Avoidance Claims in a logical and efficient manner.[2]  Specifically, as discussed herein, the Trustee believes the Alter Ego Claims should be litigated and decided first, given that every Avoidance Claim necessarily depends on the Trustee first prevailing on his claim that the entity through which the transfer sought to be avoided was made was the Debtor's alter ego.  If the Trustee does not prevail on a particular Alter Ego Claim, then his Avoidance Claims relating to that alter ego will be moot and need not be litigated.

2.      Moreover, it has proven practically and logistically impossible to litigate both the Alter Ego Claims and the Avoidance Claims simultaneously given the sheer volume of parties and issues involved.  The Trustee and his team have already spent hundreds of hours creating and populating the electronic Depository, which contains more than 715,000 documents amounting to nearly one terabyte of ESI, preparing and issuing more than 561 Written Discovery Requests, and working on responses and objections to more than 2,067 interrogatories and 1,660 requests for admission—with much more work remaining to be done.  Significantly, the majority of Written Discovery Requests relate to specific Avoidance Claims, as opposed to Alter Ego Claims.

---

[2]    Capitalized terms used in this Preliminary Statement adopt the definitions ascribed to them herein.

Logically such avoidance discovery need not be completed until after the Alter Ego Claims are first decided by the Court. The same goes for depositions: the Avoidance Claims will likely involve hundreds of depositions, which need not be done now and cannot practically be completed within the current schedule in any event.

3.    Bifurcating the schedule to sequence the litigation of the Avoidance Claims after the Alter Ego Claims will also allow the Trustee and his team to work on resolving such claims without the need for discovery or trial. Since the entry of the Pretrial Orders, the Trustee has settled dozens of Avoidance Claims and has obtained default orders and default judgments as to many others. The Trustee expects this progress to continue while litigation of the Alter Ego Claims moves forward.

4.    Accordingly, by this Motion, the Trustee requests modification of the Pretrial Orders to adjourn all pending discovery and related litigation on the Avoidance Claims until after the Alter Ego Claims are litigated, with the exception of the Avoidance Defendants' deadline to complete document productions to the Trustee. The Trustee believes this deadline should remain in place given that the Trustee has already produced all of his non-privileged documents into the Depository and given that many of the Trustee's document requests to the Avoidance Defendants seek documents relevant to the Alter Ego Claims.

5.    The Trustee also requests modest adjournments (*i.e.*, on the order of two to four weeks) of all parties' deadlines for (i) responses and objections to discovery requests related to the Alter Ego Claims and (ii) the commencement and conclusion of depositions related to those same claims. These adjournments are necessary given the sheer volume of discovery responses that presently need to be completed in relation to the Alter Ego Claims. The Trustee asks that these adjournments be without prejudice to further potential adjournments, as the Trustee anticipates

that potential discovery disputes and deposition scheduling issues could eventually necessitate further adjustments to the schedule.

6.      Finally, the Trustee requests that the Court set July 20, 2026 (or such other date as may be convenient for the Court) for a pretrial conference to address pretrial deadlines and trial logistics in advance of scheduling trials on the Alter Ego Claims.  Under the current schedule, discovery is set to conclude only two weeks before the commencement of trial; however, after the completion of discovery, significant work will need to be done to prepare for trial, including the submission of what will surely be voluminous exhibit lists and exhibits, the sequencing of witnesses and evidence (including with respect to the order in which the various Alter Ego Claims should be tried), potential motions *in limine*, and other issues.  The Trustee believes these issues will need to be addressed before trials can begin on the Alter Ego Claims.

## BACKGROUND

7.      As the Court is aware, since February 1, 2024, the Trustee has commenced nearly 400 adversary proceedings in which the Trustee has asserted claims to avoid and recover transfers pursuant to sections 544(b) (and applicable state law), 548, 549, and 550 of the Bankruptcy Code (the "Avoidance Actions").  All of these claims are based on transfers made via entities (the "Alter Egos") the trustee has asserted were either the Debtor's alter egos and/or as to which the Trustee has asserted that the Debtor beneficially and/or equitably owned such entities and their property (collectively, the "Alter Ego Claims").

8.      Starting in 2023, the Trustee has commenced a series of adversary proceedings seeking declaratory relief on the Trustee's Alter Ego Claims, and the Court has already entered judgment in favor of the Trustee on many such claims.  Others of the Trustee's Alter Ego Claims remain pending in *Despins v. ACA Capital Group Ltd., et al.* [Adv. Proc. No. 24-5249] (the "First

Omnibus Alter Ego Action") and *Despins v. AA Global Ventures Ltd., et al.* [Adv. Proc. No. 24-5322] (the "Second Omnibus Alter Ego Action" and, together with the First Omnibus Alter Ego Action, collectively, the "Omnibus Alter Ego Actions" and, together with the Avoidance Actions, collectively, the "Pending Litigation").

9.     On November 6, 2025 (as to the Avoidance Actions) and on December 10, 2025 (as to the Omnibus Alter Ego Actions), the Court entered the Pretrial Orders establishing a common discovery schedule for the Pending Litigation (the "Discovery Schedule").

10.     Since November 6, 2025, the Trustee has expended considerable efforts advancing the Pending Litigation with meaningful results for the benefit of the Debtor's bankruptcy estate (the "Estate").  Among other things, this has included:

    a.  **Settlements.**  The Trustee has negotiated and otherwise advanced dozens of settlements of the Trustee's claims in Avoidance Actions ("Avoidance Claims"). *See, e.g., Third Omnibus Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlements with Certain Entities* [Main Case ECF No. 4858] (addressing ten settlements); *Fourth Omnibus Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlements with Certain Entities* [Main Case ECF No. 4934] (addressing four settlements); *Fifth Omnibus Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlements with Certain Entities* [Main Case ECF No. 4948] (addressing three settlements).  Tomorrow, the Trustee expects to file his sixth omnibus Motion pursuant to Bankruptcy Rule 9019 requesting Court approval of at least a dozen further settlements.  Multiple additional settlements are agreed to in principle, and the Trustee continues to negotiate and mediate with defendants in

the Avoidance Actions ("Avoidance Defendants") on a daily basis.[3]  Since the new

year, the Trustee has typically settled (subject to Court approval) multiple

Avoidance Claims per week, and the Trustee expects this progress to continue.

b. **Default Proceedings.**  The Trustee has filed numerous requests for entry of default

and motions for default judgment, and the Trustee continues to regularly file such

requests and motions.  On multiple occasions, the Trustee has opposed requests by

Avoidance Defendants to set aside or vacate orders of default or default judgments.

This litigation likewise continues.  *See, e.g.*, *Despins v. Bairesdev* [Adv. 25-5004

ECF No. 27]; *Despins v. International Treasure Group* [Adv. 24-5119 ECF No.

46]; *Despins v. Sage IT, Inc.* [Adv. 25-5039 ECF No. 23]; *Despins v. D.P. Textile

& Apparel, Inc.* [Adv. 24-5157 ECF No. 30].  As a result of the Trustee's efforts to

date, the Trustee has narrowed the field of litigating Avoidance Defendants to

approximately 156 defendants in 142 Avoidance Actions.  The Trustee expects this

number to decrease further as settlements continue to accrue.

c. **Online Discovery Depository.**   The Trustee has created and populated an

electronic depository containing non-privileged documents obtained by the Trustee

through his prior investigations and litigations (the "Depository").  This required

the Trustee's counsel, working with the Trustee's electronic discovery vendor, to

review many thousands of documents to, among other things, ensure that the

Depository includes responsive materials and to screen documents uploaded to the

Depository for privilege.  Since it came online on January 2, 2026, 94 parties have

---

[3]   As part of this process, the Trustee has participated in numerous mediation sessions facilitated by U.S. Bankruptcy Judges Tancredi and Trust (the "Mediators").  The Trustee continues to participate in mediation sessions scheduled by the Mediators.

obtained access to the Depository.   Upon the request of multiple Avoidance Defendants, the Trustee has also provided the contents of the Depository to multiple defense counsel via hard drives and electronic data transfers so that Avoidance Defendants could populate the contents of the Depository to their own electronic discovery platforms.   The Trustee regularly continues to field and respond to questions and requests from Avoidance Defendants and defendants in the Omnibus Alter Ego Actions ("Alter Ego Defendants" and, together with Avoidance Defendants, collectively, the "Defendants") concerning the Depository.

d. **Retention of Pullman and Comley LLC** ("Pullman").  The Trustee requested and the Court approved the Trustee's retention of Pullman as special counsel to the Trustee to assist (working cooperatively with the Trustee's counsel at Paul Hastings LLP ("Paul Hastings") and Neubert, Pepe & Monteith, P.C. ("NPM")) the Trustee in the Pending Litigation [Main Case ECF No. 5028].

e. **Preparation and Service of Trustee's Written Discovery Requests.**  In January and February, the Trustee prepared and served his first sets of requests for production ("RFPs"), interrogatories, and requests for admission ("RFAs") (collectively, "Written Discovery") on 165 Avoidance Defendants[4] and 25 Alter Ego Defendants.  This required Trustee's counsel to analyze the Trustee's claims, Defendants' asserted defenses, initial disclosures, and other matters at issue in the Litigation.  Between Paul Hastings, NPM, and Pullman, at least 14 attorneys were substantially involved in the preparation of the Trustee's Written Discovery

---

[4] The Trustee has since settled with certain of these Avoidance Defendants and counsel for certain others has withdrawn such that they are subject to default.  Accordingly, as discussed above, the Trustee understands that, at present, approximately 156 Avoidance Defendants are currently defending the Trustee's Avoidance Claims.

Requests. Since serving his Written Discovery Requests, the Trustee has also engaged with the Defendants' counsel regarding the Defendants' document retention and electronically stored information ("ESI") matters. To date, many Defendants have failed to respond to the Trustee's requests for information concerning these matters, suggesting that the Trustee will be required to schedule multiple discovery conferences to ensure that the Defendants' responses (and, in particular, the Defendants' searches and production of ESI) comply with the Defendants' obligations under the Federal Rules of Civil Procedure.

f. **Analysis and Preparation of Responses to Defendants' Written Discovery Requests.** At least 150 Defendants have served the Trustee with 171 sets of interrogatories and 152 sets of RFAs, totaling at least 2,067 interrogatories and 1,660 RFAs. Trustee's counsel are currently preparing responses and objections ("R&Os") to the Defendants' Written Discovery Requests.

g. **Deposition Planning.** The Trustee has begun planning for depositions of witnesses with information relevant to the Trustee's claims and Defendants' asserted defenses in the Pending Litigation. This has required, among other things, review and analysis of the Defendants' answers (including asserted defenses) and initial disclosures. At present, it appears that well over 100 depositions will likely be necessary prior to trials of the Pending Litigation.[5]

11.  Notwithstanding this substantial progress in the Pending Litigation, much work

---

[5]  *E.g.*, most Avoidance Defendants have asserted defenses based on their contentions that they provided value in good faith. Accordingly, the Trustee believes that it will likely be necessary for the Trustee to depose at least one witness for each Avoidance Defendant pursuant to Civil Rule 30(b)(6). Moreover, the Alter Ego Claims are fact-intensive, and many such claims will require the Trustee to depose multiple witnesses. The number of depositions required will increase further if the Court permits Avoidance Defendants to re-litigate Alter Ego Claims on which the Court has already entered judgment.

remains to be done.  Responding to the pending Written Discovery Requests will require Trustee's counsel to expend hundreds of hours of attorney time.  Preparing for and conducting depositions will require hundreds more hours.  This is over and above the time invested in negotiating and obtaining approval of settlements and obtaining default judgments.

**REQUESTED RELIEF**

12.     The Court should enter the Proposed Order appended hereto modifying the Pretrial Orders as follows:

13.     As for **Section V (Discovery Schedule)**, the Court should

    a.  Modify **subsection (B)(1)(B)** to extend the deadline for Defendants to serve R&Os to the Trustee's RFPs from March 11, 2026, through and including April 10, 2026.[6]

    b.  Modify **subsection (B)(2)(c)** to extend the deadline for service of R&Os to Interrogatories as follows:

        i.  As to interrogatories served by the Trustee on Alter Ego Defendants, served by Alter Ego Defendants on the Trustee, or served jointly by Avoidance Defendants on the Trustee concerning specific alter egos, the deadline shall be extended to April 10, 2026; and

        ii.  As to all other interrogatories (*i.e.*, interrogatories that individual Avoidance Defendants served on the Trustee and interrogatories that the Trustee served on Avoidance Defendants), the deadline shall be suspended pending further order of the Court.

---

[6]     Pursuant to the Court's *Order Regarding Motion to Extend Certain Discovery Deadlines* [Main Case ECF No. 5018], the Trustee reached agreements with most Defendants to extend the parties' time to serve Written Discovery Requests to February 24, 2026, and to extend the parties' time to serve R&Os to such Written Discovery Requests to March 26, 2026. *See id.* at p. 2 (directing parties to either file stipulations or rely on agreements reached with Trustee without additional pleading concerning requested extensions). Accordingly, the proposed extensions of this and certain other deadlines to serve R&Os to April 10, 2026, essentially amounts to a fifteen-day extension over and above existing deadlines.

c.  Modify **subsection (B)(3)(c)** to extend the deadline for service of R&Os to RFAs as follows:

   i.  As to RFAs served by the Trustee on Alter Ego Defendants, served by Alter Ego Defendants on the Trustee, or served jointly by Avoidance Defendants on the Trustee concerning specific alter egos, the deadline shall be extended to April 10, 2026; and

   ii.  As to all other RFAs (*i.e.*, RFAs that individual Avoidance Defendants served on the Trustee and RFAs that the Trustee served on Avoidance Defendants), the deadline shall be suspended pending further order of the Court.

14.  Modify **Section VII** of the Pretrial Orders to extend the date for commencement of deposition discovery to April 13, 2026, *provided, however,* the subject matter of such deposition discovery shall be limited to matters relevant to the Trustee's Alter Ego Claims and any defenses asserted in respect to same, with a date for the commencement of deposition discovery concerning Avoidance Claims (apart from any incorporated Alter Ego Claims) to be established by further order of the Court.

15.  Modify **Section VIII** of the Pretrial Orders to extend the deadline for disclosure to opposing parties of intent to disclose an expert concerning Alter Ego Claims and any defenses asserted in respect to same from April 22, 2026, through and including May 15, 2026, and to extend the deadline to submit consensual scheduling orders to the Court or otherwise request entry of non-consensual scheduling orders from the Court as to the foregoing from April 29, 2026, through and including May 22, 2026.  The Court should set such deadlines concerning Avoidance Claims (apart from any incorporated Alter Ego Claims) in a future order.

16.     Modify **Section X** of the Pretrial Orders to extend the deadline for completion of discovery from June 22, 2026, to July 10, 2026, as to discovery concerning Alter Ego Claims and any defenses asserted in respect to same, with a deadline for the completion of discovery as to Avoidance Claims (apart from any incorporated Alter Ego Claims) to be established by further order of the Court.

17.     Modify **Section XI** of the Pretrial Orders to, in lieu of the general deadline for trial readiness, schedule a pretrial conference on July 20, 2026 (or such other date as may be convenient to the Court) to address pretrial deadlines and trial logistics in advance of scheduling trials on Alter Ego Claims.

## BASIS FOR REQUESTED RELIEF

### A.     COURT SHOULD MODIFY PRETRIAL ORDERS TO PRIORITIZE DISCOVERY AND TRIAL OF TRUSTEE'S ALTER EGO CLAIMS

18.     The Court should modify the Pretrial Orders to prioritize discovery and trial of the Trustee's Alter Ego Claims for multiple reasons.

19.     First, litigating the Alter Ego Claims first will promote judicial efficiency and conserve significant estate resources.  Because the Trustee's Avoidance Claims are premised on the Trustee's contention that funds transferred were property of the Debtor (prepetition) or property of the Estate (postpetition), the Trustee's Alter Ego Claims are a threshold issue for the Estate to recover from Avoidance Defendants.  While the Trustee is confident that he will succeed on all of his pending Alter Ego Claims, in the unlikely event that the Court declines to enter judgment in the Trustee's favor on Alter Ego Claims as to any entity, then there would be no need for trial of any Avoidance Claims for transfers through such entity.

20.     By contrast, discovery in specific Avoidance Actions primarily implicates facts and circumstances that are specific to individual Avoidance Defendants.  At present, at least 156

Avoidance Claims remain to be litigated in at least 142 Avoidance Actions. Discovery in these actions involves numerous issues specific to individual Avoidance Defendants (*e.g.*, issues related to specific transfers, asserted defenses based on contentions of good faith and value, etc.). Most Avoidance Defendants have also served Written Discovery Requests (totaling many hundreds of interrogatories and RFAs) on the Trustee implicating these and other issues peculiar to these actions and parties, and in most of these Avoidance Actions the Trustee will be required to take depositions concerning these matters. Attempting to hold omnibus trials on Avoidance Defendant-specific issues would at best be inefficient if not simply impossible to administer.

21. Further, while there is little prospect of settlement of the Alter Ego Claims as against the Alter Ego Defendants, the Trustee has made substantial progress in resolving dozens of Avoidance Claims and believes that more progress is likely. Momentum continues to build as Avoidance Defendants have come to better understand the Trustee's Avoidance Claims through discussions with the Trustee, facilitation by the Mediators, and access to the Depository and other participation in discovery. The Trustee intends to continue negotiating with Avoidance Defendants and participating in mediation proceedings throughout the proposed modified schedule. Accordingly, it is very likely that prioritizing discovery and litigation of Alter Ego Claims will provide time for parties to the Trustee's Avoidance Claims to negotiate additional settlements, reducing the number of Avoidance Claims that will ultimately require trial.

**B.     COURT SHOULD GRANT MODEST ADJUSTMENTS TO PRETRIAL ORDERS AS TO DISCOVERY AND LITIGATION OF ALTER EGO CLAIMS IN LIGHT OF VOLUME OF DISCOVERY**

22. Finally, it has become apparent that, notwithstanding the extensive efforts the Trustee has devoted to discovery and litigation under the existing Pretrial Orders, there is insufficient time remaining under the current Discovery Schedule to effectively conduct discovery

on the Trustee's Alter Ego Claims.  To meet his ultimate objective of maximizing the value of Estate claims, it is vital that the Trustee have sufficient time to diligently obtain discovery in advance of any trials.  Accordingly, the Trustee requests modest adjustments of the Discovery Schedule to allow for expedited but orderly and diligent discovery proceedings on the Trustee's Alter Ego Claims.

23.    Between the Written Discovery Requests served by Alter Ego Defendants and served jointly by Avoidance Defendants, the Trustee has been served with 94 Written Discovery Requests addressing the Trustee's Alter Ego Claims, which collectively encompass 855 interrogatories and 714 RFAs.  Responding to many of these requests requires the Trustee's team to analyze complex issues and refer to hundreds of thousands of individual documents (comprised of millions of pages) of documents obtained by the Trustee to date.

24.    Meanwhile, the Trustee has served twenty-five Alter Ego Defendants with seventy-five Written Discovery Requests (comprised of numerous RFPs, interrogatories, and RFAs).  The Trustee has also served RFPs on 165 Avoidance Defendants[7] (which include numerous requests bearing on the Trustee's Alter Ego Claims).  The Trustee must invest time to ensure that Defendants respond appropriately to these requests (including, without limitation, by conducting adequate ESI searches) to ensure that the Trustee is prepared to depose witnesses and for trial of the Alter Ego Claims.

25.    While the Trustee has expended considerable efforts on these matters to date, there is much more work to be done.  Even putting aside requests served by individual Avoidance Defendants, if the Trustee were to spend 15 minutes on each of the 1,569 individual interrogatories and RFAs addressing the Trustee's Alter Ego Claims, responding to the Defendants' Written

---

[7]    *See* note 4 *supra*.

Discovery Requests would take more than 392 of hours.  And to be clear, responding to many of these requests takes far longer than 15 minutes.

26.    Accordingly, the Trustee has requested a modest, fifteen-day adjournment of parties' deadlines to serve R&Os to Written Discovery Requests addressing Alter Ego Claims—without prejudice to potential further adjournments should such become necessary.  In so doing, the Trustee seeks to ensure that his team has adequate opportunity to thoughtfully respond to the Written Discovery Requests served on the Trustee.  The Trustee also requires time to confer with Defendants regarding their ESI and document retention and search procedures—which the Trustee hopes will result in more Defendants providing fulsome responses to the Trustee's Written Discovery Requests and thus reduce the necessity of discovery motion practice.

27.    The Trustee further requests a modest adjournment of the start date for depositions and for expert discovery disclosures relating to the Alter Ego Claims, so that the parties are not required to undertake these matters prematurely.  In particular, deposition planning will require the Trustee's team to invest substantial time—and effective preparation necessitates the Trustee first obtaining and reviewing and analyzing the Defendants' discovery responses and production.  Considering the foregoing, the Trustee has also requested extending the deadline to complete discovery concerning the Trustee's Alter Ego Claims from June 22 through July 10, 2026.

28.    The requested adjudgments are further warranted because preparation for trial of the Alter Ego Claims will almost certainly require the Trustee to undertake substantial third-party discovery (including the issuance of deposition and document subpoenas).  In the Trustee's experience, defendants in alter ego litigation arising from this Chapter 11 Case (*i.e.*, the Alter Egos themselves or their nominal owners) often contend that they lack knowledge of relevant facts or are not in possession of documents concerning their own affairs.  Thus, it is particularly likely that

third-party discovery will be required, which may require the Trustee and other parties to seek discovery outside the United States. For this and other reasons, the Trustee has requested that the extensions as to deadlines concerning discovery and litigation of the Alter Ego Claims be without prejudice to further extensions should further developments so require.

29.    Finally, in lieu of a general date for trial readiness, the Court should schedule a pretrial conference for July 20, 2026 (or such other date as is convenient for the Court) to address pretrial deadlines and trial logistics in advance of scheduling trials on the Alter Ego Claims. Following the completion of discovery on these claims, significant work will remain to prepare for trial, including the preparation and submission of exhibit lists and exhibits, the sequencing of witnesses and evidence (which will depend on the sequencing of trial for the Alter Ego Claims), potential motions *in limine*, and other issues. Addressing these matters through a pretrial conference will ensure that trials are properly sequenced and that pretrial and trial proceedings move forward in an organized and efficient manner.

30.    The Trustee recognizes that the Court wishes for the Pending Litigation to move forward. The Trustee concurs with that goal, as reflected by the substantial progress the Trustee has made in these matters over the last four months. The proposed modifications to the Pretrial Orders requested by this Motion will allow for that progress to continue in an expedited but organized fashion under a realistic schedule.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

WHEREFORE, the Court should grant this Motion by entering the Proposed Order and grant such other and further relief as is just and proper.

Dated: March 10, 2026                                    LUC A. DESPINS, CHAPTER 11

                                                By: */s/ Patrick R. Linsey*
                                                    Patrick R. Linsey (ct29437)
                                                    NEUBERT, PEPE & MONTEITH, P.C.
                                                    195 Church Street, 13th Floor
                                                    New Haven, Connecticut 06510
                                                    (203) 781-2847
                                                    plinsey@npmlaw.com

                                                    *and*

                                                    Nicholas A. Bassett (admitted *pro hac vice*)
                                                    PAUL HASTINGS LLP
                                                    2050 M Street NW
                                                    Washington, D.C., 20036
                                                    (202) 551-1902
                                                    nicholasbassett@paulhastings.com

                                                    *and*

                                                    Douglass Barron (*admitted pro hac vice*)
                                                    PAUL HASTINGS LLP
                                                    200 Park Avenue
                                                    New York, New York 10166
                                                    (212) 318-6079
                                                    douglassbarron@paulhastings.com

                                                    *Counsel for the Chapter 11 Trustee*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------- x
                            :

In re:                         :    Chapter 11
                            :

HO WAN KWOK, *et al.*,[1]     :    Case No. 22-50073 (JAM)
                            :

          Debtors.        :    (Jointly Administered)
                            :
                            :

---------------------------------------------------------------- x

**[PROPOSED] ORDER GRANTING CHAPTER 11 TRUSTEE'S**
**MOTION FOR ENTRY OF ORDER AMENDING: (I) ORDER: (A) GRANTING IN**
**PART CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF ORDER AMENDING**
**AVOIDANCE AND MEDIATION PROCEDURES; AND (B) ENTERING AVOIDANCE**
**ACTIONS PRETRIAL ORDER [MAIN CASE ECF NO. 4828]; AND (II) ORDER: (A)**
**GRANTING CHAPTER 11 TRUSTEE'S MOTION FOR ORDER FOR ENTRY OF**
**PRETRIAL ORDER; AND (B) ENTERING OMNIBUS ALTER EGO ACTIONS**
**PRETRIAL ORDER [ADV. 24-5249 ECF NO. 197; ADV. 24-5322 ECF NO. 84]**

Upon the Court's consideration of the motion (the "Motion") by Luc A. Despins, in his

capacity as Chapter 11 Trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok,

requesting modification of the Court's (I) Order: (A) Granting in Part Chapter 11 Trustee's Motion

for Entry of Order Amending Avoidance and Mediation Procedures; and (B) Entering Avoidance

Actions Pretrial Order [Main Case ECF No. 4828] (the "Avoidance Pretrial Order"); and (II)

Order: (A) Granting Chapter 11 Trustee's Motion for Order for Entry of Pretrial Order; and (B)

Entering Omnibus Alter Ego Actions Pretrial Order [Adv. 24 5249 ECF No. 197; Adv. 24-5322

ECF No. 84] (the "Alter Ego Pretrial Order" and, together with the Avoidance Pretrial Order,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

collectively, the "Pretrial Orders"); and sufficient notice having been given; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT

1.    The Motion is granted as set forth herein.

2.    The Pretrial Orders are hereby modified as follows:

    a.  **Section V** is modified in the following respects:

        i.  **Subsection B(1)(b)** is modified to extend the deadline for Defendants to serve R&Os to the Trustee's RFPs from March 11, 2026, through and including April 10, 2026.[2]

        ii.  **Subsection B(2)(c)** is modified to extend the deadline for service of R&Os to interrogatories as follows:

            A.  As to interrogatories served by the Trustee on Alter Ego Defendants, served by Alter Ego Defendants on the Trustee, or served jointly by Avoidance Defendants on the Trustee concerning specific alter egos, the deadline shall be extended to April 10, 2026; and

            B.  As to all other interrogatories (*i.e.*, interrogatories that individual Avoidance Defendants served on the Trustee and interrogatories that the Trustee served on Avoidance Defendants), the deadline shall be suspended pending further order of the Court.

        iii.  **Subsection B(3)(c)** is modified to extend the deadline for service of R&Os to RFAs as follows:

---

[2]    Capitalized terms not expressly defined herein adopt the meanings ascribed to them in the Motion.

A. As to RFAs served by the Trustee on Alter Ego Defendants, served by Alter Ego Defendants on the Trustee, or served jointly by Avoidance Defendants on the Trustee concerning specific alter egos, the deadline shall be extended to April 10, 2026; and

B. As to all other RFAs (*i.e.*, RFAs that individual Avoidance Defendants served on the Trustee and RFAs that the Trustee served on Avoidance Defendants), the deadline shall be suspended pending further order of the Court.

b. **Section VII** is modified to extend the date for commencement of deposition discovery to April 13, 2026, *provided, however,* the subject matter of such deposition discovery shall be limited to matters relevant to the Trustee's Alter Ego Claims and any defenses asserted in respect to same. The Court shall establish a date for the commencement of deposition discovery concerning Avoidance Claims (apart from any incorporated Alter Ego Claims) in a future order.

c. **Section VIII** is modified to extend the deadline for disclosure to opposing parties of intent to disclose an expert concerning Alter Ego Claims and any defenses asserted in respect to same from April 22, 2026, through and including May 15, 2026, and to extend the deadline to submit consensual scheduling orders to the Court or otherwise request entry of non-consensual scheduling orders from the Court as to the foregoing from April 29, 2026, through and including May 22, 2026. Such deadlines as to Avoidance Claims (apart from any incorporated Alter Ego Claims) are suspended pending further order of the Court.

d. **Section X** is modified to extend the deadline for completion of discovery from June 22, 2026, to July 10, 2026, as to discovery concerning Alter Ego Claims and any defenses asserted in respect to same. Such deadline as to discovery concerning Avoidance Claims (apart from any incorporated Alter Ego Claims) is suspended pending further order of the Court.

e. **Section XI** is modified such that in lieu of a general date for trial readiness, the Court shall hold a pretrial conference on July __, 2026, at _:__ _.m., at the United States Bankruptcy Court for the District of Connecticut, 915 Lafayette Blvd., Room 123, Courtroom, Bridgeport, Connecticut, to address pretrial deadlines and trial logistics in advance of scheduling trials on Alter Ego Claims.

3. Within three (3) business days of the entry of this Order, the Trustee shall file this Order in the Omnibus Alter Ego Actions and in all Avoidance Actions, *provided, however*, the Trustee need not file this Order in Avoidance Actions that the Court has closed or as to which in respect to all defendants (a) the Court has approved a proposed settlement; (b) the Trustee has filed a motion requesting approval of a settlement; or (c) a Mediator has filed a report advising the Court of the existence of a proposed settlement or settlement in principle such that the Court has entered an order staying litigation. For the avoidance of doubt, this Order shall constitute a binding order in all such Pending Litigation.

4. Except as expressly modified by this Order, the Pretrial Orders remain in full force and effect.

5. The Court retains jurisdiction with respect to all matters arising from or related to this Order.

-4-