**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------- x
                                  :

In re:                                 :         Chapter 11
                                    :

HO WAN KWOK, *et al.*,[1]           :         Case No. 22-50073 (JAM)
                                    :

              Debtors.           :         (Jointly Administered)
                                    :

---------------------------------------------------------- x
                                    :

LUC A. DESPINS, CHAPTER 11    :        Adv. Proceeding Nos. 25-05036,
TRUSTEE,                          :        24-05055, 24-05010, 24-05063,
                                    :        24-05258, 25-05093, 24-05205,
              Plaintiff,        :        24-05128, 24-05162, 24-05254,
v.                                     :        25-05042, 24-05042, 24-05152,
                                    :        25-05003

17 STATE OWNER LLC; 270 W. 39TH ST.   :
CO., LLC; DIRECT PERSUASION, LLC;     :
DJD  CREATIVE, LLC; HOGAN LOVELLS   :
INTERNATIONAL LLP; LOBEL MODERN    :
INC.; MARINI PIETRANTONI MUNIZ LLC;   :
MILLER MOTORCARS INC.; NARDELLO    :
& CO., LLC; NAV CONSULTING, INC.;       :
PASSIONE ROSSA LLC; RESTORATION    :
HARDWARE, INC.; TROUTMAN PEPPER    :
HAMILTON SANDERS, LLP N/K/A          :
TROUTMAN PEPPER LOCKE LLP; and      :
UPDIKE, KELLY & SPELLACY, P.C.,       :
                                    :
            Defendants.      :
                                    :
---------------------------------------------------------- x

**SEALED SIXTH OMNIBUS MOTION**
**OF CHAPTER 11 TRUSTEE, PURSUANT TO BANKRUPTCY RULE 9019,**
**REGARDING SETTLEMENTS WITH CERTAIN ENTITIES**

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the Chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), hereby submits this motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9019-1(a) of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court District of Connecticut (the "Local Rules"), and the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [Docket No. 3163], (the "Initial Procedures Order") and *Order Granting Chapter 11 Trustee's Motion for Order Approving James J. Tancredi's Selection of Judge Alan S. Trust as Additional Mediator* [ECF No. 4440] (the "Additional Procedures Order," and collectively with the Initial Procedures Order, the "Procedures Orders")[2] for entry of orders, substantially in the form of those attached hereto and more specifically identified herein (the "Proposed Orders"), approving the terms of settlement agreements (collectively, the "Settlement Agreements") reached between (a) the Trustee and (b) the following entities: (i) 17 State Owner LLC ("17 State"); (ii) 270 W. 39th St. Co., LLC ("270 W."); (iii) Direct Persuasion, LLC ("Direct Persuasion"); (iv) DJD Creative, LLC ("DJD"); (v) Hogan Lovells International LLP ("Hogan"); (vi) Lobel Modern Inc. ("Lobel"); (vii) Marini Pietrantoni Muniz LLC ("Marini"); (viii) Miller Motorcars Inc. ("Miller Motorcars"); (ix) Nardello & Co., LLC ("Nardello"); (x) NAV Consulting, Inc. ("NAV"); (xi) Passione Rossa LLC ("Passione Rossa"); (xii) Restoration Hardware, Inc. ("Restoration"); (xiii) Troutman Pepper Hamilton Sanders LLP n/k/a Troutman Pepper Locke LLP ("Troutman"); and (xiv) Updike, Kelly

---

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Initial Procedure Order.

& Spellacy, P.C. ("UKS"); (each individually, a "Counterparty," and, collectively, the "Counterparties," and the Counterparties, together with the Trustee, collectively, the "Parties").[3]

In support of this Motion, the Trustee respectfully states the following:

## PRELIMINARY STATEMENT

1.      The Trustee has reached agreements, subject to Court approval, to resolve the Debtor's bankruptcy estate's (the "Estate") claims against the respective Counterparties in Mediation Proceedings conducted pursuant to the Procedures Orders.  Either Judge Tancredi or Judge Trust has issued his Mediator's Report with respect to each of the proposed settlements (collectively, the "Mediators' Reports") stating his belief that the economics and terms of each of the Settlement Agreements are fair, reasonable, and in the best interests of the Estate.

2.      Through the proposed settlements, the Estate will obtain funds for the benefit of creditors, without the cost and uncertainty of further litigation. The terms of the Settlement Agreements will create value for creditors and are clearly in the Estate's best interests, and, accordingly, the Motion should be granted.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are Bankruptcy Rule 9019(a) and Local Rule 9019-1(a).

---

[3]     References herein to the "Parties" and the "Trustee," include the respective attorneys, advisors, and/or professionals of the Parties, as applicable.

## RELEVANT FACTS

**A.    Chapter 11 Case**

6.      On February 15, 2022 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the District of Connecticut (the "Court") a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thus commencing the Chapter 11 Case.

7.      On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

8.      On June 15, 2022, the Court entered a memorandum of decision and order (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee, and on July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case.

9.      Upon his appointment, the Trustee commenced an investigation of the Debtor's financial affairs and determined that the Debtor, through alter ego entities, made transfers to the Counterparties that were avoidable and/or recoverable under the Bankruptcy Code and/or applicable state law.

**B.    Mediation and Settlement Procedures**

10.      On May 2, 2024, the Mediation Procedures Order was entered by the Court referring the parties in the Trustee's Avoidance Actions in this case to non-binding mediation proceedings upon the appearance of counsel for the defendant in the Avoidance Action and appointing United States Bankruptcy Judge James J. Tancredi ("Judge Tancredi") to serve as mediator.

11.     Pursuant to the Additional Procedures Order, Judge Tancredi selected and the Court approved United States Bankruptcy Judge Alan S. Trust ("Judge Trust" and, collectively with Judge Tancredi, the "Mediators") to serve as an additional mediator.

12.     Pursuant to the Mediation Procedures Order, the Trustee has negotiated in good faith with numerous Avoidance Defendants in the Trustee's Avoidance Actions. The Mediation Procedures Order provides that the Trustee may request approval of proposed settlements by filing motions under seal. *See* Mediation Procedures Order, at ¶ 2(w).

13.     In considering a motion filed by the Trustee requesting approval of the Trustee's settlement with Wildes & Weinberg, P.C. ("WW"), the Court approved of certain procedures governing the Trustee's sealed filing, reached as part of a compromise between the Trustee and the United States Trustee. *See Memorandum of Decision and Order Granting Motion to Compromise* [Main Case Docket No. 4023] (the "WW Decision"); *Notice of Filing of Revised Proposed Order Approving, Pursuant to Bankruptcy Rule 9019, Sealed Motion of Chapter 11 Trustee Regarding Settlement with Wildes & Weinberg, P.C.* [Main Case Docket No. 3865]. This Motion, and the Proposed Orders filed herewith, provide for the sealing and confidentiality procedures contemplated in the WW Decision, as modified and approved by the Court [Main Case Docket No. 5016] (the "Fifth 9019 Motion Order") in connection with the *Trustee's Fifth Omnibus Motion, Pursuant to Bankruptcy Rule 9019, Regarding Settlements with Certain Entities* [Main Case Docket No. 4948].

## C.     Avoidance Actions and Proposed Settlements

14.     Since February 2024, the Trustee has commenced numerous Avoidance Actions against entities and individuals that the Trustee believes received transfers of the Debtor's property (prior to the Petition Date) and property of the Estate (after the Petition Date).

15.    These include the following Avoidance Actions commenced against Counterparties at issue in this Motion:

**i.    17 State Avoidance Action and Proposed Settlement**

16.    On February 13, 2025, the Trustee commenced an adversary proceeding against 17 State, Adv. Proc. No. 25-05036 (the "17 State A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [17 State A.P. Docket No. 1].

17.    On August 15, 2025, the Trustee filed the *First Amended Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [17 State A.P. Docket No. 14] (the "17 State Amended Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

18.    The 17 State Amended Complaint specified postpetition transfers made via the Debtor's alter egos totaling $794,350.85 (the "17 State A.P. Transfers"). ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

19.    17 State has denied any potential liability with respect to the 17 State Transfers.

20.    The Trustee has negotiated a settlement agreement with 17 State, dated March 6, 2026 (the "17 State Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 1-A**.

21.    The salient terms of the 17 State Settlement Agreement[4] are as follows:



22.    On March 10, 2026, Judge Trust submitted his Mediator's Report in the 17 State A.P. (the "17 State Mediator's Report").  The 17 State Mediator's Report is attached hereto as **Exhibit 1-B**.

23.    As set forth in the 17 State Mediator's Report, Judge Trust examined the claims and potential defenses and other facts and circumstances related to the 17 State Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the 17 State Settlement Agreement are fair, reasonable, and in the

---

[4]    In the event of any inconsistency between the summary description of a Settlement Agreement in this Motion and the Settlement Agreement itself, and the terms and conditions of the Settlement Agreement shall control.

best interests of the Estate as measured by the standards of *Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) ("*Iridium*").

24.    The proposed order granting this Motion as to the Trustee's proposed settlement with 17 State is attached hereto as **Exhibit 1-C**.

**ii.    270 W. Avoidance Action and Proposed Settlement**

25.    On February 10, 2024, the Trustee commenced an adversary proceeding against 270 W., Adv. Proc. No. 24-05055 (the "270 W. A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [270 W. A.P. Docket No. 1] (the "270 W. Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

26.    The 270 W. Complaint specified postpetition transfers made via the Debtor's alter egos totaling $290,000.00 (the "270 W. A.P. Transfers"). ███████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

27.    270 W. has denied any potential liability with respect to the 270 W. Transfers.

28.    The Trustee has negotiated a settlement agreement with 270 W., dated February 16, 2026 (the "270 W. Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 2-A**.

29.    The salient terms of the 270 W. Settlement Agreement are as follows:

a.    ████████████████████████████████████████████████████
████████

b. 

c.

d.

e.

f.

30.    On March 3, 2026, Judge Trust entered his Mediator's Report in the 270 W. A.P. [270 W. A.P. Docket No. 44] (the "270 W. Mediator's Report").  The 270 W. Mediator's Report is attached hereto as **Exhibit 2-B**.

31.    As set forth in the 270 W. Mediator's Report, Judge Trust examined the claims and potential defenses and other facts and circumstances related to the 270 W. Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the 270 W. Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

32.    The proposed order granting this Motion as to the Trustee's proposed settlement with 270 W. is attached hereto as **Exhibit 2-C**.

iii.    **Direct Persuasion Avoidance Action and Proposed Settlement**

33.    On February 9, 2024, the Trustee commenced an adversary proceeding against

Direct Persuasion, Adv. Proc. No. 24-05010 (the "Direct Persuasion A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548 and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Direct Persuasion A.P. Docket No. 1] (the "Direct Persuasion Complaint") to, among other things, avoid and recover certain alleged transfers to Direct Persuasion that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and New York Debtor & Creditor Law ("NYDCL") sections 273, 274, and 276.

34.     The Direct Persuasion Complaint specified prepetition transfers made via the Debtor's alter egos totaling $550,000.00 (the "Direct Persuasion Transfers").

35.     Direct Persuasion has denied any potential liability with respect to the Direct Persuasion Transfers.

36.     The Trustee has negotiated a settlement agreement with Direct Persuasion, dated February 9, 2026 (the "Direct Persuasion Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 3-A**.

37.     The salient terms of the Direct Persuasion Settlement Agreement are as follows:

a. ████████████████████████████████████████████████████████████████

b. ████████████████████████████████████████████████████████████████

c. ████████████████████████████████████████████████████████████████

d. ████████████████████████████████████████████████████████████████

e. ████████████████████████████████████████████

38.     On February 20, 2026, Judge Tancredi entered his Mediator's Report in the Direct Persuasion A.P. [Direct Persuasion A.P. Docket No. 56] (the "Direct Persuasion Mediator's Report"). The Direct Persuasion Mediator's Report is attached hereto as **Exhibit 3-B**.

39.     As set forth in the Direct Persuasion Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Direct Persuasion Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Direct Persuasion Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

40.     The proposed order granting this Motion as to the Trustee's proposed settlement with Direct Persuasion is attached hereto as **Exhibit 3-C**.

   iv.   **DJD Avoidance Action and Proposed Settlement**

41. On February 10, 2024, the Trustee commenced an adversary proceeding against DJD, Adv. Proc. No. 24-05063 (the "DJD A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [DJD A.P. Docket No. 1] (the "DJD Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

42. The DJD Complaint specified prepetition transfers made via the Debtor's alter egos totaling $150,000.00 (the "DJD Transfers").

43. DJD has denied any potential liability with respect to the DJD Transfers.

11

44. The Trustee has negotiated a settlement agreement with DJD, dated March 2, 2026 (the "DJD Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 4-A**.

45. The salient terms of the DJD Settlement Agreement are as follows:

a. 

b.

c.

d.

e.

46. On March 9, 2026, Judge Trust entered his Mediator's Report in the DJD A.P. [DJD A.P. Docket No. 46] (the "DJD Mediator's Report").  The DJD Mediator's Report is attached hereto as **Exhibit 4-B**.

47. As set forth in the DJD Mediator's Report, Judge Trust examined the claims and potential defenses and other facts and circumstances related to the DJD Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the UKS Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

48. The proposed order granting this Motion as to the Trustee's proposed settlement with DJD is attached hereto as **Exhibit 4-C**.

v.    **Hogan Avoidance Action and Proposed Settlement**

49. On February 10, 2024, the Trustee commenced an adversary proceeding against Hogan, Adv. Proc. No. 24-05258 (the "Hogan A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Hogan A.P. Docket No. 1] (the "Hogan Complaint") to, among other things, avoid and recover certain alleged transfers to Hogan that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

50. The Hogan Complaint specified prepetition transfers made via the Debtor's alter egos totaling $1,010,129.68 (the "Hogan Transfers").

51. Hogan has denied any potential liability with respect to the Hogan Transfers.

52. The Trustee has negotiated a settlement agreement with Hogan, dated January 9, 2026 (the "Hogan Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 5-A**.

53. The salient terms of the Hogan Settlement Agreement are as follows:



a.

b.

c.

d.

e. ████████████████████████████████████

54. On January 21, 2026, Judge Tancredi entered his Mediator's Report in the Hogan A.P. [Hogan A.P. Docket No. 25] (the "Hogan Mediator's Report"). The Hogan Mediator's Report is attached hereto as **Exhibit 5-B**.

55. As set forth in the Hogan Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Hogan Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Hogan Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

56. The proposed order granting this Motion as to the Trustee's proposed settlement with Hogan is attached hereto as **Exhibit 5-C**.

vi.   **Lobel Avoidance Action and Proposed Settlement**

57.  On August 15, 2025, the Trustee commenced an adversary proceeding against Lobel, Adv. Proc. No. 25-05093 (the "Lobel A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [Lobel A.P. Docket No. 1] (the "Lobel Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

58. The Lobel Complaint specified postpetition transfers made via the Debtor's alter egos totaling $171,900.00 (the "Lobel Transfers").

59. Lobel has denied any potential liability with respect to the Lobel Transfers.

60. The Trustee has negotiated a settlement agreement with Lobel, dated February 13, 2026 (the "Lobel Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 6-A**.

61. The salient terms of the Lobel Settlement Agreement are as follows:



62. On February 20, 2026, Judge Tancredi entered his Mediator's Report in the Lobel A.P. [Lobel A.P. Docket No. 19] (the "Lobel Mediator's Report"). The Lobel Mediator's Report is attached hereto as **Exhibit 6-B**.

63. As set forth in the Lobel Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Lobel Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Lobel Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

64. The proposed order granting this Motion as to the Trustee's proposed settlement with Lobel is attached hereto as **Exhibit 6-C**.

vii.    **Marini Avoidance Action and Proposed Settlement**

65. On February 13, 2024, the Trustee commenced an adversary proceeding against Marini, Adv. Proc. No. 24-05205 (the "Marini A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Marini A.P. Docket No. 1].

66. On August 15, 2025, the Trustee filed the *First Amended Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers, Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Marini A.P. Docket No. 21] (the "Marini Amended Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, 549, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

67. The Marini Amended Complaint specified prepetition and postpetition transfers made via the Debtor's alter egos totaling $812,769.37 (the "Marini Transfers").

68. Marini has denied any potential liability with respect to the Marini Transfers.

69. The Trustee has negotiated a settlement agreement with Marini, dated February 12, 2026 (the "Marini Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 7-A**.

70. The salient terms of the Marini Settlement Agreement are as follows:

a. ██████████████████████████████████████████████████████
██████████

b. ██████████████████████████████████████████████████████
██████████████████████



71. On February 20, 2026, Judge Tancredi entered his Mediator's Report in the Marini A.P. [Marini A.P. Docket No. 45] (the "Marini Mediator's Report").  The Marini Mediator's Report is attached hereto as **Exhibit 7-B**.

72. As set forth in the Marini Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Marini Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Marini Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

73. The proposed order granting this Motion as to the Trustee's proposed settlement with Marini is attached hereto as **Exhibit 7-C**.

**viii.    Miller Motorcars Avoidance Action and Proposed Settlement**

74. On February 11, 2024, the Trustee commenced an adversary proceeding against Miller Motorcars, Adv. Proc. No. 24-05128 (the "Miller Motorcars A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548 and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Miller Motorcars A.P. Docket No. 1] (the "Miller Motorcars Complaint") to, among other things, avoid and recover certain alleged transfers that may be

avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

75. The Miller Motorcars Complaint specified prepetition transfers made via the Debtor's alter egos totaling $294,306.00 (the "Miller Motorcars A.P. Transfers").



76. Miller Motorcars has denied any potential liability with respect to the Miller Motorcars Transfers.

77. The Trustee has negotiated a settlement agreement with Miller Motorcars, dated November 24, 2025 (the "Miller Motorcars Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 8-A**.

78. The salient terms of the Miller Motorcars Settlement Agreement are as follows:

a.

b.

c.

d.



e.

███████████████████████████████████████

79. On March 5, 2026, Judge Tancredi entered his Mediator's Report in the Miller Motorcars A.P. [Miller Motorcars A.P. Docket No. 44] (the "Miller Motorcars Mediator's Report"). The Miller Motorcars Mediator's Report is attached hereto as **Exhibit 8-B**.

80. As set forth in the Miller Motorcars Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Miller Motorcars Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Miller Motorcars Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

81. The proposed order granting this Motion as to the Trustee's proposed settlement with Miller Motorcars is attached hereto as **Exhibit 8-C**.

### ix.    Nardello Avoidance Action and Proposed Settlement

82. On February 12, 2024, the Trustee commenced an adversary proceeding against Nardello, Adv. Proc. No. 24-05162 (the "Nardello A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Nardello A.P. Docket No. 1] (the "Nardello Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

83. The Nardello Complaint specified prepetition transfers made via the Debtor's alter egos totaling $258,115.83 (the "Nardello Transfers").

84. Nardello has denied any potential liability with respect to the Nardello Transfers.

85. The Trustee has negotiated a settlement agreement with Nardello, dated December 22, 2025 (the "Nardello Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 9-A**.

86. The salient terms of the Nardello Settlement Agreement are as follows:



a.

b.

c.

d.

e.

87. On March 5, 2026, Judge Tancredi entered his Mediator's Report in the Nardello A.P. [Nardello A.P. Docket No. 46] (the "Nardello Mediator's Report").  The Nardello Mediator's Report is attached hereto as **Exhibit 9-B**.

88. As set forth in the Nardello Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Nardello Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Nardello Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

89. The proposed order granting this Motion as to the Trustee's proposed settlement with Nardello is attached hereto as **Exhibit 9-C**.

### x. NAV Avoidance Action and Proposed Settlement

90. On February 15, 2024, the Trustee commenced an adversary proceeding against NAV, Adv. Proc. No. 24-05254 (the "NAV A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [NAV A.P. Docket No. 1] (the "NAV Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

91. The NAV Complaint specified postpetition transfers made via the Debtor's alter egos totaling $183,915.45 (the "NAV Transfers").

92. NAV has denied any potential liability with respect to the NAV Transfers.

93. The Trustee has negotiated a settlement agreement with NAV, dated February 9, 2026 (the "NAV Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 10-A**.

94. The salient terms of the NAV Settlement Agreement are as follows:

a. 

b.

c.

d.

e.

95. On March 5, 2026, Judge Tancredi entered his Mediator's Report in the NAV A.P. [NAV A.P. Docket No. 38] (the "NAV Mediator's Report"). The NAV Mediator's Report is attached hereto as **Exhibit 10-B**.

96. As set forth in the NAV Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the NAV Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the NAV Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

97. The proposed order granting this Motion as to the Trustee's proposed settlement with NAV is attached hereto as **Exhibit 10-C**.

xi. **Passione Rossa Avoidance Action and Proposed Settlement**

98. On February 13, 2025, the Trustee commenced an adversary proceeding against Passione Rossa, Adv. Proc. No. 25-05042 (the "Passione Rossa A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor & Creditor Law Sections 273, 274, and 276* [Passione Rossa A.P. Docket No. 1] (the "Passione Rossa Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

99. The Passione Rossa Complaint specified prepetition transfers made via the Debtor's alter egos totaling $4,000,000.00 (the "Passione Rossa Transfers").

100.    Passione Rossa has denied any potential liability with respect to the Passione Rossa Transfers.

101.     The Trustee has negotiated a settlement agreement with Passione Rossa, dated February 17, 2026 (the "Passione Rossa Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 11-A**.

102.     The salient terms of the Passione Rossa Settlement Agreement are as follows:



a.

b.

c.

d.

e.

103.     On March 5, 2026, Judge Tancredi entered his Mediator's Report in the Passione Rossa A.P. [Passione Rossa A.P. Docket No. 16] (the "Passione Rossa Mediator's Report").  The Passione Rossa Mediator's Report is attached hereto as **Exhibit 11-B**.

104.     As set forth in the Passione Rossa Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Passione Rossa Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Passione Rossa Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

105.     The proposed order granting this Motion as to the Trustee's proposed settlement with Passione Rossa is attached hereto as **Exhibit 11-C**.

**xii.     Restoration Avoidance Action and Proposed Settlement**

106.     On February 10, 2024, the Trustee commenced an adversary proceeding against Restoration, Adv. Proc. No. 24-05042 (the "Restoration A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549, and 550 and New York Debtor & Creditor Law Sections 273, 274, 276, and 277* [Restoration A.P. Docket No. 1] (the "Restoration Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, 549, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, 276, and 277.

107.     The Restoration Complaint specified prepetition and postpetition transfers made via the Debtor's alter egos totaling $137,225.50 (the "Restoration Transfers").  In the Restoration Complaint, the Trustee also asserted a claim against Hing Chi Ngok, Max Krasner, and Mei Guo (collectively, the "Beneficiary Defendants"), to recover from the Beneficiary Defendants the value of certain transfers which the Trustee asserts were made for the Beneficiary Defendants' benefit.

108.     Restoration has denied any potential liability with respect to the Restoration Transfers.

109.     The Trustee has negotiated a settlement agreement with Restoration, dated December 18, 2025 (the "Restoration Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 12-A**.

110.     The salient terms of the Restoration Settlement Agreement are as follows:

a.     ████████████████████████████████████████████

b. 

c.

d.

e.

111.    On March 5, 2026, Judge Tancredi entered his Mediator's Report in the Restoration

A.P. [Restoration A.P. Docket No. 64] (the "Restoration Mediator's Report").  The Restoration

Mediator's Report is attached hereto as **Exhibit 12-B**.

112.    As set forth in the Restoration Mediator's Report, Judge Tancredi examined the

claims and potential defenses and other facts and circumstances related to the Restoration

Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended

that the Court find that the economics and terms of the Restoration Settlement Agreement are fair,

reasonable, and in the best interests of the Estate as measured by the standards of *Iridium*.

113.    The proposed order granting this Motion as to the Trustee's proposed settlement

with Restoration is attached hereto as **Exhibit 12-C**.

xiii.    **Troutman Avoidance Action and Proposed Settlement**

114.    On February 12, 2024, the Trustee commenced an adversary proceeding against

Troutman, Adv. Proc. No. 24-05152 (the "Troutman A.P.") by filing the *Complaint of Chapter 11*

*Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Postpetition Transfers and*

*Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549, and 550 and New York Debtor*

*& Creditor Law Sections 273, 274, and 276* [Troutman A.P. Docket No. 1] (the "Troutman

Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 544, 548, 549, and 550 of the Bankruptcy Code and NYDCL sections 273, 274, and 276.

115.    The Troutman Complaint specified prepetition and postpetition transfers made via the Debtor's alter egos totaling $1,978,250.25 (the "Troutman A.P. Transfers"). 

116.    Troutman has denied any potential liability with respect to the Troutman Transfers.

117.    The Trustee has negotiated a settlement agreement with Troutman, dated December 31, 2025 (the "Troutman Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 13-A**.

118.    The salient terms of the Troutman Settlement Agreement are as follows:



a.

b.

c.

d.

e.

████████████████████████████████████████████

f.  ████████████████████████████████████████████

119.    On March 5, 2026, Judge Tancredi entered his Mediator's Report in the Troutman A.P. [Troutman A.P. Docket No. 48] (the "Troutman Mediator's Report").   The Troutman Mediator's Report is attached hereto as **Exhibit 13-B**.

120.    As set forth in the Troutman Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the Troutman Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the Troutman Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

121.    The proposed order granting this Motion as to the Trustee's proposed settlement with Troutman is attached hereto as **Exhibit 13-C**.

xiv.    **UKS Avoidance Action and Proposed Settlement**

122.    On January 14, 2025, the Trustee commenced an adversary proceeding against UKS, Adv. Proc. No. 25-05003 (the "UKS A.P.") by filing the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Postpetition Transfers and Related Relief Pursuant to Bankruptcy Code Sections 549 and 550* [UKS A.P. Docket No. 1] (the "UKS Complaint") to, among other things, avoid and recover certain alleged transfers that may be avoidable and/or recoverable pursuant to sections 549 and 550 of the Bankruptcy Code.

123.    The UKS Complaint specified postpetition transfers made via the Debtor's alter egos totaling $121,251.87 (the "UKS Transfers").

124.    UKS has denied any potential liability with respect to the UKS Transfers.

27

125.    The Trustee has negotiated a settlement agreement with UKS, dated December 18, 2025 (the "UKS Settlement Agreement"), subject to Court approval, a true and accurate copy of which is attached hereto as **Exhibit 14-A**.

126.    The salient terms of the UKS Settlement Agreement are as follows:

a.  

b.

c.

d.

127.    On March 5, 2026, Judge Tancredi entered his Mediator's Report in the UKS A.P. [UKS A.P. Docket No. 19] (the "UKS Mediator's Report").  The UKS Mediator's Report is attached hereto as **Exhibit 14-B**.

128.    As set forth in the UKS Mediator's Report, Judge Tancredi examined the claims and potential defenses and other facts and circumstances related to the UKS Transfers, along with the history and circumstances of this Chapter 11 Case, and recommended that the Court find that the economics and terms of the UKS Settlement Agreement are fair, reasonable, and in the best interests of the Estate as measured by the standards of *Iridium.*

129.    The proposed order granting this Motion as to the Trustee's proposed settlement with UKS is attached hereto as **Exhibit 14-C**.

## **RELIEF REQUESTED**

130.    By this Motion, the Trustee seeks entry of orders pursuant to Bankruptcy Rule 9019(a) approving each of the Settlement Agreements in their entirety and authorizing the Parties

to enter and implement each of the Settlement Agreements in accordance with its respective terms. The proposed order granting this Motion is attached hereto as **Exhibit 15**.

## BASIS FOR THE RELIEF REQUESTED

### I.      Standard for Approving the Settlement Agreements

131.    To approve a compromise and settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise and settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.),* 156 B.R. 414, 426 (S.D.N.Y. 1993.), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citations omitted); *In re Enron Corp.,* No. 02 Civ. 8489(AKH), 2003 WL 230838, at *2 (Bankr. S.D.N.Y. Jan. 31, 2003).  The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 122-23 (S.D.N.Y. 1994).

132.    Importantly, the "settlement need not be the best that the debtor could have obtained." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citing *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).  Instead, the court needs only "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Id.* (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)).  In deciding whether a particular settlement falls within the "range of reasonableness," courts consider the following factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay" . . . ; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing,

the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Iridium*, 478 F.3d at 462.

## II.    The Settlement Agreements Should Be Approved

133.    The Settlement Agreements are a positive outcome for the Estate and, by extension, the creditors of the Estate, and represent fair and reasonable compromises under the circumstances and considering the applicable *Iridium* factors.

134.    The Settlement Agreements provide for the Estate to obtain the respective settlement amounts set forth in each without further litigation, the cost of which may be substantial compared to the amounts at issue in the Trustee's Claims.    Other Avoidance Defendants have asserted and continue to assert defenses to the Trustee's claims.    While the Trustee is confident in the merits of the Claims and has litigated them successfully to date,[5] he recognizes that any litigation carries uncertainty.    Moreover, the proposed settlements will result in the Estate obtaining funds without delay arising from litigation and potential appeals.

135.    Other factors considered by the Trustee in negotiating the proposed settlements include, without limitation, litigation expense, ability to collect on a future judgment, and the extent to which any Counterparty has cooperated with the Trustee's investigation.    The Trustee has considered these factors, as well as litigation risk and delay, on a case-by-case basis as to each of the proposed settlements and will be prepared to address any questions the Court may have at a hearing on this Motion.

136.    Importantly, the Mediators have reviewed the terms of each of the Settlement Agreements pursuant to the Mediation Procedures.    The Trustee and the Counterparties

---

[5]    *See, e.g.*, *Memorandum of Decision and Order (I) Denying Joint Defendants' Motions to Dismiss or for Judgment on the Pleadings; (II) Denying in Part Other Defendants' Motions to Dismiss; and (III) Overruling in Part Zeisler & Zeisler P.C.'s Objection to the Trustee's Motion for Judgment on the Pleadings* [Docket No. 4189].

acknowledge and are grateful to Judge Tancredi and Judge Trust for their service. As set forth in the Mediators' Reports, Judge Tancredi and Judge Trust have examined "the claims and potential defenses and other facts and circumstances relating to" the respective transfers at issue in each settlement, "along with the highly complex and contested nature of the" Chapter 11 Case, and that they believe "the economics and terms of the settlement agreement[s] are fair, reasonable, and in the best interests of the [Estate] as measured by the standards of" *Iridium*.

137.    The Trustee thus believes the proposed Settlement Agreements satisfy Bankruptcy Rule 9019 and should be approved.

## NOTICE AND SEALED FILING

138.    This Motion and the attached Settlement Agreements have been filed under seal in the Chapter 11 Case, and in the Relevant Adversary Proceedings, pursuant to the Mediation Procedures Order, and the sealing procedures approved by the Court under its WW Decision and the Fifth 9019 Motion Order, because the Trustee believes: (a) public disclosure of the settlement terms would harm the Estate, and (b) the settlement terms constitute commercially sensitive and otherwise confidential information. *See* Mediation Procedures Order at ¶ 2(w).

139.    The terms of the settlements constitute commercially sensitive information, because, among other things, their disclosure would prejudice the Trustee's ability to resolve similar claims against other defendants and potential defendants; and the terms are otherwise confidential because the Settlement Agreements negotiated by the Parties provide for their confidentiality to be maintained. *See* WW Decision, p. 15 ("The terms of the settlement agreement are confidential commercial information that must be sealed upon the Trustee's request.").

140.    Upon filing, the Trustee will send a copy of the sealed version of this Motion with the appended Settlement Agreements to: (a) counsel for the Official Committee of Unsecured

Creditors (the "Committee"), and (b) the United States Trustee. *See* Mediation Procedures Order at ¶ 2(w).

141.    The Trustee will also file a redacted version of this Motion, redacting confidential and commercially sensitive information and omitting the Settlement Agreements, on the public docket (the "Redacted Filing"). *Id.* Pursuant to the *Order Granting Motion to Limit Notice of Motions Pursuant to Bankruptcy Rule 9019 Regarding Mediated/Avoidance Claim Settlements* dated October 15, 2024 [Main Case Docket No. 3685], the Redacted Filing, and notice of any hearings scheduled in connection therewith, shall be served upon (i) the United States Trustee, (ii) counsel for the Debtor, (iii) counsel for the Committee, (iv) the Counterparties to the settlements (which Counterparties may be served via counsel), (v) by electronic filing CM/ECF to all appearing parties that utilize the CM/ECF system, and (vi) any party that requested notice in this Chapter 11 Case, but is unable to accept electronic filing, as indicated on the Notice of Electronic Filing.

142.    In addition, the Trustee will serve each Counterparty to a settlement requested for approval under this Motion with a version of the Redacted Filing that omits any redactions of discussion of the proposed settlement with that Counterparty.[6]

143.    No sooner than 180 days after entry of any order approving a settlement proposed by this Motion (or the next business day thereafter), the Clerk of the Court shall unseal the unredacted Motion and respective Settlement Agreement.

## **NO PREVIOUS REQUEST**

144.    No previous request for the relief sought herein has been made by the Trustee to this or any other court.

*[Remainder of page intentionally left blank.]*

---

[6]    By way of example, as to 17 State, the Trustee will provide its counsel a version of this Motion without redactions in section C(i) but that otherwise retains the redactions as filed on the public docket.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of the Proposed Orders granting the relief requested in the Motion and such other relief as is just and proper.

Dated:  March 11, 2026            LUC A. DESPINS,
        New Haven, Connecticut    CHAPTER 11 TRUSTEE

                                  By: */s/ Patrick R. Linsey*
                                      Patrick R. Linsey (ct29437)
                                      Lauren T. Astone (ct31450)
                                      NEUBERT, PEPE & MONTEITH, P.C.
                                      195 Church Street, 13th Floor
                                      New Haven, Connecticut 06510
                                      (203) 781-2847
                                      plinsey@npmlaw.com

                                          *and*

                                      Nicholas A. Bassett (*pro hac vice* pending)
                                      PAUL HASTINGS LLP
                                      2050 M Street NW
                                      Washington, D.C., 20036
                                      (202) 551-1902
                                      nicholasbassett@paulhastings.com

                                          *and*

                                      Douglass Barron (*pro hac vice* pending)
                                      PAUL HASTINGS LLP
                                      200 Park Avenue
                                      New York, New York 10166
                                      (212) 318-6690
                                      douglassbarron@paulhastings.com

                                      *Counsel for the Chapter 11 Trustee*

## EXHIBIT 1-A

**Settlement Agreement**

**FILED UNDER SEAL**

# **EXHIBIT 1-B**

## **Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | |
| Plaintiff, | |
| v. | Adv. P. No. 25-05036 (JAM) |
| 17 State Owner LLC, | |
| Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, EDNY Chief Judge Alan S. Trust, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

# **EXHIBIT 1-C**

**Proposed Order Approving 17 State Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                        :

In re:                        :        Chapter 11
                            :

HO WAN KWOK, et al.,1       :        Case No. 22-50073 (JAM)
                         :

           Debtors.     :        (Jointly Administered)
                         :

---------------------------------------------------------x
                        :

LUC A. DESPINS, CHAPTER 11 :
TRUSTEE,               :
                         :       Adv. Proceeding No. 25-05036
          Plaintiff,    :
v.                       :
                         :
                         :

17 STATE OWNER LLC,    :
                         :
          Defendant.   :
                         :
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND 17 STATE OWNER LLC**

Upon the motion [Adv. ECF No. ECF No.   ] (the "<u>Motion</u>")2 of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

1    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
    Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
    LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
    for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
    Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
    of notices and communications).

2    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "17 State Settlement Agreement") between the Trustee and 17 State Owner LLC ("17 State as more specifically described in the Motion and attached to the Motion as Exhibit 1-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.        ] and such hearing having been held on [              ], 2026; and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to 17 State and the 17 State Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the 17 State Settlement Agreement is approved.

3.      The redacted portions of the Motion and the 17 State Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and 17 State Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the 17 State Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the 17 State Settlement Agreement.

## EXHIBIT 2-A

**Settlement Agreement**

**FILED UNDER SEAL**

# **EXHIBIT 2-B**

## **Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | |
| Plaintiff, | |
| v. | Adv. P. No. 24-05055 (JAM) |
| 270 W. 39th St. Co., LLC, | |
| Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Chief Judge Alan S. Trust, respectfully submit this report pursuant to
paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable
James J. Tancredi as Mediator, and Amending Order Approving Procedures
Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-
ECF No. 3163). I understand that the parties to the above-captioned adversary
proceeding have stipulated to submit their dispute to mediation. As the appointed

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo,
and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number:
9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever
Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan
Kwok (solely for purposes of notices and communications).

mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated March 3, 2026
Central Islip, New York

## **EXHIBIT 2-C**

**Proposed Order Approving 270 W. Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                      :

In re:                        :          Chapter 11
                         :

HO WAN KWOK, et al.,1        :          Case No. 22-50073 (JAM)
                         :

            Debtors.      :          (Jointly Administered)
                         :

--------------------------------------------------------x
                      :

LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                :
                         :          Adv. Proceeding No. 24-05055
          Plaintiff,    :
v.                      :
                         :

270 W. 39TH ST. CO., LLC,    :
                         :

          Defendant.   :
                      :

--------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND 270 W. 39TH ST. CO., LLC**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "270 W. Settlement Agreement") between the Trustee and 270 W. 39th St. Co., LLC ("270 W.") as more specifically described in the Motion and attached to the Motion as Exhibit 2-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.        ] and such hearing having been held on [              ], 2026;  and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to 270 W. and the 270 W. Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the 270 W. Settlement Agreement is approved.

3.      The redacted portions of the Motion and the 270 W. Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and 270 W. Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the 270 W. Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the 270 W. Settlement Agreement.

## **EXHIBIT 3-A**

**Settlement Agreement**

**FILED UNDER SEAL**

## EXHIBIT 3-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>Direct Persuasion LLC,<br><br>      Defendant. | Adv. P. No. 24-05010 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (after mediation efforts with me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: February 20, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 3-C**

**Proposed Order Approving Direct Persuasion Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                          :
In re:                                    :        Chapter 11
                                          :
HO WAN KWOK, et al.,1                     :        Case No. 22-50073 (JAM)
                                          :
                    Debtors.              :        (Jointly Administered)
                                          :
---------------------------------------------------------x
                                          :
LUC A. DESPINS, CHAPTER 11                :
TRUSTEE,                                  :
                                          :
                                          :        Adv. Proceeding No. 24-05010
                    Plaintiff,            :
v.                                        :
                                          :
                                          :
DIRECT PERSUASION, LLC,                   :
                                          :
                    Defendant.            :
                                          :
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN**
**CHAPTER 11 TRUSTEE AND DIRECT PERSUASION, LLC**

Upon the motion [Adv. ECF No. ECF No.    ] (the "Motion")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11

case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "<u>Direct Persuasion Settlement Agreement</u>") between the Trustee and Direct Persuasion, LLC ("<u>Direct Persuasion</u>") as more specifically described in the Motion and attached to the Motion as Exhibit 3-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.        ] and such hearing having been held on [

], 2026; and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.       The Motion is GRANTED with respect to the relief requested as to Direct Persuasion and the Direct Persuasion Settlement Agreement, as provided herein.

2.       Pursuant to Fed. R. Bankr. P. 9019, the Direct Persuasion Settlement Agreement is approved.

3.       The redacted portions of the Motion and the Direct Persuasion Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.       No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and Direct Persuasion Settlement Agreement.

5.       Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.       The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Direct Persuasion Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

2

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Direct Persuasion Settlement Agreement.

## EXHIBIT 4-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 4-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | |
| Plaintiff, | |
| v. | Adv. P. No. 24-05063 (JAM) |
| DJD Creative, LLC, | |
| Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, EDNY Chief Judge Alan S. Trust, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the
parties have reached a settlement and, to the best of my knowledge, complied with
the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and
circumstances relating to the subject transfers, along with the highly complex and
contested nature of this bankruptcy case, I believe that the economics and terms of
the settlement agreement are fair, reasonable, and in the best interests of the
Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478
F.3d 452, 462 (2d Cir. 2007).

## **EXHIBIT 4-C**

**Proposed Order Approving DJD Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                                                    :
In re:                                              :          Chapter 11
                                                    :
HO WAN KWOK, et al.,1                               :          Case No. 22-50073 (JAM)
                                                    :
                          Debtors.                  :          (Jointly Administered)
                                                    :
--------------------------------------------------------x
                                                    :
LUC A. DESPINS, CHAPTER 11                          :
TRUSTEE,                                            :
                                                    :          Adv. Proceeding No. 24-05063
                          Plaintiff,                :
v.                                                  :
                                                    :
                                                    :
DJD CREATIVE, LLC,                                  :
                                                    :
                          Defendant.                :
                                                    :
--------------------------------------------------------x


**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN**
**CHAPTER 11 TRUSTEE AND DJD CREATIVE, LLC**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "DJD Settlement Agreement") between the Trustee and

DJD Creative, LLC ("DJD") as more specifically described in the Motion and attached to the

Motion as Exhibit 4-A; the Court having scheduled a hearing with respect to the Motion [Adv.

ECF No.        ] and such hearing having been held on [                  ], 2026; and cause having

been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to DJD and the

DJD Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the DJD Settlement Agreement is approved.

3.      The redacted portions of the Motion and the DJD Settlement Agreement were filed

under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed.

R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal

the unredacted Motion and DJD Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full

access to any information and/or documents filed on the docket or submitted to the Court in this

case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents, and papers and to

take any and all actions reasonably necessary or appropriate to consummate the settlement

reflected in the DJD Settlement Agreement and to perform any and all obligations contemplated

therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and

enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the DJD Settlement Agreement.

## EXHIBIT 5-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 5-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>Hogan Lovells International LLP,<br><br>      Defendant. | Adv. P. No. 24-05258 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163).  I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: January 21, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 5-C**

**Proposed Order Approving Hogan Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

--------------------------------------------------------x
                                                        :
In re:                                                  :        Chapter 11
                                                        :
HO WAN KWOK, et al.,1                                   :        Case No. 22-50073 (JAM)
                                                        :
                              Debtors.                  :        (Jointly Administered)
                                                        :
--------------------------------------------------------x
                                                        :
LUC A. DESPINS, CHAPTER 11                              :
TRUSTEE,                                                :
                                                        :        Adv. Proceeding No. 24-05258
                              Plaintiff,                :
v.                                                      :
                                                        :
                                                        :
HOGAN LOVELLS INTERNATIONAL                             :
LLP,                                                    :
                                                        :
                              Defendant.                :
                                                        x
---------------------------------------------------------

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN**
**CHAPTER 11 TRUSTEE AND HOGAN LOVELLS INTERNATIONAL LLP**

Upon the motion [Adv. ECF No. ECF No.    ] (the "Motion")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "Hogan Settlement Agreement") between the Trustee and Hogan Lovells International LLP ("Hogan") as more specifically described in the Motion and attached to the Motion as Exhibit 5-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.      ] and such hearing having been held on [                    ], 2026; and cause having been shown for the relief requested by the Motion to be granted; it is

**ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Hogan and the Hogan Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Hogan Settlement Agreement is approved.

3.      The redacted portions of the Motion and the Hogan Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and Hogan Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Hogan Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

2

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Hogan Settlement Agreement.

## EXHIBIT 6-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 6-B

**Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>Lobel Modern Inc.,<br><br>      Defendant. | Adv. P. No. 25-05093 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163).  I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: February 20, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 6-C**

**Proposed Order Approving Lobel Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :        Chapter 11
                                                         :
HO WAN KWOK, et al.,1                                    :        Case No. 22-50073 (JAM)
                                                         :
                              Debtors.                   :        (Jointly Administered)
                                                         :
---------------------------------------------------------x
                                                         :
LUC A. DESPINS, CHAPTER 11                               :
TRUSTEE,                                                 :
                                                         :        Adv. Proceeding No. 25-05093
                              Plaintiff,                 :
v.                                                       :
                                                         :
                                                         :
LOBEL MODERN INC.,                                       :
                                                         :
                              Defendant.                 :
                                                         :
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN**
**CHAPTER 11 TRUSTEE AND LOBEL MODERN INC.**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "Lobel Settlement Agreement") between the Trustee

and Lobel Modern Inc. ("Lobel") as more specifically described in the Motion and attached to the

Motion as Exhibit 6-A; the Court having scheduled a hearing with respect to the Motion [Adv.

ECF No.        ] and such hearing having been held on [                ], 2026; and cause having

been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.        The Motion is GRANTED with respect to the relief requested as to Lobel and the

Lobel Settlement Agreement, as provided herein.

2.        Pursuant to Fed. R. Bankr. P. 9019, the Lobel Settlement Agreement is approved.

3.        The redacted portions of the Motion and the Lobel Settlement Agreement were filed

under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed.

R. Bankr. R. 9018, remain under seal.

4.        No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal

the unredacted Motion and Lobel Settlement Agreement.

5.        Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full

access to any information and/or documents filed on the docket or submitted to the Court in this

case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.        The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents, and papers and to

take any and all actions reasonably necessary or appropriate to consummate the settlement

reflected in the Lobel Settlement Agreement and to perform any and all obligations contemplated

therein immediately upon entry of this Order.

7.        This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and

enforceable immediately upon entry.

8.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Lobel Settlement Agreement.

## EXHIBIT 7-A

**Settlement Agreement**

**FILED UNDER SEAL**

## **EXHIBIT 7-B**

**Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
|       Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, <br><br>      Plaintiff, <br><br> v. <br><br> Marini Pietrantoni Muniz LLC, <br><br>      Defendant. | Adv. P. No. 24-05205 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to
paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the
Honorable James J. Tancredi as Mediator, and Amending Order Approving
Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation
Order," MC-ECF No. 3163). I understand that the parties to the above-captioned
adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo,
and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number:
9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever
Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings
LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan
Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: February 20, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 7-C**

**Proposed Order Approving Marini Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                            :
In re:                                      :            Chapter 11
                                            :
HO WAN KWOK, et al.,1                       :            Case No. 22-50073 (JAM)
                                            :
                    Debtors.                :            (Jointly Administered)
                                            :
---------------------------------------------------------x
                                            :
LUC A. DESPINS, CHAPTER 11                  :
TRUSTEE,                                    :
                                            :
                                            :            Adv. Proceeding No. 24-05205
                    Plaintiff,              :
v.                                          :
                                            :
                                            :
MARINI PIETRANTONI MUNIZ LLC,               :
                                            :
                    Defendant.              :
                                            :
---------------------------------------------------------x


**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND MARINI PIETRANTONI MUNIZ LLC**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "Marini Settlement Agreement") between the Trustee

and Marini Pietrantoni Muniz LLC ("Marini") as more specifically described in the Motion and

attached to the Motion as Exhibit 7-A; the Court having scheduled a hearing with respect to the

Motion [Adv. ECF No.        ] and such hearing having been held on [             ], 2026; and

cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED**

**THAT**:

1.       The Motion is GRANTED with respect to the relief requested as to Marini and the

Marini Settlement Agreement, as provided herein.

2.       Pursuant to Fed. R. Bankr. P. 9019, the Marini Settlement Agreement is approved.

3.       The redacted portions of the Motion and the Marini Settlement Agreement were

filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and

Fed. R. Bankr. R. 9018, remain under seal.

4.       No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal

the unredacted Motion and Marini Settlement Agreement.

5.       Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full

access to any information and/or documents filed on the docket or submitted to the Court in this

case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.       The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents, and papers and to

take any and all actions reasonably necessary or appropriate to consummate the settlement

reflected in the Marini Settlement Agreement and to perform any and all obligations contemplated

therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Marini Settlement Agreement.

## EXHIBIT 8-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 8-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>Miller Motorcars Inc.,<br><br>      Defendant. | Adv. P. No. 24-05128 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: March 5, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 8-C**

**Proposed Order Approving Miller Motorcars Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

```
-------------------------------------------------------x
                                          :
In re:                                    :       Chapter 11
                                          :
HO WAN KWOK, et al.,1                     :       Case No. 22-50073 (JAM)
                                          :
                      Debtors.            :       (Jointly Administered)
                                          :
-------------------------------------------------------x
                                          :
LUC A. DESPINS, CHAPTER 11                :
TRUSTEE,                                  :
                                          :
                                          :       Adv. Proceeding No. 24-05128
                      Plaintiff,          :
v.                                        :
                                          :
                                          :
MILLER MOTORCARS INC.,                    :
                                          :
                      Defendant.          :
                                          :
-------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND MILLER MOTORCARS INC.**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "Miller Motorcars Settlement Agreement") between the Trustee and Miller Motorcars Inc. ("Miller Motorcars") as more specifically described in the Motion and attached to the Motion as Exhibit 8-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.        ] and such hearing having been held on [

], 2026; and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Miller Motorcars and the Miller Motorcars Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Miller Motorcars Settlement Agreement is approved.

3.      The redacted portions of the Motion and the Miller Motorcars Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and Miller Motorcars Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Miller Motorcars Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Miller Motorcars Settlement Agreement.

## EXHIBIT 9-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 9-B

## Mediator's Report

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>Nardello & Co. LLC,<br><br>      Defendant. | Adv. P. No. 24-05162 |

### MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (after mediation efforts with me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

> Dated: March 5, 2026
> Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

2

## **EXHIBIT 9-C**

**Proposed Order Approving Nardello Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
:
In re:                                         :              Chapter 11
:
HO WAN KWOK, et al.,1                          :              Case No. 22-50073 (JAM)
:
                        Debtors.               :              (Jointly Administered)
:
-------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                     :
TRUSTEE,                                        :
:
                                               :              Adv. Proceeding No. 24-05162
                        Plaintiff,             :
v.                                             :
:
:
NARDELLO & CO., LLC,                           :
:
                        Defendant.             :
:
-------------------------------------------------------x


**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11**
**TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL**
**OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN**
**CHAPTER 11 TRUSTEE AND NARDELLO & CO., LLC**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
        LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
        for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
        Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
        of notices and communications).

[2]     Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "Nardello Settlement Agreement") between the Trustee

and Nardello & Co., LLC ("Nardello") as more specifically described in the Motion and attached

to the Motion as Exhibit 9-A; the Court having scheduled a hearing with respect to the Motion

[Adv. ECF No.        ] and such hearing having been held on [              ], 2026; and cause

having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Nardello and

the Nardello Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Nardello Settlement Agreement is

approved.

3.      The redacted portions of the Motion and the Nardello Settlement Agreement were

filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and

Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal

the unredacted Motion and Nardello Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full

access to any information and/or documents filed on the docket or submitted to the Court in this

case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents, and papers and to

take any and all actions reasonably necessary or appropriate to consummate the settlement

reflected in the Nardello Settlement Agreement and to perform any and all obligations

contemplated therein immediately upon entry of this Order.

2

7.       This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.       The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Nardello Settlement Agreement.

## EXHIBIT 10-A

**Settlement Agreement**

**FILED UNDER SEAL**

## **EXHIBIT 10-B**

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>NAV Consulting Inc.,<br><br>      Defendant. | Adv. P. No. 24-05254 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: March 5, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

## **EXHIBIT 10-C**

**Proposed Order Approving NAV Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

-------------------------------------------------------x
                                          :
In re:                                    :          Chapter 11
                                          :
HO WAN KWOK, et al.,1                     :          Case No. 22-50073 (JAM)
                                          :
                         Debtors.         :          (Jointly Administered)
                                          :
-------------------------------------------------------x
                                          :
LUC A. DESPINS, CHAPTER 11                :
TRUSTEE,                                  :
                                          :
                                          :          Adv. Proceeding No. 24-05254
                         Plaintiff,       :
v.                                        :
                                          :
                                          :
NAV CONSULTING, INC.,                     :
                                          :
                         Defendant.       :
                                          :
-------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND NAV CONSULTING, INC.**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
        Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
        LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
        for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
        Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
        of notices and communications).

[2]     Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "NAV Settlement Agreement") between the Trustee and NAV Consulting, Inc. ("NAV") as more specifically described in the Motion and attached to the Motion as Exhibit 10-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.      ] and such hearing having been held on [                ], 2026; and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to NAV and the NAV Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the NAV Settlement Agreement is approved.

3.      The redacted portions of the Motion and the NAV Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and NAV Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the NAV Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the NAV Settlement Agreement.

## **EXHIBIT 11-A**

**Settlement Agreement**

**FILED UNDER SEAL**

## EXHIBIT 11-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, | Adv. P. No. 25-05042 |
| Plaintiff, | |
| v. | |
| Passione Rossa LLC, | |
| Defendant. | |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the parties to the above-captioned

adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: March 5, 2026
Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

## **EXHIBIT 11-C**

**Proposed Order Approving Passione Rossa Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

--------------------------------------------------------x
          :
In re:                         :          Chapter 11
          :
HO WAN KWOK, et al.,1        :          Case No. 22-50073 (JAM)
          :
              Debtors.      :          (Jointly Administered)
          :
--------------------------------------------------------x
          :
LUC A. DESPINS, CHAPTER 11   :
TRUSTEE,                 :
          :          Adv. Proceeding No. 25-05042
         Plaintiff,     :
v.                         :
          :
          :
PASSIONE ROSSA LLC,      :
          :
         Defendant.    :
          :
--------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND PASSIONE ROSSA LLC**

Upon the motion [Adv. ECF No. ECF No.   ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "Passione Rossa Settlement Agreement") between the Trustee and Passione Rossa LLC ("Passione Rossa") as more specifically described in the Motion and attached to the Motion as Exhibit 11-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.     ] and such hearing having been held on [                ], 2026;  and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.     The Motion is GRANTED with respect to the relief requested as to Passione Rossa and the Passione Rossa Settlement Agreement, as provided herein.

2.     Pursuant to Fed. R. Bankr. P. 9019, the Passione Rossa Settlement Agreement is approved.

3.     The redacted portions of the Motion and the Passione Rossa Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.     No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and Passione Rossa Settlement Agreement.

5.     Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.     The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Passione Rossa Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Passione Rossa Settlement Agreement.

## EXHIBIT 12-A

**Settlement Agreement**

**FILED UNDER SEAL**

## <u>EXHIBIT 12-B</u>

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| In re: | Chapter 11 |
|---|---|
| Ho Wan Kwok, et al.,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee, <br><br> Plaintiff, <br><br> v. <br><br> Restoration Hardware, Inc., <br><br> Defendant. | Adv. P. No. 24-05042 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to

paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the*

*Honorable James J. Tancredi as Mediator, and Amending Order Approving*

*Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation

Order," MC-ECF No. 3163). I understand that the Chapter 11 Trustee and

defendant Restoration Hardware, Inc. have stipulated to submit their dispute to

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

mediation. As the appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: March 5, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# **EXHIBIT 12-C**

**Proposed Order Approving Restoration Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :          Chapter 11
                                                         :
HO WAN KWOK, et al.,1                                    :          Case No. 22-50073 (JAM)
                                                         :
                          Debtors.                       :          (Jointly Administered)
                                                         :
---------------------------------------------------------x
                                                         :
LUC A. DESPINS, CHAPTER 11                               :
TRUSTEE,                                                 :
                                                         :          Adv. Proceeding No. 24-05042
                          Plaintiff,                     :
v.                                                       :
                                                         :
                                                         :
RESTORATION HARDWARE, INC.,                              :
                                                         :
                          Defendant.                     :
                                                         :
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND RESTORATION HARDWARE, INC.**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

case (the "<u>Chapter 11 Case</u>") of Ho Wan Kwok (the "<u>Debtor</u>"), requesting, among other relief,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

approval of the settlement agreement (the "Restoration Settlement Agreement") between the Trustee and Restoration Hardware, Inc. ("Restoration") as more specifically described in the Motion and attached to the Motion as Exhibit 12-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.        ] and such hearing having been held on [

], 2026; and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Restoration and the Restoration Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Restoration Settlement Agreement is approved.

3.      The redacted portions of the Motion and the Restoration Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and Restoration Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the Restoration Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Restoration Settlement Agreement.

## EXHIBIT 13-A

**Settlement Agreement**

**FILED UNDER SEAL**

## EXHIBIT 13-B

**Mediator's Report**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>     Plaintiff,<br><br>v.<br><br>Troutman Pepper Hamilton Sanders LLP n/k/a Troutman Pepper Locke LLP,<br><br>     Defendant. | Adv. P. No. 24-05152 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (after mediation efforts with me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: March 5, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

2

## **<u>EXHIBIT 13-C</u>**

**Proposed Order Approving Troutman Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------x
                                    :
In re:                              :        Chapter 11
                                    :
HO WAN KWOK, et al.,1               :        Case No. 22-50073 (JAM)
                                    :
                    Debtors.        :        (Jointly Administered)
                                    :
------------------------------------------------------x
                                    :
LUC A. DESPINS, CHAPTER 11          :
TRUSTEE,                            :
                                    :
                                    :        Adv. Proceeding No. 24-05152
                    Plaintiff,      :
v.                                  :
                                    :
                                    :
TROUTMAN PEPPER HAMILTON            :
SANDERS, LLP N/K/A TROUTMAN         :
PEPPER LOCKE LLP,                   :
                                    :
                    Defendant.      :
                                    :
------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND TROUTMAN PEPPER HAMILTON SANDERS LLC
N/K/A TROUTMAN PEPPER LOCKE LLP**

Upon the motion [Adv. ECF No. ECF No.    ] (the "<u>Motion</u>")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "<u>Trustee</u>") appointed in the above-captioned chapter 11

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), requesting, among other relief,

approval of the settlement agreement (the "Troutman Settlement Agreement") between the Trustee

and Troutman Pepper Hamilton Sanders LLC n/k/a Troutman Pepper Locke LLP ("Troutman") as

more specifically described in the Motion and attached to the Motion as Exhibit 13-A; the Court

having scheduled a hearing with respect to the Motion [Adv. ECF No.    ] and such hearing

having been held on [        ], 2026; and cause having been shown for the relief requested by the

Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to Troutman and

the Troutman Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the Troutman Settlement Agreement is

approved.

3.      The redacted portions of the Motion and the Troutman Settlement Agreement were

filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and

Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal

the unredacted Motion and Troutman Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full

access to any information and/or documents filed on the docket or submitted to the Court in this

case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver,

implement, and fully perform any and all obligations, instruments, documents, and papers and to

take any and all actions reasonably necessary or appropriate to consummate the settlement

2

reflected in the Troutman Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Troutman Settlement Agreement.

## EXHIBIT 14-A

**Settlement Agreement**

**FILED UNDER SEAL**

# EXHIBIT 14-B

**Mediator's Report**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>Ho Wan Kwok, et al.,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| Luc A. Despins, Chapter 11 Trustee,<br><br>     Plaintiff,<br><br>v.<br><br>Updike, Kelly & Spellacy, P.C.,<br><br>     Defendant. | Adv. P. No. 25-05003 |

## MEDIATOR'S REPORT AND RECOMMENDATION

I, Judge James J. Tancredi, respectfully submit this report pursuant to paragraph 2.v. of the *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* (the "Mediation Order," MC-ECF No. 3163). I understand that the parties to the above-captioned adversary proceeding have stipulated to submit their dispute to mediation. As the

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202), and Genever Holdings Corporation. The mailing address for the Trustee and the Genever Debtor is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

appointed mediator for the adversary proceeding, I am pleased to report that the parties have reached a settlement (with minimal involvement by me) and, to the best of my knowledge, complied with the Mediation Procedures (as defined in the Mediation Order) in doing so.

In examining the claims and potential defenses and other facts and circumstances relating to the subject transfers, along with the highly complex and contested nature of this bankruptcy case, I believe that the economics and terms of the settlement agreement are fair, reasonable, and in the best interests of the Chapter 11 estate as measured by the standards of *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

Dated: March 5, 2026
Hartford, Connecticut

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

2

## **EXHIBIT 14-C**

**Proposed Order Approving UKS Settlement Agreement**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
                                                         :
In re:                                                   :        Chapter 11
                                                         :
HO WAN KWOK, et al.,1                                    :        Case No. 22-50073 (JAM)
                                                         :
                                    Debtors.             :        (Jointly Administered)
                                                         :
---------------------------------------------------------x
                                                         :
LUC A. DESPINS, CHAPTER 11                               :
TRUSTEE,                                                 :
                                                         :        Adv. Proceeding No. 25-05003
                                    Plaintiff,           :
v.                                                       :
                                                         :
                                                         :
                                                         :
UPDIKE, KELLY & SPELLACY, P.C.,                          :
                                                         :
                                    Defendant.           :
                                                         :
---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND UPDIKE, KELLY & SPELLACY, P.C.**

Upon the motion [Adv. ECF No. ECF No.    ] (the "Motion")[2] of Luc A. Despins, in his

capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the settlement agreement (the "UKS Settlement Agreement") between the Trustee and Updike, Kelly & Spellacy, P.C. ("UKS") as more specifically described in the Motion and attached to the Motion as Exhibit 14-A; the Court having scheduled a hearing with respect to the Motion [Adv. ECF No.     ] and such hearing having been held on [            ], 2026; and cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED with respect to the relief requested as to UKS and the UKS Settlement Agreement, as provided herein.

2.      Pursuant to Fed. R. Bankr. P. 9019, the UKS Settlement Agreement is approved.

3.      The redacted portions of the Motion and the UKS Settlement Agreement were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

4.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and UKS Settlement Agreement.

5.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

6.      The Trustee is authorized, pursuant to Fed. R. Bankr. P. 9019, to execute, deliver, implement, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate the settlement reflected in the UKS Settlement Agreement and to perform any and all obligations contemplated therein immediately upon entry of this Order.

7.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the UKS Settlement Agreement.

## **EXHIBIT 15**

**Proposed Order Granting Motion**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------x
                              :

In re:                             :          Chapter 11
                              :

HO WAN KWOK, et al.,[1]       :          Case No. 22-50073 (JAM)
                              :

                Debtors.       :          (Jointly Administered)
                              :

---------------------------------------------------------x

**[PROPOSED] ORDER GRANTING SIXTH OMNIBUS MOTION OF CHAPTER 11
TRUSTEE REQUESTING, PURSUANT TO BANKRUPTCY RULE 9019, APPROVAL
OF SETTLEMENT AGREEMENTS, AS TO SETTLEMENT BETWEEN
CHAPTER 11 TRUSTEE AND DEFENDANTS**

Upon the motion [ECF No.   ] (the "Motion")[2] of Luc A. Despins, in his capacity as the

Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case (the "Chapter

11 Case") of Ho Wan Kwok (the "Debtor"), requesting, among other relief, approval of the

settlement agreements (collectively, the "Settlement Agreements") between the Trustee and: (i) 17

State Owner LLC; (ii) 270 W. 39th St. Co., LLC; (iii) Direct Persuasion, LLC; (iv) DJD Creative,

LLC; (v) Hogan Lovells International LLP; (vi) Lobel Modern Inc.; (vii) Marini Pietrantoni Muniz

LLC; (viii) Miller Motorcars Inc.; (ix) Nardello & Co., LLC; (x) NAV Consulting, Inc.; (xi)

Passione Rossa LLC; (xii) Restoration Hardware, Inc.; (xiii) Troutman Pepper Hamilton Sanders

LLC n/k/a Troutman Pepper Locke LLP; and (xiv) Updike, Kelly & Spellacy, P.C. (collectively,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    Capitalized terms used but not defined in this Order have the meanings set forth in the Motion.

the "Defendants"); the Court having scheduled a hearing with respect to the Motion [ECF No.      ] and such hearing having been held on [                    ], 2026; cause having been shown for the relief requested by the Motion to be granted; it is **ORDERED THAT**:

1.      The Motion is GRANTED and orders approving the Settlement Agreements shall enter in the respective adversary proceedings against the Defendants.

2.      The redacted portions of the Motion and the Settlement Agreements were filed under seal and, except as provided by this Order, shall, pursuant to 11 U.S.C. § 107(b)(1) and Fed. R. Bankr. R. 9018, remain under seal.

3.      No sooner than 180 days after the entry of this Order, the Clerk of Court shall unseal the unredacted Motion and Settlement Agreements.

4.      Pursuant to 11 U.S.C. § 107(c)(3), the U.S. Trustee has a statutory right of full access to any information and/or documents filed on the docket or submitted to the Court in this case. The U.S. Trustee shall comply with the obligations of 11 U.S.C. § 107(c)(3)(B).

5.      This Order shall, pursuant to Fed. R. Bankr. P. 6004(h), be effective and enforceable immediately upon entry.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order and to the Settlement Agreements.